

Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

FILED
U.S. DISTRICT COURT
25 MAR 03 PM 4: 23
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

CRAVATH, SWAINE & MOORE
Evan R. Chesler (pending admission pro hac vice)
Thomas G. Rafferty (pending admission pro hac vice)
David R. Marriott (pending admission pro hac vice)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CALDERA SYSTEMS, INC, d/b/a/ THE SCO GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendants. | **NOTICE OF REMOVAL**<br><br>Civil No. _____ |

Defendant International Business Machines Corporation ("IBM") hereby gives notice of removal of the civil action styled Caldera, Inc. v. International Business Machines Corp., Case No. 030905199, from the District Court of Salt Lake County,

Utah, Third Judicial District, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As grounds for removal, Defendant IBM states as follows:

1.  Plaintiff Caldera Systems, Inc. d/b/a The SCO Group ("Caldera") filed a Complaint ("Complaint") in the District Court of Salt Lake County, Utah, Third Judicial District on March 6, 2003. A copy of the Complaint, with exhibits, is attached hereto as Exhibit A.

2.  This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a), (b), in that the Complaint involves a claim between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.  The amount in controversy in this action exceeds $75,000. Plaintiff Caldera claims that it has suffered damages of at least $1 billion. (Ex. A ¶ 120.)

4.  Plaintiff Caldera is now, and was at the time of the filing of this lawsuit, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Utah. (Ex. A ¶ 5.)

5.  Defendant IBM is now, and was at the time of the filing of this lawsuit, a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York. Attached hereto as Exhibit B is a certified copy of IBM's original Certificate of Incorporation. Attached hereto as Exhibit C is a copy of a Subsistence Certificate from the State of New York, dated March 11, 2003, certifying that IBM was, and remains, incorporated in the State of New York. Plaintiff Caldera admits in its Complaint that Defendant IBM has its principal place of business in the State of New York. (Ex. A ¶ 6.)

6.  The Complaint mistakenly alleges that Defendant IBM is incorporated in the State of Delaware. However, an incorrect allegation of corporate citizenship cannot defeat diversity jurisdiction, where, as here, the notice of removal alleges facts sufficient to support diversity jurisdiction. See, e.g., Kelleam v. Maryland Casualty Co. of

246279.1

Baltimore, 112 F.2d 940, 943 (10th Cir. 1940) ("The failure to properly allege diversity of citizenship between plaintiff and defendant will not, however, defeat the jurisdiction of the court if, as a matter of fact, such diversity exists."); Lewis v. AT&T Corp., 898 F. Supp. 907, 909 (S.D. Fla. 1995) ("While Plaintiff's Complaint does not contain sufficient allegations to establish this Court's diversity jurisdiction, Defendant's Notice of Removal supplies the missing requisite."); cf. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 881–82 (10th Cir. 1967) ("[I]t is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.").

7. This notice of removal is timely filed in accordance with 28 U.S.C. § 1446(b), which provides that a notice of removal shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. Defendant IBM was served with a copy and became aware of the Summons and Complaint on March 6, 2003. A copy of the Summons is attached hereto as Exhibit D. Defendant IBM's filing of this notice of removal on March 25, 2003 is within the 30 days provided for by 28 U.S.C. § 1446(b).

8. Pursuant to 28 U.S.C. §§ 125(2) and 1441(a), the United States District Court for the District of Utah, Central Division is the federal court for the district and division embracing the place where the state court action is pending.

9. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of the filing of this notice of removal.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being filed with the Clerk of the District Court of Salt Lake County, Utah, Third Judicial District.

WHEREFORE, Defendant IBM hereby removes this action, now pending in the District Court of Salt Lake County, Utah, Third Judicial District, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED this 25th day of March, 2003.

SNELL & WILMER L.L.P.

_____
Alan L. Sullivan
Todd M. Shaughnessy

CRAVATH, SWAINE & MOORE
Evan R. Chesler
Thomas G. Rafferty
David R. Marriott

*Counsel for Defendant International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
44 South Broadway
White Plains, NY 10601
(914) 288-4035

246279.1

4




## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2003, I caused a true and accurate copy of the foregoing to be served in the manner specified on the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101
>[HAND DELIVERED]
>
>David Boies
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, New York 10504
>[FIRST CLASS MAIL]
>
>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street
>Suite 2800
>Miami, Florida 33131
>[FIRST CLASS MAIL]

_[signature]_

246289.1

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.