RECEIVED CLERK
2003 MAY 20 P 1:13
U.S. DISTRICT COURT
DISTRICT OF UTAH

Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE
Evan R. Chesler (admitted pro hac vice)
Thomas G. Rafferty (admitted pro hac vice)
David R. Marriott (pending admission)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant International Business Machines Corporation*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

CALDERA SYSTEMS, INC, d/b/a/ THE SCO GROUP,

Plaintiff,

vs.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

Defendants.

**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S AMENDED ANSWER TO THE COMPLAINT OF PLAINTIFF CALDERA SYSTEMS, INC. D/B/A THE SCO GROUP**

**JURY TRIAL DEMANDED**

Civil No. 2:03cv0294

Honorable Dale A. Kimball

In answer to the allegations of the complaint of Caldera Systems, Inc. d/b/a The SCO Group ("Caldera"), defendant International Business Machines Corporation ("IBM"), by and through its attorneys, states that, contrary to Caldera's allegations, by its lawsuit, Caldera



seeks to hold up the open source community (and development of Linux in particular) by improperly seeking to assert proprietary rights over important, widely used technology and impeding the use of that technology by the open source community.

While IBM has endeavored to support the open source community and to further the development of Linux, IBM has not engaged in any wrongdoing. Contrary to Caldera's unsupported assertions, IBM has not misappropriated any trade secrets; it has not engaged in unfair competition; it has not interfered with Caldera's contracts; and it has not breached contractual obligations to Caldera. In any event, IBM has the irrevocable, fully paid-up, and perpetual right to use the "proprietary software" that it is alleged to have misappropriated or misused.

With this preamble, IBM specifically avers as follows, based upon personal knowledge as to its own actions and intent and upon information and belief as to the actions and intent of others:

1. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 1, except admits that UNIX is a standard specification and a brand that characterizes certain computer operating systems.

2. Denies the averments of paragraph 2 as they relate to IBM, except refers to the referenced licenses for their contents and states that IBM is without information sufficient to form a belief as to the truth of the averments as they relate to any other person or entity.

3. Denies the averments of paragraph 3 as they relate to IBM and this case except states that there can be advantages of proprietary programs to end-users and there can be advantages of open source programs to end-users, states that it is without information sufficient to form a belief as to the truth of the averments as they relate to any other person or entity and states that the last three sentences purport to describe this action and do not require a response.

4. Denies the averments of paragraph 4.

5. Denies the averments of paragraph 5.

6. Denies the averments of paragraph 6, except admits that IBM's principal place of business is in the State of New York.

7. States that the averments of paragraph 7 purport to state a legal conclusion and do not require a response.

8. Denies the averments of paragraph 8, except admits that IBM maintains an office or place of business in Salt Lake County.

9. Denies the averments of paragraph 9, except admits that IBM is transacting business within this state and is contracting to provide goods and services within the state and states that, to the extent they purport to state a legal conclusion, these averments do not require a response.

10. Denies the averments of paragraph 10, especially insofar as they purport to describe all operating systems.

11. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 11, except denies the "market" averments and that Windows serves as "the" link described in the averments.

12. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 12, except admits that UNIX operating systems are used by corporations.

13. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 13.

14. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 14.

15. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 15, except admits that AT&T Technologies, Inc. licensed certain software to IBM.

16. Denies the averments of paragraph 16 as they relate to IBM, except admits that IBM develops, manufactures and markets a UNIX software product and states that it is without information sufficient to form a belief as to the truth of the averments as they relate to any other person or entity.

17. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 17.

18. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 18.

19. Denies the averments of paragraph 19, except admits that IBM markets a UNIX software product under the trade name "AIX".

20. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 20, except admits that there are variants of processor chips in the industry and Intel's chips are not the only ones in the industry.

21. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 21.

22. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 22, except denies the "market" averments.

23. Denies the averments of paragraph 23.

24. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 24.

25. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 25.

26. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 26.

27. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 27, except admits that IBM POWER chips are more powerful than the Intel chips described in these averments.

28. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 28.

29. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 29.

30. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 30.

31. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 31.

32. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 32.

33. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 33.

34. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 34.

35. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 35.

36. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 36.

37. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 37.

38. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 38.

39. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 39.

40. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 40.

41. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 41.

42. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 42.

43. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 43.

44. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 44.

45. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 45.

46. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 46.

47. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 47, except admits that UnixWare ran on Intel-based processors.

48. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 48.

49. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 49.

50. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 50, except admits that IBM and The Santa Cruz Operation, Incorporated entered into an agreement to develop a UNIX operating system for a 64-bit processing platform that was being developed by Intel and that the project was known as Project Monterey.

51. Denies the averments of paragraph 51.

52. Denies the averments of paragraph 52.

53. Denies the averments of paragraph 53, except admits that The Santa Cruz Operation, Incorporated provided information to IBM concerning UnixWare and certain software.

54. Denies the averments of paragraph 54.

55. Denies the averments of paragraph 55.

56. Denies the averments of paragraph 56 as they relate to IBM, except admits that AT&T Technologies, Inc. licensed certain software to IBM, refers to the license agreements for their contents and states that IBM is without information sufficient to form a belief as to the truth of the averments of paragraph 56 as they relate to any other person or entity.

57. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 57.

58. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 58.

59. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 59.

60. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 60.

61. Denies the averments of paragraph 61, except refers to the referenced documents for their contents.

62. Denies the averments of paragraph 62, except refers to the referenced document for its contents.

63. Denies the averments of paragraph 63, except refers to the referenced document for its contents.

64. States that the averments of paragraph 64 purport to define a term for purposes of Caldera's complaint and do not require a response. To the extent a response is required, IBM denies the averments of paragraph 64, except refers to the referenced documents for their contents.

65. Denies the averments of paragraph 65, except refers to the referenced documents for their contents.

66. Denies the averments of paragraph 66, except refers to the referenced agreements for their contents.

67. Denies the averments of paragraph 67, except refers to the referenced documents for their contents.

68. Denies the averments of paragraph 68, except refers to the referenced documents for their contents.

69. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 69.

70. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 70.

71. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 71.

72. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 72.

73. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 73.

74. Denies the averments of paragraph 74, except states it is without information sufficient to form a belief as to precisely how Linux was developed and whether it is popular among computer enthusiasts.

75. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 75.

76. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 76.

77. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 77.

78. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 78.

79. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 79, except refers to the referenced document for its contents.

80. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 80, except refers to the referenced document for its contents.

81. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 81, except refers to the referenced document for its contents.

82. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 82.

83. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 83.

84. Denies the averments of paragraph 84, except states that it is without information sufficient to form a belief as to the truth of the averments except as they relate to IBM.

85. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 85.

86. Denies the averments of paragraph 86.

87. Denies the averments of paragraph 87.

88. Denies the averments of paragraph 88 as they relate to IBM, except admits that IBM has increased its IBM Global Services staff and states that it is without information

sufficient to form a belief as to the truth of the averments of paragraph 88 as they relate to any other person or entity.

89. Denies the averments of paragraph 89.

90. Denies the averments of paragraph 90.

91. Denies the averments of paragraph 91, except refers to the referenced document for its contents.

92. Denies the averments of paragraph 92, except refers to the document from which Caldera appears to purport to quote for its content.

93. Denies the averments of paragraph 93 and states that IBM has not "open sourced" any part of AIX that it did not have the right to "open source".

94. Denies the averments of paragraph 94, except admits that IBM is assisting in the market success of Linux and refers to the referenced document for its contents.

95. Denies the averments of paragraph 95, except refers to the referenced document for its contents.

96. Denies the averments of paragraph 96.

97. Denies the averments of paragraph 97, except refers to the referenced document for its contents.

98. Denies the averments of paragraph 98, except refers to the referenced document for its content.

99. Denies the averments of paragraph 99, except states that it is without information sufficient to form a belief as to the truth of the averments in the second sentence of paragraph 99.

