RCVD
~~FILED~~

U.S. DISTRICT COURT

19 JUN 03 PM 4: 13

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

Brent O. Hatch (5715)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
*Attorneys for Plaintiff*

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVSION

| | |
|---|---|
| CALDERA SYSTEMS, INC., d/b/a THE SCO GROUP, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant. | **ATTORNEYS' PLANNING REPORT AND PROPOSED SCHEDULING ORDER** <br><br> Case No. 2:03cv0294 <br><br> Honorable Dale A. Kimball <br><br> Magistrate David Nuffer |

Plaintiff, Caldera Systems, Inc., d/b/a The SCO Group ("SCO"), and Defendant, International Business Machines Corporation ("IBM"), hereby jointly submit this Attorneys' Planning Report and Proposed Scheduling Order, pursuant to Fed. R. Civ. P. 26(f). The parties also jointly move the Court to enter this Proposed Scheduling Order as the Scheduling Order in this case.

1.  **ATTORNEYS' MEETING:** Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on June 4, 2003.

    a.  Plaintiff's counsel, Mark J. Heise and Brent O. Hatch, and Defendant's counsel David R. Marriott, Alan L. Sullivan, Todd M. Shaughnessy, and Peter Ligh were in attendance.

24

b. The parties have discussed the nature and basis of their claims and defenses.

2. **INITIAL DISCLOSURE:** The parties will exchange the information required by Rule 26(a)(1) by September 4, 2003.

3. **DISCOVERY PLAN:** The parties jointly propose to the Court the following discovery plan:

a. The parties believe that discovery should proceed on all issues raised in this case, including plaintiff's claims for breach of contract, misappropriation of trade secrets, unfair competition and interference with contract and defendant's defenses to these claims.

b. The parties expect to utilize interrogatories, requests for production, requests for admission and oral depositions in conducting discovery. The parties agree that the Federal Rules of Civil Procedure should control the timing and scope of discovery except as provided below in subparagraph c.

c. The parties agree to forty (40) non-expert depositions per party. For purposes of calculating the number of depositions a side has taken, Rule 30(b)(6) depositions shall be counted based on the number of notices or subpoenas, not on the number of categories within a notice or subpoena or the number of designees offered in response thereto. The parties shall be allowed to exceed the time limitations for depositions for two witnesses of the opposing party; this enlargement would allow depositions to last up to two days.

d. The parties agree that all non-expert discovery in this matter will be completed no later than Wednesday, August 4, 2004, except as set forth below in subparagraph e.

e. The parties agree that Plaintiff will designate and submit the reports of its expert witnesses, if any, by August 25, 2004, and that Defendant will designate and submit the

reports of its expert witnesses by September 24, 2004. Within 14 days of the respective deadlines, the parties shall make their respective experts available for deposition. If additional <u>fact</u> discovery is made necessary by expert reports or depositions, it may take place until the October 22, 2004 discovery deadline set forth in subparagraph f below (except that there will not be depositions of people already deposed). If either party has supplemental expert reports arising out of fact discovery taken after the expert depositions, the supplemental reports shall be simultaneously exchanged on October 8, 2004. Expert depositions will be taken where they are located unless otherwise agreed. Moreover, all parties agree that there will be no discovery of drafts of expert reports or other communications with experts.

   f. The parties agree that all discovery in this matter will be completed no later than October 22, 2004.

   g. Papers may be served upon a designated attorney for each party, either by hand, by overnight mail, by facsimile, or by e-mail with a PDF attachment, as needed. When service is effected by any method other than by hand, three additional calendar days shall be added to the response time, if any, pursuant to Rule 6(e).

   h. All deposition exhibits will be numbered sequentially, regardless of the identity of the deponent or the side introducing the exhibit. The same numbers will be used in pretrial motions and at trial.

   i. Where practicable, documents will be produced electronically or via CD to avoid any unnecessary expense and effort. Originals will be made available for inspection upon request.

j. It is anticipated that many of the documents produced in this case will contain confidential information and the parties will promptly enter into an appropriate confidentiality agreement and submit a proposed protective order before the exchange of such documents.

k. Documents that a party claims as privileged, including all copies made, will be returned immediately upon the request of the disclosing party without the need to show the production was inadvertent.

l. As to any discovery dispute, designated lawyers for each side will try to resolve it by phone or electronic mail.

4. **OTHER ITEMS:**

a. The parties do not believe that a conference with the Court is necessary prior to entry of this Attorneys' Planning Report and Proposed Scheduling Order.

b. The parties request a final pretrial conference approximately one month before trial.

c. The parties agree and stipulate that the cut-off date for the joining of additional parties shall be October 1, 2003.

d. The parties agree and stipulate that the cut-off date for amending pleadings shall be October 1, 2003.

e. All dispositive motions must be filed on or before November 10, 2004.

f. The potential for settlement cannot be evaluated prior to completion of initial discovery.

g. The potential for resolution of this matter through the Court's alternative dispute resolution cannot be evaluated prior to completion of initial discovery.

4

h.  A final list of witnesses and exhibits pursuant to Fed. R. Civ. P. 26(a)(3) is due by December 17, 2004 from both sides.

i.  The parties should have thirty (30) days after service of the final list of witnesses and exhibits to list objections under Rule 26(a)(3).

j.  An agreed upon form of pretrial order shall be submitted to the court by February 1, 2005.

k.  A final pretrial conference shall be held at _____.m. on _____, 2005.

l.  The estimated length of trial is five weeks.

| FOR THE PLAINTIFF: | FOR THE DEFENDANT: |
|---|---|
| By: *[signature]* <br> HATCH, JAMES & DODGE, P.C. <br> Brent O. Hatch | By: *[signature]* <br> SNELL & WILMER L.L.P. <br> Alan L. Sullivan <br> Todd M. Shaughnessy |
| and | and |
| BOIES, SCHILLER & FLEXNER LLP <br> David Boies <br> Stephen N. Zack <br> Mark J. Heise | CRAVATH, SWAINE & MOORE LLP <br> Evan R. Chesler <br> Thomas G. Rafferty <br> David R. Marriott |

The schedule proposed by the parties above is hereby adopted.

***SO ORDERED*** this \_\_\_\_ day of _____, 2003.

BY THE COURT

_____
**HONORABLE DAVID NUFFER**