STANLEY J. PRESTON (A4119)
MARALYN M. REGER (A8468)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for The Canopy Group, Inc.
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone: (801) 521-9000
Facsimile: (801) 363-0400

FILED
CLERK, U.S. DISTRICT COURT
-9 SEP 03 PM 4: 14
DISTRICT OF UTAH
BY:_____
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION., a New York corporation,<br><br>Defendant/Counterclaim Plaintiff.. | **OBJECTIONS OF THE CANOPY GROUP, INC., TO DEFENDANT IBM'S SUBPOENA DATED AUGUST 26, 2003**<br><br>Case No. 2:03-CV-0294 DAK<br><br>Judge Dale A. Kimball |

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, The Canopy Group, Inc., ("Canopy") asserts the following general and continuing objections to the requests to produce documents as set forth in Exhibit A to the Subpoena in a Civil Case dated August 26, 2003, (the "Subpoena") issued by International Business Machines Corporation ("IBM") and served on Canopy, as well as to each and every specific document request therein:



First, IBM's document requests are vague, ambiguous and confusing, making it difficult to accurately determine their parameters and provide definitive responses.

Second, IBM's document requests are overbroad, excessively burdensome, oppressive, vexatious, and seek documents that are not relevant to the subject matter of the referenced litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further, the burden and expense of IBM's document requests outweigh their likely benefit.

Third, Canopy objects to IBM's document requests, as well as to the definitions and instructions set forth in Exhibit A to the Subpoena, insofar as they attempt to impose requirements or obligations beyond those imposed by the Federal Rules of Civil Procedure, and to the extent the definitions redefine words beyond their ordinary meaning.

Fourth, Canopy objects to IBM's document requests insofar as they seek documents not available to, or within the possession, custody or control of Canopy. Further, Canopy objects to IBM's document requests insofar as they seek documents the identity of which may only be ascertained or derived from voluminous documentation which Canopy has not yet had an opportunity to review, some of which may be in the possession, custody and control of third parties.

Fifth, Canopy objects to the Subpoena and its September 10, 2003, deadline to respond and produce the requested documents. Canopy was given only fifteen days to produce the requested documents. Given the number and nature of IBM's document requests, it is impossible for Canopy to review its documents and produce the responsive documents by this deadline.

Canopy will, however, work with the parties to the litigation to reach a mutually agreeable time for its production of any responsive, non-objectionable documents.

Sixth, Canopy objects to IBM's document requests to the extent that they request documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity, or limitation on discovery. Any inadvertent production of documents covered by such privilege, immunity, or discovery limitation does not waive any of Canopy's rights to assert such privilege, immunity, or discovery limitation, and that Canopy may withdraw from production any such document inadvertently produced as soon as identified.

Seventh, Canopy objects to IBM's document requests to the extent that they request: (1) documents or portions thereof that would result in the disclosure of proprietary information, trade secrets or confidential information of Canopy or other third parties; (2) documents subject to a protective order signed and entered by a Court of law; (3) documents which if produced would violate the privacy rights of third parties; or (4) documents that are otherwise protected from disclosure. Canopy's ultimate production of documents in response to the Subpoena will be contingent on an appropriate, mutually-satisfactory Protective Order which adequately protects the confidentiality of any such documents.

Eighth, Canopy objects to the Subpoena to the extent it imposes an unreasonable and undue burden and expense on Canopy. Many of the documents requested are obtainable from some other source that is more convenient, less burdensome, or less expensive than obtaining the documents from Canopy. As a non-party to this litigation, Canopy should not be burdened with

the unnecessary costs and effort required to search for and produce documents which are otherwise available to IBM from other sources.

Ninth, Canopy objects to IBM's document requests to the extent they request documents in the possession of individuals rather than Canopy.

Without waiving these general and continuing objections, Canopy, in a good faith effort to respond to these document requests, is in the process of gathering and reviewing documents which may be responsive to IBM's document requests. Canopy is willing to meet and confer with the parties to amicably resolve its above-referenced objections and concerns without court intervention, as well as to work out the logistics of production (or reproduction) of any documents and the payment of any reproduction costs, and to produce any responsive documents to the Subpoena at a mutually-convenient date and time. Assuming that responsive documents exist, when Canopy produces documents in response to the Subpoena, Canopy reserves the right to revise, supplement and amend its responses and production, as well as any objections set forth herein, as additional information becomes available it, or should it discover additional documents responsive to the Subpoena.

DATED this 9th day of September, 2003.

SNOW CHRISTENSEN & MARTINEAU

By _____
Stanley J. Preston
Maralyn M. Reger
Attorneys for The Canopy Group, Inc.

N:\21508\4\Objections to IBM Subpoena 09-09-03.wpd

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **OBJECTIONS OF THE CANOPY GROUP, INC., TO DEFENDANT IBM'S SUBPOENA DATED AUGUST 26, 2003** (United States District Court, State of Utah, Case Number 2:03-CV-0294 DAK) was served on the following parties by hand delivery this 9th day of August, 2003:

Todd M. Shaughnessy, Esq.
Snell & Wilmer
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101

_Pat Birch_