FILED
CLERK, U.S. DISTRICT COURT

22 SEP 03 PM 4: 47

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK



Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (Pro hac vice)
Mark J. Heise (Pro hac vice)
BOIES, SCHILLER & FLEXNER L.L.P.
100 Southeast Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff The SCO Group, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

---

| | |
|---|---|
| THE SCO GROUP, INC.,<br>a Delaware corporation,<br><br>     Plaintiff,<br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES<br>CORPORATION, a New York corporation,<br><br>Defendant. | **PLAINTIFF'S MOTION FOR<br>ENLARGEMENT OF TIME TO<br>RESPOND TO DEFENDANT<br>IBM'S ANSWER TO THE<br>AMENDED COMPLAINT AND<br>COUNTERCLAIM-PLAINTIFF<br>IBM'S COUNTERCLAIMS<br>AGAINST SCO**<br><br>Case No. 03-CV-0294<br><br>Hon: Dale A. Kimball<br>Magistrate Judge Wells |

---

Plaintiff/Counterclaim Defendant, The SCO Group, Inc. ("SCO"), through its undersigned

counsel, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and applicable Local Rules,

files this Motion for Enlargement of Time to Respond to Defendant IBM's Answer To the Amended Complaint and Counterclaim-Plaintiff IBM's Counterclaim against SCO, and in support states:

1.      Defendant, International Business Machines Corporation ("IBM") filed its Answer to the Amended Complaint and Counterclaim-Plaintiff IBM's Counterclaims against SCO (the "Counterclaims") on August 6, 2003.

2.      Thereafter, the parties entered into a Stipulation and Joint Motion for Extension of Time to Respond to Counterclaim extending the time for plaintiff/counterclaim defendant to respond to the Counterclaims, to and including September 25, 2003.

3.      On September 8, 2003, counsel for SCO sent correspondence to counsel for IBM advising that the file histories were lost at the Patent and Trademark Office for two out of the four patents upon which IBM based two of its causes of actions.   SCO could not respond to the Counterclaims without these file histories, asked IBM to provide the histories and advised counsel for IBM that it would require additional time to analyze these histories to be able to fashion an appropriate response.

4.      Four days later, on September 12, 2003, counsel for SCO, having received no response to its September 8, 2003, correspondence, sent additional correspondence to IBM's counsel inquiring about the status at SCO's request.

5.      On September 13, 2003, IBM's counsel advised that he had not received the September 8, 2003, correspondence, but in his responsive correspondence inferred "that SCO will be filing an answer as opposed to a motion in response to IBM's counterclaims.  Please let me know whether this is correct, as it bears on your requests."

2

6.      On that same date, September 13, 2003, SCO's counsel confirmed his plan to file an answer and reiterated his need for "the requested materials as soon as possible to minimize the delay in responding..." to the Counterclaims.

7.      Two days later, on September 15, 2003, again having received no response from counsel for IBM, SCO's counsel sent another inquiry to IBM's counsel.

8.      On September 15, 2003, IBM's counsel responded that he still had not heard from his client but expected to the next day.

9.      Three days later, on September 18, 2003, counsel for IBM e-mailed counsel for SCO advising that (a) he hoped to have the necessary documents that day; and (b) IBM would not agree to an extension to respond to the Counterclaims except that it would "consent to a 14 day extension of SCO's time to assert affirmative defenses to the two patent claims at issue (Count 7 and Count 8). This offer is contingent upon SCO's otherwise answering the allegations of IBM's counterclaims on the present schedule."

10.     IBM provided the necessary file histories that are required for SCO to be in a position to respond to the Counterclaims on Friday, September 19, 2003.  SCO will be prejudiced if it is required to answer the Counterclaims before it has a timely opportunity to review documents essential to its answer.

11.     No prejudice will come to IBM by the granting of the requested enlargement, and the grant of this Motion will not affect the schedule in this case. Moreover, IBM's suggestion that SCO file two separate answers 14 days apart is an unnecessary waste of resources.

12.     SCO respectfully requests a twenty (20) day extension of time, i.e. to October 15, 2003, from September 25, 2003, within which to respond to IBM's Counterclaims.

DATED this 22nd day of September, 2003.

Respectfully submitted,

By: _____

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER, L.L.P.
Stephen N. Zack
Mark J. Heise

*Counsel for Plaintiff/Counterclaim Defendant*

4

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc. hereby certifies that a true and correct copy of

PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT

IBM'S ANSWER TO THE AMENDED COMPLAINT AND COUNTERCLAIM-PLAINTIFF

IBM'S COUNTERCLAIMS AGAINST SCO was served on Defendant International Business

Machines Corporation on this 22nd day of September, 2003, by facsimile and U.S. Mail, first class,

postage prepaid, on their counsel of record as indicated below:

Copies by U.S. Mail and Facsimile:

Alan L. Sullivan, Esq.                          Facsimile:   257-1800
Todd M. Shaughnessy, Esq.
Snell & Wilmer L.L.P.
15 West South Temple, Ste. 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004

Evan R. Chesler, Esq.                          Facsimile:  (212) 474-3700
David R. Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

Copies by U.S. Mail to

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604