FILED CLERK

2003 OCT -1  P 5: 33

U.S. COURT
DISTRICT OF UTAH

Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
Thomas G. Rafferty (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000

*Attorneys for Defendant and Counterclaim-Plaintiff*
  *International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP,<br><br>   Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>   Defendant and Counterclaim Plaintiff. | **DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION TO COMPEL DISCOVERY AND CERTIFICATE OF COMPLIANCE WITH RULE 37(a)(2)(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>Civil No. 2:03cv0294<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

258460.3

44

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant International Business Machines Corporation ("IBM"), through counsel, hereby moves this Court for an Order compelling plaintiff Caldera Systems, Inc. d/b/a The SCO Group ("SCO") to respond fully to IBM's First Set of Interrogatories and First Request for the Production of Documents, served June 13, 2003.

As set forth in detail in the memorandum accompanying this motion, SCO's response to IBM's interrogatories is inadequate and incomplete. IBM's discovery seeks, among other things, the "identif[ication], with specificity, [of] all of the alleged trade secrets and any confidential or proprietary information that plaintiff alleges . . . IBM misappropriated" as well as detailed and specific information concerning those alleged trade secrets or confidential information. Rather than provide meaningful narrative answers to these interrogatories, SCO simply states that it will make documents available to IBM pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. This is inadequate. Moreover, to the extent SCO has provided answers to the interrogatories, those answers are deficient for the reasons explained in the accompanying memorandum. SCO should be compelled to provide detailed, narrative answers to these interrogatories, and should be required to disclose specifically the trade secrets or confidential information that IBM allegedly misappropriated.

## CERTIFICATION OF COMPLIANCE WITH RULE 37(a)(2)(A)

Counsel for IBM has made good faith efforts to obtain complete responses to the interrogatories without Court action, but has been unable to do so. On August 27, 2003, counsel for IBM sent a letter outlining the deficiencies in SCO's responses to discovery (See IBM Supp.

258460.3                                    -2-

Mem., Ex. G). SCO responded by letter dated September 8, 2003. (IBM Mem., Ex. H). In a series of emails exchanged between September 9, 2003, and September 12, 2003, counsel for IBM again explained what information it was seeking in these interrogatories, and asked SCO to supplement accordingly. SCO did not commit to do so. On September 18, 2003, and again on September 22, 2003, counsel for the parties participated in lengthy phone conferences concerning each parties discovery responses. Counsel for IBM again explained what information IBM was seeking and why SCO's responses to the interrogatories were deficient. Although the parties preliminarily resolved a number of issues, counsel for SCO did not agree to supplement its answers to the interrogatories at issue in this motion. Finally, in an email sent on September 24, 2003, counsel for SCO stated that SCO would identify "pertinent macros and functions," but did not commit to supplementing its answers in the manner IBM has requested. Accordingly, IBM has filed this motion to compel complete answers to Interrogatory Nos. 1-9.

## REQUEST FOR ORAL ARGUMENT

IBM also requests oral argument on this motion pursuant to DUCivR 7-1(f). Good cause for oral argument exists because of the nature of the discovery issued upon SCO and the significance of its refusal to respond. SCO has the burden to prove the existence of a trade secret or misappropriation by IBM of confidential or proprietary information, and there is no presumption in SCO's favor in this regard. See, e.g., Microbiological Res. Corp. v. Muna, 625 P.2d 690, 697 (Utah 1981). As a result, SCO's apparent inability to respond to IBM's interrogatories as required under the Federal Rules of Civil Procedure has potentially outcome determinative consequences. Good cause for hearing further exists because complete responses

258460.3                                          -3-

to IBM's interrogatories will define which alleged trade secrets or alleged confidential

information is actually at issue in this case, and thereby establish the scope of discovery going

forward.

DATED this 1st day of October, 2003.

SNELL & WILMER LLP

_____

Alan L. Sullivan
Todd M. Shaughnessy

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Thomas G. Rafferty
David R. Marriott
*Counsel for Defendant International Business
Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York  10604
(914) 642-3000

*Attorneys for Defendant International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October, 2003, a true and correct copy of the foregoing was hand delivered to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

> David Boies
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504
>
> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131
>
> Leonard K. Samuels
> Fred O. Goldberg
> BERGER SINGERMAN
> 350 East Las Olas Boulevard
> Suite 1000
> Fort Lauderdale, Florida 33301

258460.3                              -5-