Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone:  (801) 363-6363
Facsimile:  (801) 363-6666

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER L.L.P.
100 Southeast Second Street
Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:  (305) 539-1307

*Attorneys for Plaintiff The SCO Group, Inc.*

FILED
CLERK, U.S. DISTRICT COURT
FILED IN UNITED STATES   OCT 03 AM 9: 56
COURT, DISTRICT OF UTAH
DISTRICT OF UTAH

OCT 1 6 2003

MARKUS B. ZIMMER, CLERK
BY_____
DEPUTY CLERK

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

---

| | |
|---|---|
| THE SCO GROUP, INC.,<br>a Delaware corporation,<br><br>Plaintiff,<br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES<br>CORPORATION, a New York corporation,<br><br>Defendant. | **PLAINTIFF'S MOTION FOR<br>ENLARGEMENT OF TIME TO<br>RESPOND TO DEFENDANT<br>IBM'S MOTION TO COMPEL<br>DISCOVERY**<br><br>Case No. 03-CV-0294<br><br>Hon: Dale A. Kimball |

---

Plaintiff/Counterclaim Defendant, The SCO Group, Inc. ("SCO"), through its undersigned

counsel, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and applicable Local Rules,



files this Motion for Enlargement of Time to respond to Defendant IBM's Motion to Compel

Discovery, and in support states:

1.      On October 1, 2003, Defendant, International Business Machines Corporation

("IBM") served its Motion to Compel Discovery.

2.      This Court has adopted a local rule that governs the format of such motions.  They

"[m]ust be accompanied by a copy of the discovery request, the response to the request to which

the objection is made, *and a succinct statement, separately for each objection, summarizing why*

*the response received was inadequate.*"  DUCivR 37-1(b)(emphasis added).  This rule gives the

opposing party adequate notice of the substance of the discovery dispute, allows for an informed

response, and simplifies the motion's adjudication.

3.      Rather than offer "a succinct statement, separately for each objection, summarizing

why the response received [for each objection] was inadequate," IBM's Motion to Compel

Discovery and its supporting memorandum of law leave it up to the reader to ascertain the precise

grounds of IBM objections and the requests to which they pertain.  The format of IBM's Motion

to Compel Discovery thus complicates the preparation of a response that will be helpful to this

Court.

4.      In addition, IBM's Motion to Compel Discovery is premature.  Over the last

month, counsel for IBM and SCO have exchanged numerous letters and e-mails and held

numerous telephone conferences, all related to the respective parties' responses to discovery.

While the majority of issues with respect to responses were resolved through mutual agreement of

counsel, SCO advised IBM that it would prepare supplemental responses to certain interrogatories

from IBM's First Set of Interrogatories and First Request for the Production of Documents ("IBM's First Request") and suggested October 23, 2003 as the date for service.

5.      IBM refused to accept SCO's proposal for supplemental responses and instead filed its Motion to Compel.

6.      Nevertheless, SCO has continued to prepare its supplemental responses which it believed would obviate the need for the Motion to Compel.

7.      IBM also served its Second Set of Interrogatories and Second Request for Production of Documents (the "Second Request"). SCO's responses to the Second Request are intertwined with SCO's responses to the First Request.

8.      Consequently, SCO has, together with this Motion, filed a Motion for Enlargement of Time to Respond to IBM's Second Request.

9.      SCO believes that IBM's Motion to Compel was filed unnecessarily and that IBM's lengthy preliminary statement and argument, which fail to abide by the local rules, will be rendered moot. Nevertheless, SCO intends to respond and simply requires additional time to properly do so.

10.     IBM did initially indicate that it would agree to an additional "day or two" to respond to IBM's Motion to Compel but later insisted that a response be filed this date.

11.     No prejudice will come to IBM by the granting of this motion. The current discovery cut off date is not until August 4, 2004 for fact discovery and October 22, 2004 for expert discovery, more than one year from now. SCO is seeking just one additional week to respond.

12.     SCO will be prejudiced if this Motion is not granted.

3

13.     SCO respectfully requests an extension of time to October 24, 2003 to respond to

IBM's Motion to Compel Discovery.

Respectfully submitted,

DATED this 16th day of October, 2003.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER, L.L.P.
Stephen N. Zack
Mark J. Heise

By:

*Counsel for Plaintiff/Counterclaim Defendant*

4

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc. hereby certifies that a true and correct copy of

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO**

**DEFENDANT IBM'S MOTION TO COMPEL DISCOVERY** was served on Defendant

International Business Machines Corporation on this 16th day of October, 2003, by facsimile and

U.S. Mail, first class, postage prepaid, on their counsel of record as indicated below:

Copies by U.S. Mail and Facsimile:

Alan L. Sullivan, Esq.                                    Facsimile:   257-1800
Todd M. Shaughnessy, Esq.
Snell & Wilmer L.L.P.
15 West South Temple, Ste. 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004

Evan R. Chesler, Esq.                                    Facsimile:  (212) 474-3700
David R. Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

Copies by U.S. Mail to

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

5