

Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

|  |  |
|---|---|
| THE SCO GROUP, INC.,<br><br>               Plaintiff/Counterclaim-Defendant,<br><br>-against-<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>               Defendant/Counterclaim-Plaintiff. | **MEMORANDUM IN OPPOSITION**<br>**TO PLAINTIFF'S MOTION FOR**<br>**ENLARGEMENT OF TIME TO RESPOND**<br>**TO IBM'S MOTION TO COMPEL**<br>**DISCOVERY**<br><br>Civil No. 2:03cv0294<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

Defendant/Counterclaim-Plaintiff International Business Machines Corporation

("IBM"), through counsel, respectfully submits this memorandum in opposition to the Motion



for Enlargement of Time to Respond to IBM's Motion to Compel Discovery submitted by

Plaintiff/Counterclaim-Defendant The SCO Group, Inc. ("SCO").

In its Amended Complaint, SCO alleges that IBM has misappropriated or misused

SCO's trade secrets in violation of SCO's rights.  SCO has publicly touted its evidence of

IBM's alleged misconduct and has disclosed its supposed evidence to countless third-parties.

At the same time, in a case that has been pending for more than seven months, SCO has

repeatedly refused to provide meaningful responses to IBM's discovery requests.

After giving SCO more than 15 weeks to comply voluntarily with IBM's discovery

requests (which were served on June 13, 2003), IBM was required to move to compel

responses to its first set of interrogatories.  That is true despite the fact that SCO does not

dispute -- indeed, could not dispute -- that IBM is entitled to the information that it has

requested in the interrogatories.

In a further effort to resolve the parties' dispute, IBM advised SCO, upon submitting

its motion, that, if SCO would promptly provide IBM with the information IBM has

requested, then IBM would withdraw its motion.  In the negotiations leading up to IBM's

motion, SCO acknowledged that it was required to supplement its interrogatory responses,

which are inadequate, but SCO consistently declined even to commit to provide IBM with all

of the information it has requested (thus necessitating IBM's motion).

Two days before it was required to respond to IBM's motion, SCO proposed that IBM

consent to a deferral of SCO's obligation to respond to the motion.  SCO stated that, because

SCO intends to supplement its interrogatory responses next week and because "IBM will be

very happy with SCO's supplemental responses", the opposition should be deferred.  If IBM

were not satisfied with SCO's supplemental responses, SCO further proposed, briefing on the motion could then resume.

To give SCO the benefit of the doubt, we suggested that, if SCO truly intends to provide IBM with all of the information that IBM has requested next week, then SCO should simply respond to IBM's motion by advising the Court that it will provide IBM next week with all of the information that IBM has requested and that, from SCO's perspective, IBM's motion is therefore moot.  We further stated that if, in fact, SCO provides IBM with all of the information that IBM has requested, then (in its reply brief) IBM will so advise the Court and withdraw its motion.  We proposed that approach because, in light of SCO's non-production to date, we are frankly not confident that SCO will, in fact, satisfactorily respond to IBM's outstanding requests.  We, therefore, attempted to obtain SCO's formal commitment while not derailing the motion process.

Tellingly, SCO refused to proceed in this fashion.  In so doing, SCO made clear that it does not, in fact, intend to provide IBM with all of the information that IBM has requested.  If SCO did intend to do so, there is no reason why it would not follow IBM's suggestion.  There is not, we submit, a more efficient way to proceed, assuming SCO intends to provide IBM with the information that it has requested, as opposed to merely seeking additional delay.

We would ordinarily consent to a request for a brief extension of time.  In fact, IBM has, upon request, offered SCO several extensions of time in this litigation.  IBM opposes SCO's present request for an extension, however, because we believe that SCO has deliberately delayed providing meaningful answers to IBM's interrogatories.  Moreover, inasmuch as SCO plainly does not intend to provide IBM with all of the information it has

requested, we believe that SCO's request for an extension is simply another attempt at further unnecessary delay.

