Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER L.L.P.
100 Southeast Second Street
Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff The SCO Group, Inc.*

FILED
CLERK, U.S. DISTRICT COURT
20 OCT 03 PM 5: 03
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation,<br><br>Defendant. | **PLAINTIFF'S SUBSTITUTE MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT IBM'S MOTION TO COMPEL DISCOVERY**<br><br>Case No. 03-CV-0294<br><br>Hon. Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff/Counterclaim Defendant, The SCO Group, Inc. ("SCO"), through its undersigned counsel, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and applicable Local Rules,

respectfully submits this Substitute Motion for Enlargement of Time to Respond to IBM's Motion to Compel Discovery.[1]

The issue underlying IBM's Motion to Compel is not really a dispute about one party's intransigence in turning over documents in its possession. Such motions are relatively straightforward. Rather, as SCO will amplify in its response, IBM has framed the facts underlying the motion in such a tendentious way that it leaves SCO little choice but to address numerous contentions outside the proper scope of a discovery matter.

Specifically, IBM's Motion to Compel attempts to reframe the entire subject matter of SCO's dispute with IBM as the misuse of trade secrets.[2] Yet, SCO's amended complaint has six counts. The first three constitute the core of the complaint, and are for breach of the licensing agreements to which SCO is a successor in interest. The remaining counts – including Count VI for misappropriation of trade secrets under Utah Code Ann. § 13-24-1 *et seq*.-- flow from this transgression and are ancillary to the breach of the agreements. Thus, contrary to IBM's mischaracterization, trade secret misappropriation in this case involves merely one count that recasts one aspect of the injuries caused by IBM's breach. These injuries would exist even in the absence of any trade secret misappropriation.

IBM's frustrations, expressed in its Motion to Compel, seem to flow from its unwillingness to admit that SCO's claims about trade secret misappropriation extend beyond merely lines of

---

[1] The drafters of the first Motion for Enlargement worked largely from faxed documents that were incomplete and did not contain the Addendum to IBM's Motion to Compel. Since the filing of the original motion, the contents of the Addendum were discovered. The Addendum does provide the requisite notice as to IBM's objections to SCO's responses. SCO apologizes to this Court for filing a motion deficient in that manner. This substitute motion again addresses the need for a brief enlargement of time without reference to the procedural requirement imposed by DUCivR 37-1(b).

[2] For example, IBM has claimed that "[t]he gravamen of SCO's complaint is that IBM misappropriated or misused alleged trade secrets," IBM Memorandum 2; IBM likewise implies that trade secrets are the fundamental issue at stake when it claims that "[i]nterpreting SCO's discovery requests absent identification of the trade secrets at issue has, however, proven very difficult." IBM Memorandum 18.

2

source code and computer files to methods, that is, to ways of doing things. Thus, contrary to IBM's assertion that "the only dispute here is whether SCO can meet its obligation to provide meaningful responses to the interrogatories through a general reference to the documents it has or will produce," IBM Memorandum 10, the dispute appears to be of a completely different magnitude. To properly apprise this Court of these facts and the applicable case law, SCO respectfully requests an extension of time to October 24, 2003 to respond to IBM's Motion to Compel Discovery.

No prejudice will come to IBM by the granting of this Motion; nevertheless, IBM has opposed it.

Respectfully submitted,

DATED this 20th day of October, 2003.

> HATCH, JAMES & DODGE, P.C.
> Brent O. Hatch
> Mark F. James
>
> BOIES, SCHILLER & FLEXNER, L.L.P.
> Stephen N. Zack
> Mark J. Heise
>
> By: _____
> *Counsel for Plaintiff/Counterclaim defendant*

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc. hereby certifies that a true and correct copy of **PLAINTIFF'S SUBSTITUTE MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT IBM'S MOTION TO COMPEL DISCOVERY** was served on Defendant International Business Machines Corporation on this 20th day of October, 2003, by facsimile and U.S. Mail, first class, postage prepaid, on their counsel of record as indicated below:

Copies by U.S. Mail and Facsimile:

| | |
|---|---|
| Alan L. Sullivan, Esq.<br>Todd M. Shaughnessy, Esq.<br>Snell & Wilmer L.L.P.<br>15 West South Temple, Ste. 1200<br>Gateway Tower West<br>Salt Lake City, Utah 84101-1004 | Facsimile: 257-1800 |
| Evan R. Chesler, Esq.<br>David R. Marriott, Esq.<br>Cravath, Swaine & Moore LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019 | Facsimile: (212) 474-3700 |

Copies by U.S. Mail to

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

4