FILED
CLERK, U.S. DISTRICT COURT

24 OCT 03 PM 4:57

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER L.L.P.
100 Southeast Second Street
Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff The SCO Group, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

---

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, | **SCO'S ANSWER TO IBM'S AMENDED COUNTERCLAIMS** |
| Plaintiff, | **Case No. 03-CV-0294** |
| vs. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation, | Hon: Dale A. Kimball |
| Defendant. | Magistrate Judge Brooke C. Wells |

---

Plaintiff and counterclaim-defendant The SCO Group, Inc. ("SCO"), by and through

counsel, answers the amended counterclaims of defendant and counterclaim-plaintiff International

Business Machines Corporation ("IBM") and further admits, denies and alleges as follows:



## ANSWER

1.    Admits that the UNIX operating system was originally developed by Bell Laboratories, then a development arm of AT&T Corp., but denies the remaining allegations of ¶1.

2.    Admits that it respects the intellectual property rights of others, but denies the remaining allegations of ¶2.

3.    Admits the allegations of ¶3.

4.    Admits the Court has jurisdiction over the claims, but denies that IBM has any valid claims and denies the remaining allegations of ¶4 not specifically admitted herein.

5.    Admits the allegations of ¶5.

6.    Admits the allegations of ¶6.

7.    Admits the allegations of ¶7.

8.    Admits that the earliest UNIX operating system was built by software engineers at Bell Laboratories, the research division of AT&T, but denies the remaining allegations of ¶8 not specifically admitted herein.

9.    Admits the allegations of ¶ 9.

10.    Admits that AT&T sold UNIX assets, through its subsidiary USL, to Novell in 1993, admits that Novell sold UNIX assets to The Santa Cruz Operation, Inc., now known as Tarantella, Inc. ("Tarantella") in 1995, admits that Tarantella is not affiliated with SCO, but denies that Novell sold only part of its UNIX assets and further denies the remaining allegations contained in ¶10 not specifically admitted herein.

11.    Denies the allegations of ¶11.

12. Admits that in 1985 IBM acquired certain UNIX rights pursuant to license with AT&T, and admits that IBM and AT&T entered agreements as referenced in ¶12, but denies that IBM's UNIX-related rights are characterized as "broad," denies that IBM has any remaining rights under the referenced agreements and denies the remaining allegations of ¶12 not specifically admitted herein.

13. Admits that IBM developed a version of UNIX pursuant to license originally with AT&T and admits that IBM's version of UNIX is called AIX but denies that IBM properly exercised its rights and is without information sufficient to admit or deny the remaining allegations of ¶13, and therefore denies the same.

14. Admits that Sequent, like IBM, acquired certain UNIX rights pursuant to its own license agreements with AT&T, all of which IBM failed to attach to the its counterclaim, and admits that IBM acquired the stock of Sequent and denies the remaining allegations of ¶14 not specifically admitted herein.

15. Admits that Amendment X was entered into in 1996 by and among IBM, Original SCO and Novell, but denies the remaining allegations in ¶15.

16. Denies the allegations of ¶16 and alleges that Linux is, in actuality, an unauthorized version of UNIX that is structured, assembled and designed to be technologically indistinguishable from UNIX, and practically is distinguishable only in that Linux is a "free" version of UNIX designed to destroy proprietary operating system software.

17. Admits that Linus Torvalds assembled the original Linux kernel but is without information sufficient to admit or deny the remaining allegations of ¶17 not specifically admitted herein, and therefore denies the same.

18.     Is without information sufficient to admit or deny the allegations of ¶18, and therefore denies the same.

19.     Admits that many developers have contributed software code to the Linux kernel, admits that IBM has contributed software code to the Linux kernel, admits that the first iteration of Version 2.4 of the Linux kernel was released in 2001, but is without information sufficient to admit or deny the remaining allegations of ¶19 not specifically admitted herein, and therefore denies the same.

20.     Admits that Red Hat has distributed one or more versions of Linux, which may include one or more versions of the Linux kernel, and admits that other distributors may have done so as well, including SCO, but denies the remaining allegations of ¶20 not specifically admitted herein.

