

FILED CLERK

2003 NOV -3  P 8: 24

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>        Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>        Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM PLAINTIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY**<br><br>**(ORAL ARGUMENT REQUESTED)**<br>Civil No. 2:03cv0294<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM"), through counsel, respectfully

63

submits this Reply Memorandum in Support of its Motion to Compel Discovery from The SCO Group, Inc. ("SCO").

## PRELIMINARY STATEMENT

IBM brought this motion because SCO refused to provide basic discovery necessary to IBM's defense. In its opposition brief, SCO represents that its supplemental responses to IBM's interrogatories meet SCO's obligations. That is not true, as we discuss below. IBM's motion to compel should be granted.

Put bluntly, SCO's public relations efforts are at odds with its conduct in this litigation. SCO has made repeated, public accusations of IBM's supposed misconduct, while refusing to disclose its alleged evidence to IBM. Either SCO has evidence to support its accusations or it does not. If it does, IBM is entitled to see it now; if it does not, IBM will be entitled to dismissal of this case. In any event, it is time for SCO to respond properly (although belatedly) to IBM's discovery requests.

In our opening brief, we explained that while SCO has publicly touted its alleged evidence of IBM's supposed misconduct, it has refused to disclose that evidence to IBM in any meaningful way. Nothing has changed. SCO purports to answer some of IBM's questions with its supplemental discovery responses, but they come nowhere close to providing us with the information IBM requested, and to which IBM is entitled under the Rules. SCO refuses altogether to answer some of IBM's requests.

SCO does not dispute that it is obliged to provide IBM with the information IBM has requested. In cases of this kind, courts have repeatedly found that a plaintiff must, as a matter of fundamental fairness and to permit the just and efficient resolution of litigation, provide meaningful answers to precisely the kinds of questions at issue on this motion. Moreover, SCO does not even attempt to justify its reliance on Rule 33(d) as a substitute for providing answers to IBM's interrogatories. The case law squarely condemns SCO's use of Rule 33(d).

In opposition to IBM's motion, SCO argues that the motion should be denied on the grounds that, in view of SCO's supplemental discovery responses, it is moot.[1] In addition, SCO complains generally that we have distorted the facts and circumstances relating to this motion. SCO's opposition to this motion is baseless.

First, IBM's motion is not moot. SCO has not provided IBM with the information that it has requested and to which it is entitled, as illustrated in Section I below and described in more detail in the Addendum hereto.

Second, SCO's complaints that IBM has distorted the facts and circumstances relating to this motion are misplaced. Each of SCO's complaints is refuted in Section II below.

As is further discussed below, IBM's motion to compel should be granted. SCO should be required to provide IBM with the information it has requested, on the terms set out in the proposed order submitted herewith.

## ARGUMENT

### I.   IBM'S MOTION IS NOT MOOT.

Careful review of IBM's requests and SCO's responses makes clear that IBM's motion is not moot. In truth, SCO's supplemental responses serve merely to give the superficial impression of compliance with SCO's obligations. The shortcomings of SCO's responses are detailed in the Addendum hereto and illustrated by the following example.

IBM's Interrogatory No. 1 asks SCO to "identify, with specificity (by product, file and line of code, where appropriate) all of the alleged trade secrets and any confidential or proprietary information that plaintiff alleges IBM misappropriated or misused...." The case law makes clear that IBM is entitled to this information at the outset of the litigation. (See

---

[1] SCO also argues that IBM's motion was filed prematurely. That is false. This case has been pending nearly seven months. IBM served its first set of discovery requests more than four months ago. IBM filed this motion only after giving SCO more than 3 months to meet its obligations.

Defendant/Counterclaim-Plaintiff IBM's Memorandum in Support of Motion to Compel Discovery ("Opening Br.") at 9-10.) Nowhere in its opposition does SCO dispute these authorities. Nor, again, does SCO attempt to defend its initial misplaced reliance on Rule 33(d).

Although the gravamen of SCO's case is that IBM misappropriated SCO's rights to Unix software, SCO's supplemental response to Interrogatory No. 1 fails to identify a single allegedly-misappropriated Unix file or line of code -- not one. (See Plaintiff's Supplemental Response to Defendant's First Set of Interrogatories, appended hereto as Exhibit ("Exh.") A.) Instead, SCO reiterates its previous references to broad categories of "UNIX software design methods" and lists the "technical Unix categories" included in its original response to Interrogatory No. 1. (Exh. A at 3.) As stated in our opening brief, however, SCO's descriptions are so vague as to be essentially meaningless. In fact, SCO does not identify any of the methods it purports to own; it merely describes the categories in which these methods supposedly fall (e.g., multi-processor locking and unlocking methods). Merely disclosing the category in which a method falls says next to nothing about what the method is. There are, as SCO knows, entire publicly available books addressing certain categories of what SCO appears to mean by Unix "methods". See, e.g., Uresh Vahalia, Unix Internals: The New Fronteirs (1996). The only way for SCO properly to identify any of the methods at issue is for it to disclose the lines of code that implement the method that SCO contends IBM has misappropriated.

