Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (pro hac vice)
Mark J. Heise (pro hac vice)
BOIES, SCHILLER & FLEXNER L.L.P.
100 Southeast Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff The SCO Group, Inc.*

FILED
U.S. DISTRICT COURT

-4 NOV 03 PM 5:09

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation,<br><br>　　　　Defendant. | **PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND CERTIFICATE OF COMPLIANCE WITH RULE 37(a)(2)(A)**<br><br>**Case No. 2: 03-CV-0294DK**<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff The SCO Group, Inc. ("SCO"), served its First Request for Production of Documents and First Set of Interrogatories on June 24, 2003. Many of Defendant International Business Machines Corporation's responses have been incomplete or evasive. Therefore, pursuant

66

to Fed.R.Civ.P. 37, SCO respectfully moves this Court for an Order compelling IBM to produce all documents, and respond fully to all interrogatories, as specified in the attached memorandum.

Among other deficiencies, IBM has failed to produce: (1) the source code for all of IBM's versions of UNIX (known as "AIX"), together with all notes and documentation for the software development methods used in the design and modification process; (2) the source code for all of Sequent's version of UNIX (known as "Dynix"), together with all notes and documentation for the software development methods used in the design and modification processes; and (3) all contributions by IBM to Linux. IBM also failed to properly identify the approximately 7,200 potential witnesses it named. As explained in greater detail in the attached memorandum, these requests address relevant, indeed critical, evidence, and their timely and full production is necessary for the orderly progress of discovery in this case.

IBM has responded only partially to requests for documents and information that are completely proper. Since Rule 37 provides, in relevant part, that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond," Fed.R.Civ.P. 37(a)(3), this Court should treat IBM's responses to the attached requests for production and interrogatories as a failure to disclose, answer, or respond and should require IBM to respond fully and without further delay or excuse.

## CERTIFICATION OF COMPLIANCE WITH RULE 37(a)(2)(A)

SCO's Counsel Mark J. Heise has tried, repeatedly and in good faith, to reach an accommodation with IBM regarding the attached requests. The parties began to discuss these issues in early September 2003, and, as set forth in greater detail in the accompanying memorandum, engaged in a course of correspondence, emails, and telephonic conferences that has continued until October 28, 2003. Those discussions included, but were not limited to, a lengthy telephone conference between Mr. Heise and Debra Goodstone on behalf of SCO and Todd Shaughnessy and Peter Ligh on behalf of IBM that began on September 18th and continued on September 22, 2003 with most of the same participants. The parties exchanged emails regarding these issues from September 24th through October 1, 2003. Counsel for IBM then wrote a letter to counsel for SCO dated October 10, 2003, defending its responses and continuing what SCO believes are inadequate responses as is more fully addressed in SCO Memorandum accompanying this Motion. Mr. Heise and Ms. Goodstone also spoke with Christine Arena and attorney for IBM regarding deficiencies related to AIX and Dynix codes and the files of critical witnesses that were not produced. IBM indicated it would supplement, but has failed to do so and SCO believes further discussion will not be fruitful. SCO only brings to this Court those issues it believes have led the parties to an impasse, regarding which no further negotiation will be useful.

DATED this 4th day of November, 2003.

        Respectfully submitted,

By: _____
    HATCH, JAMES & DODGE, P.C.
    Brent O. Hatch
    Mark F. James

    BOIES, SCHILLER & FLEXNER, L.L.P.
    Stephen N. Zack
    Mark J. Heise

    *Counsel for Plaintiff/Counterclaim defendant*

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc. hereby certifies that a true and correct copy of **PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND CERTIFICATE OF COMPLIANCE WITH RULE 37(a)(2)(A)** was served on Defendant International Business Machines Corporation on this 4th day of November, by Hand Delivery and U.S. Mail, first class, postage prepaid, on their counsel of record as indicated below:

Copies by Hand Delivery:

Alan L. Sullivan, Esq.
Todd M. Shaughnessy, Esq.
Snell & Wilmer L.L.P.
15 West South Temple, Ste. 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004

Copies by U.S. Mail:

Evan R. Chesler, Esq.
David R. Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604