SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC. | **DEFENDANT/COUNTERCLAIM-PLAINTIFF IBM'S MEMORANDUM IN SUPPORT OF SECOND MOTION TO COMPEL DISCOVERY** |
| Plaintiff/Counterclaim-Defendant, | |
| vs. | **(ORAL ARGUMENT REQUESTED)** |
| | Civil No. 2:03cv0294 |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | Honorable Dale A. Kimball |
| Defendant/Counterclaim-Plaintiff. | Magistrate Judge Brooke Wells |

*69*

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM"), through counsel, respectfully submits this Memorandum in Support of its Second Motion to Compel Discovery from The SCO Group, Inc. ("SCO").

## PRELIMINARY STATEMENT

As explained in IBM's previously-submitted motion papers, SCO has declined to provide meaningful answers to IBM's first set of interrogatories. SCO has also declined (1) to provide meaningful answers to IBM's second set of interrogatories and (2) to produce important categories of documents responsive to IBM's document requests. [1] In short, SCO again refuses to provide IBM with basic information necessary to its defenses and counterclaims and, among other things, incorporates by reference its previous inadequate responses to Interrogatory Nos. 1, 2 and 4. SCO should be compelled to provide immediate, meaningful responses to IBM's second (as well as its first) set of interrogatories and to provide IBM with the documents it has requested.

SCO alleges that IBM (and others) have improperly contributed SCO's Unix intellectual property to the development of Linux, a free operating system. SCO has widely publicized these claims to support its plan to collect royalties from Linux users. According to SCO, Linux is not free, but rather an unauthorized derivative of SCO's Unix rights, and therefore

---

[1] A copy of SCO's responses to IBM's Second Set of Interrogatories and Second Request for Production of Documents is attached hereto as Exhibit ("Exh.") A. A copy of SCO's responses to IBM's First Set of Interrogatories and First Request for Production of Documents is attached hereto as Exh. B.

subject to control and licensing by SCO.  SCO makes this claim despite the fact that it has
distributed and/or made public Linux products that include at least some of the material it alleges
has been misappropriated.

IBM's second set of interrogatories seeks information relating to the material in
Linux to which SCO has rights, SCO's allegations that IBM has infringed those rights and the
extent to which SCO itself has distributed or otherwise made the material public (as part of a
Linux distribution or otherwise).  Specifically, Interrogatory No. 12 states:

> Please identify, with specificity (by file and line of code), (a) all source
> code and other material in Linux (including but not limited to the Linux
> kernel, any Linux operating system and any Linux distribution) to which
> plaintiff has rights; and (b) the nature of plaintiff's rights, including but
> not limited to whether and how the code or other material derives from
> UNIX.

The information requested by this interrogatory goes to the core of SCO's case.  It also bears
importantly on IBM's counterclaims, which arise from SCO's scheme to improperly assert rights
over Linux.

Like the information requested by Interrogatory No. 12, the information sought by
Interrogatory No. 13 is central to this case.  Interrogatory No. 13 provides:

> For each line of code and other material identified in response to
> Interrogatory No. 12, please state whether (a) IBM has infringed
> plaintiff's rights, and for any rights IBM is alleged to have infringed,
> describe in detail how IBM is alleged to have infringed plaintiffs rights;
> and (b) whether plaintiff has ever distributed the code or other material or
> otherwise made it available to the public, as part of a Linux distribution
> or otherwise, and, if so, the circumstances under which it was distributed
> or otherwise made available, including but not limited to the product(s) in
> which it was distributed or made available, when it was distributed or
> made available, and the terms under which it was distributed or made
> available (such as under the GPL or any other license).

There is no dispute that IBM is entitled to know whether, in SCO's view, IBM has infringed SCO's rights with respect the material identified in response to Interrogatory No. 12 and, if so, the details of the alleged infringement. Nor is there any dispute that IBM is entitled to know whether SCO has itself distributed or otherwise disclosed the material.

