

FILED CLERK

2003 NOV 10  P 5: 31

SNELL & WILMER, L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM PLAINTIFF IBM'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Civil No. 2:03CV0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

74

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum in support of its motion to strike the Fifth, Fifteenth and Nineteenth Affirmative Defenses asserted by Plaintiff/Counterclaim-Defendant The SCO Group, Inc. ("SCO") in its Answer to IBM's Amended Counterclaims.

## PRELIMINARY STATEMENT

In response to IBM's counterclaims, SCO asserts three affirmative defenses based on fraud—SCO's Fifth, Fifteenth, and Nineteenth Affirmative Defenses.[1] In disregard of Rule 9(b) of the Federal Rules of Civil Procedure, however, SCO pleads no supporting facts whatsoever. That is insufficient pleading, and SCO's affirmative defenses should be stricken.

Allegations of fraud, because of their seriousness, are not to be made lightly. Accordingly, Rule 9(b) provides that any such allegations, including those asserted as affirmative defenses, must be pled with particularity so that a "defending party [can] prepare an effective response to charges of fraud, and . . . protect itself from unfounded charges of wrongdoing which might injure its reputation and good will". Universal Premium Acceptance Corp. v. Oxford Bank & Trust, 277 F. Supp. 2d 1120, 1130 (D. Kan. 2003). SCO may not properly accuse IBM of fraud in the hope that it may be able to cobble together some evidence of alleged wrongdoing during discovery.

## ARGUMENT

### SCO'S AFFIRMATIVE DEFENSES BASED ON FRAUD ARE IMPROPERLY PLED AND SHOULD BE STRICKEN.

Under Rule 12(f), the Court "may order stricken from any pleading any insufficient defense". Fed. R. Civ. P. 12(f). Since SCO's Fifth, Fifteenth and Nineteenth Affirmative

---

[1] A copy of IBM's Amended Counterclaims is attached hereto as Exhibit 1. A copy of SCO's Answers to IBM's Amended Counterclaims is attached hereto as Exhibit 2.

273953.1                                            2

Defenses—which allege fraud and inequitable conduct—are improperly pled under Rule 9(b), they should be stricken.

Rule 9(b) is intended to safeguard against reflexive allegations of fraud. The rule requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity".[2] This means that a party alleging fraud must at least "set forth the time, place and contents of the false representation[s], the identity of the party making the false statements and the consequences thereof". Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting Lawrence Nat'l Bank v. Edmonds, 924 F.2d 176, 180 (10th Cir. 1991)); see also Anderson v. First Sec. Corp., 157 F. Supp. 2d 1230, 1236 (D. Utah 2001).

Consistent with SCO's apparent strategy of trying to keep IBM in the dark as to its contentions—IBM has been required twice to move to compel responses to its discovery requests—SCO sets forth affirmative defenses based on fraud that fall far short of these requirements. For its Fifth Affirmative Defense, SCO alleges only that:

> IBM's claims are barred by fraud, illegality, collusion, conspiracy and/or lack of clean hands.

This statement does not give any indication of the fraud IBM is alleged to have committed. SCO does not identify the "time, place and contents" of any false statements allegedly made by IBM, or who is alleged to have made such statements. Because it fails to provide IBM with "fair notice of [SCO's] claims and the factual ground[s] upon which they are based", SCO's Fifth Affirmative Defense should be stricken. Koch, 203 F.3d at 1236 (10th Cir. 2000) (quoting Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 987 (10th Cir. 1992)).

---

[2] Rule 9(b) applies with equal force to allegations made in affirmative defenses. See, e.g., Zic v. Italian Gov't Travel Office, 130 F. Supp. 2d 991, 998 (N.D. Ill. 2001); Midwest Grain Prods., Inc. v. Envirofuels Mktg., Inc., 1995 WL 769265, Civ. A. No. 95-2355, at *2 (D. Kan. Dec. 4, 1995); Yurman Design, Inc. v. Chaindom Enters., Inc., 2002 WL 31358991, No. 99 Civ. 9307, at *2 (S.D.N.Y. Sept. 30, 2002). Pursuant to DUCivR 7-2(a), copies of unpublished decisions referred to herein are attached as Exhibit 3.

273953.1     3

SCO's affirmative defenses alleging inequitable conduct are similarly defective and should also be stricken for failing to comply with Rule 9(b).[3] SCO's Fifteenth Affirmative Defense asserts:

> On information and belief, one or more of the copyrights at issue is, or may be, unenforceable by reason of IBM's inequitable conduct, acts or omissions before the United States Patent and Trademark Office [sic].[4]

SCO's Nineteenth Affirmative Defense asserts:

> On information and belief, the '746 Patent or one or more of the other patents at issue, is, or may be, unenforceable by reason of IBM's inequitable conduct, acts or omissions before the United States Patent and Trademark Office.

