

Brent O. Hatch (5715)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
David K. Markarian (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower, Ste. 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| THE SCO GROUP, | ) ) ) | **PLAINTIFF SCO'S MEMORANDUM IN RESPONSE TO IBM'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | Case No. 2:03CV0294DAK |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) ) | Honorable Dale A. Kimball Magistrate Judge Brooke C. Wells |
| Defendant. | ) ) | |



Plaintiff, The SCO Group, Inc. (SCO"), respectfully this Memorandum in Opposition to Defendant International Business Machines Corporation's ("IBM") Motion to Strike Affirmative Defenses.

## INTRODUCTION

Claiming only that the fraud and inequitable conduct allegations do not comply with Rule 9(b), IBM erroneously seeks to strike SCO's Fifth, Fifteenth and Nineteenth Affirmative Defenses *in their entirety*. IBM's argument, however, ignores that these affirmative defenses assert several independent grounds, in addition to fraud and inequitable conduct, which are not subject to Rule 9(b)'s heightened pleading standard. As a result, IBM's effort to strike the defenses in their entirety must be denied. Moreover, the affirmative defenses as pled satisfy the pleading requirements necessary to provide adequate notice of SCO's defenses.

SCO's Fifth Affirmative Defense states that IBM's claims are barred by fraud, *as well as* illegality, collusion, conspiracy and/or lack of clean hands. IBM itself has used nearly identical words in its own affirmative defenses, such as IBM's Seventh Affirmative Defense. SCO's Fifteenth Affirmative Defense states that one or more of the copyrights at issue is, or may be, unenforceable by reason of IBM's inequitable conduct, *as well as* other IBM acts or omissions before the United States Copyright Office[1]. Similarly, SCO's Nineteenth Affirmative Defense states that the '746 Patent or one or more of the other patents at issue is, or may be, unenforceable by reason of IBM's inequitable conduct, *as well as* other IBM acts or omissions before the United States Patent and Trademark Office.

---

[1] IBM correctly notes that this affirmative defense contained a scrivener's error in referring to the United States Patent and Trademark Office, as opposed to the United States Copyright Office.

1

Notably, IBM does not argue that Rule 9(b) applies to the additional (non-fraud, non-inequitable conduct) grounds alleged in SCO's Fifth, Fifteenth and Nineteenth Affirmative Defenses; nor does IBM argue that SCO has failed to sufficiently plead these pursuant to Rule 8's notice pleading standard. Yet, without even addressing these additional grounds, IBM seeks to dismiss SCO's Fifth, Fifteenth and Nineteenth Affirmative Defenses completely. Because the striking of affirmative defenses is disfavored, and IBM has failed to show that there is no set of facts upon which these defenses may be sustained, IBM's motion to strike SCO's Fifth, Fifteenth and Nineteenth Affirmative Defenses must be denied.

## DISCUSSION

### I. THE STRIKING OF AFFIRMATIVE DEFENSES IS DISFAVORED.

Courts and commentators have widely recognized that motions to strike affirmative defenses are generally disfavored:

> Motions to strike a defense as insufficient are not favored by the courts because of their dilatory character. Thus, even when technically appropriate and well-founded, they often are not granted in the absence of a showing of prejudice to the moving party.

*U.S. v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (*quoting* Wright & Miller, *Federal Practice and Procedure* 2d § 1381).

Courts have further stated that motions to strike affirmative defenses are not to be granted "unless it appears to a certainty that plaintiffs would succeed despite *any* state of the facts which could be proved in support of the defense." *Glenside West Corp. v. Exxon Co.*, 761 F. Supp. 1100, 1114 (D.N.J. 1991) (emphasis added) (quotations and citations omitted). Moreover, in evaluating

2

motions to strike affirmative defenses, courts generally follow a lenient procedural standard.[2] *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Therefore, motions to strike may be granted only "when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading." *Glenside West Corp.* at 1115.

In *Securities and Exchange Commission v. Toomey*, 866 F. Supp. 719, 722 (S.D. N.Y. 1992), the court, addressing motions to strike affirmative defenses, observed that, "Motions to strike are generally not favored and will be denied unless it is clear that under no circumstances could the defenses succeed." The court outlined three prerequisites must be satisfied before a court grants any motion to strike defenses:

- First, there may be no question of fact which might allow the defenses to succeed.
- Second, there may be no substantial question of law, a resolution of which could allow the defense to succeed.
- Third, plaintiff must show that it is prejudiced by the inclusion of the defense.

*Securities and Exchange Commission v. Toomey*, 866 F. Supp. at 722. Here, IBM has failed to satisfy any of these three prerequisites.

## II. IBM'S MOTION TO STRIKE SCO'S FIFTH AFFIRMATIVE DEFENSE MUST BE DENIED.

IBM's motion to strike SCO's Fifth Affirmative Defense should be denied. Focusing only on the heightened 9(b) pleading requirement regarding fraud, IBM seeks to strike SCO's

---

[2] The courts' overinclusive treatment of affirmative defenses ensures that litigants will not be prevented from asserting all available defenses, which would otherwise be waived. To be sure, if SCO had not raised allegations of fraud and inequitable conduct in its defenses, IBM later would argue that SCO was barred from asserting those defenses.

3

Fifth Affirmative Defense in its entirety, including SCO's unchallenged allegations of illegality, collusion, conspiracy and/or lack of clean hands.

