

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (Pro hac vice)
Mark J. Heise (Pro hac vice)
David K. Markarian (Pro hac vice)
BOIES, SCHILLER & FLEXNER L.L.P.
100 Southeast Second Street
Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, <br><br> Plaintiff, <br> vs. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation, <br><br> Defendant. | **PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT IBM'S THIRD SET OF INTERROGATORIES AND THIRD REQUEST FOR PRODUCTION OF DOCUMENTS** <br><br> Case No. 2:03-CV-0294 <br><br> Hon: Dale A. Kimball <br> Magistrate Judge Brooke C. Wells |

Plaintiff/Counterclaim Defendant, The SCO Group, Inc. ("SCO"), through its undersigned counsel, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and applicable Local Rules, files this Motion for Enlargement of Time to Respond to Defendant IBM's Third Set of

83

Interrogatories and Third Request for Production of Documents and Memorandum of Law In Support Thereof, and in support states:

1. On October 29, 2003, Defendant, International Business Machines Corporation ("IBM") served Defendant IBM's Third Set of Interrogatories and Third Request for Production of Documents ("IBM's Third Request"). As detailed below, SCO needs a 30 day enlargement of time to respond and/or object to the third set of interrogatories[1], up to and including Monday, December 29, 2003.

2. To date, SCO has produced over one million pages of requested documents and reviewed millions more to comply with its discovery obligations. During that time, IBM's has issued its Third Request that asks SCO to reveal "with specificity and in detail, *all* facts concerning" each of SCO's affirmative defenses. While this Third Request appears as just a single interrogatory question, the reality is that SCO has asserted twenty-six affirmative defenses. As a result, IBM's question is the functional equivalent of twenty-six questions. To respond to this seemingly innocuous interrogatory is an enormous task in a case of this size and complexity.

3. Besides the expansive scope of the question directed to the twenty-six affirmative defenses, there are further reasons why a brief enlargement of time is appropriate. First, three of SCO's affirmative defenses are currently under challenge by IBM and are the subject of a motion to strike that has not yet been fully briefed. Depending on the outcome of that motion, responding to those three affirmative defenses could be a waste of resources. Second, two of those and several other affirmative defenses relate to "patent" issues arising from IBM's counterclaims. Because the patent issues raised by IBM present separate and unique factual and legal issues, SCO

---

[1] This motion is directed only to the interrogatory answers required by Defendant IBM's Third Set of Interrogatories and Third Request for Production of Documents. SCO is responding to IBM's Third Request for Documents.

had retained separate patent counsel for those matters. After this other firm chosen for the handling of patent issues was involved in the case, an issue arose as to whether a conflict existed based on that firm's prior or continuing representation of IBM in other matters. Upon learning of this potential conflict, the firm discontinued all work for SCO regarding this case and attempted to obtain a waiver from IBM. To date, IBM has refused to do so, although efforts to do so continue. It is expected that by December 1, the conflict will be waived or SCO will obtain other patent counsel. Many of the interrogatory responses required by IBM's Third Request necessarily require the involvement and input of patent counsel. As a result of the foregoing, SCO needs a brief enlargement of time to respond to the interrogatory directed to the twenty-six affirmative defenses.

4. IBM has expressed willingness to agree to a two week enlargement of time, but only if SCO agrees to respond and agrees not to object to any portion of the question.

5. No prejudice will come to IBM by the granting of this motion. The current discovery cut off date is not until August 4, 2004 for fact discovery and October 22, 2004 for expert discovery.

6. SCO will be prejudiced if this Motion is not granted.

7. This Court has "wide discretion" under Fed. R. Civ. P. 6(b)(1) to grant the enlargement of time requested herein. This is so because the time prescribed by the federal rules or court order has not passed, and the request is timely. Lujan v. National Wildlife Federation, 497 U.S. 871, 895 and n.5 (1990); see Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126 (11th Cir. 1994); Ritter v. Smith, 811 F.2d 1398 (11th Cir. 1987). Courts have recognized that a timely requested enlargement, such as the one requested here, is "readily available." Motsinger v. Flynt, 119 F.R.D. 373, 378 (M.D.N.C. 1988); accord Sherrod v. Piedmont Aviation, Inc., 516 F. Supp.

39, 41 (E.D. Tenn. 1978) (Plaintiff could have "obtained readily an enlargement," had he made a timely request); In re Pioneer Inv. Servs. Co., 106 B.R. 510, 515 (Bankr. E.D. Tenn. 1989) (same).

8. SCO respectfully requests an extension of time to December 29, 2003 to respond to IBM's Third Set of Interrogatories.

DATED this 26th day of November, 2003.

Respectfully submitted,

By: _____

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER, L.L.P.
Stephen N. Zack
Mark J. Heise
David K. Markarian

*Counsel for Plaintiff/Counterclaim defendant*

4

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, hereby certifies that a true and correct copy of PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT IBM'S THIRD SET OF INTERROGATORIES AND THIRD REQUEST FOR PRODUCTION OF DOCUMENTS was served on Defendant International Business Machines Corporation on this 26th day of November, 2003, by U.S. mail to:

Evan R. Chesler, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

Alan L. Sullivan, Esq.
Snell & Wilmer L.L.P.
15 West South Temple, Ste. 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004

*/s/ Nedilia Hadzihadunic*