SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **IBM'S REPLY MEMORANDUM IN SUPPORT OF SECOND MOTION TO COMPEL DISCOVERY**<br><br>Civil No. 2:03cv0294<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

276876.1



Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this Reply Memorandum in Support of its Second Motion to Compel Discovery from Plaintiff/Counterclaim-Defendant The SCO Group, Inc. ("SCO").

## Preliminary Statement

IBM filed this motion to obtain discovery that is fundamental to the case. Specifically, IBM asks that SCO be compelled to (1) identify with specificity the Linux code (by file and line of code) that SCO has rights to, how (if at all) IBM is alleged to have infringed SCO's rights, and whether SCO has made any such code available to the public, and (2) produce documents responsive to requests made more than five months ago, including SCO's supposed evidence of wrongdoing by IBM.

It is indisputable that SCO has and can readily provide the information IBM seeks. Indeed, SCO has proclaimed repeatedly for months that it knows the "misappropriated code" that is in Linux. According to SCO, it has "done a deep dive into Linux [and] compared the source code with Unix every which way but Tuesday", and is prepared to present its evidence "in the courtroom".[1]

Yet SCO refuses to provide this information to IBM. In fact, SCO continues to attempt to delay these proceedings, which it commenced, by arguing (albeit without support) that this motion is premature. As explained below, SCO's arguments as to why it should not

---

[1] SCO Press Conference, Nov. 18, 2003, transcript available at http://www.groklaw.net/article.php?story=20031119011337666; Michael S. Mimoso, SCO: No choice but to go after Linux, Search Enterprise Linux.com, Oct. 8, 2003, available at http://searchenterpriselinux.techtarget.com/qna/0,289202,sid39_gci931259,00.html.

276876. 1

2

presently be required to answer IBM's interrogatories and produce responsive documents are meritless.

## Argument

I.  **IBM HAS MADE REASONABLE EFFORTS TO RESOLVE DISCOVERY DISPUTES WITH SCO, TO NO AVAIL.**

Contrary to SCO's assertions, IBM did not fail properly to meet and confer with SCO before filing this motion. As discussed in the accompanying declaration of Todd M. Shaughnessy, IBM has made more than reasonable efforts to confer with SCO regarding the discovery disputes before the Court. IBM and SCO exchanged numerous letters and e-mails and participated in several telephone conferences, and the parties could not reach agreement on any of the issues on which IBM has moved.

Although IBM did not confer with SCO specifically regarding Interrogatory Nos. 12 and 13, any such effort would have been futile. SCO's responses to these two interrogatories merely "incorporate[] its answers" to IBM's first set of discovery requests. (Exhibit A, attached to IBM's Memorandum in Support of Second Motion to Compel Discovery ("Opening Br.").) The parties had already conferred at length about those answers, and they are the subject of IBM's first motion to compel. As SCO refused to provide adequate responses to IBM's first discovery requests after lengthy discussions between the parties, and again after IBM filed its first motion to compel, there was no reason to believe that any further discussion between the parties would have been productive.[2]

---

[2] SCO asserts in its opposition brief that it "voluntarily revised and supplemented" its answers to IBM's first discovery requests. (SCO's Memorandum in Opposition to IBM's Second Motion to Compel Discovery ("Opp'n Br."), at 7.) What SCO fails to say, however, is that its supplemental

276876.1

3

Since the same fundamental impasse between the parties existed with respect to IBM's first and second discovery requests, we believed it was most efficient to present both issues to the Court at the same time. There is no reason why this Court should not address IBM's second motion to compel now. See, e.g., Reidy v. Runyon, 169 F.R.D. 486, 491 (E.D.N.Y. 1997) (noting that Rule 37(a)(2)(A) does not prevent courts from addressing merits of discovery motions when "the exigencies of time require speedy action" and "compromise is unlikely to be achieved"); accord Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 235-36 (W.D.N.Y. 1998). In fact, we understood the Court, at the initial conference with the parties, to express a preference for dealing with all of SCO's answers to IBM's discovery requests at the same time.[3]

Notably, notwithstanding SCO's contention that IBM failed adequately to meet and confer before filing this motion, SCO does not assert that IBM's concerns could have been resolved by further discussion between the parties. Indeed, SCO makes perfectly clear in its opposition brief that it does not intend to provide IBM with the information it is seeking in this motion.

