

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>      Plaintiff/Counterclaim-<br>      Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>      Defendant/Counterclaim-<br>      Plaintiff. | **IBM'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Civil No. 2:03cv0294<br><br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke Wells |

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM")

respectfully submits this reply memorandum in support of its motion to strike the Fifth, Fifteenth



and Nineteenth Affirmative Defenses asserted by Plaintiff/Counterclaim-Defendant The SCO

Group, Inc. ("SCO") in its Answer to IBM's Amended Counterclaims.

### Preliminary Statement

Rather than acknowledge that its affirmative defenses based on fraud and inequitable

conduct are improperly pled under Federal Rule of Civil Procedure 9(b) (as it must), SCO simply

pretends that the rule does not exist or does not apply to its defenses.  SCO even suggests that it

never meant to accuse IBM of fraud and inequitable conduct in the first place.  Setting SCO's

untenable arguments aside, it is plain that SCO has not, and cannot, particularize its allegations

that IBM has committed fraud or inequitable conduct.  SCO's Fifth, Fifteenth and Nineteenth

affirmative defenses should therefore be stricken.

### Argument

I.      SCO MISSTATES THE PERTINENT STANDARD.

SCO contends in its opposition brief that a motion to strike should only be granted "when

a defense is legally insufficient under any set of facts which may be inferred from the allegations

of the pleading".  (Opp'n Br. at 3.)[1]  This misstates the applicable standard.  SCO ignores that the

affirmative defenses against which IBM has moved are premised on fraud, and are therefore

subject to Rule 9(b), which establishes heightened pleading requirements for such allegations.

None of the cases cited by SCO involves challenges to affirmative defenses alleging fraud.[2]

---

[1]  Notably, the cases cited by SCO make clear that "motions to strike serve a useful purpose by
eliminating insufficient defenses and saving the time and expense which would otherwise be
spent litigating issues which would not affect the outcome of the case".  See, e.g., U.S. v. Pretty
Products, Inc., 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (internal quotations omitted) (striking
affirmative defenses); Glenside West Corp. v. Exxon Co., 761 F. Supp. 1100, 1115 (D.N.J. 1991)
(striking affirmative defenses).

[2]  In one case, the plaintiff sought to have stricken an affirmative defense alleging that the
plaintiff had failed to plead fraud with particularity under Rule 9(b).  See SEC v. Toomey, 866 F.
Supp. 719, 725-26 (S.D.NY. 1992).  That is obviously very different from SCO's defenses,
which assert that Counterclaim Plaintiff IBM has committed fraud.

As we discuss in our opening brief (at 2-3), because of the seriousness of accusations of fraud, Rule 9(b) requires a party alleging fraud to do so with particularity. It is thus insufficient for SCO to argue in this instance—as it might with respect to other affirmative defenses—that a presently unknown set of facts could support its allegations.

II.    SCO'S AFFIRMATIVE DEFENSES BASED ON FRAUD AND INEQUITABLE CONDUCT ARE INADEQUATE AND SHOULD BE STRICKEN.

   A.    SCO's Affirmative Defenses Must Be Pled With Particularity.

As an initial matter, SCO's assertion that this Court should adopt the "minority" view and hold that accusations of inequitable conduct should not be subject to the heightened pleading requirements of Rule 9(b) is misleading. (Opp'n Br. at 5.) So far as we can tell, the opinion cited by plaintiffs, Quantum Corp. v. Western Digital Corp., 10 U.S.P.Q.2d 1712 (N.D. Cal. 1988) (Aguilar, J.), is the only one that has ever held that allegations of inequitable conduct need not comply with Rule 9(b). See Systemation, Inc. v. Engel Indus., Inc., 183 F.R.D. 49, 51 (D. Mass. 1998) (collecting cases). More importantly, the Northern District of California—including the same District Judge who decided Quantum—has in subsequent cases adhered strictly to the position that Rule 9(b) does apply to inequitable conduct allegations. See Raychem Corp. v. PSI Telecommunications, Inc., Civ. No. C-93-20920, 1995 WL 108193, at *2 (N.D. Cal. Mar. 6, 1995) (Aguilar, J.) (attached hereto as Ex. A); Xilinx, Inc. v. Altera Corp., No. C 93-20409, 1993 WL 767688, at *2 (N.D. Cal. Oct. 25, 1993) (expressly rejecting Quantum) (attached hereto as Ex. B). There is thus no support for SCO's suggestion that Rule 9(b) should not apply to its affirmative defenses in this case.

   B.    SCO's Affirmative Defenses Are Inadequately Pled.

SCO does not even attempt seriously to show that its affirmative defenses are properly pled under Rule 9(b). SCO does not contend anywhere in its brief that its affirmative defense alleging only "fraud"—its Fifth Affirmative Defense—is properly pled. All SCO argues, without

any support or explanation, is that its defenses alleging inequitable conduct—its Fifteenth and Nineteenth Affirmative Defenses—"are pled with adequate particularity". (Opp'n Br. at 5.) This is demonstrably false.

As we discussed in our opening brief (at 3-5), a party alleging fraud must at least "set forth the time, place and contents of the false representation[s], the identity of the party making the false statements and the consequences thereof". Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting Lawrence Nat'l Bank v. Edmonds, 924 F.2d 176, 180 (10th Cir. 1991)). Here, SCO asserts only that IBM committed "inequitable conduct, acts or omissions before the United States Copyright Office" and "inequitable conduct, acts or omissions before the United States Patent and Trademark Office", without any further detail. Such conclusory allegations do not remotely meet the stringent requirements of Rule 9(b).

C.  SCO's Fifteenth and Nineteenth Affirmative Defenses Are Not "Premised On Additional Grounds".

In a final attempt to salvage its affirmative defenses, SCO now argues that its defenses are in fact premised "on additional grounds" other than fraud and thus should not be stricken in their entirety. (Opp'n Br. at 5.)

We have not argued that defenses based upon conduct other than fraud should be stricken. To the extent that SCO admits that the subparts in of its Fifth Affirmative Defense claiming "illegality, collusion, conspiracy and/or lack of clean hands" are not based on any alleged fraud by IBM, we do not contend that such parts of the defense should be stricken.

SCO's further claim, however, that its Fifteenth and Nineteenth Affirmative Defenses may be similarly subdivided, cannot be supported. SCO suggests that those defenses should be read disjunctively to allege that IBM's patents are unenforceable either because of IBM's "inequitable conduct", IBM's "acts" or IBM's "omissions" before the U.S. Copyright Office and the U.S. Patent and Trademark Office. (Opp'n Br. at 5.) This parsing of SCO's defenses is

untenable.  There is no cognizable defense that IBM committed "acts" or made "omissions" before the Copyright Office or the Patent and Trademark Office; IBM's rights would be unenforceable only if such acts or omissions were <u>inequitable</u>.  Accordingly, SCO's Fifteenth and Nineteenth Affirmative Defenses, because they are inadequately pled, must be stricken in their entirety.

## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court strike SCO's Fifth, Fifteenth and Nineteenth Affirmative Defenses.

## Request for Oral Argument

IBM respectfully requests oral argument on this motion.

DATED this 10th day of December, 2003.

SNELL & WILMER L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York  10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2003, a true and correct copy of the

foregoing **IBM'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

**AFFIRMATIVE DEFENSES** was hand delivered to the following:

> Brent O. Hatch
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
>
> Kevin P. McBride
> 299 South Main Street, Suite 1700
> Salt Lake City, Utah 84111

and sent by U.S. Mail, postage prepaid, to the following:

> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

Amy F. Sorenson

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.