Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack
Mark J. Heise
David K. Markarian
BOIES, SCHILLER & FLEXNER L.L.P.
100 Southeast Second Street
Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation,<br><br>Defendant. | **PLAINTIFF SCO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADINGS**<br><br>Case No. 03-CV-0294<br>Hon: Dale A. Kimball<br>Magistrate Judge Brooke Wells |

Plaintiff/Counterclaim Defendant, The SCO Group, Inc. ("SCO"), through its undersigned counsel, pursuant to Rules 15(a) of the Federal Rules of Civil Procedure and

184627

applicable Local Rules, files this Memorandum of Law In Support of its Motion for Leave to File its Second Amended Complaint and Amended Affirmative Defenses to IBM's Amended Counterclaim, and in support states:

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 15(a) provides a liberal standard by which federal courts are to judge the propriety of allowing a party to amend its complaint. Where the party moves the court for leave to do so, the rule provides "leave shall be freely given when justice so requires." Fed. R.Civ. Pro. 15(a); see also, Leaseamerica Corp. v. Eckel, 710 F.2d 1470, 1473 (10th Cir. 1983). In the landmark case of Foman v. Davis, the Supreme Court stated "this mandate is to be heeded." 371 U.S. 178, 182 (1962); (quoted in Triplett v. Leflore County, OK, 712 F.2d 444 (10th Cir. 1983)). The Foman Court further held, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S. at 182.

The Tenth Circuit has developed a list of factors by which courts should be guided in determining whether a party should be permitted to amend its complaint. Among these are the timeliness of the amendment, whether a dilatory or bad-faith motivation exists, whether a party had previous opportunities to state its claim but failed to do so, whether the party knew of the facts comprising the amendment but failed to include them in the original complaint, and resulting prejudice to the opposing party. Las Vegas Ice and Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990); Triplett, 712 F.2d at 446. SCO's effort to amend its pleading is not motivated by any of these concerns.

184627

Courts apply Rule 15(a)'s liberal standard and permit parties to amend their complaints in circumstances such as the instant case. See Leaseamerica Corp., 710 F.2d at (finding leave to amend properly granted where no prejudice to opposing party); Triplett, 712 F.2d at 446 (finding lower court erred in refusing party leave to amend complaint where motion to amend not untimely and no prejudice to opposing party shown). Therefore, under Rule 15's liberal standard, this Court should permit the Plaintiff to amend its complaint as detailed in the motion accompanying this memorandum of law.

Federal Rule of Civil Procedure 15(a) also provides a liberal standard by which federal courts are to judge the propriety of allowing a party to file amended affirmative defenses. Where the party moves the court for leave to do so, the rule provides "leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a), and as noted above, "this mandate is to be heeded." Foman, 371 U.S. 178, 182 (1962). The Foman Court held that courts should permit a party to amend its pleadings

> [i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

Id. None of the above impediments is present in the instant situation.

Courts within the Tenth Circuit adhere to the liberal standard mandated by Rule 15(a) and permit parties to amend responsive pleadings with the addition of affirmative defenses. See Yapp v. Excel Corp., 186 F.3d 1222, 1230 (10th Cir. 1999) (citing Rule 15(a) and finding Court held no abuse of discretion in permitting party to add affirmative defense of claim-splitting); Ward Petroleum Corp. v. Federal Deposit Ins. Corp., 903 F.2d 1297, 1301 (10th Cir. 1990)

184627

(finding that lower court may permit party to add affirmative defense of fraud if "justice so requires"). This is particularly true when the amendments are filed on or before the deadline for filing amended pleadings.

Accordingly, under Rule 15's liberal standard, this Court should permit the Plaintiff to amend and add the affirmative defenses as specified in the motion accompanying this memorandum of law. The proposed amended complaint serves to streamline the pleadings and adds claims that have arisen since the filing of the case. The proposed amendments to SCO's proposed Amended and Additional Affirmative Defenses reflect the continuing investigation into the allegations and issues raised by IBM in its eleven count counterclaim, including four separate claims of patent infringement, and serve to better frame the issues for this Court's determination. Moreover, the revisions address the concerns raised in IBM's Motion to Strike portions of SCO's Affirmative Defenses, thereby rendering moot IBM's Motion to Strike.

DATED THIS 4th day of February, 2004

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER, L.L.P.
Stephen N. Zack
Mark J. Heise

By _____
*Counsel for Plaintiff/Counterclaim Defendant*

184627

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim Defendant, The SCO Group, hereby certifies that a true and correct copy of the foregoing was served by mail on Defendant International Business Machines Corporation on the __4__ day of February 2004, by U.S. Mail to:

David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York  10604

and HAND-DELIVERED to:

Todd Shaughnessy, Esq.
Snell & Wilmer L.L.P.
15 West South Temple, Ste. 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004

184627