

SNELL & WILMER, L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **IBM'S REPORT ON SCO'S COMPLIANCE WITH THE COURT'S DECEMBER 12, 2003 ORDER**<br><br>Civil No. 2:03CV0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

103

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this report on SCO's compliance with the Court's December 12, 2003 Order granting IBM's motions to compel.

### Report on SCO's Compliance With the Court's Order

On December 12, 2003, the Court directed SCO to "respond fully and in detail" to IBM's Interrogatory Nos. 1-9, and 12 and 13, and to "produce all requested documents" in IBM's document requests by January 12, 2003.

On January 12, 2003, SCO served its Revised Supplemental Response to IBM's First and Second Set of Interrogatories (the "Revised Response", attached hereto as Exhibit 1). In the accompanying "Notice of Compliance With Court Order of December 12, 2003", which was filed with the Court, SCO represented that it had "responded fully and in detail to Interrogatories 1-9, 12 and 13 . . . based on the information in SCO's possession" and had "produced all non-privileged responsive documents requested by IBM" with the exception of certain files that would be promptly produced.

Despite these representations, however, SCO in fact failed to comply with the Court's Order in numerous respects,[1] the most important of which are addressed below.

First, contrary to its representations to the Court on January 12, 2004, SCO now admits that it has in fact not produced numerous categories of non-privileged responsive

---

[1] As we previously informed the Court, SCO did not provide all of the information it was ordered to produce by the January 12, 2004 deadline. For example, although SCO served IBM with some supplemental information on January 12, it continued to produce additional materials until January 28, necessitating the postponement of the hearing scheduled for January 23. IBM does not take issue in this report with SCO's delay in producing the information it has now produced.

documents. In a letter dated January 30, 2004 (a copy of which is attached hereto as Exhibit 2), IBM identified for SCO numerous categories of responsive documents that it believed SCO had yet to produce (at 3-5). SCO responded to IBM by letter late last night (a copy of which is attached hereto as Exhibit 3) conceding that it had indeed failed to produce numerous responsive documents, and committing to doing so at an unspecified time in the future (at 5-10).

Second, in response to the Court's Order, SCO abandons any claim that IBM misappropriated its trade secrets, concedes that SCO has no evidence that IBM improperly disclosed UNIX System V code, and acknowledges that SCO's contract case is grounded solely on the proposition that IBM improperly disclosed portions of IBM's own AIX or Dynix products, which SCO claims to be derivatives of UNIX System V.[2] The primary problem with the Revised Response, however, is that: (1) SCO refuses to disclose from what lines of UNIX System V code these alleged contributions are supposed to derive, which it must know to allege the contributions were improper, and (2) a number of the allegedly improper contributions are not disclosed with adequate particularity (e.g., SCO claims IBM improperly disclosed "SMP" but does not specify the files or lines of code allegedly "dumped" into Linux, or the files and lines of

---

[2] In contrast to its public statements that IBM has improperly contributed "truckloads" of code to Linux, SCO identifies parts of only 17 AIX or Dynix files (out of the many thousands that make up these programs) that IBM is alleged to have improperly contributed to Linux. Contrary to the Court's Order, SCO declines to identify by line all of the code that it alleges IBM misused. It continues to identify whole files, though it does not allege that IBM misused the entire file.

3

284457.1

Linux in which they are supposedly found.[3] SCO also fails properly to identify and describe all of the materials in Linux to which it claims to have rights and whether, when, to whom, and under what circumstances and terms it ever distributed those materials.

Moreover, there remains a significant disparity between the information in the Revised Response and SCO's public statements about its alleged evidence. In the final analysis, SCO has identified no more than approximately 3,700 lines of code in 17 AIX or Dynix files that IBM is alleged improperly to have contributed to Linux. (A list of the files we believe SCO has identified in its Revised Response is attached hereto as Exhibit 4.) Yet, speaking at Harvard Law School earlier this week, SCO's CEO, Darl McBride, stated that:

> ". . . [T]here is roughly <u>a million lines of code</u> that tie into contributions that IBM has made and that's subject to litigation that is going on. <u>We have basically supplied that.</u> In fact, that is going to be the subject of a hearing that comes up this Friday...." (emphasis added.)

(a rough draft of this portion of the transcript is attached hereto as Exhibit 5). If the "million lines of code" in fact exist, then SCO should have identified them in response to the Court's Order.

For at least these reasons, SCO has not complied with the Court's December 12 Order and should be required immediately to do so. If, as SCO hints (but does not say), none of the allegedly improper disclosures made by IBM (or any of the other code in Linux to which

---

[3] SCO produced voluminous exhibits in connection with its Revised Response. However, these materials are essentially nothing more than print outs of various files of code, including from Linux in particular. These print outs were not called for by the Court's Order and do not compensate for the deficiencies described herein.

4

284457.1

SCO claims to have rights) derive from UNIX System V, SCO should unequivocally say so, as that concession would eliminate much of our concern about the Revised Response.

DATED this 5th day of February, 2004.

SNELL & WILMER L.L.P.

*[signature]*

Alan L. Sullivan
Todd M. Shaughnessy

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff International*
*Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February, 2004, a true and correct copy of the foregoing **IBM'S REPORT ON SCO'S COMPLIANCE WITH THE COURT'S DECEMBER 12, 2003 ORDER** was hand delivered to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
>
> Kevin P. McBride
> 299 South Main Street, Suite 1700
> Salt Lake City, Utah 84111

and sent by U.S. Mail, postage prepaid, to the following:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131



284457.1

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.