

Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> -against- <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **DEFENDANT IBM'S ANSWER TO SCO'S SECOND AMENDED COMPLAINT** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke Wells |



In answer to the averments of the Second Amended Complaint of The SCO Group, Inc. ("SCO"), defendant International Business Machines Corporation ("IBM"), by and through its attorneys, avers as follows, based upon personal knowledge as to its own actions and upon information and belief as to the actions and intent of others:

## NATURE OF THIS ACTION

1.      Denies the averments of paragraph 1.

2.      Denies the averments of paragraph 2 as they relate to IBM, except refers to the referenced licenses for their contents and states that IBM is without information sufficient to form a belief as to the truth of the averments as they relate to any other person or entity.

3.      Denies the averments of paragraph 3.

4.      Denies the averments of paragraph 4 as they relate to IBM, and states that IBM is without information sufficient to form a belief as to the truth of the averments as they relate to any other person or entity.

5.      States that the averments of paragraph 5 purport to characterize SCO's reasons for filing the lawsuit, and do not require a response.  To the extent a response is required, IBM denies the averments.

6.      Denies the averments of paragraph 6.

7.      Denies the averments of paragraph 7, except refers to the referenced document for its contents.

2

290602.1

8.      Denies the averments of paragraph 8, except refers to the referenced document for its contents.

9.      Denies the averments of paragraph 9, except refers to the referenced document for its contents.

10.     Denies the averments of paragraph 10.

11.     Denies the averments of paragraph 11.

12.     Denies the averments of paragraph 12.

13.     Denies the averments of paragraph 13.

14.     Denies the averments of paragraph 14.

**PARTIES, JURISDICTION AND VENUE**

15.     Admits the averments of paragraph 15.

16.     Admits the averments of paragraph 16.

17.     Denies the averments of paragraph 17, except admits that Sequent was formerly an Oregon corporation which was subsequently merged into IBM.

18.     States that the averments of paragraph 18 purport to state a legal conclusion and do not require a response.

19.     Denies the averments of paragraph 19.

**BACKGROUND**

20.     Denies the averments of paragraph 20, especially insofar as they purport to describe all operating systems or purport to identify "UNIX" as a single operating system.

290602.1

21.   States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 21, except denies the "market" averments and that Windows serves as "the" link described in the averments.

22.   Denies the averments of paragraph 22 as to IBM and states that it is without information sufficient to form a belief as to the truth of the averments of paragraph 22 as they relate to other parties.

23.   States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 23.

24.   States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 24, except admits that AT&T Technologies, Inc. licensed certain software to IBM and Sequent.

25.   Denies the averments of paragraph 25 as they relate to IBM, except admits that IBM develops, manufactures and markets a UNIX product and states that it is without information sufficient to form a belief as to the truth of the averments as they relate to any other person or entity.

26.   States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 26.

27.   States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 27.

28.   Denies the averments of paragraph 28, except admits that IBM markets a UNIX product under the trade name "AIX".

4

29.     Denies the averments of paragraph 29, except admits that Sequent marketed a UNIX product under the trade name "DYNIX/ptx".

30.     Denies the averments of paragraph 30 as they relate to IBM and Sequent or to AIX and Dynix/ptx, except states that IBM develops, manufactures and markets a product under the trade name "AIX" and Sequent developed, manufactured and marketed a product under the name "Dynix/ptx". IBM states that it is without information sufficient to form a belief as to the truth of the averments as they relate to any other person or entity.

31.     Denies the averments of paragraph 31.

32.     Denies the averments of paragraph 32, except states that it is without information sufficient to form a belief as to the truth of the averments of the second sentence.

33.     States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 33, except denies the "market" averments.

34.     Denies the averments of paragraph 34.

35.     States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 35.

36.     States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 36.

37.     States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 37.

38.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 38, except admits that IBM POWER chips are currently more powerful than the Intel chips described in these averments.

39.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 39.

40.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 40.

41.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 41.

42.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 42.

43.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 43.

44.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 44.

45.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 45.

46.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 46.

47.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 47.

290602.1

48. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 48.

49. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 49.

50. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 50, except admits that UnixWare ran on Intel-based processors.

51. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 51.

52. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 52.

53. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 53, except admits that IBM and The Santa Cruz Operation, Inc. (a California corporation now known as Tarantella, Inc., which is not affiliated with SCO) entered into an agreement to develop an operating system for a 64-bit processing platform that was being developed by Intel and that the project was known as Project Monterey.

