FILED

-5 APR 04 PM 4:54

DISTRICT OF UTAH

BY:_____

Brent O. Hatch (5715)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
David K. Markarian (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC. ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL BUSINESS ) <br> MACHINES CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | **PLAINTIFF SCO'S MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND THE SCHEDULING ORDER** <br><br> Case No. 2:03CV0294DAK <br><br> Judge Dale A. Kimball <br> Magistrate Judge Brooke C. Wells |

Pursuant to DUCiv 7-1(b), Plaintiff The SCO Group, Inc. ("SCO"), hereby submits this Memorandum in Support of its Motion to Amend the Scheduling Order.

130

## Introduction

SCO has moved to amend the Scheduling Order to extend certain deadlines in this case. Good cause exists to grant SCO's motion because: (1) after the Scheduling Order was entered, IBM filed 10 counterclaims, including 4 claims for patent infringement[1]; (2) discovery in this case was effectively stayed for four months; and (3) IBM's untimely responses to discovery have hindered orderly prosecution of the case.

In addition to its Motion to Amend the Scheduling Order, SCO has previously filed a Motion for Separate Trials to bifurcate the discovery and trial of IBM's unrelated patent counterclaims from the other pending claims and counterclaims. For the reasons detailed herein, the Scheduling Order should be amended to provide sufficient time for discovery on the non-patent claims. This proposed amendment to deadlines on the non-patent claims, however, does not obviate the necessity to separate pre-trial and trial of the unrelated patent counterclaims.

## Procedural Background

This action commenced when SCO filed its complaint against IBM on March 3, 2003. After requesting an extension of the time to respond to the complaint, IBM filed its Answer on April 30, 2003. One month later, on May 27, 2003, IBM filed an Amended Answer to SCO's complaint.

Soon thereafter, the parties jointly submitted to the Court their Attorneys' Planning Report and Proposed Scheduling Order. On the basis of that Planning Report and Proposed Scheduling Order, on June 20, 2003, Magistrate Judge Nuffer entered the Scheduling Order currently governing this case.

---

[1] IBM recently dropped one of its four patent claims.

On August 6, 2003, approximately six weeks after the Court established a schedule for the case, IBM responded to SCO's amended complaint (which had been filed prior to the entry of the Scheduling Order in June 2003) by answering but now also asserting 10 counterclaims, including four patent infringement counterclaims. IBM then amended its counterclaims (which then totaled 13) on September 25, 2003, and SCO answered on October 24, 2003. Recently, on March 26, 2004, IBM received permission to again amend its counterclaims, which now total 14. As of the date of filing this Motion to Amend the Scheduling Order, SCO has not responded to IBM's Second Amended Counterclaims, so the case is currently not at issue. These new counterclaims include IBM's request for a declaratory judgment ruling that "IBM does not infringe, induce the infringement of or contribute to the infringement of any SCO copyright through its Linux activities, including its use, reproduction and improvement of Linux, and that some or all of SCO's purported copyrights in Unix are invalid and unenforceable." These new claims further expand the scope of the case greatly beyond its posture when the original Scheduling Report and Scheduling Order were entered.

As explained below, "good cause" exists to amend the Scheduling Order in this case. Counsel for SCO has conferred with IBM regarding the need for amendment of the Scheduling Order, but IBM asserts that the approximately four months that remain before the deadline for fact discovery are sufficient to complete discovery on all claims in this case.

### Argument

"Federal Rule of Civil Procedure 16(b) gives district courts wide latitude in entering scheduling orders." *Burks v. Oklahoma Publishing Co.*, 81 F.3d 975, 978 (10th Cir. 1996). Once entered, district courts may modify scheduling orders upon a showing of "good cause," Fed. R.

3

Civ. P. 16(b), and their decisions are reviewed for abuse of discretion. *Id.* There is clearly "good cause" to modify the existing Scheduling Order in this case.

First, *after* the parties negotiated, and the Court entered the existing scheduling order, IBM filed ten counterclaims, including several claims of patent infringement. The impending assertion of counterclaims by IBM was not known to either SCO or the Court at the time the current schedule was adopted. As a result, the schedule put in place did not account for their injection into the case. This problem is compounded by the fact that several of IBM's counterclaims are for alleged patent infringement – allegations that relate to facts (and law) entirely distinct from the other issues implicated by SCO's complaint and the balance of IBM's non-patent counterclaims. The current schedule simply does afford adequate opportunity for SCO to prosecute its own claims and defend against the counterclaims asserted by IBM.

Second, discovery in this case was effectively stayed for over four months. In response to motions to compel filed by SCO and IBM, Magistrate Judge Wells entered an order on December 12, 2003, which stayed all discovery other than certain discovery actions of SCO covered by the order. *See* December 12, 2003 at 3. The Court "lift[ed] th[at] discovery stay it previously imposed" on March 3, 2004, and provided that both parties had another 45 days to comply with discovery that otherwise would have been due earlier. *See* March 3, 2004 Order at 3. The cessation of discovery during that period, combined with the 45 days allowed for the parties to provide required discovery, has had the effect of shortening the discovery period in the case, thereby making it impossible for SCO to prosecute its own claims and defend against IBM's counterclaims within the limited time remaining under the existing schedule.

