SNELL & WILMER, L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Nathan E. Wheatley (9454)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

FILED CLERK

2004 APR 12  P 5: 47

U.S. DISTRICT COURT
DISTRICT OF UTAH

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM-PLAINTIFF IBM'S RESPONSE TO SCO'S MOTION FOR SEPARATE TRIALS**<br><br>Civil No. 2:03CV0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

294093.1

132

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM"), through its undersigned counsel, respectfully submits this response to SCO's Motion for Separate Trials.

## ARGUMENT

SCO moves for a separate trial with respect to IBM's patent counterclaims. The motion should be denied without prejudice.

This case concerns the computer operating systems known as Unix and Linux.[1] SCO purports to have broad rights to these operating systems and alleges that IBM has deprived SCO of its alleged rights. IBM contends that SCO has misused, and is misusing, its purported rights to Unix and Linux (to extract windfall profits for its unjust enrichment) and that, although SCO claims to respect the intellectual property rights of others, it has infringed and is infringing a number of IBM copyrights and patents.

Since SCO filed suit, the parties have traded a number of claims and counterclaims. SCO has asserted nine claims against IBM.[2] IBM has asserted fourteen

---

[1] An operating system is a group of programs that allows a computer to operate by performing basic tasks such as recognizing input from the keyboard, keeping track of files, and controlling disk drives.

[2] SCO alleges: (1) breach of the IBM Software Agreement (Count 1); (2) breach of IBM Sublicensing Agreement (Count 2); (3) breach of the Sequent Software Agreement (Count 3); (4) breach of the Sequent Sublicensing Agreement (Count 4); (5) copyright infringement (Count 5); (6) unfair competition (Count 6); (7) interference with contract (Counts 7-8); (8) interference with business relationships (Count 9). IBM does not agree with SCO's statement of the facts underlying its claims, but we do not undertake to rebut those statements here as they are peripheral to this motion.

counterclaims against SCO.[3] SCO contends that IBM's patent claims should be split from the parties' other claims and tried separately. According to SCO, the patent claims are not only complex, but also they are distinct from the non-patent claims such that a separate trial for the patent claims would promote fairness, reduce prejudice and promote expedition and economy.

It is undisputed that the Court has considerable power to decide how a trial should be conducted and broad discretion to decide whether and how to separate claims and issues. Palace Exploration Co. v. Petroleum Dev. Co., 316 F.3d 1110, 1119 (10th Cir. 2003). It may make sense ultimately for the Court to adjudicate the claims and issues presented in more than one trial. Despite SCO's present motion, however, there is no reason for the Court to decide now whether to conduct more than one trial or, if there is to be more than one trial, which claims and issues should be tried in what trial.

At this stage of the case, it is not clear which, if any, claims or issues will require a trial. We believe that most (if not all) of the claims and issues in suit can and should be resolved by summary judgment, without the necessity of trial. Because SCO has not yet responded in full to IBM's discovery requests and only one deposition has been taken (of a third party), however, it is too soon to tell for sure how much and which parts of the case can be handled by summary consideration under Rule 56. The answer to these questions will be clear upon the resolution of dispositive motions; it is not clear now.

---

[3] IBM alleges: (1) breach of contract (Count 1); (2) Lanham act violation (Count 2); (3) unfair competition (Count 3); (4) intentional interference with prospective economic relations (Count 4); (5) unfair and deceptive trade practices (Count 5); (6) breach of the GNU General Public License (Count 6); (7) promissory estoppel (Count 7); (8) copyright infringement (Count 8); (9) declaratory judgment of noninfringement of copyrights (Counts 9-10); (10) patent infringement (Counts 11-13); (11) declaratory judgment (Count 14).

We do not disagree with SCO's assertion that the case is complex (though, frankly, SCO overstates the point). But that is not a reason to rush to split the case. Rather, that is exactly why this Court should defer ruling on how precisely to try the case. Because the case is complex, and we do not yet know enough about which claims and issues (if any) will require a trial, it is premature to determine how best to serve the pertinent interests. Only after discovery and pretrial motion practice will the Court be in a position meaningfully to determine which of the many possible trial plans best promotes fairness, reduces prejudice and promotes expedition and economy.

