

DAVID W. SCOFIELD - 4140
**PETERS SCOFIELD PRICE**
*A Professional Corporation*
340 Broadway Centre
111 East Broadway
Salt Lake City, Utah 84111
Telephone: (801) 322-2002
Facsimile:  (801) 322-2003

Attorneys for S2 Strategic Consulting, LLC

---

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, et al., <br><br> Plaintiff and Counterclaim Defendant, <br><br> -vs- <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation, <br><br> Defendant and Counterclaim Plaintiff. | **OBJECTIONS TO SUBPOENA DUCES TECUM DIRECTED TO S2 STRATEGIC CONSULTING, LLC, AND RESPONSE** <br><br> Case No. 2:03CV-0294DAK <br><br> Judge Dale A. Kimball |

S2 Strategic Consulting, LLC ("S2"), by and through its undersigned counsel, objects to the subpoena duces tecum issued to S2 by International Business Machines Corporation ("IBM") on or about March 24, 2004, and in support of its objections, represents as follows:

1. S2 is not a party to the above-referenced litigation. Most of the documents identified in the subpoena appear to be documents in the custody and/or

136

possession of the parties to this litigation and are unrelated to S2.

2. S2 objects to the subpoena on grounds that some of the information sought is confidential and/or proprietary, which S2 protects from its competitors. Moreover, some of the information sought relates to clients of S2, which S2 is prohibited from disclosing pursuant to contract, and/or informal agreement. In the absence of an appropriate protective order in these proceedings, S2 will not provide such information to the extent that S2 is in possession of such information.

3. S2 objects to the subpoena to the extent that production of such documents requires the formation of a legal conclusion in determining what documents may be responsive.

4. S2 objects to the subpoena on grounds that the information sought is under the control of third parties and is, therefore, as easily accessible to IBM as it is to S2.

5. S2 objects to the subpoena on grounds that this request for information is overly broad, burdensome and oppressive. Further, the request for information is so vague as to leave S2 unable to determine the relevant information being sought.

6. S2 objects to the subpoena to the extent that it seeks information that is privileged, in whole or in part, as attorney-client communication.

7. S2 reserves the right to amend these responses, to correct any inadvertent errors, or otherwise to supplement its responses if responsive documents are uncovered later that were not located by the time of S2's initial response.

Each of the foregoing objections is hereby incorporated by this reference into each response, below:

**REQUEST NO 1**: All documents concerning this Lawsuit (including SCO's claims and IBM's defenses and counterclaims), including but not limited to all documents concerning: (a) SCO's alleged evidence in support of its claims; and (b) any statement, affidavit, declaration, analysis, assessment or opinion concerning this Lawsuit or SCO's alleged rights or evidence.

**RESPONSE**: Objection. S2 objects that Request for Production No. 1 calls for S2 to make legal conclusions as to what may or may not be pertinent to litigation to which it is not a party. S2 further objects that any documents that it possesses relating to services provided to SCO, or communications with SCO or others relating to its work for SCO, are subject to the contention that they are covered by an ostensible confidentiality agreement between SCO and S2. S2 therefore exercises it rights pursuant to paragraph 10 of the Stipulated Protective Order entered herein on September 16, 2003 (the "SPO"), and provides this date notice to SCO of the subpoena duces tecum, in conformity with such order. S2 also objects that the document request is overly broad, vague and ambiguous. S2 reserves all of its rights with respect to its agreements with SCO. Without waiver of those objections, S2 responds that it has in its possession, custody and control documents that relate to its agreement to provide services to SCO, that will be produced only in accordance with paragraph 10 of the SPO.

3

**REQUEST NO. 2**: All documents concerning any communications with SCO and/or Canopy

**RESPONSE**: Objection. S2 objects that any documents that it possesses relating to services provided to SCO, or communications with SCO or others relating to its work for SCO, and its communications, are subject to the contention that they are covered by an ostensible confidentiality agreement between SCO and S2. S2 therefore exercises it rights pursuant to paragraph 10 of the Stipulated Protective Order entered herein on September 16, 2003, and provides this date notice to SCO of the subpoena duces tecum, in conformity with such order. S2 also objects that the document request is overly broad, vague and ambiguous. Without waiver of those objections, S2 responds that it has in its possession, custody and control documents that entail communications between it and SCO, that will be produced only in accordance with paragraph 10 of the SPO. S2 is unaware of any such documents within its possession, custody or control as relates to Canopy.

**REQUEST NO. 3**: All documents concerning any meetings with SCO and/or Canopy.

**RESPONSE**: Objection. S2 objects that any documents that it possesses relating to services provided to SCO, or communications with SCO or others relating to its work for SCO, and its meetings, are subject to the contention that they are covered by an ostensible confidentiality agreement between SCO and S2. S2 therefore exercises it rights pursuant to paragraph 10 of the Stipulated Protective Order entered

4

herein on September 16, 2003, and provides this date notice to SCO of the subpoena duces tecum, in conformity with such order. S2 also objects that the document request is overly broad, vague and ambiguous. Without waiver of those objections, S2 responds that it has in its possession, custody and control documents that relate to meetings between it and SCO, that will be produced only in accordance with paragraph 10 of the SPO. S2 is unaware of any such documents within its possession, custody or control as relates to Canopy.

