FILED CLERK

2004 APR 19 P 8:41

U.S. DISTRICT COURT
DISTRICT OF UTAH

Brent O. Hatch (5715)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
David K. Markarian (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC. | |
| Plaintiff, | **PLAINTIFF SCO'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SEPARATE TRIALS** |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | Case No. 2:03CV0294DAK |
| Defendant. | Judge Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |



137

IBM acknowledges that this court "has considerable power to decide how a trial should be conducted and broad discretion to decide whether and how to separate claims and issues." IBM's Response, p. 3. IBM also concedes that this case is very complex, and that "it may *make sense* ultimately for the Court to adjudicate the claims and issues presented in more than one trial." IBM Response, pp. 3, 4. (emphasis added). Most importantly, IBM scarcely denies that its patent counterclaims have *nothing to do with this case*, devoting a mere two sentences of its Response Brief to this critical issue. And in those two sentences, IBM admits that the counterclaims are *unrelated* and *unwieldy*, claiming only (without showing) that they are not "*as* unrelated" and "*as* unwieldy" as SCO has shown in its motion. Moreover, the many factual points SCO demonstrated in its motion proving that separate trials are warranted are unrefuted in IBM's Response Brief.

With the essential facts undisputed, IBM's sole argument in opposition to SCO's motion for separate trials is that this Court should defer decision of this issue until a later date – indeed, IBM suggests that the motion be denied *without* prejudice. IBM's justification for deferring ruling on an issue that requires immediate attention is two fold. First, IBM hypothesizes that "most (if not all) of the claims and issues in the suit can and should be resolved by summary judgment...." IBM Response, p. 3. Second, IBM believes that the discovery and *Markman* hearings required for the three remaining patent claims[1] can be begin and end in approximately 3 months. IBM Response, p. 6. Neither proposition justifies combining the pre-trial and trial of the admittedly unrelated patent claims with the remainder of the litigation.

In contrast to IBM's "wait and see" suggestion, SCO has already identified multiple grounds for separating discovery and trial of the patent counterclaims from other claims in this

---

[1] After requesting that SCO further identify IBM's inequitable conduct before the Patent and Trademark Office, IBM voluntarily dismissed one of its four patent counterclaims.

2

case. SCO's motion detailed the ways it would be prejudiced if forced to litigate the patent counterclaims injected by IBM into the case at the same time as the non-patent issues. Examples of this prejudice include the fact that SCO and IBM currently have only approximately 3 months remaining within which to complete non-expert discovery and are allocated 40 depositions each. IBM's remaining patent counterclaims *alone* could require as many as 65 additional depositions to resolve the 40 patents claims they raise. The resolution of these unrelated patent counterclaims could delay the litigation by at least 18 months, as the court must hold *Markman* hearings and resolve the countless technical issues such claims represent. Worse, SCO has yet to see a single document from IBM in response to SCO's discovery supporting its patent claims, so SCO is hardly in a position to initiate the required patent depositions or even prepare for them. If the patent counterclaims are not separated so that the remainder of the case can proceed to trial, these admittedly unrelated counterclaims will impede the orderly preparation of this case, including *doubling* the already considerable pre-trial and trial time needed to bring this matter to resolution. IBM, on the other hand, does not claim that it will be prejudiced by separating the patent and non-patent issues.

    Ignoring the impact on SCO of having to conduct *discovery* of both the patent and non-patent claims at the same time, IBM instead relies on cases where courts exercised their discretion to defer ruling on motions to separate trials. None of those cases supports the idea that a district court must or should postpone such a decision until after discovery. Moreover, not a single one of IBM's cases involved patents, while numerous cases cited in SCO's motion specifically related to separating patent claims. IBM has not endeavored to distinguish any of these cases, all of which fully support separating the unrelated patent counterclaims from the remainder of the litigation.

For the foregoing reasons, SCO respectfully requests that the Court enter an order separating for discovery and trial IBM's four patent counterclaims from the other claims in the case.

DATED this 19th day of April, 2004.

Respectfully submitted,

By: *[signature]*

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Stephen N. Zack
Mark J. Heise
David K. Markarian

*Counsel for Plaintiff/Counterclaim defendant*

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, hereby certifies that a true and correct copy of **PLAINTIFF SCO'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SEPARATE TRIALS** was served on Defendant International Business Machines Corporation on this 19th day of April, 2004, by U.S. mail to:

> Evan R. Chesler, Esq.
> David Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, NY 10019
>
> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York 10604
>
> Alan L. Sullivan, Esq.
> Todd Shaughnessy, Esq.
> Snell & Wilmer L.L.P.
> 15 West South Temple, Ste. 1200
> Gateway Tower West
> Salt Lake City, Utah 84101-1004

*[signature]*