Brent O. Hatch (5715)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
David K. Markarian (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower, Ste. 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff/Counterclaim Defendant*

FILED
2004 APR 23 P 6: 10
U.S. DISTRICT COURT
DISTRICT OF UTAH

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO SEPARATE OR STAY, COUNTS NINE, TEN AND FOURTEEN OF COUNTERCLAIM-PLAINTIFF IBM'S SECOND AMENDED COUNTERCLAIMS AGAINST SCO<br><br>Case No. 2:03CV0294DAK<br><br>Hon. Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

142

Plaintiff/Counterclaim-Defendant The SCO Group ("SCO"), by and through undersigned counsel, hereby moves the Court pursuant to Federal Rule of Civil Procedure 12(b) for dismissal, or, in the alternative, to stay or separate, pursuant to Federal Rule of Civil Procedure 42(b), counts Nine, Ten and Fourteen of Counterclaim-Plaintiff International Business Machines Corporation's ("IBM") Second Amended Counterclaims against SCO.

SCO bases its Motion to dismiss/stay or separate on the following grounds:

In counts Nine and Ten of IBM's "Second Amended Counterclaims Against SCO" IBM seeks a declaratory judgment that IBM has not infringed on any SCO copyrights because, allegedly, SCO's copyrights are invalid. The issue of the validity of SCO's copyrights is pending in litigation in Nevada. In count Fourteen, IBM seeks a declaratory judgment that all of IBM's contentions in its numerous other counterclaims against SCO are valid and should be declared so, and that all claims SCO has made against IBM in SCO's Complaint are invalid. These counterclaims should be dismissed in that they are redundant of issues already presented in this litigation and in the pending Nevada litigation.

Count Fourteen is no more than a sweeping reiteration of the core issues in this case, repackaged as a declaratory judgment request. Courts have frequently declined to issue a declaration, where redundant of the relief sought in its other counts, because the relief sought will be afforded, if at all, in the other counts. As such, this Court should decline to exercise jurisdiction over Count Fourteen of IBM's Second Amended Counterclaims Against SCO on the basis that it is redundant of IBM's allegations in other counts, as well as SCO's allegations in other counts.

2

Counts Nine and Ten raise issues that are redundant of those presented in the prior filed Nevada action and therefore should be dismissed or stayed. Having the validity of SCO's copyrights determined in this action as well in the federal court in Nevada would entail duplication of judicial efforts and run the risk of varying adjudications. Moreover, two federal courts should not simultaneously be determining whether the same copyrights are valid. Counts Nine and Ten should be dismissed or stayed pending the Nevada litigation.

Alternatively, Counts Nine and Ten should be separated pursuant to Federal Rule of Civil Procedure Rule 42(b). IBM's copyright counts are separable and can therefore by bifurcated. Because the copyright counts would needlessly complicate litigation that both parties concede is already highly complex, separating counts Nine and Ten would also be convenient for the parties. In addition, if counts Nine and Ten are not separated, SCO may be prejudiced by the potential confusion these counts present to the jury as well as the time, cost, and delay defending the copyright counts would entail. Finally, this court and the parties would benefit enormously, by way of expedition and economy, if Counts Nine and Ten were separated.

SCO's Motion is supported by the Memorandum in Support of Motion to Dismiss, or, in the Alternative, to Separate or Stay, Counts Nine, Ten and Fourteen of Counterclaim-Plaintiff IBM's Second Amended Counterclaims Against SCO submitted concurrently herewith.

DATED this 23rd day of April, 2004.

        Respectfully submitted,

        HATCH, JAMES & DODGE, P.C.
        Brent O. Hatch
        Mark F. James

        BOIES, SCHILLER & FLEXNER LLP
        Stephen N. Zack
        Mark J. Heise
        David K. Markarian
        (admitted pro hac vice)

By: /s/ Brent O. Hatch
        Brent O. Hatch

*Counsel for Plaintiff/Counterclaim defendant*

4

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be mailed, postage prepaid, this ____ day of April, 2004, to the following:

Evan R. Chesler, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

Alan L. Sullivan, Esq.
Snell & Wilmer L.L.P.
15 West South Temple, Ste. 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004

_____