FILED

Brent O. Hatch (5715)
Mark R. Clements (7172)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
David K. Markarian (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower, Ste. 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO STAY COUNT TEN OF PLAINTIFF IBM'S SECOND AMENDED COUNTER-CLAIMS AGAINST SCO** <br><br> Case No. 2:03CV0294 DAK <br><br> Hon. Dale A. Kimball <br><br> Magistrate Judge Brooke Wells |



Plaintiff/Counter-Defendant The SCO Group, Inc. ("SCO"), by and through undersigned counsel, hereby submits its Memorandum in Support of its Motion to Dismiss or Stay Count Ten of Counter-Plaintiff IBM's Second Amended Counterclaims Against SCO.

## INTRODUCTION

On March 29, 2004, Defendant/Counter-Plaintiff International Business Machines Corp. ("IBM") filed its "Second Amended Counterclaims Against SCO." In Count Ten of that pleading, IBM added an entirely new claim seeking a declaratory judgment "that IBM does not infringe, induce infringement of, or contribute to the infringement of any SCO copyright through its Linux activities, including its use, reproduction and improvement of Linux, and that some or all of SCO's purported copyrights in UNIX are invalid and unenforceable." ¶ 173. In other words, IBM is seeking to declare that a person or entity using Linux does not infringe upon SCO's copyrights and that some or all of SCO's copyrights are invalid or unenforceable. This precise issue will be litigated in a case filed by SCO against AutoZone in federal district court in Nevada; a case filed prior to IBM filing its Tenth Counterclaim. *See The SCO Group Inc. v. AutoZone, Inc.*, Case No. CV-S-04-0237-DWH-LRL (D. Nev. 2004). This newly added counterclaim raises issues separate and apart from the primary breach of contract and other direct claims and counterclaims in this case.[1] Given this fact, and to avoid multiple suits determining substantially similar issues, this Court should decline to exercise jurisdiction over and dismiss Counterclaim Ten. In the alternative, Counterclaim Ten should be stayed pending the outcome in the prior filed *AutoZone* case.

---

[1] These copyright claims, likewise, have nothing to do with the patent counterclaims, which are separate and apart from all other claims in the case and therefore are the subject of a pending motion for separate trial.

## ARGUMENT

The federal declaratory judgment statute provides "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. While this statute vests the federal courts with power and competence to issue a declaration of rights, *see Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (per curiam), the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts. *Id; see also St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F. 3d 1167, 1168 (10th Cir. 1995); *Sierra Club v. Yeutter*, 911 F.2d 1405, 1420 n. 8 (10th Cir.1990). Stated differently, "[t]he Declaratory Judgment Act was an authorization, not a command. It gave federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affair Assoc. v. Rickover*, 369 U.S. 111, 112 (1962). Accordingly, any review of this Court's decision to abstain from exercising federal declaratory judgment jurisdiction is limited to deciding whether the court abused its discretion. *Runyon*, 53 F. 3d at 1168.

### Count Ten Raises Issues That Are Not At Issue Here And That Are Redundant of Those Presented In A Prior Filed Action and Therefore Should be Dismissed or Stayed.

The only copyright claim SCO has asserted against IBM is primarily for IBM's continuing use of AIX and Dynix after SCO terminated IBM's UNIX licenses. *See* Second Amended Complaint, Count V. The Second Amended Complaint, however, does not contain a claim against IBM for copyright infringement arising out of its use, reproduction or improvement of Linux. With SCO's Second Amended Complaint being the final amendment and not containing a claim for infringement arising out of IBM's Linux activities, the need for IBM's Tenth Counterclaim seeking such a declaratory judgment is nil.

3

Although SCO has not sued IBM for copyright infringement arising out of "IBM's use, reproduction and improvement of Linux" (¶171), IBM's Tenth Counterclaim nonetheless seeks a "Declaratory Judgment of Noninfringement of Copyright" arising out of IBM's Linux activities. (¶ 173). However, as IBM acknowledges in its counterclaim, SCO filed an earlier copyright action arising from another company's similar act of using Linux. (¶¶ 79-80). This earlier filed copyright claim by SCO against another user of Linux implicates the same question presented by IBM's counterclaim: Whether Linux infringes SCO's copyrights? Indeed, as detailed below, that case also will determine the enforceability of SCO's claims of infringement arising from the use of Linux, including the enforceability of SCO's copyrights. Moreover, the precise issue of copyright infringement arising from the use of Linux is the sole issue in that case, unlike here, where there exist many complex claims. Under these circumstances, this Court should dismiss or stay Count Ten of IBM's Second Amended Counterclaims.

