FILED

14 MAY 04 PH 3:15

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

SNELL & WILMER LLP
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
15 West South Temple
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>               Plaintiff/Counterclaim-Defendant,<br><br>-against-<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>               Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM-**<br>**PLAINTIFF IBM'S MEMORANDUM**<br>**IN OPPOSITION TO SCO'S**<br>**MOTION TO AMEND THE**<br>**SCHEDULING ORDER**<br><br>Civil No. 2:03CV-0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

148

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum in opposition to the motion of The SCO Group, Inc. ("SCO") to amend the scheduling order.

**Preliminary Statement**

SCO commenced this litigation in March 2003, more than a year ago.  Trial is currently scheduled for April 2005, nearly one year from now.  Yet, due entirely to delays occasioned by SCO's own discovery misconduct, SCO now seeks a nine-month extension of the fact discovery deadline to May 2005, and a five-month extension of the trial date, to September 2005.  There is no "good cause" for such an extension, especially in light of SCO's failure to diligently proceed with discovery.  Fed. R. Civ. P. 16(b).

SCO's principal allegation in this case is that IBM has misused source code from a computer operating system, known as UNIX System V, to which SCO claims to have acquired rights.  According to SCO, IBM has improperly "dumped" source code from IBM's own AIX and Dynix operating system programs—code that SCO claims is derived from UNIX System V code—into the Linux operating system.  Linux is a software program that was pioneered in 1991 by an undergraduate student named Linus Torvalds, and has since been continuously developed over the Internet by thousands of programmers worldwide.

More than a year after it filed suit, however, despite repeated requests from IBM and in disregard of two Court orders, SCO still refuses to identify the specific code from UNIX System V that IBM is claimed to have misused, either in violation of IBM's licenses for UNIX

- 2 -

System V with SCO's alleged predecessor-in-interest, AT&T, or the UNIX System V copyrights SCO claims to have been assigned.

As is explained in IBM's Counterclaims, SCO's claims in this litigation are part of a broader campaign (which has resulted in four other lawsuits so far) to create fear, uncertainty and doubt in the marketplace about Linux in general, and IBM's products in particular. It is plain from SCO's conduct during discovery that SCO seeks to stall the prosecution of this action for as long as possible, in furtherance of this improper scheme. Indeed, SCO's CEO has claimed he is content to let this lawsuit "drag on", based on the theory that SCO is entitled to "nearly one billion dollars [in damages] per week."[1] SCO already claims it is entitled to up to $50 billion in damages.[2]

Since this suit began in March 2003, SCO has publicly touted its evidence of IBM's alleged misconduct, but has resisted disclosing the supposed evidence to IBM.[3] In fact SCO's Chief Executive Darl McBride commented in an interview that SCO was "fine to go to

---

[1]   Annabelle Bouard, "Darl McBride Interview", 01net.com, Oct. 22, 2003, at http://www.01net.com/article/220196.html (translated from French). See also Barbara Darrow, "CRN Interview: SCO's Darl McBride and Chris Sontag, CRN.com, Nov. 18, 2003, at http://www.crn.com/sections/BreakingNews/dailyarchives.asp?ArticleID=46153 ("We're sort of fine to let [this case] tick", "because the longer it goes, when we actually end up in the courtroom, we can go back to June 13, 2003, and add damages").

[2]   Thor Olavsrud, "SCO Terminates IBM's AIX License", internetnews.com, June 16, 2003, at http://www.internetnews.com/dev-news/article.php/2222691.

[3]   In an interview with CNet News in August 2003, for example, SCO's Chief Executive Darl McBride claimed that SCO had found a "mountain of code" improperly contributed to Linux. Lisa M. Bowman, "SCO Puts Disputed Code in the Spotlight", CNET News.com, Aug. 18, 2003, at http://news.com.com/2100-1016_3-5065286.html?tag=fd_lede1_hed.

court just on what we have before discovery."[4]  SCO has gone so far as to communicate with the world's largest corporations both to inform them of IBM's alleged wrongdoing and to threaten action against those companies for their own alleged misuse of UNIX System V and Linux.[5]

In contrast to its public assertions, SCO's conduct during discovery reflects a remarkable pattern of delay and obfuscation.  For example, when SCO first commenced this case in March 2003, which SCO announced in the media with much fanfare, the centerpiece of its case was a claim for the misappropriation of trade secrets.  After IBM pressed SCO to identify exactly which trade secrets IBM was alleged to have misappropriated, SCO consistently refused to identify any such trade secrets, even after being ordered to do so by the Court.  At last conceding that it could not identify any trade secrets, SCO finally abandoned the claim, but only in March 2004 after dragging out the claim for a full year.

