

SNELL & WILMER LLP
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, #1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>　　　　Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　　　Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM-PLAINTIFF IBM'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>Civil No. 2:03CV-0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

Pursuant to DUCivR 56-1(a) and Federal Rules of Civil Procedure 56 and 37(b)(2), Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this cross-motion for partial summary judgment on its claim against



Plaintiff/Counterclaim-Defendant The SCO Group, Inc. ("SCO") for a declaration of non-infringement with respect to IBM's Linux activities (the "Tenth Counterclaim"). IBM is entitled to relief as a matter of law on this claim for the following reasons:

1. SCO claims to hold copyrights to certain UNIX software, which give it the right to control IBM's use of and contributions to Linux, a computer operating system which was pioneered in 1991 by an undergraduate student named Linus Torvalds and has since been continuously developed over the Internet by thousands of programmers worldwide. SCO refuses, however, to disclose its purported evidence that IBM's Linux activities infringe SCO's alleged copyrights, despite two court orders requiring it to do so.

2. IBM asked SCO (more than seven months ago) to identify the precise lines of Linux code in which it claims rights, and the precise lines of code in the UNIX software from which SCO alleges such Linux code is copied or derives. Unless SCO can match up the lines of code in Linux to which it claims rights to the precise lines of code in the UNIX software over which SCO claims copyright protection, SCO cannot show copyright infringement.

3. Based upon SCO's failure to come forth with evidence to demonstrate infringement, summary judgment should be entered in favor of IBM on its claim that IBM's Linux activities do not infringe SCO's alleged copyrights relating to UNIX. After more than a year of litigation, two orders to compel and two affidavits from SCO certifying that it has provided complete responses to IBM's interrogatories, SCO admits—by its silence and failure to provide evidence—that IBM's Linux activities do not infringe SCO's alleged copyrights. Although SCO has identified certain materials in Linux to which it claims rights (albeit without the required specificity), SCO fails altogether to show how IBM's Linux activities infringe SCO's alleged copyrights concerning the UNIX software.

4. Additional discovery is unnecessary here. SCO has had access to all of the information necessary to determine whether and how IBM's Linux activities infringe its

purported copyrights from the outset of this case—the source code to which SCO purports to hold copyrights on the one hand and the publicly available source code for Linux on the other— and yet is unable to proffer any evidence of copyright infringement. Indeed, given SCO's repeated failure to comply with the Court's orders, the fact of IBM's non-infringement should simply be established against SCO, and SCO should not be allowed to adduce evidence on this issue under Rule 37(b)(2).

IBM requests oral argument on its cross-motion for partial summary judgment, and further requests that such argument be heard at the same time as argument on SCO's motion to dismiss or stay the same claim. This motion is further supported by the memorandum of points and authorities and the declarations of Daniel Frye and Todd Shaughnessy, filed and served herewith, and by such argument as shall be presented at hearing.

DATED this 18th day of May, 2004.

SNELL & WILMER L.L.P.

/s/ Alan L. Sullivan

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18[h] day of May, 2004, a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101

>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

>Kevin P. McBride
>1299 Ocean Avenue, Suite 900
>Santa Monica, California 90401

*[signature]*