

FILED

SNELL & WILMER LLP
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, #1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM-PLAINTIFF IBM'S MEMORANDUM IN OPPOSITION TO SCO'S MOTION TO DISMISS OR STAY COUNT TEN OF IBM'S SECOND AMENDED COUNTERCLAIMS** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum in opposition to Plaintiff/Counterclaim-Defendant The SCO Group, Inc.'s ("SCO") Motion to Dismiss or to Stay Count Ten of IBM's Second

/155

Amended Counterclaims (the "Tenth Counterclaim"), which seeks a declaratory judgment of non-infringement of copyrights with respect to IBM's Linux activities.

## Preliminary Statement

SCO moves to dismiss, or in the alternative, stay, IBM's Tenth Counterclaim pending the outcome of a case that SCO filed in March 2004 against AutoZone, Inc. ("AutoZone"), in the United States District Court for the District of Nevada (The SCO Group, Inc. v. AutoZone, Inc., Case No. CV-S-04-0237 (D. Nev.)). The motion should be denied. Dismissing or staying this claim pending resolution of the AutoZone case would waste resources, delay unnecessarily the resolution of an issue that is ready for summary adjudication and work injustice on IBM and others who seek relief from SCO's campaign against Linux.

SCO commenced its lawsuit against IBM more than a year ago, in March 2003, claiming that IBM had misappropriated and misused source code from certain versions of the UNIX operating systems, including in particular a version known as UNIX System V (referred to collectively herein as the "UNIX software"), to which SCO claims rights. Specifically, SCO asserted among other things that IBM improperly contributed, to the publicly-developed Linux operating system, code that was copied or derived from certain code in the UNIX software.

Although SCO's initial complaint against IBM did not include a claim for copyright infringement, SCO publicly accused IBM and others of infringing SCO's copyrights through their use of and contributions to Linux. As is explained in IBM's Counterclaims, SCO's claims in this case and its public accusations are part and parcel of SCO's campaign to foster and maintain fear, uncertainty and doubt in the marketplace about Linux in general and IBM's products and services in particular.

IBM has therefore been seeking, since the very beginning of the case, a full recitation from SCO of exactly what rights (including, of course, copyrights) it claims to have to code in Linux, and how IBM's activities infringe those rights. SCO has resisted discovery at every turn,

requiring IBM to file two motions to compel and leading to the entry of two court orders directing SCO to provide the discovery IBM seeks. In fact, despite the court orders, SCO still has not adequately identified the code in Linux to which it claims rights or explained how that code relates to code in the UNIX software allegedly covered by SCO's copyrights, and IBM has therefore cross-moved for summary judgment on its Tenth Counterclaim.

Rather than disclose the evidence necessary to support its allegations, SCO seeks to dismiss or stay IBM's counterclaim on the grounds that doing so would conserve judicial resources. In contrast to this case, however, in which both parties have essentially completed their document productions, depositions have commenced, and IBM has moved for summary judgment on the instant claim, discovery in AutoZone has not yet begun. Indeed, in lieu of answering SCO's complaint in that case, AutoZone recently moved to stay the case until the conclusion of SCO's suit against IBM and SCO's suit against Novell, Inc., The SCO Group, Inc. v. Novell, Inc., 2:04-CV-139 (D. Utah), both of which are pending before this Court. It makes no sense to dismiss or stay IBM's Tenth Counterclaim pending the outcome of a case that is far less advanced, especially where IBM has spent many months pursuing discovery relevant to its counterclaim, Magistrate Judge Wells has entered two orders compelling SCO to provide that discovery and IBM's claim is susceptible of immediate resolution under Rule 56. Dismissing or staying the counterclaim pending resolution of AutoZone would waste judicial resources and visit injustice upon IBM and all others who seek a prompt end to SCO's campaign to create fear, uncertainty and doubt about Linux.

