

Brent O. Hatch (5715)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower, Ste. 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, | |
| Plaintiff, | SCO'S EXPEDITED MOTION AND MEMORANDUM FOR A PROTECTIVE ORDER |
| v. | Case No. 2:03CV0294DAK |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | Hon. Dale A. Kimball |
| Defendant. | Magistrate Judge Brooke C. Wells |

Plaintiff The SCO Group, Inc. ("SCO") submits this Memorandum in Support of its Motion for a Protective Order with respect to three depositions scheduled for the week of June 7, 2004. Given that the depositions SCO seeks to postpone are to occur in a few days, SCO asks the Court to consider and decide this matter on an expedited schedule, if possible by Friday June 4, 2004.

168

After SCO filed its pending Motion to Amend the Scheduling Order, IBM unilaterally noticed two depositions for Tuesday, June 8th, in Wilson, North Carolina (David Frasure), and San Francisco, California (BayStar), and two more depositions for Thursday, June 10th, in San Jose, California (David Rodgers), and Greensboro, North Carolina (Otis Wilson).

In order to permit the Court to consider SCO's pending Motion to Amend the Scheduling Order – on which expedited argument will be heard this coming Tuesday, June 8th – before pressing forward with the noticed depositions on IBM's schedule, counsel for SCO has requested that IBM agree to postpone temporarily the depositions noticed for next week. Exh. 1, 2. Counsel for IBM has agreed to reschedule the June 8th BayStar deposition only if the deposition can be rescheduled without requiring IBM to serve a new subpoena, but has refused to reschedule the other depositions that week. Exh. 3.

SCO respectfully submits that for the reasons set forth below, the four depositions need not, and should not, proceed next week.

First, before the depositions were noticed, SCO moved to amend the Court's Scheduling Order to extend certain deadlines in this case. (See Memoranda in support of Motion to Amend the Scheduling Order dated April 5, 2004, and May 28, 2004.) SCO believes that the amendment is warranted on the principal grounds that IBM has filed 10 counterclaims, including 4 claims for patent infringement, since the Scheduling Order was entered; there was a four-month stay of discovery; and SCO is awaiting additional discovery from IBM. The parties will argue that Motion in an expedited hearing on Tuesday, June 8th. In declining to reschedule the four depositions, IBM presupposes that the Court will not amend the Scheduling Order. SCO submits that the more reasonable course is to permit the Court to make that imminent decision before proceeding with depositions noticed to comply with the very Scheduling Order at issue.

2

Second, the depositions scheduled for Tuesday, June 8th, directly conflict with the hearing date for the parties' argument on the Motion to Amend the Scheduling Order. The Court scheduled the hearing after IBM noticed the depositions. SCO submits that this intervening change in scheduling itself warrants the rescheduling of the deposition. It is true that both parties could simultaneously provide counsel to cover the June 8th hearing in Utah and what are likely to be trial depositions in North Carolina and California. However, SCO would be best represented if senior counsel with experience on this matter could attend both the hearing and the depositions. Under the current schedule, that is not possible.

Third, in light of certain of SCO's pending discovery requests and the volume of documents that IBM just recently produced, it would be sensible, efficient, and cost-effective for both sides to reschedule the depositions. As outlined in SCO's Motion to Amend the Scheduling Order, SCO is awaiting additional discovery from IBM. SCO cannot know what additional discovery will be produced, and it would be most convenient for the witnesses and counsel to proceed with the deposition in a single day (rather than to re-open depositions if counsel wish to ask questions about documents that had not previously been produced). Forcing SCO to attend these third-party depositions before IBM's document production obligations have been satisfied poses the significant hazard that these depositions (many of which are likely to be trial depositions) will need to be reopened later.

In addition, of the approximately 820,000 pages of documents that IBM has produced in this litigation, approximately 670,000 (82%) were produced in March and April of this year after the Court's March 3, 2004, order. Particularly with respect to third-party depositions like the Frasure, Rodgers, and Wilson depositions noticed for next week, SCO understandably has not yet been able to conduct a detailed review of the existing production.

Fourth, rescheduling the depositions would not prejudice either the deponents or counsel. To the contrary, IBM has already agreed to reschedule the other deposition noticed for Tuesday, June 8th, on the condition that the deposition is rescheduled without requiring IBM to re-notice a subpoena. Even if (as counsel for IBM stated in declining to reschedule the other three depositions) the remaining witnesses have already scheduled time away from work for their depositions, it would seem to be a simple matter for them simply to attend work that day rather than attend the deposition. Counsel for IBM has also asserted that rescheduling the depositions could interfere with the parties' ability to complete discovery because multiple depositions per week are already noticed. This argument (again) presupposes that the Court will deny SCO's pending Motion to Amend the Scheduling Order. In any event, there are open days in the existing discovery schedule, and of course counsel for SCO will accommodate the witnesses' and IBM's counsel's schedules in rescheduling the depositions at issue.

