FILED
U.S. DISTRICT COURT

-4 JUN 04 AM 10: 57

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

SNELL & WILMER LLP
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
15 West South Temple
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM-PLAINTIFF IBM'S MEMORANDUM IN OPPOSITION TO SCO'S EXPEDITED MOTION FOR PROTECTIVE ORDER** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum in opposition to SCO's Expedited Motion and Memorandum for a Protective Order, filed June 3, 2004.

## Introduction

The Court should deny SCO's eleventh-hour attempt to postpone depositions that have been scheduled for almost a month. The most notable feature of SCO's "expedited" motion is the complete absence of any explanation why SCO chose to wait until just days before those depositions to ask that they be postponed, and to foist on the Court and on IBM the need to deal with this motion in an unreasonably expedited manner. In reality, as explained in more detail below, there is no legitimate reason why SCO cannot attend the depositions as presently scheduled. Perhaps more important, not proceeding with the depositions would impose an undue burden both on IBM and on the third party witnesses who have been scheduled for almost a month.

## Factual Background

IBM served its notice of depositions on May 13, 2004. The notice included the third party depositions scheduled for next week – David Frasure and BayStar Capital on Tuesday, June 8, and Otis Wilson and David Rodgers on Thursday, June 10. SCO did not object to the depositions scheduled for next week, raise any issue concerning the dates on which they were scheduled, or complain that they could not adequately prepare for them. Instead, on May 26, 2004, SCO's counsel wrote a detailed letter explaining why various <u>other</u> witnesses could not be deposed on the dates IBM selected, and why various SCO employees would have to be

deposed in locations other than where their depositions had been noticed. (See Heise ltr. to Kao, dated May 26, 2004, copy appended hereto as Exhibit A). On May 28, 2004, counsel for IBM responded, agreeing to all of the scheduling requests made by SCO's counsel. (See Kao ltr. to Heise, dated May 28, 2004, copy appended hereto as Exhibit B). During these exchanges, SCO's counsel never suggested that there were any problems with the depositions scheduled for next week, nor did he raise any of the issues that are now contained in SCO's moving papers. On this basis, IBM reasonably assumed those dates were acceptable and confirmed them with the witnesses.

These third parties arranged to take time off of work and in several instances to retain lawyers. Having heard no objection from SCO, these dates were cleared with the witnesses and counsel, court reporters and conference rooms were reserved, and travel arrangements for all involved were made. Last Thursday, May 27, the Court sent notice that SCO's Motion to Amend the Scheduling Order would be heard next Tuesday, the date previously set for the depositions of David Frasure and BayStar Capital. Although that notice was sent by email Thursday morning, and presumably received at that time by one or more of the several SCO attorneys appearing on the Court's mailing list, SCO did not contact counsel for IBM last week with any scheduling concerns.

Indeed, SCO's counsel did not contact counsel for IBM until Tuesday of this week. At that time, SCO's principal concern seemed to be that the Court had scheduled the hearing on a date when both the Frasure and BayStar depositions were scheduled. IBM agreed

SHAUGHT\SLC\301519.1

to postpone the BayStar deposition to accommodate SCO's counsel.[1] (See Kao ltr. to Heise, dated June 3, 2004, copy appended to SCO's motion as Exhibit 3). SCO's counsel then requested that all of the depositions scheduled for next week be postponed, in light of the hearing on SCO's Motion to Amend the Scheduling Order.[2] Because these witnesses and their counsel have made arrangements to appear, and because it would impose a burden on them as well as upon IBM, IBM declined to continue these depositions.

## Argument

SCO raises four arguments in support of its motion to continue the depositions scheduled for next week, each of which is without merit:

First, SCO argues that because its Motion to Amend the Scheduling Order will be heard next week, IBM should postpone the depositions. SCO repeatedly states that IBM, by not agreeing to reschedule the depositions, "presupposes that the Court will not amend the Scheduling Order." (SCO Mem. at 2, 4.) On the contrary, SCO's insistence on rescheduling the depositions presupposes that its motion it will be granted. As of today, there is a Scheduling Order in place. IBM has carefully scheduled its depositions with a view to completing them, along with SCO's depositions, within the time allowed under the existing Scheduling Order. By

---

[1] IBM agreed to postpone the BayStar deposition provided that BayStar was amenable to doing so. IBM tried diligently to reach BayStar to discuss this issue, but BayStar has ignored our calls and letters. SCO, on the other hand, has talked to BayStar. This morning, we finally received a message from BayStar's counsel stating that the deposition would not go forward next week.

[2] SCO did not, at that time, raise any of the other issues outlined in its motion, such as inadequate time to prepare for these depositions.

