FILED
CLERK, U.S. DISTRICT COURT

10 JUN 04 PM 4:45

DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | ORDER <br><br> Case No. 2:03CV294 DAK |

This matter is before the court on Plaintiff/Counterclaim-Defendant The SCO Group, Inc.'s ("SCO") Motion for Separate Trials and Motion to Amend Scheduling Order. A hearing on the motions was held on June 8, 2004. At the hearing, SCO was represented by Brent O. Hatch, Frederick S. Frei, and Robert Silver. Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") was represented by David R. Marriott and Todd M. Shaughnessy. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to the motions. The court has also considered David R. Marriott's letter to the court dated June 9, 2004 and Brent O. Hatch's response to that letter, dated June 10, 2004. Now being fully advised, the court renders the following Order.



## I. MOTION TO BIFURCATE

SCO seeks bifurcation of three patent counterclaims asserted by IBM. SCO essentially claims that the patent counterclaims are unrelated to the primary claims and counterclaims asserted in this case and that litigating the patent counterclaims together with the primary claims would cause prejudice to SCO, would virtually double the amount of discovery to be completed, and would render the current deadlines impossible to meet.

IBM contends that there is no reason to decide the issue at the present time. IBM argues that only after the completion of discovery and the filing of motions will the court be in a position to meaningfully determine whether to bifurcate the patent counterclaims. Additionally, IBM asserts that there is no reason that the parties cannot complete the patent discovery under the current Scheduling Order.

The court declines to bifurcate the patent counterclaims at this time. As discussed below, the court will amend the Scheduling Order to provide additional time to conduct discovery related to all the claims and counterclaims in this action.

## II. MOTION TO AMEND SCHEDULING ORDER

SCO has requested that the court amend the Scheduling Order because IBM asserted 14 counterclaims after the Scheduling Order was entered. Thus, the deadlines set forth in the Scheduling Order did not contemplate litigating additional claims. Furthermore, SCO claims that IBM has caused delays in discovery thus far, and, consequently, the parties cannot complete the significant amount of remaining discovery by the current deadline of August 4, 2004.

IBM, on the other hand, argues that the delays in discovery are of SCO's own making

and that, in light of the resources available to the parties, the remaining discovery can be completed by the August 4, 2004 deadline. IBM also contends that SCO seeks to delay resolution of this litigation to serve SCO's "improper goal of maintaining fear, uncertainty, and doubt in the marketplace concerning Linux and IBM's (and many others') products."

Because IBM's counterclaims were added after the entry of the current Scheduling Order and because the court has declined to bifurcate IBM's patent counterclaims from the remainder of the claims and counterclaims, the court will modify the Scheduling Order. However, the court will not modify the Scheduling Order again, absent extremely compelling circumstances.[1] The dates set forth in the previous Scheduling Order are stricken, and the following dates now apply:

| EVENT | DEADLINE |
| --- | --- |
| Fact Discovery | February 11, 2005 |
| Expert Discovery | April 22, 2005 |
|    Initial Report | February 25, 2005 |
|    Opposing Experts' Reports | March 11, 2005 |
|    Counter-reports | March 25, 2005 |
| Dispositive Motions | May 20, 2005 |
| Rule 26(a)(3) Disclosures | September 30, 2005 |
| Special Attorney Conference and Settlement Conference | October 3, 2005 |
| Final Pretrial Conference | October 10, 2005 at 2:30 p.m. |

---

[1] When necessary to accommodate the court's schedule, the court may alter dates that involve the court.

3

| Exchange of proposed jury instructions[2] | September 30, 2005 |
|---|---|
| Filing of proposed jury instructions | October 10, 2005 |
| 5-week jury trial | November 1, 2005 |

Accordingly, IT IS HEREBY ORDERED that (1) SCO's Motion to Bifurcate is DENIED without prejudice to renew after all dispositive motions have been decided; and (2) SCO's Motion to Amend Scheduling Order is GRANTED in part and DENIED in part. As set forth above, the court has amended the Scheduling Order, although not to the extent requested by SCO. The dates set forth in the previous Scheduling Order are hereby STRICKEN.

DATED this 10th day of June, 2004.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[2] Approximately six weeks prior to trial, the court will send to the parties a Trial Order that sets forth deadlines regarding the exchange of jury instructions between the parties, filing of stipulated instructions and proposed instructions to which the parties could not agree, objections to proposed instructions, and responses to the objections. In the Trial Order, the court will also provide deadlines for proposed voir dire, proposed special verdict forms, and motions in limine.

4

```
                                                              tsh
                    United States District Court
                             for the
                        District of Utah
                        June 10, 2004


           * * CERTIFICATE OF SERVICE OF CLERK * *


Re:   2:03-cv-00294



True and correct copies of the attached were either mailed, faxed or e-mailed
by the clerk to the following:


       Brent O. Hatch, Esq.
       HATCH JAMES & DODGE
       10 W BROADWAY STE 400
       SALT LAKE CITY, UT  84101
       EMAIL

       Scott E. Gant, Esq.
       BOIES SCHILLER & FLEXNER
       5301 WISCONSIN AVE NW
       WASHINGTON, DC  20015

       Frederick S. Frei, Esq.
       ANDREWS KURTH
       1701 PENNSYLVANIA AVE NW STE 300
       WASHINGTON, DC  20006

       Evan R. Chesler, Esq.
       CRAVATH SWAINE & MOORE
       825 EIGHTH AVE
       NEW YORK, NY  10019
       EMAIL

       Mr. Alan L Sullivan, Esq.
       SNELL & WILMER LLP
       15 W SOUTH TEMPLE STE 1200
       GATEWAY TOWER W
       SALT LAKE CITY, UT  84101
       EMAIL

       Mark J. Heise, Esq.
       BOIES SCHILLER & FLEXNER
       100 SE 2ND ST STE 2800
       MIAMI, FL  33131
       EMAIL

       Mr. Kevin P McBride, Esq.
       1299 OCEAN AVE STE 900
       SANTA MONICA, CA  90401
       EMAIL
```

Robert Silver, Esq.
BOIES SCHILLER & FLEXNER
333 MAIN ST
ARMONK, NY  10504

Mr. David W Scofield, Esq.
PETERS SCOFIELD PRICE
340 BROADWAY CENTRE
111 E BROADWAY
SALT LAKE CITY, UT  84111
EMAIL