

SNELL & WILMER LLP
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
15 West South Temple
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM-PLAINTIFF IBM'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO SCO'S MOTION TO DISMISS OR STAY COUNT TEN OF IBM'S SECOND AMENDED COUNTERCLAIMS** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |



Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this supplemental memorandum in further opposition to Plaintiff/Counterclaim-Defendant The SCO Group, Inc.'s ("SCO") motion to dismiss or stay IBM's Tenth Counterclaim.

## Preliminary Statement

In its June 10, 2004 letter brief to the Court, SCO suggests for the first time that IBM's Tenth Counterclaim should be dismissed or stayed because it is a permissive rather than a compulsory counterclaim.[1] SCO is wrong. IBM's Tenth Counterclaim "arises out of the transaction or occurrence that is the subject" of SCO's claims against IBM and is therefore a compulsory counterclaim. Fed. R. Civ. P. 13(a). Thus, in addition to the reasons set forth in IBM's initial opposition papers, IBM's Tenth Counterclaim should not be dismissed or stayed because it is compulsory.

The crux of SCO's lawsuit is that "a significant amount of UNIX protected code and materials are currently found in Linux . . . in violation of SCO's contractual rights and copyrights". (Second Am. Compl. ¶ 79.) SCO has asserted contract claims against IBM, and a claim for copyright infringement alleging that IBM has infringed, and has induced the infringement of, copyrights SCO purports to hold to certain versions of UNIX software. IBM's Tenth Counterclaim seeks a declaration that IBM's Linux activities (including IBM's participation in the development of Linux, IBM's internal copying and use of Linux, and IBM's

---

[1] SCO did not raise this argument in its opening memorandum. In response to a question posed by the Court at the June 8, 2004 hearing concerning scheduling issues, counsel for IBM mistakenly stated that its Tenth Counterclaim was not compulsory. The following day, on June 9, 2004, IBM sent a letter to the Court correcting its statement and stating IBM's position that its Tenth Counterclaim is compulsory. SCO submitted its letter brief the next day.

- 2 -

304768.1

provision of Linux to customers as part of its hardware and service offerings) do not infringe or induce others to infringe those very copyrights. Thus, IBM's Tenth Counterclaim arises out of SCO's claim that materials found in Linux infringe its alleged UNIX copyrights.

In an attempt to argue that IBM's counterclaim is permissive, SCO contends that IBM has misrepresented the scope of SCO's claims. SCO asserts (wrongly, we believe) that its infringement claim against IBM is based only on code found in Linux that was allegedly contributed by IBM, not on code found in Linux that was contributed by other persons or entities.[2] Even under SCO's view of its claim, however,[3] IBM's Tenth Counterclaim is compulsory, and, as such, should not be dismissed or stayed.

Irrespective of the specific code that SCO presently contends to be at issue in its claims (which SCO has yet even to identify fully for IBM, more than a year after it commenced the case), IBM's Tenth Counterclaim is logically related to and raises the same basic issues of fact and law as SCO's claims: (1) whether SCO owns valid copyrights to certain UNIX software, and (2) whether code in Linux infringes (i.e., is identical or substantially similar to) any protectable expression in the UNIX code to which SCO claims copyright ownership. If IBM had not asserted its Tenth Counterclaim in this case, it would have been precluded from asserting

---

[2] SCO states in its letter brief that its lawsuit only asserts claims "based on IBM's own conduct" and that IBM's counterclaim would expand the case to include the conduct of "entities *other* than IBM". That is not true. IBM's Tenth Counterclaim seeks only a declaration that <u>IBM's own conduct</u> concerning Linux does not infringe any of SCO's alleged UNIX copyrights.

[3] As discussed below (at 6-7), it is SCO (not IBM) that misstates "what SCO's case is (and is not) about". (SCO's Letter Br. at 1.) After all, SCO represented to the court in <u>Red Hat, Inc. v. The SCO Group, Inc.</u> that "[t]he previously filed SCO v. IBM Case addresses most, if not all, of the issues of copyright infringement" raised by Red Hat's complaint seeking a declaration that its copying and commercial distribution of Linux does not infringe SCO's copyrights. (Declaration of Amy F. Sorenson, dated May 18, 2004 ("Sorenson Decl."), Ex. 1 at 15.)

