FILED

-6 JUL 04 PM 1:12

Brent O. Hatch (5715)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver, Esq. (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower — Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC. <br><br> Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **PLAINTIFF'S RENEWED MOTION TO COMPEL** <br><br><br> **Civil No. 2:03CV0294 DAK** <br><br> **Honorable Dale A. Kimball** <br><br> **Magistrate Judge Brooke Wells** |

Plaintiff The SCO Group, Inc. ("SCO") hereby renews its previously granted Motion to Compel and moves the Court pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure to again order International Business Machines Corporation ("IBM") to respond completely and properly to SCO's discovery requests as previously ordered by the Court.

SCO's Motion is based on the following grounds:



190

On March 3, 2004, the Court ordered IBM to provide specified discovery and otherwise to supplement its deficient responses to SCO's First Requests for Production of Documents and First Set of Interrogatories. IBM has failed to comply with its discovery obligations and the Court's Order.

In particular, the Court ordered IBM to produce documents from senior management, including Sam Palmisano and Irving Wladawsky-Berger. IBM has produced only a limited number of well-filtered documents from Mr. Palmisano's file and has excluded any notes, memos, correspondence, emails or other documents authored or edited by Mr. Palmisano. IBM has produced no documents from Mr. Wladawsky-Berger's file, and no documents from the files of individual members of IBM's Board of directors. IBM should be ordered to comply with the Court's March 3, 2004 Order by providing the full files of Mr. Palmisano, Mr. Wladawsky-Berger, IBM's Board, including Board minutes, Board packages, and other relevant Board materials, and all other documents relevant to SCO's requests that this Court previously Ordered be produced, and that SCO originally requested on June 24, 2003. Alternatively, if IBM continues to take the position that no responsive documents exist, the Court should order IBM to provide certifications from Mr. Palmisano, Mr. Wladawsky-Berger, and the members of IBM's Board, stating that they have no relevant e-mail files, Board minutes, Board packages, or other Board materials that address issues relevant to this case.

In addition, the Court ordered IBM to provide further answers to Interrogatories 2, 5, and 11. IBM has failed to properly supplement SCO's Interrogatory 5 which sought information regarding the individuals who worked on developing source code for IBM's AIX, Dynix and Linux products and the contributions of these persons to these products. Rather than respond as the Court ordered, IBM has told SCO it should get the information sought in Interrogatory 5 from

the AIX and Dynix products themselves. The AIX and Dynix code do not, however, provide the information the Court ordered IBM to produce. This information is readily available on IBM's Configuration Management Version Control ("CMVC") and Revsion Control System ("RCS") IBM should be ordered to give SCO unfettered access to CMVC and RCS, which systems are clearly relevant to SCO's claims, to SCO's defenses of IBM's counterclaims, and to SCO's discovery requests.

Finally, and again despite the Court's order to the contrary, IBM has failed to provide contact information relating to individuals identified in IBM's interrogatory responses. Consistent with the March 3rd Order, SCO asked IBM to identify 134 individuals for which IBM possessed contact information. This Court should order IBM to provide the contact information in its possession for the 134 identified individuals and any other witnesses IBM intends to call at trial.

The Court should again order IBM to provide immediate and complete responses to SCO's discovery requests and should grant whatever other relief the Court deems appropriate to ensure IBM does not disregard the Court's orders in the future.

SCO's Motion is supported by the Memorandum in Support of Plaintiff's Renewed Motion to Compel filed concurrently herewith.

DATED this 6th day of July, 2004.

By: _____
HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark R. Clements

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stephen N. Zack
Mark J. Heise

*Counsel for The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, hereby certifies that a true and correct copy of **PLAINTIFF'S RENEWED MOTION TO COMPEL** was served on Defendant International Business Machines Corporation on this 6th day of July, 2004, as follows:

BY HAND DELIVERY:

Alan L. Sullivan, Esq.
Todd M. Shaughnessy, Esq.
Snell & Wilmer L.L.P.
15 West South Temple, Ste. 1200
Salt Lake City, Utah 84101-1004

BY U.S. MAIL:

Evan R. Chesler, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY  10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York  10604

*/s/ Nedilka Hadziahdunic*