FILED
CLERK, U.S. DISTRICT COURT

13 AUG 04 PM 4: 29

DISTRICT OF UTAH

BY: _____
      DEPUTY CLERK

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
  *International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>          Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>          Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM PLAINTIFF IBM'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON BREACH OF CONTRACT CLAIMS**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>Civil No. 2:03CV0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

225

Pursuant to DUCivR 56-1(a) and Federal Rule of Civil Procedure 56, Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this Motion for Partial Summary Judgment. As is set forth in the accompanying memorandum of points and authorities, IBM respectfully submits that the Court should grant summary judgment for IBM on Plaintiff/Counterclaim Defendant The SCO Group, Inc.'s ("SCO") First, Second, Third, and Fourth Causes of Action for the reasons summarized below.

Nearly two decades ago, IBM entered into licensing agreements with AT&T for the source code to the UNIX System V operating system. Now, SCO—which played no part in negotiating the agreements but purports recently to have acquired rights to them through a succession of corporate acquisitions—seeks to use the agreements to prevent IBM from contributing its own original source code (not UNIX System V source code) to the public operating system known as Linux. SCO's contract claims rely on an unsupported and unsupportable reading of IBM's agreements with AT&T and should be rejected as a matter of law.

Each of SCO's four breach of contract claims against IBM relate to the UNIX System V licenses entered into by IBM and Sequent Computer Systems, Inc. (a company acquired by IBM in 1999) with AT&T. These licenses are in the form of a "Software Agreement", which sets forth the terms under which UNIX System V source code can be used and disclosed, and a "Sublicensing Agreement", which sets forth the terms under which software based on UNIX System V code can be distributed.

Although SCO for months has claimed that it had evidence IBM took confidential source code from UNIX System V and "dumped" it into Linux, it has become clear that SCO has no such evidence. Instead, SCO's claims that IBM breached its agreements with AT&T depend

2

entirely on the allegation that IBM improperly contributed certain of IBM's original source code, contained in its own AIX and Dynix operating systems (each of which consists of millions of lines of source code), to Linux. According to SCO, because AIX and Dynix allegedly contain some small component of source code from UNIX System V, IBM is prohibited by its licensing agreements from disclosing any of the other millions of lines in code in AIX or Dynix, even if that code was created by or for IBM and contains no UNIX System V code.

SCO is wrong as a matter of law, and IBM is entitled to partial summary judgment on SCO's contract claims, for at least two independent reasons.

First, the AT&T agreements upon which SCO's claims are based do not preclude IBM from using and disclosing source code that is written by IBM and does not include UNIX System V code (referred to herein as "homegrown" code):

1. The plain and unambiguous language of the agreements imposes no restrictions on the use or disclosure of source code that does not contain UNIX System V code.

2. The individuals who executed the licenses and were involved in their negotiation, on behalf of both AT&T and IBM, have offered unequivocal testimony that the agreements were not intended and should not be understood to preclude IBM's use and disclosure of homegrown code and contemporaneous documents reflect this interpretation of the licenses.

3. Interpreting the licenses to prohibit the disclosure of homegrown code would be patently unreasonable.

Second, even if the AT&T agreements could be read to preclude the disclosure of homegrown code, any breach based upon such a reading has been waived by Novell, Inc. ("Novell") on behalf of SCO, and by SCO itself:

1. Novell, which at one time owned all rights in the AT&T agreements at issue, retained the right, among other things, to waive alleged breaches of the agreements, and Novell has exercised that right to effect a waiver of the alleged breaches in this case.

3

2.      SCO itself sold or otherwise made available to its customers and the public the code it claims IBM should not have revealed.  By its own conduct, therefore, SCO has waived any right to claim that IBM acted improperly by contributing its code to Linux.

For the foregoing reasons, IBM respectfully submits that the Court should enter partial summary judgment for IBM on SCO's claims for breach of contract (SCO's First, Second, Third and Fourth Causes of Action).  IBM also respectfully requests that the Court hold oral argument on this motion.  This motion is further supported by the accompanying memorandum of points and authorities, IBM's Declarations in Support of Motion for Partial Summary Judgment on Breach of Contract Claims, the exhibits submitted with the Declaration of Todd M. Shaughnessy, and by such argument as shall be presented at hearing.

DATED this **13th** day of August, 2004.

SNELL & WILMER L.L.P.

_____
Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12ᵗʰ day of August, 2004, a true and correct copy of the

foregoing was hand delivered to the following:

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

Robert Silver
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Amy F. Sorenson

SORENSA\SLC\309531.2

5