```
FILED
CLERK, U.S. DISTRICT COURT

13 AUG 04 PM 4: 29

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK
```

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC. <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM PLAINTIFF IBM'S EX PARTE MOTION FOR LEAVE TO FILE OVERLENGTH MEMORANDUM** <br><br> Civil No. 2:03CV0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

226

Pursuant to DUCivR 7-1(e), Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this Ex Parte Motion for Leave to File Overlength Memorandum, submitted in support of its Motion for Partial Summary Judgment on Breach of Contract Claims, consisting of approximately thirty pages of argument, exclusive of face sheet, table of contents, table of authorities, statement of facts, declarations and exhibits.

In its Memorandum in Support of Motion for Partial Summary Judgment on Breach of Contract Claims, IBM demonstrates that Plaintiff/Counterclaim Defendant The SCO Group, Inc.'s ("SCO") First, Second, Third, and Fourth Causes of Action fail as a matter of law for at least two independent reasons.

First, IBM's Motion for Partial Summary Judgment demonstrates that the AT&T agreements upon which SCO's claims are based do not preclude IBM from using and disclosing source code that is written by IBM and does not include UNIX System V code (referred to herein as "homegrown" code):

1. The plain and unambiguous language of the agreements imposes no restrictions on the use or disclosure of source code that does not contain UNIX System V code.

2. The individuals who executed the licenses and were involved in their negotiation, on behalf of both AT&T and IBM, have offered unequivocal testimony that the agreements were not intended and should not be understood to preclude IBM's use and disclosure of homegrown code and contemporaneous documents reflect this interpretation of the licenses.

3. Interpreting the licenses to prohibit the disclosure of homegrown code would be patently unreasonable.

In support of its Motion for Partial Summary Judgment, IBM submits some ten declarations from the individuals who executed and negotiated the agreements on behalf of AT&T and IBM, each of whom unequivocally agree that the agreements were not intended and should not be understood to preclude IBM's use and disclosure of homegrown code.

2

Second, IBM's Motion for Partial Summary Judgment also demonstrates that even if the AT&T agreements could be read to preclude the disclosure of homegrown code, any breach based upon such a reading has been waived by Novell, Inc. ("Novell") on behalf of SCO, and by SCO itself:

1. Novell, which at one time owned all rights in the AT&T agreements at issue, retained the right, among other things, to waive alleged breaches of the agreements, and Novell has exercised that right to effect a waiver of the alleged breaches in this case.

2. SCO itself sold or otherwise made available to its customers and the public the code it claims IBM should not have revealed. By its own conduct, therefore, SCO has waived any right to claim that IBM acted improperly by contributing its code to Linux.

In order to fully address these important issues in its memorandum, IBM required approximately five additional pages of argument beyond the twenty-five pages allotted by DUCivR 56. Accordingly, IBM respectfully requests that it be granted leave to file a Memorandum in Support of Motion for Partial Summary Judgment on Breach of Contract Claims consisting of thirty pages of argument.

DATED this 13th day of August, 2004.

SNELL & WILMER L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff International Business Machines Corporation*

3

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of August, 2004, a true and correct copy of the foregoing was hand delivered to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

>Robert Silver
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, New York 10504

Amy F. Sorenson

309648.1

5