SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM-PLAINTIFF IBM'S OPPOSITION TO SCO'S EX PARTE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM REGARDING DISCOVERY**<br><br>Civil No. 2:03CV-0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

International Business Machines Corporation ("IBM") respectfully submits this opposition to the Ex Parte Motion for Leave to File a Supplemental Memorandum Regarding Discovery filed by The SCO Group, Inc. ("SCO").

On June 1, 2004, SCO filed a 17-page "Memorandum Regarding Discovery" which, though not styled a motion to compel, seeks an order compelling IBM to produce billions of additional lines of source code for AIX and Dynix (including source code that never actually appeared in any release of those products), together with potentially millions of additional documents concerning the development of AIX and Dynix over the past 20 years. Then, on July 8, 2004 (before briefing on SCO's "Memorandum Regarding Discovery" was even complete), SCO filed a "Renewed" Motion to Compel, together with a 12-page supporting memorandum, addressed in large part to the exact same issue – i.e., the production of all of IBM's internal source code files. SCO then filed, on July 13, 2004, a 27-page "Reply Memorandum Regarding Discovery". SCO's reply brief in support its "Renewed" Motion to Compel is due tomorrow.

Now, over a month after briefing on the "Memorandum Regarding Discovery" was complete, SCO seeks permission to file yet another memorandum on the same subject (and, in fact, has improperly filed that supplemental memorandum before being granted leave to do so). SCO's request for yet another memorandum on the subject should be denied.

First, SCO already has been afforded more than adequate briefing on this issue. Local Rule DUCivR 7-1(b) permits the filing of a supporting memorandum, an opposition memorandum, and a reply memorandum; it expressly provides that "[n]o additional memoranda will be considered without leave of court." SCO's filing of its supplemental memorandum, without first obtaining leave of Court to do so, is therefore itself improper. More importantly, by filing its "Memorandum Regarding Discovery," followed immediately by a "Renewed" Motion to Compel, SCO already has helped itself to four memoranda on the same subject. To date, and without considering SCO's proposed supplemental memorandum or its reply memorandum due

tomorrow, SCO has submitted 56 pages of briefs. It now proposes to submit an additional 10-page brief, a six-page declaration, and eight new exhibits, raising new arguments to which IBM has not been afforded an opportunity to respond.

Second, SCO's proposed supplemental memorandum discusses two documents, which SCO misrepresents, that are protected by the attorney-client privilege. Indeed, the sole basis SCO offers for its untimely submission is that it "recently" discovered "IBM documents and correspondence supporting its position and suggesting new, independent reasons for granting SCO's Motion to Compel Discovery." Ex Parte Motion, at 2.[1] The "documents and correspondence" to which SCO refers include Exhibits D and E to the Declaration of Jeremy O. Evans submitted with SCO's supplemental memorandum. These documents, however, are privileged and confidential communications between IBM employees and IBM's in-house counsel. Under paragraph 3(k) of the parties' attorney planning meeting report, "[d]ocuments that a party claims as privileged, including all copies made, will be returned immediately upon the request of the disclosing party without the need to show the production was inadvertent." IBM has demanded, pursuant to paragraph 3(k), that SCO immediately return these documents. (See Ex. A hereto). Therefore, they cannot properly form the basis of SCO's motion papers, and the Court should, for this additional reason, deny SCO's request for leave to file a supplemental memorandum.

For these foregoing reasons, IBM respectfully requests that the Court deny SCO's Ex Parte Motion for Leave to File a Supplemental Memorandum Regarding Discovery.

---

[1] SCO also discusses, yet again, its contention that production of data from IBM's CMVC system is not overly burdensome, and submits the Declaration of Barbara Howe, an "independent contractor" for SCO, in part to support this argument. SCO's ex parte motion does not even attempt to show that the information regarding CMVC, or the testimony of Barbara Howe, was not available to it at the time it filed its principal briefs. In short, SCO makes absolutely no effort to show just cause for its late submission of this information and, on this basis alone, the Court should disregard SCO's arguments concerning CMVC.

DATED this 25th day of August, 2004.

                         SNELL & WILMER L.L.P.

                         /s/ Alan L. Sullivan
                         Alan L. Sullivan
                         Todd M. Shaughnessy
                         Amy F. Sorenson

                         CRAVATH, SWAINE & MOORE LLP
                         Evan R. Chesler
                         David R. Marriott

                         *Attorneys for Defendant/Counterclaim-Plaintiff*
                         *International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2004, a true and correct copy of the foregoing was hand delivered to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

>Robert Silver
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, New York 10504



# Exhibits/Attachments to this document have **not** been scanned.

# Please see the case file.