Brent O. Hatch (5715)
Mark F. James (5295)
Mark R. Clements (7172)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
David K. Markarian (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Robert Silver, Esq. (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Frederick S. Frei (admitted pro hac vice)
Aldo Noto (admitted pro hac vice)
John K. Harrop (admitted pro hac vice)
ANDREWS KURTH LLP
1701 Pennsylvania Avenue, Ste. 300
Washington, DC 20006
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

*Attorneys for Plaintiff The SCO Group, Inc.*

**FILED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　　　Defendant. | SUPPLEMENTAL DECLARATION OF JOHN HARROP IN SUPPORT OF SCO'S OPPOSITION TO IBM'S MOTION TO STRIKE<br><br>Case No. 2:03-CV-0294 DAK<br><br>Judge: Dale A. Kimball<br>Magistrate Brooke C. Wells |

275

## SUPPLEMENTAL DECLARATION OF JOHN HARROP

1.  My name is John Harrop, and I am a Partner in the law firm of Andrews Kurth LLP, co-counsel to The SCO Group, Inc. ("SCO") in this litigation. My office is located at 1701 Pennsylvania Avenue, NW, Washington, DC 20006. This Supplemental Declaration is based on my personal knowledge.

2.  I submit this Supplemental Declaration as a supplement to my July 9, 2004 Declaration, which was submitted in support of SCO's Memorandum in Opposition to Defendant/Counterclaim Plaintiff IBM's Motion for Summary Judgment on IBM's Tenth Counterclaim.

3.  IBM has moved to strike my July 9, 2004 Declaration for lack of my personal knowledge and lack of qualifications to address the matters that I addressed. In addition to the material in my July 9 Declaration, I set forth below the personal knowledge and qualifications for the statements in my July 9 Declaration.

4.  In my July 9 Declaration in support of SCO's Rule 56(f) Motion, I set forth: (i) background facts about the pleadings and legal claims in this case; (ii) information describing the broad scope of IBM's Linux activities that are at issue in IBM's Tenth Counterclaim; (iii) an explanation of the substantial discovery that SCO should be entitled to take before the Court considers IBM's motion for summary judgment on IBM's Tenth Counterclaim; (iv) information that has been presented previously in this case, but which I reorganized, and which describes the difficulties that SCO has encountered in obtaining needed discovery relating to IBM's copyright infringement; and (v) a summary for the Court of the factual and equitable basis for SCO's need

and entitlement to more discovery than SCO has obtained thus far, which includes (where necessary) references to the July 9 Declaration of Chris Sontag.

5. I have been part of SCO's outside counsel team in this case since December 2003, and have worked directly on many aspects of this case. Specifically, I have personal knowledge of the discovery matters and SCO's plans for discovery on copyright issues which are presented in my July 9 Declaration.

6. I have been an intellectual property attorney in private practice for about nine years.

7. I have reviewed, in the course of my work for SCO, all pleadings, discovery filings, and public articles that are cited, quoted or referred to in my July 9 Declaration.

8. In my July 9 Declaration (and as stated therein), I have personal and first-hand knowledge of the facts presented in describing the discovery problems that SCO has encountered in receiving material from IBM needed for analysis of copyright infringement. I relied upon that first-hand knowledge (and, as noted in my July 9 Declaration, upon the contemporaneous declaration of Chris Sontag) in presenting paragraphs 26-27, 29, 31-32, 35-36, 41-45, 46-50, 53-54, 55-58, 59-65, 66-68, and 76-90 of my July 9 Declaration.

9. I have personal knowledge of the facts and have studied or reviewed the conclusions which support my statements in Paragraphs 5, 7, 9, 19, 20, 22, and 23.

10. I participated in SCO's attempts to compare UNIX and Linux source code, and I relied on that knowledge (and the contemporaneous Sontag and Gupta declarations) in presenting paragraphs 72 and 91-95 of my July 9 Declaration.

11. I have personal knowledge of SCO's approach to defending against IBM's Tenth Counterclaim and I relied on that knowledge in presenting paragraphs 73-75.

3

12. It has been common practice in the pleadings in this case to present newspaper, magazine, and Internet articles to the Court. SCO could have presented these materials which IBM finds objectionable in my July 9 Declaration in SCO's Memorandum Opposing Summary Judgment instead, and indeed did as to some of this material to which IBM objects, i.e. paragraphs 38-39.

13. The matters presented in paragraphs 70 and 71 of my July 9 Declaration are not presented to the court as proof of copyright infringement, but rather for the fact that the quoted statements by Mr. Torvalds and Mr. Morton were reported as being said. Such reports provide leads for the Rule 56(f) discovery that SCO seeks leave of the Court to conduct.

14. Moreover, my July 9 Declaration is intended to provide background and context so as to serve as a convenient reference for the Court for: (1) the history of the discovery disputes obstructing SCO's ability to develop its case; and (2) the outline of the discovery SCO needs and intends to conduct if the Court so orders.

15. I attest that the Exhibits to my July 9 Declaration are true and correct copies of the materials presented.

    I declare under penalty of perjury that the foregoing Supplemental Declaration of John Harrop is true and correct.

September 7, 2004.

_____
John Harrop

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing SUPPLEMENTAL DECLARATION JOHN HARROP IN SUPPORT OF SCO'S OPPOSITION TO IBM'S MOTION TO STRIKE to be mailed by U.S. Mail, first class postage prepaid, this 7th day of September, 2004, to the following:

        Alan L. Sullivan, Esq.
        Todd M. Shaughnessy, Esq.
        Snell & Wilmer L.L.P.
        15 West South Temple, Ste. 1200
        Gateway Tower West
        Salt Lake City, Utah 84101-1004

Copy to:

        Evan R. Chesler, Esq.
        Cravath, Swaine & Moore LLP
        Worldwide Plaza
        825 Eighth Avenue
        New York, NY 10019

        Donald J. Rosenberg, Esq.
        1133 Westchester Avenue
        White Plains, New York 10604

*Attorneys for Defendant/Counterclaim Plaintiff IBM Corp.*

[signature]