Brent O. Hatch (5715)
Mark F. James (5295)
Mark R. Clements (7172)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP<br><br>   Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>   Defendant/Counterclaim-Plaintiff | **SCO'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ADDITIONAL TIME TO FILE RESPONSES TO IBM'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON SCO'S BREACH OF CONTRACT CLAIMS AND ON IBM'S EIGHTH COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |



SCO respectfully submits this Memorandum in Support of its request for an extension of time to file its responses to IBM's Motions for Partial Summary Judgment on SCO's Breach of Contract Claims (IBM's "Contract Motion") and to IBM's Counterclaim for Copyright Infringement (Eighth Counterclaim) (IBM's "Copyright Motion").

## INTRODUCTION

IBM has recently filed two additional dispositive motions with this Court, consisting of over a hundred pages of briefing and hundreds of pages of supporting documentation.  Given the complexity of IBM's motions and the fact that SCO is filing contemporaneously with this Motion a Motion to Enforce the Court's Amended Scheduling Order – which addresses the appropriate treatment of all of IBM's pending motions in the context of the Court's revised discovery schedule – SCO has requested additional time from IBM to respond to the Motions. IBM has refused, however, to grant SCO any additional time without seeking to impose unfair additional restrictions on SCO, insisting that SCO waive its right to invoke Federal Rule of Procedure 56(f) and to seek additional discovery in response to IBM's premature and fact-intensive motions.  As SCO cannot agree to those restrictions, it is forced to make this motion.

By this motion, SCO requests at least a thirty-day extension of time in which to respond to IBM's two motions.  SCO seeks this extension for at least two reasons.  First, SCO has filed an expedited motion, along with this one, seeking to stay further briefing on, and consideration of, IBM's fact-intensive dispositive motions until after the close of fact discovery in this case (the "Scheduling Motion").  Unless the Court has an opportunity to consider and rule on SCO's Scheduling Motion before it is required to file its briefs in opposition to IBM's motions, a large part of the purpose of the Scheduling Motion will be lost.  Second, IBM admits that the requested extension will not impact the current hearing schedule.  Thus, even if the Court denies

SCO's Scheduling Motion, the Motions can still be heard at the December 9 hearing the Court has scheduled for oral argument. Even if both SCO <u>and</u> IBM take additional time to brief the Motions, the Court will still have more than enough time to review and consider the submissions before the scheduled hearing date.

## DISCUSSION

IBM filed its Contract Motion (consisting of an entire banker's box of pleadings and supporting materials) on August 13, 2004, and served it by hand delivery on SCO's counsel at his home at 9:00 p.m. that Friday evening. On August 16, 2004, IBM filed and served its Copyright Motion. Under the local rules of the Court, SCO's response to the Contract Motion is due on September 13, 2004, and its response to the Copyright Motion is due on September 16, 2004. The Court has noticed the motions for hearing on December 9, 2004.

The Court is already scheduled to hear argument on IBM's first-filed summary judgment motion, on its recently-filed Tenth Counterclaim, on September 15. Even though that complex motion is also patently fact-intensive and premature, IBM's filing of the motion has already required SCO to devote enormous time and resources to responding. The parties' briefing on that motion alone consists of hundreds of pages.

There is every reason to believe that IBM's two additional dispositive motions will run the same course. The memorandum that IBM filed in support of its Contract Motion contains 154 numbered paragraphs of factual allegations. The Copyright Motion memorandum contains 66 numbered paragraphs of factual allegations, excluding subparagraphs. Although IBM contends, as it must on summary judgment, that none of these facts are disputed and that not a single dispute of material fact exists with respect to either of the motions, there is no merit to that contention. As SCO's Scheduling Motion demonstrates, even a brief review of IBM's motions

reveals that they are riddled with fatal flaws, on the law and on the facts.  <u>See</u> Memorandum in Support of SCO's Scheduling Motion, Part II.

