Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:  (305) 539-1307

*Attorneys for The SCO Group, Inc.*



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP,<br><br>Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff | **SCO'S EXPEDITED MOTION TO ENFORCE THE COURT'S AMENDED SCHEDULING ORDER DATED JUNE 10, 2004**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |



Plaintiff The SCO Group, Inc. ("SCO") respectfully moves this Court for an Order enforcing the Court's Amended Scheduling Order dated June 10, 2004 and further requests that the Court defer the scheduling and adjudication of any dispositive motions until after the end of the Court's fact-discovery period, which the Amended Scheduling Order extended to February 11, 2005.

IBM has now filed three fact-intensive dispositive motions, six (or more) months ahead of the Court's extended fact-discovery cut-off, which purport to cover almost all of the issues in the case. Adjudicating these motions on IBM's schedule (the motions are now scheduled for hearing on December 9) could not eliminate the need for discovery. Because deferring adjudication of these motions could not sacrifice any case-management efficiency, there is no benefit from adjudicating these motions before the close of fact discovery.

At the same time, there is a great cost associated with adjudicating these motions now. By coordinating the accelerated timing of these dispositive motions while it continues to block critical discovery, IBM would achieve what this Court's Amended Scheduling Order refused to allow IBM to do: force adjudication of this case without adequate opportunity for SCO to develop its proof.

Given their content, moreover, IBM's motions do not have any apparent additional purpose as they are based on disputed issues of fact. Although IBM claims there is no issue of disputed fact on what it calls, for example, the dispositive contract issue in the case, IBM asks the Court to rely on the testimony of witnesses who previously gave sworn testimony that directly contradicts their current testimony on this key issue. This flatly contradictory testimony,

which IBM has had for months, obviously precludes any possibility that IBM's new interpretation – its effort to rewrite history – could be undisputed as a matter of law.

Similarly, while IBM rhetorically claims it is only seeking protection for its "homegrown" and "original" work, IBM asks in the fine print of its contract motion for the right to have copied and otherwise exploited with impunity a seminal, industry-changing innovation in ways that black-letter law would enjoin as misappropriation – before contractual protections are even considered. IBM also claims that SCO's predecessor AT&T conferred that extraordinary gift even though the IBM and Sequent license agreements that gave IBM and Sequent the right to see and use AT&T's (and now SCO's) source code are replete with plain terms that had (and have) no purpose except to prohibit precisely the right to copy and exploit that IBM seeks.

IBM's motions are riddled with such errors and overreaching – and thus confirm that through those motions IBM seeks simply to attack the Amended Scheduling Order and to accelerate adjudication of key issues in this case before SCO can obtain, and pursue, Court-ordered discovery that IBM continues to withhold.

The relief SCO proposes would protect this Court's and the Magistrate Judge's jurisdiction and orders.

This Motion is supported by a memorandum in support and exhibits filed concurrently herewith and by the Declaration of Martin Pfeffer.

DATED this 8th day of September, 2004.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver, Esq. (admitted pro hac vice)
Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)

*Attorneys for The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing **SCO'S EXPEDITED MOTION TO ENFORCE THE COURT'S AMENDED SCHEDULING ORDER DATED JUNE 10, 2004** to be mailed by U.S. Mail, first class postage prepaid this 8th day of September, 2004, to the following:

Alan L. Sullivan, Esq.
Todd M. Shaughnessy, Esq.
Snell & Wilmer L.L.P.
15 West South Temple, Ste. 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004

Evan R. Chesler, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York  10604