Brent O. Hatch (5715)
Mark F. James (5295)
Mark R. Clements (7172)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP<br><br>Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff | **SCO'S RESPONSE TO IBM'S EX PARTE MOTION FOR LEAVE TO FILE A RESPONSE TO SCO'S SUPPLEMENTAL MEMORANDUM REGARDING DISCOVERY AND TO CONTINUE HEARING DATE**<br><br>Case No. 2:03CV0294DAK<br><br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

294

Plaintiff The SCO Group Inc. ("SCO") respectfully submits this memorandum in opposition to IBM's Ex Parte Motion for Leave to File a Response to SCO's Supplemental Memorandum Regarding Discovery and to Continue Hearing Date dated September 8, 2004 (the "Motion" or "IBM's Motion").

Claiming that it needs to address purported new issues and arguments in SCO's Supplemental Memorandum Regarding Discovery and Memorandum in Reply to IBM's Opposition to SCO's Ex Parte Motion for Leave to File a Supplemental Memorandum Regarding Discovery, IBM seeks to postpone the hearing on SCO's pending discovery motion scheduled before this Court on September 14, 2004. The Court should deny IBM's Motion.

First, IBM's Motion is inexcusably belated. SCO filed and served by hand-delivery its Ex Parte Motion for Leave to File a Supplemental Memorandum Regarding Discovery and its Supplemental Memorandum Regarding Discovery on August 19, 2004. If IBM believed that SCO's memorandum raised any new issues requiring any affidavits that could not be completed in time, IBM could have said so in a timely manner. It did not. Instead, IBM timely filed and served a substantive brief in response, in its Opposition to SCO's Ex Parte Motion for Leave to File a Supplemental Memorandum Regarding Discovery on August 25, 2004.

Second, consistent with the goals that IBM has made paramount, its instant Motion lacks any basis and serves merely to attempt to delay the resolution of SCO's pending discovery motion. IBM filed a substantive response to SCO's Supplemental Memorandum, and, contrary to IBM's claim, SCO's reply raised no new issues or facts.

In its opposition brief, IBM argued that SCO's Supplemental Memorandum discusses two documents that IBM now claims are privileged. IBM argued that SCO's supplemental arguments therefore could not properly form the basis for SCO's motion. IBM simply

2

disregarded the other documents SCO addressed in its Supplemental Memorandum. Even as to the allegedly privileged documents, moreover, IBM filed no declarations (which IBM now asserts it needs to do) and failed to provide in any form even the most basic information that would be required on a privilege log to support its claim that the two allegedly privileged documents were privileged -- and (again) made those omissions without even contending that it needed any time to obtain affidavits to support its completely unsupported claim of privilege.[1]

SCO filed its reply to IBM's opposition on September 3, 2004. The reply raises no new issues of facts but instead simply reaffirms the arguments contained in SCO's Supplemental Memorandum and responds to the substantive arguments in IBM's opposition.

Third, IBM's Motion threatens to impose significant cost on SCO. Based on the absence of any opposition from IBM on the grounds of any alleged need for additional time, SCO and its counsel have already gone to great out-of-pocket expense and devoted substantial resources to relocate personnel (and documents and hardware) to Utah for purposes of SCO's pending discovery motion.[2] Those costs and burdens must far exceed those that IBM had expended when it successfully argued to this Court, in early June, that the deposition of a third-party witness should not be postponed because of those incurred expenses. SCO shows below, moreover, that IBM brings the instant motion without any basis for its delay in doing so.

Fourth, IBM's Motion also threatens to impose significant and improper long-term cost on SCO, and thereby seriously interfere with the management of this case. SCO has repeatedly explained to IBM, this Court and the District Court -- as recently as yesterday, in a memorandum

---

[1] SCO recently again requested the information necessary to support IBM's alleged claim of privilege, but SCO has not received a response.

[2] A portion of those resources also relate to the scheduled hearing on the first of IBM's summary judgment motions, but of course all of the resources are sunk costs.

3

filed with the District Court -- that the discovery SCO seeks, which is to be addressed during the hearing IBM now seeks to postpone, is critical predicate discovery necessary to permit SCO to proceed with depositions. Even on the current schedule, with the discovery hearing on September 14th, SCO would not receive the requested discovery until the fall, and therefore could not begin to take depositions until a reasonable time thereafter. Even the current timing thus threatens to prejudice SCO's ability to complete discovery on schedule. The delay that IBM now seeks in the discovery hearing would thus seriously compromise SCO's ability to oppose IBM's summary judgment motions at this time (if the District Court deems that to be necessary), or to complete fact discovery before the deadline in early February 2005.

To compound those problems, IBM has sought to take advantage of its failure to produce such discovery by filing three successive, and fact-intensive, summary judgment motions regarding factual issues directly related to the discovery SCO seeks. IBM has now even taken the position that in order to have IBM consent to what IBM itself calls a "reasonable" extension of time, SCO must waive its right to argue under Fed. R. Civ. P. 56(f) that SCO needs additional discovery to oppose IBM's motions.

Fifth, the context of IBM's delayed production of discovery is thus obviously an important backdrop to IBM's instant Motion. IBM vehemently opposed (unsuccessfully) the scheduling of a hearing on SCO's discovery motion before the District Court conducted oral argument on the first of several summary judgment motions IBM has filed. Those motions and IBM's instant Motion reflect IBM's strategy to date -- namely, to stonewall in discovery (feigning compliance and arguing irrelevance and undue burden) while simultaneously seeking early disposition of several potentially dispositive, yet highly fact-intensive, motions.

SCO respectfully submits, for all of the reasons set forth above, that IBM is not entitled to the additional time or briefing that it seeks. The Court should deny IBM's motion.

DATED this 9th day of September, 2004.

*/s/ Mark F. James*

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James
Mark R. Clements

BOIES, SCHILLER & FLEXNER LLP
Robert Silver, Esq. (admitted pro hac vice)
Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)

*Attorneys for The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing **SCO'S RESPONSE TO IBM'S EX PARTE MOTION FOR LEAVE TO FILE A RESPONSE TO SCO'S SUPPLEMENTAL MEMORANDUM REGARDING DISCOVERY AND TO CONTINUE HEARING DATE** was served on Defendant International Business Machines Corporation on this 9th day of September, 2004, by hand-delivery to:

>Alan L. Sullivan, Esq.
>Todd M. Shaughnessy, Esq.
>Snell & Wilmer L.L.P.
>15 West South Temple, Ste. 1200
>Gateway Tower West
>Salt Lake City, Utah 84101-1004

and mailed by U.S. mail, postage prepaid, addressed to:

>Evan R. Chesler, Esq.
>Cravath, Swaine & Moore LLP
>Worldwide Plaza
>825 Eighth Avenue
>New York, NY 10019
>
>Donald J. Rosenberg, Esq.
>1133 Westchester Avenue
>White Plains, New York 10604

*Attorneys for Defendant/Counterclaim Plaintiff IBM Corp.*

[signature]