SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM-PLAINTIFF IBM'S OPPOSITION TO SCO'S MOTION FOR ADDITIONAL TIME TO FILE RESPONSES TO IBM'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>Civil No. 2:03CV-0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

295

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this opposition to the Motion for Additional Time to File Responses to IBM's Motions for Partial Summary Judgment filed by Plaintiff/Counterclaim Defendant The SCO Group, Inc. ("SCO").

## Preliminary Statement

SCO's motion for additional time to respond to IBM's motions for partial summary judgment on SCO's contract claims and IBM's counterclaim (the Eighth Counterclaim) for copyright infringement ("IBM's motions") is just another attempt by SCO to seek unnecessary delay. Nowhere in its correspondence with IBM or its application to the Court does SCO even explain why it needs 30 additional days (on top of the 30 days that SCO has already had since IBM filed its motions) to respond to IBM's motions.

From the outset, SCO has made clear that, in lieu of a substantive response to IBM's motions, SCO intended merely to ask the Court to defer briefing on IBM's motions until after fact discovery closes. Indeed, that is exactly what SCO seeks in its 80-page (inaptly-titled) "Motion to Enforce the Court's Amended Scheduling Order Dated June 10, 2004", which IBM will respond to separately in due course.[1] Put simply, giving SCO an extension merely to seek a further extension (which it has already sought in a separate motion) makes no sense. Accordingly, SCO's motion should be denied.

## Discussion

SCO's instant application for an extension of time—the invective aside—mischaracterizes both the nature of SCO's request and the parties' discussions regarding SCO's proposed extension.

---

[1] Although SCO labeled it as an "expedited" motion, SCO has made no application to the Court for accelerated briefing of that motion. In fact, SCO served the motion on IBM by U.S. mail, rather than by hand-delivery.

2

First, although SCO claims in its motion to request "at least a thirty-day extension to respond to IBM's Contract Motion and Copyright Motion", it is clear that SCO does not intend to, and has never intended to, respond substantively to IBM's motions. Instead, as SCO's very first letter to IBM states, it has always been SCO's intention to ask the Court to "defer briefing of the pending summary judgment motions until discovery is completed". (SCO's Ex. A at 2.)[2] IBM filed its summary judgment motions on August 13 and August 16, 2004 respectively. SCO could not possibly need until October, as it requests, in order simply to submit papers requesting another extension until the close of discovery to respond to IBM's motions.

Moreover, SCO's proclaimed need for an extension is belied by the fact that SCO has already had sufficient time to submit an 80-page motion seeking to put off briefing on IBM's pending motions until the end of discovery. Given that SCO has already set forth presumably its best arguments in favor of delaying the disposition of IBM's motions in its "Motion to Enforce the Court's Amended Scheduling Order Dated June 10, 2004", it is not apparent why SCO needs even to file separate responses to IBM's motions, let alone an extension of 30 days in which to do so. Despite its title, SCO's scheduling motion is in fact just a thinly-disguised opposition to IBM's summary judgment motions.

The two motions SCO filed last week—one seeking an extension of time to respond to IBM's motions and one responding, in effect, to IBM's motions and requesting until the end of discovery to respond further—are little more than an attempt by SCO improperly to help itself to no less than three bites at the apple in opposing IBM's summary judgment motions and to unnecessarily delay the proceedings in this case. As SCO seeks to arrange it, SCO will oppose IBM's motions once in the form of its 80-page "Motion to Enforce the Court's Amended Scheduling Order Dated June 10, 2004" (which it has already filed), once in the papers SCO

---

[2] SCO concedes as much in its brief supporting this motion, stating that the extension it seeks is in fact designed only "to give the Court the opportunity to . . . determine whether additional briefing is appropriate on IBM's motions at this time". (SCO Br. at 6.)

3

seeks to file in October asking for more time to respond to IBM's motions, and once more in the papers SCO wants to file only at the end of discovery. SCO should not be allowed to subvert the proper schedule and order of briefing on IBM's motions in this manner.[3]

Second, SCO blatantly mischaracterizes IBM's discussions with SCO regarding the proposed briefing schedule on IBM's motions. As is clear in IBM's correspondence with SCO, IBM has maintained all along that it was willing to give SCO a reasonable extension of time to submit substantive responses to IBM's motions, consistent with the hearing date the Court has set for the motions on December 9, 2004.

