

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

THE SCO GROUP, INC.,

       Plaintiff/Counterclaim-Defendant,

v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

       Defendant/Counterclaim-Plaintiff.

**DEFENDANT/COUNTERCLAIM-PLAINTIFF
IBM'S OPPOSITION TO SCO'S EX PARTE
EMERGENCY MOTION FOR A
SCHEDULING CONFERENCE AND
EXPEDITED MOTION TO "ENFORCE" THE
COURT'S AMENDED SCHEDULING ORDER
DATED JUNE 10, 2004**

Civil No. 2:03CV-0294 DAK

Honorable Dale A. Kimball

Magistrate Judge Brooke C. Wells

*303*

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this opposition to the <u>Ex Parte</u> Emergency Motion for a Scheduling Conference ("SCO's Conference Br.") and the Expedited Motion to "Enforce" the Court's Amended Scheduling Order Dated June 10, 2004 ("SCO's Extension Br.") filed by Plaintiff/Counterclaim Defendant The SCO Group, Inc. ("SCO").

## **Preliminary Statement**

SCO has submitted two motions for expedited consideration—one seeking a scheduling conference and one requesting that the Court decline to consider <u>any</u> dispositive motions, including the three motions for partial summary judgment already filed by IBM, until after the close of fact discovery.  SCO's motions are apparently founded on the belief that the Federal Rules of Civil Procedure—particularly Rule 16, which concerns amendments to the Court's scheduling order, and Rule 56, which concerns summary judgment motions—should not apply to SCO.  SCO is wrong, and both of SCO's motions should be denied.[1]

<u>First</u>, despite SCO's suggestion that IBM has somehow interfered with the prompt consideration of SCO's discovery-related motions, SCO has only itself to blame for any delay associated with those motions.  It was SCO's submission of multiple overlength briefs seeking the same discovery—<u>five</u> briefs to date (for a total of 88 pages)—that occasioned the postponement of the September 14, 2004 hearing before Judge Wells, not any conduct by IBM.  In any case, as Judge Wells promptly rescheduled the hearing for October 19, 2004, there is no need for a scheduling conference with this Court at this time, especially since SCO fails anywhere in its papers to specify what it intends to propose at such a conference.  If, as we suspect, SCO intends to ask the Court to extend the discovery period yet again, then SCO should make a properly-supported motion under Rule 16(b) and explain why it believes there is "good

---

[1]  Rather than submit two separate briefs for the Court's consideration, IBM opposes both of SCO's motions in the instant memorandum.

cause", let alone "extremely compelling circumstances", to amend the Court's scheduling order, and IBM should have the opportunity to respond, before any scheduling conference occurs.

Second, the one change to the schedule that SCO has already requested—that the Court decline to consider any summary judgment motions until after the close of discovery—is inconsistent with Rule 56, which specifically provides that summary judgment motions may be made almost immediately after the commencement of an action. To the extent SCO genuinely believes that IBM's motions for summary judgment are premature, Rule 56(f) specifies the procedure that SCO must follow to seek deferral of the motions. The suggestion that this Court should just give SCO a blanket exemption from Rule 56 is untenable. Moreover, SCO's claim that it needs until the end of discovery to respond to IBM's motions is in any case belied by its own submission requesting this additional extension. SCO's 80-page brief in support of its so-called "Motion to Enforce the Court's Scheduling Order" is in fact just SCO's opposition to IBM's summary judgment motions under a different name. As SCO is apparently already able to oppose IBM's motions on the merits, it should not require an additional six-month (and potentially indefinite) extension of time to respond to those motions.

## Discussion

## I. SCO'S REQUEST FOR A SCHEDULING CONFERENCE SHOULD BE DENIED.

### A. Any Delay In The Consideration Of SCO's Discovery Motions Is Of SCO's Own Making.

SCO's brief in support of its request for a scheduling conference alleges that IBM is engaged in some sort of scheme to prevent the consideration of SCO's discovery motions. SCO's accusations are false. The simple truth is that SCO's own maneuvering to submit multiple overlength briefs on the same discovery issues (to which it obviously hoped IBM would not be given the opportunity to respond) caused the delay about which SCO now complains.

