RECEIVED CLERK
FILED

2004 NOV 31  A 12: 03

U.S. DISTRICT COURT
DISTRICT OF UTAH BY

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

NOV 3 0 2004

MARKUS B. ZIMMER, CLERK

DEPUTY CLERK

Brent O. Hatch (5715)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower, Ste. 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, ) | Case No. 2:03CV0294DAK |
| ) | |
| Plaintiff, ) | Hon. Dale A. Kimball |
| ) | Magistrate Judge Brooke C. Wells |
| v. ) | |
| ) | |
| INTERNATIONAL BUSINESS ) | DECLARATION OF |
| MACHINES CORPORATION, ) | EDWARD NORMAND |
| ) | |
| Defendant. ) | |
| ) | |

344

1. I am a member of the law firm of Boies, Schiller & Flexner LLP, counsel for Plaintiff The SCO Group, Inc. ("SCO") in the above-captioned matter. Unless otherwise indicated, I make this declaration based upon personal knowledge.

2. I submit this Declaration in support of SCO's Memorandum in Opposition to Defendant/Counterclaim-Plaintiff IBM's Motion for Summary Judgment on SCO's Contract Claims, dated November 30, 2004.

3. I explain below that SCO has been unable to make full discovery in this matter and why IBM's motion is therefore premature under Federal Rule of Civil Procedure 56(f). I explain the discovery that SCO reasonably believes will further enable it to justify its opposition to IBM's Motion for Summary Judgment.

4. SCO has previously explained in detail for this Court and for the Magistrate Court why SCO has been unable to date to take (among substantial other discovery) the discovery I address below. In an effort to avoid redundancy, I adopt those prior submissions and arguments by reference, specifically including the memoranda, affidavits, and argument concerning SCO's opposition to IBM's motion for summary judgment on its Tenth Counterclaim, SCO's 56(f) motion concerning the same, and SCO's motion to enforce the scheduling order, which were all submitted to this Court, as well as the submissions concerning SCO's memorandum regarding discovery and renewed motion to compel, the discovery motions currently pending before Magistrate Judge Wells.

5. SCO has deposed only some of the witnesses on whose declarations IBM relies to argue its narrow interpretation of the license software agreements is correct as a matter of law. The declarations of IBM's key declarants – including Otis Wilson, David Frasure, Geoff

2

Green, Ira Kisterberg, and David Rodgers – have been contradicted by their own testimony in this case as well as by the declarations SCO has provided from Martin Pfeffer, Burt Levine, Mitzi Bond, and Evelyn Davis. In addition, the sworn deposition testimony of Mr. Wilson and Mr. Rodgers in previous litigation flatly contradicts their declarations for IBM in this case. Based on these inconsistencies and contradictions in IBM's evidence, SCO reasonably believes that it will obtain from remaining depositions additional evidence to oppose IBM's motion.

6. SCO also reasonably expects to obtain from remaining depositions the names of other witnesses, particularly members of the UNIX intellectual property licensing group, who can testify to their understanding of the scope of the use and disclosure restrictions in the software license agreements and the basis for their understanding.

7. SCO has intended to and believes it is entitled to confront IBM's declarants with the facts discovered from AIX programmers who, because they had access to the UNIX source code, were in a position to implement and potentially circumvent the restrictions on licensees in the software agreements at issue.

8. In March and April 2004, IBM produced approximately 670,000 pages of documents to SCO. IBM thereafter noticed the depositions of Otis Wilson and David Frasure. Only after the depositions had been taken (over SCO's objection to their premature timing) did SCO discover that IBM's production of documents included the deposition transcripts of Mr. Wilson's and Mr. Frasure's flatly contradictory sworn testimony in prior litigation. SCO reasonably believes that the more efficient and fair way to have proceeded in the

first instance would have been to permit SCO to receive and process the information relevant to the testimony of those witnesses before their depositions.

9. SCO has learned that IBM obtained a declaration from Martin Pfeffer which IBM did not disclose with its other declarations supporting its Motion for Summary Judgment. In response, in a letter dated October 28, 2004, SCO asked IBM to disclose all declarations, witness statements, and affidavits in its possession, custody, or control concerning any subject matters covered by the declarations that IBM had selectively disclosed. IBM not only has declined to produce any such material, but has not even responded to SCO's letter requesting it. In light of Mr. Pfeffer's most recent testimony, which contravenes IBM's narrow interpretation of the restrictions in the software agreements, and in light of IBM's failure to disclose his declaration, SCO reasonably believes that the declaration Mr. Pfeffer gave to IBM, and any other declarations that IBM declined to produce, would further raise issues of material fact precluding summary judgment.

10. On October 8, 2004, SCO subpoenaed Novell, Inc. and Paul, Hastings, Janofsky & Walker LLP (Novell's counsel in the litigation in which Otis Wilson and David Frasure gave their contradictory testimony) for the production of documents related to the BSD litigation and the software license agreements. On November 11, Novell, responding for both parties, delivered to SCO only documents concerning the BSD litigation. On November 15, Novell informed SCO's counsel that documents related to the license agreements would be available for inspection in Provo, Utah, on Friday, November 19, just four days before SCO's November 23 deadline to file its opposition to summary judgment. Based on the declarations SCO will submit with its opposition, as well as the

4

contradictory testimony of IBM's declarants regarding the meaning of the license agreements, SCO reasonably believes that the documents that Novell has only recently produced will bring to light evidence giving rise to issues precluding summary judgment.

11. With respect to IBM's claim that Novell has waived SCO's intellectual property rights, SCO has submitted declarations from the chief negotiators of the 1995 Asset Purchase Agreement ("APA") and the 1996 amendment thereto (Ed Chatlos, Jim Wilt, and Steve Sabbath), who state therein that the parties never intended for Novell to have the right to waive, or to direct or require SCO to waive, any of SCO's intellectual property protections under the SVRX licenses. Based on these declarations, as well SCO's reading of the APA under settled principles of contract construction, SCO intends to take the depositions of other participants in the negotiations and reasonably expects that the testimony of the other participants will be consistent with the declarations by the chief negotiators.

12. With respect to IBM's claim that SCO has waived its own rights, SCO intends to take depositions of, among others, the IBM employees responsible for accessing SCO's password-protected website – the sole ground for IBM's contention that SCO has made certain source code impermissibly available. SCO reasonably expects that such testimony will confirm that the evidence that SCO has submitted showing that IBM obtained access to that code only by improperly by-passing SCO's log-in procedure and hacking onto SCO's website.

I declare under penalty of perjury that the foregoing is true and correct.

November 30, 2004

Edward Normand

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc. hereby certifies that a true and correct copy of

**DECLARATION OF EDWARD NORMAND** was served on Defendant International Business

Machines Corporation on this 30th day of November, by depositing it in U.S. Mail, first class,

postage prepaid, to their counsel of record as indicated below:

> Evan R. Chesler, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, NY  10019
>
> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York  10604
>
> Alan L. Sullivan, Esq.
> Todd M. Shaughnessy, Esq.
> Snell & Wilmer L.L.P.
> 15 West South Temple, Ste. 1200
> Gateway Tower West
> Salt Lake City, Utah 84101-1004
>
> *Attorneys for Defendant/Counterclaim Plaintiff IBM Corp.*

By: _____