FILED
CLERK, U.S. DISTRICT COURT

2005 JAN 20  P 4: 47

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:  (305) 539-1307

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

*Attorneys for The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff | **RESPONSE TO G2 COMPUTER INTELLIGENCE, INC.'S MOTION TO INTERVENE AND MOTION TO UNSEAL COURT'S FILE**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |



The SCO Group, Inc. ("SCO") respectfully submits this memorandum with respect to the

Motion of G2 Computer Intelligence, Inc. ("G2") to Intervene and to Unseal Court's File.

**ARGUMENT**

**I.      SCO DOES NOT OBJECT TO G2'S MOTION TO INTERVENE**

As a matter of "permissive intervention" under Federal Rule of Civil Procedure 24(b), the

Court in its discretion may permit a non-party to challenge a protective order.  See United

Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990); Shump v. Balka, 574

F.2d 1341, 1345 (10th Cir. 1978).  The Court "shall consider whether the intervention will

unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P.

24(b)(2).  The Court may also consider the nature and extent of the intervenor's interests and the

degree to which those interests are adequately represented by other parties.  See H.L. Hayden

Co. of N.Y. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986).  Although G2 has not

articulated a specific interest in the disclosure of any materials in connection with this case, SCO

does not oppose G2's limited motion for intervention.

**II.     G2 HAS NOT SPECIFIED REASONS FOR MODIFYING THE
         PROTECTIVE ORDER OR FOR UNSEALING DOCUMENTS**

Under Federal Rule of Civil Procedure 26(c), "good cause" must exist for the entry of a

protective order.[1]  See Exum v. United States Olympic Comm., 209 F.R.D. 201, 206 (D. Colo.

2002).  "Generally, the 'good cause' determination requires the court to balance the party's need

for the information against the injury which might result from unrestricted disclosure." Id.

(citations omitted).  In entering the Protective Order in this case, this Court properly determined

---

[1] Rule 26(c) provides in relevant part that a court, upon a showing of good cause, "may make any order
which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue
burden or expense." Fed. R. Civ. P. 26(c).

that "good cause" exists in this litigation to protect the parties' proprietary and confidential materials. Under the Protective Order, the Court has allowed the parties to make certain confidentiality designations and to file certain documents involving confidential material under seal with the Court.

Although the Tenth Circuit has not resolved the issue, the District of Colorado recently relied on Public Citizen v. Liggett Group, Inc., 858 F.2d. 775 (1st Cir. 1988), in holding that a motion to modify a protective order must demonstrate that "the reasons underlying the initial promulgation of the order in respect to the particular document sought no longer exist" and that "public interest considerations favored allowing counsel to make those particular documents public." Taylor v. Solvay Pharm., Inc., 223 F.R.D. 544, 549 (D. Colo. 2004) (noting that standard to be used in modifying a protective order "is not obvious"). The Protective Order in this case has been necessary in order to permit the parties to disclose documents as part of the ongoing discovery process and to present confidential materials to the Court efficiently. See In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987) (per curiam) (upholding similar protective order, stating that "[b]usy courts are simply unable to hold hearings every time someone wants to obtain judicial review concerning the nature of a particular document" and recognizing that judicial review should be limited to material that is filed and relevant to legal issues raised). Where, as here, the parties have made their confidentiality designations in good faith,[2] the rationale for the Protective Order remains.[3]

---

[2] The Protective Order defines "Confidential Information" as "information or Documents or other materials that the Disclosing Party in good faith believes is not publicly known that would be valuable to third parties, including but not limited to the Disclosing Party's actual and potential competitors, and that the Disclosing Party would not normally reveal, and has not revealed, to third parties without an agreement to maintain it in confidence." Protective Order ¶ 1.C.

Furthermore, the press and public's right to judicial documents is not absolute, and "not all documents filed with a court are considered judicial documents." United States v. Gonzalez, 150 F.3d 1246, 1255 (10th Cir. 1998). SCO has filed approximately twenty sealed documents, and IBM has filed approximately nineteen sealed documents. The majority of these documents concern only discovery issues, and thus do not qualify as judicial documents giving rise to any right of access.[4] See, e.g., Diversified Group, Inc. v. Daugerdas, 217 F.R.D. 152, 163 (S.D.N.Y. 2003) (holding that sealed motions, memoranda, and supporting documents related to a discovery issue were not judicial documents and therefore not subject to public right of access) (citation omitted). This same rationale applies to the extent that G2 seeks access to correspondence between the parties and the Court. See G2 Mem. at 8-9.

As for judicial documents, the Court should "determine the weight of the presumption of public access by evaluating the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." See S.E.C. v. TheStreet.com, 273 F.3d 222, 232 (2d Cir. 2001) (citation and internal quotation marks omitted). Where the documents were not used at trial or were not otherwise material to a court's disposition of a case on its merits, the presumption of access is weak. See United States v. Amodeo, 71 F.3d 1044, 1049-50 (2d Cir. 1995). If the Court determines that certain documents at issue in the parties' pending motions (such as IBM's motions for summary judgment and

---

[3] G2 cites Procter Gamble Co. v. Bankers Trust Co., 78 F.3d 219 (6th Cir. 1996), for the proposition that the Court must independently determine whether to release each sealed document. But the protective order in that case permitted the parties to modify its terms without court approval. Id. at 222. The parties modified the order by filing sealed documents that did not fall within the definition of "confidential." Id. The court concluded that by giving the parties' such unilateral discretion, the protective order did not conform with Rule 26(c). Id. at 227. The Protective Order here does not suffer from any such flaw.

[4] Of the 375 docketed items to date, approximately 39 documents have been filed under seal with the Court, including an Ex Parte Order, see Docket No. 270, and the October 19, 2004 hearing transcript on SCO's Renewed Motion to Compel Discovery.

SCO's motion to amend its complaint) are material, then the Court should resolve the question of public access to those documents by balancing any presumption of access that applies against countervailing factors, including privacy interests and the interest of judicial efficiency. Id. at 1050-51.[5]

## CONCLUSION

For the reasons stated above, SCO does not oppose G2's intervention, but G2 has not identified reasons for modifying the Protective Order or for unsealing any documents in this case.

DATED this ⏠th day of January, 2005.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stephen N. Zack
Edward Normand
Sean Eskovitz

By _____

*Counsel for The SCO Group, Inc.*

---

[5] G2 cites Grundberg v. Upjohn Co., 137 F.R.D. 372 (D. Utah 1991), for the proposition that the parties must now show that each sealed document "will cause a clearly defined, serious injury" to business. G2 Mem. at 7. Upjohn merely reflects the common situation where a plaintiff reserves the right under a protective order to challenge a defendant's confidential designations, and the defendant bears the burden of demonstrating that such confidential designations are indeed warranted. See 137 F.R.D. at 389 n.21. Each party will exercise its right to do so under the Protective Order in this case where appropriate. See Protective Order ¶ 8.

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim Defendant, The SCO Group, Inc., hereby certifies that a true and

correct copy of the foregoing Response to G2 Computer Intelligence, Inc's Motion to Intervene

and Motion to Unseal Court's File was served on the th day of January, 2005, by U.S. Mail to

the following:

IBM Corporation:

David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York  10604

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004

G2 Computer Intelligence Inc., CNET Networks, Inc., and Forbes Inc.:

Michael P. O'Brien, Esq.
Jones Waldo Holbrook & McDonough PC
170 South Main Street, Suite 1500
Salt Lake City, UT 84101


*Laura Chaves*