Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Frederick S. Frei (admitted pro hac vice)
John K. Harrop (admitted pro hac vice)
ANDREWS KURTH LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, DC 20006
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

*Attorneys for The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff | **OBJECTIONS TO INTERNATIONAL BUSINESS MACHINE CORPORATION'S RULE 30(b)(6) NOTICE OF DEPOSITION ("THE CLICK-WRAP NOTICE")**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

In response to Defendant/Counterclaim-Plaintiff International Business Machine Corporation's ("IBM") Notice of 30(b)(6) deposition, served by U.S. Mail on January 10, 2005, and by facsimile on January 11, 2005 ("the Click-Wrap Notice"), Plaintiff/Counterclaim Defendant The SCO Group, Inc. ("SCO") submits the following objections.

383

Notwithstanding its General and Specific Objections set forth herein, SCO will attempt to identify witnesses knowledgeable concerning the topics set forth in IBM's Notice. SCO will confer with patent counsel for IBM with respect to the designated topics and to agree on dates and locations for these depositions.

## GENERAL OBJECTIONS

1. SCO objects generally to the Click-Wrap Notice as overly broad and unduly burdensome. The Click-Wrap Notice was served simultaneously with two other Rule 30(b)(6) deposition notices. Together, these three notices listed fifty-one (51) topics. These notices are overbroad and unduly burdensome for the further reason that IBM provided SCO with only two weeks' notice to prepare for these depositions.

2. SCO objects generally to the Click-Wrap Notice as unduly burdensome because IBM has scheduled this deposition to take place in the offices of its local counsel in Salt Lake City, Utah. Many of the individuals likely to have knowledge of the topics listed in IBM's Click-Wrap Notice reside in the Eastern United States, as do SCO's counsel and IBM's counsel. It would be far less burdensome for these depositions to take place at or near SCO's offices in New Jersey.

3. SCO objects generally to the Click-Wrap Notice as unduly burdensome because IBM gave SCO only two weeks to prepare for each of the topics listed and further reduced the time available to prepare by not serving SCO's patent counsel, who have already entered an appearance in this case, thereby further prejudicing SCO and increasing the burden imposed by IBM's Click-Wrap Notice.

4. SCO objects to each Topic within the Click-Wrap Notice insofar as it seeks disclosure of information that will become known to SCO only after the completion of discovery or is otherwise premature, particularly because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

5. SCO objects to each Topic within the Click-Wrap Notice insofar as it causes annoyance, oppression, undue burden, or expense to SCO, particularly because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

6. SCO objects to each Topic within the Click-Wrap Notice insofar as it seeks information not reasonably calculated to lead to the discovery of admissible evidence, and/or which exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure

7. SCO objects to each Topic within the Click-Wrap Notice insofar as it purports to seek information or documents protected from discovery by the attorney-client privilege or any other applicable privilege or immunity.

8. SCO objects to each Topic within the Click-Wrap Notice insofar as it seeks work product, mental impressions, conclusions, opinions, or legal theories of SCO's counsel, experts, and/or consultants developed in connection with or in anticipation of this or other litigation or other business transactions not related to this litigation.

9. SCO objects to IBM's definition of "SCO Product" or "SCO Products" within the Click-Wrap Notice as "any and all products that are or were created by, for, or on behalf of, or

acquired by SCO, or any predecessor in interest thereof (whether or not for a fee), from six years prior to August 6, 2003 to the present date" because it renders the topics overly broad and unduly burdensome. Moreover, SCO objects to any Topic within the Click-Wrap Notice that seeks SCO's response on behalf of any entity not wholly owned by SCO or with regard to a product not sold, manufactured, or used by SCO.

10. SCO objects to IBM's definition of "SCO Product" or "SCO Products" within the Click-Wrap Notice wherein it "refers to any and all products that are or were created by, for, or on behalf of, or acquired by SCO, or any predecessor in interest thereof (whether or not for a fee), from six years prior to August 6, 2003 to the present date" on the grounds that it seeks "any and all products" not only created by SCO but also relating in any way to SCO (including simply acquired by SCO) or any predecessor, and is therefore overly broad and unduly burdensome.

11. SCO objects generally to the definition of "Click-Wrap Product" within the Click-Wrap Notice as vague, overbroad, and unduly burdensome to the extent that it includes SCO Products that IBM has not accused of infringement of the relevant patents-in-suit.

12. SCO objects generally to the term "Click-Wrap Feature" within the Click-Wrap Notice as overly broad and unduly burdensome to the extent that it includes products other than those which IBM has accused of infringement.

13. SCO objects further that this Notice is premature because it has outstanding discovery asking IBM to construe its asserted claims which has not been fully answered.

14. SCO objects generally to the term "Click-Wrap Products" within the Click-Wrap Notice as overly broad and unduly burdensome to the extent that it incorporates the term "Click-Wrap Feature" as objected to above.

15. SCO further objects to the term "Click-Wrap Products" within the Click-Wrap Notice as overly broad and unduly burdensome to the extent that it includes products other than those which IBM has accused of infringement.

