Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Frederick S. Frei (admitted pro hac vice)
John K. Harrop (admitted pro hac vice)
ANDREWS KURTH LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, DC 20006
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

*Attorneys for The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff | **OBJECTIONS TO INTERNATIONAL BUSINESS MACHINE CORPORATION'S RULE 30(b)(6) NOTICE OF DEPOSITION ("THE COMPRESSION NOTICE")**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

In response to Defendant/Counterclaim-Plaintiff International Business Machine Corporation's ("IBM") Notice of 30(b)(6) deposition, served by U.S. Mail on January 10, 2005, and by facsimile on January 11, 2005 ("the Compression Notice"), Plaintiff/Counterclaim Defendant The SCO Group, Inc. ("SCO") submits the following objections.

Notwithstanding its General and Specific Objections set forth herein, SCO will attempt to identify witnesses knowledgeable concerning the topics set forth in IBM's Notice. SCO will confer with patent counsel for IBM with respect to the designated topics and to agree on dates and locations for these depositions.

## GENERAL OBJECTIONS

1. SCO objects generally to the Compression Notice as overly broad and unduly burdensome. The Compression Notice was served simultaneously with two other Rule 30(b)(6) deposition notices. Together, these three notices listed fifty-one (51) topics. These notices are overbroad and unduly burdensome for the further reason that IBM provided SCO with only two weeks' notice to prepare for these depositions.

2. SCO objects generally to the Compression Notice as unduly burdensome because IBM has scheduled this deposition to take place in the offices of its local counsel in Salt Lake City, Utah. Many of the individuals likely to have knowledge of the topics listed in IBM's Compression Notice reside in the Eastern United States, as do SCO's counsel and IBM's counsel. It would be far less burdensome for these depositions to take place at or near SCO's offices in New Jersey.

3. SCO objects generally to the Compression Notice as unduly burdensome because IBM gave SCO only two weeks to prepare for each of the topics listed and further reduced the time available to prepare by not serving SCO's patent counsel, who have already entered an appearance in this case, thereby further prejudicing SCO and increasing the burden imposed by IBM's Compression Notice.

4. SCO objects to each Topic within the Compression Notice insofar as it seeks disclosure of information that will become known to SCO only after the completion of discovery or is otherwise premature, particularly because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringed the patents-in-suit.

5. SCO objects to each Topic within the Compression Notice insofar as it causes annoyance, oppression, undue burden, or expense to SCO, particularly because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringed the patents-in-suit.

6. SCO objects to each Topic within the Compression Notice insofar as it seeks information not reasonably calculated to lead to the discovery of admissible evidence, and/or exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure

7. SCO objects to each Topic within the Compression Notice insofar as it purports to seek information or documents protected from discovery by the attorney-client privilege or any other applicable privilege or immunity.

8. SCO objects to each Topic within the Compression Notice insofar as it seeks work product, mental impressions, conclusions, opinions, or legal theories of SCO's counsel, experts, and/or consultants developed in connection with or in anticipation of this or other litigation or other business transactions not related to this litigation.

9. SCO objects to IBM's definition of "SCO Product" or "SCO Products" within the Compression Notice as "any and all products that are or were created by, for, or on behalf of, or

acquired by SCO, or any predecessor in interest thereof (whether or not for a fee), from six years prior to August 6, 2003 to the present date" because it renders the topics overly broad and unduly burdensome. Moreover, SCO objects to any Topic within the Compression Notice that seeks SCO's response on behalf of any entity not wholly owned by SCO or with regard to a product not sold, manufactured, or used by SCO.

10. SCO objects to IBM's definition of "SCO Product" or "SCO Products" within the Compression Notice wherein it "refers to any and all products that are or were created by, for, or on behalf of, or acquired by SCO, or any predecessor in interest thereof (whether or not for a fee), from six years prior to August 6, 2003 to the present date" on the grounds that it seeks "any and all products" not only created by SCO but also relating in any way to SCO (including simply acquired by SCO) or any predecessor, and is therefore overly broad and unduly burdensome.

11. SCO objects generally to the Compression Notice as premature because SCO has outstanding discovery asking IBM to construe its asserted claims which has not been fully answered.

