RECEIVED CLERK

FILED

2005 JAN 24   P 6: 17

DISTRICT COURT UTAH

BY: _____
DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone:  (914) 749-8200
Facsimile:   (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Frederick S. Frei (admitted pro hac vice)
John K. Harrop (admitted pro hac vice)
ANDREWS KURTH LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, DC 20006
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff | **OBJECTIONS TO INTERNATIONAL BUSINESS MACHINE CORPORATION'S RULE 30(b)(6) NOTICE OF DEPOSITION ("THE CONFIGURABLE HIGH AVAILABILITY NOTICE")**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

In response to Defendant/Counterclaim-Plaintiff International Business Machine

Corporation's ("IBM") Notice of 30(b)(6) deposition, served by U.S. Mail on January 10, 2005,

and by facsimile on January 11, 2005 ("the Configurable High Availability Notice"),



Plaintiff/Counterclaim Defendant The SCO Group, Inc. ("SCO") submits the following objections.

Notwithstanding its General and Specific Objections set forth herein, SCO will attempt to identify witnesses knowledgeable concerning the topics set forth in IBM's Notice. SCO will confer with patent counsel for IBM with respect to the designated topics and to agree on dates and locations for these depositions.

**GENERAL OBJECTIONS**

1.     SCO objects generally to the Configurable High Availability Notice as overly broad and unduly burdensome. The Configurable High Availability Notice was served simultaneously with two other Rule 30(b)(6) deposition notices. Together, these three notices listed fifty-one (51) topics. These notices are overbroad and unduly burdensome for the further reason that IBM provided SCO with only two weeks' notice to prepare for these depositions.

2.     SCO objects generally to the Configurable High Availability Notice as unduly burdensome because IBM has scheduled this deposition to take place in the offices of its local counsel in Salt Lake City, Utah. Many of the individuals likely to have knowledge of the topics listed in IBM's Configurable High Availability Notice reside in the Eastern United States, as do SCO's counsel and IBM's counsel. It would be far less burdensome for these depositions to take place at or near SCO's offices in New Jersey.

3.     SCO objects generally to the Configurable High Availability Notice as unduly burdensome because IBM gave SCO only two weeks to prepare for each of the topics listed and further reduced the time available to prepare by not serving SCO's patent counsel, who have

2

already entered an appearance in this case, thereby further prejudicing SCO and increasing the burden imposed by IBM's Configurable High Availability Notice.

4.      SCO objects generally to each Topic within the Configurable High Availability Notice insofar as it seeks disclosure of information that will become known to SCO only after the completion of discovery or is otherwise premature, particularly because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

5.      SCO objects to each Topic within the Configurable High Availability Notice insofar as it is causes annoyance, oppression, undue burden, or expense to SCO, particularly because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

6.      SCO objects to each Topic within the Configurable High Availability Notice insofar as it seeks information not reasonably calculated to lead to the discovery of admissible evidence, and/or which exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure

7.      SCO objects to each Topic within the Configurable High Availability Notice insofar as it purports to seek information or documents protected from discovery by the attorney-client privilege or any other applicable privilege or immunity.

8.      SCO objects to each Topic within the Configurable High Availability Notice insofar as it seeks work product, mental impressions, conclusions, opinions, or legal theories of

SCO's counsel, experts, and/or consultants developed in connection with or in anticipation of this or other litigation or other business transactions not related to this litigation.

9.      SCO objects to IBM's definition of "SCO Product" or "SCO Products" within the Configurable High Availability Notice as "any and all products that are or were created by, for, or on behalf of, or acquired by SCO, or any predecessor in interest thereof (whether or not for a fee), from six years prior to August 6, 2003 to the present date" because it renders the topics overly broad and unduly burdensome. Moreover, SCO objects to any Topic within the Configurable High Availability Notice that seeks SCO's response on behalf of any entity not wholly owned by SCO or with regard to a product not sold, manufactured, or used by SCO.

10.     SCO objects to IBM's definition of "SCO Product" or "SCO Products" within the Configurable High Availability Notice wherein it "refers to any and all products that are or were created by, for, or on behalf of, or acquired by SCO, or any predecessor in interest thereof (whether or not for a fee), from six years prior to August 6, 2003 to the present date" on the grounds that it seeks "any and all products" not only created by SCO but also relating in any way to SCO (including simply acquired by SCO) or any predecessor, and is therefore overly broad and unduly burdensome.

11.     SCO objects generally to the definition of "Configurable High Availability Product" within the Configurable High Availability Notice as vague, overbroad, and unduly burdensome to the extent that it includes SCO Products that IBM has not accused of infringement of the relevant patent-in-suit.

