

FILED
CLERK, U.S. DISTRICT COURT
2005 FEB -2  P ___
___ DISTRICT OF UTAH
BY: ___
CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff | **OPPOSITION TO IBM'S<br>EX PARTE MOTION**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

394

On January 18, 2005, Magistrate Judge Wells entered an Order Regarding SCO's Renewed Motion to Compel Discovery. Pursuant to Federal Rule of Civil Procedure 72(a), IBM was obligated to file and serve any objections it had to that Order within ten days of its service (by February 2). Rather than submitting proper objections to the Court, and without ever consulting SCO, IBM submitted yesterday (February 1) an Ex Parte Motion asking the Court to suspend the Federal Rules in order (1) to permit IBM until February 11 to file with the Magistrate Judge a "Motion for Reconsideration/Clarification" of her Order and (2) to permit IBM to suspend its obligation to object to this Court "until 10 days after being served with a copy of the Magistrate Judge's order on that motion."

Nowhere do the Federal Rules provide any basis for the relief IBM seeks. IBM's Ex Parte Motion does not merely seek an extension of time to submit objections to this Court under Rule 72(a). Rather, IBM requests this Court's leave for additional time to file a motion for reconsideration/clarification in the Magistrate Court, which will necessitate further briefing and another Court Order, and then to follow that entire process by filing further objections to this Court.

There is no merit to IBM's request to suspend the Federal Rules in order to permit it to delay further its compliance with its basic discovery obligations and this Court's orders. Nor does IBM's Ex Parte Motion even attempt to provide any justification for its request. The discovery that is the subject of Magistrate Judge Wells's Order is basic, predicate discovery that SCO first requested from IBM over a year-and-a-half ago. Much of the discovery was ordered produced by Judge Wells on March 3, 2004, but IBM's non-compliance with that Order forced SCO to file its Renewed Motion to Compel last July. The Court received full briefing on the outstanding discovery issues before it (including over a dozen briefs) and heard extensive

2

argument from counsel on October 19, 2004.  Magistrate Judge Wells's eighteen-page written discovery Order fully delineates the Court's rationale for, and IBM's responsibilities under, that Order.

Judge Wells's Order requires IBM to comply by March 18.  By attempting to add additional (and unprovided for) layers of review to this process, IBM seeks to delay further its compliance with the Court's orders and its discovery obligations.  IBM's Ex Parte Motion should be denied.

DATED this 2nd day of February, 2005.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stephen N. Zack
Stuart Singer
Edward Normand
Sean Eskovitz

By _____

*Counsel for The SCO Group, Inc.*

3

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing Opposition to IBM's Ex

Parte Motion was served on Defendant International Business Machines Corporation on the 2d

day of February, 2005

by HAND-DELIVERY to:

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004

A courtesy copy was placed in U.S. MAIL to:

David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604