FILED
CLERK, U.S. DISTRICT COURT

2005 FEB -9  A 9: 04

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., | |
| Plaintiff/Counterclaim-Defendant, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | **Case No. 2:03CV294 DAK** |
| Defendant/Counterclaim-Plaintiff. | |

This matter is before the court on (1) Plaintiff/Counterclaim-Defendant The SCO Group's ("SCO") Corrected Motion to Dismiss or to Stay Count Ten of Counterclaim-Plaintiff IBM's Second Amended Counterclaims Against SCO; (2) Defendant/Counterclaim-Plaintiff International Business Machines Corporation's ("IBM") Cross-Motion for Partial Summary Judgment on Its Claim for Declaratory Judgment of Non-Infringement (hereinafter IBM's "Motion for Partial Summary Judgment on Its Tenth Counterclaim"); (3) SCO's Rule 56(f) Motion; and (4) IBM's Motion to Strike Materials Submitted by SCO in Opposition to IBM's Cross-Motion for Partial Summary Judgment.

A hearing on the motions was held on September 15, 2004.[1]  At the hearing, SCO was

_____

[1] Subsequently, on October 19, 2004, the Magistrate Judge heard oral argument on SCO's Renewed Motion to Compel.  SCO's motion requested production of information that SCO contends is necessary to respond to IBM's Motion for Partial Summary Judgment on Its

398

represented by Brent O. Hatch, Mark F. James, Robert Silver, and Frederick Frei.  IBM was

represented by Evan R. Chesler, David R. Marriott, Todd Shaughnessy, and Chris Kao.  Before

the hearing, the court considered carefully the memoranda and other materials submitted by the

parties.  Since taking the motions under advisement, the court has further considered the law and

facts relating to these motions.   Now being fully advised, the court renders the following

Memorandum Decision and Order.

I.      **SCO'S MOTION TO DISMISS OR TO STAY COUNT TEN OF**
        **COUNTERCLAIM-PLAINTIFF IBM'S SECOND AMENDED**
        **COUNTERCLAIMS AGAINST SCO**

        SCO has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

("FRCP") for dismissal of, or, in the alternative, to stay, Count Ten of IBM's Second Amended

Counterclaims against SCO.  IBM, in its Tenth Counterclaim, seeks declaratory judgment "that

IBM does not infringe, induce infringement of, or contribute to the infringement of any SCO

copyright through its Linux activities, including its use, reproduction and improvement of Linux,

and that some or all of SCO's purported copyrights in UNIX are invalid and unenforceable."

IBM's Second Am. Countercls. ¶ 173.

---

Tenth Counterclaim.  The hearing on the motion to compel had initially been scheduled for
argument on September 14, 2004, the day prior to this court's hearing on the above-listed
dispositive motions.  On September 3, 2004, the court granted SCO's Ex Parte Motion for Leave
to File a Supplemental Memoranda Regarding Discovery.  On September 10, 2004, IBM filed a
motion to continue the September 14, 2004 hearing so that it could respond to SCO's
supplemental memorandum.  On the same day, the Magistrate Judge vacated the September 14,
2004 hearing date to allow both parties time to adequately brief the issues before the court, and
she reset the hearing for October 19, 2004.  On January 18, 2005, the Magistrate Judge issued
her opinion on SCO's Renewed Motion to Compel Discovery, granting in part and denying in
part SCO's motion.

SCO's reason for seeking dismissal or a stay of the Tenth Counterclaim transformed during the course of briefing its motion. SCO initially argued that "[t]his precise issue will be litigated in a case filed by SCO against AutoZone in federal district court in Nevada." SCO's Mem. in Supp. of Mot. to Dismiss or to Stay at 2.  In the *AutoZone* lawsuit, SCO has alleged that AutoZone "has infringed and will continue to infringe SCO's copyrights in and relating to Copyrighted Materials by using, copying, modifying, and/or distributing parts of the Copyrighted Materials, or derivative works based on the Copyrighted Materials in connection with its implementations of one or more versions of the Linux operating system, inconsistent with SCO's exclusive rights under the Copyright Act." *SCO v. AutoZone*, Case No. CV-S-04-0237-RCJ (LRL) (D. Nev) Compl. ¶ 21.

