FILED
U.S. DISTRICT COURT
2005 MAR 15 A 9: 28
DISTRICT OF UTAH
BY: _____ DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC._<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **MEMORANDUM IN OPPOSITION TO IBM'S MOTION FOR 45-DAY EXTENSION OF TIME TO COMPLY WITH 1/18/05 ORDER**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |



The SCO Group, Inc. ("SCO") respectfully submits this Memorandum in Opposition to IBM's Motion for 45-Day Extension of Time to Comply with 1/18/05 Order.

## Argument

On January 18, 2005, the Magistrate Court ordered IBM to produce critical evidence that SCO had been seeking for more than a year. SCO respectfully submits that IBM has not met its burden of justifying its requested extension, and that if an extension is to be granted, that it not exceed two weeks.

In the January 18 Order, the Magistrate Court ordered IBM to produce, among other information, (1) the source code reflecting the full available revision history for the AIX and Dynix operating systems, and (2) IBM's responses to interrogatories regarding the 3,000 most significant contributions that IBM and Sequent programmers have made to those operating systems, and to Linux. Now, without any support for what amounts to a continuing assertion of undue burden, IBM seeks an indefinite extension of time to respond to the interrogatories, and six weeks to produce the source code. SCO opposes the motion for three principal reasons.

First, SCO has been seeking the foregoing, critical discovery for more than a year, and the time that has passed on the discovery clock continues to lengthen. SCO has repeatedly sought that discovery, and awaits its production now, in order to move this case toward trial as expeditiously as possible. In the context of discovery to date, and anticipating future disputes over the scope and nature of IBM's production of the discovery at issue in the January 18 Order, the lengthy extension that IBM seeks will prejudice SCO.

In addition, if IBM's repeated assertions that it has sought to avoid "delay" were ever plausible (IBM made those assertions even as it continued to withhold evidence that the Magistrate Court held to be plainly relevant), they no longer are. In fact IBM's most recent

2

request for a further and substantial delay in the production of the relevant evidence belies IBM's prior litigation theme that "delay" was an outcome that IBM sought to avoid.

Second, IBM, one of the world's largest computer companies with enormous resources, provides no support at all (such as an affidavit) for its claimed inability to timely produce discovery. IBM even fails to explain why the time the Magistrate Court provided was insufficient.

Third, IBM's failure to provide any support for its motion dovetails with the representations that IBM made to the Magistrate Court four weeks ago (on February 11) in moving for reconsideration on the issue of the interrogatory responses. IBM represented in that motion that it was "making every effort to meet the March 18 deadline for complying with the portions of the Order as to which IBM is not seeking reconsideration," and that IBM was "hopeful that IBM will be able to meet the deadline for the data in CMVC and RCS." IBM makes no effort to explain the alleged change in circumstances.

## CONCLUSION

SCO respectfully submits that IBM has not met its burden of justifying an extension; and if it has, the extension for both parts of IBM's production should be for no more than two weeks.

DATED this 15th day of March, 2005.

Respectfully submitted,

By: _____
HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Stuart Singer
Edward Normand
Sean Eskovitz
*Counsel for The SCO Group, Inc.*

3

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of Plaintiff's Memorandum in Opposition to IBM's Motion for 45-Day Extension of Time to Comply with 1/18/05 Order was served on Defendant International Business Machines Corporation on this 15th day of March, 2005, by U.S. Mail to:

>Alan L. Sullivan, Esq.
>Todd Shaughnessy, Esq.
>Snell & Wilmer L.L.P.
>15 West South Temple, Ste. 1200
>Salt Lake City, Utah 84101-1004
>
>Evan R. Chesler, Esq.
>Cravath, Swaine & Moore LLP
>Worldwide Plaza
>825 Eighth Avenue
>New York, NY 10019
>
>Donald J. Rosenberg, Esq.
>1133 Westchester Avenue
>White Plains, New York 10604

*[signature]*