SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

FILED
U.S. DISTRICT COURT

2005 APR -1  P 3: 52

DISTRICT OF UTAH

BY:_____
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR ORDER LIMITING SCOPE OF NINTH COUNTERCLAIM** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

428

IBM respectfully submits this reply memorandum in further support of its motion for entry of an order limiting the scope of its Ninth Counterclaim.

**Preliminary Statement**

IBM's motion asks only that its Ninth Counterclaim be litigated as intended: narrowly. Although SCO opposes the motion, it does not offer any reason why IBM should be required to litigate a claim it did not intend and has no reason to pursue. IBM's motion should therefore be granted.

The parties' dispute with respect to the scope of IBM's Ninth Counterclaim arose out of SCO's efforts to amend its complaint (for a third time) to add an entirely new claim for copyright infringement. The proposed claim is untimely, because, among other things, it comes after the deadline for amending the pleadings.[1] In an effort to avoid the time bar (and the forum selection bar), SCO seeks to depict the Ninth Counterclaim as encompassing the conduct challenged by SCO's proposed new copyright claim. Based on that depiction, SCO contends that its proposed new claim is really already in the case and should therefore not be barred.[2]

_____

[1] Untimeliness is not the only reason SCO should not be allowed again to amend its complaint. As is explained in IBM's memoranda in opposition to SCO's motion to amend, SCO's proposed claim is subject to a forum-selection clause that requires its assertion, if at all, in a New York Court.

[2] In footnote 3 of its opposition papers, SCO effectively concedes that the only reason it opposes this motion is as a means of gaining leave to file its proposed new claim for copyright infringement. SCO states that it would not oppose a motion by IBM to "amend" the Ninth Counterclaim so long as SCO is free to amend its complaint. In fact, that is exactly why SCO fomented this dispute. But this motion is not about "amending" the pleadings. As the master of its counterclaim, IBM is free to prosecute its claim as it wishes, including by not prosecuting the claim at all. The purpose of this motion is to underscore IBM's intent as to the Ninth Counterclaim and to put an end to SCO's tactical efforts to misconstrue it.

As stated in IBM's opening brief, however, IBM did not intend its Ninth Counterclaim to encompass the conduct challenged by SCO's proposed claim. We do not believe the counterclaim can be read, in context, to subsume SCO's proposed new claim. And it would make no sense to require IBM to prosecute a claim it did not intend to bring, does not believe it brought and has no reason to pursue.

Rather than explain why IBM should be required to prosecute an unintended counterclaim, SCO's opposition papers resort to irrelevant rhetorical bluster.[3] SCO states, for example, that this motion is "improper[ly] motivat[ed]" to "enlist this Court's assistance" in "damage control" and "avoid[ing]" the consequences of "improper conduct". Stripped of its bluster, SCO's opposition brief consists of only three arguments against IBM's motion. By those arguments, SCO purports to appeal to the plain language of the Ninth Counterclaim, the allegedly "parallel" form and function of IBM's Tenth Counterclaim and the supposed infirmity of IBM's "mirror-image argument". As is discussed below, all three of SCO's arguments lack merit. They not only ignore IBM's intent in asserting the Ninth Counterclaim and the context in which it was asserted, but also — paradoxically — they seek to expand IBM's case against SCO at a time when the litigation should be getting smaller (not bigger).

---

[3] Despite SCO's unsupported (and unsupportable) assertions to the contrary:  (1) IBM denies, and has repeatedly denied, SCO's allegations of infringement; (2) IBM did not "disguise" its allegedly infringing conduct with regard to AIX; (3) IBM has, from the beginning of the case, taken the same position with respect to both the Ninth Counterclaim and SCO's pending copyright claim; (4) IBM did not accede to SCO's construction of the Ninth Counterclaim by producing for deposition witnesses whom SCO requested and then elected to ask about its proposed copyright claim; rather, IBM complied with its discovery obligations; and (5) there is nothing improper about IBM's motion, which seeks merely to clarify the issues in dispute.

