

FILED
U.S. DISTRICT COURT
2005 APR 13 A 11: 11
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S REPLY IN SUPPORT OF ITS EX PARTE MOTION TO ADJOURN THE APRIL 21, 2005 ARGUMENT ON SCO'S MOTON TO AMEND ITS COMPLAINT**<br><br>Case No. 2:03CV0294DAK<br><br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

433

Notwithstanding IBM's heated rhetoric, including its misguided allegation of a "tactical ploy," its opposition brief does not in any way detract from the reasons that SCO laid out in support of its straightforward request to adjourn the argument on SCO's pending motion to amend, which is currently scheduled for April 21.

SCO has requested the adjournment to permit consolidated hearing and review of additional proposed amendments. IBM opposes the adjournment on the grounds that it would permit SCO to add amendments as of right even though, IBM contends, the deadline for such amendments has passed and can be changed only under "extraordinary circumstances."

IBM's contention is inaccurate. SCO's adjournment request does not require this Court to decide whether to extend the deadline and permit amendments as of right. The Court will resolve that issue in establishing the new scheduling order that the Court's January 19, 2005 Order mandated. The Court had previously established a fact-discovery cut-off of February 11, 2005, and provided that the schedule reflecting this cut-off could only be changed extended based on "extraordinary circumstances." In its January 2005 Order, this Court nevertheless expressly determined to extend that fact-discovery cut-off given the volume of discovery IBM was required to produce to respond to SCO's discovery requests and to comply with this Court's March 3, 2004 Order compelling production.

Based on that holding, the January 2005 Order required the parties to submit proposed new comprehensive scheduling orders, and they have done so. SCO's proposal would extend the pleading deadline amendment in light of the extended discovery cut-off and the factors that required it. IBM's proposal would not extend the amendment deadline.

The present adjournment request does not affect resolution of this disagreement, because no matter how it is resolved an adjournment will make the litigation significantly more efficient. If the Court accepts SCO's position that the need for the new fact-discovery deadline warrants a change in the deadline for pleading amendments, then the requested adjournment will have made the litigation significantly more efficient by avoiding unnecessary expenditure of judicial resources. On the other hand, if the Court accepts IBM's position and does not create a new pleading amendment deadline, the requested adjournment still will have significantly increased efficiency by permitting the consolidated hearing and review of multiple motions that present common issues. These considerations are sufficient to show why IBM's opposition lacks merit.

IBM's present argument is also deficient, however, because it would effectively allow IBM to prejudice SCO by exploiting the continuing impact of IBM's prior violations of this Court's orders. By withholding extensive and essential discovery through conduct now adjudicated to have been a prolonged violation of this Court's directives, IBM has necessitated the new scheduling order. IBM has still not produced most of what this Court ordered IBM to produce over a year ago. Whereas the previous scheduling order provided that the pleading amendment deadline would be six months before the close of discovery, IBM's approach would exploit its discovery violations and prejudice SCO by seeking to cut-off amendments fifteen (15) months *before* IBM has even begun to comply with the Court's discovery orders, and twenty-one (21) months before even IBM's proposed fact-discovery cut-off.

Finally, to the extent the Court is concerned about the other argument scheduled for April 21 –SCO's Motion to Compel the Deposition of Samuel Palmisano –that argument could be

more efficiently combined with the arguments to be heard by the Court on April 26 regarding the third party motions to intervene, or at any other time convenient to the Court.

DATED this 13th day of April, 2005.

        Respectfully submitted,

        HATCH, JAMES & DODGE, P.C.
        Brent O. Hatch
        Mark F. James

        BOIES, SCHILLER & FLEXNER LLP
        Robert Silver
        Stuart H. Singer
        Stephen N. Zack
        Edward Normand
        Sean Eskovitz

By: _____

        *Counsel for The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing Reply Memorandum in Support of its Ex Parte Motion to Adjourn the April 21, 2005 Hearing on SCO's Pending Motion to Amend was served by hand-delivery on the 13th day of April, 2005 to the following:

> Todd Shaughnessy, Esq.
> Snell & Wilmer LLP
> 1200 Gateway Tower West
> 15 West South Temple
> Salt Lake City, Utah 84101-1004

and mailed by U.S. Mail, first class postage prepaid, to:

> David Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York  10019
>
> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York  10604

/s/ Laura Chaves