FILED
U.S. DISTRICT COURT

2005 APR 12 P 4: 08

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> -against- <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **MEMORANDUM IN OPPOSITION TO SCO'S EX PARTE MOTION TO ADJOURN THE APRIL 21, 2005 HEARING ON SCO'S PENDING MOTION TO AMEND** <br><br> **(ORAL ARGUMENT REQUESTED)** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

435

IBM respectfully submits this memorandum in opposition to SCO's Ex Parte Motion to Adjourn the April 21, 2005 Argument on SCO's Motion to Amend its Complaint.

## Argument

In asking for a "brief adjournment" of the hearing on SCO's motion for leave to amend,[1] SCO seeks to achieve indirectly what it cannot achieve directly. SCO asks the Court not to consider the merits of its motion for leave to amend so that it may instead enter a scheduling order proposed by SCO that would set a new deadline for amending the pleadings (more than a year after the original deadline has passed) and, in doing so, allow SCO to amend its complaint "as of right" up to that deadline. SCO's tactical ploy should be seen for what it is -- and rejected. The Court should hear argument on SCO's motion to amend on April 21, 2005 as scheduled.

Although the deadline for amending the pleadings passed more than a year ago, SCO has filed a motion to amend its complaint for a third time. SCO seeks to assert a brand-new claim for copyright infringement based on conduct that it has known about for years. The motion has been fully briefed since February 18, 2005, and the Court noticed the April 21 hearing date weeks ago. SCO has had ample time to prepare for the hearing. There is no good reason not to proceed with the argument on SCO's motion to amend as currently scheduled.

---

[1] Although SCO purports to seek only a "brief adjournment", there is nothing brief about what SCO seeks. Not only does SCO not ask for an adjournment of any specific duration, but also its application makes clear that the adjournment it seeks would likely be for at least three months. SCO requests until June 17, 2005 to amend its pleadings. A stated objective of SCO's instant motion is to permit the Court to consider all of SCO's proposed amendments at the same time. If the Court were to reopen the pleadings and allow SCO until June 17 to move to amend -- and we do not believe that it should -- the motion would likely not be fully briefed and ready for argument until the end of July.

2

345410.1

SCO purports to seek a "brief adjournment" of the April 21 hearing on SCO's motion for leave to amend, even though the parties will be in Court that day on at least one other motion. According to SCO, the Court should defer argument on SCO's motion on the grounds that: (1) SCO has proposed a new scheduling order that "sets June 17, 2005 as the deadline for amendments to the parties' pleadings" and, if accepted by the Court, SCO's proposed schedule would "resolve SCO's current motion and its future motion to amend" (SCO Mot. at 2); and (2) SCO "will be seeking leave to amend its complaint further in order to add claims in addition to the currently proposed copyright claim" and "it would make sense for all of the proposed amendments to be considered together, rather than in a piecemeal fashion" (id. at 1-2.) The arguments do not bear scrutiny.

First, although SCO has proposed a scheduling order that would set a new deadline for amending the pleadings, it is just a proposal and not one the Court should endorse. IBM has opposed the entry of SCO's proposed order, including in particular the proposed provision purporting to reopen the pleadings. (See Memorandum Attaching and in Support Of IBM's Proposed Scheduling Order at 7-8; Reply Memorandum In Further Support of IBM's Proposed Scheduling Order at 9.) In its order of June 10, 2004, the Court ruled that it would not permit future amendments of the scheduling order "absent extremely compelling circumstances".[2] (See 6/10/04 Order at 3.) As is set out in the memoranda submitted in support

---

[2] While the Court's January 18 Order struck the then-current scheduling order, it was plainly directed to future deadlines, not missed deadlines. In fact, the deadline for amending the pleadings was set out in an order dated September 29, 2003, not the scheduling order struck by the January 18 Order.

of IBM's proposed scheduling order and in opposition to SCO's motion to amend, SCO cannot establish "extremely compelling circumstances" for reopening the pleadings.[3]

Even if the Court were to find "extremely compelling circumstances" and set a new deadline for amending the pleadings, however, SCO could not properly amend its complaint "as of right". Contrary to SCO's contention, the entry of an order setting a new deadline for amending the pleadings does not authorize a party to amend its pleading "as of right" at any time during the period leading up to the deadline. Instead, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings "as of right" and, other than the limited and inapplicable circumstances in which amendments are allowed "as of right", requires a party to obtain leave of Court or written consent of the adverse party. This is confirmed in the Court's standard-form scheduling order, which states that "counsel must still comply with Rule 15(a)" in seeking to amend their pleadings.[4] Since IBM will not consent to SCO's amendment, SCO cannot amend its complaint except by motion and with leave of Court, no matter what the Court decides about the deadline for amending the pleadings.[5] See Fed. R. Civ. P. 15. Thus, even indulging SCO's assumption that a "brief" adjournment of the argument on SCO's motion to amend would somehow result in the Court adopting SCO's proposed schedule, the adoption of

---

[3] Putting aside the fact that the deadline to amend the pleadings passed more than a year ago without any effort by SCO to extend it, the new copyright claim that SCO seeks to assert is not only based on conduct that SCO has known about for years (and could have challenged years ago if it has any basis for a challenge), but also it is subject to a forum-selection clause that requires that the claim be litigated in a New York Court and it is barred by the statute of limitations.

[4] See http://www.utd.uscourts.gov/forms/Proposed_Scheduling_Order.pdf.

[5] In fact, SCO's previous two amendments to its complaint were made by motion pursuant to Rule 15(a), even though in the first instance (in June 2003) there was not yet a scheduling order setting forth a deadline for amending pleadings, and in the second instance (in February 2004) the deadline under the scheduling order for amending pleadings had not yet expired.

4

SCO's schedule would not "obviate the need for additional briefing and court arguments" on SCO's motion to amend.

Second, SCO's claim that it "will be seeking leave to amend its complaint further in order to add claims in addition to the currently proposed copyright claim" is equally unavailing. Again putting aside the fact that the deadline for amending pleadings passed more than a year ago, SCO could not amend it complaint to assert its proposed-but-unidentified claims without filing a motion to amend and making the requisite showing of "extremely compelling circumstances" (for the reasons stated above). Briefing on any such motion would obviously be separate from the long-completed briefing on SCO's pending motion to amend, which depends primarily on propositions likely irrelevant to the other claims SCO seeks to add, i.e., whether SCO's proposed copyright claim in governed by a forum-selection clause and barred by a contractual statute of limitations. As a result, the efficiencies SCO purports to seek by way of a "brief adjournment" are no more real than the prospect that the requested adjournment would "obviate the need for additional briefing and court arguments".

Simply stated, SCO's application for an adjournment seeks to avoid having the Court hear its pending motion for leave to amend on the merits but to achieve the objective of the motion by indirection. Contrary to the premise of SCO's application, however, SCO cannot amend its complaint even one more time (let alone as many times as it wants prior to June 17) absent a showing of "extremely compelling circumstances" and substantive review under Rule 15(a). There is no reason for SCO's motion not to be heard as scheduled. On the contrary, hearing the motion as scheduled will accelerate the resolution of this litigation.

## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court deny SCO's ex parte motion to adjourn the April 21 argument on SCO's pending motion to compel.

DATED this 12th day of April, 2005

SNELL & WILMER L.L.P.

/s/ Alan Sullivan

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2005, a true and correct copy of the foregoing was served on the following by hand delivery:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and on the following by U.S. Mail, postage prepaid:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131
>
> Robert Silver
> Edward Normand
> Sean Eskovitz
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, NY 10504



345410.1