```
                                              FILED
                                        U.S. DISTRICT COURT
        IN THE UNITED STATES DISTRICT COURT
                                        2005 APR 20  A 7 58
        CENTRAL DIVISION, DISTRICT OF UTAH
                                            DISTRICT OF UTAH
                                        BY:_____
                                              DEPUTY CLERK
```

| | |
|---|---|
| THE SCO GROUP INC. | Case No. 2:03cv00294 DAK |
| Plaintiff/Counterclaim Defendant, | ORDER CONCERNING IBM'S MOTION FOR RECONSIDERATION |
| vs. | JUDGE DALE A. KIMBALL |
| INTERNATIONAL BUSINESS MACHINES CORP. | |
| Defendant/Counterclaim Plaintiff. | MAGISTRATE JUDGE BROOKE C. WELLS |

This matter is before the court on Defendant/Counterclaim-Plaintiff, International Business Machines Corporation's (IBM), Motion for Reconsideration of the court's January 18, 2005, Order regarding Plaintiff/Counterclaim-Defendant, The SCO Group's (SCO) Renewed Motion to Compel. <u>See</u> Motion, docket no. 403. IBM's Motion for Reconsideration seeks only one change to the court's prior Order: "a modification of the requirement that IBM collect and produce documents from the files of 3,000 individuals." IBM's Rep. Mem. p. 2.

The court has carefully considered the memoranda, other materials submitted by the parties, relevant law, and the facts

436

that frame this dispute. After doing so, the court finds that oral argument would not be helpful to this particular issue. See DUCivR 7-1(f). Now being fully advised the court renders the following Order.

A court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). There are three grounds that justify reconsideration: first, an intervening change in controlling law; second, the discovery or availability of new evidence; or finally, the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D.Kan. 1996). A motion for reconsideration is not appropriate if the movant only seeks to revisit issues already addressed or attempts to raise arguments or facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Scherer v. Hill, Civ.A. No. 02-2043-KHV, 2003 WL 21011361 *1 (D.Kan. 2003) (stating that a motion for reconsideration "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.").

SCO argues that IBM "cannot establish any proper basis for reconsideration of the court's January 18 discovery order." SCO's Mem. in Opp. p. 2. IBM does fail to address any of the

2

three proper grounds for raising a motion for reconsideration in its initial moving papers. However, IBM does address the issue in its reply memorandum. IBM argues that its motion is brought on the grounds of "clear error and imposes manifest injustice." IBM's Repl Mem. p. 4. According to IBM they are not simply rehashing arguments. Instead, IBM believes the parties did not fully brief, nor did the court fully understand, "the burden associated with searching for and producing documents from the files from 3,000 individuals." Id. The court agrees with IBM that this burden was not made entirely clear by the parties in their memoranda before the court. Therefore, the court finds that IBM's motion is appropriate to prevent clear error or manifest injustice.

In its Memorandum in Support, IBM specifically asks the court to

> defer the production of additional information relating to the development of AIX and Dynix until after SCO has had an opportunity to review the extensive data that IBM will be providing. After reviewing the data, SCO should be able to identify with specificity a reasonable number of developers, if any, from whose files it would like additional production and IBM can then provide the information SCO wants without having to search for, collect and produce redundant and cumulative discovery or discovery in which SCO has no interest.

IBM's Mem. in Supp. p. 5.

The court finds IBM's argument somewhat persuasive in

3

appropriately balancing the burdens, costs and benefits associated with the production of this information. See Fed. R. Civ. P. 26(b)(2)(i) (stating that a court may limit discovery where "the discovery sought is . . . obtainable from some other source that is more convenient, less burdensome, or less expensive."). However, the court does not at this time strike its prior requirement that IBM produce the documents from the files "for the 3000 individuals who made the most contributions and changes to the development of AIX and Dynix." January 18, 2005 Order p. 16. Instead, the court finds it appropriate to defer the majority of the required production in light of the possible duplication of information contained in the other materials forthcoming from IBM.

Notwithstanding the court's deferral, the court hereby ORDERS IBM to produce the programmer's notes, design documents, white papers, comments and notes, contact information, specific changes made to code, and all relevant non-privileged documents from the files of the 100 individuals who made the most contributions and changes to the development of AIX and Dynix. This amounts to approximately 3% of the original requirement and is to be done although there may be some duplication. The court finds this appropriate because such information will provide a basis for SCO to compare what is in the files of individual developers, versus what is contained in the other materials

4

produced by IBM. Following this comparison, and in accordance with IBM's representation, SCO can then identity additional developers "from whose files it would like additional production and IBM can then provide the information . . . ." IBM's Mem. in Supp. p. 5. IBM is to provide the information from these 100 individuals within 90 days from the date of this order. IBM is also to provide SCO and the court a privilege log for any documents that are withheld from the files of these 100 individuals. Objections to withheld documents will be addressed by the court at a later date.

