IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>    Plaintiff/Counterclaim-<br>    Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-<br>    Plaintiff. | ORDER<br><br>Case No. 2:03CV294 DAK |

      This matter is before the court on (1) Plaintiff The SCO Group, Inc.'s ("SCO") Motion to Compel IBM to Produce Samuel J. Palmisano for Deposition, (2) SCO's Motion for Leave to File Third Amended Complaint, and issues pertaining to the parties' proposed Amended Scheduling Orders. A hearing on the motions was held on April 21, 2005. The court also heard brief argument on IBM's Motion for Entry of Order Limiting Scope of IBM's Ninth Counterclaim, which was not set for argument, but which is related to SCO's Motion for Leave to File Third Amended Complaint. At the hearing, IBM was represented by David R. Marriott and Todd M. Shaughnessy. SCO was represented by Sean Eskovitz, Edward Normand, and Brent O. Hatch. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. Since taking the motions under advisement, the court has further considered the law and facts relating to the motions. The court has also considered the

letter dated April 25, 2005, sent to the court from SCO's counsel and also the letter dated April 28, 2005, sent to the court from IBM's counsel in response to SCO's April 25, 2005 letter.  Now being fully advised, the court renders the following Order.

**I. SCO'S MOTION TO COMPEL IBM TO PRODUCE SAMUEL J. PALMISANO FOR DEPOSITION**

SCO Seeks to Compel IBM to Produce its Chairman and Chief Executive Officer, Samuel J. Palmisano, for Deposition.  IBM argues that SCO has failed to demonstrate that Mr. Palmisano has unique personal knowledge of the claims in the instant suit and that the information sought by SCO is available from other sources.

The court finds that Mr. Palmisano could have unique personal knowledge related to the claims in this action.  Thus, IBM must produce Mr. Palmisano for a deposition.  To minimize the disruption of IBM's operations, SCO has agreed to depose Mr. Palmisano in New York.  Although SCO seeks a seven-hour deposition, the court imposes a limit of four hours, not including any breaks taken during the deposition.

**II.     SCO'S MOTION TO FILE THIRD AMENDED COMPLAINT AND IBM'S MOTION TO LIMIT SCOPE OF NINTH COUNTERCLAIM**

In its Ninth Counterclaim, IBM seeks declaratory judgment that "IBM does not infringe, induce the infringement of, or contribute to the infringement of any SCO copyright through the reproduction, improvement, and distribution of AIX and Dynix."  IBM, however, seeks to limit the scope of the Ninth Counterclaim, arguing that it intended to seek only a declaration that because IBM has not breached IBM's license agreements with AT&T, and because SCO's purported termination of those licenses is invalid, IBM's continued distribution of AIX and

Dynix products does not infringe SCO's alleged copyrights. In seeking a narrow interpretation of its Ninth Counterclaim, IBM contends, among other things, that the Ninth Counterclaim must be read in the context in which it was asserted. At that time, SCO had sued IBM for copyright infringement with respect to its continued distribution of AIX and Dynix, but it had not sued IBM for copyright infringement with respect to other non-Linux activities. IBM asserts that SCO had not even threatened to sue IBM for copyright infringement with respect to non-Linux activities other than IBM's "post-termination" distribution of AIX and Dynix. Thus, IBM claims, it did not have a reasonable apprehension of being sued by SCO, thus there was not a case or controversy, and IBM could not have properly sued SCO for a declaration of non-infringement with respect to IBM's non-Linux activities, other than the "post-termination" distribution of AIX and Dynix. Moreover, IBM argues that it should not be required to litigate a claim it did not intend to make, does not believe it asserted, and has no reason to pursue.

    SCO, on the other hand, claims that IBM is attempting to recharacterize its Ninth Counterclaim now that SCO has found clear evidence that IBM infringed SCO's copyrights. Based on this purported evidence, SCO seeks not only to defend against IBM's Ninth Counterclaim, but to add a claim for affirmative relief. Specifically, SCO seeks to assert a cause of action for copyright infringement based on IBM's alleged unauthorized use of copyrighted SCO code in IBM's AIX for Power products.

