# BOIES, SCHILLER & FLEXNER LLP

NEW YORK   WASHINGTON DC   FLORIDA   CALIFORNIA   NEW HAMPSHIRE

April 25, 2005

**Via Hand Delivery**
Honorable Dale A. Kimball
United States District Court
District of Utah
350 South Main Street, Room 220
Salt Lake City, Utah 84101

RECEIVED CLERK

JUL 0 5 2005

U.S. DISTRICT COURT

Re:   SCO v. IBM, Case No. 2:03CV-0294 DAK

Dear Judge Kimball:

I write on behalf of The SCO Group, Inc. ("SCO") to clarify the record concerning an issue that IBM raised during the oral argument last Thursday, April 21, on SCO's Motion for Leave to File a Third Amended Complaint based on numerous newly discovered internal IBM documents.

During the argument, counsel for IBM (Mr. Marriott) contended for the first time that IBM had produced three of the internal documents on which SCO relied before the prior deadline for the amendment of pleadings, in "November 2003." SCO had argued in support of its motion, when the motion was filed last October, that the documents had not been produced until after the deadline, and IBM had not disputed this fact in either the opposition or the surreply brief that it filed against SCO's motion.

When this issue was first raised at the hearing, I stated that I believed there was a factual dispute concerning IBM's new argument. I have now had an opportunity to review not only the documents that counsel for IBM handed up to the Court in his surrebuttal argument, but also additional relevant materials which IBM did not submit to the Court with the other materials it had compiled.

That record shows that as of November 2003, IBM had produced to SCO 18 CDs without any page breaks between documents. The format of IBM's production resulted in one CD, for example, that contained what the computers recognized as just one "document" of thousands of pages. In addition to failing to comply with its obligation to produce the documents in the manner in which IBM had maintained them in the ordinary course of its business, IBM's manner of production significantly hindered SCO's review of the documents and made any effort to review the CDs impractical.

When SCO promptly identified this problem in November 2003, counsel for IBM acknowledged the problem and represented that it "promptly instructed our vendor to include page breaks on all CDs produced going forward." (Letter from C. Kao to D. Goodstone dated Mar. 4, 2004, at Tab 1.) But IBM did not at that time ask its vendor to correct the format of production in the 18 CDs that IBM had produced by that time. IBM failed to produce any corrected CDs before the February 4 deadline for amendments.

Accordingly, on February 6, 2004, SCO's counsel raised the issue during a hearing before Judge Wells, at which Mr. Marriott represented IBM. SCO's counsel explained:

> "in the production that we have received to date, we will get a C.D. and it will say there are two documents on it. The two documents will be 4,000 pages long. Clearly that is not the case. When S.C.O. has been producing C.D.'s it has identified where each document begins and ends. We have asked them, you have to identify where the documents begin and end. Put a source log with the C.D. Otherwise it is impossible to know how these documents were kept in the ordinary course of business as is required under Rule 34(b)."

(Transcript of Hearing on Feb. 6, 2004, at 26, at Tab 2.) SCO's counsel further explained that "we can't be left to the guessing game." (Id. at 27.) SCO reminded IBM of the need to correct the defects in the CDs that had already been produced in letters to IBM's counsel on February 19 and 27, 2004. (Tabs 3 and 4.)

On March 4, 2004, one month after the amendment deadline had passed, counsel for IBM informed us: "With respect to the first 18 CDs of documents, our vendor informs us that it is possible to go back and add page breaks to those CDs. We will produce you [sic] revised CDs as soon as they become available from our vendor." (Tab 1.) On March 10, 2004, IBM's counsel further informed us: "We have been producing CDs containing document breaks to SCO since Mark Heise of your office first raised the issue with us in November 2003, and will continue to do so going forward. Enclosed with this letter are replacements for CDs 1-18 containing document break information." (Letter from C. Kao to D. Goodstone dated Mar. 10, 2004, at Tab 5.)

This record makes clear that even as to the three documents that Mr. Marriott identified for the first time at last week's hearing, IBM had produced those documents in a format that made it impractical if not impossible for SCO to review, that IBM admitted was improper, and that IBM did not correct until over a month after SCO had raised the issue before the Magistrate Court and the deadline for amendments had passed. We did not review the three documents to which Mr. Marriott referred until after IBM had corrected the format of its production.

We hope this clarifies the issue for the Court and thank the Court for its attention to this matter.

Respectfully submitted,

*Edward Normand*
Edward Normand

cc: David R. Marriott, Esq.