# Snell & Wilmer
### L.L.P.
#### LAW OFFICES

15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
(801) 257-1900
Fax: (801) 257-1800
www.swlaw.com

Todd M. Shaughnessy
801-257-1937
tshaughnessy@swlaw.com

**RECEIVED CLERK**

**JUL 0 5 2005**

**U.S. DISTRICT COURT**

SALT LAKE CITY, UTAH

PHOENIX, ARIZONA

TUCSON, ARIZONA

IRVINE, CALIFORNIA

DENVER, COLORADO

LAS VEGAS, NEVADA

April 28, 2005

**HAND DELIVERED**

Honorable Dale A. Kimball
United States District Court
District of Utah
350 South Main Street, Room 476
Salt Lake City, Utah 84101

      Re:    *The SCO Group v. International Business Machines Corporation*
               Civil No. 2:03cv0294

Your Honor:

      We are counsel for IBM in the above-referenced matter. I am writing to respond briefly to the letter from Mr. Normand to the Court dated April 25, 2005.

      As the Court is aware, SCO's motion to amend is predicated on the proposition that it had no reason to know that IBM included SVR4 code in AIX for Power until after IBM produced the six documents and source code referenced in and/or attached to SCO's motion. To support this proposition, SCO incorrectly advised the Court (and Mr. Normand reiterated numerous times during his argument) that IBM did not produce any of these materials until after the February 4 deadline for amending the pleadings. Rather than accept responsibility for SCO's misstatements (which Mr. Normand only begrudgingly acknowledges), Mr. Normand's letter attempts, once again, to blame IBM for SCO's errors.

      No longer able to contend that IBM did not produce any of the "newly discovered" evidence before the deadline for amending the pleadings, Mr. Normand states that IBM produced the documents "in a format that made it impractical if not impossible for SCO to review" and that IBM "admitted" the format of the production was "improper." Like the assertions made during the April 21 hearing, this assertion is wrong. The documents at issue were produced as they were maintained by IBM in the usual course of business. They were produced on CDs in the form typically used by IBM's vendor and were accompanied by a source log specifically identifying the files from which the documents were obtained. To review the documents, all SCO had to do was print them off or scroll through them on a computer screen. SCO does not

347486.2

Snell & Wilmer
L.L.P.

Honorable Dale A. Kimball
April 28, 2005
Page 2

claim (because it cannot) that the CDs were not functional, or that the information was not there if SCO had simply taken the time to look. Should the Court desire to verify that the documents at issue were available "at the click of a mouse," we enclose with this letter copies of the CDs produced in the fall of 2003 containing the documents at issue.

After the documents were produced, SCO requested that page breaks be electronically inserted on the CDs. IBM does not ordinarily produce documents with electronic page breaks, which are not necessary to review the content of the documents or to determine how the documents are maintained in the ordinary course of business. Although IBM was not required to make an electronic production at all, let alone one with electronic page breaks, we nevertheless agreed, as a courtesy to SCO, to accommodate SCO's request, and from that point forward our vendor has inserted electronic page breaks on the CDs. These could not be inserted on the CDs already produced, so those CDs were later re-created and then re-produced to SCO – at its request. Mr. Normand now seeks to portray this courtesy as an admission of "improper" conduct.

Even if (contrary to fact) SCO could not have looked at the documents at the time they were produced, SCO could not justify its delay in seeking to assert the proposed claim. SCO failed even to raise the issue of amending the pleadings at the June 8, 2004, hearing on its prior motion to amend the scheduling order. At that time, SCO had spent more than three months with every single document it now cites (on CDs with electronic page breaks), and with all of the source code from which IBM's alleged infringement was, in SCO's words, "relatively easy to identify." Moreover, entirely independent of the documents attached to SCO's motion, the documents in its files and in the public record make clear that SCO has known for years that IBM included SVR4 code in AIX for Power, as we demonstrated at the April 21 hearing.

If I can be of any assistance or respond to any questions, please feel free to contact me.

Very truly yours,

SNELL & WILMER

Todd M. Shaughnessy

TMS:dw
Enclosures
cc: Edward Normand
    Brent Hatch
    David Marriott

347486.2

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-207-453-1000
FACSIMILE: 44-207-860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1342

March 4, 2004

### SCO v. IBM; IBM v. SCO

Dear Debra:

I write in response your letters dated February 19 and February 27, 2004.

Let me first correct certain inaccuracies in your letters. IBM to date has produced 23 CDs containing documents. The first 18 of those CDs were provided by our vendor without any document breaks. After Mr. Heise of your office raised this problem with us in November 2003, we promptly instructed our vendor to include page breaks on all CDs produced going forward. Thus, as you are well aware, there are page breaks on all of the CDs—CDs 19-23—produced after November 2003, and we will continue to produce CDs with page breaks.

With respect to the first 18 CDs of documents, our vendor informs us that it is possible to go back and add page breaks to those CDs. We will produce you revised CDs as soon as they become available from our vendor.

I appreciate your attention to my letter to Mark Heise dated February 19, 2004, but I still have yet to receive a response. Please let me know when SCO intends to produce the documents it assured IBM on February 4, 2004 it would be producing "expeditiously".

