**ORIGINAL**

FILED
U.S. DISTRICT COURT

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Attorneys for The SCO Group, Inc.*

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **PLAINTIFF/COUNTERCLAIM DEFENDANT'S MEMORANDUM IN REPLY TO IBM'S OPPOSITION TO SCO'S EX PARTE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM REGARDING DISCOVERY**<br>[Docket No. 269]<br><br>**(REFILED IN REDACTED FORM)**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

SCO submits this Reply Memorandum in response to IBM's Memorandum in Opposition to SCO's Motion to File Supplemental Memorandum regarding Discovery dated August 19, 2004 ("Supplemental Memorandum").

IBM argues that this Court should disregard SCO's entire Supplemental Memorandum because IBM now claims two of the many exhibits SCO submitted in support of its Supplemental Memorandum are attorney-client privileged documents that IBM has "inadvertently" produced. IBM's argument is without merit because SCO's Supplemental Memorandum is independently supported by documents which IBM does not contend are privileged. Further, independent of any inadvertent waiver issue, IBM has refused to provide even minimal support for its claim of privilege. As shown below, if that unsupported privilege claim were to be credited, it would only raise the even graver issue of the potential deliberate involvement of counsel in what has already been shown to be a likely course of conduct designed to <u>mislead</u> – and thereby to misappropriate proprietary material.[1] Contrary to IBM's contention, that would if anything only heighten the need for discovery, which in any event is supported by extensive material produced by IBM apart from the two e-mails, and by the broad range of issues on which IBM's Ninth Counterclaim focuses the Court.

### Introduction

In its Supplemental Memorandum, SCO presented evidence from IBM's own files suggesting that IBM engaged (and understood it was engaging) in a course of conduct via "Project Monterey" that, by misleading SCO, allowed IBM to misappropriate and copy SCO's

---

[1] See <u>United States v. Zolin</u>, 491 U.S. 554, 562-63 (1989); <u>Motley v. Marathon Oil Co.</u>, 71 F.3d 1547, 1551 (10th Cir. 1995) ("the attorney-client privilege does not apply where the client consults an attorney to further a crime or fraud").

2

**REDACTED**

**AT IBM'S REQUEST**

## Argument

IBM now contends that SCO's supplemental request is deficient because, according to IBM, it depends on two e-mails (produced in April 2004 or before) that IBM now asserts are protected by the attorney-client privilege but were inadvertently produced. IBM contends that SCO must immediately return, and that SCO and the Court must immediately disregard, the e-mails. IBM contends that the Court therefore must reject SCO's Supplemental Memorandum. IBM is wrong for the following four reasons:

First, IBM has not provided SCO or this Court with sufficient information even to justify placing these e-mails on a privilege log – much less sufficient information to justify a motion to disregard the evidence of deceitful and possibly illegal conduct they appear to contain. For example, IBM does not identify a single attorney in the e-mails nor does it identify any basis for its claim of "attorney-client privilege." IBM could easily have provided such information, but chose not to do so. IBM may be relieved by the Attorneys' Planning Meeting Report of the obligation immediately to litigate a claim of inadvertent waiver by the parties' stipulation, but that does not mean that IBM must not supply any information to support a privilege claim – not even the minimal detail for a privilege log. If IBM is unwilling to provide even that minimal information, it should not be heard to demand that its e-mails be disregarded – especially since they appear to show senior IBM business representatives discussing and implementing deceptive conduct. See Evans Decl. Exs. C-E.

Second, as shown above, other e-mails demonstrate IBM's course of conduct to mislead SCO and thereby misappropriate SCO code stored on IBM's CMVC. Exhibit B confirms that IBM misappropriated SCO's copyrighted material and placed it in IBM's AIX for Power. Exhibit C, as noted above, shows that IBM understood that SCO had the rights to the code and,

4

**REDACTED**

**AT IBM'S REQUEST**

submits that the Court should grant SCO's motion, consider the Supplemental Memorandum, and grant the discovery sought. The Court may do so without reaching IBM's claim of attorney-client privilege. The Court may reach that claim if and when IBM provides the Court and SCO with information documenting the claim.

DATED this 3rd day of September, 2004.

> HATCH, JAMES & DODGE, P.C.
> Brent O. Hatch
> Mark F. James
> Mark R. Clements
>
> BOIES, SCHILLER & FLEXNER LLP
> Robert Silver, Esq. (admitted pro hac vice)
> Stephen N. Zack (admitted pro hac vice)
> Mark J. Heise (admitted pro hac vice)
>
> *Attorneys for The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, hereby certifies that a true and correct copy of the foregoing

**PLAINTIFF/COUNTERCLAIM-DEFENDANT'S MEMORANDUM IN REPLY TO IBM'S OPPOSITION TO SCO'S EX PARTE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM REGARDING DISCOVERY**

was served on Defendant International Business Machines Corporation on this 3rd day of September, 2004, by U.S. mail, postage prepaid, addressed to:

>Alan L. Sullivan, Esq.
>Todd M. Shaughnessy, Esq.
>Snell & Wilmer L.L.P.
>15 West South Temple, Ste. 1200
>Gateway Tower West
>Salt Lake City, Utah 84101-1004

Copy to:

>Evan R. Chesler, Esq.
>Cravath, Swaine & Moore LLP
>Worldwide Plaza
>825 Eighth Avenue
>New York, NY 10019
>
>Donald J. Rosenberg, Esq.
>1133 Westchester Avenue
>White Plains, New York 10604
>
>*Attorneys for Defendant/Counterclaim Plaintiff IBM Corp.*

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing was served on Defendant IBM on the 5th day of July, 2005 by U.S. Mail to:

David Marriott, Esq.
CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Donald Rosenberg, Esq.
1133 Westchester Avenue
White Plains, NY 10604

Todd Shaughnessy, Esq.
SNELL & WILMER LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, UT 84101-1004

*/s/ Laura K. Chaves*