

ORIGINAL
FILED
U.S. DISTRICT COURT
2005 JUL -5 P 4: 45
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S REPLY MEMORANDUM IN FURTHER SUPPORT OF RENEWED MOTION TO COMPEL DISCOVERY**<br>[Docket No. 409]<br><br>**(REFILED IN REDACTED FORM)**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

The SCO Group, Inc. ("SCO") respectfully submits this Reply Memorandum in further support of its Renewed Motion to Compel discovery from IBM's executive management and SCO's Motion to Compel Discovery regarding Rule 30(b)(6) depositions of IBM.

## I. IBM HAS FAILED TO PRODUCE DOCUMENTS THAT THE COURT HAS ORDERED IBM TO PRODUCE.

In response to SCO's document requests and the two Court orders following on those requests, IBM has produced only a few documents (with no e-mails, correspondence, notes, or other personally generated material) from the files of its senior executives and Board of Directors concerning IBM's contributions to Linux and IBM's decision to adopt, embrace or otherwise promote Linux. In its Opening Memorandum, SCO showed that:

First, in light of the central role the executives and Board played in IBM's decision to contribute to, adopt, embrace and promote Linux – and in consideration of the failure of executives and a Board secretary to represent in their sworn affidavits that the responsive documents from their files had been produced – there must exist many more documents than IBM has produced regarding that subject matter.

Second, if presumed to have tried to comply with the Court orders, IBM must have adopted an unduly narrow interpretation of the documents it must produce. SCO therefore proposed the plainest possible standard to preclude IBM's unduly narrow interpretation: "If any of the files at issue contains a non-privileged document that refer to or mention Linux, SCO should be allowed to see it." (SCO Br. at 4.)

In its Opposition Memorandum, IBM fails to raise any reasonable basis for disputing any of the foregoing points. In discovery that SCO has taken since filing its Opening Memorandum,

1

moreover, IBM has confirmed the accuracy of SCO's points. The Court therefore should issue the order that SCO proposed in its Opening Memorandum.

### A. IBM Has Failed to Produce Documents Concerning Its Contributions To Linux and Decision to Adopt, Embrace or Otherwise Promote Linux.

The notion that IBM had produced all the documents responsive to SCO's document requests and the Court's March 2004 Order is incredible on its face. In SCO's view, this Court's October 2004 Order requiring IBM to submit affidavits explaining the production of those documents reflects the logic that both the individuals at issue and Linux are too important to IBM for there to be only the few documents that IBM has produced. SCO showed in its Opening Memorandum the basic and telling omissions in each of the affidavits that IBM produced in response to the Court's Order. (SCO Br. at v-viii, 1-4.)

In its Opposition Brief, IBM fails to address any of those omissions. IBM does not even claim to have produced all documents responsive to SCO's requests. Nor does IBM dispute that, with the sole exception of Irving Wladawsky-Berger, its declarants did not

### REDACTED
### TO COMPLY WITH
### COURT'S ORDER

The discovery SCO has been able to take since filing its Opening Memorandum confirms that IBM has failed to produce documents from the files at issue concerning IBM's decision to adopt and promote Linux, and that the executives at issue do regularly use e-mail. In the deposition of Mr. Wladawsky-Berger, for example, IBM's "Linux czar" admitted that he has sent

and received e-mails that <u>expressly</u> concerned that subject matter.[1] Mr. Wladawsky-Berger also admitted that he has corresponded via e-mail with IBM senior executive (now CEO) Samuel Palmisano.[2] Mr. Wladawsky-Berger further testified that his assistant keeps his "e-mail files." (<u>Id.</u> at 301.[3]) Similarly, in the deposition of IBM senior vice-president Steven Mills, Mr. Mills admitted that he has sent and received e-mails regarding Linux, and has sent and received e-mails from and to Mr. Palmisano and Mr. Wladawsky-Berger.[4]

