

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307

*Attorneys for The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff | **UNSEALED EXHIBITS TO MEMORANDUM IN OPPOSITION TO IBM'S MOTION FOR ENTRY OF ORDER LIMITING SCOPE OF IBM'S NINTH COUNTERCLAIM**<br>[Docket No. 425]<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

# EXHIBIT A



Not Reported in F.Supp.2d
2002 WL 31115239 (D.Kan.)
**(Cite as: 2002 WL 31115239 (D.Kan.))**

Page 1

**H**

<u>Motions, Pleadings and Filings</u>

Only the Westlaw citation is currently available.

United States District Court, D. Kansas.
Michael DEAN, Plaintiff,
v.
Jack ANDERSON; Pegasus Engineering, L.L.C.;
Thomas Waterhouse; Charles Baker;
and Baker Associates, Defendants/Third-Party
Plaintiffs,
v.
W.K. JENKINS and Guadlupe Dean, Third-Party
Defendants.
**No. 01-2599-JAR.**

Sept. 18, 2002.

MEMORANDUM AND ORDER GRANTING
*PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIM*

<u>ROBINSON</u>, District J.

*1 This matter is before the Court on Plaintiff's
Motion to Dismiss Counterclaim (Doc. 61) filed
pursuant to <u>Rule 12(b)(6) of the Federal Rules of
Civil Procedure</u>. Defendants filed a Response (Doc.
64) and plaintiff Michael Dean ("Plaintiff Dean")
filed a Reply (Doc. 66). The Court has reviewed the
parties' filings, and for the reasons set forth below,
*Plaintiff Dean's motion to dismiss shall be granted.*

I. BACKGROUND

On April 3, 2002, Plaintiff Dean filed a First
Amended Complaint (Doc. 34) alleging common law
claims of fraud, negligence, and conversion;
violations of Kansas securities law; securities fraud in
violation of Federal law; and recision for use of an
unregistered broker dealer in violation of Federal
securities law. The basis of Plaintiff Dean's complaint
stems from a transaction occurring in November of
2001. At that time, defendants Baker and Waterhouse
approached W.K. Jenkins, Plaintiff Dean's business
associate, soliciting an investment in defendant
Pegasus Engineering, L.L.C ("Pegasus"). Later, W.K.
Jenkins forwarded the materials he received from

Baker and Waterhouse, regarding the possible
investment in Pegasus, to Plaintiff Dean. Plaintiff
Dean began communicating with defendant
Anderson. Plaintiff Dean's discussions with Anderson
culminated in a check for $55,000 made to Anderson
and drawn from Plaintiff Dean and Guadlupe Dean's
joint bank account. The memo line on the check
contains the following language, "personal loan, 10%
per annum." Defendants claim that the $55,000 did
not come from Plaintiff Dean's personal funds, but
instead, the money actually belonged to W.K. Jenkins
and Plaintiff Dean was working as his agent.

After Plaintiff Dean's complaint was filed,
defendants filed a motion to dismiss or transfer based
on venue. The Court denied defendants' motion in a
*Memorandum and Order* ("M & O") dated May 2,
2002. [FN1] In defendants' motion to dismiss or
transfer venue they argued that venue was not proper
in Kansas because contacts between defendants and
Plaintiff Dean that occurred in Kansas did not serve
as a basis for venue. Defendants alleged that the
transaction actually occurred between defendants and
W.K. Jenkins, who is a Missouri resident; and
Plaintiff Dean merely acted as an agent. The relevant
contacts, according to defendants, would have been
the contacts with W.K. Jenkins. In rejecting this
assertion, the Court noted that the record was clearly
*contrary to defendants' contentions.* The Court found
that while defendants may have initially approached
W.K. Jenkins, "defendants later sought out plaintiff's
personal investment." [FN2] The Court noted that
defendants' own correspondence pointed to the fact
that the deal was with Plaintiff Dean, not with W.K.
Jenkins.

FN1. *Dean v. Anderson,* No. 01-2599-JAR,
2002 WL 1067454 (D.Kan. May 2, 2002).

FN2. *Id.* at *2.

After the Court denied defendants' motion to
dismiss, defendants filed a "Counterclaim/Third
Party Claim" seeking declaratory relief (Doc. 50).
Defendants' counterclaim seeks "a judicial
determination as to whether the $55,000 described in
counterdefendant Michael Dean's First Amended
Complaint is owed and to whom, and a judicial
determination binding counterdefendants Guadlupe
Angelica Dean and W.K. Jenkins to any judgment
entered in this case with respect to the $55,000."

