Exhibits/
Attachments
to this document
have **not** been
scanned.

Please see the
case file.

# EXHIBIT G

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., | **DECLARATION OF SAMUEL J. PALMISANO** |
| Plaintiff/Counterclaim-Defendant, | |
| v. | **FILED UNDER SEAL** |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | Civil No. 2:03CV-0294 DAK |
| Defendant/Counterclaim-Plaintiff. | Honorable Dale A. Kimball |
| | Magistrate Judge Brooke C. Wells |

I, Samuel J. Palmisano, declare as follows:

1.    I am the Chief Executive Officer and Chairman of the Board of Directors of International Business Machines Corporation ("IBM").

2.    This declaration is submitted in connection with the lawsuit brought by The SCO Group, Inc. ("SCO") against IBM, titled The SCO Group, Inc. v. International Business Machines Corporation, Civil No. 2:03CV-0294 DAK (D. Utah 2003). I make this declaration based upon personal knowledge.

3.    I allowed attorneys from IBM and Cravath, Swaine & Moore LLP to have unrestricted access to all of the documents in my possession or control, including hard copy documents, soft copy documents, and e-mails.

4.    On February 18, 2004, two attorneys, and on February 19, 2004, one attorney, came to my office in Armonk, New York, and searched through my files for documents responsive to SCO's discovery requests. I did not withhold any documents from the attorneys' review.

5.    I declare under penalty of perjury that the foregoing is true and correct.

Executed: November **18** 2004.

Armonk, New York

_Samuel J. Palmisano_
Samuel J. Palmisano

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of November, 2004, a true and correct copy of

the foregoing was hand delivered to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

> Robert Silver
> Edward Normand
> Sean Eskovitz
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504

3

# EXHIBIT H

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
  *International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., | **DECLARATION OF IRVING WLADAWSKY-BERGER** |
| Plaintiff/Counterclaim-Defendant, | |
| v. | **FILED UNDER SEAL** |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | Civil No. 2:03CV-0294 DAK |
| | Honorable Dale A. Kimball |
| Defendant/Counterclaim-Plaintiff. | Magistrate Judge Brooke C. Wells |

I, Irving Wladawsky-Berger, declare as follows:

1.      I am currently employed by International Business Machines Corporation ("IBM") as Vice President, Technical Strategy and Innovation.

2.      This declaration is submitted in connection with the lawsuit brought by The SCO Group, Inc. ("SCO") against IBM, titled The SCO Group, Inc. v. International Business Machines Corporation, Civil No. 2:03CV-0294 DAK (D. Utah 2003).  I make this declaration based upon personal knowledge.

3.      On August 12, 2003, I met with counsel for IBM for the purpose of providing all documents in my possession that were responsive to SCO's document requests.  The attorneys discussed with me in detail each of the categories of documents sought by SCO through its document requests.

4.      During this meeting, I, with help from my administrative assistant, identified the documents in my possession (in both hard copy or electronic form) that I believed might be responsive to the document requests.  We subsequently searched for, located and forwarded all of those documents to IBM's Corporate Litigation department in White Plains, New York.

5.      I understand that further review by attorneys for IBM determined that none of the documents I provided were responsive to any of SCO's document requests.

6.      Subsequently, in both February 2004 and March 2004, my assistant and I searched again for documents that were responsive to additional document requests from SCO, as well as the March 3, 2003 Order of this Court.  We did not find any additional responsive documents.

2

7.      On October 29, 2004, I met again with several attorneys representing IBM in this litigation.  During that meeting, I recalled the existence of two folders of electronic documents on my computer that I may have overlooked in our prior searches for relevant documents.  I gave to the attorneys CDs containing copies of all of the documents in the two folders.  I understand that the attorneys have determined that some of the documents I recently provided are responsive to some of SCO's document requests, and that the attorneys will be producing those documents to SCO.

8.      I declare under penalty of perjury that the foregoing is true and correct.

Executed:  November 17, 2004.

