Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **PLAINTIFF'S EXPEDITED MOTION AND SUPPORTING MEMORANDUM FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS** <br><br> Case No. 2:03CV0294DAK <br> Honorable Dale A. Kimball <br> Magistrate Judge Brooke C. Wells |

Plaintiff, The SCO Group, Inc. ("SCO"), respectfully moves, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, for leave to take twenty-five depositions in addition to the number allotted to each party at the beginning of the case.

In June 2003, considering SCO's claims at that time and the parties' joint Attorneys' Planning Report and Proposed Scheduling Order, the Court issued a scheduling order allotting forty non-expert depositions to each party. Since then a number of developments, including IBM's assertion of fourteen counterclaims and the Court's efforts to resolve an eighteen-month discovery dispute regarding the scope of IBM's required production of AIX, Dynix, and Linux materials, prompted the Court to amend the scheduling order in March 2004 and July 2005. Although the Court has thus amended the scheduling order, the number of depositions originally allotted to each party remains the same.

SCO now asks the Court for leave to take an additional twenty-five depositions. SCO would not oppose any request from IBM to take the same number of additional depositions. SCO's request is proper for several reasons. SCO has discussed this issue with IBM, who opposes this motion. That is not surprising, because IBM enjoys access to its own employees and has far fewer potential SCO and third-party witnesses to depose.

First, apart from IBM's new and expansive counterclaims (addressed below), the Court has previously recognized the magnitude of the number of potential deponents with knowledge relevant to SCO's contract claims and copyright claim. In its January 2005 Order, the Court acknowledged the importance of the more than 7,000 programmers whom IBM identified in its responses to SCO's interrogatories as programmers who contributed to the development of AIX, Dynix, and Linux. On that basis, the Court ordered IBM to provide a representative sample of

2

those programmers by identifying "the 3000 individuals who made the most contributions and changes" to the development of AIX, Dynix, and Linux. Order of January 18, 2005, at 16. The Court reasoned that that sample would enable SCO to proceed with its case, and identify potential witnesses that it could later depose. Id. The Court later agreed to defer part of IBM's required production until after SCO reviews the other materials that IBM had been ordered to produce, and ordered IBM to provide SCO with the required materials for a representative sample of 100 programmers. The Court invited SCO to use that smaller sample of 100 potential witnesses to "identify additional developers." Order of April 19, 2005, at 5. The Court's recent discovery Orders thus specifically aimed to provide SCO with sample information that SCO would use to assemble a list of witnesses it needs to depose.

Second, with respect to SCO's contract claims and copyright claim alone, SCO has already identified more than thirty AIX and Dynix programmers among those who appear to have made the most voluminous contributions of source code and other technologies to Linux or have helped manage IBM's Linux Technology Center. SCO reviewed the discovery that IBM produced pursuant to the Court's recent Orders – including materials from the representative sample of programmers – and is currently finalizing a list of key programming witnesses that it needs to depose. While SCO's review of the AIX, Dynix, and Linux programming production is not yet complete, SCO's current list of programmer-deponents exceeds the allotted number of depositions, even without counting the depositions SCO has already taken and must still take

regarding the interpretation of the contracts at issue. Depositions have not even commenced on IBM's complex patent counterclaims, which will require numerous depositions as well.[1]

Third, IBM has asserted three patent counterclaims against SCO since the parties recommended and the Court designated the initial allotment of forty depositions. See IBM's Second Amended Counterclaims ¶¶ 75, 174-91 (Mar. 29, 2004). By asserting its patent counterclaims alone, IBM greatly expanded the number of claims and issues in the case after the parties had recommended and the Court had designated the initial allotment of forty depositions. SCO's claims did not even concern patents. The patent counterclaims have made relevant the testimony of dozens of potential witnesses. As a result of these counterclaims, the number of relevant deponents greatly increased as a matter of course.

Fourth, in addition to the patent counterclaims, IBM also asserted eleven additional counterclaims since the parties recommended and the Court designated the initial allotment of forty depositions. IBM brought counterclaims for alleged breach of contract, violation of the Lanham Act, unfair competition, intentional interference with prospective economic relations, unfair and deceptive trade practices, breach of the GNU General Public LIcense, promissory estoppel, copyright infringement, declaratory judgment of noninfringement of copyrights (relating specifically to AIX and Dynix), declaratory judgment of noninfringement of copyrights (relating specifically to contributions to Linux), and declaratory judgment of SCO's absence of rights pursuant to the GPL. Like the patent counterclaims, many of these other counterclaims raise entirely new and complex issues, even apart from the different theories of damages relating to the non-declaratory judgment counterclaims.

---

[1] As the Court suggested when it denied SCO's initial motion to bifurcate the patent counterclaims, SCO plans to seek bifurcation again at an appropriate time in the future.

4

Fifth, IBM's failure to produce certain important and relevant materials requires SCO to try to obtain through depositions the information in those materials. IBM has failed to produce, for example, the source code for IBM's earliest versions of the AIX operating system, from 1986 to 1990. Those are the versions of AIX developed in the first five years after IBM obtained a license to the UNIX source code in 1985. Those versions are obviously relevant to the development history of AIX – an important link in its chain of development. Now that IBM has repeatedly claimed to be unable to find the pre-1991 versions of AIX, SCO must identify and depose several persons who participated in the development of AIX at that time. Similarly, IBM has refused to produce materials concerning the development of the source code "patches" that IBM and its affiliates have contributed to Linux.

Sixth, SCO will be able to take the additional twenty-five depositions within the existing period of fact discovery set forth in the Court's Order of July 1, 2005. To date, SCO has taken sixteen depositions and has noticed an additional ten depositions for the early fall. Of those twenty-four deponents, fourteen are individuals who have submitted affidavits on behalf of IBM in connection with dispositive motions that IBM filed, and whom SCO therefore has reasonably concluded that it had to depose or must depose in order to address those dispositive motions and prepare reasonably for trial. SCO will have nearly seven months (until the end of fact discovery on March 17, 2006) to take both the remaining available number of depositions and the requested additional depositions – an average of only about seven depositions per month. SCO's request for additional depositions therefore will not affect the deadlines set forth in the Court's most recent scheduling order.

Finally, SCO brings this Expedited Motion now (without having yet taken forty depositions) in order to determine whom to depose among the dozens of logical candidates and when to schedule those depositions during fact discovery. Considering the October and December deadlines that SCO must meet under the current scheduling order, for example, SCO seeks to determine as soon as possible how many engineers and programmers SCO can reasonably expect to depose in the next few months without sacrificing its ability to develop testimony in opposition to IBM's many counterclaims and in support of SCO's tort-related claims. Accordingly, SCO respectfully requests that the Court hear this Motion on October 7, 2005, with the other discovery motions scheduled to be heard on that date.

SCO respectfully submits, for at least the foregoing reasons, that the Court should grant SCO leave to take an additional twenty-five depositions.

DATED this 20th day of September, 2005.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By *[signature: Mark F. James]*

*Counsel for The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing Plaintiff's Expedited Motion for Leave to Take Additional Depositions was served by mail on Defendant International Business Machines Corporation on the 20th day of September, 2005, by facsimile and U.S. Mail to:

David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004