SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **IBM'S MEMORANDUM IN OPPOSITION TO SCO'S RENEWED MOTION TO COMPEL DISCOVERY**<br><br>Civil No. 2:03cv0294<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this Memorandum in Opposition to Plaintiff/Counterclaim-Defendant The SCO Group, Inc.'s ("SCO") Renewed Motion to Compel Discovery.[1]

## Preliminary Statement

SCO asks the Court to require IBM to produce massive amounts of information about the development history of Linux under the pretext that IBM has thumbed its nose at a prior order of the Court compelling IBM to produce the documents SCO now seeks. Not only has the Court not required IBM to produce the information SCO seeks, it has ruled repeatedly that SCO is not entitled to it. Linux is an operating system that has been, and is being, developed in the public view. More than enough information about the history of its development has been available to SCO from the beginning of the case. SCO's "renewed" motion to compel is just another attempt—in a long line of attempts—to create a false pretext for an extension of the schedule by seeking discovery that is irrelevant and unduly burdensome and would require many months, to produce. We respectfully submit that SCO's motion should be denied.

## Statement of Facts

As the Court will recall, SCO began this lawsuit with persistent public assertions about the strength of its case and the breadth of its evidence of misconduct by IBM. (Ex. 6 at 3:15-17, 17:5-12.) At the same time, SCO refused to provide IBM with any meaningful discovery about either its claims or its evidence, while demanding massive discovery from IBM. (SCO Opp'n Second Mot. Compel at 3-7.)

---

[1] Citations to SCO's memorandum of law in support of its "renewed motion to compel" are given as "Mem. at ___". Exhibits to the September 26, 2005 Declaration of Todd M. Shaughnessy, filed concurrently with this memorandum, are cited herein as "Ex.___". Citations to the Declaration of Daniel Frye, also filed concurrently with this memorandum, are cited herein as "Frye Decl. ¶ ___".

In response, IBM filed two motions to compel seeking meaningful, specific responses to its interrogatories and document requests. (IBM Mem. Supp. Mot. Compel at 8; IBM Mem. in Support of Second Mot. to Compel at 2.) The Court granted IBM's motions and ordered SCO to provide full and detailed responses to IBM's discovery requests and stayed all other discovery pending SCO's compliance. (12/12/2003 Order at 2-3.) The Court made clear that it would require the parties to identify the particulars of their claims before it would allow (let alone require) massive discovery on these claims. (Ex. 6 at 52:12-53:6.)

SCO then sought an order from the Court to compel IBM to produce two primary categories of discovery: (1) all iterations and versions of source code for AIX and Dynix and all notes and documentation related to the development of AIX and Dynix; and (2) IBM's contributions to Linux. (SCO Mem. Supp. Mot. Compel at 1-2.) SCO did not seek to compel the production of documents concerning the development of Linux, which has been and is being developed in public view via the Internet.

In an order dated March 3, 2004, the Court (1) required IBM to produce certain AIX and Dynix source code, as IBM previously had agreed to do voluntarily; (2) ruled that IBM need not produce the additional documentation for AIX and Dynix absent a future showing of need by SCO; and (3) ordered IBM to produce its Linux contributions only insofar as they were not public. (03/03/2004 Order at 4.) The Court did not require IBM to produce documents related to the development of Linux, because SCO had not moved for their production and the Court determined that IBM need only produce its non-public contributions to Linux. (Id. at 4.)

Thereafter, IBM moved for summary judgment on various claims based in part on SCO's repeated failure to produce evidence supportive of its public assertions. In response, SCO filed a "Memorandum Regarding Discovery" and a "Renewed Motion to Compel" seeking more discovery relating to AIX and Dynix, including in particular CMVC and RCS. (SCO Mem. Re: Disc. at 9; SCO Mem. Supp. Renewed Mot. Compel at 4-8.) Neither SCO's "Memorandum

3

Regarding Discovery" nor its "Renewed Motion to Compel" sought documents relating to the development history of Linux.

