

ORIGINAL

| | |
|---|---|
| Brent O. Hatch (5715)<br>Mark F. James (5295)<br>HATCH, JAMES & DODGE<br>10 West Broadway, Suite 400<br>Salt Lake City, Utah 84101<br>Telephone: (801) 363-6363<br>Facsimile: (801) 363-6666 | Robert Silver (admitted pro hac vice)<br>Edward Normand (admitted pro hac vice)<br>BOIES, SCHILLER & FLEXNER LLP<br>333 Main Street<br>Armonk, New York 10504<br>Telephone: (914) 749-8200<br>Facsimile: (914) 749-8300 |
| Stuart H. Singer (admitted pro hac vice)<br>BOIES, SCHILLER & FLEXNER LLP<br>401 East Las Olas Boulevard – Suite 1200<br>Ft. Lauderdale, Florida 33301<br>Telephone: (954) 356-0011<br>Facsimile: (954) 356-0022 | Stephen N. Zack (admitted pro hac vice)<br>BOIES, SCHILLER & FLEXNER LLP<br>Bank of America Tower – Suite 2800<br>100 Southeast Second Street<br>Miami, Florida 33131<br>Telephone: (305) 539-8400<br>Facsimile: (305) 539-1307 |

FILED

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **MEMORANDUM IN SUPPORT OF SCO'S MOTION TO COMPEL DISCOVERY**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

SCO respectfully submits this memorandum in support of SCO's motion to compel IBM to produce certain documents in response to SCO's Seventh Request for the Production of Documents, dated August 12, 2005 (the "Seventh Request").

## PRELIMINARY STATEMENT

In June 2003, SCO asked IBM to produce IBM's Linux development materials. In its Request Nos. 11, 35, and 42, SCO sought:

> 11. All contributions made without confidentiality restrictions by IBM or anyone under its control including, but not limited to, source code, binary code, derivative works, methods, and modifications to Open Source Development Lab, Linux Torvalds, Red Hat or any other entity.
>
> 35. All documents <u>concerning any contributions to Linux</u> or to open source made by IBM and/or Sequent.
>
> 42. All documents <u>concerning IBM's contributions</u> to development of the 2.4 and 2.5 Linux Kernel.

SCO's First Request for Production of Documents, dated June 24, 2003 (emphasis added). Over the course of years and multiple Court Orders (which SCO believed required IBM to produce documents responsive to the foregoing requests), IBM failed to produce responsive documents.

In its Renewed Motion to Compel dated September 6, 2005 (the "Renewed Motion"), and during oral argument on the Renewed Motion on October 7, 2005, SCO argued that the Court should order IBM to produce the Linux development materials that SCO has sought since June 2003, because (1) in SCO's view, the Court had previously ordered IBM to produce them, and (2) if the Court had not so ordered, it should do so now, as SCO had requested the materials and they were plainly relevant and not unduly burdensome for IBM to produce.

In its Order dated October 12, 2005, the Court denied the Renewed Motion on the first ground, but in SCO's view did not address the second ground. Concurrent with this Motion,

2

SCO has filed an objection with the District Court regarding the second ground of the Renewed Motion. Given the impending end of fact discovery and the overlap of the issues in the two courts, the relief SCO seeks in the objection is the same relief SCO seeks in this Motion.

That is, in an abundance of caution, this summer SCO again and very specifically asked IBM to produce all documents concerning IBM's contributions to Linux and development work on those contributions. See SCO's Seventh Request, Nos. 300-65. Request Nos. 300 to 365 are more specific versions of SCO's previous Requests Nos. 11, 35, and 42 for Linux development information. SCO requested, for example:

- "All document concerning IBM's contributions to" ten specific Linux projects, including "development work," and "all documents concerning contributions to Linux" through several additional specific Linux projects.

- "All documents concerning IBM's contributions to the Linux 2.7 kernel," including "development work."

- "All documents concerning IBM's contributions to any development tree for Linux," including the "development trees" themselves.

IBM now openly acknowledges that it possesses hundreds of thousands of responsive documents relating to the development of contributions that IBM has made to Linux. See IBM Opp. to SCO's Renewed Motion at 12-13, 15-16; Decl. of Daniel Frye (9/26/05) ¶¶ 6-10. Those documents are plainly relevant to the core issues in this case, and are plainly responsive to SCO's Request Nos. 300-65. SCO asks this Court to compel IBM to produce all non-public materials responsive to those Requests.

