

FILED ORIGINAL

2005 OCT 27 P 6: 26

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | **MEMORANDUM IN SUPPORT OF SCO'S OBJECTION TO THE MAGISTRATE COURT'S ORDER OF OCTOBER 12, 2005**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

SCO respectfully submits this memorandum in support of its Objection to the Magistrate Court's Order of October 12, 2005 (the "October 12 Order").

## PRELIMINARY STATEMENT

In its Renewed Motion to Compel dated September 6, 2005 (the "Renewed Motion"), and during oral argument on the Renewed Motion on October 7, 2005, SCO argued that the Magistrate Court should order IBM to produce Linux development materials that SCO has sought since June 2003, because (1) in SCO's view, the Magistrate Court had previously ordered IBM to produce them, and (2) if the Magistrate Court had not so ordered, it should do so now, as the requested materials were plainly relevant and not unduly burdensome for IBM to produce.[1]

In denying the Renewed Motion, the Court concluded that it had not previously ordered IBM to produce the requested materials, but did not address SCO's argument that the Court should now order IBM to produce them. SCO asks this Court to issue such an order.

## BACKGROUND

At the October 7 hearing, the Court expressed concern that the parties had not asked for clarification of its prior orders. In its opposition to IBM's motion for reconsideration of the Magistrate Court's Order of January 18, 2005, however, SCO specifically argued that IBM sought to modify the January 18 Order by refusing to produce its non-public Linux development materials. SCO Opp. to IBM Motion for Reconsideration of the Court's January 18 Order at 9 n.4. In its Order dated April 19, 2005, denying IBM's motion for reconsideration, the Magistrate

---

[1] SCO also argued that IBM had agreed to produce "documents that relate to IBM's open-source contributions to Linux." Letter dated September 15, 2003, from T. Shaughnessy to M. Heise. The Magistrate Court found that IBM did not agree to produce "all documents relating to the development of Linux." October 12 Order at 3.

2

Court acknowledged that SCO had raised the issue, but deferred ruling on the issue until IBM's production deadline had passed:

> Finally, the court wishes to note the arguments raised concerning possible modification of the court's January order. SCO specifically alleges that IBM seeks to modify its obligations and limit the discovery which it must produce. The court does not address the majority of these issues because full production of required discovery by IBM pursuant to the court's order is not complete.

April 19 Order at 5 (citation omitted). Based on this language, SCO waited to file the Renewed Motion until after August 1, 2005 (the deadline for IBM to complete its production of required documents). IBM openly acknowledges that it possesses hundreds of thousands of responsive documents relating to the development of contributions that IBM has made to Linux. See IBM Opp. to SCO's Renewed Motion at 12-13, 15-16; Decl. of Daniel Frye (9/26/05) ¶¶ 6-10.

SCO devoted a section of its memorandum in support of the Renewed Motion to reviewing its previous requests for Linux development material, including through SCO's Request Nos. 11 and 35. SCO Mem. at 4-5. During the October 7 hearing, counsel for SCO explained the relevance of IBM's objections to SCO's recent Seventh Request for the Production of Documents. In the Seventh Request, SCO seeks in great detail the material requested in Request Nos. 11, 35, and 42. IBM repeatedly objected to the requests on the grounds that they were "duplicative" of Request Nos. 11 and 35. Counsel for SCO explained how IBM had thus acknowledged that SCO had already requested the Linux development materials:

> The argument we submit is that this was within the scope of what was agreed to be produced as reflected in the objections to the Seventh request where IBM said, what you're asking for now is included in the scope of Request 35. They can't have it both ways. They can't say, you didn't request this, it's not related to Linux contribution; and then say we are duplicating an earlier request.

October 7 Hr'g Tr. at 55. Counsel for SCO then set forth the alternative argument supporting an order compelling IBM to produce the requested materials:

> So in our view, Your Honor, the Court should either find that this information was called for or should clearly find it's relevant.

Id. Immediately thereafter, counsel explained why it would not be unduly burdensome for IBM to produce those materials. Id. SCO thus argued in the alternative that the Magistrate Court should order IBM to produce those materials because SCO had requested them and they were relevant and not unduly burdensome to produce. The Magistrate Court did not address SCO's alternative argument.

Concurrent with this Objection, SCO has filed a motion to compel IBM to produce the non-public Linux development material. Given the impending end of fact discovery and the overlap of the issues in the two courts, the relief SCO seeks in the motion to compel is the same relief SCO seeks in this Objection.

## ARGUMENT

SCO asks this Court to order IBM to produce its non-public Linux development materials responsive to SCO's Document Request Nos. 11, 35, and 42, as set out in more detail in Requests Nos. 300-65 in SCO's Seventh Request for the Production of Documents. SCO submits that this Court should enter such an order for several reasons:

First, the documents SCO seeks are plainly relevant. SCO seeks materials such as the programmer's notes, design documents, white papers, comments, and interim versions of code that IBM's Linux developers generated in developing and making contributions of source code to Linux. Such materials are essential to SCO's analysis of the technology (including code, methods, and concepts) relied upon by those programmers when they developed those

4

contributions. In proving its contract, copyright, and tort claims, SCO will demonstrate that IBM improperly relied on SCO's technology in contributing to Linux.

