SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

FILED CLERK
2005 NOV -8  P 7: 10

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **IBM'S MEMORANDUM IN OPPOSITION TO SCO'S NEW RENEWED MOTION TO COMPEL DISCOVERY**<br><br>Civil No.: 2:03CV-0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

372474.1

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum in opposition to Plaintiff/Counterclaim-Defendant The SCO Group, Inc.'s ("SCO") New Renewed Motion to Compel Discovery.

**Preliminary Statement**

In response to the Court's October 12, 2005 Order directing SCO to withdraw its earlier motion seeking the production of (1) all documents from certain IBM executives and from its Board of Directors that relate to Linux and (2) witnesses who can speak to certain 30(b)(6) topics noticed by SCO and to file a new motion on the subjects, SCO filed a two-page "New Renewed Motion" declining to withdraw any of the items sought by its original December 23, 2004 motion, and resting on the arguments it made in its December 23, 2004 memorandum in support of its motion.

In addition to the arguments raised in IBM's February 4, 2005 opposition brief, several additional events have occurred which make SCO's motion moot. None of these events is taken into account by SCO in its "New Renewed Motion."

First, SCO neglects entirely the fact that in the Court's recent October 12, 2005 order, the Court found that IBM "appropriately interpreted" the Court's March 3, 2004, January 18, 2005, and April 19, 2005 Orders, and that "SCO's interpretation of the Orders takes out of context what the Court believes to be the clear meaning of the Orders." Second, although the discovery SCO requested that gave rise to this motion is narrow, IBM has produced more than a million pages of documents since SCO filed its December 23, 2004 motion, including documents concerning IBM's Linux strategy, documents concerning the development of Linux, and other Linux-related documents. Third, SCO deposed Irving Wladawsky-Berger, the subject of part of SCO's motion to compel, but failed to establish at his deposition that Mr. Wladawsky-Berger's

-2-

372474.1

document production was deficient. <u>Fourth</u>, the Court has ruled that SCO is entitled to depose IBM's CEO Sam Palmisano, and SCO can ask Mr. Palmisano about his documents. IBM also has agreed to make a Rule 30(b)(6) witness available to testify concerning documents from IBM's Board of Directors. This deposition discovery renders moot the pending motion. <u>Fifth</u>, as explained below, the Rule 30(b)(6) topics that are the subject of SCO's motion are now either moot or not subject to discovery.

## Argument

### I. SCO'S INTERPRETATION OF THE COURT'S PRIOR ORDERS IS UNREASONABLE.

As this Court confirmed at the October 7, 2005 hearing and in its October 12 Order, the interpretation of the Court's prior orders advanced by SCO in its prior briefing (briefing upon which SCO continues to rely) is overbroad and "takes out of context what the Court believes to be the clear meaning of the Orders." (Oct. 12, 2005 Order at B.3.) SCO claims that IBM is required by the Court's earlier Orders to produce all "Linux-related" documents from the files of Mr. Wladawsky-Berger, Mr. Palmisano, and the Board of Directors. (SCO Reply Mem. in Further Support of Renewed Motion to Compel Discovery (2/25/05), at 5). The Court's *October 2005 ruling made clear that its prior orders were not as broad as SCO contends. It* confirmed that IBM's interpretation of those Orders—an interpretation which IBM utilized in producing documents from the files of Mr. Palmisano, Mr. Wladawsky-Berger, and the Board of Directors—was the correct one. As properly interpreted, the Court's Orders, as applied to the certain senior executives and the files of Board of Directors from whom SCO sought documents through its motion to compel, required only the production of documents concerning IBM's decision to adopt or embrace Linux as reported in the March 20, 2000 article in the New York

-3-

372474.1

Times.[1] IBM undertook a reasonable search for, and produced, documents responsive to this narrow request.

## II. IBM HAS PRODUCED MORE THAN A MILLION PAGES OF DOCUMENTS SINCE DECEMBER 2004.

Although the scope of documents requested from Mr. Palmisano, Mr. Wladawsky-Berger, and IBM's Board of Directors is narrow, IBM has produced, since December 2004, more than a million of pages of documents responsive to SCO's other document requests, including documents relating to IBM's Linux strategy and business plans, Linux development, and other Linux-related documents. Documents have been produced from the files of, among others, IBM executives such as Steve Mills, Nick Bowen, and Dan Frye, the vice president who is in charge of IBM's Linux Technology Center.[2] SCO's "New Renewed Motion" fails even to acknowledge this fact.

