SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC. <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **IBM'S MEMORANDUM IN OPPOSITION TO SCO'S MOTION TO COMPEL DISCOVERY** <br><br><br> Civil No. 2:03cv0294 <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke Wells |

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant/ Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this Memorandum in Opposition to Plaintiff/Counterclaim-Defendant The SCO Group, Inc.'s ("SCO") Motion to Compel Discovery.[1]

## Argument

After extensive briefing and argument, this Court entered an Order dated October 12, 2005 limiting the scope of SCO's discovery concerning the development of Linux (the "Order"). SCO objected to the Order, and asked Judge Kimball to set it aside as clearly erroneous and/or contrary to law. At the same time, SCO asks this Court again to rule on the issue that is addressed in the Order and on appeal to Judge Kimball.[2] SCO's motion should be denied for at least the following reasons.

First, SCO admits the issue presented on this motion is before Judge Kimball pursuant to SCO's objection to the Order. (Mem. at 2-3.) It makes no sense for this Court to consider this motion while the issue presented is on appeal. That would merely result in two courts considering the same issue at the same time and delay the inevitable review of the issue by Judge Kimball.

Second, even if the issue presented were not on appeal, SCO's motion amounts to nothing more than an unsupported and unsupportable request for reconsideration. A motion for reconsideration should be granted only to correct manifest errors of law or to present newly

---

[1] Citations to SCO's memorandum of law in support of its "motion to compel" are given as "Mem. at ___".

[2] SCO's motion asks the Court to order the production of documents pursuant to SCO's Seventh Set of Document Requests, which as SCO admits, seeks the same information SCO sought in the motion decided by the Order. (Mem. at 2.)

2

discovered evidence.[3] SCO has not shown, and cannot show, any manifest errors of law or newly discovered evidence. SCO states simply—and incorrectly—that the Court failed to consider its request for the discovery at issue.[4] As is explained in IBM's memorandum in support of the Order (filed before Judge Kimball), which we incorporate herein by reference, the record is clear that the Court carefully considered SCO's request for more discovery concerning the development of Linux. After review of the parties' motion papers and extensive oral argument, the Court denied SCO's motion from the bench, except to the extent of IBM's offer to search the files of 20 developers identified by SCO. Your Honor stated: "I [] deny, except as has been now acknowledged will be provided, SCO's motion to compel." (10/07/2005 Hr'g Tr. at 58:9-10.) At the close of the hearing, Your Honor specifically asked counsel if there was "anything further of a substantive nature that we need to address". (Id. at 66:9-10.) SCO stated that there was not. (Id. at 66:12.) At no point did SCO state—as it now contends—that the Court failed to consider SCO's argument.[5]

---

[3] See Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000). A motion for reconsideration is "an inappropriate vehicle to reargue an issue previously addressed by the court". Basic Research L.L.C. v. Cytodyne Tech., Inc., No. 2:99CV343K, 2001 WL 740541, at *1 (D. Utah Apr. 6, 2001) (Kimball, D.J.) (internal quotation omitted).

[4] SCO does not appeal those portions of the Court's October 12, 2005 Order that held (1) IBM did not previously agree to produce all documents relating to the development of Linux; (2) the Court did not previously order IBM to produce such documents; and (3) "IBM appropriately interpreted the Court's previous Orders, and . . . SCO's interpretation of those prior Orders takes the clear language of the Orders out context". (10/12/05 Order at 3.)

[5] At the Court's request, IBM prepared, and SCO reviewed as to form, a proposed order reiterating the Court's ruling on SCO's motion. The parties could not reach agreement on a single, narrow aspect of the proposed order (not relevant here), and the Your Honor held a telephone conference to resolve the dispute, which Your Honor decided in IBM's favor. At no point during the parties' discussions of the proposed order or the subsequent teleconference with the Court did SCO raise its present objection that Your Honor failed to consider SCO's request for more discovery concerning the development of Linux. Without so much as a peep out of SCO along the lines of its present argument, the Court entered the Order, expressly rejecting SCO's request for more discovery except to the extent of IBM's offer to search the files of 20 more developers. If the Court had not considered SCO's request (as SCO now contends), then the Court would not have drawn the line for such discovery at 20 additional developers.

3

Third, the Court properly denied SCO's request for more Linux development documents for, we believe, the reasons set out in IBM's memorandum in opposition to SCO's Renewed Motion to Compel and stated by IBM at oral argument on the motion. Specifically, the Court properly limited SCO's discovery because (1) requiring the production SCO seeks is contrary to the Court's discovery protocol; (2) the additional information SCO seeks concerning the development of Linux is unnecessary and irrelevant; (3) requiring IBM to produce such information would impose undue burden on IBM; and (4) if allowed, the discovery SCO seeks would delay the resolution of this case. Rather than reiterate all of those arguments in detail here, we incorporate by reference IBM's memorandum in opposition to SCO's objection.

In sum, this Court fully and fairly considered SCO's requests for more discovery relating to the development of Linux and placed appropriate limits on that discovery. SCO has appealed the Court's ruling to Judge Kimball who should be allowed to decide the question on the merits once and for all.

## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court deny SCO's Motion to Compel Discovery on SCO's Seventh Requests.

DATED this 21st day of November, 2005.

SNELL & WILMER L.L.P.

/s/ Alan L. Sullivan

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

4

Of counsel:
INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2005, a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101
>
>Robert Silver
>Edward Normand
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, New York 10504
>
>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

Todd M. Shaughnessy

374381.1