

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **IBM'S MEMORANDUM IN OPPOSITION TO SCO'S OBJECTION TO MAGISTRATE JUDGE WELLS' ORDER OF OCTOBER 12, 2005**<br><br>Civil No. 2:03cv0294<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

Pursuant to Fed. R. Civ. P. 72(a), D.U. Civ. R. 74-1(a)(1), and 28 U.S.C. § 636(b)(1)(A), defendant/counterclaim-plaintiff International Business Machines Corporation ("IBM"), respectfully submits the following opposition to SCO's Rule 72(a) objection to Magistrate Judge Wells' Order Regarding SCO's Renewed Motion to Compel, dated October 12, 2005 (attached as Exhibit A hereto).[1]

## **Preliminary Statement**

In an order dated October 12, 2005 ("the Order") Magistrate Judge Wells declined SCO's request for additional discovery from IBM concerning the development of Linux. Although SCO appears to have made very little use of it, extensive information concerning the development of Linux has been available to SCO from the beginning of the case, including materials from public sources. Moreover, Magistrate Judge Wells has required the production of, and IBM has produced (or agreed to produce), substantial information concerning its efforts to develop Linux, though, here again, SCO appears to have made very little use of the material. Based on the substantial information available and produced to SCO to date regarding the development of Linux, Magistrate Judge Wells did not, contrary to SCO's contention, abuse her discretion in limiting the scope of SCO's discovery. Rather, Magistrate Judge Wells properly limited SCO's discovery relating to the development of Linux.

SCO asks this Court to set aside the Order on the grounds that Magistrate Judge Wells did not consider SCO's argument that IBM should be required to produce Linux development materials from the files of every developer in IBM's Linux Technology Center (the "LTC").[2]  In addition to the material available in the public record, IBM has produced documents from the

---

[1] Citations to SCO's memorandum of law in support of its Objection to the Magistrate Court's Order of October 12, 2005 are given as "Mem. at ___".

[2] At the same time that it filed this appeal, SCO filed what amounts to a motion for reconsideration before Magistrate Judge Wells.  For the same reason that its appeal lacks merit, its request for reconsideration should be denied.  Moreover, as IBM explains in its opposition to SCO's request for reconsideration, it does not make any sense for Magistrate Judge Wells to revisit SCO's request since it is on appeal here and this Court will ultimately have to decide the question in any event.

2

files of more than 50 Linux developers. We simply believe, and Magistrate Judge Wells agreed, that IBM should not be required to produce documents from the files of every developer in the LTC. Although SCO makes no mention of the issue, SCO bears a very heavy burden to set aside the Order. The Order may be set aside only if this Court concludes that Magistrate Judge Wells committed clear error or acted contrary to law.

Magistrate Judge Wells did not commit clear error or act contrary to law in limiting SCO's discovery regarding the development of Linux. Magistrate Judge Wells carefully considered SCO's request for more discovery concerning the development of Linux. (See Section I below.) Moreover, Magistrate Judge Wells properly limited SCO's request for more information concerning the development of Linux because (1) the additional information SCO seeks concerning the development of Linux is unnecessary and irrelevant; (2) requiring IBM to produce it would impose undue burden on IBM; and (3) if allowed, the discovery SCO seeks would delay the resolution of this case. SCO's objections should therefore be overruled.

## **Standard of Review**

Objections to the orders of a magistrate judge must be made by way of a motion under Fed. R. Civ. P. 72(a). Fed. R. Civ. P. 72(a); D.U. Civ. R. 74-1(a)(1). An order of a magistrate judge in a pretrial matter may be set aside by the district court only to the extent it is "clearly erroneous or contrary to law". Fed. R. Civ. P. 72(a); Microsoft v. MBC Enters., No. 04-4017, 2004 U.S. App. LEXIS 27103, at *23-24 (10th Cir. Dec. 29, 2004); King v. G.G.C., Inc., No. 86-6009-C, 1988 WL 142413, at *1 (D. Kan. Dec. 12, 1988). "A litigant who seeks to overturn a magistrate's discovery order bears a heavy burden." Wallin v. Alfaro, No. Civ. A03CV00281WDMMJW, 2005 WL 2125224, at *5 (D. Colo. Sept. 2, 2005) (internal quotation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed". U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).

