Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **REPLY MEMORANDUM IN FURTHER SUPPORT OF SCO'S NEW RENEWED MOTION TO COMPEL DISCOVERY**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff, The SCO Group, Inc. ("SCO"), respectfully submits this Reply Memorandum in Further Support of its New Renewed Motion to Compel Discovery.

## BACKGROUND

Considering the lengthy history at issue, SCO submits that a brief review of the background to SCO's New Renewed Motion to Compel Discovery is in order.

During the hearing before this Court on February 6, 2004, SCO argued that IBM had failed to identify certain individuals as potential witnesses, and SCO requested that IBM produce documents from the files of those individuals:

> What we have gotten from I.B.M. is working its way up the ladder, despite the fact that on October 28th and other occasions I have spoken with representatives of I.B.M. and said <u>we want the documents and materials from Sam Palmisano, from Irving Wladawsky-Berger, the key executives that are intimately involved in the Linux project</u>.
>
> In our reply memo in support of this motion to compel we in fact provided an article from the <u>New York Times</u> where <u>Mr. Palmisano</u> is identified as the leader of moving I.B.M. into the Linux movement. <u>Mr. Wladawsky-Berger</u> is a core, critical person and they are not mentioned in any of their interrogatory answers and <u>we have gotten no documents from them</u>.
>
> . . . .
>
> There is that <u>New York Times</u> article that was attached to our reply memo, it identifies and there was a ten page report that he and Mr. Wladawsky-Berger and a couple of others put together in deciding whether I.B.M. should shift gears and go to Linux. We don't have that ten page report and it is a critical document. <u>Those are the things that we have asked for</u>. We have had specific conversations with Christine Arena at Cravath asking specifically for <u>Mr. Palmisano stuff</u>, for Mr. Wladawsky-Berger, Paul Horn, Nick Bowen, those peoples' information. We have not gotten it.

2/6/04 Hr'g Tr. at 22-23 (emphasis added).

In its subsequent Order dated March 3, 2004 (the "March 2004 Order"), this Court acknowledged the requests for documents that SCO had made during the hearing:

2

> Although not part of SCO's official written motion, SCO raised these discovery issues at oral argument and also alleged in its written memoranda that IBM failed to adequately respond to interrogatories and document requests that are the subject of these discovery items.

March 2004 Order at 5 n.1. In addressing those document requests, the Court then precisely tracked the arguments that SCO had made during the hearing. That is, the Court ordered IBM to respond to SCO's <u>general</u> request for documents from the key executives (such as Messrs. Palmisano and Wladawsky-Berger) involved in the Linux project, and then <u>specifically</u> alluded to the <u>example</u> of the same <u>New York Times</u> article to which SCO had referred:

> IBM is to provide documents and materials generated by, and in possession of employees that have been and that are currently involved in the Linux project. IBM is to include materials and documents from executives including inter alia, Sam Palmisano and Irving Wladawsky-Berger. Such materials and documents are to include any reports, materials or documents from IBM's "ambitious Linux strategy." Steve Lohr, <u>A Mainstream Giant Goes Countercultural, I.B.M.'s Embrace of Linux Is a Bet That It Is the Software of the Future</u>, N.Y. Times, March 20, 2000, Business/Financial Desk. The Court finds these materials are relevant because they may contain information regarding the use or alleged misuse of source code by IBM in its contributions to Linux.

March 2004 Order at 4-5 (¶ 3).

In July 2004, SCO moved to compel IBM to produce such documents. SCO argued (among other things) that it did not seem possible that IBM's senior executives and Board of Directors – who indisputably are "involved in the Linux project" – did not have any e-mails, correspondence, or almost any other documents concerning IBM's Linux strategy. This Court heard argument on that motion in October 2004. During the hearing, IBM promised that they would "search again" for responsive documents from the senior executives. On October 20, 2004 (the "October 2004 Order"), the Court ordered:

> IBM is [to] provide affidavits from the Board of Directors, Mr. Palmisano and Mr. Wladawsky-Berger regarding <u>production of all non-privileged documents</u>

3

<span style="text-decoration: underline;">pertaining to IBM's Linux strategy</span>. The affidavits are to be filed within 30 days from the entry of this order.

