# ORIGINAL

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** <br><br> Case No. 2:03CV0294DAK <br> Honorable Dale A. Kimball <br> Magistrate Judge Brooke C. Wells |

Plaintiff, The SCO Group, Inc. ("SCO"), respectfully moves, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for a protective order with respect to four subpoenas that defendant, IBM, has served on four accounting firms that previously worked for SCO.

IBM has served the following subpoenas on the following accounting firms on the following dates: (1) KPMG LLP, October 28, 2005; (2) Arthur Andersen LLP, November 8, 2005; (3) Ernst & Young LLP, November 8, 2005; and (4) Deloitte & Touche LLP, November 9, 2005. (Exhs. A-D hereto.) Each of the foregoing accounting firms previously performed accounting work for SCO. The documents responsive to the foregoing subpoenas may include documents that reflect attorney-client privileged communications, attorney work-product, and/or SCO confidential information. SCO has filed this Motion in order to preserve its right to review the documents responsive to the subpoenas before they are produced to IBM or made available for IBM's review.

To the best of SCO's knowledge, two of the foregoing four accounting firms have informed IBM that they plan to produce or make available to IBM responsive documents. KPMG has informed the parties that absent objection from SCO they would produce to IBM responsive documents on December 16, 2005. (Exh. E hereto.) Arthur Andersen has informed IBM that it will permit IBM to review on-site documents under Arthur Andersen's control that may be responsive to the subpoena. (Exh. F hereto.)

SCO objects to KPMG's production of responsive documents until SCO has had adequate opportunity to review the responsive documents, and objects to IBM's review of potentially responsive documents in Arthur Andersen's control until SCO has had adequate opportunity to review the potentially responsive documents. In addition, to the extent that Ernst

2

& Young and/or Deloitte & Touche intends to produce or make available to IBM documents responsive to their respective subpoenas, SCO objects to the production or review until SCO has had adequate opportunity to review the responsive or potentially responsive documents.

SCO has communicated the foregoing to IBM and KPMG, and will seek as appropriate to communicate with the other accounting firms regarding their responses to their respective subpoenas. In response, IBM has asserted that in order to enforce its rights to review responsive or potentially responsive documents, SCO is obligated to bring the instant Motion.

SCO respectfully submits that, to the extent that any of the foregoing accounting firms has not or will not permit SCO to review the documents responsive or potentially responsive to the foregoing subpoenas prior to producing such documents to IBM or making such documents available for IBM's review, the Court should grant SCO's Motion for Protective Order.

DATED this 14th day of December, 2005.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By _____

*Counsel for The SCO Group, Inc.*

**CERTIFICATE OF SERVICE**

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the

foregoing Plaintiff's Motion for Protective Order was served by U.S. Mail and facsimile on

Defendant IBM on the 14th day of December, 2005, to:

> David Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York  10019
>
> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York  10604
>
> Todd Shaughnessy, Esq.
> Snell & Wilmer LLP
> 1200 Gateway Tower West
> 15 West South Temple
> Salt Lake City, Utah 84101-1004

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISON

FILED
U.S. DISTRICT COURT

THE SCO GROUP INC

2005 NOV -9  P  3: 55

Plaintiff(s),                              AFFIDAVIT OF SERVICE

v

Case No.: 2:03-CV-00294 DAK

INTERNATIONAL BUSINESS MACHINES CORP

Defendant(s)                     HEARING DATE:11-14-2005

---

I HEREBY MAKE RETURN OF SERVICE AND CERTIFY

1.      I am a citizen of the United States and a person over 18 years of age and was at the time of this service and not a party to, nor interested in, the above entitled action.

2.      I received the **SUBPOENA IN A CIVIL CASE** on the date of **10-28-2005** and served same upon the subject of service, by leaving one copy with a person of suitable age and discretion at the subject's residence or X place of business who is authorized by law to accept or receive service of process on subject's behalf.

3.      Subject of service:     **KPMG LLP**

        By leaving a copy with:      **CRAIG OMER, REGISTERED AGENT**

        On the date of: **10-31-2005**     at the time of: **11:40 AM**

        At the address of: **15 W SOUTH TEMPLE #1500 SALT LAKE CITY UT 84101**

4.      I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct.

CLIFFORD STOWERS, PROCESS SERVER

Subscribed and sworn to before me this 10-31-2005.

Notary Public in and for the State of Utah

KRISTA MCKEETH
NOTARY PUBLIC • STATE of UTAH
7117 S 400 W #8
MIDVALE, UT 84047
COMM. EXP. 03-01-2009

---

Miles: 1 Trips: 1 Service: $15.00 Mileage: $1.50 Total: **$16.50**
**ProServe Professional Services, LLC, 7117 South 400 West, Suite 8, Midvale UT 84047 (800) 499-3844**

(Rev. 1/94) Subpoena in a Civil Case

| | |
|---|---|
| **Issued by the** <br> **UNITED STATES DISTRICT COURT** <br> **DISTRICT OF UTAH, CENTRAL DIVISION** | |
| THE SCO GROUP, INC., a Delaware corporation, <br><br>      Plaintiff/Counterclaim-Defendant, <br><br>      v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation, <br><br>      Defendant/Counterclaim-Plaintiff. | **SUBPOENA IN A CIVIL CASE** <br><br> Case No. 2:03-CV-00294 DAK <br><br> Judge: Dale A. Kimball |

TO:

**KPMG LLP**
**Three Chestnut Ridge Rd**
**Montvale, NJ 07645**

**C/O Craig Omer**
**Registered Agent, KPMG LLP**
**15 West South Temple, Ste 1500**
**Salt Lake City, UT 84101**

☐      YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐      YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |
| | |

☒      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

     See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Snell & Wilmer, 15 W. South Temple, #1200, SLC, UT 84101 | November 14, 2005 |

☐      YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
| *[signature]*      Attorney for Defendant | October 28, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Peter H. Donaldson, Snell & Wilmer, 15 West South Temple, Suite 1200, Salt Lake City, UT 84101
(801) 257-1900

369669.2

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d):

(c)      PROTECTION   OF   PERSONS   SUBJECT   TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include,but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A)      A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party service the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party

from significant expense resulting from the inspection and copying commanded.

