IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>    Plaintiff/Counterclaim-<br>    Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-<br>    Plaintiff. | ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER OF OCTOBER 12, 2005<br><br>Case No. 2:03CV294 DAK |

This matter is before the court on The SCO Group, Inc.'s ("SCO") "Objection to Magistrate Court's Order of October 12, 2005." A hearing on SCO's Objection was held on December 13, 2005. At the hearing, IBM was represented by David R. Marriott and Todd M. Shaughnessy. SCO was represented by Edward Normand and Brent O. Hatch. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. Since taking the motions under advisement, the court has further considered the law and facts relating to the Objection and has read the transcript of the October 7, 2005 hearing. Now being fully advised, the court renders the following Order.

In SCO's Renewed Motion to Compel, dated September 6, 2005 (the "Renewed Motion"), and during the October 7, 2005 oral argument on the Renewed Motion, SCO argued that the Magistrate Judge should order IBM to produce certain Linux development materials.

Specifically, SCO contended that the Magistrate Judge had previously ordered IBM to produce such materials, and that even if SCO's interpretation of previous Orders was incorrect, the Magistrate Judge should order that IBM produce such materials now.

In its currently pending Objection to the Magistrate's Order denying SCO's Renewed Motion, SCO contends that the Magistrate Judge concluded that IBM had not previously been ordered to produce the requested Linux development materials, but that she failed to address SCO's alternative argument that the court should now order IBM to produce them.  SCO, therefore, asks this court to order IBM to produce its non-public Linux development materials, as requested in various document requests propounded by SCO.

## I.  STANDARD OF REVIEW

This action was previously referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), which permits the Magistrate Judge to decide certain non-dispositive matters, subject to being set aside by the district judge if the determination is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  A district court must defer to the Magistrate Judge's ruling unless it is clearly erroneous or contrary to law.  *See Hutchinson v. Pfeil*, 105 F.3d 562 (10th Cir. 1997).  Magistrate Judges are given wide discretion in discovery rulings.  *See Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).  To overturn the Magistrate Judge's decision as clearly erroneous under Rule 72(a), the court must have "a definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotations omitted).

## II.  DISCUSSION

Having reviewed the parties' memoranda pertaining to SCO's Objection, along with the transcript of the October 7, 2005 hearing and the memoranda submitted in conjunction with that hearing, the court finds that the Magistrate Judge carefully considered SCO's request for more discovery concerning the development of Linux–and then properly denied SCO's request.  Not only did the Magistrate Judge indicate on the record that she had reviewed all of the parties' submissions pertaining to the Renewed Motion–which contained extensive briefing on SCO's request for more discovery on this issue–but also, there was extensive oral argument on the issue.  The Magistrate Judge denied SCO's motion from the bench and also later entered an Order stating, among other things, that "IBM has complied with the Orders of the Court, and that SCO's Motion to Compel Discovery and request for sanctions therein is denied."  Magistrate Judge's Order Dated October 12, 2005 at 4 (Docket # 530).  And as further evidence that she was well aware of the fact that SCO was seeking additional discovery regarding the Linux development materials, she also stated that, "[i]n accord with IBM's offer, SCO is ordered to provide IBM, on or before October 12, 2005, with a list of the 20 Linux developers.  IBM will endeavor to make its production on a rolling basis, but in any case shall complete the production by December 7, 2005."  Thus, viewed against the backdrop of the briefing, the oral arguments on SCO's Renewed Motion, and the Order itself, the court finds that the Magistrate Judge explicitly denied SCO's request for additional discovery pertaining to the Linux development materials.  In any event, however, SCO's request was at least implicitly denied in the Order, as a denial of a motion is routinely construed to encompass all requests made in that motion.

Moreover, SCO has failed to demonstrate that the Magistrate Judge's decision was

"clearly erroneous or contrary to law." Rather, IBM has persuasively articulated several reasons why Judge Wells properly limited SCO's request for more information regarding the non-public Linux development materials. Accordingly, the Magistrate Judge's Order of October 12, 2005 is affirmed.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that SCO's Objection to the Magistrate Judge's Order of October 12, 2005 is OVERRULED, and the Magistrate Judge's Order is hereby AFFIRMED.

DATED this 16th day of December, 2005.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge