

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Nathan E. Wheatley (9454)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **IBM'S MEMORANDUM IN OPPOSITION TO SCO'S DECEMBER 29, 2005 MOTION TO COMPEL DISCOVERY** <br><br> Civil No.: 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

-2-

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum in opposition to Plaintiff/Counterclaim-Defendant The SCO Group, Inc.'s ("SCO") December 29, 2005 Motion to Compel Discovery.

## Preliminary Statement

Without meeting and conferring with IBM's counsel on the discovery at issue, SCO filed its latest motion to compel seeking the production of (1) damages-related documents, (2) certain other categories of documents, and (3) witnesses who can speak to certain 30(b)(6) topics noticed by SCO.

IBM has either already produced or agreed to produce most of the information sought by SCO, making moot those parts of SCO's motion. With respect to the remaining categories of information sought by SCO, IBM either has conducted a reasonable search for responsive documents (and in some cases plans to produce additional documents), or SCO is not entitled to the discovery. SCO's motion should be denied.

## Argument

### I. IBM HAS ALREADY PRODUCED THOUSANDS OF PAGES OF DAMAGES-RELATED DISCOVERY, AND IS PREPARED TO MAKE AN ADDITIONAL REASONABLE PRODUCTION OF INFORMATION.

In response to SCO's damages-related document requests, IBM has already produced thousands of pages of material. IBM also intends to make an additional production of documents before January 27, 2006, which will show, to the extent IBM tracks or calculates such information, AIX, Dynix, and "Linux-related" revenue (included projected revenues) and costs.

-3-

SCO's demand that IBM produce transaction-level data is overbroad, unreasonable, and unnecessary, and would impose an undue burden on IBM. In collecting for production the revenue and cost data IBM is producing to SCO, IBM's employees and consultants have already spoken with more than 50 different IBM employees and have searched numerous different IBM databases. (January 17, 2006 Declaration of Todd M. Shaughnessy ("Shaughnessy Decl.") ¶ 4.) The transaction-level data that SCO seeks would be overwhelming in scope, and producing it would require IBM to access, and collect data from, the accounting ledger systems of each individual country in which IBM does business. IBM operates in more than 160 countries worldwide. (Shaughnessy Decl. ¶ 13.) The output of such transaction-level data is estimated to be millions of pages of paper. (Shaughnessy Decl. ¶ 14.) SCO has not made any showing that the information IBM is producing would be insufficient to support, oppose, or analyze any damages theory offered in this case. SCO's request for transaction-level data should be denied.[1]

With respect to SCO's other "damages-related" document requests, IBM has conducted a reasonable search for and has produced (and will produce additional) documents in response to SCO's requests for documents concerning the market share and size of Linux, Unix, and Windows. The other requests SCO includes in its "Damages-Related Documents" section of its brief, concerning "IBM Customers Who Migrated to Linux from UNIX" and "General

---

[1] Although IBM is endeavoring to comply with SCO's request for Linux-related revenue, we note (and object to) the ambiguity and incorrect assumptions in SCO's request. IBM does not have or track Linux revenue in the traditional sense. To the extent IBM tracks Linux-related revenue, it is necessarily imprecise and for a limited purpose; it allows IBM to monitor Linux enablement. IBM's Linux-related revenue is not necessarily even directly or primarily attributable to Linux.

Categories Related to Linux, AIX and Dynix" are much too overbroad and lacking in particularity. For example, SCO's document request Nos. 156 through 159 together ask for "All documents concerning customers or users who migrated" to Linux from any other operating system. In other words, if a company ever migrated any part of its computer systems to Linux, SCO's requests appear to seek all documents concerning such company, whether or not the documents are even remotely connected to any subject matter in this lawsuit. Rather than meeting and conferring with IBM in an attempt to narrow the scope of its requests and provide IBM with additional particularity as to what documents it really seeks, SCO filed its motion. SCO's motion should be denied.

## II. IBM, AFTER REASONABLE SEARCHES, HAS ALREADY PRODUCED DOCUMENTS RESPONSIVE TO THE OTHER CATEGORIES OF DOCUMENTS REQUESTED BY SCO.

### A. Documents Relating To IBM's Use Of the Terms "GA" and "PRPQ".

Notwithstanding IBM's objections, IBM has already produced documents relating to IBM's use of the terms PRPQ and GA.[2] In the course of updating its production, IBM has

---

[2] SCO repeatedly contends that IBM has conceded the relevance of certain types of documents or testimony because IBM has produced documents or otherwise permitted discovery on those topics. SCO's contention flies in the face of the principle of discovery cooperation, including as urged by the Court in its January 18, 2005 Order (at p. 11). IBM has gone above and beyond what it is required to do in providing SCO with documents and information requested by SCO, even documents and information which are irrelevant. For example, SCO has propounded document requests on a wide variety of topics, and notwithstanding its objections as to relevance, IBM, in the interests of discovery cooperation, has in many cases provided SCO with documents responsive to those requests. Similarly, at depositions, IBM has not generally sought to restrict SCO from asking detailed questions on far-ranging subjects, even irrelevant subjects. SCO's attempt to take advantage of IBM's cooperation by describing such cooperation as an acquiescence on relevance is misguided.

located, and will produce, a small amount of additional documents relating to this topic on or before January 27, 2006. IBM's production includes documents concerning the process, procedures, and guidelines for making a GA release or a PRPQ release of a product. SCO's request for additional documents, in the absence of any showing that the documents IBM has produced or will be producing are insufficient, should be denied.

