SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
  International Business Machines Corporation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>        Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>        Defendant/Counterclaim-Plaintiff. | **IBM'S MEMORANDUM IN OPPOSITION TO SCO'S MOTION FOR LEAVE TO TAKE CERTAIN PROSPECTIVE DEPOSITIONS**<br><br>Civil No.: 2:03CV-0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

383978.2

Defendant/counterclaim-plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum in opposition to SCO's Motion For Leave To Take Certain Prospective Depositions.

### Argument

SCO's motion seeks an extension of the January 27, 2006 deadline for the purpose of taking additional depositions. Not only did SCO commit that it would not seek to extend that deadline, but the Court expressly ruled that SCO would not be allowed to do so. SCO's motion therefore should be denied.

In an order dated October 12, 2005, the Court increased the number of depositions allowable to each side on the condition that the January 27, 2006, discovery deadline would not be extended. The Court ruled:

> The Court hereby increases the number of allowable depositions by 10 as to each side. However, all depositions must be completed by the applicable discovery cut-off date as set forth in Judge Kimball's July 1, 2005 Order. To the extent such depositions cannot be completed within that period of time they must be foregone. The Court will not entertain any motion for an extension of time to complete depositions.

(10/12/05 Order at 4.)

On the eve of the January 27, 2006, deadline, SCO nevertheless asked IBM to consent to SCO's taking two depositions (Mr. Jack Messman and Mr. Edward Chatlos) after the deadline. IBM advised SCO that it would not oppose a motion to conduct these depositions after the deadline so long as (1) the witnesses were unavailable before the deadline; and (2) SCO's request was unique, not part of a broader effort to extend the deadline to take additional depositions. (See Ex. 1.) SCO agreed and, on the basis of IBM's consent, obtained leave of Court to take these depositions after the deadline.

-3-

Having obtained leave of Court to take the depositions of Messrs. Messman and Chatlos, SCO turned around—six days later—and asked the Court to allow it to take five more depositions after the deadline, including the depositions of Otis Wilson, Ted Kennedy, Intel Corporation ("Intel"), The Open Group, Inc ("The Open Group"), and Oracle Corporation ("Oracle").  SCO did so despite the Court's Order of October 12, 2005 and despite SCO's prior commitment to IBM.  In a teleconference with the parties on January 26, 2006, the Court permitted SCO to pursue the depositions of Messrs. Kennedy and Wilson.  Relying on its October 20, 2005, Order, however, the Court informed SCO that it would not allow SCO to depose Intel, Oracle and The Open Group.  Upon SCO's request, the Court permitted SCO to file this motion.

SCO contends that it should be allowed to proceed with the depositions of Intel, Oracle and The Open Group because it timely served these companies with Rule 30(b)(6) subpoenas and they failed to appear for the depositions without filing a motion to quash or for a protective order.  That is false.  SCO noticed the depositions of Intel, Oracle and The Open Group for January 27, 2006, the last day on which SCO could depose them.  However, SCO failed to serve subpoenas on these three companies until the afternoon of January of 26, 2006. (See Ex. 2)  Less than one day's notice is plainly insufficient and represents no notice.  See, e.g., In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 327-28 (N.D. Ill. 2005) (finding 10 days notice unreasonable).[1]

---

[1] SCO likewise failed to meet and confer regarding the scheduling of the depositions, as required by the local rules of the jurisdiction from which two of the subpoenas were issued, the Northern District of California.  See Nonparty Intel's Response to SCO's Motion for Leave to Take Certain Prospective Depositions, dated February 7, 2006.

SCO should not be allowed further to extend the deadline for at least five basic reasons: (1) SCO has known about these parties for years, but failed to serve them properly until the day before the close of SCO's fact discovery[2]; (2) the Court ruled in its October 12, 2005 Order that the deadline would not be extended; (3) SCO agreed not to extend the deadline as to depositions beyond those of Messrs. Messman and Chatlos; (4) the Court informed SCO during the January 26 teleconference that the depositions of Intel, Oracle and The Open Group would not be allowed, and SCO's motion advances no new arguments or reasons for taking these depositions; and (5) it would be prejudicial to IBM to continue to allow SCO to take more depositions—it already has been given leave to take four—during the period when discovery is supposed to be focused on defenses to the allegedly misused material. Accordingly, SCO's motion for leave to take additional depositions should be denied.

**Conclusion**

For the foregoing reasons, IBM respectfully requests that the Court deny SCO's Motion for Leave to Take Certain Prospective Depositions.

---

[2] In answers to interrogatories dated October 23, 2003, SCO identified Intel as one of the companies who had a business relationship with which IBM allegedly interfered. (See Ex. 3.) SCO likewise identified Oracle in its answers to interrogatories dated January 12, 2004. (See Ex. 4 (filed under seal).) Finally, The Open Group—the owner of the UNIX and UnixWare trademarks—has been cited in almost every press release issued by SCO over the past few years.

383978.2

-5-

DATED this 13th day of February, 2006.

        Snell & Wilmer L.L.P.

        /s/ Todd M. Shaughnessy
        Alan L. Sullivan
        Todd M. Shaughnessy
        Amy F. Sorenson

        CRAVATH, SWAINE & MOORE LLP
        Evan R. Chesler
        David R. Marriott

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Jennifer M. Daniels
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

Attorneys *for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February, 2006, a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following:

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Robert Silver
Edward Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

/s/ Todd M. Shaughnessy

383978.2