Exhibit 2

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Massachusetts

The SCO Group, Inc.

**V.**

International Business Machines Corp.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   2:03CV0294 District of Utah

TO:   The Open Group
      8 New England Executive Park, Suite 325
      Burlington MA 01803

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Ropes & Gray LLP<br>One International Place, Boston, Massachusetts 02110 | DATE AND TIME<br>Jan. 27, 2006 9 a.m. |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE<br>Ropes & Gray LLP<br>One International Place, Boston, Massachusetts 02110 | DATE AND TIME<br>Jan. 27, 2006 9 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Edward Normand* For Plaintiff | DATE<br>1/26/2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Edward Normand, Esq., Boies, Schiller & Flexner LLP<br>333 Main Street, Armonk, NY 10504 (914) 749-8200 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

You are instructed to produce the following documents at the time and place specified in the subpoena:

1. Documents concerning the creation or development of, and the reasons for creating or developing, Single UNIX Specification 2001.

2. Documents concerning the Open Group's policies and procedures for obtaining legal permission to obtain and use material from third parties in any standard.

3. Documents concerning the inclusion of the following header files in the Single UNIX Specification 2001:

   - difch.h
   - fmtmsg.h
   - ftw.h
   - shm.h
   - ipc.h
   - libgen.h
   - msg.h
   - poll.h
   - sem.h
   - statvfs.h
   - strings.h
   - stropts.h
   - syslog.h
   - ucontext.h
   - ulimit.h
   - utime.h
   - utmpx.h
   - utsname.h

4. Documents concerning any authority from SCO (or any of its predecessors-in-interest) to include any of the header files in Topic 3 as part of Single UNIX Specification 2001.

5. Documents concerning the creation or development of the standards appearing in The Open Group Base Specifications Issue 6.

6. Documents concerning the Open Group's efforts to work on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel.

7. Documents concerning the creation or development of the following specification documents for Linux Standards Base:

- Common Linux ELF Binary Specification
- Linux for IA-32 ELF Binary Specification
- Linux for IA-64 ELF Binary Specification
- Linux for PPC-32 ELF Binary Specification
- Linux for PPC-64 ELF Binary Specification
- Linux for S-390 ELF Binary Specification

8. Documents concerning any authority from SCO (or any of its predecessors-in-interest) to include the ELF standards and documentation in Topic 7 as part of any Open Group standards release.


**Instructions and Definitions**

A. **Definitions**

1. The term "AIX" shall mean the UNIX-based operating system known by that name distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications. The term "AIX" shall include, but not be limited to, all versions of the "AIX for Power PC" and "AIX for Itanium" operating systems.

2. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

3. The term "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, and electronic mailing lists. The term "document" specifically includes electronic mail ("e-mail") and any attachments and files created, maintained, or existing in electronic form.

4. The term "Dynix" shall mean the UNIX-based operating system known by that name distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications. The term "Dynix" shall include, but not be limited to, all versions of the "Dynix/ptx" operating system.

5. The term "include" or "including" shall mean including without limitation.

6. The term "Linux" shall mean any version of Linux.

7. The term "UNIX" shall mean any and all versions, flavors, or other variants of any UNIX computer operating system, including, without limitation, all operating systems certified as conforming to the UNIX-brand standards.

## B. **Instructions**

1. Each paragraph herein should be construed independently and, unless otherwise stated, without reference to any other paragraph for the purpose of limitation.

2. Unless otherwise specified, the documents requested are the responsive documents in your possession, control or custody that were prepared, written, sent, dated, received, applicable or in effect at any time up to the date of your compliance with this demand.

3. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

5. With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to the Federal Rules of Civil Procedure.

6. If, for reasons other than a claim of privilege, you refuse to provide any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

7. The deposition will be recorded by stenographic and audio-visual means.

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:  (305) 539-1307

*Attorneys for The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>     Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>     Defendant/Counterclaim-Plaintiff | **SCO'S NOTICE<br>OF 30(b)(6) DEPOSITION**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, counsel for plaintiff, The SCO Group, Inc. ("SCO"), will take the deposition

upon oral examination of The Open Group ("Open Group"), on January 27, 2006, beginning at

9:00 a.m.  This deposition will be taken at the offices of Ropes & Gray LLP, One International

Place, Boston, MA 02110, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

Open Group is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to Open Group, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure and the local rules or individual practices of this Court.

DATED this 26th day of January, 2006.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By Edward Normand

*Counsel for The SCO Group, Inc.*

## <u>TOPICS FOR DEPOSITION</u>

1. The creation or development of, and the reasons for creating or developing, Single UNIX Specification 2001.

2. The Open Group's policies and procedures for obtaining legal permission to obtain and use material from third parties in any standard.

