FILED
U.S. DISTRICT COURT

2006 FEB 10  P 4: 32

DISTRICT OF UTAH

DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile:  (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida  33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **DECLARATION OF MARK F. JAMES IN SUPPPORT OF PLAINTIFF'S MOTION TO COMPEL**<br><br>**FILED IN REDACTED FORM**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

I, Mark F. James, declare:

1.     I am a citizen of the United States, am over the age of 21, and am competent to testify to the matters set forth herein.

2.     I am an attorney at law duly licensed to practice before all the Courts of the State of Utah, and an attorney with the firm of HATCH, JAMES & DODGE PC, counsel for the plaintiff, The SCO Group, Inc., in the pending action.

3.     Attached hereto and filed herewith as Exhibit 1 is a true and correct copy of a document entitled "Plaintiff's Fifth Request for the Production of Documents", dated December 20, 2004.

4.     Attached hereto and filed herewith as Exhibit 2 is a true and correct copy of a letter dated February 3, 2005 enclosing a document entitled "IBM's Responses and Objections to SCO's Fifth Request for the Production of Documents."

5.     Attached hereto and filed herewith as Exhibit 3 is a true and correct copy of:

**REDACTED**

6.     Attached hereto and filed herewith as Exhibit 4 is a true and correct copy of

**REDACTED**

7.     Attached hereto and filed herewith as Exhibit 5 is a true and correct copy of:

**REDACTED**

8.     Attached hereto and filed herewith as Exhibit 6 is a true and correct copy of

**REDACTED**

2

9.      Attached hereto and filed herewith as Exhibit 7 is a true and correct copy of a

**REDACTED**

10.      Attached hereto and filed herewith as Exhibit 8 is a true and correct copy of a

**REDACTED**

11.      Attached hereto and filed herewith as Exhibit 9 is a true and correct copy of

**REDACTED**

12.      Attached hereto and filed herewith as Exhibit 10 is a true and correct copy of

**REDACTED**

13.      Attached hereto and filed herewith as Exhibit 11 is a true and correct copy of a

**REDACTED**

14.      Attached hereto and filed herewith as Exhibit 12 is a true and correct copy of a

**REDACTED**

15.      Attached hereto and filed herewith as Exhibit 13 is a true and correct copy of

**REDACTED**

16.      Attached hereto and filed herewith as Exhibit 14 is a true and correct copy of a

**REDACTED**

17.      Attached hereto and filed herewith as Exhibit 15 is a true and correct copy of a

**REDACTED**

3

18.   Attached hereto and filed herewith as Exhibit 16 is a true and correct copy of

**REDACTED**

19.   Attached hereto and filed herewith as Exhibit 17 is a true and correct copy of a

**REDACTED**

20.   Attached hereto and filed herewith as Exhibit 18 is a true and correct copy of a document entitled "Plaintiff's Seventh Request for Production of Documents", dated August 12, 2005.

21.   Attached hereto and filed herewith as Exhibit 19 is a true and correct copy of a document entitled "IBM's Responses and Objections to SCO's Seventh Request for the Production of Documents", dated September 19, 2005.

22.   Attached hereto and filed herewith as Exhibit 20 is a true and correct copy of a

**REDACTED**

23.   Attached hereto and filed herewith as Exhibit 21 is a true and correct copy of a

**REDACTED**

24.   Attached hereto and filed herewith as Exhibit 22 is a true and correct copy of a document entitled "SCO's Amended Notice of 30(b)(6) Deposition", dated August 15, 2005.

25.   Attached hereto and filed herewith as Exhibit 23 is a true and correct copy of a letter dated September 20, 2005 from Edward Normand to Amy Sorenson.

26.   Attached hereto and filed herewith as Exhibit 24 is a true and correct copy of

**REDACTED**

27.   Attached hereto and filed herewith as Exhibit 25 is a true and correct copy of a

**REDACTED**

4

28.    Attached hereto and filed herewith as Exhibit 26 is a true and correct copy of

**REDACTED**

29.    Attached hereto and filed herewith as Exhibit 27 is a true and correct copy of a

**REDACTED**

30.    Attached hereto and filed herewith as Exhibit 28 is a true and correct copy of a

**REDACTED**

31.    Attached hereto and filed herewith as Exhibit 29 is a true and correct copy of

**REDACTED**

32.    Attached hereto and filed herewith as Exhibit 30 is a true and correct copy of a

document entitled "SCO's Amended Notice of 30(b)(6) Deposition", dated November 11, 2005.

