# EXHIBIT 2



**Snell & Wilmer**
——— L.L.P. ———
LAW OFFICES

15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101
801.257.1900 P
801.257.1800 F
swlaw.com
Peter Donaldson
801-257-1863
pdonaldson@swlaw.com

DENVER
IRVINE
LAS VEGAS
PHOENIX
SALT LAKE CITY
TUCSON

February 3, 2005

Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Re:   *SCO v. IBM; IBM v. SCO*

Dear Brent:

Enclosed are IBM's Responses and Objections to SCO's Fifth Request for the Production of Documents. As a general matter, we believe that these document requests are tremendously overbroad and seek irrelevant information, and it is difficult to see what purpose they have other than to harass and impose undue burden on IBM. Nevertheless, we intend to produce the responsive documents as described in our responses and objections. We are willing to meet and confer to see what, if any, additional documents SCO truly seeks through these requests.

Very truly yours,

Snell & Wilmer

Peter Donaldson
on behalf of Todd M. Shaughnessy

Enclosures
cc:    David Marriott (w/enclosures)
       Stephen N. Zack
       Robert Silver

Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Peter H. Donaldson (9642)
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> -against- <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **IBM'S RESPONSES AND OBJECTIONS TO SCO'S FIFTH REQUEST FOR THE PRODUCTION OF DOCUMENTS** <br><br> Civil No. 2:03cv0294 <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

Defendant International Business Machines Corporation ("IBM"), by its undersigned

attorneys, hereby responds and objects to Plaintiff's Fifth Set of Requests for the Production of

Documents (the "Requests") as follows:

## GENERAL OBJECTIONS

1.     IBM hereby incorporates by reference all of the General Objections set out in IBM's Responses and Objections to SCO's First Request for the Production of Documents and First Set of Interrogatories. All of IBM's General Objections are incorporated into each of the individual responses set forth below and have the same force and effect as if fully set forth therein.

2.     IBM objects to the Requests to the extent they call for information and/or documents that are in SCO's possession, custody and control and that cannot be provided absent further discovery and investigation by IBM.

3.     IBM objects to the Requests to the extent they call for information and/or documents relating to the period prior to 2001. IBM will not provide information or documents relating to the period prior to 2001.

4.     IBM objects to the Requests on the grounds that they seek information and/or documents that is so non-discoverable as to render the Requests harassing.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**Request No. 142:**

**All transaction-level data for all sales of hardware usable with Linux-based operating systems, AIX operating systems, or Dynix operating systems.**

Response to Request No. 142:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 143:**

**All transaction-level data for all sales (including media fees) or licensing of Linux-based operating systems.**

Response to Request No. 143:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce non-privileged documents, sufficient to show the revenues, if any, attributed to IBM's sales or licensing of Linux-based operating systems.

**Request No. 144:**

**All transaction-level data for all sales and licensing of AIX operating systems.**

Response to Request No. 144:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce non-privileged documents sufficient to show the revenues attributed to IBM's sales or licensing of AIX operating systems.

**Request No. 145:**

**All transaction-level data for all sales and licensing of Dynix operating systems.**

Response to Request No. 145:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific

objections, IBM, after a search of reasonable scope, will produce non-privileged documents

sufficient to show the revenues attributed to IBM's sales or licensing of Dynix operating

systems.

<u>Request No. 146:</u>

**All transaction-level data for all sales and licensing of middleware software usable in a Linux environment.**

<u>Response to Request No. 146:</u>

In addition to the foregoing general objections, IBM objects specifically to this

Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence.

<u>Request No. 147:</u>

**All transaction-level data for all sales and licensing of software products usable with a Linux operating system.**

<u>Response to Request No. 147:</u>

In addition to the foregoing general objections, IBM objects specifically to this

Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence.

<u>Request No. 148:</u>

**All documents summarizing, compiling, tracking, graphing, charting, or otherwise presenting in simplified form the data requested in Requests 142-47 above.**

<u>Response to Request No. 148:</u>

In addition to the foregoing general objections, IBM objects specifically to this

Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to, as limited by, and without waiving the foregoing general and specific

objections, IBM, after a search of reasonable scope, will produce non-privileged documents as

stated in its responses to Document Request Nos. 143-145.

**Request No. 149:**

**All licensing agreements, including any amendments thereto, for all sales (including media fees) and licensing of Linux-based operating systems.**

Response to Request No. 149:

In addition to the foregoing general objections, IBM objects specifically to this

Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to, as limited by, and without waiving the foregoing general and

specific objections, IBM, after a search of reasonable scope, will produce non-privileged

documents, if any, responsive to this request.

