# EXHIBIT 19

Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> -against- <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **IBM'S RESPONSES AND OBJECTIONS TO SCO'S SEVENTH REQUEST FOR THE PRODUCTION OF DOCUMENTS** <br><br> Civil No. 2:03cv0294 <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

09·19·05

Defendant International Business Machines Corporation ("IBM"), by its undersigned attorneys, hereby responds and objects to Plaintiff's Seventh Set of Requests for the Production of Documents (the "Requests") as follows:

GENERAL OBJECTIONS

1.      IBM hereby incorporates by reference all of the General Objections set out in IBM's Responses and Objections to SCO's First Request for the Production of Documents and First Set of Interrogatories. All of IBM's General Objections are incorporated into each of the individual responses set forth below and have the same force and effect as if fully set forth therein.

2.      IBM objects to the Requests to the extent they call for information and/or documents that are in SCO's possession, custody and control and that cannot be provided absent further discovery and investigation by IBM.

3.      IBM objects to the Requests to the extent they call for information and/or documents relating to the period prior to 2001. IBM will not provide information or documents relating to the period prior to 2001.

4.      IBM objects to the Requests on the grounds that they are unduly delayed and seek information that is more readily available from third parties.

5.      IBM objects to the plaintiff's definition of the term "Linux Summit" as vague and ambiguous, and insofar as it renders the Requests overbroad or unduly burdensome.

-2-

6.    IBM objects to the plaintiff's definition of the term "USERblue Forum" as vague and ambiguous, and insofar as it renders the Requests overbroad or unduly burdensome.

7.    IBM objects to the plaintiff's definition of the term "Groklaw" as vague and ambiguous, and insofar as it renders the Requests overbroad or unduly burdensome.

8.    IBM objects to the plaintiff's definition of the term "development work" as vague, ambiguous, and overbroad, and insofar as it renders the Requests overbroad or unduly burdensome.

9.    IBM objects to the plaintiff's definition of the terms "contribution" and "contributions" as vague, ambiguous, and overbroad, and insofar as it renders the Requests overbroad or unduly burdensome.

10.    IBM objects to the plaintiff's definition of the term "contributions from UNIX, AIX, or Dynix" as vague, ambiguous, and overbroad, and insofar as it renders the Requests overbroad or unduly burdensome.

11.    IBM objects to the Requests on the grounds that they are harassing and abuse the discovery process and appear designed largely to create a baseless pretext for another extension of the discovery period.

-3-

SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**Request No. 272:**

**All documents concerning IBM's participation or involvement in any Linux Summit, including but not limited to documents concerning any presentation, speech, or talk given by IBM, and documents concerning any workshop, training, discussion, or exhibit conducted or sponsored by IBM.**

Response to Request No. 272:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it seeks documents or information that are in the public domain. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to describe IBM's participation in the Linux Kernel Developer Summit and the Linux Kernel Summit.

**Request No. 273:**

**All documents concerning or prepared in connection with the planning or organization of any Linux Summit by any IBM employee, agent, or contractor.**

Response to Request No. 273:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it seeks documents or information that are in the public domain. Subject to, as limited by, and

-4-

without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to describe IBM's participation in the Linux Kernel Developer Summit and the Linux Kernel Summit.

## Request No. 274:

**All documents concerning IBM's decisions, measures, actions, or activities resulting from, responding to, or following up any Linux Summit.**

Response to Request No. 274:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it seeks documents or information that are in the public domain. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to describe IBM's participation in the Linux Kernel Developer Summit and the Linux Kernel Summit.

## Request No. 275:

**All documents evaluating, reviewing, summarizing, reporting on, drawing conclusions from, or making recommendations or decisions based on any Linux Summit.**

Response to Request No. 275:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the

-5-

discovery of admissible evidence. IBM further objects to this Request insofar as it seeks documents or information that are in the public domain. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to describe IBM's participation in the Linux Kernel Developer Summit and the Linux Kernel Summit.

**Request No. 276:**

**All documents not included in Document Requests Nos. 272-75 above concerning any Linux Summit.**

Response to Request No. 276:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it seeks documents or information that are in the public domain. IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to describe IBM's participation in the Linux Kernel Developer Summit and the Linux Kernel Summit.

**Request No. 277:**

**All documents concerning any presentation, speech, or remarks delivered in connection with the USERblue Forum.**

-6-

Response to Request No. 277:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this request on the grounds that USERblue is a not-for-profit organization independent of IBM and that information about USERblue's activities is available in the public domain.  IBM refers SCO to USERblue.org, a non-IBM, publicly accessible website, for more information concerning USERblue's activities.  Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce documents sufficient to show IBM's relationship with USERblue.

**Request No. 278:**

        **All documents concerning any workshop, training, discussion, "webcast," or "webinar" conducted in connection with the USERblue Forum.**

Response to Request No. 278:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this request on the grounds that USERblue is a not-for-profit organization independent of IBM and that information about USERblue's activities is available in the public domain.  IBM refers SCO to USERblue.org, a non-IBM, publicly accessible website, for more information concerning USERblue's activities.  Subject to, as limited by, and without waiving the foregoing

366193.1

general and specific objections, IBM, after a search of reasonable scope, will produce documents sufficient to show IBM's relationship with USERblue.

**Request No. 279:**

**All documents concerning any IBM demonstration or exhibit at a USERblue Forum session or event.**

Response to Request No. 279:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this request on the grounds that USERblue is a not-for-profit organization independent of IBM and that information about USERblue's activities is available in the public domain. IBM refers SCO to USERblue.org, a non-IBM, publicly accessible website, for more information concerning USERblue's activities. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce documents sufficient to show IBM's relationship with USERblue.

**Request No. 280:**

**All documents posted or appearing on the USERblue.org website.**

Response to Request No. 280:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this request on the grounds that USERblue is a not-for-profit organization independent of IBM and that information about

-8-

USERblue's activities is available in the public domain.  IBM refers SCO to

USERblue.org, a non-IBM, publicly accessible website, for more information concerning

USERblue's activities.  Subject to, as limited by, and without waiving the foregoing

general and specific objections, IBM, after a search of reasonable scope, will produce

documents sufficient to show IBM's relationship with USERblue.

