# EXHIBIT 22

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **SCO'S AMENDED NOTICE OF 30(b)(6) DEPOSITION** <br><br><br> Case No. 2:03CV0294DAK <br> Honorable Dale A. Kimball <br> Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, counsel for plaintiff The SCO Group, Inc. ("SCO") will take the deposition upon oral examination of defendant International Business Machines Corporation ("IBM"), on September 15, 2005, beginning at 9:00 a.m. This deposition will be taken at the offices of SCO's counsel Boies, Schiller & Flexner LLP, 333 Main Street, Armonk, New York, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

IBM is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents, or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to IBM, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day to day until completed. The deposition will be recorded by stenographic and videotape means.

SCO hereby incorporates all instructions, definitions, and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure, SCO's First Request for Production of

Documents and First Set of Interrogatories (June 24, 2003), and the local rules or individual practices of this Court.

DATED this 15th day of August, 2005.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By /s/ Edward Normand

*Counsel for The SCO Group, Inc.*

## TOPICS FOR DEPOSITION

1. The measures, policies, and/or procedures that IBM has adopted or used to track any source code that IBM has contributed, directly or indirectly, to Linux.

2. The measures, policies, and/or procedures that IBM has adopted or used to make available to the public, including through any IBM-affiliated website, IBM's contributions, whether direct or indirect, of source code to Linux.

3. IBM's possession, custody, control, and management of documents relating to #1 and #2, above.

4. The measures, policies, and/or procedures that IBM has adopted or used to track any source code that any third party contributed to Linux after IBM reviewed, approved, modified, and/or further developed any part of the contribution.

5. The measures, policies, and/or procedures that IBM has adopted or used to make available to the public, including through any IBM-affiliated website, the source code that any third party contributed to Linux after IBM reviewed and/or approved any part of the contribution.

6. IBM's possession, custody, control, and management of documents relating to #4 and #5, above.

7. IBM's removal of Linux contributions from IBM's website, at www.124.us.ibm.com.

8. The measures, policies, and/or procedures that IBM has adopted or used to preserve or to destroy potentially relevant documents in this litigation, including without limitation documents relating to Linux (such as Linux contributions by anyone since IBM first learned of SCO's legal claims).

9. IBM's measures, policies, and/or procedures relating to the retention of electronic documents, specifically including, without limitation, (a) documents relating to Linux; and/or (b) documents of IBM's high-level executives (including Samuel J. Palmisano and Irving Wladawsky-Berger) and Board of Directors.

10. IBM's efforts to retrieve materials in response to SCO's discovery requests and the Court's orders of March 3 and October 20, 2004, regarding the production of documents from the files of, and the submission of affidavits from, certain executives and IBM's Board of Directors.

11. The measures, policies, and/or procedures that IBM has adopted or used to store or preserve all versions of the AIX operating system, from 1985 to the present.

12. IBM's reasons and/or incentives for acquiring Sequent Computer Corporation, Sequent Computer Services, and/or Sequent Financial Services (collectively "Sequent"), including but not limited to IBM's assessment of the potential value and/or utility to IBM of the Dynix/ptx operating system and/or the knowledge of Sequent personnel who worked on Dynix/ptx.

13. IBM's specific plans, intent, and/or proposals, at the time IBM acquired Sequent, for using Sequent's technology (including the Dynix/ptx operating system) and/or the knowledge of Sequent personnel who worked on Dynix/ptx.

14. The measures, policies, and/or procedures, if any, relating to the protection of Sequent technology, including the Dynix/ptx operating system and the knowledge of Sequent personnel who worked on Dynix/ptx, that IBM adopted or used to prevent any entity that did not possess a license to Unix System V Version 4.0 (also known as SVR4.0), including IBM, from having access to Sequent technology, including any measures, policies, and/or procedures relating to IBM programmers' exposure to Sequent technology.

15. The measures, policies, and/or procedures, if any, relating to IBM's efforts to prevent IBM employees when developing any products from referring to the physical documents and materials comprising the "software products" referenced in the letter dated February 1, 1985, from Otis L. Wilson (of AT&T Technology Systems) to IBM.

16. IBM's use of Sequent technology, including the Dynix/ptx operating system, and/or Sequent personnel, to develop any operating system other than Dynix/ptx.

17. Sequent's reasons and/or incentives for deciding, in the mid-1980s, to use Unix System V Version 4.0 (also known as SVR4.0).

18. IBM's reasons and/or incentives for investing approximately $50 million in Novell, Inc., in or about March 2004.

19. IBM's communications with Novell, Inc. regarding (a) Novell's asserted rights to direct SCO to waive its rights against IBM, including but not limited to the correspondence that Novell sent to SCO in which Novell claimed those rights, and (b) the pending lawsuit between SCO and Novell in United States District Court, District of Utah, Case No. 2:04CV00139.

**CERTIFICATE OF SERVICE**

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing Plaintiff's Amended Notice of 30(b)(6) Deposition was served on Defendant International Business Machines Corporation on the 15th day of August, 2005, by U.S. Mail to:

> David Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York 10019

> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York 10604

> Todd Shaughnessy, Esq.
> Snell & Wilmer LLP
> 1200 Gateway Tower West
> 15 West South Temple
> Salt Lake City, Utah 84101-1004