# EXHIBIT 23

# BOIES, SCHILLER & FLEXNER LLP

333 MAIN STREET • ARMONK, NY 10504 • PH. 914 749 8200 • FAX 914.749.8300

September 20, 2005

By Facsimile and First-Class Mail
Amy F. Sorenson
Snell & Wilmer LLP
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101

    Re:    SCO v. IBM, Civil No. 2:03CV-0294DAK

Dear Amy:

    I write in response to your letter of September 2, 2005, regarding the Amended Notice of 30(b)(6) Deposition that SCO served on August 15, 2005.

    As I have said, SCO agrees to depose Scott McAllister (topic 7) on October 11, but SCO could not depose Daniel Frye (topics 1, 2, 3, 4, 5, and 6) on September 20. I understand from our discussions that IBM will propose a new date or dates for Mr. Frye's 30(b)(6) testimony. In addition, SCO awaits the proposed dates you referenced in your September 2 letter for the 30(b)(6) testimony of Joan Thomas (topic 11), Tony Belfi (topics 12 and 13), and Scott W. Nelson (topic 14).

    SCO also disagrees with IBM's blanket objections to several of the noticed topics. With respect to topics 8, 9 and 10, to be clear, SCO does not seek any information protected under the work product doctrine or attorney-client privilege. SCO asks IBM to produce a 30(b)(6) witness to address IBM's efforts to retain documents responsive to and to comply with SCO's discovery requests. Under the precedent, that is an appropriate 30(b)(6) topic. See, e.g., Doe v. District of Columbia, No. Civ. A. 03-1789, 2005 WL 1871019, at *9 (D.D.C. Aug. 9, 2005); Bank of N.Y. v. Meridien Biao Bank Tanzania Ltd., 171 F.R.D. 135, 150-51 (S.D.N.Y. 1997); see also Nutramax Labs., Inc. v. Twin Labs, Inc., 183 F.R.D. 458, 470 (D. Md. 1998). In addition, the IBM Worldwide Records Management Plan is not a sufficient response to the noticed topics, and the affidavits you reference in objection to topic 9 do not nearly address the full scope of IBM's measures, polices, and/or procedures relating to the retention of electronic documents relating to IBM's high-level executives or Board of Directors. Please let me know promptly whether IBM will produce a witness to offer 30(b)(6) testimony on topics 8, 9 and 10.

    With respect to topics 18 and 19, I must read IBM's objections to mean that IBM is offering the content of the referenced documents as a substitute for 30(b)(6) testimony on the noticed topics. (As I think you will recognize, if that were not the meaning of the

Amy F. Sorenson
September 20, 2005
Page 2

objections, then of course SCO could not accept the referenced documents in lieu of sworn 30(b)(6) testimony.)  Accordingly:

- As to topic 18, please confirm that IBM represents and agrees that all of IBM's reasons for investing approximately $50 million in Novell, Inc. are described in publicly available documents (including news reports dated November 4, 2003), and that the reasons attributed to IBM in any publicly available document are in fact among the reasons IBM invested approximately $50 million in Novell; and

- As to topic 19, please confirm that IBM represents and agrees that the letters referenced in IBM's objection to topic 19 in your September 2 letter constitute and describe all of IBM's communications with Novell regarding (a) Novell's asserted rights to direct SCO to waive its rights against IBM, and (b) the pending lawsuit between SO and Novell in United States District Court, District of Utah, Case No. 2:04CV00139.

Please let me know promptly if IBM is willing to make the foregoing representations and agreements; and if IBM is not willing to do so, then please let me know promptly whether IBM will produce a witness to offer 30(b)(6) testimony on topics 18 and 19.

Thank you for your attention to these matters.

Sincerely,

*Edward Normand/J.S*

Edward Normand

cc: Brent Hatch
David Marriott
Todd Shaughnessy