# EXHIBIT 30

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **SCO'S AMENDED NOTICE OF 30(b)(6) DEPOSITION** <br><br><br> Case No. 2:03CV0294DAK <br> Honorable Dale A. Kimball <br> Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, counsel for plaintiff The SCO Group, Inc. ("SCO") will take the deposition upon oral examination of defendant International Business Machines Corporations ("IBM"), on December 1, 2005, beginning at 9:00 a.m. This deposition will be taken at the offices of SCO's counsel Boies, Schiller & Flexner LLP, 333 Main Street, Armonk, New York, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

IBM is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to IBM, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO hereby incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure, SCO's First Request for Production of Documents and First Set of Interrogatories (June 23, 2003), and the local rules or individual practices of this Court. In addition, for purposes of the topics specified below, (a) "BSD" means the version of the UNIX operating system that was developed and formerly maintained by the University of California at Berkeley, (b) "AIX License" means any contract, agreement or license by which IBM has authorized a third party to have access to and to use AIX source code, (c) "Dynix/ptx License" means any

contract, agreement or license by which IBM has authorized a third party to have access to and to use Dynix/ptx source code, and (d) "UNIX Software Product" shall refer to the entire contents of any licensed UNIX product, including all intellectual property, source code, structures, sequences, organization, ideas, methods and concepts therein; and the entire contents of any software product(s) based (in whole or in part) on, derived or modified from, or created through exposure to, the original licensed UNIX product.

DATED this 11th day of November, 2005.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By _____

*Counsel for The SCO Group, Inc.*

## TOPICS FOR DEPOSITION

1. IBM's reasons for portraying or marketing AIX, including to prospective customers, as a UNIX System V-based operating system, rather than a BSD-based operating system.

2. Sequent's reasons for portraying or marketing Dynix/ptx, including to prospective customers, as a UNIX System V-based operating system, rather than a BSD-based operating system.

3. The significance to Linux of the contributions, direct or indirect, that IBM has made to Linux or Linux development that have improved and/or enhanced Linux.

4. The means by which IBM confirmed the accuracy of or approved IBM's public statements that IBM has made improvements or enhancements to Linux, in documents such as (a) the Linux Technology Center document titled "The Linux Community and How IBM Contributes, Nordic Mainframe Linux Usergroup Meeting, Sweden, 16th June 2005," (b) the document titled "IBM Contributions to Open Source Community," Deposition Exh. No. 423, (c) the document titled "IBM Contributions to Linux Open Source community," Deposition Exh. No. 424, (d) the document titled "Linux Technology Center, Status - September 2002," Deposition Exh. No. 519, and (e) the document titled "Linux Technical Roadmap (1HO2) v2.0," Deposition Exh. No. 520.

5. The steps IBM has taken to test the performance and reliability of Linux, including IBM's reliance on technology for such testing.

6. The bases on which IBM has, with current or prospective customers, vouched for the performance and reliability of Linux.

7. IBM's view as to why current or prospective customers have or have not accepted IBM's representations regarding the performance and reliability of Linux.

8. The steps or measures IBM has taken to help IBM customers transition from using other operating systems to using Linux, including making available to customers technology on which IBM has relied in testing the performance and reliability of Linux.

9. The restrictions that IBM's AIX Licenses have imposed on the licensee's use or distribution of AIX source code, methods, or concepts, or of products that the licensee develops after entering into the AIX License.

10. The restrictions that IBM's Dynix/ptx Licenses have imposed on the licensee's use or distribution of Dynix/ptx source code, methods, or concepts, or of products that the licensee develops after entering into the Dynix/ptx License.

11. IBM's use or distribution of AIX source code or binary products after SCO terminated IBM's UNIX System V license on June 13, 2003.

12. IBM's use or distribution of Dynix/ptx source code or binary products after SCO terminated Sequent's UNIX System V license on July 30, 2003.

13. IBM's use or distribution of any software product based on or containing UNIX System V source code after SCO terminated IBM and Sequent's UNIX System V Licenses, on June 13, 2003, and July 30, 2003, respectively.

14. IBM's revenues from its use or distribution of AIX source code or binary products after June 13, 2003.

15. IBM's revenues from its use or distribution of Dynix/ptx source code or binary products after July 30, 2003.

16. IBM's revenues from its use or distribution of any software product based on or containing UNIX System V source code after July 30, 2003.

17. The communications regarding SCO, Linux, AIX or Dynix among the "Chicago 7" (comprising Computer Associates International, Inc., Oracle Corporation, Dell Inc., Intel Corporation, Novell Inc., IBM, and Hewlett-Packard Company).

18. The content of the document entitled "Server Strategy" and bates labeled 181520926.

19. The content of the document entitled "Unix OS Platform Strategy" and bates labeled 181459350.

20. The technologies (if any) proposed for open sourcing that the Open Source Steering Committee rejected, and the reason(s) for the rejection.

21. The manner in which IBM tracked its return on investment in Linux, and the amout of such return from 2000 to date and projected for future periods.

22. The origins and development of the journaling file system (JFS) that IBM released in AIX version 3, the JFS that IBM released in OS/2, and the JFS that IBM offered for contribution to Linux.

23. The origins and development of the read-copy update (RCU) that Sequent released in Dynix/ptx, and the RCU that IBM offered for contribution to Linux.

24. The extent to and manner in which IBM used or relied on UNIX Software Products in the creation, derivation, or modification of any source code that IBM contributed to Linux, including, but not limited to:

a. IBM's and Sequent's use of structures, sequences, organization, ideas, methods or concepts contained within any UNIX Software Product in developing source code that IBM contributed to Linux; and

b. IBM's and Sequent's programmers' exposure to any UNIX Software Product prior to assisting or during their assisting in the development of any contribution of source code to Linux.

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing Plaintiff's Amended Notice of 30(b)(6) Deposition was served on IBM on the 11th day of November, 2005, by facsimile and U.S. Mail to:

David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004