FILED
U.S. DISTRICT COURT

2006 FEB 17  A 11: 49

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE CERTAIN PROSPECTIVE DEPOSITIONS**<br><br>**FILED IN REDACTED FORM**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff The SCO

Group, Incorporated ("SCO"), requests the Court to grant SCO leave to take certain

prospective depositions of Intel Corporation ("Intel"); The Open Group, Incorporated

("The Open Group"); and Oracle Corporation ("Oracle"). SCO submits this Memorandum

further to its same-styled Motion dated January 27, 2006, and in reply to Nonparty Intel's

Response to SCO's Motion for Leave To Take Certain Prospective Depositions.

## BACKGROUND

SCO now asks this Court for leave to take the Rule 30(b)(6) depositions of Intel, The

Open Group, and Oracle (collectively, the "corporations") for the reasons set forth below.  The

topics of the Rule 30(b)(6) depositions that SCO seeks to take of the corporations relate directly

to SCO's claims in this litigation.

SCO developed the following information primarily as a result of substantial discovery

taken of IBM.  Accordingly, toward the end of its period of fact discovery (ending on January

27), SCO issued and served on January 12 subpoenas on Intel, The Open Group, and Oracle for

deposition on January 27.  (Exhs. A, B, C.)  SCO also faxed to each of the corporations on

January 13 a notice of Rule 30(b)(6) deposition that included the list of deposition topics.  (Exhs.

D, E, F.)  Each corporation acknowledges that it received the list of topics at that time, thereby

placing it on notice – fourteen days before the proposed deposition date of January 27 – that

SCO intended to question a representative or representatives of the corporation on those topics

on that date.

After sending the subpoenas and notices, counsel for SCO informed the

corporations of counsel's willingness to discuss the nature and scope of the subpoena and

deposition topics, and counsel's expectation that each corporation would file a motion for

protective order if it did not intend to produce a witness.  In the interim, considering certain

technical defects in the subpoena and notice, SCO served a corrected subpoena on each

corporation on January 26 with the same deposition and document-return date as the earlier

2

subpoena and notice.  (Exhs. G, H, I.)[1]  The corporations declined to produce any witness on January 27.  While Oracle timely filed a motion for protective order in the Northern District of California,[2] neither The Open Group nor Intel produced a witness on January 27 or filed any motion for a protective order or to quash by that date.

SCO presents the following arguments to this Court in the interests of efficiency. SCO has spoken with counsel for or a representative of each of the three corporations regarding the scope of the proposed Rule 30(b)(6) topics.  SCO respectfully submits that before seeking to reach an agreement (if possible) with the corporations regarding the precise scope of the topics at issue, SCO should first seek from this Court the right to take any such depositions at this time.

A.    Intel

The discovery sought from Intel is directly related to resolution of the claims at issue in the instant case.  The discovery seeks information about code and specifications copied from SCO's UnixWare by IBM and The Open Group for use in Linux.  The requested discovery largely relates to specific items identified in SCO's Disclosure of Material Misused by IBM, filed with the Court on December 22, 2005 ("SCO's Dec. 22 Disclosure").

**REDACTED**

---

[1] The corporations collectively asserted as technical defects that the subpoenas did not include a witness fee; that although The Open Group notice included the topics for the deposition, the subpoena did not; that although the subpoenas specified the location of the deposition within a permissible area, the notices did not; and that although The Open Group subpoena had been served, the notice had been faxed.

[2] The Northern District of California subsequently set a schedule for briefing on Oracle's motion (without a hearing date), but counsel for SCO and counsel for Oracle have agreed to adjourn the briefing schedule pending this Court's resolution of SCO's instant request for relief.

**REDACTED**

Intel representatives participated significantly in this Open Group committee and therefore discovery from Intel is material and necessary to discover issues related to: (a) this disclosure of SCO's copyrighted materials; (b) its intended use in and for Linux; and (c) the bases, if any, upon which The Open Group and its committee members contend that a copy assignment exists from SCO for use of this interface in The Open Group's specifications.

On numerous occasions, IBM has represented to this Court that no UnixWare or System V code has been copied into Linux. As demonstrated by SCO's Dec. 22 Disclosure, those representations are simply untrue. Because of Intel's involvement in the process resulting in the

4

copying of SCO's code into Linux, SCO is entitled to discover from Intel its knowledge of any such instances of unauthorized copying.

B.   The Open Group

SCO alleges (among other things) that IBM has breached its UNIX software agreements by publicly disclosing, via contributions to the "open source" UNIX-derivative operating system called "Linux," numerous technologies that IBM was obligated to hold in confidence for SCO. SCO also alleges (among other things) that IBM misappropriated SCO's UNIX technology and engaged in unfair competition in connection with a joint project between IBM and SCO from 1998 to 2001 called "Project Monterey." IBM entered into Project Monterey to create a joint 64-bit operating system with SCO, and to help SCO expand its market share in the 32-bit operating system market for UNIX on the Intel microprocessor architecture ("UNIX-on-Intel"). During the Project (and without full disclosure to SCO), IBM shifted its focus and resources toward developing the Linux operating system to replace the SCO operating system as the preferred UNIX-on-Intel alternative, and used SCO's code and proprietary specifications to build up the Linux alternative.

In connection with its shift in focus and resources, IBM sought to make Linux a UNIX-on-Intel operating system capable of commercial use. To that end, IBM enlisted the help of The Open Group. By its own description (www.opengroup.org), The Open Group is a consortium that (among other things) has sought to develop common, "open" standards and specifications to enable multiple sectors of the information-technology community to use so-called "open-source" software – referring to the general practices in production and development which promote access to the end-product's sources. "Open source" software, for example, refers to computer software and the general availability of its source code (as under an open source license) to

5

study, change, and improve its design. Among the members of The Open Group are Fujitsu, Hitachi, Hewlett-Packard, NEC, Sun Microsystems, and IBM.

Seeking to make Linux a viable, commercial-ready UNIX-on-Intel alternative, IBM misappropriated UNIX technology from SCO and provided that technology to The Open Group for purposes of The Open Group's "Single UNIX Specification 2001" and The Open Group's efforts to work on "UNIX Developer Guide – Programming Interface" (or "UDG-PI"). The Single UNIX Specification 2001 was the update on the collective name of the family of standards that an operating system must meet to qualify for the name "UNIX" (where The Open Group owns the trademark to that name). The UDG-PI are guidelines that software developers and system manufacturers needed to create UNIX interoperability with Intel-based processors, and were intended solely for use in support of Project Monterey, and were not intended for use in support of Linux. The Open Group participated with IBM to use SCO's protected source code and specifications to create an open standard for support of Linux-on-Intel processors, with the knowledge and intent that the Linux product would replace SCO's UnixWare product as the market leader in the UNIX-on-Intel market. IBM hired the key programmer at The Open Group, Andrew Josey, under a secret work-for-hire agreement with IBM to accomplish this work, using SCO's code and specifications, to launch Linux ahead of UnixWare in the marketplace.

