# EXHIBIT B

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

The SCO Group, Inc.

V.

International Business Machines Corporation

## SUBPOENA IN A CIVIL CASE

CASE NUMBER[1]: 2:03CV-0294
District of Utah

To: Baystar Capital
80 East Sir Francis Drake, Suite 2B
Larkspur, CA 94939

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The testimony will be recorded by the following method(s):
☐ stenographic; ☐ sound; ☒ sound and visual

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| LegaLink San Francisco<br>575 Market Street, 11th Floor<br>San Francisco, CA 94105 | March 16, 2006<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| LegaLink San Francisco<br>575 Market Street, 11th Floor<br>San Francisco, CA 94105 | March 7, 2006<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for International Business Machines Corporation | February 21, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David R. Marriott, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019
(212) 474-1430

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE ||
|---|---|
| DATE | PLACE |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                   DATE                  SIGNATURE OF SERVER

                                         _____
                                         ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(ii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subject a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Topics for 30(b)(6) Deposition of Baystar Capital

1. Communications between Baystar and SCO.

2. Agreements involving Baystar and SCO.

3. Baystar's relationship with SCO.

4. Statements made by Baystar about SCO.

5. Baystar's investment in SCO.

6. Baystar's knowledge of SCO's business.

7. Communications between Baystar and Microsoft regarding SCO, IBM, or this litigation.

8. Baystar's response to and efforts to comply with this subpoena and IBM's subpoena to Baystar dated May 10, 2004.

## ATTACHMENT A TO SUBPOENA TO BAYSTAR CAPITAL

You are instructed to produce the following documents at the time and place specified in the subpoena.

### Documents To Be Produced

1. All documents concerning communications between Baystar and SCO.

2. All documents concerning agreements involving Baystar and SCO.

3. All documents concerning Baystar's relationship with SCO.

4. All documents concerning statements made by Baystar about SCO.

5. All documents concerning Baystar's investment in SCO.

6. All documents concerning Baystar's knowledge of SCO's business.

7. All documents concerning communications between Baystar and Microsoft regarding SCO, IBM, or this litigation.

### Definitions and Instructions

Defendant IBM hereby incorporates by reference all instructions, definitions and rules contained in Rules 30, 33, 34, and 45 of the Federal Rules of Civil Procedure and the local rules or individual practices of this Court and supplements them with the following definitions and instructions:

A. Definitions

1. The term "communication" shall mean any transmittal of information, whether oral or written, including correspondence, electronic mail and other internet transmissions, web pages, Internet Relay Chat logs, telex, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, notes or memoranda relating to written or oral communications.

2

2. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing or constituting.

3. The term "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term document shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, electronic mailing lists or automated fax support systems. The term "document" specifically includes electronic mail, electronic correspondence, or electronic peer-to-peer messages ("e-mail") and any attachments and files created and maintained in electronic form in the normal course of business.

4. The term "person" refers to natural persons or all private or public entities.

5. The term "SCO" shall mean and include, collectively and/or individually, Caldera Systems, Inc., Caldera International, Inc., or The SCO Group, Inc., and all its directors, officers, authorized agents, employees, consultants, attorneys, sales representatives, distributors, dealers, direct and indirect contractors, entities that were in part or in whole acquired by or merged with Caldera Systems, Inc., Caldera International, Inc., or The SCO Group, Inc., affiliates, subsidiaries or predecessor companies of Caldera Systems, Inc., Caldera International, Inc., or The SCO Group, Inc., and/or all other persons acting on behalf of Caldera Systems, Inc., Caldera International, Inc., or The SCO Group, Inc. This includes the Server Software and Professional Services divisions

3

acquired in 2001 by Caldera International, Inc. from Tarantella, Inc., f/k/a The Santa Cruz Operation, Inc ("Tarantella").

6. The term "Baystar" shall mean and include, collectively and/or individually, Baystar Capital and all its directors, officers, authorized agents, employees, consultants, attorneys, representatives, direct and indirect contractors, and/or all other persons acting on behalf of Baystar Capital.

7. The term "Microsoft" shall mean and include, collectively and/or individually, Microsoft Corporation and all its directors, officers, authorized agents, employees, consultants, attorneys, representatives, direct and indirect contractors, and/or all other persons acting on behalf of Microsoft Corporation.

B. Instructions

1. Each paragraph should herein be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

2. The use of any definition for the purposes of this request shall not be deemed to constitute an agreement or acknowledgment on the part of defendant that such definition is accurate, meaningful or appropriate for any other purpose in this action.

3. Unless otherwise specified, the documents requested are the responsive documents in your possession, control or custody that were prepared, written, sent, dated, received, applicable or in effect at any time up to the date of your compliance with this demand.

4. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, it shall be produced to the

extent possible with an explanation stating why production of the remainder is not possible.

5. Each page or sheet produced is to be marked with a consecutive document control number.

6. All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

7. With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to Rules 26(b)(5) and 45(d)(2) of the Federal Rules of Civil Procedure.

8. If, for reasons other than a claim of privilege, you refuse to produce any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

9. If there are no documents responsive to any paragraph or subparagraph set forth in the requests, please provide a written response so stating.