# Exhibit A

(Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation,<br><br>Defendant/Counterclaim-Plaintiff. | **SUBPOENA IN A CIVIL CASE**<br><br>Case No. 2:03-CV-00294 DAK<br><br>District of Utah, Central Division<br><br>Judge: Dale A. Kimball |

TO:
**JP Morgan Securities, Inc.**
**270 Park Ave**
**New York NY 10017**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

See Attachment A hereto.

| PLACE<br>Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019 | DATE AND TIME<br>March 15, 2006 |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*   Attorney for Defendant | DATE<br>February 28, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter H. Donaldson, Snell & Wilmer, 15 West South Temple, Suite 1200, Salt Lake City, UT 84101
(801) 257-1900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

                        DATE                                                                    SIGNATURE OF SERVER

                                                                                                         ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d):

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include,but is not limited to, lost earnings and a reasonable attorney's fee.

 (2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commended to appear for deposition, hearing or trial.

 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party service the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

 (3) (A)  On timely motion,the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i)  fails to allow reasonable time for compliance;
  (ii)  requires a persona who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii)  requires disclosure of privileged or other protected matter and no exception or waiver apples, or
  (iv)  subjects a person to undue burden.

 (B) If a subpoena
  (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii)  requires a persona who is not a party or an officer of a party to incur substantial expense to travel more an 100 miles to attend trial, the court amy, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is

issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

JP Morgan Securities, Inc.
270 Park Ave
New York NY 10017

## ATTACHMENT A TO SUBPOENA TO JP MORGAN SECURITIES, INC.

You are instructed to produce the following documents at the time and place specified in the subpoena:

### Novell-Santa Cruz Unix Transaction Fairness Opinion Documents

1. All documents in your possession, custody, or control that refer, reflect, or relate to the letter, dated September 19, 1995, from David G. Golden of Hambrecht & Quist LLC to "Board of Directors, The Santa Cruz Operation, Inc." (the "**Fairness Opinion**").

2. To the extent not called for above, all documents relied on or referred to in the Fairness Opinion, all interim or draft versions of the Fairness Opinion, and all communications or correspondence, whether formal or informal, concerning the Fairness Opinion.

### Novell-Santa Cruz Unix Transaction Documents

3. To the extent not called for above, all documents in your possession, custody, or control that refer, reflect or relate to the Asset Purchase Agreement, dated September 19, 1995 ("**APA**"), by and between Novell and Santa Cruz (defined below), including, without limitation, any and all transactional, due diligence, or financial documents related to the sale or transfer of assets or stock in connection with that transaction together with any reports, analyses, valuations, appraisals, or opinions related to the transaction.

4. To the extent not called for above, any and all transactional, due diligence, or financial documents concerning the sale or transfer of Unix or Unix-related assets from Novell to Santa Cruz.

5. To the extent not called for above, the final report, including supporting exhibits, and all work papers supporting the allocation of the purchase price paid by Santa Cruz to Novell for the 1995 purchase of Unix or Unix related assets, including but not limited to the following:

    a. Drafts,
    b. Market research,
    c. Historical financial information for the Unix business or assets,
    d. Financial projections for the Unix business or assets,

   e. Notes,
   f. Client interviews,
   g. Discount rate support and analysis,
   h. Licensing agreements of the intellectual property or any licensing agreements used in the allocation,
   i. Any other information used to allocate the purchase price of the acquisition for financial reporting purposes.

  6. To the extent not called for above, the final report and all documents supporting any impairment analysis or valuation of intangible assets concerning Unix or Unix-related assets, from 1995 to 2001

  7. To the extent not called for above, any and all documents, communications, or correspondence, whether formal or informal, concerning the foregoing topics.

## Definitions and Instructions

**A.** **Definitions:**

  1. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing or constituting.

