ISSUED BY THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

THE SCO GROUP INC

                Plaintiff(s),          AFFIDAVIT OF SERVICE

v

                                  Case No.: 2:03-CV-00294 DAK

INTERNATIONAL BUSINESS MACHINES CORP

                Defendant(s)         HEARING DATE:03-09-2006

---

I HEREBY MAKE RETURN OF SERVICE AND CERTIFY

1. I am a citizen of the United States and a person over 18 years of age and was at the time of this service and not a party to, nor interested in, the above entitled action.

2. I received the **SUBPOENA IN A CIVIL CASE** on the date of **02-23-2006** and served same upon the subject of service, by leaving one copy with a person of suitable age and discretion at the subject's X residence or place of business who is authorized by law to accept or receive service of process on subject's behalf.

3. Subject of service:   **HOULIHAN VALUATION ADVISORS**

    By leaving a copy with:   **RICARDO MIRANDA, REGISTERED AGENT**

    On the date of:**02-23-2006**    at the time of: **10:15 AM**

    At the address of: **675 E 2100 S #260 SALT LAKE CITY UT 84106**

4. I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct.

                                      WENDY STOWERS, PROCESS SERVER

Subscribed and sworn to before me this 02-23-2006.

                                      Notary Public in and for the State of Utah

KRISTA MCKEE
NOTARY PUBLIC • STATE of UTAH
5258 S PINEMONT DR #B210
MURRAY, UT 84123
MY COMM. EXP. 03-01-2009

Miles: 4 Trips: 2 Service: $15.00 Mileage: $12.00 Total: **$27.00**
**ProServe Professional Services, LLC, 5258 S. Pinemont Drive #B210, Murray UT 84123 (800) 499-3844**

(Rev. 1/94) Subpoena in a Civil Case

| Issued by the<br>**UNITED STATES DISTRICT COURT**<br>DISTRICT OF UTAH, CENTRAL DIVISION ||
|---|---|
| THE SCO GROUP, INC., a Delaware corporation,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation,<br><br>Defendant/Counterclaim-Plaintiff. | **SUBPOENA IN A CIVIL CASE**<br><br>Case No. 2:03-CV-00294 DAK<br><br>Judge: Dale A. Kimball |

TO:
**Houlihan Valuation Advisors**
**675 E 2100 S, Ste 260**
**Salt Lake City, UT 84106**

**C/O Ricardo Miranda, Registered Agent, Houlihan Valuation Advisors of Utah**
**675 E 2100 S, Ste 260**
**Salt Lake City, UT 84106**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

See Attachment A hereto.

| PLACE<br><br>Snell & Wilmer, 15 W. South Temple, #1200, SLC, UT 84101 | DATE AND TIME<br><br>March 9, 2006 |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT<br><br>[signature]   Attorney for Defendant | DATE<br><br>February 22, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter H. Donaldson, Snell & Wilmer, 15 West South Temple, Suite 1200, Salt Lake City, UT 84101
(801) 257-1900

2/22/06 1745 not in none else would accept
2/23/06 10:15 Ricardo Miranda ru

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE                              SIGNATURE OF SERVER

_____
                                                                        ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include,but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commended to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party service the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion,the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a persona who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver apples, or
    (iv) subjects a person to undue burden.

(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a persona who is not a party or an officer of a party to incur substantial expense to travel more an 100 miles to attend trial, the court amy, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is

- 2 -

issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.