Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | **SCO'S REPLY MEMORANDUM IN FURTHER SUPPORT OF SCO'S MOTION FOR LEAVE TO FILE THE DECLARATION OF MARC ROCHKIND**<br><br>(ORAL ARGUMENT REQUESTED)<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff, The SCO Group, Inc. ("SCO"), respectfully submits this reply memorandum in further support of SCO's Motion for Leave to File the Declaration of Marc Rochkind in connection with the motion of Defendant, International Business Machines, Inc. ("IBM"), to limit the scope of SCO's claims.

## Argument

IBM's brief in opposition to SCO's Motion serves only to underscore the improper advantage that IBM sought to secure for itself by waiting until its reply brief to file the declaration of its purported expert, and the absence of any valid basis on which to object to the receipt of a responsive declaration from Marc Rochkind.

In its opening brief in support of its motion to limit the scope of SCO's claims, IBM argued that SCO's December 2005 Report (the "Report") failed to provide adequate specificity for IBM to address the disclosures in the Report. IBM did not support that argument with any expert testimony. Considering that omission, and regarding IBM's motion as one that on its face did not purport to depend on any expert testimony, SCO filed an opposition memorandum that also did not cite any expert testimony. In its reply brief, IBM made the same argument as in its opening memorandum – namely, that the Report supposedly failed to provide adequate specificity – but this time, IBM sought to support that argument with purported expert testimony. Given that IBM waited until its reply to file an expert declaration, there is no legitimate basis for an objection by IBM to SCO's filing of a responsive declaration that rebuts the "expert" points that IBM's purported expert sought to make, for the first time, on reply.

IBM has filed a heated but unavailing opposition memorandum. IBM first says (at 2) that the only reason it submitted the declaration in reply was "to rebut SCO's assertions (in its opposition papers) that SCO provided the specificity required by the Court." IBM's assertion

1

that SCO had not provided requisite specificity was the heart of its initial argument and if it were going to base that position on expert testimony, IBM should have tendered that testimony with its initial motion. IBM should hardly be heard to complain about a responsive declaration when IBM elected to wait to a reply to file supporting expert testimony. Indeed, the federal courts have criticized such tactics. See, e.g., Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000); Headrick v. Rockwell Int'l Corp., 24 F.3d 272, 1278 (10th Cir. 1994); see also Polycast Tech. Corp. v. Uniroyal, Inc., 792 F. Supp. 244, 269 (S.D.N.Y. 1992).

If IBM wanted to try to "substantiate" its arguments about supposed lack of specificity, the "time for doing so" was in its opening memorandum; there was "absolutely no reason" IBM could not have – and, indeed, should not have – submitted its purported expert testimony then; and by definition IBM "should have known" that SCO would oppose the motion with the argument that the Report does provide sufficient specificity. These points, all ones that IBM makes in its response, apply to IBM's own filing of its reply declaration.

The argument (at 2) that SCO "should have known IBM would submit a declaration to rebut any false assertions of compliance" is specious. Why should SCO have made such an assumption when IBM did not file a declaration in support of its initial brief? IBM further argues (at 2), referring to its purported expert, that "If SCO believes Professor Davis erred in his analysis, it can point the Court to the information which IBM contends is missing at the hearing." The same could be said of IBM. IBM simply cannot have it both ways – either the matter is appropriate for expert testimony, from both sides, or it is not.

IBM finally argues (at 2-3) that the submission of SCO's expert report will cause "further delay," and that SCO allegedly failed to serve IBM with the motion and attached declaration. IBM's own conduct belies the first argument: IBM itself sought and obtained from SCO a two-

2

week extension to file its reply brief – and, as it turns out (and unbeknownst to SCO when IBM requested the extension), to prepare and file the purported expert declaration. SCO would have been within its rights to ask for delay in order to have its expert prepare a responsive declaration, but did not do so precisely so as to avoid any issue about delaying the proceeding. As for delay from this point forward, it is curious that IBM believes it is entitled to further time to review and respond to SCO's expert declaration while at the same time professing that SCO had no such rights regarding IBM's expert declaration. If IBM wanted such an opportunity, it should have filed its expert declaration with its initial motion.[1]

At bottom, fairness demands that SCO have the right to have the Court consider its responsive expert declaration to the declaration that IBM filed only in reply.

SCO respectfully requests, for the foregoing reasons, that the Court grant SCO's Motion for Leave to File Declaration of Marc Rochkind in connection with IBM's motion to limit the scope of SCO's claims.

DATED this 13th day of April, 2006.

Respectfully submitted,

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By_____
Counsel for The SCO Group, Inc.

---

[1] As to service, counsel for SCO mailed the motion and declaration from Utah on Monday, so that IBM's counsel would receive the materials in Utah on Tuesday. In similar manner, IBM mailed its reply brief and declarations last week, as well as its opposition brief yesterday, to counsel for SCO.

3

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing Reply Memorandum in Further Support of SCO's Motion for Leave to File Declaration of Marc Rochkind in connection with the Motion of Defendant, International Business Machines, Inc. ("IBM"), to limit the scope of SCO's claims was served by facsimile and first-class mail on Defendant International Business Machines Corporation on the 13th day of April, 2006, by U.S. Mail to:

David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York  10604

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004

4