IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **ADDENDUM TO PROTECTIVE ORDER**<br><br>Civil No. 2:03CV0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

On September 15, 2003, The SCO Group, Inc. ("SCO") and International Business Machines Corporation ("IBM") agreed to the terms of a stipulated protective order (the "Protective Order").

In the course of fact discovery in this action, certain non-parties have objected to the production of documents on the ground that the Protective Order contains no mechanism to limit access to certain documents which they describe as highly confidential to the parties' outside counsel and independent experts only. In order to resolve this objection, and to allow for the timely production of such documents by non-parties, counsel for SCO and IBM have agreed that the Protective Order should be amended to provide for the designation and production by non-parties, where appropriate, of such documents as "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY".

Based upon the stipulation of the parties, and good cause appearing therefore, IT IS HEREBY ORDERED that the Protective Order is amended only as follows:

1.  If, in the course of this action, a disclosing non-party discloses information that, in accordance with Federal Rule of Civil Procedure 26(c)(7), the disclosing non-party in good faith contends should not be disclosed to in-house counsel, in-house representatives or in-house experts otherwise entitled to view confidential information pursuant to this Protective Order, such disclosing non-party may designate such information as "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY". Information so designated by a non-party may not be disclosed to a party's in-house counsel, in-house experts, or any of its officers, directors, or employees. HIGHLY CONFIDENTIAL information shall be governed by the Protective Order and used only for the purposes of this action and not for any other purpose or function, including without limitation any business, patent prosecution, competitive or governmental purpose or function. No person who prosecutes patents relating to the technology claimed in any patents in suit shall have access to HIGHLY CONFIDENTIAL information.

2.  If any information produced by a non-party and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is filed with the Clerk of the Court in this litigation, information so designated shall be filed under seal in accordance with the provisions of Paragraph 6 of the Protective Order. If any party or non-party files a motion challenging the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation of information produced by a non-party and filed with the Court, the party responsible for filing the information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL with the Court shall provide notice to the producing non-party of such challenge.

3.  In order to provide a producing non-party with an opportunity to seek protection against public disclosure, if a party wishes to introduce into evidence on direct examination any document produced by a non-party and designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, the party shall provide five days prior notice

of that intent to the producing non-party by telephone, email, or facsimile. If a party intends to use such a document produced by a non-party for purposes of cross-examination, it shall provide five days prior notice of that intent to the extent practicable, and if such notice is not practicable, shall provide as much prior notice of such intent as is practicable, also by telephone, email, or facsimile.

DATED this 13th day of April, 2006.

BY THE COURT

Brooke C. Wells
United States District Court

APPROVED AS TO FORM AND CONTENT:

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James


By /s/Brent O. Hatch
   *Counsel for Plaintiff/Counterclaim-Defendant*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2006, a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following:

Brent O. Hatch
Mark F. James
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
100 Southeast Second Street, Suite 2800
Miami, Florida 33131

Robert Silver
Edward Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504


/s/Amy F. Sorenson

388059.2