| | |
|---|---|
| Brent O. Hatch (5715) | Robert Silver (admitted pro hac vice) |
| Mark F. James (5295) | Edward Normand (admitted pro hac vice) |
| HATCH, JAMES & DODGE | BOIES, SCHILLER & FLEXNER LLP |
| 10 West Broadway, Suite 400 | 333 Main Street |
| Salt Lake City, Utah  84101 | Armonk, New York 10504 |
| Telephone: (801) 363-6363 | Telephone:  (914) 749-8200 |
| Facsimile:  (801) 363-6666 | Facsimile:  (914) 749-8300 |
| | |
| Stuart H. Singer (admitted pro hac vice) | Stephen N. Zack (admitted pro hac vice) |
| BOIES, SCHILLER & FLEXNER LLP | BOIES, SCHILLER & FLEXNER LLP |
| 401 East Las Olas Boulevard – Suite 1200 | Bank of America Tower – Suite 2800 |
| Ft. Lauderdale, Florida 33301 | 100 Southeast Second Street |
| Telephone:  (954) 356-0011 | Miami, Florida  33131 |
| Facsimile:  (954) 356-0022 | Telephone:  (305) 539-8400 |
| | Facsimile:  (305) 539-1307 |

*Attorneys for The SCO Group, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>  Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>  Defendant/Counterclaim-Plaintiff. | **SCO'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF THE REBUTTAL DECLARATION OF RANDALL DAVIS OR FOR LEAVE TO RESPOND TO THE REBUTTAL DECLARATION**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff, The SCO Group, Inc. ("SCO"), respectfully submits this memorandum in support of SCO's Motion to Strike Portions of the Rebuttal Declaration of Randall Davis or for leave to file a response to the Rebuttal Declaration, regarding the motion of Defendant, IBM, to limit SCO's claims relating to misused material.

**Background**

Given leave to file a further declaration of Randall Davis in response to the declaration of Marc Rochkind in support of SCO's opposition to IBM's motion, IBM has used Davis's supplemental declaration as an occasion to make many new (and incorrect) arguments, including legal arguments that Davis, a computer scientist, is in no position to make.

After IBM submitted a declaration from Davis with its reply, SCO submitted a responsive Declaration of Marc Rochkind. On April 14, 2006, this Court heard argument on IBM's motion and allowed IBM to submit a responsive declaration from Davis. The Court said the supplemental declaration should respond only to the Rochkind Declaration, and counsel for IBM confirmed. On April 28, IBM submitted a 22-page Davis declaration (much longer than the original Davis declaration and Rochkind Declaration combined) and included <u>numerous</u> new points not addressed in the Rochkind Declaration. These inappropriate arguments should be struck and disregarded, or else SCO should be permitted to respond to them.

**Argument**

Davis raises new issues that do not respond to any analysis in the Rochkind Declaration:

- A. Davis now offers legal analysis that misinterprets the nature of SCO's claims for breach of contract and therefore improperly bases his analysis on that misinterpretation (¶¶ 8-9);

  B. Davis ventures to interpret SCO's document requests with respect to the nature of information requested from IBM and offer opinions as to how that relates to the instant motion (¶¶ 19, 34);

  C. Davis now opines (inappropriately) on the supposed meaning and significance of testimony from a SCO deponent (¶ 33);

  D. Davis now purports to analyze earlier orders of this Court, which neither requires or is assisted by Davis's field of expertise (¶¶ 15-17);[1]

  E. Davis now purports to substantively evaluate certain individual additional Items from SCO's December Report (¶¶ 27-28, 30, 36, 45-46); and

  F. Relying on new legal cases that IBM failed to cite previously, and to which SCO has never had the opportunity to respond, Davis now reaches a legal conclusion based on SCO's alleged state of mind that SCO "willfully" failed to provide version, file and line information (¶¶ 50-54, 58).

This declaration is a blatant and improper attempt by IBM to present yet further legal arguments on their discovery sanction motion – arguments that, in fact, underscore IBM's efforts to use its motion to obtain a merits determination on the scope of specificity required for actionable technological disclosures of a method or concept or other know-how and confirm that Davis and IBM are capable of undertaking such a merits analysis (however improper and incorrect) even as to the very disclosure (Item 146) that they previously featured as supposedly insufficient information for them to evaluate (e.g., ¶ 45). SCO submits that the above portions of the motion

---

[1] Davis also seeks to obfuscate the issue by citing earlier orders about IBM's improper <u>source code</u> contributions to Linux rather than the July 2005 Order requiring SCO "to Identify with Specificity All Allegedly Misused Material." IBM thus now seeks to treat the earlier orders as if this Court had identified evidence that SCO ultimately would have to present to support its claims and theory of damages – a decision this Court plainly did not reach (even putting aside the controlling July 2005 Order). The text of the earlier orders show that they did not relate to improperly disclosed methods and concepts, which were identified with specificity in SCO's December Report by identifying the very "smoking gun" communication that disclosed the method or concept.

2

should be stricken and disregarded, or else SCO should be permitted to respond to the Davis declaration.

## Conclusion

SCO respectfully requests, for the reasons set forth above, that the Court strike the foregoing portions of the Rebuttal Declaration of Randall Davis, or else give SCO leave to file a response to Davis's declaration.

DATED this 4th day of May, 2006.

                                                      Respectfully submitted,

                                                     HATCH, JAMES & DODGE, P.C.
                                                     Brent O. Hatch
                                                     Mark F. James

                                                     BOIES, SCHILLER & FLEXNER LLP
                                                     Robert Silver
                                                     Stuart H. Singer
                                                     Stephen N. Zack
                                                     Edward Normand

                                  By:     /s/ Brent O. Hatch
                                                   *Counsel for The SCO Group, Inc.*

**CERTIFICATE OF SERVICE**

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing memorandum was served on Defendant, IBM by serving its counsel of record through the CM/ECG system or otherwise by U.S. Mail, on the 4th day of May, 2006, to:

David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Jennifer M. Daniels, Esq.
1133 Westchester Avenue
White Plains, New York 10604

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004

/s/ Brent O. Hatch

4