# Exhibit L

## Joyce Smithson

**From:** Ted Normand
**Sent:** Monday, April 17, 2006 8:11 PM
**To:** Joyce Smithson
**Subject:** FW: Issues relating to allegedly privileged documents

tmrw morn

-----Original Message-----
*From:* Sorenson, Amy [mailto:asorenson@swlaw.com]
*Sent:* Mon 4/17/2006 8:06 PM
*To:* Ted Normand
*Cc:*
*Subject:* RE: Issues relating to allegedly privileged documents

Ted,
I received your email and am looking into the documents you identify. I don't think it will be possible to provide an "immediate" response, but I will get back to you as soon as I can.
Thank you,
Amy

**From:** Ted Normand [mailto:TNormand@BSFLLP.com]
**Sent:** Monday, April 17, 2006 9:20 AM
**To:** Sorenson, Amy
**Cc:** Shaughnessy, Todd
**Subject:** FW: Issues relating to allegedly privileged documents

Amy --
Please see the note below. As I have previously discussed with Todd (and I understand that you are not aware of the full background on this), SCO needs an immediate response to the issues below. Best regards,
Ted

***********************************************************************

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
***********************************************************************
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

5/2/2006

**From:** Ted Normand
**Sent:** Monday, April 17, 2006 11:18 AM
**To:** 'Shaughnessy, Todd'
**Subject:** Issues relating to allegedly privileged documents

Todd --

Further to our discussion last Monday (and over the previous months), I identify below several documents with respect to which, in SCO's view (and without waiving any additional arguments SCO may have, upon assessing IBM's explanation for its claims of privilege), IBM has incorrectly asserted a claim of privilege.

- The document with "Summary" in the title describing the terms of the Project Monterey JDA, dated 1998, 1999 or 2000. We believe that at least one version of this document is bates stamped 1710091731-37 (withdrawn during the deposition of David Bullis). The document did not appear to be written in the anticipation of any litigation.
- The e-mail from David Bullis dated October 25, 2000, and bates number 1710069294-95. Withdrawn prior to Mr. Bullis's deposition. The message does not appear to be written by or to any attorney, or to have been written at the direction of any attorney in the anticipation of any litigation.
- The e-mail from Warren Washington dated January 27, 2001, and the e-mail from Rose Ann Roth dated January 29, 2001, bates number 181014955-56. The e-mail does not appear to be written by or to any attorney, or to have been written at the direction of any attorney in the anticipation of any litigation.
- The e-mail from Helene Armitage dated April 4, 2001, and bates number 18102849-50. This e-mail did not appear to be written by or to any attorney, or at the direction of any attorney in the anticipation of any litigation.
- The "Journaled File System for Raptor" or "JFS for Raptor" document, dated approximately 1995. We believe this is the one bates stamped 1710253133-41 (referred to in the transcript of the deposition of William Baker). This document does not appear to be written at the direction of any attorney in the anticipation of any litigation.
- The "Journaled File System for Warp" or "JFS for Warp" document, dated approximately 1995. We believe this is the one bates stamped 1710253142-59 (referred to in the transcript of the deposition of William Baker). This document does not appear to be written at the direction of any attorney in the anticipation of any litigation.
- The document addressing IBM's considerations of issues regarding open source. Approximately twenty-five pages, dated 1998 or 1999. Dan Frye's name is on the front. The document uses the phrase "halo effect." This document does not appear to be written at the direction of any attorney in the anticipation of any litigation.

Please let me know if IBM will continue to assert a privilege over the foregoing documents, and if so, as part of the meet-and-confer process, please explain why. Please also let me know when you expect IBM to be able to identify for SCO the privilege-log entries for the documents identified in the text of Gregg Lembrich's January 13 letter. Regards,
Ted

5/2/2006