SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC. | **IBM'S MEMORANDUM IN OPPOSITION TO SCO'S MOTION FOR <u>IN CAMERA</u> REVIEW OF PRIVILEGED DOCUMENTS** |
| Plaintiff/Counterclaim-Defendant, | |
| v. | Civil No. 2:03CV0294 DAK |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | Honorable Dale A. Kimball |
| Defendant/Counterclaim-Plaintiff. | Magistrate Judge Brooke C. Wells |

400099.1

IBM respectfully submits this memorandum in opposition to SCO's motion for in camera review of privileged documents.[1]

**Argument**

SCO moves to compel IBM to submit in camera three documents that IBM recalled from its production of documents because the documents are protected by the attorney-client privilege.[2] Although IBM does not believe that a motion for in camera review requires a party to submit the documents sought to the Court for review, in the interest of expediting the resolution of the core issue of whether the documents are in fact privileged, IBM is submitting the documents at issue directly to the Court for in camera review. In addition, IBM is submitting for in camera review the declarations of Sharon Dobbs, Esq. and Mark Walker, Esq., describing the documents in question and substantiating IBM's claim of privilege.[3]

The attorney-client privilege protects communications made by corporate employees to counsel for the corporation acting as such, at the direction of corporate superiors in order to secure legal advice from counsel. Upjohn Co. v. United States, 449 U.S. 383, 394 (1981)

---

[1] The first seven pages of SCO's memorandum consist of a lengthy recitation of purported facts regarding the privilege logs IBM has provided to SCO in this matter. It is both inaccurate and incomplete, but ultimately irrelevant to any issue before the Court, and we therefore do not undertake to respond here. However, we do note (and the exhibits to SCO's memorandum confirm) that throughout our discussions with counsel for SCO on this issue, we have repeatedly asked SCO when we can expect to receive its privilege log, and we repeatedly have been told it is forthcoming. As of today's date, SCO still has not provided it.

[2] Paragraph k of the Attorney's Planning Report (Docket Entry # 24) provides that "documents that a party claims as privileged, including all copies made, will be returned immediately without the need to show the production was inadvertent." Consistent with this requirement, SCO does not argue that IBM waived the privilege by inadvertently producing the documents to SCO.

[3] Declarations from the authors of the documents can also be obtained if the Court deems them necessary.

(holding that "communications must be protected against compelled disclosure" where the "communications at issue were made by Upjohn employees to counsel for Upjohn acting as such, at the direction of corporate superiors in order to secure legal advice from counsel".) "[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1370 (10th Cir. 1997) (quoting Upjohn, 449 U.S. at 390). Documents that are prepared by a non-attorney employee for an in-house attorney's use in giving legal advice to a corporate client are protected by the attorney-client privilege. Motley v. Marathon Oil Co., 71 F.3d 1547, 1550 -51 (10th Cir. 1995) (affirming district court's ruling that documents were privileged where in-house attorney declared that they "'were prepared for my use in giving legal advice to the [corporation],' that the memorandum and lists were treated as confidential documents, and that '[he] did not render business advice in the Memorandum and Lists'")(Exhibit A)[4]; see also In re Brand Name Prescription Drugs Antitrust Litigation, No. 94 C 897, 1995 WL 557412 at * 1 (N.D. Ill. Sept. 19, 1995) (ruling that document was privileged because it was "prepared at the request of AHP's attorneys for the purpose of enabling counsel to give legal advice")(Exhibit B); Olen Properties Corp. v. Sheldahl, Inc., No. CV 91-6446-WDK, 1994 WL 212135, at *1 (C.D.Cal., April 12, 1994) (holding that documents were privileged where employee "prepared the documents to gather information for BMC's

---

[4] In Motley, the district court did not review the documents in camera, but instead relied on an affidavit of counsel in making its determination that the documents at issue were privileged. Motley, 71 F.3d at 1551. The Tenth Circuit upheld the district court's decision not to review them in camera. Id. at 1551-52.

2

400099.1

attorneys to assist the attorneys in evaluating compliance with relevant laws and regulations")(Exhibit C).

Based on these settled principles, the documents in question here are protected by the attorney-client privilege. As demonstrated by the documents themselves and the declarations submitted herewith, each of the three documents (i) was prepared at the request and under the direction of counsel for IBM; (ii) was prepared for counsel's use in giving legal advice to IBM or incorporated counsel's legal advice and opinions; (iii) was not used to render business advice; and (iv) was kept confidential within IBM.

Further, SCO's suggestion that it should be permitted to review the documents at issue at the same time the Court reviews them in camera is meritless. SCO provides no authority for this proposition. The entire purpose of in camera review is to determine whether an opposing party is entitled to review the documents in the first place. Kerr v. U. S. Dist. Court for Northern Dist. of California, 426 U.S. 394, 404-05 (1976). Allowing an opposing party to review the documents in question before the Court decides the issue would defeat the entire purpose of in camera review.[5]

---

[5] Finally, SCO's suggestion that that the Court should grant leave to take further depositions on these documents is meritless as well. The two documents concerning the Journaled File System were not, as SCO claims, withdrawn as privileged during a Rule 30(b)(6) deposition: They were identified as privileged during the deposition of William Baker, a third party witness who was not at the time of his deposition nor currently an IBM employee.

3

400099.1

## Conclusion

For all of the foregoing reasons, IBM respectfully requests that the Court find the three documents sought in SCO's motion are privileged, and deny SCO's Motion for In Camera Review.

DATED this 6th day of June, 2006.

SNELL & WILMER L.L.P.

/s/ Todd M. Shaughnessy
Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Jennifer M. Daniels
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

400099.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2006, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and delivered by CM/ECF system to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101
>
>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131
>
>Robert Silver
>Edward Normand
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, NY 10504

/s/ Todd M. Shaughnessy