# EXHIBIT B



Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1995 WL 557412 (N.D.Ill.), 1995-2 Trade Cases P 71,247
(Cite as: Not Reported in F.Supp.)

United States District Court, N.D. Illinois, Eastern Division.
In re BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION.
Document Relates to All Cases.
No. 94 C 897.
MDL No. 997.

Sept. 19, 1995.

*MEMORANDUM OPINION*

KOCORAS, District Judge:

*1 This matter is before the Court on Class Plaintiffs' motion to compel American Home Products ("AHP") to produce certain documents designated as privileged. Class Plaintiffs' motion stems from AHP's production of nearly 1000 boxes of documents pursuant to Class Plaintiffs' document requests. Upon reviewing the millions of documents produced by AHP, the Class designated 14 boxes of documents for copying. AHP then provided the Class with a privilege log listing 1,886 documents withheld on the basis of privilege. After a series of negotiations and discussions, AHP continues to assert the privilege as to only 22 documents. Of the 22 documents designated as privileged, 11 documents were inadvertently produced by AHP, and AHP seeks their return.

The law of privilege is well established. To successfully invoke the privilege, the party "must come forward with 'sufficient information from which the court reasonably could conclude that the communication (1) concerned the seeking of legal advice; (2) was between a client and an attorney acting in his professional capacity; (3) was related to legal matters; and (4) is at the client's instance permanently protected'." *Anderson v. Torrington Co.,* 120 F.R.D. 82, 85 (N.D.Ind.1987) (*citing,* inter alia, *Radiant Burners, Inc. v. American Gas Ass'n,* 320 F.2d 314, 319 (7th Cir.1963), *cert. denied,* 375 U.S. 929 (1963)). The Court has reviewed the parties respective submissions, along with the documents in issue and rules as follows.

I. Entry Nos. 156, 294 (identical documents at Entry Nos. 915 & 1924) and 1898.

Class Plaintiffs contest the privilege designation on these documents, arguing that they were " disseminated widely and therefore [are] not confidential." Indeed, a communication must be confidential to fall under the protection of the attorney-client privilege. However, the mere fact that more than one individual is the recipient of the communication does not strip the communication of its confidential nature. Rather, "it is well settled that the dissemination of a communication between a corporation's lawyer and an employee of that corporation to those employees directly concerned with such matter does not waive the attorney-client privilege." *Sylgab Steel & Wire Corp. v. Imoco-Gateway Corp.,* 62 F.R.D. 454, 456-57 (N.D.Ill.1974), *aff'd,* 534 F.2d 330 (7th Cir.1976).

Here, all of the documents listed above contain communications between an attorney acting on behalf of AHP, and AHP employees directly concerned with the matters contained in the documents. Documents 156, 294, 915, and 1924 all contain legal advice disseminated to those AHP managers and staff members directly concerned with the subject matter of the communication. There is no indication that the confidentiality of the communications was waived when the documents were disseminated to these employees. Document 1989 is likewise privileged, as it was prepared at the request of AHP's attorneys for the purpose of enabling counsel to give legal advice. *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 152 F.R.D. 132, 137 (N.D.Ill.1993).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                                                     Page 2
Not Reported in F.Supp., 1995 WL 557412 (N.D.Ill.), 1995-2 Trade Cases P 71,247
**(Cite as: Not Reported in F.Supp.)**

II. Entry Nos. 958 (identical documents at Entry Nos. 970 & 1259), 974 (identical documents at Entry Nos. 980 & 1904), and 1911.

*2 Class Plaintiffs challenge AHP's privilege designation as to these documents, claiming that although the documents were provided to an attorney, the information contained in the documents appears to relate to business information rather than legal issues. In response, AHP argues that the information contained in the documents was created or assembled by one of AHP's departments *at the request* of an attorney acting for AHP for the purpose of giving legal advice concerning either potential or existing legislation which may affect AHP. The court has reviewed these documents and concludes that all but one are privileged.

Class Plaintiffs are mistaken if they would have us hold that economic or business information sent to an attorney can never fall under the protection of the attorney-client privilege. The privilege protects only "those disclosures-necessary to obtain informed legal advice-which might not have been made absent the privilege." *Ziemack v. Centel Corp.,* 1995 WL 314526 at *3 (N.D.Ill. May 19, 1995) (*quoting Fisher v. United States,* 425 U.S. 391, 403 (1976)). Thus, while client documents produced in the ordinary course of business will not be protected by the privilege, documents-even those setting forth economic or business data-may be deemed privilege if they were intended to be confidential and were produced for the purpose of receiving legal advice. *Id.* at *5. Upon reviewing AHP's privilege log, along with Exhibit 2 to its Memorandum filed in opposition to Class Plaintiffs' motion to compel, it is evident that documents 958, 970, 1295, 974, 980, and 1904 are all confidential documents produced at the request of an AHP attorney for the purpose of rendering legal advice, and are therefore privileged. Document 1911, however, is not protected by privilege.

