# EXHIBIT C



Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1994 WL 212135 (C.D.Cal.), 38 ERC 1887, 24 Envtl. L. Rep. 20,936
**(Cite as: Not Reported in F.Supp.)**

C
Briefs and Other Related Documents

United States District Court, C.D. California.
OLEN PROPERTIES CORP., Plaintiff,
v.
SHELDAHL, INC., et al., Defendants.
**No. CV 91-6446-WDK (Mcx).**

April 12, 1994.

ORDER

McMAHON, United States Magistrate Judge.
*1 On March 17, 1994, plaintiff filed a motion to compel production of documents, noticed for hearing on April 11, 1994. On the same date, defendants filed an opposition. On March 18, 1994, the matter was reassigned to the undersigned Magistrate Judge for discovery matters.

Three issues are raised by the parties: (1) whether the attorney client privilege is applicable to the environmental audit memoranda prepared by Jack Strohm; (2) whether letters exchanged by counsel for defendants are protected by the joint defense privilege; and (3) whether notes taken by Jack Strohm are privileged.

The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice. *In Re Grand Jury Investigation,* 974 F.2d 1068, 1070 (9th Cir.1992).
The party asserting the privilege has the burden of proving that the privilege applies to a given set of documents or communications. *Id.* The party asserting the privilege must make a *prima facie* showing that the privilege protects the information the party intends to withhold. *Id.* at 1071. The privilege is limited to "only those disclosures-necessary to obtain informed legal advice-which might not have been made absent the privilege." *Fisher v. United States,* 425 U.S. 391,

403 (1976).

The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. *United States v. United Shoe Machinery Corp.,* 89 F.Supp. 357, 358-9 (D.Mass.1950).

The plaintiff first seeks the production of environmental audits generated by witness Strohm. Witness Strohm has submitted a declaration stating that he prepared the documents to gather information for BMC's attorneys to assist the attorneys in evaluating compliance with relevant laws and regulations. The reports appear to have been prepared for the purpose of securing an opinion of law. *See United Shoe Machinery Corp., supra.* The circumstances surrounding the preparation of the reports also appear to satisfy the other elements of the *United Shoe Machinery* test.
The court therefore finds that Strohm's environmental audits are privileged and need not be produced.

As for the second issue, Defendants have met their burden as to the joint defense privilege. Under the joint defense privilege communications by a client to his own lawyer remain privileged when the lawyer subsequently shares them with co-defendants for purposes of a common defense. *Waller v. Financial Corp. of America,* 828 F.2d 579, 583 n. 7 (9th Cir.1987).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2

Not Reported in F.Supp., 1994 WL 212135 (C.D.Cal.), 38 ERC 1887, 24 Envtl. L. Rep. 20,936
**(Cite as: Not Reported in F.Supp.)**

*2 The final issue concerns notes prepared by Jack Strohm. Defendants contend that the documents are subject to the work product limited immunity from production. The work product doctrine protects documents "prepared in anticipation of litigation or for trial." Fed.R.Civ.P. 26(b)(3). Strohm's declaration states that the notes in issue were prepared for counsel to assist in the defense of the claims in this action. The documents are work product and need not be produced.

IT IS ORDERED:

1. Plaintiff's motion to compel production of documents is denied.

2. All other requests are denied.

C.D.Cal.,1994.
Olen Properties Corp. v. Sheldahl, Inc.
Not Reported in F.Supp., 1994 WL 212135 (C.D.Cal.), 38 ERC 1887, 24 Envtl. L. Rep. 20,936

Briefs and Other Related Documents (Back to top)

• 2:91cv06446 (Docket) (Nov. 26, 1991)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.