Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | **SCO'S REPLY MEMORANDUM IN FURTHER SUPPORT OF SCO'S MOTION FOR IN CAMERA REVIEW OF ALLEGEDLY PRIVILEGED DOCUMENTS**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff, The SCO Group, Inc. ("SCO"), respectfully submits this reply memorandum in further support of SCO's Motion for In Camera Review of Allegedly Privileged Documents filed on May 5, 2006.

## ARGUMENT

Conceding the propriety of judicial review of the three documents at issue, International Business Machines Corporation ("IBM") has submitted them to the Court.  IBM also submitted to the Court, but not to SCO, the declarations of "Sharon Dobbs, Esq. and Mark Walker, Esq." for the purpose of "describing the documents in question and substantiating IBM's claim of privilege."  (IBM's Mem. at 1.)  IBM's ex parte submission of the declarations precludes SCO from addressing any points therein.  SCO submits that it should have an opportunity to review the declarations.  In addition, without having seen the content of those declarations, SCO submits that IBM's discussion of the nature of the documents suggests the absence of any privilege attaching to them under the case law.

IBM provides no support or explanation for submitting the attorney declarations to the Court without providing a copy to SCO.  SCO has found no precedent supporting any right of a party to submit ex parte declarations to support a claim of privilege without at least providing redacted versions to opposing counsel.[1]  In the context of asserting an attorney-client privilege claim in ordinary civil litigation, such declarations have been submitted either publicly or under seal, and are disclosed to the opposing party.  See, e.g., Motley v. Marathon Oil Co., 71 F.3d 1547, 1550-51 (10th Cir. 1995) (affidavit filed publicly); Adams v. Gateway, Inc., No. 2:02-CV-106 TS, 2006 WL 23787856, at *2 n.12, *3 (D. Utah Dec. 30, 2003) (attached as Ex. A) (declarations filed under seal and redacted versions served on opposing counsel).

---

[1] An affidavit may be filed in camera in unique circumstances such as in response to a request made under the Freedom of Information Act that would compel the government to disclose a state secret, see, e.g., Crater Corp. v. Lucent Techs., Inc., 423 F.3d 1260, 1264 (Fed. Cir. 2005); or when privilege is claimed in the context of a grand jury investigation, see, e.g., In re Grand Jury Proceedings, 857 F.2d 710, 711 (10th Cir. 1988).  Neither scenario applies here.

In <u>Motley</u>, for example, the case IBM cites supporting a declaration of counsel, the affidavit of Marathon Oil counsel John Miller was a matter of public record and provided to both parties.  (A copy of that affidavit is attached to this reply as Exhibit B.)  In fact, IBM quotes this affidavit (which was also quoted by the Tenth Circuit in <u>Motley</u>) in its memorandum in opposition to this motion.  (IBM's Mem. at 2.)  In <u>Adams</u>, the defendant filed under seal (and provided copies to the plaintiffs) three declarations of a "Mark Walker" detailing the facts surrounding an investigation involving corporate counsel.  See <u>Adams</u>, 2003 WL 23787856, at *2 n.12.  In response to an invitation to provide further proof of its privilege claims, defendant asked the court to permit it to submit statements <u>ex parte</u>.  <u>Id.</u> at *3.  After a telephone conference with counsel for both parties, the court ordered the defendant to submit three declarations for <u>in camera</u> review, but required it to serve redacted versions on opposing counsel.[2]  The statements of counsel seeking to substantiate the privilege claims in <u>Motley</u> and <u>Adams</u> were thus provided to opposing counsel.  The declarations in this case, provided in a similar context, should be disclosed to SCO.

Even in the context of a Freedom of Information Act request, where an <u>in camera</u> declaration may be appropriate, courts have found that "reliance on <u>in camera</u> review as a substitute for public affidavits" deprives courts "of the informed advocacy upon which the fairness of adversary proceedings depends."  <u>Lion Raisins v. U.S. Dep't of Agric.</u>, 354 F.3d 1072, 1083-84 (9th Cir. 2004).  IBM has inappropriately deprived SCO of the opportunity to respond to or refute the alleged "substantiation" asserted in the declarations.  Accordingly, the

---

[2] <u>See</u> Order Regarding Motion To Compel Documents Withheld on the Basis of Privilege at 2, <u>Adams v. Gateway, Inc.</u>, No. 2:02-CV-106 TS (D. Utah Nov. 14, 2003) (attached as Exhibit C).

Court should either disregard the declarations or require IBM to disclose them and permit SCO the opportunity to respond to them.

In addition, the Adams case contains a "general analysis" of the attorney-client privilege in the corporate context.  2003 WL 23787856, at *10-11.  In that case, as here, defendants sought to protect disclosure of certain documents under the protection of the attorney-client privilege as described in Upjohn v. United States, 449 U.S. 383 (1981).  Acknowledging that Upjohn "illustrates application of the attorney-client privilege in a complex corporate setting," Adams, 2003 WL 23787856, at *7, Magistrate Judge Nuffer also explained certain limits to the Upjohn holding:  "In Upjohn, the communications to and from attorneys were specifically focused on gathering critical information, and rendering legal advice, based on that information.  The communications were channeled in very limited paths." Id. at *11.  In order to receive protection, the documents in this case would have to possess the same "specific focus" and "limited path"

While some documents prepared by an employee at the direction of counsel are privileged, the attorney-client privilege does not extend to "a broad-based technical project in which lawyers participated and as to which their insight, advice and even opinions were probably sought."  Id.  Although the oversight and input of counsel may be "advisable" in the corporate context, they do not make a communication or document attorney-client privileged.  Id.  In order for a document to be protected, "the purpose of obtaining legal services must be present."  Id. (quoting Cuno, Inc. v. Pall Corp., 121 F.R.D. 198, 203 (E.D.N.Y. 1988)).  Whether or not such a purpose exists "is determined from inspection of the document."  Id.  In the context of communications between corporate non-attorneys, where "an inspection of the document itself

fails to support a finding that the primary purpose of the document was to seek legal advice or services," the privilege is appropriately denied.  See id. (quoting Cuno, 121 F.R.D. at 203).

SCO does not believe that the documents in question here were or remotely suggest that they were created for the "primary purpose" of seeking legal advice or services.  SCO requests that the Court reject IBM's privilege claim.  SCO also requests the opportunity to review the declarations IBM has submitted ex parte to address their content and whether they support IBM's claim of privilege.

DATED this 20th day of June, 2006

By:  /s/ Brent O. Hatch

HATCH JAMES & DODGE
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Edward Normand

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the

foregoing Reply Memorandum in Further Support of SCO's Motion for <u>In</u> <u>Camera</u> Review of

Allegedly Privileged Documents was served on Defendant International Business Machines

Corporation on the 20th day of June, 2005, by CM/ECF to the following:

> David Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York 10019
>
> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York 10604
>
> Todd Shaughnessy, Esq.
> Snell & Wilmer LLP
> 1200 Gateway Tower West
> 15 West South Temple
> Salt Lake City, Utah 84101-1004

/s/ Brent O. Hatch

_____