# EXHIBIT A

RECEIVED CLERK

2005 MAR 25  P 5: 30

U.S. DISTRICT COURT
DISTRICT OF UTAH

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **MEMORANDUM ATTACHING AND IN SUPPORT OF IBM'S PROPOSED SCHEDULING ORDER** <br><br> **(ORAL ARGUMENT REQUESTED)** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

Pursuant to the Court's January 18, 2005 Order, defendant/counterclaim-plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum attaching and in support of its proposed scheduling order.

## Preliminary Statement

In its January 18 Order, the Court directed the parties to meet and confer and to submit a proposed scheduling order on or before March 25, 2005. The parties met and conferred and reached agreement on elements of a proposed schedule.[1] Because the parties have been unable to agree in all respects, however, they are submitting competing scheduling proposals. We respectfully submit that the Court should enter IBM's proposed scheduling order, attached as Exhibit A, as the final scheduling order in the case.[2]

SCO objects to only one substantive feature of IBM's proposal: that the Court set deadlines for both parties to disclose the particulars of their claims (first by an interim deadline and then by a final deadline) before the close of all fact discovery. IBM proposes that the parties disclose the precise contours of their claims at a time when they will be able to take discovery with respect to those claims and properly prepare them for trial. SCO, by contrast, insists on a

---

[1] During several lengthy phone conversations, local counsel for IBM and local counsel for SCO discussed each of the scheduling deadlines, making clear they would need to confer with their respective co-counsel before finally agreeing. Local counsel reached a tentative agreement on everything other than the four issues addressed in this memorandum. Local counsel for IBM then contacted counsel for SCO and informed him that these tentative deadlines were acceptable to IBM. This afternoon, counsel for SCO informed us that SCO would not agree to these tentative deadlines. The proposed scheduling order submitted herewith includes the tentative deadlines, and though we do not know what SCO finds objectionable about them, they represent a compromise and we respectfully submit they are reasonable.

[2] In the event the Court were to deny IBM's motion for reconsideration of the January 18 Order and require IBM to provide discovery from the files of thousands of individuals or to grant SCO's motion to amend its complaint yet again and allow SCO to expand the case, IBM's proposed schedule would obviously have to be modified. In such circumstances, the proposed deadlines would need to be extended.

schedule that would allow it to keep IBM in the dark about its claims and deny IBM the right to prepare its defenses to those claims. SCO's proposal, if accepted, would result in further unnecessary disputes and delay.

IBM objects to three of the provisions SCO seeks to include in the scheduling order. SCO seeks to include provisions that would (1) foreclose IBM's motion for reconsideration without substantive review by the Court; (2) re-open the pleadings more than one year after expiration of the deadline for amending pleadings; and (3) require the parties and the Court to participate in monthly status conferences — on no particular subject — that would merely invite unnecessary disputes. There is no need for the provisions SCO proposes. In fact, they would operate merely to short circuit existing orders and procedures that are already in place. SCO's proposed provisions should not be included in the scheduling order.

**Argument**

**I. THE COURT SHOULD ENTER A SCHEDULING ORDER IMPOSING A DEADLINE FOR THE PARTIES TO IDENTIFY ALLEGEDLY MISUSED MATERIAL.**

From the beginning of this litigation, IBM has endeavored to learn the specific identity of the material (including source code, methods, concepts and so on) that IBM is alleged to have misused. To that end, IBM has met and conferred with SCO and filed two motions to compel, resulting in discovery orders requiring SCO to disclose its alleged evidence. Yet, as the Court recognized in its February 9 Order, SCO has failed to adduce any evidence that IBM has infringed SCO's alleged copyrights. (See 2/9/05 Memorandum Decision and Order at 10 ("it is astonishing that SCO has not offered any competent evidence to create a disputed fact regarding whether IBM has infringed SCO's alleged copyrights through IBM's Linux activities").) That is so despite SCO's repeated public statements that it has mountains of evidence of IBM's alleged misconduct. (Id. at 8-9 (listing certain of SCO's public statements about its alleged evidence).)

