# EXHIBIT C

COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

THE SCO GROUP, INC.,

        Plaintiff,

vs.                                Case 2:03-CV-294

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

        Defendant.

BEFORE THE HONORABLE DALE A. KIMBALL

APRIL 21, 2005

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MOTION HEARING

Reported by: KELLY BROWN, HICKEN CSR, RPR, RMR

```
 1   magistrate's court order changes their proposed schedule.
 2   We'll point out that their proposed schedule from a few weeks
 3   ago presupposed that they would win a motion for
 4   reconsideration.
 5            The other point, Your Honor, is the reasons I
 6   outlined my argument on the motion to amend, to the extent to
 7   the nine-month discovery schedule that IBM proposes for fact
 8   discovery, which is what I heard Mr. Marriott say, to the
 9   extent that that is premised on Project Monterey discovery, we
10   think that has to be incorrect.  Project Monterey is in the
11   suit.  We don't, SCO, need to take substantial additional
12   discovery.  And there's a six- to eight-month discovery under
13   our schedule that we think is plenty to accommodate Project
14   Monterey.  Thank you.
15            THE COURT:  Thank you.
16            Mr. Marriott, do you want to sleep well tonight?
17            MR. MARRIOTT:  I do, Your Honor.  Project Monterey
18   is not in the case in the sense in which they propose to put
19   it in the case, the words mentioned in the case to be sure.
20   The issues presented by their motion is not here, and I think
21   an additional nine months would be required with respect to
22   that.
23            I don't think, to respond briefly to what
24   Mr. Normand said about my comment about Judge Wells' order, I
25   don't think that doesn't affect the case at all.  I think I
```

1  said it would shift about two months in the proposed dates.
2  　　　　　The one thing which I'd like to mention with
3  respect to the proposed schedule is set out in the papers, but
4  I think it deserves special emphasis. We believe that it is
5  critical that the Court enter a proposed scheduling order that
6  includes a provision which requires both parties to disclose
7  the allegedly misused material, whatever it is, by a date
8  certain, and that the parties then have an opportunity
9  subsequent to the disclosure of that allegedly misused
10 material to take discovery with respect to that material.
11 　　　　　The Linux Operating System, Unix System V, AIX, and
12 Dynix, include collectively hundreds of millions of lines of
13 code, Your Honor. When they identified that which IBM has
14 alleged to have misused, we're going to need to take discovery
15 with respect to that identified code. We're going to need to
16 take discovery with respect to who and when, where, why, how.
17 We're going to need to take discovery with respect to whether
18 it's subject to contracts, whether it's subject to copyright
19 principles. We're going to need to take discovery with
20 respect to whether it's in public domain, and if so, to what
21 extent.
22 　　　　　Your Honor, our proposal is that the Court impose
23 an interim deadline, by which the parties disclose, I
24 understand already should have been done, if the parties have
25 additional information they disclose that and that there be a

1  final deadline. And after that deadline, the target is fixed.
2  The experts are not permitted to disclose additional
3  information in their reports or other pretrial submissions.
4  They're not allowed an opportunity to add additional uses
5  about that which was supposedly misappropriated. The target
6  is fixed.
7      That's the only way, Your Honor, if there's allowed
8  to be a period of brief fact discovery after that we can
9  properly prepare our defense. The only other alternative,
10 Your Honor, is to undertake that kind of investigation with
11 respect to the hundreds of millions of lines of code in issue
12 in the case under a hypothetical, yet unasserted theories of
13 liability. That is impossible, and any scheduling order we
14 respectfully submit should include that kind of provision.
15     Now, they've made various arguments against it,
16 Your Honor. We've laid out in our papers why none of them are
17 respectfully are any good. If as they contend we will get
18 this information in the ordinary course, which is their
19 argument, then they ought to have no difficulty agreeing to a
20 schedule in which there is that kind of provision.
21     And respectfully, the reason that they don't
22 particularly care about that provision is that IBM has
23 disclosed to them 700,000-plus lines of code, line for line
24 match up that we contend that they infringed in our copyright
25 claim. That we don't have. That we want. That we think we

```
 1   need in order for this case to progress.  Thank you.
 2                THE COURT:  Thank you.
 3           Mr. Normand?
 4                MR. NORMAND:  Thank you, Your Honor.  The parties
 5   do disagree over the structure of the fact discovery.  We have
 6   proposed that the fact discovery in this case proceed as it
 7   does in every other civil case, with mutual discovery.  IBM
 8   wants a period of unilateral discovery to begin very shortly.
 9   They want that period to begin on August 11th.  That's not
10   enough time for us to review the code.
11           IBM's unilateral discovery proposal fails for
12   several other reasons in addition, Your Honor.  First, our
13   schedule conforms that mutual discovery contemplated in the
14   federal rules and the one that was structured in the previous
15   schedule orders.  And we think it would be odd if that
16   framework changed as a result of -- as reflected in the
17   magistrate court's January order, IBM's failure to produce
18   relevant evidence for over a year.
19           IBM can prepare a defense to SCO's claims during
20   the period of mutual fact discovery.  IBM has served
21   interrogatories on SCO, and SCO is under an obligation to
22   respond to those interrogatories.  We will do so as soon as we
23   can.  If it arises that IBM is of the view that it has not
24   received our responses to their interrogatories in enough time
25   to complete discovery, that is an issue to raise with the
```

```
 1   Court at that point. The Court is full of arsenal of measures
 2   it can take to allow more time or to preclude us from using
 3   evidence if we haven't produced responses to those
 4   interrogatories in time.
 5              IBM's argument suffers we think also from a very
 6   fundamental flaw. No one knows better than IBM what they
 7   contributed to Linux, how it was derived, how it was created.
 8   The notion that IBM is flying blind is absurd.
 9              Thank you, Your Honor.
10              THE COURT: Thank you.
11              Anything else?
12              All right. Thank you all. I'll take these motions
13   under advisement and get a ruling out in due course.
14              Court will be in recess.
15              (Whereupon, the court proceedings were concluded.)
16                        *   *   *   *   *
```