| | |
|---|---|
| Brent O. Hatch (5715) | Robert Silver (admitted pro hac vice) |
| Mark F. James (5295) | Edward Normand (admitted pro hac vice) |
| HATCH, JAMES & DODGE | BOIES, SCHILLER & FLEXNER LLP |
| 10 West Broadway, Suite 400 | 333 Main Street |
| Salt Lake City, Utah  84101 | Armonk, New York 10504 |
| Telephone: (801) 363-6363 | Telephone: (914) 749-8200 |
| Facsimile:  (801) 363-6666 | Facsimile:  (914) 749-8300 |
| | |
| Stuart H. Singer (admitted pro hac vice) | Stephen N. Zack (admitted pro hac vice) |
| BOIES, SCHILLER & FLEXNER LLP | BOIES, SCHILLER & FLEXNER LLP |
| 401 East Las Olas Boulevard – Suite 1200 | Bank of America Tower – Suite 2800 |
| Ft. Lauderdale, Florida 33301 | 100 Southeast Second Street |
| Telephone:  (954) 356-0011 | Miami, Florida  33131 |
| Facsimile:  (954) 356-0022 | Telephone:  (305) 539-8400 |
| | Facsimile:   (305) 539-1307 |

*Attorneys for The SCO Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S SUPPLEMENTAL REPLY MEMORANDUM IN FURTHER SUPPORT OF SCO'S MOTION FOR IN CAMERA REVIEW OF ALLEGEDLY PRIVILEGED DOCUMENTS**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff, The SCO Group, Inc. ("SCO"), respectfully submits this supplemental reply memorandum in further support of SCO's Motion for In Camera Review of Allegedly Privileged Documents filed on May 5, 2006, as authorized by Order of the Court dated June 22, 2006.

**Argument**

SCO has reviewed the declarations previously submitted <u>in</u> <u>camera</u> by International Business Machines Corporation ("IBM") in support of its assertion of attorney-client privilege. SCO submits that, even accepting these declarations at face value, the Court should find that IBM has not met its burden of proof on the three documents in question.

The declarations underscore the relevance of the analysis in <u>Adams v. Gateway, Inc.</u>, No. 2:02-CV-106TS, 2006 WL 23787856 (D. Utah Dec. 30, 2003) (attached as Ex. 2 to SCO's Mem. in Supp. and as Ex. A to SCO's First Reply Mem.), in which the court distinguished between material protected by the privilege and "horizontal activity . . . which had significant purposes independent of legal considerations." <u>Id.</u> at *11.  The court explained that communications between an attorney and employees of a corporate client are protected by the attorney-client privilege only in certain circumstances:

> <u>Lawyer oversight</u> was advisable in a complex business challenge, fraught with legal implications.  That does not make a communication or document attorney-client privileged.  <u>Lawyer input</u> may have been sought and given on factual scenarios and technical solutions.  That also does not make a communication or document attorney-client privileged.

<u>Id.</u>  The presence of the "legal purpose" required to shield a document from discovery "is determined from inspection of the document."  <u>Id.</u>

<u>Adams</u>, along with precedent that SCO has cited previously, establish that if the documents here have a primary purpose other than legal advice, such as providing lawyer oversight of a "complex business challenge" or lawyer input to a normal business document, then the privilege does not attach.  <u>See id.</u>  The declarations fail to define a legal purpose that is sufficient to shield discovery of the documents due to attorney-client privilege.

Mr. Walker states that he directed the creation of documents "to define the process and procedures to be followed" by IBM in the creation of a Journaled File System ("JFS") for the Raptor and Warp projects. (See Decl. of Mark Walker, Esq. ¶ 4.) The creation of a JFS is a business purpose, and Mr. Walker's concerns clearly fall under the categories of lawyer oversight or lawyer input rather than legal advice.

Ms. Dobbs intones that she directed the preparation of a summary "to facilitate" and "to provide legal advice," but alludes to "legal advice" in only a general, conclusory manner. (Decl. of Sharon Dobbs, Esq. ¶¶ 6, 10.) Ms. Dobbs's conclusory statements fail to satisfy IBM's burden of establishing that the privilege is applicable with respect to the JDA summary prepared by Mr. Bullis. See, e.g., Alexander v. FBI, 192 F.R.D. 42, 45 (D.D.C. 2000) ("Although [the party asserting the privilege] may establish the applicability of the privilege asserted through affidavits, [the party] must offer more than just conclusory statements.")

The relevant precedent makes clear that communications such as these are not privileged. Considering the substance of the declarations at issue, SCO respectfully submits that, upon its in camera review of the documents, the Court should find them to be discoverable.

DATED this 7th day of July, 2006

      By:  /s/ Brent O. Hatch
           HATCH JAMES & DODGE
           Brent O. Hatch
           Mark F. James

           BOIES, SCHILLER & FLEXNER LLP
           Robert Silver
           Stuart H. Singer
           Edward Normand

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing Supplemental Reply Memorandum in Further Support of SCO's Motion for <u>In</u> <u>Camera</u> Review of Allegedly Privileged Documents was served on Defendant International Business Machines Corporation on the 7th day of July, 2006, by CM/ECF to the following:

David Marriott, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Donald J. Rosenberg, Esq.
1133 Westchester Avenue
White Plains, New York 10604

Todd Shaughnessy, Esq.
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004


/s/ Brent O. Hatch
_____