# Exhibit A

Westlaw.

2006 WL 1072008 Page 1
--- F.R.D. ----, 2006 WL 1072008 (S.D.N.Y.)
**(Cite as: 2006 WL 1072008 (S.D.N.Y.))**

H

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
In re FLAG TELECOM HOLDINGS, LTD. SECURITIES
LITIGATION
This Document Relates to: All Actions
**No. 02 CIV. 3400(WCC).**

April 19, 2006.

**Background:** Putative class action was brought to recover for misrepresentations in prospectus incorporated into registration statement in connection with initial public offering (IPO). Plaintiffs moved to compel individual defendant to produce certain documents.

**Holdings:** The District Court, Conner, Senior District Judge, held that:
(1) corporation's former senior executive officer in charge of strategic development had sufficient control over requested corporate documents to support order compelling him to produce such documents, and
(2) requested documents were sufficiently relevant to be discoverable.
Motion granted.

[1] Federal Civil Procedure 1574

170Ak1574 Most Cited Cases
Party seeking production of documents bears the burden of demonstrating that the other party has control over the documents sought. Fed.Rules Civ.Proc.Rule 34(a), 28 U.S.C.A.

[2] Federal Civil Procedure 1574
170Ak1574 Most Cited Cases
If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have "control," even if the documents are actually in the possession of a non-party. Fed.Rules Civ.Proc.Rule 34(a), 28 U.S.C.A.

[3] Federal Civil Procedure 1574
170Ak1574 Most Cited Cases
Test for the production of documents is control, not location. Fed.Rules Civ.Proc.Rule 34(a), 28 U.S.C.A.

[4] Federal Civil Procedure 1574
170Ak1574 Most Cited Cases
Documents may be within the control of a party, for purposes of request for production of documents, even if they are located abroad. Fed.Rules Civ.Proc.Rule 34(a), 28 U.S.C.A.

[5] Federal Civil Procedure 1558.1
170Ak1558.1 Most Cited Cases
Asserted confidentiality of relevant business records is not a proper basis for refusing production of documents.

[6] Federal Civil Procedure 1588
170Ak1588 Most Cited Cases
Foreign corporation's former senior executive officer in charge of strategic development had sufficient control over requested corporate documents to support order compelling him to produce such documents in securities case, although employee handbook indicated that the documents were property of the corporation, and officer had resigned from his position; handbook did not bar employees from obtaining the documents and using them to perform their jobs, and former officer continued to serve corporation as a consultant, and was an officer for over a year after the document requests were made. Fed.Rules Civ.Proc.Rule 34(a), 28 U.S.C.A.

[7] Federal Civil Procedure 1261
170Ak1261 Most Cited Cases
Discovery procedures provided by the Hague Convention are neither the exclusive nor even, necessarily, the first means for obtaining discovery from a foreign entity, as compared with the Federal Rules of Civil Procedure.

[7] Treaties 8
385k8 Most Cited Cases
Discovery procedures provided by the Hague Convention are neither the exclusive nor even, necessarily, the first means for obtaining discovery from a foreign entity, as compared with the Federal Rules of Civil Procedure.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 1072008                                                                                                  Page 2
--- F.R.D. ----, 2006 WL 1072008 (S.D.N.Y.)
**(Cite as: 2006 WL 1072008 (S.D.N.Y.))**

**[8] Federal Civil Procedure** 🔑1574
170Ak1574 Most Cited Cases
Discovery demand is proper under rule governing production of documents when it is served on a party to the action for documents within their custody or control regardless of where the documents are located. Fed.Rules Civ.Proc.Rule 34, 28 U.S.C.A.

