# Exhibit B

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 638372 (D.Kan.)
**(Cite as: 1998 WL 638372 (D.Kan.))**

Page 1

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Kansas.
SITHON MARITIME COMPANY, Plaintiff,
v.
HOLIDAY MANSION, et al., Defendants.
No. Civ.A.96-2262-EEO.

Sept. 14, 1998.

Lee M. Smithyman, Smithyman & Zakoura, Chtd., Overland Park, KS, Michael G Chalos, Richard M Ziccardi, George J Tsimis, Chalos & Brown, New York, NY, for Sithon Maritime Company, plaintiff.

Norman R. Kelly, Norton, Wasserman, Jones & Kelly, Salina, KS, Anthony F. Rupp, Andrew M. DeMarea, Shughart, Thomson & Kilroy, Overland Park, KS, for Holiday Mansion, a Division of Mohawk, Inc., defendant.

Heather Suzanne Woodson, Stinson, Mag & Fizzell, P.C., Overland Park, KS, John C. Aisenbrey, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Alex B Marconi, Patrick X Fowler, Snell & Wilmer L.L.P., Phoenix, AZ, for Mercury Marine, a Division of Brunswick Corporation, defendant.

Heather Suzanne Woodson, Stinson, Mag & Fizzell, P.C., Overland Park, KS, John C. Aisenbrey, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Alex B Marconi, Patrick X Fowler, Snell & Wilmer L.L.P., Phoenix, AZ, for Mercury Marine, cross-claimant.

Norman R. Kelly, Norton, Wasserman, Jones & Kelly, Salina, KS, Anthony F. Rupp, Andrew M. DeMarea, Shughart, Thomson & Kilroy, Overland Park, KS, for Holiday Mansion, cross-defendant.

Heather Suzanne Woodson, Stinson, Mag & Fizzell, P.C., Overland Park, KS, John C. Aisenbrey, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Alex B Marconi, Patrick X Fowler, Snell & Wilmer L.L.P., Phoenix, AZ, for Mercury Marine, counter-claimant.

Lee M. Smithyman, Smithyman & Zakoura, Chtd., Overland Park, KS, Michael G Chalos, Richard M Ziccardi, George J Tsimis, Chalos & Brown, New York, NY, for Sithon Maritime Company, counter-defendant.

Norman R. Kelly, Norton, Wasserman, Jones & Kelly, Salina, KS, Anthony F. Rupp, Andrew M. DeMarea, Shughart, Thomson & Kilroy, Overland Park, KS, for Holiday Mansion, cross-claimant.

Heather Suzanne Woodson, Stinson, Mag & Fizzell, P.C., Overland Park, KS, John C. Aisenbrey, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Alex B Marconi, Patrick X Fowler, Snell & Wilmer L.L.P., Phoenix, AZ, for Mercury Marine, cross-defendant.

Norman R. Kelly, Norton, Wasserman, Jones & Kelly, Salina, KS, Anthony F. Rupp, Andrew M. DeMarea, Shughart, Thomson & Kilroy, Overland Park, KS, for Holiday Mansion, counter-claimant.

Lee M. Smithyman, Smithyman & Zakoura, Chtd., Overland Park, KS, Michael G Chalos, Richard M Ziccardi, George J Tsimis, Chalos & Brown, New York, NY, for Sithon Maritime Company, counter-defendant.

*MEMORANDUM AND ORDER*
RUSHFELT, Magistrate J.

*1 Before the court is Plaintiff-Sithon Maritime Company's Motion for Sanctions Against Defendant-Mercury Marine (doc. 190). Pursuant to Fed.R.Civ.P. 37 and D.Kan. Rule 11.1(c), plaintiff seeks an order to sanction defendant Mercury Marine (Mercury) for deliberately withholding relevant documents and information from plaintiff. Mercury opposes the motion. It asks that the court direct plaintiff to retract false and defamatory accusations of discovery misconduct. It further asks the court to award it fees and costs incurred in responding to the motion of plaintiff.

On April 14, 1998, the court heard oral argument on the motion. Plaintiff appeared through its attorneys Lee M. Smithyman, Richard M. Ziccardi, and George J. Tsimis. Defendant Mercury appeared through its attorneys John C. Aisenbrey, Alex B. Marconi, and Patrick X. Fowler. The court has considered the written briefs and oral arguments and will now

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 638372 (D.Kan.)
**(Cite as: 1998 WL 638372 (D.Kan.))**

Page 2

rule.

