# Exhibit C

Westlaw.

Not Reported in F.Supp.                                                                                           Page 1
Not Reported in F.Supp., 1997 WL 910426 (W.D.N.C.), 39 Fed.R.Serv.3d 1437
**(Cite as: 1997 WL 910426 (W.D.N.C.))**

C

**Motions, Pleadings and Filings**

United States District Court, W.D. North Carolina.
Leanna R. MILLER, Plaintiff,
v.
SPRINT COMMUNICATIONS, Defendant.
**No. 3:97CV156-P.**

Dec. 31, 1997.
Leanna R. Miller, Charlotte, Pro se.

Randall D. Avram, Hunton & Williams, Raleigh, Andrew D
Shore, Hunton & Williams, Charlotte, for Sprint Commu-
nications, defendants.

ORDER
POTTER, Senior District J.

*1 THIS MATTER is before the Court on the Defendant's
Motion to Dismiss Pursuant to Rule 37(b)(2)(C) of the Fed-
eral Rules of Civil Procedure [document no. 11, filed on 25
November 1997]. Because the Plaintiff's failure to comply
with discovery and this Court's orders is inexcusable, the
Court will grant the Defendant's Motion to Dismiss. The
Court will deny the Defendant's Motion for Fees and Costs
because it would not be in the interests of justice to grant the
Motion.

I. FACTUAL BACKGROUND AND PROCEDURAL HIS-
TORY
The pro se Plaintiff filed her Complaint on 19 February
1997. On 1 August 1997, the Defendant served the follow-
ing discovery by first class mail on the Plaintiff: (1) Defend-
ant's First Request for Production of Documents
("Document Request"); (2) Defendant's First Set of Interrog-
atories (Production of Documents and Interrogatories here-
inafter collectively as "Discovery"); and (3) Defendant's No-
tice of Plaintiff's Deposition. [FN1]

FN1. Defendant scheduled the deposition for 5
September 1997.

The Plaintiff's responses were due on or about 3 September
1997. See Fed.R.Civ.P. 33 and 34. However, the Plaintiff

failed to respond to Discovery and did not contact the De-
fendant. On 4 September 1997, one day prior to the
Plaintiff's scheduled deposition and after the Plaintiff failed
to respond to Discovery, the Defendant attempted to contact
the Plaintiff, to no avail, in order to reschedule the depos-
ition for 3 October 1997. Defendant then mailed the
Plaintiff an Amended Notice of Deposition for October 3,
1997 and a letter which informed the Plaintiff that the De-
fendant would file a motion to compel documents and seek
sanctions and attorneys' fees if the Plaintiff did not respond
to Discovery by September 10, 1997. The Plaintiff failed to
respond to the Discovery requests. The Defendant then filed
a Motion to Compel Discovery. Next, the Plaintiff failed to
attend her deposition on 3 October 1997, and did so without
attempting to contact the Defendant. [FN2]

FN2. The Defendant maintains that it incurred sub-
stantial costs while preparing for and attending the
deposition, which included the Defendant's in-
house counsel traveling from his office in Kansas
City, Kansas.

On 21 October 1997, Magistrate Horn granted the Defend-
ant's Motion to Compel Discovery. In that Order, Magistrate
Horn, in very clear language, ordered the following:
"*On or before November 14, 1997,* the plaintiff shall
either: (a) provide responsive documents and/or answers
to "Defendant's First Request For Documents" and De-
fendant's First Set of Interrogatories; *or* (b) notify the
Court in writing that she wishes to voluntarily dismiss her
Complaint." (Order, 21 October 1997 (emphasis in origin-
al).)
Further, Magistrate Horn cautioned the Plaintiff that the
failure to comply with the Discovery requests could result in
sanctions and/or the involuntary dismissal of the matter, and
he would recommend involuntary dismissal with prejudice
if the Plaintiff did not respond as ordered.

