# Exhibit D

Westlaw.

Not Reported in F.Supp.2d                                                                                          Page 1
Not Reported in F.Supp.2d, 2005 WL 2897045 (D.S.D.)
**(Cite as: 2005 WL 2897045 (D.S.D.))**

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. South Dakota, Northern Division.
S & S COMMUNICATIONS, Plaintiff,
v.
LOCAL EXCHANGE CARRIERS ASSOCIATION, Inc.,
et al., Defendants.
**No. Civ 02-1028.**

Nov. 3, 2005.

John William Burke, Barker, Wilson, Reynolds & Burke, LLP, Belle Fourche, SD, for Plaintiff.

Darla Pollman Rogers, Riter, Rogers, Wattier & Brown, LLP, Pierre, SD, David U. Fierst, Stein, Mitchell & Mezines, LLP, Washington, DC, for Defendants.

OPINION AND ORDER ON DEFENDANTS' MOTION TO STRIKE
KORNMANN, J.

INTRODUCTION
*1 Plaintiff filed this action against the Local Exchange Carriers Association, Express Communications, and 28 member rural local telephone exchange carriers. Plaintiff claims that the individual local telephone carriers, acting on their own and through the two entities, conspired to monopolize the long distance carrier market through predatory price fixing, amounting to a restraint of trade, resulting in the limitation and elimination of plaintiff's ability to offer intrastate long distance services in South Dakota.

Defendants filed a motion (Doc. 143) to strike plaintiff's expert disclosures, precluding plaintiffs from offering any expert testimony at trial from Porter Childers or Dr. Mark Meitzen. [FN1] Alternatively, defendants request a *Daubert* hearing on Childers' qualifications to testify as to economic or anti-trust expertise. Defendants have filed a motion (Doc. 162) to supplement the record with excerpts from Childers' deposition transcript in support of their contention that Childers is not qualified to testify in those areas. Finally, defendants submit that Dr. Meitzen should be barred from testifying based upon the irrelevance of his opinions to the issues in this case.

> FN1. Defendants contend in a separate motion that, failing the admissibility of the plaintiff's experts' testimony on material issues requiring expert testimony, defendants are entitled to summary judgment.

BACKGROUND
The Court's first Rule 16 scheduling order (Doc. 72) required the plaintiff to disclose its expert reports pursuant to Fed.R.Civ.P. 26(a)(2) by April 1, 2004. Two weeks prior to that date the plaintiff requested an extension of the deadline due to the delay in obtaining necessary documents from the defendants. The second Rule 16 scheduling order (Doc. 75) required the plaintiff to disclose its expert reports by July 1, 2004. One week prior to that date plaintiff again moved for an extension of the deadline on the same basis as previously requested. The new Rule 16 scheduling order (Doc. 88) required plaintiff to disclose its expert reports by October 1, 2004. Defendants' expert reports were required to be disclosed by December 1, 2004. Discovery continued between the parties and, on July 28, 2004, plaintiff filed a motion for a protective order. Defendants filed a cross-motion to compel discovery. On September 22, 2004, the plaintiff filed a motion to compel the defendants to make certain witnesses available for deposition and to extend the expert disclosure deadline pending resolution of the discovery disputes.

The disclosure deadline for all parties passed prior to this Court's ruling on the pending discovery disputes. The defendants, two days prior to the deadline for the disclosure of their responsive expert reports, filed a "designation of expert pursuant to F.R. ev. (sic) 26(a)(2)." The defendants designated Mark Shlanta "to present evidence pursuant to 702, 703, or 705 of the Federal Rules of Evidence." Defendants specifically reported that Mr. Shlanta is not a retained expert but instead an employee. The report set forth factual matters Mr. Shlanta was expected to testify about and also stated that, based upon the factual matters set forth, Mr. Shlanta would opine that the defendants are not charging each other rates below the applicable tariffs, that selling long distance service for less than the cost of switched access does not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2897045 (D.S.D.)
**(Cite as: 2005 WL 2897045 (D.S.D.))**

Page 2

support the contention that defendants sold switched access below the applicable tariffs, that selling long distance service at rates below $.20/minute is not evidence of predatory pricing, and there is no danger of defendants achieving a monopoly. The defendants' designation did not comply with Fed.R.Civ.P. 26(a)(2) but defendants contend (1) they had no obligation to file their expert designation until plaintiff did so and (2) Rule 26(a)(2) does not apply to Mr. Shlanta because he is not a "retained" expert but instead a fact expert. If the opinions, at least in part, set forth above are "facts," there must be something not readily apparent to the court.

