# EXHIBIT 3

Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE
Evan R. Chesler (admitted pro hac vice)
Thomas G. Rafferty (admitted pro hac vice)
David R. Marriott (pending admission)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Attorneys for Defendant International Business
  Machines Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CALDERA SYSTEMS, INC, d/b/a/ THE SCO GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendants. | **DEFENDANT IBM'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**<br><br>Civil No. 2:03cv0294<br><br>Honorable Dale A. Kimball |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure,

defendant International Business Machines Corporation ("IBM") submits this First Set of

Interrogatories and First Request for the Production of Documents to plaintiff Caldera

Systems, Inc., d/b/a The SCO Group ("plaintiff").

255800.1

Plaintiff is directed to give answers to the written interrogatories separately, fully, in writing, under oath, and in accordance with the following definitions and instructions.  Plaintiff is requested to produce the documents and things in its possession, custody or control pursuant to the document requests.

Answers to the interrogatories, and all documents and things responsive to the document requests must be served on the undersigned attorneys for IBM at the offices of Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, NY 10019 within 30 days of service of these interrogatories and document requests.

### Interrogatories

**INTERROGATORY NO. 1:**

Please identify, with specificity (by product, file and line of code, where appropriate) all of the alleged trade secrets and any confidential or proprietary information that plaintiff alleges or contends IBM misappropriated or misused, including but not limited to as alleged in ¶ 105 of the Complaint.

**INTERROGATORY NO. 2:**

For each alleged trade secret or any confidential or proprietary information identified in response to Interrogatory No. 1, please identify:  (a) all persons who have or have had rights to the alleged trade secret or confidential or proprietary information; (b) the nature and source of the rights; and (c) all efforts by any person to maintain the secrecy or confidentiality of the alleged trade secrets and any confidential or proprietary information.

**INTERROGATORY NO. 3:**

For each alleged trade secret and any confidential or proprietary information identified in response to Interrogatory No. 1, please identify all persons to whom the

2

alleged trade secret or confidential or proprietary information is known or has been

disclosed and describe, in detail, the circumstances under which it became known or was

disclosed, including but not limited to:  (a) the date on which the alleged trade secret or

confidential or proprietary information was disclosed or became known to such persons;

(b) the specific terms on which the information was disclosed or became known, such as

pursuant to a confidentiality agreement; (c) all documents or agreements relating to the

disclosure; and (d) all places or locations where the alleged trade secret or confidential or

proprietary information may be found or accessed.

**INTERROGATORY NO. 4**:

For each alleged trade secret and any confidential or proprietary information

identified in response to Interrogatory No. 1, please describe, in detail, each instance in

which plaintiff alleges or contends that IBM misappropriated or misused the alleged trade

secret or confidential or proprietary information, including but not limited to:  (a) the date

of the alleged misuse or misappropriation; (b) all persons involved in any way in the

alleged misuse or misappropriation; (c) the specific manner in which IBM is alleged to

have engaged in misuse or misappropriation; and (d) with respect to any code or method

plaintiff alleges or contends that IBM misappropriated or misused, the location of each

portion of such code or method in any product, such as AIX, in Linux, in open source, or

in the public domain.

**INTERROGATORY NO. 5**:

For each alleged trade secret and any confidential or proprietary information

identified in response to Interrogatory No. 1, please identify:  (a) all agreements relating

to the alleged trade secret or confidential or proprietary information including but not

limited to the parties to and the terms of the agreements; and (b) all copyrights and patents relating to the alleged trade secret or confidential or proprietary information including but not limited to the owners, licensors, licensees, assignors or assignees of those copyrights or patents.

**INTERROGATORY NO. 6**:

For each line of source or object code and each method identified in response to Interrogatory No. 1, please identify: (a) the origin of the code or method, including when, where and by whom the code or method was created; and (b) all products in which, in whole or in part, the code or method is included or on which, in whole or in part, the code or method is based.

**INTERROGATORY NO. 7**:

Please describe, in detail, each instance in which plaintiff alleges that IBM engaged in unfair competition, including but not limited to: (a) the dates on which IBM allegedly engaged in any unfair competition; (b) all persons involved in the alleged unfair competition; and (c) the specific manner in which IBM is alleged to have engaged in unfair competition including but not limited to as alleged in ¶ 118 of the Complaint.

