# EXHIBIT 7



Brent O. Hatch (5715)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David Boies (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower, Ste. 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| THE SCO GROUP, | ) | **PLAINTIFF'S FIRST REQUEST** |
| | ) | **FOR PRODUCTION OF DOCUMENTS** |
| Plaintiff, | ) | **AND FIRST SET OF** |
| | ) | **INTERROGATORIES** |
| v. | ) | |
| | ) | Case No. 2:03CV0294DAK |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES CORPORATION, | ) | |
| | ) | Judge: Dale A. Kimball |
| Defendant. | ) | Magistrate David Nuffer |
| | ) | |

Defendant is directed to give answers to the written interrogatories separately, fully, in writing, under oath, and in accordance with the following definitions and instructions. Defendant is requested to produce the documents and things in its possession, custody or control pursuant to the document requests.

Answers to the interrogatories and all documents and things responsive to the document requests must be served on the undersigned attorneys for The SCO Group at the offices of Boies, Schiller & Flexner LLP, 100 Southeast Second Street, Suite 2800, Miami, Florida 33131 within 30 days of service of these interrogatories and document requests.

## DEFINITIONS AND INSTRUCTIONS

For purposes of these interrogatories and requests for production of documents, the following definitions and instructions apply.

### A. Definitions.

1.   The term "AIX" shall mean the UNIX-based operating system distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications.

2.   The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing or constituting.

3.   The term "describe" shall mean in the case of an event or circumstance, to set forth in detail the date, time, place, individuals or entities involved and context and content of the event or circumstance.

4.   The term "document" shall be deemed to include every record of every type including, without limitation, information stored on any electromagnetic storage device, or computer, any written, printed, typed, recorded, stored, or graphic matter, however

2

produced, reproduced, or existing in the possession, custody, or control of Defendant, or any agent, employee, or attorney of the Defendant, and all drafts, notes, or preparatory material concerned with said document, and every additional copy of such record or document where such copy contains any commentary, notation, or other change whatsoever that does not appear on the original or other copy of the document produced. "Document" shall be deemed also to include any summary of a document or documents called for hereafter.

5.   The term "Dynix" shall mean the UNIX-based operating system distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications.

6.   The terms "IBM," "Defendant" "you," "your," and any synonym thereof and derivatives therefrom are intended to and shall embrace IBM and include its parents, subsidiaries, divisions, or affiliates and any corporate predecessor or successor of any of them, **including Sequent Computer Systems, Inc.,** and, in addition all of the Defendant's attorneys and accountants, and all of its respective agents, servants, associates, employees, representatives, investigators, officers, directors and others who are or have been in possession of or may have obtained information for or on behalf of such Defendant in any manner with respect to any matter referred to in the pleadings in the above-styled case.

7.   The term "identify" shall mean:

a.   in the case of a natural person, to state the full name, current or last known job title and position, current or last known address, current or last known home and work telephone numbers, and current or last

3

known electronic mail address, and to indicate the basis of that person's knowledge, including but not limited to the identification of documents and communications and a description of his/her personal involvement in any transaction, meeting, software development, marketing, or other activity relating in any way to the allegations of the Complaint and any defenses;

b.  in the case of any entity other than a natural person, to state its name, address, principal place of business and, if applicable, place of incorporation and a contact person at the entity;

c.  in the case of a document, to state the author(s), title, subject matter, date, place, source of publication of the document and substance of the document;

d.  in the case of an oral communication, to give a complete description of such oral communication, including but not limited to:  (i) the speaker(s) and actual or intended recipient(s) or witnesses of the communication; (ii) the date of the communication; and (iii) the substance of the communication;

e.  in the case of alleged trade secrets or confidential or proprietary information, whether computer code, methods or otherwise, to give a complete and detailed description of such trade secrets or confidential or proprietary information, including but not limited to an identification of the specific lines and portions of code claimed as trade secrets or confidential or proprietary information, and the location (by module

4

name, file name, sequence number or otherwise) of those lines of code
within any larger software product or property.

    f.  in the case of an alleged right, to give a completed and detailed
description of such right, including but not limited to: (i) the issuer of
the right; (ii) the date the right became effective; (iii) the date the right
expired; and (iv) any limitations placed upon such right.

8.    The term "open source" shall mean any software code that is made available in source
code form without any confidentiality restrictions, including but not limited to any
code made available under the General Public License, the BSD license, or the MIT
license.

9.    The term "person" shall be deemed to include natural persons, partnerships, firms, and
corporations, and all of their subsidiaries or divisions, and, in the case of partnerships,
firms, and corporations, the individual member(s) or agent(s) thereof.

10.    The term "source code" shall mean the human-readable form of a computer program
written in the original and preferred form for human inspection and modification, and
includes but is not limited to source code listings; compiler and/or assembler output
listings for such source code; source code listings for macros or "includes" (both
executable and mapping) listings used in such source code; job control language files;
and/or other files required to create an executable version of a program, including but
not limited to user interface components; panels; screen definitions and help text; and
e-lists.

