# EXHIBIT 8

Brent O. Hatch (5715)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower, Ste. 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP,<br><br>        Plaintiff,<br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION<br><br>        Defendant | **PLAINTIFF'S SECOND SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION FOR PRODUCTION OF DOCUMENTS**<br><br>Case No. 2:03CV0294DAK<br><br>Judge: Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Defendant is directed to give answers to the written interrogatories separately, fully, in writing, under oath, and in accordance with the following definitions and instructions. Defendant is requested to produce the documents and things in its possession, custody or control pursuant to the document requests.

Answers to the interrogatories, and all documents and things responsive to the document requests must be served on the undersigned attorneys for The SCO Group at the offices of Boies, Schiller & Flexner LLP, 100 Southeast Second Street, Suite 2800, Miami, Florida 33131 within 30 days of service of these interrogatories and document requests.

## DEFINITIONS AND INSTRUCTIONS

Plaintiff hereby incorporates by reference all instructions, definitions and rules contained in the Federal Rules of Civil Procedure and further incorporates the definitions and instructions that are in Plaintiff's First Set of Interrogatories and First Request for Production of Documents as if fully set forth herein.

## INTERROGATORIES

6. Please identify, with specificity (by product, file in light of code, where appropriate) all of the alleged contributions to Linux made by IBM, included but not limited to those claimed in paragraphs 108, 115 and 120 of IBM's Amended Counterclaims.

7. Please identify all agreements that IBM alleges or contends that SCO has breached, including specific provisions or portions of those agreements that IBM alleges or contends that SCO breached, and describe, in detail, each instance in which IBM alleges or contends that SCO breached those agreements, including but not limited to:

   (a) the date of the alleged breach;

   (b) all persons involved in the alleged breach;

   (c) the specific manner in which SCO is alleged to have breached the agreement;

   (d) the type of damage and dollar amount, if any, IBM alleges or contends it suffered as a result of the alleged breaches by SCO.

8. Please describe, in detail, each instance in which IBM alleges that SCO engaged in unfair competition as claimed in paragraphs 90 through 94 of IBM's Amended Counterclaim, including but not limited to,

   (a) the dates in which SCO allegedly engaged in any unfair competition;

   (b) all persons involved in the alleged unfair competition;

   (c) the specific manner in which SCO is alleged to have engaged in unfair competition, including but not limited to, as alleged in paragraph 93 of IBM's Amended Counterclaim;

   (d) the type and dollar amount, if any, of any damages allegedly caused by SCO's actions.

9. Please identify each "prospective business relationship" IBM claims to have with "numerous companies and individuals to whom IBM has sold and/or licensed these products and services and/or to whom IBM seeks to sell and/or license these products

3

and services" in which IBM alleges or contends that SCO interfered with, including but not limited to,

  (a) the date of the alleged interference;

  (b) all persons involved in the alleged interference;

  (c) the specific manner in which SCO is alleged to have interfered with such relationship;

  (d) the specific actions, if any, that SCO induced or encouraged IBM's prospective business relationships to take;

  (e) the specific action, if any, that IBM's prospective business relationships took as a result of the actions allegedly induced or encouraged by SCO;

  (f) the type and dollar amount, if any, of any damages from SCO's alleged actions.

### REQUESTED DOCUMENTS

53. All documents concerning IBM's decision to adopt, embrace or otherwise promote Linux, including *but not limited to* the following:

  a. all such documents in the possession of Sam Palmisano, Irving Wladawsky-Berger; Paul Horne and Nick Bowen;

  b. the report prepared by Nick Bowen, including all drafts and e-mails pertaining thereto, submitted to IBM management on or about December 20, 1999;

  c. all presentations made to IBM's top management including its Board of Directors concerning such decision;

    d. all documents from all Board of Directors' meetings relating to such decision, including Board notebooks, Board minutes and notes from all persons in attendance at such meetings.

54. All documents concerning Hewlett-Packard and/or Compaq in Project Monterey, including but not limited to, all Memoranda of Understanding in all press releases.

55. All documents, including drafts, submitted to the Department of Justice concerning Project Monterey.

56. All business plans for Linux.

57. All source code for AIX and Dynix since 1985 including all instructions, information used and all documentation relating to the use of AIX and Dynix, including but not limited to, all development notes.

58. All notifications of third parties IBM has obtained since 1985 for providing access to the source code for AIX and/or Dynix

Dated this 4th day of December 2003.

By: _____
Brent O. Hatch
HATCH, JAMES & DODGE

Stephen N. Zack
Mark J. Heise
BOIES, SCHILLER & FLEXNER LLP

*Attorneys for Plaintiff*