# EXHIBIT 12

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Stephen N. Zack (admitted pro hac vice)
Mark J. Heise (admitted pro hac vice)
David K. Markarian (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower, Ste. 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, | |
| Plaintiff, | **PLAINTIFF'S THIRD SET OF INTERROGATORIES AND THIRD REQUEST FOR PRODUCTION FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION | Case No. 2:03CV0294DAK |
| Defendant | Judge: Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

12/3/03

Defendant is directed to give answers to the written interrogatories separately, fully, in writing, under oath, and in accordance with the following definitions and instructions. Defendant is requested to produce the documents and things in its possession, custody or control pursuant to the document requests.

Answers to the interrogatories, and all documents and things responsive to the document requests must be served on the undersigned attorneys for The SCO Group at the offices of Boies, Schiller & Flexner LLP, 100 Southeast Second Street, Suite 2800, Miami, Florida 33131 within 30 days of service of these interrogatories and document requests.

## DEFINITIONS AND INSTRUCTIONS

Plaintiff hereby incorporates by reference all instructions, definitions and rules contained in the Federal Rules of Civil Procedure and further incorporates the definitions and instructions that are in Plaintiff's First Set of Interrogatories and First Request for Production of Documents and Plaintiff's Second Set of Interrogatories and Second Request for Production of Documents as if fully set forth herein. In addition, the following supplemental definitions apply.

A.  **Definitions:**

   11. The terms "Patent" and "Patents" refer to the four U.S. Patents serving as the basis of Counts IX through XII of IBM's counterclaim, which are more particularly described as U.S. Patent No. 4,814,746, U.S. Patent No. 4,821,211, U.S. Patent No. 4,953,209, U.S. Patent No. 5,805,785.

## INTERROGATORIES

10. Identify each and every product, process, method, composition and/or use that is alleged to infringe the Patents, and state in detail what claims of the Patents are alleged to be infringed with respect to each product, process, method, composition and/or use, and whether such claims are alleged to be infringed literally or infringed under the doctrine of equivalents.

11. Identify each and every product, process, method, composition and/or use, whether by IBM or others, that is covered by the Patents, and state in detail the nature of and date when such process, method, composition and/or use was first published, used, sold or otherwise made public in any way.

12. With respect to each and every claim of the Patents that are allegedly infringed, describe in detail any and all information concerning the basis for the belief that said claims are infringed, including without limitation, a claim-element by claim-element comparison of the allegedly infringed claim to the corresponding structure or function of the allegedly infringing product, process, method, composition and/or use, and IBM's proposed claim construction along with the identification of the supporting intrinsic and extrinsic evidence supporting such claim construction.

13. With respect to the Patents, identify and describe all facts related to when the invention was conceived and reduced to practice, and identify each and every person who

3

participated in, contributed to or was witness to the conception, research, design, development, engineering, testing, manufacture, marketing or sale of the invention and/or any product, process, method, composition and/or use covered by the Patents.

14. With respect to the Patents, identify all facts that support IBM's claim of willful infringement, including identification of the claims allegedly willfully infringed and identity of each and every person who can or will support IBM's claim for willful infringement, together with a detailed description of what said persons are expected to say in their testimony.

15. With respect to the Patents, identify all facts that support IBM's claim that this is an exceptional case, justifies the imposition of treble damages and/or justifies the imposition of attorney's fees, including identification of each and every person who can or will support IBM's claims that this is an exceptional case and/or that this case justifies the imposition of treble damages and/or justifies the imposition of attorneys' fees, together with a detailed description of what said persons are expected to say in their testimony.

16. With respect to the Patents, identify any and all pieces of prior art that are and/or were known to exist by the inventor, patentee, any individual substantively involved in the Patent prosecution and/or IBM and/or any agent, representative, officer or employee of IBM, and identify and describe in detail the date when and circumstances surrounding how said prior art became known, including without limitation the identities of any

person(s) who conducted prior art searches, reviewed prior art and/or prior art search results, and any opinions, beliefs, interpretations, understandings or knowledge that was gained, held or had as a result thereof or otherwise.

