SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
  International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **IBM'S LEGAL AUTHORITY RE OTIS WILSON DEPOSITION** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

Pursuant to the request of the Court at the telephone conference held on August 14, 2006, defendant and counterclaim plaintiff International Business Machines ("IBM") hereby submits three cases addressing the issue raised by Magistrate Judge Wells—whether the North Carolina

408927

District Court, in ruling on objections made by a third party, could properly modify or vacate a discovery order previously entered by this Court in ruling on separate objections made by IBM.

The following cases recognize: (1) the judge before whom an action is pending has full authority over discovery proceedings in that case (indeed that judge has an obligation to supervise discovery[1]); and (2) while other "ancillary" courts may be necessary to issue or enforce subpoenas, those ancillary courts must respect prior discovery rulings made by the court before whom the action is pending (particularly where that prior ruling involves the objections of a party (IBM) who was not before the court in the "ancillary" proceeding).

1. <u>Fincher v. Keller Industries, Inc.</u>, 129 F.R.D. 123 (M.D.N.C. 1990)—The very federal district court that issued the order upon which SCO relies held that in an "ancillary" proceeding to enforce a subpoena issued to a third party, the North Carolina court cannot allow discovery that has been disallowed by the court before whom the action is pending. In resolving an objection to a deposition subpoena, the North Carolina court stated "[e]ven though this Court is the proper one to rule on plaintiffs' motion [to compel compliance with a deposition subpoena], it nevertheless will look at the status of the proceedings in the district where the action is pending and at relevant rulings issued by that court. . . . <u>The parties discovery rights in this district can rise no higher than their level in the district of trial.</u>" <u>Id</u>. at 125 (emphasis added).

2. <u>Mycogen Plant Science, Inc. v. Monsanto Co.</u>, 164 F.R.D. 623 (E.D. Pa. 1996)— In reviewing a motion to quash a subpoena issued in connection with an action pending in

---

[1] <u>Paramount Film Distributing Corp. v. Civic Center Theatre, Inc.</u>, 333 F.2d 358, 362 (10th Cir.1964) ("It is of course the duty of the trial judge to supervise and control discovery; he is the only one who can do it effectively. If this duty is not exercised, the rules of discovery may be perverted to bring about serious injustices.")

another jurisdiction, the court recognized that "[t]he unpleasant task of determining the scope of discovery" falls on the court before whom the action is pending. "A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. The ancillary court should take its law of the case from the non-ancillary court and should avoid influencing that court's view of the legal issues." Id. at 627.

3.  Dreyer v. GACS, Inc., 204 F.R.D. 120 (N.D. Ind. 2001)—In an action to enforce a subpoena issued to a third-party in Indiana, the court stated that "[a]s the 'ancillary' court, we recognize [the forum court's] discovery deadlines as a matter of comity and accommodation to the trial court. Stated another way, the Defendants' discovery rights here are no greater than they are in the Western District of New York." Id. at 122 n.5 (emphasis added).

## CONCLUSION

IBM respectfully requests that the Court enter an order stating that its prior order dated January 26, 2006 [Docket #604] remains in effect.

DATED this 16th day of August, 2006.

                                             Snell & Wilmer L.L.P.

                                             /s/ Todd M. Shaughnessy
                                             Alan L. Sullivan
                                             Todd M. Shaughnessy
                                             Amy F. Sorenson

                                             CRAVATH, SWAINE & MOORE LLP
                                             Evan R. Chesler
                                             David R. Marriott
                                             *Attorneys for Defendant/Counterclaim-Plaintiff*
                                             *International Business Machines Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of August, 2006, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and delivered by CM/ECF system to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101
>
>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

and by U.S. Mail, postage pre-paid to:

>Robert Silver
>Edward Normand
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, New York 10504

/s/ Todd M. Shaughnessy