IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | ORDER AND MEMORANDUM DECISION<br><br><br>Civil No. 2:03CV0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

      On August 14, 2006, the court held a conference call at the request of the parties with Mr. Edward Normand representing The SCO Group Inc. (SCO), and Mr. Todd Shaughnessy representing International Business Machines Corporation (IBM). The crux of the instant dispute revolves around the deposition of Mr. Otis Wilson that is to occur in North Carolina. Mr. Wilson was deposed previously and is to undergo a second four hour deposition as ordered by Magistrate Judge Sharp from the Middle District of North Carolina. The parties are in disagreement about the scope of the deposition. IBM argues that it should be confined to only "new matters" as previously ordered by this court.[1] Conversely, SCO argues that the scope of the deposition is not limited. At the end of the call, the court asked both parties to provide what they perceived to be the three strongest cases in support of their positions. On August 16 both

---

[1] *See* docket no. 604 entered on January 26, 2006.

parties provided the court with their respective cases.[2]  After considering the relevant law, the parties' arguments, the transcript of the proceedings before Magistrate Judge Sharp and the written order that followed those proceedings, the court enters the following:

      The court finds that pursuant to Rule 45(c) the North Carolina court had jurisdiction to "quash or modify the subpoena."[3]  "The Court for the district wherein the deposition is being taken decides controversies with respect to depositions."[4]  By petitioning the court in North Carolina to quash his deposition, Mr. Wilson submitted to the jurisdiction of that court in matters pertaining to his deposition.  Moreover, if Mr. Wilson was concerned about how the court in North Carolina would rule because it was not as familiar with this case, Mr. Wilson could have sought a stay in North Carolina and asked that court to remit the matter to this court where the action is pending.  Mr. Wilson, however, did not seek this type of procedure.

      IBM argues that a "parties' discovery rights . . . can rise no higher than their level in the district of trial."[5]  Thus, SCO is bound by this court's previous order limiting the deposition to new matters.  The court does not disagree with IBM's contention that a party is bound by the discovery rights in the district where a case is being tried.  The court finds, however, that this case is markedly different than the primary case relied upon by IBM.  The court further finds that

---

[2] SCO provided their documents by hand delivery and IBM e-filed their document. *See* docket no. 740. SCO's respective cases include, *In re Sealed Case*, 141 F.3d 377 (D.C. Cir. 1998); *Lieberman v. American Dietetic Assoc.*, 1995 WL 250414 (N.D. Ill. 1995); *High Tech Communications v. Panasonic Co.*, 1995 WL 58701 (E.D. La. 1995). And, although not in SCO's "top three," SCO also cites to *Peterson v. Douglas County Bank & Trust Co.*, 940 F.2d 1389 (10th Cir. 1991), as potentially controlling of the issue before this court.  IBM's cases include *Fincher v. Keller Industries, Inc.*, 129 F.R.D. 123 (M.D.N.C. 1990), a case arising from the same federal district court that issued the subpoena to Mr. Wilson in this case; *Mycogen Plant Science, Inc. v. Monsanto Co.*, 164 F.R.D. 623 (E.D. Pa. 1996); and *Dreyer v. GACS, Inc.*, 204 F.R.D. 120 (N.D. Ind. 2001).
[3] Fed. R. Civ. P. 45(c)(3)(A).
[4] *Fincher*, 129 F.R.D. at 125.
[5] *Fincher*, 129 F.R.D. at 125.

Magistrate Judge Sharp considered this court's prior ruling and in essence enacted it through the time limitation requirement.

In *Fincher*,[6] discovery had ended and the plaintiffs sought discovery in another district without first obtaining permission to conduct additional discovery from the court where the underlying action was proceeding.[7] Here, this court gave SCO permission to redepose Mr. Wilson prior to the proceedings in North Carolina. Thus, SCO had the underlying right to depose Mr. Wilson.

Next, at the conclusion of the hearing the following exchange took place between counsel for Mr. Wilson and Magistrate Judge Sharp.

> Your Honor, I think you did indicate you were not placing any limits on the subject matter. I'm assuming that to the extent that the Utah court had limited it to new matters . . . that would still be enforce.
>
> The time limitation – the new matters is an impossible defining line. It just – it couldn't be enforced in the deposition room. It couldn't be meaningfully enforced here in this courtroom. <u>So the time limitation is the surrogate for that.</u>[8]

Based on the foregoing, the court orders that the deposition of Mr. Wilson should go forward in the time and manner as ordered by the North Carolina court. But, the court wishes to note that its decision should not be viewed as any type of invitation to reopen the discovery process.

---

[6] 129 F.R.D. 123.
[7] *See id.*. at 125.
[8] Trans. from hearing before Magistrate Judge Sharp p. 30-31 (emphasis added).

IT IS SO ORDERED.

DATED this 21st day of August, 2006.

                                                  Brooke C. Wells
                                                  United States Magistrate Judge