## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | **ORDER AND MEMORANDUM DECISION RE ALLEGED PRIVILEGED DOCUMENTS**<br><br><br>Civil No. 2:03CV0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

Before the court are the remaining issues pertaining to The SCO Group Inc.'s (SCO) Motion for *In Camera* Review of Allegedly Privileged Documents.[1]  International Business Machines Corporation (IBM) recalled from its production of documents three documents after counsel for SCO had reviewed the documents and sought to use them during the course of depositions.[2]  IBM argues that the documents are protected by the attorney-client privilege.[3]  Conversely, SCO argues that the documents are not privileged.[4]  Further, SCO "seeks leave to use [these] documents to depose the individuals at whose depositions SCO was precluded from

---

[1] Docket no. 678.

[2] *See* Mem. in Supp. p. 2.  The court refers to these documents by the last four digits of their bates number, 33-41, 42-59, and 31-37.

[3] *See* op. p. 2.

[4] *See* Mem. in Supp. p. 8-9.

asking the witness about the documents."[5]  SCO argues that it "should be permitted to obtain IBM's testimony regarding the documents"[6] because two documents concerning the Journaled File System were allegedly claimed as privileged by IBM during a Rule 30(b)(6) deposition.[7]

On June 20, 2006 the court granted SCO's initial motion in part[8] stating that it was reviewing the documents at issue but declining to allow SCO's request for a contemporaneous review of the documents.[9]  On this same date, SCO filed a reply memorandum arguing for the disclosure of the declarations of Mark Walker and Sharon Dobbs that IBM submitted in support of its argument that the documents are privileged.  On June 22, the court entered an order directing IBM to "provide SCO a copy of the declarations."[10]  SCO filed a supplemental reply addressing the declarations on July 7.[11]

The court having considered the parties' arguments, relevant case law, being dully informed and having reviewed *in camera* the documents at issue, enters the following.

IBM has the burden of establishing the applicability of the attorney-client privilege.[12] "The privilege is governed by the common law and is to be strictly construed."[13]  When a corporate client is involved there are often special problems because, "'[a]s an inanimate entity, a

---

[5] *Id.* p. 10.
[6] *Id.*
[7] Both parties make allegations concerning problems with the production of the opposing parties' privilege logs.  This issue is not before the court.  The court, however, encourages both parties to use their best efforts in timely providing complete and accurate privilege logs.
[8] Docket no. 711.
[9] *See* U.S. v. Hall, 854 F.2d 1036, 1034 (7th Cir. 1988) (explaining the procedure for an *in camera* review of documents).  Although there may be variations in method, the court is unaware of a practice that allows the opposing party to view the contested documents at the same time a court is conducting its review.
[10] Order dated June 22, 2006 p. 1.
[11] Docket no. 720.
[12] *See* In re Grand Jury Subpoenas, 144 F.3d 653, 658 (10th Cir. 1998).
[13] *Id.*

corporation must act through agents.'"[14]  Finally, as noted by SCO, "'Clients and their attorneys

often assume, erroneously, that merely conveying something to an attorney will cloak the

underlying facts from disclosure.  It will not.'"[15]  The mere fact of submitting a document to

counsel for legal input will not automatically entitle it to become a protected.[16]

     IBM argues that "[a]s demonstrated by the documents themselves and the declarations"[17]

each of the three documents is protected by the attorney-client privilege for four reasons.  First,

each document "was prepared at the request and under the direction of counsel for IBM."[18]

Second, each document was prepared for counsel's use in giving legal advice, or was to be

incorporated into counsel's legal advice and opinions.[19]  Third, the documents were "not used to

render business advice."[20]  And fourth, each of the documents "was kept confidential within

IBM."[21]

     Mark Walker's declaration concerns documents 33-41 and 42-59.  Allegedly, he

"directed the product legal liaisons . . . to create a document to define the process and procedures

to be followed by their departments to ensure the intellectual property integrity of the source

code."[22]  Mr. Walker states that both the documents "reflect and incorporate legal advice"[23]

given by him.  The "purpose of the document[s were] neither related to the provision of business

---

[14] *Id.* (quoting *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348, 105 S.Ct. 1986 (1985) (alterations in original)).

[15] *Renner v. Chase Manhattan Bank*, 2005 WL 1356192 *5 (S.D.N.Y. Nov. 2001) (quoting Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine* 48 (4th ed. 2001)).

[16] *See Burton v. R.J. Reynolds Tobacco Co.* 200 F.R.D. 661, 670 (D. Kan. 2001); *accord Adams v. Gateway, Inc.*, 2003 WL 23787856 *11 (D. Utah 2003).

[17] Op. p. 3.

[18] *Id.*

[19] *See id.*

[20] *Id.*

[21] *Id.*

[22] Decl. Mark Walker p. 2.

[23] Decl. Mark Walker p. 3.

advice nor to the technological improvement of the product."[24]  Instead, they were designed to

ensure legal compliance.  The documents were labeled "IBM Confidential."[25]  And, in both

documents is a prominent statement regarding the importance of proper licensing and

documentation to prevent lawsuits or code infringement.[26]

     The declaration of Sharon Dobbs shares similar characteristics to those found in Mr.

