SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
  International Business Machines Corporation*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **IBM'S MOTION FOR SUMMARY JUDGMENT ON SCO'S CONTRACT CLAIMS (SCO'S FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION)** <br><br> **(ORAL ARGUMENT REQUESTED)** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

Pursuant to DUCivR 56-1(a) and Federal Rules of Civil Procedure 1, 26, 30, 33, 37 and 56, Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this motion for summary judgment on Plaintiff/Counterclaim-Defendant The SCO Group, Inc.'s ("SCO") contract claims (SCO's First, Second, Third and Fourth Causes of Action).

During the 1980s, IBM and Sequent Computer Systems ("Sequent") (which IBM acquired in 1999) entered into licensing agreements with AT&T for the source code to the UNIX System V operating system. Now, more than two decades later, SCO — which played no part in negotiating the agreements but purports to have acquired rights to them — claims that IBM breached the agreements by contributing its own original source code to the open source operating system known as Linux. SCO's contract claims depend entirely on an unsupported reading of IBM's and Sequent's agreements with AT&T and should be rejected as a matter of law.

SCO has asserted four separate contract claims against IBM relating to the UNIX System V licensing agreements that IBM and Sequent executed with AT&T in 1985. These licensing agreements are in the form of a "Software Agreement", which sets forth the terms under which UNIX System V source code can be used and disclosed, and a "Sublicensing Agreement", which sets forth the terms under which software based on UNIX System V code can be distributed (collectively, the "Agreements"). IBM and Sequent performed under, and organized their businesses around, the Agreements for nearly two decades, without any dispute with AT&T or its successors, until SCO changed management and asserted that the Agreements give it the right to control tens of millions of lines of original IBM source code.

For years, SCO purported to have evidence that IBM took confidential source code (including methods and concepts) from UNIX System V and "dumped" it into Linux. However, SCO does not have any such evidence. SCO has not identified any UNIX System V source code (including methods or concepts) that IBM is alleged to have contributed to Linux. Nor has SCO

2

identified any modification or derivative work of UNIX System V that IBM is alleged to have contributed to Linux. It is undisputed and indisputable that IBM has not contributed to Linux any UNIX System V source code (including methods or concepts) or any modification or derivative work of UNIX System V. To the extent that IBM has contributed source code, methods, and concepts to Linux, those contributions have been original or homegrown IBM works or the works of third parties other than SCO created independent of UNIX System V.

SCO's theory of the case is wrong as a matter of law, and IBM is entitled to summary judgment on SCO's contract claims, for at least four reasons.

First, the Agreements do not preclude IBM from using and disclosing its own original works, even if they were once (or in the future might be) part of AIX or Dynix.

Second, even if (contrary to fact) the Agreements could be read as SCO contends, SCO would be estopped from pursuing its theory of the case. AT&T and its successors repeatedly told their licensees, including IBM and Sequent, that they could do as they wished with their own original works, whether or not they were part of a modification or derivative work of UNIX System V. IBM and Sequent reasonably relied, to their detriment, on the representations, conduct, and inaction of AT&T and its successors.

Third, even if the Agreements could be read to give SCO control of more than 100 million lines of original IBM code, and even if SCO were not estopped from pursuing its theory of breach, the alleged breaches have been waived — by AT&T and its successors (including SCO), by Novell, Inc. on behalf of SCO, and by SCO itself.

Fourth, SCO's contract claims relating to at least some of the allegedly misused material (i.e., RCU) are barred by the statute of limitations. The statute of limitations for breach of contract is six years under New York law, which governs SCO's contract claims. IBM publicly disclosed the allegedly misused material relating to RCU in connection with a patent application and the resulting patent, which issued in 1995, more than six years prior to the date that SCO filed its lawsuit. Thus, SCO's claims relating to RCU are barred by the statute of limitations.

3

For the all foregoing reasons, and for the reason that SCO cannot adduce admissible evidence sufficient to establish the essential elements of its claims, this Court should enter summary judgment in favor of IBM on SCO's claims for breach of contract (SCO's First, Second, Third and Fourth Causes of Action).

DATED this 25th day of September, 2006.

        SNELL & WILMER L.L.P.

        /s/ Amy F. Sorenson
        Alan L. Sullivan
        Todd M. Shaughnessy
        Amy F. Sorenson

        CRAVATH, SWAINE & MOORE LLP
        Evan R. Chesler
        David R. Marriott

        *Attorneys for Defendant/Counterclaim-Plaintiff*
        *International Business Machines Corporation*

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2006, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and delivered by CM/ECF system to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101
>
>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

and by U.S. Mail, postage pre-paid to:

>Robert Silver
>Edward Normand
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, New York 10504

        /s/ Amy F. Sorenson

413653