SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
  International Business Machines Corporation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>        Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>        Defendant/Counterclaim-Plaintiff. | **IBM'S MOTION FOR SUMMARY JUDGMENT ON SCO'S COPYRIGHT CLAIM (SCO'S FIFTH CAUSE OF ACTION)**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>Civil No. 2:03CV-0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

Pursuant to DUCivR 56-1(a) and Federal Rules of Civil Procedure 1, 26, 30, 33, 37 and 56, Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this motion for summary judgment on Plaintiff/Counterclaim-Defendant The SCO Group, Inc.'s ("SCO") copyright claim (SCO's Fifth Cause of Action).

Shortly after beginning this lawsuit, SCO purported to terminate IBM's right to distribute its own AIX and Dynix/ptx ("Dynix") products. Because IBM did not shut down its AIX and Dynix businesses based on SCO's purported termination of IBM's rights, SCO amended its complaint to assert a claim against IBM for copyright infringement. SCO alleges that IBM has infringed and is infringing SCO's alleged UNIX System V copyrights by continuing the business in which it has been engaged for more than two decades, and that SCO is therefore entitled to billions of dollars in damages. SCO's allegations of infringement are untenable as a matter of law, and summary judgment should therefore be entered in favor of IBM.

Based on the undisputed facts, SCO's infringement allegations lack merit, and IBM is entitled to summary judgment, for at least four independent reasons, as more fully set forth in the accompanying memorandum:

First, SCO's infringement claim is untenable, because SCO cannot establish a predicate breach of contract — i.e., a material breach sufficient to justify termination of IBM's rights to UNIX System V.

Second, even if SCO could establish a material breach of contract by IBM, SCO's infringement claim fails because SCO cannot show that it properly terminated IBM's license to market and distribute AIX based on the alleged breach. IBM has a perpetual and irrevocable license to AIX that cannot be terminated under any circumstances.

Third, SCO cannot establish unauthorized copying or distribution by IBM of copyrighted works owned by SCO, because SCO failed to disclose its allegations and evidence as required by the Court. From the beginning of this case, IBM asked SCO to disclose its allegations and

2

evidence of alleged infringement by IBM, and, from the beginning of this case, SCO declined to do so.  The Court entered three separate orders requiring SCO to disclose its allegations and evidence with specificity.  SCO failed to comply.  Having failed to substantiate its allegations as ordered by the Court, SCO's claims of infringement necessarily fail.

Fourth, SCO cannot enforce its alleged copyrights because it has misused them, further precluding its infringement claim.  SCO has misused its alleged copyrights by:  (1) claiming ownership over code for which SCO has no copyright; (2) effectively asserting that its alleged copyrights extend to all of Linux; (3) claiming its alleged copyrights give it control of IBM's own copyrighted code (i.e., AIX and Dynix); (4) claiming its alleged copyrights include material not protectable by copyright; and (5) seeking to enforce its alleged copyrights in ways that are unenforceable.

For the all foregoing reasons, and for the reason that SCO cannot adduce admissible evidence sufficient to establish the essential elements of its claim, this Court should enter summary judgment in favor of IBM on SCO's claim for copyright infringement (SCO's Fifth Cause of Action).

DATED this 25th day of September, 2006.

SNELL & WILMER L.L.P.

 /s/ Amy F. Sorenson
Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

3

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1133 Westchester Avenue
White Plains, NY 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of September, 2006, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and delivered by CM/ECF system to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101
>
>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

and by U.S. Mail, postage pre-paid to:

>Robert Silver
>Edward Normand
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, NY 10504

/s/ Amy F. Sorenson

413587