SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
  International Business Machines Corporation*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | **IBM'S MOTION FOR SUMMARY JUDGMENT ON SCO'S INTERFERENCE CLAIMS (SCO'S SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION)**<br><br>**(ORAL ARGUMENT REQUESTED)**<br><br>Civil No. 2:03CV-0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

Pursuant to DUCivR 56-1(a) and Federal Rules of Civil Procedure 1, 26, 30, 33, 37 and 56, Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this motion for summary judgment on Plaintiff/Counterclaim-Defendant The SCO Group, Inc.'s ("SCO") interference claims (SCO's Seventh, Eighth and Ninth Causes of Action).

SCO's Seventh, Eighth and Ninth Causes of Action allege that IBM has interfered with SCO's contracts and business relationships with customers, business partners and other entities. SCO's description of these claims has shifted throughout the pretrial proceedings, with the only constant being SCO's failure to provide any clear identification of the specific contracts or business relationships that were supposedly injured or the acts of IBM that allegedly caused such injury. Although it appeared that SCO was attempting simply to avoid disclosing its evidence (at least until trial), it is now clear that what SCO has been seeking to disguise is the lack of any support for these claims at all.

SCO has now identified at least 182 companies or entities with whose alleged contracts or relationships with SCO it alleges IBM interfered. With respect to only seven of these does SCO allege that IBM interfered by directly contacting or communicating with the companies or entities themselves. As to the other 175 identified companies or entities, the alleged interference by IBM is indirect, consisting entirely of IBM's alleged activities relating to Linux, which activities interfered with no particular relationship with a SCO customer or potential customer, but which allegedly affected a "UNIX-on-Intel market" generally.

As is more fully set forth in the accompanying memorandum, SCO's claims with respect to all of these companies and entities fail as a matter of law for at least three reasons.

First, SCO's allegations of interference with respect to the seven existing business relationships it ultimately identified are denied by the companies or entities at issue and otherwise entirely without evidentiary support. With respect to the potentially unlimited number

2

of other companies that IBM is alleged to have interfered with in a "UNIX-on-Intel market", SCO does not (and could not) allege direct contact constituting interference.  These claims fail because Utah law does not recognize activities with respect to an entire market as a basis for recovery for "intentional" interference with contract or business relations.

Second, IBM's allegedly tortious acts were not undertaken with an improper purpose or by improper means, as required under Utah law.  As to improper purpose, IBM did not act out of "ill will" toward SCO or a desire to harm SCO for its own sake.  To the contrary, and as SCO's own experts recognize, IBM's support for Linux was motivated by compelling competitive reasons and undertaken for the purpose of protecting IBM's legitimate, long-range economic interests.  As to improper means, the various "means" asserted by SCO are merely conclusory restatements of SCO's allegations of improper purpose, unsupportable for reasons set forth in IBM's other motions for summary judgment and/or not recognized as improper means under Utah law.

Third, there is no causal link between any act of IBM and any specific injury to SCO.  In fact, SCO has made no attempt to show either specific injury or any causal connection to any act of or contribution by IBM.  SCO's experts fail to quantify or even to address the alleged damages allegedly caused by IBM's alleged interference.  Moreover, SCO's own witnesses and documents show that any deterioration in SCO's business was caused by a variety of factors independent of IBM (including decisions made by SCO management).

For all of the foregoing reasons, and for the reason that SCO cannot adduce admissible evidence sufficient to establish the essential elements of these claims, this Court should enter summary judgment in favor of IBM on SCO's claims for interference (SCO's Seventh, Eighth and Ninth Causes of Action).

DATED this 25th day of September, 2006.

        SNELL & WILMER L.L.P.

        /s/ Amy F. Sorenson
        Alan L. Sullivan
        Todd M. Shaughnessy
        Amy F. Sorenson

        CRAVATH, SWAINE & MOORE LLP
        Evan R. Chesler
        David R. Marriott

        *Attorneys for Defendant/Counterclaim-Plaintiff*
        *International Business Machines Corporation*

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2006, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and delivered by CM/ECF system to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101
>
>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

and by U.S. Mail, postage pre-paid to:

>Robert Silver
>Edward Normand
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, New York 10504

/s/ Amy F. Sorenson

413779