SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., | **IBM'S MOTION FOR SUMMARY JUDGMENT ON ITS CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT (IBM'S TENTH COUNTERCLAIM)** |
| Plaintiff/Counterclaim-Defendant, | |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | **(ORAL ARGUMENT REQUESTED)** |
| | Civil No. 2:03CV-0294 DAK |
| Defendant/Counterclaim-Plaintiff. | Honorable Dale A. Kimball |
| | Magistrate Judge Brooke C. Wells |

Pursuant to DUCivR 56-1(a) and Federal Rules of Civil Procedure 1, 26, 30, 33, 37 and 56, Defendant/Counterclaim-Plaintiff IBM respectfully submits this motion for summary judgment on its claim for declaratory judgment of non-infringement (IBM's Tenth Counterclaim).

After promoting the Linux operating system for nearly a decade, SCO changed management and launched a series of legal attacks against it.  Despite the fact that SCO contributed to the development of Linux and induced many to use it, SCO threatened to sue Linux users, including IBM, for copyright infringement.  While SCO refused to disclose its alleged evidence of infringement, it proclaimed publicly that Linux contained more than one million lines of code controlled by SCO and could not be used without infringing SCO copyrights.

To put an end to the fear, uncertainty and doubt created by SCO's allegations, IBM sought a declaration from this Court that the Linux kernel, the core of the operating system, does not infringe copyrights owned by SCO.  SCO refused for more than a year to provide IBM any specific information about its allegations, leading this Court to express astonishment that SCO had no admissible evidence supporting its allegations and to establish a final deadline for SCO to reveal its evidence.  The deadline came and went, however, and SCO's allegations remain unsupported.  As a result, summary judgment should be entered in favor of IBM on the Tenth Counterclaim, declaring that its activities concerning the Linux kernel do not infringe any SCO copyright.

SCO's claims of infringement fail as a matter of law for at least five independent reasons, any one of which justifies the entry of summary judgment in favor of IBM.

First, SCO cannot establish unauthorized copying by IBM of copyrighted works owned by SCO.  From the beginning of this case, IBM asked SCO to disclose its allegations and evidence of alleged infringement, and from the beginning of this case, SCO declined.  Having

failed to substantiate its claims as ordered by the Court, SCO cannot make out its claims of infringement and IBM is entitled to summary judgment.

Second, IBM has a license to use all of the Linux Code and, as to much of it, multiple licenses. In 1999, SCO's predecessor in interest, Caldera Systems, Inc. ("Caldera Systems"), expressly granted IBM a license to the material in its Linux products as part of a Strategic Business Agreement. Caldera also granted IBM a license to the material in its Linux products, pursuant to the GNU General Public License (the "GPL"). Even earlier in the 1990s, two of SCO's other alleged predecessors in interest, Novell, Inc. ("Novell") and The Santa Cruz Operation, Inc. ("Santa Cruz"), granted IBM licenses to most of the UNIX code. Thus, IBM has a complete defense to all of SCO's claims of infringement.

Third, SCO is estopped from pursuing its infringement claim. The Linux Code has been in Linux since long before the commencement of this case. SCO and its predecessors not only knew the Linux Code was in Linux, they are responsible for much of it being there. Not knowing that SCO would change its position and declare war on Linux after nearly a decade of promoting it, IBM built a part of its business around the operating system. Under basic principles of equity, SCO is estopped from pursing its claims of infringement, which it also abandoned and waived long ago.

Fourth, SCO cannot prove substantial similarity between the Linux kernel and the System V Works, which is equally fatal to any claim of copyright infringement. SCO cannot establish a claim of copyright infringement absent a showing that the Linux Code makes Linux substantially similar to protectable elements of the System V Works. None of the System V Code is protectable by copyright. Among other things, it (1) represents mere ideas, processes, systems, methods of operation, concepts, principles or discoveries; (2) can be expressed in only one or a few ways; and (3) is dictated by externalities such as hardware standards, software standards, compatibility requirements, computer manufacturer design standards or industry

programming practices.  No reasonable trier of fact could find that the Linux kernel is substantially similar to the System V Works.

Fifth, SCO cannot enforce its alleged copyrights in the System V Works because it has misused them, further precluding its infringement claim.  SCO exceeded the scope of the allegedly infringed copyrights by:  (1) claiming ownership over code for which SCO has no copyright, (2) effectively asserting rights to all of Linux, (3) claiming control of IBM's own copyrighted code, (4) claiming ownership over material not protectable by copyright, and (5) seeking to enforce the copyrights in the System V Works in ways in which they are unenforceable.

For the all foregoing reasons, and as more fully set forth in the accompanying memorandum, this Court should enter summary judgment in favor of IBM on IBM's claim for declaratory judgment of non-infringement (IBM's Tenth Counterclaim).

DATED this 25th day of September, 2006.

>SNELL & WILMER L.L.P.
>
> /s/ Amy F. Sorenson
>Alan L. Sullivan
>Todd M. Shaughnessy
>Amy F. Sorenson
>
>CRAVATH, SWAINE & MOORE LLP
>Evan R. Chesler
>David R. Marriott
>
>*Attorneys for Defendant/Counterclaim-Plaintiff*
>*International Business Machines Corporation*

4

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of September, 2006, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and delivered by CM/ECF system to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
>
> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

and by U.S. Mail, postage pre-paid to:

> Robert Silver
> Edward Normand
> BOIES, SCHILLER & FLEXNER LLP
> 333 Main Street
> Armonk, New York 10504

              /s/ Amy F. Sorenson

413610