Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP,<br><br>    Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff | **SCO'S MEMORANDUM IN SUPPORT OF SCO's MOTION FOR RELIEF FOR IBM'S SPOLIATION OF EVIDENCE**<br><br>**FILED IN REDACTED FORM [ORIGINALLY FILED UNDER SEAL]**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ..................................................................................................................................4

I.  IBM VIOLATED THE CLEAR LEGAL REQUIREMENT
    TO PRESERVE RELEVANT DOCUMENTS ..................................................................4

II. IBM SHOULD BE PRECLUDED FROM DISPUTING THAT ITS
    CONTRIBUTIONS TO LINUX WERE BASED ON AIX AND DYNIX ........................6

CONCLUSION ...............................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page**

Aramburu v. Boeing Co.,
    112 F.3d 1398 (10th Cir. 1997) ...................................................................................5, 6

Jordan F. Miller Corp. v. Am. Eagle Ins. Co.,
    139 F.3d 912, 1998 WL 68879 (10th Cir. Feb. 20, 1998) ................................................4, 5

Kronisch v. United States,
    150 F.3d 112 (2d Cir. 1998)...................................................................................................4

Mosaid Techs. Inc. v. Samsung Elecs. Co.,
    348 F. Supp. 332 (D.N.J. 2004) .........................................................................................4, 6

Reilly v. Natwest Mkts. Group, Inc.,
    181 F.3d 253 (2d Cir. 1999)...................................................................................................5

Residential Funding Corp. v. DeGeorge Fin. Corp.,
    306 F.3d 99 (2d Cir. 2002).....................................................................................................5

Scott v. IBM Corp.,
    196 F.R.D. 233 (D.N.J. 2000)................................................................................................6

Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,
    982 F.2d 363 (9th Cir. 1992) .................................................................................................7

Workman v. AB Electrolux Corp.,
    No. 03-4195-JAR, 2005 WL 1896246 (D. Kan. Aug. 8, 2005).........................................4, 5

Zolo Techs. v. Roadway Express, Inc.,
    No. Civ. A05CV00494EWNMEH, 2006 WL 898132 (D. Colo. Apr. 4, 2006)..........4, 5, 7

Plaintiff, The SCO Group, Inc. ("SCO"), respectfully submits this memorandum in support of its Motion for Relief for IBM's Spoliation of Evidence.

## PRELIMINARY STATEMENT

This Motion arises out of IBM's deliberate decision, weeks after SCO filed this lawsuit, to intentionally destroy relevant evidence. SCO shows below that the facts thus warrant the Court (1) entering an order precluding IBM from contesting that it relied on AIX and Dynix/ptx source code in making contributions to Linux development, and (2) imposing adverse-inference instruction against IBM, consistent with the common-sense and well-established principle that a party who has notice that evidence is relevant to litigation and who proceeds to destroy it is more likely to have been threatened by that evidence than a party in the same position who does not destroy the evidence.

## BACKGROUND

After multiple discussions between the parties over several months in which they addressed the serious issues SCO had raised with respect to IBM's conduct, including a warning by SCO that IBM should review the terms of its AIX Software Agreement in the context of IBM's announced plans to donate the entirety of AIX to the open-source community, SCO filed its Complaint on March 6, 2003. (Ex. A.) Among the allegations in the Complaint were the following:

- IBM is precluded by its agreements with SCO from disclosing its UNIX-derivative AIX source code to the Linux development community, because it contains SCO's UNIX source code. (Id. ¶¶ 91-94.)
- IBM had recently and publicly released parts of AIX for contributions into Linux, in breach of its agreements with SCO. (Id. ¶¶ 95.)

- IBM had recently and expressly promised to exploit its expertise in AIX to bring Linux up to par with UNIX and then to obliterate UNIX. (Id. ¶ 98.)

- A large number of the IBM employees devoted to Linux development have, or have had, access to the UNIX source code. (Id. ¶ 100.)

- IBM's Linux Technology Center ("LTC") was launched in 2001 with the advertised intent and foreseeable purpose of transferring and otherwise disposing of all or part of UNIX, including its concepts, ideas, and know-how, into an open-source Linux environment. (Id. ¶ 102(a).)

