# EXHIBIT R

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Sean Eskovitz (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower, Ste. 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| THE SCO GROUP, | ) | Case No. 2:03CV0294DAK |
|---|---|---|
| Plaintiff, | ) ) ) | Hon. Dale A. Kimball |
| | ) | Magistrate Judge Brooke C. Wells |
| v. | ) ) | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | **DECLARATION OF STEVEN SABBATH** |
| Defendant. | ) ) | |

I, STEVEN SABBATH, declare as follows:

1. I submit this Declaration in connection with the lawsuits entitled *The SCO Group v. IBM* and *The SCO Group v. Novell, Inc.*

2. From in or about January 1991 until in or about November 2003, I was employed by The Santa Cruz Operation, Inc. ("Santa Cruz"), which was subsequently renamed Tarantella, Inc. In 1995 and 1996, my position at Santa Cruz was Vice President of Law and Corporate Affairs.

3. In that capacity, I participated with others in numerous meetings and discussions leading up to the 1995 Asset Purchase Agreement (the "APA") whereby Novell sold its UNIX business to Santa Cruz. Those individuals included Jim Wilt, Geoff Seabrook, and Doug Michaels, who represented Santa Cruz in the negotiations; Ed Chatlos, the principal negotiator for Novell; and in-house and outside counsel for Novell.

4. Based on my involvement with the APA, I understand that the parties' intent and purpose in executing the APA was to transfer to Santa Cruz Novell's entire UNIX-related business, including all rights to UNIX and UnixWare and the UNIX copyrights; that the parties agreed to permit Novell to retain an interest in future System V binary royalties to enable SCO to afford the asset purchase; and that the parties never intended to give Novell any right with respect to any of Santa Cruz's future source code interests in UNIX and UnixWare, including under the SVRX licenses.

5. I understand that IBM has argued that Section 4.16(b) of the APA gave Novell the right to require Santa Cruz to waive any breach of the intellectual property protections provided in the SVRX licenses. That argument is contrary to the intent of Paragraph 4.16(b) as I understood it. Indeed, Santa Cruz would never have agreed to

give Novell the right under the APA to waive such protections under the SVRX licenses because such a right could have eviscerated the entire purpose of the APA and the value of the assets transferred to Santa Cruz under the APA.

6. In October 1996, Novell and Santa Cruz executed Amendment No. 2 to the APA. I was involved the discussions leading up to Amendment No. 2, and I signed Amendment No. 2 on behalf of Santa Cruz. Amendment No. 2 arose as a result of a dispute between Novell and SCO concerning Novell's attempt to execute, on Santa Cruz's behalf, a royalty buy-out with IBM. That dispute was ultimately resolved through an amendment to IBM's SVRX license that was jointly executed by Santa Cruz, Novell, and IBM. Amendment No. 2, however, was intended to confirm, among other things, the parties' intent that SCO would obtain ownership of the UNIX copyrights under the APA and that Novell had received no rights with respect to UNIX source code under the APA. Paragraph B.5 of Amendment No. 2 was specifically intended to make clear that Novell had no right to increase any SVRX licensee's rights to SVRX source code, no right to grant any new SVRX source code licenses, and no right to prevent Santa Cruz from exercising the rights it obtained under the APA with respect to SVRX source code.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed: 19 Nov 2004
Santa Cruz County, California

_____
Steven Sabbath