# EXHIBIT 1

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1234138 (S.D.Ohio)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. Ohio, Eastern Division.
Bryan E. MCDONNELL, Plaintiff,
v.
CARDIOTHORACIC & VASCULAR SURGICAL ASSOCIATES, INC., et al., Defendants.
No. C2-03-0079.

May 27, 2004.

Thomas J. Collin, Thompson Hine LLP, Christopher R. Johnson, Thompson Hine & Flory, Cleveland, OH, Jane Ellen Garfinkel, Thompson Hine & Flory LLP, Cincinnati, Paul Giorgianni, Thompson Hine LLP, Columbus, OH, for Plaintiff and Counter Defendant.
Carl A. Aveni, II, David K. Orensten, Joseph Francis Elliott, Porter Wright Morris & Arthur, Columbus, OH, for Defendants.
Marion H. Little, Zeiger Tigges Little & Lindsmith LLP, Columbus, OH, for Defendants and Counter Claimant.

*OPINION AND ORDER*
FROST, J.
*1 This matter is before the Court on Defendant Genesis Health Care's Motion to Strike Plaintiff's Motion for Partial Summary Judgment (Doc. # 110); Defendants' Cardiothoracic & Vascular Surgical Associates ("CVSA") and Cardiothoracic and Vascular Surgical Specialists ("CVSS") Motion to Strike Plaintiff's Motion for Partial Summary Judgment (Doc. # 114); Plaintiff Bryan E. McDonnell's ("McDonnell") Memorandum In Opposition to Defendants' Motion to Strike (Docs. # 113 and 115); and the Defendant Genesis' Reply Memorandum In Support of Motion to Strike (Doc. # 116). The defendants' motions to strike the plaintiff's motion for partial summary judgment (docs. # 110 and 114) are not well-taken and the Court DENIES the same.

Plaintiff moves the Court for partial summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure finding that the Physicians Recruitment Agreement, a subject of the Amended Complaint, did not satisfy the safe harbor provision of either the Anti-Kickback Statute, 42 U.S.C. § 3020(a)-7(b)(b), or the Stark Law, 42 U.S.C. § 1395nn(a). Defendants oppose the plaintiff's motion, arguing that, as a matter of procedure, the Court may not entertain summary judgment motions seeking adjudication of "issues" rather than "claims." Defendants' position however, is contrary to recent case law interpreting Fed.R.Civ.P. 56(a).

Numerous courts have, under certain circumstances, entertained and decided motions for partial summary judgment which address particular issues rather than claims. *See* Cook v. Rockwell Intern. Corp., 181 F.R.D. 473, 486 (D.Colo.1998) (quoting 11 James Wm. Moore, *Moore's Federal Practice* ¶ 56.40[2] at 56-279 (3d ed.1998) (footnote omitted)) (A partial summary judgment ruling may dispose of only a single issue relevant to a claim.... In availing itself of the ability granted by Rule 56 to issue orders which resolve significant questions, a court can focus the litigation on the true matters in controversy. *Id.* at 56-280 to 56-281.); Rotorex Co., Inc. v. Kingsbury Corp., 42 F.Supp.2d 563, 570 -571 (D.Md.1999) (Rule 56(a) permits a party seeking to recover upon a claim to move for summary judgment "in the party's favor upon all *or any part thereof.*" ) (Emphasis added); In re Ciprofloxacin Hydrochloride Antitrust Litigation, 261 F.Supp.2d 188 (2003) ("In fact, Federal Rule of Civil Procedure 56 authorizes partial summary judgment that falls short of a final determination to limit the issues to be determined at trial.") *See also* In re Cardizem CD Antitrust Litigation, 105 F.Supp.2d 682, 691 -692 (E.D.Mich.2000) (citing Fed.R.Civ.P. 56(d)) ("Defendant Andrx argues that Plaintiffs' motions for partial summary judgment are improper because resolution of the issue presented will not streamline the litigation process, materially shorten discovery or trial, or conserve judicial resources. This Court disagrees").[FN1]

> FN1. Defendants cite the decision *Teletech Teleservices, Inc. v. CompuServe Incorporated,* Case No. C-2-96-1252 (S.D. Ohio June 17, 1997) for the proposition that Rule 56 does not permit parties to pursue summary adjudication of issues as opposed to summary adjudication of claims. This Court finds the conclusion of other district courts, addressing the summary adjudication

of issues in certain circumstances, to be the better approach. *See Wuliger v. Christie,* 2004 WL 626644 (N.D.Ohio March 30, 2004) (Under Rule 56, the claimant may move for summary judgment regarding "all or any part thereof" of a claim or counterclaim. When construing a motion for partial summary judgment, the court employs the normal summary judgment standard. The effect of a partial summary judgment ruling is to narrow the issues for further disposition).

