# EXHIBIT 4

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 813952 (D.N.H.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
  United States District Court, D. New Hampshire.
MCLANE, GRAF, RAULERSON & MIDDLETON, P.A.
v.
Alfred A. RECHBERGER and ARC Partners, Ltd.
**No. CIV. 97-398-JD.**

April 29, 1999.

## ORDER

DICLERICO, JR.

*1 This litigation arises from a fee dispute for legal work done by several attorneys for Alfred Rechberger and his company ARC Partners, Ltd. The plaintiff law firm, McLane, Graf, Raulerson & Middleton, P.A. ("McLane"), moves for partial summary judgment (document no. 65) as to part of the fees and expenses it claims from defendants, Alfred A. Rechberger and ARC Partners, Ltd. (referred to collectively as "Rechberger"). Third-party defendant Jon L. Meyer has filed motions both for judgment on the pleadings (document no. 57) and for summary judgment (document no. 64) in his favor on the only remaining claim against him. The pending motions, which are opposed by Rechberger, are resolved as follows.

*Background* [FN1]

> FN1. The background is summarized from the parties' pleadings, motions, and memoranda and is provided only as general background information.

Alfred Rechberger first contacted attorney Edward Hahn in March of 1995 concerning a suit in state court filed by Rechberger's daughter, Marion Jacobi, charging him with sexual abuse. *See Jacobi v. Rechberger, et al.,* No. 94-C-482 (Merrimack County Superior Court, filed 1994). Hahn allegedly advised Rechberger that his daughter's suit was a "$50,000 case" and that litigation costs for his defense would be "around $200,000." In June of 1995, Hahn joined the law firm of Backus, Meyer, and Solomon, and Jon Meyer of that firm worked on the *Jacobi* case with Hahn. Ms. Jacobi's attorney made a settlement demand in December of 1995 that Hahn rejected. Soon after, Rechberger's motion to dismiss on statute of limitations grounds was denied. The Backus firm billed Rechberger during this time, and he paid the bills.

Rechberger also used Hahn to handle legal matters pertaining to his business, ARC Partners Ltd. In January of 1996, Hahn filed suit on behalf of Rechberger and ARC to recover losses arising from a failed stock purchase agreement. *See Rechberger, et al. v. BioSan Laboratory, et al.,* No. 96-44-JD (D.N.H. filed 1996).

In March of 1996, Hahn joined the McLane firm, bringing his client Rechberger with him. Attorney Wilbur Glahn of the McLane firm filed appearances in both the *Jacobi* and *BioSan* cases, and Hahn continued to work on both cases. In addition, an associate at the McLane firm, Mark Whitney, worked on the cases. Rechberger did not have a written fee agreement with the McLane firm. He was billed regularly for the work done by the firm and expenses, and he paid the bills in a timely manner without dispute.

Rechberger alleges that in January of 1997, Glahn informed him that his liability in the *Jacobi* case could be between four and ten million dollars. Rechberger immediately instructed Glahn to settle the case. The case was settled in February of 1997 for 1.35 million dollars. Rechberger then stopped paying his bills. In response to his request, the McLane firm sent Rechberger detailed billing statements for the firm's work and expenses on the *Jacobi* case.

*2 When Rechberger failed to pay the outstanding fees and expenses, the McLane firm filed suit against Rechberger and ARC Partners in state court by a writ dated July 11, 1997. The writ alleged claims in three counts of assumpsit, quantum meruit, and bad faith based on the defendants' failure to pay for legal services received from the firm. Rechberger removed the action to this court and filed counterclaims against the McLane firm and third-party claims against Edward Hahn and Jon Meyer. Meyer filed a counterclaim against Rechberger for the amount of unpaid legal fees for his work. Summary judgment was granted in favor of the McLane firm, Jon Meyer, and Edward Hahn on Rechberger's claims of legal

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                              Page 2
Not Reported in F.Supp.2d, 1999 WL 813952 (D.N.H.)
**(Cite as: Not Reported in F.Supp.2d)**

malpractice and infliction of emotional distress leaving only the third count which alleges breach of an implied covenant to charge reasonable fees against the McLane firm as a counterclaim, and against Jon Meyer and Edward Hahn, as third-party defendants.

