# EXHIBIT N

Page 1

```
 1
 2     UNITED STATES DISTRICT COURT
       DISTRICT OF UTAH
 3
       THE SCO GROUP, INC.,            )
 4                                     )
                     Plaintiff,        )
 5                                     )
                vs.                    )  No. 2:03CV0294
 6                                     )
       INTERNATIONAL BUSINESS          )
 7     MACHINES CORP.,                 )
                                       )
 8                   Defendant.        )
       --------------------------------)
 9
10
11
12          VIDEOTAPED DEPOSITION OF MICHAEL DeFAZIO
13                    New York, New York
14                 Thursday, January 13, 2005
15
16
17
18
19
20
21     Reported by:
22     Jennifer A. Ocampo, CSR
23     JOB NO. 169142
24
25
```

**Page 222**

DeFazio

A. Yes.

    MR. ESKOVITZ: I'm sorry, objection to form. I don't think there was a question on that one, but...

    MR. MARRIOTT: I don't know whether there is or not in that but let me just ask one and we'll avoid the problem.

Q. Are you familiar with the terms of the early versions of the standard software agreement relating to 2.01?

A. Yes, in general.

Q. And did Section 2.01 in the early versions of the standard software agreement include the following language: Quote, Such right to use includes the right to modify such software product, all capitalized, and to prepare derivative works based upon such software product, all capitalized, comma, provided the resulting materials are treated hereunder as part of the original software product, all capitalized?

A. Yes.

Q. Are you familiar with the term resulting materials?

A. Yes.

**Page 223**

DeFazio

Q. And that term appears in Section 2.01 as we've just quoted from it; correct?

A. Yes.

Q. Would you agree that a modification or a derivative work would constitute resulting materials to be treated as part of the original System V software product only so long as it contained any protected UNIX System V source code provided by AT&T, USL or Novell?

    MR. ESKOVITZ: Objection to form, leading.

A. That would be my understanding, yes.

Q. Well, let me ask you then in an open-ended way, Mr. DeFazio, what is your understanding of the term resulting materials?

A. The term resulting materials and derivative work I use kind of interchangeably as I described them earlier in discussion with Mr. Eskovitz that it's the integrated collection of UNIX system technology and customer value added, put together as a customer derived operating system product.

Q. A modification or derivative work is resulting materials as that term is used within

**Page 224**

DeFazio

Section 2.01, as you understand it -- withdrawn.

    Is there -- would you agree, Mr. DeFazio, that source code developed by or for a licensee even if it were included in such a modification or derivative work would not by itself constitute resulting materials.

    MR. ESKOVITZ: Objection to form.

A. It would depend on whether the source code developed by the licensee incorporated UNIX system software.

Q. Okay. Let me refer you to the middle paragraph of Paragraph 16 of your declaration. There it says, a modification or a derivative work would constitute resulting materials, in quotes, to be treated as part of the original UNIX System V software product only so long as it contained any protected UNIX System V source code provided by AT&T, USL or Novell. Source code developed by or for a licensee, even if it were included in such a modification or a derivative work, would not by itself constitute resulting materials.

    Is that an accurate reflection of your understanding of the AT&T UNIX licensing

**Page 225**

DeFazio

agreements.

A. Yes.

    MR. ESKOVITZ: Objection to form, asked and answered.

A. Yes, that's correct.

Q. What was the purpose of treating portions of UNIX System V source code included in modifications and derivative works as part of the original software product?

A. The intent was to make sure that our UNIX system technology which was proprietary to us continued to be protected, the intellectual property aspects of it continued to be protected.

Q. The last sentence of Paragraph 16 of your declaration reads, the purpose of treating portions of UNIX System V source code included in a modification -- included in modifications and derivative works as part of the original software product was to ensure that UNIX System V source code provided by AT&T, USL or Novell and contained in the licensees derivative works would continue to be protected as if it were stand-alone UNIX System V source code.

    Is that an accurate statement?

57 (Pages 222 to 225)