# EXHIBIT C

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 16495 (D.Colo.)
(Cite as: 1991 WL 16495 (D.Colo.))

Page 1

c

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.


United States District Court, D. Colorado.
Joseph McHUGH and Marcia Kehl, Plaintiffs,
v.
APACHE CORPORATION, a Delaware
Corporation, Defendant.
**Civ. A. No. 89-A-1297.**


Feb. 1, 1991.
Darold W. Killmer, Gilbert M. Roman, Feiger,
Collison & Killmer, Denver, Colo., for plaintiff.

Janet A. Savage, Popham, Haik, Schnobrich &
Kaufman, Ltd., Denver, Colo., for defendant.

MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

*1 This matter is before the court on the plaintiff
McHugh's motion for reconsideration of Magistrate
D.E. Abram's order which bars the plaintiff from
presenting evidence at trial of his lost wages for 1988
and 1989. A hearing on this matter was held on
January 10, 1991. The court has considered the oral
arguments, briefs and documents submitted by
counsel, and rules as follows.

BACKGROUND
The defendant Apache Corporation served the
plaintiffs with interrogatories in March 1990. The
plaintiffs filed for a protective order which was
denied by the Magistrate and the plaintiffs were
ordered to answer. On July 6, 1990, the Magistrate
ordered the plaintiff McHugh to produce tax returns
that were requested in the March interrogatories. On
August 28, 1990, the defendant filed a motion for
sanctions for failure to provide the tax returns. A
hearing was held on September 28, 1990 on the
motion, and the Magistrate found that McHugh had
failed to comply with the court's order of July 6,
1990, and imposed a ten dollar a day fine until all tax
returns for 1984-1989 were produced to defense
counsel. The plaintiff was also ordered pay the
attorney's fees and costs of the defendant incurred

pursuing the motion for sanctions. On December 19,
1990, a hearing was held on a renewed motion for
sanctions because the tax returns had not been
produced. Defendant's counsel claimed at that
hearing that it was not until December 18, 1990 that
she was informed by counsel for the plaintiff that the
requested tax returns did not exist because the
plaintiff had not filed returns. Defendant requested
sanctions in the form of dismissal of the plaintiff's
complaint.

Plaintiff's counsel responded that he was unaware
until after the September 28th hearing that his client
had not filed income tax returns for the years in
question. Counsel represented that the plaintiff had
been audited by the Internal Revenue Service, and
therefore he had not had access to the plaintiff's tax
records. The plaintiff's counsel argued that despite
the fact that the actual tax returns do not exist, he had
provided the defendant with the itemized
examination report that the IRS had prepared which
provided all the necessary information the defendants
required.

Magistrate Abram concluded that the plaintiff had
wrongfully wasted the court's time and that there was
no excuse for forcing the defendant to file a motion
to compel documents that do not exist. The
Magistrate granted the defendant attorney's fees, and
prohibited the plaintiff from presenting evidence at
trial of lost income between 1988-1989. The
plaintiff is not contesting the award of the attorney's
fees, but does request that the court reconsider the
Magistrate's order barring evidence of lost wages for
1988-1989.

STANDARD OF REVIEW

Any non-dispositive order made by a magistrate may
be reviewed by the district court under a clearly
erroneous or contrary to law standard of review.
*Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d
1458, 1462 (10th Cir.1988). The clearly erroneous
standard requires that the court affirm the magistrate,
unless on the entire evidence the court is left with the
definite and firm conviction that a mistake has been
committed. *Id.* at 1464. Magistrates may only make
proposed findings of fact and recommendations
concerning dispositive motions, and district courts
must review the recommendation *de novo* if a party
objects to the magistrate's conclusions. *Id.* at 1462.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                Page 2
Not Reported in F.Supp., 1991 WL 16495 (D.Colo.)
**(Cite as: 1991 WL 16495 (D.Colo.))**

In conducting a *de novo* review a court should make an independent determination of the issues, and is not to give any special weight to the prior determination. *Id.* at 1464. The court is free to adopt the magistrate's recommendation or wholly ignore it. *Id.*

*2 The Magistrate's order in this case was inextricably tied to the discovery process, and therefore should be treated as a non-dispositive motion. *See Wang Laboratories, Inc. v. CFR Associates, Inc.,* 125 F.R.D. 10, 12 (D.Mass.1989) (where the concerns about an expert witness had to do with access to confidential material produced during the pre-trial discovery period and not qualifications of the expert, the pre-trial designation of an expert was non-dispositive and within the magistrate's jurisdiction because it was inextricably tied to discovery process). However, under either a clearly erroneous or *de novo* standard of review, this court feels the sanctions imposed by the Magistrate were warranted, and should be upheld against the plaintiff McHugh.

