# EXHIBIT D

Westlaw.

Slip Copy  
Slip Copy, 2006 WL 2061351 (D.Utah)  
**(Cite as: 2006 WL 2061351 (D.Utah))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,  
D. Utah, Central Division.  
UNITED STATES OF AMERICA, Plaintiff,  
v.  
Jose Honorio FLORES-ORTEGA, Defendant.  
**No. 2:05-CR-672 TS.**

July 21, 2006.

Mark K. Vincent, Adam S. Elggren, US Attorney's Office, Salt Lake City, UT, for Plaintiff.

Vanessa M. Ramos, Utah Federal Defender Office, Salt Lake City, UT, for Defendant.

MEMORANDUM DECISION AND ORDER ON REPORT AND RECOMMENDATION AND GRANTING  
DEFENDANT'S MOTION TO SUPPRESS

STEWART, J.

*1 The government must show that a traffic stop was justified at its inception in order to show that it was reasonable under the Fourth Amendment. The government objects to the Magistrate Judge's Report and Recommendation's finding that the Utah Highway Patrol Trooper's testimony was not credible and therefore the government has failed to show the stop was reasonable. The Court agrees that the record shows that the Trooper's testimony is not credible and therefore finds that stop was not justified at its inception and the evidence must be suppressed.

When a party objects to a report and recommendation issued under a "B" reference, this Court reviews the Magistrate Judge's Order under the de novo standard of review. [FN1]

> FN1. *First Union Mortg. Corp. v. Smith,* 229 F.3d 992, 995 (10th Cir.2000) (de novo standard of review applies to magistrate judge's orders with dispositive effect).

In order to conduct a de novo review a court "should make an independent determination of the issues ...; [it] '*is not* to give any special weight to the [prior] determination'...." "The district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew." [FN2]

> FN2. *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368, 87 S.Ct. 1088, 18 L.Ed.2d 151 (1967) and *Mathews v. Weber,* 423 U.S. 261, 271, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)).

The Court has conducted a de novo review of the record and issues. In so doing it has reviewed the Report and Recommendation, the government's Objection and the Defendant's Reply. Consistent with the *Wildermuth,* [FN3] case, the Court has read the transcripts [FN4] and reviewed the exhibits.

> FN3. *United States v. Wildermuth,* 147 F.3d 1234, 1236 (10th Cir.1998).

> FN4. Evidentiary hearings were held on November 22, 2005, and December 5, 2005. The Magistrate heard argument on March 20, 2006.

The government contends that the Magistrate erred by finding the Trooper's testimony was not credible. The government contends that the Magistrate in making that determination relied on "a few minor facts" that are easily explained away by reasonable real world explanations that do not call the officer's credibility into question. The government says that there should be a new hearing and the court should observe the Trooper's demeanor and decide credibility The government does not dispute the Magistrate's application of the law or his findings on matters other than credibility. Instead, it disputes the Magistrate's finding of fact that Trooper Nixon's testimony is not credible.

The parties dispute the nature of the stop. The Trooper testified that the initial stop resulted from his observation from behind Defendant's vehicle that Defendant failed to properly signal for a lane change. The Trooper testified that upon observing this failure, he activated his lights and pulled Defendant over.

Defendant testified that he properly signaled for the lane change. He further testified that when he had

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

changed lanes, the Trooper pulled up beside him, and as soon as the Trooper saw him, the Trooper dropped back, activated his lights and pulled him over. Thus, the fundamental issue is who to believe in light of the evidence.

Without giving any special weight to the Magistrate's credibility findings, this Court finds that the Trooper's testimony is not credible. He did not videotape the traffic stop despite the clear departmental policy requiring him to do so. He attempted to minimize the fact that this failure to follow the videotape policy has occurred before. He testified that he had failed to do so a couple of time here and there [FN5] but there was rebuttal evidence of at least 4 or 5 other stops with no video tapes. It is clear that videotaping the stop would not have made a difference in the sense that it would not have captured the alleged traffic violation because a trooper does not turn on the video until he initiates the stop. But the Trooper's testimony on the issue is relevant to the issue of his credibility as it shows a pattern of inconsistency and poor memory, and perhaps a conscious flaunting of department policy.

   FN5. Transcript I, at 59.

*2 The Trooper testified that Defendant did not produce a Mexican driver's license, then changed that testimony after hearing other testimony that contradicted his earlier testimony. The Trooper also attempted to minimize the nature of a conference with the U.S. Attorney's office that was held the day before the evidentiary hearing. While the fact of the conference is not by itself significant, the Trooper's manner of testimony regarding it is because it further weakens his credibility. Considering these inconsistencies together with the other inconsistencies in his testimony, the Court finds that the record establishes that the Trooper's testimony is not credible. Because the Court finds on the record as it currently exists that the Trooper is not credible, there is no need for an additional evidentiary hearing.

Because the Trooper's testimony is not credible, this Court finds that the government has failed in its burden of showing that the stop was justified at its inception. Because the Court finds the stop was not justified at its inception, it is not reasonable and is in violation of the Fourth Amendment. Accordingly, the Motion to Suppress the evidence obtained during the stop must be granted.

The Court will affirm the Report and Recommendation in full and will grant the Motion to Suppress. It is therefore

 ORDERED that the government's Objections to the Magistrate Judge's April 11, 2006 Report and Recommendation (Docket No. 41) are overruled. It is further

 ORDERED that upon a de novo review of the entire record Defendant's Motion to Suppress (Docket No. 12) is GRANTED. It is further

 ORDERED that the time from the filing of the Motion to Suppress through the date of the new trial setting is excluded from the computation of the Speedy Trial Act time pursuant to 18 U.S.C. § 3161(h)(1)(F) and (J). The Court will set a new trial by separate notice.

 Slip Copy, 2006 WL 2061351 (D.Utah)

 END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.