# EXHIBIT F

Westlaw.

458 F.3d 1169                                                                                                           Page 1
458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.))
(Cite as: 458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.)))

**Briefs and Other Related Documents**

United States Court of Appeals,
Tenth Circuit.
Susan P. HOLLERN, as trustee of and on behalf of the other William H. Price, II Trust, Plaintiff-Appellee,
v.
WACHOVIA SECURITIES, INC.; Randy S. Russell, Defendants-Appellants.
**Nos. 05-1253, 05-1300.**

Aug. 16, 2006.

**Background:** Successor trustee sought to vacate award of attorney fees made to brokerage and broker in trustee's unsuccessful arbitration over management of trust account. The United States District Court for the District of Colorado, Richard P. Matsch, J., vacated fee portion of award. Defendants appealed.

**Holdings:** The Court of Appeals, Murphy, Circuit Judge, held that:
(1) assuming Virginia law applied, parties authorized arbitrators to award fees in their submission agreement and through their conduct in seeking fee award, and
(2) arbitrators did not manifestly disregard law in making award of fees pursuant to Colorado statute.
Reversed and remanded.

West Headnotes

[1] Alternative Dispute Resolution 139
25Tk139 Most Cited Cases
Strong presumption exists that requires all doubts concerning whether a matter is within the arbitrators' powers to be resolved in favor of arbitrability.

[2] Alternative Dispute Resolution 230
25Tk230 Most Cited Cases
The parties may extend authority of arbitrators, which is derived from arbitration agreement, in their submissions to the arbitrators so long as the submissions do not violate an express provision of the original arbitration agreement.

[3] Alternative Dispute Resolution 235
25Tk235 Most Cited Cases
Under Virginia law, by incorporating their pleadings, including their parallel requests for attorney fees, into uniform submission agreement given to arbitrators, parties expressly empowered arbitrators to award attorney fees, thereby amending original arbitration agreement that was silent on issue of fees; parties further authorized fee award by submitting affidavits and motions for attorney fees to arbitrators upon their request and without objection at conclusion of arbitration.

[4] Alternative Dispute Resolution 329
25Tk329 Most Cited Cases
To warrant setting aside an arbitration award based on manifest disregard of the law, the record must show the arbitrators knew the law and explicitly disregarded it.

[5] Alternative Dispute Resolution 329
25Tk329 Most Cited Cases
Arbitrators did not manifestly disregard law in awarding attorney fees, even assuming that Colorado statute under which award was made only authorized fees in civil actions, where both parties argued that statute permitted fee award in arbitration case; arbitrators could not be charged with knowledge that statute did not authorize award and nevertheless chose to disregard law. West's C.R.S.A. § 13-17-102.

[6] Alternative Dispute Resolution 329
25Tk329 Most Cited Cases
Arbitrators' failure to state reasons for their award of attorney fees did not constitute manifest disregard of law, justifying vacation of fee award, even though Colorado statute under which award was made required consideration of certain factors. West's C.R.S.A. § 13-17-103.

*1170 Michael N. Ungar (William D. Nelson, Craig R. Welling, Rothgerber, Johnson & Lyons, LLP, Denver, CO, with him on the briefs), Ulmer & Berne, LLP, Cleveland, OH, for Defendants-Appellants.

James D. Kilroy, Snell & Wilmer, L.L.P., Denver, CO, for Plaintiff-Appellee.

Before MURPHY, BALDOCK, and McCONNELL, Circuit Judges.

MURPHY, Circuit Judge.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:03-cv-00294-DN   Document 822-7   Filed 09/27/06   PageID.11079   Page 3 of 8

458 F.3d 1169                                                                                                    Page 2
458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.))
(Cite as: 458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.)))

