# EXHIBIT H

**Westlaw.**

156 Fed.Appx. 96 Page 1
156 Fed.Appx. 96, 2005 WL 3257509 (10th Cir.(Utah))
(Cite as: 156 Fed.Appx. 96, 2005 WL 3257509 (10th Cir.(Utah)))

C

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.
KERN RIVER GAS TRANSMISSION COMPANY,
a Texas general partnership, Plaintiff-Appellee,
v.
6.17 ACRES OF LAND, MORE OR LESS, IN SALT LAKE COUNTY, UTAH, Known as Kern River Tracts 186.01W, 186.06W, 186.07W and 187AW; NU Team, a Utah corporation; Founders Title, a Utah corporation and trustee named in a trust deed of record; Caroline Stayman Edler, a beneficiary named in a trust deed of record; Monte C. Nelson, beneficiary, by assignment, of a trust deed of record, trustee of the Monte Cannon Nelson Trust; David M. Nelson, beneficiary, by assignment, of a trust deed of record; Meridian Title, a Utah corporation and trustee named in five trust deeds of record; City Properties, a Utah limited liability company and beneficiary named in a trust deed of record; Gaius Crosby and Susan Crosby Charitable Unitrust, a beneficiary named under a single trust deed of record; Kenbar Family Partnership Larsen, a beneficiary named under a single trust deed of record; W. Bart Christenson, a beneficiary named under a single trust deed of record; Barbara Christenson, a beneficiary named under a single trust deed of record; Katheryn Hoopes Paxman, a beneficiary named under a single trust deed of record; Oak Leaf Investments, a Utah limited liability company and a Beneficiary by assignment of a trust deed of record; Steffenson Law Office; Brian W. Steffenson; C.A.T., LLC, a Utah limited liability corporation; JMS Financial, a Utah limited liability corporation; JS West Associates, a Utah corporation; Watson Family, a Utah limited liability corporation; Wyoming-California Pipeline Company, a Colorado general partnership and holder of an easement of record, Defendants,
and
JMS-Meadow, a Utah limited liability company, Defendant-Appellant.
No. 04-4033.

Dec. 2, 2005.

**Background:** Gas utility brought action under the Natural Gas Act against numerous property owners, seeking to condemn certain property for an interstate natural gas pipeline. The United States District Court for the District of Utah excluded a property owner from presenting expert testimony, expert's report, or other documents at bench trial and refusing to reopen trial to take additional testimony. Property owner appealed.

**Holdings:** The Court of Appeals, Ebel, Circuit Judge, held that:
(1) District Court was within its discretion in sanctioning property owner for failing to voluntarily produce documents;
(2) District Court did not abuse its discretion in refusing to permit property owner to present expert evidence at bench trial; and
(3) District Court was within its discretion in denying property owner's motion seeking relief for fraud upon the court.
Affirmed.

West Headnotes

[1] Federal Civil Procedure ⌬1636.1
170Ak1636.1 Most Cited Cases
District Court was within its discretion in sanctioning property owner for failing to voluntarily produce documents in gas utility's action to condemn certain property for an interstate natural gas pipeline, although rule requiring a party to provide initial disclosures "without awaiting a discovery request" did not require property owner to produce documents sought, where utility made informal requests for the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:03-cv-00294-DN   Document 822-9   Filed 09/27/06   PageID.11055   Page 3 of 7

156 Fed.Appx. 96                                                                    Page 2
156 Fed.Appx. 96, 2005 WL 3257509 (10th Cir.(Utah))
(Cite as: 156 Fed.Appx. 96, 2005 WL 3257509 (10th Cir.(Utah)))

documents, and property owner did not show that its violation of voluntary disclosure rule was either justified or harmless. Fed.Rules Civ.Proc.Rule 26(a)(1)(B), 28 U.S.C.A.

[2] Federal Civil Procedure €⟶1278
170Ak1278 Most Cited Cases
District Court did not abuse its discretion in refusing to permit property owner to present expert evidence at bench trial in gas utility's action to condemn certain property for an interstate natural gas pipeline, as sanction for property owner's failure to present a complete expert report, where property owner failed to show that its violation of rule governing disclosure of expert testimony was justified or harmless, and excluding the evidence properly avoided prejudice to utility, since permitting property owner to present the evidence at trial despite failing to disclose expert report would have inhibited utility's ability to prepare for trial. Fed.Rules Civ.Proc.Rule 26(a)(2), 28 U.S.C.A.

