# EXHIBIT I

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 9835 (S.D.N.Y.)
**(Cite as: 1999 WL 9835 (S.D.N.Y.))**

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
Ronnie COVINGTON, Plaintiff,
v.
Police Officer Thomas KID, et. al. Defendants.
**No. 94 Civ. 4234(WHP).**

Jan. 7, 1999.

*MEMORANDUM AND ORDER*

PAULEY, J.

**\*1** This Section 1983 action against the City of New York, the New York City Police Department, Lee Brown, former Commissioner, New York City Police Department ("Brown"), Raymond Kelly, former First Deputy Commissioner ("Kelly"), Robert Johnston, former Chief ("Johnston"), Thomas Walsh, former Assistant Chief, Manhattan South Borough Command ("Walsh"), Police Officer Thomas Kid ("P.O.Kid"), and three additional police officers named as "Does" arises from Plaintiff's arrest on February 18, 1991 for allegedly selling one vial of crack cocaine and possessing seventeen other such vials. The original complaint alleged a panoply of claims, including malicious prosecution, a conspiracy to violate Plaintiff's civil rights, and *Monell* claims against the City of New York for false arrest, false imprisonment, malicious prosecution and "failure to train."

Between January 1995 and December 1997, four separate dispositive motions winnowed Mr. Covington's claims to just two: malicious prosecution and conspiracy, against a single defendant, P.O. Kid. Thus, the amended complaint alleged that P.O. Kid conspired with the other New York City police officers identified only as "Does," to fabricate testimony before a New York County grand jury.

Responding to a discovery request, on June 10, 1998 the City of New York disclosed that Police Officer Lorenzo ("P.O.Lorenzo") and Lieutenant Michael Ahearn ("Lt.Ahearn") were two of the police officers identified as "Does" in the complaint. On June 12, 1998, the case was referred to a magistrate judge for general pretrial purposes. On July 7, 1998, Magistrate Judge Peck conducted a pretrial conference and authorized Mr. Covington to serve a third amended complaint substituting P.O. Lorenzo and Lt. Ahearn for the "Does" by July 24, 1998. At that conference, the City informed Mr. Covington that there were no more "Does" to be named.

On August 7, 1998, following Mr. Covington's failure to comply with the July 7, 1998 order, Magistrate Judge Peck denied Mr. Covington leave to amend the complaint to substitute P.O. Lorenzo and Lt. Ahearn as defendants in place of the "Does." This appeal ensued. For the following reasons, plaintiff's appeal is denied.

*Background*

Plaintiff was arrested on February 18, 1991, by P.O. Kid on the corner of Houston Street and Second Avenue, New York City. The On Line Booking System Arrest Worksheet states that P.O. Kid observed plaintiff "sell 1 crack vial" to an unapprehended individual and that plaintiff was "in possession of 17 other vials of crack." *See* Fastenburg Declaration dated August 19, 1997. Plaintiff was indicted by a grand jury on February 22, 1991 on three counts relating to the sale and possession of a controlled substance.

On February 27, 1991, plaintiff moved to dismiss the indictment on the ground that he was denied his right to testify before the grand jury. On May 7, 1991, New York State Supreme Court Justice Herbert J. Adlerberg granted plaintiff's motion to dismiss the indictment on the condition that plaintiff testify when the case was re-presented to the grand jury. Thereafter, the case was re-presented to the grand jury and plaintiff testified. The grand jury did not indict plaintiff. On June 12, 1991, the State court felony complaint against plaintiff was dismissed. Three years later plaintiff filed this action.

**\*2** Proceeding pro se, plaintiff amended his complaint on September 22, 1994. On March 20, 1997, plaintiff interposed a second amended complaint. During a telephone conference with Magistrate Judge Peck on July 7, 1998, plaintiff was afforded the opportunity to file a third amended

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 9835 (S.D.N.Y.)
**(Cite as: 1999 WL 9835 (S.D.N.Y.))**

Page 2

complaint adding P.O. Lorenzo and Lt. Ahearn as defendants. That conference concluded with the following exchange between the magistrate judge and plaintiff:

> Court: I will remind Mr. Covington that whatever amended pleading he is going to be serving on Ahearn and Lorenzo, needs to be supplied to my chambers and, obviously, served on Ms. Hershkovitz [counsel for P.O. Kid] before you start sending it to the marshals.
> Plaintiff: Okay. So you want me to send it to you?
> Court: Send it to me and Ms. Hershkovitz.
> Plaintiff: Okay.
> Court: And two to three days later, you could then send it to the marshals.
> Plaintiff: Okay.
> Court: And that's got to be done by July 24.
> Plaintiff: July 24.
> Court: Okay. Anything else ... Now, in light of the Kid deposition the week of the 27th and the amendment issue, I'm going to bring you in in early August ... Alright. August 7th at 10:00 a .m., Mr. Covington, and in the meantime you've got the deposition of Officer Kid and the amendment to the complaint that we've talked about.

