# EXHIBIT L

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2660649 (D.Kan.)
**(Cite as: 2004 WL 2660649 (D.Kan.))**

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Kansas.
Donna L. UMBENHOWER, Plaintiff,
v.
COPART, INC. and Copart of Kansas, Inc.,
Defendants.
**No. 03-2476-JWL.**

Nov. 19, 2004.
John B. Gage, II, The Gage Law Firm, P.C., Overland Park, KS, for Plaintiff.

Alan L. Rupe, Stacia G. Boden, Kutak Rock, LLP--Wichita, Wichita, KS, S. Jane Bruer, Kutak Rock LLP--Kansas City, Kansas City, MO, for Defendants.

*MEMORANDUM AND ORDER*

LUNGSTRUM, J.

*1 Plaintiff filed this employment discrimination suit against defendants alleging that defendants discriminated against her on the basis of her sex and/or age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., respectively; that defendants retaliated against plaintiff for engaging in activity protected by those statutes; and that defendants violated the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

This matter is presently before the court on four motions--defendants' motion to compel arbitration and to stay proceedings pending arbitration (doc. # 21); plaintiff's motion to strike defendants' addendum to the motion to compel arbitration (doc. # 41); plaintiff's motion to strike defendants' reply brief in further support of their motion to compel arbitration (doc. # 46); and plaintiff's motion to review the magistrate judge's order denying plaintiff's motion in limine and for sanctions (doc. # 79). As explained below, defendants' motion to compel arbitration is retained under advisement pending further briefing on the limited issues described in this opinion.

Plaintiff's motions to strike and plaintiff's motion to review are all denied.

I. Procedural History

Before addressing the merits of defendants' motion to compel arbitration, the court must first explain the procedural posture of the case. Defendants moved to compel arbitration of this case on the grounds that plaintiff, at or near the beginning of her employment with defendants, signed an enforceable arbitration agreement that covers the claims set forth in her complaint. While defendants referenced the arbitration agreement in their motion and indicated that they were attaching a copy of the agreement as Exhibit A to their motion, the agreement was not actually attached to the motion. In fact, no exhibits were attached to the motion.

Plaintiff responded to the motion by asserting that defendants, by failing to attach the agreement, had wholly failed to satisfy their burden of showing that an agreement to arbitrate existed. Plaintiff further argued that, even assuming defendants had attached the agreement, defendants failed to offer any evidence authenticating the signed agreement under the federal rules governing motions for summary judgment. Plaintiff did not set forth any substantive arguments in response to the motion to compel arbitration, [FN1] asserting that she was "powerless to respond" in light of defendants' failure to attach the actual agreement but that she could "imagine numerous arguments against arbitration."

> FN1. Plaintiff makes one passing remark in her response that could be construed as a substantive argument--she asserts that, assuming an agreement to arbitrate existed, she "revoked that agreement when she filed suit against defendants." In support of her argument, plaintiff cites to a Kansas state court case that addresses the common law rule developed in Kansas prior to the enactment of the Kansas Uniform Arbitration Act. See *Baxter v. John Weitzel, Inc.,* 19 Kan.App.2d 467, 475, 871 P.2d 855 (Kan.Ct.App.1994). As the Kansas Court of Appeals noted in that decision, the common law rule permitting either party to revoke an arbitration agreement at any time prior to the making of an award does not apply when the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2660649 (D.Kan.)
**(Cite as: 2004 WL 2660649 (D.Kan.))**

Page 2

arbitration agreement is governed by statute. *See id.* Of course, the arbitration agreement executed by the parties here is governed by the Federal Arbitration Act, 9 U.S.C. § 1. See *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Plaintiff's argument, then, lacks merit.

After receiving plaintiff's response and realizing that they had inadvertently failed to attach the relevant exhibits to their motion to compel, defendants filed an addendum to their motion attaching the exhibits, including the arbitration agreement. Shortly thereafter, defendants filed their reply in further support of their motion to compel. In connection with their reply brief, defendants submitted the affidavit of Bonnie Bendix, defendants' regional human resources manager, to authenticate the agreement. Plaintiff then moved to strike both of defendants' submissions.

