# EXHIBIT M

**Westlaw.**

931 F.2d 63 (Table) Page 1
931 F.2d 63 (Table), 1991 WL 59369 (10th Cir.(Utah))
**Unpublished Disposition**
**(Cite as: 931 F.2d 63, 1991 WL 59369 (10th Cir.(Utah)))**

C
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Tenth Circuit.
SPECTRA SONICS AVIATION, INC., a Utah corporation, Plaintiff-Appellant,
and
William G. Dilley, doing business as Spectra Sonics, Plaintiff,
v.
Ogden CITY, Ogden City Corporation, Defendants-Appellee,
and
Ogden Municipal Airport Advisory Committee, Leonard Peter, individually and as Manager of the Ogden Municipal Airport, Cowles Mallory, individually and as
Ogden City Manager, Timothy Blackburn, individually and as Deputy City Attorney for the City of Ogden, K.D. Miller, and John Does I through X, Defendants.
No. 89-4142.
April 19, 1991.

D.Utah, No. NC-83-218W.

D.Utah

AFFIRMED.

Before HOLLOWAY, Chief Judge, LOGAN, Circuit Judge, and BRETT, District Judge. [FN*]

ORDER AND JUDGMENT [FN**]

THOMAS R. BRETT, District Judge, Sitting by Designation.

**1 This is an appeal of the trial court's refusal to cite the defendant for civil contempt regarding conduct after the suit was filed; the original substantive claims having been concluded by court order and judgment or settlement. Following a review of the record and the trial court's memorandum decision and order (including Findings of Fact and Conclusions of Law pursuant to Fed.R.Civ.P. 52) of October 27, 1989, we affirm. For appeal purposes, the court also concludes it has jurisdiction to hear only the appeal of Plaintiff-Appellant Spectra Sonics Aviation, Inc., and not the plaintiff below William G. Dilley, d/b/a Spectra Sonics because said latter plaintiff was not named as a party in the notice of appeal. *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 314 (1988). The use of the phrase "*et al.*" is insufficient under Fed.R.App.P. 3(c) to provide notice of the identity of the appellants. *Id.* at 318. "[A] litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court." *Id.* at 317 n. 3. *See also, Concorde Resources, Inc. v. Crabtree v. Muchmore,* 904 F.2d 1475 (10th Cir.1990); and Barnett *Woolsey (In re Woolsey),* 855 F.2d 687, 688 (10th Cir.1988); v. *Petro-Tex Chemical Corporation,* 893 F.2d 800, 805 (5th Cir.), *cert. denied,* --- U.S. ----, 110 S.Ct. 3274 (1990). In the present appeal, plaintiff Spectra Sonics Aviation, Inc. is the only party named as an "appellant" in the notice of appeal.

The original complaint in this case was filed in 1983 by Spectra Sonics Aviation, Inc., a Utah corporation (hereafter "Spectra Sonics") and William G. Dilley, d/b/a Spectra Sonics asserting federal antitrust and civil rights claims against various defendants. On April 25, 1985 the parties entered into a stipulation to resolve ongoing operational problems at the Odgen Municipal Airport and thus allow plaintiffs to do business pending determination of the underlying lawsuit. The parties' stipulation was approved and became effective as ordered by the trial court June 17, 1985.

The antitrust claims were resolved by the trial court's grant of summary judgment against Spectra Sonics and in favor of Ogden City and Ogden City Corporation (hereinafter "Ogden City") on March 22, 1988. The remaining civil rights claims were resolved shortly before trial by the parties' settlement and release of claims supported by mutual consideration which was ultimately approved and enforced by the trial court's Findings of Fact and Order of Dismissal with Prejudice dated November 2, 1988.

