Case 2:03-cv-00294-DN   Document 845   Filed 10/26/06   PageID.11891   Page 1 of 8

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:  (305) 539-1307

*Attorneys for The SCO Group, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP,<br><br>     Plaintiff/Counterclaim-Defendant<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>     Defendant/Counterclaim-Plaintiff | **SCO'S MOTION FOR A PROTECTIVE ORDER REGARDING DR. JEFFREY LEITZINGER'S PERSONAL FINANCIAL INFORMATION AND CERTIFICATE OF COMPLIANCE WITH RULE 37(c)**<br><br>**FILED IN REDACTED FORM [ORIGINALLY FILED UNDER SEAL]**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff/Counterclaim Defendant, The SCO Group, Inc. ("SCO"), through its undersigned Counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rules, files this Motion for a Protective Order Regarding Dr. Jeffrey Leitzinger's Personal Financial Information and in support thereof states:

1.     At his September 15, 2006 deposition, Dr. Jeffrey Leitzinger testified fully about his hourly billing rate for work on this case, and also estimated the total amount that the firm EconOne has billed in connection with this litigation. (Leitzinger Dep. 10:7-11:1, Sep. 15, 2006, Attached as Ex. A)

2.     At the deposition, counsel for IBM also asked Dr. Leitzinger the following question: "And within – well, let me take taxable year 2005. How much income have you derived either from direct compensation from Econ One or as a result of your status as shareholder of Econ One?" (Id. 7:13-16)  Counsel for IBM then confirmed he was seeking Dr. Leitzinger's total income from those two sources, and not just what Dr. Leitzinger receives from what he bills in this litigation. (Id. at 7:17-20)

3.     EconOne is an economics firm that provides services to many different clients.

4.     This question poses an unwarranted intrusion into Dr. Leitzinger's personal affairs, is wholly collateral to this litigation, and causes undue annoyance and embarrassment.  Accordingly, counsel for SCO instructed Dr. Leitzinger not to answer the question, and agreed to seek a protective order. (Id. at 8:15-10:3)

5.     On September 28, counsel for SCO wrote to counsel for IBM in order to try to resolve the issue before seeking a protective order. (Ex. B)  On October 16,

counsel for IBM informed SCO that he still believed IBM was entitled to the information. (Ex. C) Accordingly, SCO has brought this motion for a protective order.

6.      At the deposition, counsel for IBM stated that SCO had asked the "same question" of IBM experts "who are not professional witnesses and they've answered," and the information was relevant to "potential cross-examination material as to his impartiality." (Leitzinger Dep. 8:7-9, 8:13-14, Ex. A) Neither explanation justifies such an intrusion into Dr. Leitzinger's personal affairs.

7.      It is well established an expert witness is not obligated to disclose his personal financial affairs. Courts have been diligent in protecting the privacy interests of expert witnesses from undue intrusion in the discovery process, particularly when the information sought is unrelated to the case in which the expert is testifying. See, e.g., Elam v Alcolac, Inc., 765 S.W.2d 42 (Mo. App. 1988) (holding that trial court properly refused cross-examination as to fees expert witness received for services in other cases); State By and Through State Highway Commission v. Superbilt Mfg. Co., 204 Or. 393, 406, 281 P.2d 707, 713 (Or. 1955) (holding that "the question as to how much money [witness] had received as an appraiser and witness in prior unrelated cases was improper" because "[s]uch an inquiry opened the doors to purely collateral matters"); In re Wier, 166 S.W.3d 861, 865 (Tex. App. 2005) (reversing trial court decision to allow discovery of financial information of an expert witness unrelated to that case, court held: "The intrusion on the witness's privacy interest, the burden in obtaining the information, and the impact on the willingness of reputable experts to provide testimony when needed in litigation outweigh any possible benefit from the additional discovery ordered.")

3

8.      The sole justification IBM gives for seeking such information – that SCO sought such information from IBM expert Andrew Morton – has no applicability here. Mr. Morton's income is relevant for reasons that are entirely inapplicable to Dr. Leitzinger: IBM co-founded, funds, and largely manages and controls the OSDL, which pays Mr. Morton's salary.[1] The payment of salary to Mr. Morton under these circumstances, as well as the amount of that salary, is highly pertinent to the partiality of his opinions in this case.

9.      In contrast, the majority of Dr. Leitzinger's income from EconOne is wholly unrelated to SCO.  While Dr. Leitzinger did testify about the approximate amounts EconOne has billed SCO for work on this case, the remainder of his income from EconOne has no relation to SCO, no bearing on the opinions he has rendered in this case, and would be collateral to any effort by IBM to impeach him.  Thus, the intrusiveness of this request into Dr. Leitzinger's private matters far outweighs its probative value.

For the foregoing reasons, SCO respectfully requests that this Court enter a protective order precluding IBM from asking Dr. Jeffrey Leitzinger how much income he derived from direct compensation from EconOne or as a result of his status as a shareholder of EconOne.

**REDACTED**

4

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 37(c)</u>

Counsel for SCO has endeavored, in good faith, to reach agreement with IBM before filing this Motion.  As described herein, counsel for SCO wrote to counsel for IBM in order to try to resolve the issue before seeking a protective order.  (Ex. B)  On October 16, 2006, counsel for IBM nevertheless informed SCO that he still believed IBM was entitled to the information.  (Ex. C)  Accordingly, SCO believes the parties are at an impasse, and has brought this Motion for a protective order.

DATED this 20th day of October, 2006.

> HATCH, JAMES & DODGE, P.C.
> Brent O. Hatch
> Mark F. James
>
> BOIES, SCHILLER & FLEXNER LLP
> Robert Silver
> Stuart H. Singer
> Stephen N. Zack
> Edward Normand
> Sean Eskovitz
>
> By_____
> *Counsel for The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing SCO'S Motion for a Protective Order Regarding Dr. Jeffrey Leitzinger's Personal Financial Information was served by email (by agreement of the parties) or U.S. Mail, first class postage prepaid, on Defendant International Business Machines Corporation on the 20th day of October, 2006, to the following:

VIA EMAIL:

> David Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York 10019
> dmarriott@cravath.com
>
> Todd Shaughnessy, Esq.
> Snell & Wilmer LLP
> 1200 Gateway Tower West
> 15 West South Temple
> Salt Lake City, Utah 84101-1004
> tshaughnessy@swlaw.com

VIA U.S. MAIL:

> Donald J. Rosenberg, Esq.
> 1133 Westchester Avenue
> White Plains, New York 10604

By_____

7

# EXHIBITS FILED UNDER SEAL