# EXHIBIT F

LEXSEE 1987 U.S. DIST. LEXIS 4374

J. Allen Baxter, Plaintiff, v. Navistar International Corporation, Defendant

Civil Action No. 85-2293

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

1987 U.S. Dist. LEXIS 4374

May 18, 1987, Decided and Filed

COUNSEL: [*1]

Gene E. Schroer of Schroer, Rice, Bryan & Lykins, P.A. and Ralph E. Skoog, P.A., for plaintiff.

Donald Patterson of Fisher, Patterson, Sayler & Smith and John J. Jurcyk, Jr., and Jeanne, Gorman of McAnany, Van Cleave & Phillips, for defendant.

OPINION BY:

O'CONNOR

OPINION:

MEMORANDUM AND ORDER

Earl E. O'Connor, Chief Judge

This matter is before the court on plaintiff's Objection to the Magistrate's Order of April 2, 1987, requiring plaintiff's expert, John B. Sevart, to produce state and federal income tax returns for 1980-86 for himself and his wife, as well as his company, Advance Technology, Inc.

This is a products liability action in which the plaintiff has designated Mr. Sevart as its expert witness. Sevart is an engineer who admittedly has a prosperous business performing services as an expert witness. Defendant contends that Sevart testifies as an expert witness. Defendant contends that Sevart testifies as an expert witness against manufacturers as a full-time occupation. As a consequence, defendant argues that Sevart has a financial interest in preserving his occupation and that defendant is entitled to the requested tax information for impeachment purposes. Defendant therefore contends that [*2] the tax returns in question are discoverable under *Federal Rule of Civil Procedure 26* and that the Magistrate's order compelling production thereof was proper.

It is well established that an order of the United States magistrate must stand unless it is clearly erroneous or contrary to law. *28 U.S.C. § 636(b)(1)(A)*; *DeVore & Sons, Inc. v. Aurora Pacific Cattle Co., 560 F.Supp. 236, 239 (D. Kan. 1983)*; Rule 36(IV)(1) of the Rules of Practice of the United States District Court for the District of Kansas. Applying this standard to the facts of this case, the court finds that the Magistrate's Order requiring Sevart to produce the tax returns must be affirmed.

There is no question that a party has the right to cross-examine an expert witness about fees earned in prior cases. See *Collins v. Wayne Corporation, 621 F.2d 777, 783 (5th Cir. 1980)*. Defendant seeks to use the requested tax returns to cross-examine Sevart about the expert witness fees he has earned in previous cases. The Honorable Patrick J. Kelly has ruled in a similar case involving Mr. Sevart that the income tax returns of Mr. Sevart and Advance Technology, Inc., were discoverable. See *Townley v. Vermeer Manufacturing* [*3] *Co., No. 81-1262 (d. Kan., unpublished, June 30, 1983)*. Although Judge Kelly's order dealt only with the returns of Mr. Sevart and his company, the court finds that it is also reasonable to compel production of Mrs. Sevart's returns, since she works for her husband and Advance

Technology.

Plaintiff has failed to demonstrate that the Magistrate's ruling requiring production of the requested tax returns is clearly erroneous or contrary to law. Plaintiff's Objection to the Magistrate's Order of April 2, 1987, is therefore denied.

IT IS SO ORDERED.

Dated this 18th day of May, 1987, at Kansas City, Kansas.