# EXHIBIT G

Not Reported in F.Supp.
(Cite as: 1991 WL 46375 (D.Kan.))

Page 3

Only the Westlaw citation is currently available.

United States District Court, D. Kansas.

**First State Bank of Junction City, Kansas, Conservator for Christopher L. Cottis, a Minor, Plaintiff,**
v.
**Deere and Company, John Deere Company, Defendants.**

Civ. A. No. 86-2308-S.

March 15, 1991.

Jerry R. Palmer, Palmer, Marquardt & Snyder, P.A., Steve Hornbaker, Harper & Hornbaker, Chartered, for plaintiffs.

Robin G. Maxon, Gary D. McCallister, J. Franklin Hummer, Davis, Wright, Unrein, Hummer & McCallister, for defendants.

OPINION: MEMORANDUM AND ORDER

DALE E. SAFFELS, District Judge.

*1 This matter is before the court on:

1. Plaintiff's Motion for Protective Order (doc. 48).

2. Plaintiff's Motion to Quash Portions of Defendant's Notice Duces Tecum to Take Depositions (doc. 60).

3. Plaintiff's Motion to Quash Certain Portions of Subpoena Duces Tecum Sent to John Sevart February 25, 1988 (doc. 63).

1. Plaintiff's Motion for Protective Order (doc. 48) brought pursuant to Fed.R.Civ.P. 26(c), requests the court limit the schedule of documents to be produced at the deposition of plaintiff's expert witness John Sevart. On November 12, 1987, a Notice Duces Tecum to Take the Video Tape Deposition of Mr. Sevart was filed by defendants (doc. 43). It was accompanied by a schedule of documents to be produced by Mr. Sevart. Plaintiff claims Document Requests 12, 14 through 18, 20 through 24, 26 and 27 (See Schedule of Documents, Exhibit A to Motion for Protective Order; doc. 48) are overly broad, onerous and burdensome.

A few preliminary matters require consideration. First, plaintiff failed to file a certificate of compliance with D.Kan. Rule 210(j) [formerly Local Rule 17k] with its motion for protective order and motions to quash. Under this rule:

Unless otherwise ordered, the Court will not entertain any motion to quash or modify a subpoena pursuant to Fed.R.Civ.P. 45(d), or any motion under Fed.R.Civ.P. 26(c) or 37(a) unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Counsel for the moving party shall file a certificate of compliance with this rule as part of the motion.

Upon review of the memoranda of the parties, it is clear that a discovery dispute exists with regard to certain document requests and that the parties are unable to resolve them. We shall therefore waive compliance with D.Kan. Rule 210(j).

Another matter of concern involves the procedures used by both parties with regard to the document requests at issue in plaintiff's Motion for Protective Order. There is no record of service of a subpoena duces tecum, pursuant to Fed.R.Civ.P. 45, upon expert witness John Sevart on November 12, 1987. Defendants merely filed a notice to take deposition upon plaintiff. Mr. Sevart is not a party to this action and is, therefore, not required to appear or produce documents, pursuant to a notice under Fed.R.Civ.P. 30. When parties are deposed, the deposition notice may include a request for documents. The procedure of Fed.R.Civ.P. 34 applies to such a request. Fed.R.Civ.P. 30(b)(5). Under Rule 34, a party is only required to produce documents which are in its possession, custody or control. Clearly, documents in the possession, custody or control of non-party witness John Sevart are not in the possession, custody or control of plaintiff just because Mr. Sevart is plaintiff's expert witness. Therefore, plaintiff's Motion for Protective Order (doc. 48) is denied for improper procedure.

The court shall, however, discuss some of the document requests at issue in plaintiff's Motion for Protective Order on the merits in our consideration

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.
(Cite as: 1991 WL 46375, *1 (D.Kan.))

Page  4

of Plaintiff's Motion to Quash (Doc. 63). A subpoena duces tecum was served upon John Sevart on February 24, 1988 rescheduling his deposition for March 14, 1988. On March 3, 1988, plaintiff, on its own behalf and on behalf of John Sevart, filed a Motion to Quash Certain Portions of the Subpoena Duces Tecum Sent to John Sevart on February 25, 1988 (doc. 63). Plaintiff claims it incorporates by reference all objections previously made to "an identical subpoena duces tecum previously served on Mr. Sevart." (Motion to Quash at 1; doc. 63). Defendants, in response, state that they incorporate by reference all responses made to plaintiff's previous motion to quash. (Response to Motion to Quash at 1; doc. 64).

