# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **THE SCO GROUP, INC.,**<br><br>　　　Plaintiff/Counterclaim-<br>　　　Defendant,<br><br>vs.<br><br>**INTERNATIONAL BUSINESS MACHINES CORPORATION,**<br><br>　　　Defendant/Counterclaim-<br>　　　Plaintiff. | ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER OF JUNE 28, 2006<br><br>Case No.  2:03CV294 DAK |

　　　This matter is before the court on The SCO Group, Inc.'s ("SCO") Objections to Order Granting in Part IBM's Motion to Limit SCO's Claims.  A hearing on SCO's Objections was held on October 24, 2006.  At the hearing, SCO was represented by Stuart H. Singer, and International Business Machines Corporation ("IBM") was represented by David R. Marriott.  Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties.  Since taking SCO's Objections under advisement, the court has further considered the law and facts relating to the Objections.  Now being fully advised, the court renders the following Order.

## I. STANDARD OF REVIEW

　　　This action was previously referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), which permits the Magistrate Judge to decide certain non-dispositive matters,

subject to being set aside by the district judge if the determination is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  To overturn the Magistrate Judge's decision as clearly erroneous under Rule 72(a), the court must have "a definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotations omitted).

SCO argues, however, that the Magistrate Judge's June 28, 2006 Order should be reviewed *de novo* because IBM's Motion to Limit SCO's Claims had a dispositive effect.  IBM, on the other hand, contends that the motion was non-dispositive because it did not dispose of any of SCO's claims or defenses.  Rather, IBM argues, the Order merely limits SCO's ability, pursuant to Rules 26 and 37, to support certain of its allegations of misuse and to introduce certain matters into evidence.  Therefore, IBM argues, the June 28, 2006 Order is subject to the more deferential "clearly erroneous or contrary to law" standard of review.

The June 28, 2006 Order was based "solely on whether or not SCO met the requisite disclosure threshold as required by the court's orders."  *See* Order at 38 n.128.  The court finds that IBM's motion to limit the evidence that SCO could use to prove its claims, was a non-dispositive motion.  Thus, the proper standard of review to apply to the June 28, 2006 Order is the deferential "clearly erroneous or contrary to law" standard of review.[1]  *See, e.g.*, *Boucher v. Cont'l Prod. Co., Inc.*, 365 F. Supp. 2d 1, 1 n.1 (D. Me. 2005) (treating magistrate judge's

---

[1] While not relevant to the court's determination of the proper standard of review, it bears noting that the Magistrate Judge, having supervised and addressed the plethora of discovery issues in this case for over three years, sits in a significantly more educated position to fairly evaluate such discovery-related issues.

exclusion of late-arriving expert testimony from evidence as "non-dispositive action" entitled to deferential review); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 179 F.R.D. 450 (D.N.J. 1998) (treating magistrate judge's ruling on a motion in limine as non-dispositive); *Exxon Corp. v. Halcon Shipping Co., Ltd*, 156 F.R.D. 589, 591 (D.N.J. 1994) (applying a "clearly erroneous or contrary to law" standard of review to magistrate judge's Order precluding expert witness testimony); *Jesselson v. Outlet Assocs. of Williamsburg*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) (holding that a magistrate's ruling precluding the use of evidence at trial was not dispositive and therefore reviewable under a clearly erroneous or contrary to law standard); *Umbenhower v. Copart, Inc.*, No. 03-2476 2004 WL 2660649, at *4 (D. Kan. Nov. 19, 2004) (rejecting argument that magistrate judge ruling on motion to exclude evidence in civil case is dispositive).

Notwithstanding this determination, however, the court recognizes that the case law is far from uniform regarding the classification of the type of motion at issue here. *See generally* Kent Sinclair, Jr., *Practice Before Federal Magistrates*, §§ 16-17 (Matthew Bender 1993) (discussing difference between dispositive and non-dispositive motions and also explaining that sanction motions are generally treated as non-dispositive motions except "where the situation appears to require imposition of one of the drastic sanctions of Rule 37(b), such as dismissal or default . . . [or] contempt," in which case the disposition by a magistrate takes "the form of a recommendation to be reviewed *de novo* by the district judge."). Therefore, out of an abundance of caution, the court has treated the June 28, 2006 Order as a recommendation and has applied a

*de novo* standard of review.[2]

## II. DISCUSSION

Having thoroughly reviewed and considered the briefing related to IBM's Motion to Limit SCO's Claims, the briefing related to SCO's objections, the underlying previous discovery orders, and the arguments made at the October 24 hearing, the court finds that, even under a *de novo* standard of review, the Magistrate Judge's June 28, 2006 Order is correct. The court finds that SCO failed to comply with the court's previous discovery-related Orders and Rule 26(e), that SCO acted willfully, that SCO's conduct has resulted in prejudice to IBM, and that this result–the inability of SCO to use the evidence at issue to prove its claims– should come as no surprise to SCO. In addition, the court finds that neither particularized findings on an item-by-item basis nor an evidentiary hearing is required to make these determinations. The court, therefore, affirms and adopts the Magistrate Judge's June 28, 2006 Order in its entirety.

## III. SCHEDULING ISSUES

During the hearing on October 14, 2006, the court inquired about the timing of the trial of this case. Because of the many pending dispositive motions–which will not be fully briefed until December 2006, and likely will not be decided until spring 2007–and also because it makes little sense at this point to proceed with the instant trial prior to the trial of the related *SCO v.*

---

[2] A similarly situated motion–IBM's Motion to Strike Allegations in Excess of the Final Disclosures–is currently pending, and is set for oral argument on November 30, 2006. As stated at the October 24, 2006 hearing, the court has requested that the Magistrate Judge decide this motion. The court also requests that the Magistrate Judge decide SCO's pending Motion for Relief for IBM's Spoliation of Evidence. If the Orders on these two motions are appealed, the court will again treat the Magistrate's Orders as recommendations and, out of an abundance of caution, will apply a *de novo* standard of review. *See* 28 USC § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b).

*Novell* case, the court vacated the then-pending February 26, 2007 trial setting. The court, however, declines at this time to set a trial date for this action. It appears that judicial economy and the interests of all the parties will be best served by trying the *Novell* case–set to begin on September 17, 2007–prior to the instant action. After deciding the pending dispositive motions in this case, and after deciding the dispositive motions in *Novell*, which should be fully briefed in May 2007, the court will set a trial date for any remaining claims in this action.

The pending dispositive motions will be heard on the following dates: Thursday, March 1, 2007 (3:00pm-5:00pm); Monday, March 5, 2007 (2:30pm-5:00pm); and Wednesday, March 7, 2007 (2:30pm-5:00pm). The parties are directed to submit a proposal by no later than January 12, 2007, setting forth the most efficient sequence for hearing the motions, with both parties having equal time on each motion.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that, having conducted a *de novo* review, SCO's Objections to the Magistrate Judge's Order of June 28, 2006 are OVERRULED, and the Magistrate Judge's Order is hereby AFFIRMED and ADOPTED in its entirety. The previously scheduled February 26, 2007 trial date is VACATED. The court will reset the trial at a later date. The pending motions for summary judgment have been set for oral argument in March 2007, as set forth above.

DATED this 29th day of November, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge