RECEIVED CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:  (305) 539-1307

Attorneys for The SCO Group, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | **REDACTED**<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF NOVEMBER 29TH ORDER**<br><br>Case No. 2:03CV0294DAK<br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff, The SCO Group, Inc., by and through undersigned counsel, submits this Memorandum in Support of its Motion for Reconsideration of this Court's Order dated November 29, 2006, which affirmed in total the Magistrate Judge's Order of June 28, 2006, wherein the Magistrate Judge struck 187 technology disclosures from the case.  SCO respectfully submits that the rules of

procedure do not support such a result under the circumstances of this case. In order to prevent manifest injustice to SCO, reconsideration is appropriate on each of the grounds set forth below.

On reconsideration, relief may be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are generally analyzed under the test established for Rule 59(e) motions to amend a judgment, provided that such motion is filed within ten days of the order for which movant seeks reconsideration. See id.; see also Phelps v. Hamilton, 122 F.3d 1309, 1323-24 (10th Cir. 1997); Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991) (observing that arguments that the district court misapplied the law or misunderstood a party's position are properly raised in a Rule 59(e) motion). There are three bases on which relief may be granted: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. SCO respectfully requests that this Court reconsider the Order to allow for consideration of new evidence not in the original record and to prevent manifest injustice.

Each Item or combination of Items stricken from SCO's case comprises a basis on which a jury could find IBM liable for SCO's losses. By precluding SCO from presenting these claims to a jury, the effect of the Order is tantamount to partial dismissal. "Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: '(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" Gripe v. City of Enid, 312 F.3d 1184, 1187 (10th Cir. 2002) (quoted in Procter &

2

Gamble Co. v. Haugen, 427 F.3d 727, 738 (10th Cir. 2005) (identifying these as the "Ehrenhaus factors").

This Court stated its intent to undertake a de novo review, but it was in fact deferential to the Magistrate Judge, noting her "educated position" to evaluate discovery-related issues. The opinion of this Court affirming her Order is expressed in a single paragraph. De novo review requires that the actual underlying testimony relevant to an issue be considered. See Gee v. Estes, 829 F.2d 1005, 1008 (10th Cir. 1987). The Tenth Circuit has instructed:

> When objections are made to the magistrate's factual findings based on conflicting testimony or evidence, both § 636(b)(1) and Article III of the United States Constitution require de novo review. The constitutional safeguards, as established by Congress and interpreted by the courts, are such that an appellate court must be satisfied that a district judge has exercised his nondelegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations.

Id. at 1008-09 (internal quotation marks and citations omitted).

Furthermore, while here no evidentiary hearing was held either by the Magistrate Judge or by the District Court, (although SCO requested one) there are factual issues and evidence underlying the decisions. This motion for reconsideration seeks consideration of evidence beyond what was present in the record before the Magistrate Judge. Now that this case has been removed from the trial schedule to allow for consideration of summary judgment motions and for the Novell trial to proceed first, there is no compelling time restraint which precludes pursuing the avenues discussed below. SCO specifically asserts three bases for relief from the Order.

## 1. The Order Should Not Have Been Entered Before All Expert Reports Were Filed

The Magistrate Judge did not have, at the time she entered the Order striking SCO's claims, the benefit of the expert reports prepared in this action.[1]  (SCO specifically urged that the motion be deferred until after expert reports were exchanged and expert discovery was conducted.) The issues before the Magistrate Judge and before this Court clearly involve complex issues of computer technology on which the Court would benefit from consideration of expert reports.  We submit that consideration of the expert reports of Marc Rochkind and Evan Ivie in particular would assist the Court in understanding that the technology items subject to the June 28 Order were disclosed in sufficient detail to allow for preparation of a defense.  The Court could ascertain from such review, for example, that concerns of sandbagging are unwarranted.  Moreover, inspection of IBM expert reports would reveal that on the technology items not subject to the June 28 Order, and to which IBM experts responded, the responsive expert reports did not require or, to any significant degree, make use of the type of version, file and line identifiers that the IBM Motion to Strike was predicated upon.

Proper consideration of the expert reports through either an additional round of briefing or an evidentiary hearing would give the Court the benefit of the substantial work that has gone into this issue by technology experts in considering (or in this case, reconsidering) the necessity and propriety of the Order striking claims.

