Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard – Suite 1200
Ft. Lauderdale, Florida 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307

*Attorneys for The SCO Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | **MEMORANDUM IN SUPPORT OF SCO'S MOTION TO AMEND ITS DECEMBER 2005 SUBMISSION**<br><br>Case No. 2:03CV0294DAK<br><br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff, The SCO Group, Inc. ("SCO"), by and through undersigned counsel, submits this Memorandum in Support of its Motion to Amend Its December 2005 Submission.

## PRELIMINARY STATEMENT

SCO seeks to amend its December 2005 Submission of "misused material" to incorporate certain evidence and analysis from SCO's expert reports filed in May 2006. As the Court is aware, a dispute exists between the parties over whether certain theories and evidence relied upon in the expert reports was required to have been presented in the disclosure of alleged misused material submitted in December 2005. SCO has filed, contemporaneously with this Motion to Amend, its Objections to the Magistrate Judge's Order granting IBM's Motion to Confine SCO's Claims to, and Strike Allegations in Excess of, the Final Disclosures. The Court recently vacated the February 2007 trial date in this matter. The trial date has not been reset and the Court has made clear this matter will not be tried prior to the September 2007 trial in the *SCO v. Novell* action. Thus, it is entirely appropriate that this dispute over whether certain expert theories needed to be identified in the December 2005 Submission instead of the May 2006 expert reports be rendered moot by the Court allowing this amendment to the December Submission and granting IBM any reasonable additional discovery necessary to defend against this additional material.

This Motion concerns only the categories of information subject to IBM's motion to confine SCO's expert reports. It does not seek to alter the Court's prior rulings with respect to the items struck from the December Submission by the Magistrate Court's June 28, 2006 Order and subsequently upheld by this Court. Unlike the items challenged in that ruling, the only issue here is whether a theory of copyright infringement and certain evidence and analysis relied upon by SCO's experts in support of their opinions was required to be identified in December 2005 as opposed to

May 2006, or whether that submission can be amended to include the supplemental material. SCO submits that in light of the removal of this case from the trial calendar, there is no bona fide reason to reject an amendment to the December Submission to include that information – especially where the information was disclosed to IBM through expert reports served in May, 2006.

The information SCO seeks leave to add to its December 2005 Submission is: (1) evidence set forth in the May 19, 2006 report of Evan Ivie that further supports SCO's position that the Journaling File System (or "JFS") technology is derived from UNIX System V, a position that was disclosed in SCO's December 2005 Submission; (2) evidence set forth in the May 19, 2006 report of Marc Rochkind that further supports SCO's position that IBM misused testing technology from UNIX System V, a position that was disclosed in SCO's December 2005 Submission; (3) additional system calls set forth in the May 19, 2006 report of Thomas Cargill, which are similar to and in the same category as system calls already disclosed in the December 2005 Submission; and (4) the expert analysis of SCO's claim of Linux copyright infringement, as set forth in the May 19, 2006 report of Thomas Cargill, which is a claim that IBM has regarded SCO as having brought since the Spring of 2004. SCO collectively refers to the foregoing information as the "Supplemental Material."

## DISCUSSION

### A. The Supplemental Material is Fully Disclosed and Analyzed in SCO's Expert Reports.

The material and expert analysis that SCO seeks to add to its December 2005 Submission is fully set forth in the May 2006 expert reports of Evan Ivie, Marc Rochkind, and Thomas Cargill (Exhibits 1, 2, and 3, respectively), and thus is known to IBM from those reports.

1.  Dr. Evan Ivie's evidence related to the journaling file system (JFS)

In the December Submission, SCO identified the entire JFS file system as misused material, and also identified JFS as a derivative of UNIX System V. SCO further provided examples of technology within JFS that proved its derivation from UNIX System V. SCO identified JFS in this manner because IBM's disclosure of the entire JFS file system to Linux breached IBM's software license agreement in that JFS is derived from UNIX System V.

In his May 2006 expert report, Dr. Ivie concluded – consistent with SCO's December 2005 Submission – that JFS is a derivative of UNIX System V, that IBM improperly disclosed the entire JFS file system to Linux, and that this disclosure to Linux materially advanced Linux into the enterprise.[1] In discussing his conclusion that JFS was derived from UNIX System V, Dr. Ivie relied on the examples provided in the December 2005 Submission which were demonstrative of that derivation. In addition, Dr. Ivie looked at certain additional files that also showed the derivation of JFS. SCO seeks leave to add this supporting evidence, as set forth in Dr. Ivie's May 2006 report at paragraphs 96 and 97 and Exhibits C to J, to its December Submission. (Ex. 1.)

