# EXHIBIT 6

Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1991 WL 319976 (E.D.Wis.)  
**(Cite as: 1991 WL 319976 (E.D.Wis.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Wisconsin.  
Jesselyn M. KARBON, a minor, by her guardian, Rosemarie A. ROSE, Rosemarie A. Rose, individually and as Mother of Jesselyn M. Karbon, 340 S. Ellis Avenue, Peshtigo, Wisconsin, Ronald A. Karbon, Father of Jesselyn Karbon, 901 Aubin Street, Peshtigo, Wisconsin, and Employers Health Insurance Company, Green Bay, Wisconsin, Plaintiffs,  
v.  
Gary Jerome TURNER, Address Unknown, and North American Van Lines, 5001 U.S. Highway 30 West, Fort Wayne, Indiana, a foreign corporation, National Union Fire Insurance Company, 70 Pine Street, New York, New York, a foreign corporation, and Lexington Insurance Company, 200 State Street, Boston, Massachusetts, a foreign corporation, Defendants.  
No. 91-C-337.

Dec. 16, 1991.

Bailey, Fishman & Leonard by Kenneth J. Fishman, Boston, Mass., Coggins & Wolfe by Kim A. Coggins, Marinette, Wis., for plaintiffs.

Hinshaw & Culbertson by Michael J. Pfau, Milwaukee, Wis., for defendants.

DECISION and ORDER

GORDON, Senior District Judge.

*1 On March 21, 1991, the plaintiffs commenced this action in circuit court of Oconto County. The complaint alleged that defendant Gary Jerome Turner had negligently operated a tractor-trailer which had collided with a car occupied by plaintiff Jesselyn M. Karbon. The complaint also alleged that defendant North American Van Lines, the owner of the trailor unit driven by Mr. Turner, was vicariously liable for Mr. Turner's negligence. On April 8, 1991, the defendants removed the action to this court on diversity grounds.

A status conference was held in this action on August 27, 1991, at which time this court set November 18, 1991, as the deadline for identifying witnesses and January 20, 1992, as the deadline for completing discovery. Prior to the status conference, the plaintiffs had filed a motion for an expedited trial date; the court denied the plaintiffs' motion at the status conference and set the case for trial in June 1992.

On November 18, 1991, the plaintiffs filed their "Preliminary Proposed Witness List," along with a motion for leave to amend the complaint and a motion for leave to supplement the witness lists and to extend the discovery deadline. The plaintiffs' motions will be granted, with the modifications set forth in this decision.

Rule 15(a), Federal Rules of Civil Procedure, provides that "leave [to amend a complaint] shall be freely given as justice so requires." The decision to grant a motion to amend the pleadings is within the court's discretion; generally, such motions should be granted unless the proposed amendment (1) would result in undue delay; (2) is made in bad faith or with a dilatory motive; or (3) would result in undue prejudice to the opposing party. See Foman v. Davis, 371 U.S. 178, 182 (1962).

The plaintiffs' motion to amend the complaint requests that they be allowed to add additional claims against certain defendants. Specifically, the plaintiffs wish to add a claim for punitive damages against the defendants Gary Jerome Turner and North American Van Lines and to add a claim for negligence directly against defendant North American Van Lines. In addition, should the court grant the plaintiffs' motion to amend the complaint, the plaintiffs' second motion requests that the court relax the current scheduling order as follows: (1) allow the parties to supplement their witness lists until January 20, 1992, and (2) to extend the discovery deadline to March 20, 1992.

In response, the defendants insist that the proposed amendment and the request for a change in the scheduling order would result in undue delay, undue prejudice to them, and would interfere with the orderly administration of justice by this court. The defendants contend that the proposed amendment

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1991 WL 319976 (E.D.Wis.)
**(Cite as: 1991 WL 319976 (E.D.Wis.))**

would cause undue delay insofar as it would require the court to relax its current scheduling order. Although relaxing the scheduling order may cause a delay in the completion of discovery and the identification of witnesses, the court is not convinced that the ultimate resolution of this matter would be unduly delayed by the proposed amendment. Thus, in the absence of any evidence that the proposed amendment would compromise the present scheduling of the trial in June, 1992, I find no reason to deny the proposed amendment.

