SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
  *International Business Machines Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | **IBM'S MEMORANDUM IN OPPOSITION TO SCO'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF NOVEMBER 29, 2006**<br><br>Civil No. 2:03CV0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke C. Wells |

Pursuant to Fed. R. Civ. P. 59(e), defendant/counterclaim-plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum in opposition to the motion of The SCO Group, Inc. ("SCO") for reconsideration of the Court's November 29, 2006 Order (the "Order").

### Preliminary Statement

Following careful review of the record, this Court affirmed Magistrate Judge Wells' ruling that SCO may not proceed as to items of allegedly misused material not properly identified in its Final Disclosures. Refusing to take "no" for an answer, SCO claims the Court did not really conduct a *de novo* review (as the Court stated it did) and demands reconsideration. SCO, however, provides no grounds for such a motion. Instead, SCO plays for the Court a mix of the same arguments that this Court reviewed *de novo* and rejected, and arguments SCO never before asserted and thus waived. SCO's motion comes nowhere close to meeting the high standard for reconsideration and should therefore be denied.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. For that reason, motions for reconsideration are generally treated as a Rule 59(e) motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). An "extreme remedy to be granted in rare circumstances", Rule 59(e) may be deployed only to "correct manifest errors of law or introduce new evidence." Monroe v. Myers, No. 05-00351, 2006 WL 2699029, at *1 (D. Colo. Sept. 19, 2006) (Ex. A); see Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). "A party should not use a motion for reconsideration to reargue the motion or present evidence that should have been raised before." Whitmer v. World Fin. Network Nat'l Bank, No. 04-00567, 2006 U.S. Dist. LEXIS 73169, at *3 (D. Utah October 6, 2006) (Kimball, J.) (citation and internal quotation

marks omitted) (Ex. B).  Instead, the burden lies upon the moving party to show "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice."  Mantle Ranches, Inc. v. United States Park Serv., 950 F.Supp. 299, 300 (D. Colo. 1997).  "[A] disagreement with the court's decision is not enough to warrant the court to amend, alter, or reconsider its decision."  Whitmer, 2006 U.S. Dist. LEXIS 73169, at *6.

SCO contends that the Court should "reconsider the Order to allow for consideration of new evidence not in the original record and to prevent manifest injustice." (Mot. at 2.) Specifically, SCO asserts three bases for reconsideration:  (1) the Order should not have been entered before all expert reports were filed; (2) new evidence would likely be available through several additional depositions of IBM programmers; and (3) at a minimum, the Court should reconsider a limited number of the stricken items.

As is further discussed below, however, each of these arguments lacks merit.  SCO fails to point to any new evidence in support of its request for reconsideration, let alone new evidence that was previously unavailable to it.  The evidence that SCO suggests it might find if discovery were re-opened would not (even if found) undermine the Court's Order.  Moreover, SCO comes nowhere close to showing that the Court's Order resulted in manifest injustice.  Rather, it asserts arguments that it either already waived or that the Court rejected (after a *de novo* review conducted out of an abundance of caution) – neither of which is a valid basis for reconsideration. For the multiple, independent reasons set out in IBM's memorandum in opposition to SCO's objections, which we do not repeat here but incorporate by reference, the Order was correct. SCO's motion for reconsideration should therefore be denied.

**Argument**

I.  **SCO'S ARGUMENT ABOUT EXPERT REPORTS LACKS MERIT.**

SCO first argues that "the Order should not have been entered before all expert reports were filed". (Mem. at 4.) But there is no support for this assertion, and it does not in any case support a motion for reconsideration.

First, expert reports were not required for Magistrate Judge Wells to rule on IBM's motion or for this Court to review Judge Wells' order. No rule of law, no order of the Court and no understanding of the parties contemplated that the parties' expert reports would be "filed" in connection with IBM's motion. Moreover, excluding the excerpts attached to SCO's motion for reconsideration, none of the parties' expert reports has ever been filed in connection with IBM's motion or SCO's objections to the order granting that motion, despite the fact that (as SCO acknowledges in a footnote) it had served its initial reports prior to entry of Judge Wells' Order.

