# EXHIBIT C

LEXSEE


Analysis
As of: Jan 19, 2007

JEFF T. CAPRIN and MICHELE A. CAPRIN, et al., Plaintiffs, v. SIMON TRANSPORTATION SERVICES, et al., Defendants.

Case No. 2:98-CV-863K

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

2001 U.S. Dist. LEXIS 25680

March 12, 2001, Decided
March 12, 2001, Filed

**PRIOR HISTORY:** Caprin v. Simon Transp. Servs., 112 F. Supp. 2d 1251, 2000 U.S. Dist. LEXIS 14456 (D. Utah, 2000)

**DISPOSITION:** [*1] Motion to alter or amend judgment DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs filed a motion, pursuant to Fed. R. Civ. P. 59, for an order altering or amending the order and opinion entered by the court.

**OVERVIEW:** Plaintiffs claimed that new evidence in the form of declarations, depositions, and documents, which it recently obtained from discovery in a personal injury action in state court, compelled reconsideration of the court's prior order of dismissal. However, plaintiffs failed to identify that any of the evidence was newly discovered. The evidence was available at the time that the instant court considered the motion to dismiss. Moreover, plaintiffs failed to show that the evidence was material. Plaintiffs' claim that the court did not expressly consider all of their arguments when rendering its prior order did not provide grounds for altering or amending the judgment under the applicable legal standards.

**OUTCOME:** The motion was denied.

**CORE TERMS:** reconsideration, amend, newly discovered evidence, present evidence, newly discovered, new evidence, unsuccessful, diligent, discover, altering, prior order

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN1] Fed. R. Civ. P. 59(e) authorizes a motion to alter or amend a judgment after its entry. However, a Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence. Thus, the scope of Rule 59(e) is quite limited. A party should not use a motion for reconsideration to reargue the motion or present evidence that should have been raised before. Moreover, a party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden. When a motion for reconsideration raises only a party's disagreement with a decision of the court, that dispute should be dealt with in the normal appellate process, not on a motion for reargument under Rule 59(e). A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court.

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*

*Civil Procedure > Judgments > Relief From Judgment > Newly Discovered Evidence*

[HN2] A party seeking to alter or amend a judgment based on newly discovered evidence must show that the evidence is newly discovered and if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence. The party must also demonstrate that the new evidence it relies upon is material.

**COUNSEL:** For MICHELE A. CAPRIN, JEFF T. CAPRIN, ISAAC ARMSTRONG, BRUCE BRINKERHOFF, CHARLES CIOCCO, LOUIS DEVIVO, ELENA DEVIVO, ELLEN DINAS, MICHAEL EDSON, JASON HILSENBECK, BRUCE KOESTER, TYRONE MARTINEZ, JOHN PEIFFER, BRENDA POMRENKE, KEITH POMRENKE, LOUIS POMRENKE, DON SEXTON, LENA SEXTON, MELVIN VAN DUREN, GARY WEICHERT, GEORGE WILKENS, PAULA ZIEGENHAGEN, EILEEN ZIEGENHAGEN, plaintiffs: C. Richard Henriksen, Jr., HENRIKSEN & HENRIKSEN, SALT LAKE CITY, UT.

For MICHELE A. CAPRIN, JEFF T. CAPRIN, ISAAC ARMSTRONG, BRUCE BRINKERHOFF, CHARLES CIOCCO, LOUIS DEVIVO, ELENA DEVIVO, ELLEN DINAS, MICHAEL EDSON, JASON HILSENBECK, BRUCE KOESTER, TYRONE MARTINEZ, JOHN PEIFFER, BRENDA POMRENKE, KEITH POMRENKE, LOUIS POMRENKE, DON SEXTON, LENA SEXTON, MELVIN VAN DUREN, GARY WEICHERT, GEORGE WILKENS, PAULA ZIEGENHAGEN, EILEEN ZIEGENHAGEN, plaintiffs: Tracy L. Thrower, LAW OFFICES OF LIONEL Z. GLANCY, Lionel Z. Glancy, Peter A. Binkow, Michael Goldberg, LOS ANGELES, CA.

For MICHELE A. CAPRIN, JEFF T. CAPRIN, plaintiffs: Michael B. Ackerman, LOS ANGELES, CA.

