# EXHIBIT F

Westlaw.

Not Reported in F.Supp.2d                                                                                                      Page 1
Not Reported in F.Supp.2d, 2005 WL 926904 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents
Naiman v. New York University Hospitals
CenterS.D.N.Y.,2005.Only the Westlaw citation is
currently available.

United States District Court,S.D. New York.
Alec NAIMAN, Plaintiff,
v.
NEW YORK UNIVERSITY HOSPITALS
CENTER, Defendant.
**No. 95 Civ. 6469(RPP).**

April 21, 2005.

Ronald S. Kahn, New York, NY, for Plaintiff.
Law Office of Alan J. Rich, New York, NY, Attn:
Alan J. Rich, Baree Fett, for Respondent.

OPINION AND ORDER
PATTERSON, J.
**\*1** Alan J. Rich, Esq. ("Rich") moves pursuant to
Rule 59(e) of the Federal Rules of Civil Procedure,
for reconsideration of this Court's January 7, 2005
Opinion and Order, familiarity with which is
assumed, which granted Alec Naiman's ("Naiman")
motion for an order directing Rich to pay Naiman the
balance of the moneys due and owing to Naiman
under a 1994 retainer agreement. See *Naiman v. NYU
Hospitals Center,* 351 F.Supp.2d 257
(S.D.N.Y.2005). For the reasons that follow, this
Court concludes that Naiman's motion was properly
granted and denies Rich's motion for reconsideration.

I. LEGAL STANDARD

Motions for reconsideration pursuant to Rule 59(e) of
the Federal Rules of Civil Procedure are governed by
the same standards as those governing motions under
Rule 6.3 of the Local Civil Rules of the U.S. District
Courts for the Southern and Eastern Districts of New
York ("Local Rule 6.3"). See *Candelaria v.
Coughlin,* 155 F.R.D. 486, 491 (S.D.N.Y.1994).
Under Local Rule 6.3, a party seeking
reconsideration must set forth "concisely the matters
or controlling decisions which counsel believes the
court has overlooked." Local Civ. R. 6.3. To prevail
on a motion for reconsideration, a party "must
demonstrate that the Court overlooked controlling
decisions or factual matters that were put before it on

the underlying motion." *Eisemann v. Greene,* 204
F.3d 393, 395 n. 1 (2d Cir.2000) (per curiam)
(citation omitted); *see also Shrader v. CSX Transp.,
Inc.,* 70 F.3d 255, 257 (2d Cir.1995) (
"[R]econsideration will generally be denied unless
the moving party can point to controlling decisions or
data that the court overlooked-matters, in other
words, that might reasonably be expected to alter the
conclusion reached by the court.").

Local Rule 6.3 should be "narrowly construed and
strictly applied so as to avoid repetitive arguments on
issues that have been considered fully by the Court."
*DelleFave v. Access Temps., Inc.,* No. 99 Civ.
6098(RWS), 2001 U.S. Dist. LEXIS 3165, at \*2 (S
.D.N.Y. Mar. 22, 2001). In addition, on a motion for
reconsideration, a party may not "advance new facts,
issues, or arguments not previously presented to the
court." *Morse/Diesel, Inc. v. Fidelity & Deposit Co.
of Md.,* 768 F.Supp. 115, 116 (S.D.N.Y.1991); *see
also Polsby v. St. Martin's Press, Inc.,* No. 97 Civ.
690(MBM), 2000 U.S. Dist. LEXIS 596, at \*2
(S.D.N.Y. Jan. 18, 2000) (noting that on a motion for
reconsideration "affidavits are not permitted
inasmuch as no new facts may be adduced"). A
motion for reconsideration "is not a substitute for
appeal." *RMED Int'l, Inc. v. Sloan's Supermarkets,
Inc.,* 207 F.Supp.2d 292, 296 (S.D.N.Y.2002)
(citation omitted). Rather, the purpose of Local Rule
6.3 is to "ensure the finality of decisions and to
prevent the practice of a losing party examining a
decision and then plugging the gaps of a lost motion
with additional matters." *Carolco Pictures, Inc. v.
Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988)
(citation omitted).

