# EXHIBIT I

Westlaw.

Slip Copy
Slip Copy, 2006 WL 3469606 (D.Utah)
**(Cite as: Slip Copy)**

Page 1

**H**
Briefs and Other Related Documents
Wendover City v. West Wendover CityD.Utah,2006.Only the Westlaw citation is currently available.
United States District Court,D. Utah, Central Division.
WENDOVER CITY, a Utah Municipal Corporation, Plaintiff,
v.
WEST WENDOVER CITY, a Nevada Municipal Corporation, Josephine Thaut, and John Does 1 through 10, Defendants.
No. 2:03-CV-523 TS.

Nov. 30, 2006.

Harold G. Christensen, Julianne P. Blanch, Snow Christensen & Martineau, Salt Lake City, UT, for Plaintiff.
David M. Stanton, Gary E. Digrazia, Goicoechea Digrazia Coyle & Stanton, Elko, NV, Douglas R. Rands, Rands South Gardner & Hetey, Reno, NV, for Defendants.

MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION
STEWART, J.
*1 This matter is before the Court pursuant to Defendants' Motion for Partial Reconsideration [FN1] of the Court's December 13, 2005 Memorandum Decision and Order Denying Defendants' Motion for Partial Summary Judgment on Plaintiff's Commerce Clause Claim and Granting Plaintiff's Cross Motion ("December 13, 2005 Decision") as to the Commerce Clause Claim.[FN2] While Defendants do not cite a specific Federal Rule of Civil Procedure for their Motion, the Court notes that the Motion was filed within ten days after entry of judgment. Therefore, the Court construes Defendants' Motion as a Fed.R.Civ.P. 59(e) motion.[FN3]

FN1. Docket No. 66. Defendants' Motion was filed on December 24, 2005. The Court has not addressed the Motion previously because the parties have been in mediation. However, the Court is now apprised that the mediation has failed and, therefore, considers it appropriate to now address Defendants' Motion.

FN2. Docket No. 65.

FN3. See *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000).

Defendants argue that this Court's finding that West Wendover's Ordinance 6-2-5 violated the dormant Commerce Clause was improper. Defendants first assert that the Court found in its December 13, 2005 Decision that Ordinance 6-2-5 was unconstitutional as applied. Defendants then argue that there exists a genuine issue of material fact as to whether they ever actually applied the Ordinance either as a source of pressure, or as the basis for other actions, which ultimately led to the State Line's switching to Defendant West Wendover's water system. Therefore, Defendants argue, the Court's ruling as to the unconstitutionality of Ordinance 6-2-5 was improper and premature.

Plaintiff opposes Defendants' Motion upon several bases, including: (1) this Court determined in its December 13, 2005 Decision that the Ordinance was invalid both on its face and as applied, (2) the constitutional meaning of "as applied" is not contingent upon whether Defendants made some ultimate determination to apply the Ordinance, and (3) that Defendants' argument erroneously assumes that the Ordinance is relevant only if Defendants used it as the sole basis to take State Line's water account from Plaintiff.

Defendants' arguments on this matter are unconvincing. Defendants are correct in pointing out that this Court held in its December 13, 2005 Decision that Ordinance 6-2-5 was unconstitutional as applied, and not facially unconstitutional. However, Defendants make their argument regarding the actual application of the Ordinance for the first time in their present Motion. "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." [FN4] Importantly, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." [FN5]

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 3469606 (D.Utah)
**(Cite as: Slip Copy)**

Page 2

FN4. *Id.*

FN5. *Id.*

Defendants' arguments on this issue could have been, but were not, raised in prior briefing. The issue of the constitutionality of Ordinance 6-2-5 was briefed extensively by the parties pursuant to summary judgment motions, but this Court is unable to find in the corresponding memoranda any reference or dispute as to the issue of Defendants' actual application of Ordinance 6-2-5 to the State Line. If Defendants wished to address this issue, they should have done so pursuant to the prior summary judgment motions. It is therefore

**\*2** ORDERED that Defendants' Motion for Partial Reconsideration (Docket No. 66) is DENIED.

D.Utah,2006.
Wendover City v. West Wendover City
Slip Copy, 2006 WL 3469606 (D.Utah)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3636847 (Trial Motion, Memorandum and Affidavit) Defendants' Motion for Partial Summary Judgment on Plaintiff's Second, Third and Fourth Claims for Relief (Oct. 19, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 3636846 (Trial Motion, Memorandum and Affidavit) Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss Punitive Damages (Oct. 14, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 2918606 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendants' Motion to Dismiss Punitive Damages (Oct. 7, 2005)
• 2005 WL 2918598 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Wendover, Utah's Cross Motion for Summary Judgment on Commerce Clause Claim (Aug. 19, 2005)
• 2005 WL 1988556 (Trial Motion, Memorandum and Affidavit) Reply to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment on Plaintiff's Commerce Clause Claim for Relief and Opposition to Plaintiff's Motion for Partial Summary Judgment on the Commerce Clause Claim (Jul. 26, 2005) Original Image of this Document (PDF)
• 2005 WL 1988559 (Trial Motion, Memorandum and Affidavit) Reply to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment on Plaintiff's Commerce Clause Claim for Relief and Opposition to Plaintiff's Motion for Partial Summary Judgment on the Commerce Clause Claim (Jul. 26, 2005) Original Image of this Document (PDF)
• 2005 WL 2041219 (Trial Motion, Memorandum and Affidavit) Reply to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment on Plaintiff's Commerce Clause Claim for Relief and Opposition to Plaintiff's Motion for Partial Summary Judgment on the Commerce Clause Claim (Jul. 26, 2005) Original Image of this Document (PDF)
• 2005 WL 1988551 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment and Memorandum in Support of Motion for Partial Summary Judgment, on the Commerce Clause Claim (Jul. 12, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 2041218 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment and Memorandum in Support of Motion for Partial Summary Judgment, on the Commerce Clause Claim (Jul. 12, 2005) Original Image of this Document with Appendix (PDF)
• 2005 WL 2041217 (Trial Motion, Memorandum and Affidavit) Defendants' Motion for Partial Summary Judgment on Plaintiff's Commerce Clause Claim for Relief (Jun. 20, 2005) Original Image of this Document (PDF)
• 2003 WL 24142588 (Trial Motion, Memorandum and Affidavit) Plaintiff Wendover City's Opposition to Motion to Dismiss (Aug. 15, 2003) Original Image of this Document (PDF)
• 2:03cv00523 (Docket) (Jun. 5, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.