# EXHIBIT K

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1606595 (D.Kan.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

H
McCormick v. City of Lawrence, KansasD.Kan.,2005.Only the Westlaw citation is currently available.
United States District Court,D. Kansas.
Dale E. MCCORMICK, Plaintiff,
v.
CITY OF LAWRENCE, KANSAS, et al., Defendant.
No. 02-2135-JWL.

July 8, 2005.

Dale E. McCormick, Lawrence, KS, pro se.
Gerald L. Cooley, Randall F. Larkin, Gilliland & Hayes, P.A., Lawrence, KS, for Defendants.
M. J. Willoughby, Office of Attorney General, Topeka, KS, pro se.

MEMORANDUM AND ORDER
LUNGSTRUM, J.
*1 Pro se plaintiff Dale E. McCormick is a self-described civil rights activist who brings this lawsuit against various government officials alleging that they violated his constitutional rights on a number of occasions. On April 4, 2005, the Honorable James P. O'Hara, United States Magistrate Judge, issued an order (doc. 255) granting defendant M.J. Willoughby's motion to compel plaintiff to produce documents and denying plaintiff's motion to compel discovery responses from defendant Willoughby. The matter is presently before the court on Plaintiff's Objections to the 4/4/05 Order of the Magistrate Judge (doc. 264). For the reasons explained below, the court finds that the magistrate judge's analysis was contrary to law only with respect to plaintiff's Fifth Amendment privilege claim and therefore the court will remand that privilege claim to the magistrate judge for further consideration. Plaintiff's objections are otherwise without merit.

BACKGROUND

The nature of the various claims in this case is fully discussed in McCormick v. City of Lawrence, 253 F.Supp.2d 1172 (D.Kan.2003), familiarity with which is presumed. The discovery requests at issue here pertain to plaintiff's claims against defendant Willoughby. Those claims arise from the legal assistance that plaintiff allegedly gave to Robert and Merrily Coburn which eventually led to Ms. Coburn filing a pro se complaint in 2001 in which she asserted § 1983 claims against Roger A. Nordeen. In the complaint, Ms. Coburn alleged that Mr. Nordeen, a Kansas prosecutor, violated her constitutional rights by making false or misleading statements in an affidavit of probable cause in support of a state criminal complaint. See generally Coburn v. Nordeen, Case No. 01-2562-JAR (D.Kan.2001). At the time of the Coburn lawsuit, defendant Willoughby was an Assistant Attorney General of Kansas. She was the attorney who represented prosecutor Nordeen in the Coburn lawsuit.

In about January of 2002, in documents filed in the Coburn lawsuit Ms. Willoughby accused Mr. McCormick of drafting and writing documents filed by Ms. Coburn. Mr. McCormick alleges that the accusation "is and was patently false"; he merely provided the Coburns with background knowledge and limited help with the lawsuit. Mr. McCormick alleges that Ms. Willoughby retaliated against him and the Coburns for their interactions by filing a complaint against him with the Consumer Protection Division of the Office of the Kansas Attorney General for practicing law without a license. Thereafter, Ms. Willoughby "connived" with agents of the Consumer Protection Division to launch a "fabricated and baseless inquisition" into Mr. McCormick's interactions with the Coburns in order to intimidate them; to interfere with their rights of expression, petition, and association; and to harass them and "otherwise oppress" them in whatever way possible. Ms. Willoughby and the Consumer Protection Division agents subpoenaed Ms. Coburn to appear at an "inquisition" regarding Mr. McCormick's involvement in her lawsuit. Mr. McCormick alleges that these events hindered the Coburns' association with him because the Coburns believe that the government "is bent" on preventing Mr. McCormick's constitutional advocacy activities. Mr. McCormick thus alleges that he has been denied his right to associate with the Coburns. He also alleges that these actions caused him to diminish or cease his activist efforts out of fear that he would be subpoenaed to appear before the Kansas Attorney General for an "inquisition." Based on these factual allegations, he asserts claims against Ms. Willoughby for (Count XII) retaliation and (Count XIII) "First (and Fourteenth) Amendment Speech and Association." [FN1]

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                 Page 2
Not Reported in F.Supp.2d, 2005 WL 1606595 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

FN1. Mr. McCormick originally asserted a third claim (Count XI) against Ms. Willoughby for "deprivation of liberty by fabricated evidence," but the court dismissed that claim. *See McCormick,* 253 F.Supp.2d at 1203.