100. Denies the averments of paragraph 100.

101. Denies the averments of paragraph 101, except refers to the referenced document for its contents.

102. Denies the averments of paragraph 102.

103. Denies the averments of paragraph 103.

**FIRST CAUSE OF ACTION**

104. Repeats and realleges its answers to the averments contained in paragraphs 1 through 103 as if fully set forth herein.

105. Denies the averments of paragraph 105.

106. Denies the averments of paragraph 106.

107. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 107.

108. Denies the averments of paragraph 108.

109. Denies the averments of paragraph 109.

110. Denies the averments of paragraph 110.

111. Denies the averments of paragraph 111.

112. Denies the averments of paragraph 112.

113. Denies the averments of paragraph 113.

114. Denies the averments of paragraph 114.

**SECOND CAUSE OF ACTION**

115. Repeats and realleges its answers to the averments contained in paragraphs 1 through 114 as if fully set forth herein.

116. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 116.

117. Denies the averments of paragraph 117.

118. Denies the averments of paragraph 118.

119. Denies the averments of paragraph 119.

120. Denies the averments of paragraph 120.

121. Denies the averments of paragraph 121.

**THIRD CAUSE OF ACTION**

122. Repeats and realleges its answers to the averments contained in paragraphs 1 through 121 as if fully set forth herein.

123. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 123.

124. Denies the averments of paragraph 124.

125. Denies the averments of paragraph 125.

126. Denies the averments of paragraph 126.

127. Denies the averments of paragraph 127.

## FOURTH CAUSE OF ACTION

128. Repeats and realleges its answers to the averments contained in paragraphs 1 through 127 as if fully set forth herein.

129. Denies the averments of paragraph 129, except refers to the referenced documents for their contents.

130. Denies the averments of paragraph 130, except refers to the referenced document for its contents.

131. Denies the averments of paragraph 131, except refers to the referenced document for its contents.

132. Denies the averments of paragraph 132, except refers to the referenced document for its contents.

133. Denies the averments of paragraph 133, except refers to the referenced document for its contents.

134. Denies the averments of paragraph 134, except refers to the referenced document for its contents.

135. Denies the averments of paragraph 135, except refers to the referenced document for its contents.

136. Denies the averments of paragraph 136.

## PRAYER FOR RELIEF

137. States that the enumerated paragraphs 1- 8, following Caldera's prayer for relief, contain a request for relief as to which no response is required. To the extent a response is required, IBM denies that Caldera is entitled to the requested relief.

## GENERAL DENIAL

IBM denies each allegation in the complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

Caldera's claims are barred because IBM has not engaged in any unlawful or unfair business practices, and IBM's conduct was privileged, performed in the exercise of an absolute right, proper and/or justified.

### Third Defense

Caldera lacks standing to pursue its claims against IBM.

### Fourth Defense

Caldera's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fifth Defense

Caldera's claims are barred, in whole or in part, by the economic-loss doctrine or the independent-duty doctrine.

**Sixth Defense**

Caldera's claims are barred by the doctrines of laches and delay.

**Seventh Defense**

Caldera's claims are barred by the doctrines of waiver, estoppel and unclean hands.

**Eighth Defense**

Caldera's claims are, in whole or in part, pre-empted by federal law.

**Ninth Defense**

Caldera's claims are improperly venued in this district.

WHEREFORE, defendant IBM demands judgment dismissing plaintiff's complaint and respectfully requests that the Court award IBM reasonable attorneys' fees and expenses and the costs and disbursements of defending this action along with such other and further relief as the Court deems just and proper.

**JURY DEMAND**

IBM hereby demands trial by jury on all issues so triable.

DATED this 20th day of May, 2003

SNELL & WILMER LLP

Alan L. Sullivan
Todd M. Shaughnessy

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Thomas G. Rafferty
David R. Marriott
*Counsel for Defendant International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant International Business Machines Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May, 2003, a true and correct copy of the foregoing was sent by U.S. Mail to the following:

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

David Boies
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

Leonard K. Samuels, Esq.
Fred O. Goldberg, Esq.
BERGER SINGERMAN
350 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, Florida 33301