Although it had two weeks to prepare a response to IBM's motion, SCO submitted its request for an extension minutes before the expiration of its deadline. In support of its motion for an enlargement of time, SCO makes two primary arguments -- both without merit.

First, SCO states that IBM's motion to compel runs afoul of DUCivR 37-1(b) because, SCO says, the motion does not provide "a succinct statement, separately for each objection, summarizing why the response received [for each objection] was inadequate." That is not so. IBM moved to compel because SCO offered essentially no response to IBM's interrogatories, as we explained to SCO repeatedly over the course of many weeks and as IBM's motion papers make clear. Moreover, in support of its motion, IBM submitted an addendum that explains in great detail why SCO's response (or, more accurately, lack thereof) to each of IBM's interrogatories is deficient. Even a cursory examination of IBM's motion makes clear that SCO's claim that its ability to respond to IBM's motion has been complicated by the "format of IBM's Motion to Compel Discovery" is untenable.

Second, SCO contends that IBM's motion is premature. As stated, this case has been pending for more than seven months. IBM served its interrogatories over four months ago. As detailed more fully in IBM's motion to compel, it is undisputed that IBM is entitled to complete, meaningful answers to those interrogatories. It is also undisputed that SCO has not only not provided meaningful answers to these interrogatories, but also it has refused to commit to provide IBM with all of the information that it has requested. At the same time, as stated, SCO has repeatedly disclosed its supposed evidence to any third-party that would sign

4

a non-disclosure agreement, as well as many who have not. As SCO's CEO puts it, "[E]very day, more people roll into here in Lindon, and we show them the code".

While, again, we do not object to SCO's having a few extra days to supplement its responses to IBM's interrogatories, we do not believe that there is any reason to defer SCO's obligation to respond to IBM's motion. If, as it has represented, SCO intends to supplement its interrogatory answers to provide IBM with the information that it seeks, then SCO should not need more than the two weeks it has already had to respond to IBM's motion. It need only say that it intends to provide IBM with the information it has requested.

Contrary to SCO's suggestion, it will not be unduly prejudiced by not being granted a further extension of time that it did not seek until minutes before the expiration of the two-week period it had to respond to IBM's motion. There is nothing for SCO to say in response to IBM's motion except that it will provide all of the information IBM has requested. As stated in IBM's motion, SCO does not claim the right to withhold responsive information based on any of its boilerplate objections to these interrogatories. By contrast, further delay will compound the prejudice imposed upon IBM by SCO's delay of more than three months. This case has been pending more than seven months, and SCO has still failed to disclose what its claims are about.

We respectfully request that SCO's motion be denied. We wish to emphasize that we would not normally object to a one week extension or trouble the Court with a memorandum on the subject. We have done so here only because of our genuine concern that SCO has not conducted itself appropriately.

Dated this 17th day of October, 2003.

SNELL & WILMER LLP

Alan L. Sullivan
Todd M. Shaughnessy

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Thomas G. Rafferty
David R. Marriott

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2003, a true and correct copy of the

MEMORANDUM IN OPPOSITION TO SCO'S REQUEST FOR ENLARGEMENT OF

TIME was served on the following by U.S. Mail, postage prepaid and facsimile transmission

on :

      David Boies
      BOIES, SCHILLER & FLEXNER LLP
      333 Main Street
      Armonk, New York 10504

      Stephen N. Zack
      Mark J. Heise
      BOIES, SCHILLER & FLEXNER LLP
      100 Southeast Second Street, Suite 2800
      Miami, Florida 33131

      Leonard K. Samuels.
      Fred O. Goldberg
      BERGER SINGERMAN
      350 East Las Olas Boulevard, Suite 1000
      Fort Lauderdale, Florida 33301

and service by hand delivery was made upon:

      Brent O. Hatch
      Mark F. James
      HATCH, JAMES & DODGE, P.C.
      10 West Broadway, Suite 400
      Salt Lake City, Utah 84101