21.     Admits the allegations of ¶21, but alleges that Linux software contains other additional characteristics not identified in ¶21, and further alleges that ¶21 does not provide a complete definition of Linux.

22.     Admits that software license agreements typically reflect legal limitations restricting the use and reproduction of works, admits that Linux is available for free download, admits that the license presently governing Linux (the General Public License) generally is oriented to keep source code publicly available, but denies the remaining allegations of ¶22 not specifically admitted herein.

23.     Admits the allegations of ¶23, but denies enforceability or applicability of the GPL.

24.     Is without information sufficient to admit or deny the allegations of ¶24, and therefore denies the same.

25.   Admits that the GPL purports to guarantee the right to freely share and change free software, but denies that the GPL applies to any program whose authors commit to using it, denies enforceability or applicability of the GPL, and is without information sufficient to admit or deny the remaining allegations of ¶25 not specifically admitted herein, and therefore denies the same.

26.   Admits that the GPL allows a licensee to distribute copies of free software, receive source code and change and use the software in new free programs but is without information sufficient to admit or deny the remaining allegations of ¶ 26 not specifically admitted herein and therefore denies the same.

27.   Admits that Linux is licensed under the GPL and admits that Linux contains some notices placed by some copyright holders, but denies enforceability or applicability of the GPL and denies the remaining allegations of ¶27 not specifically admitted herein.

28.   Denies the allegations of ¶28.

29.   Admits that it was originally founded as Caldera, Inc., admits that in 1998 Caldera, Inc. sold certain of its assets to Caldera Systems, Inc., but denies the remaining allegations in ¶29 not specifically admitted herein.

30.   Admits that it has distributed certain versions of the Linux operating system but denies the remaining allegations of ¶30.

31.   Admits that it previously developed and marketed software based on certain versions of the Linux operating system, and admits that it has provided certain Linux-related services, but denies the remaining allegations of ¶31.

32. Admits that it previously distributed or re-distributed SCO Linux server, SCO OpenLinux Server, SCO OpenLinux Workstation and SCO Volution Manager, and admits that SCO has suspended its Linux distribution, but denies the remaining allegations contained in ¶32.

33. Denies the allegations of ¶33.

34. Admits that it previously distributed certain versions of Linux, admits that it previously provided Linux-related educational programs, admits that it joined UnitedLinux, but denies the remaining allegations of ¶34 not specifically admitted herein.

35. Admits the allegations of ¶35.

36. Admits that it previously supported in some ways the open-source community prior to discovery of violation of its intellectual property rights by IBM and others, but denies the existence of any "scheme," and denies the allegations of ¶36 not specifically admitted herein.

37. Admits that some of its products were previously made available for licensing under the GPL, but denies the remaining allegations of ¶37 not specifically admitted herein.

38. Denies the allegations of ¶38.

39. Admits that it previously engaged in certain Linux-related activities, but denies the remaining allegations of ¶39 not specifically admitted herein.

40. Admits that it has contributed to certain open-source development projects, but denies the remaining allegations of ¶40 not specifically admitted herein.

41. Denies the allegations of ¶41.

42. Admits the allegations of ¶42, but alleges that SCO was unaware of IBM's Linux-related investment prior to its formal announcements thereof, and further alleges that IBM secretly

and improperly failed to disclose to SCO such Linux-related investments and its intentions with respect to Linux before and during Project Monterey.

43.    Admits the allegations of ¶43.

44.    Admits that IBM has contributed source code to Linux projects under the GPL, but denies that such contributions were proper or legal, and denies the remaining allegations of ¶44 not specifically admitted herein.

45.    Admits that it completed a public offering, admits that IBM has established its business around Linux and that IBM has received a significant amount of revenue and profit related to Linux, admits that SCO has never generated a profit related to Linux, admits that SCO has not generated profit until recently, but denies the remaining allegations of ¶45 not specifically admitted herein and alleges that IBM's Linux-related revenue is from its wrongful conduct in violation of SCO's legal and contractual rights.