To give the false impression that it has responded to Interrogatory No. 1, SCO lists 591 files from unidentified versions of the Linux 2.4 and/or Linux 2.5 kernels. According to SCO, these files include or may include "information (including methods) that IBM was required to maintain as confidential or proprietary". (Exh. A at 3-6, 7-19.) While this information is partially responsive to Interrogatory Nos. 3(d), 4(d) and 12 (which ask SCO to identify all of the

places in which its trade secrets and confidential or proprietary information are found),[2] it does not respond to Interrogatory No. 1. Interrogatory No. 1 asks for the identification of files and lines of code from Unix that SCO contends IBM has misappropriated. It is Unix software, after all, not Linux software, that IBM is alleged to have misappropriated.

Even if Interrogatory No. 1 called for the identification of Linux files, however (which it does not), SCO's listing of 591 Linux files is inadequate. SCO fails to identify the precise releases of the Linux kernel in which these files are found. That is no small problem since there are 75 different releases of the Linux kernel 2.5 alone. Moreover, ignoring all but the version of each file in a single release of Linux (and thus underestimating significantly the number of lines of code at issue), there are approximately 335,000 lines of code in the files identified by SCO. SCO does not contend that it has rights to (or that IBM misappropriated) all 335,000 lines of this code. SCO states that it "does not contend that the entire source code in all files identified ... contains proprietary and confidential information and/or trade secrets. Rather, information (including code and methods) that IBM agreed to maintain as confidential is interspersed through parts of each identified file." (Exh. A at 7; see also id. at 19.) Thus, in its supplemental responses, SCO says (in effect), that it has or might have rights in some of the approximately 335,000 lines of code that SCO has identified (or the methods embodied in that code), but SCO is not saying what or where that code is. That, according to SCO, is for IBM to figure out.

---

[2] We did not address SCO's responses to Interrogatory Nos. 12 and 13 in our opening brief. SCO had not then responded to those interrogatories. After seeking an extension of time to submit its responses, SCO has submitted responses to Interrogatory Nos. 12 and 13 that are deficient for the same reasons that its responses to Interrogatory Nos. 1-9 are deficient. Indeed, SCO's responses to Interrogatory Nos. 12 and 13 merely incorporate by reference its responses to Interrogatory Nos. 1-4. In the interests of efficiency, we believe that the Court should rule on the sufficiency of SCO's answers to Interrogatory Nos. 12 and 13 in ruling on this motion. Nevertheless, so that it cannot be said that there is any procedural impediment to such a ruling, we intend promptly to move to compel responses to Interrogatory Nos. 12 and 13.

It is beyond reasonable debate that SCO has not provided IBM with the information requested in Interrogatory No. 1.[3] The same is true with respect to each of the interrogatories at issue, as summarized in the Addendum. By way of further example, SCO has failed adequately to disclose the nature and source of SCO's rights to the methods that it alleges IBM has misappropriated, the persons to whom the methods have been disclosed, the places in which they are found and the particulars of each instance of alleged misappropriation -- to list just a few of the deficiencies in SCO's supplemental interrogatories.[4]

The specificity that IBM seeks here is no more exacting than the specificity compelled by other courts in similar cases. See, e.g., Lynchval, 1996 WL 735586 at *6-8 (affirming sanctions against plaintiff where in response to defendant's interrogatory asking for each allegedly stolen trade secret, plaintiff responded that "'the structures and respective organizations of the ... software constitute protectable trade secrets'" and holding that "[t]his vague description does not constitute notice of any trade secret."); Microwave Research Corp. v. Sanders Associates, Inc., 110 F.R.D. 669, 673-74 (D. Mass. 1986) (halting broad discovery of defendant where plaintiff listed products and methods that it claimed embodied trade secrets rather than the trade secrets themselves); Struthers Scientific and Int'l Corp. v. Gen. Foods Corp., 51 F.R.D. 149, 153 (D. Del. 1970) (granting defendant's motion to compel a more responsive answer where plaintiff indicated that trade secrets could be found in some "unique combination" of its listed trade

---

[3] A plaintiff cannot satisfy its disclosure obligations by reference to information that "potentially" constitutes trade secrets; rather, it must identify those trade secrets with specificity. See Lynchval Sys. Inc. v. Chicago Consulting Actuaries, Inc., Civ. A. No. 95 C 1490, 1996 WL 735586, at *6 (N.D. Ill. Dec. 19, 1996).