Instead of providing the information requested, SCO merely offers a single sentence explanation and incorporates by reference its responses to IBM's Interrogatory Nos. 1, 2 and 4, to which SCO has declined to provide meaningful answers. Neither SCO's responses to Interrogatory Nos. 1, 2 and 4 (which precipitated IBM's first motion to compel), nor its single sentence explanation, provide IBM with the information to which it is entitled. SCO has refused to identify with any degree of specificity the material in Linux in which it has rights or the nature of those rights. It has refused to identify any Linux material other than what it says IBM put there, despite the fact that IBM is entitled to discovery of the full extent of SCO's alleged rights in Linux. And SCO refuses to disclose whether and under what circumstances SCO itself has publicly disclosed the material in which it purports to hold rights. As is discussed in Section I below, SCO's objections to Interrogatory Nos. 12 and 13 lack merit, and SCO should be required to immediately provide complete, detailed responses.

Like Interrogatory Nos. 12 and 13, IBM's document requests (both its first and second set) seek information necessary to IBM's defenses and counterclaims. Notably, SCO has not disputed that IBM is entitled to the documents IBM has requested. SCO has nevertheless declined to make them available, despite the fact that most of them have been available for

production for months.  As discussed in Section II below, SCO should be compelled promptly to produce the documents IBM has requested.

## **ARGUMENT**

### I.    **SCO SHOULD BE COMPELLED TO PROVIDE MEANINGFUL RESPONSES TO IBM'S SECOND SET OF INTERROGATORIES**

A.    <u>SCO Should Be Compelled to Answer Interrogatory No. 12</u>

As stated, Interrogatory No. 12 asks SCO to identify all material in Linux to which it has rights and describe the nature of its rights to that material.  In response, SCO merely incorporates by reference its responses to IBM's Interrogatory Nos. 1 and 2.  That response is inadequate for at least two reasons.

<u>First</u>, Interrogatory No. 12 is not coterminous with Interrogatory Nos. 1 and 2. Interrogatory No. 1 asks SCO to identify the trade secrets or confidential/proprietary information that form the basis of SCO's lawsuit against IBM.  As explained in IBM's previous motion papers, this request calls for identification of specific items of information in <u>Unix</u> System V source code (or other SCO confidential/proprietary software) that SCO believes IBM misappropriated or misused.  Interrogatory No. 2 asks SCO to identify who had rights to this material, the nature and source of those rights, and all efforts to maintain the confidentiality of the material.  Interrogatory No. 12, by contrast, asks SCO to identify the material in any <u>Linux</u> (not Unix) software to which SCO has rights, and the corresponding nature of those rights (including the relationship of that material to anything in Unix).  Interrogatory Nos. 1 and 2 are directed at different issues than is Interrogatory No. 12.

5

Second, SCO has declined to provide meaningful responses to Interrogatory Nos. 1 and 2. As explained in IBM's motion to compel responses these interrogatories, SCO merely provides the names of 591 files (consisting of approximately 335,000 lines of source code) in unidentified versions of the Linux 2.4 and/or 2.5 kernels which may or may not contain information to which SCO asserts rights. Nowhere does SCO detail the nature of its alleged rights.

Rather than answer Interrogatory No. 12, SCO objects on the grounds that (1) the information is peculiarly within the knowledge of IBM and (2) the request is overbroad and unduly burdensome because it seeks information about contributions to Linux made by persons or entities other than IBM. Both objections are meritless.

First, the information IBM seeks is not peculiarly within its own knowledge. Obviously, SCO knows the material in Linux to which it has rights and the nature of those rights.[2] If SCO has evidence that IBM misappropriated SCO's rights, it can absolutely disclose what it has.

Second, the material in Linux to which SCO has rights is relevant to IBM's defenses and counterclaims irrespective of whether SCO alleges IBM misappropriated it. For example, IBM alleges that SCO has: violated the Lanham Act by misrepresenting SCO's rights

---

[2] SCO has apparently been performing this very analysis for financial analysts, the press and others. See, e.g., Bob Mims, SCO Stock Soars After Nod From Analyst, The Salt Lake Tribune, October 16, 2003 (recounting Deutsche Bank analyst Brian Skiba's recommendation of SCO's stock after viewing "a direct and near exact duplicate of source code between the Linux 2.4 kernel and [SCO's] Unix System V kernel" during a visit to SCO's Lindon headquarters) (attached hereto as Exh. C). There is no reason SCO cannot do so for IBM.

to Linux by falsely claiming ownership of the intellectual property created by the open source community (e.g., portions of Linux); tortiously interfered with IBM's prospective economic relations by making false and misleading statements to IBM's prospective customers concerning Linux; and engaged in unfair and deceptive trade practices by publishing false and disparaging statements about Linux.  There is therefore no question that IBM is entitled to discovery relating to all portions of Linux to which SCO has rights (whether attributable to allegedly wrongful contributions by IBM or any other person).