Both of these defenses fall short of the pleading requirements of Rule 9(b), as they fail to identify the inequitable conduct, acts or omissions IBM is alleged to have committed, let alone the "time, place and contents" of any such conduct.

Courts have stricken affirmative defenses drafted nearly identically to SCO's. For example, in Moore U.S.A., Inc. v. Standard Register Co., 139 F. Supp. 2d 348, 359 (W.D.N.Y. 2001), the court struck an affirmative defense that alleged that the patent at issue "may be

---

[3] The overwhelming majority of courts that have addressed the issue have held that allegations of inequitable conduct must comply with Rule 9(b)'s pleading requirements. See Systemation, Inc. v. Engel Indus., Inc., 183 F.R.D. 49, 51 (D. Mass. 1998) (collecting cases); Chiron Corp. v. Abbott Labs., 156 F.R.D. 219, 221-22 (N.D. Cal. 1994) (same); Xilinx v. Altera Corp., 1993 WL 767688, No. C 93-20409, at * 1-2 (N.D. Cal. Oct. 25, 1993) (same). Indeed, Rule 9(b) should apply with particular force to allegations of inequitable conduct, given the Federal Circuit's repeated admonitions that "the habit of charging inequitable conduct in almost every major patent case has become an absolute plague", Burlington Indus., Inc. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir. 1988), and that "'[i]nequitable conduct' is not, or should not be, a magic incantation to be asserted against every patentee." FMC Corp. v. Manitowoc Co., 835 F.2d 1411, 1415 (Fed. Cir. 1987).

[4] We assume SCO is alleging inequitable conduct before the United States Copyright Office, notwithstanding its reference to the United States Patent and Trademark Office.

273953.1     4

unenforceable due to inequitable conduct during the original prosecution of the patent application". Similarly, in Treatch v. Nextel Communications, Inc., 1999 WL 33283820, at *2 (D. Ariz. Aug. 13, 1999), the court struck allegations in an answer that: "On information and belief, the '052 patent is unenforceable due to inequitable conduct during prosecution of the underlying application."[5]

Based upon the generality of its pleading, it is fair to assume that SCO has no facts to support its affirmative defenses, but rather asserted them to "launch[] . . . a 'fishing expedition', allowing [it] to embark on wide-ranging discovery upon a thimble-full of facts". Chiron Corp. v. Abbott Labs., 156 F.R.D. 219, 221 (N.D. Cal. 1994). This, however, is exactly what Rule 9(b) was designed to prevent. As this Court has put it, allegations of fraud should not be made "as a pretext for the discovery of unknown wrongs". Anderson, 157 F. Supp. 2d at 1236. SCO cannot sustain the defenses at issue on the theory that it "has not yet discovered the information it needs to make specific allegations". Moore, 139 F. Supp. 2d at 360.

SCO's Fifth, Fifteenth and Nineteenth Affirmative Defenses fail to meet Rule 9(b)'s requirements and do not belong in this case. As one court has acknowledged, "[d]efending against an allegation of inequitable conduct can consume enormous resources, particularly if the

---

[5] Indeed, courts have stricken inequitable conduct defenses that contain more detailed allegations than SCO's affirmative defenses. See, e.g., Systemation, 183 F.R.D. at 50 (striking defense asserting that patents at issue "are unenforceable because during prosecution of the . . . patents, the applicant willfully or with gross negligence committed certain inequitable acts that misled the Patent and Trademark Office" and that "[i]n particular, the applicant, having knowledge of certain prior art willfully refrained from disclosing such prior art to the Patent and Trademark Office and, therefore, violated his duty of disclosure".); Point DX Inc. v. Voxar Ltd., 2002 WL 31189696, No. Civ. 1:01CV01130, at *2 (M.D.N.C. Sept. 20, 2002) (striking defense asserting patents at issue "are unenforceable as they were obtained as a result of fraud and inequitable conduct arising from failures to disclose material information and the making of material misstatements to the United States Patent and Trademark Office ('PTO'), with the intent to deceive; including, without limitation, intentionally misleading and making material misrepresentations to the PTO in obtaining the [patents] by failing to disclose material prior art".)

273953.1                                5

allegation fails to pinpoint the precise offending conduct". <u>Chiron</u>, 156 F.R.D. at 221. IBM should not have to expend any effort in this case defending against SCO's claims of fraud or inequitable conduct, when SCO has not offered even the barest of specifics about its allegations.

## CONCLUSION

For the foregoing reasons, IBM respectfully requests that the Court strike SCO's Fifth, Fifteenth and Nineteenth affirmative defenses.

DATED this 10TH day of November, 2003.

SNELL & WILMER L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff International
Business Machines Corporation*

273953.1

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2003, a true and correct copy of the foregoing **DEFENDANT IBM'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES** was hand delivered to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and sent by U.S. Mail, postage prepaid, to the following:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

273953.1

7

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.