SCO's Fifth Affirmative Defense reads: "IBM's claims are barred by fraud, *illegality, collusion, conspiracy and/or lack of clean hands*." IBM's motion to strike ignores the additional bases of the defense. These additional grounds are neither fraud nor mistake, and are not subject to Rule 9(b); rather, notice pleading pursuant to Rule 8 is sufficient. They give IBM as much notice as the rules require; and certainly, they provide no less notice than, for example, IBM's own Seventh Defense that SCO's "claims are barred by the doctrines of waiver, estoppel and unclean hands."

Still, IBM claims that, since the fraud allegation in SCO's Fifth Affirmative Defense was improperly pled under Rule 9(b), the entire affirmative defense should be stricken. *See* IBM Memorandum in Support of Motion to Strike Affirmative Defenses, 2-3. Rule 9(b), however, does not operate to devour an entire affirmative defense simply because fraud may appear along with other bases in the defense. Even assuming SCO's allegation of fraud were insufficient under Rule 9(b), which it is not, IBM's motion must still fail because the remaining bases alleged in SCO's Fifth Affirmative Defense remain intact. To hold otherwise, this Court would have to necessarily find that there can be no set of facts that could sustain SCO's allegations of illegality, collusion, conspiracy, and unclean hands. *See, e.g., Securities and Exchange Commission v. Toomey, supra.* Moreover, in light of the requirement that affirmative defenses be asserted or waived, and given the fact that SCO's Fifth Affirmative Defense provides notice to IBM of the nature of the defense it asserts (as opposed to an affirmative claim for relief), the defense certainly is stated with sufficient particularity to satisfy any pleading requirement.

4

### III. IBM'S MOTION TO STRIKE SCO'S FIFTEENTH AND NINETEENTH AFFIRMATIVE DEFENSES IN THEIR ENTIRETY MUST BE DENIED.

IBM argues that the heightened pleading requirements of Rule 9(b) apply to allegations of inequitable conduct. This issue has not been squarely decided in this District[3] nor in the Tenth Circuit. In *Quantum Corp. v. Western Digital Corp.*, 10 U.S.P.Q.2d 1712, 1713 (N.D. Cal. 1988), the court ruled that "[i]nequitable conduct before the Patent Office does not give rise to the level of common law fraud which is the subject of Rule 9(b)." Although the minority view, the conclusion in *Quantum Corp.* remains viable and persuasive here: absent an allegation of fraud in SCO's Fifteenth and Nineteenth Affirmative Defenses, Rule 9(b) is simply inapposite.

Even if Rule 9(b) applied to inequitable conduct,[4] IBM's motion to strike SCO's Fifteenth and Nineteenth Affirmative Defenses still would fail. In the first instance, those defenses are pled with adequate particularity, particularly given the fact that they are asserted as defenses (that must be pled or are waived) as opposed to affirmative claims for relief. Moreover, IBM ignores that SCO's Fifteenth and Nineteenth Affirmative Defenses are premised not only on inequitable conduct, but also on additional grounds (i.e., other acts or omissions by IBM), which are not subject to Rule 9(b).

---

[3] *See Ultradent Products, Inc. v. Life-Like Cosmetics, Inc.*, 924 F.Supp.1101, 1115 (D. Utah 1996) (the court's passing treatment of the issue did not analyze or specify what level of particularity is required when alleging inequitable conduct as an affirmative defense; the court found that inequitable conduct was adequately alleged).

[4] In the event that this Court concludes that Rule 9(b) applies to inequitable conduct, it should grant SCO leave to replead that portion of its Fifteenth and Nineteenth Affirmative Defenses. Leave to replead is generally granted freely. *See, e.g., Koehler v. Bank of Bermuda (New York) Ltd.*, 209 F.3d 130 (2d Cir. 2000), amended, 229 F.3d 424 (2d Cir. 2000).

5

IBM does not challenge that SCO has sufficiently alleged that IBM committed acts or omissions (other than inequitable conduct) that render unenforceable that patents and copyrights at issue in this case. Therefore, even assuming SCO's allegation of inequitable conduct were insufficient under Rule 9(b), IBM's motion must still fail because the remaining bases alleged in SCO's Fifteenth and Nineteenth Affirmative Defenses endure.

## CONCLUSION

The Court should deny IBM's motion to strike SCO's Fifth, Fifteenth, and Nineteenth Affirmative Defenses. Alternatively, to the extent that this Court concludes that SCO was required and failed to meet applicable pleading requirements regarding fraud or inequitable conduct in asserting its affirmative defenses, SCO respectfully submits that the Court should at most strike only the fraud and "inequitable conduct" portions of the Affirmative Defenses at issue. Even then, in such event, to the extent any portion of SCO's affirmative defenses is stricken, it should be *without prejudice* to replead those defenses when additional facts become available.[5]

Dated this 25th day of November, 2003

Respectfully submitted,

By: _____
HATCH, JAMES & DODGE
Brent O. Hatch

BOIES, SCHILLER & FLEXNER LLP
Stephen N. Zack
Mark J. Heise
David K. Markarian

Attorneys for Plaintiff

---

[5] On September 29, 2003, this Court granted SCO's motion to enlarge the time to amend its pleadings until February 4, 2004. Therefore, pursuant to this Court's order, SCO would have at least until February 4, 2004 to replead.

6

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, hereby certifies that a true and correct copy of Plaintiff's Memorandum in Opposition to IBM's Motion to Strike Affirmative Defenses was served on Defendant International Business Machines Corporation on this 25th day of November, 2003, by U.S. mail to:

> Evan R. Chesler, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, NY 10019
>
> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York 10604
>
> Alan L. Sullivan, Esq.
> Snell & Wilmer L.L.P.
> 15 West South Temple, Ste. 1200
> Gateway Tower West
> Salt Lake City, Utah 84101-1004