---

responses were served only after IBM filed its first motion to compel, and in conjunction with the filing of SCO's brief in opposition to that motion. In any event, as discussed in detail in IBM's Reply Memorandum and Addendum in Support of its First Motion to Compel, SCO's supplemental responses remain deficient.

[3] This motion could not have come as a surprise to SCO. After the Court flagged the issue of SCO's responses to Interrogatory Nos. 12 and 13 at the October 31, 2003 scheduling conference, IBM noted in its Reply Memorandum in Support of its First Motion to Compel Discovery (at 5 n. 2) that it would shortly be filing this second motion to compel responses to Interrogatory Nos. 12

276876. 1

## II. SCO SHOULD BE COMPELLED TO RESPOND TO IBM'S INTERROGATORY NUMBERS 12 AND 13.

SCO argues that it should not be compelled to respond to IBM's discovery requests because: (1) SCO's supplemental responses to IBM's Interrogatory Nos. 1, 2 and 4 "fairly respond" to Interrogatory Nos. 12 and 13; (2) SCO should not have to identify all of the code in Linux that it has rights to; and (3) SCO requires additional discovery from IBM before it can provide more specific answers.[4] Each of these arguments is without merit.

First, SCO's Supplemental Responses to Interrogatory Nos. 1, 2 and 4 do not "fairly respond" to Interrogatory Nos. 12 and 13. (Opp'n Br. at 6.) We laid out in detail the reasons why SCO's supplemental responses to IBM's first discovery requests are deficient in IBM's Reply Memorandum and Addendum in Support of its First Motion to Compel Discovery. Rather than repeat those arguments here, we incorporate them by reference.

Moreover, as discussed in our opening brief in support of this second motion to compel (at 5-9), SCO's supplemental responses are also specifically deficient as to Interrogatory Nos. 12 and 13.[5] Interrogatory Nos. 12 and 13 call for different information than do

---

and 13. At no time before IBM filed this motion did SCO advise us that it thought the motion was unnecessary.

[4] As a preface to its argument, SCO claims to put IBM's requests in "context" by once again setting forth SCO's interpretation of the contractual relationship between IBM and SCO's predecessors relating to Unix. As we have said before, we disagree with SCO's construction of the relevant contractual obligations.

[5] SCO asserts that IBM has ignored SCO's supplemental responses to IBM's first discovery requests and focused instead only on SCO's initial responses. That is incorrect. IBM's Reply Brief and Addendum in Support of its First Motion to Compel Discovery are addressed entirely to SCO's supplemental responses. Moreover, we specifically discussed deficiencies of SCO's supplemental responses in our opening brief in support of this second motion to compel. (See

276876. 1

5

Interrogatory Nos. 1, 2 and 4, and it is not sufficient for SCO to simply rest on its answers to Interrogatory Nos. 1, 2 and 4. Nowhere in any of its responses does SCO ever: (1) identify with specificity (by file and line of code) (a) all source code and other material in Linux to which SCO has rights and (b) the nature of its rights, (2) how (if at all) IBM has infringed SCO's rights, and (3) whether, and under what circumstances, SCO has itself ever made any of the material available to the public. SCO should therefore be compelled to provide this information, which is expressly requested by Interrogatory Nos. 12 and 13, immediately.

Second, SCO's objection to identifying <u>all</u> of the code in Linux that it has rights to is similarly baseless. SCO does not—because it cannot—even attempt to explain why IBM's requests are not relevant, apart from remarking that this case arises "out of IBM's misconduct". (Opp'n Br. at 4.) As discussed in IBM's opening brief (at 6-7), SCO ignores the fact that IBM has asserted counterclaims against SCO related to <u>SCO's</u> misconduct. Specifically, IBM has alleged that SCO has, among other things, violated the Lanham Act by misrepresenting its ownership rights in Linux, tortiously interfered with IBM's prospective economic relations by making false and misleading statements to IBM's prospective customers concerning Linux, and engaged in unfair and deceptive trade practices by publishing false and disparaging statements about Linux. As it has used the specter of <u>all</u> its supposed rights in Linux to create uncertainty in the marketplace concerning Linux, SCO cannot deny IBM discovery of SCO's rights to Linux.