54. Denies the averments of paragraph 54.

55. Denies the averments of paragraph 55 as they relate to IBM, except admits that The Santa Cruz Operation, Inc. provided information to IBM concerning UnixWare and certain software, and states that IBM is without information sufficient to form a belief as to the truth of the averments as they relate to any other person or entity.

7

56.     Denies the averments of paragraph 56.

57.     Denies the averments of paragraph 57.

58.     Denies the averments of paragraph 58 as they relate to IBM, except admits that AT&T Technologies, Inc. licensed certain operating system software code to IBM, refers to the licensed agreements for their contents and states that IBM is without information sufficient to form a belief as to the truth of the averments of paragraph 58 as they relate to any other person or entity.

59.     Denies the averments of paragraph 59.

60.     States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 60.

61.     Denies the averments of paragraph 61.

62.     Denies the averments of paragraph 62, except refers to the referenced documents for their contents.

63.     Denies the averments of paragraph 63, except refers to the referenced document for its contents.

64.     Denies the averments of paragraph 64, except refers to the referenced documents for their contents.

65.     Denies the averments of paragraph 65, except refers to the referenced document for its contents.

66.     States that the averments of paragraph 66 purport to define a term for purposes of SCO's complaint and do not require a response. To the extent a response

290602.1

is required, IBM denies the averments of paragraph 66, except refers to the referenced documents for their contents.

      67.    Denies the averments of paragraph 67, except refers to the referenced documents for their contents.

      68.    States that the averments of paragraph 68 purport to define a term for purposes of SCO's complaint and do not require a response.  To the extent a response is required, IBM denies the averments of paragraph 68, except refers to the referenced documents for their contents.

      69.    Denies the averments of 69, except refers to the referenced documents for their contents.

      70.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 70.

      71.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 71.

      72.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 72.

      73.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 73.

      74.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 74.

      75.    Denies the averments of paragraph 75 as they relate to IBM and states that it is without information sufficient to form a belief as to the averments of

9

paragraph 75 as they relate to any other person or entity, except admits that Linux is developed under an open-source model.

      76.     Denies the averments of paragraph 76.

      77.     Denies the averments of paragraph 77.

      78.     Denies the averments of paragraph 78 as they relate to IBM and states that it is without information sufficient to form a belief as to the truth of the averments as they relate to any other person or entity.

      79.     States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 79.

      80.     States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 80.

      81.     States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 81.

      82.     Denies the averments of paragraph 82, except admits that IBM has contributed to the development of Linux, has years of experience with operating systems and licenses UNIX System V software.

      83.     Denies the averments of paragraph 83.

      84.     Denies the averments of paragraph 84.

      85.     Denies the averments of paragraph 85 as they relate to IBM, except admits that IBM has increased its IBM Global Services staff and states that it is without information sufficient to form a belief as to the truth of the averments of paragraph 85 as they relate to any other person or entity.

10

86.     Denies the averments of paragraph 86.

87.     Denies the averments of paragraph 87.

88.     Denies the averments of paragraph 88.

89.     Denies the averments of paragraph 89, except refers to the referenced document for its contents.

90.     Denies the averments of paragraph 90.

91.     Denies the averments of paragraph 91 and states that IBM has not open sourced any part of AIX that it did not have the right to open source.

92.     Denies the averments of paragraph 92.

93.     Denies the averments of paragraph 93, except refers to the referenced document for its contents.

94.     Denies the averments of paragraph 94.

95.     Denies the averments of paragraph 95, except refers to the referenced document for its contents.

96.     Denies the averments of paragraph 96, except refers to the referenced document for its contents.

97.     Denies the averments of paragraph 97, except states that it is without information sufficient to form a belief as to the truth of the averments in the second sentence of paragraph 97.

98.     Denies the averments of paragraph 98.

290602.1

99.     Denies the averments of paragraph 99, except admits that IBM has properly and lawfully contributed to the development of Linux and refers to the contributions (which are publicly available) for their contents.

100.    Denies the averments of paragraph 100, except admits that IBM has properly and lawfully contributed to the development of Linux and refers to the contributions (which are publicly available) for their contents.

101.    Denies the averments of paragraph 101, except admits that IBM has properly and lawfully contributed to the development of Linux and refers to the contributions (which are publicly available) for their contents.