Even assuming that IBM provides all documents responsive to SCO's first request for production by the new deadline of April 19, 2004, and also provides all documents responsive to

4

SCO's supplemental requests for production and fully answers SCO's supplemental interrogatories by that date, only three and one-half months would remain to complete non-expert discovery – including review and analysis of IBM's documents and discovery responses, and conducting dozens of depositions per side. Such a schedule would result in prejudicially and unnecessarily hurried discovery even if all information is disclosed timely and without objection by IBM – an expectation that is not warranted in light of IBM's prior conduct in this case.[2]

<u>Third</u>, IBM's conduct during discovery has frustrated SCO's ability to complete discovery in the time allotted under the Scheduling Order. For example, one of the most critical discovery items in this case has been the production of IBM's AIX and Dynix/ptx source code. After first claiming artificial limitations on such production (such as IBM claiming it would only produce the "base operating system") IBM asserted that it would provide the requested code, but it needed to get approval from third parties that also had their source code in IBM's products. IBM then waited months before sending out notices to the third parties. Eventually, in October 2003, IBM finally sent out notices to third parties and represented to SCO's counsel that the requested code would be provided by Thanksgiving 2003. No code was produced. Then, on the eve of the hearing on the competing motions to compel, IBM produced two CDs containing Dynix/ptx code. IBM still did not produce a single line of AIX code at that time. As noted above, at that hearing, the Court stayed discovery until March 3, 2004. The day after the stay was lifted, IBM sent AIX source code to SCO for the first time. In other words, one year after suit was filed, SCO finally obtained this critical information from IBM. The requested source code of AIX and Dynix provides information that goes to the core of this case. The wholesale failure of IBM to produce a

---

[2] IBM has already indicated its rolling document production will continue past the court imposed deadline.

single line of AIX code until one year after suit was filed has hampered SCO's ability to conduct necessary code comparisons and delayed the orderly prosecution of this action.

IBM's incomplete answers to interrogatories have also hindered SCO's ability to prosecute this action and defend against IBM's counterclaims. For example, in Interrogatory Number 2, SCO asked IBM for the identity of *all* persons with knowledge concerning any of the issues in this litigation. IBM, however, identified only IBM employees and former employees. When SCO moved to compel a more responsive answer on this interrogatory, IBM responded that it would voluntarily provide a complete answer and would not limit its response to current and former IBM employees. To date, IBM has yet to provide this complete answer – even though SCO provided a complete response to IBM with this information on October 10, 2003.

These examples are illustrative of persistent problems with IBM's discovery responses in this case. Given those responses, and given the significantly changed nature of the case after the original Scheduling Report and Scheduling Order were entered, as well as the stay of discovery from December 2003 until March 3, 2004, it is evident there is "good cause" to amend the Scheduling Order.

As the Advisory Committee notes to Rule 16 make clear, Rule 16(b) adopts the relatively liberal "good cause" standard in recognition that scheduling orders are required to be entered early in litigation, and that a stricter standard would encourage counsel to request the longest time possible for discovery out of fear an extension would not be granted. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1522.1 at 230-31; *see also* Adv. Comm. Notes to Rule 16(b). The need for scheduling order modifications is particularly warranted in large, complex cases (like this one) where "[d]evelopments in the litigation may call for subsequent modification of a scheduling order entered early in the litigation." Manual for Complex Litigation, Fourth, §

6

11.212. Although SCO has diligently pursued discovery since the inception of this case, it is now apparent that discovery cannot be completed in the time remaining under the existing schedule.

## Conclusion

For the foregoing reasons, SCO respectfully moves for amendment of the existing Scheduling Order. Specifically, SCO requests that the Scheduling Order be amended as follows:

1. The fact discovery deadline should be changed to May 18, 2005.

2. The expert discovery deadline should be changed to July 15, 2005. Moreover, as noted above, at the time that the original Scheduling Order was entered, the only claims that existed in this case were those of SCO. The expert disclosure and expert deposition schedule needs to be revised to reflect that the party with the burden of proof on a claim or defense that is relying upon an expert must be the first to disclose their expert and make that expert available for deposition. The initial report should be due on May 25, 2005. The opposing experts' reports therefore would be due on June 8, 2005, with counter-reports due on June 22, 2005.

3. The deadline for filing dispositive motions should be changed to July 27, 2005.

4. The deadline for disclosure of 26(a)(3) materials should be changed to August 3, 2005.

5. The deadline for the special attorney conference and for the settlement conference should be changed to August 15, 2005.

6. The final pre-trial conference should be changed to approximately August 30, 2005.

7. The trial period should be changed to approximately September 15, 2005.

DATED this 5th day of April, 2004.

Respectfully submitted,

By: _____

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER, L.L.P.
Stephen N. Zack
Mark J. Heise
David K. Markarian

8

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc. hereby certifies that a true and correct copy of **PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND THE SCHEDULING ORDER** was served on Defendant International Business Machines Corporation on this 5th day of April, 2004, by U.S. Mail, first class, postage prepaid, on their counsel of record as indicated below:

> Alan L. Sullivan, Esq.
> Todd M. Shaughnessy, Esq.
> Snell & Wilmer L.L.P.
> 15 West South Temple, Ste. 1200
> Gateway Tower West
> Salt Lake City, Utah 84101-1004
>
> Evan R. Chesler, Esq.
> David R. Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, NY 10019
>
> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York 10604

_/s/ Yarissa Campbell_