Courts commonly defer deciding how to separate claims and issues for trial until just before trial, and there is no reason why this Court should not take the same approach. See, e.g., Robinson v. Akins, No. 89 C 5413, 1990 WL 114608, at *2 (N.D. Ill. July 27, 1990) ("motions for separate trials should be explored at the pretrial conference stage and not before [because]...the trial issues will have been clarified by discovery and the resolution of various other pretrial motions"); McEwen v. Delta Air Lines, No. 85 C 06742, 1985 WL 5065, at *1 (N.D. Ill. Dec. 19, 1985) ("it seems the better part of discretion to defer any such possibility [of bifurcation] until the case shakes down through discovery—most likely until the parties have submitted the post-discovery pretrial order"); Banks v. Travelers Ins. Co., 60 F.R.D. 158, 163 (E.D. Pa. 1973) ("We believe there would be little gained by severing the claims at least before the end of discovery").[4]

---

[4] See Contini v. Hyundai Motor Co., 149 F.R.D. 41 (S.D.N.Y. 1993) ("bifurcation is premature at this stage of the litigation" because the defendant "expects to submit a motion for summary judgment" and the Court does "not know whether the motion [to bifurcate]...will become moot"); see also eBay, Inc. v. Bidder's Edge, Inc., No. C-99-21200 RMW, 2000 WL

4

In any event, splitting the patent and the non-patent claims for separate adjudication probably is not the best way to proceed, especially if the Court is disinclined to conduct more than two trials. According to SCO, the non-patent claims are the crux of the case and can be divided into at least three separate categories.[5] If SCO is correct (and remains correct after disposition of dispositive motions), then it will likely make sense for the non-patent claims to be the focus of any effort to separate claims and issues. The resolution of certain, discrete non-patent issues would dispose of most of what SCO calls the crux of the case. Moreover, the patent claims are simply not as unrelated to the non-patent claims as SCO contends; nor are they likely to be as unwieldly to try as SCO suggests. IBM alleges patent infringement with respect to the very products from which SCO alleges that IBM has misappropriated code (*i.e.*, Unixware) (compare SCO's Counts 1-4, with IBM's Counterclaims 11-12), and if not resolved on summary judgment (as we expect), IBM's patent claims are likely to present very few triable issues—issues that could easily be made a small part of a larger trial on non-patent issues.[6]

---

1863564, at *4 (N.D. Cal. July 25, 2000) (deferring decision on bifurcation until pretrial conference where "complete discovery will educate the parties regarding the strengths and weaknesses of their positions...."); Krueger v. New York Tel. Co., 163 F.R.D. 446, 447 (S.D.N.Y. 1995) (denying motion for bifurcation "because discovery is not yet complete [and] [t]he continuing development of the factual record in this case may well affect the issues to be tried....").

[5] According to SCO: "First, the parties each allege business tort claims, such as disparagement, unfair competition, and interference with actual or prospective contractual relations. Second, each alleges the other infringed its copyrights. Third, the parties seek, through this litigation, a determination of the meaning and consequences, if any, of their respective contributions to and distributions of Linux." (Pl.'s Mem. Supp. Mot. for Separate Trials, at 4.)

[6] If taken at face value, SCO's arguments would require that IBM's patent claims each be tried separately. SCO represents that "IBM's four patent counterclaims are as separable from one another as they are from the rest of the claims and issues in this lawsuit." (Pl.'s Mem. Supp. Mot. for Separate Trials, at 5.) While obviously different, the patent claims are not so different

5

294093.1

To support its request for a separate trial of the patent claims, SCO argues that the patent claims will require immense discovery, at least 18 additional months of it, and thus have to be tried separately to prevent delay in the resolution of the non-patent claims. As we will explain separately in our response to SCO's motion to extend the scheduling order and unnecessarily prolong the case, there is no reason to extend the discovery period on the patent claims (as to which IBM, not SCO, bears the burden to show infringement). The parties should be able to complete patent discovery on the current schedule and, in the event they are not, IBM is amenable to a brief extension of the discovery period to permit additional patent discovery without compromising the present trial date. In any case, whether the discovery period should be enlarged is obviously a separate issue from whether the Court should separate the patent and non-patent claims and issues for trial and cannot justify SCO's request for separate trials.

In sum, it may or may not make sense to segregate certain claims or issues for separate trials. There is, however, no reason to decide that now, especially when it is not clear which, if any, of the claims and issues presented will require a trial. SCO's motion should therefore be denied without prejudice to being renewed later in the case after the parties have properly met and conferred on the issues.

---

as to merit separate trials.

## CONCLUSION

For all of the foregoing reasons, SCO's motion should be denied without prejudice.

DATED this 12th day of April, 2004.

SNELL & WILMER L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Nathan E. Wheatley

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

Of counsel:

MORGAN & FINNEGAN LLP
Chrstopher A. Hughes
Richard Straussman
345 Park Avenue
New York, NY 10154
(212) 758-4800

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff International
Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2004, a true and correct copy of the foregoing was hand delivered to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

>Kevin P. McBride
>1299 Ocean Avenue, Suite 900
>Santa Monica, California 90401

_____