**REQUEST NO. 4**: All documents concerning any agreements or understandings (written or oral) with or relating to SCO and/or Canopy.

**RESPONSE**: Objection. S2 objects that any documents that it possesses relating to services provided to SCO, or communications with SCO or others relating to its work for SCO, and its agreements, are subject to the contention that they are covered by an ostensible confidentiality agreement between SCO and S2. S2 therefore exercises it rights pursuant to paragraph 10 of the Stipulated Protective Order entered herein on September 16, 2003, and provides this date notice to SCO of the subpoena duces tecum, in conformity with such order. S2 also objects that the document request is overly broad, vague and ambiguous. Without waiver of those objections, S2 responds that it has in its possession, custody and control documents concerning agreements between it and SCO, that will be produced only in accordance with paragraph 10 of the SPO. S2 is unaware of any such documents within its possession, custody or control as relates to Canopy.

5

**REQUEST NO. 5**: All documents concerning any communications with Microsoft Corporation ("Microsoft").

**RESPONSE**: Objection. S2 objects that any documents that it possesses relating to services provided to SCO, or communications with SCO or others relating to its work for SCO, and its communications, are subject to the contention that they are covered by an ostensible confidentiality agreement between SCO and S2. S2 therefore exercises it rights pursuant to paragraph 10 of the Stipulated Protective Order entered herein on September 16, 2003, and provides this date notice to SCO of the subpoena duces tecum, in conformity with such order. S2 also objects that the document request is overly broad, vague and ambiguous. S2 finally objects in that it engages in a substantial amount of business dealings relating to Micrsoft that are utterly unrelated to any other entities reference in the subpoena, which dealings are confidential and proprietary to S2. Without waiver of those objections, S2 responds that it has in its possession, custody and control documents that entail communications between it and Microsoft, that relate to parties in this litigation, that will be produced only in accordance with paragraph 10 of the SPO. S2's documents pertaining to its own, unrelated, confidential and proprietary business dealings with Microsoft will not be produced.

**REQUEST NO. 6**: All documents concerning any meetings with Microsoft.

**RESPONSE**: Objection. S2 objects that any documents that it possesses relating to services provided to SCO, or communications with SCO or others relating to its work for SCO, and its communications, are subject to the contention that they are

covered by an ostensible confidentiality agreement between SCO and S2. S2 therefore exercises it rights pursuant to paragraph 10 of the Stipulated Protective Order entered herein on September 16, 2003, and provides this date notice to SCO of the subpoena duces tecum, in conformity with such order. S2 also objects that the document request is overly broad, vague and ambiguous. S2 finally objects in that it engages in a substantial amount of business dealings relating to Micrsoft that are utterly unrelated to any other entities reference in the subpoena, which dealings are confidential and proprietary to S2. Without waiver of those objections, S2 responds that it has in its possession, custody and control documents that concern meetings between it and Microsoft, that relate to parties in this litigation, that will be produced only in accordance with paragraph 10 of the SPO. S2's documents pertaining to its own, unrelated, confidential and proprietary business meetings with Microsoft will not be produced.

**REQUEST NO. 7**: All documents concerning any meetings with BayStar.

**RESPONSE**: S2 is unaware of any such documents within its possession, custody or control.

**REQUEST NO. 8**: All documents concerning any meetings with BayStar.

**RESPONSE**: S2 is unaware of any such documents within its possession, custody or control.

**REQUEST NO. 9**: All documents concerning any communications with Royal Bank of Canada ("RBC").

**RESPONSE**: S2 is unaware of any such documents within its possession,

custody or control.

**REQUEST NO. 10**: All documents concerning any meetings with RBC.

**RESPONSE**: S2 is unaware of any such documents within its possession, custody or control.

**REQUEST NO. 11**: All documents concerning any services performed for SCO and/or Canopy, including but not limited to all services performed pursuant to the contract dated July 1, 2003 between SCO Operating, Inc. and S2 Strategic Consulting, LLC.

**RESPONSE**: Objection. S2 objects that any documents that it possesses relating to services provided to SCO, or communications with SCO or others relating to its work for SCO, and its agreements, are subject to the contention that they are covered by an ostensible confidentiality agreement between SCO and S2. S2 therefore exercises it rights pursuant to paragraph 10 of the Stipulated Protective Order entered herein on September 16, 2003, and provides this date notice to SCO of the subpoena duces tecum, in conformity with such order. S2 also objects that the document request is overly broad, vague and ambiguous. Without waiver of those objections, S2 responds that it has in its possession, custody and control documents concerning agreements between it and SCO, that will be produced only in accordance with paragraph 10 of the SPO.

DATED this 19th day of April, 2004.

PETERS SCOFIELD PRICE
*A Professional Corporation*

_____
DAVID W. SCOFIELD
Attorneys for S2 Strategic Consulting, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing **OBJECTIONS TO SUBPOENA DUCES TECUM DIRECTED TO S2 STRATEGIC CONSULTING, LLC, AND RESPONSE** was delivered via e-mail, this 19th day of April, 2004, to the following:

Amy Sorenson
SNELL & WILMER
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
e-mail: asorenson@swlaw.com

Brent O. Hatch
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
e-mail: bhatch@hjdlaw.com

_____
David W. Scofield

9