In the *AutoZone* case referred to in IBM's Second Amended Counterclaims, the issues of whether the use and reproduction of Linux infringes SCO's copyrights is squarely at issue. A copy of the Complaint in that action is attached as Exhibit A (of which this Court can take judicial notice).[2] In that case, SCO has alleged that AutoZone "has infringed and will continue to infringe SCO's copyrights in and relating to Copyrighted Materials by using, copying, modifying, and/or

---

[2] Federal Rule of Evidence 201; *see also St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that federal courts may take notice of proceedings in other courts, both within and outside of the federal judicial district if those proceedings have a direct relation to matters at issue). In addition, because IBM relied upon the *AutoZone* filing in the Second Amended Counterclaim, this Court may properly consider that Complaint filed in *AutoZone* in ruling on the motion to dismiss. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (stating, "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

distributing parts of the Copyrighted Materials, or derivative works based on the Copyrighted Materials in connection with its implementations of one or more versions of the Linux operating system, inconsistent with SCO's exclusive rights under the Copyright Act." AutoZone Complaint, ¶21. Thus, in defending against a claim of infringement based on its use of Linux, AutoZone will be litigating the same issues that IBM seeks to inject in this case through Count Ten.[3]

Determining in this case the enforceability of SCO's copyrights and whether Linux infringes SCO's copyrights at the same time the issue is being litigated in the federal court in Nevada would entail unnecessary duplication of judicial efforts and run the risk of varying adjudications. With an actual case or controversy regarding whether Linux infringes upon SCO's copyrights pending in another courthouse, this Court should dismiss Count Ten or stay it until the Nevada court has resolved the issue of whether use of Linux infringes SCO's copyrights. Certainly, two federal courts should not simultaneously be determining whether the same copyrights are infringed. This is precisely why federal courts, as noted above, have discretion to entertain declaratory judgment requests. Here, with the plethora of complex issues already pending in this action, this Court should exercise its discretion on this declaratory judgment claim and dismiss Count Ten.

If this Court is inclined to retain jurisdiction over Count Ten, then it should stay the action pending the outcome of the previously filed Nevada action. The stay that SCO seeks here is

---

[3] The only issue that arguably would not be decided by the federal court in Nevada is whether IBM's improvements to Linux infringe upon SCO's copyrights. If this Count Ten was merely based on infringement arising from IBM's improvements to Linux, then SCO would not have sought dismissal or a stay. In fact, the issue of the impropriety of IBM's improvements to Linux is part of the basis for IBM's *Ninth* Counterclaim, also entitled "Declaratory Judgment of Noninfringement of Copyrights," which arises out of IBM's distribution of AIX and Dynix. (¶ 165). SCO did not move to dismiss or stay that count.

virtually identical to that sought in *Apex Hosiery Co. v. Knitting Machines Corp.*, 90 F. Supp. 763 (D. Del. 1950). In that case, Apex brought suit against Knitting Machines for a declaratory judgment on the validity of certain patents. The federal court noted that there was a prior filed suit already pending against another user of similar machinery where the validity of the patents would be heard. Noting that "the needless and burdensome trouble and expense of litigating two identical suits at the same time and at different places [could] be obviated," the court ruled that the Apex case should be stayed. *Id.* These same issues appear here and compel that IBM's later filed, redundant claim be stayed.

## CONCLUSION

Count Ten presents issues already before another federal court, and, on that basis, should be dismissed or, at a minimum stayed pending the outcome of the prior filed *AutoZone* case pending in Nevada.

DATED this 23rd day of April, 2004.

Respectfully submitted,

By: *[signature]*

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Stephen N. Zack
Mark J. Heise
David K. Markarian

*Counsel for Plaintiff/Counterclaim defendant*

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.