SCO has similarly delayed in providing full and complete responses to IBM's discovery requests relating to SCO's remaining claims.  In particular, after all this time, SCO continues to fail to identify exactly what source code from UNIX System V is at issue in the case.  SCO rebuffed repeated requests from IBM to identify such code, forcing IBM to file two motions to compel.  The Court granted both of IBM's motions in December 2003, and

---

[4]  Peter Williams, "Interview: SCO Chief Darl McBride Part 1", Computing, June 25, 2003, at http://www.computing.co.uk/News/1141808.

[5]  Indeed, in recent months, SCO has filed suit against Novell, Inc., AutoZone, Inc., and the DaimlerChrysler Corporation relating to its purported rights to UNIX System V and Linux.

298748.1

specifically directed SCO, among other things, to "identify and state with specificity the source code(s) that SCO is claiming form the basis of their action against IBM" within 30 days.

After SCO failed to comply with the Court's first order in numerous respects, including failing once more to identify specifically what code in UNIX System V was allegedly misused by IBM and to produce certain categories of documents SCO was ordered to produce, the Court entered a second order in March 2004. This order directed SCO once again to "fully comply within 45 days . . . with the Court's previous order dated December 12, 2003". Although SCO provided additional information to IBM in April 2004, this information still falls short of what it was ordered to provide by the Court. For instance, despite the clear direction by the Court, SCO failed to even attempt "to provide and identify all specific lines of code from Unix System V from which IBM's contributions from AIX or Dynix are alleged to be derived". Although SCO alleges that IBM has improperly contributed to Linux certain source code from AIX and Dynix that is derived from source code in UNIX System V, SCO still has not identified the specific UNIX System V code that is at issue.

In a revealing interview, a SCO Vice President recently stated that SCO's strategy in this case is not to "put everything on the table at the start, but instead [to] bring out arguments and evidence piece by piece".[6] SCO should not be permitted to further manufacture delay in this case, so as to foster further fear, uncertainty and doubt about Linux and about IBM's products and services.

---

[6] Holger Dambeck, "Linux Hunter SCO Puts Everything On The Line", Spiegel Online, April 13, 2004 (translated from German).

Although SCO's tactics have already cost both parties many months, IBM believes that discovery on SCO's claims and IBM's counterclaims can nevertheless be completed under the current schedule. Document discovery in the case is essentially complete, and deposition discovery has commenced. There is no reason that the parties—provided that SCO cooperates—cannot complete a schedule of 80 depositions (40 per side) before the August 4, 2004 discovery cut-off date. To that end, IBM has served notices for more than half of its allotted depositions, and will promptly make available any fact witnesses SCO wishes to depose.

The three arguments that SCO advances in support of extending the discovery and trial schedule in this case are meritless. <u>First</u>, SCO's primary argument is that an extension is required because the Court stayed discovery for three months.[7] The only reason the Court entered the stay, however, was because SCO failed to properly respond to discovery requests propounded by IBM, and failed promptly and fully to comply with the Court's discovery orders. (<u>See</u> Section II.A below.)

<u>Second</u>, SCO claims an extension of the schedule is required because IBM has asserted a number of counterclaims against SCO. What SCO neglects to say is that that IBM asserted almost all of its counterclaims in September 2003, nearly a year before fact discovery was scheduled to close. That is ample time during which to conduct discovery on the parties' claims. (<u>See</u> Section II.B below.)

---

[7] SCO asserts in its brief (at 4) that the Court stayed discovery for "over four months". The Court's stay lasted from December 5, 2003 until March 3, 2004.

Third, contrary to SCO's suggestion (and SCO's own practice), IBM has provided all discovery that SCO is entitled to in a timely manner. To date, IBM has produced approximately 850,000 pages of documents and millions of lines of source code to SCO. (See Section II.C below.)

As SCO fails to show "good cause" for extending the Court's scheduling order, SCO's motion should be denied.

## **Argument**

Under Rule 16(b), a scheduling order set by the Court "shall not be modified except upon a showing of good cause". Fed. R. Civ. P. 16(b). As other courts have put it, "[t]he reason for the 'good cause' requirement for modification of a court's scheduling order is that such orders and their enforcement are regarded as the essential mechanism for causes becoming trial-ready in an efficient, just, and certain manner". Widhelm v. Wal-Mart Stores, Inc., 162 F.R.D. 591, 593 (D. Neb. 1995) (citing cases). "Good cause" under Rule 16(b) "primarily considers the diligence of the party seeking to alter the existing schedule." Sithon Maritime Co. v. Holiday Mansion, No. 96-2262, 1999 WL 66216, at *2 (D. Kan. Feb. 8, 1999); Fed. R. Civ. P 16(b) 1983 advisory committee's note.