If the conservation of resources and the interests of justice were SCO's objectives, then SCO would seek prompt resolution of IBM's counterclaim in this Court, where the parties have been litigating for more than a year, not dismissal or a stay. SCO's motion is in fact just another move—which should not be tolerated—in the litigation shell game employed by SCO to avoid judicial review of its assertions of copyright infringement. Nowhere in its brief supporting its

motion does SCO even mention that there is a third federal case pending that raises issues similar to this one. In August 2003, six months after SCO filed its case against IBM (but seven months before SCO sued AutoZone), Red Hat, Inc., a commercial distributor of the Linux operating system, brought an action against SCO in the United States District Court for the District of Delaware seeking a declaration of non-infringement of SCO's alleged copyrights based on Red Hat's use and distribution of Linux (Red Hat, Inc. v. The SCO Group, Inc., Civ. 03-772-SLR (D. Del.)).

SCO moved to dismiss the Red Hat case in part on the theory that "[t]he infringement . . . issues Red Hat seeks to adjudicate in this case are currently before U.S. District Judge Dale A. Kimball in the SCO v. IBM case pending in Utah Federal District Court". (SCO's Opening Br. in Support of Motion to Dismiss at 2, attached as Ex. 1 to the Declaration of Amy Sorenson ("Sorenson Decl.").) The Delaware court denied SCO's motion to dismiss on April 6, 2004, but stayed the case "pending a resolution of the Utah litigation between SCO and IBM". (4/6/04 Memorandum Order at 4, attached as Ex. 2 to the Sorenson Decl.) Although Red Hat recently moved to lift the stay, SCO argued in a brief filed on May 4, 2004 that the case should remain stayed because "the IBM case [and IBM's Tenth Counterclaim specifically] will address central issues raised in this lawsuit" and "it would be 'a waste of judicial resources,' and the resources of the parties, to litigate this case while a substantially similarly question is being litigated in federal district court in Utah." (SCO's Opposition to Red Hat's Motion for Reconsideration at 4, attached as Ex. 3 to the Sorenson Decl.)

In short, SCO has argued successfully in Delaware that SCO's copyright infringement claims should be heard first in Utah, and now argues in Utah that its copyright infringement claims should first be tested in Nevada, in a case that was just filed and in which the defendant (AutoZone) is seeking a stay pending resolution of this case in Utah. SCO should not be allowed continually to put off adjudication of its copyright claims. Rather, summary judgment should be

entered against SCO for the reasons set forth in IBM's memorandum in support of its cross-motion for summary judgment (submitted herewith).

As is discussed further below, SCO's motion to dismiss or stay should thus be denied, and this Court should retain jurisdiction over IBM's Tenth Counterclaim, because (1) it would make no sense to dismiss or stay the counterclaim in deference to an action that was just filed, especially when the counterclaim is ready for resolution in this Court and (2) the so-called "first-filed rule", on which SCO relies to support its motion, does not support SCO's position.

## Argument

I. THE COURT SHOULD RETAIN JURISDICTION OVER IBM'S CLAIM FOR A DECLARATION OF NON-INFRINGEMENT AS TO ITS LINUX ACTIVITIES.

Although IBM only recently filed its Tenth Counterclaim, the issues raised by the counterclaim—whether IBM's (and, by implication, others') Linux activities infringe the copyrights SCO purports to own in the UNIX software—have been part of the case from the beginning. IBM has been seeking discovery related to these issues since then. As this case has progressed much further than the other two cases raising similar issues—the Red Hat case, which was filed in August 2003 and has been stayed pending the resolution of this case, and the AutoZone case, which was just filed in March 2004 and in which there is a pending motion to stay—there is no reason to dismiss or stay IBM's Tenth Counterclaim.