## Conclusion

For all the reasons set forth above, SCO respectfully requests that the Court order the depositions currently noticed for June 8 and 10, 2004, to be rescheduled by the parties following the Court's ruling on SCO's pending Motion to Amend the Scheduling Order.

Respectfully submitted,

By: _____
HATCH, JAMES & DODGE, P.C.
Brent O. Hatch

BOIES, SCHILLER & FLEXNER LLP
Stephen N. Zack
Mark J. Heise

*Counsel for Plaintiff/Counterclaim defendant*

4

# BOIES, SCHILLER & FLEXNER LLP

NEW YORK   WASHINGTON DC   FLORIDA   CALIFORNIA   NEW HAMPSHIRE   NEW JERSEY

June 2, 2004

*Via Telecopier*

Mr. Christopher Kao
Cravath, Swaine & Moore
825 Eighth Avenue
New York, New York 10019-7475

    RE:    SCO v. IBM; IBM v. SCO
              <u>Case No. 2:03CV – 0294 DAK</u>

Dear Chris:

    As we discussed yesterday, because of the hearing set for June 8, 2004, we need to reschedule the depositions currently set for that date. You indicated that you thought the BayStar deposition could be moved because you had not yet spoken with them. As I mentioned on our call today, we have spoken with BayStar's counsel, who has indicated that they may seek to quash the subpoena. Rather than address to propriety of proceeding with this deposition, I suggested that you withdraw the subpoena and that we address after the hearing the need, if any, for taking this deposition.

    Similarly, in our conversation yesterday, I indicated I would try to find someone to cover the deposition of David Frasure, but I have been unable to do so. You stated today that he was taking the day off from work, so you would not agree to change the deposition. As I mentioned, he has not yet taken the day off from work, so I reiterate my request that you agree to voluntarily reschedule the deposition without the need for SCO to file a motion for protective order. Please let me know tomorrow.

    Besides these two depositions requiring immediate attention, I also would like to address the two depositions set for June 10 and the deposition schedule generally. The Court has accommodated the parties by providing an expedited hearing on our Motion to Amend the Scheduling Order. One of the points of our motion, of course, was that discovery could not be completed in the limited time available. Certainly, this fact explains why you have set two depositions every Tuesday and Thursday in the month of June.

    With the hearing set only days away, I would propose that the depositions currently set for June 10 also be postponed pending a ruling from the Court on the Motion to Amend the Scheduling Order. If the Court grants our Motion, then we could promptly set up a conference call to prepare a reasonable schedule for both parties to complete discovery and conduct depositions in the allotted time. If the Court denies our motion, however, we will work with you to promptly reschedule those two witnesses currently set for June 10 and continue to work with you on finalizing the deposition schedule as recently re-noticed by you.

EXHIBIT 1

BOIES, SCHILLER & FLEXNER LLP

Mr. Christopher Kao
June 2, 2004
Page 2

      Please let me know tomorrow whether this proposal is acceptable to you. Thank you for your attention to this matter.

Very truly yours,

Mark J. Heise

MJH/vb

# BOIES, SCHILLER & FLEXNER LLP

NEW YORK  WASHINGTON DC  FLORIDA  CALIFORNIA  NEW HAMPSHIRE  NEW JERSEY

June 3, 2004

*Via Telecopier*
Mr. Christopher Kao
Cravath, Swaine & Moore
825 Eighth Avenue
New York, New York 10019-7475

    RE:    SCO v. IBM; IBM v. SCO
             Case No. 2:03CV – 0294 DAK

Dear Chris:

    In response to your letter of this morning, I am writing to provide you with advance notice that in light of your refusal to temporarily adjourn the depositions that you have noticed for next week to permit the Court to consider SCO's pending motion to amend the scheduling order, we will be forced to seek a protective order on an expedited basis.

    On April 5, 2004, we filed a motion asking the Court to amend the Scheduling Order in this case due to significant changes in circumstances since Magistrate Judge Nuffer entered that Order on June 20, 2003. Specifically, the original Scheduling Order in this case did not anticipate (and could not have anticipated) (1) IBM's subsequent filing of 10 additional counter-claims; (2) the fact that discovery in this case would effectively be stayed for four months; and (3) IBM's delays in providing SCO's requested discovery. Notwithstanding our request for a reasonable adjustment to the Scheduling Order to permit both parties to conduct discovery in an orderly fashion, on May 13, 2004, IBM noticed 23 depositions to take place, two a day, throughout the country every Tuesday and Thursday through June and then one deposition every Tuesday and Thursday through July 15.