SHAUGHT\SLC\301519.1

demanding that these depositions be postponed until some later time, SCO assumes that the Court will grant its motion and give the parties additional time to complete them. Indeed, we would expect that if these depositions are continued, SCO will argue next week that there are now even more depositions that need to be completed within the time remaining. As SCO concedes in its memorandum, IBM noticed these depositions "to comply with the . . . Scheduling Order." (SCO Mem. at 2.) That Scheduling Order remains in place and, unless and until it is modified, the parties should be expected to operate under it. SCO's request to continue these depositions, on the assumption that its motion will be granted, is inconsistent with the order now in place and should be denied. Moreover, the fact that the Scheduling Order might be amended does not mean that depositions should not proceed, or that deposition discovery in general should be stayed, which appears to be the intent of its present motion.

Second, SCO contends that the hearing scheduled for next Tuesday, June 8 conflicts with the depositions, and on this basis, apparently all of the depositions scheduled for next week should be postponed. (SCO Mem. at 3.) IBM acknowledges that the date of the hearing creates an unanticipated scheduling issue, and therefore agreed to postpone the BayStar deposition, one of the two depositions that had been scheduled for almost a month. SCO fails to offer any explanation why postponing one of the depositions scheduled on Tuesday is insufficient to address its concerns. More important, SCO fails to explain why none of the 12 lawyers or four law firms that have entered an appearance in this case on behalf of SCO have the ability to cover a single deposition, or oral argument on a Motion to Amend the Scheduling Order. If SCO believes that the presence of a "senior lawyer" at the Frasure deposition is

- 5 -

critical, there is no reason why one of the dozen lawyers who have entered an appearance in the case, most or all of whom are partners with their respective firms, cannot argue SCO's motion or attend the deposition.

Third, SCO raises, for the very first time, the argument that it has not had an adequate opportunity to review IBM's documents and therefore prepare for the depositions. (SCO Mem. at 3.) If this truly was a legitimate reason to postpone the depositions, SCO could and should have raised it in mid-May, when the depositions were scheduled, or in late May, when it was exchanging correspondence with IBM on this subject. At a minimum, one would expect SCO to have raised it earlier this week, when it first requested the depositions be continued. SCO's failure to do so is reason enough to deny its motion. Beyond this, IBM produced documents long ago, and there is no reason, particularly given the deadlines imposed by the existing Scheduling Order that it should not have completed this review long ago. Moreover, as SCO well knows, review of IBM's documents is not necessary for any of the depositions next week. Two of the witnesses scheduled next week, Messrs. Frasure and Wilson, are former employees of AT&T, not IBM. SCO as the purported successor of AT&T's rights, should have these documents, to the extent they exist, in its files. Similarly, Mr. Rodgers was employed by Sequent, not IBM, and IBM does not have any of his documents. The final deponent, BayStar, is an investor in SCO, wholly unrelated to IBM, and that deposition apparently will not go forward. The issue regarding SCO's ability to review IBM's documents is simply too late in time, and too weak on the merits.

SHAUGHT\SLC\301519.1

Fourth, SCO argues that postponing the depositions will not cause any hardship to IBM or to the witnesses involved. These third party witnesses have scheduled time off from work and made arrangements, including retaining attorneys and clearing these dates with their counsel, to appear at their depositions. They likewise presumably intend to spend time preparing for their depositions. And, in the end, having your deposition taken is no small inconvenience. SCO blithely states that "it would be a simple matter for them simply to attend work that day rather than attend the deposition." (SCO Mem. at 4). SCO ignores both the disruption to their schedules and the inconvenience its demand places on these witnesses, who are not employed by either party and who understandably have better things to do than appear at a deposition. Likewise, IBM's counsel has made reservations and arrangements for these depositions, along with preparing for them, all of which SCO seeks to upend at the last possible moment. SCO, in stark contrast, can suffer no harm or prejudice by proceeding with depositions noticed almost a month ago, at a time when SCO implicitly, if not explicitly, agreed was acceptable. SCO candidly admits that it has the ability to attend both the depositions and the hearing next week – "it is true that both parties could simultaneously provide counsel to cover the June 8th hearing in Utah and what are likely to be trial depositions in North Carolina and California." (SCO Mem. at 3.) SCO's lawyers, not these third party witnesses, should be required to adjust their schedules accordingly.

## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court deny SCO's Expedited Motion for Protective Order.

SHAUGHT\SLC\301519.1

DATED this 4th day of June, 2004.

          SNELL & WILMER L.L.P.

          /s/ Todd M. Shaughnessy

          Alan L. Sullivan
          Todd M. Shaughnessy

          CRAVATH, SWAINE & MOORE LLP
          Evan R. Chesler
          David R. Marriott

          *Attorneys for Defendant/Counterclaim-Plaintiff*
          *International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2004, a true and correct copy of the foregoing was hand delivered to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131
>
> Kevin P. McBride
> 1299 Ocean Avenue, Suite 900
> Santa Monica, California 90401

_____

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.