- 3 -

304768.1

the claim in a subsequent suit. Accordingly, there can be no doubt that IBM's Tenth Counterclaim is compulsory.[4]

For these reasons, in addition to the reasons set forth in IBM's initial memorandum in opposition to SCO's motion, the Court should deny SCO's motion to dismiss or stay in all respects.

## Argument

### IBM'S TENTH COUNTERCLAIM IS COMPULSORY AND THUS SHOULD NOT BE DISMISSED OR STAYED.

Under Rule 13(a), a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim". Fed. R. Civ. P 13(a). Courts give "the terms 'transaction' and 'occurrence' contained in Rule 13(a) . . . flexible and realistic constructions in order to effect 'judicial economy', i.e., trial in one action of all related controversies between the parties and, of course, the avoidance of multiplicity of suits." Pipelines Local Union No. 798, Tulsa, Okla. v. Ellerd, 503 F.2d 1193, 1198 (10th Cir. 1974); see also 6 Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1409 (2d ed. 1987 & Supp. 2004) (hereinafter "Wright & Miller") ("The reason for compelling the litigant to interpose compulsory counterclaims is to enable the court to settle all related

---

[4] Based on its contention (which is, we believe, mistaken) that SCO is only presently charging IBM with copyright infringement based on certain segments of code in Linux, SCO argues (again in error, we believe) that it should be allowed to later charge IBM with infringement based on other segments of code in Linux, after SCO has litigated against the individual contributors of such code. Thus, SCO reasons, IBM should similarly be allowed to bring a succession of claims for declarations of non-infringement based on different segments of Linux code and need not assert a claim relating to all of IBM's Linux activities in this suit. Such a piecemeal approach to litigation makes no sense and is contrary to the objectives of Rule 13(a) and the doctrine of res judicata, which are intended to promote judicial economy and the avoidance of multiplicity of suits.

- 4 -

304768.1

claims in one action, thereby avoiding a wasteful multiplicity of litigation on claims arising from a single transaction or occurrence.")

Rather than articulate precise definitions for the terms "transaction" and "occurrence", the Tenth Circuit (like other circuits) has articulated a number of standards "by which the compulsory or permissive nature of specific counterclaims may be determined", including the following:

> "(1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
>
> (2) Would res judicata bar a subsequent suit on defendants' claim absent the compulsory counterclaim rule?
>
> (3) Will substantially the same evidence support or refute plaintiffs' claim as well as defendants' counterclaims? and
>
> (4) Is there any logical relation between the claim and the counterclaim?"

Ellerd, 503 F.2d at 1198 (quoting Wright & Miller § 1410).[5] Of these four separate tests, "[t]he 'logical relation' test is the most controlling." Id. at 1199.

Under any of these four tests, IBM's Tenth Counterclaim is compulsory and not permissive. Most critically, IBM's counterclaim for a declaration of non-infringement of SCO's copyrights is logically related to SCO's claim for copyright infringement. (See Section I.A below.) IBM's counterclaim also raises substantially similar issues of fact and law, and depends on much the same evidence, as SCO's claim for copyright infringement, and res judicata would bar IBM from bringing a subsequent claim for a declaration of non-infringement of copyright

---

[5] According to Wright and Miller, "[i]n the case of each of these tests, an affirmative answer to the question posed means that the counterclaim is compulsory". Wright & Miller § 1410. "Further, over the years it has become clear that the fourth test, logical relationship, is the preferred approach for determining what claims arise out of the same transaction or occurrence." Id.

related to IBM's Linux activities if not brought in this action. (See Section I.B below.) The contrary arguments on which SCO relies are untenable. (See Section I.C below.)

A.  IBM's Tenth Counterclaim Is Logically Related to SCO's Claims.

Under any reading of SCO's allegations, there is a "logical relation" between SCO's claims against IBM and IBM's Tenth Counterclaim.

As set forth in IBM's cross-motion for summary judgment on its Tenth Counterclaim, SCO has challenged all of IBM's Linux activities (including its internal copying and use of Linux), not just IBM's specific contributions of source code to Linux as SCO now contends.[6] As a result, IBM's Tenth Counterclaim is simply the mirror image of SCO's own claims against IBM and, therefore, is plainly logically related to SCO's claims.[7] Indeed, SCO has already conceded as much in its representations to the U.S. District Court for the District of Delaware in a case brought in August 2003 by a commercial distributor of Linux, Red Hat, Inc., Red Hat, Inc. v. The SCO Group, Inc., C.A. No. 03-772 (D. Del.).