For purposes of this motion, SCO notes only that discovery in this case is in its early stages.  The Court has established February 11, 2005 as the deadline for fact discovery, and, although the parties disagree as to why discovery has not progressed further, it is undisputed that the process is much nearer the start than the finish.

In light of these circumstances, and prior to filing this motion, SCO asked IBM to consent to defer the Court's consideration of its motions until after the close of fact discovery in this case.  In a case of the magnitude and complexity of this one, deferral of dispositive motions until after the close of fact discovery is not unusual and, in fact, commonly occurs for the sake of efficiency (both for the parties and the Court).  In the alternative, if IBM was unwilling to defer its dispositive motions, SCO asked IBM to grant it an extension of time to file responses to IBM's motions while SCO sought relief from the Court.  IBM refused to grant SCO's request even for a short, thirty-day extension unless SCO agreed: (1) to grant IBM a similar extension (a request SCO certainly would not oppose); (2) to submit for deposition anyone who filed a declaration in connection with SCO's motions; and (3) most astonishingly, to waive its right to make <u>any</u> Rule 56(f) arguments in opposition to IBM's Motions.[1]  The correspondence exchanged between IBM and SCO concerning this matter is attached hereto at Exhibit A.

IBM's substantive demands of course go far beyond the professional courtesy extended between counsel discussing an extension.  In fact, it is telling that IBM demanded, as a condition of any extension, that SCO <u>forego</u> its substantive rights under Rule 56(f).  IBM must know that

---

[1] In an effort to impose additional work on SCO during the period SCO must respond to the motions, on August 31, 2004, IBM hand-delivered to SCO's counsel an Amended Notice of Videotaped Depositions, for 15 different individuals.  A copy of IBM's notice is attached hereto at Exhibit B.

SCO cannot accept these terms as well as it knows that its own motions cannot survive a Rule 56(f) challenge.  SCO is therefore forced to bring this matter to the Court.

IBM admits, in its correspondence attached hereto, that the thirty-day extension of briefing deadlines SCO seeks would not delay the hearing scheduled on the Motions, even with the addition of a thirty-nine day extension to IBM for the filing of its reply papers.[2]  See Todd Shaughnessy's September 1, 2004 letter to Brent Hatch and Mark James (stating that granting mutual extensions to SCO and IBM "should keep us on track for a hearing on December 9, 2004") (Exh. A).  But after SCO candidly informed IBM that it intended to file a motion asking the Court to defer its consideration of dispositive motions until after the close of fact discovery, IBM refused to grant SCO's request – and conditioned its willingness to agree to any extension on SCO's agreeing to provide additional discovery and committing to waive its rights under Rule 56(f).  Given IBM's admission that the proposed extension would have no effect on the hearing scheduled for the motions, IBM's insistence on substantive concessions from SCO is patently tactical.  Given that IBM's refusal to grant a common courtesy without onerous conditions will create massive inefficiency in these circumstances – both for SCO and for the Court – the Court should not permit it.

Finally, as noted above, SCO is filing herewith its Scheduling Motion, which sets out in substantial detail the numerous reasons why the Court should defer consideration of IBM's dispositive motions until after the close of fact discovery.  As a logical matter, the Court should have an opportunity to review this motion before the relief it seeks becomes, at least in

---

[2] Mr. Shaughnessy's calculations give SCO a thirty-day extension to file opposition memoranda (from September 13 through October 13 on the Contract Motion and from September 16 through October 15 on the Copyright Motion) while giving IBM a thirty-nine day extension (from October 13 through November 22 on the Contract Motion and from October 15 through November 24 on the Copyright Motion) to file reply memoranda.  See Todd Shaughnessy's September 1, 2004 letter to Brent Hatch and Mark James (Exh. A).

substantial part, moot.  SCO therefore requests that the Court grant its extension to give the

Court the opportunity to review the Scheduling Motion and determine whether additional

briefing is appropriate on IBM's motions at this time.

## CONCLUSION

For all of the above reasons, SCO respectfully requests that the Court grant its request for

at least a thirty-day extension to respond to IBM's Contract Motion and Copyright Motion.