Consistent with that intent, and far from impeding SCO's ability to conduct discovery as SCO alleges in its brief, IBM offered to make available for depositions the witnesses whose testimony IBM relied on in support of its motions before SCO had to submit its opposition papers. In return, IBM of course asked that SCO similarly make available for depositions any witnesses SCO relied on in its opposition papers prior to IBM's reply, a request that SCO now describes as an "onerous condition".[4]

---

[3] SCO has used before this tactic of helping itself to multiple, overlength briefs addressing the same issues by simply giving creative titles to its briefs. For example, SCO filed a 17-page "Memorandum Regarding Discovery" with the Court on May 28, 2004 seeking certain additional discovery from IBM. Before SCO even filed its reply on that "Memorandum", SCO filed a 12-page "Renewed Motion to Compel" seeking essentially the same discovery on July 6, 2004. SCO then filed a 27-page reply supporting its "Memorandum Regarding Discovery" on July 12, 2004 and a 21-page reply supporting its "Renewed Motion to Compel" on August 26, 2004. In the meantime, SCO sought leave on August 19, 2004 to file yet another brief—an 11-page "Supplemental Memorandum Regarding Discovery"—which the Court allowed on September 3, 2004. The filing of this last brief, SCO's fifth on the same issues (for a total of 88 pages), necessitated the adjournment of the hearing scheduled for September 14, 2004 on SCO's discovery motions until October 19, 2004.

[4] SCO even criticizes the briefing schedule that IBM proposed to SCO because it gave SCO a "30-day extension" and IBM a "39-day extension". (SCO Br. at 5 & n.2 (emphasis in original).) That is simply false. IBM's proposed briefing schedule allotted SCO 30 additional days to file its opposition to IBM's summary judgment motions, on top of the 30 days that SCO has under the local rules, for a total of 60 days in which to file its opposition. IBM's proposed schedule allotted IBM 29 additional days to file its reply, on top of the 10 days that IBM has under the local rules to file a reply.

4

What IBM was unwilling to agree to, and what we still submit is not appropriate, is a 30-day extension for SCO simply to ask for another extension until the end of discovery to respond to IBM's motion. IBM has consistently communicated to SCO that if SCO believed that all briefing on IBM's motions should be put off until the end of discovery or that it was entitled under Rule 56(f) to seek certain well-defined categories of discovery prior to opposing IBM's motions, then it should raise those issues now, so they can be reviewed by the Court as soon as possible. We believe this is a perfectly reasonable position, especially in light of SCO's pattern in this case of seeking delay for delay's sake at every turn.

SCO's request to delay briefing on IBM's motions until the close of discovery is even more unreasonable in light of SCO's obvious intention to seek another extension of the discovery period that this Court just recently extended to February 2005. In its opposition to IBM's cross-motion for summary judgment on its Tenth Counterclaim, SCO has already agued it could require <u>years</u> of additional discovery, and in its brief in support of its instant application SCO contends that discovery is only "in its early stages". (SCO Br. at 4.) Under such circumstances, SCO's requested deferral of briefing on IBM's motion until the end of discovery is in effect an <u>indefinite</u> deferral, as SCO is plainly setting the stage to ask for another (most likely, lengthy) extension of the discovery period.

Notably, in stark contrast to its suggestion that it requires extensive additional discovery to respond to IBM's motions and that discovery is in its infancy, SCO has demonstrated an unwillingness to actually proceed with discovery. Instead, SCO is content to stall and delay for as long as possible. Indeed, more than a year-and-half after SCO first filed this case, SCO has not noticed the deposition of a single IBM employee and has taken exactly <u>one</u> deposition (of a third-party witness). SCO has also resisted efforts by IBM to take discovery. When IBM attempted to take the depositions of witnesses with relevant knowledge concerning the contracts that are the basis of SCO's contract claims, SCO sought to have the depositions postponed.