The relevant chronology, which SCO misrepresents, is as follows. SCO filed its "Memorandum Regarding Discovery" on May 28, 2004, seeking primarily the production of materials from IBM's internal "CMVC" database (which Judge Wells had earlier ruled IBM did not have to produce). Before SCO even filed its reply in support of that "Memorandum", however, SCO filed a "Renewed Motion to Compel" on July 6, 2004, seeking essentially the same discovery. Notably, SCO filed this "Renewed Motion to Compel" the day before it submitted its opposition to IBM's motion for partial summary judgment on IBM's Tenth Counterclaim, presumably so it could argue to this Court—as it did—that the motion should be denied because a motion to compel was pending before Judge Wells. SCO then submitted a reply in support of its "Memorandum Regarding Discovery" on July 12, 2004.

On August 4, 2004—the day that IBM submitted its opposition to SCO's "Renewed Motion to Compel"—Judge Wells set a hearing for September 2, 2004 concerning SCO's discovery motions. As counsel for SCO informed IBM that they would not be available for a hearing during the week of September 2, 2004 due to other commitments, the parties mutually agreed to defer the hearing. On August 13, 2004, Judge Wells rescheduled the hearing for September 14, 2004.

After Judge Wells set a new hearing date for September 14, 2004, however, SCO continued to submit briefs concerning the same discovery issues that it had already briefed three times. On August 26, 2004, SCO submitted a reply supporting its "Renewed Motion to Compel". In addition, SCO sought leave on August 19, 2004 to file a "Supplemental Memorandum Regarding Discovery", which Judge Wells granted on September 3, 2004.[2] At

---

[2] SCO's repeated contention (e.g., SCO's Conference Br. at 7, 9) that it filed its "Supplemental Memorandum Regarding Discovery" on August 19, 2004 is blatantly false. As briefing on SCO's "Memorandum Regarding Discovery" had already closed (on July 12, 2004, when SCO submitted its reply brief), SCO required permission from the Court to file still another brief. SCO sought that permission on August 19, 2004 (which IBM opposed), but the Court did not grant the request until September 3, 2004.

IBM's request, which we believe was entirely reasonable, Judge Wells granted IBM the opportunity to submit a response to SCO's brief—SCO's <u>fifth</u> on the same issues (for a total of 88 pages)—and rescheduled the hearing for October 19, 2004.[3]  Thus, the hearing scheduled for September 14, 2004 was adjourned <u>solely</u> as a result of SCO's machinations to submit additional briefing on its discovery motions, to which it obviously hoped IBM would not have the chance to respond before the hearing.[4]  SCO should therefore not be heard now to complain that its discovery motions are not being heard in a timely fashion.

B.    <u>SCO Has Failed To Make A Properly-Supported Motion Under Rule 16(b) To Amend The Court's Scheduling Order.</u>

In any case, setting aside SCO's unfounded accusations that IBM has engaged in misconduct, SCO has not set forth any reason for the Court to hold a scheduling conference at this time.  As an initial matter, SCO does not anywhere in its moving papers specify the changes to the current schedule that SCO intends to propose at such a conference.  Under Rule 16(b), the Court's scheduling order may not be amended absent "a showing of good cause".  Fed. R. Civ. P. 16(b).  Moreover, this Court noted when it amended the scheduling order for this case in June 2004 that "the court will not modify the Scheduling Order again, absent extremely compelling circumstances".  (6/10/04 Order at 3.)  Therefore, if SCO has a specific proposal in mind, it should state its proposal and permit IBM the opportunity to respond, before any conference occurs.  If, as we suspect, SCO intends simply to ask that the discovery period be extended once more (without basis, we believe), then SCO should explain to the Court why it believes "good cause" and "extremely compelling circumstances" exist for such an additional extension.  SCO

---

[3]  Judge Wells also permitted SCO to file a reply brief on its "Supplemental Memorandum Regarding Discovery" prior to the October 19 hearing, which will be SCO's <u>sixth</u> brief on the same discovery issues.