16. SCO incorporate its General Objections with regard to each topic as though fully set forth therein.

## SPECIFIC OBJECTIONS

### TOPIC NO. 1

1. SCO objects specifically to Topic No. 1 of the Click-Wrap Notice on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that interrogatories are the appropriate tool for this type of "identification" information.

2. SCO further objects specifically to Topic No. 1 because, by seeking "each version and release of each Click-Wrap Product," the topic is overly broad and unduly burdensome.

### TOPIC NO. 2

3. SCO objects specifically to Topic No. 2 because it is overbroad and unduly burdensome to the extent that it seeks information related to Click-Wrap Products to the extent that term can be construed to include products other than those that IBM has accused of infringing the patents-in-suit.

4. SCO further objects specifically to Topic No. 2 to the extent that it seeks information that is just as burdensome for SCO to produce as it is for IBM to obtain. SCO has previously produced the source code corresponding to each accused product. It is no more

burdensome for IBM to undertake the inquiry requested in Topic No. 2 than it would be for SCO to do so.

5. SCO further objects specifically to Topic No. 2 on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that interrogatories are the appropriate tool for this type of "identification" information.

## TOPIC NO. 3

6. SCO objects specifically to Topic No. 3 because it is overbroad and unduly burdensome to the extent that it seeks information related to Click-Wrap Products to the extent that term can be construed to include products other than those that IBM has accused of infringing the patents-in-suit.

7. SCO further objects specifically to Topic No. 3 because, by seeking "the function and operation of each Click-Wrap Feature within each Click-Wrap Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

## TOPIC NO. 4

8. SCO objects specifically to Topic No. 4 because, by seeking "testing, evaluation, analysis and debugging of each Click-Wrap Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

9. SCO further objects specifically to Topic No. 4 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim

constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

10. SCO further objects specifically to Topic No. 4 as vague and ambiguous because it does not describe what information concerning the "testing, evaluation, analysis, and debugging of each Click-Wrap Product" it seeks.

### TOPIC NO. 5

11. SCO objects specifically to Topic No. 5 because, by seeking "[u]se made by SCO or SCO's knowledge of its customers' uses of any Click-Wrap Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

12. SCO further objects specifically to Topic No. 5 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

13. SCO further objects specifically to Topic No. 5 as vague and ambiguous because it does not describe what information concerning "[u]se made by SCO or SCO's knowledge of its customers' uses of any Click-Wrap Product" it seeks.

### TOPIC NO. 6

14. SCO further objects specifically to Topic No. 6 on the grounds that it is overbroad and unduly burdensome because the discovery IBM seeks is available from third parties and should be obtained from them.

15.     SCO further objects specifically to Topic No. 6 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

### TOPIC NO. 7

16.     SCO objects specifically to Topic No. 7 to the extent that it seeks information that is just as burdensome for SCO to produce as it is for IBM to obtain. SCO has previously produced the source code corresponding to each accused product. It is no more burdensome for IBM to undertake the inquiry requested in Topic No. 7 than it would be for SCO to do so.

17.     SCO further objects specifically to Topic No. 6 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

### TOPIC NO. 8

18.     SCO objects specifically to Topic No. 8 to the extent that it seeks information that is just as burdensome for SCO to produce as it is for IBM to obtain. SCO has previously produced the source code corresponding to each accused product. It is no more burdensome for IBM to undertake the inquiry requested in Topic No. 7 than it would be for SCO to do so.

19.     SCO further objects specifically to Topic No. 8 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

## TOPIC NO. 9

20. SCO objects specifically to Topic No. 9 to the extent that it seeks information that is just as burdensome for SCO to produce as it is for IBM to obtain. SCO has previously produced the source code corresponding to each accused product. It is no more burdensome for IBM to undertake the inquiry requested in Topic No. 7 than it would be for SCO to do so.

21. SCO objects specifically to Topic No. 9 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

22. SCO further objects specifically to Topic No. 9 as vague and ambiguous with regard to the phrase "as it relates to the installation of any Click-Wrap product."

## TOPIC NO. 10

23. SCO objects specifically to Topic No. 10 to the extent that it seeks information that is just as burdensome for SCO to produce as it is for IBM to obtain. SCO has previously produced the source code corresponding to each accused product. It is no more burdensome for IBM to undertake the inquiry requested in Topic No. 7 than it would be for SCO to do so.

24. SCO further objects specifically to Topic No. 10 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

25. SCO further objects specifically to Topic No. 10 as vague and ambiguous with regard to the phrase "as it relates to the installation of any Click-Wrap product."

## TOPIC NO. 11

26. SCO objects specifically to Topic No. 11 to the extent that it seeks information that is just as burdensome for SCO to produce as it is for IBM to obtain. SCO has previously produced the source code corresponding to each accused product. It is no more burdensome for IBM to undertake the inquiry requested in Topic No. 7 than it would be for SCO to do so.