12. SCO objects generally to the term "Compression Feature" within the Compression Notice as overly broad and unduly burdensome to the extent that it includes products other than those which IBM has accused of infringement.

13. SCO further objects to the term "Compression Products" within the Compression Notice as overly broad and unduly burdensome to the extent that it includes products other than those which IBM has accused of infringement.

14. SCO incorporate its General Objections with regard to each topic as though fully set forth therein.

## **SPECIFIC OBJECTIONS**

### **TOPIC NO. 1**

1. SCO objects specifically to Topic No. 1 of the Compression Notice on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that interrogatories are the appropriate tool for this type of "identification" information.

2. SCO further objects specifically to Topic No. 1 because, by seeking "each version or release of each Compression Product," the topic is overbroad and unduly burdensome.

### **TOPIC NO. 2**

3. SCO objects specifically to Topic No. 2 because it is overbroad and unduly burdensome to the extent that it seeks information related to Compression Products to the extent that term can be construed to include products other than those that IBM has accused of infringing the patents-in-suit.

4. SCO further objects specifically to Topic No. 2 to the extent that it seeks information that is just as burdensome for SCO to produce as it is for IBM to obtain. SCO has previously produced the source code corresponding to each accused product. It is no more burdensome for IBM to undertake the inquiry requested in Topic No. 2 than it would be for SCO to do so.

5. SCO further objects specifically to Topic No. 2 on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that interrogatories are the appropriate tool for this type of "identification" information.

## TOPIC NO. 3

6. SCO objects specifically to Topic No. 3 because it is overbroad and unduly burdensome to the extent that it seeks information related to Compression Products to the extent that term can be construed to include products other than those that IBM has accused of infringing the patents-in-suit.

7. SCO further objects specifically to Topic No. 3 because, by seeking testimony concerning "the function and operation of each Compression Feature within each Compression Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

## TOPIC NO. 4

8. SCO objects specifically to Topic No. 4 because, by seeking "testing, evaluation, analysis and debugging of each Compression Feature within each Compression Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

9. SCO further objects specifically to Topic No. 4 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

10. SCO further objects specifically to Topic No. 4 as vague and ambiguous because it does not describe what information concerning the "testing, evaluation, analysis, and debugging of each Compression Feature within each Compression Product" it seeks.

## TOPIC NO. 5

11. SCO objects specifically to Topic No. 5 because, by seeking "[u]se made by SCO or SCO's knowledge of its customers' uses of any Compression Feature within each Compression Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

12. SCO further objects specifically to Topic No. 5 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

13. SCO further objects specifically to Topic No. 5 as vague and ambiguous because it does not describe what information concerning "[u]se made by SCO or SCO's knowledge of its customers' uses of any Compression Feature within each Compression Product" it seeks.

## TOPIC NO. 6

14. SCO objects specifically to Topic No. 6 because, by seeking testimony concerning "[t]raining, recommendations, suggestions, and instructions given to SCO, SCO's distributors or customers, or any potential distributors or customers concerning the use, configuration, intended use or intended configuration of each Compression Feature within each Compression Product, including the training, recommendations, suggestions and instructions provided by any third party to SCO," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

15. SCO further objects specifically to Topic No. 6 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

16. SCO further objects specifically to Topic No. 6 as vague and ambiguous because it does not describe what information concerning "[t]raining, recommendations, suggestions and instructions given to SCO, SCO's distributors or customers, or any potential distributors or customers concerning the use, configuration, intended use or intended configuration of each Compression Feature within each Compression Product, including the training, recommendations, suggestions and instructions provided by any third party to SCO" it seeks.

## TOPIC NO. 7

17. SCO objects specifically to Topic No. 7 because, by seeking "the use of any Compression Feature in the manufacture, production, or packaging of any compressed product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

18. SCO further objects specifically to Topic No. 7 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

19. SCO further objects specifically to Topic No. 7 as vague and ambiguous because it does not describe what information concerning "the use of any Compression Feature in the manufacture, production, or packaging of any compressed product" it seeks.

## TOPIC NO. 8

20. SCO objects specifically to Topic No. 8 because, by seeking "[p]roposed or actual design alternatives to each Compression Feature in any Compression product, including but not limited to any alleged designs SCO would use as non-infringing alternatives to the current version used in each compression product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

21. SCO further objects specifically to Topic No. 8 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

22. SCO further objects specifically to Topic No. 8 as vague and ambiguous because it does not describe what information concerning "[p]roposed or actual design alternatives to each Compression Feature in any Compression product, including but not limited to any alleged designs SCO would use as non-infringing alternatives to the current version used in each compression product" it seeks.