12.     SCO objects further that this Notice is premature because it has outstanding discovery asking IBM to construe its asserted claims which has not been fully answered.

4

13.     SCO objects generally to the term "Configurable High Availability Products" within the Configurable High Availability Notice as overly broad and unduly burdensome to the extent that it incorporates the term "Configurable High Availability Feature" as objected to above.

14.     SCO further objects to the term "Configurable High Availability Products" within the Configurable High Availability Notice as overly broad and unduly burdensome to the extent that it includes products other than those which IBM has accused of infringement.

15.     SCO incorporates each of its General Objections with regard to each topic as though fully set forth therein.

## SPECIFIC OBJECTIONS

### TOPIC NO. 1

1.     SCO objects specifically to Topic No. 1 of the Configurable High Availability Notice on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that interrogatories are the appropriate tool for this type of "identification" information.

2.     SCO further objects specifically to Topic No. 1 because, by seeking "each version or release of each Configurable High Availability Product," the topic is overly broad and unduly burdensome.

### TOPIC NO. 2

3.     SCO objects specifically to Topic No. 2 because it is overbroad and unduly burdensome to the extent that it seeks information related to Configurable High Availability

Products to the extent that term can be construed to include products other than those that IBM has accused of infringing the patents-in-suit.

4.      SCO further objects specifically to Topic No. 2 to the extent that it seeks information that is just as burdensome for SCO to produce as it is for IBM to obtain.  SCO has previously produced the source code corresponding to each accused product.  It is no more burdensome for IBM to undertake the inquiry requested in Topic No. 2 than it would be for SCO to do so.

5.      SCO further objects specifically to Topic No. 2 on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that interrogatories are the appropriate tool for this type of "identification" information.

## TOPIC NO. 3

6.      SCO objects specifically to Topic No. 3 because it is overbroad and unduly burdensome to the extent that it seeks information related to Configurable High Availability Products to the extent that term can be construed to include products other than those that IBM has accused of infringing the patents-in-suit.

7.      SCO further objects specifically to Topic No. 3 because, by seeking "the function and operation of each Configurable High Availability Feature within each Configurable High Availability Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

6

## TOPIC NO. 4

8.       SCO objects specifically to Topic No. 4 because, by seeking "testing, evaluation, analysis and debugging of each Configurable High Availability Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

9.       SCO further objects specifically to Topic No. 4 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

10.      SCO further objects specifically to Topic No. 4 as vague and ambiguous because it does not describe what information concerning the "testing, evaluation, analysis, and debugging of each Configurable High Availability Product" it seeks.

## TOPIC NO. 5

11.      SCO objects specifically to Topic No. 5 because, by seeking "[u]se made by SCO or SCO's knowledge of its customers' uses of any Configurable High Availability Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

12.      SCO further objects specifically to Topic No. 5 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

7

13.     SCO further objects specifically to Topic No. 5 as vague and ambiguous because it does not describe what information concerning "[u]se made by SCO or SCO's knowledge of its customers' uses of any Configurable High Availability Product" it seeks.

## TOPIC NO. 6

14.     SCO objects specifically to Topic No. 6 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

15.     SCO further objects specifically to Topic No. 6 as vague and ambiguous because it does not describe what information concerning "[t]he use of customizable detectors in the ReliantHA product, including but not limited to the identification of component failures to the Configuration Monitor" it seeks.

## TOPIC NO. 7

16.     SCO objects specifically to Topic No. 7 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

17.     SCO further objects specifically to Topic No. 7 as vague and ambiguous because it does not describe what information concerning "[t]he use of recovery schemes in the ReliantHA product, including but not limited to the use by the Configuration Monitor of user supplied configuration files to initiate recovery actions" it seeks.

## TOPIC NO. 8

18.     SCO objects specifically to Topic No. 8 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

19.     SCO further objects specifically to Topic No. 8 as vague and ambiguous because it does not describe what information concerning "[t]he capability to define a new resource type and provide a detector process for the new resource type in the ReliantHA product" it seeks.

## TOPIC NO. 9

20.     SCO objects specifically to Topic No. 9 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

21.     SCO further objects specifically to Topic No. 9 as vague and ambiguous because it does not describe what information concerning "[t]raining, recommendations, suggestions and instructions provided by SCO or any third party to SCO's customers or potential customers concerning the use, configuration, intended use or intended configuration of each Configurable High Availability Product" it seeks.

## TOPIC NO. 10

22.     SCO objects specifically to Topic No. 10 because, by seeking information related to the "[t]he manufacture of each Configurable High Availability Product," the topic is overly

broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

23. SCO further objects specifically to Topic No. 10 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

24. SCO further objects specifically to Topic No.10 as vague and ambiguous because it does not describe what information concerning the "[t]he manufacture of each Configurable High Availability Product" it seeks.