In comparison, SCO argues that the only copyright claim SCO has asserted against IBM is "primarily" for IBM's continuing use of AIX or Dynix after SCO terminated IBM's UNIX licenses.  SCO contends that it has not alleged a claim against IBM for copyright infringement arising out of IBM's use, reproduction, or improvement of Linux. *See* SCO's Mem. in Supp. at 3, 4; *see also* Decl. of John Harrop in Supp. of SCO's Opp'n to IBM's Mot. for Partial Summ. J. at 4. Thus, SCO claims that IBM's Tenth Counterclaim is redundant and unnecessary because the copyright issues are the crux of the *Autozone* litigation.  Therefore, SCO contends, "the need for IBM's Tenth Counterclaim seeking such declaratory judgment is nil." SCO's Mem. in Supp. at 3.

However, SCO subsequently abandoned the argument that this court should dismiss or stay the Tenth Counterclaim to allow the *Autozone* court to decide the issue, presumably because

3

the United States District Court for the District of Nevada, the court in which the *AutoZone* suit

is pending, stayed that action pending resolution of the instant action.  As a result, SCO now

argues that the court should exercise its discretion to decline to exercise jurisdiction over what it

characterizes as a permissive counterclaim.  SCO claims that the Tenth Counterclaim will unduly

complicate this action because it encompasses new and burdensome issues that do not remotely

arise out of the transactions that underlie SCO's claims in this action.

IBM disagrees, claiming that its Tenth Counterclaim is a compulsory counterclaim that

IBM must bring in this action or be barred by the doctrine of *res judicata* from litigating this

claim in a separate action.   Furthermore, IBM argues that, even if this court disagrees that the

counterclaim is compulsory, the court should permit IBM to litigate this claim because (1) it is

essentially the mirror-image of SCO's claims against IBM, and (2) SCO has publicly accused

IBM and others of infringing SCO's copyrights through their use of and contributions to Linux,

which, IBM contends, is "part and parcel of SCO's campaign to foster and maintain fear,

uncertainty and doubt in the marketplace about Linux in general and IBM's products and

services in particular."  IBM's Mem. in Opp'n at 2.

Despite the parties' disagreement concerning whether IBM's Tenth Counterclaim is

permissive or compulsory, this court need not decide the issue because the court will retain

jurisdiction over the Tenth Counterclaim in any event.  Whether the claim is compulsory or not,

there is no question that it overlaps to some extent with the claims brought by SCO.

Notwithstanding SCO's puzzling denial in its briefing that it has not alleged a claim

against IBM for copyright infringement arising out of its use, reproduction, or improvement of

Linux, it clearly has alleged such a claim.  For example, in its Second Amended Complaint, SCO

alleges that IBM has infringed SCO's copyrights by "incorporating (and inducing, encouraging, and enabling others to incorporate) SCO's proprietary software into Linux open source software offerings." Second Am. Compl. at ¶ 6 (c).  In addition, SCO alleges that "a significant amount of UNIX protected code and materials are currently found in Linux 2.4, 2.5x and Linux 2.6 releases in violation of SCO's . . . copyrights." *Id.* ¶ 79.  It also alleges that IBM is "improperly extracting and using the confidential and proprietary information it acquired from UNIX and dumping that information into the open source community." *Id.* ¶ 110.  Finally, it has alleged that IBM has "infringed, [has] induced the infringement of, and [has] contributed to the infringement of, copyright registrations of SCO and its predecessors." *Id.* ¶ 179.  Thus, while IBM's Tenth Counterclaim appears to be broader in scope than SCO's claims, there is clearly significant overlap between the claims.