**Argument**

### I.  THE NINTH COUNTERCLAIM DOES NOT SWEEP BROADLY, AS SCO CONTENDS.

SCO first argues that IBM's pleading is framed in broad terms and is not expressly limited to the "post-termination" distribution of AIX and Dynix. (Opp'n at 4.) While the language of the Ninth Counterclaim speaks generally of IBM's non-Linux activities and is not expressly limited to IBM's "post-termination" distribution of AIX and Dynix, it seeks a declaration of non-infringement. A case or controversy exists with respect to such a declaratory claim only where the counterclaim-plaintiff has a reasonable apprehension of suit for copyright infringement. Cardtoons L.C. v. Major League Baseball, 95 F.3d 959, 965-966 (10th Cir. 1996) ("In an intellectual property case, an actual controversy exists when (1) the declaratory plaintiff has produced or is prepared to produce the product in question and (2) the declaratory defendant's conduct has created a reasonable apprehension on the part of the declaratory plaintiff that it will face suit if it commences or continues the activity at issue.")

As of the filing of the Ninth Counterclaim, SCO had sued IBM for copyright infringement with respect to its continued distribution of AIX and Dynix, but it had not sued IBM for copyright infringement with respect to other non-Linux activities, as evidenced (in part) by SCO's pending application to amend. SCO had not even threatened to sue IBM for copyright infringement with respect to non-Linux activities other than IBM's "post-termination" distribution of AIX and Dynix. At the time, SCO's claim was that IBM's alleged misuse of SCO's licensed code entitled SCO to terminate IBM's rights to continue to market AIX and Dynix. IBM's continued marketing of those products, according to SCO, constituted the basis for its copyright infringement claim. Thus, IBM did not have a reasonable apprehension of being sued by SCO, there was not a case or controversy, and IBM could not have properly sued

4

SCO for a declaration of non-infringement with respect to IBM's non-Linux activities, other than the "post-termination" distribution of AIX and Dynix. Contrary to SCO's suggestion, the Ninth Counterclaim cannot be construed without regard to this context, which necessarily limits the reach of the counterclaim.[4]

## II.   THE TENTH COUNTERCLAIM IS NOT DETERMINATIVE OF THE BREADTH OF THE NINTH COUNTERCLAIM.

SCO also contends that IBM's position with respect to the Ninth Counterclaim is undermined by its Tenth Counterclaim, which is not expressly limited to IBM's post-termination activities. (Opp'n 6-7.) According to SCO, because the Ninth Counterclaim is "parallel" in "language and function" to the Tenth Counterclaim, the Ninth Counterclaim must be construed as coterminous with the Tenth Counterclaim and cannot be limited to IBM's post-termination activities. (Id.) Here again, SCO misses the point.

---

[4] To support the baseless assertion that IBM's description of the Ninth Counterclaim "has continually evolved", SCO points out that IBM has stated that the counterclaim is only as "broad as the first five counts of SCO's own complaint". SCO further states "the first four of SCO's counts . . . explicitly concern IBM's pretermination contract breaches". (Opp'n at 5.) Thus, SCO concludes, IBM has stated that "the scope of its Ninth Counterclaim is not limited to its post-termination AIX and Dynix activities". (Id.) This argument cannot withstand scrutiny.

Insofar as it relates to IBM's non-Linux activities, SCO's copyright claim depends on its four claims for breach of contract. As noted in the text above, SCO contends that because IBM breached its contractual obligations to SCO, SCO terminated IBM's right to distribute AIX and Dynix such that IBM's distribution of AIX and Dynix after the alleged termination infringes SCO's alleged copyrights. The Ninth Counterclaim seeks a declaration that the post-termination distribution of AIX and Dynix does not infringe SCO's alleged copyrights and therefore depends on SCO's claims for breach of contract. As a result, the Ninth Counterclaim is in fact no broader than SCO's first five claims. Contrary to SCO's suggestion, IBM's prior description of the Ninth Counterclaim is no different from its current description of the counterclaim.