Finally, the court wishes to note the arguments raised concerning possible modification of the court's January order. SCO specifically alleges that IBM seeks to modify its obligations and limit the discovery which it must produce. See SCO's Mem. in Opp. p. 4-10. The court does not address the majority of these issues because full production of required discovery by IBM pursuant to the court's order is not complete. Therefore, arguments concerning attempts to limit such obligations are premature.

However, prior orders make it clear that IBM is to provide ALL non-public Linux contribution information. The court's order entered in March 2004 states:

> Pursuant to Rule 26(b), SCO should use its best efforts to obtain relevant discovery from the Linux

5

contributions that are known to the public, including those contributions publicly known to be made by IBM. <u>IBM, however, is hereby ordered to provide to SCO any and all non-public contributions it has made to Linux.</u>

March 2004 Order p. 4 (emphasis added). To the extent that IBM has failed to do this, the court HEREBY ORDERS IBM to produce this information. This production is to be specific in nature including any code contributed by IBM to Linux that is otherwise not publicly known. Furthermore, this is to include the names and contact information of specific developers that made contributions, not just general names of teams or work groups. For example, if it is public knowledge that a group of IBM developers known by the name of Alpha made contributions, but the individual members of Alpha are not publicly known, then IBM must produce the names and contact information from this group to SCO. Such required information is inherent within the court's previous orders because it would be considered "non-public" Linux information that is available to IBM. IBM is to produce this information within 75 days from the entry of this order.

DATED this _19_ day of April, 2005.

BY THE COURT:

_Brooke C. Wells_
BROOKE C. WELLS
United States Magistrate Judge

6

blk

United States District Court
for the
District of Utah
April 20, 2005

\* \* CERTIFICATE OF SERVICE OF CLERK \* \*

Re:   2:03-cv-00294

True and correct copies of the attached were either mailed, faxed or e-mailed by the clerk to the following:

    Brent O. Hatch, Esq.
    HATCH JAMES & DODGE
    10 W BROADWAY STE 400
    SALT LAKE CITY, UT   84101
    EMAIL

    Scott E. Gant, Esq.
    BOIES SCHILLER & FLEXNER
    5301 WISCONSIN AVE NW
    WASHINGTON, DC   20015

    Frederick S. Frei, Esq.
    ANDREWS KURTH
    1701 PENNSYLVANIA AVE NW STE 300
    WASHINGTON, DC   20006

    Evan R. Chesler, Esq.
    CRAVATH SWAINE & MOORE
    825 EIGHTH AVE
    NEW YORK, NY   10019
    EMAIL

    Mr. Alan L Sullivan, Esq.
    SNELL & WILMER (UT)
    15 W SOUTH TEMPLE STE 1200
    GATEWAY TOWER W
    SALT LAKE CITY, UT   84101
    EMAIL

    Todd M. Shaughnessy, Esq.
    SNELL & WILMER (UT)
    15 W SOUTH TEMPLE STE 1200
    GATEWAY TOWER W
    SALT LAKE CITY, UT   84101
    EMAIL

    Mark J. Heise, Esq.
    BOIES SCHILLER & FLEXNER
    100 SE 2ND ST STE 2800
    MIAMI, FL   33131

EMAIL

Mr. Kevin P McBride, Esq.
1299 OCEAN AVE STE 900
SANTA MONICA, CA   90401
EMAIL

Robert Silver, Esq.
BOIES SCHILLER & FLEXNER
333 MAIN ST
ARMONK, NY   10504

Stuart H. Singer, Esq.
BOIES SCHILLER & FLEXNER
401 E LAS OLAS BLVD STE 1200
FT LAUDERDALE, FL   33301
EMAIL

Mr. David W Scofield, Esq.
PETERS SCOFIELD PRICE
340 BROADWAY CENTRE
111 E BROADWAY
SALT LAKE CITY, UT   84111
EMAIL

Mr. Michael P O'Brien, Esq.
JONES WALDO HOLBROOK & MCDONOUGH
170 S MAIN ST STE 1500
PO BOX 45444
SALT LAKE CITY, UT   84145-0444