    The court will permit IBM to narrow the scope of its Ninth Counterclaim. In the context in which the Ninth Counterclaim was asserted, the court finds that IBM did not intend for the counterclaim to be interpreted as broadly as it has been interpreted. Having determined that the Ninth Counterclaim was not intended to sweep so broadly, SCO's proposed amendment is no

longer the mirror-image of IBM's Ninth Counterclaim. To permit the proposed amendment would expand this already sizable and complex litigation and would serve only to delay its resolution. Furthermore, SCO has twice amended its Complaint during this litigation, and the deadline for seeking leave to further amend has long-since passed. SCO has not demonstrated the "extremely compelling circumstances" required by this court's June 10, 2004 Order. In addition, it has not demonstrated "good cause" under Rule 16(b) of the Federal Rules of Civil Procedure, and the court finds that SCO has unduly delayed seeking leave to assert the proposed cause of action. It appears that SCO–or its predecessor–either knew or should have known about the conduct at issue before it filed its original Complaint. Accordingly, the court declines to permit the filing of a Third Amended Complaint.

**III.   REVISED SCHEDULING ORDER**

Having considered the parties' proposed Amended Scheduling Orders and the briefing related to the proposed Orders, the court sets forth the following deadlines:

| EVENT | DEADLINE |
| --- | --- |
| IBM's Complete Production of Discovery Pursuant to the Order of April 20, 2005 | August 1, 2005 |
| Interim Deadline for Parties to Disclose with Specificity All Allegedly Misused Material Identified to Date and to Update Interrogatory Responses Accordingly | October 28, 2005 |
| Final Deadline for Parties to Identify with Specificity All Allegedly Misused Material | December 22, 2005 |

| | |
|---|---|
| Close of All Fact Discovery Except As to Defenses to Claims Relating to Allegedly Misused Material | January 27, 2006 |
| Close of All Remaining Discovery (i.e., Fact Discovery As to Defenses to Any Claim Relating to Allegedly Misused Material) | March 17, 2006 |
| Initial Expert Reports | April 14, 2006 |
| Opposing Expert Reports | May 19, 2006 |
| Rebuttal Expert Reports | June 16, 2006 |
| Final Deadline for Expert Discovery | July 10, 2006 |
| Dispositive Motions | July 28, 2006 |
| Oppositions to Dispositive Motions | September 1, 2006 |
| Reply Briefs on Dispositive Motions | September 29, 2006 |
| Rule 26(a)(3) Disclosures | January 12, 2007 |
| Final Pretrial Order | January 19, 2007 |
| Deadline for Exchanging Proposed Jury Instructions[1] | January 22, 2007 |
| Motions in Limine | January 26, 2007 |
| Special Attorney Conference and Settlement Conference | January 30, 2007 |

---

[1] Approximately six weeks prior to trial, the court will send to the parties a Trial Order that sets forth deadlines regarding the exchange of jury instructions between the parties, filing of stipulated instructions and proposed instructions to which the parties could not agree, objections to proposed instructions, and responses to the objections. In the Trial Order, the court will also provide deadlines for filing proposed voir dire and proposed special verdict forms.

| Oppositions to Motions in Limine | February 5, 2007 |
|---|---|
| Reply Briefs on Motions in Limine | February 9, 2007 |
| 5-week Jury Trial | February 26, 2007 |

## IV. UNSEALING OF DOCUMENTS

The parties have been in the process of unsealing various documents. To ease the burden on the Clerk's Office, the court requests that the parties comply with the following procedure for all papers that are unsealed in the future.

If a party seeks to unseal an entire document, that party shall file only a Notice that sets forth the name and docket number of the document to be unsealed. The Clerk's Office will then unseal that document. The parties shall not refile the entire document.

If, however, only parts of a document are to be unsealed (i.e., various exhibits from an appendix containing many exhibits), that party shall file a Notice indicating each specific paper to be unsealed, the docket number of the document containing the papers, and actual copies of each paper to be unsealed.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that (1) SCO's Motion to Compel IBM to Produce Samuel J. Palmisano for Deposition is GRANTED; (2) SCO's Motion for Leave to File Third Amended Complaint is DENIED, (3) International Business Machines Corp.'s ("IBM") Motion for Entry of Order Limiting Scope of IBM's Ninth Counterclaim is

GRANTED. IBM is directed to file a proposed Order that restates its Ninth Counterclaim.[2] An Amended Scheduling Order is set forth above, as is a procedure to follow when unsealing documents that were previously filed under seal.

DATED this 1st day of July, 2005.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[2] IBM has previously submitted a proposed Order on this issue, but the language of the proposed Order is less than clear. Thus, the court directs IBM to file another proposed Order that clarifies the scope of the Ninth Counterclaim.