Sincerely,

Christopher Kao

Debra Weiss Goodstone, Esq.
Boies, Schiller & Flexner LLP
100 Southeast Second Street
Suite 2800
Miami, FL 33131

Exhibit 1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                       DISTRICT OF UTAH
 3                       CENTRAL DIVISION
 4  ──────────────────────────────────────────────────
 5  THE S.C.O. GROUP, INC.,         )
 6  a Delaware corporation,         )
 7             Plaintiff,           )
 8  vs.                             )   CASE NO.  03-CV-294DK
 9  INTERNATIONAL BUSINESS          )
10  MACHINES, a New York            )
11  corporation,                    )
12             Defendant.           )
13  ──────────────────────────────────────────────────
14
15            BEFORE THE HONORABLE BROOKE C. WELLS
16
17       ---------------------------------------
18                     February 6, 2004
19
20
21
22
23                     Motion Hearing
24
25
```

1

Exhibit 2

```
 1          There is that New York Times article that was
 2   attached to our reply memo, it identifies and there was a ten
 3   page report that he and Mr. Wladawsky-Berger and a couple of
 4   others put together in deciding whether I.B.M. should shift
 5   gears and go to Linux.  We don't have that ten page report and
 6   it is a critical document.  Those are the things that we have
 7   asked for.  We have had specific conversations with Christine
 8   Arena at Cravath asking specifically for Mr. Palmisano stuff,
 9   for Mr. Wladawsky-Berger, Paul Horn, Nick Bowen, those
10   peoples' information.  We have not gotten it.
11          Throughout these they have not provided the contact
12   information so that we would not be able to locate these
13   people, and that is just clearly information that needs to be
14   put in there.
15          The final point is more of a housekeeping matter,
16   and that is in the production that we have received to date,
17   we will get a C.D. and it will say there are two documents on
18   it.  The two documents will be 4,000 pages long.  Clearly that
19   is not the case.  When S.C.O. has been producing C.D.'s it has
20   identified where each document begins and ends.  We have asked
21   them, you have to identify where the documents begin and end.
22   Put a source log with the C.D.  Otherwise it is impossible to
23   know how these documents were kept in the ordinary course of
24   business as is required under Rule 34(b).
25          Certainly on some documents you can figure it out
```

```
 1    and match it up and see where it begins and ends, but we can't
 2    be left to the guessing game.  It is a technical issue but it
 3    is something that can presumably be corrected, and it
 4    certainly needs to be done on a going forward basis.
 5              That is the gist of our motion to compel, Your
 6    Honor.  I appreciate your time this morning.
 7              THE COURT:  Thank you.
 8              Mr. Marriott.
 9              MR. MARRIOTT:  Thank you, Your Honor.
10              The S.C.O. Group propounded 57 document requests
11    and/or interrogatories, Your Honor.  52 document requests and
12    there were five interrogatories.  S.C.O.'s motion to compel
13    concerns only six of those requests, three document requests
14    and three interrogatories.  The requests, Your Honor, break
15    down into roughly four categories.  There are, I would submit
16    really, only two issues that deserve argument, that is
17    argument as to two categories of the four.  That is because if
18    Your Honor looks at our opposition to their motion to compel,
19    I think in part this is a motion that makes much ado about
20    nothing, because we either have indicated that we will provide
21    or have provided much of the information requested.
22              For example, Mr. Heise makes reference to desiring
23    to know the identity of the people who have contributed in
24    some way to A.I.X. or Dynix.  Well, there is provided as an
25    exhibit to our response, Your Honor, a list of about 8,000
```

# BOIES, SCHILLER & FLEXNER LLP

NEW YORK    WASHINGTON DC    FLORIDA    CALIFORNIA    NEW HAMPSHIRE

February 19, 2004

<u>Via Facsimile and U.S. Mail</u>

Christopher Kao
Cravath Swaine & Moore LLP
Worldwide Plaza
285 Eighth Avenue
New York, NY 10019

Re: *The SCO Group v. IBM*

Dear Mr. Kao:

As you are likely aware, the CDs produced by IBM fail to contain any document breaks. This has resulted in one CD, for example, containing just one "document" of multiple thousands of pages when in reality, it may contain 3,000 documents of less than 2 pages each.

As previously requested and as addressed at the hearing before Judge Wells on February 6, 2004, we must have corrected production from IBM so that we may accurately determine where any given document begins and ends. This failure by IBM to produce the documents in the manner they are maintained in the ordinary course of business obviously hinders our ability to review these documents and is contrary to the Federal Rules.

Please provide us with corrected CDs reflecting accurate document breaks at your earliest opportunity and please ensure that all future production CDs reflect appropriate document breaks.

I would appreciate hearing back from you with the anticipated date of delivery.

Sincerely,

Debra Weiss Goodstone

cc: Mark J. Heise
    Brent O. Hatch

Exhibit 3

189726v1

MIAMI FL 33131-2144 • PH. 305-539-8400 FAX 305-539-1307

# BOIES, SCHILLER & FLEXNER LLP

NEW YORK  WASHINGTON DC  FLORIDA  CALIFORNIA  NEW HAMPSHIRE

February 27, 2004

*Via Facsimile and U.S. Mail*

Christopher Kao
Cravath Swaine & Moore LLP
Worldwide Plaza
285 Eighth Avenue
New York, NY 10019

Re: *The SCO Group v. IBM*

Dear Christopher:

We are in receipt of your letter dated February 19, 2004 addressed to Mark Heise.

We are reviewing your issues and preparing a response.

In the meanwhile, when will we be receiving IBM's corrected CDs which were previously produced without any document breaks. As we have stated repeatedly, we cannot proceed with our electronic document review in the absence of corrected CDs.

Please advise.

Very sincerely,

Debra Weiss Goodstone

cc: Mark J. Heise
Brent O. Hatch

190024v1

Exhibit 4

# CRAVATH, SWAINE & MOORE LLP