Since filing its Motion, moreover, SCO has learned via the Internet that, shortly after IBM decided to embark on its Linux strategy, Mr. Palmisano e-mailed a series of memoranda that outlined the new strategy to IBM personnel. In the first of these, dated January 10, 2000, Mr. Palmisano stated that IBM would be "making IBM technologies available to the Linux and open source communities." The e-mail is reprinted in Ortmann, <u>An Announcement About "Next Generation e-Business,</u> http://www.mail-archive.com/freebsd-current@freebsd.org/msg

---

[1] <u>See</u> Deposition of Irving Wladawsky-Berger (1/18/05) (Exhibit 1) at 55-60 (e-mail discussing an "AIX/Linux coexistence strategy"), 68-69 (e-mail discussing how to "exploit" Linux "to better compete with Windows and Sun"), 79-81 (e-mail "focusing on Linux strategy"), 111-14 (e-mail on how he should answer likely questions at Linux World press conference), 135-40 (discussing an e-mail where he directed that "Linux should become more AIX like," with each system "absorbing the best ideas and technologies from each other"), 143-46 (e-mail reflecting his belief in a seamless "overall UNIX strategy covering the spectrum with Linux on one side and AIX on the other side"), 151-53 (e-mail discussing Project Monterey and "our strategy to make Linux scale up as quickly as possible"), 204-06 (e-mail regarding IBM's "strategic" "investments in Linux"), 235-37 (e-mail discussion of bringing "additional capabilities from AIX" to Linux), 276-77 (acknowledging that "we want to bring the openness of Linux to AIX").

[2] <u>See</u> <u>id.</u> at 82-83 ("My style would have been" to e-mail Palmisano with his recommendation to embrace Linux), 239-46 (e-mail exchange with Mr. Palmisano concerning porting AIX's enterprise capabilities to work on Linux, with the goal of building "the whole IBM UNIX family around the Linux kernel").

[3] Mr. Wladawsky-Berger reiterated that he and his assistant had located documents they believed might be responsive to SCO's discovery requests and turned them over to IBM's counsel, but that counsel determined that <u>all</u> of these were "unresponsive." Mr. Wladawsky-Berger claimed to have no knowledge of the nature or quantity of these documents. (<u>Id.</u> at 301-06.)

[4] <u>See</u> Deposition of Steven Mills (1/7/05) (Exhibit 2) at 28-29.

3

08759.html (Exhibit 3). Mr. Palmisano concluded in his January 10 e-mail: "You'll be hearing from me in the next few weeks on other key initiatives that, in aggregate, will restore our momentum and help us turn our business around. Stay tuned." Id.

Yet IBM has not produced a single e-mail from the files of Mr. Wladawsky-Berger, Mr. Palmisano, or any other IBM executive, and has not produced the foregoing memoranda. The e-mails SCO used during Mr. Wladawsky-Berger's deposition came from the files of other individuals in the e-mail chains – IBM appears to have applied a different standard of "responsiveness" in producing those e-mails. IBM's failure to produce responsive documents from the files of executive management and the Board obviously suggests that IBM has failed to produce responsive documents from those files that SCO has not received at all.

### B. IBM Has Adopted an Unduly Narrow Interpretation of SCO's Discovery Requests and of the Court Orders Following on Those Requests.

IBM has taken unreasonable interpretations of the Court Orders and documents requests at issue to avoid producing documents like the ones Mr. Wladawsky-Berger testified about during his deposition, and the e-mail that SCO found on the Internet.

SCO demonstrated in its Opening Memorandum that in its June and December 2003 document requests SCO sought all documents "concerning any contributions to Linux" and "all documents concerning IBM's decision to adopt, embrace or otherwise promote Linux." (SCO Br. at iii.) SCO further showed that such documents "included" documents from the files of the Board of Directors and senior executives at issue here.

In defense of its production, IBM purports to rely on part of a sentence that is part of a paragraph in the Order the Court entered after SCO raised IBM's failure to produce documents in response to the foregoing requests. (SCO Br. at iii-v.) In that paragraph, the Court states:

4

> "IBM is to provide <u>documents and materials generated by, and in possession of employees that have been and that are currently involved in the Linux project</u>. IBM is to <u>include</u> materials and documents from executives <u>including</u> inter alia, Sam Palmisano and Irving Wladawsky-Berger. Such materials and documents are to <u>include</u> any reports, materials or documents from IBM's 'ambitious Linux Strategy.'" 3/3/04 Order at 4-5 (quoting The New York Times) (emphasis added).