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2002 WL 31115239 (D.Kan.)
(Cite as: 2002 WL 31115239 (D.Kan.))

Page 2

(Doc. 50 at 3). Defendants further seek "a judicial determination as to whether [W.K.] Jenkins has a claim for violations of state securities fraud or Federal securities fraud." While it is not completely clear from the face of defendants' pleading exactly what they are attempting to accomplish, it appears that defendants are asserting a counterclaim against Plaintiff Dean, Guadlupe Dean, and W.K. Jenkins pursuant to <u>Rule 13 of the Federal Rules of Civil Procedure</u>. It also appears that defendants are asserting a third-party complaint against Guadlupe Dean and W.K. Jenkins pursuant to <u>Rule 14 of the Federal Rules of Civil Procedure</u>. However, defendants' Response to Plaintiff Dean's motion to dismiss the counterclaim discusses the necessity of joining Guadlupe Dean and W.K. Jenkins as parties pursuant to <u>Rules 19</u> and <u>20 of the Federal Rules of Civil Procedure</u>. Incidentally, defendants have not moved to join Guadlupe Dean or W.K. Jenkins as parties pursuant to <u>Rules 19</u> or <u>20</u>. In any event, this order will only address defendants' counterclaim against Plaintiff Dean and defendants' counterclaim against Guadlupe Dean and W.K. Jenkins. Whether defendants have properly asserted a third-party claim against Guadlupe Dean and W.K. Jenkins or whether Guadlupe Dean and W.K. Jenkins should be joined as parties is not before the Court.

## II. STANDARD OF REVIEW

\*2 The court will dismiss a counterclaim for failure to state a claim under <u>Rule 12(b)(6) of the Federal Rules of Civil Procedure</u> when it appears beyond a doubt that the counterclaimant can prove no set of facts supporting its counterclaim which would entitle it to relief. <u>[FN3]</u> In considering a <u>Rule 12(b)(6)</u> motion, the court must assume as true all well-pleaded facts, as distinguished from conclusory allegations, and must draw all reasonable inferences in favor of the nonmovant. <u>[FN4]</u>

> FN3. <u>H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249- 50 (1989)</u>.

> FN4. <u>Housing Auth. of the Kaw Tribe v. City of Ponca City, 952 F . 2d 1183, 1187 (10th Cir.1991)</u>; <u>Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir.1984)</u>.

## III. DISCUSSION

Plaintiff Dean seeks dismissal of defendants' counterclaim, alleging the counterclaim is unnecessary, duplicative, and redundant. Plaintiff Dean argues that the subject of defendants'

counterclaim has already been framed by the parties in their pleadings and has essentially been rejected by the Court in its May 2, 2002 M & O.

Defendants do not disagree that the subject of the counterclaim has already been framed by the parties, but defendants assert that their counterclaim is not duplicative because the counterclaim accomplishes the necessary joinder of Guadlupe Dean and W.K. Jenkins. Defendants claim that while the check was written out of Plaintiff Dean and Guadlupe Dean's bank account, W.K. Jenkins provided the money to Plaintiff Dean and he should therefore be bound by any judgment regarding the $55,000. Defendants assert that it is critical to join all parties of interest, including Guadlupe Dean and W.K. Jenkins, if this dispute is going to be resolved in one action.

Defendants' arguments regarding the necessity of joining Guadlupe Dean and W.K. Jenkins as parties are not persuasive in deciding whether the counterclaim should be dismissed. Defendants' arguments completely miss the mark. Contrary to defendants' assertion, filing a counterclaim against non-parties does not accomplish the task of joining those individuals as parties. To the extent defendants have attempted to assert a counterclaim against Guadlupe Dean and W.K. Jenkins, the supposed counterclaim is *sua sponte* dismissed. <u>[FN5]</u> Guadlupe Dean and W.K. Jenkins are not "counterdefendants" as defendants refer to them in their pleadings. A counterclaim must be asserted against an existing, opposing party. <u>[FN6]</u> Defendants may not circumvent this rule by asserting a third-party claim against Guadlupe Dean and W.K. Jenkins. <u>[FN7]</u> Neither Guadlupe Dean nor W.K. Jenkins are existing or opposing parties for purposes of the counterclaim. Additionally, while it is true <u>Rule 13(h)</u> would permit the joinder of Guadlupe Dean and W.K. Jenkins in accordance with <u>Rules 19</u> and <u>20</u>, if there is no valid counterclaim against Plaintiff Dean, as discussed below, there can be no joinder of additional parties necessary to adjudicate the counterclaim. Furthermore, defendants have not moved to join Guadlupe Dean and W.K. Jenkins as parties to the counterclaim pursuant to <u>Rule 13(h)</u>; nor have defendants moved to join Guadlupe Dean and W.K. Jenkins as parties to the original action pursuant to <u>Rule 19</u> or <u>20</u>.