Somers, New York

_____

Irving Wladawsky-Berger

[[NYLIT:2297875v1:4116W:11/11/04--11:02 a]]

## CERTIFICATE OF SERVICE

I hereby certify that on the 17 day of November, 2004, a true and correct copy of

the foregoing was hand delivered to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

> Robert Silver
> Edward Normand
> Sean Eskovitz
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504

4

# EXHIBIT I

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., | **DECLARATION OF ANDREW BONZANI** |
| Plaintiff/Counterclaim-Defendant, | **FILED UNDER SEAL** |
| v. | Civil No. 2:03CV-0294 DAK |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | Honorable Dale A. Kimball |
| Defendant/Counterclaim-Plaintiff. | Magistrate Judge Brooke C. Wells |

I, Andrew Bonzani, declare as follows:

1.     I am currently employed by International Business Machines Corporation ("IBM") as Assistant Secretary and Associate General Counsel.

2.     This declaration is submitted in connection with the lawsuit brought by The SCO Group, Inc. ("SCO") against IBM, titled <u>The SCO Group, Inc. v. International Business Machines Corporation,</u> Civil No. 2:03CV-0294 DAK (D. Utah 2003).  I make this declaration based upon personal knowledge.

3.     As Assistant Secretary, I am responsible for overseeing and maintaining the files with respect to the meetings of the IBM Board of Directors, including materials delivered or presented to the Board.

4.     IBM maintains files for all such materials and members of the Board are not required to maintain or preserve their own copies of such materials.  At the end of each meeting of the Board of Directors, the materials for that Board meeting are left behind for collection by members of the Secretary's staff.

5.     In March 2004, I and persons under my direction conducted a full and complete search of the Board's files for documents responsive to SCO's document requests.  We turned over all such documents that we believed to be responsive to our outside counsel at Cravath, Swaine & Moore LLP for their review.  I understand that all responsive, non-privileged documents from the Board files have been produced to SCO.

6.    I declare under penalty of perjury that the foregoing is true and correct.

Executed:  November __, 2004.

Armonk, New York

Andrew Bonzani

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___ day of November, 2004, a true and correct copy of

the foregoing was hand delivered to the following:

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

Robert Silver
Edward Normand
Sean Eskovitz
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

4

# EXHIBIT J

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **DECLARATION OF ALEC S. BERMAN** <br><br> **FILED UNDER SEAL** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

I, Alec S. Berman, declare as follows:

1.      I am currently employed by International Business Machines Corporation ("IBM") as Associate General Counsel—Corporate Litigation.

2.      This declaration is submitted in connection with the lawsuit brought by The SCO Group, Inc. ("SCO") against IBM, titled <u>The SCO Group, Inc. v. International Business Machines Corporation</u>, Civil No. 2:03CV-0294 DAK (D. Utah 2003).   I make this declaration based upon personal knowledge.

3.      On February 18, 2004, Peter Ligh, an attorney from Cravath, Swaine & Moore LLP ("Cravath"), and I visited the office of Samuel Palmisano in Armonk, New York.   Mr. Ligh and I performed a thorough search of Mr. Palmisano's files.   We reviewed Mr. Palmisano's documents (including his e-mails), and selected all documents that were potentially responsive to SCO's document requests for copying and further review.

4.      On February 19, 2004, I returned to Mr. Palmisano's office to review files in two additional file drawers that had been inadvertently overlooked on our visit the day before.   I again selected all documents that were potentially responsive for copying and further review.

5.      After copies were made of Mr. Palmisano's potentially responsive documents, attorneys from Cravath reviewed those documents for responsiveness and privilege.   I understand that more than 1,000 pages of Mr. Palmisano's documents were determined to be responsive and non-privileged and have been produced to SCO.

2

6.      I declare under penalty of perjury that the foregoing is true and correct.


Executed:  November 15, 2004.