In an order dated January 18, 2005, the Court ordered IBM to "provide in a readily accessible format <u>all versions and changes</u> to AIX and Dynix", and to produce "programmer's notes, design documents, white papers, the comments and notes made by those who did the changes, the names and contact information of individuals who made changes and what changes they specifically made . . . for the 3000 individuals who made the most contributions and changes to the development of AIX and Dynix". (01/18/2005 Order at 9-10, 15-16.) The Court's order made no reference to the production of any Linux-related discovery.

On February 11, 2005, IBM asked the Court to reconsider only that portion of the Court's January 18, 2005 order that required IBM to produce development documents from the individual files of 3,000 AIX and Dynix developers. (IBM Mem. Supp. Mot. Recons. at 3.) IBM did not challenge any other portion of the Court's order. (<u>Id.</u>) IBM explained that the production of documents from the individual files of 3,000 developers would be redundant of that provided with the CMVC and RCS production and would greatly burden IBM and delay the case. (<u>Id.</u> at 4-6.) In response, SCO asserted, for the first time, that IBM should not only be required to search the files of 3,000 AIX and Dynix developers but also that the Court's January 18, 2005 order required IBM to produce development information for its Linux contributions and that IBM should be ordered to do so. (SCO Opp'n Mot. Recons. at 9 n.4.) In its reply brief, IBM explained that the Court's March 3, 2004 order clearly limited IBM's production to "any and all <u>non-public contributions</u> it has made to Linux" and that nothing in the Court's January 18, 2005 order suggested (let alone explained) a reversal of that limitation. (Reply Mem. Supp. Mot. Recons. at 7.) IBM also noted that the Court's analysis in the January 18, 2005 order relied only on AIX and Dynix and expressly limited the production of files to "the 3,000 individuals who

made the most contributions and changes to the development of AIX and Dynix." (Id. at 8 (quoting 01/18/2005 Order at 16 (emphasis added)).)

The Court granted IBM's motion for reconsideration, finding that the production of documents from the files of 3,000 individuals would be overly burdensome and narrowed the scope of the production to the files of "the 100 individuals who made the most contributions and changes to the development of AIX and Dynix." (04/19/2005 Order at 4.) The Court rejected SCO's attempt to construe the Court's prior order to require IBM to produce development information for its Linux contributions. (See id. at 5-6.) Moreover, the Court reiterated "that IBM is to provide ALL non-public Linux contribution information" and clarified that such production

> is to be specific in nature including any code contributed by IBM to Linux that is otherwise not publicly known. Furthermore, this is to include the names and contact information of specific developers that made contributions, not just general names of teams or work groups.

(Id. at 6.)

In compliance with the Court's January 18, 2005 order, IBM has produced extensive AIX and Dynix development information and its non-public Linux contributions, including a table identifying, with contact information, the current and former IBM employees thought to have made contributions to Linux. (Exs. 1, 2.) As part of that production, on March 18, 2005, IBM produced a server containing all of the AIX-related materials from CMVC to SCO. (Ex. 1 ¶ 19.) Four months later, in a letter dated July 14, 2005, SCO presented a number of concerns about documentation it perceived to be missing from IBM's CMVC production. (Ex. 3.) In letters dated July 19, 2005 and August 8, 2005, IBM responded to SCO's concerns. (Exs. 4, 5.)

Seeking yet another bite at the apple, SCO filed the instant motion, seeking an order from the Court requiring IBM "to produce the complete history of IBM's Linux-development efforts with respect to all contributions that IBM has made to Linux, up to the present". (Mem. at 3.)

5

Remarkably, SCO also asks the Court to consider imposing sanctions against IBM "for its continued and persistent refusal to provide such Court-ordered and plainly relevant information." (Id.) As discussed below, SCO's motion lacks merit and should be denied.