## ARGUMENT

SCO brings this Motion on the grounds that this Court should not permit IBM to have it both ways. That is, IBM admits that it has not produced the documents in response to Request

3

Nos. 11, 35, or 42, yet repeatedly opposes SCO's Request Nos. 300 to 365 on the grounds that they are "duplicative" of Request Nos. 11 and 35. IBM cannot credibly decline to produce documents that SCO seeks in its Requests Nos. 300 to 365 on the grounds that those requests are duplicative of SCO's previous Request Nos. 11 and 35, when at the same time IBM admits that it has withheld documents responsive to Request Nos. 11 and 35.

SCO respectfully submits that this Court should order IBM to produce the non-public documents responsive to Requests Nos. 300-65 for several reasons:

First, the documents SCO seeks are plainly relevant. SCO seeks materials such as the programmer's notes, design documents, white papers, comments, and interim versions of code that IBM's Linux developers generated in developing and making contributions of source code to Linux. Such materials are essential to SCO's analysis of the technology (including code, methods, and concepts) relied upon by those programmers when they developed those contributions. In proving its contract, copyright, and tort claims, SCO will demonstrate that IBM improperly relied on SCO's technology in contributing to Linux.

Second, the Court itself has made clear that the documents SCO seeks are relevant. The Court previously ordered IBM to produce programmer's notes, design documents, white papers, and comments that IBM developers generated in developing AIX and Dynix/ptx, Order dated January 18, 2005, at 9-10, as well as all source code for those operating systems, id. at 15. In ordering such materials, the Court has reasoned that "these materials are relevant because they may contain information regarding the use or alleged misuse of source code by IBM in its contributions to Linux." Order dated March 3, 2004, at 5; see also January 18 Order at 9, 15. That exact same reasoning applies to the Linux development information that SCO has long

4

sought. It is incongruous that IBM should have to produce its AIX and Dynix source code and development materials, but not source code and development materials for the very contributions to Linux at the heart of this case.

Third, the relief that SCO seeks follows from the Court's orders. In its October 12 Order on SCO's Renewed Motion, the Court ordered IBM to produce its "non-public" Linux contributions and the "non-public" Linux-development materials for twenty developers identified by SCO. That is, although IBM opposed the Renewed Motion on the grounds that the documents SCO sought are allegedly irrelevant, IBM nevertheless volunteered to produce the non-public Linux development materials from the files of twenty IBM Linux developers identified by SCO. IBM's offer was an obvious acknowledgment of the relevance of such materials. SCO asks the Court to order IBM to produce the same Linux development materials for the remaining IBM Linux developers, which, according to IBM, exceed 250. From the outset of this litigation, SCO requested those materials as substantial evidence of the technology on which IBM relied in making its Linux contributions through its hundreds of Linux developers.

Fourth, SCO's document requests do not impose undue burden on IBM. Presumably, IBM's Linux developers know best what responsive documents reside in their respective files and "sandboxes."[1] IBM would simply direct those developers to gather such documents and then review the accumulated materials for privilege. The materials produced would not differ in kind or volume from those the parties have already provided in discovery.

---

[1] A developer's "sandbox" is a process confinement environment or contained operating environment, such as a computer hard drive, that a programmer or developer uses for developing and testing source code, applications, security measures, and the like, and that may contain materials such as interim or draft versions of source code which are not yet ready for release or contribution, programmer's notes, white papers, design documents, and the like.

5

In sum, in light of the plainly relevant nature of the Linux development materials at issue, the express rationale for the Court's prior discovery orders, and the absence of undue burden on IBM, this Court should require IBM to produce those materials.

## CONCLUSION

SCO respectfully requests for the foregoing reasons that this Court order IBM to produce the non-public Linux development materials that SCO has long sought, most recently in Request Nos. 300-65.

DATED this 27th day of October, 2005.

>Respectfully submitted,
>
>HATCH, JAMES & DODGE, P.C.
>Brent O. Hatch
>Mark F. James
>
>BOIES, SCHILLER & FLEXNER LLP
>Robert Silver
>Stuart H. Singer
>Stephen N. Zack
>Edward Normand
>
>By: *[signature]*
>
>*Counsel for The SCO Group, Inc.*

**CERTIFICATE OF SERVICE**

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing Memorandum in Support of SCO's Motion to Compel Discovery was served on Defendant International Business Machines Corporation on the 27th day of October, 2005:

By U.S. Mail and Facsimile:
David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004