Second, the Magistrate Court itself has made clear that the documents SCO seeks are relevant. The Magistrate Court previously ordered IBM to produce programmer's notes, design documents, white papers, and comments that IBM developers generated in developing AIX and Dynix/ptx, January 18 Order at 9-10, as well as all source code for those operating systems, id. at 15. In ordering such materials, the Magistrate Court reasoned that "these materials are relevant because they may contain information regarding the use or alleged misuse of source code by IBM in its contributions to Linux." Order dated March 3, 2004, at 5; see also January 18 Order at 9, 15.[2] That exact same reasoning applies to the Linux development materials that SCO now seeks. It is incongruous that IBM should have to produce its AIX and Dynix source code and development materials, but not source code and development materials for the very contributions to Linux at the heart of this case.

Third, the relief that SCO seeks follows from the Magistrate Court's discovery orders. In its October 12 Order, the Magistrate Court ordered IBM to produce its "non-public" Linux contributions and the "non-public" Linux development materials for twenty developers identified by SCO. That is, although IBM opposed the Renewed Motion on the grounds that the documents SCO sought are allegedly irrelevant, IBM nevertheless volunteered to produce the non-public Linux development materials from the files of twenty IBM Linux developers identified by SCO. IBM's offer was an obvious acknowledgment of the relevance of such

---

[2] In its Order dated February 8, 2005, this Court agreed "with the conclusions reached by the Magistrate Judge in her Order Pertaining to SCO's Renewed Motion to Compel, dated January 18, 2005." February 8 Order at 11 n.6.

materials. SCO now asks this Court to order IBM to produce the same Linux development materials for the remaining IBM Linux developers, which, according to IBM, exceed 250. From the outset of this litigation, SCO requested those materials as substantial evidence of the technology on which IBM relied in making its Linux contributions through its hundreds of Linux developers.

Fourth, SCO's document requests do not impose undue burden on IBM. Presumably, IBM's Linux developers know best what responsive documents reside in their respective files and "sandboxes."[3] IBM would simply direct those developers to gather such documents and then review the accumulated materials for privilege. The materials produced would not differ in kind or volume from those the parties have already provided in discovery.

IBM's response to SCO's Seventh Request, as noted above, underscores the propriety of the relief that SCO seeks.[4] In an abundance of caution, this summer SCO again and very specifically asked IBM to produce all documents concerning IBM's contributions to Linux and development work for those contributions. SCO requested for example:

- "All documents concerning IBM's contributions to" ten specific Linux projects, including "development work," and "all documents concerning contributions to Linux" through several additional specific Linux projects.

- "All documents concerning IBM's contributions to the Linux 2.7 kernel," including "development work."

---

[3] A developer's "sandbox" is a process confinement environment or contained operating environment, such as a computer hard drive, that a programmer or developer uses for developing and testing source code, applications, security measures, and the like, and that may contain materials such as interim or draft versions of source code which are not yet ready for release or contribution, programmer's notes, white papers, design documents, and the like.

[4] SCO specifically referenced those responses in argument to the Magistrate Court on SCO's Renewed Motion to Compel. October 7 Hr'g Tr. at 55.

6

- "All documents concerning IBM's contributions to any development tree for Linux," including the "development trees" themselves.

SCO's Seventh Request for Production of Documents at 7-14. In response to each of the foregoing requests, and many other similar requests, IBM made the following objection: "IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35." IBM's Responses and Objections to SCO's Seventh Request for the Production of Documents (emphasis added). Yet, in response to Request Nos. 11 and 35, IBM has not produced the Linux development materials that SCO sought in the Renewed Motion and seeks in this objection. IBM cannot say on the one hand that SCO never requested the materials, and then say on the other that it is not now obligated to produce them because SCO's new requests are duplicative. The Court should not permit IBM to have it both ways.

In sum, in light of the plainly relevant nature of the Linux development materials at issue, the express rationale for the Magistrate Court's prior discovery orders, and the absence of any undue burden on IBM, this Court should require IBM to produce those materials.

## CONCLUSION

SCO respectfully requests for the foregoing reasons that this Court order IBM to produce the non-public Linux development materials that SCO has long sought, originally in Request Nos. 11, 35, and 42, and more recently in Request Nos. 300-65.

7

DATED this 27th day of October, 2005.

        Respectfully submitted,

        HATCH, JAMES & DODGE, P.C.
        Brent O. Hatch
        Mark F. James

        BOIES, SCHILLER & FLEXNER LLP
        Robert Silver
        Stuart H. Singer
        Stephen N. Zack
        Edward Normand

By _____
        *Counsel for The SCO Group, Inc.*

CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing Memorandum in Support of SCO's Objection to the Magistrate Court's Order of October 12, 2005, was served on Defendant International Business Machines Corporation on the 27th day of October, 2005:

By U.S. Mail and Facsimile:
David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004