## III. SCO'S DEPOSITION OF MR. WLADAWSKY-BERGER DID NOT REVEAL ANY WITHHOLDING OF RELEVANT DOCUMENTS.

In January 2005, SCO deposed Mr. Wladawsky-Berger. At his deposition, SCO examined Mr. Wladawsky-Berger about his role in the production of documents from his files in this case. Mr. Wladawsky-Berger's testimony confirmed what Mr. Wladawsky-Berger stated in his November 17, 2004 declaration – he along with IBM's counsel undertook a reasonable search for documents responsive to SCO's request and he turned over all such documents to

---

[1] To the extent SCO's requests called for a search for other documents from the files of these executives, IBM searched for and produced non-privileged, responsive documents, as appropriate.

[2] In addition, since December 2004, IBM has produced hundreds of millions of lines of code and a massive amount of other electronic data from its CMVC and RCS systems.

-4-

372474.1

IBM's outside counsel for review. SCO did not establish at Mr. Wladawsky-Berger's deposition that responsive documents were withheld, nor has it argued since that his deposition testimony on this subject is inadequate.

### IV.   SCO WILL HAVE THE OPPORTUNITY TO DEPOSE OTHER WITNESSES ON THIS SUBJECT.

As SCO acknowledges in its "New Renewed Motion," it was afforded an opportunity by this Court to take Mr. Palmisano's deposition, which currently is scheduled for January 11, 2006. As was the case with Mr. Wladawsky-Berger, SCO will have a chance at Mr. Palmisano's deposition to ask Mr. Palmisano questions relating to the collection and production of documents in this case and to satisfy itself as to the accuracy of Mr. Palmisano's November 18, 2004 declaration. IBM also has agreed to make available a Rule 30(b)(6) witness to testify concerning the search for documents from IBM's Board of Directors. Again, this deposition will provide SCO an opportunity to ask questions concerning the collection of documents from IBM's board. SCO's concerns about the production of documents from these sources should be addressed through these depositions, not another motion to compel.

### V.   THE RULE 30(b)(6) TESTIMONY SCO SEEKS IS MOOT OR NON-EXISTENT.

The two Rule 30(b)(6) topics that are the subject of SCO's "New Renewed Motion" are either moot or not subject to discovery. The first topic concerns IBM's communications with Novell and, as explained in our opposition papers, is hopelessly overbroad. SCO has since propounded more narrow 30(b)(6) topics concerning Novell, and IBM has agreed to make witnesses available in response to these new topics. Thus, this portion of the motion is now moot. The second topic concerns discussions within IBM about UNIX licensing rights and liabilities in connection with IBM's acquisition of Sequent. As we have explained to SCO, any

-5-

372474.1

such discussions would have involved IBM's attorneys and are therefore privileged. Thus, there is no witness to make available on this topic.

### Conclusion

For the foregoing reasons, IBM respectfully requests that the Court deny SCO's New Renewed Motion to Compel Discovery.

DATED this 8th day of November, 2005.

                Snell & Wilmer L.L.P.

                */s/ Alan L. Sullivan*

                Alan L. Sullivan
                Todd M. Shaughnessy
                Amy F. Sorenson

                CRAVATH, SWAINE & MOORE LLP
                Evan R. Chesler
                David R. Marriott

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

Attorneys *for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2005, a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following:

    Brent O. Hatch
    Mark F. James
    HATCH, JAMES & DODGE, P.C.
    10 West Broadway, Suite 400
    Salt Lake City, Utah 84101

    Robert Silver
    Edward Normand
    BOIES, SCHILLER & FLEXNER LLP
    333 Main Street
    Armonk, New York 10504

    Stephen N. Zack
    Mark J. Heise
    BOIES, SCHILLER & FLEXNER LLP
    100 Southeast Second Street, Suite 2800
    Miami, Florida 33131

                                                    /s/ [signature]