3

**Argument**

**I.     MAGISTRATE JUDGE WELLS CAREFULLY CONSIDERED SCO'S REQUEST FOR MORE DISCOVERY CONCERNING THE DEVELOPMENT OF LINUX.**

In its renewed motion to compel, SCO argued that IBM should be required to produce documents concerning the development of Linux from the files of every developer in the LTC. IBM opposed the motion on the grounds that SCO's request violated the discovery protocol established by the Court early in the case; the information sought was unnecessary and irrelevant; complying with SCO's request would impose undue burden on IBM; and ordering production of the requested discovery would further delay the resolution of the case.  Seeking an end to the parties' dispute, IBM nevertheless agreed to produce additional development documents from the files of 20 developers (identified by SCO) from whom SCO claimed it needed additional documents in order to pursue deposition discovery.

After review of the parties' motion papers and extensive oral argument, Magistrate Judge Wells denied SCO's motion from the bench, except to the extent of IBM's offer to search the files of 20 developers identified by SCO.  Magistrate Judge Wells stated: "I [] deny, except as has been now acknowledged will be provided[,] SCO's motion to compel."  (10/07/2005 Hr'g Tr. at 58:9-10.)  At the close of the hearing, Magistrate Judge Wells specifically asked counsel if there was "anything further of a substantive nature that we need to address".  (Id. at 66:9-10.) SCO stated that there was not.  (Id. at 66:12.)  At no point did SCO state—as it now contends— that Magistrate Judge Wells failed to consider SCO's argument—she had just done so, on the record, in unmistakable terms.

At the Court's request, IBM prepared, and SCO reviewed as to form, a proposed order reiterating Magistrate Judge Wells' ruling on SCO's motion.  The parties could not reach agreement on a single, narrow aspect of the proposed order (not relevant here) and Magistrate Judge Wells held a telephone conference to resolve the dispute, which she decided in IBM's favor.  At no point during the parties' discussions of the proposed order or the subsequent teleconference with the Court did SCO raise its present objection that Magistrate Judge Wells

4

failed to consider SCO's request for more discovery concerning the development of Linux. Without even a hint from SCO that she had failed to consider one of SCO's arguments, Magistrate Judge Wells entered the Order, expressly rejecting SCO's request for more discovery except to the extent of IBM's offer to search the files of 20 more developers.[3]  If Magistrate Judge Wells had not considered SCO's request (as SCO now contends), then Magistrate Judge Wells would not have drawn the line for such discovery at 20 additional developers.

Even if (contrary to fact) Magistrate Judge Wells had not expressly ruled on SCO's request for more discovery, the Court's consideration of the request would be implicit in the Court's rulings from the bench and her subsequent order.  Magistrate Judge Wells did not deny SCO's motion in a vacuum; she did so after the parties briefed and addressed SCO's requests at oral argument.  See Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1116 (10th Cir. 2004) (holding that a "district court's failure to address [a litigant's] arguments may be properly construed as an implicit denial of those arguments"); Miller v. Auto. Club of New Mexico, Inc., 420 F.3d 1098, 1117 (10th Cir. 2005) (holding that although "there is no indication the district court explicitly ruled on [plaintiff's] objections to the denial of her motion to compel . . . [n]onetheless, we may properly construe a district court's failure to address arguments raised in a Rule 72(a) objection 'as an implicit denial of those arguments'". (quoting Hill, 393 F.3d at 1116)).

## II.     MAGISTRATE JUDGE WELLS PROPERLY LIMITED SCO'S REQUEST FOR MORE INFORMATION CONCERNING THE DEVELOPMENT OF LINUX.