October 2004 Order at 1 (emphasis added). SCO filed its Renewed Motion to Compel when IBM submitted cursory affidavits and produced very few additional documents pertaining to IBM's Linux strategy.

In support of that Renewed Motion, SCO specifically identified, for example, an e-mail from Mr. Palmisano discussing in detail IBM's decision to embrace Linux, which document IBM has not produced; and cited Mr. Wladawsky-Berger's deposition testimony where he admitted that he had sent and received e-mails pertaining to IBM's Linux strategy, which documents IBM has not produced. IBM has never addressed its failure to produce such documents. In its Renewed Motion, SCO proposed as a <u>remedy</u> – considering what SCO regarded as IBM's efforts to exercise its discretion to construe the Court's Orders too narrowly – that the Court simply order IBM to produce from the relevant files any document containing the word "Linux."

At the scheduled hearing for SCO's Renewed Motion, on October 7, 2005, the Court ordered SCO to file a new motion after SCO had considered the materials IBM had produced since the Renewed Motion. Pursuant to those instructions, SCO compared the list of outstanding materials cataloged in its Renewed Motion to the materials that IBM had produced in the interim. SCO confirmed that IBM has failed to cure the apparent deficiencies enumerated in the Renewed Motion, and therefore filed this New Renewed Motion.

## ARGUMENT

Upon SCO's New Renewed Motion, the question remains whether, with respect to its senior executives and Board of Directors, IBM has produced all of the documents and materials "generated by, and in possession of employees that have been and that are currently involved in the Linux project," "from IBM's 'ambitious Linux strategy'," and "pertaining to IBM's Linux strategy." Although SCO of course does not and cannot <u>know</u> what responsive documents exist (except, of course, the non-produced documents SCO identified in support of its Renewed Motion), SCO submits that the near-complete absence of responsive production (especially when considered in light of the responsive documents that SCO has found and therefore knows that IBM has not produced), means that IBM has <u>not</u> produced many such documents and materials.

IBM first argues that this Court has somehow already resolved SCO's New Renewed Motion by limiting the scope of the Court's Orders, and then argues that certain irrelevant "events" in 2005 have mooted SCO's Renewed Motion. SCO respectfully submits that IBM is mistaken in both respects.

### I. THIS COURT HAS NOT RESOLVED SCO'S MOTION

IBM first appears to contend that this Court's resolution of a separate motion argued on October 7, 2005, somehow invalidates SCO's Renewed Motion. In fact, the Court declined to consider SCO's Renewed Motion at that time, stating at the outset of the October 7 hearing that it would defer argument until December. In its Order dated October 12, 2005, the Court explained:

> Given the <u>possibility</u> that some discovery provided by IBM <u>may</u> address concerns raised by SCO in the pending motions, SCO shall withdraw the pending motion and file a new motion removing any items from the motion which <u>may</u> have been provided by IBM in the intervening time.

5

October 12 Order at 2 (emphasis added). SCO complied with those instructions by reviewing the materials that IBM produced this year and, because IBM failed to provide the relevant discovery, SCO filed this motion.

IBM now misinterprets the October 12 Order. In its March 2004 Order, the Court said in the first sentence of paragraph 3 at pages 4-5: "IBM is to provide documents and materials generated by, and in possession of employees that have been and that are currently involved in the Linux project." On October 7, 2005, IBM argued that the foregoing language did not apply to programmers. Now IBM maintains that the foregoing language also does not apply to IBM's senior executives. That is, IBM now appears to contend that the first sentence is a nullity altogether: IBM interprets its obligations as requiring "only the production of documents concerning IBM's decision to adopt or embrace Linux as reported in the March 20, 2000 article in the New York Times." IBM Mem. at 3.

IBM thus appears to view its discovery obligations as limited to the final decision to embrace Linux, and then only as reported in the New York Times article. Based on this erroneous belief, IBM has apparently withheld many other documents pertaining to IBM's Linux strategy. IBM's argument fails for several reasons.