(3) (A)      On timely motion,the court by which the subpoena was issued shall quash or modify the subpoena if it
          (i)      fails to allow reasonable time for compliance;
          (ii)      requires a persona who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
          (iii)      requires disclosure of privileged or other protected matter and no exception or waiver apples, or
          (iv)      subjects a person to undue burden.

(B)      If a subpoena
          (i)      requires disclosure of a trade secret or other confidential   research,   development,   or   commercial information, or
          (ii)      requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
          (iii)      requires a persona who is not a party or an officer of a party to incur substantial expense to travel more an 100 miles to attend trial, the court amy, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, *if the party in whose behalf the subpoena is*

369669.2

- 2 -

issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)        DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the       demanding       party       to       contest       the       claim.

Registered Agent Craig Omer
15 W South Temple, Ste 1500
Salt Lake City, UT 84101

369669.2

## ATTACHMENT A TO SUBPOENA TO KPMG LLP

You are instructed to produce the following documents at the time and place specified in the subpoena:

## Documents To Be Produced

### Novell-Santa Cruz Unix Transaction Documents

1.      All documents in your possession, custody, or control that refer, reflect or relate to the Asset Purchase Agreement, dated September 19, 1995 ("APA"), by and between Novell, Inc. ("Novell") and Santa Cruz (defined below), including, without limitation, any and all transactional, due diligence, or financial documents related to the sale or transfer of assets or stock in connection with that transaction together with any reports, analyses, valuations, appraisals, or opinions in your possession, custody, or control related to the transaction.

2.      Any and all transactional, due diligence, or financial documents concerning the sale or transfer of Unix or Unix-related assets from Novell to Santa Cruz.

3.      The following documents specifically referred to in the APA:

   a.  Allocation of the Purchase Price (Section 1.2(c)),
   b.  Copies of the financial statements delivered pursuant to Section 2.3,
   c.  Bill of sale,
   d.  Operating Agreement between Novell and SCO (Section 5.1(c)),
   e.  Legal opinion of legal counsel of Buyer (Section 5.2(c)),
   f.  Legal opinion of legal counsel of Seller (Section 5.3(c)).

4.      The final report, including supporting exhibits, and all work papers supporting the allocation of the purchase price paid by Santa Cruz to Novell for the 1995 purchase of Unix or Unix related assets, including but not limited to the following:

   a.  Drafts,
   b.  Market research,
   c.  Historical financial information for the Unix business,

369659.3

  d. Financial projections for the Unix business,
  e. Notes,
  f. Client interviews,
  g. *Discount rate support and analysis,*
  h. Licensing agreements of the intellectual property or any licensing agreements used in the allocation,
  i. Any other information used to allocate the purchase price of the acquisition for financial reporting purposes.

  5. The final report and all documents supporting any impairment analysis or valuation of intangible assets concerning Unix or Unix-related assets, from 1995 to 2001.

  6. Any and all documents, communications, or correspondence, whether formal or informal, concerning the foregoing topics.

### Santa Cruz-Caldera Unix Transaction Documents

  1. All documents in your possession, custody, or control that refer, reflect or relate to the Agreement and Plan of Reorganization, dated August 1, 2000 and amended on September 13, 2000, December 12, 2000, and February 9, 2001 (the **"Agreement and Plan"**) by and between Santa Cruz, Caldera Systems, Inc., and Caldera International, Inc., including, without limitation, any and all transactional, due diligence, or financial documents related to the sale or transfer of assets in connection with that transaction together with any reports, analyses, valuations, appraisals, or opinions in your possession, custody, or control related to the transaction.

  2. Any and all transactional, due diligence, or financial documents concerning the sale or transfer of Unix or Unix-related assets from Santa Cruz to Caldera (defined below).

  3. The following documents, specifically referred to in the Agreement and Plan:

  a. Attachment A to the Third Amendment (or the amended Exhibit 1.4(b)),
  b. Exhibit 1.4(c)(i)(B),
  c. Attachment B to the Third Amendment (or the amended Exhibit 13.15A),
  d. Attachment C to the Third Amendment (or the amended Exhibit 13.15B),
  e. Attachment D to the Third Amendment (or the amended Exhibit 13.15D),
  f. Exhibit 13.15C,
  g. Attachment E to the Third Amendment (or the amended Exhibit 13.15E).

4.      The final report, including supporting exhibits, and all work papers supporting the

Impairment/Valuation Analysis, incorporated in Caldera's October 31, 2001 10K filing with the

United States Securities and Exchange Commission, concerning the Server and Professional

Services Group acquired from Santa Cruz, including but not limited to the following:

      a.  Drafts,
      b.  Market research,
      c.  Historical financial information for the Unix business,
      d.  Financial projections for the Unix business,
      e.  Notes,
      f.  Client interviews,
      g.  Discount rate support and analysis,
      h.  Guideline or company research or analysis,
      i.  Any other information used to allocate the purchase price of the acquisition for
         financial reporting purposes.

5.      The final report and all documents supporting any impairment analysis or

valuation of intangible assets concerning Unix or Unix-related assets, from 2001 to the present

6.      Any and all documents, communications, or correspondence, whether formal or

informal, concerning the foregoing topics.

**<u>Definitions and Instructions</u>**

A.      **<u>Definitions:</u>**

1.      The term "Caldera" shall mean and include, collectively and/or individually,

Caldera Systems, Inc., Caldera International, Inc., the SCO Group, Inc., or any affiliated entities,

and all directors, officers, authorized agents, employees, consultants, attorneys, representatives,

direct and indirect contractors, and/or all other persons acting on behalf of Caldera Systems, Inc.,

Caldera International, Inc., the SCO Group, Inc., or any affiliated entities.

2.      The term "concerning" shall mean relating to, referring to, reflecting, describing,

evidencing, referencing, discussing or constituting.