B.  Documents Relating To IBM's Marketing Of Linux.

While IBM does not believe that IBM's marketing documents for Linux or Linux-related products has any bearing on any of SCO's claims or IBM's counterclaims, IBM nonetheless conducted a reasonable search for, and has produced, thousands of pages of documents concerning IBM's promotion and marketing of Linux and Linux-related products and services since 2001.

SCO does not identify any specific shortcomings in IBM's production relating to this category of documents for the post-2001 period, or identify any additional specific documents it seeks, other than to complain that IBM did not agree to produce such documents predating 2001. More notably, SCO does not provide a single concrete illustration of how such documents are relevant to any of its claims or IBM's counterclaims, yet asks the Court to order IBM to produce additional documents pre-dating 2001. SCO makes only the observation that these marketing materials are relevant to show "how IBM's commitment to Linux across products, since before 2001, has increased commensurate with the significant contributions IBM has made to Linux". Even if those marketing documents were relevant to such a showing, IBM's general level of "commitment to Linux" is not relevant to any of SCO's claims. SCO's motion for additional documents should be denied.

380495.1

### C. Pre-1991 AIX Source Code.

IBM has repeatedly informed both SCO and this Court that despite repeated, good faith attempts to locate pre-1991 AIX source code (which has been, from an IBM business standpoint, obsolete for many years), IBM simply has been unable to locate any such code, other than what is stored on CMVC (which has been produced to SCO). Nothing in SCO's motion provides IBM or the Court with any additional information as to where any such pre-1991 source code might be found.

## III. SCO'S MOTION RELATING TO 30(B)(6) TESTIMONY IS EITHER MOOT OR INAPPROPRIATE.

IBM has already agreed to produce witnesses to testify, subject to IBM's objections, concerning most of the topics complained about by SCO in its motion, and has provided SCO with dates for those depositions. As such, SCO's motion concerning those topics is moot. The remaining topics at issue, Topics 9 and 10 of SCO's November 11, 2005 30(b)(6) notice, ask that IBM designate a witness who can speak to:

> "The restrictions that IBM's AIX Licenses have imposed on the licensee's use or distribution of AIX source code, methods, or concepts, or of products that the licensee develops after entering into the AIX License." (Topic 9); and

> "The restrictions that IBM's Dynix/ptx Licenses have imposed on the licensee's use or distribution of Dynix//ptx source code, methods, or concepts, or of products that the licensee develops after entering into the Dynix/ptx License." (Topic 10).

SCO's motion for a 30(b)(6) witness on these topics should be denied.

First, the information sought is irrelevant. The licenses between IBM and its licensees for the use of AIX or Dynix source code are not the subject of any of the claims or counterclaims in this case. SCO's proffered reason for why it needs to know how IBM

-6-

380495.1

interpreted its licenses for AIX and Dynix—to show alleged inconsistencies between IBM's interpretation of those licenses and IBM's interpretation of the agreements with AT&T—is untenable. The terms under which IBM licensed its AIX and Dynix products to its licensees, including the interpretation of those terms, is entirely irrelevant to any interpretation of IBM's agreements with AT&T. For example, even if IBM chose to impose restrictions on its licensees that were more restrictive than the restrictions AT&T imposed on IBM, that has no bearing on the scope of any restrictions contained in the earlier agreements between IBM and AT&T.

Second, even if the information sought be SCO were relevant (which it is not), the Topics seek information that is not an appropriate subject of a 30(b)(6) deposition. SCO's request is overbroad, and does not describe with particularity any particular terms in those licenses on which SCO seeks testimony, or even any specific license. IBM has licensed AIX and Dynix source code to dozens of companies over the years; each of these license agreements is the result of negotiations with the individual companies, and the terms of those licenses differ from each other. No lay witness could be expected to be prepared to give a legal interpretation of every term of every AIX and Dynix source code license IBM has ever entered into with any third party.

Third, IBM has conducted a reasonable search for, and has produced, all AIX and Dynix source code licenses found after its search. As IBM noted in its objections to SCO's 30(b)(6) notice, notwithstanding the irrelevance of the licenses to this case, SCO can review these licenses for itself. Furthermore, to the extent SCO wished to take the deposition testimony of the persons who executed any specific AIX or Dynix license, it could have sought such depositions.

## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court deny SCO's December 29, 2005 Motion to Compel Discovery.

DATED this 17th day of January, 2006.

Snell & Wilmer L.L.P.

Alan L. Sullivan
Todd M. Shaughnessy
Nathan E. Wheatley

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

Attorneys *for Defendant/Counterclaim-Plaintiff International Business Machines Corporation*

380495.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2006, a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
>
> Robert Silver
> Edward Normand
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, NY 10504
>
> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

Nathan E. Wheatley

380495.1