3. The inclusion of the following header files in the Single UNIX Specification 2001:

   - difch.h
   - fmtmsg.h
   - ftw.h
   - shm.h
   - ipc.h
   - libgen.h
   - msg.h
   - poll.h
   - sem.h
   - statvfs.h
   - strings.h
   - stropts.h
   - syslog.h
   - ucontext.h
   - ulimit.h
   - utime.h
   - utmpx.h
   - utsname.h

4. Any authority from SCO (or any of its predecessors-in-interest) to include any of the header files in Topic 3 as part of Single UNIX Specification 2001.

5. The creation or development of the standards appearing in The Open Group Base Specifications Issue 6.

6. The Open Group's efforts to work on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel.

7. The creation or development of the following specification documents for Linux Standards Base:

   - Common Linux ELF Binary Specification
   - Linux for IA-32 ELF Binary Specification

3

- Linux for IA-64 ELF Binary Specification
- Linux for PPC-32 ELF Binary Specification
- Linux for PPC-64 ELF Binary Specification
- Linux for S-390 ELF Binary Specification

8. Any authority from SCO (or any of its predecessors-in-interest) to include the ELF standards and documentation in Topic 7 as part of any Open Group standards release.

4

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

_____ Northern _____ **DISTRICT OF** _____ California _____

The SCO Group, Inc.

### SUBPOENA IN A CIVIL CASE

**V.**

International Business Machines Corp.

CASE NUMBER: [1]   2:03CV0294 District of Utah

TO:   Intel Corporation
2200 Mission College Blvd.
Santa Clara, CA 95052-8119

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Boies, Schiller & Flexner LLP<br>1999 Harrison Street, Suite 900, Oakland, CA 94612 | DATE AND TIME<br>Jan. 27, 2006 9 a.m. |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE<br>Boies, Schiller & Flexner LLP<br>1999 Harrison Street, Suite 900, Oakland, CA 94612 | DATE AND TIME<br>Jan. 27, 2006 9 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Edward Normand*   For Plaintiff | DATE<br>1/26/2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward Normand, Esq., Boies, Schiller & Flexner LLP
333 Main Street, Armonk, NY 10504 (914) 749-8200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

You are instructed to produce the following documents at the time and place specified in the subpoena:

1.  Documents concerning any communications with IBM relating to SCO, SCO's lawsuit against IBM, SCO's lawsuit against Novell, Inc., or SCO's lawsuit against AutoZone, Inc.

2.  Documents concerning the communications between Intel and IBM during each of their so-called "IBM/Intel Executive 5x5" meetings, such as the one that occurred on January 30, 2001.

3.  Documents concerning Intel's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc.

4.  Documents concerning Intel's efforts and attempts to make the following UNIX System V Release 4 ("SVR4") header file Application Program Interfaces ("APIs") a standard for public use as part of Single UNIX Specification 2001:

    *   difch.h
    *   fmtmsg.h
    *   ftw.h
    *   shm.h
    *   ipc.h
    *   libgen.h
    *   msg.h
    *   poll.h
    *   sem.h
    *   statvfs.h
    *   strings.h
    *   stropts.h
    *   syslog.h
    *   ucontext.h
    *   ulimit.h
    *   utime.h
    *   utmpx.h
    *   utsname.h

5.  Documents concerning Intel's efforts to work with IBM on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel, including Intel's communications with IBM regarding the foregoing efforts.

6. Documents concerning Intel's participation in the development of any version of or supplement to the UNIX System V application binary interface (or "ABI") and UNIX System V interface definition (or "SVID").

## Instructions and Definitions

### A. Definitions

1. The term "AIX" shall mean the UNIX-based operating system known by that name distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications. The term "AIX" shall include, but not be limited to, all versions of the "AIX for Power PC" and "AIX for Itanium" operating systems.

2. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

3. The term "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, and electronic mailing lists. The term "document" specifically includes electronic mail ("e-mail") and any attachments and files created, maintained, or existing in electronic form.

4. The term "Dynix" shall mean the UNIX-based operating system known by that name distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications. The term "Dynix" shall include, but not be limited to, all versions of the "Dynix/ptx" operating system.

5. The term "include" or "including" shall mean including without limitation.

6. The term "Linux" shall mean any version of Linux.

7. The term "UNIX" shall mean any and all versions, flavors, or other variants of any UNIX computer operating system, including, without limitation, all operating systems certified as conforming to the UNIX-brand standards.