33.    Attached hereto and filed herewith as Exhibit 31 is a true and correct copy of

letter dated December 16, 2005 from Todd Shaughnessy to Edward Normand.

34.    Attached hereto and filed herewith as Exhibit 32 is a true and correct copy of a

**REDACTED**

35.    Attached hereto and filed herewith as Exhibit 33 is a true and correct copy of

**REDACTED**

5

**REDACTED**

36.    Attached hereto and filed herewith as Exhibit 34 is a true and correct copy of a

letter dated November 22, 2005 from Christopher Popov to Edward Normand.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 29th day of December, 2005.

By _____
Mark F. James

6

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the

foregoing Declaration of Mark F. James in Support of Plaintiff's Motion to Compel was served

on Defendant International Business Machines Corporation on the 10th day of February, 2006:

By U.S. Mail and Facsimile:

David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004

7

# EXHIBIT A

Westlaw

1985 WL 4007                                                      Page 1
Not Reported in F.Supp., 1985 WL 4007 (E.D.Pa.)
(Cite as: 1985 WL 4007 (E.D.Pa.))

Only the Westlaw citation is currently available.

UNITED STATES DISTRICT COURT; E.D.
PENNSYLVANIA.
JOHNSON MACHINERY CO., INC.
v.
KAISER ALUMINUM & CHEMICAL CORP. AND
KAISER ALUMINUM & CHEMICAL SALES INC.
**CIVIL ACTION NO. 85-3200**

November 26, 1985
HAROLD E. KOHN, PHILADELPHIA, PA., for
plaintiffs.

HAROLD CRAMER, ANTHONY E. CREATO,
PHILADELPHIA, PA., for defendants.

MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, UNITED STATES
MAGISTRATE.

*1 This case involves a controversy between
plaintiff, Johnson Machinery Co., Inc. ('Johnson')
and defendants Kaiser Aluminum and Chemical Corp.
and Kaiser Aluminum and Chemical Sales Inc.
('Kaiser') with respect to the sale of industrial
property located in Plymouth Township,
Pennsylvania ('the property'). Johnson has brought
suit demanding specific performance of an alleged
agreement by Kaiser to sell it 'the property' for a
consideration of $2.8 million dollars. 'Kaiser', in its
answer, avers that no such agreement exists and
raises the statute of frauds as an affirmative defense.

Presently before the Court is a motion filed by
Johnson to compel Kaiser to produce certain
documents, essentially relating to the possible sale of
'the property' to third parties, and Kaiser's answer
objecting to the production request on the grounds
that it is both irrelevant to the issue and beyond the
scope of discovery.

For convenience, both objections to Johnson's
request for production may be joined under the
general rubric of relevance. It is clear that discovery
is designed to permit parties to explore, in depth, a
broad range of issues raised by the pleadings. Indeed
the precise characterization inherent in pleadings may
not, in themselves, limit or define the relevancy of a

request; rather it is the subject matter and legal issues
of the controversy that define its boundaries. North
Fleet Corp. v. Consolidated Rail Corp., C.A. No. 83-
2992 (E.D. Pa. April 27, 1984) (Pollak, J.); Roeberg
v. Johns-Manville Corp., 85 F.R.D. 292 (E.D. Pa.
1980).

Kaiser urges upon the Court the view that materials
requested by Johnson fall outside the relevancy
standards required by the Federal Rules of Civil
Procedure concerning discovery in that dealings with
third parties do not impact upon the pending action
and are therefore overbroad. Mid-American are
inapposite to the instant case and cut against Kaiser's
position. Plaintiff in Mid-American, in contrast to
plaintiff Johnson, conceded that the documents
requested were in no way relevant to the action and
therefore fell outside the limits of the relevancy
requirement of F.R.C.P. 26(b). No such admission is
present in the instant controversy; indeed, Johnson
argues that the very character of the delineated nature
of its requests support its contention that it believes in
the relevant nature of the documents requested.

Kaiser additionally argues that the documents sought
by Johnson are impermissible under the federal rules
because confidential material may not be disclosed.
Everco Industries, Inc. v. O.P.M. Products Company,
362 F.Supp. 204 (N.D. Ill. 1973).

Although there is provision for the protection of such
material, the Court need not reach the issue since
Everco is easily distinguishable from the instant case.
In Everco, an action based upon theories of copyright
infringement and unfair practices, the parties were
direct business competitors and a very real possibility
of divulging confidential information was present,
compelling the court to narrow the scope in that
action. No such issues are present in this situation
where both parties limit the dispute to the alleged
contract for sale of the property and confine their
disagreement to the failure of that single business
transaction.