**Request No. 150:**

**All licensing agreements, including any amendments thereto, for all sales and licensing of AIX operating systems.**

Response to Request No. 150:

In addition to the foregoing general objections, IBM objects specifically to this

Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to, as limited by, and without waiving the foregoing general and

specific objections, IBM, after a search of reasonable scope, will produce non-privileged

documents, if any, sufficient to show the terms and conditions of licensing agreements IBM has

for the sales and licensing of AIX operating systems.

<u>Request No. 151:</u>

All licensing agreements, including any amendments thereto, for all sales and licensing of Dynix operating systems.

<u>Response to Request No. 151:</u>

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce non-privileged documents, if any, sufficient to show the terms and conditions of licensing agreements IBM has for the sales and licensing of Dynix operating systems.

**Request No. 152:**

**All licensing agreements, including any amendments thereto, for all sales and licensing of middleware software usable in a Linux environment.**

<u>Response to Request No. 152:</u>

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 153:**

**All licensing agreements, including any amendments thereto, for the sale and licensing of software products usable with a Linux operating system.**

<u>Response to Request No. 153:</u>

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and

seeks information that is irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 154:**

All transaction-level data for all systems installation, development, maintenance, consulting, migrating, or other services associated with Linux-based systems or software products, AIX systems or software products, and Dynix systems or software products.

Response to Request No. 154:

In addition to the foregoing general objections, IBM objects specifically to this

Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence.

**Request No. 155:**

All contracts, including any amendments thereto, for all systems installation, development, maintenance, consulting, or other services associated with Linux-based systems or software products, AIX systems or software products, and Dynix systems or software products.

Response to Request No. 155:

In addition to the foregoing general objections, IBM objects specifically to this

Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence.

**Request No. 156:**

All documents concerning customers or users who migrated from AIX to Linux.

Response to Request No. 156:

In addition to the foregoing general objections, IBM objects specifically to this

Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 157:

All documents concerning customers or users who migrated from Dynix to Linux.

Response to Request No. 157:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 158:

All documents concerning customers or users who migrated from UNIX-based operating systems (other than AIX or Dynix) to Linux.

Response to Request No. 158:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 159:

All documents concerning customers or users who migrated to Linux from operating systems not included in Requests Nos. 156-58 above.

Response to Request No. 159:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 160:

All management business plans, financial analyses, market analyses, strategic recommendations, memoranda, and correspondence concerning the sales, licensing, or marketing of hardware, software, or services in connection with Linux-based, AIX, and Dynix systems.

Response to Request No. 160:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce and has already produced non-privileged documents sufficient to show IBM's general business plans and market analyses concerning the sales, licensing, or marketing of hardware, software, or services related to IBM's Linux-based, AIX, and Dynix systems.

Request No. 161:

All agendas, minutes, summaries, and presentations concerning the sales, licensing, or marketing of hardware, software, or services in connection with Linux-based, AIX, and Dynix systems.

Response to Request No. 161:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce and has already produced non-privileged documents sufficient to show IBM's general business plans and market analyses concerning the sales, licensing, or marketing of hardware, software, or services related to IBM's Linux-based, AIX, and Dynix systems.

335894.1

<u>Request No. 162:</u>

All documents concerning IBM's decision to undertake its strategic shift toward Linux.

<u>Response to Request No. 162:</u>

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced non-privileged documents responsive to this Request.

**<u>Request No. 163:</u>**

**All periodic (whether monthly, quarterly, annual, or other) product-level cost information, by cost category, for all sales of hardware usable with Linux-based operating systems, AIX operating systems, and Dynix operating systems.**

<u>Response to Request No. 163:</u>

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**<u>Request No. 164:</u>**

**All periodic (whether monthly, quarterly, annual, or other) product-level cost information, by cost category, for all sales and licensing of Linux-based operating systems and software products, AIX operating systems and software products, Dynix operating systems and software products, and middleware software usable in a Linux environment. Such information shall include the allocation or amortization of the software-development expenses associated with the sales or licensing transactions.**

<u>Response to Request No. 164:</u>

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce non-privileged documents sufficient to show the costs associated with sales and licensing, if any, of Linux-based operating systems, AIX operating systems, and Dynix operating systems.

**Request No. 165:**

All periodic (whether monthly, quarterly, annual, or other ) cost information, by cost category, for all systems installation, development, maintenance, and other services associated with Linux-based operating systems and software products, AIX operating systems and software products, and Dynix operating systems and software products. Such information shall be allocated to specific customers and projects.

Response to Request No. 165:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 166:**

All documents concerning the actual or projected profitability of hardware products sold for use with Linux-based operating systems and software products.