**Request No. 281:**

> **All other documents concerning content for the USERblue.org website, including but not limited to documents concerning any decision to exclude or remove from that website any document subject to Document Requests Nos. 277-80 above.**

Response to Request No. 281:

In addition to the foregoing general objections, IBM objects specifically to

this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence.  IBM further objects to this request on the grounds that

USERblue is a not-for-profit organization independent of IBM and that information about

USERblue's activities is available in the public domain.  IBM refers SCO to

USERblue.org, a non-IBM, publicly accessible website, for more information concerning

USERblue's activities.  Subject to, as limited by, and without waiving the foregoing

general and specific objections, IBM, after a search of reasonable scope, will produce

documents sufficient to show IBM's relationship with USERblue.

**Request No. 282:**

> **All documents not included in Document Requests Nos. 277-81 above concerning the USERblue Forum.**

Response to Request No. 282:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks. IBM further objects to this request on the grounds that USERblue is a not-for-profit organization independent of IBM and that information about USERblue's activities is available in the public domain. IBM refers SCO to USERblue.org, a non-IBM, publicly accessible website, for more information concerning USERblue's activities. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce documents sufficient to show IBM's relationship with USERblue.

**Request No. 283:**

**All documents concerning the financing, funding, sponsorship, or promotion of Groklaw.**

Response to Request No. 283:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM also objects to this Request on the grounds that the content of the Groklaw website, a non-IBM, publicly accessible website, is as accessible to SCO as it is to IBM. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM states that it does not finance, fund,

-10-

sponsor, or promote Groklaw; IBM does not have any agreements or arrangements with Groklaw or with Pamela Jones, and IBM does not necessarily agree or disagree with the content of any of the material published on Groklaw.

**Request No. 284:**

**All documents concerning content for the Groklaw website, including without limitation notes, drafts, and reviews corresponding to writings posted or appearing on that website.**

Response to Request No. 284:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM also objects to this Request on the grounds that the content of the Groklaw website, a non-IBM, publicly accessible website, is as accessible to SCO as it is to IBM. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM states that it does not finance, fund, sponsor, or promote Groklaw; IBM does not have any agreements or arrangements with Groklaw or with Pamela Jones, and IBM does not necessarily agree or disagree with the content of any of the material published on Groklaw.

**Request No. 285:**

**All documents not included in Document Requests Nos. 283-84 above concerning IBM's direct or indirect support for Groklaw, including but not limited to documents concerning IBM's provision of personnel, services, labor, servers, equipment, office space, or funds to implement, maintain, or administer Groklaw, and including support provided through any intermediary such as GoDaddy.com or Ibiblio.org.**

366193.1

Response to Request No. 285:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM also objects to this Request on the grounds that the content of the Groklaw website, a non-IBM, publicly accessible website, is as accessible to SCO as it is to IBM. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM states that it does not finance, fund, sponsor, or promote Groklaw; IBM does not have any agreements or arrangements with Groklaw or with Pamela Jones, and IBM does not necessarily agree or disagree with the content of any of the material published on Groklaw.

**Request No. 286:**

        **All documents concerning communications with Pamela Jones or with any person or entity that has maintained or contributed to Groklaw.**

Response to Request No. 286:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM also objects to this Request on the grounds that the content of the Groklaw website, a non-IBM, publicly accessible website, is as accessible to SCO as it is to IBM. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM states that it does not finance, fund, sponsor, or promote Groklaw; IBM does not have any agreements or arrangements with

-12-

Groklaw or with Pamela Jones, and IBM does not necessarily agree or disagree with the content of any of the material published on Groklaw.

**Request No. 287:**

**All documents concerning any agreements, negotiations, arrangements, or dealings between IBM and Pamela Jones or any person or entity that has maintained or contributed to Groklaw.**

Response to Request No. 287:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM also objects to this Request on the grounds that the content of the Groklaw website, a non-IBM, publicly accessible website, is as accessible to SCO as it is to IBM. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM states that it does not finance, fund, sponsor, or promote Groklaw; IBM does not have any agreements or arrangements with Groklaw or with Pamela Jones, and IBM does not necessarily agree or disagree with the content of any of the material published on Groklaw.

**Request No. 288:**

**All documents concerning Groklaw or Pamela Jones not included in Document Requests Nos. 283-87 above.**

Response to Request No. 288:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request on the grounds

-13-

that it fails to identify with reasonable particularity the documents that plaintiff seeks.

IBM also objects to this Request on the grounds that the content of the Groklaw website,

a non-IBM, publicly accessible website, is as accessible to SCO as it is to IBM.  Subject

to, as limited by, and without waiving the foregoing general and specific objections, IBM

states that it does not finance, fund, sponsor, or promote Groklaw; IBM does not have

any agreements or arrangements with Groklaw or with Pamela Jones, and IBM does not

necessarily agree or disagree with the content of any of the material published on

Groklaw.

**Request No. 289:**

   **All UNIX-related patents that IBM has donated to Linux or open source.**

Response to Request No. 289:

   In addition to the foregoing general objections, IBM objects specifically to

this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence.  IBM further objects to the term "UNIX-related

patents" as vague and ambiguous.  Subject to, as limited by, and without waiving the

foregoing general and specific objections, IBM directs SCO to the following publicly

accessible website, http://www.ibm.com/ibm/licensing/patents/pledgedpatents.pdf, which

contains a complete list of the IBM patents pledged to open source.

**Request No. 290:**

   ***All UNIX-related patents that IBM intends or has pledged to donate to Linux or open source.***

-14-

Response to Request No. 290:

   In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to the term "UNIX-related patents" as vague and ambiguous. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM directs SCO to the following publicly accessible website, http://www.ibm.com/ibm/licensing/patents/pledgedpatents.pdf, which contains a complete list of the IBM patents pledged to open source.

### Request No. 291:

   **All documents reflecting the patent number or other identifying information corresponding to any UNIX-related patent that IBM has donated, or intends to donate, to Linux or open source.**

Response to Request No. 291:

   In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to the term "UNIX-related patents" as vague and ambiguous. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM directs SCO to the following publicly accessible website, http://www.ibm.com/ibm/licensing/patents/pledgedpatents.pdf, which contains a complete list of the IBM patents pledged to open source.