    C.    Oracle

The discovery sought from Oracle involves actions taken by Oracle against SCO that, if induced by IBM, demonstrate a prima facie case of interference by IBM with SCO's business relationship with Oracle. Oracle is a software company that develops and sells the leading database software products used by medium-sized and large corporations. Oracle's database products are in high demand. Database products must be configured to operate on particular

6

operating systems.  After a particular Oracle product release is so configured and released for

sale to customers, Oracle issues a public "certification" that its new product will operate on

particular operating systems.  If Oracle refuses to certify its product for a particular operating

system, customers have a disincentive to continue use of that operating system product, and have

an incentive to switch to a new operating system product to continue using the latest versions of

Oracle's database products.  Thus, it is important for an operating system company such as SCO

to receive an Oracle certification for new Oracle product releases.

Until recently, Oracle had certified every major version of its Oracle database software

releases for use on SCO's OpenServer UNIX operating system and SCO's UnixWare operating

system.  After SCO filed this lawsuit against IBM, however, Oracle stopped issuing certifications

for SCO's operating system products and has not certified a single release by SCO since March

2003.  SCO contends that this action by Oracle has been induced, in material part, by IBM.

SCO needs and is entitled to discovery on this issue.

## ARGUMENT

On January 12, 13, and 26, 2006, SCO served Rule 30(b)(6) subpoenas and notices

(as well as document requests) on each of the foregoing corporations for depositions

scheduled for January 27, 2006.  (Exhs. A-I.)  The operative subpoenas and notices were

those dated January 12 and 13; the January 26 subpoenas and notices simply corrected

technical defects in the earlier subpoenas and notices.

As SCO explained in its January 27 Memorandum and had previously explained to

this Court by teleconference, SCO submits that it would be entitled to take the foregoing

Rule 30(b)(6) depositions at this time to the extent that (1) the January 12 and 13

subpoenas and notices, although containing certain technical defects, nevertheless operated

*to require the corporations either to produce a Rule 30(b)(6) witness or to file a motion for*
protective order; and (2) the January 12 and 13 subpoenas and notices gave the
corporations adequate notice of the January 27 deposition date (so that even if a
corporation did file a motion for protective order, SCO had nevertheless given the
corporation sufficient time to warrant the noticed deposition on January 27).

First, the January 12 and 13 subpoenas and notices provided the corporations with
actual and proper notice of the January 27 deposition date and of the topics at issue. See,
e.g., Sandstead Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd., 878 F.2d 875, 882 (5th
Cir. 1988) (subpoena improperly served to principals of a corporation nonetheless provided
corporation with "actual notice of the subpoena" and was enforceable); Kupritz v.
Savannah Coll. of Art & Design, 155 F.R.D. 84, 88 (E.D. Pa. 1994) (subpoena issued from
*incorrect court provided third party with adequate prior notice of scheduled deposition).*
Indeed, having decided not to produce a Rule 30(b)(6) witness, Oracle filed a motion for a
protective order in the District of Northern California on January 26 – the day before the
noticed January 27 date.

Second, the fourteen (14) days of notice that SCO provided to the Open Group was
reasonable. See 8A C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure §
2111 (2005); Pearl v. Keystone Consol. Indus., Inc. 884 F.2d 1047, 1052 (7th Cir. 1989)
(six days' notice of deposition of defendant's general sales manager was reasonable); FAA
v. Landy, 705 F.2d 624, 634-35 (2d Cir. 1983) (four days' notice of deposition of third
party reasonable); Jones v. United States, 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (eight
days' notice of third-party deposition reasonable); see also Davidson v. Dean, 204 F.R.D.
251, 256 (S.D.N.Y. 2001) (eight days' notice of plaintiff reasonable); C & F Packing Co. v.

8

Doskocil Companies, Inc., 126 F.R.D. 662, 680-81 (N.D. Ill. 1989) (order requiring seven
calendar days' notice of third-party depositions was reasonable).[3]

SCO further submits that none of the grounds that IBM offers to preclude the
depositions at issue is correct. First, counsel for SCO never remotely forfeited SCO's right
to pursue depositions for which deponents were obligated to appear by January 27. The
agreement was that SCO would not argue that by producing certain witnesses for
deposition after January 27 IBM had somehow conceded that there was no discovery cut-
off. There was no agreement among counsel on the issue here – namely, whether SCO is
entitled to take depositions that were properly noticed for January 27 but did not take place.

Second, as counsel for SCO recalls the teleconference, this Court did not rule that
the three Rule 30(b)(6) depositions at issue could not go forward. Counsel for SCO
explained that if the three corporations had been put on proper and sufficient notice of the
depositions on January 27, they should have produced a witness on that date, and their
failure to do so should not work to SCO's detriment. Counsel for SCO asked the Court for
leave to file a submission to the Court on the issue, and the Court consented.

---

[3] In its opposition brief, IBM cites In Re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320 (N.D. Ill.
2005), for the proposition that ten days' notice of a deposition can be insufficient under certain
circumstances. In Re Sulfuric Acid was a "multi-district, antitrust case," id. at 322, in which the
plaintiffs attempted to depose two Canadian witnesses at plaintiff's counsel's offices in Chicago.
The Court found that while normally "ten business days' notice would seem reasonable," id. at
327, the "analysis is necessarily case-specific and fact-intensive." Id. Specifically citing the
travel concerns of the witnesses and their attorneys, the court found "in the context of this case,
the notices were not reasonable." Id. at 327-28. The context of this case is markedly different.
SCO has noticed each of the depositions in a location near the corporate deponents' headquarters
and thus foreclosed any travel concerns. Because it cannot, IBM does cited any case finding
notice was insufficient under circumstances similar to those present in this case.

Third, IBM's newly disclosed reliance on the Court's Order regarding the January 27 cut-off is unreasonable. IBM now interprets the Order as a shield to preclude SCO from deposing even those deponents who were properly noticed but did not appear for deposition by January 27. Indeed, IBM now takes the extraordinary position that SCO is not even permitted to depose those Rule 30(b)(6) witness who were indisputably properly noticed for deposition by that date but whom IBM did not adequately prepare for their depositions. SCO submits that in the Order the Court did not intend, as IBM would have it, to modify the Federal Rules of Civil Procedure to preclude SCO from taking depositions properly noticed before the discovery cut-off.