  2. The term "document" shall be synonymous in meaning and usage with the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e. magnetic or other storage media), World Wide Web pages, electronic mailing lists or automated fax support systems. The term "document" specifically includes electronic mail, electronic correspondence, or electronic peer-to-peer messages ("e-mail") and any attachments and files created and maintained in electronic form in the ordinary course of business.

  3. The term "including" shall mean including without limitation.

  4. The term "person" shall mean any natural person or any private or public entity.

  5. The term "Santa Cruz" shall mean and include, collectively and/or individually, The Santa Cruz Operation, Inc. or Tarantella, Inc. and all directors, officers, authorized agents,

384638.2

employees, consultants, attorneys, representatives, direct and indirect contractors, and/or all other persons acting on behalf of The Santa Cruz Operation, Inc. or Tarantella, Inc.

6. The term "Unix" shall mean any and all versions, flavors, or other variants of any Unix computer operating system, including but not limited to all operating systems certified as conforming to the Unix-brand standards set by The Open Group.

7. The term "Unix-related" shall mean any and all technology or intellectual property related to or based upon Unix, including but not limited to the "UnixWare" and "OpenServer" technologies.

**B.   Instructions:**

8. Each paragraph should herein be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

9. The use of any definition for the purposes of this request shall not be deemed to constitute an agreement or acknowledgment on the part of IBM that such definition is accurate, meaningful or appropriate for any other purpose in this action.

10. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, is shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11. Each page or sheet produced is to be marked with a consecutive document control number.

12. All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

13. All documents produced in response to this subpoena shall be produced, where available, in electronic or machine-readable form.

384638.2

# Exhibit B

(Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation,<br><br>Defendant/Counterclaim-Plaintiff. | **SUBPOENA IN A CIVIL CASE**<br><br>Case No. 2:03-CV-00294 DAK<br><br>District of Utah, Central Division<br><br>Judge: Dale A. Kimball |

TO:

**The McGraw-Hill Companies, Inc.**
**1221 Avenue of the Americas**
**New York, NY 10020**

**C/O Prentice-Hall Corporation System, Registered Agent, The McGraw-Hill Companies, Inc.**
**10 E South Temple, Ste 900**
**Salt Lake City, UT 84133**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

See Attachment A hereto.

| PLACE<br>Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019 | DATE AND TIME<br>March 15, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* Attorney for Defendant | DATE<br>February 28, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter H. Donaldson, Snell & Wilmer, 15 West South Temple, Suite 1200, Salt Lake City, UT 84101
(801) 257-1900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____  
DATE

_____  
SIGNATURE OF SERVER

_____  
ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party service the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i)   fails to allow reasonable time for compliance;
   (ii)   requires a persona who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii)   requires disclosure of privileged or other protected matter and no exception or waiver apples, or
   (iv)   subjects a person to undue burden.

(B)   If a subpoena
   (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii)   requires a persona who is not a party or an officer of a party to incur substantial expense to travel more an 100 miles to attend trial, the court amy, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is

- 2 -

issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Prentice-Hall Corporation System, Registered Agent, The McGraw-Hill Companies, Inc.
10 E South Temple, Ste 900
Salt Lake City, UT 84133

## ATTACHMENT A TO SUBPOENA TO THE McGRAW-HILL COMPANIES, INC.

You are instructed to produce the following documents at the time and place specified in the subpoena:

### Santa Cruz Intangible Asset Valuation Documents

1. All documents in your possession, custody, or control that refer, reflect, or relate to the document entitled "Estimation of the Fair Market Value of Certain Intangible Assets of Santa Cruz Operation, Inc. as of May 4, 2001" as prepared by PricewaterhouseCoopers LLP on August 31, 2001 and sent to:

> Mr. Michael Olson,
> Controller
> Caldera Systems, Inc.
> 240 West Center Street
> Orem, UT 84057

(the "**Valuation Report**").

2. To the extent not called for above, all documents relied on or referred to in the Valuation Report, all interim or draft versions of the Valuation Report, and all communications or correspondence, whether formal or informal, concerning the Valuation Report.