Document 1911 is a memorandum from an AHP employee forwarding to an AHP attorney correspondence which had previously been distributed to third parties. Neither the memorandum, nor the letters attached to the memorandum, contain confidential information.

Moreover, the letters attached to the memoranda were not created for the purpose of seeking legal advice. Rather, they are letters which were produced in the ordinary course of business. The mere fact that the letters were assembled and forwarded to an attorney does not make them privileged.

III. Entry Nos. 1218, 1226, 1364, 1890 and 1910 (and identical document at Entry No. 1946)

These six items are drafts of letters and other documents created and/or revised by an AHP attorney. According to the Class Plaintiffs, these documents cannot be deemed privileged because they were intended-in their final form-for public dissemination, and because they relate to business issues.

The mere fact that the final version of these documents may have been intended for public dissemination does not take them out from under the protection of the privilege, if the drafts of these documents were intended to be confidential communications concerning legal advice. *See In Re Grand Jury Subpoena Duces Tecum,* 731 F.2d 1032 (2d Cir.1984). Preliminary drafts of documents which were not distributed, and which reflect confidential communications regarding legal advice are privileged. *Id.* AHP's description of these documents reveals nothing from which we can infer that AHP did not intend these draft documents and letters-which on their face reveal legal advice-to be confidential. These items are therefore privileged.

IV. Entry Nos. 1894, 1917, 1931 and 1945

*3 Document Nos. 1894, 1917, 1931 and 1945 are a miscellaneous grouping of documents which AHP claims are privileged because they disclose confidential legal advice. Class Plaintiffs assert various objections to AHP claim of privilege to these four documents.

With respect to documents 1847, 1917, and 1931, all three of these documents summarize or refer to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:03-cv-00294-DN   Document 693-3   Filed 06/06/06   PageID.7740   Page 4 of 43 of 3

Not Reported in F.Supp.                                                                                      Page 3
Not Reported in F.Supp., 1995 WL 557412 (N.D.Ill.), 1995-2 Trade Cases P 71,247
**(Cite as: Not Reported in F.Supp.)**

confidential legal advice provided by AHP counsel to AHP employees directly concerned with the subject matter of the advice. As a result, the references in these documents to legal advice remain privileged. *See Sylgab Steel,* 62 F.R.D. at 456-57. However, as the Class Plaintiffs properly point out, these three documents are communications between two non-lawyers, and apparently were produced in the ordinary course of business. Since the documents in issue were neither generated by an attorney, nor by a client for the purpose of obtaining legal advice, we agree with the Class Plaintiffs that the documents are not wholly immune from discovery. Thus, we will require AHP to produce the documents 1847, 1917 and 1931, subject to first redacting those portions containing privileged communications.

Document 1945, on the other hand, may be withheld on the basis of privilege. Document 1947 is a memorandum sent by Louis Hoynes ("Hoynes"), AHP's General Counsel, to the CEO and President of AHP. This memorandum summarizes and provides legal advice regarding a conference call placed by the Pharmaceutical Manufacturers' Association ("PMA") to the general counsels of six pharmaceutical companies for the purpose of discussing a number of PMA lobbying initiatives. The fact that the memorandum refers to a non-confidential communication with third-parties is of no consequence. Hoynes' recapitulation of and legal advice about the conference call to his client, AHP, are privileged.

### V. Waiver

Finally, Class Plaintiffs raise the issue of waiver of privilege as to 11 documents on AHP's privilege log. According to the Class, even if these 11 documents are privileged on their face, AHP waived the privilege when it delivered the documents to the Class Plaintiffs. AHP, however, states that the privilege was not waived because these 11 documents were inadvertently produced. *See Mendenhall v. Barber-Greene Co.,* 531 F.Supp. 951, 954 (N.D.Ill.1982) (the "mere inadvertent production [of documents] does not waive the privilege."). In response Class Plaintiffs argue that

AHP's production of these documents was not inadvertent, because AHP *twice* reviewed the documents delivered to the Class for the purpose of removing privileged information from the production. We do not agree with the Class Plaintiffs' suggestion that the fact that *two* privilege reviews were conducted by AHP proves that AHP's production of the documents was not inadvertent. Given the fact that AHP's document production consisted of more than 3 million pages, it is not unreasonable to conclude that a few privileged documents may have been inadvertently missed, despite AHP's precautions. Thus, we reject Class Plaintiffs' waiver argument.

### CONCLUSION

*4 In accordance with the discussion set forth above, Class Plaintiffs' Motion to Compel is partially granted and partially denied. AHP is ordered to produce the document marked as Entry No. 1911. AHP is further ordered to produce the following documents after redaction of those portions containing privileged attorney-client communications: Entry Nos. 1847, 1917 and 1931. Class Plaintiffs' motion is denied in all other respects.

N.D.Ill.,1995.
In re Brand Name Prescription Drugs Antitrust Litigation
Not Reported in F.Supp., 1995 WL 557412 (N.D.Ill.), 1995-2 Trade Cases P 71,247

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.