As a result, IBM has long been concerned that, absent a final, court-imposed deadline for the parties specifically to identify the materials they contend one another misused (the "Allegedly Misused Material"), SCO will not disclose the identity of the Allegedly Misused Material until it is too late for IBM to prepare a defense with respect to that material. SCO reinforced our concern by refusing to agree to a schedule that would require either an interim or a final disclosure of the Allegedly Misused Material. Although the parties met and conferred regarding their respective proposals, SCO did not offer a reason for its objection to IBM's proposal. There is not, we submit, any good reason for not imposing firm deadlines, in advance of the close of all fact discovery, for the parties to disclose the Allegedly Misused Material.[3]

If and when SCO properly identifies the Allegedly Misused Material, IBM will obviously need to take discovery with respect to that material. For example, if SCO were to identify Linux code that it contends is derived from AIX, Dynix, or UNIX System V and was improperly contributed to Linux, then IBM would need to take discovery to determine the facts relating to the code in question, including but not limited to (i) who wrote the code, when, how, and why, (ii) whether and to what extent it is in the public domain and (iii) whether and to what extent it is protectable by contract or copyright. Unless the Court imposes a deadline by which the parties must identify the Allegedly Misused Material, then they may not learn the identity of the material they are alleged to have misused until after the close of fact discovery and potentially even expert discovery when it would be too late to prepare a defense to claims relating to the material.

---

[3] IBM's proposal imposes a reciprocal disclosure obligation. We are not suggesting that the Court impose on SCO an obligation that would not also be imposed on IBM. The reason SCO is uninterested in IBM being required to disclose the material it alleges SCO has misused is that IBM has already done so with great particularity.

Under IBM's proposal, the parties would be required specifically to identify the Allegedly Misused Material on a staged basis before the close of all discovery.[4]  Specifically, IBM proposes an interim deadline of June 11, 2005, by which the parties would identify the Allegedly Misused Material known to them as of that date, and a final deadline of August 11, 2005, by which the parties would identify any and all material that the other party is alleged to have misused. All fact discovery would close on August 11, 2005, except as to defenses to claims relating to the Allegedly Misused Material. The only fact discovery that would be permitted thereafter would be fact discovery relating to defenses to claims relating to the Allegedly Misused Material. No party could contend that another party misused material not identified by the August 11 deadline; no expert could opine as to the misuse of material not identified by the deadline.

Imposing an interim deadline, as IBM's proposal does, allows the parties to undertake discovery relating the Allegedly Misused Material as soon as possible, without having to wait until the final deadline for disclosing Allegedly Misused Material. There is no reason to defer discovery relating to the parties' defenses, which cannot reasonably be undertaken until the Allegedly Misused Material has been identified, any longer than necessary. Imposing a final deadline, before the close of all fact discovery, for the parties to disclose all of the Allegedly

---

[4] For this purpose, the Allegedly Misused Material must be identified by version, file and line of code. For example, to the extent a party contends the other party has infringed its copyrights, the accusing party must identify and match up the allegedly infringing and allegedly infringed material by version, file and line of code. To the extent a party contends that the other party has breached its contractual obligations by contributing code to Linux, the accusing party must identify the material alleged to have been contributed improperly by version, file and line of code, and to the extent the allegedly contributed material is not Unix System V code, but is any sense alleged to have been based on or resulted from Unix System V code, the version, file and line of Unix System V code from which the allegedly contributed material is alleged to derive or result.

5

Misused Material, ensures that the parties learn what each other's case is about at a time when they can take fact discovery necessary to prepare a defense. If the Court does not impose a real deadline by which the parties must disclose the Allegedly Misused Material and then allow discovery with respect to the material disclosed, then IBM will remain in the dark as to the particulars of SCO's claims and be denied the opportunity to take discovery regarding the material that IBM is alleged to have misused.

Moreover, requiring the parties to disclose the Allegedly Misused Material before the close of all fact discovery will allow the parties to engage in meaningful expert discovery and refine the issues in dispute for summary adjudication. The parties may or may not require the assistance of experts to identify the material they contend one another misused. If they do, then their experts can assist them in making their disclosures. Expert discovery is not the time, however, for identifying the Allegedly Misused Material. It should be done in advance of expert reports so that the parties' experts can focus on what is really in dispute. It would make no sense, and would plainly be unfair, to allow either party to identify the Allegedly Misused Material for the first time by way of the report of one of its experts.

In sum, the Court should set deadlines for both parties to disclose the particulars of their claims (first by an interim deadline and then by a final deadline) before the close of all fact discovery. It is difficult to imagine how such a requirement could prejudice SCO, particularly since SCO has been ordered (twice) to provide this information to IBM.

## II.    THE PROVISIONS SCO SEEKS TO INSERT INTO THE SCHEDULE ARE EITHER UNNECESSARY OR INAPPROPRIATE.

As stated, SCO's proposal includes three provisions not included in IBM's proposal. Those provisions seek to (1) deny IBM the relief sought by its motion for reconsideration of the Court's January 18 Order; (2) re-open the pleadings more than one year after the expiration of

6