**[9] Federal Civil Procedure** 🔑1588
170Ak1588 Most Cited Cases
Documents concerning individual defendants' knowledge of corporation's financial position prior to initial public offering of its stock, documents concerning corporation's solvency and bankruptcy, and documents concerning the valuation of corporation's assets and liabilities and the actual or potential market prices of its securities were sufficiently relevant to be discoverable in action based on alleged securities fraud and false and misleading disclosures in corporation's prospectus. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

**[10] Federal Civil Procedure** 🔑1272.1
170Ak1272.1 Most Cited Cases
Relevance of matters sought in discovery is to be interpreted broadly and will include any matter that bears on, or that could reasonably could lead to other information that could bear on, any issue that is or may be in the case. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

**[11] Federal Civil Procedure** 🔑1272.1
170Ak1272.1 Most Cited Cases
Discovery is not limited to the issues raised in the pleadings. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

Milberg Weiss Bershad & Schulman, LLP, Lead Counsel for Plaintiff and the Class, New York, Brad N. Friedman, Esq., Rachel S. Fleishman, Esq., of Counsel.

Shearman & Sterling LLP, Attorneys for Individual Defendants Andres Bande, Larry Bautista, Lim Lek Suan, Edward McCormack, Edward McQuaid, Daniel Petri and Philip Seskin, New York, Jerome S. Fortinsky, Esq., Panagiotis Katsambas, Esq., of Counsel.

OPINION AND ORDER
CONNER, Senior D.J.

*1 In the present motion, plaintiffs Peter Loftin, Norman H. Hunter and Joseph Coughlin (collectively, "plaintiffs"), move to compel production of certain documents as well as establish a deadline for completion of initial document discovery pursuant to FED. R. CIV. P. 37(a) against defendants Andres Bande, Edward McCormack, Larry Bautista, Stuart Rubin, Daniel Petri, Edward McQuaid, Philip Seskin and Dr. Lim Lek Suan (collectively, the "individual defendants"). For the reasons stated herein, plaintiffs' motion is granted and the individual defendants have 120 days from the entry of this Court's Order to complete the initial document production.

BACKGROUND
The facts of this case are set forth extensively in our previous opinions, familiarity with which is presumed. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 411 F.Supp.2d 377, 379 (S.D.N.Y.2006); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F.Supp.2d 429, 434 (S.D.N.Y.2005); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 308 F.Supp.2d 249, 274 (S.D.N.Y.2004). Accordingly, we set forth only the procedural history necessary for decision on the present motion.

On March 17, 2005, plaintiffs served their First Request for the Production of Documents to the Individual Defendants (the "Request"). (Friedman Decl., Ex. A.) That Request defined "FTGL" as "FLAG Telecom Group, Ltd. and its predecessors (other than FLAG Telecom Holding Group, Ltd) ...." (*Id.,* Ex. A ¶ 7.) It defined "FTHL" as "FLAG Telecom Holdings, Ltd. and its predecessors [and] successors (other than FTGL) ...." (*Id.,* Ex. A ¶ 8.) The individual defendants served their responses and objections to plaintiffs' Request on April 18, 2005. (*Id.,* Ex. B .) Specifically, the individual defendants objected, in pertinent part, to plaintiffs' definitions of FTGL and FTHL as well as to plaintiffs' instruction that the requested documents include documents located with FTHL or FTGL "to the extent that it attempts to require the Individual Defendants to produce documents that are the property of persons or entities other than themselves." (*Id.,* Ex. B. ¶¶ 5-6, 14.)

On April 27, 2005, plaintiffs' counsel Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss"), contacted defense counsel Shearman & Sterling LLP ("Shearman & Sterling") to inquire as to whether Shearman & Sterling

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

would accept service of a subpoena *duces tecum* on FTGL. [FN1] (Katsambas Decl. ¶ 3.) In a series of telephone conferences among the parties' attorneys it became clear that: (1) McCormack, Executive Vice President, Strategy & Corporate Development of FTGL, would not produce any FTGL documents; and (2) FTGL would accept service of the FTHL subpoena *duces tecum* [FN2] only if it conformed with the substantive provisions of the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (the "Hague Convention"), as adopted by the United Kingdom, and if plaintiffs' stipulated that any and all disputes arising from production under the Hague Convention would be resolved by English courts under English law. (*Id.* ¶¶ 5-6.) Milberg Weiss apparently refused defendants' conditional offer to accept service and brought the present motion to compel, which seeks an Order pursuant to FED. R. CIV. P. 37(a) compelling: (1) McCormack "to produce all FTGL documents in his possession, custody, or control" responsive to plaintiffs' Request; (2) "each of the Individual Defendants to produce documents created during the period from January 1, 1998 through December 31, 1998 that are responsive to the Request"; (3) "each of the Individual Defendants to produce documents that were created between January 1, 1998 and April 1, 2001 concerning the solvency, valuation and/or bankruptcy of FTHL, sought in Requests Nos. 26, 27, and 28"; (4) "each of the Individual Defendants to produce documents regarding the actual or potential market price of FTHL securities, sought in Request No. 35"; and (5) each of the Individual Defendants to complete their respective document productions within 90 days of this Court's order, if one is issued.