Plaintiff seeks sanctions for the failure of Mercury to produce documents discovered at Marine Corporation of America (MCA), a non-party to this action. It contends Mercury withheld documents at three different points of this lawsuit: (1) from initial disclosures, required by Fed.R.Civ.P. 26(a); in response to requests propounded under Fed.R.Civ.P. 34; and in response to requests contained in correspondence. Plaintiff alleges the documents were "clearly" in the possession of Mercury "at all relevant times." It also seeks sanctions on the basis that Mercury "coached" and obtained perjured testimony.

Plaintiff groups the withheld documents into the following categories: (1) history of engines sent to it for installation into its passenger boats; (2) other complaints of engine overheating; and (3) acknowledgment that the 7.3L diesel engine was a "problem product" and "obsolete." (Pl.'s Mem. Supp. Mot. for Sanctions, doc. 191, at 3.) During oral argument it divided the withheld documents into two categories: (1) those related to the 7.3L engine in general; and (2) those related to the specific engines at issue in this lawsuit. As examples of the allegedly withheld documents, plaintiff provides various forms of correspondence between Mercury and MCA and a warranty claim as exhibits. (See Exs. E through L and N through R, attached to Aff. of George J. Tsimis, doc. 192.) Correspondence between the parties identifies nine categories of documents allegedly withheld from discovery by Mercury: (1) supplier corrective action requests; (2) sample inspection reports; (3) Mercury Engineering Change Notices; (4) Nonconforming Product Utilization Permits; (5) Mercury Engine Final Inspection forms; (6) packaging check lists; (7) failure of engine reports; (8) nonconforming material tags or reject cards; and (9) engine repair sheets. (Letter from Tsimis to Fowler of 10/9/97 at 3-4, attached as Ex. S to Aff. of George J. Tsimis.) Plaintiff acknowledges that the last three categories are forms of MCA, but nevertheless hypothesizes that "Mercury clearly must have used a similar type document." (Id. at 4 n. 1.)

*2 Mercury opposes sanctions. It claims that it has produced other documents which contain the same information as the documents allegedly withheld. It claims that it did not find the allegedly withheld documents, furthermore, "when it searched in places it reasonably expected to locate documents which might be responsive to plaintiff's discovery requests." It suggested to plaintiff that MCA might have relevant documents. It suggests, moreover, that the documents apparently no longer exist at Mercury. It affirmatively states in response to the motion that it no longer has such documents to produce. It denies coaching or obtaining perjured testimony. It wants plaintiff to retract its false and defamatory accusations of discovery misconduct. It also seeks its costs and fees incurred in responding to the motion.

The present motion completes a trilogy of motions alleging various abuses of discovery by Mercury. On April 10, 1998, the court sustained in part, deemed moot in part, and otherwise overruled a motion to compel Mercury to produce all documents responsive to Plaintiff's Second Request for Production of Documents and all documents informally requested in a letter dated June 3, 1997. (Mem. & Order of Apr. 10, 1998, doc. 217.) It ordered Mercury to produce documents responsive to Requests 1, 22 through 34, and 37. (Id. at 17.) It directed that each party would be responsible for its own costs and expenses incurred on the motion. (Id. at 18.) On May 7, 1998, it sustained in part, deemed moot in part, and otherwise overruled a motion to compel Mercury to produce documents withheld from productions required by Plaintiff's Second Request for Production of Documents and the letter of June 3, 1997. (Mem. & Order of May 7, 1998, doc. 222.) Subject to a protective order made applicable contemporaneously, the court ordered Mercury to produce a client list which had been withheld from discovery for lack of a protective order. (Id. at 4-5.) It declined to find that Mercury withheld other documents from discovery. (Id. at 3.) It again directed that each party would be responsible for its own costs and expenses incurred on the motion. (Id. at 4.)