On 14 November 1997, the deadline set by Magistrate Horn,
the Plaintiff filed an Objection in which she did not provide
documents or answers to the Discovery requests as ordered
by Magistrate Horn. Rather, the Plaintiff stated that she
would "from this day forth ... cooperate fully with legal rep-
resentation for this case." Hence, the Court finds that the
Plaintiff did not comply with Magistrate Horn's Order.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.                                                     Page 2

Not Reported in F.Supp., 1997 WL 910426 (W.D.N.C.), 39 Fed.R.Serv.3d 1437
**(Cite as: 1997 WL 910426 (W.D.N.C.))**

**\*2** The Defendant then filed a Motion to Dismiss With Prejudice pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure for the Plaintiff's failure to comply with Magistrate Horn's Order. The Plaintiff filed a Response in which she attempted to show cause for failure to provide the Discovery requests due to her financial hardship, unemployment, and difficulty in obtaining a stable residence. Importantly, however, the Plaintiff did not, and has not, complied with discovery requests or this Court's orders.

## II. DISCUSSION AND LEGAL ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure governs a motion to dismiss and for sanctions based on the failure of a party to obey an order to provide or permit discovery. That Rule provides in pertinent part:

(b) Failure to Comply with Order.

(2) Sanctions by Court in Which Action is Pending. If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following ... (C) An order ... dismissing the action or proceeding or any part thereof ....

(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party ... fails (1) to appear before the officer who is to take the deposition after being served with a proper notice ... the court in which the motion is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.... In lieu of any order or in addition thereto the court shall require the party failing to act ... to pay reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Hence, it is evident from Rule 37 that the failure of a party to obey a discovery order can lead to the dismissal of the action and the award of reasonable expenses including attorney's fees.

Courts applying Rule 37 have found that the rule should not be applied as an initial remedy. *See generally* 7 *Moore's Federal Practice,* § 37.05 (1997) (hereinafter "Moore's"). A

trial court should not use the harsh sanction of dismissal when the failure to obey the discovery order was a result of a party's inability to do so after good faith efforts at compliance. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Courts have generally held that there must be some element of bad faith, willfulness, gross negligence, or callous disregard of the rights of other litigants in order to justify imposition of the sanction of dismissal. *See* Moore's §§ 37.51 & 37.93.

It is well-settled that the determination of whether the factual situation of any given case justifies dismissal for violation of a discovery order is left in the sound discretion of the trial court. FN3 The purposes of the sanction of dismissal are to penalize conduct and to to deter those who might be tempted to such conduct in the absence of such a deterrent. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam).

> FN3. *See National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam). "[T]he question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action: it is whether the District Court abused its discretion in so doing." *Id.* at 642, 96 S.Ct. at 2780; *see also Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 504 (4th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978).

**\*3** The Court of Appeals for the Fourth Circuit has directed that district courts consider four factors in deciding whether to impose the sanction of dismissal when a party fails to comply with a discovery order. *Mutual Federal Savings & Loan Association v. Richards & Associates,* 872 F.2d 88, 92 (4th Cir.1988). The factors include: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice the party's noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence the noncomplying party failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.                                                                                                   Page 3
Not Reported in F.Supp., 1997 WL 910426 (W.D.N.C.), 39 Fed.R.Serv.3d 1437
**(Cite as: 1997 WL 910426 (W.D.N.C.))**

In this case, the Court's examination of the relevant factors leads it to conclude that the Defendant's Motion to Dismiss is meritorious. First, the Court believes the Plaintiff has acted in bad faith. The uncontradicted evidence that Defendant has produced in the form of an affidavit, letters to Plaintiff, and notices of deposition demonstrates that the Defendant attempted to depose the Plaintiff at least twice. The Plaintiff either willfully failed to appear as scheduled or it was apparent the Plaintiff would not appear, at great inconvenience and cost to the Defendant. The Plaintiff has failed to come forward with any legitimate reason for not attending the deposition scheduled for 3 October 1997.