*2 The discovery disputes were resolved by this Court on January 3, 2005. The parties stipulated to new deadlines and another amended Rule 16 scheduling order (Doc. 134) issued requiring plaintiff to disclose its expert reports by June 13, 2005. Plaintiff served its expert disclosures on June 13, 2005, and defendants thereafter moved to strike the reports for failure to comply with Fed.R.Civ.P. 26(a)(2).

DISCUSSION

Rule 26(a)(2) provides, in part, that

> (A) ... a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence [experts].
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties an an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Clearly, plaintiff is required by the Rules of Civil Procedure to have its experts prepare and sign a written report (1) setting forth the expert's opinions, (2) setting forth the basis and reasons for the opinions, (3) setting forth the data or other information considered by the witness in forming the opinions, and (4) any exhibits which will be used to support or summarize the expert's opinions. (This is in contrast to the pre-1993 amendments practice of sandbagging your opponent by directing your expert to provide only an oral report so none need be provided in response to discovery requests.) No written report accompanied plaintiff's disclosure in this case. Plaintiff's counsel did disclose the experts' curriculum vitae, a list of publications, the witnesses' compensation, and the prior cases in which the witnesses had testified. However, the explanation of the factual matters and opinions held by the expert were set forth by plaintiff's attorney.

The disclosures made by plaintiff constitute "bare-bones" expert reports at best. Following the filing of the defendants' motion to strike, plaintiff filed affidavits by both of its witnesses setting forth that the experts hold all of the opinions attributed to them in the attorney's expert disclosure, that the opinions are based upon the witnesses' education, training, and experience, and after review of a voluminous number of documents produced during discovery. The only redeeming matter in the affidavits is that they, unlike the Rule 26(a)(2) disclosure, were signed by the experts. Neither the report filed by plaintiff nor the affidavits subsequently signed by the plaintiff's proposed experts comply with Fed.R.Civ.P. 26(a)(2).

*3 Plaintiff admits that it did not submit any expert reports but contends that defendants earlier submitted an equally deficient report. Defendants were under no obligation to submit a Rule 26(a)(2) report until after plaintiff submitted a report.

Plaintiff contends that defendants filed the motion to strike in violation of Fed.R.Civ.P. 37(a)(2)(A) and D.S.D. LR 37.1. The motion was also filed in violation of the Court's standard operating procedures. Defendants contend that any attempt to resolve the discovery controversy informally would have been futile, as evidenced by plaintiff's failure to remedy the deficiency in its expert disclosures. The motion

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2897045 (D.S.D.)
(Cite as: 2005 WL 2897045 (D.S.D.))

Page 3

was indeed made in violation of the rules.

Fed.R.Civ.P. 37(c)(1) provides, in pertinent part, that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence" the information that was not disclosed. By its own clear language, for preclusion to apply, the failure to disclose must be both without "substantial justification" and not "harmless." See *Doblar v. Unverferth Manufacturing Co.,* 185 F.R.D. 258, 261 (D.S.D.1999) (stating that, under Rule 37(c), the court must "first consider whether the plaintiff has established substantial justification" for its failure and then determine "whether the failure to disclose was harmless").