**INTERROGATORY NO. 8**:

Please identify all agreements with which plaintiff alleges IBM interfered and describe, in detail, each instance in which plaintiff alleges or contends that IBM interfered with those agreements, including but not limited to: (a) the date of the alleged interference; (b) all persons involved in the alleged interference; (c) the specific manner in which IBM is alleged to have interfered with the agreement; (d) the specific actions, if any, that IBM induced or encouraged plaintiff's customers or licensees to take; (e) the

4

specific action, if any, that plaintiff's customer or licensee took as a result of the actions allegedly induced or encouraged by IBM; and (f) the specific trade secret or confidential or proprietary information, if any, involved in the alleged interference.

**INTERROGATORY NO. 9**:

Please identify all agreements that plaintiff alleges or contends that IBM has breached, including the specific provisions or portions of those agreements that plaintiff alleges or contends that IBM breached, and describe, in detail, each instance in which plaintiff alleges or contends that IBM breached those agreements, including but not limited to: (a) the date of the alleged breach; (b) all persons involved in the alleged breach; and (c) the specific manner in which IBM is alleged to have breached the agreement.

**INTERROGATORY NO. 10**:

Separately, for each of plaintiff's claims for relief, please identify all persons (including but not limited to present or former employees of plaintiff or plaintiff's predecessors in interest) with knowledge relating to plaintiff's claims and contentions and the general nature of, or the categories of, facts known by each person.

**INTERROGATORY NO. 11**:

Please identify all products ever marketed, sold or distributed by plaintiff or plaintiff's predecessors in interest, including but not limited to the terms on which each was marketed, sold or distributed.

### Document Requests

**REQUEST NO. 1**:

All documents identified in response to IBM's interrogatories to plaintiff.

**REQUEST NO. 2**:

    All documents used or referred to in responding to IBM's interrogatories to plaintiff.

**REQUEST NO. 3**:

    All documents upon which plaintiff intends to rely at any trial or hearing or in connection with any motion in this action.

**REQUEST NO. 4**:

    All documents concerning the creation or development of the Disputed Material.

**REQUEST NO. 5**:

    All documents concerning any change or modification to the Disputed Material.

**REQUEST NO. 6**:

    All documents concerning the ownership of, or property rights in, the Disputed Material.

**REQUEST NO. 7**:

    All documents concerning any agreement relating to the Disputed Material.

**REQUEST NO. 8**:

    All documents concerning any efforts to ensure or maintain the secrecy or confidentiality of the Disputed Material.

**REQUEST NO. 9**:

    All documents concerning any rule, policy, practice or procedure relating to the confidentiality or secrecy, or lack of confidentiality or secrecy, of the Disputed Material.

6

**REQUEST NO. 10**:

All documents concerning any breach of any rule, policy, practice or procedure, relating to the confidentiality or secrecy, or lack of confidentiality or secrecy, of the Disputed Material.

**REQUEST NO. 11**:

All documents concerning the use by any person other than plaintiff of the Disputed Material.

**REQUEST NO. 12**:

All documents concerning the disclosure or availability of the Disputed Material to any person other than the plaintiff.

**REQUEST NO. 13**:

Documents sufficient to identify all licensees, sublicensees or assignees of the Disputed Material.

**REQUEST NO. 14**:

Documents sufficient to identify all persons to whom the Disputed Material has been disclosed.

**REQUEST NO. 15**:

All documents concerning any unlicensed or unauthorized use of the Disputed Material.

**REQUEST NO. 16**:

All documents concerning any lawsuit relating to the Disputed Material.

7

**REQUEST NO. 17**:

All documents concerning any agreement between plaintiff and any other person regarding actual or prospective litigation relating to the Disputed Material.

**REQUEST NO. 18**:

All documents concerning any copyright relating to, or any attempt to copyright, the Disputed Material.

**REQUEST NO. 19**:

All documents concerning any patent relating to, or any attempt to patent, the Disputed Material.

**REQUEST NO. 20**:

Documents sufficient to identify all persons who have ever licensed UNIX software products, code or methods.

**REQUEST NO. 21**:

All documents concerning any contract or licensing agreement with which plaintiff alleges IBM interfered.

**REQUEST NO. 22**:

All documents concerning any agreement involving IBM and plaintiff.

**REQUEST NO. 23**:

All documents concerning any agreement referenced in the Complaint including but not limited to the "AT&T UNIX Software Agreements", "AT&T UNIX Sublicensing Agreements", "AT&T UNIX Agreements", "AT&T/ IBM UNIX Agreements", the "Side Letter", "IBM Amendment X", and the "Software Agreement".