**B.** **Instructions.**

1.    Unless otherwise indicated, all requests and interrogatories are from January 1, 1999 to present.

2.    Information requested in these interrogatories shall include information within the knowledge or possession of any of Defendant's agents, employees, attorneys, investigators or any other persons, firms or entities directly or indirectly subject to Defendant's control in any way whatsoever.

3.    Each interrogatory shall be answered in its entirety.  If any interrogatory or subsection thereof cannot be answered in full, it shall be answered to the fullest extent possible with an explanation as to why a complete answer is not provided.

4.    If there is a claim of privilege as to any communication concerning information requested by these interrogatories, specify the privilege claimed, the communication and/or answer to which that claim is made, the topic discussed in the communication and/or answer to which that claim is made, the topic discussed in the communication and the basis upon which the claim is asserted.

5.    These interrogatories are continuing in nature and require supplemental or additional responses in accordance with Rule 33 of the Federal Rules of Civil Procedure.

6.    All documents produced in response to these requests shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where multiple pages or documents are assembled, collated, grouped, or otherwise attached, shall not be separated or disassembled.

7.   With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure.

8.   If, for reasons other than a claim of privilege, you refuse to produce any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

9.   If there are no documents responsive to any paragraph or subparagraph set forth in the requests, please provide a written response so stating.

These requests are continuing and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, require further and supplemental production by Defendant whenever Defendant acquires, makes, or locates additional documents between the time of the initial production hereunder and the time of the trial in this action.

## REQUESTED DOCUMENTS

1.   All documents concerning or relating to any agreements entered into with AT&T relating to UNIX, including but not limited to the agreements attached to the First Amended Complaint.

2.   All versions or iterations of AIX source code, modifications, methods and/or derivative works from May 1999 to the present, including but not limited to version 4.3 and above.

3.   All versions or iterations of Sequent Dynix source code, derivative works, modifications and/or methods from January 1, 1999 to the present.

4. All documents concerning IBM's efforts, if any, to maintain the confidentiality of UNIX source code, derivative works, modifications, and/or methods.

5. All documents concerning IBM's efforts, if any, to maintain the confidentiality of AIX source code, derivative works, modifications, and/or methods.

6. All documents concerning IBM's efforts, if any, to maintain the confidentiality of Sequent Dynix source code, derivative works, modifications, and/or methods.

7. All documents concerning IBM's efforts, if any, to restrict distribution of Unix source code, derivative works, modifications, and/or methods.

8. All documents concerning IBM's efforts, if any, to restrict distribution of AIX source code, derivative works, modifications, and/or methods.

9. All documents concerning IBM's efforts, if any, to restrict distribution of Sequent Dynix source code, derivative works, modifications, and/or methods.

10. All documents concerning Prerequisite Source Licenses, including but not limited to all instances in which IBM required persons or entities to obtain a Prerequisite Source License under paragraph 2.2(a) of its contract with its customers.

11. All contributions made without confidentiality restrictions by IBM or anyone under its control including, but not limited to, source code, binary code, derivative works, methods, and modifications to Open Source Development Lab, Linus Torvalds, Red Hat or any other entity.

12. All documents that identify any person or entity to whom IBM has provided UNIX source code, derivative works, modifications and/or methods.

13. All documents that identify any person or entity to whom IBM has provided AIX source code, derivative works, modifications and/or methods.

14. All documents that identify any person or entity to whom IBM has provided Sequent Dynix source code, derivative works, modifications and/or methods.

15. All documents that identify any person at IBM and Sequent who had access to UNIX source code, derivative works, modifications and/or methods.

16. All documents that identify any person at IBM and Sequent who had access to AIX source code, derivative works, modifications and/or methods.

17. All documents that identify any person at IBM and Sequent who had access to Sequent Dynix source code, derivative works, modifications and/or methods.

18. All documents, agreements and correspondence between IBM or any person or entity under IBM's control and Linus Torvalds including, but not limited to, those with or copied to Sam Palmisano.

19. All documents, agreements and correspondence with Open Source Development Lab.

20. All documents, agreements and correspondence with Red Hat.

21. All documents, agreements and correspondence with SuSe.

22. All documents, agreements and correspondence between IBM and Novell regarding UNIX, including but not limited to all correspondence with Jack Messman, Chris Stone and/or Novell's counsel.

23. All documents, agreements and correspondence between IBM and Santa Cruz Operation regarding UNIX.

24. All documents, agreements and correspondence between IBM and Caldera.

25. All documents, agreements and correspondence between IBM and The SCO Group.

26. All documents identifying any IBM personnel who are or were employed or working at the Linux Technology Center.

27. All documents identifying any IBM personnel who are or were employed or working at the Linux Center of Competency.

28. All documents concerning Project Monterey.

29. All documents concerning any UNIX source code, derivative works, modifications or methods disclosed by IBM to any third party or to the public.

30. All documents concerning any AIX source code, derivative works, modifications or methods disclosed by IBM to any third party or to the public.

31. All documents concerning any Sequent Dynix source code, derivative works, modifications or methods disclosed by IBM to any third party or to the public.