17. With respect to the Patents, for each allegedly infringing product, process, method, composition and/or use, set forth detailed information concerning IBM's first awareness of the product, including without limitation, stating the date of such first awareness, and further identifying the persons who first became aware of the allegedly infringing product, process, method, composition and/or use, and the circumstances under which those persons first achieved such awareness.

18. With respect to the claims and allegations contained in counts nine through twelve of IBM's counterclaim, set forth detailed information concerning and explaining the amount of damages already suffered as the result of the alleged infringement, the amount of damages IBM expects to suffer in the future as a result of the alleged infringement and/or the claim that IBM has been irreparably harmed by the alleged infringement, including without limitation, stating IBM's sales, gross revenue and net revenue that are in any way associated with or attributed to any product, process, method, composition and/or use covered by the Patents, number of and name of customers that have purchased or licensed any product, process, method, composition and/or use covered by the Patents.

19. Please describe, with specificity and in detail, all facts concerning each affirmative defense asserted by IBM in response to the claims of SCO, and identify all persons, providing names addresses and phone numbers, possessing knowledge of each affirmative defense, together with a detailed description of what said persons are expected to say in their testimony.

## REQUESTED DOCUMENTS

59. All documents, that in any way relate to the prosecution of the Patents, related patents or patent applications, regardless of filing date, country of application and/or whether such application(s) ultimately produced an issued patent.

60. All documents that in any way support or relate to conception, research, design, development, engineering, testing, manufacture, marketing or sale of the invention and/or any product covered by the Patents.

61. All test results, reports, memoranda, opinions, letters and/or other documentation that in any way relates to the allegedly infringed claims in the Patents.

62. With respect to the claims and allegations contained in counts nine through twelve of IBM's counterclaim, all documents, figures, opinions and/or information that in any way support and/or related to the amount of damages already suffered as the result of the

6

alleged infringement, the amount of damages IBM expects to suffer in the future as a result of the alleged infringement and/or the claim that IBM has been irreparably harmed by the alleged infringement.

63. Produce and identify any and all licenses, purchase and sales agreements, assignments, transfers and/or other contracts, written agreements, letters and/or memoranda that are in any way related to any product, process, method, composition and/or use that is in any way covered by the Patents.

64. All statements, notes, tape recordings, video tapes, transcripts, or any other method of memorializing any statements, meetings, conferences or discussions with any current or former employees, officers or managing agents of SCO or any of its predecessor entities relating to the allegations made by SCO, the allegations made by IBM or the defenses raised by the parties to this litigation.

65. All documents concerning each of the affirmative defenses asserted by IBM in response to the claims of SCO.

66. All documents developed for, at or as a result of meetings, conferences or conversations relating to SCO, claims of licensing fees or copyright and trademark issues relating to Linux, Dynix or AIX, held between some or all of the entities popularly referred to as the "Chicago 7", consisting of Computer Associates, Oracle, Dell, Intel, Novell, IBM and

HP, from 1999 to the present, including but not limited to notes, agendas, presentation materials, slides, PowerPoint presentations, or other methods of publicly projecting material for a large audience, texts, transcripts, recordings, video tapes or other reproduction or methods of memorializing of speeches

67. All documents developed, for, at or as a result of the Desktop Linux Consortium conference, including but not limited to all documents, notes, agendas, presentation materials, slides, PowerPoint presentations, or other methods of display presentation, publicly projecting material for a large audience; texts, transcripts, recordings, video tapes or other reproduction or methods of memorializing of speeches, particularly IBM's keynote address.

68. All pieces of prior art that are and/or were known to exist by the inventor, patentee, any individual substantively involved in the Patent prosecution and/or IBM and/or any agent, representative, officer or employee of IBM.

DATED this 3 day of December, 2003.

HATCH, JAMES & DODGE
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Stephen N. Zack
Mark J. Heise
David K. Markarian

By: _____
*Attorneys for Plaintiff*

8