Walker's declaration.  Ms. Dobbs' declaration concerns document number 31-37, which is a

summary of the Joint Development Agreement (JDA) between IBM and The Santa Cruz

Operation, Inc. (Santa Cruz).  Document 31-37 includes information on the issues surrounding

licenses, royalties, liabilities and termination conditions for the JDA.[27]  Ms. Dobbs states that the

document was requested by her to "facilitate my legal advice."[28]  It was not designed for

business advice, was solely for Ms. Dobbs' use, and was not distributed to other individuals

outside IBM.[29]

     In response to these declarations SCO argues that "The declarations underscore the

relevance of the analysis in *Adams v. Gateway, Inc.*,[30] in which the court distinguished between

material protected by the privilege and 'horizontal activity . . . which had significant purposes

independent of legal considerations.'"[31]  "The presence of the 'legal purpose' required to shield a

document from discovery 'is determined from inspection of the document.'"[32]  SCO continues,

arguing that "if the documents here have a primary purpose other than legal advice, such as

---

[24] *Id.* p. 4.
[25] *Id.*
[26] *See id.* p.4.
[27] *See* Decl. Sharon Dobbs p. 2.
[28] *Id.*
[29] *See id.* p. 4.
[30] 2006 WL 23787856 (D. Utah 2003).
[31] Supp. Reply p. 2 (quoting *Adams,* 2006 WL 23787856 at *11).
[32] *Id.* (quoting *Adams,* 2006 WL 23787856 at *11).

providing lawyer oversight of a 'complex business challenge' or lawyer input to a normal business document, then the privilege does not attach."[33]  According to SCO, the creation of the Journaled File System (JFS) for the projects addressed in Mr. Walker's declaration is a business purpose.  And, Mr. Walker's activities fall under the categories of lawyer oversight or lawyer input as opposed to legal advice.[34]

Next, in relation to Ms. Dobbs, SCO argues that Ms. Dobbs' declaration is full of conclusory statements that allude to legal advice in only a general manner.[35]  SCO alleges these "conclusory statements fail to satisfy IBM's burden of establishing that the privilege is applicable with respect to the JDA summary."[36]

Documents 33-41 and 42-59

As noted by SCO in its pleadings, the court in *Adams v. Gateway*,[37] drew a distinction between materials that are protected by the attorney-client privilege and "horizontal activity . . . which had significant purposes independent of legal considerations."[38]  Gateway argued that its investigation into possible defects with its computers was concerned with possible litigation and not the "real world issues important to Gateway retail sales, product reliability and consumer satisfaction."[39]  The court rejected Gateway's argument and found that most of the withheld documents were not privileged because notwithstanding the litigation possibilities, "Gateway's self-interest as a retailer of computer products motivated its investigation."[40]  Thus, there was

---

[33] *Id.*
[34] *See id.* p. 3.
[35] *See id.*
[36] *Id.*
[37] 2001 WL 23787856.
[38] *Id.* 2006 WL 23787856 at *11.
[39] *Id.* 2006 WL 23787856 at 4.
[40] *Id.*

"simply too much horizontal activity in Gateway's projects which had significant purposes independent of legal considerations"[41] for the documents to be protected.

Here, the court finds that although the JFS may have a business purpose-maintaining code so that IBM may develop its business-the documents at issue concern the legal implications of that business activity.  It is not uncommon in the business world for a corporation to receive legal advice about its business activities.  If this type of advice could not be protected corporations would be at a significant disadvantage in conforming to the law and class action lawsuits would become more prevalent than snow on a mid winter's day in Utah.  As long as the primary purpose of such advice is a legal purpose, then such advice may be protected by the attorney-client privilege.[42]

Based on a review of the documents, and the declaration of Mr. Walker, the court finds the documents primary purpose is for legal advice.  Accordingly, the court further finds they are protected by the attorney-client privilege.

Finally, the court wishes to note that even if the court found the documents at issue to be discoverable, SCO has failed to convince this court that they could use them in redeposing a witness, or use them in some future 30(b)(6) deposition.  In its opposition, IBM argues that "The two documents concerning the Journaled File System were not, as SCO claims, withdrawn as privileged during a Rule 30(b)(6) deposition: They were identified as privileged during the deposition of William Baker, a third party witness who was not at the time of his deposition nor currently an IBM employee."[43]  There is no evidence before the court indicating they were

---

[41] *Id.* 2006 WL 23787856 at *11.
[42] *See id.*
[43] Op. p. 3 fn. 5.

withdrawn during a 30(b)(6) deposition as SCO claims.  Thus, there would be no need to obtain IBM's testimony regarding the documents.

<u>Document 31-37</u>

In *Upjohn Co. v. United States*,[44] the Supreme Court noted "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."[45]  The court finds that document 31-37 fits within this category.  It is a document prepared at the direction of an attorney to enable the attorney to give "sound and informed advice."[46]  The document is replete with information that would help Ms. Dobbs give IBM advice about the implications of the JDA between IBM and Santa Cruz.  It is distinguishable from the documents ordered discoverable in *Adams v. Gateway*,[47] because it does not have "significant purposes independent of legal considerations."[48]

---

[44] 449 U.S. 383, 101 S.Ct. 677 (1981).
[45] *Id.* 449 U.S. at 390; *see also Natta v. Hogan*, 392 F.2d 686, 692-93 (10th Cir. 1968) ("The recognition that privilege extends to statements of a lawyer to a client is necessary to prevent the use of the lawyer's statements as admissions of the client").
[46] *Id.*
[47] 2006 WL 23787856 .
[48] *Id.* 2006 WL 23787856 at *11; *see also Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1370 (10th Cir. 1997) (concluding that a memorandum was protected by the attorney-client privilege).

Based on the foregoing, the court adopts the arguments set forth by IBM.  The court finds that IBM has met its burden of establishing the applicability of the attorney-client privilege. And, the court further finds that the documents at issue are protected from disclosure by the attorney-client privilege.  Therefore, the documents are not discoverable and do not need to be provided to SCO.

IT IS SO ORDERED.

DATED this 1st day of September, 2006.

Brooke C. Wells
United States Magistrate Judge