These and other allegations thus made clear that the conduct of IBM's LTC in making contributions or disclosures to Linux development was at the heart of the lawsuit. It is SCO's position that, in makings such contributions, the LTC programmers have relied on expertise and technology from two UNIX-derived operating systems, AIX and Dynix/ptx, developed with the UNIX System V source code, methods, and concepts that IBM licensed from SCO's predecessor-in-interest AT&T.

## REDACTED

Among the pending causes of action that SCO brought based on such allegations were its claims that IBM had engaged in unfair competition, based in part on IBM's "Violation of confidentiality provisions running to the benefit of plaintiff" (id. ¶ 118(b)); and breach of contract, based on IBM's contributions to Linux development of source code, methods, and concepts that IBM had promised to keep confidential, but instead had subjected to "unrestricted disclosure," "unauthorized transfer and disposition," and "unauthorized use" (id. ¶¶ 129-36).

Discovery in this case has revealed that

**REDACTED**

IBM destroyed this evidence, moreover, after repeatedly and publicly boasting that the Unix-derived expertise and ideas it open-sourced were the critical difference in making Linux usable by enterprises. For example,

**REDACTED**

In another example, Dan Frye, the Director of the LTC, confirmed in an interview with the

3

Consulting Times that the LTC "wanted skills from across IBM, and we have people from AIX, and OS2 . . . and PTX, and Research and so on." Consulting Times, Inside IBM – Dan Frye and the Linux Technology Center (undated) (Ex. J). Frye also discussed the porting of IBM's proprietary technology to Linux, stating "[IBM] just add[s] arms and legs and skills to make [projects within Linux] go faster." (Id.)

## ARGUMENT

### I. IBM VIOLATED THE CLEAR LEGAL REQUIREMENT TO PRESERVE RELEVANT DOCUMENTS

"A litigant has a duty to preserve evidence that he knows or should know is relevant to imminent or ongoing litigation." Jordan F. Miller Corp. v. Am. Eagle Ins. Co., 139 F.3d 912, 1998 WL 68879, at **5 (10th Cir. Feb. 20, 1998) (Ex.1); accord Zolo Techs. v. Roadway Express, Inc., No. Civ. A05CV00494EWNMEH, 2006 WL 898132, at *2 (D. Colo. Apr. 4, 2006) (Ex. 2); Workman v. AB Electrolux Corp., No. 03-4195-JAR, 2005 WL 1896246, at *5 (D. Kan. Aug. 8, 2005) (Ex. 3). The preservation cannot be "'selective.'" Workman, 2005 WL 1896246, at *5.

The obligation to preserve evidence may arise with respect to potential litigation, Workman, 2005 WL 1896246, at *6, and indisputably arises upon notice of litigation, Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998). "When the duty to preserve is triggered, it cannot be a defense to a spoliation claim that the party inadvertently failed to place a 'litigation hold' or 'off switch' on its document retention policy to stop the destruction of evidence." Mosaid Techs. Inc. v. Samsung Elecs. Co., 348 F. Supp. 332, 339 (D.N.J. 2004). Here, the issue is not the failure of IBM to take steps to preserve documentation that is then lost as the result of a normal document retention program, but the willful destruction, under an order from company executives, of potentially probative evidence in the immediate aftermath of the filing of the suit.

4

The Court has the "inherent power" to impose sanctions to redress the spoliation of evidence. Miller, 1998 WL 68879, at **3; accord Zolo, 2006 WL 898132, at *2. The Tenth Circuit has stated "as a general rule, that the 'bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction.'" Miller, 1998 WL 68879, at **4 (quoting Aramburu v. Boeing Co., 112 F.3d 1398, 1407 (10th Cir. 1997)).[1] "Courts have not generally imposed a similar requirement of bad faith when considering other sanctions for the spoliation of evidence, however." Miller, 1998 WL 68879, at **4; accord Zolo, 2006 WL 898132, at *3; Workman, 2005 WL 1896246, at *7.

"When deciding whether to sanction a party for the spoliation of evidence, courts have considered a variety of factors, two of which generally carry the most weight: (1) the degree of culpability of the party who lost or destroyed the evidence, and (2) the degree of actual prejudice to the other party." Miller, 1998 WL 68879, at **4; accord Workman, 2005 WL 1896246, at *5. As noted, this is not a case of IBM failing to take care to prevent the accidental destruction of probative evidence, but rather the deliberate destruction of probative information soon after the filing of the action. These facts establish the highest degree of culpability on IBM's part. The prejudice to SCO is great, as the evidence goes to one of the central issues in the litigation -- the extent to which IBM has misused proprietary information in making its Linux contributions.