A motion for partial summary judgment is recognized as a useful pretrial tool; the Advisory Committee Notes to the 1946 amendment to Rule 56 state: "The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This type of adjudication ... serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact." *See Rotorex,* 42 F.Supp.2d at 570; *Dooley v. Liberty Mut. Ins. Co.,* 307 F.Supp.2d 234, 240 (D.Mass.2004) (quoting Fed.R.Civ.P. 56(d) Advisory Committee's Note (1946) ("[A] partial summary 'judgment' is not a final judgment, and, therefore, is not [generally] appealable. The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case").

*2 In fact, district courts in the very circuits that the defendants cite as being within the "majority rule" (summary judgement motions proper as to entire claims only), have recently entertained motions for partial summary judgment on issues, in order to narrow claims for further disposition. *See Nutrition Management v. Harborside Healthcare Corp.,* 2004 WL 764809, *3 (E.D.Pa. March 19, 2004) (entertaining a motion for partial summary judgment: "Plaintiff does not seek summary judgment with respect to any single claim. Rather, Plaintiff seeks summary judgment only with respect to the fact that Plaintiff did not contractually guarantee to be financially responsible for Defendants' costs exceeding a specified rate). *See also Rhythm & Hues, Inc. v. Terminal Marketing Co., Inc.,* 2004 WL 941908, *8 (S.D.N.Y. May 4, 2004) (Fed.R.Civ.P. 56(a) states that a party may move for summary judgment upon "any part" of a claim or counterclaim. As one treatise notes: "[I]t is now well-established that a court may 'grant' partial summary 'judgment' that establishes the existence or nonexistence of certain facts, even though no actual judgment is entered on a claim." 11 James Wm. Moore, *Moore's Federal Practice* § 56.40[1], at 56-279 (3d ed.2003) (footnote omitted).

Defendants argue that a proper reading of Rule 56 in its completion, proves that partial summary judgment is only warranted in two circumstances; on the issue of liability and when used to establish certain facts *after* a full-blown motion for summary judgment on an entire claim has been denied. The defendants' argument, however, unnecessarily restricts the Court's ability to further the goal of Rule 56; expediting litigation. *In re Ciprofloxacin Hydrochloride Antitrust Litigation,* 261 F.Supp.2d 188, 231 (E.D.N.Y.2003) (citing Advisory Committee's Note and finding that Federal Rule of Civil Procedure 56 authorizes partial summary judgment that falls short of a final determination to limit the issues to be determined at trial). *But see Felix v. Sun Microsystems, Inc.,* 2004 WL 911303, *7 (D.Md. April 12, 2004) (finding that a party is simply not entitled to summary judgment if the judgment would not be dispositive of an entire claim. Moreover, a party may not attempt to use Rule 56(d) to evade the restriction in Rule 56(a) because Rule 56(d) does not authorize independent motions to establish establish certain facts as true).[FN2] *Rhythm & Hues, Inc.,* sets forth the following analysis for considerations of motions for summary judgment on issues which are parts of:

> FN2. Although the Sixth Circuit has yet to address the appropriateness of motions for partial summary judgment on issues rather than claims, the appellate court recently reviewed a district court's decision granting a motion for partial summary judgment. *In re Cardizem CD Antitrust Litigation,* 332 F.3d 896 (2003), *petition for cert. pending,* No. 03-779 (U.S. Nov. 24, 2003) provided the opportunity for the appellate court to review a Michigan District Court's grant of partial summary judgment on whether or not an agreement was per se illegal under the Section 1 of the Sherman Act. The court reviewed the district court's decision without expressing concern with the appropriateness of the district court's partial ruling, implicitly upholding the appropriateness of partial motions for summary judgment in certain instances.