*Discussion*

Third-party defendant Jon Meyer filed a motion for judgment on the pleadings, and then, in response to Rechberger's expert witness's report, filed a motion for summary judgment. Meyer's motions for judgment on the pleadings and summary judgment both address Rechberger's only remaining claim against him, breach of an implied covenant to charge reasonable fees. In his motion for judgment on the pleadings, Meyer contends that Rechberger's allegations are insufficient as a matter of law to support a claim that his fees were unreasonable. For purposes of summary judgment, Meyer relies on Rechberger's expert witness's opinion that Meyer's bills were reasonable to show undisputed facts in his favor. As Meyer's motion for summary judgment is dispositive of the claim, it is not necessary to also consider Meyer's motion for judgment on the pleadings.

The McLane firm filed a motion for partial summary judgment on its claim and Rechberger's counterclaim to the extent the claims are based on legal fees and expenses that McLane contends are not disputed. Rechberger opposes the motions and also seeks leave to amend his complaint.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The record is taken in the light most favorable to the nonmoving party. *Perkins v. Brigham & Women's Hosp.,* 78 F.3d 747, 748 (1st Cir.1996). "An issue is only 'genuine' if there is sufficient evidence to permit a reasonable jury to resolve the point in the nonmoving party's favor, while a fact is only 'material' if it has the potential to affect the outcome of the suit under the applicable law." *Bourque v. F.D.I.C.,* 42 F.3d 704, 707-08 (1st Cir.1994) (quotations omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A. *Meyer's Motion for Summary Judgment*

*3 Rechberger's expert witness, attorney Finis Williams, reviewed the billing records of Backus, Meyer, and Solomon, and gave his opinion in his report that the Backus firm's billing was excessive by one quarter to one-third of the amount billed, but he also concluded that "Attorney Meyer's bills are considered to be reasonable." Rechberger offers no evidence to dispute Williams's conclusion that Meyer's bills were reasonable, and instead seems to accept that fact as undisputed. Instead, Rechberger argues in opposition to summary judgment that Meyer is vicariously liable for the allegedly excessive and unreasonable billing by Edward Hahn while he worked for the Backus firm.

The Backus firm is not a party to the present litigation. Rechberger's third-party complaint does not allege a claim of vicarious liability against Meyer. Nevertheless, Rechberger argues that Meyer should have been on notice of a vicarious liability claim against him because he was the primary trial attorney in the *Jacobi* case and Hahn billed excessively while under Meyer's supervision. Even if Rechberger's theory were included in his complaint, which it is not, there are no facts pled to support a vicarious liability theory, and Rechberger has presented no legal basis for imposing vicarious liability on Meyer for Hahn's allegedly excessive billing.

"Under the doctrine of respondeat superior, an employer may be held vicariously responsible for the tortious acts of an employee committed incidental to or during the scope of employment." *Trahan-Laroche v. Lockheed Sanders, Inc.,* 139 N.H. 483, 485, 657 A.2d 417 (1995). An employer may also be directly liable for negligent supervision of an employee. *See Cutter v. Farmington,* 126 N.H. 836, 840, 498 A.2d 316 (1985). There appears to be no dispute that Edward Hahn and Jon Meyer were both employed by the Backus firm. Rechberger provides no facts or argument that Meyer, rather than the firm, was Hahn's employer.

While derivative or vicarious liability might also be based on another agency relationship, Rechberger presents no facts or legal argument to support a theory that any agency relationship existed between Meyer and Hahn to make Meyer legally responsible for excessive billing. *Cf. Carrier v. McLlarky,* 141

N.H. 738, 739, 693 A.2d 76 (1997) ("An agency relationship is created when a principal gives authority to another to act on his or her behalf."). Rechberger was Hahn's client before Hahn joined the Backus firm and continued to be Hahn's client after he moved to the McLane firm. Although Meyer was the primary trial attorney for the *Jacobi* litigation while Hahn was with the Backus firm, the circumstances, gleaned from the pleadings and the record presented for summary judgment, suggest that Hahn retained the primary relationship with Rechberger. Rechberger has alleged no facts that even suggest that Meyer had any supervisory obligation to review Hahn's bills or that Meyer knew or should have known what Hahn billed. In fact, Williams points out in his expert report that Meyer was billing ten dollars less per hour than Hahn during the *Jacobi* litigation, which also indicates that Hahn, not Meyer, had the primary relationship with Rechberger.