DISCUSSION

The plaintiff argues that the Magistrate's ruling is the functional equivalent of an involuntary dismissal, and thus outside of the Magistrate's scope of authority. [FN1] The plaintiff claims that by barring evidence of lost wages for 1988-1989 the plaintiff is denied the opportunity to recover over 100,000 dollars in back pay, and therefore the Magistrate's order "has the identical effect of striking plaintiff McHugh's claim for back pay."

The Tenth Circuit has held "that the striking of pleadings with prejudice, whether as a discovery sanction or for some other reason, constitutes the involuntary dismissal of an action within the meaning of 636(b)(1)(A)." *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d at 1463. The case at bar, however, differs significantly from the facts of *Ocelot* in that the Magistrate has not dismissed any action of the plaintiffs, but rather limited the evidence that the plaintiff may present at trial. While it is true that the plaintiff's potential award on that claim is limited by the Magistrate's order, if the plaintiff files his proper tax return for 1990 he may present evidence as to his losses for that year. *Cf. Bender v. Southland Corp.,* 749 F.2d 1205, 1214 (6th Cir.1984) (magistrate imposed sanctions on plaintiffs barring testimony concerning past damages suffered, but not future damages, for improperly answering interrogatories). Therefore, the plaintiff's claim for back pay is still a viable claim, and the Magistrate's ordered sanction is not an involuntary dismissal. *See*

*Devore & Sons, Inc. v. Aurora Pacific Cattle Co.,* 560 F.Supp. 236, 239 (D.Kan.1983) (magistrate's striking of a counterclaim for failure to answer an interrogatory falls was within the magistrate's statutory authority).

The plaintiff contends that this case is analogous to a recent Sixth Circuit opinion that held a denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal and is outside of the scope of a magistrate's authority. *Woods v. Dahlberg,* 894 F.2d 187 (6th Cir.1990). The decision to deny a pauper's petition, however, has the potential to prevent an indigent plaintiff from bringing a suit. In the case at bar, the Magistrate's order does not eliminate any of the plaintiff's claims. *See Von Brimer v. Whirlpool Corporation,* 536 F.2d 838, 844 (9th Cir.1976) (evidence excluded by trial judge under rule 37(b)(2)(B) is not the equivalent of a dismissal). [FN2]

*3 The plaintiff's actions in this case have been egregious. Mr. McHugh has known from the inception of this action that he had not filed tax returns for 1988 and 1989, yet he did not share this information with opposing counsel or the court until after two court orders were issued and subsequently ignored. It is the court's valid expectation that its discovery rulings will be obeyed, and that the parties will honestly represent their respective positions. The court has considered the fact that the plaintiff has supplied a report, apparently compiled by the IRS, in lieu of the non-existent tax returns, but that information does not excuse the plaintiff's defiance of the court and his delay in admitting that the tax returns do not exist. This is not a case where an innocent party shall be made to suffer for the mistakes of counsel, plaintiff has "no one to blame but [himself] for the fatal flaws in [his] discovery strategy." *Pauley v. United Operating Co.,* 606 F.Supp. 520, 527 (E.D.Mich.1985) (the court accepted the magistrate's recommendation that default judgment be entered against the defendants for abuse of the discovery process.

Based on the above and foregoing, the court adopts the order of Magistrate Abram in this matter. Accordingly, it is ORDERED that,

1. Plaintiff McHugh will not be allowed to present evidence at trial of his lost wages for the years 1988 and 1989.

2. Plaintiff McHugh will pay the appropriate attorney's fees and costs of the defendant incurred in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                     Page 3
Not Reported in F.Supp., 1991 WL 16495 (D.Colo.)
**(Cite as: 1991 WL 16495 (D.Colo.))**

bringing the original motion and the renewed motion
to compel as ordered by the Magistrate.

> FN1. A magistrate's jurisdiction is set forth
> in 28 U.S.C. § 636(b)(1)(A) which
> provides:
> (A) a judge may designate a magistrate to
> hear and determine any pretrial matter
> pending before the court, except a motion
> for injunctive relief, for summary judgment,
> to dismiss or quash an indictment or
> information made by the defendant, to
> suppress evidence in a criminal case, to
> dismiss or to permit maintenance of a class
> action, to dismiss for failure to state a claim
> upon which relief can be granted, and to
> involuntarily dismiss an action.  A judge of
> the court may reconsider any pretrial matter
> under this subparagraph (A) where it has
> been shown that the magistrate's order is
> clearly erroneous or contrary to law.

> FN2. The defendant argues that the
> Magistrate's order falls under Rule
> 27(b)(2)(B) F.R.Civ.P. which provides that
> when a party fails to obey a discovery order
> the court may issue:
> (B) An order refusing to allow the
> disobedient party to support or oppose
> designated claims or defenses, or prohibiting
> that party from introducing designated
> matters into evidence;

Not Reported in F.Supp., 1991 WL 16495 (D.Colo.)

**Motions, Pleadings and Filings (Back to top)**

• 1:89CV01297 (Docket) (Aug. 01, 1989)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.