## I. Introduction

**\*\*1** Plaintiff-Appellee Susan Hollern initiated arbitration proceedings against Defendants-Appellants Wachovia Securities, Inc. and its employee, Randy Russell (collectively "Wachovia"). Hollern claimed Wachovia was negligent and breached its fiduciary duty in managing the William H. Price, II Trust ("Trust"), for which Hollern acted as successor trustee. Both parties sought attorneys' fees in their arbitration pleadings and submitted motions requesting attorneys' fees at the conclusion of the arbitration hearing. The arbitrators denied Hollern's claims in their entirety and awarded attorneys' fees to Wachovia. Hollern subsequently sought to have the district court set aside the attorneys' fees' portion of the arbitral award. Concluding the parties did not expressly agree to submit the issue of attorneys' fees to arbitration and the arbitrators misapplied the relevant law, the district court vacated the attorneys' fees' portion of the award. Wachovia appeals. We have jurisdiction pursuant to \*1171 28 U.S.C. § 1291. Because the arbitrators did not exceed their powers or manifestly disregard the law in awarding attorneys' fees, we **reverse** and **remand** with instructions to reinstate the attorneys' fees' portion of the arbitration award.

## II. Background

William H. Price, II created the Trust in 1987 and appointed himself sole trustee. The Trust maintained an account at Wachovia Securities, Inc. Randy Russell, a Senior Vice President at Wachovia, served as the Trust's primary broker. Price, however, exercised absolute control over the Trust's investments, often engaging in highly volatile and risky trading strategies. Price was hospitalized in early May 2002 due to complications from throat cancer. He passed away approximately six weeks later.

After Price's death, Hollern, Price's daughter and successor trustee of the Trust, entered into an Option Account Agreement with Wachovia. The Option Account Agreement contained an arbitration provision which provided, in relevant part:

> it is agreed that all controversies or disputes which may arise between [Hollern] and [Wachovia] ... concerning any transaction or the construction, performance or breach of this Agreement or any other agreement between us, whether entered into prior to, on, or subsequent to the date of this Agreement, including any controversy concerning whether an issue is arbitrable, shall be determined by arbitration conducted before, and only before, an arbitration panel set up by either the National Association of Securities Dealers, Inc. ("NASD") or the New York Stock Exchange, Inc. ("NYSE") in accordance with their respective arbitration procedures. Any of us may initiate arbitration by filing a written claim with the NASD or the NYSE. Any arbitration under this Agreement shall be conducted pursuant to the Federal Arbitration Act and the Laws of the Commonwealth of Virginia.

Appellants' App. at 14. Hollern subsequently sought arbitration before the National Association of Securities Dealers ("NASD"). Hollern claimed Wachovia was negligent and breached its fiduciary duty by not informing her or other members of Price's family of the volatile nature of the Trust's investments while Price was hospitalized. In her Statement of Claim, Hollern sought both compensatory damages for the decline in value of certain Trust investments and attorneys' fees and costs incurred in the arbitration proceeding. Hollern also signed a Claim Information Sheet, which indicated she was seeking attorneys' fees. In its answer to Hollern's Statement of Claim, Wachovia likewise sought reimbursement of attorneys' fees. Both parties also signed an NASD Arbitration Uniform Submission Agreement ("Uniform Submission Agreement") wherein they agreed to submit the issues identified in Hollern's Statement of Claim and Wachovia's Answer to arbitration in accordance with NASD arbitration procedures. [FN1]

> FN1. The Uniform Submission Agreement provided:
> The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.
> Appellants' App. at 50.