[3] Federal Civil Procedure €⟶2654
170Ak2654 Most Cited Cases
District Court was within its discretion in denying property owner's motion seeking relief for fraud upon the court, in gas utility's action to condemn certain property for an interstate natural gas pipeline, absent evidence that gas utility, even if it made a misrepresentation to the court, had an intent to defraud.
*98 Stephen Kent Christiansen, Bradley M. Strassberg, Van Cott, Bagley, Cornwall & McCarthy, Martha Jean Amundsen, Kern River Gas Transmission Company, Salt Lake City, UT, for Plaintiff-Appellee.

Brian W. Steffensen, Steffensen Law Office, Salt Lake City, UT, for Defendants.

Before EBEL, HARTZ, and McCONNELL, Circuit Judges.

ORDER AND JUDGMENT [FN*]

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

EBEL, Circuit Judge.

**1 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Kern River Gas Transmission Co. filed an action under the Natural Gas Act, 15 U.S.C. § 717f(h), to condemn certain property in Utah, including property owned by defendant JMS-Meadow, for an interstate natural gas pipeline. The district court granted immediate occupancy of the JMS-Meadow property to Kern River, and later held a bench trial to determine the value of the easement. JMS-Meadow appeals the district court's decisions excluding it from presenting expert testimony, the expert's report, or other documents at the bench trial and refusing to reopen the trial to take additional testimony. We affirm. [FN1]

> FN1. At this court's request, the parties briefed whether this court has jurisdiction to consider this appeal. In their memoranda briefs, the parties agree that this court now has jurisdiction pursuant to 28 U.S.C. § 1291. Although the case was not final at the time of appeal, the district court later entered a proper final judgment under Fed.R.Civ.P. 54(b). See Stockman's Water Co., LLC v. Vaca Partners, L.P., 425 F.3d 1263, 1264 (10th Cir.2005) (describing requirements for Rule 54(b) certification). The notice of appeal therefore ripened on the date of the Rule 54(b) certification, thereby permitting us to accept jurisdiction pursuant to the savings provision of Fed. R.App. P. 4(a)(2). See United States v. Brown, 348 F.3d 1200, 1206 (10th Cir.2003).

The relevant facts are largely undisputed. The parties scheduled a Fed.R.Civ.P. 26(f) attorney's planning meeting on November 18, 2002. When JMS-Meadow did not send a representative, Kern River *99 postponed the meeting and allowed JMS-Meadow to participate by telephone. After the parties set dates at the meeting, Kern River agreed, at JMS-Meadow's request, to adjust those dates back one month. On January 22, 2003, Kern River filed the Attorneys' Planning Meeting Report with the district court, explaining that JMS-Meadow failed to sign the report despite Kern River making several requests for it to do so. The report stated that the

Case 2:03-cv-00294-DN   Document 822-9   Filed 09/27/06   PageID.11056   Page 4 of 7

156 Fed.Appx. 96                                                                                       Page 3
156 Fed.Appx. 96, 2005 WL 3257509 (10th Cir.(Utah))
(Cite as: 156 Fed.Appx. 96, 2005 WL 3257509 (10th Cir.(Utah)))

parties would make initial disclosures by February 3, submit expert reports by February 28, and complete discovery by May 30.

JMS-Meadow failed to meet the Fed.R.Civ.P. 26(a) initial disclosures date of February 3. It ignored Kern River's later requests for initial disclosures. JMS-Meadow still had not met the initial disclosures requirements by February 26, the date of the initial pretrial conference. At that conference, the magistrate judge extended the time for JMS-Meadow to provide its initial disclosures to March 31. The magistrate judge also ordered disclosure of JMS-Meadow's expert reports by April 30, a date two months beyond the time agreed by the parties. The magistrate judge left May 30 as the discovery cut-off date and set August 7 as the trial date.

JMS-Meadow did not provide initial disclosures by the new date of March 31. Nor did it request an extension of time to do so. In response to an April 10 request by Kern River for initial disclosures, JMS-Meadow, on April 16, sent an initial disclosures pleading with no documents attached. On April 22, Kern River requested the documents referred to in the initial disclosures, but JMS-Meadow did not produce them.