*See* Transcript at 36-38.

The plaintiff received a copy of the transcript of the July 7, 1998 conference before July 24, 1998. Nevertheless, plaintiff failed to comply with Magistrate Judge Peck's order. As a consequence of plaintiff's failure to interpose an amended complaint naming P.O. Lorenzo and Lt. Ahearn, on August 7, 1998 Magistrate Judge Peck denied plaintiff's renewed request for leave to amend the complaint.

*Discussion*

I. Standard of Review

The Federal Magistrate's Act, 28 U.S.C. §§ 631-639, and Rule 72 of the Federal Rules of Civil Procedure provide the standard of review under which a district court should review a magistrate judge's order. The applicable standard depends on whether the issue decided by the magistrate was dispositive or nondispositive. Dispositive matters warrant a district court's de novo review of a magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) (a magistrate judge may only submit "proposed findings of fact and recommendations for the disposition, by a [district judge], of any [dispositive motion]."); Fed.R.Civ.P. 72(b). For nondispositive matters, a district court should be guided by the clearly erroneous or contrary to law standard of review. *See* Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").

A dispositive matter is one that disposes of, or terminates, a claim or defense. In this case, because Magistrate Judge Peck's order denying Plaintiff leave to amend the complaint foreclosed the potential claims against P.O. Lorenzo and Lt. Ahearn, it was dispositive. *See Scally v. Daniluk,* 1997 U.S. Dist. LEXIS 15983, at *3 (S.D.N.Y.1997) (holding that the appropriate standard of review of a magistrate's denial of a motion to amend the complaint to name a corporate entity as the sole defendant is subject to reconsideration de novo because such denial would result in dismissal of plaintiff's complaint; *Champion Titanium Horseshoe, Inc. v. Wyman-Gordon Investment Castings, Inc.,* 925 F.Supp. 188, 190 (S.D.N.Y.1996) (holding that the appropriate standard of review of a magistrate's denial of a motion to amend the complaint to add two additional claims is subject to reconsideration de novo because matter was dispositive of proposed new claims); *Moss v. Stinnes Corp.,* 1995 WL 625685 (S.D.N.Y.1995) (holding that the appropriate standard of review of a magistrate's denial of a motion to amend that has the effect of disposing of certain of plaintiff's proposed claims is subject to reconsideration de novo). Accordingly, the de novo standard of review applies to this appeal.

II. Should the Magistrate Judge's Recommendation be Adopted?

*3 Where, as here, a pre-trial scheduling order establishing the time table for amendments to pleadings has been filed, the issue of whether a litigant should be granted leave to amend is initially governed by Rule 16(b). A scheduling order should not be modified "except upon a showing of good cause." *See* Fed.R.Civ.P. 16(b). "Good cause" means that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. Advisory Committee's Note, Subdivision (b) (1983 Amendment). If "good cause" is shown, then the moving party must demonstrate that the amendment is proper under Rule 15(a). *See Carnrite v. Granada Hosp. Group, Inc.,* 175 F.R.D. 439, 446 (W.D.N.Y.1997). [FN1]

> FN1. However, because plaintiff, in the instant action, has failed to show "good cause" for modifying the July 24, 1998

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 1999 WL 9835 (S.D.N.Y.)  
**(Cite as: 1999 WL 9835 (S.D.N.Y.))**

Page 3

deadline, this Court need not determine whether the amendment was proper under Rule 15(a).

The deadline for amending pleadings in this action was extended to February 20, 1997 by a revised scheduling order. Nevertheless, the magistrate judge granted Plaintiff leave to amend the complaint again and established July 24, 1998 as the new deadline. On appeal, Plaintiff argues that he misunderstood the Court's directions on July 7, 1998. Through counsel, Plaintiff argues that his confusion alone constitutes "good cause" for failing to comply with the deadline. However, any ambiguous statements that can be extracted from the transcript of the July 7, 1998 conference were resolved at its conclusion. *See* Transcript at 36-38. The closing colloquy between the Court and Mr. Covington was clear and Mr. Covington himself acknowledged his obligation when he repeated the date back to the Court. Moreover, as noted above, plaintiff received a copy of the transcript. [FN2] Indeed, the precise purpose of the August 7, 1998 conference was to deal with the "amendment to the complaint that we've talked about." *Id.* at 36:7-16.

> FN2. At the August 7, 1998 conference, plaintiff acknowledged that he received the transcript. *See* Transcript at 10:13-16.

Because plaintiff has not offered a justifiable excuse for his failure to comply with the July 24, 1998 deadline, "good cause" has not been shown. The magistrate judge's denial of a further extension of the July 24, 1998 deadline was appropriate.

IV. Conclusion

For these reasons, Plaintiff's appeal of the August 7, 1998 order is denied.

Not Reported in F.Supp.2d, 1999 WL 9835 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:94cv04234 (Docket) (Jun. 09, 1994)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.