*2 With respect to defendants' addendum, plaintiff moves to strike on the grounds that the exhibits (particularly the arbitration agreement) are not authenticated and that, even assuming defendants had provided an affidavit authenticating the agreement, that affidavit would be untimely under Federal Rule of Civil Procedure 6(d) ("when a motion is supported by affidavit, the affidavit shall be served with the motion") and defendants have not shown "excusable neglect" for purposes of receiving an extension of time to file the materials under Federal Rule of Civil Procedure 6(b)(2). Plaintiff moves to strike defendants' reply brief on largely the same grounds (primarily arguing that the affidavit of Ms. Bendix was filed too late) and further contends that Ms. Bendix's affidavit in any event does not properly authenticate the arbitration agreement as Ms. Bendix fails to identify plaintiff's signature on the agreement and lacks personal knowledge of whether and when plaintiff executed the agreement. Defendants oppose the motions to strike and urge the court to resolve their motion to compel on the merits.

As explained in more detail below, the court declines to disregard defendants' motion to compel based solely on defendants' failure to attach the arbitration agreement in the absence of any evidence that defendants' failure was based on anything other than counsel's inadvertence and when counsel corrected the oversight within days of having the oversight brought to counsel's attention. Moreover, the court concludes that defendants were not required to authenticate the arbitration agreement in the absence of any evidence disputing the authenticity of the agreement. Finally, the court, as described below, will permit defendants to file a supplemental reply on the only two substantive arguments raised by plaintiff in response to the motion to compel.

II. Applicable Standard Governing Defendants' Motion to Compel Arbitration

The Courts of Appeals have uniformly applied in the context of motions to compel arbitration brought under the Federal Arbitration Act ('FAA'), 9 U.S.C. § 4 (2000), a standard similar to that applicable to motions for summary judgment. *See, e.g., Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir.2003) (applying a summary-judgment-like standard in ruling on a motion to compel arbitration); *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir.2002) (same); *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n. 9 (3d Cir.1980) (same); *Brown v. Dorsey & Whitney, LLP*, 267 F.Supp.2d 61, 66-67 (D.D.C.2003) (collecting case law on this issue and providing a helpful explanation of why the summary judgment standard applies); *Doctor's Assoc., Inc. v. Distajo*, 944 F.Supp. 1010, 1014 (D.Conn.1996) (same), *aff'd*, 107 F.3d 126 (2d Cir.), *cert. denied*, 522 U.S. 948 (1997). Although the Tenth Circuit has not precisely addressed this issue, there is no reason to believe that it would apply a different legal standard. *See, e.g., Gibson v. Wal-Mart Stores, Inc.*, 181 F.3d 1163, 1166 (10th Cir.1999) (reviewing the district court's grant of a motion to compel arbitration under the summary judgment standard where the parties agreed that standard applied); *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir.1997) (holding the district court must hold a jury trial on the existence of the agreement to arbitrate where the parties raise genuine issues of material fact regarding the making of the agreement to arbitrate (citing *Par-Knit Mills*, 636 F.2d at 54 & n. 9)); *see also, e.g., SmartText Corp. v. Interland, Inc.*, 296 F.Supp.2d 1257 (D.Kan.2003) (applying summary-judgment-like standard to motion to compel arbitration).

*3 Under this well-settled standard, summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir.2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d     Page 3
Not Reported in F.Supp.2d, 2004 WL 2660649 (D.Kan.)
**(Cite as: 2004 WL 2660649 (D.Kan.))**

movant need not negate the other party's claim, but rather must simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. Am. Guar. & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir.2002) (citing *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 671 (10th Cir.1998)). In the context of a motion to compel arbitration, this requires the defendant to present evidence sufficient to demonstrate an enforceable agreement to arbitrate. See *Oppenheimer & Co. v. Neidhardt,* 56 F.3d 352, 358 (2d Cir.1995).

Once the defendant has done this, the burden shifts to plaintiff to demonstrate a genuine issue of material fact as to the making of the agreement to arbitrate. See *Bensadoun,* 316 F.3d at 175; *Oppenheimer,* 56 F.3d at 358. To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Adams,* 233 F.3d at 1246. If the plaintiff demonstrates a genuine issue of material fact, then a trial on this issue is required. 9 U.S.C. § 4 (if the making of the arbitration agreement is seriously disputed, then "the court shall proceed summarily to the trial thereof"); *Avedon Eng'g,* 126 F.3d at 1283 (holding the district court must hold a jury trial on the existence of the agreement to arbitrate where the parties raise genuine issues of material fact regarding the making of the agreement to arbitrate).