The parties' general release disposed of all claims

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:03-cv-00294-DN Document 822-14 Filed 09/27/06 PageID.11024 Page 3 of 3

931 F.2d 63 (Table) Page 2
931 F.2d 63 (Table), 1991 WL 59369 (10th Cir.(Utah))
**Unpublished Disposition**
(Cite as: 931 F.2d 63, 1991 WL 59369 (10th Cir.(Utah)))

between the parties previous to July 15, 1988 and then expressly reserved Spectra Sonics' claim relating to "that conduct particularly described by the plaintiffs in their contempt motion pending when informal settlement was reached in July 1988." A four-day trial to the court was held on December 30, 1988 and January 3, 4 and 5, 1989 in which fourteen witnesses were presented and one hundred and forty-two exhibits received in evidence. On October 27, 1989 the trial court entered its extensive memorandum decision and order, including Findings of Fact and Conclusions of Law pursuant to Fed.R.Civ.P. 52, denying Spectra Sonics' motion to cite Odgen City for civil contempt.

**2 The primary purpose of a civil contempt citation is to compensate for losses sustained by one party due to another party's disobedience of a court order and to compel future compliance with court orders. In contrast, the primary purpose of a criminal contempt sentence is to punish the defiance of a court's judicial authority through a fine or imprisonment. *Ager v. Jane C. Stormont Hospital & Training, Etc.,* 622 F.2d 496 (10th Cir.1980); *Shillitani v. United States,* 384 U.S. 364 (1966). It is apparent that any alleged contempt involved herein is civil contempt.

To prevail on its pending contempt motion Spectra Sonics had the burden of proof in the trial court by clear and convincing evidence that Ogden City had failed to comply with the Court's order of June 17, 1985. *United States v. Professional Air Traffic Controllers,* 703 F.2d 443, 445 (10th Cir.1983); *Heinold Hog Market, Inc. v. McCoy,* 700 F.2d 611, 614-15 (10th Cir.1983). A defendant may be absolved from a finding of civil contempt if the defendant is able to show that it complied with a reasonable interpretation of the stipulation and order and if the defendant's action appears to be based on a good faith and reasonable interpretation of the order. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187 (1949); *Vertex Distributing v. Falcon Foam Plastics, Inc.,* 689 F.2d 885 (9th Cir.1982). Also, it is a defense to a claim of civil contempt if the Defendant takes all reasonable steps and substantially complies with the court order. *General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1379 (9th Cir.1986).

Even if the movant meets its burden of proof, the type, character and extent of relief available is within the trial court's discretion. *Yanish v. Barber,* 232 F.2d 939, 944 (9th Cir.1956). The Court of Appeals for the Tenth Circuit in *Allied Materials Corp. v. Superior Products Co.,* 620 F.2d 224, 227 (10th Cir.1980), states that a compensatory fine in a civil contempt suit must be based upon evidence of the complainant's actual loss (citing *United States v. United Mine Workers,* 330 U.S. 258, 304 (1947)), and the reasonableness of costs claimed.

This court has reviewed the trial court's extensive Findings of Fact 1 through 18, inclusive, found at pages 13 through 23 of the trial court's Memorandum Decision and Order of October 27, 1989, denying Spectra Sonics' motion for citation of civil contempt. The record before this court supports the findings of the trial court and it therefore cannot be said the trial court's findings are clearly erroneous. *United States v. Professional Air Traffic Controllers,* 703 F.2d 443 (10th Cir.1983), and *Heinold Hog Market, Inc. v. McCoy,* 700 F.2d 611 (10th Cir.1983). The trial court's denial of Spectra Sonics' motion for civil contempt citation is therefore AFFIRMED.

Ogden City's request of an award of reasonable costs and attorney fees incurred defending this appeal is DENIED. The parties shall bear their own costs and attorney fees regarding the appeal.

> FN* The Honorable Thomas R. Brett, United States District Judge for the Northern District of Oklahoma, sitting by designation.
>
> FN** This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.

931 F.2d 63 (Table), 1991 WL 59369 (10th Cir.(Utah)), Unpublished Disposition

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.