*2 The most recent memoranda filed by the parties contain inaccuracies. First of all, the court record does not show that an "identical subpoena duces tecum" was ever filed. The document requests attached to the deposition notice filed on November 12, 1987 are not identical to the document requests listed in the deposition notice filed on February 23, 1988 (doc. 57). Furthermore, the subpoena duces tecum filed on February 25, 1988 (doc. 59) refers to an attached list of documents, but the court file contains no such list. We shall assume defendants were referring to the document list attached to the deposition notice filed on February 23, 1988.

Also, the "previous arguments" defendants refer to in their memoranda concern their response to plaintiff's Motion for Protective Order, not a response to a previous motion to quash. The court shall assume that the parties are "incorporating by reference" their previous arguments in connection with plaintiff's Motion for Protective Order. We shall also consider on the merits only those document requests made on February 23, 1988 which are identical to those made on November 12, 1987 and placed in issue by plaintiff's Motion for Protective Order.

The court shall therefore rule on the following requests contained in the deposition notice filed February 23, 1988 (doc. 57): Requests 6, 8 through 16, 18 and 19.

Request 6 (formerly Request 12) seeks:

All investigative files, notes, reports, documents, articles, publications, books, treatises, articles or similar documents authored by John Sevart or Advanced Technology, Inc., or received by him or Advanced Technology, Inc. regarding lawnmowers.

Plaintiff claims this request is overly broad and burdensome. Plaintiff also states it may request documents which are privileged under Fed.R.Civ.P. 26 or comparable rules in states where an action may be pending. Defendants argue the request is not overly broad because defendants have had to provide similar discovery in this case of such a broad nature.

The court finds defendants overstate the discovery which has been required of them. In a Memorandum and Order filed August 12, 1987 (doc. 34), the court ordered defendants to produce documents concerning accidents "of the blade contact type" from the lawnmower model at issue in this case and from "similar" products.

The court finds Request 6 is overly broad on its face. Plaintiff's motion to quash is granted as to this request.

Requests 8 and 9 (formerly Requests 14 and 15 respectively) request:

8. A list of each and every case involving riding lawnmowers in which John B. Sevart testified whether by way of deposition or at trial for the past five (5) years including the following information:

a. The name of the plaintiff;

b. The name of the defendants;

c. The name of the court in which the case is or was pending;

d. The name of the court in which the case was led;

e. The number of the case;

f. The product involved;

g. The date of the testimony;

h. Whether the testimony was provided on behalf of the plaintiff or the defendant; and pending or

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.
(Cite as: 1991 WL 46375, *3 (D.Kan.))

Page 5

*3 i. Whether the case is still closed.

9. With respect to cases involving riding lawnmowers, a list of each and every attorney involved in the riding lawnmower litigation and for whom John Sevart has worked or who has retained Advanced Technology, Inc. or John Sevart for the past five (5) years.

Plaintiff claims no lists are maintained which are responsive to these two requests. Plaintiff states that "Mr. Sevart will try to respond to this if a question in this form is posed." (Motion for Protective Order at 5; doc. 48). Defendants argue Mr. Sevart should be required to examine his records and prepare a response or produce the records from which an answer may be derived.

The procedure for document requests under Fed.R.Civ.P. 45 is analogous to that under Fed.R.Civ.P. 34. See Fed.R.Civ.P. 45 advisory committee note to 1970 amendment. Under Fed.R.Civ.P. 34, any party may request any other party to produce documents and tangible things for inspection and copying "which are in the possession, custody or control of the party upon whom the request is served." The court will not require Mr. Sevart to create a document in response to a production request. Plaintiff's Motion to Quash is granted with respect to Request 8 and 9.

Requests 10 and 11 (formerly Requests 16 and 17 respectively) are as follows:

10. All financial records relating to payments to John Sevart for testimony in product liability cases as an expert for plaintiff over the past five (5) years including the following information:

a. The party making the payment to John Sevart, P.E.;

b. The case in which testimony was given;

c. Compensation for the testimony; and

d. The date of the testimony.

11. A copy of all Federal, State, and local income tax returns filed by John Sevart; John Sevart, P.E. or Advanced Technology, Inc. for the years 1981 through 1986, inclusive.