## 2. New Evidence Would Likely Be Available Through Several Additional Depositions of IBM Programmers

The Magistrate Judge and this Court denied SCO's request for an evidentiary hearing on the factual issues presented in IBM's motion.  Discovery of fact witnesses was closed prior to the

---

[1]  SCO had filed initial reports prepared by its experts prior to entry of the Magistrate Judge's Order.  However, two additional sets of reports were exchanged after the Order of June 28.

4

first hearing before the Magistrate Judge on IBM's Motion. Due to the summary judgment schedule and the Novell trial, this case has now been removed from the trial calendar. SCO seeks leave to reopen four depositions of IBM programmers, each reopened deposition not to exceed two hours, for the purpose of exploring an evidentiary issue important to IBM's Motion.

IBM, as the Court is aware, contends that SCO's technology disclosures are fatally defective by failing to have specific version, file and line coordinates for all technology items. These items are largely methods and concepts that IBM programmers disclosed from the Dynix operating system, which is a derivative of UNIX System V subject to the restrictions on use and disclosure contained in the Agreements at issue in this case. These witnesses, such as Timothy Wright, Rick Lindsley, Gerrit Huizenga, and Jack Vogel, should be asked whether they know the coordinates in Dynix for the technology items they disclosed to the Linux community. If they do, that is proof IBM is not prejudiced by any omission in the SCO submission. If they do not know these coordinates for disclosures they made from Dynix, perhaps they could explain how SCO knows or should know that information but they do not.

Reopening these depositions for this purpose would cause no prejudice to any party, given the current time schedule and very modest expenditures of time and money. (If the Court subsequently concludes that this was not beneficial, it can award the expenses incurred by IBM in connection with such depositions.) We submit that such supplementary testimony is likely to expose the central flaw at the heart of IBM's motion – that the information (version, file and line) of stricken technology items is either not known to be individuals who disclosed such technology (and thus not reasonably known to SCO), or, in fact, is already known to IBM, who cannot then possibly sustain a claim of prejudice justifying striking these items from SCO's case. See, e.g., Hancock v. City of Oklahoma City, 857 F.2d 1394, 1396 (10th Cir. 1988) (finding abuse of

5

discretion where district court dismissed claims for unintentional mistake not resulting in any actual prejudice).

### 3. At a Minimum, the Court Should Reconsider a Limited Number of the Stricken Items

While SCO believes the Order should be reconsidered in its entirety, in the alternative, SCO requests that the Court reconsider the following list of Items. These Items have not been specifically mentioned in either the Magistrate Judge's Order or in this Court's Order. SCO maintains that if the Court were to examine them individually, it would be satisfied that the identifying information provided by SCO is consistent with SCO's discovery obligations and sufficient to inform IBM as to the nature of the disclosure. An explanation of how each item was identified in the December Submission, which SCO contends was sufficient information to notify IBM of the nature of the disclosure, is also found on the following table:

REDACTED

REDACTED

As noted above, the December Submission did comply with the required level of specificity by providing a URL address on which numerous patches – all of which indicate file, version and line – at the Tab linked to Items 279 and 280.  The nature of these Items and the manner in which they were identified in the December Submission is explained further in the

Expert Report of Marc Rochkind.[3]  The Magistrate Judge accepted the contrary representation of Randall Davis in his declaration, without the benefit of either an evidentiary hearing to determine what weight to afford his statement, or affording SCO an opportunity to present a responsive declaration.

## CONCLUSION

For the foregoing reasons, SCO prays that this Court will reconsider its Order of November 29, 2006, and grant relief as requested above.


DATED this 13th day of December, 2006.

<div style="margin-left:40%">

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James


BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Stuart H. Singer
Stephen N. Zack
Edward Normand

By _____

*Counsel for The SCO Group, Inc.*

</div>

---

[3]  For the Court's convenience, SCO has attached hereto only those pages specifically relevant to Items 279 and 280 as "Exhibit A."

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing **SCO's MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION** was served on Defendant/Counterclaim-Plaintiff, International Business Machines Corporation, on this 13th day of December, 2006, via electronic mail (by agreement of the parties) to the following:

David Marriott, Esq. (dmarrriott@cravath.com)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Todd Shaughnessy, Esq. (tshaughnessy@swlaw.com)
Snell & Wilmer LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004

By

# EXHIBIT A

# FILED UNDER SEAL