2.  Marc Rochkind's evidence related to testing technology

In the December Submission, SCO identified certain testing files that IBM improperly contributed to assist with the development and commercial hardening of Linux. Consistent with that identification, Mr. Rochkind concluded in his May 2006 expert report that IBM contributed this testing technology to Linux and that it was highly valuable to the maturation of Linux for commercial uses.

---

[1] Dr. Ivie's opinion is bolstered by IBM's own press release regarding its disclosure of JFS to Linux: "IBM Puts Enterprise Power Behind Linux." (Ex. 7.)

IBM challenges two respects in which Mr. Rochkind relied on additional evidence in reaching his conclusions in his May 2006 report.  First, Mr. Rochkind referenced evidence at page 149 showing that a contributor of challenged testing technology worked in that testing area for IBM.  This material was discussed simply to set a foundation to show that the programmer who did contribute misused material that was identified in the December 2005 Submission worked in that area.  (Ex. 2.)  Second, Mr. Rochkind mentioned at pages 144 to 145 two IBM documentation files that were not identified in the December Submission.  These files are simply used by Rochkind to explain that the "SPIE tests" (which were disclosed in December) and "MP PIE tests," a term used in IBM documents, are two synonymous terms for the same technology.  SCO seeks leave to add this supporting evidence and expert analysis, as set forth in Mr. Rochkind's May 2006 report, to SCO's December 2005 Submission.  (Ex. 2.)

### 3. Thomas Cargill's treatment of system calls

System calls are specific words developers have come up with to talk to an operating system.  The words prompt the operating system to perform certain tasks, such as stopping a process that is being carried out by the operating system.  In its December Submission, SCO identified numerous UNIX System V system calls that have been implemented in Linux in violation of SCO's UNIX copyrights.  These were all the misused system calls SCO had discovered at the time it filed the December Submission.

When Dr. Cargill prepared his May 2006 expert report, he located certain additional UNIX system calls that were being used in Linux in violation of SCO's UNIX copyrights.  Dr. Cargill's opinions relating to these additional system calls are based in part on a book that was authored by engineers affiliated with IBM, and published in April 2006, months after SCO's

December Submission deadline.  (Ex. 4, *Unix to Linux Porting: A Comprehensive Reference*, Alfredo Mendoza, Chakarat Skawratananond, Artis Walker (April 2006).)  Dr. Cargill relies on these system calls as further support for his ultimate theory – of which IBM has long known, as described in more detail below – that the overall structure of Linux infringes SCO's UNIX copyrights.  SCO seeks leave to add these additional system calls, which are among the system calls set forth in Dr. Cargill's May 2006 report at pages 23 to 27 and Exhibit D(5), to SCO's December Submission.  (Ex. 3.)

        4.      **Thomas Cargill's analysis and application of SCO's structural theory of Linux copyright infringement**

In his May 2006 expert report, Dr. Cargill explains his analysis and conclusion that the overall structure of Linux violates SCO's UNIX copyrights.  Dr. Cargill's expert analysis applies the copyright infringement test set forth in *Gates Rubber Co. v. Bando Chemical Industrial, Ltd.*, 9 F.3d 823 (10th Cir. 1993), to the overall structure of Linux and UNIX.  SCO seeks leave to add this expert analysis and theory, set forth in Dr. Cargill's May 2006 report at pages 3-4, 7-17, 23-36, 63-76, and Exhibit D(5), to SCO's December 2005 Submission.  (Ex. 3.)

**B.**      **SCO Reasonably Did Not Include the Supplemental Material in the December Submission.**

SCO did not include and did not believe it had to include the foregoing evidence and analysis in its December Submission, to the extent it was known at that time, because IBM's own representations in connection with the Scheduling Order indicated that parties need not disclose expert reports and analysis in their December submissions – that expert work would not need to be completed until the later deadline for submission of expert reports.  Specifically, IBM stated:

> SCO also complains that under IBM's proposal "SCO's expert(s) would have to reach final conclusions regarding IBM's [alleged]

6

> misappropriation of SCO's material" (Opp'n at 12; SCO's Fifth Point). Here again, SCO misstates IBM's proposal. IBM proposes only that the Court impose deadlines for the parties to identify the Allegedly Misused Material. IBM's proposal requires neither that the parties rely on experts **nor that any experts that might be used by parties finalize their expert reports before the close of all fact discovery**. Under IBM's proposal, the parties' experts would need to reach final conclusions before the close of fact discovery **only with respect to the <u>identification</u> of the source code and other material that is at issue in this case**.