*2 The defendants also assert that allowing the plaintiffs to amend their complaint would be unduly prejudicial to them insofar as they will have to investigate the plaintiffs' additional claims, identify additional witnesses to defend against the plaintiffs' additional claims, and depose over 150 witnesses, all before January 20, 1992--the existing deadline for completing discovery. Further, the defendants contend that allowing the plaintiffs to amend their pleading would interfere with the orderly administration of justice by this court insofar as the proposed amendment would extend the trial from two weeks to four weeks to accomodate all of the witnesses and address the plaintiffs additional claims.

Although the proposed amendment would require additional discovery by the plaintiffs and the defendants, the court is convinced that, without more, this is an inadequate basis on which to deny the plaintiffs' motion to amend the complaint. With the anticipated trial date--June 1992--approximately six months away, an adequate time to complete discovery is available to the parties; consequently, a relaxation of the scheduling order would not unduly prejudice the defendants nor would it interfere with the administration of justice. Accordingly, because the plaintiffs should be allowed fully to litigate their case, the court believes it the better exercise of discretion to grant the plaintiffs' motion to amend the complaint. Moreover, in order to ensure that both parties have an adequate opportunity to conduct discovery with respect to the additional claims alleged in the proposed amendment, the discovery deadline will be extended to March 2, 1992.

The defendants also oppose the plaintiffs' applications because they believe the proposed amendment will result in more witnesses in a case which is already overburdened with them. The defendants' concern is justified and stems from the fact that the plaintiffs have already filed a "preliminary" witness list which identified 185 persons as witnesses for the plaintiffs and now request that they be allowed to supplement their already extensive witness list. The additional claims set forth in the plaintiffs' proposed amendment may require the parties to identify additional witnesses. It is my distinct impression that the number of witnesses now proposed in the plaintiffs' "preliminary" witness list (185) is already excessive. Accordingly, the plaintiffs will be required to serve and file a revised witness list that has been pruned *substantially* no later than February 3, 1992. The plaintiffs' revised witness list may designate witnesses who have not been previously identified in their earlier list.

In the event that the plaintiffs' revised witness list proposes over 15 witnesses, the plaintiffs will be required to specify for *each* of their proposed witnesses why the probative value of their proposed witness' testimony is not "substantially outweighed by ... considerations of undue delay or needless presentation of cumulative evidence." *See* Rule 403, Federal Rules of Evidence.

*3 The defendants' list of witnesses, which was filed on November 18, 1991, only designated 12 witnesses; the defendants will be allowed to serve and file a revised witness list no later than February 3, 1992. The defendants will be obligated to comply with the procedure described above if their witness list, as supplemented, designates over 15 witnesses.

In the event that the number of prospective witnesses remains as large (or larger!) as the present listings suggest, it is my intention to designate a special master to assist the court in fashioning the case for trial.

Counsel are hereby informed that a pre-trial conference will be conducted on March 11, 1992, at 11:00 a.m. in Courtroom 225.

Therefore, IT IS ORDERED that the plaintiffs' motion to amend the complaint be and hereby is granted, and the plaintiffs are directed to serve and file the amended complaint no later than Monday, December 30, 1991.

IT IS ALSO ORDERED that the plaintiffs' motion to allow the parties to supplement their witness lists and extend the discovery deadline be and hereby is granted in part.

IT IS FURTHER ORDERED that the plaintiffs and the defendants be and hereby are directed to serve and file their revised witness lists, in accordance with

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1991 WL 319976 (E.D.Wis.)  
**(Cite as: 1991 WL 319976 (E.D.Wis.))**

Page 3

the guidelines set forth in this decision and order, no later than Monday, February 3, 1992.

IT IS FURTHER ORDERED that the discovery deadline be and hereby is extended to Monday, March 2, 1992.

IT IS FURTHER ORDERED that the parties be and hereby are directed to appear, by their respective counsel, at a pre-trial conference to be conducted on March 11, 1992, at 11:00 a.m. in Courtroom 225.

Not Reported in F.Supp., 1991 WL 319976 (E.D.Wis.)

**Motions, Pleadings and Filings (Back to top)**

• 2:91cv00337 (Docket) (Apr. 08, 1991)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.