Second, SCO was free to submit a declaration from any of its experts with its opposition to IBM's motion, but it elected not to do so. In fact, SCO submitted a declaration from Mr. Rochkind, who claims to have been the principal author of SCO's Final Disclosures, in advance of oral argument before Judge Wells. Thus, the allegedly-overlooked expert reports are not new evidence that was previously unavailable to SCO. Caprin v. Simon Transp. Servs., No. 98-863, 2001 U.S. Dist. LEXIS 25680, at *5 (D. Utah Mar. 12, 2001) (Kimball, J.) (denying motion for reconsideration where declarations, depositions and documents would have been available at the time of the original order had plaintiff made a diligent effort to discover them) (Ex. C).[1]

---

[1] "[S]upporting facts that were available at the time of the original motion" cannot be offered up as "new" evidence for purposes of Rule 59(e). Servants of the Paraclete v. Doe, 204 F.3d 1005, 1012 (10th Cir. 2000); see also Brinkman v. Kansas Dep't of Corrs., 869 F. Supp.

3

Third, neither Mr. Rochkind's declaration nor any of the expert reports in this case (which SCO never made part of these proceedings) creates a basis for reconsideration of the Order. Like the Rochkind declaration, none of SCO's reports identifies the missing coordinates, the absence of which forms the core of the Court's ruling. Moreover, contrary to SCO's suggestion, IBM's experts have made perfectly clear that they were unable properly to evaluate SCO's claims based on SCO's failure specifically to identify them. (See 9/25/06 Decl. of Todd M. Shaughnessey, Ex. 181 ¶ 14; Ex. 213 ¶ 14; Ex. 234 ¶¶ 30, 64; Ex. 290 ¶¶ 71, 124.) It is undisputed that SCO has never provided IBM with the information that it requested and that the Court ordered SCO repeatedly to provide.

Fourth, SCO waived any argument that Judge Wells should delay her decision on IBM's motion until after expert discovery was complete by not raising the argument with her until oral argument. See Thomas v. Denny's, Inc., 111 F.3d 1506, 1510 n.5 (10th Cir. 1997) (holding that court would not consider issues raised for the first time in oral argument); Acker v. Burlington Northern and Santa Fe Ry. Co., 388 F. Supp. 2d 1299, 1302 n.2 (D. Kan. 2005) (holding that because "Plaintiffs did not raise this issue . . . in their original memorandum in support of their motion . . . [t]he court [would] not consider the argument.").

Fifth, SCO raised this argument in its objections to this Court (SCO Obj. Br. at 45), and the Court rejected it. A party may not "use a motion for reconsideration to reargue the motion or

---

902, 904 (D. Kan. 1994) (holding that evidence that could have been discovered and offered to the court if plaintiff were diligent is not newly discovered); Atl. States Legal Found. v. Karg Bros. Inc., 841 F. Supp. 51, 55-56 (N.D.N.Y. 1993) ("newly discovered evidence" must in fact be newly discovered, or could not have been discovered by due diligence); Waltman v. Int'l Paper Co., 875 F.2d 468, 473-74 (5th Cir. 1989) (holding that evidentiary materials available before party filed its opposition are not newly discovered evidence).

4

present evidence that should have been raised before." Whitmer, 2006 U.S. Dist. LEXIS 73169, at *3; MacArthur v. San Juan County, No. 00-584, 2000 U.S. Dist. LEXIS 22792, at *23 (D. Utah December 12, 2000) (Kimball, J.) (Ex. D); Caprin, 2001 U.S. Dist. LEXIS 25680, at *5.

## II. SCO'S REQUEST TO REOPEN DISCOVERY IS UNTENABLE.

Next SCO argues that "new evidence would likely be available through several additional depositions of IBM programmers". (Mem. at 4.) Again, SCO is wrong.