For MICHELE A. CAPRIN, JEFF T. CAPRIN, [*2] ISAAC ARMSTRONG, BRUCE BRINKERHOFF, CHARLES CIOCCO, LOUIS DEVIVO, ELENA DEVIVO, ELLEN DINAS, MICHAEL EDSON, JASON HILSENBECK, BRUCE KOESTER, TYRONE MARTINEZ, JOHN PEIFFER, BRENDA POMRENKE, KEITH POMRENKE, LOUIS POMRENKE, DON SEXTON, LENA SEXTON, MELVIN VAN DUREN, GARY WEICHERT, GEORGE WILKENS, PAULA ZIEGENHAGEN, EILEEN ZIEGENHAGEN, plaintiffs: Kenneth J. Catanzarite, CATANZARITE LAW CORPORATION, ANAHEIM, CA.

For SIMON TRANSPORTATION SERVICES, RICHARD B. SIMON, ALBAN B. LANG, KELLE A. SIMON, defendants: R. Brent Stephens, SNOW CHRISTENSEN & MARTINEAU, SALT LAKE CITY, UT.

For SIMON TRANSPORTATION SERVICES, RICHARD B. SIMON, ALBAN B. LANG, KELLE A. SIMON, defendants: Lloyd Winawer, Brian Arnold, Mark Labaton, WILSON SONSINI GOODRICH & ROSATI, PALO ALTO, CA.

**JUDGES:** DALE A. KIMBALL, United States District Judge.

**OPINION BY:** DALE A. KIMBALL

**OPINION:**

ORDER

On October 13, 2000, Plaintiffs filed a motion, pursuant to Rule 59 of the Federal Rules of Civil Procedure, for an order altering or amending the Order and Opinion entered by the court on September 28, 2000.

**LEGAL STANDARD**

Rule 59(e) of the Federal Rules of Civil Procedure [*3] [HN1] authorizes a motion to alter or amend a judgment after its entry. However, "[a] Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997)* (internal quotation marks omitted). Thus, the scope of Rule 59(e) is quite limited:

> A party should not use a motion for reconsideration to reargue the motion or present evidence that should have been raised before. Moreover, a party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden. When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument under" [Rule 59(e)].

*NL Indus., Inc. v. Commercial Union Ins. Cos.*, 938 F. Supp. 248, 249-50 (D.N.J. 1996) (internal quotes omitted); *Resolution Trust Corp. v. Greif*, 906 F. Supp. 1446, 1456-57 (D. Kan. 1995) [*4] ("A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court.").

[HN2] A party seeking to alter or amend a judgment based on newly discovered evidence must show "that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523-24 (10th Cir. 1992). The party must also demonstrate that the new evidence it relies upon is material. *Buell v. Security Gen. Life Ins. Co.*, 987 F.2d 1467, 1471-72 (10th Cir. 1993).

## DISCUSSION

Plaintiffs claim that new evidence in the form of declarations, depositions, and documents, which it has recently obtained from discovery in a personal injury action in Utah state court, *Gallegos, et al. v. Dick Simon Trucking, Inc., et al.*, Civil No. 980902978 PI (Third Judicial District Court, Salt Lake County) compel reconsideration of this court's prior order of dismissal. However, Plaintiffs have [*5] failed to identify that any of this evidence was newly discovered. The evidence was available at the time this court considered the motion to dismiss. The state court action, instituted in March of 1998, relates to an accident that occurred on March 16, 1998, and such accident was listed on the insurer-generated "loss runs" submitted as an exhibit to Plaintiffs' Second Amended Complaint. However, counsel has not demonstrated a diligent, yet unsuccessful, effort to discover that evidence. Moreover, Plaintiffs have also failed to show that the evidence was material.

Plaintiffs' claim that this court did not expressly consider all of their arguments when rendering its prior order does not provide grounds for altering or amending the judgment under the applicable legal standards. Plaintiffs additional arguments were considered and rejected by the court.

Plaintiffs have failed to meet their burden under Rule 59. Accordingly, their motion to alter or amend judgment is DENIED.

DATED this 12th day of March, 2001.

DALE A. KIMBALL

United States District Judge