II. DISCUSSION

**\*2** In an attempt to explain why he failed to comply
with the rules governing contingency fee agreements,
Rich's motion contains numerous factual allegations
supported by declarations that were not previously
before the Court. These factual allegations and
supporting documents cannot be considered on this
motion for reconsideration because they were not put
before the Court on the underlying motion. *See, e.g.,
Morse/Diesel, Inc.,* 768 F.Supp. at 116 (a party may
not "advance new facts, issues, or arguments not
previously presented to the court"). Accordingly,
these new facts and the arguments they support do

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 926904 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

not provide grounds for reconsideration.

Rich also asserts that his motion for reconsideration should be granted to allow the parties to engage in additional discovery. In particular, Rich suggests that both he and Naiman submit to a polygraph examination to determine whether they did in fact reach a supplemental fee agreement setting Rich's fee at fifty percent of the settlement proceeds. Rich's request for additional discovery is not an appropriate basis for a motion for reconsideration, however, because Local Rule 6.3 permits such motions to address "matters or controlling decisions" which the moving party claims the court has "overlooked." Moreover, even if such a request was appropriate here, the discovery Rich describes would not change this Court's January decision. For the purposes of that decision, the Court concluded that even if Rich and Naiman had reached a supplemental fee agreement setting Rich's fee at fifty percent, such an agreement was not enforceable based on the undisputed fact that Rich did not provide a writing to Naiman until over seven months after the alleged agreement.

Rich also suggests that the Court overlooked a number of factual allegations that were already presented to it on the underlying motion. For example, Rich re-states that he complied with some requirements of D.R. 2-106(D), that there was no conflict of interests between Naiman and him, that Naiman was fully satisfied with his share of the settlement money, and that Naiman did not object to the fifty percent fee in writing until approximately four months after he received the check from Rich. However, because the Court fully considered these factual allegations in its January decision, they do not provide grounds to grant Rich's motion for reconsideration.

Rich also argues that the Court misinterpreted the evidence before it and incorrectly found that the supplemental fee agreement was contingent on the settlement of injunctive relief. Specifically, Rich claims that the alleged agreement to set his fee at fifty percent was not a contingent fee agreement because "the parties and the Court separated out the issues so that once the monetary damage amount was resolved, the parties would proceed to negotiate injunctive relief." (Rich's Mem. at 20.) Even assuming that Rich's recitation of the facts is accurate, it remains true that the parties did not formally agree to either the monetary or injunctive relief until the day the parties executed the consent decree, which was over seven months after Rich states that he and Naiman agreed to the supplemental

fee agreement. Accordingly, assuming that Rich and Naiman agreed to a fifty percent fee, the agreement was contingent on an outcome that was not yet certain and, therefore, Rich was required to comply with the rules governing contingency fee agreements. *See* D.R. 2-106(D), N.Y. Comp.Codes R. & Regs. tit. 22, § 1200.11(d) (attorney in contingency fee matter must "promptly" provide client with a writing stating the terms of the agreement); *Revson v. Cinque & Cinque, P.C.,* 221 F.3d 59, 68-69 (2d Cir.2000) (expressly agreeing with district court's ruling that contingent fee matters must be "detail[ed] for the client in writing" by the retained attorney); *Liner Tech. Inc. v. Hayes,* 213 A.D.2d 881, 883, 624 N.Y.S.2d 284, 285 (3d Dep't 1995) ("contingency fee agreement[s] ... must be in writing").

*3 Rich also claims that this Court incorrectly applied D.R. 2-106(D) in holding that, regardless of whether Rich and Naiman agreed to set Rich's fee at fifty percent, the alleged agreement was not enforceable because Rich failed to "promptly" provide Naiman with a writing stating the terms of the agreement as required by D.R. 2-106(D).[FN1] Rich relies on *In re Abreu,* 168 Misc.2d 229, 638 N.Y.S.2d 548 (Surr. Ct. Bronx Co.1996), to support his argument that the requirement for a prompt writing established by D.R. 2-106(D) is not absolute. In *Abreu,* a law firm failed to comply with a different rule governing contingency fee agreements, N .Y.Codes R. & Regs. tit. 22, § 603.7(a), which states that attorneys who are retained on a contingency fee basis in certain types of actions "shall" file a retainer statement with the Office of Court Administration of the State of New York within 30 days of the date of any such retainer or within 15 days if retained by another attorney on a contingency fee basis. After noting that there was no dispute that the client had signed a retainer agreement, the court found that the law firm failed to timely file the retainer agreement because it inadvertently placed the document in its files rather than mailing it. *Abreu,* 168 Misc.2d at 232, 234. Thus, the court held that the firm had established a reasonable excuse for its failure to comply with the filing requirements so that, standing alone, this failure did not preclude it from receiving compensation for its services. *Id.* at 234.