*2 On September 14, 2004, defendant Willoughby served Mr. McCormick with a request for production of documents. Mr. McCormick responded by objecting and refusing to comply with those discovery requests. The substance of those discovery requests and plaintiff's objections will be more fully discussed in detail below. At this point, the court simply notes that Ms. Willoughby filed a motion to compel (doc. 239) and the magistrate judge granted the motion, overruling each of plaintiff's objections and additionally holding that plaintiff waived those objections by failing to timely respond to defendant Willoughby's discovery requests. In the course of discovery, plaintiff also served defendant Willoughby with a request for production of documents. Defendant Willoughby responded, stating she does not have the information requested in plaintiff's discovery requests. Plaintiff filed a motion to compel (doc. 247) and the magistrate judge denied the motion, reasoning that plaintiff did not file the motion to compel within thirty days after defendant Willoughby served her responses as required by D. Kan. Rule 37.1(b) and also that the motion was without merit to the extent that it bordered on being frivolous. Plaintiff has now filed objections to the magistrate judge's order granting defendant Willoughby's motion to compel and denying his motion to compel.

STANDARD OF REVIEW

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith,* 229 F.3d 992, 995 (10th Cir.2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1461-62 (10th Cir.1988)); 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069, at 355 (2d ed.1997) (and cases cited therein), and "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Ocelot Oil,* 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). By contrast, the "contrary to law" standard permits "plenary review as to matters of law." *See* 12 Wright et al., *supra,* § 3069, at 355; *Haines v. Liggett Group Inc.,* 975 F.2d 81, 91 (3d Cir.1992); *Computer Econ., Inc. v. Gartner Group, Inc.,* 50 F.Supp.2d 980, 983 (S.D.Cal.1999) ("contrary to law" standard permits independent review of purely legal determinations by a magistrate judge); *Weekoty v. United States,* 30 F.Supp.2d 1343, 1344 (D.N.M.1998) (when reviewing legal determinations made by magistrate judge, standard of review is de novo).

DISCUSSION

For the following reasons, the court concludes that the magistrate judge's order was not clearly erroneous or contrary to law except with respect to plaintiff's Fifth Amendment privilege claim. Although it appears based on the present state of the record that plaintiff served his responses to defendant Willoughby's discovery requests within thirty days and therefore he did not waive those objections, all of plaintiff's objections are without merit except perhaps his Fifth Amendment privilege claim. On that claim, the magistrate judge's reasoning was contrary to law inasmuch as he relied on an incorrect legal standard and therefore the court will remand that privilege claim to the magistrate judge for further consideration. With respect to plaintiff's motion to compel discovery from defendant Willoughby, the magistrate judge properly held that plaintiff failed to file the motion to compel within the thirty-day period set forth in D. Kan. Rule 37.1(b) and therefore the substantive aspects of the motion are moot.

I. Defendant Willoughby's Motion to Compel

*3 Defendant Willoughby served Mr. McCormick with a request for production seeking (1) all correspondence between Mr. McCormick and Ms. Coburn, (2) all correspondence between Mr. McCormick and Mr. Coburn, (2) copies of legal decisions that Mr. McCormick provided to the Coburns, (3) all documents drafted by Mr. McCormick for himself or for other persons, including but not limited to the Coburns, in the course of his "Constitutional advocacy activities," and (4) all videotapes taken by Mr. McCormick in the course of his "Constitutional advocacy activities." Mr. McCormick objected and refused to comply with

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 1606595 (D.Kan.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

the discovery requests "on the grounds that such requests are not calculated to lead to the discovery of admissible evidence, ... that the information sought is privileged under the work product doctrine, ... that the information sought is material protected by my First and Fourteenth Amendment speech and associational rights, and pursuant to [his] Fifth Amendment right against self-incrimination." Ms. Willoughby filed a motion to compel and the magistrate judge granted the motion, overruling each of plaintiff's objections and additionally holding that plaintiff waived those objections by failing to timely respond to defendant Willoughby's discovery requests. Plaintiff now argues that he did respond to defendant Willoughby's discovery requests within the required thirty-day period and he reasserts his various objections to the discovery requests.