46.    Admits that Caldera Systems, Inc. was merged into Caldera International, Inc., admits that SCO acquired rights to the UNIX operating system originally developed by Bell Laboratories, but denies the remaining allegations of ¶46 not specifically admitted herein.

47.    Denies the allegations of ¶47.

48.    Denies the allegations of ¶48.

49.    Denies the allegations of ¶49.

50.    Denies the allegations of ¶50.

51.    Denies the allegations of ¶51.

52.    Denies the allegations of ¶52.

53.   Admits it alleges that IBM has breached contractual obligations to SCO by, among other things, incorporating and inducing others to incorporate source code in the Linux kernel in violation of SCO's contractual and intellectual property rights, and that IBM has competed unfairly, interfered with SCO's contract rights with others and misappropriated and/or misused trade secrets, but denies the remaining allegations of ¶53 not specifically admitted herein.

54.   Denies the allegations of ¶54.

55.   Admits having sent letters to 1500 of the world's largest corporations, alleges that the letters are the best evidence of the contents thereof, denies that said letters threatened litigation and denies the remaining allegations of ¶55 not specifically admitted herein.

56.   Denies the allegations of ¶56.

57.   Admits that it has made certain public statements regarding IBM's rights to use AIX and Dynix, admits that it claims the legal right and authority to revoke, and has effectively revoked, IBM's right to use, license or distribute AIX and that it has so stated in certain statements, admits that it claims the legal right to revoke IBM's use, license or distribution of Dynix and has so stated in certain statements, but denies the remaining allegations of ¶57 not specifically admitted herein.

58.   Admits it claims that licensing and sublicensing agreements and related agreements with IBM give SCO the right to control certain uses of AIX by IBM, admits it claims that Linux is, in material part, an unauthorized derivative of UNIX and that SCO has so stated, admits it claims that as of and after June 16, 2003 IBM's right to further use, license or distribute AIX was terminated and that SCO has so stated, admits it claims that IBM customers who

license AIX following June 16, 2003 are doing so in violation of SCO's rights and that SCO has so stated, admits it claims that certain uses of Linux infringe on SCO's intellectual property rights and that SCO has so stated, but denies the remaining allegations of ¶58 not specifically admitted herein.

59.     Admits it claims that IBM has contributed certain Dynix code to Linux in violation of its contractual and legal obligations to SCO and that SCO has so stated, admits it claims that IBM's violation of SCO's rights are giving rise to damages as a result of IBM's improper profit from Linux and improper continued use of AIX, and that SCO has so stated, but denies the remaining allegations of ¶59 not specifically admitted herein.

60.     Admits the existence of the letter of June 9, 2003 but denies any legal or factual basis for the said letter and denies the remaining allegations of ¶60 not specifically admitted herein.

61.     Admits the existence of the letter of June 12, 2003 but denies any right in Novell to waive or revoke SCO's rights and denies any legal or factual basis for the said letter and denies the remaining allegations of ¶61 not specifically admitted herein.

62.     Denies the allegations of ¶62.

63.     Admits it has revoked IBM's right to further use, license or distribute AIX, pursuant to the express terms of the Software Agreement and related documents, and that it has so stated, but denies the remaining allegations of ¶63 not specifically admitted herein.

64.     Admits that IBM sent letters dated April 2, 2003 and May 5, 2003 but denies the remaining allegations of ¶64 not specifically admitted herein.

65.     Denies the allegations of ¶65.

66.     Denies the allegations of ¶66.

67.  Admits that IBM is currently without legal or contractual authority to use, license or distribute AIX or Dynix, based on its breach of agreement with SCO and SCO's resulting termination of IBM's AIX software agreement and related agreements and Sequent's Dynix software agreement and related agreements, and admits that SCO has so stated, but denies the remaining allegations of ¶67 not specifically admitted herein.

68.  Admits that SCO has offered a license to Fortune 1000 and Global 500 Linux users as a means of permitting lawful use of certain Linux products and that SCO has so stated, but denies the remaining allegations of ¶68 not specifically admitted herein.