[4] Contrary to SCO's contention, it does not require additional discovery from IBM before providing the information IBM seeks. The identity of SCO's trade secrets or proprietary or confidential information, for example, is peculiarly within SCO's own possession. As the cases cited in IBM's opening brief make clear, SCO is not entitled to further discovery from IBM until it defines exactly what it believes that IBM has misappropriated or misused. (See Opening Br. at 17-18.)

secrets, and requiring plaintiff to "specifically describe what particular combination of components it has in mind, how these components are combined, and how they operate in a unique combination").

## II. SCO'S COMPLAINTS ARE MERITLESS AND IRRELEVANT.

Rather than address its shortcomings, SCO complains that IBM distorts the facts and circumstances relating to the present motion. SCO's complaints are misplaced.

First, SCO complains that IBM mischaracterizes SCO's lawsuit by characterizing it as a case about the alleged misappropriation of trade secrets. (See Plaintiff's Memorandum of Law in Opposition to IBM's Motion to Compel Discovery ("Opposition Br.") at 2-3.) That is so, SCO says, because SCO asserts six causes of action, only one of which is for the alleged misappropriation of trade secrets. It is true that SCO asserts five additional causes of action. But three of the five allege that IBM breached its contractual obligations to SCO by disclosing trade secrets or confidential information, and the other two, in SCO's own words, "flow from" IBM's alleged breaches of contract based upon the disclosure of SCO's trade secrets or confidential information. To the extent it matters, there is no question that the gravamen of SCO's case concerns the alleged misuse of trade secrets or confidential information.[5]

Second, SCO complains that IBM mischaracterizes SCO's presentation at the SCO Forum, which we understood (reasonably, we believe) to describe the kinds of misappropriation SCO alleges against IBM. (See Opposition Br. at 6-7.) According to SCO, not all of the misconduct described in the presentation is attributable to IBM. We are pleased with SCO's acknowledgement that its presentation does not accurately describe IBM's conduct. There is, however, no question that the presentation was designed to give a false impression as to the strength of SCO's case against IBM. As the Court can see for itself (since we attached the

---

[5] Notably, it is SCO (not IBM) that mischaracterizes the case, including in particular its alleged agreements with IBM and Sequent. Suffice it to say here that IBM does not agree with SCO's view of the agreements at issue or IBM's and Sequent's obligations under those agreements.

presentation to our opening brief as Exhibit F), IBM is the only company SCO has sued and the only company mentioned in the presentation; the presentation purports to quote from the agreements IBM is alleged to have breached (Opening Br. Exh. F at 6-7, 17); the presentation specifically identifies bodies of code (however indeterminate) that SCO's complaint attributes to IBM, e.g., JFS (id. at 19); the presentation purports to quote an IBM copyright attribution identifying two IBM employees (id. at 21); and the presentation purports to include an IBM e-mail allegedly making an improper "non-literal transfer" of "methods and concepts". (Id. at 22.)

Third, SCO complains that "IBM's claim that it will not respond to discovery until it receives supplemental answers is belated and improper."[6] (Opposition Br. at 7.) IBM has not made any such claim, and SCO's characterization of IBM's position lacks citation. Although the law is clear that IBM may limit discovery until SCO provides the information IBM has requested, IBM has endeavored to move forward with discovery based on the information it has, and we will continue to provide documents to SCO as they become ready for production.[7] (See Opening Br. at 18.)

---

[6] Contrary to SCO's suggestion, IBM timely raised with SCO the fact that its failure to provide IBM with the information that it seeks makes it difficult sensibly to proceed with discovery. IBM objected to a number of SCO's requests as overbroad and unduly burdensome (see IBM's Responses & Objections to SCO's First Request for the Production of Documents and First Set of Interrogatories at 12-13, attached hereto as Exhibit B) and has repeatedly told SCO during negotiations that it cannot reasonably construe the request until it receives more information from SCO about the nature of the alleged misconduct. Once SCO identifies with specificity the Unix code and/or methods that it claims IBM has misappropriated (in response to Interrogatory No. 1) and the locations in Linux where the allegedly wrongful contribution can be found (in response to Interrogatory Nos. 3 and 4), IBM can much better focus its search for responsive documents from individuals (if any) who made contributions that bear any relationship to the alleged portions of Unix or Linux.

[7] As of the date of this submission, IBM has provided over one hundred thousand pages of production documents to SCO. IBM intends to continue rolling its production to SCO, despite the inadequate supplemental responses we have received from SCO.

## CONCLUSION

For the foregoing reasons, IBM respectfully requests that the Court issue an Order compelling SCO to respond to IBM's interrogatories with specificity and in detail.

DATED this 3rd day of November, 2003.

SNELL & WILMER L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2003, a true and correct copy of the foregoing **DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY** was sent by U.S. Mail, postage prepaid, to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
>
> David Boies
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504
>
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131
>
> Leonard K. Samuels, Esq.
> Fred O. Goldberg, Esq.
> BERGER SINGERMAN
> 350 East Las Olas Boulevard
> Suite 1000
> Fort Lauderdale, Florida 33301

Amy F. Sorenson

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.