Notwithstanding its objections, SCO should be required to provide a complete, detailed response to Interrogatory No. 12.

B.      SCO Should Be Compelled to Answer Interrogatory No. 13

With respect to the material in Linux to which SCO has rights, Interrogatory No. 13 asks SCO to identify whether IBM has infringed SCO's rights (and if so, how), and whether SCO itself has ever publicly disclosed that code or material (and if so, how).  Here again, SCO refuses to provide a meaningful response.

In answering this request, SCO merely incorporates by reference its responses to IBM's Interrogatory Nos. 1 and 4.  As explained in IBM's previous motion to compel, however, SCO's answers to Interrogatory Nos. 1 and 4 are inadequate.  Nowhere in its answers does SCO detail for IBM its allegations of infringement.  Nor has SCO anywhere described whether and under what circumstances it has disclosed the material in Linux to which it has rights.  This information is important to IBM's defenses and counterclaims. [3]

_____

[3] Interrogatory No. 13, of course, is not coterminous with Interrogatory Nos. 1 and 4.  As

In response to IBM's request for information regarding public disclosures by SCO, SCO states that it "has never <u>authorized, approved</u> or <u>knowingly released</u> any part of the subject code that contains or may contain its confidential and proprietary information and/or trade secrets for inclusion in any Linux kernel or as part of any Linux distribution." (Exh. A at 4 (emphasis added).)  That is, of course, not the question IBM asked.  Interrogatory No. 13(b) does not ask whether SCO has "authorized, approved or knowingly released" the material at issue, but whether or not that material was, in fact, ever distributed or otherwise made publicly available by SCO.  The answer to this question is squarely within SCO's knowledge and there is no reason why SCO cannot provide that answer to IBM.

As with Interrogatory No. 12, SCO objects to Interrogatory No. 13 on the grounds that (1) the information requested is peculiarly within the knowledge of IBM and (2) the request is overbroad and unduly burdensome because it seeks information about contributions to Linux made by persons or entities other than IBM.  Both objections are meritless.

<u>First</u>, SCO does not require discovery from IBM to answer the questions posed in either subpart of Interrogatory No. 13.  With respect to subpart (a), unless SCO filed suit without a factual basis for its claims, and unless its public statements about its evidence are false, then

---

stated, Interrogatory No. 1 asks SCO to identify specific items of information in <u>Unix</u> System V source code (or other SCO confidential/proprietary software) that SCO believes IBM misappropriated or misused.  Interrogatory No. 4 then asks SCO to describe each instance in which IBM allegedly misused or misappropriated each such item of information.  Interrogatory No. 13, by contrast, is keyed to SCO's identification of material in any <u>Linux</u> (not Unix) software to which it has rights (as identified in response to Interrogatory No. 12).  Subpart (a) asks SCO to identify whether (and how) IBM has infringed SCO's rights with respect to those lines of code, and (b) asks it to admit whether (and under what circumstances) it has ever disclosed that same code as part of one of its own Linux distributions or otherwise.

SCO has the information IBM seeks readily available and can easily provide it.  With respect to subpart (b), SCO knows best whether it has distributed or otherwise disclosed the material at issue (which it plainly has) and, if so, the circumstances of that disclosure.[4]

Second, SCO's objection that Interrogatory No. 13 is overbroad and unduly burdensome insofar as it "requests the identity of source code and other material in Linux contributed to Linux by parties other than IBM" is misplaced.  (Exh. A at 3.)  Subpart (a) of Interrogatory No. 13 is expressly limited to alleged infringements by IBM.  Nor does subpart (b) seek the identification of third-party contributions.  SCO's objection on this ground to Interrogatory No. 13 is mistaken.