---

Opening Br. at 6 (noting the inadequacy of SCO's identification of 591 files in unidentified versions of Linux that may or may not contain code over which SCO is asserting rights).)

276876. 1

6

IBM is entitled to know <u>all</u> of the Linux code SCO has a right to, regardless of whether the code was contributed by IBM.

<u>Third</u>, SCO's claim that it requires discovery from IBM to respond in detail to IBM's discovery requests is just an attempt at misdirection.[6] SCO has been publicly touting its knowledge of "improperly contributed" code and/or methods since this case was first filed. For example:

- SCO Senior Vice President Chris Sontag said in May 2003: "We will actually be providing some of the evidence [of "improperly contributed" code] next month to various industry analysts, respected press people and other industry leaders so that they don't have to take our word for it or wait until we show some of that evidence in court. We will actually be showing the code, and the basis for why we have made the allegations that we have." Patrick Thibodeau, Q&A: SCO's Chris Sontag on Linux, Unix, and Brewing Legal Fights, ComputerWorld, May 29, 2003, <u>available</u> at http://www.computerworld.com/softwaretopics/os/linux/story/0,10801,81613,00.html.

- In June 2003, SCO's CEO Darl McBride said SCO had "turned a group of programmers loose—we had three teams from different disciplines busting down . . . the different code bases of System V, [IBM's] AIX and Linux. And it was in that process of going through the deep dive of what exactly is in all of these code bases that we came up with these more substantial problems." David Becker, Why SCO Decided to Take IBM to Court, CNET News.com, June 16, 2003, <u>available at</u> http://news.com.com/2008-1082_3-1017308.html.

- In October 2003, Sontag said: "This [code shown at SCO Forum in August 2003] was one example of misappropriated code that went into Linux. I would characterize it as the tip of the iceberg. . . I think we are saving our very best examples for the courtroom, where we will ultimately have to try our case." Michael S. Mimoso, SCO: No choice but to go after Linux, Search Enterprise Linux.com, Oct. 8, 2003, <u>available at</u> http://searchenterpriselinux.techtarget.com/qna/0,289202,sid39_gci931259,00.html.

---

[6] IBM has explained in its opposition to SCO's motion to compel why SCO's discovery requests are irrelevant, overly broad and unduly burdensome, particularly in light of SCO's continuing failure to tell IBM what is really at issue in this case.

276876.1

7

- Just two weeks ago, on November 18, 2003, Sontag similarly said: "We've identified a lot of different things. Early on when we filed against IBM, people wanted us to show the code, even though we're fighting a legal case and that's where it's appropriately vetted . . . There are other literal copyright infringements that we have not publicly provided, we'll save those for court. But there are over one million lines of code that we have identified that are derivative works by IBM and Sequent that have been contributed into Linux. . . ." Barbara Darrow, CRN Interview: SCO's Darl McBride and Chris Sontag, CRN.com, Nov. 18, 2003, available at http://crn.channelsupersearch.com/news/crn/46153.asp.

- At a press conference that same day, McBride said: "[W]e've gone in, we've done a deep dive into Linux, we've compared the source code of Linux with UNIX every which way but Tuesday". He added, that, "by the way, we have shared the code in question there with IBM under the litigation event—they know what we're talking about over there". SCO Press Conference, Nov. 18, 2003, transcript available at http://www.groklaw.net/article.php?story=20031119011337666.

To the extent that its public statements are to be believed, SCO has already performed a detailed review of Linux, knows (as it obviously must) what rights it has in Linux, and is able to disclose its alleged "evidence".[7] SCO does not need any discovery from IBM to provide this information. Indeed, SCO claims (inaccurately) to have already "shared the code in question there with IBM". Accordingly, there is no reason why SCO should be allowed to continue withholding this information from IBM.