102.    Denies the averments of paragraph 102, except refers to the referenced documents for their contents.

103.    [Missing from Second Amended Complaint]

104.    Denies the averments of paragraph 104, except admits that Sequent licensed UNIX System V from AT&T, refers to the referenced documents for their contents, admits that IBM has properly and lawfully contributed to the development of Linux, and refers to the contributions (which are publicly available) for their contents.

105.    Denies the averments of paragraph 105, except admits that IBM has properly and lawfully contributed to the development of Linux and refers to the contributions (which are publicly available) for their contents.

106.    Denies the averments of paragraph 106, except admits that Paul McKenney was employed at Sequent and is now employed at IBM and that IBM has

290602.1

properly and lawfully contributed to the development of Linux and refers to the contributions (which are publicly available) for their contents.

107.    Denies the averments of paragraph 107 except admits that IBM has properly and lawfully contributed to the development of Linux and refers to the contributions (which are publicly available) for their contents.

108.    Denies the averments of paragraph 108, except admits that IBM has properly and lawfully contributed to the development of Linux and refers to the contributions (which are publicly available) for their contents.

109.    Denies the averments of paragraph 109 (SCO's first), except refers to the referenced document for its contents.

110.    Denies the averments of paragraph 110 (SCO's first).

109.    Denies the averments of paragraph 109 (SCO's second).

**FIRST CAUSE OF ACTION**

110.    Repeats and realleges, in response to paragraph 110 (SCO's second), its answers to the averments contained in paragraphs 1 through 109 (SCO's second) and 110 (SCO's first) as if fully set forth herein.

111.    Denies the averments of paragraph 111, except states that it is without information sufficient to form a belief as to the truth of the first sentence of paragraph 111, and refers to the referenced document for its contents.

112.    Denies the averments of paragraph 112, except refers to the referenced document for its contents.

113.    Denies the averments of paragraph 113.

13

290602.1

114.    Denies the averments of paragraph 114, except refers to the referenced documents for their contents.

115.    Denies the averments of paragraph 115, except refers to the referenced document for its contents.

116.    Denies the averments of paragraph 116.

117.    Denies the averments of paragraph 117, except refers to the referenced document for its contents.

118.    Denies the averments of paragraph 118.

119.    Denies the averments of paragraph 119.

120.    Denies the averments of paragraph 120, except refers to the referenced documents for their contents.

121.    Denies the averments of paragraph 121 as they relate to IBM, refers to the referenced document for its contents, and states that IBM is without information sufficient to form a belief as to the truth of the averments as they relate to any other person or entity.

122.    Denies the averments of paragraph 122.

123.    Denies the averments of paragraph 123.

124.    Denies the averments of paragraph 124, except refers to the referenced document for its contents, states that these averments purport to characterize the laws of the United States and do not require a response, and admits that IBM is subject to the laws of the United States and refers to those laws for their contents.

125.    Denies the averments of paragraph 125.

126.     Denies the averments of paragraph 126, except refers to the referenced document for its contents.

127.     Denies the averments of paragraph 127, except refers to the referenced document for its contents.

128.     Denies the averments of paragraph 128, except refers to the referenced documents for their contents.

129.     Denies the averments of paragraph 129, except refers to the referenced document for its contents.

130.     Denies the averments of paragraph 130.

131.     Denies the averments of paragraph 131.

132.     Denies the averments of paragraph 132, except refers to the referenced documents for their contents, and admits that IBM lawfully uses certain software products and source code.

133.     Denies the averments of paragraph 133.

134.     Denies the averments of paragraph 134.

135.     Denies the averments of paragraph 135.

136.     Denies the averments of paragraph 136.

### SECOND CAUSE OF ACTION

137.     Repeats and realleges its answers to the averments contained in paragraphs 1 through 136 as if fully set forth herein.

138.     Denies the averments of paragraph 138, except refers to the referenced document for its contents.

290602.1

139.   Denies the averments of paragraph 139.

140.   Denies the averments of paragraph 140.

141.   Denies the averments of paragraph 141.

142.   Denies the averments of paragraph 142.

### THIRD CAUSE OF ACTION

143.   Repeats and realleges its answers to the averments contained in paragraphs 1 through 142 as if fully set forth herein.

144.   Denies the averments of paragraph 144, except states that it is without information sufficient to form a belief as to the truth of the first sentence of paragraph 144, and refers to the referenced document for its contents.