In the instant case, SCO has not shown "good cause" for extending fact discovery in the case for an additional nine months and putting off trial until September 2005. First, the current schedule affords ample time to complete discovery before the scheduled April 2005 trial date. Second, each of SCO's stated reasons for requesting the extension are attributable entirely

298748.1

to SCO's own stalling tactics during the course of discovery and reflect an utter lack of
diligence.

IBM believes that discovery in this case should be conducted according to the
schedule to which the parties agreed almost a year ago.  In fact, as we will lay out in forthcoming
submissions most (if not all) of the claims in suit can be resolved on summary judgment without
more discovery.  SCO should not be allowed, through its own misconduct, to prolong this case
merely to serve its own interests in cultivating the fear, uncertainty and doubt SCO has created
regarding Linux and IBM's products.

I.      THE CURRENT SCHEDULE AFFORDS SUFFICIENT TIME TO CONDUCT
        DISCOVERY AND PREPARE FOR TRIAL.

Under the existing scheduling order set by the Court, fact discovery is to close on
August 4, 2004 and expert discovery is to close on October 22, 2004.  Pretrial disclosures are due
in February 2005, and trial is scheduled to begin on April 11, 2005.  IBM believes that the
current schedule provides sufficient time to complete discovery on both SCO's claims and
IBM's counterclaims well in advance of the anticipated trial date.

Despite SCO's foot-dragging, a significant amount of discovery has already been
completed in the case.  As of this date, document discovery is essentially complete.  IBM has
produced more than 850,000 pages of documents from 148 different sources.  SCO has produced
approximately 500,000 pages of documents from 58 sources.  Both sides have produced
hundreds of millions of lines of source code.

298748.1

Moreover, written discovery is largely complete.  Under the limits imposed in the current scheduling order, each side has 25 interrogatories.  SCO has already propounded, and IBM has answered, 22 of its 25 interrogatories.  IBM has propounded, and SCO has answered (although not to IBM's satisfaction), 15 of its 25 interrogatories.

The primary remaining discovery is deposition discovery.  As SCO and IBM are limited to 40 depositions each,[8] there is no reason—assuming that SCO cooperates in making its witnesses available for deposition—that discovery cannot be completed by the current August 4, 2004 cut-off date.  IBM has served notices for more than half of its 40 depositions, intends to complete all of its depositions prior to August 4, and will promptly make available any witnesses within its control who SCO would like to depose.  Given that the parties each have multiple law firms representing them in this action, including separate patent counsel, there is no reason discovery cannot be completed on schedule.

Even if the Court were to conclude, however, that there is cause for an extension of the scheduling order in this case, the nine-month extension of fact discovery sought by SCO (until May 2005) is unwarranted.  Given SCO's claims that this case is crucial to the entire software industry and the global economy as a whole (which are overstated, to be sure), a languid pace makes no sense.  The only purpose SCO's proposed schedule serves is SCO's own

---

[8]  SCO has asserted elsewhere that it believes that IBM's claims for patent infringement alone will require at least 80 depositions.  Although IBM does not believe that anywhere near that many depositions are necessary on these claims, IBM is amenable to increasing the number of depositions each side is permitted to take so long as depositions are conducted on the current schedule.

improper goal of maintaining fear, uncertainty and doubt in the marketplace concerning Linux and IBM's (and many others') products. While IBM does not believe the schedule should be extended at all, fact discovery should in no case be extended more than two months (even if the parties are permitted to take more than 40 depositions each). That way fact discovery would end no later than October, allowing the deadline for expert discovery to be extended by two months as well, without requiring an extension of the trial date.[9]

In sum, fact discovery in this case has been underway for nearly 14 months. There is no good reason the parties cannot complete fact discovery in the nearly three months that remain under the current schedule.[10] Accordingly, SCO's motion to amend the scheduling order should be denied.

II.     NONE OF SCO'S ARGUMENTS IN SUPPORT OF EXTENDING THE CURRENT
        SCHEDULE HAS ANY MERIT.

The arguments SCO sets forth in support of its motion, which are largely based on SCO's own misconduct during discovery, have no merit and do not establish "good cause" for amending the scheduling order.