As between suits in question, courts routinely refuse to stay or dismiss the suit that has progressed further than the others. See Optical Recording Corp. v. Capitol-EMI Music, Inc., 803 F. Supp. 971, 974 (D. Del. 1992) (permitting case to proceed that had progressed further than in the other jurisdiction); Northwest Airlines v. American Airlines, Inc., 792 F. Supp. 655, 657 (D. Minn. 1992), aff'd, 989 F.2d 1002 (8th Cir. 1993) (permitting action to proceed where "action has developed further than" the other); Cooperative Centrale Raiffeisen-Boerenleen v. Northwestern Nat'l Ins. Co., 778 F. Supp. 1274 (S.D.N.Y. 1991) (refusing to stay action because case had progressed further than the other case).

Here, there is no question that the instant case has progressed further than Red Hat and AutoZone, and in particular has progressed further with respect to the issues common among all three suits—SCO's allegations that using and contributing to Linux infringe SCO's purported copyrights in the UNIX software.

Although SCO's initial complaint against IBM (filed in March 2003) did not specifically include a claim for copyright infringement, SCO for many months repeatedly accused IBM and others publicly of infringing SCO's copyrights, and threatened enforcement litigation. For example:

- In May 2003, SCO sent letters to 1,500 of the world's largest corporations, including IBM, threatening litigation. (See, e.g., Letter from D. McBride to L. Noto, dated May 12, 2003, attached as Ex. 4 to the Sorenson Decl.) In its letters, SCO stated, "We believe that Linux infringes on our UNIX intellectual property and other rights". (Id.) SCO further stated, "We intend to aggressively protect and enforce these rights" against not only the companies involved with "the Linux development process" but also "the end user" companies using any Linux technology. (Id.)

- In a press conference on July 21, 2003, SCO stated that taking out a license with SCO was the "alternative to legal enforcement against Linux end-users". ("SCO Group (SCOX) Conference Call", dated July 21, 2003, attached as Ex. 5 to the Sorenson Decl.)

- On November 18, 2003, SCO's counsel stated at a press conference that SCO "will be looking to identify a defendant" in "the near term" and such defendant will be "a significant user that has not paid license fees and is in fact using the proprietary and copyrighted material". (SCO Conference Call, dated November 18, 2003, audio at www.sco.com/company/confcalls/stowell_11-18_105887.mp3.) During the same call, SCO Chief Executive Darl McBride was asked if the 1500 companies threatened earlier were the same class of companies that SCO would pursue. (See id.) McBride responded: "We will start there. That's not going to be the ending point, but clearly large customers that have, that are using a lot of Linux machines inside of their environment would be the starting point for us." (Id.)

- At a December 5, 2003 hearing in this case concerning discovery issues, SCO represented to the Court that SCO would be filing a copyright infringement action against IBM "within the coming few days or no less than a week". (12/5/03 Hearing Tr. at 23: 19-22, attached as Ex. 6 to the Sorenson Decl.)

- In connection with a December 22, 2003 press release, SCO released a template of a letter that it sent to various "Linux Users". (See Letter from R. Tibbits to "Linux User", dated Dec. 19, 2003, attached as Ex. 7 to the Sorenson Decl.) In that letter, SCO wrote that "the use of the Linux operating system in a commercial setting violates our rights under the United States Copyright Act". (Id.)

These threats, among others, are part of SCO's "campaign to create the false and/or unsubstantiated impression that SCO has rights to UNIX and Linux that it does not have", and they form an integral part of the counterclaims that IBM first asserted against SCO in August 2003. (Countercls. ¶ 24; see also Second Am. Countercls. ¶¶ 54-82 (detailing SCO's improper scheme).) As is explained in detail in IBM's Counterclaims, SCO is engaged in an improper scheme to create fear, uncertainty and doubt in the marketplace about the Linux operating system and IBM's products and services, including by making claims that SCO's alleged copyrights to the UNIX software cover material in Linux.

In view of SCO's public assertions that the use of Linux infringes SCO's purported copyrights in the UNIX software, IBM has long sought from SCO details regarding all of the rights—obviously including copyrights—that SCO purports to have to materials in Linux. Specifically, in September 2003, well before the formal assertion of any copyright infringement claims in the case,[1] IBM propounded the following interrogatories:

Interrogatory No. 12.