    In light of our pending motion – and particularly the fact that the Court has scheduled an expedited argument on that motion for next Tuesday, June 8 – we have asked that you agree temporarily to adjourn the depositions scheduled for next week. We simply do not believe that pushing forward with these depositions is a sensible way to proceed in these circumstances. The scheduling of these depositions is not only inconvenient for SCO's counsel in light of the hearing next week, but with the vast majority of the documents that IBM has produced to date (approximately 670,000 of the 820,000 pages produced being produced by IBM after the Court's March 3 order), SCO has not adequate time to review the produced materials in preparation for third-party depositions, such as Frasure, McDonough, Wilson, and Rogers, which you elected to schedule for the first three days of depositions.


EXHIBIT 2

100 SOUTHEAST 2ND STREET • SUITE 2800 • MIAMI, FL 33131-2124 • PH. 305-539-8400  FAX 305-539-1307

BOIES, SCHILLER & FLEXNER LLP

Mr. Christopher Kao
June 3, 2004
Page 2

The brief delay that we have requested – which will temporarily postpone only one week of depositions – will not prejudice IBM in any way. Although you have mentioned that witnesses have already scheduled days off from work, rescheduling those days (which of course have not yet been taken) would hardly impose a hardship. Nor would, as you suggested, rescheduling court reporters cause any prejudice to IBM. Moreover, as I have explained, following the Court's ruling on SCO's motion to amend the scheduling order, we would promptly work out a manageable deposition schedule consistent with the Court's ruling.

We hope that you will reconsider your position concerning the depositions that you have noticed for next week. If we do not hear otherwise from you by 6:00 p.m. EST tonight, we will proceed with the filing of a motion for protective order.

Very truly yours,

Mark J. Heise

MJH/vb

FROM CRAVATH SWAINE & MOORE LLP                    (THU) 6. 3'04 11:00/ST. 10:59/NO. 4260048159 P 2

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-207-453-1000
FACSIMILE: 44-207-860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1342

June 3, 2004

### SCO v. IBM; IBM v. SCO

Dear Mark:

I write in response to your letter of yesterday.

We cannot agree to your proposals.

As I discussed with you yesterday, we are amenable to rescheduling the date of the 30(b)(6) deposition of BayStar, provided that BayStar agrees to provide a witness on a different date without the need for a new subpoena. As we have received no communications from BayStar, despite multiple attempts on our part to contact counsel for BayStar, we assume that BayStar will produce a witness on June 8 pursuant to the subpoena we served on May 10. I understand that your client has apparently spoken with BayStar regarding the deposition. As we were not given notice of or made privy to those discussions, we cannot agree to withdraw our subpoena on the basis of any such discussions.

With respect to the other depositions scheduled for June 8 and June 10, we do not see any reason to postpone them at the present time. We properly noticed the depositions on May 13, and made arrangements for the witnesses and counsel to be present on the noticed dates. The witnesses have already scheduled time away from work to prepare for and attend their depositions, and it would be highly inconvenient for these witnesses to change their plans at this late date. Moreover, since (as you note in your letter) we have noticed multiple depositions per week for the remainder of the discovery

EXHIBIT 3

Case 2:03-cv-00294-DN   Document 168   Filed 06/03/04   PageID.1112   Page 10 of 11
FROM CRAVATH SWAINE & MOORE LLP                    (THU) 6. 3' 04 11:00/ST. 10:59/NO. 4260048159 P 3

2

period, postponing these depositions is not a simple matter and will interfere with the parties' ability to timely complete discovery.

Sincerely,

*[signature]*

Christopher Kao

Mark J. Heise, Esq.
  Boies, Schiller & Flexner LLP
    100 Southeast Second Street
      Suite 2800
        Miami, FL 33131

BY FACSIMILE

Copy to:

Todd M. Shaughnessy, Esq.
  Snell & Wilmer L.L.P.
    15 South West Temple, Suite 1200
    Salt Lake City, Utah 84101

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on Defendant International Business Machines Corporation on this 3rd day of June, 2004, by facsimile and U.S. Mail to:

Alan L. Sullivan, Esq.
Todd Shaughnessy, Esq.
Snell & Wilmer L.L.P.
15 West South Temple, Ste. 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004

Evan R. Chesler, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

And U.S. Mail to

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

/s/ Laura Campbell