In its case against SCO, Red Hat—like IBM here—seeks a declaration of non-infringement of SCO's purported copyrights (based, of course, on Red Hat's own Linux

---

[6] In its complaint, SCO alleges, among other things, that IBM's misconduct includes "incorporating (and inducing, encouraging, and enabling others to incorporate) SCO's proprietary software into Linux open source software offerings". (Second Am. Compl. ¶ 6 (emphasis added).) SCO also alleges that IBM "knowingly induced, encouraged, and enabled others to distribute proprietary information [in Linux] in an attempt to conceal its own legal liability for such distributions [of Linux]". (Id. ¶ 109 (SCO's first) (emphasis added).) SCO's pleading, as IBM reads it, does not limit SCO's charges to only certain Linux code.

[7] SCO also asserts that IBM infringed SCO's alleged UNIX copyrights by continuing to reproduce and distribute its AIX and Dynix programs after SCO purported to terminate IBM's licenses to distribute such programs. IBM's Ninth Counterclaim, which is also compulsory and which SCO has not moved to dismiss or stay, seeks a declaration of non-infringement of SCO's copyrights with respect to IBM's reproduction and distribution of AIX and Dynix.

- 6 -

304768.1

activities). In arguing that the Red Hat case should be dismissed, SCO stated unequivocally in September 2003 that "[t]he infringement . . . issues Red Hat seeks to adjudicate in this case are currently before U.S. District Judge Dale A. Kimball in the SCO v. IBM Case pending in Utah Federal District Court". (Sorenson Decl. Ex. 1 at 2 ¶ 2.) SCO further suggested that "[t]he previously filed SCO v. IBM Case addresses most, if not all, of the issues of copyright infringement and misappropriation" and that if "these issues are decided against SCO in that case, then Red Hat's lawsuit becomes unnecessary". (Id. at 15.)[8] More recently, in May 2004, SCO argued in opposition to Red Hat's attempt to lift the stay the Delaware Court had imposed sua sponte "pending a resolution of the Utah litigation between SCO and IBM" (Sorenson Decl. Ex. 2 ¶ 2) that "the IBM case will address a central issue in this [Red Hat] case: whether Linux contains misappropriated UNIX code". (Sorenson Decl. Ex. 3 at 3.)[9]

Entirely apart from the parties' disagreement concerning the scope of SCO's copyright claim, however, IBM's Tenth Counterclaim is compulsory. That is because it is compulsory even under SCO's present articulation of its claims. SCO agrees that it alleges IBM has infringed a number of SCO's purported UNIX copyrights based, at least in part, on IBM's contributions of allegedly infringing code to Linux. As SCO itself describes its claim in its letter brief, "IBM's *own contributions* to Linux are at the center of the lawsuit SCO brought". As

---

[8] In fact, when SCO made these representations to the Delaware Court, SCO had not even brought a copyright infringement claim against IBM. SCO argued to the Red Hat court that its contract claims against IBM by implication raised issues of copyright infringement that would have to be resolved in this lawsuit.

[9] Apparently recognizing that its position in the Red Hat case is inconsistent with its new view of its copyright claim, SCO recently submitted a letter to the Red Hat court attempting, it seems, to explain away the inconsistency. There is no explanation except that SCO seeks now to redefine its claim to support its present motion.

304768.1

stated, IBM's Tenth Counterclaim seeks a declaration that IBM does not infringe the very same copyrights by its Linux activities, including contributing to the development of Linux, copying and using Linux internally and providing Linux to customers as part of hardware and service offerings. Thus, even as SCO now views its copyright claim, IBM's Tenth Counterclaim is the flip side of at least a portion of SCO's claim for copyright infringement. Accordingly, IBM's Tenth Counterclaim logically relates to SCO's copyright infringement claim and is compulsory.