DATED this _____ day of September, 2004.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James
Mark R. Clements

BOIES, SCHILLER & FLEXNER LLP
Robert Silver, Esq. (admitted pro hac vice)
Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)

*Attorneys for The SCO Group, Inc.*

CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, hereby certifies that a true and correct copy of the foregoing

**SCO'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ADDITIONAL TIME**

**TO FILE RESPONSES TO IBM'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

**ON SCO'S BREACH OF CONTRACT CLAIMS AND ON IBM'S EIGHTH**

**COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT** was served on Defendant

International Business Machines Corporation on this _____ day of September, 2004, by hand-

delivery to:

>Alan L. Sullivan, Esq.
>Todd M. Shaughnessy, Esq.
>Snell & Wilmer L.L.P.
>15 West South Temple, Ste. 1200
>Gateway Tower West
>Salt Lake City, Utah 84101-1004

and mailed by U.S. mail, postage prepaid, addressed to:

>Evan R. Chesler, Esq.
>Cravath, Swaine & Moore LLP
>Worldwide Plaza
>825 Eighth Avenue
>New York, NY 10019
>
>Donald J. Rosenberg, Esq.
>1133 Westchester Avenue
>White Plains, New York 10604

>*Attorneys for Defendant/Counterclaim Plaintiff IBM Corp.*

LAW OFFICES

# HATCH, JAMES & DODGE
A PROFESSIONAL CORPORATION
10 WEST BROADWAY, SUITE 400
SALT LAKE CITY, UTAH 84101
TELEPHONE (801) 363-6363
FAX (801) 363-6666

BRENT O. HATCH
bhatch@hjdlaw.com

August 26, 2004

**Via Facsimile (257-1800) and U.S. Mail**

Todd M. Shaughnessy, Esq.
Snell & Wilmer
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101

   Re:  <u>SCO v. IBM; Case No. 2-03CV-0294</u>

Dear Todd:

   You and I have spoken on the telephone and exchanged correspondence, as have our respective co-counsel, Robert Silver and David Marriott, regarding various discovery issues. The purpose of the Court's order extending the fact-discovery period from August 4, 2004 until February 11, 2005 was to permit the process of orderly discovery to go forward – in which SCO could first secure basic predicate discovery, use that to obtain more targeted discovery including depositions. As part of those discussions, Mr. Silver pointed out that that any discovery and deposition plan needs to deal with the timing issues presented by the fact that IBM continues to oppose our requests for predicate discovery (the hearings on the relevant motions are not until September 14th).  More recent events have shown that these timing issues, combined with IBM's continued refusal provide even basic discovery, make any discovery and deposition plan absolutely impossible at this time.

   For example, as the summer has developed it became clear that IBM was forcing SCO to litigate many discovery issues, even to secure <u>the identities</u> of deponents – information obviously essential to even rudimentary discovery planning.  As discovery is at a near standstill until the hearing before Magistrate Wells scheduled for September 14th, it appears that IBM will not provide SCO with even rudimentary information until sometime this Fall.  SCO believes that a discovery plan would be extremely useful and welcomes the opportunity to construct one – but until SCO has in hand at least the types of discovery ordinarily exchanged at the outset of the case, such a plan would be a futile exercise.

   IBM has argued that SCO should take depositions now, and doubtless will argue that it should formulate a discovery plan and move forward now.  But that position serves only the interests of a defendant that has been blocking basic discovery so that the plaintiff has to go into depositions blind.  That result is not contemplated by the Rules or Judge Kimball's Order.  SCO has explained to IBM that it cannot afford to waste its deposition opportunities by taking depositions without the predicate discovery and fact development needed to make them effective. There is no reason why SCO should be forced to do so, when the Court has extended the fact-discovery period precisely to insure that such artificial inefficiency and prejudice was not imposed. The impracticality and unfairness of IBM's position is made even plainer by the fact that

HATCH, JAMES & DODGE

IBM has taken the position that it will not agree, without a court order, to more than the original limited number of depositions which were set <u>before</u> IBM added any of its many counterclaims to the case. As we have discussed, we believe IBM's position to be inconsistent with Judge Kimball's Order of June 10, 2004. We believe Judge Kimball, by extending the fact-discovery deadline, expected the parties to participate in the orderly process of full-discovery to proceed, precisely so that predicate document discovery could be secured before depositions, far less key depositions, were required to be taken.