Similarly, after the Court entered its amended scheduling order, SCO requested that IBM adjourn more than a dozen depositions of SCO employees so that SCO could propose a discovery plan to IBM consistent with the Court's amended order. Yet, after IBM consented to the adjournment, SCO (after failing to propose any plan to IBM for more than month) sent a letter to IBM stating that it believed that "any discovery and deposition plan [is] absolutely impossible at this time". (SCO Ex. A at 1.) Remarkably, now that IBM has served an amended notice of deposition (since no schedule was forthcoming from SCO), SCO complains in its current brief that IBM is attempting to "impose additional work on SCO during the period SCO must respond to the motions". (SCO Br. at 4 n.1.)[5]

SCO should not be allowed to continue to make accusations about IBM's business activities while manufacturing delay of the resolution of claims relating to those activities. IBM has filed motions for partial summary judgment on SCO's contract claims and IBM's Eighth Counterclaim because it believes those claims are ripe for summary adjudication and that the disposition of the claims will greatly streamline the case going forward.[6] IBM is willing to consent to SCO having an extension of time to respond to IBM's motions, if SCO truly intends to respond to the motions on their merits. However, as it appears that SCO simply wants an extension of time to seek additional and possibly indefinite delay, we believe that SCO should make its applications in the time provided by this Court's local rules so that the Court may promptly address them.

---

[5] SCO's claim that IBM is seeking some tactical advantage is off-base. As explained in the cover letter to IBM's amended notice of deposition (which SCO fails to attach to its brief and is attached hereto as Exhibit A), IBM is attempting to move forward expediently so that discovery can be completed prior to the February 2005 discovery cut-off. Since SCO failed to propose any dates for the adjourned depositions to take place, as it told IBM it was going to do, IBM had no choice but to select dates on its own. In any case, half of the depositions noticed by IBM are scheduled during the period that IBM must put together its reply papers, which under SCO's theory, puts IBM at a disadvantage.

[6] Indeed, SCO concedes in its "Motion to Enforce the Court's Amended Scheduling Order Dated June 10, 2004" that SCO's contract claims may be resolved as a matter of law, as SCO purports to be prepared to file its own motion for summary judgment on its contract claims.

## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court deny SCO's motion for additional time to respond to IBM's summary judgment motions.

DATED this 13th day of September, 2004.

                        SNELL & WILMER L.L.P.

                        _/s/ Alan L. Sullivan_
                        Alan L. Sullivan
                        Todd M. Shaughnessy
                        Amy F. Sorenson

                        CRAVATH, SWAINE & MOORE LLP
                        Evan R. Chesler
                        David R. Marriott

                        *Attorneys for Defendant/Counterclaim-Plaintiff*
                        *International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000
*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2004, a true and correct copy of the foregoing was hand delivered to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131
>
> Robert Silver
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504

*[signature]*
SORENSA\SLC\314680.1

# Snell & Wilmer
**L.L.P.**
LAW OFFICES

15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
(801) 257-1900
Fax: (801) 257-1800
www.swlaw.com

SALT LAKE CITY, UTAH
PHOENIX, ARIZONA
TUCSON, ARIZONA
IRVINE, CALIFORNIA
DENVER, COLORADO
LAS VEGAS, NEVADA

August 31, 2004

Todd M. Shaughnessy (801) 257-1937
tshaughnessy@swlaw.com

**HAND DELIVERED**

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

    Re:    *SCO v. IBM*

Dear Brent and Mark:

    Enclosed please find an amended notice of deposition. As you know, we had agreed in June to postpone these depositions at SCO's request. At the time, SCO stated its desire to reschedule the depositions as part of a broader discovery plan that it intended to propose to IBM. To date, we still have not received any proposal from SCO.

    In the interest of moving forward with discovery in advance of the February 11, 2004 cut-off set by the Court, therefore, we have set new dates for the depositions we previously noticed. Please me know if these dates and locations are acceptable for the witnesses within your control. If I do not hear from you by September 10, 2004, I will assume that all the depositions will proceed as scheduled.

    Please note also that IBM intends to depose the witnesses, if any, whose declarations SCO submits in opposition to IBM's summary judgment motions. We request in advance that SCO ensure those witnesses' availability for depositions prior to IBM's deadline for submitting reply papers. As I indicated in my August 27 letter to you, we are prepared to make available for deposition all of the individuals who have submitted declarations in support of IBM's motions (except for those witnesses who already have been deposed and IBM's counsel) so that SCO may rely on such testimony, if it chooses, in its opposition papers. If you have any questions, please feel free to contact me.

Very truly yours,

*[signature]*

Todd M. Shaughnessy

TMS:dw
cc:    David Marriott
       Amy Sorenson

313210.1