[4]  SCO similarly attempted to deny IBM the right to respond to the present motions by filing them immediately before last Wednesday's hearing and then seeking to argue them at the hearing before IBM had a chance to respond.

should not be able to circumvent the need to make a properly-supported motion under Rule 16(b) to amend the scheduling order by simply asking for a scheduling conference with the Court to address a proposal that SCO will not reveal either to IBM or the Court.[5]

Moreover, SCO's entire argument for the necessity of a scheduling conference (and presumably another extension of the discovery period) is apparently based on SCO's belief that Judge Wells will grant SCO's discovery motions.  SCO goes so far as to assert in its brief that "there is no real chance that the Court will not order IBM to produce the discovery" sought by SCO.  (SCO's Conference Br. at 5 (emphasis in original).)  Obviously, IBM disputes SCO's contention (for the reasons set forth in IBM's opposition to SCO's discovery motions, which we will not repeat here) and respectfully submits that the Court should be permitted to reach its own conclusions as to the merits of SCO's requests.  There is no reason at any rate for the Court to hold a scheduling conference prior to the October 19, 2004 hearing before Judge Wells based entirely on SCO's supposition that it will prevail on the discovery motions that will be presented at that hearing.  Even if Judge Wells were to permit SCO additional discovery, we do not believe that any extension to the current discovery schedule would be warranted.  The Court has already extended fact discovery once, and we submit that the nearly two years of discovery the current schedule has afforded the parties is more than enough time.

## II.    SCO'S MOTION TO DEFER ALL DISPOSITIVE MOTIONS UNTIL THE END OF FACT DISCOVERY SHOULD ALSO BE DENIED.

### A.    SCO's Motion Is Inconsistent With Rule 56.

Almost the entirety of SCO's 80-page brief in support of its "Motion to Enforce the Court's Amended Scheduling Order Dated June 10, 2004" is devoted to SCO's arguments why IBM's motions for summary judgment should be denied on the merits or why SCO needs

---

[5]  It appears that SCO is unwilling formally to request another amendment to the Court's scheduling order because such a request would reveal even further the disingenuousness of SCO's motion to "enforce" the current scheduling order.

additional discovery in order to oppose IBM's motions. Although we believe SCO's arguments to be meritless, we do not address them here, as the supposed purpose of SCO's motion is merely to seek an extension until the end of discovery to submit oppositions to IBM's motions. Presumably, SCO's oppositions will repeat the very same arguments that SCO has presented here, and IBM will respond to the arguments at that time.

The few pages of its lengthy brief that SCO devotes to arguing that the Court should not consider <u>any</u> dispositive motions (including any of the three motions for partial summary judgment that IBM has already filed, one of which has already been argued and has been taken under advisement by the Court) until after the close of discovery rest on the untenable argument that Rule 56 should not apply to SCO. (<u>See</u> SCO's Extension Br. at 16-20.) SCO presents no compelling reason why the Court should disregard Rule 56 in this case and fashion a new rule solely for SCO's benefit.

Under Rule 56, "[a] party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, <u>at any time</u> after the expiration of 20 days from the commencement of the action . . . move with or without supporting affidavits for a summary judgment". Fed. R. Civ. P. 56(a) (emphasis added). Similarly, "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, <u>at any time</u>, move with or without supporting affidavits for a summary judgment". Fed. R. Civ. P. 56(b) (emphasis added). Thus, the Tenth Circuit has expressly observed that "[t]here is no requirement in Rule 56, Fed. R. Civ. P., that summary judgment not be entered until discovery is complete". <u>Public Serv. Co. of Colo. v. Continental Cas. Co.</u>, 26 F.3d 1508, 1518 (10th Cir. 1994) (quoting <u>Weir v. Anaconda Co.</u>, 773 F.2d 1073, 1081 (10th Cir. 1985)).