27. SCO further objects specifically to Topic No. 11 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

28. SCO further objects specifically to Topic No. 11 as vague and ambiguous with regard to the phrase "as it relates to the installation of any Click-Wrap product."

## TOPIC NO. 12

29. SCO objects specifically to Topic No. 12 because, by seeking "[t]raining, recommendations, suggestions and instructions given to SCO, SCO's distributors or customers, or any potential distributors or customers concerning the use, configuration, intended use or intended configuration of each Click-Wrap Feature within each Click-Wrap Product, including the training, recommendations, suggestions and instructions provided by any third party to SCO," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

30. SCO further objects specifically to Topic No. 12 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim

constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

31. SCO further objects specifically to Topic No. 12 as vague and ambiguous because it does not describe what information concerning "[t]raining, recommendations, suggestions and instructions given to SCO, SCO's distributors or customers, or any potential distributors or customers concerning the use, configuration, intended use or intended configuration of each Click-Wrap Feature within each Click-Wrap Product, including the training, recommendations, suggestions and instructions provided by any third party to SCO" it seeks.

## TOPIC NO. 13

32. SCO objects specifically to Topic No. 13 because, by seeking testimony concerning "[t]he manufacturing of the Click-Wrap Products to incorporate the Click-Wrap Feature," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

33. SCO further objects specifically to Topic No. 13 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

34. SCO further objects specifically to Topic No. 13 as vague and ambiguous because it does not describe what information concerning "[t]he manufacturing of the Click-Wrap Products to incorporate the Click-Wrap Feature" it seeks.

## TOPIC NO. 14

35. SCO objects specifically to Topic No. 14 because, by seeking "[p]roposed or actual design alternatives to each Click-Wrap Feature in each Click-Wrap Product, including but not limited to any alleged designs *SCO* would use as noninfringing alternatives to the current version used in each Click-Wrap Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

36. SCO further objects specifically to Topic No. 14 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

## TOPIC NO. 15

37. SCO objects specifically to Topic No. 15 because, by seeking "[t]he release history of each Click-Wrap Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

38. SCO further objects specifically to Topic No. 15 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

39. SCO further objects specifically to Topic No. 15 on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering

the type of information that is being sought and that requests for documents are the appropriate tool for this type of information.

## TOPIC NO. 16

40. SCO objects specifically to Topic No. 16 because, by stating "[t]o the extent any Click-Wrap Feature within any Click-Wrap Product was purchased, acquired or otherwise not originally developed by SCO, the identity of the original developer and all persons who worked on the development of, and the location of any documents regarding the development of, such Click-Wrap Feature," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

41. SCO further objects specifically to Topic No. 16 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

42. SCO further objects specifically to Topic No. 16 on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that interrogatories and requests for documents are the appropriate tool for this type of "identification' information.

## TOPIC NO. 17

43. SCO objects specifically to Topic No. 17 because, by seeking "[t]he facts, circumstances and documents relating to the decision by SCO to continue to use Click-Wrap feature in each Click-Wrap Product after August 6, 2003," the topic is overly broad and unduly

burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

44. SCO further objects specifically to Topic No. 17 on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that requests for documents are the appropriate tool for this type of information.

## TOPIC NO. 18

45. SCO objects specifically to Topic No. 18 because, by seeking "[t]he identity of SCO's personnel most knowledgeable concerning the subject matter described in items 1-17 above," the topic is overly broad and unduly burdensome for the reasons SCO enumerated in its specific objections to items 1-17 above.

46. SCO further objects specifically to Topic No. 18 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

## TOPIC NO. 19

47. SCO objects specifically to Topic No. 19 because, by seeking "[d]ocuments concerning the subject matter set forth in paragraphs 1-16 above," the topic is overly broad and unduly burdensome for the reasons SCO enumerated in its specific objections to items 1-16 above.

48. SCO further objects specifically to Topic No. 19 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim

constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

DATED this 24th day of January, 2005.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark James

BOIES, SCHILLER & FLEXNER, LLP
Robert Silver (admitted pro hac vice)
Steven N. Zack (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)

ANDREWS KURTH LLP
Frederick S. Frei
John K. Harrop

By: /s/ Brent O. Hatch

*Attorneys for The SCO Group, Inc.*

I hereby certify that the foregoing OBJECTIONS TO INTERNATIONAL BUSINESS MACHINE CORPORATION'S RULE 30(b)(6) NOTICE OF DEPOSITION ("THE CLICK-WRAP NOTICE") was served this 24th day of January, 2005:

By facsimile and Federal Express to:

> David Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, NY 10019
> Facsimile: (212) 474-3700

A copy was also sent by depositing a copy of same in the United States mail, first class, postage prepaid, this 24th day of January, 2005 to the following:

> Todd M. Shaughnessy, Esq.
> Snell & Wilmer L.L.P.
> 15 West South Temple, Ste. 1200
> Gateway Tower West
> Salt Lake City, Utah 84101-1004
>
> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York 10604