## TOPIC NO. 9

23. SCO objects specifically to Topic No. 9 because, by seeking "the release history of each Compression Feature in each Compression Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

9

24. SCO further objects specifically to Topic No. 9 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

25. SCO further objects specifically to Topic No. 9 as vague and ambiguous because it does not describe what information concerning "the release history of each Compression Feature in each Compression Product" it seeks.

26. SCO objects specifically to Topic No. 9 on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that requests for production of documents are the appropriate tool for this type of "identification" information.

### TOPIC NO. 10

27. SCO objects specifically to Topic No. 10 because, by seeking information related to the "extent any Compression Feature within a Compression Product was purchased, acquired or otherwise not originally developed by SCO, the identity of the original developer and all persons who worked on the development, and the location of any documents regarding the development of such Compression Feature," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

28. SCO further objects specifically to Topic No. 10 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim

constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

29. SCO further objects specifically to Topic No. 10 on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that interrogatories or requests for production of documents are the appropriate tool for this type of "identification" information.

## TOPIC NO. 11

30. SCO objects specifically to Topic No. 11 because, by seeking "the facts, circumstances and documents relating to SCO's decision to continue to use the Compression Feature in the Compression Products after August 6, 2003" the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

31. SCO further objects specifically to Topic No. 11 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

32. SCO further objects specifically to Topic No. 11 on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that requests for production of documents are the appropriate tool for this type of information.

## TOPIC NO. 12

33.　SCO objects specifically to Topic No. 12 because, by seeking "[t]he functional and operational similarities and differences among each instance of code that implements each Compression Feature in each Compression Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

34.　SCO further objects specifically to Topic No. 12 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

35.　SCO further objects specifically to Topic No. 12 to the extent that it seeks information that is just as burdensome for SCO to produce as it is for IBM. SCO has previously produced the source code corresponding to each accused product. It is no more burdensome for IBM to undertake the inquiry requested in Topic No. 12 than it would be for SCO to do so.

## TOPIC NO. 13

36.　SCO objects specifically to Topic No. 13 because, by seeking "[t]he identity of SCO's personnel most knowledgeable concerning the subject matter described in items 1-12 above" the topic is overly broad and unduly burdensome for the reasons SCO enumerated in its specific objections to items 1-12 above.

37.　SCO further objects specifically to Topic No. 13 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim

constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

### TOPIC NO. 14

38. SCO objects specifically to Topic No. 14 because, by seeking "[d]ocuments concerning the subject matter set forth in paragraphs 1-13 above," the topic is overly broad and unduly burdensome for the reasons SCO enumerated in its specific objections to items 1-13 above.

39. SCO further objects specifically to Topic No. 14 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringed the patents-in-suit.

DATED this 24th day of January, 2005.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark James

BOIES, SCHILLER & FLEXNER, LLP
Robert Silver (admitted pro hac vice)
Steven N. Zack (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)

ANDREWS KURTH LLP
Frederick S. Frei
John K. Harrop

By: _____

*Attorneys for The SCO Group, Inc.*

I hereby certify that the foregoing OBJECTIONS TO INTERNATIONAL BUSINESS MACHINE CORPORATION'S RULE 30(b)(6) NOTICE OF DEPOSITION ("THE COMPRESSION NOTICE") was served this 24th day of January, 2005:

By facsimile and Federal Express to:

>David Marriott, Esq.
>Cravath, Swaine & Moore LLP
>Worldwide Plaza
>825 Eighth Avenue
>New York, NY 10019
>Facsimile: (212) 474-3700

A copy was also sent by depositing a copy of same in the United States mail, first class, postage prepaid, this 24th day of January, 2005 to the following:

>Todd M. Shaughnessy, Esq.
>Snell & Wilmer L.L.P.
>15 West South Temple, Ste. 1200
>Gateway Tower West
>Salt Lake City, Utah 84101-1004

>Donald J. Rosenberg, Esq.
>1133 Westchester Avenue
>White Plains, New York 10604