## TOPIC NO. 11

25. SCO objects specifically to Topic No. 11 because, by seeking "[p]roposed or actual design alternatives to the use of configurable monitors and recovery schemes in each Configurable High Availability Product, including but not limited to my alleged designs SCO would use as noninfringing alternatives to the current version," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

26. SCO further objects specifically to Topic No. 11 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

10

## TOPIC NO. 12

27.     SCO objects specifically to Topic No. 12 because, by seeking "[t]he release history of each Configurable High Availability Product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

28.     SCO further objects specifically to Topic No. 12 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

## TOPIC NO. 13

29.     SCO objects specifically to Topic No. 13 because, by asking that "[t]o the extent any Configurable High Availability Product was acquired or otherwise not originally developed by SCO, the identity of the original developer and all persons who worked on, and the location of any documents regarding, the development of configurable monitors and recovery schemes in such product," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

30.     SCO further objects specifically to Topic No. 13 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

31.     SCO further objects specifically to Topic No. 13 on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering

11

the type of information that is being sought and that requests for production of documents or interrogatories are the appropriate tool for this type of "identification" information.

**TOPIC NO. 14**

32.     SCO objects specifically to Topic No. 14 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

33.     SCO further objects specifically to Topic No. 14 on the grounds that the discovery IBM seeks is available from third parties and should be obtained from them.

**TOPIC NO. 15**

34.     SCO objects specifically to Topic No. 15 because, by seeking "[t]he facts, circumstances and documents relating to the decision by SCO to continue to use configurable monitors and recovery schemes in each Configurable High Availability Product after August 6, 2003," the topic is overly broad and unduly burdensome to the extent it seeks information pertaining to products other than those IBM has accused of infringement.

35.     SCO further objects specifically to Topic No. 15 on the grounds that the discovery tool IBM has chosen is the most expensive and unduly burdensome tool available considering the type of information that is being sought and that requests for documents are the appropriate tool for this type of information.

36.     SCO objects specifically to Topic No. 16 because, by seeking "[t]he facts, circumstances and documents relating to SCO's licensing of the ReliantHA product from any entity including: Veritas, Pyramid Technology Corporation, Siemens Nixdorf Information

12

Systems AG, Siemens Pyramid and Fujitsu Siemens Computers, Inc.," the topic is overly broad and unduly burdensome for the reasons SCO enumerated in its specific objections to items 1-16 above.

37.    SCO further objects specifically to Topic No. 16 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

## TOPIC NO. 17

38.    SCO objects specifically to Topic No. 17 because, by seeking "[t]he identity of SCO's personnel most knowledgeable concerning the subject matter described in items 1-16 above," the topic is overly broad and unduly burdensome for the reasons SCO enumerated in its specific objections to items 1-16 above.

39.    SCO further objects specifically to Topic No. 17 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

## TOPIC NO. 18

40.    SCO objects specifically to Topic No. 18 because, by seeking "[d]ocuments concerning the subject matter set forth in paragraphs 1-16 above," the topic is overly broad and unduly burdensome for the reasons SCO enumerated in its specific objections to items 1-16 above.

41.     SCO further objects specifically to Topic No. 18 as premature because IBM has not yet provided specific constructions of its asserted claims, nor the support for such claim constructions, nor has IBM stated how SCO's accused products allegedly infringe the patents-in-suit.

DATED this 24th day of January, 2005.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark James

BOIES, SCHILLER & FLEXNER, LLP
Robert Silver (admitted pro hac vice)
Steven N. Zack (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)

ANDREWS KURTH LLP
Frederick S. Frei
John K. Harrop

By: _____

*Attorneys for The SCO Group, Inc.*

14

I hereby certify that the foregoing OBJECTIONS TO INTERNATIONAL BUSINESS

MACHINE CORPORATION'S RULE 30(b)(6) NOTICE OF DEPOSITION ("THE

CONFIGURABLE HIGH AVAILABILITY NOTICE") was served this 24th day of January,

2005:

By facsimile and Federal Express to:

     David Marriott, Esq.
     Cravath, Swaine & Moore LLP
     Worldwide Plaza
     825 Eighth Avenue
     New York, NY  10019
     Facsimile: (212) 474-3700

A copy was also sent by depositing a copy of same in the United States mail, first class, postage

prepaid, this 24th day of January, 2005 to the following:

     Todd M. Shaughnessy, Esq.
     Snell & Wilmer L.L.P.
     15 West South Temple, Ste. 1200
     Gateway Tower West
     Salt Lake City, Utah 84101-1004

     Donald J. Rosenberg, Esq.
     1133 Westchester Avenue
     White Plains, New York 10604