Moreover, from a judicial economy and fundamental fairness perspective, it makes sense to litigate the Tenth Counterclaim in the instant action for a variety of reasons, including that: (1) to dismiss or stay this claim would unnecessarily delay resolution of this important issue; (2) taken to their logical conclusion, SCO's arguments about the expansiveness and complexity of this claim, would, for all intents and purposes, unfairly preclude any entity from ever challenging SCO's public accusations about Linux containing SCO's allegedly copyrighted UNIX code; (3) the *Red Hat* and *AutoZone* cases have been stayed pending resolution of the instant action, which is much further along in the litigation process than either of the other two actions; (4) SCO's barrage of public statements about pursuing alleged infringers of its alleged intellectual property

rights justifies IBM's attempt to resolve this claim as quickly as possible;[2] and (5) there is little

merit to SCO's claim that IBM's Tenth Counterclaim will add undue complexity to this

litigation, given SCO's public statements on the issue and the fact that it brought a lawsuit

against AutoZone based–in SCO's words–on this "precise issue." *See* SCO's Mem. in Supp. at

2. The court assumes that SCO was prepared to prosecute its claim in the *AutoZone* case or it

would not have filed suit.   Indeed, in light of SCO's lawsuit against AutoZone and SCO's

public statements during the last two years, which have essentially invited this claim, it is

incomprehensible that SCO seeks to postpone resolution of this claim.   Accordingly, SCO's

Motion to Dismiss or to Stay Count Ten of Counterclaim-Plaintiff IBM's Second Amended

Counterclaims Against SCO is denied.

## II.   IBM'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS TENTH COUNTERCLAIM AND SCO'S 56(F) MOTION

As stated above, IBM's Tenth Counterclaim, alleges that "IBM does not infringe, induce

infringement of, or contribute to the infringement of any SCO copyright through its Linux

---

[2]   IBM, in its briefs supporting its Motion for Partial Summary Judgment on Its Tenth
Counterclaim, has detailed some of SCO's many public assertions of copyright infringement.
For example, in May 2003, SCO sent letters to Fortune 1000 companies (including IBM)
asserting that "Linux infringes on our UNIX intellectual property and other rights." IBM's Mem.
in Supp. of Mot. for Partial Summ. J., Ex. 10 at 2. Also in May 2003, SCO issued a press release
charging that "Linux is an unauthorized derivative of UNIX and that legal liability for the use of
Linux may extend to commercial users."   According to SCO, the press release was "based on
[SCO's] findings of illegal inclusions of SCO UNIX intellectual property in Linux." *Id.* Ex. 12
at 1.   In August 2003, SCO issued a press release concerning the *Red Hat* case, reaffirming its
claims that "Linux includes source code that is a verbatim copy of UNIX and carries with it no
warranty or indemnification." *Id.* Reply Ex. 14 at 1.   In December 2003, SCO sent letters to
every member of Congress claiming that "Linux software contains significant UNIX software
code that has been inappropriately, and without authorization, placed in Linux," and enclosing
its "Open Letter" to the community asserting the "widespread presence of our copyrighted UNIX
code in Linux." *Id.* Reply Ex.16 at 2.

activities, including its use, reproduction and improvement of Linux, and that some or all of SCO's purported copyrights in UNIX are invalid and unenforceable." ¶ 173.   IBM now seeks summary judgment on its Tenth Counterclaim.[3]

## A. IBM'S MOTION PURSUANT TO FRCP 56

### 1. Standard of Review

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c);  *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In reviewing the factual record, we construe all facts and make reasonable inferences in the light most favorable to the non-moving party.  *See Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir.1998).

### 2. IBM's Arguments

Although the instant summary judgment motion was filed just shortly after IBM asserted the claim in its Second Amended Counterclaims and well before the close of discovery, IBM contends that no additional discovery is necessary on this counterclaim.  IBM's assertion is based on SCO's public statements that it has significant evidence of copyright infringement. IBM recounts, among other examples, the following statements made by SCO regarding its

---

[3]   To prove copyright infringement, SCO must establish (1) that SCO owns valid copyrights in the UNIX software, and (2) that IBM has copied protectable elements of the allegedly copyrighted UNIX software. *See Mitel, Inc. v. Iqtel, Inc.*, 124 F.3d 1366, 1370 (10th Cir. 1997); *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996). "'Copying' is regularly used as a shorthand to refer to the infringement of a copyright holder's exclusive rights under a copyright." *Id.* n.2

copyright claims:

In April 2003, SCO's Senior Vice President Chris Sontag stated that, "We are using objective third parties to do comparisons of our UNIX System V source code and Red Hat [Linux] as an example. We are coming across many instances where our proprietary software has simply been copied and pasted or changed in order to hide the origin of our System V code in Red Hat. This is the kind of thing that we will need to address with many Linux distribution companies at some point." IBM's Reply Ex. 18 at 2.