While the two counterclaims are framed in similar terms, that is neither surprising nor determinative of their breadth. It is not surprising because both claims seek a declaration of non-infringement of the same alleged SCO copyrights. It is not determinative of the breadth of the counterclaims because, as discussed above, determining the scope of a claim seeking a declaration of non-infringement requires reference to the reasonable apprehensions of the counterclaim-plaintiff. As of the filing of the Tenth Counterclaim, SCO had at least threatened to sue IBM for copyright infringement with respect to its Linux activities generally, thus giving rise to a reasonable apprehension of suit with respect to those activities. As of the filing of the Ninth Counterclaim, however, SCO had threatened to sue IBM (and had in fact sued IBM) for copyright infringement with respect to its non-Linux activities only insofar as they concern the "post-termination" distribution of AIX and Dynix. Thus, IBM had a reasonable apprehension of suit with respect to its non-Linux activities only insofar as they concern the "post-termination" distribution of AIX and Dynix. Accordingly, it makes perfect sense that the Ninth and Tenth Counterclaim should differ in scope.[5]

## III.   SCO'S MIRROR-IMAGE ASSERTIONS MISS THE MARK.

SCO offers three arguments to support the proposition that IBM could not have intended to assert the Ninth Counterclaim as the mirror image of the portion of SCO's copyright claim relating to IBM's non-Linux activities. All three lack merit.

---

[5] SCO seems to suggest that IBM should be required to prosecute the Ninth Counterclaim as SCO construes it because the Court allowed IBM's Tenth Counterclaim to remain in the case. The suggestion is unsound. Requiring IBM to prosecute a counterclaim beyond its intended scope is very different from allowing IBM to prosecute a separate counterclaim. That is especially so since the counterclaim the Court allowed IBM to prosecute was based not only on a cause of action that SCO had already asserted against IBM but also on SCO's public and pervasive accusations that IBM's Linux activities infringe SCO's alleged copyrights.

First, SCO argues that "IBM's Ninth Counterclaim is not limited or in any way tied to SCO's copyright claim; it neither references SCO's copyright claim nor qualifies its requested declaratory relief with any mention of SCO's claims". (Opp'n at 7.) As is discussed above, the scope of the counterclaim must be determined based not only on the language of the claim but also on the context in which the language is asserted.

Second, SCO argues that if the Ninth Counterclaim were the mirror image of a claim asserted by SCO it "would be subject to dismissal as redundant and unnecessary" and "IBM would not have crafted and filed such a claim". (Opp'n at 8.) SCO made essentially the same argument in seeking to dismiss IBM's Tenth Counterclaim, and the Court rejected it in denying SCO's motion. Even if the Ninth Counterclaim were subject to dismissal, however, the remedy would be to dismiss it, not require IBM to broaden it.

Third, SCO argues that "IBM's 'mirror image' argument is implausible" because IBM described SCO's copyright claim as "broad in scope" in opposing SCO's motion to dismiss IBM's Tenth Counterclaim. (Opp'n at 8.) It is true that IBM described SCO's copyright claim as broad in scope — but that related to SCO's attack on IBM's Linux activities (the subject of IBM's Tenth Counterclaim), not IBM's non-Linux activities. It is undisputed that with respect to IBM's non-Linux activities, SCO's copyright claim is narrow in scope and relates only to IBM's post-termination distribution of AIX and Dynix.

## Conclusion

For the foregoing reasons, IBM respectfully requests that its motion with respect to the Ninth Counterclaim be granted. IBM should not be required to litigate a claim it did not intend and has no reason to pursue.

7

DATED this 1st day of April, 2005.

SNELL & WILMER L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 1ˢᵗ day of April, 2005, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, on the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
>
> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131
>
> Robert Silver
> Edward Normand
> Sean Eskovitz
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, NY 10504

Amy F. Sorenson

343863.1

9