```
RGE J. GILLESPIE, III      FRANCIS P. BARRON              WORLDWIDE PLAZA              PETER T. BARBUR          JULIE T. SPELLMAN
   HAS R. BROME             RICHARD W. CLARY              825 EIGHTH AVENUE            SANDRA C. GOLDSTEIN      RONALD CAMI
   ERT D. JOFFE             WILLIAM P. ROGERS, JR.        NEW YORK, NY 10019-7475      PAUL MICHALSKI           MARK I. GREENE
ALLEN FINKELSON             JAMES D. COOPER                                            THOMAS G. RAFFERTY       SARKIS JEBEJIAN
RONALD S. ROLFE             STEPHEN L. GORDON                                          MICHAEL S. GOLDMAN       JAMES C. WOOLERY
PAUL C. SAUNDERS            DANIEL L. MOSLEY              TELEPHONE: (212) 474-1000    RICHARD HALL             DAVID R. MARRIOTT
DOUGLAS D. BROADWATER       GREGORY M. SHAW               FACSIMILE: (212) 474-3700    ELIZABETH L. GRAYER      MICHAEL A. PASKIN
ALAN C. STEPHENSON          PETER S. WILSON                                            JULIE A. NORTH           ANDREW J. PITTS
MAX R. SHULMAN              JAMES C. VARDELL, III                                      STEPHEN L. BURNS         MICHAEL T. REYNOLDS
STUART W. GOLD              ROBERT H. BARON                                            KATHERINE B. FORREST     ANTONY L. RYAN
JOHN W. WHITE               KEVIN J. GREHAN                    CITYPOINT               KEITH R. HUMMEL          GEORGE E. ZOBITZ
JOHN E. BEERBOWER           W. CLAYTON JOHNSON           ONE ROPEMAKER STREET          DANIEL SLIFKIN           GEORGE A. STEPHANAKIS
EVAN R. CHESLER             STEPHEN S. MADSEN              LONDON EC2Y 9HR             JEFFREY A. SMITH
PATRICIA GEOGHEGAN          C. ALLEN PARKER            TELEPHONE: 44-207-453-1000      ROBERT I. TOWNSEND, III
D. COLLIER KIRKHAM          MARC S. ROSENBERG          FACSIMILE: 44-207-860-1150      WILLIAM J. WHELAN, III   SPECIAL COUNSEL
MICHAEL L. SCHLER           WILLIAM B. BRANNAN                                         SCOTT A. BARSHAY         SAMUEL C. BUTLER
KRIS F. HEINZELMAN          LEWIS R. STEINBERG                                         PHILIP J. BOECKMAN       THOMAS D. BARR
B. ROBBINS KIESSLING        SUSAN WEBSTER             WRITER'S DIRECT DIAL NUMBER      ROGER G. BROOKS
ROGER D. TURNER             TIMOTHY G. MASSAD                                          WILLIAM V. FOGG
PHILIP A. GELSTON           DAVID MERCADO                                              FAIZA J. SAEED           OF COUNSEL
RORY O. MILLSON             ROWAN D. WILSON                   (212) 474-1342           RICHARD J. STARK         ROBERT ROSENMAN
NEIL P. WESTREICH           JOHN T. GAFFNEY                                            THOMAS E. DUNN           CHRISTINE BESHAR
```

March 10, 2004

### SCO v. IBM; IBM v. SCO

Dear Debra:

    To the extent my March 4, 2004 letter to you was imprecise, let me clarify. We have been producing CDs containing document breaks to SCO since Mark Heise of your office first raised the issue with us in November 2003, and will continue to do so going forward.

    Enclosed with this letter are replacements for CDs 1-18 containing document break information. Please note that these disks contain documents stamped "Confidential" pursuant to the Protective Order in this case.

    Please feel free to call me if you have any questions.

Very truly yours,

/s/ Christopher Kao

Christopher Kao

Debra Weiss Goodstone, Esq.
 Boies, Schiller & Flexner LLP
  100 Southeast Second Street
   Suite 2800
    Miami, Florida 33131

Encls.

BY FAX AND FEDERAL EXPRESS

Exhibit 5