IBM claims that the foregoing language required it to produce only documents concerning IBM's "Linux strategy." (IBM Br. at 2, 3, 5.) IBM thus reads out of the Order the first two sentences of the foregoing paragraph – as well as the document requests prompting that portion of the Order. That language not only follows on SCO's document requests, but also standing alone makes clear that IBM is obligated to produce <u>all</u> documents concerning "the Linux project." The e-mails that Mr. Wladawsky-Berger discussed during his deposition and other such documents do concern the Linux project – and in fact were directly responsive even to IBM's overly limited "Linux strategy" standard. (In note 1, above, SCO identifies Linux-related e-mails that expressly contained the word "strategy.").

Mr. Wladawsky-Berger's declaration and deposition testimony illustrate IBM's ungiving approach to SCO's document requests. Mr. Wladawsky-Berger oversaw IBM's Linux efforts from at least January 2000 until approximately August 2004. (Exh. 1 at 10-16.) In the declaration he submitted in response to the Court's October 2004 Order, and during his deposition, Mr. Wladawsky-Berger explained that in response to SCO's June 2003 document requests, he identified documents and provided them to IBM's counsel, who determined that none of the documents were responsive. (Id. at 298-303.) With respect to SCO's December 2003 document requests, directed specifically to his files, IBM's attorneys <u>again</u> determined that none of Mr. Wladawsky-Berger's documents were responsive. (Id. at 303-05.) In October 2004,

5

Mr. Wladawsky-Berger remembered two folders of documents that he previously had overlooked. (Id. at 305-06.)

IBM's interpretation of the Court's Order and SCO's requests is and has been entirely improper. IBM must "provide true, explicit, responsive, complete and candid answers"; a "broad and liberal construction" in favor of disclosure applies. Employers Commercial Union Ins. Co. of Am. v. Browning-Ferris Indus. of Kansas City, Inc., Civ. A. No. 91-2161-JWL, 1993 WL 210012, at *2 (D. Kan. Apr. 5, 1993) (Exhibit A). A party cannot adopt "unilateral and self-serving determinations of relevance." Flynn v. Goldman, Sachs & Co., No. 91 Civ. 0035 (KMW), 1991 WL 238186, at *2 (S.D.N.Y. Nov. 1, 1991) (Exhibit B); accord Blanchard and Co., Inc. v. Barrick Gold Corp., No. Civ. A. 02-3721, 2004 WL 2785096, at *2-3 & nn.3 & 5 (E.D. La. Dec. 1, 2004) (Exhibit C) (defendant improperly "limited its production to documents which Defendant finds relevant according to its own interpretation"). That law applies with particular force where, as here, the Court has now entered two separate orders to require the production of relevant documents.

Apart from seeking unduly to restrict its production obligations, IBM's only argument in opposition is that SCO allegedly is making a "new" and unduly burdensome discovery request by asking the Court now to require IBM to produce from the files at issue all documents containing the word "Linux." That argument lacks any merit.[5] SCO proposed an appropriate remedy given IBM's self-serving and restrictive interpretation of its discovery obligations – an

---

[5] IBM raises a different topic and intimates, without bringing any motion on the issue, that SCO improperly withheld documents. (IBM Br. at 7 n.1.) SCO recently produced three categories of arguably responsive documents in supplementing (as both parties have reserved the right to do) its previous productions: (1) documents recently located at an offsite storage facility of Tarantella (SCO's predecessor), (2) documents that counsel's IT department had inadvertently failed to upload; and

6

interpretation that IBM's Opposition Memorandum serves expressly to confirm. And IBM's assertion of undue "burden" in searching for such documents is inexplicable. (IBM Br. at 5.) If it undertook a thorough search for responsive documents in the first place, IBM would have had to review all documents referencing "Linux." The search SCO proposes would be no more burdensome – and any redundancy in the search is a consequence of IBM's own stonewalling. In addition, Mr. Wladawsky-Berger has already admitted that the vast majority of his files are stored electronically. (Exh. 1 at 305-06.) Indeed, as Mr. Mills testified, "IBM has an archiving process or system" that "preserves e-mails." (Exh. 2 at 26.) A word search for the word "Linux" in the documents in those archives or system, and through e-mails available from the e-mail software on each user's personal computer, could hardly be more straightforward.