> FN5. See <u>McKinney v. Okla. Dept. of Human Servs., 925 F.2d 363, 365 (10th Cir.1991)</u> (upholding a district court's *sua sponte* dismissal of a claim because it was obvious that no claim was stated in the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2002 WL 31115239 (D.Kan.)
(Cite as: 2002 WL 31115239 (D.Kan.))

Page 3

complaint).

FN6. *See* Fed.R.Civ.P. 13; *Ponderosa Dev. Corp. v. Bjordahl,* 787 F.2d 533, 536 (10th Cir.1986) ("An attempt to implead additional parties is materially different from a claim against an already opposing party under Rule 13(a).").

FN7. *Moore's Federal Practice,* § 13.90[2][b] (Matthew Bender 3d ed.) ("The defendant may not confer compulsory status upon a claim by using it as a basis for impleading third-party defendants not currently parties to the action.").

*3 As to defendants' counterclaim against Plaintiff Dean, the Court finds that whether the funds in question came from Plaintiff Dean personally or from another individual is an issue that will be determined in the primary litigation and does not require a counterclaim. The proposed counterclaim against Plaintiff Dean will become moot upon disposition of his claims, and is therefore redundant. [FN8] In their Response, defendants do not dispute that the issue raised by their counterclaim has already been framed by prior pleadings. Instead, defendants merely make arguments regarding the propriety of joining Guadlupe Dean and W.K. Jenkins. These arguments are irrelevant in determining the viability of defendants' counterclaim against Plaintiff Dean; and consequently, the Court finds the counterclaim shall be dismissed.

FN8. *Mille Lacs Band of Chippewa Indians v. Minnesota,* 152 F.R.D. 580, 582 (D.Minn.1993) (citing *Aldens, Inc. v. Packel,* 524 F.2d 38, 51- 52 (3d Cir.1975)).

## IV. CONCLUSION

Plaintiff Dean's motion to dismiss defendants' counterclaim shall be granted. The Court finds that the counterclaim is redundant as it applies to Plaintiff Dean and is therefore unnecessary. To the extent defendants assert a counterclaim against Guadlupe Dean and W.K. Jenkins, the counterclaim is also dismissed because Guadlupe Dean and W.K. Jenkins are not existing, opposing parties against whom a counterclaim may be asserted.

IT IS THEREFORE BY THIS COURT ORDERED that plaintiff's Motion to Dismiss Counterclaim (Doc. 61) is granted.

IT IS FURTHER ORDERED that defendant's counterclaim as it applies to Guadlupe Dean and W.K. Jenkins shall be dismissed.

2002 WL 31115239 (D.Kan.)

**Motions, Pleadings and Filings (Back to top)**

·                2:01CV02599                    (Docket) (Dec. 17, 2001)

*END OF DOCUMENT*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

Westlaw.

Not Reported in F.Supp.
1991 WL 203864 (N.D.Ill.)
(Cite as: 1991 WL 203864 (N.D.Ill.))

Page 1

**H**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern
Division.
RSL HOLDING COMPANY, INC., Reliance
Standard Insurance Company of Texas and
Reliance Standard Insurance Company, Plaintiffs,
v.
DRESSER INDUSTRIES, INC., Defendant.
No. 89 C 7004.

Oct. 1, 1991.

*MEMORANDUM OPINION AND ORDER*

ANN C. WILLIAMS, District Judge.

*1 This matter is before the court on three motions
by plaintiffs asking this court to strike defendant's
affirmative defense, defendant's counterclaim, and
references to settlement negotiations made in the
counterclaim. Also before the court are the
defendant's motion to amend it's answer, and motion
*for leave to file its counterclaim.* With respect to
these motions, the court rules as follows.