White Plains, New York

_Alec S Berman_
_____
                  Alec S. Berman

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 19 day of November, 2004, a true and correct copy of

the foregoing was hand delivered to the following:

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

and was sent by U.S. Mail, postage prepaid, to the following:

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

Robert Silver
Edward Normand
Sean Eskovitz
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

4

# EXHIBIT K

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **PLAINTIFF/COUNTERCLAIM-DEFENDANT SCO'S NOTICE OF 30(b)(6) DEPOSITION** <br><br><br> Case No. 2:03CV0294DAK <br> Honorable Dale A. Kimball <br> Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, counsel for plaintiff/counterclaim-defendant The SCO Group, Inc. ("SCO") will take the deposition upon oral examination of defendant/counterclaim-plaintiff International Business Machines Corporations ("IBM"), on December 15, 2004, beginning at 9:00 a.m. This deposition will be taken at the offices of SCO's counsel Boies, Schiller & Flexner LLP, 333 Main Street, Armonk, New York, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

IBM is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to IBM, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO hereby incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure, SCO's First Request for Production of Documents and First Set of Interrogatories (June 23, 2003), and the local rules or individual practices of this Court, and supplements them as follows:

As used herein the term "UNIX Software Product" refers to the entire contents of any licensed UNIX product, including all intellectual property, source code, structures, sequences, organization, ideas, methods and concepts therein; and the entire contents of any software product(s) based (in whole or in part) on, derived or modified from, or created through exposure to, the original licensed UNIX product.

DATED this 30th day of November, 2004.

*Edward Normand* /℗

BOIES, SCHILLER & FLEXNER LLP
Robert Silver (admitted pro hac vice)
Stephen N. Zack (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)

*Attorneys for The SCO Group, Inc.*

## TOPICS FOR DEPOSITION

1. The extent to and manner in which UNIX Software Products were used, directly or indirectly, in the creation, derivation, or modification of any source code that IBM contributed to Linux, including, but not limited to, the following:

   a. The date and nature of IBM's contributions of source code from AIX or Dynix, whether copied in a literal or non-literal manner, to Linux;

   b. IBM's and Sequent's use of structures, sequences, organization, ideas, methods or concepts contained within any UNIX Software Product in developing source code that IBM contributed to Linux; and

   c. The identity of the programmers who were exposed to any UNIX Software Product.

2. Identification of and role of IBM employees or contractors involved in the work responsive to Topic 1 above.

3. Identification of the steps taken by corporate representative witness to be able to respond fully and accurately to Topics 1 and 2 above, including, but not limited to, documents reviewed, persons consulted, and databases consulted.

4. Nature of information maintained in IBM's Configuration Management Version Control ("CMVC") System, specifically with respect to AIX.

5. All actions, measures, or safeguards taken or considered by IBM related to the protection of UNIX Software Products subject to license agreements between AT&T and IBM.

6. All actions, measures, or safeguards taken by or considered by IBM in connection with the development of AIX to ensure compliance with the protection of UNIX Software Products under license agreements between AT&T and IBM.

7. All actions, measures, or safeguards taken by or considered by IBM in connection with contributions made by IBM to Linux to ensure compliance with the protection of UNIX Software Products under license agreements between AT&T and IBM.

8. Topics 1 through 7 above, with respect to conduct by Sequent, license agreements between AT&T and Sequent, Dynix code, and Revision Control System ("RCS") for Dynix.

9. All agreements entered into by IBM concerning IBM's intent to contribute source code to Linux from AIX and/or Dynix, and/or IBM's contribution of such source code to Linux.

10. IBM's consideration, discussion, or analysis of the source code that IBM decided to contribute to Linux and IBM's reasons for contributing that code to Linux.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing

**PLAINTIFF/COUNTERCLAIM-DEFENDANT SCO'S NOTICES OF 30(b)(6)**

**DEPOSITION** to be served on this 30th day of November, 2004, to the following:

By Hand Delivery —

    David R. Marriott, Esq.
    Cravath, Swaine & Moore LLP
    Worldwide Plaza
    825 Eighth Avenue
    New York. New York 10019
    Tel:   212-474-1000
    Fax:   212-474-3700

And by U.S. Mail, first class postage prepaid —

    Alan L. Sullivan, Esq.
    Todd M. Shaughnessy, Esq.
    Snell & Wilmer L.L.P.
    15 West South Temple, Ste. 1200
    Gateway Tower West
    Salt Lake City, Utah 84101
    Tel:   801-257-1900
    Fax:   801-257-1800

    Donald J. Rosenberg, Esq.
    1133 Westchester Avenue
    White Plains, New York 10604