## Argument

### I. THE COURT HAS NOT ORDERED IBM TO PRODUCE LINUX DEVELOPMENT HISTORY INFORMATION.

Contrary to SCO's assertion in its opening brief that the Court has previously ordered IBM "to produce all documents concerning IBM's development work for Linux with respect to all contributions that IBM has made to Linux" (Mem. at 10), the Court's orders relating to IBM's Linux-related discovery have consistently limited such discovery to "all non-public contributions" IBM has made to Linux. (03/03/2004 Order at 4 (emphasis added); accord 04/19/2005 Order at 5.) As detailed above, SCO did not even raise the issue of compelling IBM to provide Linux development information in any of the extensive briefing surrounding its prior discovery motions.[2] Instead, SCO first raised the issue in its February 28, 2005 opposition to IBM's motion for reconsideration. However, contrary to SCO's assertions, the Court, in ruling on the motion to reconsider, did not order IBM to produce Linux development history. The Court rejected SCO's attempt to rewrite the Court's prior orders to include Linux development documentation and, instead, reiterated that IBM was only required to produce its non-public Linux contributions. (04/19/2005 Order at 5-6.)

---

[2] SCO filed eight briefs in connection with its prior discovery-related motions: a memorandum in support of its motion to compel, a reply memorandum in support of the motion to compel, a memorandum regarding discovery, a reply memorandum regarding discovery, a memorandum in support of its renewed motion to compel, a reply memorandum in support of its renewed motion to compel, a supplemental memorandum regarding discovery and a reply memorandum in further support of its supplemental memorandum regarding discovery. None of these briefs sought an order compelling IBM to produce the development history of IBM's Linux contributions.

The discovery requests on which SCO premised its original motion to compel—the motion SCO now claims to be "renewing"—did not even seek development information for Linux. Only two of the discovery requests on which SCO sought to compel production relate to Linux; they state:

> Document Request No. 11: All <u>contributions</u> made without confidentiality restrictions by IBM or anyone under its control including, but not limited to, source code, binary code, derivative works, methods, and modifications to Open Source Development Lab, Linus Torvalds, Red Hat or any other entity.

SCO Mem. Supp. Mot. Compel at 7 (emphasis added).

> Interrogatory No. 5: Identify all IBM or Sequent personnel that work or worked on developing source code, derivative works, modifications or methods for AIX, Dynix and Linux, specifying for each person their precise <u>contributions</u> to each.

Id. at 12 (emphasis added).

As is obvious from the plain language of these requests, SCO sought only the actual contributions of source code made to the open source community and a list of the individuals who contributed code to Linux, including for each the precise contribution made by that individual.

SCO did not request documentation for the development of IBM's Linux contributions.[3] SCO's requests related to AIX and Dynix, however, explicitly sought "<u>all</u> notes and documentation for the software development methods used in the design and modification process". (Id. at 1-2.) In ruling on SCO's motion to compel, the Court required SCO to use its

---

[3] Although SCO's memorandum in support of its motion to compel does include one line stating that IBM "should be required to identify and produce <u>all</u> of its contributions and development work in Linux" (SCO Mem. Supp. Mot. Compel at 9), the motion to compel and the introduction to the memorandum make no reference to development information and limit the Linux information sought to "all contributions by IBM to Linux". (SCO Mot. to Compel at 2; SCO Mem. Supp. Mot. Compel at 2.) Further, SCO provides no argument in support of such a request and the Court does not address it in ruling on the motion.

7

"best efforts" to obtain the Linux contributions that were publicly available and limited the scope of the Linux-related discovery that IBM needed to produce to "any and all non-public contributions it has made to Linux". (03/03/2004 Order at 4 (emphasis added).) The Court did not make any reference, direct or indirect, to the production of development documentation for IBM's Linux contributions.

SCO's memorandum regarding discovery, dated May 28, 2004, and its supplemental memorandum regarding discovery, dated August 19, 2004, both dealt exclusively with SCO's attempt to obtain all iterations of IBM's AIX and Dynix source code and the revision control systems, CMVC and RCS, respectively, for each of these operating systems. Similarly, SCO's July 6, 2004 renewed motion to compel failed to make any reference to Linux development history documentation. The Court's January 18, 2005 order regarding these discovery issues made no reference to the production of development documentation for IBM's Linux contributions. The only development documentation ordered by the Court was explicitly limited to AIX and Dynix; specifically, the Court ordered IBM to produce "information for the 3000 individuals who made the most contributions and changes to the development of AIX and Dynix".[4] (01/18/2005 Order at 16 (emphasis added).)