In seeking to set aside the Order, SCO casts a blind eye at the context in which Magistrate Judge Wells reached her decision.  As stated, extensive information regarding the development of Linux has been available to SCO from the beginning of the case.  On top of that, IBM has

---

[3] SCO does not appeal those portions of Magistrate Judge Wells' October 12, 2005 Order that held (1) IBM did not previously agree to produce all documents relating to the development of Linux; (2) the Court did not previously order IBM to produce such documents; and (3) "IBM appropriately interpreted the Court's previous Orders, and . . . SCO's interpretation of those prior Orders takes the clear language of the Orders out context".  (10/12/05 Order at 3.)

produced (or agreed to produce) substantial information concerning the development of Linux, including documents from the files of 20 additional Linux developers as selected by SCO. The question presented to Magistrate Judge Wells was not whether SCO should be denied all discovery concerning development of Linux; clearly it had not been. The issue was whether IBM should be compelled to search the files of every single developer in the LTC. Magistrate Judge Wells properly answered that question in the negative for the following reasons.

### A.     The Linux Development Information SCO Seeks Is Irrelevant And Unnecessary To The Claims In This Case.

Given the extensive amount of Linux development documentation to which SCO has access and the type of evidence needed to establish SCO's claims, the discovery SCO seeks is clearly irrelevant and unnecessary. This is because unlike AIX and Dynix, which are proprietary operating systems and thus developed confidentially within IBM, Linux is an open source operating system, developed by the Linux community in public view. For each area of Linux development, a public website is maintained at which proposed patches and community commentary on proposed patches are maintained and available to the public.[4] Thus, the development history for each area of Linux is publicly accessible and freely available to SCO.[5]

---

[4] For example, the Linux community project sites for each of the major Linux contributions that SCO has identified as potentially infringing its rights contain a wealth of publicly available information about the development of the patches for that project, such as an email archive tracking the various patches submitted and the community's comments on such patches. See, e.g., http://lse.sourceforge.net/numa/ (NUMA project site); http://jfs.sourceforge.net/ (JFS project site); http://evms.sourceforge.net/ (EVMS project site);
http://lse.sourceforge.net/locking/rcupdate.html (RCU project site);
http://lse.sourceforge.net/io/aio.html (AIO project site).

[5] SCO's request for documents from all developers in the LTC is not its first overbroad request for documents. For example, in opposing IBM's motion for summary judgment on its claim seeking a declaration of non-infringement, SCO claimed to need discovery concerning "what third parties IBM has partnered with to develop Linux and what work those parties have done", Linus Torvalds' "knowledge about the contributors and contributions to Linux since its inception, and the maintenance of any records about the development history of Linux", "kernel maintainers", "private groups [who] have made major contributions to Linux", "corporations [who] have made contributions to Linux . . . [and] the sources of their contributions". (Decl. of

6

In addition to the vast amounts of publicly available information, SCO also has access to the extensive amounts of documentation IBM has already produced relating to IBM's Linux contributions. As ordered by the Court, IBM has fully produced "<u>ALL</u> non-public Linux contribution information", including a list, with names and contact information, for all the current and former IBM employees thought to have made contributions to Linux and production of all of IBM's Linux patches that might not be publicly available. IBM has also provided SCO with documentation from the files of numerous IBM Linux contributors. In fact, IBM already has provided SCO documents from a higher proportion of IBM Linux developers than the proportion of AIX and Dynix developers from whom it was ordered to provide documents.[6]

SCO already has in its possession more than is necessary to assess the validity of its claims. As discussed in more detail in IBM's prior briefing, the requested discovery—the development history of all of IBM's Linux contributions—is irrelevant to the claims in this case. (See IBM Response Mem. Re: Disc. at 10-17.) In order to establish copyright infringement, SCO must compare the actual source code IBM contributed to Linux (which is either publicly available or IBM has produced) to the actual UNIX source code (which SCO has in its possession) and establish that the two are "substantially similar". Thus, the development history information for IBM's Linux contributions is entirely irrelevant to proving a claim for copyright infringement. Even under SCO's contract theory—whereby SCO claims IBM's contribution of any code from any part of AIX or Dynix constitutes a breach of the contract—the only material to