First, in contrast to Linux developers, the Court clearly did have in mind IBM's senior executives when it wrote paragraph 3 at pages 4-5 of the March 2004 Order. SCO's counsel had expressly addressed the issue in the February 2004 hearing, and the Court expressly noted that argument in the March 2004 Order. Indeed, IBM itself has now said, in October of this year, that it actually reads the first sentence of paragraph 3 at pages 4-5 of the March 2004 Order to mean

6

that IBM was not to <u>exclude</u> IBM's senior executives from IBM's searches for documents responsive to SCO's document requests. 10/7/05 Hr'g Tr. at 41, 43-44.

<u>Second</u>, as noted, IBM has acknowledged that it was not to exclude senior executives from its search for documents responsive to SCO's document requests. IBM acknowledged on October 7 that in its March 2004 Order the Court addressed two distinct issues: one, documents from IBM's senior executives; and two, materials relating to the <u>New York Times</u> article. 10/7/05 Hr'g Tr. at 38. The fact is that SCO has served IBM with at least two, clear document requests that should have prompted IBM to produce those documents from its senior executives concerning IBM's Linux strategy:

> "All documents concerning any contributions to Linux or to open source made by IBM and/or Sequent." Request No. 35.

> "All documents concerning IBM's decision to adopt, embrace or otherwise promote Linux," including documents from the files of Messrs. Palmisano, Wladawsky-Berger, Horne and Bowen, and from IBM's Board of Directors. Request No. 53.

SCO specifically cited Document Request No. 53 in its Memorandum in Support of its Renewed Motion to Compel (at iii). The fact that IBM apparently has <u>not</u> produced all such documents directly undercuts its interpretation of the March 2004 Order.

<u>Third</u>, even <u>accepting</u> IBM's bald argument that the Court's reference to the <u>New York Times</u> article is the only language of consequence in paragraph 3 at pages 4-5 of the March 2004 Order, IBM <u>still</u> reads its discovery obligations too narrowly. The order was to produce documents "concerning IBM's decision to adopt or embrace Linux" as reported in the article. Among other things, the article says the following about IBM's "Linux strategy":

> I.B.M., it was decreed, <u>would embark on a costly program to make all its hardware and software work seamlessly with Linux</u>. So quickly did the company

7

> mobilize that even now, hundreds of engineers across the company are already engaged in the Linux campaign, and I.B.M. says its army of Linux engineers will number in the thousands within a few years.
>
> . . . .
>
> Even IBM, which plans eventually to use Linux as its unifying Unix platform (shelving AIX), says Linux's true ascendance may not come for five years or so -- <u>until Linux is built up to become more powerful and reliable</u>.

Lohr, <u>supra</u> (emphasis added). The article thus expressly concerns IBM's then-prospective efforts to undertake a "costly program" to "build up" Linux. IBM should have produced documents from its senior executives concerning those efforts.

Indeed, IBM has no coherent explanation for why SCO was only entitled to have, and the Court only ordered IBM to produce, documents created during the time in which IBM made its ultimate decision to embrace Linux. If there were such a temporal limitation to the order of production, it would not have made sense for the Court to point out (as it did) that "these materials are relevant because they may contain information regarding the use or alleged misuse of source code by IBM in its contributions to Linux." IBM could have generated such materials well prior to, and well after, IBM's ultimate decision to embrace Linux.

IBM's continuing effort to narrow the scope of what it is obligated to produce bears out SCO's proposal – which SCO expressly identified as a request for <u>relief</u>, not an assertion of what this Court had previously ordered – that the Court order IBM to produce any document from the files of its senior executives and Board of Directors that contained the word "Linux."

## II. IBM'S OTHER ARGUMENTS ARE IRRELEVANT

None of the "events" since December 2004 that IBM cites have rendered SCO's motion moot. None of these events has cured the deficiency in IBM's production.

First, IBM inexplicably suggests that SCO's motion is moot because IBM has produced a million pages of documents since December 2004 in response to SCO's "other document requests." IBM Mem. at 4. The volume of IBM's production is a red herring. IBM's recent production concerned other SCO requests and Court orders.[1] Those materials cannot and do not cure the deficiency of documents related to IBM's Linux strategy from the files of IBM's high level executives. Not surprisingly, such high-level documents from IBM's executive management do not appear in IBM's production from other sources, which is why SCO was forced to file this separate motion specifically targeting those essential documents.