3.      The term "document" shall be synonymous in meaning and usage with the

broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure.  The term

"document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e. magnetic or other storage media), World Wide Web pages, electronic mailing lists or automated fax support systems. The term "document" specifically includes electronic mail, electronic correspondence, or electronic peer-to-peer messages ("e-mail") and any attachments and files created and maintained in electronic form in the ordinary course of business.

    4.      The term "including" shall mean including without limitation.

    5.      The term "person" shall mean any natural person or any private or public entity.

    6.      The term "Santa Cruz " shall mean and include, collectively and/or individually, The Santa Cruz Operation, Inc., Tarantella, Inc., or Sun Microsystems, Inc., and all its directors, officers, authorized agents, employees, consultants, attorneys, representatives, direct and indirect contractors, and/or all other persons acting on behalf of The Santa Cruz Operation, Inc., Tarantella, Inc., or Sun Microsystems, Inc.

    7.      The term "Unix" shall mean any and all versions, flavors, or other variants of any Unix computer operating system, including but not limited to all operating systems certified as conforming to the Unix-brand standards set by The Open Group.

    8.      The term "Unix-related" shall mean any and all technology or intellectual property related to or based upon Unix, including but not limited to the "UnixWare" and "SCO OpenServer" technologies.

**B.**     **Instructions:**

    9.      Each paragraph should herein be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

    10.      The use of any definition for the purposes of this request shall not be deemed to constitute an agreement or acknowledgment on the part of IBM that such definition is accurate, meaningful or appropriate for any other purpose in this action.

369659.3

11.     Each requested document shall be produced in its entirety.  If a document responsive to any request cannot be produced in full, is shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

12.     Each page or sheet produced is to be marked with a consecutive document control number.

13.     All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

14.     All documents produced in response to this subpoena shall be produced, where available, in electronic or machine-readable form.

# EXHIBIT B

FILED
U.S. DISTRICT COURT

2005 NOV -8 P 4: 03

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

SNELL & WILMER, L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff*
 *International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM PLAINTIFF IBM'S NOTICE OF SERVICE OF SUBPOENA DUCES TECUM**<br><br>Civil No. 2:03-CV-00294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, and the definitions set forth in the Subpoena attached to this Notice as Exhibit A, as

served on the following,

372431.1

Arthur Andersen LLP
33 W Monroe, Chicago, IL 60603

C/O CT Corporation System
Registered Agent, Arthur Andersen LLP
208 S LaSalle St
Chicago, Illinois 60604

is required to produce for inspection and copying the documents specified in the attachment to

the Subpoena, at the specified location, no later than November 28, 2005.

DATED this 8th day of November, 2005.

Snell & Wilmer L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Peter H. Donaldson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York  10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2005, a true and correct copy of the

foregoing was sent by U.S. Mail, postage prepaid, to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
>
> Robert Silver
> Edward Normand
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, NY 10504
>
> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

# Exhibit A

(Rev. 1/94) Subpoena in a Civil Case

| | Issued by the |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **NORTHERN DISTRICT OF ILLINOIS** |

| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation,<br><br>Defendant/Counterclaim-Plaintiff. | **SUBPOENA IN A CIVIL CASE**<br><br>Case No. 2:03-CV-00294 DAK<br><br>Pending in the District of Utah, Central Division<br><br>Judge:  Dale A. Kimball |
|---|---|

TO:

**Arthur Andersen LLP**
**33 W Monroe, Chicago, IL 60603**

**C/O CT Corporation System**
**Registered Agent**
**208 S LaSalle St**
**Chicago, Illinois 60604**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

  See attached Exhibit A.

| PLACE<br>Esquire Deposition Services, 155 N. Wacker Dr., 10th FL<br>Chicago, IL 60606 | DATE AND TIME<br><br>November 28, 2005 |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>_[signature]_    Attorney for Defendant | DATE<br><br>November 8, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter H. Donaldson, Snell & Wilmer, 15 West South Temple, Suite 1200, Salt Lake City, UT 84101
(801) 257-1900

369674.3

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d):

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include,but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A)     A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commended to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party service the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party

from significant expense resulting from the inspection and copying commanded.

(3) (A)     On timely motion,the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i)      fails to allow reasonable time for compliance;
        (ii)     requires a persona who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii)    requires a disclosure of privileged or other protected matter and no exception or waiver apples, or
        (iv)     subjects a person to undue burden.

(B)     If a subpoena
        (i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii)    requires a persona who is not a party or an officer of a party to incur substantial expense to travel more an 100 miles to attend trial, the court amy, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is

369674.3

- 2 -

issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the   demanding   party   to   contest   the   claim.

Registered Agent CT Corporation System
208 S LaSalle St
Chicago, Illinois 60604

·

## ATTACHMENT A TO SUBPOENA TO ARTHUR ANDERSEN LLP

You are instructed to produce the following documents at the time and place specified in the subpoena:

### Documents To Be Produced

### Novell-Santa Cruz Unix Transaction Documents

1.      All documents in your possession, custody, or control that refer, reflect or relate to the Asset Purchase Agreement, dated September 19, 1995 ("**APA**"), by and between Novell, Inc. ("**Novell**") and Santa Cruz (defined below), including, without limitation, any and all transactional, due diligence, or financial documents related to the sale or transfer of assets or stock in connection with that transaction together with any reports, analyses, valuations, appraisals, or opinions in your possession, custody, or control related to the transaction.

2.      Any and all transactional, due diligence, or financial documents concerning the sale or transfer of Unix or Unix-related assets from Novell to Santa Cruz.

3.      The following documents specifically referred to in the APA:

    a.   Allocation of the Purchase Price (Section 1.2(c)),
    b.   Copies of the financial statements delivered pursuant to Section 2.3,
    c.   Bill of sale,
    d.   Operating Agreement between Novell and SCO (Section 5.1(c)),
    e.   Legal opinion of legal counsel of Buyer (Section 5.2(c)),
    f.   Legal opinion of legal counsel of Seller (Section 5.3(c)).