### B. Instructions

1. Each paragraph herein should be construed independently and, unless otherwise stated, without reference to any other paragraph for the purpose of limitation.

2. Unless otherwise specified, the documents requested are the responsive documents in your possession, control or custody that were prepared, written, sent, dated, received, applicable or in effect at any time up to the date of your compliance with this demand.

3. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

5. With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to the Federal Rules of Civil Procedure.

6. If, for reasons other than a claim of privilege, you refuse to provide any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

7. The deposition will be recorded by stenographic and audio-visual means.

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff | **SCO'S NOTICE**<br>**OF 30(b)(6) DEPOSITION**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, counsel for plaintiff, The SCO Group, Inc. ("SCO"), will take the deposition

upon oral examination of Intel Corporation ("Intel"), on January 27, 2006, beginning at 9:00

a.m.. This deposition will be taken at the offices of SCO's counsel Boies, Schiller & Flexner

LLP, 1999 Harrison Street, Suite 900, Oakland, CA 94612, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

Intel is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to Intel, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure and the local rules or individual practices of this Court:

DATED this 26th day of January, 2006.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By _Edward Normand_

*Counsel for The SCO Group, Inc.*

2

## <u>TOPICS FOR DEPOSITION</u>

1. Any communications with IBM relating to SCO, SCO's lawsuit against IBM, SCO's lawsuit against Novell, Inc., or SCO's lawsuit against AutoZone, Inc.

2. The communications between Intel and IBM during each of their so-called "IBM/Intel Executive 5x5" meetings, such as the one that occurred on January 30, 2001.

3. Intel's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc.

4. Intel's efforts and attempts to make the following UNIX System V Release 4 ("SVR4") header file Application Program Interfaces ("APIs") a standard for public use as part of Single UNIX Specification 2001:

   - difch.h
   - fmtmsg.h
   - ftw.h
   - shm.h
   - ipc.h
   - libgen.h
   - msg.h
   - poll.h
   - sem.h
   - statvfs.h
   - strings.h
   - stropts.h
   - syslog.h
   - ucontext.h
   - ulimit.h
   - utime.h
   - utmpx.h
   - utsname.h

5. Intel's efforts to work with IBM on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel, including Intel's communications with IBM regarding the foregoing efforts.

6. Intel's participation in the development of any version of or supplement to the UNIX System V application binary interface (or "ABI") and UNIX System V interface definition (or "SVID").

3

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

_____ Northern _____  DISTRICT OF _____ California _____

The SCO Group, Inc.

### V.

International Business Machines Corp.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1]   2:03CV0294 District of Utah

TO:   Oracle Corporation
      500 Oracle Pkwy.
      Redwood City, CA 94065

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Boies, Schiller & Flexner LLP<br>1999 Harrison Street, Suite 900, Oakland, CA 94612 | DATE AND TIME<br>Jan. 27, 2006 9 a.m. |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE<br>Boies, Schiller & Flexner LLP<br>1999 Harrison Street, Suite 900, Oakland, CA 94612 | DATE AND TIME<br>Jan. 27, 2006 9 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Edward Normand  ☒ Plaintiff | 1/26/ 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward Normand, Esq., Boies, Schiller & Flexner LLP
333 Main Street, Armonk, NY 10504 (914) 749-8200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

You are instructed to produce the following documents at the time and place specified in the subpoena:

1.  Documents concerning any communications with IBM from and after June 1, 2001, relating to SCO.

2.  Documents concerning any communication with IBM from and after January 1, 2003, relating to SCO's current lawsuit against IBM, SCO's current lawsuit against Novell, Inc., and SCO's current lawsuit against AutoZone, Inc. or the possibility of legal action by SCO against any of the identified parties.

3.  Documents concerning Oracle's decisions to certify any version of any Oracle software product, or to decline to certify any such version of any Oracle software product, for operation on any version of SCO's UnixWare or OpenServer products at any time since January 1, 2000.

4.  Documents concerning Oracle's communications, both internally and with any third party, regarding its decision(s) to certify or decline to certify any version of any Oracle software product for operation on any version of SCO's UnixWare or OpenServer products since January 1, 2000.

5.  Documents concerning Oracle's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc., including:

    a.  All certifications issued by Oracle for any Oracle software product for operation on any version of UnixWare or OpenServer at any time;

    b.  All software agreements by which Oracle licensed any version of UNIX System V binary or source code from SCO or a predecessor (including any version of OpenServer and UnixWare);

    c.  All agreements of any kind by which Oracle obtained access to any version of UNIX System V (including any version of OpenServer and UnixWare) binary or source code; and

    d.  The purpose, scope, duration and subject matter of all agreements of any kind between Oracle and SCO, Caldera Systems, Inc. and/or The Santa Cruz Operation, Inc. since January 1, 1995.