*2 Any material relating to the subject matter of the
lawsuit may be discoverable as long as relevancy is
demonstrable. No restrictions, per se, exist to limit
the discovery of documents relating to third parties
where such material is not privileged. Robco
Distributors Inc. v. General Glass International Corp.,
101 F.R.D. 547, 548 (W.D. Pa. 1984); Goldinger v.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1985 WL 4007
Not Reported in F.Supp., 1985 WL 4007 (E.D.Pa.)
(Cite as: 1985 WL 4007 (E.D.Pa.))

Page 2

Barons Oil Co., 60 F.R.D. 562, 564 (W.D. Pa. 1973). Documents which a party possesses, even if belonging to a third person may be discoverable. A party need not 'own' the requested documents, merely possess them. Societe Internationale v. Rogers, 357 U.S. 197, 200, 204 (1958); United States v. National Broadcasting Company, 65 F.R.D. 415, 419 (C.D. Cal. 1974), appeal dismissed, 421 U.S. 940 (1975). Where documents relate to the extent of damages they are clearly discoverable due to their relation to the claim of either party under Fed.R.Civ.P. 26. Coyne v. Monogahela Connecting RR Co., 24 F.R.D. 357 (W.D. Pa. 1959); General Industrial Corporation v. General Diode Corporation, 1 F.R.D. 1, 3 (D. Mass. 1966).

In the instant controversy a material issue relates to the alleged failure of Kaiser to honor the disputed contract to sell the subject property and the role, if any, that a third party may have played in such a decision. Should Johnson prevail in this action, any damages that would flow must be proven and thus documents, such as those requested by Johnson, would be both material and relevant to the determination of the extent of such damages and therefore fall within the intended scope of the discovery rules.

*Of primary significance to both parties are the* reasons underlying the dispute concerning the proposed sale of the subject property. It is not for either side in this dispute to arbitrarily draw the lines of what is or is not discoverable; to unilaterally decide what may be fair or foul. Any factor that relates to the failure of any party to consummate the disputed transaction, whether by plaintiff or defendant, is and must be discoverable to permit adequate development of all issues in the interests of fairness and justice.

An appropriate Order follows.

### ORDER

NOW, this 25th day of NOVEMBER, 1985, upon consideration of the motion of Plaintiff Johnson Machinery Co., Inc., to compel production of documents together with the answer of Defendants, Kaiser Aluminum and Chemical Corp. and Kaiser Aluminum and Chemical Sales Inc., it is hereby ORDERED that:

1.  Plaintiff's motion to compel production of documents is Granted.

2. Defendants shall submit the requested documents

to plaintiff, within twenty (20) days of the date of this Order.

3.  The parties shall bear their own costs in this matter.

Not Reported in F.Supp., 1985 WL 4007 (E.D.Pa.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

Westlaw.

1985 WL 4007                                                                    Page 1
Not Reported in F.Supp., 1985 WL 4007 (E.D.Pa.)
(Cite as: 1985 WL 4007 (E.D.Pa.))

Only the Westlaw citation is currently available.

UNITED STATES DISTRICT COURT; E.D.
PENNSYLVANIA.
JOHNSON MACHINERY CO., INC.
v.
KAISER ALUMINUM & CHEMICAL CORP. AND
KAISER ALUMINUM & CHEMICAL SALES INC.
**CIVIL ACTION NO. 85-3200**

November 26, 1985
HAROLD E. KOHN, PHILADELPHIA, PA., for
plaintiffs.

HAROLD CRAMER, ANTHONY E. CREATO,
PHILADELPHIA, PA., for defendants.

MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, UNITED STATES
MAGISTRATE.

**\*1** This case involves a controversy between
plaintiff, Johnson Machinery Co., Inc. ('Johnson')
and defendants Kaiser Aluminum and Chemical Corp.
and Kaiser Aluminum and Chemical Sales Inc.
('Kaiser') with respect to the sale of industrial
property located in Plymouth Township,
Pennsylvania ('the property'). Johnson has brought
suit demanding specific performance of an alleged
agreement by Kaiser to sell it 'the property' for a
consideration of $2.8 million dollars. 'Kaiser', in its
answer, avers that no such agreement exists and
raises the statute of frauds as an affirmative defense.

Presently before the Court is a motion filed by
Johnson to compel Kaiser to produce certain
documents, essentially relating to the possible sale of
'the property' to third parties, and Kaiser's answer
objecting to the production request on the grounds
that it is both irrelevant to the issue and beyond the
scope of discovery.