Response to Request No. 166:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 167:**

All documents concerning the actual or projected profitability of Linux-based operating systems and software products.

Response to Request No. 167:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 168:**

**All documents concerning the actual or projected profitability of Linux-related services, including consulting engagements.**

Response to Request No. 168:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 169:**

**All documents concerning the actual or projected profitability of hardware products sold for use with AIX, Dynix, or other UNIX-based operating systems.**

Response to Request No. 169:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 170:**

**All documents concerning the actual or projected profitability of AIX, Dynix, and other UNIX-based operating systems.**

Response to Request No. 170:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce non-privileged documents sufficient to show the profits, if any, associated with IBM's sales and licensing of AIX and Dynix.

**Request No. 171:**

**All documents concerning the actual or projected profitability of services associated with AIX, Dynix, and other UNIX-based operating systems.**

Response to Request No. 171:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 172:**

**All analyses, discussions, summaries, estimates, and projections of the market size (in units or revenue), including any subdivisions of that market, for hardware products using the Linux, AIX, Dynix, Windows, Novell Netware operating systems, or (other) UNIX-based operating systems.**

Response to Request No. 172:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

<u>Request No. 173:</u>

  All analyses, discussions, summaries, estimates, and projections of the sales or market share (in units or revenue) of suppliers of hardware products using the Linux, AIX, Dynix, Windows, or Novell Netware operating systems.

<u>Response to Request No. 173:</u>

  In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

<u>Request No. 174:</u>

  All analyses, discussions, summaries, estimates, and projections of the market size (in units or revenue), including any subdivisions of that market, for Linux-based, AIX, Dynix, and other UNIX-based operating systems and software products.

<u>Response to Request No. 174:</u>

  In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce non-privileged documents, if any, sufficient to show the estimated market size for Linux, AIX and Dynix.

<u>Request No. 175:</u>

  All analyses, discussions, summaries, estimates, and projections of the sales or market share (in units or revenue) of suppliers of Linux-based, AIX, Dynix, and other UNIX-based operating systems and software products.

<u>Response to Request No. 175:</u>

  In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to, as limited by, and without waiving the foregoing general and specific

objections, IBM, after a search of reasonable scope, will produce non-privileged documents, if

any, sufficient to show the estimated sales or market share of suppliers of Linux, AIX and Dynix.

**Request No. 176:**

> **All analyses, discussions, summaries, estimates, and projections of the market size, including any subdivisions of that market, for services associated with Linux-based operating systems, the Linux-based operating systems, the Linux operating environment, AIX, Dynix, and other UNIX-based operating systems.**

Response to Request No. 176:

In addition to the foregoing general objections, IBM objects specifically to this

Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence.

**Request No. 177:**

> **All analyses, discussions, summaries, estimates, and projections of the sales or market share, including any subdivisions of that market, of providers of services associated with Linux-based operating systems, the Linux operating environment, AIX, Dynix, and other UNIX-based operating systems.**

Response to Request No. 177:

In addition to the foregoing general objections, IBM objects specifically to this

Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence.

**Request No. 178:**

> **All analyses, discussions, summaries, estimates, and projections of the actual, projected, or likely customers of:**

> a.     **Hardware products using Linux, Windows, Novell Netware, AIX, Dynix, or other UNIX-based operating systems;**

> b.     **Linux-based, AIX, or Dynix operating systems and software; and**

335894.1                              15

c.                 Services in connection with Linux-based operating systems, the Linux operating environment, AIX, Dynix, or other UNIX-based operating systems.

Response to Request No. 178:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce non-privileged documents, if any, sufficient to show customers of AIX and Dynix.

**Request No. 179:**

**All analyses, discussions, summaries, estimates, and projections of the size of the Fortune 1000 enterprise computing market, including any subdivisions of that market.**

Response to Request No. 179:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 180:**

**All analyses, discussions, summaries, estimates, and projections of the size of the Intel-based enterprise computing installed base versus the non-Intel-based enterprise computing installed base.**

Response to Request No. 180:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 181:

All analyses, discussions, summaries, estimates, and projections of the size of the market for Intel-based Linux software products. including any subdivisions of that market.

Response to Request No. 181:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 182:

All documents concerning IBM's plans or efforts to market, promote, or advertise AIX and Dynix.

Response to Request No. 182:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents sufficient to show IBM's marketing plans for AIX and Dynix.

Request No. 183:

All documents used in marketing, promoting, or advertising AIX and Dynix, including pamphlets, brochures, trade publications, and advertising copy.

Response to Request No. 183:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific

objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents sufficient to show IBM's marketing for AIX and Dynix.