### Request No. 292:

   **All documents not included in Document Requests Nos. 289-91 above concerning any UNIX-related patent that IBM has donated, or intends or has**

-15-

pledged to donate, to Linux or open source, including but not limited to documents concerning the patent history filed by IBM with respect to any such patent.

Response to Request No. 292:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to the term "UNIX-related patents" as vague and ambiguous. IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM directs SCO to the following publicly accessible website, http://www.ibm.com/ibm/licensing/patents/pledgedpatents.pdf, which contains a complete list of the IBM patents pledged to open source.

**Request No. 293:**

**All documents, including without limitation letters, memoranda, and contracts, in which IBM has defined or adopted a definition of the term "General Availability Release" ("GA release").**

Response to Request No. 293:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks. Subject to, as limited by, and without waiving the foregoing general and specific

-16-

objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to describe the terms "GA" and "PRPQ" for AIX.

**Request No. 294:**

  **All documents, including without limitation letters, memoranda, and contracts, in which IBM has defined or adopted a definition of the term "Product Request for Pricing Quote Release" ("PRPQ release").**

Response to Request No. 294:

  In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to describe the terms "GA" and "PRPQ" for AIX.

**Request No. 295:**

  **All documents, including manuals, concerning IBM's current or former requirements, guidelines, instructions, or procedures for making a GA release of a product such as an operating system, including but not limited to documents concerning the internal review, testing, support, approvals, and level of product development required or recommended for a GA release.**

Response to Request No. 295:

  In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request on the grounds

-17-

that it fails to identify with reasonable particularity the documents that plaintiff seeks.

Subject to, as limited by, and without waiving the foregoing general and specific

objections, IBM, after a search of reasonable scope, has already produced or will produce

non-privileged documents sufficient to describe the terms "GA" and "PRPQ" for AIX.

### Request No. 296:

All documents, including manuals, concerning IBM's current or
former requirements, guidelines, instructions, or procedures for making a PRPQ
release of a product such as an operating system, including but not limited to
documents concerning the internal review, testing, support, approvals, and level of
product development required or recommended for a PRPQ release.

Response to Request No. 296:

In addition to the foregoing general objections, IBM objects specifically to

this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. IBM further objects to this Request on the grounds

that it fails to identify with reasonable particularity the documents that plaintiff seeks.

Subject to, as limited by, and without waiving the foregoing general and specific

objections, IBM, after a search of reasonable scope, has already produced or will produce

non-privileged documents sufficient to describe the terms "GA" and "PRPQ" for AIX.

### Request No. 297:

All documents, including manuals, concerning IBM's current or
former requirements, guidelines, instructions, or procedures for making a release
(other than a GA or PRPQ release) of a product such as an operating system,
including but not limited to documents concerning the internal review, testing,
support, approvals, and level of product development required or recommended for
such a release.

Response to Request No. 297:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks.

**Request No. 298:**

**All documents not included in Document Requests Nos. 293-97 above concerning any category of product release (including GA or PRPQ) made by IBM of its products.**

Response to Request No. 298:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks.

**Request No. 299:**

**All documents concerning IBM's policies, procedures, rules, guidelines, codes of conduct, requirements, or expectations with respect to the proprietary and intellectual-property rights of third parties in the development of products by IBM.**

Response to Request No. 299:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request insofar as it is

-19-

duplicative of SCO's earlier document requests, including Request Nos. 4-11, 35, and 38-39. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 4-11, 35, and 38-39. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM has already produced or will produce documents sufficient to describe IBM's policies regarding the proprietary and intellectual property rights of third parties in the development of products by IBM.

**Request No. 300:**

   **All documents concerning IBM's contributions to the Linux 2.7 kernel, including but not limited to any architectural design, layout, functionality, source code, and source-code patches contributed by IBM to the Linux 2.7 kernel, including but not limited to:**

- **Unified boot/parameter support**
- **SCSI multipath IO (with NUMA support)**
- **Basic NUMA API**
- **NUMA aware slab allocator**
- **Remove waitqueue heads from kernel structures**
- **Better event logging for enterprise systems**
- **Page table reclamation**
- **Per-mountpoint read-only, union-mounts, unionfs**
- **More complete NetBEUI stack**
- **New mount API**
- **Add thrashing control**
- **New lightweight library (klibc)**
- **Scalable Statistics Counter**
- **SCSI and FibreChannel Hotswap Support**
- **Page table sharing**
- **Kernel Probes (kprobes)**
- **Object-based rmap**
- **Linux Kernel Crash Dumps**
- **Complete Fair Queueing (CFQ) disk scheduler**
- **Support insane number of groups**
- **Reiserfs v4**
- **ext2/ext3 online resize support**
- **Kexec, syscall to load kernel from kernel**

Response to Request No. 300:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 301:**

        **All documents concerning development work associated with IBM's contributions to the Linux 2.7 kernel.**

Response to Request No. 301:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In

-21-

accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 302:**

**All documents concerning the development of the Linux 2.7 kernel not included in Document Requests Nos. 300 and 301 above.**

Response to Request No. 302:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 303:**

**All documents concerning the Linux 2.7 kernel not included in Document Requests Nos. 300-302 above.**

Response to Request No. 303:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is

-22-

duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

### Request No. 304:

**All development trees for Linux that are or were maintained, used, or accessed by IBM, including but not limited to the "mjb" and the "mm" development trees.**

Response to Request No. 304:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

### Request No. 305:

**All documents concerning IBM's contributions to any development tree for Linux.**

-23-

Response to Request No. 305:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 306:**

        **All documents not included in Document Requests Nos. 304-05 above concerning development work associated with IBM's contributions to any development tree for Linux.**

Response to Request No. 306:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In

-24-

accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 307:**

    **All documents not included in Document Requests Nos. 304-06 above concerning any development tree for Linux that has been maintained, used, or accessed by IBM.**

Response to Request No. 307:

    In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 308:**

    **All documents concerning IBM's participation or involvement in or contributions to the OSDL. Such documents shall include but not be limited to source code, source-code patches, programmer's notes or comments, design documents, and white papers.**