Fourth, IBM argues that there were no subpoenas served on these third parties prior to January 26 (it is unclear if IBM means that literally or figuratively), but the foregoing case law demonstrates that the mid-January subpoenas and notices served to put these third parties on notice.

DATED this 14th day of February, 2006.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By _____

Counsel for The SCO Group, Inc.

10

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the

foregoing redacted version of SCO's Reply Memorandum in Support of Its Motion for Leave to

Take Certain Prospective Depositions was served by U.S. Mail on Defendant IBM on the 17th

day of February, 2006:


David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

_____  **DISTRICT OF** _____ California _____

The SCO Group, Inc.

### V.

International Business Machines Corp.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: ¹ 2:03CV0294 District of Utah

TO:  Intel Corporation
     2200 Mission College Blvd.
     Santa Clara, CA 95052-8119

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Boies, Schiller & Flexner LLP 1999 Harrison Street, Suite 900, Oakland, CA 94612 | DATE AND TIME Jan. 26, 2006 9 a.m. |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE Boies, Schiller & Flexner LLP 1999 Harrison Street, Suite 900, Oakland, CA 94612 | DATE AND TIME Jan. 26, 2006 9 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 1/10/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward Normand, Esq., Boies, Schiller & Flexner LLP
333 Main Street, Armonk, NY 10504 (914) 749-8200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

You are instructed to produce the following documents at the time and place specified in the subpoena:

1. Documents concerning any communications with IBM relating to SCO, SCO's lawsuit against IBM, SCO's lawsuit against Novell, Inc., or SCO's lawsuit against AutoZone, Inc.

2. Documents concerning the communications between Intel and IBM during each of their so-called "IBM/Intel Executive 5x5" meetings, such as the one that occurred on January 30, 2001.

3. Documents concerning Intel's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc.

4. Documents concerning Intel's efforts and attempts to make the following UNIX System V Release 4 ("SVR4") header file Application Program Interfaces ("APIs") a standard for public use as part of Single UNIX Specification 2001:

   - difch.h
   - fmtmsg.h
   - ftw.h
   - shm.h
   - ipc.h
   - libgen.h
   - msg.h
   - poll.h
   - sem.h
   - statvfs.h
   - strings.h
   - stropts.h
   - syslog.h
   - ucontext.h
   - ulimit.h
   - utime.h
   - utmpx.h
   - utsname.h

5. Documents concerning Intel's efforts to work with IBM on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel, including Intel's communications with IBM regarding the foregoing efforts.

6.  Documents concerning Intel's participation in the development of any version of or supplement to the UNIX System V application binary interface (or "ABI") and UNIX System V interface definition (or "SVID").

## Instructions and Definitions

### A. Definitions

1.  The term "AIX" shall mean the UNIX-based operating system known by that name distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications. The term "AIX" shall include, but not be limited to, all versions of the "AIX for Power PC" and "AIX for Itanium" operating systems.

2.  The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

3.  The term "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, and electronic mailing lists. The term "document" specifically includes electronic mail ("e-mail") and any attachments and files created, maintained, or existing in electronic form.

4.  The term "Dynix" shall mean the UNIX-based operating system known by that name distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications. The term "Dynix" shall include, but not be limited to, all versions of the "Dynix/ptx" operating system.

5.  The term "include" or "including" shall mean including without limitation.

6.  The term "Linux" shall mean any version of Linux.

7.  The term "UNIX" shall mean any and all versions, flavors, or other variants of any UNIX computer operating system, including, without limitation, all operating systems certified as conforming to the UNIX-brand standards.

### B. Instructions

1.  Each paragraph herein should be construed independently and, unless otherwise stated, without reference to any other paragraph for the purpose of limitation.

2.  Unless otherwise specified, the documents requested are the responsive documents in your possession, control or custody that were prepared, written, sent, dated, received, applicable or in effect at any time up to the date of your compliance with this demand.

3.  Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4.  All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

5.  With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to the Federal Rules of Civil Procedure.

6.  If, for reasons other than a claim of privilege, you refuse to provide any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

7.  The deposition will be recorded by stenographic and audio-visual means.

# EXHIBIT B

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Massachusetts _____

The SCO Group, Inc.

### V.

International Business Machines Corp.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   2:03CV0294 District of Utah

TO:   Open Group
8 New England Executive Park
Suite 325
Burlington, MA 01803-5007

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Ropes & Gray LLP<br>One International Place, Boston, MA 02110 | DATE AND TIME<br>January 27, 2006 9 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 1/12/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward Normand, Esq., Boies, Schiller & Flexner LLP
333 Main Street, Armonk, NY 10504 (914) 749-8200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

You are instructed to produce the following documents at the time and place specified in the subpoena:

1. Documents concerning the creation or development of, and the reasons for creating or developing, Single UNIX Specification 2001.

2. Documents concerning the Open Group's policies and procedures for obtaining legal permission to obtain and use material from third parties in any standard.

3. Documents concerning the inclusion of the following header files in the Single UNIX Specification 2001:

   - difch.h
   - fmtmsg.h
   - ftw.h
   - shm.h
   - ipc.h
   - libgen.h
   - msg.h
   - poll.h
   - sem.h
   - statvfs.h
   - strings.h
   - stropts.h
   - syslog.h
   - ucontext.h
   - ulimit.h
   - utime.h
   - utmpx.h
   - utsname.h

4. Documents concerning any authority from SCO (or any of its predecessors-in-interest) to include any of the header files in Topic 3 as part of Single UNIX Specification 2001.

5. Documents concerning the creation or development of the standards appearing in The Open Group Base Specifications Issue 6.

6. Documents concerning the Open Group's efforts to work on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel.

7. Documents concerning the creation or development of the following specification documents for Linux Standards Base:

- *Common Linux ELF Binary Specification*
- Linux for IA-32 ELF Binary Specification
- Linux for IA-64 ELF Binary Specification
- Linux for PPC-32 ELF Binary Specification
- Linux for PPC-64 ELF Binary Specification
- Linux for S-390 ELF Binary Specification

8. Documents concerning any authority from SCO (or any of its predecessors-in-interest) to include the ELF standards and documentation in Topic 7 as part of any Open Group standards release.

## Instructions and Definitions

### A. Definitions

1. The term "AIX" shall mean the UNIX-based operating system known by that name distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications. The term "AIX" shall include, but not be limited to, all versions of the "AIX for Power PC" and "AIX for Itanium" operating systems.

2. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

3. The term "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, and electronic mailing lists. The term "document" specifically includes electronic mail ("e-mail") and any attachments and files created, maintained, or existing in electronic form.