### Santa Cruz-Caldera Unix Transaction Documents

1. To the extent not called for above, all documents in your possession, custody, or control that refer, reflect, or relate to the Agreement and Plan of Reorganization, dated August 1, 2000 and amended on September 13, 2000, December 12, 2000, and February 9, 2001 by and between Santa Cruz, Caldera Systems, Inc., and Caldera International, Inc., including, without limitation, any and all transactional, due diligence, or financial documents related to the sale or transfer of assets in connection with that transaction together with any reports, analyses, valuations, appraisals, or opinions related to the transaction.

384476.4

2.  To the extent not called for above, any and all transactional, due diligence, or financial documents concerning the sale or transfer of Unix or Unix-related assets from Santa Cruz to Caldera (defined below).

3.  To the extent not called for above, the final report, including supporting exhibits, and all work papers supporting the Impairment/Valuation Analysis, incorporated in Caldera's October 31, 2001 10K filing with the United States Securities and Exchange Commission, concerning the Server and Professional Services Group acquired from Santa Cruz, including but not limited to the following:

    a. Drafts,
    b. Market research,
    c. Historical financial information for the Unix business,
    d. Financial projections for the Unix business,
    e. Notes,
    f. Client interviews,
    g. Discount rate support and analysis,
    h. Guideline or company research or analysis,
    i. Any other information used to allocate the purchase price of the acquisition for financial reporting purposes.

4.  To the extent not called for above, the final report and all documents supporting any impairment analysis or valuation of intangible assets concerning Unix or Unix-related assets, from 2001 to the present.

5.  To the extent not called for above, any and all documents, communications, or correspondence, whether formal or informal, concerning the foregoing topics.

## Definitions and Instructions

### A. Definitions:

1. The term "Caldera" shall mean and include, collectively and/or individually, Caldera Systems, Inc., Caldera International, Inc., The SCO Group, Inc., or any affiliated entities, and all directors, officers, authorized agents, employees, consultants, attorneys, representatives, direct and indirect contractors, and/or all other persons acting on behalf of Caldera Systems, Inc., Caldera International, Inc., The SCO Group, Inc., or any affiliated entities.

2. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing or constituting.

3. The term "document" shall be synonymous in meaning and usage with the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e. magnetic or other storage media), World Wide Web pages, electronic mailing lists or automated fax support systems. The term "document" specifically includes electronic mail, electronic correspondence, or electronic peer-to-peer messages ("e-mail") and any attachments and files created and maintained in electronic form in the ordinary course of business.

4. The term "including" shall mean including without limitation.

5. The term "person" shall mean any natural person or any private or public entity.

6. The term "Santa Cruz" shall mean and include, collectively and/or individually, The Santa Cruz Operation, Inc. or Tarantella, Inc. and all directors, officers, authorized agents, employees, consultants, attorneys, representatives, direct and indirect contractors, and/or all other persons acting on behalf of The Santa Cruz Operation, Inc. or Tarantella, Inc.

384476.4

7. The term "Unix" shall mean any and all versions, flavors, or other variants of any Unix computer operating system, including but not limited to all operating systems certified as conforming to the Unix-brand standards set by The Open Group.

8. The term "Unix-related" shall mean any and all technology or intellectual property related to or based upon Unix, including but not limited to the "UnixWare" and "SCO OpenServer" technologies.

**B.  Instructions:**

9. Each paragraph should herein be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

10. The use of any definition for the purposes of this request shall not be deemed to constitute an agreement or acknowledgment on the part of IBM that such definition is accurate, meaningful or appropriate for any other purpose in this action.

11. Each requested document shall be produced in its entirety. If a document responsive to any request cannot be produced in full, is shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

12. Each page or sheet produced is to be marked with a consecutive document control number.

13. All documents produced in response to this subpoena shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where attached, shall not be separated or disassembled.

14. All documents produced in response to this subpoena shall be produced, where available, in electronic or machine-readable form.

384476.4