*2 In the interim, McCormack has declared that he has resigned from his current executive position effective March 31, 2006, though he may thereafter act as a consultant to FTGL. (McCormack Decl. ¶ 8.)

### DISCUSSION

#### I. *Standard of Review*

[1] Rule 34(a) of the Federal Rules of Civil Procedure provides that a party may serve a request for the production of documents that are in the possession, custody or control of the party upon whom the request is served. The party seeking the production bears the burden of demonstrating that the other party has control over the documents sought. *DeSmeth v. Samsung Am., Inc.,* No. 92 Civ. 3710, 1998 WL 74297, at *9 (S.D.N.Y. Feb.20, 1998). The parties agree that the central inquiry with respect to plaintiffs' motion to compel is whether McCormack has "control" over FTGL documents. (Pls. Mem. Supp. Mot. Compel at 10; Defs. Mem. Opp. Mot. Compel at 10.) However, there is a stark disagreement over the proper procedure for seeking these documents. [FN3]

[2][3][4][5] The concept of "control" has been construed broadly. *Deitrich,* 2000 WL 1171132, at *3. "If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party." *Riddell Sports Inc. v. Brooks,* 158 F.R.D. 555, 558 (S.D.N.Y.1994); *see* 8A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2210 (2005). "Rule 37 imposes upon the party resisting discovery the burden of showing that its resistance was substantially justified ...." *Scott v. Arex, Inc.,* 124 F.R.D. 39, 42 (D.Conn.1989). "The test for the production of documents is control, not location." *Marc Rich & Co. ., A.G. v. United States,* 707 F.2d 663, 667 (2d Cir.), *cert. denied,* 463 U.S. 1215, 103 S.Ct. 3555, 77 L.Ed.2d 1400 (1983). Documents may be within the control of a party even if they are located abroad. *Id.; see Cooper Indus., Inc. v. British Aerospace, Inc.,* 102 F.R.D. 918, 920 (S.D.N.Y.1989). The asserted confidentiality of relevant business records is not a proper basis for refusing production. *See generally In re Agent Orange Prod. Liab. Litig.,* 821 F.2d 139 (2d Cir.1987). In any event, in this case the parties entered into a Stipulation of Confidentiality.

#### II. *McCormack's Control Over the Documents*

[6] Plaintiffs assert that, under the broad definition of control, McCormack "[a]s an officer of FTGL, ... exercises 'control' over FTGL's documents because he almost certainly has the practical ability (and likely the legal right, as well) to access the documents sought." (Pls. Mem. Supp. Mot. Compel at 11.) The individual defendants contend not that McCormack lacks control over some of the requested documents, but that he lacks the authority to produce them because of a corporate confidentiality agreement contained in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

2006 WL 1072008                                                                                              Page 4
--- F.R.D. ----, 2006 WL 1072008 (S.D.N.Y.)
**(Cite as: 2006 WL 1072008 (S.D.N.Y.))**

FTGL's corporate handbook.