Plaintiff contends that Mercury should have produced the withheld documents as initial disclosures and in response to its First and Second Requests for Production and letters dated October 16, 1996 and June 3, 1997. A failure to produce documents as initial disclosures does not subject a party to sanctions when that party chooses to identify, rather than produce, documents. Fed.R.Civ.P. 26(a) permits the disclosing party to choose either form of disclosure. In this

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 638372 (D.Kan.)
**(Cite as: 1998 WL 638372 (D.Kan.))**

Page 3

instance Mercury chose to identify relevant documents as part of its initial disclosures. (*See* Mercury's Initial Rule 26(a) Disclosure of Individuals, Documents and Damages, attached as Ex. T to Aff. of George J. Tsimis.) That it did not produce the allegedly withheld documents as initial disclosures thus provides no basis for sanctions.

*3 Withholding production in response to the letters of October 16 and June 3 likewise provides no basis for sanctions. As thoroughly discussed in ruling upon plaintiff's first motion to compel, an informal request for production contained in a letter creates no duty to produce documents. (Mem. & Order of April 10, 1998, at 2-4.) Plaintiff sought warranty claims from Mercury only informally in a letter. (*See* Pl.'s Mem. Supp. Mot. for Sanctions, doc. 191, at 7 .) Accordingly, the withheld warranty claim provides no basis for sanctions.

Other documents allegedly withheld from discovery, however, appear responsive to formal requests for production. Improperly withholding production against formal requests for production may occasion sanctions. Sanctions against Mercury, nevertheless, appear unwarranted. Its response adequately states that the unproduced documents did not exist within its possession, custody, or control, when it responded to the formal requests for discovery. Plaintiff presents no evidence, furthermore, that Mercury coached any witness to commit perjury. Cross-examination at trial, of course, may show any inconsistencies between the deposition testimony and the documents from MCA.

Citing *Norman v. Young,* 422 F.2d 470, 472-73 (10th Cir.1970), plaintiff suggests that Mercury must provide sworn statements that it lacks possession, custody, and control of the unproduced documents. In *Norman* the Tenth Circuit Court of Appeals upheld a default judgment for the failure to produce documents as previously ordered by the trial court in ruling upon a motion to compel. 422 F.2d at 471-75. During a hearing on the motion to compel counsel for defendants orally informed the trial court that the documents did not exist. *Id.* at 471. The court directed counsel to "make the proper representations in writing." *Id.* After counsel failed to do so, the court entered default judgment. *Id.* at 472. On appeal the Circuit noted the general rule that "the moving party is charged with establishing possession, custody or control and that a 'party may not be compelled to produce papers or things which are not in his possession, custody, or control, or the possession, control, or existence of which the party denies under oath." ' *Id.* at 472- 73 (footnotes omitted). The Circuit recognized, however, that "records which are normally kept in the business of the party ... are presumed to exist, absent a sworn denial, and a prima facie case of control is all that must be established to justify issuance of the order [to produce]." *Id.* at 473 (footnotes omitted). Finding that the records withheld by defendants were the type normally kept in the business of the party, the Circuit held that, in the absence of sworn statements denying the existence of such documents, the trial court "could presume existence in a concealed state and/or that the evidence produced would show the untruth or unmeritorious nature of the defense." *Id.* at 473.

*4 The court finds *Norman* distinguishable from the present case. The documents there at issue - statements from financial institutions, tax returns, quarterly estimates of income, financial statements, and records of accountant - were the type businesses customarily and routinely keep in their operation. The documents here at issue are not of similar character. Plaintiff attaches various forms of correspondence between Mercury and MCA and a warranty claim as exhibits. As noted earlier, withholding the warranty claim provides no basis for sanctions. The court thus disregards that item and expresses no view as to whether businesses would customarily and routinely keep such documents in their operation. It views the other examples of withheld documents as significantly different from the financial information at issue in *Norman.* Unlike that information, the court declines to indulge a presumption that a business will necessarily keep every memo, letter, e-mail, or similar document in the course of its business.

In the absence of such presumption, plaintiff has made no *prima facie* showing that Mercury had possession, custody, or control of the sought documents when it responded to the formal requests for discovery. The response to the motion for sanctions adequately demonstrates that Mercury no longer has the documents. Mercury provides a number of plausible explanations for their non-existence. Plaintiff quibbles about the precise wording of attached affidavits



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 638372 (D.Kan.)
**(Cite as: 1998 WL 638372 (D.Kan.))**

Page 4

purporting to assert the non-existence. Assuming the insufficiency of the provided affidavits does not help plaintiff. Although averments made under oath may be preferable, they are not necessary to resolve every dispute regarding the existence of documents. Statements within the response suffice in this instance. Plaintiff apparently fails to recognize the significance of the signature of counsel on the response to the motion. The signature requirement of Fed.R.Civ.P. 11 or 26(g) provides sufficient verification for accepting the fact that the sought documents no longer exist at Mercury and that Mercury does not otherwise have possession, custody, or control of them.