More importantly, the Plaintiff to date has not complied with Magistrate Horn's Order in which the Plaintiff was to comply with the Defendant's discovery requests not later than 14 November 1997. Nor has the Plaintiff proffered a legitimate reason for her failure to comply with Magistrate Horn's Order. Thus, the Court concludes that the Plaintiff disregarded the Court's Orders in bad faith.

Second, the Court finds that the Plaintiff's failure to comply with Discovery requests and this Court's orders has caused the Defendant significant prejudice. The Discovery requested by the Defendant--First Request for Production of Documents, First Set of Interrogatories and Notice of Plaintiff's Deposition--are relevant and material to the case as they are requested of the Plaintiff, the sole Plaintiff in the case. Clearly, the Plaintiff's refusal to provide the requested Discovery effectively estopped the Defendant from preparing this case.

Third, the Court believes that the need for deterrence of this type of noncompliance is vital for the efficient administration of justice. If parties were permitted to routinely ignore notices for depositions and discovery requests, the Court would be required to intervene in the discovery process of every case. In this case alone, the Court has entered two discovery orders to no avail. With the tremendous caseload federal district courts must manage, this type of involvement in every case would create unmanageable dockets. Accordingly, the Court believes that in this case it is necessary "[t]o deter those who might be tempted to such conduct in the absence of such a deterrent ... Other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts." *National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781.

**\*4** Fourth, the Court is unable to conclude that less drastic sanctions would be effective. Plaintiff has failed to suggest less drastic sanctions would ensure her compliance with the Court's discovery orders. Due to Plaintiff's financial condition, the Court is certain that monetary sanctions would be ineffective due to Plaintiff's indigent status. *See* Fed.R.Civ.P. 37(c); *see also Rogler v. Phillips Building Mental Retardation Program,* 126 F.R.D. 509, 514 (D.Md.1989). Nor can the Court find that evidence Plaintiff has withheld be established as true due to the fact that Plaintiff has not provided Defendant with any substantive information. *See* Fed.R.Civ.P. 37(b)(2)(A); *see also Mutual Federal Savings & Loan,* 872 F.2d at 93. Finally, the Court is unable to strike out part of the pleadings because the Title VII claim is the heart of the complaint. *See* Fed.R.Civ.P. 37(b)(2)(C). While the Court could find Plaintiff in contempt, the Court would have to imprison Plaintiff because she is unable to pay a fine. The Court does not believe, given the crowded conditions of the Mecklenburg County Jail, that such an alternative is appropriate in this case. Thus, the Court believes that the most effective option is to dismiss this action.

### III. CONCLUSION

In sum, the Plaintiff has been in blatant noncompliance with this Court's direct orders and the Federal Rules of Civil Procedure for nearly four months. The Court believes it has exercised a great deal of patience with the Plaintiff by allowing her nearly six weeks to comply with Magistrate Horn's Order compelling discovery. Although the fact that the Plaintiff is pro se requires some attention, it surely does not excuse the Plaintiff's failure to provide the requested Discovery, much less her failure to comply with direct orders of this Court.

The Defendant has requested that reasonable expenses be assessed against the Plaintiff. However, because of the Plaintiff's indigence, the Court does not believe that awarding expenses would be in the interest of justice at this time. Accordingly, the Court will grant the Defendant's Motion to Dismiss, but deny the Defendant's Motion to award ex-

Westlaw.

Not Reported in F.Supp.                                                                                    Page 4
Not Reported in F.Supp., 1997 WL 910426 (W.D.N.C.), 39 Fed.R.Serv.3d 1437
**(Cite as: 1997 WL 910426 (W.D.N.C.))**

penses.

NOW, THEREFORE, IT IS ORDERED that the Defendant's Motion to Dismiss Pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure [document no. 11] be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that the Defendant's Motion for Fees and Costs be, and hereby is, DENIED.

The Court will file a corresponding Judgment dismissing this matter with prejudice.

Not Reported in F.Supp., 1997 WL 910426 (W.D.N.C.), 39 Fed.R.Serv.3d 1437

**Motions, Pleadings and Filings (Back to top)**

• 3:97CV00156 (Docket) (Apr. 03, 1997)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.