In determining whether plaintiff can meet its burden of substantial justification, the court is mindful that this is a case of "bare-bones" disclosure, rather than complete non-disclosure. In assessing substantial justification and harm under Rule 37(c), courts have developed a four part test. See *Transclean Corp. v. Bridgewood Services, Inc.,* 77 F.Supp.2d 1045, 1063 (D.Minn.1999) (adapting the Eighth Circuit's four part test of analysis for the preclusion of fact witness testimony in *Citizens Bank v. Ford Motor Co.,* 16 F.3d 965, 966 (8th Cir.1994), to the Rule 37(c) and Rule 16(f) context), *affirmed in relevant part by Transclean Corp. v. Bridgewood Services, Inc.,* 290 F.3d 1364 (8th Cir.2002). I have used that test in *McCauley v. United States,* CIV 00-3019 (October 23, 2001, opinion), a case involving both late disclosure and an "anemic" expert report. In using that test, a court is to consider (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Transclean,* 77 F.Supp.2d at 1063. The court, after reviewing those factors, believes that plaintiff's experts should not be precluded from testifying under Rule 37(c).

With respect to the first factor, the court notes that the experts whose testimony would be excluded are central to the plaintiff's case. In fact, defendants rely upon the exclusion of plaintiff's experts as a basis for an accompanying summary judgment motion. There is a strong policy "favoring a trial on the merits and against depriving a party of his day in court." *Fox v. Studebaker-Worthington, Inc.,* 516 F.2d 989, 996 (8th Cir.1975). The "opportunity to be heard is a litigant's most precious right and should be sparingly denied." *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1020 (8th Cir.1999) (quoting *Edgar v. Slaughter,* 548 F.2d 770, 773 (8th Cir.1977)). This important policy is reflected in the "distinct aversion" that courts have developed to the exclusion of important testimony absent evidence of extreme neglect or bad faith. See *In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717, 791-92 (3rd Cir.1994). As one commentator has concluded, "many judges are reluctant to exclude evidence that is important to the merits of the case without a showing of substantial and largely irremedial prejudice, as well as bad faith, willfulness or substantial fault." *Moore's Federal Practice,* § 37.60(2)(b) (Matthew Bender 3d ed.). The first factor favors the plaintiff.

*4 As to the second factor, the only justification given by plaintiff is the nature of the so-called expert designation made by defendants. Defendants were under no obligation to make a Rule 26(a)(2) disclosure and contend that their pleading is not an expert disclosure within the rule. This factor clearly does not fall in favor of plaintiff. Plaintiff still has not filed expert reports that comply with the rule.

The third factor requires the court to consider the potential prejudice to the defendants if the experts are allowed to testify. This factor falls in plaintiff's favor. A trial date has not yet been set in this case. The drastic sanction of preclusion should only be used in cases where the late disclosure occurs at the "eleventh hour" on the eve of trial. See *Transclean,* 101 F.Supp.2d at 796 (finding prejudice where the disclosure was made less than a week before trial was set to begin). Apparently both experts have been deposed. The basis, or lack thereof, for any expert opinions they hold has been discovered. Accordingly, the fourth factor does not even apply because no continuance of trial is necessary here.

The Eighth Circuit has cautioned:
"Discovery of expert opinion must not be allowed to degenerate into a game of evasion." *Voegeli v. Lewis,* 568 F.2d 89, 97 (8th Cir.1977). "[T]he purpose of our modern discovery procedure is to narrow the issues, to eliminate surprise, and to achieve substantial justice." *Mawby v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2897045 (D.S.D.)
(Cite as: 2005 WL 2897045 (D.S.D.))

Page 4

*United States*, 999 F.2d 1252, 1254 (8th Cir.1993) (quoting *Greyhound Lines, Inc. v. Miller*, 402 F.2d 134, 143 (8th Cir.1968)).

*Tenbarge v. Ames Taping Tool Systems, Inc.*, 190 F.3d 862, 865 (8th Cir.1999). Rule 26(a)(2), in conjunction with the Court's Rule 16 scheduling order, is essential to the judicial management of the case. *See Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.1995). Courts do not enter scheduling orders "merely to create paperwork for the court's staff." *Rice v. Barnes*, 201 F.R.D. 549, 551 (M.D.Ala.2001). To the contrary, such orders provide a specific time frame enabling counsel to ensure "the expeditious and sound management of the preparation of cases for trial." *Id.* Court dockets are "simply too crowded for parties to treat scheduling orders as optional and to submit required court filings at their own conveniences." *Id.* quoting *Robson v. Hallenbeck*, 81 F.3d 1, 4 (1st Cir.1996). That is especially true in this court where the docket is primarily comprised of criminal cases, requiring the court to adhere to the strict timing requirements of the Federal Rules of Criminal Procedure and the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, effectively denying this court the docket flexibility enjoyed by other district courts in attending to their civil cases. Discovery disputes in this case have taken an inordinate amount of time. The court takes a dim view of what has transpired in this case to date. This case is already three years old.