8

**REQUEST NO. 24**:

All documents concerning the value, if any, of the Disputed Material.

**REQUEST NO. 25**:

All documents concerning Project Monterey.

**REQUEST NO. 26**:

All documents provided to IBM by plaintiff or received by plaintiff from IBM.

**REQUEST NO. 27**:

All documents concerning any alleged disclosure by IBM to any third party or to the public of any Disputed Material.

**REQUEST NO. 28**:

All documents concerning any Disputed Material allegedly disclosed by IBM to any third party or to the public.

**REQUEST NO. 29**:

All documents concerning any Disputed Material disclosed by plaintiff to any third party or to the public.

**REQUEST NO. 30**:

All documents concerning any disclosure by plaintiff to any third party or to the public of any Disputed Material.

**REQUEST NO. 31**:

All documents concerning any Disputed Material found in Linux, open source, or the public domain.

255800.1

**REQUEST NO. 32**:

All documents concerning plaintiff's purchase or acquisition of the Disputed Material.

**REQUEST NO. 33**:

All documents concerning the Disputed Material, UNIX, or Linux received by plaintiff from AT&T, USL, Novell, or Tarantella.

**REQUEST NO. 34**:

All documents concerning any agreement involving AT&T, USL, Novell, Tarantella, or plaintiff relating to UNIX or Linux.

**REQUEST NO. 35**:

All documents concerning the formation of USL and the transfer by AT&T to USL of rights and property relating to UNIX.

**REQUEST NO. 36**:

All documents concerning the sale by AT&T and USL of USL's capital stock.

**REQUEST NO. 37**:

All documents concerning the acquisition of USL by Novell.

**REQUEST NO. 38**:

All documents concerning the sale by Novell to Tarantella of UNIX assets.

**REQUEST NO. 39**:

All documents concerning the sale of assets by Tarantella to plaintiff including but not limited to Tarantella's Server Software and Professional Services divisions.

10

**REQUEST NO. 40**:

All documents concerning any communication relating to this litigation including but not limited to communications with plaintiff's employees, shareholders, directors or officers.

**REQUEST NO. 41**:

All documents concerning any public statement made by plaintiff concerning this litigation.

**REQUEST NO. 42**:

All documents concerning plaintiff's decision to commence or pursue this lawsuit or other lawsuits relating to plaintiff's alleged contract or property rights relating to UNIX or Linux.

**REQUEST NO. 43**:

All documents concerning plaintiff's decision to attempt to terminate any IBM license.

**REQUEST NO. 44**:

All documents concerning plaintiff's decision to suspend its distribution of Linux products or code.

**REQUEST NO. 45**:

All documents concerning plaintiff's decision to change its name.

**REQUEST NO. 46**:

All documents concerning any analysis of any IBM product, code, or public disclosure.

255800.1

**REQUEST NO. 47**:

All document concerning any analysis of Linux or of any other open source code.

**REQUEST NO. 48**:

All documents concerning United Linux.

**REQUEST NO. 49**:

All documents concerning the General Public License.

**REQUEST NO. 50**:

All documents concerning any contributions to Linux or to open source made by AT&T, USL, Novell, Tarantella, or plaintiff.

**REQUEST NO. 51**:

All documents concerning the resumes or curricula vitae of any person on whom plaintiff intends to rely as a witness, declarant or affiant in this action.

**REQUEST NO. 52**:

Documents sufficient to show plaintiff's organizational or personnel structure, including but not limited to organization charts, flow charts and personnel directories.

**REQUEST NO. 53**:

All documents concerning any communication with AT&T, USL, Novell, or Tarantella relating to the Disputed Material or any copyright, patent, or trademark relating to the Disputed Material.

**REQUEST NO. 54**:

All documents concerning any statement, affidavit, declaration, or opinion relating to the Disputed Material or any patent, copyright, or trademark relating to the Disputed Material.

255800.1

**REQUEST NO. 55**:

All documents concerning any statement, affidavit, declaration, or opinion relating to this litigation.

**REQUEST NO. 56**:

All documents concerning any code or other material disclosed by plaintiff to any person, including but not limited to Laura Didio of the Yankee Group and Bill Claybrook of the Aberdeen Group, relating to plaintiff's allegation that IBM or others have misappropriated, misused or infringed plaintiff's intellectual or other property rights or have otherwise breached an obligation to plaintiff.