32. All documents concerning any UNIX source code, derivative works, modifications or methods found in Linux, open source, or the public domain.

33. All documents concerning any AIX source code, derivative works, modifications or methods found in Linux, open source, or the public domain.

34. All documents concerning any Sequent Dynix source code, derivative works, modifications or methods found in Linux, open source, or the public domain.

35. All documents concerning any contributions to Linux or to open source made by IBM and/or Sequent.

36. All documents sufficient to show IBM's organizational and personnel structure, including but not limited to organizational charts, flow charts and personnel directories.

37. All documents concerning any statement, affidavit, declaration, or opinion in IBM's possession relating to contributions by IBM to open source, including but not limited

to those statements identified in the Complaint made by Messrs. Mills, LeBlanc and Strassmeyer.

38. All documents concerning the Open Source Developer's Class, including any guidelines relating thereto.

39. All documents concerning export controls for any UNIX source code, derivative works, modifications or methods contributed to open source, including all portions of AIX, and Dynix and their derivative works, modifications, or methods.

40. All documents concerning IBM's use of Intel processors prior to January 1, 1998.

41. All documents concerning IBM's use of Intel processors after January 1, 1998.

42. All documents concerning IBM's contributions to development of the 2.4 and 2.5 Linux Kernel.

43. All documents concerning IBM's First Affirmative Defense that the Complaint fails to state a claim upon which relief can be granted.

44. All documents concerning IBM's Second Defense that Plaintiff's claims are barred because IBM has not engaged in any unlawful or unfair business practices, and IBM's conduct was privileged, performing the exercise of an absolute right, proper and/or justified.

45. All documents concerning IBM's Third Affirmative Defense that Plaintiff lacks standing to pursue its claims against IBM.

46. All documents concerning IBM's Fourth Affirmative Defense that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

47. All documents concerning IBM's Fifth Affirmative Defense that Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine or the independent duty doctrine.

48. All documents concerning IBM's Sixth Affirmative Defense that Plaintiff's claims are barred by the doctrines of laches and delay.

49. All documents concerning IBM's Seventh Affirmative Defense that Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

50. All documents concerning IBM's Eighth Affirmative Defense that Plaintiff's claims are, in whole or in part, preempted by federal law.

51. All documents concerning IBM's Ninth Affirmative Defense that Plaintiff's claims are improperly venued in this district.

52. All documents used, referred to, identified, or relied upon in responding to Plaintiff's First Set of Interrogatories.

## **INTERROGATORIES**

1.  Identify the name and address of the person(s) answering these interrogatories, and, if applicable, the persons' official position or relationship with Defendant?

2.  List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues of this lawsuit; and specify the subject matter about which the witness has knowledge.

3.  If you intend to call any expert witness at the trial of this case, state, as to each such expert witness, the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

4.  Identify all persons who have or had access to UNIX source code, AIX source code and Dynix source code, including derivative works, modifications, and methods.  For each such person, set forth precisely the materials to which he or she had access.

5.  Identify all IBM or Sequent personnel that work or worked on developing source code, derivative works, modifications or methods for AIX, Dynix and Linux, specifying for each person their precise contributions to each.

DATED this 24th day of June, 2003.

By: _____
Brent O. Hatch
HATCH, JAMES & DODGE

David Boies
Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
Attorneys for Plaintiff

13



Brent O. Hatch (5715)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David Boies (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower, Ste. 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

---

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, | ) |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S FIRST REQUEST** |
| | ) **FOR PRODUCTION OF DOCUMENTS** |
| v. | ) **AND FIRST SET OF** |
| | ) **INTERROGATORIES** |
| | ) |
| INTERNATIONAL BUSINESS | ) Case No. 2:03CV0294DAK |
| MACHINES CORPORATION, | ) |
| | ) Judge: Dale A. Kimball |
| Defendant. | ) Magistrate David Nuffer |

Defendant is directed to give answers to the written interrogatories separately, fully, in writing, under oath, and in accordance with the following definitions and instructions. Defendant is requested to produce the documents and things in its possession, custody or control pursuant to the document requests.

Answers to the interrogatories and all documents and things responsive to the document requests must be served on the undersigned attorneys for The SCO Group at the offices of Boies, Schiller & Flexner LLP, 100 Southeast Second Street, Suite 2800, Miami, Florida 33131 within 30 days of service of these interrogatories and document requests.

## DEFINITIONS AND INSTRUCTIONS

For purposes of these interrogatories and requests for production of documents, the following definitions and instructions apply.

**A.  Definitions.**

1.  The term "AIX" shall mean the UNIX-based operating system distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications.

2.  The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing or constituting.

3.  The term "describe" shall mean in the case of an event or circumstance, to set forth in detail the date, time, place, individuals or entities involved and context and content of the event or circumstance.