**REDACTED**

---

[1] Other circuits have not required bad faith or intentional destruction of the material in imposing an adverse inference instruction. "A finding of bad faith or intentional misconduct is not a sine qua non to sanctioning a spoliator with an adverse inference instruction." Reilly v. Natwest Mkts. Group, Inc., 181 F.3d 253, 268 (2d Cir. 1999). "It makes little difference to the party victimized by the destruction of evidence whether that act was done willfully or negligently. The adverse inference provides the necessary mechanism for restoring the evidentiary balance. The inference is adverse to the destroyer not because of any finding of moral culpability, but because the risk that the evidence would have been detrimental rather than favorable should fall on the party responsible for its loss." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 108 (2d Cir. 2002).

5

**REDACTED**

II. **IBM SHOULD BE PRECLUDED FROM DISPUTING THAT ITS CONTRIBUTIONS TO LINUX WERE BASED ON AIX AND DYNIX**

The Court should preclude IBM from disputing at trial or otherwise that IBM relied on AIX and Dynix/ptx source code in making contributions to Linux development. The Court should also instruct the jury to draw an adverse inference against IBM. The allegations and causes of action in SCO's Complaint put the conduct of IBM's LTC in making contributions to Linux development directly at issue, such that IBM knew or reasonably should have known that in discovery SCO would ask IBM to produce the material within the LTC programmers' control with respect to the contributions they had made to Linux development. IBM "had an affirmative obligation to preserve potentially relevant evidence," Mosaid, 348 F. Supp. at 336, and instead intentionally destroyed certain of that evidence. Cf. Scott v. IBM Corp., 196 F.R.D. 233, 247 (D.N.J. 2000) (drawing a spoliation inference against IBM for its failure to preserve possibly important documents).

This is not a situation in which IBM was unaware of the litigation, unintentionally destroyed the evidence, or simply lost it. Cf. Aramburu, 112 F.3d at 1407; IBM, 196 F.R.D. at 247 (drawing a spoliation inference against IBM but declining to impose a greater sanction given the absence of direct evidence that IBM knowingly destroyed the documents). The record further establishes, moreover, that IBM's destruction of the evidence has prejudiced SCO. This

**REDACTED**

Cf. Zolo, 2006 WL 898132, at *3. The Court will never know how much additional probative evidence existed but has been destroyed showing that developers were relying on AIX and Dynix/ptx source code in making their contributions to Linux development.

The appropriate remedy in that additional respect is to preclude IBM from presenting testimony that its programmers did not rely on such code in making those contributions. See Workman, 2005 WL 1896246, at *7; see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368-69 (9th Cir. 1992) (excluding plaintiff's proposed expert testimony regarding material that the defendant and its expert were not given an opportunity review, as a result of plaintiff's spoliation of that evidence).

## CONCLUSION

SCO respectfully requests, for the foregoing reasons, that the Court employ an adverse inference against IBM and preclude IBM from contesting, including in its expert reports, that it relied on AIX and Dynix/ptx source code in making contributions to Linux development.

DATED this 25th day of September 2006.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
Robert Silver (admitted pro hac vice)
Stephen N. Zack (admitted pro hac vice)
Stuart H. Singer (admitted pro hac vice)
Edward Normand (admitted pro hac vice)

*Attorneys for The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

Plaintiff, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing Redacted SCO's Memorandum in Support of SCO's Motion for Relief for IBM's Spoliation of Evidence was served on Defendant International Business Machines Corporation on the 27th day of September, 2006, by CM/ECF to the following:

>David Marriott, Esq.
>Cravath, Swaine & Moore LLP
>Worldwide Plaza
>825 Eighth Avenue
>New York, New York 10019
>
>Donald J. Rosenberg, Esq.
>1133 Westchester Avenue
>White Plains, New York 10604
>
>Todd Shaughnessy, Esq.
>Snell & Wilmer LLP
>1200 Gateway Tower West
>15 West South Temple
>Salt Lake City, Utah 84101-1004

/s/ Brent O. Hatch