Indeed, Fed.R.Civ.P. 56(d) specifically contemplates that a court in adjudicating a motion for summary judgment "shall ... make an order specifying the facts

Not Reported in F.Supp.2d                                                                                     Page 3
Not Reported in F.Supp.2d, 2004 WL 1234138 (S.D.Ohio)
**(Cite as: Not Reported in F.Supp.2d)**

that appear without substantial controversy" and that such facts "shall be deemed established" for purposes of a trial. R & H contends that this procedure applies only where a party has made a motion for summary judgment that is unsuccessful in disposing of a particular claim in full. As a matter of logic, however, if a court has the power under Fed.R.Civ.P. 56(d) to make a ruling regarding the establishment of facts for trial as an ancillary result of a motion for summary judgment, a court surely has the power to do so in situations where a party recognizes that a motion for summary judgment as to a particular claim is not possible. Put in terms of the language of the rule, the Court concludes that a "part" of a claim or counterclaim under Fed.R.Civ.P. 56(a) for which a motion for partial summary judgment is explicitly permitted must necessarily include the adjudication of facts contemplated by Fed.R.Civ.P. 56(d).
*3 *Rhythm & Hues, Inc.*, 2004 WL 941908, *8 (S.D.N.Y. May 4, 2004). This Court finds such analysis instructive.

Rule 56(a) provides a party may seek summary judgment upon "all or part" of a claim. Fed.R.Civ.P. 56(a). Additionally, Rule 56(d) states a court may "make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." Fed.R.Civ.P. Rule 56(d). When these sections are considered in tandem, along with Rule 56's goal of streamlining litigation, it is apparent that Rule 56 allows the Court to resolve significant questions of law pretrial so that a court can focus the litigation on the true matters in controversy. *See Cook v. Rockwell Intern. Corp.*, 181 F.R.D. 473, 486 (D.Colo.1998).

In the case *sub judice,* adjudication of whether the Physician Recruitment Agreement is per se illegal under the Anti-Kickback Statute and the Stark Law will aid in narrowing the triable issues before this Court. The legality of the Physician Recruitment Agreement is central to both the claims and the defenses in this case. Indeed, the resolution of many other disputed issues hinges on the Court's preliminary determination of the legality of this agreement. For example, the plaintiff claims that the defendants fraudulently induced him to accept employment in Zanesville, Ohio with CVSA by failing to disclose, among other things, the necessity of signing the Physician Recruitment Agreement, which the plaintiff refused to sign because of its illegality. Genesis asserts that the agreement was legal, and that requiring the plaintiff to sign the Physician Recruitment Agreement was Genesis' effort to comply with the "regulatory web of the Stark regulations and the federal Anti-Kickback statute." (Defs.' Mot. Summ. J., Doc. # 110 at 18).

A pretrial determination of whether the Physician Recruitment Agreement was proper, as a matter of law, will allow the Court to focus on the true matter of controversy in this claim: whether Genesis acted in "good faith," or whether Genesis acted fraudulently, in requiring that the plaintiff sign the Physician Recruitment Agreement. Rule 56 allows the Court to issue such orders. *See Rotorex,* at 571, citing *Capitol Records, Inc. v. Progress Record Distrib., Inc.*, 106 F.R.D. 25, 29 (N.D.Ill.1985) ("[E]ven though Rotorex is not here seeking judicial resolution of its entire claim, the Court's determination as a matter of law concerning the documents which set forth the terms of the contract between the parties will serve the desirable goal of Rule 56 of expediting this litigation").

The legality of the Physician Recruitment Agreement is central to both the plaintiff's claims and the defendants' defenses. There is persuasive authority, discussed *infra,* that Rule 56 of the Federal Rules of Civil Procedure permits such issues to be raised in a motion for partial summary judgment. Accordingly, the Court shall consider the plaintiff's motion for partial summary judgment.

*4 Defendants' motions to strike the plaintiff's motion for partial summary judgement are therefore DENIED. A revised briefing schedule on the plaintiff's motion for partial summary judgment is as follows:
1. Defendants Genesis and CVSA/CVSS shall file a memorandum in opposition, if any, on or before Friday, June 18, 2004.
2. Plaintiff's reply memorandum, if any, shall be filed on or before Friday July 2, 2004.
3. A non-oral hearing on all pending motions (docs. # 101; 105; 109) is Re-scheduled for Friday July 9, 2004 at 8:00 a.m.

IT IS SO ORDERED.

S.D.Ohio,2004.
McDonnell v. Cardiothoracic & Vascular Surgical Associates, Inc.
Not Reported in F.Supp.2d, 2004 WL 1234138

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:03-cv-00294-DN   Document 821-2   Filed 09/27/06   PageID.10922   Page 5 of 5

Not Reported in F.Supp.2d                                                                                                       Page 4
Not Reported in F.Supp.2d, 2004 WL 1234138 (S.D.Ohio)
**(Cite as: Not Reported in F.Supp.2d)**

(S.D.Ohio)

Briefs and Other Related Documents (Back to top)

• 2:03CV00079 (Docket) (Jan. 27, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.