*4 Based on the record presented for summary judgment, it is undisputed that Meyer's bills to Rechberger were reasonable. Rechberger did not plead a claim of vicarious liability against Meyer. Accordingly, Meyer is entitled to judgment in his favor on the single remaining claim against him, Count III of Rechberger's third-party complaint, alleging breach of an implied covenant not to charge unreasonable fees.

B. *Leave to Amend the Third-Party Complaint*

In his objection to Meyer's motion for summary judgment (document no. 69), Rechberger asks to be allowed to amend his complaint if it is determined that he did not plead a claim of vicarious liability against Meyer. Meyer objects on grounds that the proposed amendments include vicarious or derivative liability theories which are new to the case, lack supporting expert opinion, and are untimely and unduly prejudicial.

After the opposing party has answered the plaintiff's complaint, leave to amend is to be "freely given when justice so requires." Fed.R.Civ.P. 15(a). Despite the liberal amendment policy, the court will not exercise its discretion to permit amendment if a defendant demonstrates that there was undue delay in filing or that undue prejudice would result if the amendment were allowed. *Acosta-Mestre v. Hilton Int'l*, 156 F.3d 49, 51 (1st Cir.1998) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Undue prejudice is likely if an amendment is proposed after the close of discovery or after motions for summary judgment have been filed. See *Grant v. News Group Boston, Inc.*, 55 F.3d 1, 5-6 (1st Cir.1995); *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir.1994).

This case is scheduled for trial during the trial period to begin on June 15, 1999, less than two months away. Discovery will close in less than three weeks time, on May 15, 1999; the deadlines for disclosure of expert witnesses has passed; and dispositive motions are pending. Rechberger has been on notice since Meyer's motion for judgment on the pleadings filed last September that Meyer disputed his theory of liability as pled in his third-party complaint. Rechberger offers no explanation at all for his delay in seeking leave to amend at the eleventh hour. Under these circumstances, Meyer has demonstrated both undue delay and prejudice that is sufficient to convince the court that amendment of the third-party complaint would not serve the interests of justice at this time. In addition, as Rechberger's claims proposed in the amended third-party complaint are largely conclusory, the proposed amendments would likely be futile. See *Judge v. Lowell*, 160 F.3d 67, 80 (1st Cir.1998); *Maldonado v. Dominguez*, 137 F.3d 1, 11 (1st Cir.1998).

Accordingly, leave to amend the third-party complaint is denied.

C. *McLane's Motion for Summary Judgment*

*5 McLane brings three claims against Rechberger: Count I (contract) alleging that Rechberger has not paid for fees and expenses incurred in the McLane firm's representation of him primarily in the *Jacobi* case; Count II (quantum meruit) that Rechberger is unjustly enriched by failing to pay for the services he has received; and Count III that Rechberger acted in bad faith in refusing to pay McLane's bills for fees and expenses. Rechberger has one remaining counterclaim against McLane asserting that McLane charged unreasonable fees for the services it provided. McLane contends that it is entitled to partial summary judgment on two of its claims, Counts I and II, and on Rechberger's counterclaim, Count III, in the amount of the legal fees and expenses that are not disputed to be reasonable.

Rechberger argues that partial summary judgment is not available to resolve only part of a claim or counterclaim. Federal Rule of Civil Procedure 56(a), however, provides that "[a] party seeking to recover

Case 2:03-cv-00294-DN   Document 821-5   Filed 09/27/06   PageID.10902   Page 5 of 8

Not Reported in F.Supp.2d                                                                Page 4
Not Reported in F.Supp.2d, 1999 WL 813952 (D.N.H.)
(Cite as: Not Reported in F.Supp.2d)

upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may ... move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." In addition, if a case is not fully adjudicated by a motion for summary judgment, the court "shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." Fed.R.Civ.P. 56(d). In this case, McLane asks for partial summary judgment in its favor as to the amount of fees and expenses that it contends are not disputed and are claimed in Counts I and II of its complaint and against Rechberger on Count III of his third-party complaint and counterclaim. To the extent the record supports judgment in McLane's favor, partial summary judgment is available pursuant to Rule 56(a) and (d). See, e.g., United States v. St. Paul Mercury Ins. Co., 24 F.Supp.2d 218, 220 (D.R.I.1998); Bell Microproducts, Inc. v. Global-Insync, Inc., 20 F.Supp.2d 938, 941 (E.D.Va.1998).