**\*\*2** At the conclusion of the arbitration hearing, the arbitrators directed the parties to submit simultaneous affidavits of attorneys' fees. Hollern filed a motion for attorneys' fees and an accompanying affidavit. **\*1172** In her motion, she argued an award of attorneys' fees was permitted pursuant to NASD Code of Arbitration Procedure ("NASD Code") Rule 10215. Rule 10215 states, "arbitrator(s) shall have the authority to provide for reasonable attorney fee reimbursements, in whole or in part, as part of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:03-cv-00294-DN   Document 822-7   Filed 09/27/06   PageID.11080   Page 4 of 8

458 F.3d 1169                                                                                                    Page 3
458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.))
(Cite as: 458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.)))

remedy in accordance with applicable law." Hollern contended Colorado law was applicable. She urged the arbitrators to award her attorneys' fees pursuant to Colo.Rev.Stat. § 13-17-102(4), which requires Colorado courts to award reasonable attorneys' fees in any civil action where a party brings or defends a frivolous, groundless, or vexatious claim. The same day, Wachovia filed an affidavit detailing the attorneys' fees it had incurred in the arbitration proceeding. Wachovia subsequently filed a motion in support of its request for attorneys' fees relying, as Hollern had, on § 13-17-102(4).

The arbitrators issued an award denying Hollern's claims in their entirety and awarding Wachovia $193,526.84 in attorneys' fees, pursuant to § 13-17-102. Hollern then filed a motion in district court seeking to have the attorneys' fees' portion of the arbitration award set aside. She asserted the arbitrators had exceeded their powers and acted in manifest disregard of the law in awarding attorneys' fees. The district court agreed and vacated the attorneys' fees' portion of the award. Wachovia filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which the district court summarily denied. Wachovia appeals both the district court's decision to vacate the attorneys' fees' portion of the arbitral award (Case No. 05-1253) and its denial of Wachovia's Rule 60(b) motion (Case No. 05-1300).

**III. Discussion**

In reviewing a district court order vacating an arbitration award, we review factual findings for clear error and legal determinations *de novo*. *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir.2001). We must nevertheless "give extreme deference to the determination of the arbitration panel for the standard of review of arbitral awards is among the narrowest known to law." *Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir.2000) (quotation omitted). "Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances." *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1146-47 (10th Cir.1982). A district court may vacate an arbitral award only for reasons enumerated in the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, [FN2] or for "a handful of judicially-created reasons." *Sheldon*, 269 F.3d at 1206 (observing an arbitration award may be set aside because of a violation of public policy, manifest disregard of the law, or denial of a fundamentally fair hearing). Errors in an arbitration panel's factual findings, or its interpretation and application of the law, do not justify vacating an award. *Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir.1997).

> FN2. The FAA allows district courts to vacate an arbitral award
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
> 9 U.S.C. § 10.

*1173 **3 Hollern advanced two grounds in the district court for vacating the attorneys' fees' portion of the arbitral award. Hollern first argued Virginia law governed the issue of attorneys' fees and claimed the arbitrators exceeded their powers because the parties did not expressly authorize an award of attorneys' fees as required by Virginia law. Alternatively, Hollern contended, if Colorado law governed the issue of attorneys' fees, the arbitrators manifestly disregarded the law in their application of Colo.Rev.Stat. § 13-17-102. Because we conclude both of these grounds are without merit, we need not decide whether Virginia or Colorado law should have governed the issue of attorneys' fees in this case.

**A. Arbitrators Exceeded Their Powers Under Virginia Law**

In her motion to vacate the attorneys' fees' portion of the arbitral award, Hollern first argued the arbitrators lacked authority to award attorneys' fees. *See* 9 U.S.C. § 10(4). She claimed the arbitrators erred in relying on Colorado law to support the award of attorneys' fees. Instead, Hollern contended the arbitration should have been governed by Virginia law in accordance with the terms of the Option Account Agreement she entered into with Wachovia. Virginia has adopted the Uniform Arbitration Act ("UAA"), which contains the following provision regarding attorneys' fees:

Case 2:03-cv-00294-DN   Document 822-7   Filed 09/27/06   PageID.11081   Page 5 of 8

458 F.3d 1169                                                                                                    Page 4
458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.))
(Cite as: 458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.)))

Unless otherwise provided in the agreement to arbitrate, the arbitrator's expenses and fees incurred in the conduct of the arbitration, and all other expenses, not including counsel fees, incurred in the conduct of the arbitration shall be paid as provided in the award.