Although the magistrate judge had ordered disclosure of the expert reports by April 30, JMS-Meadow again failed to comply. On May 12, Kern River agreed to allow JMS-Meadow until May 16 to provide its initial disclosures documents and its expert report. But Kern River clarified that in light of the May 30 discovery deadline, it would not agree to any further extensions and would seek to exclude any evidence not produced by May 16. It noted that the discovery cut-off date was three weeks away, and JMS-Meadow's actions were to the point of prejudicing Kern River. On May 16, JMS-Meadow provided Kern River a letter from its appraiser, William Lifferth, indicating that he had done a "preliminary investigation," but not an appraisal or report. Aplt.App., Vol. I at 184 O2, 184 O4. JMS-Meadow also provided a letter from Scott Turville, the manager of JMS-Meadow, criticizing Kern River's expert report.

**2 On May 28, Kern River sent notice to JMS-Meadow that it would take depositions on May 30, the last day of the discovery period, of JMS-Meadow's designated fact witnesses, Mr. Turville and Hal Rosen, its accountant, and of its expert, Mr. Lifferth. JMS-Meadow sought an extension of time from Kern River, which was denied. JMS-Meadow then failed to produce these persons for deposition. On the May 30 ending date for discovery, Kern River filed, pursuant to Fed.R.Civ.P. 37, a motion to exclude JMS-Meadow's evidence at trial or to compel and for sanctions, arguing that no documents had been produced during discovery as required by Rule 26(a)(1)(B) and (C), JMS-Meadow's witnesses had not appeared for depositions, JMS-Meadow did not provide an expert report complying with Rule 26(a)(2), the discovery period had ended, and the trial date was two months away. JMS-Meadow countered with a motion for protective order asserting that it had not received sufficient time before the depositions were to be taken, and Kern River *100 refused to permit an extension. JMS-Meadow, for the first time in its reply in support of its motion for protective order, indicated that Mr. Turville, who allegedly was the only person who could act on JMS-Meadow's behalf, was dealing with family and personal health issues.

The magistrate judge granted Kern River's motion and denied JMS-Meadow's motion. The magistrate judge ordered JMS-Meadow to produce its two fact witnesses for deposition and precluded, pursuant to Rule 37, JMS-Meadow from introducing at the trial any expert evidence or documents not produced during discovery. The magistrate judge found that JMS-Meadow had failed to comply with Rule 26(a) despite the scheduling order and receiving numerous extensions and that Kern River would be prejudiced by further delay.

JMS-Meadow appealed to the district court arguing that Rule 26(a)(1)(B) only requires identification and not production of documents; Kern River did not make a Fed.R.Civ.P. 34 document request; there was no Rule 26(a) failure to produce documents; even if there had been a Rule 26(a) violation, there was no prejudice to Kern River; JMS-Meadow should have been given an opportunity to cure; there was still time to cure; JMS-Meadow did not act in bad faith; and Mr. Lifferth's report was only technically deficient. The district court upheld the magistrate judge's order.

Thereafter, the district court held a bench trial on the issue of just compensation for the land taking. The evidence showed that based on Kern River's easement, JMS-Meadow would lose 67 townhouse units from the total 465 housing units that West Valley City, Utah had approved for JMS-Meadow's townhouse and condominium development. Gary Free, Kern River's expert witness, testified that any alterations to the approved plan would require

another approval by West Valley City, but that Steve Pastorik of the city planning department had told Mr. Free that any revision would be done administratively and would not require a public hearing process. Aplt.App., Vol. II at 558, 565 (trial testimony); Aplee App. at 220 (expert report). Mr. Turville countered by testifying about the difficulty of reconfiguring all 67 units and in receiving approval from West Valley City for any changes. He specifically denied that it would be possible to obtain approval administratively. The district court, however, recognized that because neither side presented a city witness specifically addressing the reconfiguration issue, all testimony was speculative.

**3 After the trial, JMS-Meadow filed a motion to reopen to present testimony specifically relating to Mr. Free's testimony about West Valley City's approval process and Mr. Pastorik. JMS-Meadow contended that if Mr. Pastorik could testify he would contradict Mr. Free's trial testimony. In a supporting declaration, Mr. Pastorik stated that he did not remember any details of a conversation he may have had with Mr. Free or someone in his office about the JMS-Meadow property and that, if he did have such a conversation, he never would have said it would be easy to reconfigure the plat or possible to do so administratively without a public hearing.