III. Discussion

Putting aside for the moment the issue of whether the exhibits that defendants ultimately did file in support of their motion to compel arbitration must be authenticated pursuant to the rules governing motions for summary judgment, see Fed.R.Civ.P. 56(c) & (e); D. Kan. R. 56.1, the court addresses plaintiff's initial response to defendants' motion to compel-that the court must deny summarily defendants' motion to compel because defendants failed to attach a copy of the arbitration agreement to their motion and, thus, have not presented any evidence demonstrating an agreement to arbitrate. The court readily rejects this argument. In doing so, the court is guided in large part by Magistrate Judge Waxse's order denying plaintiff's motion in limine and for sanctions-an order that plaintiff seeks to have this court review.

By way of background, plaintiff, in addition to moving to strike defendants' exhibits and reply brief, moved for sanctions against defendant in the form of an order precluding defendants from arguing or presenting evidence or testimony of the arbitration agreement. The motion was based, in part, on defendants' failure to attach the agreement to their motion to compel and, as described by plaintiff, the prejudice that plaintiff suffered as a result of defendants' failure. Magistrate Judge Waxse denied plaintiff's motion, concluding that defendants' failure to attach the arbitration agreement did not prejudice plaintiff and that the omission was not made in bad faith but simply due to counsel's oversight and inadvertence. He further noted that the court "rarely imposes sanctions based on a party's mere failure to attach exhibits to a motion or brief, an occurrence which is not that uncommon." In fact, as Magistrate Judge Waxse pointed out, plaintiff's counsel was guilty of the same conduct as defendants' counsel-he did not attach any exhibits to plaintiff's motion in limine and for sanctions despite the fact that he purported to attach such exhibits. Indeed, he filed the exhibits a few days later, explaining that he initially failed to do so "due to oversight."

*4 In his motion to review the magistrate's order, plaintiff raises twenty-one specific objections. Several of these objections address the magistrate judge's conclusion that defendants' failure to disclose the arbitration agreement was "substantially justified." The court overrules each of these objections as the magistrate judge also concluded in the alternative that, regardless of whether defendants' conduct was substantially justified, it was harmless in any event. See *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir.2002) (district court can allow evidence in violation of Rule 26(a) if the violation was justified or harmless). Plaintiff also contends that the magistrate judge applied the wrong legal standard in determining that defendants' conduct was harmless. The court overrules this objection as the magistrate judge applied the correct standard as articulated by the Circuit in *Jacobsen v. Deseret Book.*

Plaintiff also makes several objections concerning the magistrate judge's conclusion that defendants "promptly cured" their failure to disclose. According to plaintiff, defendants did not "cure" their failure because they submitted the exhibits without the requisite supporting affidavits. The court overrules this objection based on its conclusion, explained below, that defendants were not required to authenticate the agreement by affidavit. Plaintiff next objects to the magistrate judge's order because the magistrate judge considered defendants' bad faith in assessing plaintiff's Rule 37(c) motion. According to plaintiff, several Circuit Courts of Appeals (other than the Tenth Circuit) have held that the consideration of bad faith is not proper in connection

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:03-cv-00294-DN   Document 822-13   Filed 09/27/06   PageID.11073   Page 5 of 8

Not Reported in F.Supp.2d                                                                Page 4
Not Reported in F.Supp.2d, 2004 WL 2660649 (D.Kan.)
(Cite as: 2004 WL 2660649 (D.Kan.))