Plaintiff argues that neither Mr. Sevart's financial records or tax returns should be discovered because they pertain to collateral examination for the purpose of impeachment of credibility only. Plaintiff relies on a recent decision by The Honorable Sam A. Crow in Hardison v. Snapper Power Equipment, No. 87-1400 (D.Kan. Aug. 28, 1987) to support its position.

Defendants claim Mr. Sevart's financial information and tax returns are relevant to show possible bias which relates to his credibility as an expert. They seek to use the tax returns to cross-examine plaintiff's expert about the fees he has earned in previous cases. Defendants refer to the case of Baxter v. Navistar International Corp., No. 85-2293 (D.Kan.1987) in which Mr. Sevart was ordered to produce tax returns.

There appears to be a split of opinion in this district with regard to the discovery of tax returns of a party's expert witness. The Honorable Judge Kelly ruled in favor of such discovery in Townly v. Vermeer Manufacturing Co., No. 81-1262 (D.Kan. June 30, 1983). During the motion hearing he stated:

It is true I have reserved a ruling on this and it's true that I have attempted to do so in the interest of staying consistent and not require any designated expert to come forward with his income. This is a case, however, whose time has come, I think. Mr. Sevart, as far as I'm concerned, is a very well thought of and discerning mechanical engineer who probably has a market as a witness in agricultural cases and other areas of mechanics. Be that as it may, he has testified here and he is a prominent expert in others. Just seems to me even on cross, classic test of credibility is that he is less than partial and one's income might well corroborate such a suggestion. I'm going to require that Mr. Sevart produce now his tax returns....

*4 (Transcript of In-Chambers Conference held June 7, 1983 at page 17). On other occasions this court has ordered an expert to produce his tax returns because they were considered relevant to the issues of bias and credibility upon cross-examination. See, e.g., Baxter v. Navistar International Corp., No. 85-2293 (D.Kan. April 2, 1987 and May 18, 1987).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.  
(Cite as: 1991 WL 46375, *4 (D.Kan.))

Page 6

However, The Honorable Judge Crow in Hardison v. Snapper Power Equipment, No. 87-1400 (D.Kan. Aug. 28, 1987) ruled against the discovery of an expert's tax returns. He found the returns to be protected from disclosure by a qualified privilege.

Because there is a public policy against the unnecessary disclosure of tax returns, Judge Crow and judges in several other jurisdictions have adopted a two-prong test to aid them in the determination of the appropriate circumstances in which to order the discovery of tax returns. The two-prong test requires (1) a finding that the returns are relevant to the subject matter of the action and (2) there is a compelling need for the tax returns because the information is not otherwise readily obtainable. See S.E.C. v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y.1985); Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc., 96 F.R.D. 147 (E.D.Va.1982) and cases cited therein.

Applying the two-prong test in Hardison, Judge Crow found:

Impeachment of an expert witness on the basis of income tax returns is collateral and not directly relevant to the subject matter of the litigation. See Davis v. Hinde, 141 Ill.App.3d 664, 490 N.E.2d 1049 (1986). Consequently, the two-prong test for disclosure of income tax returns is not satisfied. A uniform rule requiring the production of tax returns of all expert witnesses undermines and contradicts what courts have described as a delicate situation. In a similar vien, [sic] the court recognizes that circumstances could exist as to require the disclosure, but defendant has not sustained its burden in this case.

Hardison v. Snapper Power Equipment, No. 87-4100, slip op. at 10 (D.Kan. Aug. 28, 1987).

In this case, the court finds that the two-prong test set forth above should be used to determine whether or not Mr. Sevart's tax returns should be produced. However, we respectfully disagree with the ruling in Hardison and find that defendants have shown a relevant purpose for discovery of Mr. Sevart's tax returns.

"Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138-39 (W.D.Okla.1977); Fed.R.Civ.P. 26(b). Relevancy should not be equated with admissibility at trial. McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 61 (E.D.Pa.1979). "Discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition." 8 C. Wright and A. Miller, Federal Practice and Procedure § 2015, at 113 (1970).

*5 Fed.R.Civ.P. 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." We find that although the discovery of an expert's tax return might be barred because of the existence of a qualified privilege, the returns may still be relevant to the issue of impeachment of the expert's credibility and therefore relevant to the subject matter of the action.

Defendants have shown the relevancy of their request for Mr. Sevart's financial information and tax returns. Therefore, the first prong of the test has been met.