(IBM's Reply Memorandum in Further Support of IBM's Proposed Scheduling Order (Apr. 11, 2005) at 4 (underlining in original, bold emphasis added).)

Thus, SCO acted in good faith when it assembled its December 2005 Submission and May 2006 expert reports. Although SCO adheres to its position that inclusion of these theories and evidence was not required in the December Submission – as set forth in the Objections filed by SCO to the Magistrate Judge's Order granting IBM's Motion to Confine SCO's Claims to, and Strike Allegations in Excess of, the Final Disclosures – in the alternative, SCO seeks leave to supplement its December Submission with those portions of the expert reports described above that are in issue. *See Scott v. IBM Corp.*, 196 F.R.D. 233, 247 n.9 (D.N.J. 2000) (holding that, "simply because [evidence] was untimely discovered and turned over does not warrant its exclusion," and permitting such evidence where the plaintiff had shown no bad faith in the revelation of the additional evidence). SCO asks the Court to consider this Motion in conjunction with the arguments and precedent set forth in SCO's foregoing Objections.

> C. **The Amendment of the December Submission to include the Supplemental Material Would Not Prejudice IBM.**

SCO's proposed supplementation of the December 2005 Submission poses no prejudice to IBM. Trial in this matter has not been set and is at least ten months away, and IBM has known

7

of this material since it was set forth in SCO's expert reports in May 2006. Thus, IBM has plenty of time to analyze and respond to the material.

Moreover, IBM's expert reports already respond to several of the categories of enumerated information – reflecting that IBM well understood that the December 2005 Submission covered those items. For example, with respect to JFS, which SCO identified in Item 1 of the December Submission, IBM experts responded with a defense, but did not respond to the specific examples SCO did give in its December Submission showing that JFS was derived from System V. Thus, IBM's defenses regarding JFS would be in no way impacted by the proposed supplemental material, which is simply additional examples of the derivation, of the same type as those that were already disclosed. However, if IBM wanted to respond specifically to this material, though it did not do so previously, it would have ample time to do so in the many months prior to trial.

The proposed supplemental evidence in Marc Rochkind's testing analysis shows: (1) the technology area in which a certain programmer worked, and (2) that two terms for a technology are synonyms. IBM has not indicated whether it disputes this basic evidence. If IBM does not dispute it, no prejudice is created by its inclusion. If IBM does dispute this evidence, it is difficult to fathom how IBM could require more than ten months to analyze these simple points.

Regarding the supplemental system calls in Thomas Cargill's analysis, IBM's defense, explained by its expert Dr. Kernighan, is that the system calls are not original, are dictated by externalities, and constitute mere ideas or can be expressed in only a few meaningfully different ways. Dr. Kernighan's analysis was general to all system calls; he raised no specific points regarding the specific system calls specifically identified by SCO in its December Submission. Thus, there is no reason to believe that IBM would have any different defense to the similar,

additional calls named in Thomas Cargill's report. However, if IBM did wish to respond specifically to these additional system calls, it already has had more time between the May 2006 reports and the present to consider these items than the approximate seven months IBM would have had between December 2005 and the date its responsive expert reports were due. In addition, IBM will have at least as much time following this amendment being accepted and the time any trial is held.

Regarding Dr. Cargill's structural theory of Linux copyright infringement, IBM had long understood that SCO had brought such a claim – indeed, well before the December Submission – so there should be no surprise to IBM by its inclusion in Dr. Cargill's expert report. Furthermore, IBM has ample time in the now-extended trial schedule to formulate a defense to Dr. Cargill's analysis. Consistent with Tenth Circuit law, Dr. Cargill's May 2006 report analyzed the structure of Linux and UNIX. His analysis shows the structural similarity of Linux and UNIX, shows the expressive nature of the structures involved, and shows why it is protectible subject matter under copyright law. This analysis, as argued at greater length in the Objections, is one that Tenth Circuit law requires be conducted in a copyright case, and its application by SCO's experts cannot be a surprise to IBM. Further, the analysis, as provided by Tenth Circuit law, does not include a line by line analysis of Linux and UNIX. Thus, to respond to this analysis, IBM also would not have to perform a line by line analysis of Linux, and would have ample time to prepare such a defense before trial.