First, an order may be subject to reconsideration only if there is new evidence that was unavailable at the time the order was decided – not speculation that a party might be able to find evidence to support its position if allowed to reopen discovery. See Belmont v. Assocs. Nat'l Bank (Delaware), 219 F. Supp. 2d 340, 346 (S.D.N.Y. 2002) (denying motion where plaintiff had "not offered any newly discovered evidence – he only [sought] to use discovery in hopes of finding further evidence"); see also Poddar v. State Bank of India, No. 98-1691, 2006 WL 2092469, at *1 (S.D.N.Y. July 26, 2006) ("[P]laintiffs' new and vague request for additional discovery is not a ground for reconsideration.") (Ex. E); Naiman v. New York Univ. Hosp. Ctr., No. 95-6469, 2005 WL 926904, at *2 (S.D.N.Y. April 21, 2005) ("Rich's request for additional discovery is not an appropriate basis for a motion for reconsideration.") (Ex. F). SCO's own argument demonstrates that there is no new evidence in support of SCO's position; if SCO had new evidence, it would not need to reopen discovery.

Second, the discovery SCO seeks was available to it previously, and SCO declined to pursue it. SCO deposed three of the four witnesses whose depositions it seeks to reopen (Messrs. Wright, Lindsley and Huizenga) and never noticed the deposition of the fourth witness (Mr. Vogel) even though it had identified him in its Interim Disclosures as having allegedly

5

disclosed Dynix material to Linux long before the close of discovery. (See Doc. # 545, Items 003 & 004.) Thus, the evidence that SCO seeks is not "the type that could not have been discovered previously by due diligence". Belmont, 219 F. Supp. at 346. Because these additional depositions "were simply not pursued previously by" SCO, they cannot supply the basis for reconsideration as supposedly "new evidence". Id.; see also Caprin v. Simon Transp. Servs., 99 Fed. Appx. 150, 164 (10th Cir. 2004) (To present "new evidence", a party must show that it "made a diligent yet unsuccessful effort to discover the evidence."); Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir. 1994) (moving party must show that evidence is newly discovered or, if available before judgment, that counsel made diligent attempts to discover it).

Third, the evidence SCO claims it might discover from these depositions would not justify reconsideration of the Order. SCO says it would ask the witnesses "whether they know the coordinates in Dynix for the technology items they disclosed to the Linux community" and, if not, whether "they could explain how SCO knows or should know that information but they do not". (Mem. at 5.) However, the Order is based on much more than SCO's inability to provide Dynix coordinates; it is based also on SCO's inability to provide UNIX System V and Linux coordinates. (6/28/06 Order at 6.) These failings are by themselves sufficient to justify the Order. Moreover, as much as SCO ignores the fact, the Order is based in significant part on SCO's failure to disclose its allegations, which are best known to SCO and for which no discovery was required from IBM.

Fourth, SCO waived any argument that the Court should allow further discovery, which closed long ago without any objection from SCO. SCO did not raise the need to depose or redepose the four IBM programmers before Judge Wells. See Lewis v. State of Oklahoma Ex

6

Rel. Board of Regents for Tulsa Community College, 42 Fed. Appx. 160, 2002 WL 1316810, at *6 (10th Cir. 2002) ("Because issues not raised before the magistrate judge are waived, the district court did not abuse its discretion in holding that Lewis had waived her timing argument.") (citations omitted) (Ex. G); Traylor v. Jenks, No. 05-1167, 2006 WL 2715009, at *1 (W.D. Okla. Sept. 21, 2006) ("[T]his argument . . . was not raised before the Magistrate Judge and is, therefore, deemed waived".) (Ex. H).[2] Nor did SCO raise the argument in its objections to this Court. See U.S. v. Castillo-Garcia, 117 F.3d 1179, 1197 (10th Cir. 1997) ("[A]rguments raised for the first time in a motion for reconsideration are not properly before the court . . . . Thus, the district court did not abuse its discretion when it denied the government's motion to reconsider.") (citations omitted); Wendover City v. W. Wendover City, No. 03-523, 2006 WL 3469606, at *2 (D. Utah Nov. 30, 2006) (denying motion for reconsideration where "Defendants' arguments on this issue could have been, but were not, raised in prior briefing") (Ex. I).