---

FN1. D.R. 2-106(D) requires that "[p]romptly after a lawyer has been employed in a contingent fee matter, the lawyer shall provide the client with a writing stating the method by which the fee is to be determined." D.R. 2-106(D), N.Y.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 926904 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Comp.Codes R. & Regs. tit. 22, § 1200.11(d).

Here, however, it is undisputed that Naiman did not sign a retainer agreement setting Rich's contingency fee at fifty percent, nor is there any dispute that Rich failed to provide Naiman a writing stating the terms of the alleged supplemental fee agreement until seven months after he claims it was made. Moreover, aside from documents that Rich has provided for the first time on this motion, he has not provided any basis for this Court to excuse his failure to comply with D.R. 2-106(D). Thus, inasmuch as *Abreu* involved a different disciplinary rule and a different factual scenario from the instant matter, it does not constitute a "controlling decision[ ]" that this Court "overlooked" in its January decision.

Rich next argues that the alleged supplemental fee agreement is an enforceable oral modification to the original retainer agreement because he relied and acted on the modified agreement. Specifically, Rich states that, based on the supplemental agreement to increase his fee to fifty percent, he chose not to seek a fee award under the federal fee shifting provisions and he ended negotiations with New York University Hospitals Center even though he believed further negotiations would have brought about a higher settlement award. (Rich's Mem. at 17.) This argument was not before the Court on the initial motion; therefore, it cannot provide the basis for a motion for reconsideration. Nonetheless, Rich has not demonstrated that after entering into the alleged oral modification either his or Naiman's conduct was "not compatible with any option in the written agreement." *See Rose v. Spa Realty Assocs., 42 N.Y.2d 338, 345 (N.Y.1977)* (explaining that oral modifications to written agreements that include a proscription against oral modifications may be proven by conduct only if the conduct is "unequivocally referable to the oral modification"). In fact, there is no indication that either party's actions were incompatible with the retainer agreement as written.

*4 Rich alternatively claims that the motion for reconsideration should be granted because his fee under the supplemental fee agreement was not "excessive" under D.R. 2-106(B), N.Y. Comp.Codes R. & Regs. tit. 22, § 1200.11(b). However, this argument does not provide grounds for reconsideration because this Court did not find that the supplemental fee agreement was unenforceable because it was excessive.

Without citing any case law or statutory authority, Rich briefly argues for the first time that this Court's January decision finding the alleged supplemental fee agreement unenforceable will result in "unjust enrichment" for Naiman. This argument is rejected, however, because a motion for reconsideration may not advance new arguments not previously presented to the court.

Lastly, after this motion was fully briefed by the parties, Rich submitted a letter to the Court calling its attention to a recent case, *Fenderstock & Partners, LLP v. Shapiro,* No. 111446/03, 2005 N.Y. Misc. LEXIS 583 (N.Y.Sup.Ct. Mar. 14, 2005), in which an attorney's motion for summary judgment in a fee dispute was denied because the client demonstrated that he had objected to the bills for services with sufficient specificity. Although pertaining to an attorney-client fee dispute, *Fenderstock* does not bear on this Court's holding that the alleged supplemental fee agreement was unenforceable because it failed to comply with D.R. 2-106(D). Accordingly, *Fenderstock* is not a "controlling decision" that the Court has overlooked.

### III. CONCLUSION

For the reasons stated above, Rich's motion for reconsideration of this Court's January 7, 2005 Opinion and Order is denied.

IT IS SO ORDERED.

S.D.N.Y.,2005.
Naiman v. New York University Hospitals Center
Not Reported in F.Supp.2d, 2005 WL 926904 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:95cv06469 (Docket) (Aug. 16, 1995)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.