A. *Timeliness of Plaintiff's Response to the Discovery Requests*

Defendant Willoughby served plaintiff with the request for production that is at issue here on September 14, 2004, and a date-stamp on plaintiff's written objections indicates that defendant Willoughby's counsel did not receive those objections until November 15, 2004. The magistrate judge ruled that plaintiff waived his objections by failing to timely respond to defendant Willoughby's discovery requests. The magistrate judge's ruling on this issue was understandable based on the state of the record at that time, which appeared to reflect an approximately two-month period between defendant Willoughby's service of the discovery requests and plaintiff's service of his objections thereto. The court notes, however, that plaintiff did not address this issue in his response to defendant Willoughby's motion to compel discovery probably because, although defendant Willoughby briefly mentioned in her memorandum in support of her motion to compel that the time for plaintiff to respond had lapsed, she actually did not argue that plaintiff had waived his objections by failing to timely respond. Given the magistrate judge's ruling, plaintiff has now addressed this issue in more detail. Plaintiff explains that his objections were not untimely because, first, discovery in this case was stayed at the time defendant Willoughby served her discovery requests in September of 2004 and that stay was not lifted until the court's October 5, 2004, ruling on defendant's Burke's motion for judgment on the pleadings and, second, that plaintiff placed his responses in the prison mail system on November 4, 2004, and therefore those responses were timely served under the prison mailbox rule.

*4 A party that fails to timely object to a request for production waives the right to contest the discovery request absent a showing of good cause for the belated objections. This principle is grounded in the plain language and the advisory committee notes of the Federal Rules of Civil Procedure. Rule 34(b) requires a response to a request for production to be served "within 30 days after the service of the request" and further states that if "the request is objected to ... the reasons for the objection shall be stated." "The procedure in Rule 34 is essentially the same as that in Rule 33 [for interrogatories] ... and ... the discussion in the note appended to that rule is relevant to Rule 34 as well." Rule 34 advisory committee's notes to the 1970 amendments to subdivision (b). Rule 33(b)(4) provides that any ground for an objection "not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." *See also* Rule 33 advisory committee's notes to the 1993 amendments to subdivision (b) ( "Paragraph (4) is added to make clear that ... untimely grounds for objection ordinarily are waived."). Consequently, whether plaintiff waived his objections to defendant Willoughby's discovery requests depends upon whether plaintiff served his objections within thirty days after defendant Willoughby served the discovery requests (or whether he can demonstrate good cause for the belated objections, but good cause is not at issue here).

Although defendant Willoughby served plaintiff with the subject requests for production on September 14, 2004, plaintiff correctly notes that discovery in this case was stayed until the court issued its order ruling on defendant Burke's motion for judgment on the pleadings on October 5, 2004. *See* Mot. to Stay Rule 26 Proceedings and for Protective Order Pending Ruling on Def. Burke's Mot. for J. on the Pleadings (doc. 223); Order (doc. 229) (granting defendant Burke's motion to stay); Mem. and Order (doc. 236) (granting defendant Burke's motion for judgment on the pleadings). Therefore, plaintiff's objections would be deemed timely if they were served within thirty days thereafter, meaning on or before November 4, 2004. Plaintiff contends that he placed his responses in the prison mail system on that day and that he is entitled to the benefit of the prison mailbox rule. Under the prison mailbox rule, a pro se prisoner's cause of action is considered filed when the prisoner delivers the pleading to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The prison mailbox rule has

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1606595 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

been extended to service of discovery responses in civil cases. See Faile v. Upjohn Co., 988 F.2d 985, 987-88 (9th Cir.1993), *disapproved of on other grounds,* McDowell v. Calderon, 197 F.3d 1253, 1255 n. 4 (9th Cir.1999). In this case, plaintiff has verified under penalty of perjury that he placed his discovery responses in the prison mail system on November 4, 2004. Defendant Willoughby does not attempt to controvert this verified statement but instead focuses on the fact that those responses were not received by the Attorney General's office until November 15, 2004. Timely service under Rule 34, however, depends upon the date of "service," *see* Rule 34(b) (requiring the responding party to *"serve* a written response within 30 days after the service of the request" (emphasis added)), not the date the opposing party receives the discovery responses.