69.  Denies the allegations of ¶ 69.

70.  Denies the allegations of ¶70.

71.  Admits that IBM has made contributions of source code to Linux 2.4 and 2.5 kernels under the GPL, but denies the applicability or enforceability of the GPL and denies the remaining allegations of ¶71 not specifically admitted herein.

72.  Admits that IBM and others have breached SCO's intellectual property rights, but denies the remaining allegations of ¶72.

73.  Denies the allegations of ¶73 and denies the enforceability or applicability of the GPL.

74.  Denies the allegations of ¶74.

75.  Admits that SCO licenses and distributes UnixWare, "OpenServer," "SCO Manager," and "Reliant HA," but denies infringement and denies the remaining allegations of ¶75.

76.  Denies the allegations of ¶76.

77.  Denies the allegations of ¶77.

78.  Repeats and realleges ¶¶ 1-77, above.

79.   Admits that IBM continues to be obligated to SCO by confidentiality requirements and other provisions in the AT&T Agreements and Amendment X that, by their terms, specifically continue beyond termination, but alleges that IBM's right to use, license and distribute under the said agreements has been lawfully and properly terminated, and therefore denies that IBM has any right under the said agreements and denies the remaining allegations of ¶79 not specifically admitted herein.

80.   Denies the allegations of ¶80.

81.   Denies the allegations of ¶81.

82.   Denies the allegations of ¶82.

83.   Denies the allegations of ¶83.

84.   Repeats and realleges ¶¶1-83, above.

85.   Admits that IBM sells Linux-related services in interstate commerce, but denies that IBM has or had authority to sell, license or distribute AIX in interstate commerce from and after June 16, 2003, and denies that IBM has or had authority to license, sell or distributeDynix in interstate commerce from and after September 2, 2003, alleges that IBM's rights in AIX and Dynix have been lawfully and properly terminated, and denies the remaining the allegations of ¶85 not specifically admitted herein.

86.   Denies the allegations of ¶86.

87.   Denies the allegations of ¶87.

88.   Denies the allegations of ¶88.

89.   Denies the allegations of ¶89.

90.   Repeats and realleges ¶¶1-89, above.

91.    Admits that IBM has expended a substantial investment of time, effort,  and money in development of AIX pursuant to the terms of its license with SCO and SCO's predecessors in interest, admits that AIX has become one of the world's leading UNIX operating systems, admits that IBM's products and services are sold and used throughout the United States, admits that IBM acquired Sequent and thereby acquired Sequent's interest in Dynix, subject to the terms and conditions of Sequent's agreements with SCO and/or its predecessors, but denies the remaining allegations of ¶91 not specifically admitted herein.

92.    Denies the allegations of ¶92.

93.    Denies the allegations of ¶93.

94.    Denies the allegations of ¶94.

95.    Repeats and realleges ¶¶1-94, above.

96.    Admits the allegations of ¶96.

97.    Admits it is generally aware that IBM has or may have certain prospective business relationships that IBM deems important, but denies the remaining allegations of ¶97 not specifically admitted herein.

98.    Denies the allegations of ¶98.

99.    Denies the allegations of ¶99.

100.   Denies the allegations of ¶100.

101.   Repeats and realleges ¶¶1-100, above.

102.   Denies the allegations of ¶102.

103.   Denies the allegations of ¶103.

104.   Denies the allegations of ¶104.

105.   Denies the allegations of ¶105.

106.   Denies the allegations of ¶106.

107.   Repeats and realleges ¶¶1-106, above.

108.   Admits that IBM has made contributions of source code to Linux under the GPL, but denies the applicability or enforceability of the GPL and denies the remaining allegations of ¶108 not specifically admitted herein.

109.   Denies the allegations of ¶109.

110.   Denies the allegations of ¶110.

111.   Denies the allegations of ¶111.

112.   Denies the allegations of ¶112.

113.   Repeats and realleges ¶¶1-112, above.

114.   Denies the allegations of ¶114.

115.   Denies the allegations of ¶115.

116.   Denies the allegations of ¶116.

117.   Denies the allegations of ¶117.

118.   Denies the allegations of ¶118.

119.   Repeats and realleges ¶¶1-118, above.

120.   Admits that IBM has made contributions of source code to Linux under the GPL, but denies the applicability or enforceability of the GPL, alleges that part of said contributions by IBM violate SCO's contract and intellectual property rights, and denies the remaining allegations of ¶120 not specifically admitted herein.