## II.    SCO SHOULD BE COMPELLED TO RESPOND TO IBM'S DOCUMENT REQUESTS

SCO acknowledges that IBM is entitled to the documents it has requested but it declines to produce important categories of documents that it could have produced months ago. Exhibit F to this memorandum lists each of IBM's document requests and identifies the very few categories of documents that SCO has produced.  SCO should be compelled to meet its obligations.

We understand that it can take time to review and produce responsive documents. This motion is not based on SCO's failure to have completed its production.  Rather, this motion is based upon the fact that SCO has not produced significant categories of documents that it

---

[4] As described in IBM's counterclaims, SCO began its business as a developer and distributor of the Linux operating system.  (See IBM's Amended Counterclaims ¶ 30.)  SCO has distributed and/or redistributed a number of Linux products.  (See id. at ¶ 32.)

acknowledges must be produced and that are (and have long been) readily producible.  The

following few examples (of many) illustrate the point.  Although available for many months,

SCO has not produced:

- <u>any</u> of its supposed "evidence" of wrongdoing by IBM – such as code comparisons, public "postings" of SCO confidential material, or presentation materials from the SCO Forum – which  it has clearly shown to others (<u>see, e.g.</u>, Exh. C);

- <u>any</u> files from <u>any</u> individual employees of SCO – such as the files of Chris Sontag, who has played a prominent role in SCO's public relations efforts (<u>see, e.g.</u>, Linuxworld News Desk, <u>SCO, IBM, Unix, Microsoft, and Canopy - SCO Group's Sontag Speaks Out</u>, *at* http://www.linuxworld.com/story/34281.html) (attached hereto as Exh. D));

- <u>any</u> of the recent agreements between SCO and new licensees that have been touted in the press – such as the significant licenses between SCO and Microsoft or Sun (<u>see</u> Maureen O'Gara, <u>Sun and Microsoft Agree on SCO License</u> (July 11, 2003) *at* http://www.linuxworld.com/story/33820.html) (attached hereto as Exh. E));

- <u>any</u> source code for SCO's Linux products; or

- machine readable source code for all of SCO's Unix products.[5]

SCO's production to date consists almost entirely of (1) source code (nearly 1

million pages, in fact) in a format that is unusable and (2) legacy licenses, correspondence and

related documents apparently inherited from AT&T and others.[6]  As illustrated in Exhibit F

---

[5] SCO has produced scanned images of a paper printout of the source code for a number of its Unix products.  However, it is machine-readable code that is necessary to perform the kinds of analyses that SCO acknowledges it understood from the beginning of the case that IBM would be required to perform. (<u>See</u> SCO's Memorandum in Support of its Motion to Compel at 5.)

[6] Notably, SCO has indicated that these licensing files exist on an "imaging system". Despite the fact that these documents apparently could have been produced in July with SCO's responses to IBM's initial document requests, SCO has taken more than four months to produce

hereto, SCO has given IBM virtually none of the other documents it has requested.  Since we

have been unable to persuade SCO to simply produce the documents IBM has requested, despite

trying for more than 3 months in most cases, we respectfully request that the Court order SCO to

produce the documents.

## CONCLUSION

For the foregoing reasons, IBM respectfully requests that the Court issue an Order

compelling SCO immediately to respond to IBM's Interrogatory Nos. 12 and 13 with specificity

and in detail and to respond to IBM's document requests.


DATED this 6th day of November, 2003.


SNELL & WILMER L.L.P.


Alan L. Sullivan
Todd M. Shaughnessy

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*


Of counsel:

them.

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff International*
*Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2003, a true and correct copy of the

foregoing **DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S**

**MEMORANDUM IN SUPPORT OF ITS SECOND MOTION TO COMPEL**

**DISCOVERY** was hand delivered to the following:

>    Brent O. Hatch
>    Mark F. James
>    HATCH, JAMES & DODGE, P.C.
>    10 West Broadway, Suite 400
>    Salt Lake City, Utah 84101

and sent by U.S. Mail, postage prepaid, to the following:

>    Stephen N. Zack
>    Mark J. Heise
>    BOIES, SCHILLER & FLEXNER LLP
>    100 Southeast Second Street, Suite 2800
>    Miami, Florida 33131

273728.1

13

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.