---

[7] SCO attempts to disavow its various public statements and disclosures by claiming its analyses of "improperly contributed" Linux code relate to "non-IBM entities" and need not be identified in this case. (Opp'n Br. at 4, 9.) Not only is this contradicted by what SCO has said publicly, but it is also beside the point. As noted above, IBM is entitled to discovery of SCO's rights to Linux, even if they derive from the contributions of others.

276876.1

### III. SCO SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RESPONSIVE TO IBM'S DOCUMENT REQUESTS.

SCO's reasons for not producing responsive documents undeniably within its possession are unconvincing. As an initial matter, SCO's attempt to sidestep its public statements about the analyses it has performed on Linux, and the resulting source code it has identified, by claiming such analyses pertain only to "non-IBM entities" is misguided. Any analyses that SCO has performed of supposed infringing code in Linux are relevant to this case (indeed, <u>particularly</u> analyses that find "improper contributions" only from "non-IBM entities") are responsive to IBM's document requests and should be produced.

SCO's additional excuse for its failure timely to produce documents responsive to IBM's document requests—that it has been occupied with producing source code for its computer programs to IBM—is disingenuous. The delay created by SCO's having to produce source code to IBM in two different formats is entirely of SCO's own making. Knowing full well that IBM would need its source code in electronic form so that proper analyses—such as those that SCO itself claims to have performed—could be conducted, SCO instead produced the source code on one million pages of paper, a format that does not facilitate any analysis of that code.[8] The only reason for SCO's production of code on paper was, we believe, to stall the

---

[8] SCO's assertion that it produced the source code for its computer programs on paper at IBM's direction borders on the frivolous, and is a plain misrepresentation of IBM's document requests. (Opposition Br. at 7-8.) IBM never instructed SCO to produce the source code on paper, and SCO never inquired of IBM whether it wanted the source code to be produced on paper. Rather, IBM asked in its document requests that SCO produce "source code", which was defined as the "human readable form of a computer program". "Human readable form" means code that is written in a programming language understood by humans, as distinguished from "machine-

276876. 1

9

progress of these proceedings while giving the (false) impression of being forthcoming in its discovery responses. Indeed, SCO has publicly stated it is content to let the lawsuit "drag on" on the theory that it is entitled to "nearly one billion dollars [in damages] per week". Annabelle Bouard, Darl McBride Interview, 01net.com, Oct. 22, 2300, available at http://www.01net.com/article/220196.html (translated from French).

SCO has had more than five months to produce documents, but has by its own admission not yet produced numerous categories of documents that are responsive to IBM's document requests. SCO should be compelled to produce these additional responsive documents in its possession without further delay.

## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court issue an Order compelling SCO to immediately respond to IBM's Interrogatory Nos. 12 and 13 with specificity and in detail and to respond to IBM's document requests.

---

readable" "object code", which is comprised entirely of 1s and 0s. See, e.g., Webster's New World Computer Dictionary at 258, 350 (10th ed. 2003) (defining "source code" as "the typed program instructions that programmers write before the program is compiled or interpreted into machine language instructions the computer can execute" and "object code" as "the machine-readable instructions created by a compiler or interpreter from source code".) As SCO is well aware, "human readable" source code is written and stored in electronic form (i.e., on computers, diskettes, CDs or the like), and not on paper. Moreover, SCO has argued in support of its own motion to compel that it has known "from the beginning of the case, that it would be necessary [for the parties] to run various code comparisons". (SCO's Memorandum in Support of Its Motion to Compel, at 5.) SCO knows that such comparisons cannot be run using paper printouts of source code.

276876. 1

DATED this 3rd day of December, 2003.

SNELL & WILMER L.L.P.

_____
Alan L. Sullivan
Todd M. Shaughnessy

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3d day of December, 2003, a true and correct copy of the foregoing **IBM'S REPLY MEMORANDUM IN SUPPORT OF SECOND MOTION TO COMPEL DISCOVERY** was hand delivered to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101

and sent by U.S. Mail, postage prepaid, to the following:

>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131



276876. 1