145.   Denies the averments of paragraph 145, except refers to the referenced document for its contents.

146.   Denies the averments of paragraph 146 as they relate to IBM and states that it is without information sufficient to form a belief as to the truth of the averments of paragraph 146 as they relate to any other person or entity.

147.   Denies the averments of paragraph 147, except refers to the referenced document for its contents.

148.   Denies the averments of paragraph 148, except refers to the referenced document for its contents.

149.   Denies the averments of paragraph 149.

150.   Denies the averments of paragraph 150, except refers to the referenced code and documentation for their contents.

290602.1

151.    Denies the averments of paragraph 151.

152.    Denies the averments of paragraph 152, except refers to the referenced document for its contents.

153.    Denies the averments of paragraph 153.

154.    Denies the averments of paragraph 154, except refers to the referenced document for its contents.

155.    Denies the averments of paragraph 155.

156.    Denies the averments of paragraph 156, except refers to the referenced document for its contents, states that these averments purport to characterize the laws of the United States and do not require a response, and admits that IBM is subject to the laws of the United States and refers to those laws for their contents.

157.    Denies the averments of paragraph 157.

158.    Denies the averments of paragraph 158, except refers to the referenced document for its contents.

159.    Denies the averments of paragraph 159, except refers to the referenced document for its contents.

160.    Denies the averments of paragraph 160.

161.    Denies the averments of paragraph 161.

162.    Denies the averments of paragraph 162, except refers to the referenced documents for their contents, and admits that IBM continues to lawfully use certain UNIX software products and source code.

163.    Denies the averments of paragraph 163.

164.     Denies the averments of paragraph 164.

165.     Denies the averments of paragraph 165.

166.     Denies the averments of paragraph 166.

**FOURTH CAUSE OF ACTION**

167.     Repeats and realleges its answers to the averments contained in paragraphs 1 through 166 as if fully set forth therein.

168.     Denies the averments of paragraph 168, except states that it is without information sufficient to form a belief as to the truth of the first sentence of paragraph 168, and refers to the referenced document for its contents.

169.     Denies the averments of paragraph 169.

170.     Denies the averments of paragraph 170.

171.     Denies the averments of paragraph 171.

172.     Denies the averments of paragraph 172.

**FIFTH CAUSE OF ACTION**

173.     Repeats and realleges its answers to the averments contained in paragraphs 1 through 172 as if fully set forth therein.

174.     States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 174.

175.     Denies the averments of paragraph 175, except refers to the referenced documents for their contents, and admits that IBM continues to lawfully use AIX and Dynix, including source code and related materials.

290602.1

176.   Denies the averments of paragraph 176, except refers to the referenced documents for their contents, and admits that SCO purports to own the referenced copyrights.

177.   Denies the averments of paragraph 177, except refers to the referenced documents for their contents, and admits that SCO purports to own the referenced copyrights.

178.   Denies the averments of paragraph 178, except admits that SCO purports to have registered the referenced copyrights.

179.   Denies the averments of paragraph 179.

180.   Denies the averments of paragraph 180.

## SIXTH CAUSE OF ACTION

181.   Repeats and realleges its answers to the averments contained in paragraphs 1 through 180 as if fully set forth therein.

182.   States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 182.

183.   Denies the averments of paragraph 183.

184.   Denies the averments of paragraph 184.

185.   Denies the averments of paragraph 185.

186.   Denies the averments of paragraph 186.

188.   Denies the averments of paragraph 188 (SCO's first).

### SEVENTH CAUSE OF ACTION

187.    Repeats and realleges its answers to the averments contained in paragraphs 1 through 186 and 188 (SCO's first) as if fully set forth therein.

188.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 188 (SCO's second).

189.    Denies the averments of paragraph 189.

190.    Denies the averments of paragraph 190.

191.    Denies the averments of paragraph 191.

192.    Denies the averments of paragraph 192.

### EIGHTH CAUSE OF ACTION

193.    Repeats and realleges its answers to the averments contained in paragraphs 1 through 192 as if fully set forth therein.

194.    Denies the averments of paragraph 194, except refers to the referenced document for its contents.

195.    Denies the averments of paragraph 195, except refers to the referenced document for its contents.

196.    Denies the averments of paragraph 196, except refers to the referenced document for its contents.

197.    Denies the averments of paragraph 197, except refers to the referenced documents for their contents.

198.    Denies the averments of paragraph 198.

290602.1

199.    Denies the averments of paragraph 199, except admits that Novell purports to have registered copyrights relating to UNIX System V software.