---

[9] Under the current schedule, fact discovery is to end in August 2004, expert discovery is to end in October 2004, dispositive motions are due in November 2004, and pretrial disclosures are due in February 2005. Even if fact discovery were shifted back to end in October 2004, with expert discovery to end in December 2004, and dispositive motions due no later than January 2004, the parties could still submit pre-trial disclosures in February 2005 and be ready for trial in April 2005.

[10] Under SCO's proposal, fact discovery would continue for another 11 months, meaning that fact discovery in this case would last more than two full years. A delay of that magnitude should not be allowed, especially in light of SCO's public statements that it already had all the evidence it needed and was ready to take its case to trial before fact discovery even commenced.

- 10 -

A.      <u>SCO Should Not Be Allowed To Rely On Its Own Malfeasance During Discovery To Obtain An Extension.</u>

SCO's argument that an extension of fact discovery is necessary because the Court imposed a three-month stay of the case is disingenuous. SCO fails to mention anywhere in its brief supporting its motion that the Court entered and continued the discovery stay solely as a result of SCO's repeated failure to adequately comply with IBM's discovery requests. Were it not for SCO's own conduct, the Court would not have entered the stay.

In the instant case, SCO cannot reasonably contend it "was diligent in its discovery efforts yet could not complete discovery by the court-ordered deadline", as is necessary to establish "good cause" for an extension to the schedule. <u>Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC</u>, 219 F.R.D. 516, 521 (D. Colo. 2003); <u>see</u> <u>Parker v. Central Kansas Med. Ctr.</u>, 178 F. Supp. 2d 1205, 1210 (D. Kan. 2001). Instead, SCO has attempted to resist discovery at every turn and to drag out the discovery process for as long as possible to suit its own improper purposes.

As stated, the most egregious example of SCO's discovery misconduct is SCO's persistent refusal to identify with specificity the UNIX System V source code that forms the basis of its claims against IBM. IBM served interrogatories seeking this basic information from SCO in June 2003. Yet, SCO has resisted providing such information for ten months now—even in the face of motions to compel and two court orders to provide full and detailed responses to IBM's interrogatories. In addition, SCO has repeatedly failed to produce documents responsive to IBM's requests in a timely manner, even after being ordered to do so by the Court.

- 11 -

It is these failures by SCO to respond properly to IBM's discovery requests that led to the discovery stay being imposed. Having resisted discovery since commencing this lawsuit, SCO cannot now properly ask that the scheduling order be extended to, in effect, accommodate its own delinquency.

B.   Discovery On IBM's Counterclaims Can Be Completed In Keeping With The Current Schedule.

SCO's argument that an extension of the schedule is necessary because IBM filed counterclaims against SCO is also meritless. As SCO itself acknowledges, IBM filed the majority of its counterclaims—including its patent counterclaims—against SCO in August 2003, a year before the period for fact discovery was to end, allowing more than enough time for the parties to complete discovery on such claims. SCO's failure to this date to complete the discovery it apparently believes is necessary on IBM's counterclaims is entirely of SCO's own making.

Moreover, the suggestion that IBM's recently-filed counterclaim for a declaration that IBM's Linux-related activities do not infringe SCO's copyrights—which was filed in response to SCO's assertions of a copyright infringement against IBM—"further expand[s] the case greatly beyond its [original] posture" is false. (SCO's Mem. at 3.) SCO has from the beginning of the case threatened to bring a copyright infringement claim against IBM concerning its Linux activities, and specifically represented to the Court in December 2003, that it would be filing such a claim, which it did in February 2004. Further, IBM's counterclaims against SCO have from the start rested in significant part on SCO's misrepresentations about its intellectual

- 12 -

property rights (including copyrights) to UNIX and Linux, and IBM has in fact been seeking discovery on this issue since June 2003. The notion that the parties' respective copyright claims "expand the case greatly" is therefore wrong.[11]

In any event, IBM's counterclaim for a declaration of noninfringement with respect to its Linux activities, like most of the claims in suit, can be decided based on the undisputed facts in the current record. IBM does not believe <u>any</u> additional discovery is necessary on this claim. There is thus no reason to extend the discovery schedule based on this counterclaim against SCO.

C.  <u>Unlike SCO, IBM Has Never Delayed In Providing SCO With The Discovery To Which It Is Entitled.</u>

SCO's argument that an extension of the schedule is necessary because of IBM's delays in responding to discovery requests is also without merit. Once again, SCO distorts the record.