"Please identify, with specificity (by file and line of code), (a) all source code and other material in Linux (including but not limited to the Linux kernel, any Linux operating system and any Linux

---

[1] In February 2004, SCO amended its complaint against IBM to formally assert copyright infringement. (See Second Am. Compl. ¶¶ 173-80.) In its claim, SCO alleges that IBM has "infringed, [has] induced infringement of, and [has] contributed to the infringement of, copyright registrations of SCO and its predecessors". (Id. ¶ 179.) According to SCO, "a significant amount of UNIX protected code and materials are currently found in Linux 2.4.x, 2.5.x and Linux 2.6.x releases in violation of SCO's contractual rights and copyrights", and IBM, at least in part, is responsible for such alleged copyright violations. (Id. ¶ 79.) In direct response to SCO's assertion of its copyright infringement claim, IBM filed its Tenth Counterclaim in March 2004, for a declaration of non-infringement with respect to IBM's Linux activities, which have involved, among other things, Linux 2.4.x, 2.5.x and 2.6.x releases. (See Second Am. Countercls. ¶¶ 168-73.)

299145.1

7

> distribution) to which plaintiff has rights; and (b) the nature of plaintiff's rights, including but not limited to whether and how the code or other material derives from UNIX."
>
> Interrogatory No. 13.
>
> "For each line of code and other material identified in response to Interrogatory No. 12, please state whether (a) IBM has infringed plaintiff's rights, and for any rights IBM is alleged to have infringed, describe in detail how IBM is alleged to have infringed plaintiff's rights . . . ."

IBM also sought from SCO the production of all documents concerning SCO's rights (including, of course, copyrights) to any materials in Linux.

Rather than respond to IBM's requests, however, SCO has consistently refused to provide its alleged evidence that IBM's (and others') Linux activities infringe SCO's alleged copyrights relating to the UNIX software. In fact, following months of motion practice, Magistrate Judge Wells twice ordered SCO (the second time only because SCO failed to comply with the first order) to disclose the evidence it has been touting publicly but declining to share with IBM. Specifically, Judge Wells ordered SCO among other things to specify in detail how, if at all, IBM infringes SCO's alleged rights to the UNIX software.

Despite these orders, SCO still has not properly responded to IBM's interrogatories. Most importantly, SCO has failed to identify allegedly copyrighted code in the UNIX software that is allegedly infringed by IBM. As a result of SCO's failure to adduce any evidence supporting its assertions that IBM's use of and contributions to Linux infringe SCO's purported copyrights in the UNIX software, IBM's Tenth Counterclaim is susceptible to immediate resolution under Rule 56, and IBM is cross-moving herewith for partial summary judgment. If the conservation of judicial resources and the interests of justice are the relevant considerations, then, rather than dismissing or staying the counterclaim, the Court should grant IBM's cross-motion for partial summary judgment, which would effectively resolve the copyright issues concerning Linux in this case, as well as the issues in the Red Hat and AutoZone cases.

In contrast to this case, where IBM has for months been seeking discovery related to SCO's copyright allegations, the AutoZone case has not even progressed beyond the initial pleading stage. SCO filed its complaint in the District of Nevada charging AutoZone with copyright infringement based on AutoZone's use of Linux on March 3, 2004. On April 23, 2004, AutoZone moved to stay its case pending, among other things, resolution of this case, and SCO's case against Novell (also pending in this Court). (See AutoZone's Motion to Stay, attached as Ex. 8 to the Sorenson Decl.) In addition, recognizing SCO's strategy of delay and obfuscation in responding to IBM's discovery requests, AutoZone moved in the alternative for a more definite statement of SCO's copyright infringement claim. (See id.) Until AutoZone's motion to stay is decided, there will be no discovery in the AutoZone case.[2]