It is axiomatic that counterclaims relating to the same copyrights that are the subject of a plaintiff's claims are logically related to the plaintiff's claims and are therefore compulsory. See Relational Design & Tech., Inc. v. Data Team Corp., Civ. A. No. 91-2452, 1992 WL 97799, at *3 (D. Kan. Apr. 16, 1992) (holding that counterclaim for declaration of non-infringement of copyright, filed in response to plaintiff's copyright infringement claim, "constitutes a compulsory counterclaim pursuant to Federal Rule of Civil Procedure 13(a)") (Exhibit A); Burns v. Rockwood Distrib. Co., 481 F. Supp. 841, 848 (N.D. Ill. 1979) (holding that counterclaim for declaration of non-infringement of copyright, filed in response to plaintiff's copyright infringement claim, was compulsory); Wright & Miller § 1410 ("Any counterclaim involving the same patent as is involved in the original action usually is considered to arise from the same transaction as the main claim. . . . Actions involving copyright infringement follow the same basic pattern as patent infringement actions.").[10]

---

[10] Cf. Commerce Bancorp, Inc. v. BankAtlantic, No. Civ. 02-4774, 2004 WL 612525, at *2 (D.N.J. Jan. 12, 2004) (holding that counterclaim for declaration of non-infringement of trademark, filed in response to plaintiff's trademark infringement claim, was compulsory) (Exhibit B); J. Lyons & Co. Ltd. v. Republic of Tea, Inc., 892 F. Supp. 486, 490 (S.D.N.Y. 1995) (holding that counterclaim for trademark infringement, filed in response to claim for declaration of non-infringement of trademark, was compulsory); Akzona, Inc. v. E.I. DuPont de Nemours & Co., 662 F. Supp. 603, 618 (D. Del. 1987) ("In

- 8 -

304768.1

This is true not only when the defendant seeks a declaration of non-infringement with respect to the copyrights at issue, as in this case, see Relational Design, 1992 WL 97799, at *3, but even when the defendant asserts an altogether different claim that merely relates in some way to the copyrights at issue. See, e.g., Grupke v. Linda Lori Sportswear, Inc., 174 F.R.D. 15, 17 (E.D.N.Y. 1997) (holding that common law unfair competition and tortious interference counterclaims, filed in response to plaintiff's copyright infringement claim, were compulsory); Grumman Sys. Support Corp. v. Data General Corp., 125 F.R.D. 160, 162 (N.D. Cal. 1988) (holding that antitrust counterclaims, filed in response to plaintiff's copyright infringement claims, were compulsory); Four Seasons Solar Products Corp. v. Sun Sys. Prefabricated Solar Greenhouses, Inc., 101 F.R.D. 292, 295 (E.D.N.Y. 1983) (holding that antitrust, anti-competitive practices and tortious interference counterclaims, filed in response to plaintiff's copyright infringement claim, were compulsory).[11]

In this case, where IBM seeks a declaration of non-infringement with respect to the very copyrights upon which SCO has sued IBM—and indeed, with respect to the very same allegedly infringing product, Linux—there can be no question that IBM's counterclaim is "logically related" to SCO's claim and is therefore compulsory. This is true even if SCO intends

---

the instant case, both the declaratory judgment action [for non-infringement] and the counterclaim [for patent infringement] arise out of the same patents and both seek to define the scope and determine the validity of those patents. Such a situation is clearly within the mandate of Rule 13(a)."); Phillips Petroleum Co. v. U.S. Steel Corp., 566 F. Supp. 1093, 1097 (D. Del. 1983) (holding that counterclaim for declaration of non-infringement of patent, filed in response to plaintiff's patent infringement claim, was compulsory).

[11] See also Static Control Components, Inc. v. Dallas Semiconductor Corp., No. 1:02CV1057, 2003 WL 21666582, at *8 (M.D.N.C. July 16, 2003) (Report and Recommendation) ("Courts in other jurisdictions have routinely found copyright misuse and antitrust claims to be compulsory counterclaims to previously filed copyright infringement claims.") (Exhibit C).

- 9 -

304768.1

now to limit its own copyright infringement claim against IBM to "IBM's *own contributions* to Linux", as SCO suggests in its letter brief. As stated, the touchstone of whether a counterclaim is compulsory is if its insertion into the case would promote judicial economy. Judicial economy is best served here by IBM seeking a declaration of non-infringement as to all the allegedly infringing code in Linux as part of the instant case, rather than as part of a separate, stand-alone action against SCO where many of the same issues (such as the ownership and scope of the copyrights at issue) would be raised.

    B.    <u>IBM's Tenth Counterclaim Raises Largely the Same Issues as SCO's Claims, Requires Substantially the Same Evidence as SCO's Claims, and Would Be Barred by the Doctrine of Res Judicata if Brought Later.</u>

Each of the other considerations suggested by the Tenth Circuit also supports the conclusion that IBM's Tenth Counterclaim is compulsory. IBM's Tenth Counterclaim raises substantially the same issues of fact and law as SCO's claims, requires the presentation of much the same evidence as SCO's claims, and would be barred by res judicata if IBM attempted to bring the claim later.