Further, IBM has now filed a Motion for Partial Summary Judgment on Breach of Contract Claims ("Contract Motion") and a Motion for Partial Summary Judgment on IBM's Counterclaim for Copyright Infringement (Eighth Counterclaim) ("Copyright Motion"). The memoranda filed in support of IBM's motions contains numerous paragraphs of facts (66 separately numbered paragraphs, exclusive of subparagraphs, with respect to the Memorandum filed in support of the Copyright Motion and 154 separately numbered paragraphs, exclusive of subparagraphs, with respect to the Memorandum filed in support of the Contract Motion). While IBM characterizes its factual assertions as "undisputed," it undoubtedly comes as no surprise that SCO disagrees with and intends to dispute many of the facts as asserted.

While IBM has proceeded to seek the adjudication of multiple fact intensive dispositive motions, it has opposed the predicate discovery we need even to begin a useful preliminary discovery and deposition plan. If this expedited adjudication were to go forward on IBM's proposed schedule, the impact would be to undo the effect of the Court's June 10th Order extending the schedule to allow for orderly discovery and development of the facts.

We continue to believe it is in the best interests of our respective clients to agree upon a reasonable deposition and briefing schedule for the pending motions. Common sense and reason would suggest that we defer briefing of the pending summary judgment motions until discovery is completed. To act otherwise would only burden the court with obvious motions under Federal Rule of Civil Procedure 56(f) addressing SCO's need for substantial additional discovery before responding to IBM's motions. Before we approach the Court with this proposal, we felt it appropriate to raise the issue with you and request your agreement. Please let us know whether IBM is agreeable to extending the briefing schedule on the pending motions for summary judgment until after fact discovery has been concluded. We would also like to set a time to address the other discovery and deposition plan issues, including those raised above.

We look forward to your response. Please call me if you have any questions regarding this proposal. Given the timing of IBM's recently-filed dispositive motions, we would request a response to this proposal by no later than the end of the day tomorrow, so that, if necessary, we may take this matter up with the Court.

Sincerely yours,

Brent O. Hatch

c:  Robert Silver



**Snell & Wilmer**
———— L.L.P. ————
LAW OFFICES

15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
(801) 257-1900
Fax: (801) 257-1800
www.swlaw.com

SALT LAKE CITY, UTAH

PHOENIX, ARIZONA

TUCSON, ARIZONA

IRVINE, CALIFORNIA

DENVER, COLORADO

LAS VEGAS, NEVADA

August 27, 2004

Todd M. Shaughnessy (801) 257-1937
tshaughnessy@swlaw.com

***VIA FACSIMILE AND REGULAR MAIL***

Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

     *Re:   SCO v. IBM*

Dear Brent:

     I am writing in response to the letter we received from you late yesterday afternoon. As we understand it, SCO is requesting an indefinite extension of time for SCO to respond to IBM's Motion for Partial Summary Judgment on Breach of Contract Claims and IBM's Motion for Partial Summary Judgment on IBM's Counterclaim for Copyright Infringement. Specifically, SCO is asking IBM to defer briefing and argument on those motions until the close of fact discovery; at the same time, your letter suggests that SCO presently does not intend to complete fact discovery by the current deadline of February 11, 2005. As you must know, SCO's proposal is not only unacceptable, it is frankly outrageous.