Faced with a motion for summary judgment, therefore, a non-moving party "must set forth specific facts showing that there is a genuine issue for trial". Fed. R. Civ. P. 56(e). As SCO is well aware (having already invoked the rule on one occasion), if the non-moving party

believes that the motion for summary judgment has been brought prematurely, Rule 56(f) specifically provides that a party may seek a continuance of the motion. <u>See</u> Fed. R. Civ. P. 56(f). As the Tenth Circuit describes it, "[t]he protection afforded by Rule 56(f) is an *alternative* to a response in opposition to summary judgment under Rule 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment". <u>Pasternak v. Lear Petroleum Exploration, Inc.</u>, 790 F.2d 828, 833 (10th Cir. 1986) (emphasis in original).

Notably, SCO seeks neither to oppose IBM's motions on the merits nor to obtain a continuance of IBM's motions under Rule 56(f). Instead, SCO requests that the Court defer all further briefing and consideration of IBM's motions until the close of fact discovery. In essence, SCO asks this Court to grant SCO a blanket exemption from Rule 56 and to provide SCO with relief under Rule 56(f) without it having actually to make a properly-supported Rule 56(f) application. There is absolutely no basis for this request.

<u>First</u>, SCO's claim to need additional time to respond to IBM's motions on the merits is belied by the fact that SCO has already submitted an 80-page brief that is, in effect, SCO's opposition to IBM's motions. Since SCO is apparently already able to oppose IBM's motions, there is no reason to defer briefing on IBM's motions until after the close of discovery, especially when it appears that SCO is merely angling for another (most likely lengthy) extension of the fact discovery period. Indeed, SCO claims in its brief (at 28 n.10) that it intends to submit its <u>own</u> motion for summary judgment on its contract claims, further illustrating the hollowness of SCO's request for a further extension. Since SCO agrees that its contract claims are susceptible to summary adjudication now, then there is no reason for the Court to defer consideration of IBM's motion. SCO's request seeks nothing but delay for delay's sake.

<u>Second</u>, to the extent SCO believes IBM's motions are premature, then SCO, like any other litigant in federal court, should submit an application for relief under Rule 56(f). SCO instead wants this Court to grant a continuance of IBM's motions without SCO having to

8

identify the specific additional discovery it claims to need simply because discovery is ongoing.[6]

That is unreasonable. Indeed, the Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317

(1986) noted that "no serious claim can be made that [plaintiff] was in any sense 'railroaded' by

a premature motion for summary judgment" brought before the end of discovery, because "[a]ny

potential problem with such premature motions can be adequately dealt with under Rule 56(f),

which allows a summary judgment motion to be denied, or the hearing on the motion to be

continued, if the nonmoving party has not had an opportunity to make full discovery." Id. at

326.

In sum, there is no reason in this case to depart from the provisions of Rule 56.[7] As the

Supreme Court has stated, "[o]ne of the principal purposes of the summary judgment rule is to

---

[6]   Rule 56(f) "does not operate automatically". Price v. Western Resources, Inc., 232 F.3d 779, 783 (10th Cir. 2000). "Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable; the opposing party must demonstrate 'how additional time will enable him to rebut movant's allegations of no genuine issue of fact'". Pasternak, 790 F.2d at 833 (quoting Weir, 773 F.2d at 1083).

[7]   The hodgepodge of cases cited by SCO in its brief are unavailing. In Williams v. Howard Johnson's Inc. of Wash., 323 F.2d 102, 105 (4th Cir. 1963), the Fourth Circuit made the unsurprising observation that where a court is presented with "a potentially inadequate factual presentation" on a motion for summary judgment, it could "postpone consideration of the motion . . . until after a hearing on the merits". In any event, the Williams case is sui generis. In Williams, plaintiff brought a civil rights claim alleging that he was denied service at a Howard Johnson's restaurant because of a state policy to refuse service to certain persons. As there was confusion whether the hearing held by the district court in the case concerned plaintiff's motion for summary judgment or was a trial on the merits, the Fourth Circuit vacated the district court's decision dismissing plaintiff's complaint, and remanded for another hearing on the merits. Adams v. R.R. Donnelley & Sons, No. 98 C 4025, 2001 WL 336830 (N.D. Ill. Apr. 6, 2001), is also inapposite. In Adams, the court "defer[red] briefing and consideration" on defendant's renewed summary judgment motion because the Court had previously denied the motion because "genuine issues of material fact existed" and since that time "the parties' efforts have been geared entirely toward the class certification issue", which was also before the Court. Id. at *7. In Young Enters., Inc. v. United States, 26 Cl. Ct. 858, 864 (Cl. Ct. 1992), the United States Claims Court denied summary judgment because there were "genuine issues of material fact which are not resolvable by summary judgment". Similarly, in Toyoshima Corp. of Calif. v. Gen. Footwear, Inc., 88 F.R.D. 559, 561 (S.D.N.Y. 1980), the court denied plaintiff's motion for partial summary judgment at least in part because defendants contended "there are genuine issues of fact" and the court declined to resolve the issues on the record before it. Moreover, although the court in Toyoshima noted that a court may deny a summary judgment as a matter of discretion, Toyoshima stands for almost the exact opposite of SCO's position. In that case, the

isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose" Celotex, 477 U.S. at 323-24. Thus, "[s]ummary judgment . . . is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action". Id. at 327 (quotation omitted). Here, as IBM has brought well-founded motions for summary judgment that will greatly streamline the case, SCO should have to respond to IBM's motions in the time provided by the local rules of this Court and in accordance with Rule 56 so that the motions can be promptly adjudicated.[8]

### B.   SCO Has Sought To Oppose Discovery At Every Turn.

SCO's claim to need additional discovery in order to respond to IBM's motion is even more disingenuous in light of SCO's demonstrated unwillingness to actually proceed with discovery in this case.  Whenever pressed by IBM to move forward so that discovery can be completed in a reasonable time, SCO has instead responded by stalling and making a litany of excuses.

For instance, in addition to its failure to provide complete and detailed responses to IBM's discovery requests (which IBM has extensively documented in its memoranda on discovery issues before Judge Wells and will not review again here), SCO has also resisted deposition discovery in this case.

More than eighteen months after SCO commenced this case, SCO has not noticed the deposition of a single IBM employee and has taken exactly one deposition (of a third-party witness).  IBM has produced in this case nearly one million documents from more than one

---

court noted it was in part denying plaintiff's motion precisely because discovery had already concluded and the matter was ready for immediate trial.

[8] SCO has already sought and obtained one extension of its time to oppose IBM's motions. Thus, SCO's opposition to IBM's motion for partial summary judgment on SCO's contract claims is due on October 13, 2004.  SCO's opposition to IBM's motion for partial summary judgment on IBM's counterclaim for copyright infringement is due on October 15, 2004.

hundred IBM employees and hundreds of millions of lines of source code. SCO has had more than enough time to identify potential deponents and to take their depositions. The only possible conclusion that can be drawn from SCO's conduct is that it simply does not want to move forward with discovery. Indeed, although SCO claims to need to depose numerous witnesses in order to oppose IBM's motions for summary judgment, SCO has thus far declined to depose any of the witnesses upon whose declarations IBM relied in its motions. This despite the fact that IBM has been offering to make such witnesses available for deposition since IBM first filed its motions.

SCO has also resisted efforts by IBM to take discovery. When IBM attempted in June 2004 to take the depositions of third-party witnesses with relevant knowledge concerning the contracts that are the basis of SCO's contract claims, SCO sought to have the depositions postponed just two business days before the first of the depositions was scheduled to begin. Although IBM had noticed the depositions nearly a month in advance and SCO had never before indicated the scheduled dates were inconvenient, SCO brought an eleventh-hour motion for a protective order, which Judge Wells properly denied.