Also in May 2003, SCO's spokesman Blake Stowell stated that, "We had hired some outside consultants to compare code from the Linux kernel to our Unix System 5 source code, which is the base Unix source code that is used for a lot of different products. In doing the comparison, there were instances where they found line-by-line copies–direct copy and pasting of code–and other instances where the code had been obfuscated. [It was] changed to look like it was different, but in reality it was the same code." *Id.* Ex. 19 at 1-2.

In June 2003, a SCO spokesman stated that SCO had hired three teams of experts, including a group from the MIT math department, to analyze Linux and UNIX code for similarities. "All three found several instances where our Unix source code had been found in Linux." *Id.* Ex. 5 at 2.

In August 2003, SCO's CEO Darl McBride stated that pattern-recognition experts hired by SCO "have already found a mountain of code." "The DNA of Linux is coming from Unix." *Id.* Ex. 20. That same month, Chris Sontag stated that, "In fact, SCO knows exactly which version of Unix System V the code came from and which licensee was responsible for illegally contributing it to Linux." *Id.* Ex. 22.

8

In November 2003, Robert Bench, SCO's Chief Financial Officer, stated that, "Along the way, over the last several months, once we had the copyright issue resolved where fully we had clarity around the copyright ownership on UNIX and System V source code, we have gone in and done a deep dive into Linux. We have compared the source code of Linux with UNIX every which way but Tuesday. We've come out with a number of violations that relate to those copyrights." *Id.* Ex. 6 at 4.

Chris Sontag stated in November 2003 that, "There are other literal copyright infringements that we have not publicly provided, we'll save those for court." *Id.* Ex. 21 at 6. He further stated that "there are over one million lines of code that we have identified that are derivative works by IBM and Sequent that have been contributed into Linux that we have identified . . . ." *Id.* Similarly, in June 2004, SCO represented to the Red Hat court that, "SCO has discovered significant instances of line-for-line and 'substantially similar' copying of code from Unix System V into Linux." *Id.* Ex. 10 at 2.

Moreover, IBM claims that SCO has had at its ready access since the beginning of this case all the information necessary to determine whether and how Linux infringes its purported copyrights–the UNIX source code to which SCO purports to hold copyrights and the source code for Linux, which is available to anybody on the Internet.

IBM contends, however, that despite SCO's public statements and notwithstanding the fact that SCO has access to all the information relevant to this claim, SCO has "fail[ed] altogether to show how IBM's Linux activities infringe SCO's alleged copyrights concerning the UNIX software." IBM's Mem. in Supp. of Mot. for Partial Summ. J. at 6. Thus, IBM maintains that it is entitled to summary judgment on this claim.

### 3. SCO's Arguments

Despite SCO's 91-page opposition memorandum and 70-plus pages of affidavit testimony, SCO essentially argues that IBM's motion is premature because the discovery period is not over, and SCO has been unable to obtain from IBM the necessary discovery. SCO has filed several affidavits which purport to explain why SCO needs more discovery, the efforts it has made to obtain the discovery it needs, and what SCO believes it can obtain from further discovery.

### 4. Discussion

Viewed against the backdrop of SCO's plethora of public statements concerning IBM's and others' infringement of SCO's purported copyrights to the UNIX software, it is astonishing that SCO has not offered any competent evidence to create a disputed fact regarding whether IBM has infringed SCO's alleged copyrights through IBM's Linux activities.[4] Further, SCO, in its briefing, chose to cavalierly ignore IBM's claims that SCO could not create a disputed fact regarding whether it even owned the relevant copyrights.