## II.   SCO PROPERLY SEEKS ADDITIONAL RULE 30(b)(6) DEPOSITIONS.

In its Opening Memorandum, SCO identified several topics for which IBM had refused to produce a Rule 30(b)(6) representative to testify. Since then, in its Order dated January 18, 2005, the Court has ordered IBM to produce documents and provide interrogatory responses concerning a number of those topics. Given that Order, and assuming that IBM will respond fully thereto, SCO will not at this time pursue its request for a Rule 30(b)(6) on certain of the topics raised in its Opening Memorandum.[6]

The Court's January 2005 Order, however, does not concern two of SCO's outstanding 30(b)(6) requests. SCO is entitled to take Rule 30(b)(6) depositions unless IBM can prove that

---

(3) documents for which counsel determined not to claim privilege when preparing privilege logs. SCO readily agreed to reschedule the depositions of all individuals affected by the new productions.

[6] SCO explained in its Opening Memorandum that IBM's long-standing refusal to produce documents or to provide interrogatory responses to the topics later addressed in the Court's January 2005 Order

7

they would cause "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In the absence of any such showing here, SCO is entitled to take its Rule 30(b)(6) depositions on the following topics.

### A. SCO Reasonably Seeks a Representative to Discuss IBM's Consideration of UNIX Licensing Rights in Acquiring Sequent.

IBM refuses to produce a witness to testify about its discussions "concerning UNIX licensing rights, limitations, and potential liabilities, in connection with IBM's acquisition of Sequent." IBM objects on the grounds that "Consideration and discussion of these issues, if any, necessarily would have occurred in connection with IBM's attorneys doing due diligence in connection with IBM's acquisition of Sequent," and therefore SCO seeks "only information protected by the attorney-client privilege." (IBM Br. at 11.)

IBM's sweeping claim of privilege on the topic at issue is unreasonable on its face – and highlights IBM's failure to substantiate that claim. The cases IBM cites themselves make clear that such bare assertions of privilege are insufficient. See New York v. Solvent Chem. Co., 214 F.R.D. 106, 111 (W.D.N.Y. 2003) (expressly relying on plaintiff's sworn representation that it had produced all non-privileged information related to the noticed topic, so that defendant's 30(b)(6) notice would only serve to ascertain privileged information); see also S.E.C. v. Morelli, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) ("Given plaintiff's sworn, uncontroverted statement that all relevant, non-privileged evidence has been disclosed to the defendants," defendant's proposed 30(b)(6) deposition was moot). IBM's "generalized assertion" is insufficient to support an attorney-client-privilege objection to a 30(b)(6) notice. Morelli, 143 F.R.D. at 46.

---

underlay in significant part SCO's efforts to obtain Rule 30(b)(6) representatives to address those topics. (See, e.g., SCO Br. at 3-6.)

8

Even if IBM's attorneys were present, for example, IBM's discussions with Sequent are not privileged, because Sequent is a third party whose presence defeats any claim of privilege. See In re Grand Jury Subpoenas, 144 F.3d 653, 659 (10th Cir. 1998). Nor would IBM disclose any "privileged" information in describing the consideration of UNIX-related issues that IBM executives and management gave to the Sequent acquisition; IBM cannot seriously contend that its attorneys were the only ones who considered that subject. As to in-house counsel, moreover, IBM cannot claim privilege over discussions regarding business, rather than legal, issues. See, e.g., Willemijn Houdstermaatschaapij BV v. Apollo Computer, 707 F. Supp. 1429, 1450 (D. Del. 1989). In each of these respects, IBM fails to meet its burden, and should be required to produce a representative to address the foregoing topic.