The Motion to Strike the Affirmative Defense

As a preliminary statement, the court notes that
when deciding a motion to strike, "the court must
treat all well-pleaded facts as admitted and cannot
consider matters outside the pleadings." *Federal
National Mortgage Association v. Cobb,* 738 F.Supp.
1220, 1224 (N.D.Ind.1990). A motion to strike
should not be granted unless the court is "convinced
*that there are no questions of fact, that any questions
of law are clear and not in dispute, and that under no
set of circumstances could the defense succeed."
Lirtzman v. Spiegel, Inc.,* 493 F.Supp. 1029, 1031
(N.D.Ill.1980), *quoting, Systems Corp. v. American
Telephone & Telegraph.*

This action was filed on September 15, 1989.
*Plaintiff's first claim is predicated upon Section 10(b)
of the Securities Exchange Act of 1934 (the
"Exchange Act"), 15 U.S.C. § 78(j)(b) (1988), and

Rule 10b-5, promulgated thereunder. On October
29, 1990, defendant filed a notice of motion seeking
leave to amend its answer to assert a statute of
limitations defense based on the limitations period
held applicable in *Short v. Belleville Shoe Mfg Co.,*
908 F.2d 1385 (7th Cir.1990), to 10b-5 cases filed in
Illinois. *Short* overruled eighteen years of clear
Seventh Circuit precedent applying the statute of
limitations from state blue sky laws to cases under
Section 10b-5 of the Exchange Act and Rule 10b-5.
*See e.g., Davenport v. A & C Davenport and Son Co.,*
903 F.2d 1139 (7th Cir.1990).

In *Short* the Seventh Circuit held that Section 13 of
the of Securities Act as amended by the Securities
Act of 1934 (¶ 13) 15 U.S.C. ¶ 77, provides the
most appropriate limitations period for 10b-5, and
10b-5 actions. *Short,* 908 F.2d 1385 (7th Cir.1990).
Section 13 provides that an action is barred unless
brought within one year of the discovery of the
untrue statement or omission but in no event shall
any action be brought more than three years after the
sale. 15 U.S.C. ¶ 77m. This action was filed nearly
a year before *Short* was decided. Defendant states
that the affirmative defense is based upon facts
uncovered during discovery. [FN1]

In view of the liberal standards governing leave to
amend, plaintiff filed a timely statement of non-
opposition to the motion to amend, but they have also
filed a motion to strike defendant's statute of
limitations defense on the merits, pursuant to 12(f).
*Plaintiffs contend that the affirmative defense should
be stricken because the new, shorter statute of
limitations should not be applied retroactively to this
action.

Plaintiffs' motion to strike is denied for the following
reasons. First, "as a general rule, judicial decisions
apply 'retroactively.' " *Anton v. Lehpamer,* 787 F.2d
1141, 1143 (7th Cir.1986) (quoting *Solem v. Stumes,*
465 U.S. 638, 642 (1984)). To determine whether an
exception to the general rule of retroactivity should
be applied, a court must consider the factors stated in
*Chevron Oil Co v. Hudson,* 404 U.S. 97 (1971):

*2 First, the decision to be applied retroactively must
establish a new principle of law, either by overruling
clear past precedent on which litigants may have
relied, ... or by deciding an issue of first impression
whose resolution was not clearly foreshadowed....

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                Page 2
1991 WL 203864 (N.D.Ill.)
(Cite as: 1991 WL 203864 (N.D.Ill.))

Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect and whether the retrospective operation will further or retard its operation." ... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively there is ample basis in our cases for avoiding the 'injustice or hardship by a holding of non-retroactivity."

*Id.* at 107 (citations omitted).