# EXHIBIT L

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **PLAINTIFF/COUNTERCLAIM-DEFENDANT SCO'S AMENDED NOTICE OF 30(b)(6) DEPOSITION** <br><br><br> Case No. 2:03CV0294DAK <br> Honorable Dale A. Kimball <br> Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, counsel for plaintiff/counterclaim-defendant The SCO Group, Inc. ("SCO") will take the deposition upon oral examination of defendant/counterclaim-plaintiff International Business Machines Corporations ("IBM"), on December 16, 2004, beginning at 9:00 a.m. This deposition will be taken at the offices of SCO's counsel Boies, Schiller & Flexner LLP, 333 Main Street, Armonk, New York, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

IBM is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to IBM, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO hereby incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure, SCO's First Request for Production of Documents and First Set of Interrogatories (June 23, 2003), and the local rules or individual practices of this Court, and supplements them as follows:

As used herein the term "UNIX Software Product" refers to the entire contents of any licensed UNIX product, including all intellectual property, source code, structures, sequences, organization, ideas, methods and concepts therein; and the entire contents of any software product(s) based (in whole or in part) on, derived or modified from, or created through exposure to, the original licensed UNIX product.

DATED this 2nd day of December, 2004.

*Sean Eskovitz*

BOIES, SCHILLER & FLEXNER LLP
Robert Silver (admitted pro hac vice)
Stephen N. Zack (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)

*Attorneys for The SCO Group, Inc.*

## TOPICS FOR DEPOSITION

1. The negotiation and execution of all license agreements between IBM and AT&T regarding any UNIX Software Product, and any and all amendments or modifications thereto.

2. IBM's interpretation of the restrictions regarding use of UNIX Software Products contained in all license agreements relating to such products, and any and all amendments thereto.

3. Consideration and discussion concerning UNIX licensing rights, limitations, and potential liabilities, in connection with IBM's acquisition of Sequent.

4. All communications with Novell, Inc. ("Novell") relating to SCO and/or any of its predecessor entities, including, but not limited to, communications relating to the Asset Purchase Agreement between Novell and the Santa Cruz Operation, Inc., and any amendments thereto.

5. IBM's decision to pursue its Linux-related business, including, but not limited to, any assessments of (a) IBM's ability to contribute to Linux in compliance with its contractual obligations regarding UNIX Software Products; (b) the effect on UNIX and UNIX-related products of supporting Linux; (c) the importance of IBM support to making Linux successful as an operating system for large businesses; and (d) the manner(s) in which IBM would recoup its investment in contributing to and promoting Linux.

6. All measures, actions, and efforts taken by IBM to access, obtain, or download computer files and/or code from SCO's website, including, without limitation, the materials identified in the Declaration of Kathleen Bennett that IBM submitted in

support of its motion for summary judgment on SCO's breach-of-contract claims and the Declaration of Kathleen Bennett that IBM submitted in support of its motion for summary judgment on its counterclaim for copyright infringement (Eighth Counterclaim).

7.   Identification of all individual(s) (by name, position, particular responsibility, and current location) who were principally responsible for (1) the programming development of AIX and Dynix (including Dynix/ptx); and (2) the programming development of Linux using, in any manner whatsoever, materials from those programs.  This request includes, without limitation, identification of all relevant chief technology officers, chief software architects, and chief software engineers.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing

PLAINTIFF/COUNTERCLAIM-DEFENDANT SCO'S AMENDED NOTICE OF

30(b)(6) DEPOSITION was served on Defendant International Business Machines

Corporation on December 2, 2004, by hand delivery and U.S. Mail to:

> David R. Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, NY  10019

> And U.S. Mail to:

> Alan L. Sullivan, Esq.
> Todd Shaughnessy, Esq.
> Snell & Wilmer L.L.P.
> 15 West South Temple, Ste. 1200
> Gateway Tower West
> Salt Lake City, Utah  84101-1004

> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York  10604

BOIES, SCHILLER & FLEXNER LLP

By:  *Sean Eskovitz*
Robert Silver
Edward Normand
Sean Eskovitz

HATCH, JAMES & DODGE
Brent O. Hatch

Attorneys for The SCO Group, Inc.

# EXHIBIT M

FAX DEPT.