In fact, it was not until IBM sought partial reconsideration of the Court's January 18, 2005 order—limited to that part of the order "requiring IBM to search for and produce documents from the files of 3,000 individual developers" of AIX and Dynix—that SCO even raised the issue of production of development documentation for IBM's Linux contributions. In

---

[4] Although SCO uses quotes from the briefs and January 18, 2005 order out of context to imply that the Court's order required IBM to produce "the complete development history" of the Linux code, "including 'programmer's notes, design documents, white papers, the comments and notes made by those who did the changes,' in addition to 'the changes to the code' and 'the names and information concerning those individuals who made the changes'", neither party either briefed or raised this issue in regards to IBM's Linux contributions prior to the Court's order and the Court's order—as quoted above—clearly applied only to development materials for AIX and Dynix.

8

its opposition to IBM's motion for reconsideration, SCO—for the first time—sought from the Court an order compelling production of the "development history (including both code and related documentation)" for all of IBM's Linux contributions. (SCO Opp'n to Mot. for Recons. at 9 n.4.) SCO's request for Linux development documents in the context of a motion for reconsideration of a discrete issue related solely to the production of the files of individual developers of AIX and Dynix clearly was an inappropriate attempt to confound issues to try to obtain additional discovery.

Although SCO argued that there was "no basis" in the January 18, 2004 order for inferring that the Court intended to require IBM to produce development information for AIX and Dynix, but not Linux, the Court's April 19, 2005 order regarding the motion for reconsideration reconfirmed that very distinction. Contrary to SCO's contention that the Court ordered IBM to produce all development history documentation for Linux, as well as for AIX and Dynix, the Court reaffirmed that the production of development documents was limited to AIX and Dynix, specifically to the files of those individuals "who made the most contributions and changes to the development of <u>AIX and Dynix</u>". (04/19/2005 Order at 4 (emphasis added).) If the Court intended to order the production of Linux development documents, it would have, we submit, included Linux developers among those from whom IBM was required to produce development history documentation, especially in view of SCO's arguments.

In fact, the Court's order reiterated its prior ruling that IBM only had to provide SCO with "<u>ALL</u> non-public Linux contribution information". (<u>Id.</u> at 5.) The Court then defined the scope of production it contemplated by the phrase "non-public Linux contribution information", stating

> This production is to be specific in nature including any code
> <u>contributed</u> by IBM to Linux that is otherwise not publicly known.
> Furthermore, this is to include the names and contact information
> of specific developers that made contributions, not just general
> names of teams or work groups.

9

(Id. at 6. (emphasis added)). Consistent with the Court's prior orders, the parties' arguments and the issues properly before the Court, the Court did not include Linux development documents in the scope of production required of IBM.

None of the Court's orders compel—or even suggest—IBM produce development documentation for IBM's Linux contributions.[5] In fact, in its April 19, 2005 order, the Court refused to compel the production of the Linux development documents SCO now seeks. SCO should not be allowed to end run that order (or the Court's previous orders) by rewriting the discovery record, including the Court's orders, to suit it. An order compelling the production SCO now seeks—"all documents concerning IBM's development work for Linux with respect to all contributions that IBM has made to Linux" (Mem. at 10)—would do just that.

## II. THE COURT SHOULD NOT ORDER IBM TO PRODUCE DEVELOPMENT DOCUMENTATION FOR ITS LINUX CONTRIBUTIONS.

Consistent with its prior rulings, the Court should not compel IBM to produce all the development history for all of its Linux contributions. As discussed below, there are compelling reasons for the Court to refuse—at this late stage of discovery—to further delay the resolution of this case by compelling IBM to respond to SCO's overly broad and burdensome discovery request.