---

John Harrop in Opp. to IBM's Mot. for Partial Summ. J., dated 07/09/2004 ¶¶ 44, 45, 49, 50.) SCO appears to have done essentially nothing to pursue discovery from these sources.
[6] IBM has produced (or agreed to produce) documents for 55 of the approximately 328 individuals IBM has identified as current or former IBM employees who may have contributed to Linux. In the context of AIX and Dynix, the Court ordered IBM to produce documents from the files of 100 of the more than 7,000 developers identified by IBM as possible AIX or Dynix contributors. (04/19/2005 Order at 5.) Thus, in the context of AIX and Dynix, the Court only required IBM to provide the development files of less than 2% of the individuals IBM had identified as potential contributors to AIX and Dynix, whereas IBM has already voluntarily provided (or agreed to provide) SCO with documents from over 16% of the developers it has identified as potential contributors to Linux.

which SCO needs access to evaluate its claim is the source code for AIX (which IBM has already produced), the source code for Dynix (which IBM has already produced) and IBM's actual contributions to Linux (which are either publicly available or have been produced by IBM). The Linux development history is irrelevant to a claim for breach of contract, even under SCO's misguided contract theory.[7]

**B.    IBM Would Face Undue Burden If Compelled To Produce The Discovery SCO Seeks.**

Requiring IBM to produce the discovery at issue would impose undue burden on IBM. In order to obtain "the development history (e.g., programmer's notes, design documents, white papers, and interim or draft versions of Linux contributions) of any code copied into Linux" requested by SCO, IBM would have to undertake a massive, time-consuming, international search. Unlike AIX and Dynix, for which IBM has centralized development teams devoted exclusively to AIX and Dynix development and a centralized revision control system, IBM does not maintain a centralized repository for the collection of Linux contributions, let alone documents merely relating to the development of Linux, which, again, has been and is being developed over the Internet, in public view. (Decl. of Daniel Frye in Opp. to SCO's Renewed Mot. to Compel ("Frye Decl.") ¶¶ 6-8.)

IBM identified more than 300 former and current developers, located in nine countries in four continents, who may have made contributions to Linux. (IBM's Opp. to SCO's Renewed Mot. to Compel, Ex. 2.) In order to comply with SCO's request, IBM would need to collect documents from the individual files of all these developers.[8] (Frye Decl. ¶ 9.) For current IBM

---

[7] SCO argues that IBM acknowledged the relevance of the Linux development information SCO seeks by proposing to search the files of 20 Linux developers of SCO's selection. The argument is mistaken. Immediately prior to proposing the compromise position, counsel for IBM expressly stated: "We really do believe these materials are irrelevant." (10/07/2005 Hr'g Tr. at 56:19-20.)

[8] The magnitude of this task is obvious when compared to the total amount of collection that has been undertaken in this case. As of the filing of this brief, SCO had produced documents from 65 individuals and IBM had produced documents from 231 individuals. Thus, the two parties combined have produced documents from fewer individuals over the course of the two and a half

employees, the individual developer would have to be contacted and a request made for his/her documents, which would then have to be collected, copied and returned. For the developers who are no longer employed by IBM, a search into each individual's employment history would have to be undertaken to identify the former employee's last known manager at IBM. IBM would then need to contact the manager to inquire about, request and collect any documents retained by the manager from the former employee.

Because there is no centralized repository for all Linux development work, IBM would also have to undertake to identify the various IBM servers where, if anywhere, each individual Linux development project maintains its project work. (Frye Decl. ¶¶ 7-9.) This would require interviewing the individual managers, team leads, support staff and all programmers for each of the more than 100 Linux projects that IBM has undertaken since it began Linux development work in 1999 and inquiring as to the location of all development documentation for that project. (Frye Decl. ¶ 9.)