Second, IBM contends that "SCO's concerns about the production of documents from these sources should be addressed through depositions, not another motion to compel." IBM Mem. at 5. There is no basis for this position. IBM complains that during the deposition of Mr. Wladawsky-Berger, SCO had the opportunity to establish whether IBM withheld documents from his files but could not do so. IBM argues that SCO can similarly test IBM's representations that it has produced all responsive documents of other executives by deposing IBM CEO Samuel Palmisano and IBM's proposed 30(b)(6) witness.

IBM is wrong for two plain reasons. One, IBM has no right to dictate which discovery tools SCO may use. SCO has a limited number of depositions through which it must develop proof of its claims for trial. Nothing in the Federal Rules requires that SCO detract from its allotment in order to establish IBM's non-compliance with its discovery obligations. Instead, motion practice serves that purpose. SCO properly requested the documents it seeks; the Court

---

[1] In particular, IBM's recent production centers on materials that the Court's Orders dated January 18 and April 19, 2005, required IBM to produce relating to the complete AIX and Dynix development histories, which had been withheld from SCO for well over a year.

9

ordered IBM to produce those documents; and IBM's continued failure to comply has forced SCO to file a proper renewed motion to compel IBM to produce them. IBM cannot now sidestep SCO's motion by arguing that SCO must use its depositions to address IBM's failure to produce those documents.

Two, even if SCO sought to verify via deposition the obvious deficiency in IBM's production, the deposition of Mr. Wladawsky-Berger reveals the difficulty. As explained in SCO's Reply to the Renewed Motion, Mr. Wladawsky-Berger admitted in deposition that he had sent and received many e-mails that expressly concerned IBM's decision to adopt and promote Linux. SCO Reply Mem. at 2-3. IBM has never produced any of those emails. Mr. Wladawsky-Berger's testimony establishes that IBM adopted a constricted view of its discovery obligations that IBM has now openly acknowledged in its opposition brief. See IBM Mem. at 3.[2] Presumably, Mr. Palmisano will testify that he too produced all materials responsive to IBM's narrow interpretation of its discovery obligations. Thus, no deposition will resolve or cure IBM's unilateral decision to disregard the Court's Orders by withholding responsive e-mails, reports, and internal memoranda from the files of its most important executives.

### III. SCO PROPERLY SEEKS A RULE 30(b)(6) DEPOSITION OF IBM

IBM still refuses to produce a witness to testify about its discussions "concerning UNIX licensing rights, limitations, and potential liabilities, in connection with IBM's acquisition of Sequent." IBM objects on the grounds that "any such discussions would have involved IBM's attorneys and are therefore privileged." IBM Mem. at 5-6. As detailed in SCO's Reply to the

---

[2] As shown above, IBM misinterprets the Court's Order to require "only the production of documents concerning IBM's decision to adopt or embrace Linux as reported in the March 20, 2000 article in the New York Times." IBM Mem. at 3.

10

original Motion, IBM's sweeping assertion of privilege is unreasonable on its face and insufficient under the case law. SCO Reply Mem. at 8.

Even if IBM's attorneys were present, for example, IBM's discussions with Sequent are not privileged, because Sequent is a third party whose presence in those discussions defeats any privilege claim. See In re Grand Jury Subpoena, 144 F.3d 653, 659 (10th Cir. 1998). Nor would IBM disclose any "privileged" information in describing executive management's consideration of UNIX-related issues in the context of its Sequent acquisition.

Although SCO raised the foregoing points in its Reply to the original Motion, IBM failed to address them in its opposition brief and only reiterates its generalized privilege claim. Absent a showing by IBM that the deposition would cause "annoyance, embarrassment, oppression, or undue burden," Fed. R. Civ. P. 26(c) – which it would not – SCO is entitled to take the deposition on the noticed topic.

## CONCLUSION

SCO respectfully requests that this Court order IBM (1) to produce documents from its high-level executives relating to its adoption and promotion of Linux and (2) to produce a witness concerning SCO's Rule 30(b)(6) topic.

DATED this 23rd day of November, 2005.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By _____

*Counsel for The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing Reply Memorandum in Further Support of SCO's New Renewed Motion to Compel Discovery was served on Defendant International Business Machines Corporation on the 23rd day of November, 2005:

<u>By U.S. Mail and Facsimile</u>:
David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004

13