4.      The final report, including supporting exhibits, and all work papers supporting the allocation of the purchase price paid by Santa Cruz to Novell for the 1995 purchase of Unix or Unix related assets, including but not limited to the following:

    a.   Drafts,
    b.   Market research,
    c.   Historical financial information for the Unix business,

369675.3

  d. Financial projections for the Unix business,

  e. Notes,

  f. Client interviews,

  g. Discount rate support and analysis,

  h. Licensing agreements of the intellectual property or any licensing agreements used in the allocation,

  i. Any other information used to allocate the purchase price of the acquisition for financial reporting purposes.

  5. The final report and all documents supporting any impairment analysis or valuation of intangible assets concerning Unix or Unix-related assets, from 1995 to 2001.

  6. Any and all documents, communications, or correspondence, whether formal or informal, concerning the foregoing topics.

## Santa Cruz-Caldera Unix Transaction Documents

  1. All documents in your possession, custody, or control that refer, reflect or relate to the Agreement and Plan of Reorganization, dated August 1, 2000 and amended on September 13, 2000, December 12, 2000, and February 9, 2001 (the **"Agreement and Plan"**) by and between Santa Cruz, Caldera Systems, Inc., and Caldera International, Inc., including, without limitation, any and all transactional, due diligence, or financial documents related to the sale or transfer of assets in connection with that transaction together with any reports, analyses, valuations, appraisals, or opinions in your possession, custody, or control related to the transaction.

  2. Any and all transactional, due diligence, or financial documents concerning the sale or transfer of Unix or Unix-related assets from Santa Cruz to Caldera (defined below).

  3. The following documents, specifically referred to in the Agreement and Plan:

  a. Attachment A to the Third Amendment (or the amended Exhibit 1.4(b)),

  b. Exhibit 1.4(c)(i)(B),

  c. Attachment B to the Third Amendment (or the amended Exhibit 13.15A),

  d. Attachment C to the Third Amendment (or the amended Exhibit 13.15B),

  e. Attachment D to the Third Amendment (or the amended Exhibit 13.15D),

  f. Exhibit 13.15C,

  g. Attachment E to the Third Amendment (or the amended Exhibit 13.15E).

4.      The final report, including supporting exhibits, and all work papers supporting the

Impairment/Valuation Analysis, incorporated in Caldera's October 31, 2001 10K filing with the

United States Securities and Exchange Commission, concerning the Server and Professional

Services Group acquired from Santa Cruz, including but not limited to the following:

     a.   Drafts,
     b.   Market research,
     c.   Historical financial information for the Unix business,
     d.   Financial projections for the Unix business,
     e.   Notes,
     f.   Client interviews,
     g.   Discount rate support and analysis,
     h.   Guideline or company research or analysis,
     i.   Any other information used to allocate the purchase price of the acquisition for financial reporting purposes.

5.      The final report and all documents supporting any impairment analysis or

valuation of intangible assets concerning Unix or Unix-related assets, from 2001 to the present.

6.      Any and all documents, communications, or correspondence, whether formal or

informal, concerning the foregoing topics.

## Definitions and Instructions

**A.      Definitions:**

1.      The term "Caldera" shall mean and include, collectively and/or individually,

Caldera Systems, Inc., Caldera International, Inc., the SCO Group, Inc., or any affiliated entities,

and all directors, officers, authorized agents, employees, consultants, attorneys, representatives,

direct and indirect contractors, and/or all other persons acting on behalf of Caldera Systems, Inc.,

Caldera International, Inc., the SCO Group, Inc., or any affiliated entities.

2.      The term "concerning" shall mean relating to, referring to, reflecting, describing,

evidencing, referencing, discussing or constituting.

369675.3

3.      The term "document" shall be synonymous in meaning and usage with the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e. magnetic or other storage media), World Wide Web pages, electronic mailing lists or automated fax support systems. The term "document" specifically includes electronic mail, electronic correspondence, or electronic peer-to-peer messages ("e-mail") and any attachments and files created and maintained in electronic form in the ordinary course of business.

4.      The term "including" shall mean including without limitation.

5.      The term "person" shall mean any natural person or any private or public entity.

6.      The term "Santa Cruz " shall mean and include, collectively and/or individually, The Santa Cruz Operation, Inc., Tarantella, Inc., or Sun Microsystems, Inc., and all its directors, officers, authorized agents, employees, consultants, attorneys, representatives, direct and indirect contractors, and/or all other persons acting on behalf of The Santa Cruz Operation, Inc., Tarantella, Inc., or Sun Microsystems, Inc.

7.      The term "Unix" shall mean any and all versions, flavors, or other variants of any Unix computer operating system, including but not limited to all operating systems certified as conforming to the Unix-brand standards set by The Open Group.

8.      The term "Unix-related" shall mean any and all technology or intellectual property related to or based upon Unix, including but not limited to the "UnixWare" and "SCO OpenServer" technologies.

**B.      Instructions:**

9.      Each paragraph should herein be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

369675.3

10.     The use of any definition for the purposes of this request shall not be deemed to constitute an agreement or acknowledgment on the part of IBM that such definition is accurate, meaningful or appropriate for any other purpose in this action.

11.     Each requested document shall be produced in its entirety.  If a document responsive to any request cannot be produced in full, is shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

12.     Each page or sheet produced is to be marked with a consecutive document control number.

13.     All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

14.     All documents produced in response to this subpoena shall be produced, where available, in electronic or machine-readable form.

# EXHIBIT C

SNELL & WILMER, L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

FILED
U.S. DISTRICT COURT

2005 NOV -8  P 4: 03

DISTRICT OF UTAH

BY:_____
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM PLAINTIFF IBM'S NOTICE OF SERVICE OF SUBPOENA DUCES TECUM**<br><br>Civil No. 2:03-CV-00294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, and the definitions set forth in the Subpoena attached to this Notice as Exhibit A, as

served on the following,

372386.1

Ernst & Young LLP
5 Times Square
New York, NY 10036-6530

C/O David R. Jolley
Registered Agent, Ernst & Young LLP
60 E South Temple, Ste 800
Salt Lake City, UT 84111-1036

is required to produce for inspection and copying the documents specified in the attachment to

the Subpoena, at the specified location, no later than November 23, 2005.

DATED this 8ᵗʰ day of November, 2005.