6.  Documents concerning the identification of all versions of all Oracle software products that Oracle certified for operation on any version of any

UNIX-based operating system, including but not limited to UnixWare, OpenServer, AIX, HPUX, Irix, Dynix, and Linux, since January 1, 1995.

7.  Documents concerning the identification of all instances in which Oracle has been asked to certify any version of any Oracle software product for operation on any operating system, but has refused to do so, since January 1, 1995.

## Instructions and Definitions

### A. Definitions

1.  The term "AIX" shall mean the UNIX-based operating system known by that name distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications. The term "AIX" shall include, but not be limited to, all versions of the "AIX for Power PC" and "AIX for Itanium" operating systems.

2.  The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

3.  The term "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, and electronic mailing lists. The term "document" specifically includes electronic mail ("e-mail") and any attachments and files created, maintained, or existing in electronic form.

4.  The term "Dynix" shall mean the UNIX-based operating system known by that name distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications. The term "Dynix" shall include, but not be limited to, all versions of the "Dynix/ptx" operating system.

5.  The term "include" or "including" shall mean including without limitation.

6.  The term "Linux" shall mean any version of Linux.

7.  The term "UNIX" shall mean any and all versions, flavors, or other variants of any UNIX computer operating system, including, without limitation, all operating systems certified as conforming to the UNIX-brand standards.

## B. <u>Instructions</u>

1. Each paragraph herein should be construed independently and, unless otherwise stated, without reference to any other paragraph for the purpose of limitation.

2. Unless otherwise specified, the documents requested are the responsive documents in your possession, control or custody that were prepared, written, sent, dated, received, applicable or in effect at any time up to the date of your compliance with this demand.

3. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

5. With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to the Federal Rules of Civil Procedure.

6. If, for reasons other than a claim of privilege, you refuse to provide any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

7. The deposition will be recorded by stenographic and audio-visual means.

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:  (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>        Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>        Defendant/Counterclaim-Plaintiff | **SCO'S NOTICE<br>OF 30(b)(6) DEPOSITION**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, counsel for plaintiff, The SCO Group, Inc. ("SCO"), will take the deposition

upon oral examination of Oracle Corporation ("Oracle"), on January 27, 2006, beginning at 9:00

a.m.  This deposition will be taken at the offices of SCO's counsel Boies, Schiller & Flexner

LLP, 1999 Harrison Street, Suite 900, Oakland, CA 94612, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

Oracle is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to Oracle, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure and the local rules or individual practices of this Court.

DATED this 26th day of January, 2006.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By *Edward Normand*

*Counsel for The SCO Group, Inc.*

2

## TOPICS FOR DEPOSITION

1.  Any communications with IBM from and after June 1, 2001, relating to SCO.

2.  Any communication with IBM from and after January 1, 2003, relating to SCO's current lawsuit against IBM, SCO's current lawsuit against Novell, Inc., and SCO's current lawsuit against AutoZone, Inc. or the possibility of legal action by SCO against any of the identified parties.

3.  Oracle's decisions to certify any version of any Oracle software product, or to decline to certify any such version of any Oracle software product, for operation on any version of SCO's UnixWare or OpenServer products at any time since January 1, 2000.

4.  Oracle's communications, both internally and with any third party, regarding its decision(s) to certify or decline to certify any version of any Oracle software product for operation on any version of SCO's UnixWare or OpenServer products since January 1, 2000.

5.  Oracle's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc., including:

    a.  All certifications issued by Oracle for any Oracle software product for operation on any version of UnixWare or OpenServer at any time;

    b.  All software agreements by which Oracle licensed any version of UNIX System V binary or source code from SCO or a predecessor (including any version of OpenServer and UnixWare);

    c.  All agreements of any kind by which Oracle obtained access to any version of UNIX System V (including any version of OpenServer and UnixWare) binary or source code; and

    d.  The purpose, scope, duration and subject matter of all agreements of any kind between Oracle and SCO, Caldera Systems, Inc. and/or The Santa Cruz Operation, Inc. since January 1, 1995.

6.  Identification of all versions of all Oracle software products that Oracle certified for operation on any version of any UNIX-based operating system, including but not limited to UnixWare, OpenServer, AIX, HPUX, Irix, Dynix, and Linux, since January 1, 1995.

7.  Identification of all instances in which Oracle has been asked to certify any version of any Oracle software product for operation on any operating system, but has refused to do so, since January 1, 1995.