For convenience, both objections to Johnson's
request for production may be joined under the
general rubric of relevance. It is clear that discovery
is designed to permit parties to explore, in depth, a
broad range of issues raised by the pleadings. Indeed
the precise characterization inherent in pleadings may
not, in themselves, limit or define the relevancy of a

request; rather it is the subject matter and legal issues
of the controversy that define its boundaries. North
Fleet Corp. v. Consolidated Rail Corp., C.A. No. 83-
2992 (E.D. Pa. April 27, 1984) (Pollak, J.); Roeberg
v. Johns-Manville Corp., 85 F.R.D. 292 (E.D. Pa.
1980).

Kaiser urges upon the Court the view that materials
requested by Johnson fall outside the relevancy
standards required by the Federal Rules of Civil
Procedure concerning discovery in that dealings with
third parties do not impact upon the pending action
and are therefore overbroad. Mid-American are
inapposite to the instant case and cut against Kaiser's
position. Plaintiff in Mid-American, in contrast to
plaintiff Johnson, conceded that the documents
requested were in no way relevant to the action and
therefore fell outside the limits of the relevancy
requirement of F.R.C.P. 26(b). No such admission is
present in the instant controversy; indeed, Johnson
argues that the very character of the delineated nature
of its requests support its contention that it believes in
the relevant nature of the documents requested.

Kaiser additionally argues that the documents sought
by Johnson are impermissible under the federal rules
because confidential material may not be disclosed.
Everco Industries, Inc. v. O.P.M. Products Company,
362 F.Supp. 204 (N.D. Ill. 1973).

Although there is provision for the protection of such
material, the Court need not reach the issue since
Everco is easily distinguishable from the instant case.
In Everco, an action based upon theories of copyright
infringement and unfair practices, the parties were
direct business competitors and a very real possibility
of divulging confidential information was present,
*compelling the court to narrow the scope in that
action.* No such issues are present in this situation
where both parties limit the dispute to the alleged
contract for sale of the property and confine their
disagreement to the failure of that single business
transaction.

**\*2** Any material relating to the subject matter of the
lawsuit may be discoverable as long as relevancy is
demonstrable. No restrictions, per se, exist to limit
the discovery of documents relating to third parties
where such material is not privileged. Robco
Distributors Inc. v. General Glass International Corp.,
101 F.R.D. 547, 548 (W.D. Pa. 1984); Goldinger v.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Barons Oil Co., 60 F.R.D. 562, 564 (W.D. Pa. 1973). Documents which a party possesses, even if belonging to a third person may be discoverable. A party need not 'own' the requested documents, merely possess them. Societe Internationale v. Rogers, 357 U.S. 197, 200, 204 (1958); United States v. National Broadcasting Company, 65 F.R.D. 415, 419 (C.D. Cal. 1974), appeal dismissed, 421 U.S. 940 (1975). Where documents relate to the extent of damages they are clearly discoverable due to their relation to the claim of either party under Fed.R.Civ.P. 26. Coyne v. Monogahela Connecting RR Co., 24 F.R.D. 357 (W.D. Pa. 1959); General Industrial Corporation v. General Diode Corporation, 1 F.R.D. 1, 3 (D. Mass. 1966).

In the instant controversy a material issue relates to the alleged failure of Kaiser to honor the disputed contract to sell the subject property and the role, if any, that a third party may have played in such a decision. Should Johnson prevail in this action, any damages that would flow must be proven and thus documents, such as those requested by Johnson, would be both material and relevant to the determination of the extent of such damages and therefore fall within the intended scope of the discovery rules.

Of primary significance to both parties are the reasons underlying the dispute concerning the proposed sale of the subject property. It is not for either side in this dispute to arbitrarily draw the lines of what is or is not discoverable; to unilaterally decide what may be fair or foul. Any factor that relates to the failure of any party to consummate the disputed transaction, whether by plaintiff or defendant, is and must be discoverable to permit adequate development of all issues in the interests of fairness and justice.

An appropriate Order follows.

### ORDER

NOW, this 25th day of NOVEMBER, 1985, upon consideration of the motion of Plaintiff Johnson Machinery Co., Inc., to compel production of documents together with the answer of Defendants, Kaiser Aluminum and Chemical Corp. and Kaiser Aluminum and Chemical Sales Inc., it is hereby ORDERED that:

1.  Plaintiff's motion to compel production of documents is Granted.

2.  Defendants shall submit the requested documents

to plaintiff, within twenty (20) days of the date of this Order.

3.  The parties shall bear their own costs in this matter.

Not Reported in F.Supp., 1985 WL 4007 (E.D.Pa.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.