**Request No. 184:**

**All documents concerning IBM's public relations efforts in support of AIX and Dynix.**

Response to Request No. 184:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents as described in its response to Document Request Nos. 182-183.

**Request No. 185:**

**All documents, including organizational charts, identifying personnel involved in Project Monterey.**

Response to Request No. 185:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents sufficient to identify IBM personnel involved in Project Monterey.

**Request No. 186:**

**All documents describing the assignments, roles, or responsibilities of personnel involved in Project Monterey.**

Response to Request No. 186:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents responsive to this Request.

**Request No. 187:**

**All business plans, sales projections, financial analyses, and marketing analyses associated with Project Monterey.**

Response to Request No. 187:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents responsive to this Request.

**Request No. 188:**

**All communications concerning Project Monterey, including e-mail, letters, memoranda, presentations, briefs, and notes.**

Response to Request No. 188:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific

objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents responsive to this Request.

Request No. 189:

All minutes, agendas, summaries, and notes concerning Project Monterey from meetings of IBM's Board of Directors and from the files of IBM's Directors.

Response to Request No. 189:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce non-privileged documents, if any, responsive to this Request from the files that IBM maintains of documents from meetings of IBM's Board of Directors.

Request No. 190:

Analyses, discussions, summaries, and projections of the market size, market share, or financial performance of all products that were expected to be developed as part of Project Monterey ("Monterey products").

Response to Request No. 190:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents as described in its responses to Document Request Nos. 144, 164, 170, 174, and 175.

Request No. 191:

Analyses, discussions, summaries, and projections of the market size, market share, or financial performance of all products that were (or were expected to be) competitive with any Monterey products ("competitive products").

Response to Request No. 191:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents as described in its response to Document Request No. 190.

Request No. 192:

Analyses, discussions, summaries, and descriptions of any of the actual or likely suppliers of Monterey products or competitive products.

Response to Request No. 192:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents sufficient to identify the actual or likely suppliers of Monterey products or competitive products.

Request No. 193:

Analyses, discussions, summaries, and descriptions of any of the actual or likely purchasers of Monterey products or competitive products.

Response to Request No. 193:

      In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents sufficient to identify the actual or likely purchasers of Monterey products or competitive products.

**Request No. 194:**

      **Analyses, discussions, summaries, and descriptions of any of the actual or likely suppliers of hardware or service products in connection with Monterey products or competitive products.**

Response to Request No. 194:

      In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 195:**

      **Analyses, discussions, summaries, and descriptions of any of the actual or likely purchasers or hardware or service products in connection with Monterey products or competitive products.**

Response to Request No. 195:

      In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 196:

    All documents concerning the decision to terminate Project Monterey.

Response to Request No. 196:

    In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has produced or will produce non-privileged documents responsive to this Request.

Request No. 197:

    All documents concerning Project Monterey not requested by Requests Nos. 185-96 above.

Response to Request No. 197:

    In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 198:

    With respect to each of the following computer codes (collectively "the Works" and listed on TABLE 1 below) for which IBM has registered copyrights under the listed names and registration numbers on the listed dates, please produce all documents related to each of the Works, including, but not limited to:

    a.    your application for registration, correspondence, and other communications with the United States Copyright Office concerning each of the Works;

    b.    programmer notes, version control information, and other documents showing the origin and history of each of the Works;

    c.    any actual or proposed assignments, licenses, or other transfers of any of the Works to or from IBM, and all correspondence and other documents related to such transfers;

d.      any documents that tend to prove or disprove that IBM is the owner of the Works;

e.      any documents that tend to prove or disprove that the Works are original and copyrightable within the meaning of applicable copyright law; and

f.      any documents that tend to prove or disprove that IBM's copyrights on the Works are valid and enforceable.

[TABLE 1 Omitted]

Response to Request No. 198:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce the application for registration, correspondence, and other communications with the United States Copyright Office concerning each of the Works; documents sufficient to show the origin and history of each of the Works; any assignments, licenses, or other transfers of any of the Works to or from IBM, and all correspondence and other documents related to such transfers; and any documents that tend to prove or disprove that IBM is the owner of the Works.

DATED: February 3, 2005

SNELL & WILMER LLP

Alan L. Sullivan
Todd M. Shaughnessy
Peter H. Donaldson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Counsel for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

335894.1

25

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February, 2005, a true and correct copy of **IBM'S RESPONSES AND OBJECTIONS TO SCO'S FIFTH REQUEST FOR THE PRODUCTION OF DOCUMENTS** was served on the following by U.S. Mail, postage prepaid to:

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

Robert Silver
Edward Normand
Sean Eskovitz
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504