Response to Request No. 308:

    In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, duplicative, and seeks information that is irrelevant and not reasonably calculated to lead

-25-

to the discovery of admissible evidence.  IBM further objects to this Request insofar as it

is duplicative of SCO's earlier document requests, including Request 19.  IBM, after a

search of reasonable scope, has already produced documents in response to SCO's

Request No. 19.  IBM also objects to this Request insofar as it seeks to end-run around

the Court's rulings regarding the discoverability of IBM's Linux contributions.  In

accordance with the Court's prior orders, IBM, after a search of reasonable scope, has

produced all of its "non-public contributions" to Linux.  IBM also objects to this Request

on the grounds that the documents sought by SCO are more readily obtained from a third

party, the OSDL, than from IBM.   Subject to, as limited by, and without waiving the

foregoing general and specific objections, IBM, after a search of reasonable scope, has

already produced or will produce non-privileged documents sufficient to show IBM's

relationship or agreements with the OSDL.

**Request No. 309:**

      **All documents concerning contributions to Linux or open source that
were originated, developed, or made by the OSDL.  Such documents shall include
but not be limited to source code, source-code patches, programmer's notes or
comments, design documents, and white papers.**

Response to Request No. 309:

      In addition to the foregoing general objections, IBM objects specifically to

this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

duplicative, and seeks information that is irrelevant and not reasonably calculated to lead

to the discovery of admissible evidence.  IBM further objects to this Request insofar as it

is duplicative of SCO's earlier document requests, including Request 19.  IBM, after a

search of reasonable scope, has already produced documents in response to SCO's

Request No. 19.  IBM also objects to this Request insofar as it seeks to end-run around

-26-

the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux. IBM also objects to this Request on the grounds that the documents sought by SCO are more readily obtained from a third party, the OSDL, than from IBM. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to show IBM's relationship or agreements with the OSDL.

**Request No. 310:**

**All documents concerning development work associated with IBM's contributions to the OSDL.**

Response to Request No. 310:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, duplicative, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request 19. IBM, after a search of reasonable scope, has already produced documents in response to SCO's Request No. 19. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux. IBM also objects to this Request on the grounds that the documents sought by SCO are more readily obtained from a third party, the OSDL, than from IBM. Subject to, as limited by, and without waiving the

-27-

foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to show IBM's relationship or agreements with the OSDL.

**Request No. 311:**

**All documents concerning development work associated with contributions to Linux or open source that were originated, developed, or made by the OSDL.**

Response to Request No. 311:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, duplicative, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request 19. IBM, after a search of reasonable scope, has already produced documents in response to SCO's Request No. 19. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux. IBM also objects to this Request on the grounds that the documents sought by SCO are more readily obtained from a third party, the OSDL, than from IBM. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to show IBM's relationship or agreements with the OSDL.

-28-

**Request No. 312:**

All documents concerning development work done by the OSDL in connection with IBM's contributions to Linux or open source.

Response to Request No. 312:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, duplicative, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request 19. IBM, after a search of reasonable scope, has already produced documents in response to SCO's Request No. 19. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux. IBM also objects to this Request on the grounds that the documents sought by SCO are more readily obtained from a third party, the OSDL, than from IBM. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to show IBM's relationship or agreements with the OSDL.

**Request No. 313:**

All documents concerning communications between IBM and the OSDL regarding contributions to Linux or development work for Linux.

Response to Request No. 313:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

-29-

duplicative, and seeks information that is irrelevant and not reasonably calculated to lead

to the discovery of admissible evidence.  IBM further objects to this Request insofar as it

is duplicative of SCO's earlier document requests, including Request 19.  IBM, after a

search of reasonable scope, has already produced documents in response to SCO's

Request No. 19.  IBM also objects to this Request insofar as it seeks to end-run around

the Court's rulings regarding the discoverability of IBM's Linux contributions.  In

accordance with the Court's prior orders, IBM, after a search of reasonable scope, has

produced all of its "non-public contributions" to Linux.  IBM also objects to this Request

on the grounds that the documents sought by SCO are more readily obtained from a third

party, the OSDL, than from IBM.   Subject to, as limited by, and without waiving the

foregoing general and specific objections, IBM, after a search of reasonable scope, has

already produced or will produce non-privileged documents sufficient to show IBM's

relationship or agreements with the OSDL.

**Request No. 314:**

   **All documents concerning communications with any person or entity associated with the OSDL regarding the development work conducted by the OSDL.**

Response to Request No. 314:

   In addition to the foregoing general objections, IBM objects specifically to

this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

duplicative, and seeks information that is irrelevant and not reasonably calculated to lead

to the discovery of admissible evidence.  IBM further objects to this Request insofar as it

is duplicative of SCO's earlier document requests, including Request 19.  IBM, after a

search of reasonable scope, has already produced documents in response to SCO's

Request No. 19.  IBM also objects to this Request insofar as it seeks to end-run around

the Court's rulings regarding the discoverability of IBM's Linux contributions.  In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.  IBM also objects to this Request on the grounds that the documents sought by SCO are more readily obtained from a third party, the OSDL, than from IBM.   Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to show IBM's relationship or agreements with the OSDL.

**Request No. 315:**

> **All other documents concerning communications regarding the OSDL's contributions to Linux or development work for Linux.**

Response to Request No. 315:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, duplicative, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request 19.  IBM, after a search of reasonable scope, has already produced documents in response to SCO's Request No. 19.  IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions.  In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.  IBM also objects to this Request on the grounds that the documents sought by SCO are more readily obtained from a third party, the OSDL, than from IBM.   Subject to, as limited by, and without waiving the

-31-

foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to show IBM's relationship or agreements with the OSDL.

**Request No. 316:**

     **All documents concerning agreements, negotiations, arrangements, or dealings between IBM and the OSDL.**

Response to Request No. 316:

     In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, duplicative, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request 19. IBM, after a search of reasonable scope, has already produced documents in response to SCO's Request No. 19. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux. IBM also objects to this Request on the grounds that the documents sought by SCO are more readily obtained from a third party, the OSDL, than from IBM. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to show IBM's relationship or agreements with the OSDL.