4. The term "Dynix" shall mean the UNIX-based operating system known by that name distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications. The term "Dynix" shall include, but not be limited to, all versions of the "Dynix/ptx" operating system.

5. The term "include" or "including" shall mean including without limitation.

6. The term "Linux" shall mean any version of Linux.

7. The term "UNIX" shall mean any and all versions, flavors, or other variants of any UNIX computer operating system, including, without limitation, all operating systems certified as conforming to the UNIX-brand standards.

### B. Instructions

1. Each paragraph herein should be construed independently and, unless otherwise stated, without reference to any other paragraph for the purpose of limitation.

2. Unless otherwise specified, the documents requested are the responsive documents in your possession, control or custody that were prepared, written, sent, dated, received, applicable or in effect at any time up to the date of your compliance with this demand.

3. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

5. With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to the Federal Rules of Civil Procedure.

6. If, for reasons other than a claim of privilege, you refuse to provide any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

7. The deposition will be recorded by stenographic and audio-visual means.

# EXHIBIT C

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

_____ **DISTRICT OF** _____ California _____

The SCO Group, Inc.

**V.**

International Business Machines Corp.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   2:03CV0294 District of Utah

TO:   Oracle Corporation
      500 Oracle Pkwy.
      Redwood City, CA 94065

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Boies, Schiller & Flexner LLP<br>1999 Harrison Street, Suite 900, Oakland, CA 94612 | DATE AND TIME<br>Jan. 27, 2006 9 a.m. |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE<br>Boies, Schiller & Flexner LLP<br>1999 Harrison Street, Suite 900, Oakland, CA 94612 | DATE AND TIME<br>Jan. 27, 2006 9 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 1-10-06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward Normand, Esq., Boies, Schiller & Flexner LLP
333 Main Street, Armonk, NY 10504 (914) 749-8200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] if action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

You are instructed to produce the following documents at the time and place specified in the subpoena:

1. Documents concerning any communications with IBM from and after June 1, 2001, relating to SCO.

2. Documents concerning any communication with IBM from and after January 1, 2003, relating to SCO's current lawsuit against IBM, SCO's current lawsuit against Novell, Inc., and SCO's current lawsuit against AutoZone, Inc. or the possibility of legal action by SCO against any of the identified parties.

3. Documents concerning Oracle's decisions to certify any version of any Oracle software product, or to decline to certify any such version of any Oracle software product, for operation on any version of SCO's UnixWare or OpenServer products at any time since January 1, 2000.

4. Documents concerning Oracle's communications, both internally and with any third party, regarding its decision(s) to certify or decline to certify any version of any Oracle software product for operation on any version of SCO's UnixWare or OpenServer products since January 1, 2000.

5. Documents concerning Oracle's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc., including:

   a. All certifications issued by Oracle for any Oracle software product for operation on any version of UnixWare or OpenServer at any time;

   b. All software agreements by which Oracle licensed any version of UNIX System V binary or source code from SCO or a predecessor (including any version of OpenServer and UnixWare);

   c. All agreements of any kind by which Oracle obtained access to any version of UNIX System V (including any version of OpenServer and UnixWare) binary or source code; and

   d. The purpose, scope, duration and subject matter of all agreements of any kind between Oracle and SCO, Caldera Systems, Inc. and/or The Santa Cruz Operation, Inc. since January 1, 1995.

6. Documents concerning the identification of all versions of all Oracle software products that Oracle certified for operation on any version of any

UNIX-based operating system, including but not limited to UnixWare, OpenServer, AIX, HPUX, Irix, Dynix, and Linux, since January 1, 1995.

7. Documents concerning the identification of all instances in which Oracle has been asked to certify any version of any Oracle software product for operation on any operating system, but has refused to do so, since January 1, 1995.

## Instructions and Definitions

### A. Definitions

1. The term "AIX" shall mean the UNIX-based operating system known by that name distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications. The term "AIX" shall include, but not be limited to, all versions of the "AIX for Power PC" and "AIX for Itanium" operating systems.

2. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

3. The term "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, and electronic mailing lists. The term "document" specifically includes electronic mail ("e-mail") and any attachments and files created, maintained, or existing in electronic form.

4. The term "Dynix" shall mean the UNIX-based operating system known by that name distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications. The term "Dynix" shall include, but not be limited to, all versions of the "Dynix/ptx" operating system.

5. The term "include" or "including" shall mean including without limitation.

6. The term "Linux" shall mean any version of Linux.

7. The term "UNIX" shall mean any and all versions, flavors, or other variants of any UNIX computer operating system, including, without limitation, all operating systems certified as conforming to the UNIX-brand standards.

### B. Instructions

1. Each paragraph herein should be construed independently and, unless otherwise stated, without reference to any other paragraph for the purpose of limitation.

2. Unless otherwise specified, the documents requested are the responsive documents in your possession, control or custody that were prepared, written, sent, dated, received, applicable or in effect at any time up to the date of your compliance with this demand.

3. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. *All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.*

5. With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to the Federal Rules of Civil Procedure.

6. If, for reasons other than a claim of privilege, you refuse to provide any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

7. The deposition will be recorded by stenographic and audio-visual means.

# EXHIBIT D

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile:  (954) 356-0022

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff | **SCO'S NOTICE OF 30(b)(6) DEPOSITION**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, counsel for plaintiff, The SCO Group, Inc. ("SCO"), will take the deposition

upon oral examination of Intel Corporation ("Intel"), on January 26, 2006, beginning at 9:00

a.m.. This deposition will be taken at the offices of SCO's counsel Boies, Schiller & Flexner

LLP, 333 Main Street, Armonk, New York, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

Intel is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to Intel, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure and the local rules or individual practices of this Court:

DATED this 12th day of January, 2006.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By

*Counsel for The SCO Group, Inc.*

2

## TOPICS FOR DEPOSITION

1. Any communications with IBM relating to SCO, SCO's lawsuit against IBM, SCO's lawsuit against Novell, Inc., or SCO's lawsuit against AutoZone, Inc.

2. The communications between Intel and IBM during each of their so-called "IBM/Intel Executive 5x5" meetings, such as the one that occurred on January 30, 2001.

3. Intel's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc.

4. Intel's efforts and attempts to make the following UNIX System V Release 4 ("SVR4") header file Application Program Interfaces ("APIs") a standard for public use as part of Single UNIX Specification 2001:

    - difch.h
    - fmtmsg.h
    - ftw.h
    - shm.h
    - ipc.h
    - libgen.h
    - msg.h
    - poll.h
    - sem.h
    - statvfs.h
    - strings.h
    - stropts.h
    - syslog.h
    - ucontext.h
    - ulimit.h
    - utime.h
    - utmpx.h
    - utsname.h

5. Intel's efforts to work with IBM on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel, including Intel's communications with IBM regarding the foregoing efforts.