The individual defendants claim that McCormack is precluded from producing FTGL documents because the terms of his Employment Agreement, the FTGL Employee Handbook and FTGL's Code of Business Conduct and Ethics prevent him from making "any copy, abstract, summary or précis of the whole or part of any document belonging to the Company." [FN4] (Defs. Mem. Opp. Mot. Compel at 12-15; McCormack Decl., Exs. A-C.) Moreover, the individual defendants indicate that McCormack bears serious consequences if he fails to comply with the terms of the agreement. [FN5] (Defs. Mem. Opp. Mot. Compel at 14.) The individual defendants also assert, more broadly, that McCormack, as a corporate officer, does not necessarily control the corporation or its documents. (*Id.* at 15.) Therefore, defendants argue that in order to obtain documents from FTGL, a foreign nonparty, plaintiffs must proceed through the Hague Convention. (*Id.* at 18.) This argument, however, rings hollow given not only the public policy problem raised by refusing discovery because of an employment agreement's confidentiality provisions, but also FTGL Employment Agreement's specific provision permitting production "when ordered by a Court or Tribunal of competent jurisdiction or when otherwise required to be disclosed by law." (McCormack Decl, Ex. B at 18.)

*3 Rule 34, as modified by Rule 26(b)(1), permits a party to seek from another party all material reasonably calculated to lead to the discovery of admissible evidence. *See Scott*, 124 F.R.D. at 40. McCormack is a senior executive of FTGL, a former party to the litigation, and certainly has the pracitical ability to obtain the documents sought by plaintiffs' Request. This ability is not limited to FTGL documents, but also those of FTHL. The individual defendants' attempts to thwart plaintiffs' discovery by conditioning its acceptance of service of process and denying the possession of potentially responsive documents based on the dissolution of FTHL, its reincarnation as FTGL and subsequent purchase by Reliance does indeed lend credence to plaintiffs' "shell game" allegation.

Moreover, the Employee Handbook and the Code of Business Conduct and Ethics only indicate that the relevant documents are the property of FTGL, and not that its employees cannot obtain the documents. Indeed, FTGL employees are permitted to utilize the documents in the course of employment, as they must in order to perform their jobs, and therefore McCormack, as a senior officer of the corporation in charge of strategic development, has the practical ability to obtain them. Nor is this Court swayed by McCormack's recent resignation of his executive position. The individual defendants have known about these requests for almost a year, and have delayed their production during the dispute. Also, McCormack plans to continue his service of FTGL as a consultant. Courts in this Circuit frequently mandate that former executives produce documents, and here, where McCormack was a senior executive for over a year after these document requests where made, this Court will not deny plaintiffs' Request simply because of McCormack's nominal change in status.

The only case the individual defendants cite for the proposition that former executives need not produce corporate materials is *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499 (D.Kan.2001). The court in that case stated that the plaintiff "cannot properly seek to obtain from one entity or individual what belongs to another." *Id.* at 502. However, we note the relatively sparse citation of this case by other courts, as well as the fundamental distinction that here McCormack was, until recently, a current executive of FTGL overseeing the very operations that gave rise to the Complaint.

Therefore, McCormack, if ordered by this Court, could produce the documents without violating his obligations under the Employee Handbook.

III. *The Hague Convention*

The individual defendants insist that if plaintiffs wish to seek discovery through FTGL they must do so through the Hague Convention. (Defs. Mem. Opp. Mot. Compel at 21.) Specifically, they assert that "discovery by means of Rule 34 is not available with respect to documents that belong to and are in the possession, custody and control of a foreign corporation that is not a party to the case and not otherwise subject to discovery pursuant to the Federal Rules of Civil Procedure." (*Id.* at 18.)

*4 [7][8] "The discovery procedures provided by the Hague

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

2006 WL 1072008  Page 5
--- F.R.D. ----, 2006 WL 1072008 (S.D.N.Y.)
**(Cite as: 2006 WL 1072008 (S.D.N.Y.))**

Convention, however, are neither the exclusive nor even, necessarily, the first means for obtaining discovery from a foreign entity, as compared with the Federal Rules of Civil Procedure." *Dietrich,* 2000 WL 1171132, at *5 (citing *First Am. Corp. v. Price Waterhouse LLP,* 154 F.3d 16, 21 (2d Cir.1998)). "When a party seeks to discover documents or things located outside the United States from a foreign party over whom the court has personal jurisdiction, the party seeking production may employ Rule 34 without first resorting to the Hague Convention ...." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 34.14 (3d ed.2005). Indeed, a discovery demand is proper under Rule 34 when it is served on a party to the action for documents within their custody or control regardless of where the documents are located. *Cooper Indus.,* 102 F.R.D. at 919.