The court notes, furthermore, that sanctions were warranted in *Norman,* because defendant there failed to produce documents in contravention of an order of the court and plaintiff there had never obtained the documents from any other source. Plaintiff here has obtained the documents at issue, albeit from a non-party. The failure to produce in this case violated no court order.

From the record before it, the court finds no sanctionable conduct on the part of Mercury. Mercury failed to produce certain documents in response to requests for discovery, because it no longer had them. It suggested that plaintiff seek documents from MCA. MCA produced documents that relate to Mercury and issues of this lawsuit. That production may have raised a legitimate question about why Mercury had not produced them, but it provides no basis for sanctions in view of the affirmative denial of their existence in response to the motion. Despite the allegations of wrongdoing, plaintiff has provided no evidence of deliberate and purposeful withholding of documents. It has shown nothing beyond speculation and conjecture that counsel for Mercury coached perjured testimony from witnesses. The court declines to attribute unethical conduct to counsel on the record before it, which is speculative at best.

*5 The court declines to sanction Mercury. If plaintiff seeks reconsideration of the ruling on the motion for summary judgment in light of evidence obtained from non-party MCA, it must resort to other avenues. The present motion for sanctions does not go to reconsideration of the ruling by the District Judge.

Mercury asks the court to direct plaintiff to retract its accusations of discovery misconduct. It further asks for an award of its costs and expenses incurred upon the motion. The court declines both requests. The denial of the motion of plaintiff should adequately dispel the accusations against Mercury. The production by MCA, furthermore, raised a legitimate question as to the reasons plaintiff failed to produce the documents. The court cautions counsel for the parties to conduct this litigation with civility toward one another. Civility between counsel, parties, and the court should be the norm, not the exception, in the adversarial process. Such civility includes conferring about disputes. Such conference appears lacking here. Had counsel for plaintiff made the effort to settle this matter face-to-face with defense counsel the apparent need for the motion for sanctions may have subsided. The rules do not call for sanctions at every turn. Counsel have a duty to treat each other with respect and courtesy.

For the foregoing reasons, the court overrules Plaintiff-Sithon Maritime Company's Motion for Sanctions Against Defendant-Mercury Marine (doc. 190). Each party shall be responsible for its own costs and expenses incurred on the motion and subsequent briefing.

IT IS SO ORDERED.

Not Reported in F.Supp.2d, 1998 WL 638372 (D.Kan.)

**Motions, Pleadings and Filings (Back to top)**

• 1999 WL 34590906 (Expert Report and Affidavit) Affidavit of Joseph Winer (Feb. 13, 1999)

• 1999 WL 34590907 (Expert Report and Affidavit) Affidavit of Marc Vianello. CPA (Feb. 13, 1999)

• 1998 WL 35031806 (Expert Report and Affidavit) Affidavit of Joseph Winer (Sep. 29, 1998)

• 1998 WL 35031807 (Expert Report and Affidavit) Supplemental Report (Sep. 7, 1998)

• 1998 WL 35031805 (Expert Report and Affidavit) Preliminary Expert Report of Marc Vianello (Jun. 19, 1998)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 638372 (D.Kan.)
**(Cite as: 1998 WL 638372 (D.Kan.))**

Page 5

• 1997 WL 34479497 (Expert Report and Affidavit) (Report or Affidavit) (Mar. 15, 1997)

• 1997 WL 34479496 (Expert Report and Affidavit) (Report or Affidavit) (Feb. 28, 1997)

• 2:96cv02262 (Docket) (Jun. 03, 1996)

• 1996 WL 34303306 (Partial Expert Testimony) (Partial Testimony) (1996)

• 1996 WL 34303307 (Partial Expert Testimony) (Partial Testimony) (1996)

• 1996 WL 34303308 (Partial Expert Testimony) (Partial Testimony) (1996)

• 1996 WL 34303309 (Expert Report and Affidavit) Report of Marc vianello, CPA of Vianello & Leonard, L.L.C. (1996)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.