*5 Plaintiff's expert disclosures failed to comply with either the letter or the spirit of Rule 26(a)(2). Plaintiff has not set forth any justification, let alone substantial justification. However, it appears that the only prejudice the defendants have incurred is frustration and delay. While the court frowns on parties causing needless frustration and casts a skeptical eye on the actions of counsel for plaintiff, this is not a case where the court will impute the sins of counsel to the client, as we are not yet on the very eve of trial. Thus, the court will not preclude plaintiff's experts from testifying at trial as a Rule 37(c) sanction.

The defendants contend that they have no obligation as to Mr. Shlanta to furnish a report meeting all the requirements of Rule 26(a)(2) because he is not retained or specially employed to provide expert testimony and his duties as an employee do not regularly involve giving expert testimony. Technically, this is correct. This court, however, does not permit trial by ambush by either side. The rule also provides that the court may otherwise direct disclosure. That is appropriate here and I do so direct. The report from Mr. Shlanta is deficient and clearly not in compliance with the rule. Defendants will be directed to remedy such problems by full compliance with the rule's disclosure requirements.

Further observations are appropriate. This is not a consumer lawsuit or a class action lawsuit on behalf of telecommunications users. No expert will be lecturing the jury on what the law is or the reasons for any such law's existence. I fully realize that the "ultimate issue rule" is no longer in force. However, I do not permit experts to "get into the jury box" or take over the obligations of the court to instruct the jury as to what principles of law are applicable and how they apply to the case at hand. I agree with the contentions of defendants that an expert cannot escape the requirements of the rule by contending that the documents in the lawsuit are voluminous. The opposing party is entitled to know the exact documents being used by the expert in forming his or her opinion. There is also no doubt that general conclusions in the expert's report are not sufficient. To state that the expert will express an opinion on some subject is never sufficient in itself.

ORDER

Now, therefore,

IT IS ORDERED:

1. Defendants' motion (Doc. 143) to strike expert summaries is denied.

2. Defendants' request for a *Daubert* hearing is denied, without prejudice.

3. Defendants' motion (Doc. 162) to supplement the record is granted.

4. All parties shall immediately fully comply with the requirements of Rule 26(a)(2) and the provisions of this opinion and order.

5. Any further violations of rules will result in monetary and other sanctions.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                              Page 5
Not Reported in F.Supp.2d, 2005 WL 2897045 (D.S.D.)
**(Cite as: 2005 WL 2897045 (D.S.D.))**

Not Reported in F.Supp.2d, 2005 WL 2897045 (D.S.D.)

### Motions, Pleadings and Filings (Back to top)

• 2006 WL 354329 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Defendants' Motion for Daubert Hearing and to Limit or Exclude Expert Testimony (Jan. 30, 2006)

• 2005 WL 2140954 (Trial Motion, Memorandum and Affidavit) Defendants' Reply to Plaintiff's Response to Defendants' Motion to Strike Expert Summaries (Jul. 26, 2005)

• 2005 WL 2140955 (Trial Motion, Memorandum and Affidavit) Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Jul. 26, 2005)

• 2005 WL 4135992 (Partial Expert Testimony) Deposition of Porter Childers Washington, D.C. (Jul. 19, 2005)

• 2005 WL 2140952 (Trial Motion, Memorandum and Affidavit) Brief in Resistance to Defendants' Motion for Summary Judgment (Jul. 11, 2005)

• 2005 WL 2140953 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Defendants' Motion to Strike Expert Summaries and Request for Daubert Hearing (Jul. 11, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.