**REQUEST NO. 57**:

All documents concerning any analysis, assessment, opinion, or statement relating to plaintiff's allegation that IBM or others have misappropriated, misused or infringed plaintiff's intellectual or other property rights or have otherwise breached an obligation to plaintiff.

**REQUEST NO. 58**:

All documents concerning the unfair competition lawsuit brought by plaintiff against Microsoft Corporation.

**REQUEST NO. 59**:

All documents concerning the destruction of documents relating to the unfair competition lawsuit brought by plaintiff against Microsoft Corporation.

**REQUEST NO. 60**:

A copy of all source code and object code relating to the Disputed Material.

13

**REQUEST NO. 61**:

A copy of all source code and object code relating to all releases of any UNIX or Linux product.

**REQUEST NO. 62**:

A copy of all source code and object code relating to all releases of any product ever manufactured, marketed, sold, or distributed by plaintiff, including but not limited to:  (a) UnixWare; (b) SCO OpenServer; (c) ReliantHA; (d) NeTraverse Merge; (e) each of the "Optional Services" for the UnixWare product ever described on plaintiff's website; (f) SCO XENIX; and (g) Skunkware.

**REQUEST NO. 63**:

All documents concerning any of plaintiff's Beta Projects, including but not limited to copies of source code and object code for every software product ever tested or currently being tested by plaintiff in its Closed Beta or Open Beta projects.

**REQUEST NO. 64**:

A copy of all Linux, open source, or public domain source code and object code ever manufactured, marketed, sold, or distributed by plaintiff, including but not limited to all releases and versions of Caldera OpenLinux and SCO Linux.

**REQUEST NO. 65**:

Documents sufficient to show all persons to whom plaintiff or plaintiff's predecessors in interest have ever marketed, sold or distributed any products.

**REQUEST NO. 66**:

Documents sufficient to show the dates on which plaintiff or plaintiff's predecessors in interest have ever marketed, sold or distributed their products.

14

**REQUEST NO. 67**:

A copy of any IBM source code or object code or product documentation in plaintiff's possession, custody or control.

**REQUEST NO. 68**:

All documents concerning plaintiff's allegation that IBM misappropriated or misused the Disputed Material including but not limited to as alleged in ¶¶ 104-114 of the Complaint.

**REQUEST NO. 69**:

All documents concerning plaintiff's allegation that IBM engaged in unfair competition including but not limited to as alleged in ¶¶ 115-121 of the Complaint.

**REQUEST NO. 70**:

All documents concerning plaintiff's allegation that IBM interfered with plaintiff's contracts or prospective contractual relations including but not limited to as alleged in ¶¶ 122-127 of the Complaint.

**REQUEST NO. 71**:

All documents concerning plaintiff's allegation that IBM breached its contractual obligations including but not limited to as alleged in ¶¶ 128-136 of the Complaint.

**REQUEST NO. 72**:

All documents concerning plaintiff's alleged termination of IBM's right to use the Disputed Materials, including but not limited to as alleged in ¶ 135 of the Complaint.

**REQUEST NO. 73**:

All documents concerning the nature, calculation, and basis of any damages and injuries plaintiff claims in this matter.

255800.1

## Instructions and Definitions

Defendant IBM hereby incorporates by reference all instructions, definitions and rules contained in Rule 33 and Rule 34 of the Federal Rules of Civil Procedure and the local rules or individual practices of this Court and supplements them with the following definitions and instructions:

A.    Definitions

1.    The term "AIX" shall mean the UNIX-branded operating system distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications.

2.    The term "AT&T" shall mean and include, collectively and/or individually, AT&T Corporation and all its directors, officers, authorized agents, employees, consultants, attorneys, sales representatives, distributors, dealers, direct and indirect contractors, entities that were acquired by or merged with AT&T, subsidiaries of AT&T, including but not limited to AT&T Technologies, Inc., and/or all other persons acting on behalf of AT&T.

3.    The term "communication" shall mean any transmittal of information, whether oral or written, including correspondence, electronic mail and other internet transmissions, web pages, Internet Relay Chat logs, telex, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, notes or memoranda relating to written or oral communications.

4.    The term "Complaint" shall mean the Complaint filed in March 2003 by Caldera against IBM in Utah state court and removed to the United States District Court for the District of Utah, Central Division, with the civil docket number 2:03CV-0294, and any amendment thereto.

16

5.      The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing or constituting.

6.      The term "describe" shall mean in the case of an event or circumstance, to set forth in detail the date, time, place, individuals or entities involved and context and content of the event or circumstance.