4.  The term "document" shall be deemed to include every record of every type including, without limitation, information stored on any electromagnetic storage device, or computer, any written, printed, typed, recorded, stored, or graphic matter, however

2

produced, reproduced, or existing in the possession, custody, or control of Defendant, or any agent, employee, or attorney of the Defendant, and all drafts, notes, or preparatory material concerned with said document, and every additional copy of such record or document where such copy contains any commentary, notation, or other change whatsoever that does not  appear on the original or other copy of the document produced.  "Document" shall be deemed also to include any summary of a document or documents called for hereafter.

5.    The term "Dynix" shall mean the UNIX-based operating system distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications.

6.    The terms "IBM," "Defendant" "you," "your," and any synonym thereof and derivatives therefrom are intended to and shall embrace IBM and include its parents, subsidiaries, divisions, or affiliates and any corporate predecessor or successor of any of them, **including Sequent Computer Systems, Inc.,** and, in addition all of the Defendant's attorneys and accountants, and all of its respective agents, servants, associates, employees, representatives, investigators, officers, directors and others who are or have been in possession of or may have obtained information for or on behalf of such Defendant in any manner with respect to any matter referred to in the pleadings in the above-styled case.

7.    The term "identify" shall mean:

        a.  in the case of a natural person, to state the full name, current or last known job title and position, current or last known address, current or last known home and work telephone numbers, and current or last

3

known electronic mail address, and to indicate the basis of that person's knowledge, including but not limited to the identification of documents and communications and a description of his/her personal involvement in any transaction, meeting, software development, marketing, or other activity relating in any way to the allegations of the Complaint and any defenses;

b.  in the case of any entity other than a natural person, to state its name, address, principal place of business and, if applicable, place of incorporation and a contact person at the entity;

c.  in the case of a document, to state the author(s), title, subject matter, date, place, source of publication of the document and substance of the document;

d.  in the case of an oral communication, to give a complete description of such oral communication, including but not limited to: (i) the speaker(s) and actual or intended recipient(s) or witnesses of the communication; (ii) the date of the communication; and (iii) the substance of the communication;

e.  in the case of alleged trade secrets or confidential or proprietary information, whether computer code, methods or otherwise, to give a complete and detailed description of such trade secrets or confidential or proprietary information, including but not limited to an identification of the specific lines and portions of code claimed as trade secrets or confidential or proprietary information, and the location (by module

4

name, file name, sequence number or otherwise) of those lines of code within any larger software product or property.

    f.   in the case of an alleged right, to give a completed and detailed description of such right, including but not limited to: (i) the issuer of the right; (ii) the date the right became effective; (iii) the date the right expired; and (iv) any limitations placed upon such right.

8.    The term "open source" shall mean any software code that is made available in source code form without any confidentiality restrictions, including but not limited to any code made available under the General Public License, the BSD license, or the MIT license.

9.    The term "person" shall be deemed to include natural persons, partnerships, firms, and corporations, and all of their subsidiaries or divisions, and, in the case of partnerships, firms, and corporations, the individual member(s) or agent(s) thereof.

10.    The term "source code" shall mean the human-readable form of a computer program written in the original and preferred form for human inspection and modification, and includes but is not limited to source code listings; compiler and/or assembler output listings for such source code; source code listings for macros or "includes" (both executable and mapping) listings used in such source code; job control language files; and/or other files required to create an executable version of a program, including but not limited to user interface components; panels; screen definitions and help text; and e-lists.

**B. Instructions.**

1. Unless otherwise indicated, all requests and interrogatories are from January 1, 1999 to present.

2. Information requested in these interrogatories shall include information within the knowledge or possession of any of Defendant's agents, employees, attorneys, investigators or any other persons, firms or entities directly or indirectly subject to Defendant's control in any way whatsoever.

3. Each interrogatory shall be answered in its entirety. If any interrogatory or subsection thereof cannot be answered in full, it shall be answered to the fullest extent possible with an explanation as to why a complete answer is not provided.

4. If there is a claim of privilege as to any communication concerning information requested by these interrogatories, specify the privilege claimed, the communication and/or answer to which that claim is made, the topic discussed in the communication and/or answer to which that claim is made, the topic discussed in the communication and the basis upon which the claim is asserted.

5. These interrogatories are continuing in nature and require supplemental or additional responses in accordance with Rule 33 of the Federal Rules of Civil Procedure.

6. All documents produced in response to these requests shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where multiple pages or documents are assembled, collated, grouped, or otherwise attached, shall not be separated or disassembled.

7.   With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure.

8.   If, for reasons other than a claim of privilege, you refuse to produce any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

9.   If there are no documents responsive to any paragraph or subparagraph set forth in the requests, please provide a written response so stating.

These requests are continuing and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, require further and supplemental production by Defendant whenever Defendant acquires, makes, or locates additional documents between the time of the initial production hereunder and the time of the trial in this action.

## REQUESTED DOCUMENTS

1.   All documents concerning or relating to any agreements entered into with AT&T relating to UNIX, including but not limited to the agreements attached to the First Amended Complaint.

2.   All versions or iterations of AIX source code, modifications, methods and/or derivative works from May 1999 to the present, including but not limited to version 4.3 and above.