In support of its motion for partial summary judgment, McLane argues that it is undisputed that a contract existed between McLane and Rechberger for legal services and payment of reasonable fees and expenses. McLane points to Rechberger's answer in which Rechberger admitted that attorneys in the McLane firm did legal work for him and did not deny that he agreed to pay reasonable fees for necessary services. McLane also contends that because Rechberger's expert witness, Finis Williams, did not contest the fees charged by McLane attorney Wilbur Glahn and associate Mark Whitney and did not mention the unpaid expenses, those fees and expenses were reasonable.

1. *Rechberger's counterclaim, Count III*

Rechberger's counterclaim charges breach of an implied duty to charge reasonable fees in the *Jacobi* litigation. Both Rechberger's expert witness and McLane's expert witness conclude that Glahn's fees were reasonable.[FN2] Rechberger's expert, Finis Williams, did not evaluate the reasonableness of McLane associate Mark Whitney's bills, but only criticized the billing practices of Edward Hahn. In opposing summary judgment, Rechberger offers no evidence to show that either Glahn or Whitney billed excessively or unreasonably for their work on the *Jacobi* case. Rechberger does not even argue that their bills were excessive or unreasonable. Accordingly, to the extent Rechberger's counterclaim, Count III, is based on fees billed by McLane attorneys Wilbur Glahn and Mark Whitney, summary judgment is granted in favor of McLane.

> FN2. Rechberger's expert actually said that he did "not find Attorney Glahn's bills to be unreasonable...."

2. *McLane's claims against Rechberger, Counts I and II.*

*6 McLane also seeks summary judgment that it is entitled to payment of the amount of undisputed fees and expenses under its breach of contract and quantum meruit claims. Rechberger responds that there was no written fee agreement and that his agreement to hire Edward Hahn to represent him was based on Hahn's initial representation in May of 1995 that the Jacobi matter was a $50,000 case that could be defended for $200,000. Rechberger also contests McLane's quantum meruit claim saying that the "[d]efendants received no benefit from the Plaintiffs other than the opportunity for the Plaintiffs simply to generate a lot of legal fees."

Rechberger does not dispute that an unwritten agreement existed through which he received legal services from the McLane firm and agreed to pay for those services, to the extent the fees were reasonable. An agreement that is not reduced to writing may be based on the parties' oral agreement or on their conduct.[FN3] Goodwin v. Railroad, Inc. v. State, 128 N.H. 595, 604, 517 A.2d 823 (1986). The existence and terms of an unwritten contract are factual questions to be determined based upon the intent of the parties at the time of the agreement as demonstrated by their circumstances and conduct at that time. *Id.*; see also Taylor-Boren v. Isaac, 723 A.2d 577, 580 (N.H.1998).

> FN3. Although the defendants (Rechberger and ARC) raised the statute of frauds as an affirmative defense in their answer, they have not pursued a statute of frauds defense in opposition to McLane's motion for summary judgment. For that reason, the court will not consider, sua sponte, whether the statute of frauds, RSA 506:2, would apply in the circumstances of this case. See, e.g., McIntire v. Woodall, 140 N.H. 228, 231, 666 A.2d 934 (1995) (discussing the scope of New Hampshire's statute of frauds); Ives v. Manchester Suburu, Inc., 126 N.H. 796, 799, 498 A.2d 297 (1985)

Case 2:03-cv-00294-DN   Document 821-5   Filed 09/27/06   PageID.10903   Page 6 of 8

Not Reported in F.Supp.2d							Page 5
Not Reported in F.Supp.2d, 1999 WL 813952 (D.N.H.)
**(Cite as: Not Reported in F.Supp.2d)**

(same).

To the extent Rechberger claims the agreement with McLane was limited to $200,000 in fees based on statements he alleges Hahn made before Hahn joined the McLane firm, the applicable facts contradict his interpretations. When Hahn left the Backus firm and moved to the McLane firm, the Backus firm had already billed Rechberger $167,507.76 for legal services pertaining to the *Jacobi* case. [FN4] Thereafter, Rechberger received monthly statements from the McLane firm and apparently paid bills without protest that amounted to nearly $200,000 more in fees and expenses for representation in the *Jacobi* case.

> FN4. And, it seems that Rechberger had paid the bills in a timely manner except for $5,000 that remains outstanding and is the subject of Jon Meyer's counterclaim against Rechberger.