Va.Code Ann. § 8.01-581.07. Although Virginia state courts have not yet interpreted or applied this provision, Hollern argued it prohibits an arbitral award of attorneys' fees unless the parties expressly provide for such an award in their arbitration agreement. Hollern contended the Option Account Agreement did not expressly authorize an award of attorneys' fees, and thus, the arbitrators exceeded their authority in awarding such fees. The district court agreed that Virginia law, not Colorado law, governed the arbitration proceeding. Further, it determined Virginia law prevented an award of attorneys' fees under the facts of this case because the parties had not expressly authorized the arbitrators to award attorneys' fees. The district court therefore vacated the attorneys' fees portion of the award.

[1] In assessing the scope of the arbitrators' authority, we are mindful of the strong presumption requiring all doubts concerning whether a matter is within the arbitrators' powers to be resolved in favor of arbitrability. *Shankle v. B-G Maint. Mgmt. of Colo., Inc.,* 163 F.3d 1230, 1233 (10th Cir.1999). Even assuming Virginia law applies and requires parties to expressly authorize an award of attorneys' fees in their arbitration agreement, as Hollern contends, [FN3] the parties have satisfied *1174 that requirement in this case. Accordingly, the arbitrators did not exceed their powers under Virginia law in awarding Wachovia attorneys' fees.

> FN3. Because Virginia state courts have not interpreted the UAA attorneys' fees' provision, Hollern urges us to rely on decisions from other state courts. She contends most states have construed the UAA attorneys' fees' provision to prohibit an award of attorneys' fees unless the parties expressly authorize such an award in their arbitration agreement. For purposes of this appeal, we accept Hollern's characterization of how Virginia courts would likely interpret the UAA attorneys' fees' provision. We note, however, that, contrary to Hollern's assertion, the provision has not been interpreted uniformly by the states. In particular, although most states require parties to agree to submit the issue of attorneys' fees to arbitration, the states differ in their characterization of the form that agreement may take. *See Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.,* 180 Ariz. 148, 882 P.2d 1274, 1278 (1994) (permitting attorneys' fees if parties explicitly provide for such fees in the arbitration agreement); *Compton v. Lemon Ranches, Ltd.,* 972 P.2d 1078, 1080 (Colo.Ct.App.1999) (observing parties may expand scope of original arbitration agreement by subsequently submitting other matters to arbitration); *Bingham County Comm'n v. Interstate Elec. Co.,* 105 Idaho 36, 665 P.2d 1046, 1052 (1983) (authorizing attorneys' fees when parties contractually agree); *WMC, Inc. v. Weaver,* 166 N.C.App. 352, 602 S.E.2d 706, 709 (2004) (requiring express provision in arbitration agreement authorizing attorneys' fees, but permitting waiver of challenge to attorneys' fees award when party does not object during arbitration); *D & E Constr. Co. v. Robert J. Denley Co.,* 38 S.W.3d 513, 519 (Tenn.2001) (prohibiting attorneys' fees unless parties have understanding to the contrary); *cf. Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 751 So.2d 143, 149 (Fla.Dist.Ct.App.2000) (concluding parties expressly waived right to have issue of attorneys' fees decided by a court instead of arbitrators by requesting attorneys' fees in arbitration pleadings and closing argument).

**4 [2][3] Although the Option Account Agreement itself did not expressly permit an award of attorneys' fees, the parties' subsequent submissions to the arbitrators amended the original arbitration agreement to expressly authorize attorneys' fees. Arbitrators derive their authority from the parties' arbitration agreement. *United Food & Commercial Workers, Local Union No. 7R v. Safeway Stores, Inc.,* 889 F.2d 940, 946 (10th Cir.1989). The parties may extend that authority, however, in their submissions to the arbitrators so long as the submissions do not violate an express provision of the original arbitration agreement. *Id.* After the parties executed the Option Account Agreement, Hollern submitted an NASD Statement of Claim wherein she explicitly requested an award of attorneys' fees. She reaffirmed her desire to have the arbitrators decide the issue of attorneys' fees by indicating she was seeking attorneys' fees on the Claim Information Sheet. Wachovia did not object to the arbitrators' authority to award attorneys' fees. Instead, in its Answer to Hollern's Statement of Claim, Wachovia also explicitly requested an award