The district court entered findings of fact and conclusions of law adopting Mr. Free's appraisal and awarded compensation of $436,000. The district court also denied the motion to reopen, recognizing that (1) it was tardy; (2) JMS-Meadow failed throughout the litigation to meet court-ordered deadlines; and (3) JMS-Meadow failed to justify its request that additional evidence be received at such a late date. JMS-Meadow appealed.

*101 ANALYSIS
*I. Production of Documents*

JMS-Meadow argues the district court abused its discretion in sanctioning it pursuant to Rule 37 for failing to voluntarily produce documents. According to JMS-Meadow, Rule 26(a)(1)(B) did not require it to produce documents; that rule only required it to describe and identify the documents. Also, JMS-Meadow argues that Kern River did not request production of the documents pursuant to Rule 34, as Kern River allegedly was required to do after JMS-Meadow had described the documents.

Rule 26(a)(1) requires a party to provide initial disclosures "without awaiting a discovery request" of

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims and defenses, unless solely for impeachment;
(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." The district court has discretion both to impose sanctions for discovery abuses under Rule 37 and to decide whether any Rule 26(a) violation was justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 992-93 (10th Cir.1999); *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir.1994). In reviewing for an abuse of discretion, "we examine the totality of the circumstances involved in the case." *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1557 (10th Cir.1996).

**4 [1] It is true, as JMS-Meadow argues, that Rule 26(a)(1)(B) did not require JMS-Meadow to produce documents. *See* Fed.R.Civ.P. 26(a)(1) advisory committee note (1993 amendments). Since JMS-Meadow provided only a description, Kern River was expected to obtain the documents under Rule 34 or through informal requests. *Id.* Although Kern River never made a formal Rule 34 motion, it did make informal requests for the documents, and the magistrate judge ordered that those documents be produced during discovery. JMS-Meadow, however, failed to produce a single document. We therefore reject JMS-Meadow's argument that it was not required to produce any documents.

JMS-Meadow further argues that, even if it was required to produce the documents, the law did not favor the harsh sanction of denying admission of the documents at trial, especially where (1) there was no prejudice to Kern River; (2) JMS-Meadow should have been given an opportunity to cure; (3) there was time to cure; and (4) JMS-Meadow did not act in bad faith, but instead was hampered by Mr. Turville's and his mother's health problems. [FN2] In construing Rule 37(c)(1), we have held that:

Case 2:03-cv-00294-DN   Document 822-9   Filed 09/27/06   PageID.11058   Page 6 of 7

156 Fed.Appx. 96                                                                                               Page 5
156 Fed.Appx. 96, 2005 WL 3257509 (10th Cir.(Utah))
(Cite as: 156 Fed.Appx. 96, 2005 WL 3257509 (10th Cir.(Utah)))

FN2. Kern River contends that JMS-Meadow did not make most of these arguments to the magistrate judge, and, instead, first made them when appealing the magistrate judge's order to the district court. Because the district court did not decline to consider the arguments, we too address them on their merits.

*102 [a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.
Woodworker's Supply, 170 F.3d at 993 (citation omitted).

Under the totality of the circumstances presented here, JMS-Meadow did not show that its violation of Rule 26(a) was either justified or harmless. JMS-Meadow's behavior prejudiced Kern River in its ability to conduct discovery, prepare for trial and cross-examine JMS-Meadow's witnesses. In light of the many extensions of time it received, JMS-Meadow had ample opportunities to cure, but it failed to do so. JMS-Meadow first asserted Mr. Turville's family problems after the discovery deadline had passed. At no time has Kern River argued that JMS-Meadow acted in bad faith. Even without bad faith, the totality of the circumstances show no abuse of discretion.

*II. Expert Evidence*

JMS-Meadow argues that the district court abused its discretion in excluding its expert report from the bench trial. Although JMS-Meadow admits Mr. Lifferth's report is deficient, it contends that any flaws were minor, and it should have been permitted to supply the missing information. JMS-Meadow also argues that the district court abused its discretion in precluding Mr. Lifferth's expert testimony at the bench trial.

A party must disclose the written report of its expert witness. Fed.R.Civ.P. 26(a)(2)(B).
The report shall contain *a complete statement of all opinions to be expressed* and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
**5 Id. (emphasis added). Rule 26(a)(2)'s requirements "are mandatory and self-executing." Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d 49, 59 (1st Cir.2001). Again, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at trial ... any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1).