with a motion for sanctions under Rule 37(c) given the "self-executing" and "automatic" nature of the sanction imposed thereunder. As plaintiff's argument necessarily concedes, however, the Tenth Circuit has not so held and, in fact, the magistrate judge in this case expressly followed Circuit precedent in analyzing plaintiff's Rule 37(c) motion. *See Jacobsen, 287 F.3d at 952-53* (directing district court to consider, in the Rule 37(c) context, the bad faith of the party who failed to disclose the information). As he was bound to do, Magistrate Judge Waxse applied Circuit precedent (rather than the law of other Circuits that plaintiff espouses) in analyzing plaintiff's motion. Finally, plaintiff contends that the magistrate judge was not authorized under 28 U.S.C. § 636(b)(1)(a) to rule on plaintiff's motion in limine seeking to exclude evidence because, according to plaintiff, the issue is dispositive and the effects of the ruling "could extend into trial itself" such that the ruling would not be limited to "pretrial matters." The objection is overruled. *See Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (an in limine ruling is subject to change at any time and the district court is always free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 179 F.R.D. 450 (D.N.J.1998) (magistrate judge's ruling on a motion in limine treated as nondispositive). [FN2]

> FN2. The court has carefully reviewed and considered plaintiff's few remaining objections to the magistrate judge's order and the court overrules each of those objections.

*5 For the reasons aptly set forth by Magistrate Judge Waxse, the court refuses to deny defendants' motion summarily simply because defendants inadvertently failed to attach the exhibits to the motion. The court turns, then, to the issue of whether it must strike defendants' addendum and, in particular, the exhibit that defendants contend is the arbitration agreement signed by plaintiff because defendants did not authenticate the exhibit in their initial motion to compel. According to plaintiff, authentication is required because courts, including this one, have routinely applied the standard governing motions for summary judgment to motions to compel arbitration; thus, because a party is required to authenticate exhibits in connection with a motion for summary judgment, a party must authenticate exhibits filed in support of a motion to compel arbitration. The court rejects this argument and denies plaintiff's motion to strike the addendum.

The court's conclusion that defendants in this case did not need to authenticate the arbitration agreement is based in large part on the Tenth Circuit's decision in *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956 (10th Cir.2001). [FN3] In that case, the plaintiff argued that the district court erred in considering the language of an arbitration agreement (an agreement that was attached to defendant's motion) in the context of what was effectively a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See id.* at 960. According to the plaintiff, the district court was not permitted to consider the agreement because the plaintiff had not referenced the agreement in its complaint and had not attached the agreement to its complaint. *See id.* The Tenth Circuit rejected this argument and held that the district court properly considered the agreement even assuming the court had treated defendant's motion as a Rule 12(b)(6) motion. *See id.* at 960-61. In so concluding, the Circuit first highlighted the well established rule that a court may consider on a motion to dismiss "an indisputedly authentic copy" of a document submitted by the defendant so long as the document is referenced in the complaint and is central to the plaintiff's claims. *See id.* at 961. The Circuit then concluded that the plaintiff had referenced the arbitration agreement in its complaint, albeit minimally, and that the agreement was central to the plaintiff's claims. *See id.* at 962. In that regard, the Circuit explained:

> FN3. The Tenth Circuit's decision was overruled by the Supreme Court on issues not relevant to this opinion. *See Howsam v. Dean Witter Reynolds, Inc.*, 534 U.S. 1161, 122 S.Ct. 1171, 152 L.Ed.2d 115 (2002).

The 1992 ACCESS Agreement was the arbitration agreement pursuant to which Howsam was obligated to submit her claims to binding arbitration by the NASD (or another arbitration association of which Dean Witter was a member), and was therefore clearly central-nigh indispensable-to deciding the parties' claims. Accordingly, Howsam brought the 1992 ACCESS Agreement to the district court's attention by discussing it in, and attaching it to, her motion to dismiss. Dean Witter has never argued that the copy of the 1992 ACCESS Agreement attached to Howsam's Motion was not a true and complete copy of the original arbitration agreement between the parties. Under these circumstances, we think it would have defied common sense for the district court to ignore the 1992 ACCESS Agreement

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2660649 (D.Kan.)
**(Cite as: 2004 WL 2660649 (D.Kan.))**

Page 5

when rendering its decision in this case.
*6 See id.