The court finds defendants have failed to meet the second prong of the test--that there is a compelling need for the tax returns because the information is not otherwise readily obtainable. Defendants state: "Tax information is not readily obtainable by the defendants from other sources due to the existence of protective orders entered in other cases." (Defendants' Memorandum in Response and Opposition to Plaintiff's Motion for Protective Order at 4; doc. 52). This statement fails to address the second prong of the test. The financial information in the tax returns which is relevant to the issue of impeachment is most likely found in other financial documents possessed by Mr. Sevart. Defendants have requested some of this information in Request 10. Defendants have not shown the information is not otherwise obtainable. The court therefore grants plaintiff's Motion to quash with regard to Request 11. Mr. Sevart shall not be required to produce a copy of his tax returns or that of Advanced Technology, Inc. at his deposition.

The court finds no qualified privilege attaches to

Not Reported in F.Supp.                          Page 7
(Cite as: 1991 WL 46375, *5 (D.Kan.))

the financial information requested in Request 10. We find the request to be relevant because a party has the right to cross-examine an expert witness concerning fees earned in prior cases. See Collins v. Wayne Corp., 621 F.2d 777, 783 (5th Cir.1980). Plaintiff's motion to quash is denied with regard to Request 10.

Request 12 (formerly Request 18) seeks:

Copies of documents in John Sevart's possession regarding reported accidents of the blade contact type, including injuries resulting from "this series of models" or from "other similar products". The information should be complete enough so that the following about each such reported accident can be discerned:

   a. The name of the injured person;

   b. The date and place of the accident;

   c. The person's attorney's name and address, if an attorney was involved;

   d. If there was a lawsuit involved, the style of the case, the name of the Court, the city in which the Court exists, the case number and date of filing;

   e. The manufacturer and model of the machine involved;

   f. The type of injury involved; and

   g. The age of the person injured.

If it is easier to provide this in a listing rather than providing documents, that is an acceptable mode of response.

Plaintiff argues this material is no broader than the information which has been supplied by John Deere and Company and that it should already be known to defendants. Defendants respond that they are entitled to the information and if the only documents Mr. Sevart has in his possession are those which defendants have supplied to plaintiff, plaintiff should so state. The court agrees with defendants. Plaintiff's motion to Quash Request 12 is denied.

*6 Request 13 (formerly Request 21) asks for:

An index of the library material available to John Sevart and which relate to the subject of the avoidance of blade contact accidents. This should include books, and articles, patents, films, video tapes, dissertations, and monographs.

Plaintiff states that those materials relied upon by the expert will be identified in the deposition. Defendants argue that if there are documents which Mr. Sevart reviewed, but did not rely upon, they should be entitled to review those documents as well.

The court finds Request 13 seeks relevant discovery. We deny plaintiff's motion to quash as to this request. However, we note that Mr. Sevart is not required to create an index of the library material available to him if one does not already exist.

Request 14 (formerly Request 22) seeks:

Copies of any safety hazard analysis regarding lawnmowers prepared by or at the request of John Sevart.

Plaintiff argues this request is overly broad and requests information that may be privileged or covered by protective orders in other cases. The court agrees. The request is not limited to blade contact accidents or to the lawnmower model at issue in this case or a "similar" lawnmower. The court grants plaintiff's motion to quash as to Request 14.

Request 15 (formerly Request 23) asks for:

Copies of any documents relating to riding lawnmowers and blade contact accidents upon which John Sevart has relied in any sworn testimony, deposition or otherwise, and which have not been provided under any other paragraph of this request.

Plaintiff claims this request is overly broad. Plaintiff argues it would require a review of depositions and exhibits in every file in the expert's possession. Defendant counters that the request seeks relevant discovery.

The court finds Request 15 is relevant to the subject matter of this action. The request is limited to riding lawnmowers and blade contact accidents.

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.                                    Page 8
(Cite as: 1991 WL 46375, *6 (D.Kan.))

Plaintiff has not shown that the request is overly broad as to be unduly burdensome. Therefore, we deny plaintiff's motion to quash as to Request 15.

Request 16 (formerly Request 24) seeks:

All decals, warnings, stickers, operating manuals, attachments, safety devices, alterations or similar documents or devices prepared by John Sevart or Advanced Technology, Inc., or anyone acting on John Sevart's behalf or gathered by John Sevart or Advanced Technology, Inc. or anyone acting on its behalf regarding the use or operation of the product invovled [sic] in this case or any other product substantially similar to the product involved in this case.