While IBM may prefer not to have to defend on the merits of SCO's claims, the "concept of prejudice does not encompass the expense of additional trial preparation." *United States v. Golyansky*, 291 F. 3d 1245, 1250 (10th Cir. 2002). Rather, prejudice should be found only

9

where there is some evidence that a delayed disclosure impacted a party's ability to prepare or present its case. *Id.* Here there is no such evidence. To the contrary, in light of the lengthy extension of the trial schedule, IBM would have ample time to prepare a defense to this discrete supplemental material. *See Hertz v. Luzenac Am., Inc.*, No. CIVA04CV1961LTBCBS, 2006 WL 994431, at *21 (D. Colo. April 13, 2006) ("The absence of a fixed trial date affords a greater ability to cure any prejudice to the parties and minimizes the possibility of future disruption of the District Court's docket.") (Ex. 5).[2]

### D. SCO Would Be Prejudiced by Denial of the Motion.

In contrast to IBM's lack of prejudice, SCO would be greatly prejudiced by the denial of SCO's motion. On December 21, 2006, the Magistrate Court entered an Order holding that "SCO may not challenge as misused, by expert testimony or otherwise, any material that SCO has not specifically identified in its Final Disclosures of Material Allegedly Misused by IBM [SCO's December Submission]." If this order is upheld by the District Court, SCO will not be able to present at trial the evidence that provides further support of its position that the JFS and testing technology was misused, the evidence that further supports SCO's position that Linux infringes SCO's copyrights, or the *Gates Rubber* expert analysis described herein. There also is a public interest in disputes being resolved on their merits, which granting of the requested relief would advance. *Cf. F.D.S. Marine v. Brix Maritime Co.*, 211 F.R.D. 396, 400 (D. Ore. 2001) (stating that "public policy favoring disposition of cases on their merits" was one of five factors

---

[2] *Cf. Karbon v. Turner*, No. 91-C-337, 1991 WL 319976 at *2 (E.D. Wis. Dec. 16, 1991) (unpublished decision) (holding that "relaxation of the scheduling order" would not unduly prejudice defendants or interfere with the administration of justice because the trial date was six months away and they had adequate time to complete discovery) (Ex. 6); *Wolfson v. Lewis*, 168 F.R.D. 530, 533 (E.D. Pa. 1996) (granting motion to amend where defendant would suffer no prejudice due to continuance of trial date); *Pub. Serv. Co. of N.H. v. Westinghouse Elec. Corp.*, 685 F. Supp. 1281 (D.N.H. 1988).

to be considered where a party did not make full disclosure of its expert's conclusions, and holding that "all of the above factors favor leniency" where other party had not suffered any prejudice because of time to prepare before trial).

## CONCLUSION

For the reasons stated herein and in SCO's above-referenced Objections, SCO respectfully requests that its Motion to Amend Its December 2005 Submission be granted.

DATED this 9th day of January, 2007.

        HATCH, JAMES & DODGE, P.C.
        Brent O. Hatch
        Mark F. James

        BOIES, SCHILLER & FLEXNER LLP
        Robert Silver
        Stuart H. Singer
        Stephen N. Zack
        Edward Normand

        By    /s/ Brent O. Hatch
        *Counsel for The SCO Group, Inc.*

## CERTIFICATE OF SERVICE

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF SCO'S MOTION TO AMEND ITS DECEMBER 2005 SUBMISSION** was served on Defendant/Counterclaim-Plaintiff, International Business Machines Corporation, on this 9th day of January, 2007 through the CM/ECF system, to the following:

>David Marriott, Esq. (dmarrriott@cravath.com)
>Cravath, Swaine & Moore LLP
>Worldwide Plaza
>825 Eighth Avenue
>New York, New York 10019
>
>Todd Shaughnessy, Esq. (tshaugnessy@swlaw.com)
>Snell & Wilmer LLP
>1200 Gateway Tower West
>15 West South Temple
>Salt Lake City, Utah 84101-1004

By  /s/ Brent O. Hatch