Fifth, SCO's purported reason for requesting additional depositions is to provide support for arguments that it made previously in its objections and that the Court already rejected. Specifically, SCO contends that the depositions might show that IBM either knows the specifics of SCO's claims, such that IBM cannot claim prejudice, or IBM does not know them, in which case, says SCO, they could not reasonably be known by SCO. (SCO Mem. at 5.) SCO made

---

[2] See also E.E.O.C. v. Body Firm Aerobics, Inc., No. 03-846, 2006 WL 1579608, at *3 (D. Utah June 1, 2006) (holding that because "[t]hat objection was not raised in Body Firm's . . . pleadings before [Magistrate] Judge Alba . . . . the court therefore will not consider Body Firm's new argument") (Ex. J); McCormick v. City of Lawrence, Kan., No. 02-2135, 2005 WL 1606595, at *6 (D. Kan. July 8, 2005) ("[P]laintiff should have brought this [] argument to the attention of the magistrate judge. Having failed to do so, the court will not consider this argument for the first time now.") (Ex. K)

this same argument in its objections, and the Court rejected it.  (SCO Obj. Br. at 46-50.)  Again, a party may not "use a motion for reconsideration to reargue the motion or present evidence that should have been raised before."  Whitmer, 2006 U.S. Dist. LEXIS 73169, at *6; See MacArthur, 2000 U.S. Dist. LEXIS 22792, at *23; Caprin, U.S. Dist. LEXIS 25680, at *5.

### III.     SCO'S ALTERNATIVE REQUEST FOR LIMITED RECONSIDERATION IS EQUALLY FLAWED.

Finally, SCO argues that "at a minimum, the Court should reconsider a limited number of stricken items".  (Mem. at 6-8.)  SCO points to ten items, which it claims were not specifically mentioned by the Court.  (Id. at 6.)  "SCO maintains that if the Court were to examine them individually, it would be satisfied that the identifying information provided by SCO is consistent with SCO's discovery obligations and sufficient to inform IBM as to the nature of the disclosure".  (Id.)  Like SCO's first two arguments, this argument fails.

First, contrary to SCO's contention, both Magistrate Judge Wells' Order and this Court have made clear that the Court examined all of the items of allegedly misused material at issue, including the ten items on which SCO now focuses.  Magistrate Judge Wells' Order expressly states: "SCO submitted its alleged misappropriated materials on CD-ROM.  The Court has reviewed all of the disputed items individually".  (Order at 2 n.3.)  Likewise, this Court expressly stated (in the Order) that it conducted a *de novo* review and that "the court considered carefully the memoranda and other materials submitted by the parties" – before and after taking SCO's objections under advisement.  (Order at 1.)  Thus, the premise of SCO's contention is mistaken.

Second, both Magistrate Judge Wells and this Court expressly found that SCO did not satisfy its discovery obligations or provide adequate information to IBM about its allegations.  (11/29/06 Order at 4; 6/28/06 Order at 32.)  SCO's motion does not – and could not – show

8

otherwise. Moreover, merely asserting that if the Court were to look again it would find otherwise says nothing more than that the Court was wrong in the first place and should change its mind. That is not true, and it is not in any case an adequate basis for reconsideration. Yet again, a party cannot "use a motion for reconsideration to reargue the motion or present evidence that should have been raised before." Whitmer, 2006 U.S. Dist. LEXIS 73169, at *6; MacArthur, 2000 U.S. Dist. LEXIS 22792, at *23; Caprin, U.S. Dist. LEXIS 25680, at *5.

Third, SCO's request for "limited" reconsideration is a Trojan Horse. Both Magistrate Judge Wells and this Court ruled that SCO may not proceed as to the 187 items at issue for reasons equally applicable to each of the 187 items. Specifically, the Court found that "SCO failed to comply with the court's previous discovery related Orders and Rule 26(e), that SCO acted willfully, that SCO's conduct has resulted in prejudice to IBM, and that this result – the inability of SCO to use the evidence at issue to prove its claims – should come as no surprise to SCO." (Order at 4.) Under the guise of seeking "limited reconsideration", SCO seeks to undermine the rationale of the Court's decision as to the remaining 177 items (as to which its failings are no different) and thus improve SCO's position on its next appeal of this issue. SCO's failings regarding the ten items it singles out on this motion are no different from the failings of the other items.