**\*5** Thus, the court finds that plaintiff did not waive his objections to defendant's discovery requests by failing to timely serve those objections on defendant Willoughby. In so holding, the court is not finding that the magistrate judge's decision on this matter was clearly erroneous or contrary to law because plaintiff's newly presented arguments were not presented to the magistrate judge in the first instance. The court simply holds that it will consider the merits of plaintiff's substantive objections because it appears that plaintiff did not waive those objections.[FN2]

> FN2. The court notes that its holding on this matter is essentially immaterial with respect to plaintiff's claims of lack of relevance, work-product immunity, and associational privilege because those objections are without merit in any event. Thus, the only real impact of the court's holding that plaintiff did not waive his objections by failing to timely object to the requests for production is to preserve plaintiff's Fifth Amendment privilege claim. In so holding, the court is mindful that a waiver of a right as fundamental as the Fifth Amendment privilege against self-incrimination "is not lightly to be inferred," Emspak v. United States, 349 U.S. 190, 196, 75 S.Ct. 687, 99 L.Ed. 997 (1955), and courts "must indulge every reasonable presumption against waiver," id. at 198.

B. *Relevance*

Rule 26(b)(1) governs the scope of discovery. It provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. Haynes v. Kline, Case No. 03-4209-RDR, 2004 WL 3186016, at \*2 (D.Kan. Oct.26, 2004); Waddell & Reed Fin., Inc. v. Torchmark Corp., 222 F.R.D. 450, 452 (D.Kan.2004). A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party. Haynes, 2004 WL 3186016, at \*2; Waddell & Reed, 222 F.R.D. at 452.

In this case, the magistrate judge's reasoning regarding the relevance of the requested documents was not clearly erroneous or contrary to law. The magistrate judge reasoned that the discovery requests seek documents and things relating to plaintiff's alleged unlicensed practice of law and that goes to the heart of defendant Willoughby's defense that she was investigating plaintiff for practicing law without a license. Indeed, the first three requests for production are narrowly targeted toward learning the extent to which plaintiff assisted the Coburns with their lawsuit. The last two requests are not limited to plaintiff's involvement with the Coburns but instead more broadly seek all documents drafted by Mr. McCormick and videotapes taken by him in the course of his constitutional advocacy activities. Again, these requests for production appear to seek information relevant to defendant Willoughby's defense that plaintiff was practicing law without a license.

Plaintiff's primary argument is that the evidence sought is not relevant because drafting pleadings for Ms. Coburn is not practicing law without a license. This argument, however, goes to the merits of the parties' dispute and the court will not definitively resolve those issues on a motion to compel. Suffice it to say that it is not clear that the information sought can have no possible bearing on defendant Willoughby's defense, which is the standard for determining relevance in the context of discovery. The categories of documents sought (correspondence with the Coburns, copies of legal decisions provided to the Coburns, and documents drafted and videotapes taken in the course of his constitutional advocacy activities) appear to be reasonably calculated to lead to the discovery of admissible

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1606595 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 5

evidence and that is all that is required for defendant Willoughby to be entitled to discovery.