121.   Is without information sufficient to admit or deny the allegations of ¶ 121, and therefore denies the same.

122.   Admits that IBM has placed copyright notices on certain of its AIX and Dynix contributions to UNIX, but denies it has the legal authority to do so, denies the applicability or enforceability of the GPL, and denies the remaining allegations of ¶122 not specifically admitted herein.

123.   Denies the allegations of ¶123.

124.   Denies the allegations of ¶124.

125.   Denies the allegations of ¶125.

126.   Denies the allegations of ¶126.

127.   Repeats and realleges ¶¶1-126, above.

128.   Is without information sufficient to admit or deny the allegations of ¶ 128, and therefore denies the same.

129.   Denies the allegations of ¶129.

130.   Denies the allegations of ¶130.

131.   Denies the allegations of ¶131.

132.   Denies the allegations of ¶132.

133.   Repeats and realleges ¶¶1-132, above.

134.   Is without information sufficient to admit or deny the allegations of ¶ 134, and therefore denies the same.

135.   Denies the allegations of ¶135.

136.   Denies the allegations of ¶136.

137.    Denies the allegations of ¶137.

138.    Denies the allegations of ¶138.

139.    Repeats and realleges ¶¶1-138, above.

140.    Is without information sufficient to admit or deny the allegations of ¶140, and therefore denies the same.

141.    Denies the allegations of ¶141.

142.    Denies the allegations of ¶142.

143.    Denies the allegations of ¶143.

144.    Denies the allegations of ¶144.

145.    Repeats and realleges ¶¶1-144, above.

146.    Is without information sufficient to admit or deny the allegations of ¶146, and therefore denies the same.

147.    Denies the allegations of ¶147.

148.    Denies the allegations of ¶148.

149.    Denies the allegations of ¶149.

150.    Denies the allegations of ¶150.

151.    Repeats and realleges ¶¶1-150, above.

152.    Denies the allegations of ¶152.

153.    Denies the allegations of ¶153.

154.    Denies the allegations of ¶154.

155.    Denies the allegations of ¶155.

156.    Denies the allegations of ¶156.

### FIRST AFFIRMATIVE DEFENSE

IBM fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

IBM's claims are barred by the doctrines of waiver, estoppel, acquiescence, and/or laches.

### THIRD AFFIRMATIVE DEFENSE

IBM's contractual right to license, distribute or use AIX or Dynix has been properly and validly terminated, and any claim based thereon is barred.

### FOURTH AFFIRMATIVE DEFENSE

IBM's claims are barred by license.

### FIFTH  AFFIRMATIVE DEFENSE

IBM's claims are barred by fraud, illegality, collusion, conspiracy and/or lack of clean hands.

### SIXTH AFFIRMATIVE DEFENSE

The General Public License ("GPL") is unenforceable, void and/or voidable, and IBM's claims based thereon, or related thereto, are barred.

### SEVENTH AFFIRMATIVE DEFENSE

The GPL is selectively enforced by the Free Software Foundation such that enforcement of the GPL by IBM or others is waived, estopped or otherwise barred as a matter of equity.

### EIGHTH AFFIRMATIVE DEFENSE

The GPL violates the U.S. Constitution, together with copyright, antitrust and export control laws, and IBM's claims based thereon, or related thereto, are barred.

## NINTH  AFFIRMATIVE DEFENSE

IBM's claims are barred, in whole or in part, by the First Amendment to the U.S. Constitution, by the doctrine of judicial immunity and by privilege.

## TENTH  AFFIRMATIVE DEFENSE

IBM lacks standing to assert these claims.

## ELEVENTH AFFIRMATIVE DEFENSE

IBM's claims are barred or preempted, in whole or in part, by the laws of the United States.