200.    Denies the averments of paragraph 200, except refers to the referenced documents for their contents, and admits that IBM believes Novell has the right to waive and has properly waived the purported breaches by IBM of the software and sublicensing agreements.

201.    Denies the averments of paragraph 201, except refers to the referenced document for its contents.

202.    Denies the averments of paragraph 202, except refers to the referenced document for its contents.

203.    Denies the averments of paragraph 203, except refers to the referenced documents for their contents.

204.    Denies the averments of paragraph 204, except admits that IBM believes Novell has the right to waive and has properly waived the purported breaches by IBM of the software and sublicensing agreements.

205.    Denies the averments of paragraph 205.

206.    Denies the averments of paragraph 206.

207.    Denies the averments of paragraph 207.

### NINTH CAUSE OF ACTION

208.    Repeats and realleges its answers to the averments contained in paragraphs 1 through 207 as if fully set forth therein.

290602.1

209.    States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 209.

210.    Denies the averments of paragraph 210, except admits that IBM representatives attended Linux World in January 2003, and had contacts with various companies that also attended Linux World, including business partners of IBM.

211.    Denies the averments of paragraph 211, except admits that IBM is one of the world's largest information technology companies and is, we believe, well respected in the industry.

212.    Denies the averments of paragraph 212.

213.    Denies the averments of paragraph 213.

214.    Denies the averments of paragraph 214.

## PRAYER FOR RELIEF

States that the enumerated paragraphs 1-11 describing SCO's prayer for relief contain a request for relief as to which no response is required.  To the extent a response is required, IBM denies that SCO is entitled to the requested relief.

## GENERAL DENIAL

IBM denies each averment in the complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Defense

The complaint fails to state a claim upon which relief can be granted.

22

290602.1

<u>Second Defense</u>

SCO's claims are barred because IBM has not engaged in any unlawful or unfair business practices, and IBM's conduct was privileged, performed in the exercise of an absolute right, proper and/or justified.

<u>Third Defense</u>

SCO lacks standing to pursue its claims against IBM.

<u>Fourth Defense</u>

SCO's claims are barred, in whole or in part, by the applicable statutes of limitations.

<u>Fifth Defense</u>

SCO's claims are barred, in whole or in part, by the economic-loss doctrine or the independent-duty doctrine.

<u>Sixth Defense</u>

SCO's claims are barred by the doctrines of laches and delay.

<u>Seventh Defense</u>

SCO's claims are barred by the doctrines of waiver, estoppel, unclean hands, and unenforceability.

<u>Eighth Defense</u>

SCO's claims are improperly venued in this district.

<u>Ninth Defense</u>

SCO has failed, in whole or in part, to mitigate its alleged damages.

<u>Tenth Defense</u>

SCO's claims are barred by the doctrine of copyright misuse.

290602.1

## Eleventh Defense

SCO's claims are barred by the doctrines of copyright abandonment and forfeiture.

## Twelfth Defense

SCO's claims are barred because IBM holds a valid license to SCO's allegedly copyrighted works, and IBM has used those works solely within the scope of the license.

## Thirteenth Defense

SCO's claims are barred by the doctrine of fair use.

## Fourteenth Defense

SCO's claims are barred by the doctrine of independent creation.

290602.1

WHEREFORE, defendant IBM prays that this Court enter judgment in favor of IBM and against SCO, dismissing the Second Amended Complaint with prejudice and granting such other and further relief as the Court deems just and proper, including costs, disbursements and attorneys' fees.

DATED this 26th day of March, 2004

SNELL & WILMER LLP

Alan L. Sullivan
Todd M. Shaughnessy

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Counsel for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of counsel:

MORGAN & FINNEGAN LLP
Christopher A. Hughes
Richard Straussman
345 Park Avenue
New York, NY 10154
(212) 758-4800

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

25

290602.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2004, a true and correct copy of the

foregoing **DEFENDANT IBM'S ANSWER TO SCO'S SECOND AMENDED**

**COMPLAINT** was hand delivered to the following:

> Brent O. Hatch
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and sent by U.S. Mail, postage prepaid, to the following:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

> Kevin P. McBride
> 1299 Ocean Avenue, Suite 900
> Santa Monica, California 90401

290602.1