Unlike SCO, IBM has provided SCO with the discovery it is entitled to as soon as it could be produced, and in some cases, in advance of the Court-imposed deadlines for production. To date, SCO has served 141 document requests and 22 interrogatories on IBM. As addressed in IBM's briefing in opposition to SCO's motion to compel, SCO and IBM have so far

---

[11]   Indeed, when Red Hat, Inc. filed a complaint seeking a declaration of non-infringement of SCO's purported copyrights based on Red Hat's use and distribution of Linux in <u>August 2003</u>, SCO moved to dismiss the claim in part because "[t]he infringement . . . issues Red Hat seeks to adjudicate . . . are currently before U.S. District Judge Dale A. Kimball in the SCO v. IBM Case pending in Utah Federal District Court". (SCO's Opening Brief in Support of Its Motion to Dismiss, <u>Red Hat, Inc. v. The SCO Group, Inc.</u>, Civ. 03-772-SLR, at 2.) The Court in the <u>Red Hat</u> case has stayed proceedings in that case pending the resolution of SCO's case against IBM.

298748.1

disagreed in only three principal respects.[12]  In each case, the Court upheld IBM's objections, and ruled that SCO was not entitled to overly broad and unduly burdensome discovery sought by SCO.

First, IBM objected to having to produce to SCO every contribution that IBM had ever made to Linux.  Since every contribution of code to Linux is made publicly through the use of the Internet, all of IBM's (and any other contributor's) submissions to Linux are available to SCO on the Internet.  Consistent with IBM's objection, the Court ruled in its March 3, 2004 Order that IBM need not produce to SCO its public contributions to Linux.

Second, IBM objected to having to produce to SCO each and every iteration of each of the thousands of files of source code in AIX and Dynix because the request was unduly burdensome and served no rational purpose, given that IBM was prepared to produce all released versions since 1999 of the AIX and Dynix programs.  SCO's request was particularly overbroad because SCO did not (and does not) even suggest that each of the thousands of files of code that comprise AIX and Dynix are at issue in the case.  Moreover, far from being "one of the most critical discovery items in this case", as SCO suggests, SCO does not need any AIX and Dynix source code for its analysis—as evidenced by the fact that SCO has been able to certify that Sun

---

[12]  SCO also complains in its opening brief (at 6) that IBM failed to identify potential third-party witnesses whom IBM believed had knowledge of issues concerning this litigation.  IBM believed that the parties had reached an agreement not to attempt to identify such third-party witnesses in their discovery responses.  As soon as IBM learned SCO disagreed with this understanding (when SCO filed its motion to compel), IBM agreed voluntarily to provide such information. IBM provided this information to SCO on April 19, 2004, the date the Court set for IBM to supplement its interrogatory answers.

- 14 -

Microsystems, Inc. and Hewlett-Packard, Inc. have not breached their UNIX System V licenses without reference to any source code from Sun's "Solaris" operating system or HP's "HP-UX" operating system.[13]  Consistent with IBM's objection, the Court in its March 3, 2004 Order required IBM only to produce the post-1999 released versions of AIX and Dynix by April 19, 2004.  In the interest of moving the case along, IBM in fact produced this code to SCO well in advance of that deadline.

Third, IBM objected to having to provide contact information for each of the more than 8,000 individuals who have, at some point in time, had access to source code for UNIX System V, AIX or Dynix, or who worked on the development of Linux.  Consistent with IBM's objection, the Court in its March 3, 2004 Order required IBM only to provide contact information for a smaller subset of these individuals identified by SCO.  In the two-plus months since that order was issued, SCO has identified and requested contact information for less than half of the number that the court's order allowed for, and has not noticed depositions for any of them.

The record is therefore clear that IBM has met all of its discovery obligations, and that there is no need for an extension of the scheduling order in this case as a result of any failure on IBM's part.

---

[13]  This is only logical, as SCO has access to all of its own UNIX System V source code and all of the code that IBM and others contributed to Linux, since (as discussed above) all contributions to Linux are made publicly through the Internet.  From these materials alone, SCO should be able to (and must have been able to, in order to bring this lawsuit) determine whether IBM contributed to Linux any materials copied or derived from UNIX System V.

- 15 -

298748.1

## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court deny SCO's motion to amend the scheduling order.

DATED this 14th day of May, 2004.

SNELL & WILMER L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

- 16 -

298748.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2004, a true and correct copy of the

foregoing was hand delivered to the following:

       Brent O. Hatch
       Mark F. James
       HATCH, JAMES & DODGE, P.C.
       10 West Broadway, Suite 400
       Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

       Stephen N. Zack
       Mark J. Heise
       BOIES, SCHILLER & FLEXNER LLP
       100 Southeast Second Street, Suite 2800
       Miami, Florida 33131

       Kevin P. McBride
       1299 Ocean Avenue, Suite 900
       Santa Monica, California 90401

- 17 -