Similarly, there has also been little progress in the Red Hat case. In that case, filed in August 2003 in the District of Delaware, Red Hat sought, among other things, a declaratory judgment that the use or distribution of Linux does not infringe on any of SCO's copyrights. SCO moved to dismiss the case, arguing in part that "[t]he infringement . . . issues Red Hat seeks to adjudicate in this case are currently before U.S. District Judge Dale A. Kimball in the SCO v. IBM case pending in Utah Federal Court". (Sorenson Decl. Ex. 1 at 2.) While the Delaware court refused to dismiss the action,[3] it stayed the case until the instant case is resolved, holding that it would be "a waste of judicial resources to have two district courts resolving the same

---

[2] Although SCO's opposition to AutoZone's motion was due on May 5, 2004, SCO requested, and was granted, an extension until May 24, 2004 to respond. Oral argument on AutoZone's motion is currently scheduled for June 21, 2004.

[3] The primary basis of SCO's motion to dismiss the Red Hat suit was that there was no actual controversy between SCO and Red Hat giving rise to jurisdiction under the Declaratory Judgment Act. The Court rejected SCO's argument and found jurisdiction based upon Red Hat's allegations that SCO is engaged in a "campaign to create fear, uncertainty and doubt about the LINUX operating system" and SCO's lawsuit against IBM. (Sorenson Decl. Ex. 2 at 3.) SCO does not (and could not) challenge the Court's jurisdiction over IBM's Tenth Counterclaim in this case. It is undisputed that there is a justiciable controversy between SCO and IBM regarding SCO's allegations of copyright infringement.

299145.1

issue, especially when the first filed suit in Utah involves the primary parties to the dispute". (Sorenson Decl. Ex. 2 at 5.)

Although Red Hat recently moved to lift the stay in that case, SCO has resisted, arguing on May 4, 2004 (notably, after it moved to dismiss or stay IBM's Tenth Counterclaim) that the stay should continue because the issue of "whether Linux contains misappropriated UNIX code" is "also raised directly by IBM's Tenth Counterclaim against SCO" and so should be decided in Utah first. (Sorenson Decl. Ex. 3 at 3.)

Where, as here, discovery relevant to IBM's Tenth Counterclaim is already at an advanced stage, sound judicial administration counsels against dismissing or staying IBM's counterclaim in favor of AutoZone, in which AutoZone has not yet even filed an answer to SCO's complaint (or Red Hat, for that matter, which has been stayed pending resolution of this suit against IBM). IBM has already conducted substantial discovery relevant to its claim in the past year, including filing two motions to compel seeking complete interrogatory responses from SCO that were granted by Magistrate Judge Wells. Moreover, IBM's Tenth Counterclaim is ripe for summary adjudication under Rule 56, given SCO's record of failure to adduce evidence supporting its assertions of copyright infringement. It would therefore be an incredible waste of judicial resources (as well as the parties' resources) to dismiss or stay IBM's Tenth Counterclaim, which can be summarily resolved (for the reasons set forth in IBM's cross-motion for summary judgment), in deference to the AutoZone case, in which discovery has not even started. Accordingly, the Court should deny SCO's motion and retain jurisdiction over IBM's Tenth Counterclaim.

II. THE "FIRST-FILED" RULE DOES NOT SUPPORT DISMISSAL OR A STAY IN THIS CASE.

Citing no legal authority in support of the argument, SCO appears to contend that the Court should apply the "first-filed" rule to dismiss, or stay, IBM's Tenth Counterclaim. Under the first-filed rule, a district court has the discretion to retain or decline jurisdiction over a

complaint raising the same issues and involving the <u>same parties</u> as another complaint filed on an earlier date in another district court. See <u>Buzas Baseball, Inc. v. Board of Regents of the Univ. Sys. of Ga.</u>, No. 98-4098, 1999 WL 682883, at *2 (10th Cir. 1999); <u>Hospah Coal Co. v. Chaco Energy Co.</u>, 673 F.2d 1161, 1163-64 (10th Cir. 1982); <u>Cessna Aircraft Co. v. Brown</u>, 348 F.2d 689, 692 (10th Cir. 1965). In the instant case, the first-filed rule should not be applied to dismiss or stay this case for at least three reasons.