The issues of fact and law raised by SCO's claims and IBM's Tenth Counterclaim, and the evidence necessary for SCO's claims and IBM's counterclaim, are largely the same. Both SCO's claim for copyright infringement and IBM's Tenth Counterclaim raise (and require the presentation of evidence concerning), among other things, issues relating to the authorship, protectability, and current ownership of the UNIX code to which SCO allegedly holds copyrights. In addition, SCO's claim for copyright infringement and IBM's Tenth Counterclaim require analysis and comparison of the UNIX source code allegedly covered by

304768.1

SCO's copyrights and Linux source code to determine whether any similarity exists between the protectable elements of the UNIX code and the code contained in Linux.

Further, just as a subsequent claim brought by SCO against IBM for copyright infringement concerning Linux code would be barred by res judicata, a subsequent suit by IBM for a declaration of non-infringement concerning Linux code would be barred by res judicata. As the Tenth Circuit articulates it, "[u]nder res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action." Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards, 314 F.3d 501, 503-04 (10th Cir. 2003) (emphasis in original) (quoting Satsky v. Paramount Comm., Inc., 7 F.3d 1464, 1467-68 (10th Cir. 1993)); see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (noting that res judicata "precludes the parties or their privies from relitigating issues that were or could have been raised in that action".)[12]

As SCO has sued IBM in this case for copyright infringement concerning certain code in Linux, it is precluded by the doctrine of res judicata from bringing subsequent claims against IBM for copyright infringement based on different code in Linux, since such claims could (and therefore should) be raised in this case. When a plaintiff possesses evidence, or could have discovered evidence, supporting a claim it has asserted against a defendant (e.g., for copyright infringement), it is well-settled that the doctrine of res judicata bars that plaintiff from instituting a subsequent action asserting the same claim based on such evidence. See, e.g., Well-

---

[12] As with Rule 13(a), a central principle behind the doctrine of res judicata is judicial economy. See, e.g., Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948) ("The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations.")

- 11 -

304768.1

Made Toy Mfg. Corp. v. Lotus Onda Indus. Co., No. 02 Civ. 1151, 2003 WL 42001, at *10-*11 (S.D.N.Y. Jan. 6, 2003) (holding that res judicata barred plaintiff's second action for copyright infringement because it was based on evidence that plaintiff could have discovered before if it had exercised due diligence) (Exhibit D).[13]

       Here, SCO has (and has had since well before it commenced its suit against IBM) all the information it needs to determine whether there is any code in Linux that infringes any of SCO's purported copyrights—the source code for Linux, which is publicly available on the Internet and is contained in many of SCO's own software products, and the UNIX source code that SCO claims to have copyrighted. As a result, if SCO's current claim of copyright infringement against IBM relating to certain code in Linux is decided on its merits, SCO is barred from bringing a subsequent claim of copyright infringement against IBM for any other allegedly infringing code in Linux of which it is presently aware or could be aware with the exercise of due diligence.[14]

---

[13] See also L-Tec Electronics Corp. v. Cougar Elec. Org., 198 F.3d 85, 88 (2d Cir. 1999) (holding that res judicata bars second action based on additional evidence when plaintiff "could have ascertained this information through due diligence, including pre-filing investigation or discovery upon the original complaint"); Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 596 (7th Cir. 1986) ("When a litigant files a lawsuit, the courts have a right to presume that he has done his legal and factual homework. It would undermine the basic policies protected by the doctrine of res judicata to permit the [plaintiffs] to once again avail themselves of judicial time and energy while another litigant, who has yet to be heard even once, waits in line behind them.").

[14] Indeed, in the letter it recently submitted to the Court in the Red Hat case, SCO claims as a result of its on-going investigations to have "discovered significant instances of line-for-line and 'substantially similar' copying of code from Unix System V into Linux". However, despite IBM's discovery requests asking SCO to provide such information, and two Court orders directing SCO to provide it, SCO still has not fully identified for IBM the "line-for-line" and "substantially similar" copying it claims to have discovered.