     As justification for SCO's latest request for delay, you claim that SCO needs to take depositions. SCO, of course, has had more than a year to take depositions, but deliberately has chosen not to do so. Instead, SCO has sought delay at every possible turn. At the request of Mr. Silver, we postponed the depositions previously noticed by IBM. At that time, and on several occasions since, SCO stated that it was working on a proposed discovery plan. We repeatedly requested that SCO provide such a plan. SCO never did. At no time, prior to yesterday, did SCO contend that "a discovery and deposition plan [is] absolutely impossible . . . ." It is now obvious that SCO has no plan for discovery other than delay.

     SCO knew that IBM's motion on SCO's contract claims was forthcoming long before it was filed (and referenced this in several filings with the Court). SCO also has known for months (if not years) the names of the witnesses with knowledge of the contracts at issue, and presumably has spoken to many of them. Knowing this, SCO nevertheless made no effort to take depositions; to the contrary, it attempted to <u>prevent</u> IBM from taking these depositions by filing a last-minute motion for protective order. Finally, none of the discovery at issue in the motions pending before Judge Wells has any bearing on the contract interpretation and copyright

SHAUGHT\SLC\312826.1



Brent O. Hatch
August 27, 2004
Page 2

issues raised in the pending summary judgment motions. Thus, no discovery is or should be necessary for SCO to respond to the pending summary judgment motions.

Nevertheless, as we have previously stated, we are willing to give SCO reasonable extensions of time to respond to the pending motions, provided SCO intends to use that additional time to respond to the motions on the merits (as opposed to merely seeking further delay by moving for additional discovery under Rule 56(f)). Although we do not believe any depositions are necessary for SCO to oppose these motions, we will make available for deposition all of the individuals who have submitted declarations in support of the pending motions (except, of course, those witnesses who already have been deposed and IBM's counsel). This is more than adequate to address the issues raised in your letter.

SCO cannot continue to make false accusations about IBM's business activities while manufacturing reasons to delay resolution of claims relating to those activities. SCO's contract claims are baseless and its copying of IBM's code is clearly unlawful. IBM is entitled to have the Court rule on these issues. This morning, we received notice from the Court that these motions are set for hearing on December 9, 2004. However, if as your letter suggests SCO merely intends to make an application under Rule 56(f), we do not believe any extensions to the briefing schedule will be necessary, and that a hearing in mid-October would be appropriate.

If you would like to discuss any of these matters further, please feel free to contact me at any time.

Very truly yours,

Todd M. Shaughnessy

TMS:dw
cc:   David Marriott
      Amy Sorenson

LAW OFFICES

# HATCH, JAMES & DODGE
### A PROFESSIONAL CORPORATION
10 WEST BROADWAY, SUITE 400
SALT LAKE CITY, UTAH 84101
TELEPHONE (801) 363-6363
FAX (801) 363-6666

August 31, 2004

**Via Facsimile (257-1800) and U.S. Mail**

Todd M. Shaughnessy, Esq.
Snell & Wilmer
15 West South Temple, Suite 1200
Salt Lake City, UT 84101

Re:   SCO v. IBM, Case No. 2-03CV-0294

Dear Todd:

I am writing in response to your letter that we received last Friday afternoon. Your letter continues to repeat inaccurate descriptions of what has occurred in the discovery history of the case. For example, your letter contends that SCO never before asserted that SCO could not now usefully move forward with a deposition plan. But you do not dispute that we have more than once informed you that we need predicate discovery before we move forward with depositions. You do not dispute that we therefore also informed you earlier this summer that the timing of a deposition plan was dependent on the resolution of disputes over predicate discovery. Nor do you dispute that we have not since received any such discovery and, in fact, have since been required to continue to litigate in an effort to secure such predicate discovery.

In fact, in the context of that discovery litigation, you have had to concede that you have refused to provide us even with the identities of essential, first wave deponents (for example, the identities of programmers that IBM was ordered to produce five months ago). If you are unwilling even to produce the identities of such obviously key deponents, even when the Court orders you to do so, you should not be surprised when SCO eventually concludes that a deposition plan would be premature.