Similarly, after the Court entered its amended scheduling order in July, SCO requested that IBM adjourn more than a dozen depositions of current and former SCO employees scheduled to occur this summer so that SCO could propose a discovery plan to IBM consistent with the Court's amended order. Yet, after IBM consented to the adjournment, SCO (after failing to propose any plan to IBM for more than month) sent a letter to IBM at the end of August stating that it believed that "any discovery and deposition plan [is] absolutely impossible at this time". Now that IBM has served an amended notice of deposition (since no schedule was forthcoming from SCO), SCO complains that IBM is just attempting to "impose additional work on SCO". Indeed, SCO is employing a familiar tactic to obstruct these rescheduled depositions. On Monday, September 20, 2004, just three days before the deposition of a third-party witness (a

11

former SCO employee) scheduled for Thursday, September 23, 2004, SCO informed the witness's counsel that none of SCO's numerous attorneys could attend the deposition on that day.  As a result, and despite the fact that the witness was prepared to testify on September 23, 2004, IBM was effectively forced to consent to the rescheduling of that deposition for Tuesday, November 2, 2004, the next time the witness is available to be deposed.  (See Ex. A.)

In light of SCO's demonstrated resistance to proceeding with discovery, we respectfully submit that if SCO legitimately believes it requires additional discovery in order to oppose IBM's motion for summary judgment, SCO should specify now in a proper Rule 56(f) submission what discovery it needs, how that discovery will assist SCO in opposing IBM's motions, and the exact length of time SCO genuinely requires in order to complete that discovery.

### Conclusion

For the foregoing reasons, IBM respectfully requests that the Court deny SCO's motions for a scheduling conference and to "enforce" the Court's amended scheduling order.

DATED this 22ⁿᵈ day of September, 2004.

SNELL & WILMER L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000
*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2004, a true and correct copy of the

foregoing was hand delivered to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

> Robert Silver
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504

Amy F. Sorenson

SORENSA\SLC\316199.1

14

# Snell & Wilmer
### ———— L.L.P ————
#### LAW OFFICES

15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
(801) 257-1900
Fax: (801) 257-1800
www.swlaw.com

SALT LAKE CITY, UTAH

PHOENIX, ARIZONA

TUCSON, ARIZONA

IRVINE, CALIFORNIA

DENVER, COLORADO

LAS VEGAS, NEVADA

Todd M. Shaughnessy (801) 257-1937
tshaughnessy@swlaw.com

September 21, 2004

**VIA FACSIMILE AND MAIL**

Paxton R. Guymon
MILLER, MAGLEBY & GUYMON
170 South Main Street, #350
Salt Lake City, Utah  84101

      Re:    SCO v. IBM

Dear Paxton:

      This letter will follow up and confirm your messages and our conversation concerning the deposition of John Terpstra, currently scheduled for this Thursday, September 23, 2004. You have confirmed that both you and Mr. Terpstra are available at that time, and I have told you that IBM is prepared to go forward with the deposition as scheduled. However, counsel for SCO apparently contacted you on Monday, September 20 and asked that the deposition be postponed, ostensibly because none of the many lawyers who have entered an appearance in the case are available for the deposition.

      Needless to say, we find it difficult to believe that none of the lawyers from the three law firms that have entered an appearance on behalf of SCO are available to cover the deposition, particularly since they have known about it since August 31, and we specifically invited SCO's counsel to advise us by September 10 if any of the dates were unacceptable. We, of course, heard nothing until receiving your message yesterday. As in the past, SCO has waited until the last possible moment to further delay discovery in this case.

      We do not, however, wish to put you or your client in the middle of this dispute, and are therefore willing to move his deposition. We assume that it will not be necessary to re-serve him with a subpoena. If that is not the case, please let me know.

      In response to your proposed alternative dates, we are available on November 2, November 3, or November 4. By copy of this letter, I ask that counsel for SCO inform both of us which of those dates they would prefer. I understand from our conversation that you are leaving town on Friday, and that your client is leaving town next week. For that reason, we need to have that date set no later than the close of business on Wednesday, September 22. If we do not hear from counsel for SCO by that time, we will proceed with the deposition on Tuesday, November 2, 2004, beginning at 9:00 a.m. in our offices.

Snell & Wilmer is a member of LEX MUNDI, a leading association of independent law firms.



Paxton R. Guymon
September 21, 2004
Page 2


Thanks again for your cooperation.  If you have any questions or would like to discuss this further, please feel free to contact me at any time.

Very truly yours,

Snell & Wilmer

Todd M. Shaughnessy

cc:   Brent Hatch
      Dave Marriott
      Chris Kao
      Amy Sorenson