Nevertheless, despite the vast disparity between SCO's public accusations and its actual evidence–or complete lack thereof–and the resulting temptation to grant IBM's motion, the court has determined that it would be premature to grant summary judgment on IBM's Tenth

---

[4] SCO asserts that Mr. Sandeep Gupta, in his declaration, describes "several routines and several groupings of code for which SCO has copyright protection that were copied into the Linux operating system." Gupta Dec. ¶ 3. SCO claims in its opposition brief that the alleged facts set forth in Mr. Gupta's declaration "show copying of material from UNIX into Linux" and "are themselves sufficient to create genuine issues of material fact." SCO's Mem. in Opp'n at 85. However, as an example of one of many internal inconsistencies in SCO's briefing, SCO then concedes that Mr. Gupta's declaration "does not discuss whether any of the Linux code he observed infringes any of SCO's copyrights." SCO's Mem. in Opp'n to IBM's Mot. to Strike at 7. Rather, SCO claims, Mr. Gupta's declaration was offered not to show IBM's copyright infringement of SCO's protected UNIX code," but rather for the narrow purpose of supporting SCO's request for 56(f) relief. *Id.* at 1.

Counterclaim.  This determination is based on several factors.

First, the court is not persuaded that the only materials necessary to conduct a substantial similarity analysis are the Linux kernel and the UNIX code.[5]  Similarly, the court is not persuaded that discovery concerning IBM's AIX and Dynix programs is irrelevant to the question of whether code in Linux is substantially similar to code in the UNIX software.  Thus, the court agrees with SCO that granting summary judgment would be premature given that SCO–at the time the instant motion was briefed–had not obtained from IBM the AIX and Dynix code that SCO has been requesting.[6]

Second, the court is mindful that, "unless dilatory or lacking in merit, [a Rule 56(f)]

---

[5]  To make this perhaps overly simplistic argument, IBM appears to assume, for purposes of this motion, that it will prevail on SCO's breach of contract claims.  IBM ignores the possibility that copyright infringement could result from improper use of derivative works, *see e.g.*, *Liu v. Price Waterhouse LLP*, 182 F. Supp. 2d 666 (N.D. Ill. 2001), and that its Tenth Counterclaim depends, at least in part, on the resolution of SCO's contract claims.  It appears to the court that this motion must be decided either contemporaneously with or subsequent to resolution of SCO's breach of contract claims.

[6]  In essence, the court agrees with the conclusions reached by the Magistrate Judge in her Order Pertaining to SCO's Renewed Motion to Compel, dated January 18, 2005.  The court has reviewed all of the briefing filed in connection with the hearing held before the Magistrate Judge on October 19, 2004, and has reviewed the transcript of that hearing.  In making this determination, however, the court does not intend to foreclose entirely IBM's ability to object to the Order.

In connection with this procedural quagmire, the court notes that IBM has decided to file a motion for reconsideration of the Magistrate Judge's Order instead of filing an objection with this court.  *See* IBM's Ex Parte Motion for Extension of Time to Submit Objections to Discovery Order.  IBM has requested permission to object, within ten days, to any Order issued by the Magistrate Judge on IBM's Motion for Reconsideration.  On February 1, 2005, the court issued an order agreeing to this process.  *See* Order Granting IBM's Ex Parte Motion for Extension of Time to Submit Objections to Discovery Order.  Thus, the parties now know that the court is in general agreement with the Magistrate Judge regarding her Order of January 18, 2005, but the parties are not precluded from filing objections to any Order issued by the Magistrate Judge on IBM's yet-to-be-filed Motion for Reconsideration to preserve the issues for appeal to seek review of specific aspects of the Order.

motion should be liberally treated." *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (internal quotations omitted). "Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented." *Id.* The Tenth Circuit has explained that "[t]his includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Id.* Further, "[i]n this circuit, the nonmovant also must explain how additional time will enable him to rebut [the] movant's allegations of no genuine issue of fact." *Id.* (internal quotations omitted). The court finds that the affidavits submitted by SCO were timely filed and fulfill the requirements set forth by the Tenth Circuit.