### B. SCO Reasonably Seeks a Representative to Discuss IBM's Communications with Novell.

IBM also refuses to produce a representative to testify to IBM's communications with Novell "relating to SCO and/or any of its predecessor entities," or "relating to the Asset Purchase Agreement between Novell and the Santa Cruz Operation, Inc., and any amendments thereto." That testimony is relevant because this litigation directly concerns the purchase agreement whereby SCO's predecessor acquired Novell's UNIX assets and business, and the close business relationship between IBM and Novell concerning Linux. As SCO has shown the Court, IBM has invested millions of dollars in Novell, and Novell has assisted IBM in this litigation. Novell claims that it, not SCO, owns the UNIX copyrights at issue. In one of its since-denied motions for summary judgment, for example, IBM cited Novell's claim to have "waived" IBM's breaches of its software agreement with SCO. (See IBM's Mem. in Support of Motion for Partial Summary Judgment for Breach of Contract Claims (8/13/04) at 71-74.) The discussions

9

between IBM and Novell that have formed the basis for Novell's assertions, and for the financial and business relationship between the two, are obviously of great relevance to SCO's claims.

IBM objects to SCO's request on the grounds that it would unduly burden IBM to prepare a witness to speak to all of IBM's communications with Novell concerning SCO's predecessor entities, and that "SCO is free to depose in their individual capacity persons involved in communications with Novell." (IBM Br. at 12.) IBM does not explain why individual depositions would be "better," and SCO submits that a Rule 30(b)(6) deposition is obviously preferable because IBM is able to identify the appropriate individuals to testify on the topic, where SCO can only speculate. The burden IBM seeks to impose on this litigation by requiring SCO to depose various individual IBM representatives who spoke with Novell is substantially greater than any burden on IBM addressing that subject in the context of a Rule 30(b)(6) deposition.

Finally, IBM ignores the important differences between an individual and a 30(b)(6) deposition. IBM will be obligated to prepare the representative(s) and ensure that he (or they) gives "complete, knowledgeable, and binding answers" on its behalf. United States v. Taylor, 166 F.R.D. 356, 360-61 (M.D.N.C.1996); accord Paul Revere Life Ins. Co. v. Jafari, 206 F.R.D. 126, 127-28 (D. Md. 2002).

## CONCLUSION

SCO respectfully requests, for the foregoing reasons, that the Court order IBM to produce (1) from the files of Samuel Palmisano, Irving Wladawsky-Berger, and IBM's Board of

10

Directors all non-privileged documents that refer to or mention Linux; and (2) an appropriate witness (or witnesses) for the Rule 30(b)(6) topics addressed above.

DATED this 25th day of February, 2005.

>Respectfully submitted,
>
>HATCH, JAMES & DODGE, P.C.
>Brent O. Hatch
>Mark F. James
>
>BOIES, SCHILLER & FLEXNER LLP
>Stuart Singer
>Edward Normand
>Sean Eskovitz
>
>By _____
>
>*Counsel for The SCO Group, Inc.*

11

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, hereby certifies that a true and correct copy of **SCO'S REPLY MEMORANDUM IN FURTHER SUPPORT OF RENEWED MOTION TO COMPEL DISCOVERY** was served on Defendant International Business Machines Corporation by first class mail on the 25th day of February, 2005, as follows:

Alan L. Sullivan, Esq.
Todd M. Shaughnessy, Esq.
Snell & Wilmer L.L.P.
15 West South Temple, Ste. 1200
Salt Lake City, Utah 84101-1004

Evan R. Chesler, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

*/s/ Nedelka Hackhradurie*

## **CERTIFICATE OF SERVICE**

Plaintiff/Counterclaim Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing was served on Defendant IBM on the 5th day of July, 2005 by U.S. Mail to:

David Marriott, Esq.
CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Donald Rosenberg, Esq.
1133 Westchester Avenue
White Plains, NY 10604

Todd Shaughnessy, Esq.
SNELL & WILMER LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, UT 84101-1004

*/s/ Laura R. Chaves*