The courts have interpreted the first prong of the *Chevron* test to require more than a clear line of prior authority, and have explained that the purpose of the first part of the test is to protect parties who have justifiably relied on the previously existing authority. *See e.g., Gatto v. Meridian Medical Association, Inc., 882 F.2d 840, 843 (3rd Cir.1989), and Short, 908 F.2d at 1389-90 (7th Cir.1990).* Hence, to avoid the retroactive application of a new limitations period, *Chevron* requires a party to show a clear line of authority (which is present here), and to demonstrate *justified reliance on that authority.*

Plaintiffs contend that it would be improper to retroactively apply the shorter statute announced in *Short* because they justifiably relied on eighteen years of Seventh Circuit precedent in filing their suit. The court rejects this argument. Plaintiffs focus only on the fact that the statute of limitations was three years when the suit was filed, but present no argument or concrete evidence which suggest their reliance on the three year statute. Further, plaintiffs have stated in their complaint that they were not aware of defendant's fraud until a few months before they filed their suit. (See ¶ 23, "RSLH and RSL Texas discovered the fraud by Dresser in connection with the 1989-1990 renewal process". Plaintiffs filed this lawsuit in September 1989). The facts currently before the court indicate that plaintiff has not demonstrated reliance within the meaning of the *Chevron* test. [FN2]

In the affirmative defense, defendant asserts that plaintiff should have been aware of the alleged fraud years before they filed suit, so that they are barred under the three year statute. The court has not yet been presented with the evidence which will support this argument, but the court is not convinced that the defense cannot succeed. At the same time, the question of whether the statute applies retroactively in this case, under the *Chevron* test cannot yet be

determined. [FN3] The motion to amend defendant's answer is granted, and plaintiffs' *motion to strike* the defense is denied.

Motion to Strike the Counterclaim

*3 Defendant Dresser seeks leave to file a counterclaim for a declaratory judgment in this action. Plaintiff argues that the counterclaim is the mirror image of plaintiffs' complaint, and therefore should be stricken because it is futile. Plaintiff states that the defendant seeks declaratory judgment on the same issues of contractual interpretation which form the basis of plaintiffs' complaint. Plaintiff contends that there are no issues raised by the counterclaim which have not been previously raised by the complaint, and that any judgment on the complaint would dispose of the counterclaim. In addition, as will be dealt with below, plaintiff argues that the only factual matter raised in the counterclaim that is not raised in the claim are improper references to plaintiff's position during settlement negotiations, which should themselves be stricken.

Initially, the court notes that an amendment to add a counterclaim is judged by the same standards governing other amendments under Fed.R.Civ.P. 15(a). Generally, leave to amend is freely given

[i]n the absence of any apparent or declared reason-- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment [or] futility of the amendment....

*Foman v. Davis, 371 U.S. 178, 182 (1962).*

Courts regularly dismiss redundant counterclaims. *See e.g., Schlossberg v. Koehring Co., 333 F.Supp. 1345 (E.D. Wis.1971)* (After trial, counterclaim dismissed on the grounds that it essentially asked for relief on matters already put at issue by the complaint and answer). In the instant case, however, it is not clear that defendant's counterclaim is completely redundant.

First, Dresser seeks a declaration by the court that Dresser did not breach the *Agreement* by rejecting plaintiff's proposal or by purchasing insurance from another carrier. Defendant contends that without such a declaration plaintiffs might later argue that Dresser's award of business to another carrier constituted a separate breach of the Agreement.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1991 WL 203864 (N.D.Ill.)
(Cite as: 1991 WL 203864 (N.D.Ill.))

Page 3

Plaintiffs do not deny the legitimacy of this argument. Thus, it appears that a disposition of plaintiffs' breach of contract claim would not resolve whether actions taken by Dresser subsequent to the filing of the complaint amounted to breach of the Agreement. [FN4] Count II of the counterclaim seeks a declaration that plaintiffs breached the Agreement by filing suit, and that therefore, the Agreement was terminated. [FN5] Dresser again argues that even if it prevails on plaintiffs' breach of contract claim, it will not be granted all the relief it seeks in Count II, since its contention that plaintiffs are in breach is not covered by the complaint. It appears that in this lawsuit, the fact that one party did not breach the contract is not necessarily evidence that the other party was in breach, especially since the counterclaim covers a time period which plaintiffs' complaint does not consider.

*4 The court finds that disposition of plaintiffs' breach of contract claim will not resolve all of the issues presented in defendant's counterclaim, and that giving defendant's leave to file their counterclaim will not be futile. Accordingly, defendant's motion for leave to file a counterclaim is granted, and plaintiffs' motion to strike the counterclaim is denied.