04 DEC 10 PM 6:56

# CRAVATH, SWAINE & MOORE LLP

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700

298090

Date: December 10, 2004

| Name/Firm | | Fax No. | Phone No. |
|---|---|---|---|
| To:  Edward Normand, Esq.<br>Boies, Schiller & Flexner LLP | | (914) 749-8300 | (914) 749-8200 |
| From:  Christopher Kao/4752 | Room:  3914W | (212) 474-3700 | (212) 474-1342 |

## TOTAL NUMBER OF PAGES, INCLUDING THIS COVER SHEET:  05

### IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL (212) 474-1342.

Message:

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (212) 474-1342 and return the original message to us by mail. Thank you.

Reference No.      02281-293

# CRAVATH, SWAINE & MOORE LLP

GEORGE J. GILLESPIE, II
THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON

RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
W. CLAYTON JOHNSON
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
LEWIS R. STEINBERG
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN

PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE

SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE

SPECIAL COUNSEL
SAMUEL C. BUTLER
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

———————
CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

December 10, 2004

## SCO v. IBM; IBM v. SCO

Dear Ed:

I write in response to the 30(b)(6) notices served by SCO on November 30, 2004 (the "First Notice") and December 2, 2004 (the "Second Notice"). This letter sets forth IBM's responses and objections to SCO's notices and incorporates by reference IBM's General Objections set forth in IBM's response to SCO's first set of interrogatories and document requests.

First Notice

Topic 1. IBM objects to this topic on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. IBM further objects to this topic as it seeks discovery more appropriately sought by other means. Please let us know if you would like IBM to treat this request as an interrogatory.

Topic 2. IBM objects to this topic on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. IBM further objects to this topic as it seeks discovery more appropriately sought through interrogatories. Please let us know if you would like IBM to treat this request as an interrogatory.

Topic 3. As Topic 3 relates entirely to Topics 1 and 2, IBM will not produce a witness on Topic 3.

Topic 4. IBM objects to this topic on the grounds that it is overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence, particularly to the extent it relates to programs other than AIX. Subject to, as limited by, and without waiving its objections, IBM will produce

2

Joan Thomas to testify as to the nature of information concerning AIX maintained in IBM's CMVC system.

Topic 5. IBM objects to this topic on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to, as limited by, and without waiving its objections, IBM will produce Joan Thomas to testify as to actions, measures or safeguards taken by IBM related to the protection of code obtained from AT&T pursuant to license agreements between AT&T and IBM.

Topic 6. IBM objects to this topic on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to, as limited by, and without waiving its objections, IBM will produce Joan Thomas to testify as to actions, measures or safeguards taken by IBM related to the protection of code obtained from AT&T pursuant to license agreements between AT&T and IBM.

Topic 7. IBM objects to this topic on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to, as limited by, and without waiving its objections, IBM will produce Joan Thomas to testify as to actions, measures or safeguards taken by IBM related to the protection of code obtained from AT&T pursuant to license agreements between AT&T and IBM.

Topic 8. IBM restates its objections to Topics 1 through 7 above. IBM will produce Scott Nelson to testify to the nature of information concerning Dynix maintained in Sequent's RCS system. IBM will also produce Scott Nelson to testify as to actions, measures or safeguards taken by Sequent related to the protection of code obtained from AT&T pursuant to license agreements between AT&T and Sequent.

Topic 9. IBM objects to this topic on the grounds that it vague, ambiguous and seeks discovery more appropriately sought by other means. Subject to, as limited by, and without waiving its objections, IBM will produce Daniel Frye to testify as to agreements, if any, entered into by IBM concerning IBM's contribution of source code to Linux from AIX and/or Dynix.

Topic 10. IBM objects to this topic on the grounds that it is overbroad, unduly burdensome, seeks discovery more appropriately sought by other means, and seeks information that is duplicative and cumulative of information already produced by IBM in response to SCO's discovery requests. Subject to, as limited by, and without waiving its objections, IBM will produce Daniel Frye to testify as to the factors generally considered, discussed or analyzed by IBM before deciding to contribute any source code to Linux. IBM cannot, and will not, produce a witness to testify concerning the specific consideration, discussion or analysis of each and every contribution IBM has ever made to Linux.