### A. Compelling The Requested Discovery Would Violate The Discovery Protocol Established By The Court.

SCO's demand for all development history documentation for IBM's Linux contributions undermines the discovery protocol established by the Court. From the outset of this case, the

---

[5] Given that SCO's renewed motion to compel complains only of IBM's failure to produce the development history information for Linux and that the record clearly reflects that the Court has never ordered IBM to produce such discovery, there is absolutely no support for SCO's request that the Court consider sanctions on the basis of IBM's "continued and persistent refusal to provide such Court-ordered and plainly relevant information". (Mem. at 3.) If anyone deserves sanctions, it is SCO—for asking the Court to compel production of documents the Court has twice before ruled IBM need not produce.

10

Court has made clear that a party must identify the particulars of a claim before the Court will allow massive discovery to advance on that claim. For example, the Court's December 12, 2003 order stayed all of IBM's discovery obligations until SCO identified the specific source code forming the basis of its claims and provided detailed responses to IBM's interrogatories. (12/12/2003 Order at 2-3.) Similarly, the Court's March 3, 2004 order refused SCO's broad request for all iterations and versions of the AIX and Dynix source code, instead requiring SCO to provide the Court with a memoranda detailing "if and how [the limited files produced] support its position and how they are relevant" in addition to the "identification of additional files SCO requests and the reasons for such requests" prior to obtaining additional discovery. (03/03/2004 Order at 4.)

IBM has repeatedly requested—and the Court has repeatedly ordered—SCO to provide a detailed description of its Linux-related claims. On September 16, 2003, IBM served SCO with two interrogatories, which requested that SCO identify with specificity all source code and other material in Linux to which SCO claims rights, the basis for those rights and a statement of the basis of IBM's infringement, if any, of SCO's rights to the identified code. (Ex. 7 at 2-3.) SCO failed to respond, and on November 6, 2003, IBM moved to compel. (IBM Mem. Sup. Second Mot. Compel Disc. at 2-4.) On December 12, 2003, the Court granted IBM's motion and ordered SCO to "respond fully and in detail" to IBM's interrogatories. (12/12/2003 Order at 2.)

After a hearing regarding SCO's compliance with that order, the Court reiterated the need for SCO to provide IBM a more specific description of its claims, requiring SCO to (1) fully comply with the Court's December 12, 2003 order; (2) "provide and identify all specific lines of code that IBM is alleged to have contributed to Linux from either AIX or Dynix"; and (3) "provide and identify with specificity all lines of code in Linux that it claims rights to". (03/03/2004 Order at 2.) More than two years after IBM served its interrogatories seeking a specific description of the basis of SCO's Linux-related claims, and over twenty months after the

11

Court first ordered SCO to fully answer these interrogatories, SCO still has not provided IBM with a detailed description of the code in Linux to which SCO claims rights or the specific code which IBM is alleged to have infringed.

Until SCO complies with the Court's order to tell IBM and the Court what Linux code is at issue in this case, and thereby sets an appropriate range for further discovery, IBM cannot—and should not be forced to attempt to—respond further to SCO's request. As we believe the Court has recognized from the beginning of this litigation, it makes no sense for IBM to produce detailed documents regarding the development of all of its Linux contributions when SCO has not properly identified any of the code in Linux to which it asserts rights. The Court should enforce the existing discovery protocol and deny SCO's motion to compel production of the development history documentation for IBM's Linux contributions.

**B.     The Requested Discovery Is Immaterial, Unnecessary and Irrelevant.**

Given the extensive amount of Linux development documentation to which SCO has access and the type of evidence needed to establish SCO's claims, the requested production is immaterial, unnecessary and irrelevant. Unlike AIX and Dynix, which are proprietary operating systems and were developed confidentially, Linux is an open source operating system, developed by the Linux community in public view. (Frye Decl. ¶ 6.) For each area of Linux development, a public website is maintained on which proposed patches and community commentary on proposed patches are maintained and available to the public.[6] (Id.) Thus, the development history for each area of Linux is publicly accessible and freely available to SCO.

---

[6] The following Linux community project sites for areas of Linux development in which IBM has had involvement illustrate the wealth of information about the development of the patches—such as an email archive tracking the various patches submitted and the community's comments on such patches—that is publicly available: http://lse.sourceforge.net/numa/ (NUMA project site); http://jfs.sourceforge.net/ (JFS project site); http://evms.sourceforge.net/ (EVMS project site); http://lse.sourceforge.net/locking/rcupdate.html (RCU project site); and http://lse.sourceforge.net/io/aio.html (AIO project site).