Upon collection of all this material—anticipated to be over a million pages of documents—IBM would then need to review each document for privilege and third party confidentiality prior to producing the documentation to SCO. (Frye Decl. ¶ 10.) To require IBM to undertake such a time-consuming and onerous discovery request—especially at this critical final stage of discovery with a full deposition schedule underway—would impose an undue and entirely unnecessary burden on IBM.

C.     **Permitting SCO The Discovery It Seeks At This Stage Of The Proceedings Would Undoubtedly Delay The Resolution Of This Case.**

Permitting SCO to obtain additional Linux development information on top of the information IBM already has produced (or will produce shortly) will only delay resolution of this case. Fact discovery on this case is scheduled to end on January 27, 2006 (07/01/2005 Order at 5)—approximately two months from now. As stated, SCO seeks discovery from every member

years that have expired since SCO filed this case than SCO now seeks to compel IBM to produce

of the LTC. The volume of such information is estimated to be no less than a <u>million</u> pages of documents. (Frye Decl. ¶ 10.) IBM's search for these documents alone would consume the time remaining for discovery, not to mention the time it would take for IBM to review these documents for privilege and third party confidentiality before even sending them over to SCO for review. After that, there is no telling how long SCO will take to review a million pages of documents, and there is no telling what subsequent motions SCO will make arising from its review of these irrelevant and unnecessary documents. SCO seeks these documents knowing full well that both parties are currently fully-engaged in intensive deposition discovery. There is, therefore, little doubt that permitting SCO to obtain the information it seeks at this stage of the litigation will only delay, indefinitely, the resolution of this case, which is already almost 3 years old.

The timing of this motion and SCO's recent motions to obtain Linux development information suggests that these motions are more about SCO's desire to delay the resolution of this case than its need for the development history of IBM's Linux contributions. SCO originally moved to compel IBM to provide the development documentation for AIX and Dynix in its May 28, 2004 memorandum regarding discovery. (Mem. Re: Disc. at 4-5.) If SCO truly believed that it needed Linux development documentation, it would have sought to compel the discovery of such at the same time. Instead, SCO waited fifteen months after it originally sought development documentation for AIX and Dynix, over four months after the Court failed to provide it with the Linux development documentation it requested in its opposition to the motion for reconsideration, and only four months prior to the close of discovery. As SCO undoubtedly knows, compliance with SCO's current request would place a great burden on IBM and take many months and would jeopardize the current schedule the Court has established for this case. If this motion was truly about discovery SCO needs to prove its claims—and not simply delay at any cost—SCO would have raised it more than a year ago.

---

documents from in the few months that remain prior to the close of discovery.

## CONCLUSION

For the foregoing reasons, IBM respectfully requests that the Court deny SCO's Objection to the Magistrate Court's Order of October 12, 2005.

DATED this 21st day of November, 2005.

SNELL & WILMER L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of counsel:
INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2005, a true and correct copy of the

foregoing was sent by U.S. Mail, postage prepaid, to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101
>
>Robert Silver
>Edward Normand
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, New York 10504
>
>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

Todd M. Shaughnessy

374380.1

# EXHIBIT A

FILED
U.S DISTRICT COURT

2005 OCT 13  P 3: 26

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC. | |
| Plaintiff/Counterclaim-Defendant, | **ORDER** |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | Civil No. 2:03CV0294 DAK |
| Defendant/Counterclaim-Plaintiff. | Honorable Dale A. Kimball |
| | Magistrate Judge Brooke C. Wells |

368841.2

On October 7, 2005, Plaintiff/Counterclaim-Defendant The SCO Group, Inc.'s

("SCO") Renewed Motion to Compel Discovery (Docket No. 366), Renewed Motion to Compel

(Docket No. 503), and Expedited Motion and Supporting Memorandum for Leave to Take

Additional Depositions (Docket No. 508) came on for hearing before this Court. Stuart Singer,

Ted Normand, and Mark James appeared for SCO. David Marriott, Todd Shaughnessy, and

Peter Ligh appeared for Defendant/Counterclaim-Plaintiff International Business Machines

Corporation ("IBM"). Based upon the supporting memoranda, exhibits, the record hearing, and

the arguments of counsel, the Court rules as follows:

**A.    SCO's Renewed Motion to Compel Discovery (Docket No. 366):**

With regard to SCO's Renewed Motion Compel Discovery (Docket No. 366), in

which SCO seeks to compel IBM to produce all documents from certain of its executives and

Board of Directors that relate to Linux and witnesses who can speak to certain deposition topics

SCO has noticed, the Court finds as follows:

1.     In an Order dated January 18, 2005, the Court withheld decision regarding

the production of documents from certain executives pending full briefing by the parties. Due to

a docketing error, the issue was not scheduled for hearing upon the close of the parties' briefing;

2.     Substantial discovery has been provided since SCO filed its Renewed

Motion to Compel Discovery (Docket No. 366) in December 2004 and Judge Kimball has issued

an order concerning the deposition of Samuel Palmisano, IBM's C.E.O.; and

3.     Given the possibility that some discovery provided by IBM may address

the concerns raised by SCO in the pending motion, SCO shall withdraw the pending motion and

file a new motion removing any items from the motion which may have been provided by IBM

in the intervening time.

Accordingly, it is HEREBY ORDERED that SCO shall file a new motion with the Court, no later than October 21, 2005, removing any items from the motion which may have been provided by IBM in the intervening time. IBM may oppose such motion and SCO may reply. The new motion will be heard with IBM's Motion to Compel Production of Documents on SCO's Privilege Log (Docket No. 514) on December 20, 2005 at 10:00 a.m., courtroom to be determined.

**B.      SCO's Renewed Motion to Compel (Docket No. 503):**

With regard to SCO's Renewed Motion Compel, Docket No. 503, the Court finds as follows:

1.      IBM did not agree to produce all documents relating to the development of Linux, as SCO contends;

2.      The issue of the discovery from IBM of all documents relating to the development of Linux was not raised before the Court, was not understood by the Court to be a part of SCO's prior motions, and was not contemplated in the Court's March 3, 2004, January 18, 2005, and April 19, 2005 Orders (the "Orders");

3.      IBM appropriately interpreted the Orders, and SCO's interpretation of the Orders takes out of context what the Court believes to be the clear meaning of the Orders;

4.      The declarations of Todd M. Shaughnessy regarding discovery are sufficiently in compliance with the requirements of the Court to explain those efforts made and those documents not produced; and

5.      At the hearing, IBM nevertheless offered to undertake a reasonable search for and produce non-privileged and non-public Linux programmer's notes, design documents, white papers, and interim or draft versions of Linux contributions from the files of 20 of the IBM

Linux developers whom SCO identifies as potential deponents and whose files it would like IBM to search.

Accordingly, IT IS HEREBY ORDERED that IBM has complied with the Orders of the Court, and that SCO's Motion to Compel Discovery and request for sanctions therein is denied. In accord with IBM's offer, SCO is ordered to provide IBM, on or before October 12, 2005, with a list of the 20 Linux developers. IBM will endeavor to make its production on a rolling basis, but in any case shall complete the production by December 7, 2005. SCO must complete the depositions of these developers before January 27, 2006.

**C.    SCO's Expedited Motion and Supporting Memorandum for Leave to Take Additional Depositions (Docket No. 508):**

The Court hereby increases the number of allowable depositions by 10 as to each side. However, all depositions must be completed by the applicable discovery cut-off date as set forth in Judge Kimball's July 1, 2005 Order. To the extent such depositions cannot be completed within that period of time, they must be foregone. The Court will not entertain any motion for an extension of time to complete depositions. IBM's request for additional time to depose SCO's witnesses is denied; both sides are required to adhere to the current rules on additional deposition days.

DATED this 12 day of October, 2005.

BY THE COURT

U.S. Magistrate Judge
Brooke C. Wells

APPROVED AS TO FORM AND CONTENT:

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James


By_____
*Counsel for Plaintiff/Counterclaim-Defendant*

368841.2                                    5

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of October, 2005, a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following:

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

Robert Silver
Edward Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504

368841.2

6