Snell & Wilmer L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Peter H. Donaldson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York  10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2005, a true and correct copy of the

foregoing was sent by U.S. Mail, postage prepaid, to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
>
> Robert Silver
> Edward Normand
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, NY 10504
>
> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

372386.1                                  3

# Exhibit A

*(Rev. 1/94) Subpoena in a Civil Case*

| | |
|---|---|
| **Issued by the** | |
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF UTAH, CENTRAL DIVISION** | |

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, | **SUBPOENA IN A CIVIL CASE** |
| Plaintiff/Counterclaim-Defendant, | Case No. 2:03-CV-00294 DAK |
| v. | Judge: Dale A. Kimball |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation, | |
| Defendant/Counterclaim-Plaintiff. | |

TO:

**Ernst & Young LLP**
**5 Times Square**
**New York, NY 10036-6530**

**C/O David R. Jolley**
**Registered Agent, Ernst & Young LLP**
**60 E South Temple, Ste 800**
**Salt Lake City, UT 84111-1036**

☐　　YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐　　YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒　　YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Snell & Wilmer, 15 W. South Temple, #1200, SLC, UT 84101 | November 23, 2005 |

☐　　YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | November 8, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter H. Donaldson, Snell & Wilmer, 15 West South Temple, Suite 1200, Salt Lake City, UT 84101
(801) 257-1900

369673.2

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d):

(c)     PROTECTION   OF   PERSONS   SUBJECT   TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include,but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A)     A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commended to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party service the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party

from significant expense resulting from the inspection and copying commanded.

(3) (A)     On  timely  motion,the  court  by  which  a subpoena was issued shall quash or modify the subpoena if it
(i)     fails to allow reasonable time for compliance;
(ii)     requires a persona who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)     requires  disclosure  of  privileged  or  other protected matter and no exception or waiver apples, or
(iv)     subjects a person to undue burden.

(B)     If a subpoena
(i)     requires disclosure of a trade secret or other confidential   research,   development,   or   commercial information, or
(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)     requires a persona who is not a party or an officer of a party to incur substantial expense to travel more an 100 miles to attend trial, the court amy, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is

369673.2                          - 2 -

issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the     demanding     party     to     contest     the     claim.

Registered Agent David R. Jolley
60 E South Temple, Ste 800
Salt Lake City, UT 84111-1036

## ATTACHMENT A TO SUBPOENA TO ERNST & YOUNG LLP

You are instructed to produce the following documents at the time and place specified in the subpoena:

## Documents To Be Produced

### AT&T-Novell USL/UNIX Transaction Documents

1.      All documents in your possession, custody, or control that refer, reflect or relate to the Agreement and Plan of Reorganization and Merger, dated February 12, 1993, by and between Novell, Inc. ("**Novell**"), Novell Acquisition Corp., Unix System Laboratories, Inc. ("**USL**"), and American Telephone and Telegraph Company ("**AT&T**"), including, without limitation, any and all transactional, due diligence, or financial documents related to the sale or transfer of assets or stock in connection with that transaction together with any reports, analyses, valuations, appraisals, or opinions in your possession, custody, or control related to the transaction.

2.      Any and all transactional, due diligence, or financial documents concerning the sale or transfer of Unix or Unix-related assets from AT&T or USL to Novell.

3.      Any and all documents, including reports, supporting exhibits, and work papers, that that refer, reflect or relate to the allocation of the purchase price paid by Novell for the transaction(s) referenced above, including but not limited to the following:

> a.  Drafts,
> b.  Market research,
> c.  Historical financial information for the Unix business,
> d.  Financial projections for the Unix business,
> e.  Notes,
> f.  Client interviews,
> g.  Discount rate support and analysis,
> h.  Licensing agreements of the intellectual property or any licensing agreements used in the allocation,

369646.3

      i.    Any other information used to allocate the purchase price of the acquisition for financial reporting purposes.

4.    Any and all documents, whether contemporaneous or subsequent to the transaction(s) referenced above, that refer, reflect or relate to the valuation of the Unix or Unix-related assets acquired by Novell.

5.    Any impairment analyses or valuations of intangible assets, annual or otherwise, relating to Unix or Unix-related assets.

6.    Any and all documents, communications, or correspondence, whether formal or informal, concerning the foregoing topics.

### Novell-Santa Cruz Unix Transaction Documents

1.    All documents in your possession, custody, or control that refer, reflect or relate to the Asset Purchase Agreement, dated September 19, 1995 ("APA"), by and between Novell and Santa Cruz (defined below), including, without limitation, any and all transactional, due diligence, or financial documents related to the sale or transfer of assets or stock in connection with that transaction together with any reports, analyses, valuations, appraisals, or opinions in your possession, custody, or control related to the transaction.

2.    Any and all transactional, due diligence, or financial documents concerning the sale or transfer of Unix or Unix-related assets from Novell to Santa Cruz.

3.    The following documents specifically referred to in the APA:

    a.  Allocation of the Purchase Price (Section 1.2(c)),
    b.  Copies of the financial statements delivered pursuant to Section 2.3,
    c.  Bill of sale,
    d.  Operating Agreement between Novell and SCO (Section 5.1(c)),
    e.  Legal opinion of legal counsel of Buyer (Section 5.2(c)),
    f.  Legal opinion of legal counsel of Seller (Section 5.3(c)).

4.    The final report, including supporting exhibits, and all work papers supporting the allocation of the purchase price paid by Santa Cruz to Novell for the 1995 purchase of Unix or Unix related assets, including but not limited to the following:

369646.3

a. Drafts,
b. Market research,
c. Historical financial information for the Unix business,
d. Financial projections for the Unix business,
e. Notes,
f. Client interviews,
g. Discount rate support and analysis,
h. Licensing agreements of the intellectual property or any licensing agreements used in the allocation,
i. Any other information used to allocate the purchase price of the acquisition for financial reporting purposes.

5.      The final report and all documents supporting any impairment analysis or valuation of intangible assets concerning Unix or Unix-related assets, from 1995 to 2001.

6.      Any and all documents, communications, or correspondence, whether formal or informal, concerning the foregoing topics.