-32-

**Request No. 317:**

     **All documents concerning Linux-related agreements, negotiations, arrangements, or dealings between IBM and/or OSDL, on the one hand, and any one or more of the following parties, on the other:  Linus Torvalds, Andrew Morton, Richard Stallman, Alan Cox, Eben Moglen, Red Hat, SuSE, or any person or entity that has distributed Linux or made contributions to Linux or open source.**

Response to Request No. 317:

     In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, duplicative, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11, 18-21, 24-25 and 35.  IBM, after a search of reasonable scope, has already produced documents in response to SCO's Request Nos. 11,18-21, 24-25, and 35.  IBM also objects to this *Request insofar as it seeks to end-run around the Court's rulings regarding the* discoverability of IBM's Linux contributions.  In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.  IBM also objects to this Request on the grounds that the documents sought by SCO are more readily obtained from a third party, the OSDL, than from IBM.  Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to show IBM's relationship or agreements with the OSDL.

**Request No. 318:**

     **All documents not included in Document Requests Nos. 308-317 above concerning agreements associated with the OSDL.**

366193.1

Response to Request No. 318:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, duplicative, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request 19. IBM, after a search of reasonable scope, has already produced documents in response to SCO's Request No. 19. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux. IBM also objects to this Request on the grounds that the documents sought by SCO are more readily obtained from a third party, the OSDL, than from IBM.  Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced or will produce non-privileged documents sufficient to show IBM's relationship or agreements with the OSDL.

**Request No. 319:**

**All documents concerning policies, procedures, guidelines, or instructions for the OSDL's compliance with laws protecting copyrights, patents, trade secrets, or confidential information.**

Response to Request No. 319:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the

-34-

discovery of admissible evidence. IBM also objects to this Request on the grounds that

the documents sought by SCO are more readily obtained from a third party, the OSDL,

than from IBM.

**Request No. 320:**

    **All documents concerning any evaluation, review, or audit of the
OSDL's compliance with the policies, procedures, guidelines, or instructions in
Document Request No. 319 above.**

Response to Request No. 320:

    In addition to the foregoing general objections, IBM objects specifically to

this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. IBM also objects to this Request on the grounds that

the documents sought by SCO are more readily obtained from a third party, the OSDL,

than from IBM.

**Request No. 321:**

    **All documents concerning any evaluation, review, or audit of the
OSDL's compliance with laws protecting copyrights, patents, trade secrets, or
confidential information.**

Response to Request No. 321:

    In addition to the foregoing general objections, IBM objects specifically to

this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. IBM also objects to this Request on the grounds that

the documents sought by SCO are more readily obtained from a third party, the OSDL,

than from IBM.

-35-

366193.1

Request No. 322:

**All documents concerning the OSDL's document-retention policy.**

Response to Request No. 322:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM also objects to this Request on the grounds that the documents sought by SCO are more readily obtained from a third party, the OSDL, than from IBM.

**Request No. 323:**

**All documents concerning the OSDL not included in Document Requests Nos. 308-22 above.**

Response to Request No. 323:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks.

**Request No. 324:**

**All documents not included in Document Requests Nos. 308-323 above concerning IBM's contributions to:**

- **the Carrier-Grade Linux project,**
- **the Data Center Linux project,**
- **the Linux 2.6 Stabilization project,**
- **the Linux Highmem (large memory) Test (or Testing) project,**
- **the I/O Subsystem Enhancement project,**
- **the IA-64 Linux Development project,**

-36-

- **the Linux Diagnostics Tool project,**
- **the Linux Test project,**
- **Dynix/ptx SMP and NUMA test suite ports to Linux,**
- **Dynix/ptx SMP and NUMA lock ports to Linux, or**
- **any (other) project sponsored by the Open Source Technology Group (formerly known as the Open Source Development Network).**

**Such documents shall include but not be limited to source code, source-code patches, programmer's notes or comments, design documents, and white papers.**

Response to Request No. 324:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 325:**

**All contributions to Linux or open source that were originated, developed, or made by any project listed in Document Request No. 324 above.**

Response to Request No. 325:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is

-37-

duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM,

after a search of reasonable scope, has already produced documents responsive to SCO's

Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run

around the Court's rulings regarding the discoverability of IBM's Linux contributions. In

accordance with the Court's prior orders, IBM, after a search of reasonable scope, has

produced all of its "non-public contributions" to Linux.

**Request No. 326:**

       ***All documents concerning development work associated with IBM's
contributions to any project listed in Document Request No. 324 above.***

*Response to Request No. 326:*

       In addition to the foregoing general objections, IBM objects specifically to

this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. IBM further objects to this Request insofar as it is

duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM,

after a search of reasonable scope, has already produced documents responsive to SCO's

Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run

around the Court's rulings regarding the discoverability of IBM's Linux contributions. In

accordance with the Court's prior orders, IBM, after a search of reasonable scope, has

produced all of its "non-public contributions" to Linux.

**Request No. 327:**

       **All documents concerning development work associated with
contributions to Linux or open source that were originated, developed, or made by
any project listed in Document Request No. 324 above.**

-38-

Response to Request No. 327:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 328:**

**All documents concerning development work done by any project listed in Document Request No. 324 above in connection with IBM's contributions to Linux or open source.**

Response to Request No. 328:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In

-39-

accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 329:**

> **All documents concerning communications between IBM and any project listed in Document Request No. 324 above regarding contributions to Linux or development work for Linux.**

Response to Request No. 329:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 330:**

> **All documents concerning communications with any person or entity associated with any project listed in Document Request No. 324 above, regarding the work conducted by any such project.**

Response to Request No. 330:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the

-40-

discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 331:**

   **All documents not included in Document Request Nos. 329-30 above concerning communications regarding the work of any project listed in Document Request No. 324 above.**

Response to Request No. 331:

   In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 332:**

   **All documents concerning policies, procedures, guidelines, or instructions for the compliance with laws protecting copyrights, patents, trade**

-41-

secrets, or confidential information by any project listed in Document Request No. 324 above.

Response to Request No. 332:

      In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 4-11, 35, and 38-39. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 4-11, 35, and 38-39. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM has already produced or will produce documents sufficient to describe IBM's policies regarding IBM's compliance with laws regarding copyright, trade secrets, or confidential information.