6. Intel's participation in the development of any version of or supplement to the UNIX System V application binary interface (or "ABI") and UNIX System V interface definition (or "SVID").

## CERTIFICATE OF SERVICE

The SCO Group, Inc. hereby certifies that a true and correct copy of Plaintiff's Notice of

30(b)(6) Deposition was served on Intel Corporation on this 12th day of January, 2006, by U.S.

mail to:

> Intel Corporation
> Legal Department
> 2200 Mission College Blvd.
> Santa Clara, CA 95052

By: _____

### By U.S. Mail

> David Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York  10019
>
> Todd Shaughnessy, Esq.
> Snell & Wilmer LLP
> 1200 Gateway Tower West
> 15 West South Temple
> Salt Lake City, Utah 84101-1004
>
> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York 10604

4

# EXHIBIT E

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff | **SCO'S NOTICE<br>OF 30(b)(6) DEPOSITION**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, counsel for plaintiff, The SCO Group, Inc. ("SCO"), will take the deposition

upon oral examination of The Open Group, on January 27, 2006, beginning at 9:00 a.m. This

deposition will be taken at the offices of SCO's counsel Boies, Schiller & Flexner LLP, 333

Main Street, Armonk, New York, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

The Open Group is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to The Open Group, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure and the local rules or individual practices of this Court.

DATED this 13th day of January, 2006.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By

*Counsel for The SCO Group, Inc.*

2

## TOPICS FOR DEPOSITION

1. The creation or development of, and the reasons for creating or developing, Single UNIX Specification 2001.

2. The Open Group's policies and procedures for obtaining legal permission to obtain and use material from third parties in any standard.

3. The inclusion of the following header files in the Single UNIX Specification 2001:

   - difch.h
   - fmtmsg.h
   - ftw.h
   - shm.h
   - ipc.h
   - libgen.h
   - msg.h
   - poll.h
   - sem.h
   - statvfs.h
   - strings.h
   - stropts.h
   - syslog.h
   - ucontext.h
   - ulimit.h
   - utime.h
   - utmpx.h
   - utsname.h

4. Any authority from SCO (or any of its predecessors-in-interest) to include any of the header files in Topic 3 as part of Single UNIX Specification 2001.

5. The creation or development of the standards appearing in The Open Group Base Specifications Issue 6.

6. The Open Group's efforts to work on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel.

7. The creation or development of the following specification documents for Linux Standards Base:

   - Common Linux ELF Binary Specification
   - Linux for IA-32 ELF Binary Specification

3

- Linux for IA-64 ELF Binary Specification
- Linux for PPC-32 ELF Binary Specification
- Linux for PPC-64 ELF Binary Specification
- Linux for S-390 ELF Binary Specification

8. Any authority from SCO (or any of its predecessors-in-interest) to include the ELF standards and documentation in Topic 7 as part of any Open Group standards release.

4

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the

foregoing SCO'S NOTICE OF 30(b)(6) DEPOSITION was served by mail on Defendant, IBM,

on the 13th day of January, 2006, by facsimile and U.S. Mail to:

        Open Group
        8 New England Executive Park
        Suite 325
        Burlington, MA 01803

        David Marriott, Esq.
        Cravath, Swaine & Moore LLP
        Worldwide Plaza
        825 Eighth Avenue
        New York, New York  10019

        Todd Shaughnessy, Esq.
        Snell & Wilmer LLP
        1200 Gateway Tower West
        15 West South Temple
        Salt Lake City, Utah 84101-1004

and by U.S. Mail to:

        Donald J. Rosenberg, Esq.
        1133 Westchester Avenue
        White Plains, New York 10604

# EXHIBIT F

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff | **SCO'S NOTICE<br>OF 30(b)(6) DEPOSITION**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, counsel for plaintiff, The SCO Group, Inc. ("SCO"), will take the deposition

upon oral examination of Oracle Corporation ("Oracle"), on January 27, 2006, beginning at 9:00

a.m.. This deposition will be taken at the offices of SCO's counsel Boies, Schiller & Flexner

LLP, 333 Main Street, Armonk, New York, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

Oracle is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to Oracle, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure and the local rules or individual practices of this Court.

DATED this 11th day of January, 2006.

> Respectfully submitted,
>
> HATCH, JAMES & DODGE, P.C.
> Brent O. Hatch
> Mark F. James
>
> BOIES, SCHILLER & FLEXNER LLP
> Robert Silver
> Stuart H. Singer
> Stephen N. Zack
> Edward Normand
>
> By _Edward Normand_
>
> *Counsel for The SCO Group, Inc.*

## TOPICS FOR DEPOSITION

1.  Any communications with IBM from and after June 1, 2001, relating to SCO.

2.  Any communication with IBM from and after January 1, 2003, relating to SCO's current lawsuit against IBM, SCO's current lawsuit against Novell, Inc., and SCO's current lawsuit against AutoZone, Inc. or the possibility of legal action by SCO against any of the identified parties.

3.  Oracle's decisions to certify any version of any Oracle software product, or to decline to certify any such version of any Oracle software product, for operation on any version of SCO's UnixWare or OpenServer products at any time since January 1, 2000.

4.  Oracle's communications, both internally and with any third party, regarding its decision(s) to certify or decline to certify any version of any Oracle software product for operation on any version of SCO's UnixWare or OpenServer products since January 1, 2000.

5.  Oracle's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc., including:

    a.  All certifications issued by Oracle for any Oracle software product for operation on any version of UnixWare or OpenServer at any time;

    b.  All software agreements by which Oracle licensed any version of UNIX System V binary or source code from SCO or a predecessor (including any version of OpenServer and UnixWare);

    c.  All agreements of any kind by which Oracle obtained access to any version of UNIX System V (including any version of OpenServer and UnixWare) binary or source code; and

    d.  The purpose, scope, duration and subject matter of all agreements of any kind between Oracle and SCO, Caldera Systems, Inc. and/or The Santa Cruz Operation, Inc. since January 1, 1995.

6.  Identification of all versions of all Oracle software products that Oracle certified for operation on any version of any UNIX-based operating system, including but not limited to UnixWare, OpenServer, AIX, HPUX, Irix, Dynix, and Linux, since January 1, 1995.

7.  Identification of all instances in which Oracle has been asked to certify any version of any Oracle software product for operation on any operating system, but has refused to do so, since January 1, 1995.