The documents are subject to discovery pursuant to Rule 34 because, as discussed *infra,* McCormack is a party who has control over the corporation's documents irrespective of their location. Individual defendants do not address the considerations of comity in their papers. *See Dietrich,* 2000 WL 1171132, at *5. [FN6] Therefore, McCormack may be compelled to produce the documents under Rule 34 and plaintiffs are not required to proceed under the Hague Convention.

IV. *The Substance of the Discovery Requests*

[9] There have also been objections to the substance of plaintiffs' discovery requests. Specifically, individual defendants object to the production of documents: (1) from the period of January 1, 1998 through December 31, 1998; [FN7] (2) related to the solvency and bankruptcy of FTHL; and (3) related to the valuation of FTHL assets and liabilities and those documents concerning the actual or potential market prices of FTHL securities.

[10][11] "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). "Relevance" is to be interpreted broadly "and will include 'any matter that bears on, or that could reasonably could lead to other [information] that could bear on, any issue that is or may be in the case." ' *Sherwin-Williams Co. v. Spitzer,* No. 04 CV 185, 2005 WL 2128938, at *11 (N.D.N.Y. Aug. 24, 2005) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)); *see Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Discovery is not limited to the issues raised in the pleadings. *Oppenheimer Fund,* 437 U.S. at 351. Indeed many factual issues may arise during discovery that may not necessarily be related to the merits of the case. *Id.* "Discovery itself is designed to help define and clarify the issues." *Id.* However, discovery is not unlimited. "Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 351-52.

*5 The underlying facts of this case are akin to the facts in *Nairobi Holding Ltd. v. Brown Bros. Harriman & Co.,* No. 02 Civ. 1230, 2005 WL 742617 (S.D.N.Y. Mar. 18, 2005). In that case, as in the case before this Court, plaintiffs were asserting 10b-5 claims which require a showing of scienter. *Id.* at *3. The court recognized that "[i]mplicit in this element is the need to show what the defendants knew at the time of the alleged misrepresentations." *Id.* It was therefore necessary to allow a broad time-frame for discovery purposes to determine if and when the defendants learned certain facts. *Id.* ("a time-frame for discovering defendants' knowledge of facts at issue must be sufficiently broad to reveal evidence of the facts as well as evidence of where defendants learned those facts").

Plaintiffs' remaining claims against the individual defendants are for violations of sections 11 and 12(a)(2) of the Securities Act of 1933. Specifically, plaintiffs allege that certain disclosures in Flag's Prospectus were false or misleading in order to increase pre-sales on a cable operating system the company was constructing. The initial contract for the cable operating system, which underlies plaintiffs' Complaint, was entered into in January of 1999. The time-frame for document production should therefore include the period from January 1, 1998 through December 31, 1998 to permit the discovery of any relevant evidence with respect to the individual defendants' knowledge of Flag's financial position. Plaintiffs other discovery requests are for documents related to the solvency and bankruptcy of FTHL and docu-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ments concerning the valuation of FTHL assets and liabilities and the actual or potential market prices of FTHL securities. In light of plaintiffs' allegations, these documents would clearly fall under the broad definition of "relevance" in Rule 26. Therefore, plaintiffs are entitled to discover the documents.

V. *Completion of Initial Production by Date Certain*

Finally, plaintiffs request that the individual defendants complete their production of documents responsive to this motion within 90 days of the entry of this Court's Order. Individual defendants have indicated that they anticipated completion of discovery "within the next few weeks." (Defs. Mem. Opp. Mot. Compel at 23.) However, individual defendants note that there are "practical difficulties" that may arise as a result of this Order as FTGL is a large, foreign conglomerate and McCormack resigned from his current position with FTGL effective March 31, 2006. However, there have already been extensive delays in document production. At this stage in the litigation, with this action pending since 2002, the individual defendants have already had ample opportunity to determine which documents are responsive to the Request. In light of these considerations, we direct that the completion of the production of documents pursuant to this Order shall take place within 120 days from the entry of this Court's Order.