7.      The term "Disputed Material" shall mean any software product, know-how, concept, idea, methodology, standard, specification, programming technique, code, architecture, or schematic in which plaintiff is alleged to have rights, including but not limited to the alleged trade secrets or confidential or proprietary information that IBM is alleged to have misappropriated, misused, or improperly disclosed.

8.      The term "document" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure.  The term "document" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), World Wide Web pages, electronic mailing lists or automated fax support systems.  The term "document" specifically includes electronic mail, electronic correspondence, or electronic peer-to-peer messages ("e-mail") and any attachments and files created and maintained in electronic form in the normal course of business.

9.      The term "IBM" shall mean and include, collectively and/or individually, defendant International Business Machines Corporation and all its directors, officers, authorized agents, employees, consultants, attorneys, sales representatives,

17

distributors, dealers, direct and indirect contractors, entities that were acquired by or merged with IBM, subsidiaries of IBM, and/or all other persons acting on behalf of IBM.

10.   The term "identify" shall mean:

a.   in the case of a natural person, to state the full name, current or last known job title and position, current or last known full address, current or last known home and work telephone numbers, and current or last known electronic mail address, and to indicate the basis of that person's knowledge, including but not limited to the identification of documents and communications and a description of his/her personal involvement in any transaction, meeting, software development, marketing, or other activity relating in any way to the allegations of the Complaint and any counterclaims or defenses;

b.   in the case of any entity other than a natural person, to state its name, address, principal place of business and, if applicable, place of incorporation and a contact person at the entity;

c.   in the case of a document, to state the author(s), title, subject matter, date, place, source of publication of the document and substance of the document;

d.   in the case of an oral communication, to give a complete description of such oral communication, including but not limited to: (i) the speaker(s) and actual or intended recipient(s) or witnesses of the communication, (ii) the date of the communication, and (iii) the substance of the communication;

e.   in the case of alleged trade secrets or confidential or proprietary information, whether computer code, methods or otherwise, to give a complete and detailed description of such trade secrets or confidential or proprietary information,

18

including but not limited to an identification of the specific lines and portions of code claimed as trade secrets or confidential or proprietary information, and the location (by module name, file name, sequence number or otherwise) of those lines of code within any larger software product or property.

        f.      in the case of an alleged right, to give a complete and detailed description of such right, including but not limited to: (i) the issuer of the right; (ii) the date the right became effective; (iii) the date the right expired; and (iv) any limitations placed upon such right.

        11.     The term "include" or "including" shall mean including without limitation.

        12.     The term "Novell" shall mean and include, collectively and/or individually, Novell, Inc. and all its directors, officers, authorized agents, employees, consultants, attorneys, sales representatives, distributors, dealers, direct and indirect contractors, entities that were acquired by or merged with Novell, subsidiaries of Novell, and/or all other persons acting on behalf of Novell.

        13.     The term "object code" shall mean output from a compiler or assembler which is itself executable machine code or is suitable for processing to produce executable machine code.

        14.     The term "open source" shall mean any software code that is made available in source code form without any confidentiality restrictions, including but not limited to any code made available under the General Public License, the BSD license, or the MIT license.

19

15. The term "person" refers to natural persons or all private or public entities.

16. The term "plaintiff" shall mean and include, collectively and/or individually, plaintiff Caldera Systems, Inc., Caldera International, Inc., or The SCO Group, Inc., and all its directors, officers, authorized agents, employees, consultants, attorneys, sales representatives, distributors, dealers, direct and indirect contractors, entities that were in part or in whole acquired by or merged with Caldera Systems, Inc., Caldera International, Inc., or The SCO Group, Inc., affiliates, subsidiaries or predecessor companies of Caldera Systems, Inc., Caldera International, Inc., or The SCO Group, Inc., and/or all other persons acting on behalf of Caldera Systems, Inc., Caldera International, Inc., or The SCO Group, Inc. This includes the Server Software and Professional Services divisions acquired in 2001 by Caldera International, Inc. from Tarantella, Inc., f/k/a The Santa Cruz Operation, Inc ("Tarantella").

17. The terms "SCO UNIX" or "SCO OpenServer" shall mean the UNIX-branded operating systems distributed and/or developed by Tarantella or plaintiff for running on Intel processors, including all prior versions, releases and maintenance modifications.