3.   All versions or iterations of Sequent Dynix source code, derivative works, modifications and/or methods from January 1, 1999 to the present.

4.  All documents concerning IBM's efforts, if any, to maintain the confidentiality of UNIX source code, derivative works, modifications, and/or methods.

5.  All documents concerning IBM's efforts, if any, to maintain the confidentiality of AIX source code, derivative works, modifications, and/or methods.

6.  All documents concerning IBM's efforts, if any, to maintain the confidentiality of Sequent Dynix source code, derivative works, modifications, and/or methods.

7.  All documents concerning IBM's efforts, if any, to restrict distribution of Unix source code, derivative works, modifications, and/or methods.

8.  All documents concerning IBM's efforts, if any, to restrict distribution of AIX source code, derivative works, modifications, and/or methods.

9.  All documents concerning IBM's efforts, if any, to restrict distribution of Sequent Dynix source code, derivative works, modifications, and/or methods.

10. All documents concerning Prerequisite Source Licenses, including but not limited to all instances in which IBM required persons or entities to obtain a Prerequisite Source License under paragraph 2.2(a) of its contract with its customers.

11. All contributions made without confidentiality restrictions by IBM or anyone under its control including, but not limited to, source code, binary code, derivative works, methods, and modifications to Open Source Development Lab, Linus Torvalds, Red Hat or any other entity.

12. All documents that identify any person or entity to whom IBM has provided UNIX source code, derivative works, modifications and/or methods.

13. All documents that identify any person or entity to whom IBM has provided AIX source code, derivative works, modifications and/or methods.

14. All documents that identify any person or entity to whom IBM has provided Sequent Dynix source code, derivative works, modifications and/or methods.

15. All documents that identify any person at IBM and Sequent who had access to UNIX source code, derivative works, modifications and/or methods.

16. All documents that identify any person at IBM and Sequent who had access to AIX source code, derivative works, modifications and/or methods.

17. All documents that identify any person at IBM and Sequent who had access to Sequent Dynix source code, derivative works, modifications and/or methods.

18. All documents, agreements and correspondence between IBM or any person or entity under IBM's control and Linus Torvalds including, but not limited to, those with or copied to Sam Palmisano.

19. All documents, agreements and correspondence with Open Source Development Lab.

20. All documents, agreements and correspondence with Red Hat.

21. All documents, agreements and correspondence with SuSe.

22. All documents, agreements and correspondence between IBM and Novell regarding UNIX, including but not limited to all correspondence with Jack Messman, Chris Stone and/or Novell's counsel.

23. All documents, agreements and correspondence between IBM and Santa Cruz Operation regarding UNIX.

24. All documents, agreements and correspondence between IBM and Caldera.

25. All documents, agreements and correspondence between IBM and The SCO Group.

26. All documents identifying any IBM personnel who are or were employed or working at the Linux Technology Center.

27. All documents identifying any IBM personnel who are or were employed or working at the Linux Center of Competency.

28. All documents concerning Project Monterey.

29. All documents concerning any UNIX source code, derivative works, modifications or methods disclosed by IBM to any third party or to the public.

30. All documents concerning any AIX source code, derivative works, modifications or methods disclosed by IBM to any third party or to the public.

31. All documents concerning any Sequent Dynix source code, derivative works, modifications or methods disclosed by IBM to any third party or to the public.

32. All documents concerning any UNIX source code, derivative works, modifications or methods found in Linux, open source, or the public domain.

33. All documents concerning any AIX source code, derivative works, modifications or methods found in Linux, open source, or the public domain.

34. All documents concerning any Sequent Dynix source code, derivative works, modifications or methods found in Linux, open source, or the public domain.

35. All documents concerning any contributions to Linux or to open source made by IBM and/or Sequent.

36. All documents sufficient to show IBM's organizational and personnel structure, including but not limited to organizational charts, flow charts and personnel directories.

37. All documents concerning any statement, affidavit, declaration, or opinion in IBM's possession relating to contributions by IBM to open source, including but not limited

to those statements identified in the Complaint made by Messrs. Mills, LeBlanc and Strassmeyer.

38. All documents concerning the Open Source Developer's Class, including any guidelines relating thereto.

39. All documents concerning export controls for any UNIX source code, derivative works, modifications or methods contributed to open source, including all portions of AIX, and Dynix and their derivative works, modifications, or methods.

40. All documents concerning IBM's use of Intel processors prior to January 1, 1998.

41. All documents concerning IBM's use of Intel processors after January 1, 1998.

42. All documents concerning IBM's contributions to development of the 2.4 and 2.5 Linux Kernel.

43. All documents concerning IBM's First Affirmative Defense that the Complaint fails to state a claim upon which relief can be granted.

44. All documents concerning IBM's Second Defense that Plaintiff's claims are barred because IBM has not engaged in any unlawful or unfair business practices, and IBM's conduct was privileged, performing the exercise of an absolute right, proper and/or justified.

45. All documents concerning IBM's Third Affirmative Defense that Plaintiff lacks standing to pursue its claims against IBM.