The circumstances show that he agreed to be represented by the McLane firm, including Attorneys Glahn and Whitney, at the rates that were charged in the bills. Rechberger does not contest in his opposition to summary judgment the amount McLane claims is owed for representation in the *Jacobi* case by Glahn and Whitney. Rechberger also does not contest the expenses that were billed for that representation. The McLane firm's expert witness provides his opinion that the amounts charged by the McLane firm, except a charge pertaining to the fee dispute, were reasonable. In addition, Rechberger does not contest the amounts claimed as fees and expenses due for representation in the *BioSan* case and for general corporate legal services to ARC Partners, Ltd. Based on the record presented for summary judgment, no factual dispute exists as to the existence of an agreement between Rechberger and the McLane firm to provide services for payment of reasonable fees and expenses as reflected in the invoices for services provided by Glahn and Whitney.[FN5]

> FN5. The McLane firm has not argued for purposes of summary judgment that its quantum meruit claim would provide a different result, and for that reason it is not considered.

*7 Accordingly, the McLane firm is entitled to partial summary judgment in its favor on its breach of contract claim Count I (assumpsit) against Rechberger (and ARC Partners, Ltd.) to the extent it is seeking payment of fees owed for services by Glahn and Whitney on the *Jacobi* case, payment of expenses owed for the *Jacobi* case, payment of fees owed for services on the *BioSan* case, and fees and expenses for legal services on general corporate matters.[FN6] The amounts owed as to each of these services and expenses, except the services of Attorneys Glahn and Whitney, are stated in the affidavit of Wilbur Glahn attached to the McLane firm's memorandum in support of its motion for summary judgment, which Rechberger has not disputed.

> FN6. Since summary judgment has been granted in favor of the McLane firm on Rechberger's counterclaim (Count III), there is no basis for Rechberger's argument that he may be entitled to a reduction in the amount owed the McLane firm.

With respect to the services of Glahn and Whitney, the McLane firm asks more broadly that it be awarded fees for all billed services that were not explicitly found to be unreasonable by Rechberger's expert witness, Finis Williams. The McLane firm interprets the Williams report to find that only Edward Hahn's fees were unreasonable. Based on that premise, the McLane firm subtracts its calculation of the fees attributable to Edward Hahn from the total amount of fees due for work on the *Jacobi* case, and asks for that amount. Although Rechberger does not directly dispute the McLane firm's calculation, the Williams report cannot be interpreted as broadly as the McLane firm urges. Instead, what is clearly undisputed for purposes of summary judgment are the fees of Glahn and Whitney which may or may not be the remainder of the fees when Hahn's fees are subtracted.

Accordingly, for purposes of partial summary judgment on Count I of McLane's complaint, the amounts owed by Rechberger and ARC Partners, Ltd. to the McLane firm are as follows:

TABULAR OR GRAPHIC MATERIAL SET AT THIS POINT IS NOT DISPLAYABLE     TABLE
Fees for the work of Glahn and Whitney on the *Jacobi* case to be submitted by joint statement or affidavit.

The parties are directed to use their best efforts to reach an agreement as to the fees owed for the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

services of Attorneys Glahn and Whitney on the *Jacobi* case. Assuming that agreement is reached, the McLane firm shall file a joint statement of the agreed amounts. In the event the parties are unable to agree despite their best efforts to do so, the McLane firm shall submit an affidavit documenting the fees claimed for work by Attorneys Glahn and Whitney on the *Jacobi* case. Rechberger shall have ten days from the date the affidavit is filed to file an appropriate objection to the amounts claimed limited to challenging the documentation offered for the fees. Because the reasonableness of the fees charged by Attorneys Glahn and Whitney for work on the *Jacobi* case has been resolved, no objection will be permitted that raises a question as to the reasonableness of the fees.

D. *Hearing and Attorneys' Fees*

*8 Both third-party defendant Jon Meyer and the McLane firm request a hearing on their motions for summary judgment and both request an award of attorneys' fees pursuant to 28 U.S.C.A. § 1927. A hearing on the motions is not necessary. The question of an award of attorneys' fees requires more consideration.

"Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927. The First Circuit does not require a showing of an attorney's subjective bad faith to meet the section 1927 standard. *Cruz v. Savage,* 896 F.2d 626, 631-32 (1st Cir.1990). Instead, sanctions may be appropriate under section 1927 if an attorney's conduct is "unreasonable and harassing or annoying" judged from an objective standard, whether or not the attorney intends to harass or annoy. *Id.* at 632. To be vexatious under section 1927, however, the attorney's conduct must "be more severe than mere negligence, inadvertence, or incompetence." *Id.* Counsel for Jon Meyer represents in his motion for sanctions that he asked Rechberger to voluntarily dismiss the remaining claim against Meyer, Count III, in light of the fact that Rechberger paid virtually all of Meyer's bills without protest. Counsel for Rechberger refused, and counsel filed a motion for judgment on the pleadings. Rechberger objected to judgment on the pleadings asking that he be allowed to establish his claim that Meyer's fees were unreasonable through expert opinion. When Rechberger disclosed his expert witness's opinion that Meyer's fees were reasonable, Meyer's counsel again contacted Rechberger's counsel to resolve Count III without success. Counsel then filed a motion for summary judgment on Meyer's behalf, and judgment is granted in Meyer's favor on Count III.

Counsel for the McLane firm also communicated with Rechberger's counsel before filing the motion for partial summary judgment attempting to resolve payment of the undisputed fees based in part on the opinion of Rechberger's expert witness. Rechberger's counsel's response was unhelpful, first claiming that he did not understand the letter, and then debating whether partial judgment can be entered on an undisputed amount. The motion for partial summary judgment has been granted in McLane's favor.

Counsel for Rechberger has not addressed the issue of sanctions under 28 U.S.C.A. § 1927. In addition to the circumstances presented by counsel for Meyer and the McLane firm, the court notes that Rechberger's responses to the motions were unhelpful and in large part were based on out-of-date cases from other jurisdictions. *See Pimentel v. Jacobsen Fishing Co.,* 102 F.3d 638, 641 (1st Cir.1996) (imposing sanctions for counsel's "litigation tactics" including citing distinguishable authority from other jurisdictions and omitting pertinent authority from the First Circuit). Counsel's conduct seems to have been sufficiently unreasonable and vexatious to justify the imposition of sanctions to be paid by counsel, not by the client. Accordingly, counsel pro hac vice Valeriano Diviacchi and New Hampshire counsel Karen Breda shall show cause why they should not have sanctions assessed against them to pay the reasonable attorneys' fees and costs associated with the motion for judgment on the pleadings and motion for summary judgment filed on behalf of Jon Meyer and the motion for partial summary judgment filed on behalf of the McLane firm. Counsel shall have ten days from the date of this order to file an appropriate memorandum to show cause why sanctions should not be assessed against them.

E. *Settlement*

*9 The parties and their counsel are strongly urged to meet to discuss settlement of the remaining claims in this case. The claims are now sufficiently clear to allow a thorough review of the case and the remaining parties' potential liabilities. The court reminds all parties and their counsel that it expects a good faith effort to reach settlement to avoid any

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 813952 (D.N.H.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 7

unnecessary expenditure of time and resources by the court and by the parties and their counsel. All counsel shall provide copies of this order to their clients for the purpose of facilitating settlement of this case.

*Conclusion*

For the foregoing reasons, Jon Meyer's motion for summary judgment (document no. 64) is granted except as to an award of attorneys' fees, which is taken under advisement. Meyer's motion for judgment on the pleadings (document no. 57) is denied as moot. Rechberger's motion for leave to file an amended complaint (document no. 69) is denied. Because Jon Meyer has a third-party counterclaim against Rechberger, he continues to be a party.

The McLane firm's motion for partial summary judgment (document no. 65) is granted except as to a determination of a portion of the fees as explained in this order and as to an award of attorneys' fees, which is taken under advisement. The McLane firm's motion for a hearing (document no. 72) is denied.

Counsel for Rechberger, Valeriano Diviacchi and Karen Breda, are granted ten days from the date of this order to file a memorandum to show cause why sanctions pursuant to 28 U.S.C.A. § 1927 should not be assessed against them.

SO ORDERED.

D.N.H.,1999.
McLane, Graf, Raulerson & Middleton, P.A. v. Rechberger
Not Reported in F.Supp.2d, 1999 WL 813952 (D.N.H.)

Briefs and Other Related Documents (Back to top)

• 1:97cv00398 (Docket) (Aug. 13, 1997)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.