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:03-cv-00294-DN Document 822-7 Filed 09/27/06 PageID.11082 Page 6 of 8

458 F.3d 1169 Page 5
458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.))
(Cite as: 458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.)))

of attorneys' fees. Most importantly, the parties then entered into a Uniform Submission Agreement. The Uniform Submission Agreement expressly incorporated Hollern's Statement of Claim and Wachovia's Answer, and indicated the parties agreed to submit all issues identified in those pleadings to arbitration. By incorporating their pleadings, including their parallel requests for attorneys' fees, into the Uniform Submission Agreement, the parties expressly empowered the arbitrators to award attorneys' fees. See *Plunkett v. Plunkett,* 271 Va. 162, 624 S.E.2d 39, 42 (2006) (indicating that incorporating a document by reference into a contract makes that document an express part of the contract).

The parties' authorization of the award of attorneys' fees, however, went even further. The arbitrators noted at the end of the arbitration hearing that both Hollern and Wachovia had requested attorneys' fees in their submissions. Accordingly, the arbitrators directed each party to submit an affidavit of attorneys' fees. Neither party objected to the arbitrators' authority to award attorneys' fees. Instead, both parties submitted motions seeking attorneys' fees. Hollern argued the arbitrators had authority to award attorneys' fees pursuant to NASD Code Rule 10215 and Colo.Rev.Stat. § 13-17-102(4). Wachovia also asserted attorneys' fees were permitted under § 13-17-102(4). In accordance with the parties' requests, the arbitrators decided the issue of attorneys' fees, granting fees to Wachovia.

*1175 In determining the parties did not expressly agree to permit an award of attorneys' fees, the district court relied on *Carson v. PaineWebber, Inc.,* 62 P.3d 996 (Colo.Ct.App.2002). [FN4] In *Carson,* the parties entered into an arbitration agreement that was silent on the issue of attorneys' fees. See *id.* at 1000. The claimant requested attorneys' fees in its Statement of Claim and the respondent made a corresponding request in his Answer. *Id.* at 997. Additionally, both parties signed a Uniform Submission Agreement wherein they agreed to submit the issues identified in their pleadings to arbitration. *Id.* The arbitrators subsequently awarded attorneys' fees to the claimant, and the respondent appealed. *Id.* In reviewing the award, the state court first observed Colorado courts have interpreted the UAA attorneys' fees' provision to prohibit an award of attorneys' fees unless the parties have specifically authorized the arbitrator to address the issue. *Id.* at 1000. It then concluded the parties' mutual requests for attorneys' fees in their pleadings alone were not sufficient to demonstrate the parties specifically agreed to permit the award. *Id.*

FN4. The issue of whether an agreement exists is a mixed question of law and fact. *Naimie v. Cytozyme Labs., Inc.,* 174 F.3d 1104, 1111 (10th Cir.1999). "We review mixed questions under either the clearly erroneous standard or *de novo* standard depending on whether the mixed question involves primarily a factual inquiry or the consideration of legal principles." *Id.* (quotation omitted). In this case, the parties do not dispute the existence or content of the documents relied on by the district court in determining the parties did not expressly authorize an award of attorneys' fees--i.e., Hollern's Statement of Claim, Wachovia's Answer, the Uniform Submission Agreement, and both parties' motions and affidavits for attorneys' fees. Instead, Wachovia challenges the district court's determination that these documents do not evidence an express agreement. Because this determination involves the application of legal principles to undisputed facts, we review the district court's conclusion that the parties did not expressly agree to permit an award of attorneys' fees *de novo.* See *id.*