[2] JMS-Meadow never argues that its expert report was complete; it admits the report was only a preliminary report. Thus, the report did not comply with Rule 26(a)(2). See Salgado ex rel. Salgado v. Gen. Motors Corp., 150 F.3d 735, 741 n. 6 (7th Cir.1998) ("Expert reports must not be ... preliminary in nature."). The Rule 26(a) violation was neither justified nor harmless. Permitting JMS-Meadow to present expert evidence at trial despite failing to disclose the expert report would have inhibited Kern River's ability to prepare for trial; Kern River would have had no pre-trial opportunity to learn the substance of the expert's direct examination testimony. See *103Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir.2002). Excluding the evidence properly avoided prejudice to Kern River. Id. at 953-54. Accordingly, we conclude the district court did not abuse its discretion in refusing to permit JMS-Meadow to present expert evidence at the bench trial.

*III. Fraud on the Court*

Lastly, JMS-Meadow argues that Kern River committed a fraud on the court by allowing Mr. Free to testify about a purported conversation with Mr. Pastorik. JMS-Meadow argues the district court should have reopened the trial to permit JMS-Meadow to present evidence disputing this alleged conversation.

"[A] finding of fraud on the court permits the severe consequence of allowing a party to overturn the finality of a judgment." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1291 (10th Cir.2005); see also Robinson v. Audi Aktiengesellschaft, 56 F.3d

1259, 1265 (10th Cir.1995) ("Any request to set aside a judgment must be viewed in light of a fundamental principle of the finality of duly entered judgments: namely, where a reasonable opportunity has been afforded to the parties to litigate a claim before a court having jurisdiction, and the court has finally decided the controversy, the interests of the public and of the parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them.").

Thus, we have described fraud on the court strictly:
"Fraud on the court ... is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It has been held that allegations of nondisclosure in pretrial discovery will not support an action for fraud on the court. It is thus fraud ... where the impartial functions of the court have been directly corrupted."

**6 United States v. Buck, 281 F.3d 1336, 1342 (10th Cir.2002) (quoting Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir.1985)). Clear and convincing evidence is needed to prove fraud on the court. Id. "Intent to defraud is an 'absolute prerequisite' to a finding of fraud on the court." Zurich N. Am., 426 F.3d at 1291 (quoting Robinson, 56 F.3d at 1267).

[3] JMS-Meadow has failed to sufficiently allege or provide any evidence to show that Kern River had an intent to defraud. Even if Kern River made a misrepresentation to the court through Mr. Free's testimony, there is not a sufficient ground to set aside the district court's judgment based on fraud on the court without an intent to deceive. See Robinson, 56 F.3d at 1267. Because the record fails to show any fraud on the court, we conclude the district court did not abuse its discretion in denying relief on that basis. See Buck, 281 F.3d at 1342 (reviewing denial of relief for fraud on court for abuse of discretion).

Nor did the district court abuse its discretion by denying the motion to reopen. See Morsey v. Chevron, USA, Inc., 94 F.3d 1470, 1477 (10th Cir.1996) (reviewing denial of motion to reopen for abuse of discretion). JMS-Meadow could have, but did not, participate in discovery. It did not depose either Mr. Pastorik or Mr. Free, even though Mr. Free clearly noted in his disclosed expert report that Mr. Pastorik told him that any alteration to the previously approved plan would be handled administratively without a public hearing. Aplee. App. at 220. JMS-Meadow did not subpoena Mr. Pastorik or another West Valley City planning department employee to testify on its own behalf at trial. Because JMS-Meadow failed to properly *104 prepare for trial, the district court did not abuse its discretion in denying reopening.

The judgment of the district court is AFFIRMED.

156 Fed.Appx. 96, 2005 WL 3257509 (10th Cir.(Utah))

**Briefs and Other Related Documents (Back to top)**

• 2005 WL 3968860 (Appellate Brief) Appellant's Reply Brief (Mar. 21, 2005)Original Image of this Document with Appendix (PDF)

• 2005 WL 3968861 (Appellate Brief) Brief of Appellee (Mar. 2, 2005)Original Image of this Document (PDF)

• 2005 WL 441630 (Appellate Brief) Appellant's Opening Brief (Jan. 25, 2005)Original Image of this Document with Appendix (PDF)

• 04-4033 (Docket) (Feb. 26, 2004)

• 2004 WL 3770123 (Appellate Brief) Appellant's Opening Brief (Jan. 6, 2004)Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.