While plaintiff in this case does not reference the arbitration agreement in her complaint (she purportedly has no recollection of signing the agreement), she does refer in her complaint to defendants' employee handbook that contains the arbitration agreement. See Complt. ¶ 44. The court believes that this reference, albeit minimal, is sufficient to bring the arbitration agreement within the scope of plaintiff's complaint. See Black & Veatch Int'l Co. v. Wartsila NSD North America, Inc., 1998 WL 953966, at *2 (D.Kan. Dec.17, 1998) (analyzing a Rule 12(b)(6) motion to dismiss and to compel arbitration; considering arbitration agreement without converting motion to summary judgment where the parties' overarching contract that contained the arbitration provision was referenced in the complaint). Moreover, plaintiff has not submitted any evidence disputing the authenticity of the agreement that defendants have submitted with their motion to compel. While plaintiff vaguely suggests that she did not sign the agreement, she has not averred that the signature on the document submitted by defendants is not her signature. Finally, as the Circuit explained in Howsam, the agreement is clearly central to plaintiff's claims. In such circumstances, it simply makes no sense for the court to ignore the agreement simply because defendants failed to authenticate the agreement in their initial motion. [FN4]

> FN4. Defendants here have not asserted their motion to compel under any particular rule including Rule 12(b)(6) or Rule 56. While plaintiff is correct that courts routinely consider such motions using the summary judgment standard, those courts have done so only to the extent that summary judgment requires the absence of genuine issues of material fact. Thus, courts considering a motion to compel arbitration will assess whether any genuine issues of material fact exist concerning, for example, whether an agreement to arbitrate exists. However, this court has found no appellate cases extending the Rule 56 requirement that the parties submit evidence in a form that would be admissible at trial into the context of a motion to compel by requiring the arbitration agreement itself to be authenticated by affidavit in the absence of a genuine dispute about the authenticity of the agreement. Moreover, this court's local rules do not contain such a requirement.

Plaintiff relies in large part on Judge Vratil's opinion in Smith v. Devlin Partners, L.L.C., 2004 WL 1490401 (D.Kan. July 2, 2004) for the proposition that the arbitration agreement must be authenticated by the moving party at the outset. While Judge Vratil noted that the defendant had not authenticated the documents which it contended created the arbitration agreement, she denied the motion for summary judgment because the documents, on their face, were insufficient to establish a binding agreement. Thus, Judge Vratil did not deny summary judgment simply because the documents were not authenticated and it is unclear whether Judge Vratil would have denied summary judgment on that basis alone if the documents otherwise established a binding agreement.

That having been said, if plaintiff means to challenge the authenticity of her signature on the agreement (as she suggests in her reply to defendants' opposition to the two motions to strike), then she should do so in connection with the surreply the court will permit her to file, as described below. To the extent she intends to challenge the signature on the agreement, she must include with her surreply an affidavit from plaintiff stating that the signature on the agreement is not her signature and any other evidence she may have concerning the authenticity of the signature. Assuming the court concludes based on that evidence (and any evidence that defendants might submit in response to the motion to reconsider should plaintiff choose to file one) that genuine issues of material fact exist regarding whether plaintiff in fact signed the agreement, the court will promptly schedule a trial on that issue.

In sum, the court concludes that defendants, under the circumstances presented here, were not required to authenticate the copy of the arbitration agreement that they submitted in connection with their motion to compel arbitration. Thus, the court denies plaintiff's motion to strike defendants' addendum. Of course, because the court has concluded that the agreement did not need to be authenticated by affidavit in the first instance, the court need not address plaintiff's argument concerning Federal Rule of Civil Procedure 6(d) and, for this reason, the court denies plaintiff's motion to strike defendants' reply brief.

*7 As an alternative to his motion to strike defendants' reply brief, plaintiff seeks leave to file a surreply to the motion to compel arbitration. The

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:03-cv-00294-DN   Document 822-13   Filed 09/27/06   PageID.11075   Page 7 of 8

Not Reported in F.Supp.2d                                                        Page 6
Not Reported in F.Supp.2d, 2004 WL 2660649 (D.Kan.)
(Cite as: 2004 WL 2660649 (D.Kan.))

court grants in part and denies in part this request. The court will permit plaintiff to file a surreply, but the court will limit plaintiff's surreply to three specific issues. The first issue is the authenticity of the signature on the agreement, as explained above. The second and third issues are the substantive arguments that plaintiff raised in reply to the motions to strike. Specifically, plaintiff argues that the arbitration agreement is not binding because it contains only a one-sided promise by plaintiff to arbitrate employment disputes with no reciprocal agreement or other consideration by defendants, other than a promise to employ plaintiff, a promise which is illusory in light of the at-will nature of plaintiff's employment. Plaintiff also argues that defendants, even assuming the court considers the arbitration agreement submitted by defendants, have still not come forward with sufficient evidence of an agreement to arbitrate as they have submitted only the signature page of the two-page agreement to arbitrate and have no evidence that plaintiff was provided the first page of the agreement-the page containing the actual agreement to arbitrate.