Plaintiff claims the phrase "or any other product substantially similar to the product involved in this case" is objectionable and opens discovery up to every machine that cuts grass in this way. Defendants argue: "Mr. Sevart is claiming the defendants did not properly warn Patrick Cain of the dangers associated with the riding mover. Decals and warning stickers Mr. Sevart has prepared or has had prepared for other suhstantially similar products, should be produced to the defendants." (Defendants' Memorandum in Response and Opposition to Plaintiff's Motion for Protective Order at 10; doc. 52).

*7 The court finds that defendants' request for information regarding other produce "substantially similar" to the lawnmower involved in this case is not overly broad on its face. It is plaintiff's burden to show, by explanation or factual support, that the request is so broad as to be unduly burdensome. Plaintiff has not done so. Therefore, the court denies plaintiff's motion to quash Request 16.

Request 18 (formerly Request 26) requests:

All books, treatises, articles, publications or materials which John Sevart considers authoritative with regard to the alleged problem with the product involved in this case.

Plaintiff states that documents which are being relied upon in this case will be provided, except general background or educational materials. Plaintiff further states that all such materials are not in the possession of the expert witness. Defendants argue that there may be materials Mr. Sevart believes are authoritative on this subject which contradict his opinions.

The court denies plaintiff's motion to quash regarding this request. However, we note Mr. Sevart is not required to produce materials which are not in his possession.

Request 19 (formerly Request 27) seeks:

For every case in which Mr. Sevart has been approached or retained as an expert, investigator or engineer whether or not the case actually came to trial, and whether or not Mr. Sevart was listed as a witness or testified in the case, involving a lawnmower, produce the following information:

a) The case name;

b) The court designation;

c) The client's name;

d) The client's attorney's name and address;

f) [sic] The type of product;

g) The name of the manufacturer involved in the case.

Plaintiff contends the information requested is proprietary, and that defendants already have this information with respect to cases involving John Deere. Defendants claim the information is not proprietary because the cases are filed and are of public record. Defendants argue the information is crucial to understanding the development of Mr. Sevart's opinions regarding product defects.

This is substantially the same request as Numbers 8 and 9. The court believes that Mr. Sevart may be questioned on this subject matter in his deposition, but it is not a proper request for production. However, Mr. Sevart should be prepared to give an accurate account of the information requested in Numbers 8, 9, and 19, to the best of his recollection. The motion to quash is granted as to 19.

In summary, the court grants in part and denies in part plaintiff's Motion to Quash (doc. 63) as more

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Not Reported in F.Supp.
(Cite as: 1991 WL 46375, *7 (D.Kan.))

Page 9

fully set forth above. The deposition of Mr. Sevart may be rescheduled.

The final matter before the court is Plaintiff's Motion to Quash Portions of Defendant's Notice Duces Tecum to Take Depositions (doc. 60). The motion concerns the notice to take deposition of the witness H. Boulter Kelsey, Jr. which was scheduled for Tuesday, March 1, 1988. Plaintiff incorporates its objections to Mr. Sevart's deposition in this motion and also states the March 1, 1988 deposition date does not permit sufficient time to get the information requested to Mr. Kelsey.

*8 The motion to quash suffers from the same procedural defects as plaintiff's Motion for Protective Order discussed earlier in this memorandum. There is no record that a subpoena was served upon Mr. Kelsey. Therefore, he is not required to appear at the deposition or produce the documents requested in the Notice Duces Tecum to Take Depositions (doc. 58).

The court finds the merits of the document requests are not properly before it at this time. Plaintiff's Motion to Quash the Notice Duces Tecum (doc. 60) is therefore denied. Mr. Kelsey's deposition may be rescheduled.

In summary,

1. Plaintiff's Motion for Protective Order (doc. 48) is denied.

2. Plaintiff's Motion to Quash Portions of Defendant's Notice Duces Tecum to Take Depositions (doc. 60) is denied.

3. Plaintiff's Motion to Quash Certain Portions of Subpoena Duces Tecum Sent to John Sevart February 25, 1988 (doc. 63) is granted in part and denied in part.

IT IS SO ORDERED.

1991 WL 46375 (D.Kan.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Wo