Fourth, SCO's argument that a number of the stricken Items are "akin" to some of the "negative know how" Items not stricken by the Court (Mem. at 6 n.2) fails because it could have been, but was not, previously raised in its briefing in support of its objections and is thus waived. See, e.g., Castillo-Garcia, 117 F.3d at 1197 ("[A]rguments raised for the first time in a motion for reconsideration are not properly before the court . . . . Thus, the district court did not abuse its

9

discretion when it denied the government's motion to reconsider.") (citations omitted); Wendover, 2006 WL 3469606, at *2 (denying motion for reconsideration where "Defendants' arguments on this issue could have been, but were not, raised in prior briefing"). SCO had available Magistrate Judge Wells' Order sustaining some of the "negative know how" items and could have made this argument in its objections. Because SCO did not, this argument is waived. Even if this argument were not waived, it would have no merit because the three "negative know how" Items not stricken by Magistrate Judge Wells (Items 23, 43, 90) are not "akin" to the three Items for which SCO specifically seeks reconsideration (Items 3, 4, 15). Items 3, 4 and 15 do not involve disclosures of "negative know how". Each of these Items, by their terms, involves allegations of disclosures of Dynix/ptx methods and concepts and are thus like the other Items the Court did strike. Accordingly, SCO's argument, even if properly asserted, would fail.

Fifth, allowing SCO to proceed as to any one of the 187 items at issue in the Order would result in undue prejudice to IBM, as stated in IBM's memorandum in opposition to SCO's objections and as expressly found by the Court. Contrary to SCO's contention, the fact that the Court has deferred the trial date is immaterial. Allowing SCO to proceed as to any one of the 187 items (not to mention 10 of them) would require reopening fact discovery, redoing expert reports and depositions, and redoing summary judgment briefing. Significant delay and expense would result and even then IBM would be unable properly to prepare its defense because SCO still would not have disclosed its allegations.

## **Conclusion**

For the foregoing reasons, IBM respectfully requests that this Court deny SCO's motion for reconsideration.

DATED this 19th day of January, 2007.

        SNELL & WILMER L.L.P.


        /s/ Todd M. Shaughnessy
        Alan L. Sullivan
        Todd M. Shaughnessy
        Amy F. Sorenson


        CRAVATH, SWAINE & MOORE LLP
        Evan R. Chesler
        David R. Marriott

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000


*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of January, 2007, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and delivered by CM/ECF system to the following:

> Brent O. Hatch
> Mark F. James
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101
>
> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

      /s/ Todd M. Shaughnessy

428057.1

INDEX TO ADDENDA

Exhibit A: *Monroe v. Myers*, No. 05-00351, 2006 WL 2699029, at *1 (D. Colo. Sept. 19, 2006)

Exhibit B: *Whitmer v. World Fin. Network Nat'l Bank*, No. 04-00567, 2006 U.S. Dist. LEXIS 73169, at *3 (D. Utah October 6, 2006)

Exhibit C: *Caprin v. Simon Transp. Servs.*, No. 98-863, 2001 U.S. Dist. LEXIS 25680, at *5 (D. Utah Mar. 12, 2001)

Exhibit D: *MacArthur v. San Juan County*, No. 00-584, 2000 U.S. Dist. LEXIS 22792, at *23 (D. Utah December 12, 2000) (Kimball, J.)

Exhibit E: *Poddar v. State Bank of India*, No. 98-1691, 2006 WL 2092469, at *1 (S.D.N.Y. July 26, 2006)

Exhibit F: *Naiman v. New York Univ. Hosp. Ctr.*, No. 95-6469, 2005 WL 926904, at *2 (S.D.N.Y. April 21, 2005)

Exhibit G: *Lewis v. State of Oklahoma Ex Rel. Board of Regents for Tulsa Community College*, 42 Fed. Appx. 160, 2002 WL 1316810, at *6 (10th Cir. 2002)

Exhibit H: *Traylor v. Jenks*, No. 05-1167, 2006 WL 2715009, at *1 (W.D. Okla. Sept. 21, 2006)

Exhibit I: *Wendover City v. W. Wendover City*, No. 03-523, 2006 WL 3469606, at *2 (D. Utah Nov. 30, 2006)

Exhibit J: *E.E.O.C. v. Body Firm Aerobics, Inc.*, No. 03-846, 2006 WL 1579608, at *3 (D. Utah June 1, 2006)

Exhibit K: *McCormick v. City of Lawrence, Kan.*, No. 02-2135, 2005 WL 1606595, at *6 (D. Kan. July 8, 2005)