*6 In plaintiff's objections to the magistrate judge's order, he raises for the first time the argument that the court should liberally construe his original relevance objection as also arguing that the requests are "hyper-broad" and he argues that the court should limit the requests to relevant information. Plaintiff's objections in this regard might have some merit with respect to defendant Willoughby's fourth and fifth requests for production. Nonetheless, plaintiff should have brought this overbreadth argument to the attention of the magistrate judge. Having failed to do so, the court will not consider this argument for the first time now. See *Claytor v. Computer Assocs. Int'l,* 211 F.R.D. 665, 667-68 (D.Kan.2003) (district court will not consider arguments not raised before magistrate judge); *Mannell v. Kawasaki Motors Corp.,* Case No. 89-4258-R, 1991 WL 34214, at *4 (D.Kan. Feb.22, 1991) ("Generally, the district judge will not consider objections to discovery and arguments not properly presented to the magistrate judge.").

C. *Work-Product Immunity*

The work-product doctrine embodied in Federal Rule of Civil Procedure 26(b)(3) protects from discovery documents, things, and mental impressions of a party or his representative, particularly his attorney, developed for or in anticipation of litigation for trial. The purpose of the doctrine is to permit attorneys to prepare for litigation with a certain degree of privacy and without undue interference or fear of intrusion or exploitation of one's work by an adversary. *Hickman v. Taylor,* 329 U.S. 495, 510-11, 67 S.Ct. 385, 91 L.Ed. 451 (1948). As the asserting party, plaintiff has the burden of establishing work-product production. See *McCoo v. Denny's, Inc.,* 192 F.R.D. 675, 683 (D.Kan.2000); *Boyer v. Bd. of County Comm'rs,* 162 F.R.D. 687, 688 (D.Kan.1995). To carry that burden, plaintiff must make a "clear showing" that the asserted objection applies. See *McCoo,* 192 F.R.D. at 683; *Ali v. Douglas Cable Communications Ltd. P'ship,* 890 F.Supp. 993, 944 (D.Kan.1995). A blanket claim as to the applicability of the work-product doctrine does not satisfy the burden of proof. See *McCoo,* 192 F.R.D. at 680.

In this case, the evidence that plaintiff submitted in support of his work-product claim consists of one paragraph contained in an affidavit in which he states that "some or all of the information requested by defendant M.J. Willoughby's request for production of documents ... ask me to ... provide information, documents or things which were prepared by me in preparation for or in anticipation of civil rights litigation." Pl.'s Resp. to Def. Willoughby's Mot. to Compel Disc. (doc. 246), Ex. A, ¶ 1. The magistrate judge ruled that this conclusory statement does not satisfy plaintiff's burden of proof. This court readily agrees. Plaintiff's blanket claim of privilege is clearly insufficient. Plaintiff argues that imposing such a burden on him "frankly, is ridiculous" given his self-described role as a constitutional rights activist. The court certainly understands that litigants often must expend numerous hours, sometimes assembling voluminous documents and producing lengthy privilege logs, in order to establish that documents are privileged and/or subject to immunity under the work-product doctrine. But that is, in fact, what litigants must do in order to shield documents from discovery based on those legal principles. Plaintiff clearly failed to satisfy that burden here and therefore the magistrate judge's ruling on this issue is not clearly erroneous or contrary to law.

D. *First and Fourteenth Amendment Objection*

*7 Plaintiff argues that his rights under the First and Fourteenth Amendments rights to associate for political purposes and for the purpose of assisting with litigation aimed at vindicating civil rights would be infringed by compliance with the discovery requests. In support of this argument, he submitted an affidavit in which he states that defendant Willoughby's requests for production ask him to provide information relating to memberships of various political or quasi-political organizations, activities of those organizations that were intended to be confidential, and correspondence with those with whom he associated and spoke to for the purpose of assisting them with litigation aimed at vindicating civil rights; that forced disclosure of such relationships would render plaintiff unable to carry on such activities in the future for fear of exposing other persons to the same forms of government retaliation, threats, and intimidation to which plaintiff has been exposed; that disclosure would force him to divulge the names of attorneys who have given him advice or consulted with him about legal issues when he promised not to disclose those communications; and that those attorneys would be unwilling to consult with plaintiff or advise him in the future if they knew that doing so would not be anonymous.