## TWELFTH AFFIRMATIVE DEFENSE

IBM's own conduct, including that of its agents, contractors and partners, and/or conduct of third parties constitute superseding or intervening causes with respect to IBM's claims of damage or injury.

## THIRTEENTH AFFIRMATIVE DEFENSE

SCO has acted legally and properly at all relevant times and IBM is therefore barred from any relief whatsoever.

## FOURTEENTH AFFIRMATIVE DEFENSE

IBM's purported copyright registrations are invalid and/or IBM has violated copyright laws in respect to its claims alleged and the claims based on, or related to, copyrights are barred.

## FIFTEENTH  AFFIRMATIVE DEFENSE

On information and belief, one or more of the copyrights at issue is, or may be, unenforceable by reason of IBM's inequitable conduct, acts or omissions before the United States Patent and Trademark Office.

## SIXTEENTH AFFIRMATIVE DEFENSE

IBM is not, or may not be, the owner of the '746, '211, '209 or '785 Patents at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The patents at issue, and particularly the claims of those patents alleged to be infringed, are invalid and of no effect for failure to comply with one or more requirements set forth in Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## EIGHTEENTH AFFIRMATIVE DEFENSE

On information and belief, IBM's claims under the patents at issue are precluded by the doctrine of prosecution history estoppel based on the admissions and representations made by IBM in proceedings before the United States Patent and Trademark Office during the prosecution of the applications of the patents at issue.

## NINETEENTH  AFFIRMATIVE DEFENSE

On information and belief, the '746 Patent or one or more of the other patents at issue is, or may be, unenforceable by reason of IBM's inequitable conduct, acts or omissions before the United States Patent and Trademark Office.

## TWENTIETH AFFIRMATIVE DEFENSE

SCO has not infringed, literally or under the doctrine of equivalents, any valid claim of the '746, '211, '209 and '785 Patents.

## TWENTY FIRST AFFIRMATIVE DEFENSE

On information and belief, IBM failed to mark patent articles covered by the '746, '211, '209 and/or '785 Patents at issue in the counterclaims.  Any claim for damages is therefore limited by 35 U.S.C. §287.

## TWENTY SECOND AFFIRMATIVE DEFENSE

On information and belief, IBM failed to provide SCO with actual notice of IBM's allegations of infringement of the patents at issue, and therefore IBM cannot recover any damages for SCO's actions before the filing of IBM's counterclaims.

## TWENTY THIRD AFFIRMATIVE DEFENSE

IBM has not and cannot plead and meet the requirements for an award of enhanced damages or attorneys' fees.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

SCO has an express or implied license to practice some or all of the claims embodied in the patents at issue.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, IBM lacks standing to assert that SCO infringed some or all of the patents at issue.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

IBM has failed to join one or more parties needed for just adjudication of the counterclaims, including but not limited to the Free Software Foundation and contributors to the Linux 2.4 and 2.5 kernels.

**WHEREFORE**, having fully answered IBM's amended counterclaims, SCO prays for dismissal with prejudice of all claims, or in the alternative judgment in its favor thereunder, together with attorneys' fees and costs, and together with all other legal and equitable relief deemed just and proper by this Court.

## JURY DEMAND

SCO demands trial by jury on all issues raised in IBM's amended counterclaims that are so triable.

Respectfully submitted,

DATED this 24th day of October, 2003.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER, L.L.P.
Stephen N. Zack
Mark J. Heise

By: _____

*Counsel for Plaintiff/Counterclaim Defendant*

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc. hereby certifies that a true and correct copy of **SCO'S ANSWER TO IBM'S AMENDED COUNTERCLAIMS** was served on Defendant International Business Machines Corporation on this 24th day of October, 2003, by hand delivery and U.S. Mail, first class, postage prepaid, on their counsel of record as indicated below:

Copies by Hand Delivery:

Alan L. Sullivan, Esq.
Todd M. Shaughnessy, Esq.
Snell & Wilmer L.L.P.
15 West South Temple, Ste. 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004


Copies by U.S. Mail to

Evan R. Chesler, Esq.
David R. Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

_Neeliha M_