<u>First</u>, as noted, the first-filed rule is properly invoked only when a complaint involving the "<u>same parties</u>" and issues has already been filed in another district. <u>Cessna</u>, 348 F.2d at 692 (emphasis added); <u>Congress Credit Corp. v. AJC Intl., Inc.</u>, 42 F.3d 686, 689 (1st Cir. 1994) (holding that although a "district court may certainly dismiss an action which is merely 'duplicative' of another action pending in another federal court", the later-filed "lien action is not at all in that category" because the "plaintiff in the lien action is different from that in the [earlier-filed] preference actions").[4] As the parties to this action—SCO and IBM—are plainly not identical to the parties in SCO's lawsuit against AutoZone—SCO and AutoZone—the first-filed rule does not apply here.

<u>Second</u>, even if this Court were to apply the first-filed rule, it should not dismiss IBM's Tenth Counterclaim in favor of SCO's action against AutoZone, because IBM's counterclaim should be considered first-filed. When a claim that is newly added to an action relates to earlier

---

[4] See also <u>United States v. Hirsch</u>, No. 94-C-555, 1994 WL 698632, at *1 (D. Colo. Sept. 30, 1994) (Ex. A) (declining to apply "first-filed rule" to transfer a second-filed action where a defendant in the second filed action was not a party to the first-filed action); <u>Maertin v. Armstrong World Indus., Inc.</u>, 241 F. Supp. 2d 434, 453 (D.N.J. 2002) (holding that because "Armstrong brought the [earlier-filed] Pennsylvania action against its insurers for a declaration of coverage [and the] Maertin plaintiffs brought the current New Jersey action against Armstrong and its insurers for payment of the settlement amount. . . . the actions are not between the same parties, so this Court cannot dismiss this case under the first-filed rule"); <u>Chubb & Son, Inc. v. Kimes</u>, Civ. No. 92-363, 1992 WL 88112, at *3 (D.N.J. April 6, 1992) (Ex. B) (denying motion to dismiss or stay second-filed action despite the fact that the parties in the first action were parties in the second action because additional parties in the second action were not parties to the first action).

claims raised in the same action,⁵ courts accord the later-filed claim the filing date of the prior pleading for purposes of a motion based on duplicative litigation. See GMT Corp. v. Quiksilver, No. 02 Civ. 2229, 2002 WL 1788016, at *2 (S.D.N.Y. Aug. 1, 2002) (Ex. C) (holding, on a motion to transfer venue, that because an amendment adding a new claim related back to a "first-filed" California complaint, the amendment would be considered "first-filed" even if it was filed after the date of a later-filed proceeding containing parallel claims).⁶

IBM's Tenth Counterclaim, which seeks a declaration that IBM's Linux activities do not infringe or contribute to the infringement of SCO's alleged copyrights to the UNIX software, undeniably relates to earlier filed pleadings in this case. As noted above, SCO's own representations to the district court in Delaware make clear that SCO considered the IBM action, from its inception in March 2003, to concern issues relating to the infringement of SCO's purported copyrights. In addition, IBM's counterclaims filed in August 2003 based on SCO's "campaign to create the false and/or unsubstantiated impression that SCO has rights to UNIX and Linux that it does not have" (Countercls. ¶ 24) unquestionably concern SCO's assertions that Linux infringes its copyrights to the UNIX software. IBM's Tenth Counterclaim obviously also directly relates and responds to SCO's copyright infringement claim asserted against IBM on

---

⁵ A new claim relates back to a prior pleading where it arises "out of the conduct, transaction, or occurrence that was set forth or was attempted to be set forth in the original pleading". Fed. R. Civ. P. Rule 15(c); 6A Fed. Prac. & Proc. Civ. 2d § 1497. Further, the "fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading". 6A Fed. Prac. & Proc. Civ. 2d § 1497.