304768.1

As any subsequent copyright infringement claim by SCO against IBM relating to Linux code would be barred by res judicata, it necessarily follows that any subsequent claim by IBM for a declaration of non-infringement relating to Linux code would also be barred by res judicata. Such a claim by IBM would constitute merely the mirror image of SCO's claim. Any claim for a declaration of non-infringement relating to Linux <u>could be</u>, and thus should be, raised in the instant action, and not in subsequent litigations.

C.     <u>SCO's Argument That IBM's Tenth Counterclaim Is Permissive Is Mistaken.</u>

SCO argues that IBM's Tenth Counterclaim is not compulsory because it involves "wholly separate and new issues" related to "the conduct of third parties" and not to "conduct unique to IBM". The argument has no merit. IBM's Tenth Counterclaim seeks a declaration of non-infringement only with respect to <u>IBM's own conduct</u> relating to Linux. As stated in IBM's counterclaims, IBM (like many others), has contributed to the development of Linux and regularly (as part of its business) makes copies of Linux. IBM simply seeks a declaration that <u>IBM's</u> contribution to, and copying of, Linux does not infringe the UNIX copyrights SCO claims to own.

Either there is code in Linux that infringes SCO's purported UNIX copyrights (because it is identical or substantially similar to protected UNIX code) as SCO contends, or, as IBM believes, there is not. Whether any allegedly infringing code in Linux was contributed by parties other than IBM, and whether those parties might as a result also be liable to SCO for copyright infringement, breach of contract or some other claim, is of little moment to IBM's

- 13 -

304768.1

Tenth Counterclaim. SCO's lamentations about the "sweeping breadth" of IBM's counterclaim are therefore unfounded.[15]

Contrary to SCO's suggestion, IBM's Tenth Counterclaim does not require adjudication of the conduct of countless third parties or contemplate extensive additional litigation. Whether IBM's Linux activities infringe SCO's purported UNIX copyrights involves an assessment of IBM's conduct and can—indeed must—be resolved in a single litigation. Under SCO's theory, by contrast, each segment of infringing code in Linux would be addressed in a series of "mini-litigations" against each individual contributor of code to Linux, such that no single alleged infringer would ever be entitled to a declaration of non-infringement as to all the code in Linux.[16] That makes no sense. As SCO would have it, IBM (and many others throughout the world) could be subjected to a virtually endless torrent of litigation brought by SCO, because SCO could file new claims each time SCO purports to find additional infringing code that has been present in Linux all along. The efficiencies associated with addressing IBM's Tenth Counterclaim in this lawsuit, and resolving once and for all whether IBM's Linux activities infringe SCO's alleged copyrights—in contrast to the inefficiency of SCO's proposed course of action—supports the conclusion that IBM's Tenth Counterclaim is compulsory.

---

[15] Moreover, the "breadth" of IBM's Tenth Counterclaim is of SCO's own making. It is SCO, not IBM, that has stated publicly that there is a substantial amount of infringing code in Linux. IBM merely seeks a declaration of non-infringement.

[16] The fallacy of SCO's new argument is further demonstrated by SCO's own lawsuit against AutoZone, Inc., which it recently filed in the United States District Court for the District of Nevada, The SCO Group, Inc. v. AutoZone, Inc., Civil No. CVS-04-0237 (D. Nev.). In that case, SCO has sued AutoZone for copyright infringement based on AutoZone's use of Linux in its business. SCO has not sought to join any of the thousands of contributors to Linux or suggested that multiple "mini-litigations" will be necessary before SCO could litigate its claims against AutoZone.

## Conclusion

IBM's Tenth Counterclaim is a compulsory counterclaim. For this reason and the other reasons set forth in IBM's Memorandum in Opposition to SCO's Motion to Dismiss or Stay, SCO's motion to dismiss or stay should be denied.

DATED this 28th day of June, 2004.

> SNELL & WILMER L.L.P.
>
> /s/ Alan L. Sullivan
>
> Alan L. Sullivan
> Todd M. Shaughnessy
>
> CRAVATH, SWAINE & MOORE LLP
> Evan R. Chesler
> David R. Marriott
>
> *Attorneys for Defendant/Counterclaim-Plaintiff*
> *International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff International*
*Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2004, a true and correct copy of the foregoing was hand delivered to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131
>
> Robert Silver
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504
>
> Kevin P. McBride
> 1299 Ocean Avenue, Suite 900
> Santa Monica, California 90401

304768.1

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.