The simple fact is that IBM has been intent on forcing the acceleration of depositions and adjudication before it provides even rudimentary predicate discovery. The Court's June 10 Order extending the discovery schedule blocked that effort earlier this summer. Ever since, IBM has been trying to accomplish the same goal indirectly – continuing to try to force the acceleration of depositions and adjudication of issues while refusing to provide clearly essential predicate discovery. That is what IBM would accomplish through its present attempt to force the accelerated adjudication of almost all of the issues in the case through the filing of multiple dispositive motions. These are all fact-intensive motions. Yet they are filed at least seven months ahead of the new fact-discovery cut-off.

HATCH, JAMES & DODGE, P.C.

Todd M. Shaughnessy, Esq.
August 31, 2004
Page 2

There is nothing to be gained from the filing and adjudication of multiple fact-intensive motions seven months ahead of the fact-discovery schedule.  IBM's claim that SCO does not need predicate discovery before taking depositions, including key contract depositions, is not credible and is the very kind of claim that IBM made when the Court overruled IBM and extended the schedule.  It is certainly in IBM's interests to make that claim, just as it is in any defendant's interests to force the adjudication of issues while minimizing the disclosure of evidence.  But that is why the Court, not IBM, controls the proceedings.

SCO has repeatedly offered to work with IBM and continues to offer to do so.  But if IBM insists on continuing to try to achieve the very results that the Court's June 10 Order was designed to prevent, SCO will need to raise its position with the Court and seek relief.  Thus, if IBM does not wish to grant the request SCO made in its August 26 letter, SCO requests that IBM consent to a much shorter extension of the deadlines, for thirty days, at least to allow the Court time to consider SCO's request for relief.  We appreciate your very prompt response to our prior letter, and circumstances require us to request a prompt response to this last request as well.

Sincerely yours,

Brent O. Hatch

c:      Robert Silver

# Snell & Wilmer
## —— L.L.P. ——
### LAW OFFICES

15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
(801) 257-1900
Fax: (801) 257-1800
www.swlaw.com

SALT LAKE CITY, UTAH

PHOENIX, ARIZONA

TUCSON, ARIZONA

IRVINE, CALIFORNIA

DENVER, COLORADO

LAS VEGAS, NEVADA

September 1, 2004

Todd M. Shaughnessy (801) 257-1937
tshaughnessy@swlaw.com

*VIA FACSIMILE AND REGULAR MAIL*

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

      Re:    *SCO v. IBM*

Dear Brent and Mark:

    I am writing in response to the letter from Brent dated August 31, 2004, which I received this morning. We obviously disagree with your characterizations of IBM's conduct, the discovery history and motion practice in this case, as well as your interpretation of the Court's orders. However, it does not seem productive to further debate these issues by letter.

    In response to your specific inquiry, it remains unclear to us exactly what SCO is proposing. If SCO is proposing a 30-day extension of time in which to file substantive memoranda in opposition to the pending summary judgment motions, and if SCO will likewise give IBM a 30-day extension of time within which to file its reply memoranda (and will make its declarants available for deposition, as we have agreed to do), the proposal is acceptable and should keep us on track for a hearing on December 9, 2004. By my calculation, this would make SCO's memorandum in opposition to IBM's Motion for Partial Summary Judgment on Breach of Contract Claims due on October 13, 2004, and IBM's reply due on November 22, 2004. With respect to IBM's Motion for Partial Summary Judgment on IBM's Counterclaim for Copyright Infringement, SCO's opposition memorandum would be due on October 15, 2004, and IBM's reply would be due on November 24, 2004. I would be happy to prepare a stipulation and proposed order documenting this extension if this is what you are proposing.

    If, on the other hand, SCO is proposing that IBM agree to a 30-day extension of time for purposes of allowing SCO to ask the Court for an additional extension of time, or to submit a motion pursuant to Rule 56(f) rather than a substantive response to the pending motions, we cannot agree. If SCO merely intends to ask the Court for additional delay, the time provided by the local rules should be more than sufficient to make this application.