Third, at the time that the instant action was argued to the court, SCO had filed a Renewed Motion to Compel discovery, which sought, among other things, all versions of AIX and Dynix, including the names of the individuals who contributed to AIX and Dynix. SCO claimed, in its motion to compel, that this information was necessary to defend against IBM's Tenth Counterclaim and to prove its breach of contract claims. As set forth above, *see foonote* 1, SCO's Renewed Motion to Compel was initially scheduled to be argued the day prior to the hearing on the instant motion. However, in an effort to ensure that the parties had a fair opportunity to address the issues and each others' positions, the hearing was vacated and heard on October 19, 2004.

Thus, at the time of the briefing and oral argument on the instant motion, the court did not have the benefit of the Magistrate Judge's ruling on SCO's discovery motion. Even without considering the Magistrate Judge's decision on SCO's motion to compel, however, it would be improvident of the court to grant summary judgment on IBM's Tenth Counterclaim at this time. Simply put, regardless of the merits, the granting of summary judgment would be very unlikely

12

to survive an appeal when a Rule 56(f) motion has been filed and a motion to compel production of arguably relevant information remains pending.

Fourth, the Magistrate Judge's recent decision on SCO's motion to compel further confirms that the grant of summary judgment to IBM would be entirely premature. *See* January 18, 2005 Order Pertaining to SCO's Renewed Motion to Compel at 9-10 (ordering IBM to provide in readily accessible format all versions and changes to AIX and Dynix).

Accordingly, for all the foregoing reasons, the court cannot grant summary judgment to IBM given the posture of this case at the present time. However, IBM is free to renew or refile its motion on its Tenth Counterclaim after the close of discovery.

## B. IBM's Motion Pursuant to FRCP 37(b)(2)

Rule 37(b)(2) generally provides that, if a party fails to obey an order to provide or permit discovery, the court "may make such orders in regard to the failure as are just." *See* Fed. R. Civ. P. 37(b)(2). IBM argues that, because of SCO's repeated failure to comply with the court's orders, the fact of IBM's non-infringement should simply be established against SCO, and SCO should not be allowed to adduce evidence on this issue under Rule 37(b)(2). SCO, on the other hand, claims that it has complied with its discovery obligations in good faith and that IBM's request for this extreme sanction lacks any legal basis.

It is well settled that dismissal of a claim or establishment of certain facts is an extreme sanction appropriate only in cases of willful misconduct. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992); *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1182 n.6 (10th Cir. 1999) (noting that deeming the establishment of certain facts under FRCP 37(b)(2)(A) can be tantamount to a default judgment). In this case, entering summary judgment on IBM's Tenth Counterclaim would be tantamount to a dismissal of at least part of SCO's action.

13

Before entering such an extreme sanction, the court must consider a number of factors, including (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that summary judgment would be a likely sanction of noncompliance; and (5) the efficacy of lesser sanctions. *See Ehrenhaus*, 965 F.2d at 921 (quotations and internal citations omitted).

Even assuming that SCO has violated a discovery order, which is far from evident, there is no evidence of willfulness or bad faith to justify the draconian sanction requested by IBM. There is no indication from the Magistrate Judge's Orders that she agrees with IBM's perception or that she has warned SCO that such a sanction could result from SCO's conduct in this litigation. The fact that the Magistrate Judge is in a much better position to evaluate such accusations and has not noted any such misconduct is fatal to IBM's request. Indeed, in her Order of January 18, 2005, the Magistrate Judge noted that "[t]here have been abundant accusations of stonewalling in this case by both parties. While the court assumes the good faith of all litigants before it, the court, nevertheless, urges both sides to renew their efforts in cooperating with each other." Order Pertaining to SCO's Renewed Motion to Compel at 11.

Accordingly, the court rejects IBM's request that the court grant summary judgment on its Tenth Counterclaim as a sanction against SCO.