Motion to Strike References to Settlement Negotiations

If the court gives the defendant leave to file the counterclaim, plaintiffs request that the court strike from the counterclaim, pursuant to Fed.R.Civ.P. 12(f), all references to settlement negotiations. Plaintiffs contend that the counterclaim contains both factual allegations concerning plaintiffs' refusal to compromise its claims (See Counterclaim, ¶ ¶ 20, 21, 25) as well as a request for a declaration concerning the legal implications of plaintiffs' negotiating posture. Plaintiff contends that such references are plainly prohibited by Fed.R.Evid. 408, and thus should be stricken from the counterclaim. Plaintiff also notes that it would be highly prejudicial if the jury were to learn that the plaintiffs at one point valued the case for settlement purposes as described in the counterclaim.

Federal Rule of Evidence 408 prohibits the admission of evidence concerning the positions taken by litigants during settlement talks, which is offered "to prove liability for or invalidity of the claim. Evidence of conduct or statements made in compromise negotiations is likewise not admissible." Plaintiff correctly notes that courts in this district have not hesitated to strike allegations which violated

Rule 408. See e.g., Bramen v. Woodfield Gardens Assoc., 715 F.Supp. 226, 230 (N.D.Ill.1989).

At issue, at this point, is whether the disputed paragraphs refer to settlement negotiations. Defendant contends that none of the statement set forth in paragraphs 20, 21 and 25 constitute "settlement negotiations". The court will not speculate on what defendant means by placing the phrase settlement negotiations in quotation marks. For purposes of this motion, defendant's allegations are taken as true.

Given the record currently before us, the court cannot determine whether the disputed paragraphs make reference to settlement negotiations, and if so whether those references are prohibited. [FN6] It is more likely that this issue can resolved when the court reviews the pending motion for summary judgment. In conjunction with that motion the parties may submit affidavits and legal argument on the issue within seven days of the date of this opinion, if they have not already done so. At summary judgment, the court will be better able to determine whether the references concern settlement, will have a clearer understanding of the legal theory that the references are intended to support, and will be better able to determine whether those references are proper. Accordingly, at this juncture, plaintiffs' motion to strike is denied without prejudice.

*Conclusion*
*5 For the foregoing reasons the plaintiffs' motions to strike are denied. The motion to strike references to settlement negotiations is denied without prejudice. Defendant's motion to amend it's answer, and for leave to file a counterclaim for declaratory judgment is granted.

> FN1. Dresser contends that plaintiffs knew or should have known that the fraudulent statements of omissions alleged in the complaint were untrue before the closing date of the Stock Purchase Agreement (November 6, 1987), and that plaintiffs' 10b-5 claim is barred because this suit was filed within one year of the time the plaintiffs discovered the alleged fraud.

> FN2. The court also notes that there has been no suggestion that retroactive application would result in any inequity to plaintiffs (the third prong of the *Chevron* test), since under the allegations made in the complaint, plaintiffs' cause of action is not

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1991 WL 203864 (N.D.Ill.)
(Cite as: 1991 WL 203864 (N.D.Ill.))

Page 4

barred under the one year statute.

FN3. It seems to the court that this is an issue which would be resolved on a motion to dismiss, or more likely a motion for summary judgement.

FN4. Plaintiffs' suggestion that this point could be remedied by simply amending plaintiffs' does not address all of the relief sought in the counterclaim.

FN5. Defendant contends, once again, that without such a declaration, plaintiffs might later argue that Dresser has some continuing obligation to do business with the plaintiffs.

FN6. Citing *Central Soya Co. v. Epstein Fisheries, Inc., 676 F.2d 939, 944 (7th Cir.1982),* defendant claims that the paragraphs are proper and admissible even if the court were to view the paragraphs as references to settlement negotiations, because they are being offered to show the course of action taken by the plaintiff to coerce the defendant into doing business with them. Defendant also argues that evidence of plaintiffs' statements should be admissible to prove that they were not part of settlement negotiations. *See McCormick on Evidence,* at 812 (3d Ed.1984).

1991 WL 203864 (N.D.Ill.)


**Motions, Pleadings and Filings (Back to top)**

.       1:89CV07004          (Docket) (Sep. 15, 1989)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing was served on Defendant IBM on the 6th day of July, 2005 by U.S. Mail to:

David Marriott, Esq.
CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Donald Rosenberg, Esq.
1133 Westchester Avenue
White Plains, NY 10604

Todd Shaughnessy, Esq.
SNELL & WILMER LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, UT 84101-1004