Second Notice

   Topic 1. IBM objects to this topic on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. IBM further objects to this topic on the grounds that it seeks discovery more appropriately sought by other means. IBM further objects to this topic on the grounds that it seeks information duplicative and cumulative of testimony that has been, or will be, provided to SCO.

   Topic 2. IBM objects to this topic on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. IBM further objects to this topic as it seeks discovery more appropriately sought by other means. IBM further objects to this topic on the grounds that it is duplicative and cumulative of testimony that has been, or will be, provided to SCO.

   Topic 3. IBM objects to this topic on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. IBM further objects to this topic on the grounds that it calls for legal conclusions and information protected by the attorney-client privilege.

   Topic 4. IBM objects to this topic on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence and information. IBM further objects to this topic on the grounds that it seeks discovery more appropriately sought by other means. IBM further objects to this topic on the grounds that it is duplicative and cumulative of information already produced by IBM in response to SCO's discovery requests.

   Topic 5. IBM objects to this topic on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. IBM further objects to subpart (a) of this topic on the grounds that it calls for legal conclusions and information protected by the attorney-client privilege. Subject to, as limited by, and without waiving its objections, IBM will produce Daniel Frye to testify as to Topic 5(b), (c) and (d).

        Topic 6. IBM objects to this topic on the grounds that it is overbroad and unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to admissible evidence. IBM further objects to this topic on the grounds that it seeks information that is duplicative and cumulative of information already provided to SCO. Subject to, as limited by, and without waiving its objections, IBM will produce Kathleen Bennett to testify as to the measures, actions and efforts taken by IBM to access, obtain or download code from SCO's website as described in the Declaration of Kathleen Bennett submitted in support of IBM's Motion for Partial Summary Judgment on SCO's Contract Claims and the Declaration of Kathleen Bennett submitted in support of IBM's Motion for Partial Summary Judgment on IBM's Eighth Counterclaim.

        Topic 7. IBM objects to this topic on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. IBM further objects to this topic on the grounds that it seeks information that is duplicative and cumulative of information already provided by IBM in response to SCO's discovery requests.

        The witnesses identified herein are not available to be deposed on December 15, 2004 and December 16, 2004 as proposed by SCO. We are inquiring into their schedules and will provide you with alternate dates as soon as possible.

        Please feel free to call me if you have any questions.

                         Sincerely,

                         Christopher Kao

Edward Normand, Esq.
    Boies, Schiller & Flexner LLP
        333 Main Street
        Armonk, NY 10504

VIA FACSIMILE

Copy to:

Todd M. Shaughnessy, Esq.
    Snell & Wilmer L.L.P.
        15 South West Temple, Suite 1200
        Salt Lake City, Utah 84101

VIA FACSIMILE

# EXHIBIT N

# BOIES,   SCHILLER   &   FLEXNER   LLP

3 3 3   M A I N   S T R E E T   •   A R M O N K ,   N Y   1 0 5 0 4   •   P H .   9 1 4 . 7 4 9 . 8 2 0 0   •   F A X   9 1 4 . 7 4 9 . 8 3 0 0

December 14, 2004

<u>By Facsimile and First Class Mail</u>
Amy Sorensen, Esq.
Snell & Wilmer LLP
15 W. South Temple
Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101

   Re:  <u>SCO v. IBM, Case No. 2:03CV-0294 DAK</u>

Dear Amy:

   This is to confirm my understanding from our conversation yesterday morning that counsel for IBM has undertaken to obtain deposition dates in early January for the witnesses IBM has agreed to produce in response to the notices of deposition pursuant to Rule 30(b)(6) that SCO served on November 30 and December 2, 2004.  In consideration of that undertaking, SCO agrees to postpone those depositions from their originally scheduled dates of December 15 and 16, 2004.

       Sincerely,

       Edward Normand

# CERTIFICATE OF SERVICE

Plaintiff/Counterclaim Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing was served on Defendant IBM on the 6th day of July, 2005 by U.S. Mail to:

David Marriott, Esq.
CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Donald Rosenberg, Esq.
1133 Westchester Avenue
White Plains, NY 10604

Todd Shaughnessy, Esq.
SNELL & WILMER LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, UT 84101-1004