In addition to the vast amounts of publicly available information, SCO also has access to the extensive amounts of documentation IBM has already produced related to IBM's Linux contributions. As ordered by the Court, IBM has fully produced "ALL non-public Linux contribution information", including a list, with names and contact information, for all the current and former IBM employees thought to have made contributions to Linux and production of all of IBM's Linux patches that might not be publicly available. (Ex. 2.) IBM has also provided SCO with a significant amount of documentation from the files of numerous IBM Linux contributors.[7]

SCO already has in its possession more than is necessary to assess the validity of its claims.[8] As discussed in more detail in IBM's prior briefing, the requested discovery—the development history of all of IBM's Linux contributions—is irrelevant to the claims in this case. (See IBM Response Mem. Re: Disc. at 10-17.) In order to establish copyright infringement, SCO must compare the actual source code IBM contributed to Linux (which is either publicly available or IBM has produced) to the actual UNIX System V source code (which SCO has in its possession) and establish that the two are "substantially similar". Thus, the development history information for IBM's Linux contributions is entirely irrelevant to proving a claim for copyright

---

[7] IBM has produced tens of thousands of documents for over forty of the approximately 328 individuals IBM has identified as current or former IBM employees who may have contributed to Linux. (Ex. 2.)

[8] SCO's opening brief purports to provide several "examples" to demonstrate that IBM has not produced all Linux development documentation. IBM does not dispute that it has not produced all of the development history documentation for all of its Linux contributions. Rather, as explained in this brief, the production of such documentation has not been compelled by the Court and such documentation is immaterial and irrelevant to the claims in this case.

Two of SCO's "examples" allude to documentation allegedly "missing" from IBM's CMVC production. As IBM has explained to SCO on numerous occasions, the CMVC server at IBM contained files for products and components other than AIX. These files—all unrelated to AIX—were removed from the CMVC materials produced to SCO and form the basis of the "missing" files to which SCO refers. (Ex. 1 ¶ 11; Ex. 5.)

infringement. Even under SCO's contractual theory—whereby SCO claims IBM's contribution of any code from any part of AIX or Dynix constitutes a breach of the contract—the only material to which SCO needs access to evaluate its claim is the source code for AIX (which IBM has already produced), the source code for Dynix (which IBM has already produced) and IBM's actual <u>contributions</u> to Linux (which are either publicly available or have been produced by IBM). The Linux development history is irrelevant to a claim for breach of contract, even under SCO's misguided contract theory.[9]

In seeking the production of more development documentation, SCO seeks to end run the Court's prior orders denying its request for production of IBM's publicly available Linux contributions. (See 03/03/2004 Order at 4.) As a practical matter, it would be very difficult (if not impossible) to separate documents relating to the development history of IBM's Linux contributions from the contributions themselves, which—to the extent publicly available—the Court has previously held are not discoverable. Thus, were the Court to compel the discovery of all development history information for IBM's contributions, SCO would obtain indirectly that which the Court has repeatedly explicitly denied it.

Moreover, the timing of SCO's "renewed" motion suggests that it is more about delay than a legitimate need for the development history of IBM's Linux contributions. SCO originally moved to compel IBM to provide the development documentation for AIX and Dynix in its May 28, 2004 memorandum regarding discovery. (Mem. Re: Disc. at 4-5.) If SCO truly believed that

---

[9] Further evidence of the fact that development history information is irrelevant to the claims in this case is demonstrated by the fact that SCO obtained over a million pages of development history discovery for AIX and Dynix and has yet to offer a single example of its relevance in this case. IBM also has produced tens of thousands of pages of documentation from the files of Linux developers—the exact type of documentation SCO now seeks. In spite of its access to all of this development history documentation, SCO has not used a single page of this supposedly relevant information to comply with the Court's order to (1) provide IBM with a more specific description of its claims, (2) supplement its interrogatory responses or (3) to define the scope of permissible discovery per the Court's established protocol.

it needed Linux development documentation, it would have sought to compel the discovery of such at the same time. Instead, SCO waited fifteen months after it originally sought development documentation for AIX and Dynix, over four months after the Court refused to provide it with the Linux development documentation SCO requested in its opposition to IBM's motion for reconsideration, and only four months prior to the close of fact discovery. As SCO undoubtedly knows, and as is explained below, requesting IBM to produce documents pursuant to SCO's current request would take months, place an undue burden on IBM with no offsetting advantage to SCO and jeopardize the current discovery schedule.