## Definitions and Instructions

**A.      Definitions:**

1.      The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing or constituting.

2.      The term "document" shall be synonymous in meaning and usage with the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e. magnetic or other storage media), World Wide Web pages, electronic mailing lists or automated fax support systems. The term "document" specifically includes electronic mail, electronic correspondence, or electronic peer-to-peer messages ("e-mail") and any attachments and files created and maintained in electronic form in the ordinary course of business.

3.      The term "including" shall mean including without limitation.

4.      The term "person" shall mean any natural person or any private or public entity.

369646.3

5.     The term "Santa Cruz " shall mean and include, collectively and/or individually, The Santa Cruz Operation, Inc., Tarantella, Inc., or Sun Microsystems, Inc., and all its directors, officers, authorized agents, employees, consultants, attorneys, representatives, direct and indirect contractors, and/or all other persons acting on behalf of The Santa Cruz Operation, Inc., Tarantella, Inc., or Sun Microsystems, Inc.

6.     The term "Unix" shall mean any and all versions, flavors, or other variants of any Unix computer operating system, including but not limited to all operating systems certified as conforming to the Unix-brand standards set by The Open Group.

7.     The term "Unix-related" shall mean any and all technology or intellectual property related to or based upon Unix, including but not limited to the "UnixWare" and "SCO OpenServer" technologies.

**B.     Instructions:**

8.     Each paragraph should herein be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

9.     The use of any definition for the purposes of this request shall not be deemed to constitute an agreement or acknowledgment on the part of IBM that such definition is accurate, meaningful or appropriate for any other purpose in this action.

10.     Each requested document shall be produced in its entirety.  If a document responsive to any request cannot be produced in full, is shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.     Each page or sheet produced is to be marked with a consecutive document control number.

12.     All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

369646.3

13.     All documents produced in response to this subpoena shall be produced, where available, in electronic or machine-readable form.

# EXHIBIT D

FILED IN CLERK

2005 NOV -9 P 7: 09

U.S. [...]

SNELL & WILMER, L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-<br>Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>Defendant/Counterclaim-<br>Plaintiff. | **DEFENDANT/COUNTERCLAIM<br>PLAINTIFF IBM'S NOTICE OF SERVICE<br>OF SUBPOENA DUCES TECUM**<br><br>Civil No. 2:03-CV-00294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, and the definitions set forth in the Subpoena attached to this Notice as Exhibit A, as

served on the following,

372770.1

Deloitte & Touche LLP
1633 Broadway
New York, NY 10019-6754

C/O Paul G. Child
Registered Agent, Deloitte & Touche LLP
50 S Main St., Ste 1800
Salt Lake City, UT 84144

is required to produce for inspection and copying the documents specified in the attachment to

the Subpoena, at the specified location, no later than November 23, 2005.

DATED this _9ᵗʰ_ day of November, 2005.

Snell & Wilmer L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Peter H. Donaldson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York  10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9*rh* day of November, 2005, a true and correct copy of the

foregoing was sent by U.S. Mail, postage prepaid, to the following:

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Robert Silver
Edward Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

(Rev. 1/94) Subpoena in a Civil Case

| | Issued by the |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **DISTRICT OF UTAH, CENTRAL DIVISION** |

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation, | **SUBPOENA IN A CIVIL CASE** |
| Plaintiff/Counterclaim-Defendant, | Case No. 2:03-CV-00294 DAK |
| v. | Judge: Dale A. Kimball |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation, | |
| Defendant/Counterclaim-Plaintiff. | |

TO:

**Deloitte & Touche LLP**
**1633 Broadway**
**New York, NY 10019-6754**

**C/O Paul G. Child**
**Registered Agent, Deloitte & Touche LLP**
**50 S Main St., Ste 1800**
**Salt Lake City, UT 84144**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Snell & Wilmer, 15 W. South Temple, #1200, SLC, UT  84101 | November 23, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Attorney for Defendant | November 9, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter H. Donaldson, Snell & Wilmer, 15 West South Temple, Suite 1200, Salt Lake City, UT 84101
(801) 257-1900

369671.3

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d):

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include,but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)      A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commended to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serve the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party

from significant expense resulting from the inspection and copying commanded.

(3)(A)      On timely motion,the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)      fails to allow reasonable time for compliance;
(ii)     requires a persona who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver apples, or
(iv)     subjects a person to undue burden.

(B)      If a subpoena
(i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a persona who is not a party or an officer of a party to incur substantial expense to travel more an 100 miles to attend trial, the court amy, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is

369671.3

- 2 -

issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Registered Agent Paul G. Child
50 S Main St., Ste 1800
Salt Lake City, UT 84144

## ATTACHMENT A TO SUBPOENA TO DELOITTE & TOUCHE LLP

You are instructed to produce the following documents at the time and place specified in the subpoena:

## Documents To Be Produced

### Santa Cruz-Caldera Unix Transaction Documents

1.      All documents in your possession, custody, or control that refer, reflect or relate to the Agreement and Plan of Reorganization, dated August 1, 2000 and amended on September 13, 2000, December 12, 2000, and February 9, 2001 (the **"Agreement and Plan"**) by and between Santa Cruz, Caldera Systems, Inc., and Caldera International, Inc., including, without limitation, any and all transactional, due diligence, or financial documents related to the sale or transfer of assets in connection with that transaction together with any reports, analyses, valuations, appraisals, or opinions in your possession, custody, or control related to the transaction.

2.      Any and all transactional, due diligence, or financial documents concerning the sale or transfer of Unix or Unix-related assets from Santa Cruz to Caldera (defined below).

3.      The following documents, specifically referred to in the Agreement and Plan:

    a.   Attachment A to the Third Amendment (or the amended Exhibit 1.4(b)),
    b.   Exhibit 1.4(c)(i)(B),
    c.   Attachment B to the Third Amendment (or the amended Exhibit 13.15A),
    d.   Attachment C to the Third Amendment (or the amended Exhibit 13.15B),
    e.   Attachment D to the Third Amendment (or the amended Exhibit 13.15D),
    f.   Exhibit 13.15C,
    g.   Attachment E to the Third Amendment (or the amended Exhibit 13.15E).