**Request No. 333:**

      **All documents concerning any evaluation, review, or audit of the compliance with the policies, procedures, guidelines, or instructions in Document Request No. 332 above by any project listed in Document Request No. 324 above.**

Response to Request No. 333:

      In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 4-11, 35, and 38-39. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 4-11, 35, and 38-39. IBM further objects to this Request on the

-42-

grounds that it calls for information protected by the work product doctrine or the attorney-client privilege. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce any evaluations, reviews or audits of IBM's compliance with its policies regarding copyright and confidentiality laws concerning the projects listed in Request No. 324.

**Request No. 334:**

**All documents concerning any evaluation, review, or audit of the compliance with laws protecting copyrights, patents, trade secrets, or confidential information by any project listed in Document Request No. 324 above.**

Response to Request No. 334:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 4-11, 35, and 38-39. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 4-11, 35, and 38-39. IBM further objects to this Request on the grounds that it calls for information protected by the work product doctrine or the attorney-client privilege. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce any evaluations, reviews or audits of IBM's compliance with laws regarding copyright and confidentiality laws concerning the projects listed in Request No. 324.

**Request No. 335:**

**All documents not included in Document Requests Nos. 324-34 above concerning any project listed in Document Request No. 324 above.**

-43-

366193.1

Response to Request No. 335:

   In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks.

**Request No. 336:**

   **All documents concerning contributions to Linux originated, developed, or made by:**

- **the K42 project,**
- **the SawMill project,**
- **the Leeds/Linux project,**
- **the Adaptive Fast Path Architecture (AFPA) project,**
- **the flexible UNIX servers project,**
- **the Enterprise Linux project,**
- **the embedded Linux project,**
- **or any IBM-Research project that has done development work for Linux or open source or made contributions to Linux or open source.**

**Such documents shall include but not be limited to source code, source-code patches, programmer's notes or comments, design documents, and white papers.**

Response to Request No. 336

   In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35.  IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35.  IBM also objects to this Request insofar as it seeks to end-run

-44-

around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 337:**

**All documents concerning development work associated with contributions to Linux or open source that were originated, developed, or made by any project listed in Document Request No. 336 above.**

Response to Request No. 337:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 338:**

**All documents concerning development work done by any project listed in Document Request No. 336 above in connection with IBM's contributions to Linux or open source.**

Response to Request No. 338:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35.  IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35.  IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions.  In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 339:**

        **All documents concerning communications regarding any project listed in Document Request No. 336 above.**

Response to Request No. 339:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35.  IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35.  IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions.  In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 340:**

-46-

366193.1

**All documents concerning agreements, negotiations, arrangements, or dealings associated with any project listed in Document Request No. 336 above.**

Response to Request No. 340:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 341:**

**All documents concerning policies, procedures, guidelines, or instructions for compliance with laws protecting copyrights, patents, trade secrets, or confidential information by a project listed in Document Request No. 336 above.**

Response to Request No. 341:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 4-11, 35, and 38-39. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 4-11, 35, and 38-39. Subject to, as limited by, and without

-47-

waiving the foregoing general and specific objections, IBM has already produced or will produce documents sufficient to describe IBM's policies regarding IBM's compliance with laws regarding copyright, trade secrets, or confidential information.

**Request No. 342:**

**All documents concerning any evaluation, review, or audit of the compliance with the policies, procedures, guidelines, or instructions in Document Request No. 341 above by any project listed in Document Request No. 336 above.**

Response to Request No. 342:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 4-11, 35, and 38-39. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 4-11, 35, and 38-39. IBM further objects to this Request on the grounds that it calls for information protected by the work product doctrine or the attorney-client privilege. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce any evaluations, reviews or audits of IBM's compliance with its policies regarding copyright and confidentiality laws concerning the projects listed in Request No. 336.

**Request No. 343:**

**All documents concerning any evaluation, review, or audit of the compliance with laws protecting copyrights, patents, trade secrets, or confidential information by a project listed in Document Request No. 336 above.**

-48-

Response to Request No. 343:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 4-11, 35, and 38-39. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 4-11, 35, and 38-39. IBM further objects to this Request on the grounds that it calls for information protected by the work product doctrine or the attorney-client privilege. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce any evaluations, reviews or audits of IBM's compliance with laws regarding copyright and confidentiality laws concerning the projects listed in Request No. 324.

**Request No. 344:**

        **All documents not included in Document Requests Nos. 336-343 above concerning any project listed in Document Request No. 336 above.**

Response to Request No. 344:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks.

-49-

### Request No. 345:

**All documents concerning IBM's contributions from UNIX, AIX, or Dynix to Wipro Limited (Wipro). Such documents shall include but not be limited to source code, source-code patches, programmer's notes or comments, design documents, and white papers.**

Response to Request No. 345:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM has not made any contributions from UNIX, AIX, or Dynix to Wipro. Wipro is an independent third-party vendor that provides IBM with temporary employees, none of whom to the best of IBM's knowledge has made contributions to or otherwise worked on AIX or Linux while working at IBM.

### Request No. 346:

**All documents concerning contributions to Linux or open source that were originated, developed, or made by Wipro. Such documents shall include but not be limited to source code, source-code patches, programmer's notes or comments, design documents, and white papers.**

Response to Request No. 346:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Wipro is an independent third-party vendor that provides IBM with temporary employees, none of whom to the best of IBM's knowledge has made contributions to or otherwise worked on AIX or Linux while working at IBM.

**Request No. 347:**

All documents concerning development work associated with IBM's contributions from UNIX, AIX, or Dynix to Wipro.

Response to Request No. 347:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM has not made any contributions from UNIX, AIX, or Dynix to Wipro. Wipro is an independent third-party vendor that provides IBM with temporary employees, none of whom to the best of IBM's knowledge has made contributions to or otherwise worked on AIX or Linux while working at IBM.

**Request No. 348:**

All documents concerning development work associated with Wipro's contributions to Linux or open source.

Response to Request No. 348:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Wipro is an independent third-party vendor that provides IBM with temporary employees, none of whom to the best of IBM's knowledge has made contributions to or otherwise worked on AIX or Linux while working at IBM.