3

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the

foregoing SCO'S NOTICE OF 30(b)(6) DEPOSITION was served by mail on Defendant, IBM,

on the 11th day of January, 2006, by facsimile and U.S. Mail to:

      Oracle Corporation
      500 Oracle Parkway
      Redwood Shores, CA  94065

      David Marriott, Esq.
      Cravath, Swaine & Moore LLP
      Worldwide Plaza
      825 Eighth Avenue
      New York, New York  10019

      Todd Shaughnessy, Esq.
      Snell & Wilmer LLP
      1200 Gateway Tower West
      15 West South Temple
      Salt Lake City, Utah 84101-1004

and by U.S. Mail to:

      Donald J. Rosenberg, Esq.
      1133 Westchester Avenue
      White Plains, New York 10604

4

# EXHIBIT G

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

__Northern__ DISTRICT OF __California__

The SCO Group, Inc.

## V.

International Business Machines Corp.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: '  2:03CV0294 District of Utah

TO:   Intel Corporation
2200 Mission College Blvd.
Santa Clara, CA 95052-8119

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Boies, Schiller & Flexner LLP<br>1999 Harrison Street, Suite 900, Oakland, CA 94612 | DATE AND TIME<br>Jan. 27, 2006 9 a.m. |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE<br>Boies, Schiller & Flexner LLP<br>1999 Harrison Street, Suite 900, Oakland, CA 94612 | DATE AND TIME<br>Jan. 27, 2006 9 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Edward Normand_ For Plaintiff | 1/26/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward Normand, Esq., Boies, Schiller & Flexner LLP
333 Main Street, Armonk, NY 10504 (914) 749-8200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

' If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

You are instructed to produce the following documents at the time and place specified in the subpoena:

1.  Documents concerning any communications with IBM relating to SCO, SCO's lawsuit against IBM, SCO's lawsuit against Novell, Inc., or SCO's lawsuit against AutoZone, Inc.

2.  Documents concerning the communications between Intel and IBM during each of their so-called "IBM/Intel Executive 5x5" meetings, such as the one that occurred on January 30, 2001.

3.  Documents concerning Intel's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc.

4.  Documents concerning Intel's efforts and attempts to make the following UNIX System V Release 4 ("SVR4") header file Application Program Interfaces ("APIs") a standard for public use as part of Single UNIX Specification 2001:

    *   difch.h
    *   fmtmsg.h
    *   ftw.h
    *   shm.h
    *   ipc.h
    *   libgen.h
    *   msg.h
    *   poll.h
    *   sem.h
    *   statvfs.h
    *   strings.h
    *   stropts.h
    *   syslog.h
    *   ucontext.h
    *   ulimit.h
    *   utime.h
    *   utmpx.h
    *   utsname.h

5.  Documents concerning Intel's efforts to work with IBM on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel, including Intel's communications with IBM regarding the foregoing efforts.

6. Documents concerning Intel's participation in the development of any version of or supplement to the UNIX System V application binary interface (or "ABI") and UNIX System V interface definition (or "SVID").

## Instructions and Definitions

### A. Definitions

1. The term "AIX" shall mean the UNIX-based operating system known by that name distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications. The term "AIX" shall include, but not be limited to, all versions of the "AIX for Power PC" and "AIX for Itanium" operating systems.

2. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

3. The term "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, and electronic mailing lists. The term "document" specifically includes electronic mail ("e-mail") and any attachments and files created, maintained, or existing in electronic form.

4. The term "Dynix" shall mean the UNIX-based operating system known by that name distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications. The term "Dynix" shall include, but not be limited to, all versions of the "Dynix/ptx" operating system.

5. The term "include" or "including" shall mean including without limitation.

6. The term "Linux" shall mean any version of Linux.

7. The term "UNIX" shall mean any and all versions, flavors, or other variants of any UNIX computer operating system, including, without limitation, all operating systems certified as conforming to the UNIX-brand standards.

### B. Instructions

1.  Each paragraph herein should be construed independently and, unless otherwise stated, without reference to any other paragraph for the purpose of limitation.

2.  Unless otherwise specified, the documents requested are the responsive documents in your possession, control or custody that were prepared, written, sent, dated, received, applicable or in effect at any time up to the date of your compliance with this demand.

3.  Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4.  All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

5.  With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to the Federal Rules of Civil Procedure.

6.  If, for reasons other than a claim of privilege, you refuse to provide any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

7.  *The deposition will be recorded by stenographic and audio-visual means.*

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff | **SCO'S NOTICE OF 30(b)(6) DEPOSITION**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, counsel for plaintiff, The SCO Group, Inc. ("SCO"), will take the deposition

upon oral examination of Intel Corporation ("Intel"), on January 27, 2006, beginning at 9:00

a.m.. This deposition will be taken at the offices of SCO's counsel Boies, Schiller & Flexner

LLP, 1999 Harrison Street, Suite 900, Oakland, CA 94612, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

Intel is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to Intel, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure and the local rules or individual practices of this Court:

DATED this 26th day of January, 2006.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By Edward Normand

*Counsel for The SCO Group, Inc.*

2

## TOPICS FOR DEPOSITION

1. Any communications with IBM relating to SCO, SCO's lawsuit against IBM, SCO's lawsuit against Novell, Inc., or SCO's lawsuit against AutoZone, Inc.

2. The communications between Intel and IBM during each of their so-called "IBM/Intel Executive 5x5" meetings, such as the one that occurred on January 30, 2001.

3. Intel's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc.

4. Intel's efforts and attempts to make the following UNIX System V Release 4 ("SVR4") header file Application Program Interfaces ("APIs") a standard for public use as part of Single UNIX Specification 2001:

   - difch.h
   - fmtmsg.h
   - ftw.h
   - shm.h
   - ipc.h
   - libgen.h
   - msg.h
   - poll.h
   - sem.h
   - statvfs.h
   - strings.h
   - stropts.h
   - syslog.h
   - ucontext.h
   - ulimit.h
   - utime.h
   - utmpx.h
   - utsname.h

5. Intel's efforts to work with IBM on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel, including Intel's communications with IBM regarding the foregoing efforts.

6. Intel's participation in the development of any version of or supplement to the UNIX System V application binary interface (or "ABI") and UNIX System V interface definition (or "SVID").

3

# EXHIBIT H

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Massachusetts _____

The SCO Group, Inc.

**SUBPOENA IN A CIVIL CASE**

V.

International Business Machines Corp.