CONCLUSION

*6 For all of the foregoing reasons, the motion of plaintiffs Peter Loftin, Norman H. Hunter and Joseph Coughlin to compel discovery is granted. We direct that the completion of the production of documents pursuant to this Order shall take place within 120 days from the entry of this Court's Order.

SO ORDERED.

FN1. FTHL became a nonparty following this Court's dismissal of them with prejudice by Opinion and Order dated January 12, 2005. *See In re Flag Telecom,* 352 F.Supp.2d 429. FTHL was created in 1999 and organized under the laws of Bermuda to serve as the holding company for several entities originally established by Verizon Communications, Inc. and other investors that operated in the international telecommunications market. *See Rahl v. Bande,* 316 B.R. 127, 129 (S.D.N.Y.2004) (Conner, J.) (related bankruptcy proceeding). After filing for Chapter 11 bankruptcy, FTHL was reorganized as FTGL effective October 9, 2002. *See id.* at 130. "In or about January 2004, FTGL was acquired by Reliance Gateway Net Limited, which is part of the Reliance Group of Companies, one of India's largest private sector enterprises." (McCormack Decl. ¶ 6.)

FN2. Plaintiffs caused a subpoena *duces tecum* to be issued against FTHL on May 3, 2005. (Friedman Decl., Ex. C.) Shearman & Sterling objected to the FTHL subpoena by letter dated May 19, 2005. (*Id.,* Ex. D.) Specifically, the letter notes that "FTHL objects to the definitions of the terms 'FTHL,' the 'Company,' 'you,' and 'your' ..., and further objects to the instructions, to the extent that they purport to include parties other than FTHL (and are therefore overbroad and burdensome)." (*Id.*) The letter further states that "[s]ubject to foregoing objections, FTHL has no documents responsive to the Subpoena." (*Id.*)

FN3. As an initial matter, the subpoena is not at issue. Regardless, "the scope of discovery and the meaning of 'control' " under Rule 45 and Rule 34 are interpreted identically. *Dietrich v. Bauer,* No. 95 Civ. 7051, 2000 WL 1171132 at *2 n. 2 (S.D.N.Y. Aug. 16, 2000).

FN4. The individual defendants rely on this language from the Employee Handbook:
All documents, papers and property which contain confidential material or relate in any way to FLAG, its business (including prospective business) or affairs or of any of its customers, suppliers, agents, distributors or subcontractors, remains the property of FLAG whether it is prepared by you, or at your request, or acquire it in the course of your employment.
You are not permitted to take any papers or documents belonging to FLAG home with you when

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

2006 WL 1072008                                                      Page 7
--- F.R.D. ----, 2006 WL 1072008 (S.D.N.Y.)
**(Cite as: 2006 WL 1072008 (S.D.N.Y.))**

you leave at the end of the day except where this is necessary for the proper performance of your duties. Any unauthorised conduct in this respect which causes loss or damage to FLAG or to any customer will be regarded as serious misconduct for which you may be summarily dismissed should the circumstances warrant it.
(McCormack Decl., Ex. B; Defs. Mem. Opp. Mot. Compel at 12-15.)

FN5. Although McCormack has already resigned from his position at FTGL, noncompliance with the Employment Agreement may be regarded as "gross misconduct" which could affect the potential for a consultancy agreement with FTGL or severance benefits to which he may be entitled. (Defs. Mem. Opp. Mot. Compel at 14, n. 9.)

FN6. In *Dietrich,* the District Court was addressing defendants' argument that the Hague Convention must be followed despite their failure to identify considerations of comity and "instead simply asserting in a conclusory fashion that international discovery procedures are 'appropriate." ' 2000 WL 1171132, at *5. The court held "[t]here is no basis for concluding that [plaintiff] is required to pursue those avenues before resorting to the Federal Rules." *Id.*

FN7. Throughout the Request, the "Relevant Time Period" for document production is from January 1, 1998 through the date of production. (Friedman Decl., Ex. B at 7.) Defendants apparently objected to producing documents prior to January 1, 1999.

--- F.R.D. ----, 2006 WL 1072008 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 7:02cv03400 (Docket) (May 1, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.