18. The term "source code" shall mean the human-readable form of a computer program written in the original and preferred form for human inspection and modification, and includes but is not limited to source code listings; compiler and/or assembler output listings for such source code; source code listings for macros or "includes" (both executable and mapping) listings used in such source code; job control language files; and/or other files required to create an executable version of a program,

including but not limited to user interface components; panels; screen definitions and help text; and c-lists.

19.     The term "Tarantella" shall mean and include, collectively and/or individually, Tarantella, Inc. f/k/a The Santa Cruz Operation, Inc. and all its directors, officers, authorized agents, employees, consultants, attorneys, sales representatives, distributors, dealers, direct and indirect contractors, entities that were acquired by or merged with Tarantella, subsidiaries of Tarantella, and/or all other persons acting on behalf of Tarantella.

20.     The term "UNIX" shall mean any and all versions, flavors, or other variants of any UNIX computer operating system, including but not limited to all operating systems certified as conforming to the UNIX-brand standards set by The Open Group, the owner of the UNIX trademark.

21.     The term "UnixWare" shall mean the UNIX operating system acquired by Tarantella from Novell in 1995.

22.     The term "USL" shall mean and include, collectively and/or individually, UNIX Systems Laboratories, Inc. and all its directors, officers, authorized agents, employees, consultants, attorneys, sales representatives, distributors, dealers, direct and indirect contractors, entities that were acquired by or merged with USL, subsidiaries of USL, and/or all other persons acting on behalf of USL.

255800.1

B.      General Instructions

1.      Each paragraph should herein be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

2.      The use of any definition for the purposes of this request shall not be deemed to constitute an agreement or acknowledgment on the part of defendant that such definition is accurate, meaningful or appropriate for any other purpose in this action.

C.      Additional Instructions for Interrogatories

1.      Information requested in these interrogatories shall include information within the knowledge or possession of any of plaintiff's agents, employees, attorneys, investigators or any other persons, firms or entities directly or indirectly subject to plaintiff's control in any way whatsoever.

2.      Each interrogatory shall be answered in its entirety.  If any interrogatory or subsection thereof cannot be answered in full, it shall be answered to the fullest extent possible with an explanation as to why a complete answer is not provided.

3.      If there is a claim of privilege as to any communication concerning information requested by these interrogatories, specify the privilege claimed, the communication and/or answer to which that claim is made, the topic discussed in the communication and the basis upon which the claim is asserted.

4.      These interrogatories are continuing in nature and require supplemental or additional responses in accordance with Rule 33 of the Federal Rules of Civil Procedure.

255800.1

5.      Separate and complete responses (or, as the case may be, separate objections) are required for each interrogatory or subpart thereof.

D.      Additional Instructions for Document Requests

1.      Unless otherwise specified, the documents requested are the responsive documents in the possession, control or custody of the plaintiff that were prepared, written, sent, dated, received, applicable or in effect at any time up to the date of plaintiff's compliance with this demand.

2.      Each requested document shall be produced in its entirety.  If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

3.      Each page or sheet produced by plaintiff is to be marked with a consecutive document control number.

4.      All documents produced in response to these requests shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where multiple pages or documents are assembled, collated, grouped, or otherwise attached, shall not be separated or disassembled.

5.      With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure.

6.      If, for reasons other than a claim of privilege, you refuse to produce any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

23

7.     If there are no documents responsive to any paragraph or
subparagraph set forth in the requests, please provide a written response so stating.

8.     This request is a continuing one and, pursuant to Rule 26(e) of the
Federal Rules of Civil Procedure, requires further and supplemental production by the
plaintiff as and whenever the plaintiff acquires, makes or locates additional documents
between the time of the initial production hereunder and the time of the trial in this
action.

DATED this 13th day of June, 2003

SNELL & WILMER LLP

Alan L. Sullivan
Todd M. Shaughnessy

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Thomas G. Rafferty
David R. Marriott

Of counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York  10604
(914) 642-3000

*Attorneys for Defendant International Business Machines Corporation*

24

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 13th day of June, 2003, a true and correct copy of the

foregoing **DEFENDANT IBM'S FIRST SET OF INTERROGATORIES AND**

**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** was delivered to

the following:

By Hand Delivery:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

By U.S. Mail, postage prepaid:

> David Boies
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

> Leonard K. Samuels, Esq.
> Fred O. Goldberg, Esq.
> BERGER SINGERMAN
> 350 East Las Olas Boulevard
> Suite 1000
> Fort Lauderdale, Florida 33301

25