46. All documents concerning IBM's Fourth Affirmative Defense that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

11

47. All documents concerning IBM's Fifth Affirmative Defense that Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine or the independent duty doctrine.

48. All documents concerning IBM's Sixth Affirmative Defense that Plaintiff's claims are barred by the doctrines of laches and delay.

49. All documents concerning IBM's Seventh Affirmative Defense that Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

50. All documents concerning IBM's Eighth Affirmative Defense that Plaintiff's claims are, in whole or in part, preempted by federal law.

51. All documents concerning IBM's Ninth Affirmative Defense that Plaintiff's claims are improperly venued in this district.

52. All documents used, referred to, identified, or relied upon in responding to Plaintiff's First Set of Interrogatories.

## INTERROGATORIES

1. Identify the name and address of the person(s) answering these interrogatories, and, if applicable, the persons' official position or relationship with Defendant?

2. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues of this lawsuit; and specify the subject matter about which the witness has knowledge.

3. If you intend to call any expert witness at the trial of this case, state, as to each such expert witness, the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

4. Identify all persons who have or had access to UNIX source code, AIX source code and Dynix source code, including derivative works, modifications, and methods. For each such person, set forth precisely the materials to which he or she had access.

5. Identify all IBM or Sequent personnel that work or worked on developing source code, derivative works, modifications or methods for AIX, Dynix and Linux, specifying for each person their precise contributions to each.

DATED this 24th day of June, 2003.

By: _____

Brent O. Hatch
HATCH, JAMES & DODGE

David Boies
Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
Attorneys for Plaintiff

13

Brent O. Hatch (5715)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David Boies (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower, Ste. 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, | **PLAINTIFF'S FIRST REQUEST** |
| Plaintiff, | **FOR PRODUCTION OF DOCUMENTS** |
| | **AND FIRST SET OF** |
| v. | **INTERROGATORIES** |
| | |
| INTERNATIONAL BUSINESS | Case No. 2:03CV0294DAK |
| MACHINES CORPORATION, | |
| | Judge: Dale A. Kimball |
| Defendant. | Magistrate David Nuffer |

Defendant is directed to give answers to the written interrogatories separately, fully, in writing, under oath, and in accordance with the following definitions and instructions. Defendant is requested to produce the documents and things in its possession, custody or control pursuant to the document requests.

Answers to the interrogatories and all documents and things responsive to the document requests must be served on the undersigned attorneys for The SCO Group at the offices of Boies, Schiller & Flexner LLP, 100 Southeast Second Street, Suite 2800, Miami, Florida 33131 within 30 days of service of these interrogatories and document requests.

## DEFINITIONS AND INSTRUCTIONS

For purposes of these interrogatories and requests for production of documents, the following definitions and instructions apply.

A. **Definitions.**

1. The term "AIX" shall mean the UNIX-based operating system distributed and/or developed by IBM, including all prior versions, releases and maintenance modifications.

2. The term "concerning" shall mean relating to, referring to, reflecting, describing, evidencing, referencing, discussing or constituting.

3. The term "describe" shall mean in the case of an event or circumstance, to set forth in detail the date, time, place, individuals or entities involved and context and content of the event or circumstance.

4. The term "document" shall be deemed to include every record of every type including, without limitation, information stored on any electromagnetic storage device, or computer, any written, printed, typed, recorded, stored, or graphic matter, however

2

produced, reproduced, or existing in the possession, custody, or control of Defendant, or any agent, employee, or attorney of the Defendant, and all drafts, notes, or preparatory material concerned with said document, and every additional copy of such record or document where such copy contains any commentary, notation, or other change whatsoever that does not appear on the original or other copy of the document produced. "Document" shall be deemed also to include any summary of a document or documents called for hereafter.

5. The term "Dynix" shall mean the UNIX-based operating system distributed and/or developed by Sequent Computer Systems, Inc. and/or IBM, including all prior versions, releases, derivative works, methods, and modifications.

6. The terms "IBM," "Defendant" "you," "your," and any synonym thereof and derivatives therefrom are intended to and shall embrace IBM and include its parents, subsidiaries, divisions, or affiliates and any corporate predecessor or successor of any of them, **including Sequent Computer Systems, Inc.,** and, in addition all of the Defendant's attorneys and accountants, and all of its respective agents, servants, associates, employees, representatives, investigators, officers, directors and others who are or have been in possession of or may have obtained information for or on behalf of such Defendant in any manner with respect to any matter referred to in the pleadings in the above-styled case.