**5 Although *Carson's* application of Colorado law does not control our application of Virginia law, we note *Carson* would not prohibit an award of attorneys' fees under the facts of this case. Colorado courts have acknowledged parties may expand the scope of their original arbitration agreement by subsequently submitting matters outside the agreement to arbitration. *Compton v. Lemon Ranches, Ltd.,* 972 P.2d 1078, 1080 (Colo.Ct.App.1999). The court in *Carson* merely determined parties' parallel requests for attorneys' fees in their pleadings and their execution of a Uniform Submission Agreement are insufficient to authorize an award of attorneys' fees. *Carson,* 62 P.3d at 1000. Here, however, in addition to filing pleadings requesting attorneys' fees and executing a Uniform Submission Agreement, the parties also filed affidavits and motions for attorneys' fees. In their motions, the parties explicitly argued the arbitrators had authority to award attorneys' fees pursuant to Colo.Rev.Stat. § 13-17-102(4). Further, neither party objected to the arbitrators' authority to award attorneys' fees during the arbitration. The parties' submissions to the arbitrators in this case, which exceed those at issue in *Carson,* are sufficient to constitute an express authorization to award attorneys' fees. [FN5] Therefore, the arbitrators did

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:03-cv-00294-DN   Document 822-7   Filed 09/27/06   PageID.11083   Page 7 of 8

458 F.3d 1169                                                                        Page 6
458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.))
**(Cite as: 458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.)))**

not exceed their *1176 powers under Virginia law in awarding attorneys' fees, and the district court erred in vacating the attorneys' fees' portion of the arbitral award on this ground.

> FN5. On appeal, Hollern relies on another Colorado case to support her contention that the parties' submissions did not authorize an award of attorneys' fees. See Compton, 972 P.2d 1078. The parties' arbitration agreement in Compton did not expressly permit an award of attorneys' fees, and the parties did not request attorneys' fees in their pleadings. Id. at 1080. Nevertheless, at the conclusion of the arbitration hearing, the arbitrators directed each party to submit an affidavit detailing their attorneys' fees. Id. at 1079. Both parties complied, and the arbitrators awarded attorneys' fees. Id. The state court vacated the award. Id. at 1080. It observed the original court order compelling arbitration specifically provided that each party would be required to pay its own attorneys' fees incurred in the arbitration. Id. In light of this order, the court concluded the parties' mere compliance with the arbitrators' request for attorneys' fees affidavits did not amount to an agreement authorizing an award of attorneys' fees. Id. Like Carson, Compton is unpersuasive here because Hollern's and Wachovia's submissions to the arbitrators regarding attorneys' fees went beyond merely acquiescing in the arbitrators' request for submission of attorneys' fees affidavits. Additionally, in the present case there was no court order preceding arbitration indicating that each party should bear its own attorneys' fees.

**B. Manifest Disregard of Colorado Law**

As an alternative ground for vacating the attorneys' fees portion of the arbitral award, Hollern argued if Colorado law governed the issue of attorneys' fees, the arbitrators manifestly disregarded Colorado law. The arbitrators awarded attorneys' fees to Wachovia pursuant to Colo.Rev.Stat. § 13-17-102. The statute permits courts, "in any civil action of any nature commenced or appealed in any court of record in [Colorado]," to award reasonable attorneys' fees. Colo.Rev.Stat. § 13-17-102(1). When awarding attorneys' fees, courts must consider the factors enumerated in § 13-17-103 in determining whether attorneys' fees should be assessed and the amount to be assessed. Colo.Rev.Stat. § 13-17-103. Courts must also specifically set forth their reasons for awarding attorneys' fees. Id.