Plaintiff shall file her surreply, limited to the three issues described in the foregoing paragraph, no later than December 10, 2004. The court will then permit defendants to file a sur-surreply as defendants, as the moving party with respect to the motion to compel arbitration, are entitled to the proverbial "last word." See D. Kan. R. 7.1(c). Defendants sur-surreply shall be filed no later than December 31, 2004.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to compel arbitration (doc. # 21) is retained under advisement. Plaintiff's motion to strike exhibits in support of motion including defendants' addendum (doc. # 41) is denied; plaintiff's motion to strike defendants' reply brief (doc. # 46) is denied; and plaintiff's motion to review the magistrate judge's order denying plaintiff's motion in limine and for sanctions (doc. # 79) is denied.

IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2004 WL 2660649 (D.Kan.)

**Motions, Pleadings and Filings (Back to top)**

• 2004 WL 1905740 (Trial Motion, Memorandum and Affidavit) Suggestions in Opposition to Two Motions to Strike: (1) Motion to Strike Addendum to Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration; and (2) Motion to Strike Reply Brief in Further Support of Defendants' Motion to Compel Arb itration and to Stay Proceedings Pending Arbration and Affidavits Attached Or, In the Alternative, for Leave to File Surreply, and Memorandum in Support Thereof (Jun. 14, 2004)Original Image of this Document (PDF)

• 2004 WL 1905739 (Trial Motion, Memorandum and Affidavit) Reply Brief in Further Support of Defendants' Motion for Protective Order (May 17, 2004)Original Image of this Document (PDF)

• 2004 WL 1905749 (Trial Motion, Memorandum and Affidavit) Suggestions in Opposition to Motion In Limine and for Sanctions Pursuant To Fed. R. Civ. P. 37(c)(1) (May 17, 2004)Original Image of this Document (PDF)

• 2003 WL 23734559 (Trial Pleading) Complaint (Sep. 15, 2003)Original Image of this Document (PDF)

• 2:03cv02476 (Docket) (Sep. 15, 2003)

• 2003 WL 23734457 (Trial Motion, Memorandum and Affidavit) Reply Brief in Further Support of Defendants' Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration (2003)Original Image of this Document (PDF)

• 2003 WL 23734463 (Trial Pleading) Answer to First Amended Complaint (2003)Original Image of this Document (PDF)

• 2003 WL 23734564 (Trial Pleading) Answer (2003)Original Image of this Document (PDF)

• 2003 WL 23734568 (Trial Motion, Memorandum and Affidavit) Memorandum in Opposition to Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration (2003)Original Image of this Document (PDF)

• 2003 WL 23734571 (Trial Motion, Memorandum and Affidavit) Memorandum in Opposition to Motion for Protective Order (2003)Original Image of this Document (PDF)

• 2003 WL 23734938 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion to Strike Addendum to Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration (2003)Original Image of this Document (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                             Page 7
Not Reported in F.Supp.2d, 2004 WL 2660649 (D.Kan.)
**(Cite as: 2004 WL 2660649 (D.Kan.))**

• 2003 WL 23734943 (Trial Pleading) Amended Complaint (2003)Original Image of this Document (PDF)

• 2003 WL 23734949 (Trial Motion, Memorandum and Affidavit) Reply to Suggestions in Opposition to Motion in Limine and for Sanctions Pursuant to Fed.R.Civ.P. 37(c)(1) (2003)Original Image of this Document (PDF)

• 2003 WL 23734954 (Trial Motion, Memorandum and Affidavit) Reply to Suggestions in Opposition to Two Motions to Strike: (1) Motion to Strike Addendum to Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration; and (2) Motion to Strike Reply Brief in Further Support of Defendants' Motion to C ompel Arbitration and to Stay Proceedings Pending Arbitration and Affidavits Attached or, in the Alternative, for Leave to File Surreply (2003)Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.