The court has reviewed the cases cited by plaintiff and believes that the only colorable legal argument

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 1606595 (D.Kan.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 6

that they lead to is based on the associational privilege. The constitution guarantees "a right to associate for the purpose of engaging in those activities protected by the First Amendment-speech, assembly, petition for the redress of grievances, and the exercise of religion." Roberts v. United States Jaycees, 468 U.S. 609, 618, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). Those First Amendment protections apply in the context of discovery orders. Grandbouche v. Clancy, 825 F.2d 1463, 1466 (10th Cir.1987). The Supreme Court has recognized that the First Amendment creates a qualified associational privilege from disclosure of certain information in discovery. NAACP v. Alabama, 357 U.S. 449, 462, 466, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958). In evaluating claims of associational privilege in the discovery context, "district courts have generally employed a burden-shifting analysis." Wyoming v. United States Dep't of Agric., 239 F.Supp.2d 1219, 1236 (D.Wyo.2002). First, the party asserting the privilege must demonstrate, or make a prima facie showing, that the privilege applies. Id. Second, if the party asserting the privilege meets this burden, then the burden shifts to the party seeking disclosure to demonstrate a compelling need for the requested information, at which point the court applies a balancing test. Id. at 1236-44; see also Grandbouche, 825 F.2d at 1466-67 (listing the factors the court must evaluate).

In this case, the magistrate judge essentially found that the privilege does not apply at all. Consequently, the burden did not shift to defendant Willoughby to demonstrate a compelling need for the requested information and the magistrate judge was not required to apply the balancing test. This court cannot find that the magistrate judge's ruling in this regard was clearly erroneous or contrary to law because plaintiff's claim of associational privilege fails for a variety of reasons.

*8 First, in the seminal case on the associational privilege, NAACP v. Alabama, the Supreme Court held that the NAACP had standing to assert the associational rights of its members. 357 U.S. at 358-60; Nat'l Commodity & Barter Ass'n v. Archer, 31 F.3d 1521, 1530 (10th Cir.1994) (noting that NAACP v. Alabama demonstrates that an "association *itself*" may assert the rights of its members and resist inquiry into its membership lists (emphasis in original)). By comparison, in this case, plaintiff himself is not an organization and he does not claim to represent any particular identified organization, even an informal one. Therefore, he has standing only to assert his individual rights, not the associational rights of others.

Second, unlike in NAACP v. Alabama, this is not a case where defendant Willoughby is seeking an organizational membership list or even a list of the individuals with whom plaintiff has associated as a self-described civil rights activist. Rather, the discovery requests at issue here seek certain categories of documents targeted toward discovering whether plaintiff was engaged in the unauthorized practice of law. In this respect, this case is much like Wilkinson v. FBI, 111 F.R.D. 432 (C.D.Cal.1986), in which the Federal Bureau of Investigation subpoenaed the files of Anne Braden that she had accumulated during her many years of political activism in the South. The court distinguished the other associational privilege cases and rejected Ms. Braden's claim of privilege based on the following rationale:

The information sought to be protected in each of those cases was a group's membership list or list of financial contributors-information at the core of the group's associational activities. In contrast, Braden seeks to apply the privilege not to specific membership documents, but instead to prevent any discovery of her files. While it is clear that the privilege may be asserted with respect to specific requests for documents raising these core associational concerns, it is equally clear that the privilege is not available to circumvent general discovery. Because Braden has failed to show as a threshold matter that the privilege is applicable to the discovery request at issue, the Court cannot issue a protective order on that basis.

Id. at 436. The court is persuaded that the district court's reasoning in Wilkinson applies with equal force here. Plaintiff does not ask the court to protect documents relating to core associational concerns such as membership lists or even names, but rather seeks to prevent any discovery of his files. The associational privilege simply is not that broad. See also, e.g., United States v. Duke Energy Corp., 218 F.R.D. 468, 473 (M.D.N.C.2003) (permitting discovery that was not a general fishing expedition but was limited to a specific purpose other than inquiry into the organization's associational activities); Wyoming, 239 F.Supp.2d at 1237 (noting that where disclosure of accepted internal association activities such as membership lists, volunteer lists, financial contributor lists, and past political activities are not at issue, the party seeking to avoid production must demonstrate the disclosure of the allegedly privileged material will chill his or her freedom of association).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1606595 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 7