⁶ See also GT Plus, Ltd. v. Ja-Ru, Inc., 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998) (allowing relation back for purposes of applying the first-filed rule where amendment added a declaratory judgment claim and the earlier claims involved only trademark infringement); SAES Getters S.P.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1090 (S.D. Cal. 2002) (holding that an "action [wa]s the first filed simply because it was the first to bring [the parties] into court" and that it was irrelevant that an amendment that created the required overlap between the two actions occurred after the filing date of the later action); Mattel, Inc. v. Louis Marx & Co., Inc., 353 F.2d 421, 422-24 (2d Cir. 1965) (treating case as first-filed even though common issues were not raised until an amendment was filed after the other case had raised those issues).

February 27, 2004. Thus, IBM's Tenth Counterclaim at least relates back to pleadings filed in March 2003, August 2003 and February 2004, and therefore should be considered filed before SCO's case against AutoZone (which was filed in March 2004).

Third, even if (contrary to fact) SCO's action against AutoZone was the first-filed action, the Court would have discretion not to dismiss or stay IBM's action. The "'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration". Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982); accord Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985).

Courts have the discretion to ignore the first-filed rule where, as here, application of the rule would be inequitable, since the second-filed action has progressed further than the first-filed action.[7] See Tuff Torq Corp. v. Hydro-Gear L.P., 882 F. Supp. 359, 365 (D. Del. 1994) (holding that "it is fundamentally unfair to stay litigation that has proceeded further than another previously filed action" and refusing to stay the later-filed action in favor of the first-filed action).[8] Accordingly, for the reasons discussed above (in Section I), the Court should deny

---

[7] Courts have also declined to apply the first-filed rule where the "competing actions are filed within a short period of time". See Capitol Records, Inc. v. Optical Recording Corp., 810 F. Supp. 1350, 1355 (S.D.N.Y. 1992) (declining to apply the first-filed rule in a motion to dismiss a later-filed case where, among other factors, "[o]nly twenty days elapsed between the filing of the two complaints"). Here, SCO filed its complaint against AutoZone on March 3, 2004, whereas IBM's Tenth Counterclaim was filed on March 29, 2004, a difference of only 26 days.

[8] See also Fleet Capital Corp. v. Mullins, No. 03 Civ. 6660, 2004 WL 548240, at *5 (S.D.N.Y. March 18, 2004) (Ex. D) (holding that because the later-filed "Texas action has been proceeding for two years and contains issues broader than in this [first-filed] action . . . [and] this action has yet to even begin the discovery stage . . . the Texas action . . . cannot reasonably be stayed in favor of this action nor transferred to this Court."); Bethlehem Contracting Co. v. Lehrer/McGovern, Inc., 800 F.2d 325, 328 (2d Cir. 1986) (noting that "[t]o date, the relevant state court litigation has consisted of little more than the filing of the complaint[;] [n]o party has answered or otherwise pleaded[;] and [t]here has been no formal discovery", whereas "[i]n the present case . . . defendants Gem and Polito filed an answer, a counterclaim, and a crossclaim, and submitted interrogatories to all parties[;] Bethlehem submitted interrogatories to all defendants, received responses thereto, and served notice of Milstein's deposition" and holding that "[g]iven the 'relative progress' of the federal action, the order in which jurisdiction was obtained is not a ground for dismissal of the action").

SCO's motion to dismiss or stay, even if the Court decides that the AutoZone case should be considered "first filed".

## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court deny SCO's motion to dismiss or stay IBM's Tenth Counterclaim.

DATED this 18th day of May, 2004.

                SNELL & WILMER L.L.P.

                *[signature]*

                Alan L. Sullivan
                Todd M. Shaughnessy

                CRAVATH, SWAINE & MOORE LLP
                Evan R. Chesler
                David R. Marriott

                *Attorneys for Defendant/Counterclaim-Plaintiff*
                *International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18[h] day of May, 2004, a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101

>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

>Kevin P. McBride
>1299 Ocean Avenue, Suite 900
>Santa Monica, California 90401

299145.1

15

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.