SHAUGHT\SLC\313425.1

# Snell & Wilmer
### L.L.P.

Brent O. Hatch
Mark F. James
September 1, 2004
Page 2


If you would like to discuss this further, please feel free to contact me at any time.

Very truly yours,

Todd M. Shaughnessy

TMS:dw
cc:   David Marriott
      Amy Sorenson

LAW OFFICES

# HATCH, JAMES & DODGE
A PROFESSIONAL CORPORATION

10 WEST BROADWAY, SUITE 400
SALT LAKE CITY, UTAH 84101
TELEPHONE (801) 363-6363
FAX (801) 363-6666

September 2, 2004

**Via Facsimile (257-1800) and U.S. Mail**

Todd M. Shaughnessy, Esq.
Snell & Wilmer
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101

Re:     Sco v. IBM; Case No. 2-03CV-0294

Dear Todd:

I am writing in response to your September 1 letter. We have made two requests, and, with respect, we do not believe they are unclear. First, we have requested that dispositive motions be deferred until the close of fact discovery. You have rejected that request. Second, we have informed you that we will need to move to seek such a deferral, and have asked you agree to a short extension of the current deadlines for responding to motions, so that we can seek such relief and the Court can decide if we are entitled to such relief.  We have requested a prompt response to the second request. Your suggestion that the local Rules provide the solution for our second request is not correct.  If you do not agree to our second request, we will need to seek relief from the Court on that matter as well.

You have also stated, again, that you are unwilling to agree to any extensions if we reserve the right to include any Rule 56f requests for additional discovery in response to your dispositive motions, which are filed seven months ahead of the close of fact discovery, and which are heavily dependent on factual matters.  In the interests of moving forward productively and resolving disputes cooperatively, we are willing to offer you the following exchange: If you stop precluding our access to critical evidence, while filing summary judgment motions that complain about the absence of that very evidence, we will stop reserving our right to file Rule 56f motions that describe our need for access to such evidence when faced with such summary judgment motions.

Sincerely yours,

Brent O. Hatch

Brent O. Hatch

c.  Robert Silver

# Snell & Wilmer
### L.L.P.
LAW OFFICES

15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
(801) 257-1900
Fax: (801) 257-1800
www.swlaw.com

SALT LAKE CITY, UTAH

PHOENIX, ARIZONA

TUCSON, ARIZONA

IRVINE, CALIFORNIA

DENVER, COLORADO

LAS VEGAS, NEVADA

September 3, 2004

Todd M. Shaughnessy (801) 257-1937
tshaughnessy@swlaw.com

### VIA FACSIMILE AND REGULAR MAIL

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

     *Re:*   *SCO v. IBM*

Dear Brent and Mark:

     I am writing in response to the letter from Brent dated September 2, 2004, which I received this morning. As I understand it, SCO is requesting a 30-day extension of time to respond to IBM's pending summary judgment motions for the purpose of filing a motion seeking a further extension of time to respond to those motions.

     I believe I responded to this request in my September 1 letter, which states that if "SCO is proposing that IBM agree to a 30-day extension of time for purposes of allowing SCO to ask the Court for an additional extension of time, . . . we cannot agree." As explained in my prior letters, we are willing to give SCO a reasonable extension of time to respond to the motions, and to make available for deposition those declarants who have not yet been deposed. We are not willing, however, to extend indefinitely those deadlines, or to agree to an extension that would not permit the motions to be heard on their merits in early December. We believe this is eminently reasonable. If SCO truly believes that it appropriately may ask the Court to delay briefing on these motions to the close of fact discovery, it has had three weeks within which to do so (and an additional 10 days before the opposition is due), which should have been more than sufficient.

     If you would like to discuss this further, please feel free to contact me at any time.