## III.   IBM'S MOTION TO STRIKE THE MATERIALS SUBMITTED BY SCO IN OPPOSITION TO IBM'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

IBM contends that the materials submitted by SCO in opposition to IBM's motion are inadmissible for a variety of reasons, including that the declarations of Sandeep Gupta, Chris Sontag, and John Harrop are not made based on personal knowledge and constitute improper

14

opinion testimony.  IBM also argues that many of the exhibits relied on by SCO constitute inadmissible hearsay.

SCO, on the other hand, argues that the declarations were submitted for the sole purpose of providing the court with Rule 56(f) facts that attempt to demonstrate that SCO, despite its best efforts, has not yet obtained the discovery it needs to respond to IBM's Cross-Motion on the merits, and, that given adequate opportunity for discovery, SCO would likely find evidence that raises genuine issues of material fact that would preclude the granting of summary judgment.

Because the declarations do not pertain to the merits of IBM's motion, the court declines to strike them.  In addition, the court has not relied on the allegedly inadmissible exhibits in reaching its decision.  Although the affidavits might be inadmissible for purposes of creating a genuine issue of material fact, they are not inadmissible for purposes of FRCP 56(f).  Moreover, the court would have denied summary judgment even without relying on the Gupta, Sontag, and Harrop declarations.

Thus, IBM's Motion to Strike the Materials Submitted by SCO in Opposition to IBM's Motion for Partial Summary Judgment is denied.

## IV.  IBM'S REMAINING MOTIONS

IBM has filed two other motions for partial summary judgment.  The motions are not fully briefed and consequently have not yet been argued.  Specifically, IBM has filed a Motion for Partial Summary Judgment on SCO's Breach of Contract Claims, and IBM has filed a Motion for Partial Summary Judgment on Its Claim of Copyright Infringement (Eighth Counterclaim).  IBM's reply briefs on the two motions are due on February 25, 2005.

Regarding IBM's motion concerning SCO's breach of contract claims, SCO has filed a Rule 56(f) motion, and the Magistrate Judge's Order of January 18, 2005 compels the disclosure

15

of a significant amount of information that bears on this motion. Thus, the court declines to entertain this motion until after the close of discovery. Furthermore, it also appears that IBM's Eighth Counterclaim would be more efficiently resolved after the close of discovery and the resolution of other motions.

Having reviewed not only the instant motions, but also the parties' recent briefs on discovery issues, the Magistrate Judge's Order of January 18, 2005, and the briefing filed to date on IBM's pending motions, it has become clear to the court that many of the claims and counterclaims are dependent on the resolution of other claims and that judicial economy is not served in this action by entertaining dispositive motions prior to the close of discovery. At this point, it is apparent that complete discovery is necessary prior to the just resolution of any claim.[7] Thus, the court denies IBM's Motion for Partial Summary Judgment on SCO's Breach of Contract Claims and on IBM's Motion for Partial Summary Judgment on Its Claim for Copyright Infringement (Eighth Counterclaim) without prejudice to renew or refile the motions after the close of discovery. After discovery is complete, IBM may file a motion to renew the motions, in which case its already-filed motions and supporting memoranda will be reactivated, and SCO may then file new opposition memoranda–or IBM may start again by filing new motions and supporting memoranda.

On a related matter, having become more familiar with the nature of the motions and the discovery sought in this case, and although it is contrary to the court's general practice, the court hereby orders that no dispositive motions may be filed until after the close of discovery. Thus,

---

[7] However, the court will entertain a dispositive motion prior to the close of discovery if the parties stipulate that the claim or issue is ripe for decision. Otherwise, no other dispositive motions may be filed until after the close of discovery.

the court's Order of September 30, 2004, to the extent that it grants permission to file dispositive motions prior to the close of discovery, is vacated.

### CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

(1)    Plaintiff/Counterclaim-Defendant SCO's Motion to Dismiss or to Stay Count Ten of Counterclaim-Plaintiff IBM's Second Amended Counterclaims Against SCO [docket # 144-1, 144-2] is DENIED;[8]

(2)    Defendant/Counterclaim-Plaintiff IBM's Cross-Motion for Partial Summary Judgment on Its Claim for Declaratory Judgment of Non-Infringement [Docket # 152-1] is DENIED without prejudice to renew or refile after discovery is completed;

(3)    SCO's Rule 56(f) Motion [Docket # 195-1] is MOOT based on the court's denial of IBM's Motion for Partial Summary Judgment;

(4)    IBM's Motion to Strike Materials Submitted By SCO in Opposition to IBM's Cross-Motion for Partial Summary Judgment [Docket # 246] is DENIED;

(5)    IBM's Motion for Partial Summary Judgment on SCO's Breach of Contract Claims [Docket # 225] is DENIED without prejudice to renew or refile after discovery is complete;

(6)    IBM's Motion for Partial Summary Judgment on its Eighth Counterclaim for Copyright Infringement [Docket #233] is DENIED without prejudice to renew or refile after discovery is complete.

(7)    The Court's Order Dated September 30, 2004 [Docket # 313] is VACATED to the extent

---

[8] For clarity of the record, SCO's original motion to dismiss [docket # 142 -1; 142-2] is moot due to SCO's filing of its corrected motion to dismiss [docket # 144].

that it grants permission to file dispositive motions prior to the close of discovery.  The court will not entertain any dispositive motions until after discovery is complete, unless both parties stipulate that resolution of the motion is possible prior to the close of discovery.

DATED this 8th day of February, 2005.

<div style="margin-left: 40%;">

BY THE COURT:

DALE A. KIMBALL
United States District Judge

</div>

blk

United States District Court
for the
District of Utah
February 9, 2005

* * CERTIFICATE OF SERVICE OF CLERK * *

Re:   2:03-cv-00294

True and correct copies of the attached were either mailed, faxed or e-mailed
by the clerk to the following:

> Brent O. Hatch, Esq.
> HATCH JAMES & DODGE
> 10 W BROADWAY STE 400
> SALT LAKE CITY, UT  84101
> EMAIL

> Scott E. Gant, Esq.
> BOIES SCHILLER & FLEXNER
> 5301 WISCONSIN AVE NW
> WASHINGTON, DC  20015

> Frederick S. Frei, Esq.
> ANDREWS KURTH
> 1701 PENNSYLVANIA AVE NW STE 300
> WASHINGTON, DC  20006

> Evan R. Chesler, Esq.
> CRAVATH SWAINE & MOORE
> 825 EIGHTH AVE
> NEW YORK, NY  10019
> EMAIL

> Mr. Alan L Sullivan, Esq.
> SNELL & WILMER LLP
> 15 W SOUTH TEMPLE STE 1200
> GATEWAY TOWER W
> SALT LAKE CITY, UT  84101
> EMAIL

> Todd M. Shaughnessy, Esq.
> SNELL & WILMER LLP
> 15 W SOUTH TEMPLE STE 1200
> GATEWAY TOWER W
> SALT LAKE CITY, UT  84101
> EMAIL

> Mark J. Heise, Esq.
> BOIES SCHILLER & FLEXNER
> 100 SE 2ND ST STE 2800
> MIAMI, FL  33131

EMAIL

Mr. Kevin P McBride, Esq.
1299 OCEAN AVE STE 900
SANTA MONICA, CA   90401
EMAIL

Robert Silver, Esq.
BOIES SCHILLER & FLEXNER
333 MAIN ST
ARMONK, NY   10504

Stuart H. Singer, Esq.
BOIES SCHILLER & FLEXNER
401 E LAS OLAS BLVD STE 1200
FT LAUDERDALE, FL   33301
EMAIL

Mr. David W Scofield, Esq.
PETERS SCOFIELD PRICE
340 BROADWAY CENTRE
111 E BROADWAY
SALT LAKE CITY, UT   84111
EMAIL

Mr. Michael P O'Brien, Esq.
JONES WALDO HOLBROOK & MCDONOUGH
170 S MAIN ST STE 1500
PO BOX 45444
SALT LAKE CITY, UT   84145-0444