### C. Production Of The Requested Documentation Would Unduly Burden IBM.

The production of the discovery requested by SCO would place undue burden on IBM. In order to obtain "the development history (e.g., programmer's notes, comments, design documents, white papers, and iterations, revisions, and interim versions of code contributed to Linux) of any code copied into Linux" requested by SCO, IBM would have to undertake a massive, time-consuming, international search. (Mem. at 8; see Frye Decl. ¶¶ 3, 9, 10.) Unlike AIX and Dynix, for which IBM has a centralized revision control system, IBM does not maintain a centralized repository for the collection of Linux contributions, let alone documents merely relating to the development of Linux, which, again, has been and is being developed over the Internet, in public view. (Frye Decl. ¶¶ 6-8.)

IBM has identified more than 300 former and current developers, located in nine countries on four continents, who may have made contributions to Linux. (Ex. 2.) In order to comply with SCO's request, IBM would need to collect documents from the individual files of

15

all these developers.[10] (Frye Decl. ¶ 9.) For current IBM employees, the individual developer would have to be contacted and a request made for his/her documents, which would then have to be collected, copied and returned. For the developers who are no longer employed by IBM, a search into each individual's employment history would have to be undertaken to identify the former employee's last known manager at IBM. IBM would then need to contact the manager to inquire about, request and collect any documents retained by the manager from the former employee.

Because there is no centralized repository for all Linux development work, IBM would also have to undertake to identify the various IBM servers where, if anywhere, each individual Linux development project maintains its project work. (Frye Decl. ¶¶ 7-9.) This would require interviewing the individual managers, team leads, support staff and all programmers for each of the more than 100 Linux projects that IBM has undertaken since it began Linux development work in 1999 and inquiring as to the location of all development documentation for that project. (Frye Decl. ¶ 9.)

Upon collection of all this material—anticipated to be over a million pages of documents—IBM would then need to review each document for privilege and third party confidentiality prior to producing the documentation to SCO. (Frye Decl. ¶ 10.) To require IBM to undertake such a time-consuming and onerous discovery request—especially at this critical final stage of discovery with a full deposition schedule planned—would impose an undue and entirely unnecessary burden on IBM.

---

[10] The magnitude of this task is obvious when compared to the total amount of collection that has been undertaken in this case. As of the filing of this brief, SCO has produced documents from sixty-five individuals and IBM has produced documents from 219 individuals. Thus, the two parties <u>combined</u> have produced documents from fewer individuals over the course of the two and a half years that have expired since SCO filed this case than SCO now seeks to compel IBM to produce documents from in the four months that remain prior to the close of discovery.

Case 2:03-cv-00294-DN Document 513 Filed 09/26/05 PageID.5347 Page 17 of 18

## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court deny Plaintiff's Renewed Motion to Compel Discovery.

DATED this 26th day of September, 2005.

SNELL & WILMER L.L.P.

*/s/ Alan L. Sullivan*

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*


## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court deny Plaintiff's Renewed Motion to Compel Discovery.

DATED this 26th day of September, 2005.

SNELL & WILMER L.L.P.

*/s/ Alan L. Sullivan*

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2005, a true and correct copy of the foregoing **IBM'S MEMORANDUM IN OPPOSITION TO SCO'S RENEWED MOTION TO COMPEL DISCOVERY** was sent by U.S. Mail, postage prepaid, to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

> Robert Silver
> Edward Normand
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, NY 10504

*/s/ Todd Shaughnessy*
Todd Shaughnessy

367125.1