4.      The final report, including supporting exhibits, and all work papers supporting the Impairment/Valuation Analysis, incorporated in Caldera's October 31, 2001 10K filing with the

United States Securities and Exchange Commission, concerning the Server and Professional Services Group acquired from Santa Cruz, including but not limited to the following:

     a. Drafts,
     b. Market research,
     c. Historical financial information for the Unix business,
     d. Financial projections for the Unix business,
     e. Notes,
     f. Client interviews,
     g. Discount rate support and analysis,
     h. Guideline or company research or analysis,
     i. Any other information used to allocate the purchase price of the acquisition for financial reporting purposes.

5.     The final report and all documents supporting any impairment analysis or valuation of intangible assets concerning Unix or Unix-related assets, from 2001 to the present.

6.     Any and all documents, communications, or correspondence, whether formal or informal, concerning the foregoing topics.

### Definitions and Instructions

**A.**    **Definitions:**

1.     The term "Caldera" shall mean and include, collectively and/or individually, Caldera Systems, Inc., Caldera International, Inc., the SCO Group, Inc., or any affiliated entities, and all directors, officers, authorized agents, employees, consultants, attorneys, representatives, direct and indirect contractors, and/or all other persons acting on behalf of Caldera Systems, Inc., Caldera International, Inc., the SCO Group, Inc., or any affiliated entities.

2.     The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing or constituting.

3.     The term "document" shall be synonymous in meaning and usage with the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e. magnetic or

other storage media), World Wide Web pages, electronic mailing lists or automated fax support systems. The term "document" specifically includes electronic mail, electronic correspondence, or electronic peer-to-peer messages ("e-mail") and any attachments and files created and maintained in electronic form in the ordinary course of business.

4.     The term "including" shall mean including without limitation.

5.     The term "person" shall mean any natural person or any private or public entity.

6.     The term "Santa Cruz " shall mean and include, collectively and/or individually, The Santa Cruz Operation, Inc., Tarantella, Inc., or Sun Microsystems, Inc., and all its directors, officers, authorized agents, employees, consultants, attorneys, representatives, direct and indirect contractors, and/or all other persons acting on behalf of The Santa Cruz Operation, Inc., Tarantella, Inc., or Sun Microsystems, Inc.

7.     The term "Unix" shall mean any and all versions, flavors, or other variants of any Unix computer operating system, including but not limited to all operating systems certified as conforming to the Unix-brand standards set by The Open Group.

8.     The term "Unix-related" shall mean any and all technology or intellectual property related to or based upon Unix, including but not limited to the "UnixWare" and "SCO OpenServer" technologies.

**B.     Instructions:**

9.     Each paragraph should herein be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

10.    The use of any definition for the purposes of this request shall not be deemed to constitute an agreement or acknowledgment on the part of IBM that such definition is accurate, meaningful or appropriate for any other purpose in this action.

11.    Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, is shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

12.    Each page or sheet produced is to be marked with a consecutive document control number.

13.    All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

14.    All documents produced in response to this subpoena shall be produced, where available, in electronic or machine-readable form.

# EXHIBIT E

-----Original Message-----
From: Donaldson, Peter <pdonaldson@swlaw.com>
To: jwarganz@kpmg.com <jwarganz@kpmg.com>
CC: Shaughnessy, Todd <tshaughnessy@swlaw.com>; Ted Normand <TNormand@BSFLLP.com>;
bhatch@hjdlaw.com <bhatch@hjdlaw.com>

Sent: Mon Dec 12 17:12:19 2005
Subject: SCO v. IBM - KPMG Subpoena Response

Joe Warganz, Esq.
Office of General Counsel
KPMG LLP
757 Third Avenue
New York, NY 10017
jwarganz@kpmg.com


Dear Mr. Warganz (Joe):

Pursuant to our discussions and correspondence, this email confirms that on Friday, December 16, 2005, you will
produce to IBM all the responsive documents you have gathered in response to the subpoena that was served upon
KPMG LLP on October 31, 2005 in The SCO Group, Inc. v. IBM Corp., No. 2:03-CV-00294 DAK.


Counsel for SCO must contact you and me prior to that time if they wish to halt production or otherwise object.  If by
December 16, 2005, you have heard nothing from counsel for SCO, you will mail us the responsive documents on that
day, at our expense.


Thank you for your assistance in this matter.

Sincerely,

-Peter Donaldson

Peter H. Donaldson

Snell & Wilmer

_____L.L.P._____

Gateway Tower West,  15 West South Temple Street, Suite 1200,  Salt Lake City, Utah 84101-1004

(801)257-1863 (direct);  (801)257-1900 (main);  (801)257-1800 (facsimile)

<mailto:pdonaldson@swlaw.com> pdonaldson@swlaw.com

www.swlaw.com

PRIVILEGE STATEMENT - The information in this message (and any attachments) is confidential and may consist of attorney work product and/or legally privileged information.  If you are not the designated recipient of this message, please immediately contact Peter H. Donaldson by telephone: (801) 257-1863.  Thank you.

CIRCULAR 230 DISCLAIMER - Any tax advice included in this message is not intended, and cannot be used for the purpose of (i) avoiding any federal tax penalty, or (ii) promoting, marketing or recommending any transaction or matter to another person.

# EXHIBIT F



November 21, 2005

VIA FACSIMILE

Peter H. Donaldson
Snell & Wilmer
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101

**Arthur Anderson LLP**
33 West Monroe Street
Chicago IL 60603-5385
Tel 312 580 0033
www.andersen.com

> RE:     *The SCO Group, Inc. v. IBM;*
>         Subpoena Served On Arthur Andersen LLP ("Andersen")

Dear Mr. Donaldson:

I am writing in regard to the subpoena served on Arthur Andersen LLP ("Andersen") in the above-referenced matter.

It is my understanding that the subpoena seeks documents related to Andersen's engagements for The Open Group, Novell, Sun Microsystems, Tarentella, Santa Cruz Operations, and Caldera (together, for purposes of this letter only, "Caldera") for the time period from 1995 through 2001. From a review of Andersen's records, it appears that work related to the engagements was performed in Boston, Salt Lake City, and San Francisco.