**Request No. 349:**

All documents concerning development work done by Wipro in connection with IBM's contributions to Linux or open source.

-51-

Response to Request No. 349:

   In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Wipro is an independent third-party vendor that provides IBM with temporary employees, none of whom to the best of IBM's knowledge has made contributions to or otherwise worked on AIX or Linux while working at IBM.

**Request No. 350:**

   **All documents concerning communications between IBM and Wipro regarding UNIX, AIX, Dynix, or Linux.**

Response to Request No. 350:

   In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Wipro is an independent third-party vendor that provides IBM with temporary employees, none of whom to the best of IBM's knowledge has made contributions to or otherwise worked on AIX or Linux while working at IBM.

**Request No. 351:**

   **All communications concerning development work done by Wipro involving UNIX, AIX, Dynix, or Linux.**

Response to Request No. 351:

   In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the

366193.1

discovery of admissible evidence. Wipro is an independent third-party vendor that provides IBM with temporary employees, none of whom to the best of IBM's knowledge has made contributions to or otherwise worked on AIX or Linux while working at IBM.

**Request No. 352:**

**All documents concerning agreements, negotiations, arrangements, or dealings between IBM and Wipro regarding UNIX, AIX, Dynix, or Linux.**

Response to Request No. 352:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Wipro is an independent third-party vendor that provides IBM with temporary employees, none of whom to the best of IBM's knowledge has made contributions to or otherwise worked on AIX or Linux while working at IBM. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce the agreements between IBM and Wipro relating to work that Wipro employees have performed or are performing with respect to Dynix.

**Request No. 353:**

**All documents concerning Linux-related agreements, negotiations, arrangements, or dealings between IBM and/or Wipro, on the one hand, and any one or more of the following parties, on the other:  Linus Torvalds, Andrew Morton, Richard Stallman, Alan Cox, Eben Moglen, RedHat, SuSE, or any person or entity that has distributed Linux or made contributions to Linux or open source.**

Response to Request No. 353:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

-53-

and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Wipro is an independent third-party vendor that provides IBM with temporary employees, none of whom to the best of IBM's knowledge has made contributions to or otherwise worked on AIX or Linux while working at IBM. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11, 18-21, 24-25, and 35. IBM, after a search of reasonable scope, has already produced documents in response to SCO's Request Nos. 11, 18-21, 24-25 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 354:**

**All documents concerning any Task Order involving UNIX, AIX, Dynix, or Linux under any Technical Service Agreement and/or Statement of Work (SOW) between IBM and Wipro.**

Response to Request No. 354:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Wipro is an independent third-party vendor that provides IBM with temporary employees, none of whom to the best of IBM's knowledge has made contributions to or otherwise worked on AIX or Linux while working at IBM. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, will produce the agreements between

-54-

IBM and Wipro relating to work that Wipro employees have performed or are performing with respect to Dynix.

**Request No. 355:**

>    **All documents not included in Document Requests Nos. 345-54 above concerning development work done by Wipro involving UNIX, AIX, Dynix, or Linux.**

Response to Request No. 355:

>    In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Wipro is an independent third-party vendor that provides IBM with temporary employees, none of whom to the best of IBM's knowledge has made contributions to or otherwise worked on AIX or Linux while working at IBM. IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks.

**Request No. 356:**

>    **All documents not included in the Document Requests above concerning IBM's contributions from UNIX, AIX, or Dynix to any project, person, or entity (whether or not and however affiliated with IBM) that has done development work for Linux or open source or made contributions to Linux or open source.**

Response to Request No. 356:

>    In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request insofar as it is

-55-

duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 357:**

>    **All documents not included in the Document Requests above concerning contributions from UNIX, AIX, or Dynix to Linux or open source that were originated, developed, or made by any project, person, or entity (whether or not and however affiliated with IBM) that has done development work for Linux or open source or made contributions to Linux or open source.**

Response to Request No. 357:

>    In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 358:**

>    **All documents not included in the Document Requests above concerning development work associated with IBM's contributions from UNIX,**

AIX, or Dynix to any project, person, or entity (whether or not and however affiliated with IBM) that has done development work for Linux or open source or made contributions to Linux or open source.

Response to Request No. 358:

      In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 359:**

      **All documents not included in the Document Requests above concerning development work associated with contributions from UNIX, AIX, or Dynix to Linux or open source that were originated, developed, or made by any project, person, or entity (whether or not and however affiliated with IBM) that has done development work for Linux or open source or made contributions to Linux or open source.**

Response to Request No. 359:

      In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM,

-57-

after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 360:**

**All documents not included in the Document Requests above concerning development work done by any project, person, or entity (whether or not and however affiliated with IBM) in connection with IBM's contributions to Linux or open source.**

Response to Request No. 360:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is *duplicative of SCO's earlier document requests, including Request Nos. 11 and 35.* IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 361:**

**All documents not included in the Document Requests above concerning any Linux-related agreements, negotiations, arrangements, or dealings between IBM and/or any project, person, or entity (whether or not and however affiliated with IBM) that has done development work for Linux or open source or made contributions to Linux or open source, on the one hand, and any one or more**

-58-

of the following parties, on the other:  Linus Torvalds, Andrew Morton, Richard Stallman, Alan Cox, Eben Moglen, Red Hat, SuSE, or any person or entity that has distributed Linux or made contributions to Linux or open source.

Response to Request No. 361:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11, 18-21, 24-25, and 35.  IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11, 18-21, 24-25, and 35.  IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions.  In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 362:**

**All documents not included in the Document Requests above concerning development work associated with IBM's contributions to Linux.**

Response to Request No. 362:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35.  IBM, after a search of reasonable scope, has already produced documents responsive to SCO's

Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

### Request No. 363:

**All documents not included in the Document Requests above concerning contributions to Linux that were requested, approved, reviewed, evaluated, modified, or developed by IBM.**

Response to Request No. 363:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

### Request No. 364:

**All documents not included in the Document Requests above *concerning development work associated with the contributions to Linux described in Document Request No. 363 above.***

Response to Request No. 364:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In accordance with the Court's prior orders, IBM, after a search of reasonable scope, has produced all of its "non-public contributions" to Linux.