CASE NUMBER: [1]  2:03CV0294 District of Utah

TO:  The Open Group
8 New England Executive Park, Suite 325
Burlington MA 01803

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ropes & Gray LLP | Jan. 27, 2006 9 a.m. |
| One International Place, Boston, Massachusetts 02110 | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Ropes & Gray LLP | Jan. 27, 2006 9 a.m. |
| One International Place, Boston, Massachusetts 02110 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Edward Normand  For Plaintiff | 1/26/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward Normand, Esq., Boies, Schiller & Flexner LLP
333 Main Street, Armonk, NY 10504 (914) 749-8200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

You are instructed to produce the following documents at the time and place specified in the subpoena:

1. Documents concerning the creation or development of, and the reasons for creating or developing, Single UNIX Specification 2001.

2. Documents concerning the Open Group's policies and procedures for obtaining legal permission to obtain and use material from third parties in any standard.

3. Documents concerning the inclusion of the following header files in the Single UNIX Specification 2001:

   - difch.h
   - fmtmsg.h
   - ftw.h
   - shm.h
   - ipc.h
   - libgen.h
   - msg.h
   - poll.h
   - sem.h
   - statvfs.h
   - strings.h
   - stropts.h
   - syslog.h
   - ucontext.h
   - ulimit.h
   - utime.h
   - utmpx.h
   - utsname.h

4. Documents concerning any authority from SCO (or any of its predecessors-in-interest) to include any of the header files in Topic 3 as part of Single UNIX Specification 2001.

5. Documents concerning the creation or development of the standards appearing in The Open Group Base Specifications Issue 6.

6. Documents concerning the Open Group's efforts to work on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel.

7. *Documents concerning the creation or development of the following specification documents for Linux Standards Base:*

- Common Linux ELF Binary Specification
- Linux for IA-32 ELF Binary Specification
- Linux for IA-64 ELF Binary Specification
- Linux for PPC-32 ELF Binary Specification
- Linux for PPC-64 ELF Binary Specification
- Linux for S-390 ELF Binary Specification

8. *Documents concerning any authority from SCO (or any of its predecessors-in-interest) to include the ELF standards and documentation in Topic 7 as part of any Open Group standards release.*

## Instructions and Definitions

### A. Definitions

1. The term "AIX" shall mean the UNIX-based operating system known by that name distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications. The term "AIX" shall include, but not be limited to, all versions of the "AIX for Power PC" and "AIX for Itanium" operating systems.

2. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

3. The term "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, and electronic mailing lists. The term "document" specifically includes electronic mail ("e-mail") and any attachments and files created, maintained, or existing in electronic form.

4. The term "Dynix" shall mean the UNIX-based operating system known by that name distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications. The term "Dynix" shall include, but not be limited to, all versions of the "Dynix/ptx" operating system.

5. The term "include" or "including" shall mean including without limitation.

6. The term "Linux" shall mean any version of Linux.

7. The term "UNIX" shall mean any and all versions, flavors, or other variants of any UNIX computer operating system, including, without limitation, all operating systems certified as conforming to the UNIX-brand standards.

## B. **Instructions**

1. Each paragraph herein should be construed independently and, unless otherwise stated, without reference to any other paragraph for the purpose of limitation.

2. Unless otherwise specified, the documents requested are the responsive documents in your possession, control or custody that were prepared, written, sent, dated, received, applicable or in effect at any time up to the date of your compliance with this demand.

3. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

5. With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to the Federal Rules of Civil Procedure.

6. If, for reasons other than a claim of privilege, you refuse to provide any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

7. The deposition will be recorded by stenographic and audio-visual means.

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC. <br><br> Plaintiff/Counterclaim-Defendant <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff | **SCO'S NOTICE OF 30(b)(6) DEPOSITION** <br><br> Case No. 2:03CV0294DAK <br> Honorable Dale A. Kimball <br> Magistrate Judge Brooke C. Wells |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, counsel for plaintiff, The SCO Group, Inc. ("SCO"), will take the deposition

upon oral examination of The Open Group ("Open Group"), on January 27, 2006, beginning at

9:00 a.m. This deposition will be taken at the offices of Ropes & Gray LLP, One International

Place, Boston, MA 02110, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

Open Group is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to Open Group, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure and the local rules or individual practices of this Court.

DATED this 26th day of January, 2006.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By _Edward Normand_

*Counsel for The SCO Group, Inc.*

2

## TOPICS FOR DEPOSITION

1. The creation or development of, and the reasons for creating or developing, Single UNIX Specification 2001.

2. The Open Group's policies and procedures for obtaining legal permission to obtain and use material from third parties in any standard.

3. The inclusion of the following header files in the Single UNIX Specification 2001:

   - difch.h
   - fmtmsg.h
   - ftw.h
   - shm.h
   - ipc.h
   - libgen.h
   - msg.h
   - poll.h
   - sem.h
   - statvfs.h
   - strings.h
   - stropts.h
   - syslog.h
   - ucontext.h
   - ulimit.h
   - utime.h
   - utmpx.h
   - utsname.h

4. Any authority from SCO (or any of its predecessors-in-interest) to include any of the header files in Topic 3 as part of Single UNIX Specification 2001.

5. The creation or development of the standards appearing in The Open Group Base Specifications Issue 6.

6. The Open Group's efforts to work on UNIX Developer Guide - Programming Interface ("UDG-PI") in order to make Executable and Linking Format ("ELF") binary specifications a publicly available standard for UNIX-on-Intel.

7. The creation or development of the following specification documents for Linux Standards Base:

   - Common Linux ELF Binary Specification
   - Linux for IA-32 ELF Binary Specification

3

- Linux for IA-64 ELF Binary Specification
- Linux for PPC-32 ELF Binary Specification
- Linux for PPC-64 ELF Binary Specification
- Linux for S-390 ELF Binary Specification

8. Any authority from SCO (or any of its predecessors-in-interest) to include the ELF standards and documentation in Topic 7 as part of any Open Group standards release.

4

# EXHIBIT I

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

|  Northern  | DISTRICT OF | California |
|---|---|---|

The SCO Group, Inc.

### SUBPOENA IN A CIVIL CASE

**V.**

International Business Machines Corp.

CASE NUMBER: [1]   2:03CV0294 District of Utah

TO:   Oracle Corporation
500 Oracle Pkwy.
Redwood City, CA 94065

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Boies, Schiller & Flexner LLP 1999 Harrison Street, Suite 900, Oakland, CA 94612 | Jan. 27, 2006 9 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Boies, Schiller & Flexner LLP 1999 Harrison Street, Suite 900, Oakland, CA 94612 | Jan. 27, 2006 9 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Edward Normand   Attorney-Plaintiff | 1/26/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Edward Normand, Esq., Boies, Schiller & Flexner LLP
333 Main Street, Armonk, NY 10504 (914) 749-8200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

You are instructed to produce the following documents at the time and place specified in the subpoena:

1. Documents concerning any communications with IBM from and after June 1, 2001, relating to SCO.

2. Documents concerning any communication with IBM from and after January 1, 2003, relating to SCO's current lawsuit against IBM, SCO's current lawsuit against Novell, Inc., and SCO's current lawsuit against AutoZone, Inc. or the possibility of legal action by SCO against any of the identified parties.