7. The term "identify" shall mean:

        a.  in the case of a natural person, to state the full name, current or last known job title and position, current or last known address, current or last known home and work telephone numbers, and current or last

known electronic mail address, and to indicate the basis of that person's knowledge, including but not limited to the identification of documents and communications and a description of his/her personal involvement in any transaction, meeting, software development, marketing, or other activity relating in any way to the allegations of the Complaint and any defenses;

b.  in the case of any entity other than a natural person, to state its name, address, principal place of business and, if applicable, place of incorporation and a contact person at the entity;

c.  in the case of a document, to state the author(s), title, subject matter, date, place, source of publication of the document and substance of the document;

d.  in the case of an oral communication, to give a complete description of such oral communication, including but not limited to:  (i) the speaker(s) and actual or intended recipient(s) or witnesses of the communication; (ii) the date of the communication; and (iii) the substance of the communication;

e.  in the case of alleged trade secrets or confidential or proprietary information, whether computer code, methods or otherwise, to give a complete and detailed description of such trade secrets or confidential or proprietary information, including but not limited to an identification of the specific lines and portions of code claimed as trade secrets or confidential or proprietary information, and the location (by module

name, file name, sequence number or otherwise) of those lines of code within any larger software product or property.

  f. in the case of an alleged right, to give a completed and detailed description of such right, including but not limited to: (i) the issuer of the right; (ii) the date the right became effective; (iii) the date the right expired; and (iv) any limitations placed upon such right.

8. The term "open source" shall mean any software code that is made available in source code form without any confidentiality restrictions, including but not limited to any code made available under the General Public License, the BSD license, or the MIT license.

9. The term "person" shall be deemed to include natural persons, partnerships, firms, and corporations, and all of their subsidiaries or divisions, and, in the case of partnerships, firms, and corporations, the individual member(s) or agent(s) thereof.

10. The term "source code" shall mean the human-readable form of a computer program written in the original and preferred form for human inspection and modification, and includes but is not limited to source code listings; compiler and/or assembler output listings for such source code; source code listings for macros or "includes" (both executable and mapping) listings used in such source code; job control language files; and/or other files required to create an executable version of a program, including but not limited to user interface components; panels; screen definitions and help text; and e-lists.

B. **Instructions.**

1.  Unless otherwise indicated, all requests and interrogatories are from January 1, 1999 to present.

2.  Information requested in these interrogatories shall include information within the knowledge or possession of any of Defendant's agents, employees, attorneys, investigators or any other persons, firms or entities directly or indirectly subject to Defendant's control in any way whatsoever.

3.  Each interrogatory shall be answered in its entirety.  If any interrogatory or subsection thereof cannot be answered in full, it shall be answered to the fullest extent possible with an explanation as to why a complete answer is not provided.

4.  If there is a claim of privilege as to any communication concerning information requested by these interrogatories, specify the privilege claimed, the communication and/or answer to which that claim is made, the topic discussed in the communication and/or answer to which that claim is made, the topic discussed in the communication and the basis upon which the claim is asserted.

5.  These interrogatories are continuing in nature and require supplemental or additional responses in accordance with Rule 33 of the Federal Rules of Civil Procedure.

6.  All documents produced in response to these requests shall be produced in the same order as they are kept or maintained in the ordinary course of business and, where multiple pages or documents are assembled, collated, grouped, or otherwise attached, shall not be separated or disassembled.

7.    With respect to any document responsive to this request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure.

8.    If, for reasons other than a claim of privilege, you refuse to produce any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

9.    If there are no documents responsive to any paragraph or subparagraph set forth in the requests, please provide a written response so stating.

These requests are continuing and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, require further and supplemental production by Defendant whenever Defendant acquires, makes, or locates additional documents between the time of the initial production hereunder and the time of the trial in this action.

## **REQUESTED DOCUMENTS**

1.    All documents concerning or relating to any agreements entered into with AT&T relating to UNIX, including but not limited to the agreements attached to the First Amended Complaint.

2.    All versions or iterations of AIX source code, modifications, methods and/or derivative works from May 1999 to the present, including but not limited to version 4.3 and above.

3.    All versions or iterations of Sequent Dynix source code, derivative works, modifications and/or methods from January 1, 1999 to the present.

4.  All documents concerning IBM's efforts, if any, to maintain the confidentiality of UNIX source code, derivative works, modifications, and/or methods.

5.  All documents concerning IBM's efforts, if any, to maintain the confidentiality of AIX source code, derivative works, modifications, and/or methods.

6.  All documents concerning IBM's efforts, if any, to maintain the confidentiality of Sequent Dynix source code, derivative works, modifications, and/or methods.

7.  All documents concerning IBM's efforts, if any, to restrict distribution of Unix source code, derivative works, modifications, and/or methods.

8.  All documents concerning IBM's efforts, if any, to restrict distribution of AIX source code, derivative works, modifications, and/or methods.

9.  All documents concerning IBM's efforts, if any, to restrict distribution of Sequent Dynix source code, derivative works, modifications, and/or methods.

10. All documents concerning Prerequisite Source Licenses, including but not limited to all instances in which IBM required persons or entities to obtain a Prerequisite Source License under paragraph 2.2(a) of its contract with its customers.

11. All contributions made without confidentiality restrictions by IBM or anyone under its control including, but not limited to, source code, binary code, derivative works, methods, and modifications to Open Source Development Lab, Linus Torvalds, Red Hat or any other entity.

12. All documents that identify any person or entity to whom IBM has provided UNIX source code, derivative works, modifications and/or methods.

13. All documents that identify any person or entity to whom IBM has provided AIX source code, derivative works, modifications and/or methods.