In her motion to vacate the attorneys' fees' portion of the arbitral award, Hollern argued the arbitrators' reliance on § 13-17-102, when the statute by its terms only applies to civil actions brought in Colorado state courts, was in manifest disregard of the law. She also contended the arbitrators' failure to consider the relevant statutory factors or set forth the reasons justifying their award of attorneys' fees constituted a manifest disregard of the law. The district court agreed, concluding the arbitrators' failure to comply with the requirements of § 13-17-102 was an alternative ground for vacating the attorneys' fees' portion of the arbitral award.

**6 [4]** Errors in an arbitration panel's interpretation or application of the law are generally not reversible. Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C., 430 F.3d 1269, 1274 (10th Cir.2005). A judicially-created exception to this rule exists, however, where arbitrators act in manifest disregard of the law. Id. Manifest disregard of the law has been defined as "willful inattentiveness to the governing law." Id. To warrant setting aside an arbitration award based on manifest disregard of the law, "the record must show the arbitrators knew the law and explicitly disregarded it." Id.

[5] Assuming Colorado law applies, the arbitrators' application of § 13-17-102 to the facts of this case was not in manifest disregard of the law. Hollern contends Colorado law only authorizes Colorado state courts to award attorneys' fees in civil actions. Hollern has cited no authority adopting this interpretation. More importantly, in the arbitration proceeding, both parties argued the statute permitted the arbitrators to award attorneys' fees, and neither party suggested the statute might only apply in the context of a civil suit brought in state court. In light of the positions taken by the parties during the arbitration proceeding, we cannot say the arbitrators knew § 13-17-102 did not authorize *1177 arbitrators to award attorneys' fees and nevertheless chose to disregard the law.

[6] Hollern also contends the arbitrators were required to consider the factors enumerated in Colo.Rev.Stat. § 13-17-103 and explicitly set forth their reasons for assessing attorneys' fees in the arbitration award. Hollern, however, has presented no evidence showing the arbitrators did not consider the relevant statutory factors. Moreover, arbitrators

Case 2:03-cv-00294-DN   Document 822-7   Filed 09/27/06   PageID.11084   Page 8 of 8

458 F.3d 1169                                                                                                                Page 7
458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.))
**(Cite as: 458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.)))**

are generally not required to delineate the reasons for their decision. *Eljer Mfg., Inc. v. Kowin Dev. Corp., 14 F.3d 1250, 1254 (7th Cir.1994)* (observing contrary rule would perpetuate the delay and expense that arbitration is meant to combat). In fact, in this case, the parties' original arbitration agreement, the Option Account Agreement, specifically provides that "[t]he arbitrator's award is not required to include factual findings or legal reasoning." Appellants' App. at 14. Because the arbitrators were not required to state the reasons for their award of attorneys' fees, their failure to do so does not constitute a manifest disregard of the law. The district court thus erred in vacating the attorneys' fees portion of the arbitration award on this ground as well.

### IV. Conclusion

For the foregoing reasons, we **REVERSE** the district court order vacating the attorneys' fees portion of the arbitration award and **REMAND** with instructions to reinstate that portion of the award. Because we have determined the district court erred in vacating the arbitral award, we need not address Wachovia's claim that the district court abused its discretion in denying Wachovia's Rule 60(b) motion.

458 F.3d 1169, 2006 WL 2361627 (10th Cir.(Colo.))

**Briefs and Other Related Documents (Back to top)**

• 2005 WL 3749215 (Appellate Brief) Appellants Wachovia Securities, LLC's and Randy S. Russell's Reply Brief (Dec. 15, 2005)Original Image of this Document with Appendix (PDF)

• 2005 WL 3749216 (Appellate Brief) Response Brief of Appellee Susan P. Hollern, as Trustee and on Behalf of the William H. Price, II Trust (Nov. 29, 2005)Original Image of this Document with Appendix (PDF)

• 2005 WL 3445732 (Appellate Brief) Opening Brief of Appellants Wachovia Securities, LLC and Randy S. Russell (Oct. 17, 2005)Original Image of this Document with Appendix (PDF)

• 05-1300 (Docket) (Jun. 29, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.