**\*9** Third, in *NAACP v. Alabama* the Supreme Court made clear that the associational privilege applies if a discovery order adversely affects the ability of an organization and its members to collectively advocate for the organization's beliefs by inducing members to withdraw from the organization or dissuading others from joining the organization because fear of exposure to those beliefs will lead to threats, harassment, or reprisal. 357 U.S. at 462-63. The type of threats, harassment, and reprisal with which the Court was concerned are threats of physical coercion or bodily harm, economic harm or reprisal, loss of employment, and other public manifestations of hostility. *Id.* at 462. By comparison, here plaintiff contends that disclosing his associational activities "would make [him] unwilling and unable in the future to carry on [his civil rights] activities due to the fear of exposing other persons to the same form of government retaliation, threats and intimidation [he] and others the government is aware of have been subjected to" and that none of the attorneys he has consulted with in the past "would be willing to consult with or advise [him] in the future if they knew the same would not be anonymous." Such generalized fears, however, do not seem to represent the more severe degree of threats, harassment, and reprisal envisioned by the Supreme Court in *NAACP v. Alabama. Cf. United States v. Judicial Watch, Inc.,* 371 F.3d 824, 832-33 (D.C.Cir.2004) (discovery could not be avoided based on generalized fear of IRS audit that did not establish speech would be chilled).

E. *Fifth Amendment Objection*

Plaintiff's final objection to defendant Willoughby's discovery requests is based on the Fifth Amendment privilege against self-incrimination. He argues that compliance with the discovery requests would require him to disclose information that could possibly incriminate or implicate him and that he is afraid to disclose the details of that information for fear that the government will fabricate criminal charges against him just as it has done on repeated occasions in the past. The magistrate judge rejected plaintiff's Fifth Amendment argument on the grounds that the privilege against self-incrimination does not protect plaintiff from producing documents unless the act of production itself could operate to incriminate him and the requests for production do not appear to require an incriminating production. In so holding, the magistrate judge stated that "unless plaintiff would have to break the law in order to produce the documents, no Fifth Amendment privilege attaches." This particular basis for denying plaintiff's Fifth Amendment privilege claim is, however, contrary to law.

The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. It applies "in any proceeding" in which the witness reasonably believes the testimony "could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States,* 406 U.S. 441, 444-45, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). In denying plaintiff's Fifth Amendment privilege claim, the magistrate judge relied on *Braswell v. United States,* 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988), and *Thomas v. Tyler,* 841 F.Supp. 1119 (D.Kan.1993). More recently than those cases, the Supreme Court again addressed the scope of the act-of-production privilege in *United States v. Hubbell,* 530 U.S. 27, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000). *See, e.g., OSRecovery, Inc. v. One Groupe Int'l, Inc.,* 262 F.Supp.2d 302, 305 n. 9 (S.D.N.Y.2003) (noting that *Hubbell* may have restored Fifth Amendment protection to personal documents).

**\*10** In *Hubbell,* the Supreme court noted the "settled proposition that a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege." 120 S.Ct. at 2043. On the other hand, though, the act of production itself may have a compelled testimonial aspect because it implicitly communicates statements of fact, namely the existence, custody, and authenticity of the documents. *Id.* at 2043-44. But the Supreme Court in *Hubbell* reaffirmed its earlier statement that the privilege " 'likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime.' " *Id.* at 2044 (quoting *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)). The request at issue in *Hubbell* was quite broad and the Supreme Court held that responding to the request "could provide the prosecutor with a 'lead to incriminating evidence,' or 'a link in the chain of evidence needed to prosecute.' " *Id.* at 2046. The Court distinguished its prior decision in *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), in which the existence and location of certain papers were a foregone conclusion because the government already knew that the documents were in certain attorneys'