Very truly yours,

Todd M. Shaughnessy

cc:   David Marriott
       Amy Sorenson

Snell & Wilmer is a member of

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM-PLAINTIFF IBM'S SECOND AMENDED NOTICE OF VIDEOTAPED DEPOSITIONS** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, counsel for Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") will take the following depositions upon oral examination at the dates and times specified:

1.     Mike Anderer, at Snell & Wilmer L.L.P., Gateway Tower West, 15 West South Temple, Suite 1200, Salt Lake City, Utah, 84101-1004, September 21, 2004, beginning at 9:00 a.m.;

2.     John Terpstra, at Snell & Wilmer L.L.P., Gateway Tower West, 15 West South Temple, Suite 1200, Salt Lake City, Utah, 84101-1004, September 23, 2004, beginning at 9:00 a.m.;

3.     Greg Anderson, at Snell & Wilmer L.L.P., Gateway Tower West, 15 West South Temple, Suite 1200, Salt Lake City, Utah, 84101-1004, September 28, 2004, beginning at 9:00 a.m.;

4.     Philip Langer, at Boies, Schiller & Flexner, LLP, 150 John F. Kennedy Parkway, 4th Floor, Short Hills, New Jersey, 07078, October 5, 2004, beginning at 9:00 a.m.;

5.     Greg Pettit, at Boies, Schiller & Flexner, LLP, 150 John F. Kennedy Parkway, 4th Floor, Short Hills, New Jersey, 07078, October 7, 2004, beginning at 9:00 a.m.;

6.     John Maciaszek, at Boies, Schiller & Flexner, LLP, 150 John F. Kennedy Parkway, 4th Floor, Short Hills, New Jersey, 07078, October 12, 2004, beginning at 9:00 a.m.;

7.     Jay Petersen, at Boies, Schiller & Flexner, LLP, 150 John F. Kennedy Parkway, 4th Floor, Short Hills, New Jersey, 07078, October 14, 2004, beginning at 9:00 a.m.;

8.     Wolf Bauer, at Boies, Schiller & Flexner, LLP, 150 John F. Kennedy Parkway, 4th Floor, Short Hills, New Jersey, 07078, October 19, 2004, beginning at 9:00 a.m.;

9.      Larry Gasparo, at Boies, Schiller & Flexner, LLP, 150 John F. Kennedy Parkway, 4th Floor, Short Hills, New Jersey, 07078, October 21, 2004, beginning at 9:00 a.m.;

10.     Bob Bench, at Snell & Wilmer L.L.P., Gateway Tower West, 15 West South Temple, Suite 1200, Salt Lake City, Utah, 84101-1004, October 26, 2004, beginning at 9:00 a.m.;

11.     Michael Davidson, Hartsell & Oliveri, 621-A Water Street, Suite A, Santa Cruz, California, 95060-4114, October 28, 2004, beginning at 9:00 a.m.;

12.     Blake Stowell, at Snell & Wilmer L.L.P., Gateway Tower West, 15 West South Temple, Suite 1200, Salt Lake City, Utah, 84101-1004, November 2, 2004, beginning at 9:00 a.m.;

13.     Reg Broughton, at Snell & Wilmer L.L.P., Gateway Tower West, 15 West South Temple, Suite 1200, Salt Lake City, Utah, 84101-1004, November 4, 2004, beginning at 9:00 a.m.;

14.     Chris Sontag, at Snell & Wilmer L.L.P., Gateway Tower West, 15 West South Temple, Suite 1200, Salt Lake City, Utah, 84101-1004, November 9, 2004, beginning at 9:00 a.m.;

15.     Darl McBride, at Snell & Wilmer L.L.P., Gateway Tower West, 15 West South Temple, Suite 1200, Salt Lake City, Utah, 84101-1004, November 16, 2004, beginning at 9:00 a.m.;

The depositions will be taken pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, will be recorded by stenographic and videotape means, and will continue from day to day until completed.

DATED this **31st** day of August, 2004.

SNELL & WILMER L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York  10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2004, a true and correct copy of the

foregoing was hand delivered to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

> Robert Silver
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504