As you may be aware, Andersen has closed its operations in Boston, Salt Lake City, and San Francisco. As part of this process, all files have been sent to storage in Iron Mountain facilities in those cities. In addition, it is my understanding that Andersen no longer has any employees sufficiently familiar with the engagements to conduct a meaningful search for documents responsive to the subpoena. In light of these circumstances, Andersen objects to the subpoena on the grounds that it imposes an unwarranted and undue burden on Andersen, a non-party to this litigation. Moreover, the subpoena is oppressive and unreasonable to the extent it seeks information that could be obtained or made available, or that has been obtained or made available, from some other source that is more convenient, less burdensome, or less expensive. In addition, Andersen objects to the requested production of electronic information as duplicative and unduly burdensome on a third party – particularly given Andersen's practice of storing relevant engagement information in hard-copy form, the expense associated with searching for and retrieving any such information, and the lack of personnel available at Andersen to undertake these efforts. Notwithstanding and without waiving the foregoing objections, Andersen will comply with the subpoena through the following process.

The documents, which appear to be related to Andersen's engagements for Caldera for the time period from 1995-2001, will be made available for your review at an Iron Mountain facility.

Peter H. Donaldson
November 21, 2005
Page 2

You may review the documents at your convenience and tab the documents you wish to have copied. In the alternative, you may request to have the documents pulled and copied directly. Copies of all selected documents will be made by Ikon. The copies will be bates numbered with an AA prefix and will be stamped as "confidential." Ikon will bill you directly for the costs of these copies, and will only release the copies to you upon receipt of full payment. Once the documents have been made available to you, Andersen will consider its obligations under the subpoena to be complete.

Andersen will undertake this process subject to the following conditions:

1.  You agree to notify Caldera, The Open Group, Novell, Sun Microsystems, Tarentella, and Santa Cruz Operations or its counsel of both the subpoena and Andersen's intended procedure for responding to the subpoena. In particular, Caldera, or its counsel, should be provided with copies of both the subpoena and this letter, should be informed of the date on which the documents will be made available, and should be instructed to contact me directly should they have any questions or concerns.

2.  You agree to bear all costs associated with any production of documents. As indicated above, you will be billed directly for all costs of production, including file retrieval and other access charges and copying costs. Copies of the documents will be released to you only upon full payment of all amounts due.

3.  Andersen considers any documents to be produced to be confidential. Thus, Andersen will only produce documents with your agreement that their use will be limited in the following ways: (i) their use will be confined to the above-referenced proceeding; (ii) they will not be further copied or disclosed to persons other than the parties, the court, and experts or consultants retained by the parties in this proceeding; (iii) as a condition precedent to showing or disclosing these documents to your client, experts or consultants, you secure their agreement to be bound by the terms of this letter and/or any applicable protective order; (iv) the documents shall be covered by and subject to the provisions of any protective order issued by the court or agreed upon by the parties to this proceeding; and (v) the documents and all copies thereof will be destroyed after the proceeding has been concluded.

4.  Pursuant to Section 7216 of the Internal Revenue Code, Andersen cannot produce any documents or information relating to the provision of tax services without either the express written authorization of the taxpayer or a court order. To the extent you seek the production of documents covered by Section 7216, you agree to obtain from Caldera, The Open Group, Novell, Sun Microsystems, Tarentella, and Santa Cruz Operations express written authorization permitting Andersen to produce such documents. I have attached hereto a sample letter containing the language you should use in obtaining client authorization to release documents or information relating to the provision of tax services. Unless such

Peter H. Donaldson
November 21, 2005
Page 3

written authorization is provided to Andersen or you obtain a court order, documents covered by Section 7216 of the Internal Revenue Code will be excluded from Andersen's production.

5. Access to documents may not be provided to the extent Caldera, The Open Group, Novell, Sun Microsystems, Tarentella, and Santa Cruz Operations asserts, or has asserted, a privilege-based objection to their production and agrees to provide you with any requisite privilege log. If Caldera makes a privilege-based objection to all or part of the requested production and to the extent Andersen withholds documents as a result of that objection, you agree to resolve any production dispute arising from that privilege assertion directly with counsel for Caldera.

6. You agree that inadvertent production of documents or information subject to the attorney-client privilege, the work product doctrine or any other applicable evidentiary privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged. If you are notified by Andersen that documents have been inadvertently produced, you agree to immediately return such documents to Andersen and destroy all known copies of such documents. If you dispute the propriety of the privilege asserted by Andersen, you agree to seek resolution with the Court only after the documents have been returned to Andersen. In addition, you will not refer to or rely on the inadvertent production as a basis for seeking the production of the documents at issue.

7. In providing you access as described above, it is possible that you may have access to certain documents that are outside the scope of the subpoena. You agree that such access is inadvertent, and expressly agree to only request copies of documents that are in fact within the scope of the subpoena – i.e., documents related to Andersen's engagements for Caldera and called for by the document requests. If you are provided access to documents related to any other Andersen engagements, or otherwise beyond the express scope of the subpoena, you agree not to copy such documents, and further agree that you will not use such information for any purpose or disseminate such information to any person.

Please be advised that to the extent you undertake a review of documents pursuant to the procedures described above, Andersen will understand that you do so in agreement to each of the conditions detailed above. Please contact me at 312/931-8372 to confirm the logistics for the production of documents.

Very truly yours,

Catherine J. Smith

Peter H. Donaldson
November 21, 2005
Page 4

Attachment

[DATE]

[NAME]
[ADDRESS]

                Re:      *[CASE NAME]*

Dear [NAME]:

On behalf of [TAXPAYER], please accept this letter as the consent of [TAXPAYER] for Arthur
Andersen LLP ("Andersen") to produce the documents responsive to the subpoena directed to
Andersen in the above-referenced matter. I understand that some of the documents being
produced may have previously been protected under IRS Code 7216 and this letter serves as an
express authorization to release the documents.

Sincerely Yours,

.

_____
[TAXPAYER]