**Request No. 365:**

        **All documents not included in the Document Requests above concerning any platform for staging IBM's contributions to Linux.**

Response to Request No. 365:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request insofar as it is duplicative of SCO's earlier document requests, including Request Nos. 11 and 35. IBM, after a search of reasonable scope, has already produced documents responsive to SCO's Request Nos. 11 and 35. IBM also objects to this Request insofar as it seeks to end-run around the Court's rulings regarding the discoverability of IBM's Linux contributions. In

-61-

accordance with the Court's prior orders, IBM, after a search of reasonable scope, has

produced all of its "non-public contributions" to Linux.

**Request No. 366:**

**All documents not included in the Document Requests above
concerning policies, procedures, guidelines, or instructions for IBM's compliance
with laws protecting copyrights, patents, trade secrets, and confidential information.**

Response to Request No. 366:

In addition to the foregoing general objections, IBM objects specifically to

this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. IBM further objects to this Request insofar as it is

duplicative of SCO's earlier document requests, including Request Nos. 4-11, 35, and 38-

39. IBM, after a search of reasonable scope, has already produced documents responsive

to SCO's Request Nos. 4-11, 35, and 38-39. Subject to, as limited by, and without

waiving the foregoing general and specific objections, IBM has already produced or will

produce documents sufficient to describe IBM's policies regarding IBM's compliance

with laws regarding copyright, trade secrets, or confidential information.

**Request No. 367:**

**All documents concerning actual or potential copyright, patent, or
trade-secret violations in the development of the Linux kernel.**

Response to Request No. 367:

In addition to the foregoing general objections, IBM objects specifically to

this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. IBM further objects to this Request on the grounds

-62-

that it calls for information protected by the work product doctrine or the attorney-client

privilege.  IBM further objects to this Request on the grounds that it fails to identify with

reasonable particularity the documents that plaintiff seeks.

**Request No. 368:**

  **All documents concerning communications between IBM and Novell regarding this litigation or any lawsuit related to this litigation.  Such documents shall include but not be limited to e-mail, letters, memoranda, agendas, minutes, transcripts, calendar entries, and notes.**

Response to Request No. 368:

  In addition to the foregoing general objections, IBM objects specifically to

this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

and seeks information that is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence.  IBM further objects to this Request on the grounds

that it calls for information protected by the work product doctrine or the attorney-client

privilege.  IBM further objects to this Request on the grounds that it fails to identify with

reasonable particularity the documents that plaintiff seeks.  Subject to, as limited by, and

without waiving the foregoing general and specific objections, IBM directs SCO to the

letters written from Jack Messman of Novell to Darl McBride of SCO, and copied to Ron

Lauderdale of IBM, dated June 9, 2005 and June 12, 2005; and the letters written from

Joseph A. LaSala, Jr. of Novell to Ryan Tibbitts of SCO, and copied to Messrs.

Lauderdale and McBride, dated October 7, 2003, October 10, 2003, February 6, 2004,

and February 11, 2004.

**Request No. 369:**

  **All documents concerning any agreements, negotiations, arrangements, or dealings between IBM and Novell in connection with this litigation or any lawsuit related to this litigation.**

Response to Request No. 369:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request on the grounds that it calls for information protected by the work product doctrine or the attorney-client privilege. IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks.

**Request No. 370:**

**All documents concerning this litigation or any lawsuit related to this litigation sent to, delivered to, presented to, or shared with Novell by IBM or any person or entity acting on behalf of IBM.**

Response to Request No. 370:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request on the grounds that it calls for information protected by the work product doctrine or the attorney-client privilege. IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks.

**Request No. 371:**

**All documents concerning this litigation or any lawsuit related to this litigation sent to, delivered to, presented to, or shared with IBM by Novell or any person or entity acting on behalf of Novell.**

-64-

Response to Request No. 371:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. IBM further objects to this Request on the grounds that it calls for information protected by the work product doctrine or the attorney-client privilege. IBM further objects to this Request on the grounds that it fails to identify with reasonable particularity the documents that plaintiff seeks. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM directs SCO to the letters written from Jack Messman of Novell to Darl McBride of SCO, and copied to Ron Lauderdale of IBM, dated June 9, 2005 and June 12, 2005; and the letters written from Joseph A. LaSala, Jr. of Novell to Ryan Tibbitts of SCO, and copied to Messrs. Lauderdale and McBride, dated October 7, 2003, October 10, 2003, February 6, 2004, and February 11, 2004.

## Request No. 372:

        **All documents concerning IBM's plans, efforts or attempts to market, promote, or advertise (a) hardware products or software products usable with Linux-based operating systems, AIX operating systems, or Dynix operating systems; (b) middleware software usable in a Linux environment; or (c) services (including installation, development, maintenance, consulting, or migration services) associated with Linux-based systems or software products, AIX systems or software products, or Dynix systems or software products.**

Response to Request No. 372:

        In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the

366193.1

discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced documents sufficient to describe IBM's efforts to promote Linux.

**Request No. 373:**

**All documents concerning the drafting, revision, and editing of the System V Software Agreements between AT&T and IBM, and AT&T and Sequent. Such documents shall include without limitation all drafts, revisions, and mark-ups.**

Response to Request No. 373:

In addition to the foregoing general objections, IBM objects specifically to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, as limited by, and without waiving the foregoing general and specific objections, IBM, after a search of reasonable scope, has already produced documents responsive to this Request.

Dated: September 19, 2005

SNELL & WILMER LLP

Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Counsel for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

-66-

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

366193.1

SNELL & WILMER, L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorensen (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>          Plaintiff/Counterclaim-<br>          Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>          Defendant/Counterclaim-<br>          Plaintiff. | **CERTIFICATE OF SERVICE**<br><br>Civil No. 2:03CV0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

I hereby certify that on the 19th day of September, 2005, a true and correct copy of **IBM'S**

**RESPONSES AND OBJECTIONS TO SCO'S SEVENTH REQUEST FOR THE**

**PRODUCTION OF DOCUMENTS** was sent by U.S. Mail, postage prepaid, to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
>
> Robert Silver
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, NY 10504
>
> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

295089.1                                                    2