3. Documents concerning Oracle's decisions to certify any version of any Oracle software product, or to decline to certify any such version of any Oracle software product, for operation on any version of SCO's UnixWare or OpenServer products at any time since January 1, 2000.

4. Documents concerning Oracle's communications, both internally and with any third party, regarding its decision(s) to certify or decline to certify any version of any Oracle software product for operation on any version of SCO's UnixWare or OpenServer products since January 1, 2000.

5. Documents concerning Oracle's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc., including:

   a. All certifications issued by Oracle for any Oracle software product for operation on any version of UnixWare or OpenServer at any time;

   b. All software agreements by which Oracle licensed any version of UNIX System V binary or source code from SCO or a predecessor (including any version of OpenServer and UnixWare);

   c. All agreements of any kind by which Oracle obtained access to any version of UNIX System V (including any version of OpenServer and UnixWare) binary or source code; and

   d. The purpose, scope, duration and subject matter of all agreements of any kind between Oracle and SCO, Caldera Systems, Inc. and/or The Santa Cruz Operation, Inc. since January 1, 1995.

6. Documents concerning the identification of all versions of all Oracle software products that Oracle certified for operation on any version of any

UNIX-based operating system, including but not limited to UnixWare, OpenServer, AIX, HPUX, Irix, Dynix, and Linux, since January 1, 1995.

7. Documents concerning the identification of all instances in which Oracle has been asked to certify any version of any Oracle software product for operation on any operating system, but has refused to do so, since January 1, 1995.

## Instructions and Definitions

### A. Definitions

1. The term "AIX" shall mean the UNIX-based operating system known by that name distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications. The term "AIX" shall include, but not be limited to, all versions of the "AIX for Power PC" and "AIX for Itanium" operating systems.

2. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing, or constituting.

3. The term "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, and electronic mailing lists. The term "document" specifically includes electronic mail ("e-mail") and any attachments and files created, maintained, or existing in electronic form.

4. The term "Dynix" shall mean the UNIX-based operating system known by that name distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications. The term "Dynix" shall include, but not be limited to, all versions of the "Dynix/ptx" operating system.

5. The term "include" or "including" shall mean including without limitation.

6. The term "Linux" shall mean any version of Linux.

7. The term "UNIX" shall mean any and all versions, flavors, or other variants of any UNIX computer operating system, including, without limitation, all operating systems certified as conforming to the UNIX-brand standards.

### B. Instructions

1. Each paragraph herein should be construed independently and, unless otherwise stated, without reference to any other paragraph for the purpose of limitation.

2. Unless otherwise specified, the documents requested are the responsive documents in your possession, control or custody that were prepared, written, sent, dated, received, applicable or in effect at any time up to the date of your compliance with this demand.

3. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

5. With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to the Federal Rules of Civil Procedure.

6. If, for reasons other than a claim of privilege, you refuse to provide any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

7. The deposition will be recorded by stenographic and audio-visual means.

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| THE SCO GROUP, INC. | **SCO'S NOTICE OF 30(b)(6) DEPOSITION** |
|---|---|
| Plaintiff/Counterclaim-Defendant | Case No. 2:03CV0294DAK |
| v. | Honorable Dale A. Kimball Magistrate Judge Brooke C. Wells |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | |
| *Defendant/Counterclaim-Plaintiff* | |

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, counsel for plaintiff, The SCO Group, Inc. ("SCO"), will take the deposition

upon oral examination of Oracle Corporation ("Oracle"), on January 27, 2006, beginning at 9:00

a.m. This deposition will be taken at the offices of SCO's counsel Boies, Schiller & Flexner

LLP, 1999 Harrison Street, Suite 900, Oakland, CA 94612, and will be taken pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

Oracle is directed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents or other person(s) who consent to testify on its behalf concerning matters known or reasonably available to Oracle, concerning the topics specified below. The deposition will be taken before a Notary Public authorized by law to administer an oath and will continue from day-to-day until completed. The deposition will be recorded by stenographic and videotape means.

SCO incorporates all instructions, definitions and rules contained in Rules 30 and 34 of the Federal Rules of Civil Procedure and the local rules or individual practices of this Court.

DATED this 26th day of January, 2006.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By _Edward Normand_

*Counsel for The SCO Group, Inc.*

2

## TOPICS FOR DEPOSITION

1. Any communications with IBM from and after June 1, 2001, relating to SCO.

2. Any communication with IBM from and after January 1, 2003, relating to SCO's current lawsuit against IBM, SCO's current lawsuit against Novell, Inc., and SCO's current lawsuit against AutoZone, Inc. or the possibility of legal action by SCO against any of the identified parties.

3. Oracle's decisions to certify any version of any Oracle software product, or to decline to certify any such version of any Oracle software product, for operation on any version of SCO's UnixWare or OpenServer products at any time since January 1, 2000.

4. Oracle's communications, both internally and with any third party, regarding its decision(s) to certify or decline to certify any version of any Oracle software product for operation on any version of SCO's UnixWare or OpenServer products since January 1, 2000.

5. Oracle's business and contractual relationships with SCO, Caldera Systems, Inc., and The Santa Cruz Operation, Inc., including:

    a. All certifications issued by Oracle for any Oracle software product for operation on any version of UnixWare or OpenServer at any time;

    b. All software agreements by which Oracle licensed any version of UNIX System V binary or source code from SCO or a predecessor (including any version of OpenServer and UnixWare);

    c. All agreements of any kind by which Oracle obtained access to any version of UNIX System V (including any version of OpenServer and UnixWare) binary or source code; and

    d. The purpose, scope, duration and subject matter of all agreements of any kind between Oracle and SCO, Caldera Systems, Inc. and/or The Santa Cruz Operation, Inc. since January 1, 1995.

6. Identification of all versions of all Oracle software products that Oracle certified for operation on any version of any UNIX-based operating system, including but not limited to UnixWare, OpenServer, AIX, HPUX, Irix, Dynix, and Linux, since January 1, 1995.

7. Identification of all instances in which Oracle has been asked to certify any version of any Oracle software product for operation on any operating system, but has refused to do so, since January 1, 1995.