14. All documents that identify any person or entity to whom IBM has provided Sequent Dynix source code, derivative works, modifications and/or methods.

15. All documents that identify any person at IBM and Sequent who had access to UNIX source code, derivative works, modifications and/or methods.

16. All documents that identify any person at IBM and Sequent who had access to AIX source code, derivative works, modifications and/or methods.

17. All documents that identify any person at IBM and Sequent who had access to Sequent Dynix source code, derivative works, modifications and/or methods.

18. All documents, agreements and correspondence between IBM or any person or entity under IBM's control and Linus Torvalds including, but not limited to, those with or copied to Sam Palmisano.

19. All documents, agreements and correspondence with Open Source Development Lab.

20. All documents, agreements and correspondence with Red Hat.

21. All documents, agreements and correspondence with SuSe.

22. All documents, agreements and correspondence between IBM and Novell regarding UNIX, including but not limited to all correspondence with Jack Messman, Chris Stone and/or Novell's counsel.

23. All documents, agreements and correspondence between IBM and Santa Cruz Operation regarding UNIX.

24. All documents, agreements and correspondence between IBM and Caldera.

25. All documents, agreements and correspondence between IBM and The SCO Group.

26. All documents identifying any IBM personnel who are or were employed or working at the Linux Technology Center.

27. All documents identifying any IBM personnel who are or were employed or working at the Linux Center of Competency.

28. All documents concerning Project Monterey.

29. All documents concerning any UNIX source code, derivative works, modifications or methods disclosed by IBM to any third party or to the public.

30. All documents concerning any AIX source code, derivative works, modifications or methods disclosed by IBM to any third party or to the public.

31. All documents concerning any Sequent Dynix source code, derivative works, modifications or methods disclosed by IBM to any third party or to the public.

32. All documents concerning any UNIX source code, derivative works, modifications or methods found in Linux, open source, or the public domain.

33. All documents concerning any AIX source code, derivative works, modifications or methods found in Linux, open source, or the public domain.

34. All documents concerning any Sequent Dynix source code, derivative works, modifications or methods found in Linux, open source, or the public domain.

35. All documents concerning any contributions to Linux or to open source made by IBM and/or Sequent.

36. All documents sufficient to show IBM's organizational and personnel structure, including but not limited to organizational charts, flow charts and personnel directories.

37. All documents concerning any statement, affidavit, declaration, or opinion in IBM's possession relating to contributions by IBM to open source, including but not limited

to those statements identified in the Complaint made by Messrs. Mills, LeBlanc and Strassmeyer.

38. All documents concerning the Open Source Developer's Class, including any guidelines relating thereto.

39. All documents concerning export controls for any UNIX source code, derivative works, modifications or methods contributed to open source, including all portions of AIX, and Dynix and their derivative works, modifications, or methods.

40. All documents concerning IBM's use of Intel processors prior to January 1, 1998.

41. All documents concerning IBM's use of Intel processors after January 1, 1998.

42. All documents concerning IBM's contributions to development of the 2.4 and 2.5 Linux Kernel.

43. All documents concerning IBM's First Affirmative Defense that the Complaint fails to state a claim upon which relief can be granted.

44. All documents concerning IBM's Second Defense that Plaintiff's claims are barred because IBM has not engaged in any unlawful or unfair business practices, and IBM's conduct was privileged, performing the exercise of an absolute right, proper and/or justified.

45. All documents concerning IBM's Third Affirmative Defense that Plaintiff lacks standing to pursue its claims against IBM.

46. All documents concerning IBM's Fourth Affirmative Defense that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

47. All documents concerning IBM's Fifth Affirmative Defense that Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine or the independent duty doctrine.

48. All documents concerning IBM's Sixth Affirmative Defense that Plaintiff's claims are barred by the doctrines of laches and delay.

49. All documents concerning IBM's Seventh Affirmative Defense that Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

50. All documents concerning IBM's Eighth Affirmative Defense that Plaintiff's claims are, in whole or in part, preempted by federal law.

51. All documents concerning IBM's Ninth Affirmative Defense that Plaintiff's claims are improperly venued in this district.

52. All documents used, referred to, identified, or relied upon in responding to Plaintiff's First Set of Interrogatories.

## INTERROGATORIES

1. Identify the name and address of the person(s) answering these interrogatories, and, if applicable, the persons' official position or relationship with Defendant?

2. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues of this lawsuit; and specify the subject matter about which the witness has knowledge.

3. If you intend to call any expert witness at the trial of this case, state, as to each such expert witness, the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

4. Identify all persons who have or had access to UNIX source code, AIX source code and Dynix source code, including derivative works, modifications, and methods. For each such person, set forth precisely the materials to which he or she had access.

5. Identify all IBM or Sequent personnel that work or worked on developing source code, derivative works, modifications or methods for AIX, Dynix and Linux, specifying for each person their precise contributions to each.

DATED this 24th day of June, 2003.

By: _____
Brent O. Hatch
HATCH, JAMES & DODGE

David Boies
Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP
Attorneys for Plaintiff

13