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 8
Not Reported in F.Supp.2d, 2005 WL 1606595 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

possession and could independently confirm their existence, whereas in *Hubbell* the government had not shown that it had "any prior knowledge of either the existence or the whereabouts of ... documents ultimately produced by respondent." *Id.* at 2048. *See, e.g., In re Grand Jury Subpoena, Dated April 18, 2003,* 383 F.3d 905 909-13 (9th Cir.2004) (applying *Hubbell* and holding that where existence, location, and authenticity of documents was not a foregone conclusion the district court committed reversible error by not granting motion to quash subpoena); *United States v. Bell,* 217 F.R.D. 335, 340-42 (M.D.Pa.2003) (analyzing act-of-production privilege claim; granting in part and denying in part motion to compel); *United States v. Cianciulli,* No. M18304, 2002 WL 1484396, at *3 (S.D.N.Y. July 10, 2002) (denying request to enforce summons because production of the documents "could well communicate incriminating facts"); *Judicial Watch, Inc. v. United States Dep't of Commerce,* 196 F.R.D. 1, 2-3 (D.D.C.2000) (holding the privilege applied to a subpoena seeking documents relating to alleged illegal sale of seats on Department of Commerce trade missions because the respondent could be compelled to provide potentially incriminating information that would constitute independent information that could be used in a subsequent criminal prosecution against him).

Given the Supreme Court's holding in *Hubbell,* the magistrate judge's act-of-production reasoning was contrary to law. Plaintiff's arguments here go precisely to the issue of whether defendant Willoughby's discovery requests (particularly the fourth and fifth requests for production) might lead the government to discover incriminating evidence that would furnish a link in the chain of evidence needed to bring additional criminal charges against plaintiff. The court further notes that the testimonial nature of an act-of-production claim is generally regarded as a fact-intensive inquiry. *In re Foster,* 188 F.3d 1259, 1270-71 (10th Cir.1999); *see also In re Grand Jury Subpoena,* 383 F.3d at 909-10 ("Whether the act of production has a testimonial aspect sufficient to attract Fifth Amendment protection is a fact-intensive inquiry."). Accordingly, the court remands this matter to the magistrate judge for further consideration of plaintiff's Fifth Amendment privilege claim. In doing so, the court acknowledges that it can envision that plaintiff's privilege claim might be problematic for a variety of other reasons, but it does not necessarily fail because of the ground relied upon by the magistrate judge.

II. Plaintiff's Motion to Compel

*11 Lastly, plaintiff objects to the magistrate judge's order insofar as the magistrate judge denied plaintiff's motion to compel. Plaintiff clarifies, however, that he is "only going to object to one aspect of the 4/4/05 order of the magistrate judge ...: The failure to address plaintiff's primary argument why the Court should compel discovery," which centered around plaintiff's alleged official capacity claims against Ms. Willoughby. Plaintiff does not, however, challenge the aspect of the magistrate judge's order that plaintiff did not file the motion within thirty days after defendant Willoughby served her discovery responses and plaintiff did not show good cause for missing this filing deadline by more than one month. Indeed, this aspect of the magistrate judge's order is not clearly erroneous or contrary to law. *See* D. Kan. Rule 37.1(b) (any motion to compel discovery shall be filed and served within thirty days of the service of the response unless the time for filing the motion is extended for good cause shown); *see, e.g., Sonnino v. Univ. of Kan. Hosp. Auth.,* 220 F.R.D. 633, 637 (D.Kan.2004) (denying motion to compel based on this time limit); *Sheldon v. Vermonty,* 204 F.R.D. 679, 689 (D.Kan.2001) (same). Because plaintiff's motion was properly denied on this basis, then, his substantive objection is waived, *see* D. Kan. Rule 37.1 (providing that the objection to the response or answer is waived if the motion to compel is not filed within time limit), and also is technically moot. Accordingly, plaintiff's objection to this aspect of the magistrate judge's order is overruled.

IT IS THEREFORE ORDERED BY THE COURT that Plaintiff's Objections to the 4/4/05 Order of the Magistrate Judge (doc. 264) are sustained in part and overruled in part as set forth above.

IT IS SO ORDERED.

D.Kan.,2005.
McCormick v. City of Lawrence, Kansas
Not Reported in F.Supp.2d, 2005 WL 1606595 (D.Kan.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.