Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | 10.) | Disputed Facts # 126-27, infra, present a more complete picture of Caldera's financial and business circumstances from its founding in 1994 through the acquisition of Santa Cruz's UNIX assets in 2001. |
| 126. | While it obtained a lot of cash in its IPO in 2001, the company spent most of the money on its acquisition of Santa Cruz's UNIX assets, which had been declining in value since Santa Cruz acquired them from Novell in 1995. (Ex. 221 ¶¶ 79-80; Ex. 227 ¶¶ 34-35.) | **Disputed/Unsupported** SCO disputes that the UNIX assets acquired by Santa Cruz from Novell declined in value since 1995. <br><br>**REDACTED** <br><br> Disputed Fact # 127 infra discusses the revenue and value history of the UNIX assets in this time period in more detail. IBM's statements regarding Caldera in this time period are also disputed. <br><br> IBM's cited sources do not support any assertion regarding "declining value." <br><br> SCO also disputes IBM's assertion that Caldera International spent "most" of the cash raised in its IPO on acquisition of Santa Cruz's UNIX assets. Caldera did not spend "most" of the money raised in the 2001 IPO on its acquisition of Santa Cruz's UNIX assets. Rather, Caldera raised approximately $80.5 million in its IPO, and spent approximately 29% of those proceeds on the acquisition. Ex. 215 ¶ 3. |
| 127. | **REDACTED** <br><br> SCO1633821.) Like its Linux business, SCO's UNIX business was losing money. (Ex. 186 ¶¶ 63-71.) <br><br> (Ex. 539 at | **Undisputed** SCO disputes IBM's assertion to the extent it suggests any valuation of SCO's UNIX assets before IBM's improper actions. <br><br> **REDACTED** <br><br> See Undisputed Facts # 83, 126). |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | REDACTED |
|---|---|---|
| | | SCO disputes IBM's assertion to the extent it indicates that Caldera International's UNIX assets were less valuable than its Linux business.  Caldera International earned 95% of its revenue from UNIX products and services.  See Disputed Fact # 83. |
| 128. | Under the direction of a new CEO, Darl McBride, SCO made the decision to pursue by litigation the profits it was unable to generate in the computer business.  (See, e.g., Ex. 1; Ex. 141; Ex. 142; Ex. 423; Ex. 427.) Revisiting the results of the Swartz study, which both Santa Cruz and Caldera International had dismissed (Ex. 221 ¶¶ 82-83), Mr. McBride made the decision to wage legal warfare on the operating system on which SCO had once staked its future.  (Ex. 221 ¶ 115; Ex. 113 at 9-10.) | **Disputed**<br><br>SCO disputes, and IBM's cited sources do not support, that SCO brought suit because it could not make profits otherwise.  SCO brought suit in 2003 because it discovered that IBM's disclosures to Linux had included proprietary UNIX technology that SCO had a right to insist be held in confidence, and it needed to protect its intellectual property.  Ex. 165 ¶¶ 3, 12, 31; Ex. 279 at 250-52.<br><br>SCO disputes, and IBM's sources do not support, that SCO intended to "wage legal warfare" on Linux.  Ex. 165 ¶¶ 3, 5, 18-25, 32.<br><br>Rather, by offering intellectual property compliance licenses through its SCOsource program, and informing Linux users of its rights, SCO sought to provide its customers and others with legally legitimate methods to continue to using Linux.  Ex. 165 ¶¶ 3-4, 17; Ex. 9 ¶¶ 3-4.<br><br>SCO disputes IBM's assertion to the extent it implies that Caldera International or SCO was aware of the results of the Swartz study prior to late 2002 or early 2003 or had "dismissed" the results of the study.  This is simply not true.  See Disputed Facts # 108-09.).  IBM's cited sources do not support its assertion that Caldera International or SCO "dismissed" the Swartz study.<br><br>"Finally, the Swartz study was not considered the final word on whether Linux infringed SCO's copyrights for multiple reasons.  (See Disputed Fact # 41.)." |
| 129. | Because Novell, not SCO, owned the UNIX System | **Disputed/Unsupported** |

**Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment**
**On Its Claim For Declaratory Judgment Of Non-Infringement**

| | | |
|---|---|---|
| | V copyrights, SCO asked Novell several times over the course of several months to transfer the UNIX System V copyrights to SCO and participate with SCO in a legal campaign against Linux. (Ex. 239 ¶ 13; Ex. 240 ¶ 25; Ex. 330 at 286:4-24.) | SCO disputes, and IBM's cited sources do not support, that Novell owned any UNIX copyrights after 1995. Novell transferred all its UNIX copyrights to Santa Cruz in 1995. (See Disputed Facts # 35-37.)<br><br>SCO disputes IBM's assertion that "SCO asked Novell several times over the course of several months to transfer the UNIX System V copyrights to SCO." SCO did not make such requests. (See Disputed Fact # 38; Ex. 9 ¶ 10.) Rather, in discussions with SCO in late 2002 and early 2003, Novell agreed that those copyrights had been transferred to SCO under the APA. (Ex. 9 ¶¶ 6, 11; Ex. 165 ¶¶ 7-11, 13-16.) Indeed, it was not until Novell and IBM started discussions leading to their partnership in Linux that Novell first claimed ownership of the copyrights. (See SCO's Response to IBM's Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action), Statement of Facts at ¶¶ 59-83.).<br><br>SCO disputes IBM's assertion that SCO asked Novell to "participate with SCO in a legal campaign against Linux." Ex. 165 ¶ 32. |
| 130. | Novell repeatedly rejected SCO's requests to transfer the copyrights or participate in legal campaign against Linux. (Ex. 239 ¶¶ 13-14; Ex. 477.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that Novell owned UNIX copyrights after 1995, that SCO requested a transfer of such copyrights, or that SCO requested Novell's participate in legal action. Novell did not own any UNIX System V copyrights after 1995, and SCO did not request transfer of any such copyrights, and did not ask Novell to participate in any legal action against those who use Linux without necessary licenses to UNIX material. (See Disputed Facts # 35-38, 129.).<br><br>SCO disputes IBM's assertion that SCO has engaged in a legal campaign "against Linux." SCO has simply tried to protect its intellectual property by offering licenses to such property and has brought suit against those who decline to obtain the necessary licenses. See Disputed Fact # 128. |
| 131. | On March 6, 2003, SCO sued IBM for allegedly "dumping" into Linux certain unspecified code from the UNIX software SCO acquired from Santa | **Disputed**<br><br>It is undisputed that SCO sued IBM on March 6, 2003, but its claims are more accurately |

FILED UNDER SEAL

73

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | |
|---|---|
| Cruz. (Ex. 1.) Despite the fact that SCO's initial complaints against IBM did not include a claim for copyright infringement, and despite the fact that SCO does not own the copyrights to the System V Works, SCO repeatedly accused IBM and others publicly of infringing the UNIX System V copyrights and threatened imminent litigation concerning IBM's Linux activities: | set forth in the Complaint filed at that time. (IBM Ex. 1)<br><br>SCO disputes IBM's assertion that SCO does not own copyrights to the infringed UNIX material. SCO owns all copyrights to the infringed UNIX material. (See Disputed Facts # 35-38). |
| (a) In May 2003, SCO sent letters to 1,500 of the world's largest corporations, including IBM, threatening litigation. (See, e.g., Ex. 141.) In its letters, SCO stated: "We believe that Linux infringes on our UNIX intellectual property and other rights." (Ex. 141 at 2.) SCO further stated: "We intend to aggressively protect and enforce these rights" against not only the companies involved with "the Linux development process" but also "the end user" companies using any Linux technology. (Id. at 2.) | Further, just as IBM amended its counterclaims, and SCO's operative claims are set forth in its Second Amended Complaint. (IBM Ex. 3) SCO revised its claims, and SCO's identified technology that it contended IBM disclosed in its Second Amended Complaint (IBM Ex. 3 ¶¶ 99-108). SCO provided further details and identified additional misused technology in its responses and supplemental responses to IBM's interrogatories, and then in its October and December Submissions. (IBM Exs. 31, 32, 37, 38, 43) Finally, |
| (b) In a press conference on July 21, 2003, SCO stated that taking out a license with SCO was the "alternative to legal enforcement against Linux end-users". (Ex. 423 at 2.) | REDACTED<br><br>(a) Disputed. The letters SCO sent to approximately 1,500 corporations in May 2003 did not "threaten" litigation against any individual or company. (IBM Ex. 141) Rather, the letter explained that "SCO holds the rights to the UNIX operating system software originally licensed by AT&T to approximately 6,000 companies and institutions worldwide," that "many Linux contributors were originally UNIX developers who had access to UNIX source code distributed by AT&T and were subject to confidentiality agreements, including confidentiality of the methods and concepts involved in software design." (Id.) The letter further stated that Linux infringes SCO's UNIX intellectual property and other right, and that SCO intended – as any property owner would have a right to do – to protect and enforce its rights. (Id.) |
| (c) On November 18, 2003, during a teleconference sponsored by SCO, Mr. McBride, stated that SCO "will be looking... to identify a defendant" in "the near term" and such defendant will be "a significant user that has not paid license fees and is in fact using the proprietary and copyrighted material". (Ex. 427 at 5.) | (b) Disputed. The quote IBM attributes to SCO in the conference call (at IBM Ex. 423 at 2) is taken out of context. In that conference, SCO explained more fully:<br><br>In the past week, many Linux users have asked us how they can immediately resolve issues with Linux without litigation. This is clearly the path SCO prefers to take in resolving its issues with end-users of Linux. Therefore, as a viable alternative to legal |
| (d) In connection with a December 22, 2003, | |

FILED UNDER SEAL

74

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | press release, SCO released a template of a letter, dated December 19, 2003, that it sent to "Linux Users". (Ex. 142.) In that letter, SCO wrote that "the use of the Linux operating system in a commercial setting violates our rights under the united States Copyright Act". (*Id.* at 1.) | enforcement against Linux end-users, SCO is prepared to offer a license for SCO's UnixWare 713 product for use in conjunction with any Linux offering.<br><br>(IBM Ex. 423 at 2) On this call, SCO also explained that "SCO is trying to find ways to help customers solve this problem, balanced against our own legal rights to stop infringing uses of Linux," and that SCO intends to use its legal rights "carefully and judiciously." (Id.)<br><br>(c)   **Undisputed.**<br><br>(d)   **Undisputed** |
| 132. | In response to SCO's threats of copyright infringement, IBM asserted a counterclaim against SCO on March 29, 2004, seeking a declaration of non-infringement with respect to IBM's Linux activities. <u>See</u> Ex. 4 ¶¶ 168-73.) | **Undisputed**<br><br>Undisputed that IBM brought a claim for declaratory judgment that IBM "does not infringe, induce the infringement of, or contribute to the infringement of any SCO copyright through its Linux activities . . . ." (IBM Ex. 4, ¶¶ 168-73) |
| 133. | IBM seeks a declaration that its activities relating to the Linux kernel, which is the core of the operating system, do not infringe copyrights owned by SCO. (<u>See</u> Ex. 4 ¶¶ 168-73.) | **Undisputed**<br><br>Undisputed that IBM brought the claim for declaratory judgment described above at Disputed Fact # 132. |
| 134. | From the beginning of this litigation, SCO touted its claims and the strength of its alleged evidence. (<u>See</u>, *e.g.*, Ex. 367; Ex. 368; Ex. 369.) | **Undisputed/Unsupported**<br><br>It is undisputed that SCO has made certain statements about the evidence that Linux infringed it intellectual property and other rights after instigation of the current litigation.<br><br>IBM's cited exhibits do not support the assertion that SCO made any such public statements after August 2003. |
| 135. | According to SCO, the issues presented here are the most important issues faced by the software | **Undisputed/Incomplete** |

FILED UNDER SEAL

**Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment On Its Claim For Declaratory Judgment Of Non-Infringement**

| | |
|---|---|
| industry in ten years and the future of the industry - indeed, the future of the global economy - hangs in the balance:<br><br>(a) In an article for Salon.com, Sam Williams quotes Mr. McBride as saying, in reference to this case: "There really is no middle ground....The future of the global economy hangs in the balance." (Ex. 370 at 1.)<br><br>(b) In an article from KSL.com, Jed Boal quotes Mr. McBride as saying, in reference to this case: "It has become the biggest issue in the computer industry in decades....The stakes are extremely high. The balance of the software industry is hanging on this." (Ex. 371 at 1.) | Undisputed, with the following context:<br><br>(a) Mr. McBride was referring to the protection of intellectual property rights, particularly in software, their significance to this case, and the importance of the protection of intellectual property rights to the global economy.<br><br>(b) Mr. McBride was referring more broadly to the question of whether Linux could be distributed freely and without greater methods for protection of intellectual property, among other impacts,<br><br>. . . Furthermore, at the time of these articles, this case was receiving a high level of national and international media attention, consistent with it being considered a case of national or even global importance, and consistent with its potential to have great consequence in the software industry. |
| 136. SCO's public statements concerning its alleged evidence were no less grandiose.<br><br>(a) In an interview with CNet News.com in August 2003, Mr. McBride claimed that SCO had found a "mountain of code" improperly contributed to Linux. (Ex. 367 at 1.)<br><br>(b) In a teleconference with analysts and reporters on May 30, 2003, Mr. McBride stated: "Everybody's been clamoring for the code - show us two lines of code. We're not going to show us two lines of code, we're going to show hundreds of lines of code. And that's just the tip of the iceberg of what's in this." (Ex. 368 at 1.)<br><br>(c) In an interview in LinuxWorld.com, Mr. McBride claimed that a "truckload of code" was improperly contributed to Linux. (Ex. 372 at 1.) | **Disputed**<br><br>SCO disputes that its statements regarding its evidence were "grandiose." As set forth below, each of the statements accurately attributed to SCO was truthful and accurate.<br><br>(a) Undisputed, with the following additional context: This and other statements about the volume of code that had been improperly contributed to Linux are truthful. Mr. McBride was referring to the large number of lines of code from derivative works (such as AIX and Dynix) that were identified by SCO consultants.<br><br>**REDACTED**<br><br>(b) Undisputed, with the context set forth in 136(a) above.<br><br>(c) Undisputed, with the context set forth in 136(a) above. |

FILED UNDER SEAL

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| (d) In May or June 2003, in an interview with Computerworld reporter Patrick Thibodeau, SCO, through its Senior Vice President Chris Sontag, stated that the number of lines of code in the Linux kernel that were a direct copyright violation is "very extensive". (Ex. 478.) | | (d) Undisputed, with the context set forth in 136(a) above. |
| (e) In June 2003, in an interview with CNET News, SCO, through Mr. McBride, stated: "We're not talking about just lines of code; we're talking about entire programs. We're talking about hundreds of thousands of lines of code." (Ex. 479 at 3.) | | (e) Undisputed, with the context set in 136(a) above |
| (f) In July 2003, in an interview with Business Week, SCO, through Mr. McBride, stated that the amount of Linux code infringing on SCO's intellectual property rights is "gargantuan" (Ex. 480.) | | (f) Undisputed, with the context set fort in 136(a) above |
| (g) On August 18, 2003, at its SCO Forum in Las Vegas, SCO, Mr. Sontag, stated that it had uncovered "more than a million lines" of improperly copied UNIX code in Linux. (Ex. 383 at 1.) | | (g) Undisputed, with the context set fort in 136(a) above. |
| 137. | At the same time, SCO refused to disclose the particulars of its claims and alleged evidence. (See, e.g. Ex. 32; Ex. 33; Ex. 34; Ex. 55; Ex. 56; Ex. 57; Ex. 58; Ex. 132.) It was the company's strategy to obfuscate its alleged evidence. (See Ex. 374; Ex. 375.) SCO's unsubstantiated claims that its copyrights extend to Linux created fear, uncertainty and doubt about Linux, making it impossible for Linux users fairly to evaluate SCO's copyright | **Disputed**<br><br>"See Ex. 139; Ex. 143; Exs. 287-88." |

FILED UNDER SEAL
77

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | claims. (Ex. 283 ¶ 125.) | |
| 138. | For example, SCO's counsel indicated in an interview with Maureen O'Gara of LinuxGram in March 2003, at the beginning of the case, that SCO "doesn't want IBM to know what [SCO's substantive claims] are". (Ex. 374.) | **Disputed**<br><br>Depending on the meaning of the term "indicated," disputed in that counsel for SCO made no such statement. (Ex. 251 ¶¶ 3-8.) Disputed in that the cited material does not support the proposition that counsel for SCO made the quoted statement.<br><br>Disputed to the extent the statement suggests that SCO did not proceed in discovery in good faith (See SCO Mem. in Opp. to IBM's Mot. for Summary Judgment on SCO's Contract Claims ¶¶ 234-58) and to the extent the statement suggests that SCO chose not to disclose its evidence for any reason other than to protect what SCO regarded as confidential material (Ex. 165 ¶ 38).<br><br>Disputed in that the fact that SCO would not discuss the substance of SCO's claims with a reporter no more evinces a design to obfuscate than does IBM's spokesperson's refusal "to spell out what steps it was taking to monitor the technology it contributes to open-source projects like Linux and to ensure that its Linux development does not violate the intellectual property rights or licenses of others," even though in the article, "IBM contends that these matters will be evidence if the SCO suit goes to trial." (Ex. 170 at 2.) |
| 139. | Further, SCO Vice President Gregory Blepp stated in a published interview in April 2004 that "you don't put everything on the table at the start, but instead you bring out arguments and evidence piece by piece". (Ex. 375.) | **Disputed.**<br><br>SCO disputes IBM's implication that the statement attributed to Mr. Blepp represented or represents the views or strategy of SCO. It was never SCO's strategy, intent or desire to obfuscate its evidence in any way. Blepp's alleged statement did and does not represent SCO's views or strategy. Mr. Blepp is German and not very familiar with the American legal system. See Ex. 9 at 13-16. |
| 140. | More than two months after filing suit against IBM, SCO purported to suspend its distribution of Linux on May 14, 2003. It did so on the ground that Linux was an "unauthorized derivative of UNIX". (Ex. 284 (Ex. B).) | **Undisputed**<br><br>SCO disputes IBM's assertion to the extent the statement suggests that SCO did not suspend the sale and marketing of all its Linux products on May 14, 2003, in that SCO did so. IBM Ex. 284 ¶ 3; IBM Ex. 324 at 179: 23-25, 186: 17-19; IBM Ex. 300 at 208-10. |

FILED UNDER SEAL

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | | SCO disputes IBM's assertion to the extent the statement suggests that SCO suspended its distribution of Linux only on the grounds that Linux is an unauthorized derivative of UNIX. SCO suspended its distribution of Linux because of the intellectual property issues surrounding Linux, one of which is the inclusion of UNIX intellectual property in Linux. IBM Ex. 324 at 179: 23-25, 186: 17-19; IBM Ex. 300210: 1-6; IBM Ex. 284 (Ex. B); IBM Ex. 48 at 2. |
| 141. | Despite its purported termination of its Linux distributions (Ex. 353; Ex. 284 (Ex. B)), however, SCO continued to sell Linux products to SCO customers after May 14, 2003. SCO has admitted that it "made Linux source code available for download by its customers on its website... [through] the end of 2004". (Ex. 45 at 3.) | **Undisputed** |
| | | SCO disputes IBM's statement to the extent it suggests that SCO did not suspend the sale and marketing of all its Linux products on May 14, 2003. SCO suspended the sale and marketing of all its Linux products on May 14, 2003. IBM Ex. 284 ¶ 3, Ex. B; IBM Ex. 324 at 179: 23-25, 186: 17-19; IBM Ex. 300 at 210: 1-6; IBM Ex. 296 at 37: 21-39, 48: 2-5:13. |
| | | SCO disputes IBM's statement to the extent it suggests that SCO entered into any new agreements or accepted any new orders for the sale of any of its Linux products after May 14, 2003. SCO did not do so. IBM Ex. 284 ¶ 3; IBM Ex. 296 at 53: 2-3. After May 14, 2003, SCO made a very limited number of sales to existing customers pursuant to pending contractual obligations. IBM Ex. 284 ¶¶ 3-5; IBM Ex. 324 at 188: 2-190:10; IBM Ex. 296 at 73: 10-14; Ex. 49 ¶¶ 12-14; IBM Ex. 300 at 220: 4-223:25. The last sale of Linux Server 4.0 was on May 31, 2004. IBM Ex. 284 ¶ 4; IBM Ex. 311 at 60; See SCO Mem. in Opp. to IBM Mot. for Sum. Judgment on Eighth Counterclaim ¶¶ 35-39. |
| | | SCO disputes IBM's statement to the extent it suggests that SCO distributed its Linux products on its website after May 14, 2003. SCO made available only certain files in compliance with its contractual obligations with customers and UnitedLinux. IBM Ex. 324 at 189: 24-191:3, 194:7-16; Ex. 49 ¶ 17-19. |
| | | SCO disputes IBM's statement to the extent it suggests that SCO distributed any Linux material to the general public after May 14, 2003. Any such files were available only to customers who had bought SCO Linux products before the suspension, on a secure website accessible only with assigned passwords. IBM Ex. 324 at 195: 21-24; IBM Ex. 311 at 37: 19-38:11; Ex. 49 ¶¶ 17-19. |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | Disputed/Unsupported |
|---|---|---|
| 142. | SCO distributed OpenLinux 3.1.1 until at least January of 2004 (Ex. 486; See Ex. 284 ¶ 5), including every line of SUS Material and material from every Streams file and every ELF file (Items 150-64, 183-84, 205-31, 272) (Ex. 215 (Ex. H); Ex. 226 ¶ 11). Aside from one file (Item 185), all of the Linux Code appears in Caldera OpenLinux 3.1.1. (Ex. 226 ¶ 11.) | SCO disputes IBM's implication that Caldera OpenLinux contained all the infringing Streams material and ELF material.          REDACTED

SCO disputes that Caldera OpenLinux included all of the "Linux Code" except for one file (Item 185). Caldera OpenLinux did not include some "Linux Code" from Item 272. *Id.*

Third, SCO disputes IBM's implication that the "Linux Code" is the only material at issue. The "Linux Code" does *not* include all the infringing Linux material, whether literal code or non-literal elements. See Disputed Fact # 27.

Furthermore, IBM's cited sources do not support the assertion that OpenLinux contained any non-literal aspects of the infringing Linux material. See Disputed Fact # 118.

Fourth, SCO disputes IBM's assertions regarding the distribution of Linux material after May 14, 2003, as Disputed Fact # 141.

**IBM Ex. 226, David Mazieres declaration:**
This source is internally contradictory and otherwise improper. See Disputed Fact # 45. |
| 143. | SCO distributed "SCO Linux Server 4.0 powered by UnitedLinux 1.0" until at least May 31, 2004 (Ex. 486; See Ex. 284 ¶¶ 4, 7; Ex. 296 at 92:1-22), including every line of the Linux Code (Ex. 215 (Ex. H); Ex. 226 ¶ 10). This product also included all but one line of the SUS Material, most of the Streams Material and ELF Material, and the less than 25 lines of memory allocation code claimed by SCO (Items 150-64, 183-185, 205-31, 272). (Ex. 215 (Ex. H); Ex. 226 ¶ 10.) | **Disputed**

First, SCO disputes IBM's assertion to the extent it states that all of the "Linux Code" and all of the elf.h material was contained in UnitedLinux 1.0/SCO Linux 4.0. Some          REDACTED

Second, SCO disputes IBM's assertion that UnitedLinux 1.0/SCO Linux 4.0 contained all but one line of the "SUS Material."          REDACTED |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | | In general, much of the infringing Linux material, including Linux kernel material, was not included in UnitedLinux 1.0 (the basis for SCO Linux 4.0).  See *id.*

Furthermore, none of IBM's expert reports address *any* of the non-literal aspects of the infringing Linux material, including whether such material was included in UnitedLinux 1.0.  See Ex. 22 at 13:10-21, 14:7-13, 22:22-33:11, 34:10-22, 277:12-278:13, 279:9-15, 291:8-15.

Third, SCO disputes IBM's assertion to the extent it suggests that SCO entered into any new agreements or accepted any new orders for the sale of any of its Linux products after May 14, 2003, in that SCO did not do so.  IBM Ex. 284 ¶ 3; IBM Ex. 296 at 53: 2-3.  After May 14, 2003, SCO made a very limited number of sales to existing customers pursuant pending contractual obligations.  IBM Ex. 284 ¶¶ 3-5; IBM Ex. 324 at 188: 2-190:10; IBM Ex. 296 at 7273: 10-14; Ex. 49 ¶¶ 12-14; IBM Ex. 300 at 221-23.  See SCO Mem. in Opp. to IBM Mot. for Sum. Judgment on Eighth Counterclaim ¶¶ 35-39.

**IBM Ex. 226, David Mazieres declaration:**
This source is internally contradictory and otherwise improper.  See Disputed Fact # 45.

**Disputed/Unsupported**

Furthermore, because IBM provides no source showing what material was purportedly distributed by SCO at any given time SCO cannot comment on the truthfulness of whether the material purportedly distributed by SCO contained any "Linux Code," "SUS Material," "Streams Material," or ELF Material."

Disputed to the extent the statement relies on and cites as its source an internally contradictory and otherwise improper declaration (IBM Ex. 226).  See Disputed Fact # 45.

**REDACTED** |
| 144. | SCO made available and continued to make available (as recently as August 11, 2006) the Linux 2.4.12 kernel and the 0.7.0 version of libelf for download from its website, including code from all but three of the files containing Linux Code, plus other SUS Material, Streams Material and ELF Material (Items 150-53, 156-59, 160-64, 183-84, 208-10, 212, 218, 220-21, 223, 225, 228, 230-31, 272), such that anyone with an internet connection could have accessed it.  (Ex. 215 ¶ 110; Ex. 226 ¶¶ 13-15.) | |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| 145. | In all, SCO distributed the Linux Code to thousands of customers worldwide over the course of many years. (See Ex. 111 at 11; Ex. 397; Ex. 505.) | **Disputed**<br><br>Disputed in that the cited materials do not support the statement. Depending on what is meant by the word "many," disputed. |
| | | REDACTED |
| 146. | Following SCO's refusal to disclose the nature of its claims or its alleged evidence, IBM served interrogatories on SCO asking it to disclose its allegations and evidence of infringement relating to Linux. See Ex. 11; Ex. 12.) | **Disputed.**<br><br>Undisputed that IBM served the interrogatories at IBM Ex. 11 and 12.<br><br>However, SCO disputes that this was done "following SCO's refusal to disclose the nature of its claims or its alleged evidence." (See Disputed Facts # 149, 153-54, 167, 178, 286).) |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | | IBM served its First and Second Set of Interrogatories (IBM Exs. 11, 12) on June 13, 2003 and September 16, 2003, respectively – shortly after SCO's Complaint and Amended Complaint were filed. SCO then made, as held by the Magistrate Court, "good faith efforts" to answer these interrogatories (IBM Exs. 31, 32, 33, 34, Ex. 56 at 3). SCO provided further detail in supplemental responses to the interrogatories (IBM Ex. 43); in its October and December submissions (IBM Exs. 53, Ex. 144)<br><br>REDACTED |
| 147. | For example, IBM's Interrogatory No. 12 states: "Please identify, with specificity (by file and line of code), (a) all source code and other material in Linux (including but not limited to the Linux kernel, any Linux operating system and any Linux distribution) to which plaintiff has rights; and (b) the nature of plaintiff's rights, including but not limited to whether and how the code or other material derives from UNIX." (Ex. 12 at 2.) | **Undisputed** |
| 148. | Likewise, IBM's Interrogatory No. 13 states: "For each line of code and other material identified in response to Interrogatory No. 12, please state whether (a) IBM has infringed plaintiffs rights, and for any rights IBM is alleged to have infringed, describe in detail how IBM is alleged to have infringed plaintiffs rights." (Ex. 12 at 2.) | **Undisputed** |
| 149. | SCO did not, in response to IBM's interrogatories, identify with any degree of specificity the material in Linux in which it supposedly has rights or the nature of those rights, or describe in detail SCO's claims of copyright infringement. See Ex. 33.) | **Disputed.**<br><br>SCO disputes that it did not respond to IBM's interrogatories "with any degree of specificity" or describe in detail SCO's claims of infringement.<br><br>SCO answered Interrogatories 12 and 13, provided supplemental answers to interrogatories, specifically identified misused material in its October and December Submissions, and provided further analysis and theory about its Linux copyright claims in its expert reports – all on the schedule contemplated by the Court's 2005 Scheduling |

FILED UNDER SEAL

83

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| 150. | IBM filed two motions to compel, seeking meaningful responses to its interrogatories. (See Ex. 62; Ex. 63.) Specifically, IBM asked the court to require SCO to specify (1) all the material in Linux to which SCO claims rights (i.e., by kernel version $X$, file $Y$, and lines 1-2-3); (2) the nature of SCO's alleged rights, including whether and, if so, how the material derives from the UNIX software (i.e., if SCO asserts contract, copyright or some other right to the identified code, and how the Linux code identified derives from UNIX version $A$, file $B$ lines 4-5-6); and (3) whether IBM has infringed material to which SCO claims rights, and if so, the details of the alleged infringement i.e., by copying Linux kernel version $X$, file $Y$, lines 1-2-3, which are copied or derived from UNIX version $A$ file $B$ lines 4-5-6; or by distributing Linux kernel version $X$ file $Y$ lines 1-2-3, the structure and sequence of which was copied from UNIX version $A$ file $B$ lines 7-8-9; or by inducing others to copy (or distribute) Linux kernel version $X$, file $Y$, lines 1-2-3, which are copied or derived from UNIX version $A$, file $B$, lines 4-5-6). See Ex. 12; Ex. 63.) | Order. (See Interrogatory Responses, October Disclosure Items; Ex. 144 December Disclosure Items 150-164, 183-85, 205-31, 272; Ex. 274; Ex. 275; Ex. 276; See also Disputed Facts # 146, 153-54,167, 178, 286.)<br><br>IBM's cited source shows that SCO responded to IBM's interrogatories by naming specific files, the material in those files that violate SCO's rights (ABIs), and the manner in which such material violates SCO's rights. See IBM Ex. 33 at 58-63.<br><br>**Disputed.**<br><br>It is undisputed that IBM filed two motions to compel, but SCO disputes IBM's representation of what was requested in those motions. (IBM Ex. 62, 63)<br><br>SCO disputes that IBM's motions to compel requested the nine coordinates of source code line, file, and version claimed by IBM.<br><br>IBM's First Motion to Compel did not request the nine coordinates of source code line, file, and version suggested by IBM, and pertained only to IBM's First Set of Interrogatories, not Interrogatory Nos. 12 and 13. IBM Ex. 62.<br><br>IBM's Second Motion to Compel also did not say anything about nine coordinates of source code line, file, and version, though it did pertain to Interrogatory Nos. 12 and 13. IBM Ex. 63 at 5-9.<br><br>Rather, IBM's motions simply sought for SCO to answer the interrogatories – which SCO *did*. (IBM Ex. 33, 43; See Disputed Facts # 146, 149, 153-54, 167, 178, 286.) |
| 151. | In an order dated December 12, 2003, the Court ordered SCO to disclose its allegations and evidence of infringement on or before January 12, | **Undisputed**<br><br>Undisputed that Magistrate Judge Wells issued an Order on December 12, 2003, the |

FILED UNDER SEAL

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | | terms of which speak for itself. (IBM Ex. 55) |
| 152. | 2004. (See Ex. 55.)<br><br>For example, the Court ordered SCO to "respond fully and in detail to Interrogatory Nos. 12 and 13 as stated in IBM's Second Set of Interrogatories" which required SCO to specify: (1) all the material in Linux to which SCO claims rights; (2) the nature of SCO's alleged rights, including whether and, if so, how the material derives from UNIX; and (3) whether IBM has infringed material to which SCO claims rights and, if so, the details of the alleged infringement. (Ex. 55 ¶ 2; See Ex. 12.) | **Disputed.**<br><br>Undisputed that on December 12, 2003, Magistrate Judge Wells directed SCO to respond to Interrogatory Nos. 12 and 13. (IBM Ex. 55)<br><br>SCO disputes that Magistrate Judge Wells used the language that IBM attributes to her. See id.<br><br>IBM's Ex. 12 is IBM's Third Set of Interrogatories, and does not support IBM's assertions. |
| 153. | Despite the Court's order, SCO did not provide meaningful responses to IBM's interrogatories. (See Ex. 33.) SCO did not, in response to the Court's order describe (let alone detail) how IBM's Linux activities infringe copyrights owned by SCO related to the UNIX software. (See id.) | **Disputed.**<br><br>SCO provided supplemental answers to IBM's interrogatories, including Interrogatories 12 and 13, specifically identified misused material in its October and December Submissions, and provided further analysis and theory about its Linux copyright claims in its expert reports – all on the schedule contemplated in the Court's July 2005 Scheduling Order. (See IBM Ex. 53; Ex. 144; Disputed Facts # 146, 149, 167, 178.). |
| 154. | After again trying unsuccessfully to persuade SCO to provide the information requested, IBM advised the Court that SCO had failed to comply with IBM's requests and the Court's order. (See Ex. 411; Ex. 415.) | **Undisputed.**<br><br>SCO disputes that it did not provide the information requested. After the hearing cited by IBM (IBM Ex. 415), both parties were directed to provide additional discovery, and the Magistrate Court determined that SCO had made "good faith" efforts to comply with the prior discovery order. (IBM Ex. 56 ¶3). |
| 155. | The Court again ordered SCO to provide meaningful responses to IBM's interrogatories, this time on or before April 19, 2004. (See Ex. 56.) Specifically, the Court required SCO to "fully comply within 45 days of the entry of this order with the Court's previous order dated December 12, 2003". (Id. ¶1.) | **Undisputed.**<br><br>SCO disputes IBM's assertion to the extent it suggests that SCO's responses were not meaningful or did not comply with any Order of this Court. (See Disputed Facts # 146, 148, 153-54, 167, 178.) It is undisputed that Magistrate Judge Wells issued an Order on March 3, 2004, the terms of which speak for itself. (IBM Ex. 56) |
| 156. | Hence, the Court again ordered SCO, among other things, to "respond fully and in detail to | **Disputed.** |

FILED UNDER SEAL

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | Interrogatory Nos. 12 and 13 as stated in IBM's Second Set of Interrogatories", requiring SCO to specify (1) the material in Linux to which SCO claims rights; (2) the nature of SCO's alleged rights including whether and, if so, how the material derives from UNIX; and (3) whether IBM has infringed material to which SCO claims rights and, if so, the details of the alleged infringement. (Ex. 55 ¶ 2; See Ex. 56 ¶¶ 1-5.) | SCO disputes IBM's assertion to the extent it suggests that SCO's responses were not meaningful or did not comply with any Order of this Court. (See Disputed Facts # 146, 148, 153-54, 167, 178.). The orders entered by the Magistrate Court on December 12, 2003 and March 3, 2004 speak for themselves, rather than as summarized by IBM. (IBM Ex. 55, 56) |
| 157. | Notwithstanding the fact that the Court entered two separate orders requiring SCO to disclose its allegations and evidence with specificity (Ex. 55; Ex. 56), SCO still did not detail the nature of its alleged rights or describe in detail how IBM was alleged to have infringed SCO's rights. (See Ex. 36.) | **Disputed/Unsupported**<br><br>SCO disputes that SCO did not provide detail about its rights or IBM's infringement. (See Disputed Facts # 146, 149, 153-54,167, 178.).<br><br>Furthermore, IBM's cited sources do not support IBM's representation; IBM cites the Magistrate Court's two orders it discussed above, and SCO's response to IBM's Third Set of Interrogatories (which were not a subject of those orders). |
| 158. | Based on SCO's continued failure to comply with the Court's orders, IBM moved on May 18, 2004, for partial summary judgment on its Tenth Counterclaim, which seeks a declaration of non-infringement with respect to IBM's Linux activities. (Ex. 65 at 27.) | **Disputed**<br><br>SCO disputes that it failed to comply with Court orders.  SCO did not fail to comply with Court orders.  (See Disputed Facts # 146, 149-50, 153-54, 157, 159, 255; Ex. 303; Ex. 302. |
| 159. | In an order dated February 8, 2005, the Court deferred summary judgment, but stated that "[v]iewed against the backdrop of SCO's plethora of public statements concerning IBM's and others' infringement of SCO's purported copyrights to the UNIX software, it is astonishing that SCO has not offered any competent evidence to create a disputed fact regarding whether IBM has infringed copyrights owned by SCO through IBM's Linux activities".  (Ex. 57 at 10.) | **Undisputed**<br><br>Undisputed, but as to the SCO disputes IBM's implication that SCO did not comply with any Court orders, or that the Court so held.  In the Court's February 8, 2005 Order, the Court concluded: "Even assuming that SCO has violated a discovery order, **which is far from evident**, there is no evidence of willfulness or bad faith to justify the draconian sanction requested by IBM." (IBM Ex. 57 at 14) (emphasis added). |

FILED UNDER SEAL
86

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| 160. | On July 1, 2005, the Court issued an order adopting IBM's proposal to set deadlines for the disclosure of all allegedly misused material. (Ex. 58.) | **Disputed** |
|---|---|---|
| | | SCO disputes IBM's assertion that the Court's July 1, 2005 Order "adopt[ed] IBM's proposal." In its July 1, 2005 Order, the Court did not adopt the portion of IBM's proposal in which IBM would have required that misused material "be identified by version, file, and line of code." (Ex. 163, IBM's Proposed Amended Scheduling Order (Mar. 25, 2005), at 2, n.2). |
| 161. | The Court set October 28, 2005, as the "Interim Deadline for Parties to Disclose with Specificity All Allegedly Misused Material" and December 22, 2005, as the "Final Deadline for Parties to Identify with Specificity All Allegedly Misused Material". (Ex. 58 at 4.) The Court required the parties to update their interrogatory responses accordingly". (Ex. 58 at 4; Ex. 418 at 58:11-25, 59:1.) | **Undisputed** |
| 162. | Prior to the filing of this suit, IBM was completely unaware of SCO's allegations of infringement. IBM knew nothing of SCO's allegations about the Linux Code until after SCO launched its attack on Linux. (Ex. 586 ¶¶ 4-8.) IBM had no reason to believe that SCO considered the Linux Code to infringe copyrights owned by SCO. (Id. ¶¶ 4-7.) | **Disputed** |
| | | SCO informed IBM about its concerns regarding SCO's intellectual property in Linux and about IBM's disclosures to Linux, as set forth in the Statement of Material Facts, Part III of SCO's Memorandum in Opposition to IBM's "Motion For Summary Judgment On SCO's Copyright Infringement Claims (SCO's Fifth Cause of Action" (Nov. 11, 2006).  (See also Ex. 165 ¶¶ 18-19, 23; Ex. 9 ¶¶ 3-5). |
| | | SCO disputes IBM's assertion that it was unaware of infringing UNIX material in Linux prior to the filing of this suit.  IBM was notified of Santa Cruz's concerns regarding UNIX material in Linux in 1999, and was notified of SCO's similar concerns at least as early as December of 2002, and was notified regarding its breach of contract in January of 2003. (Ex. 165 at 4-6; Ex. 9 ¶¶ 3-5; SCO'S Memorandum In Opposition to IBM's "Motion For Summary Judgment On SCO's Copyright Infringement Claim (SCO'S Fifth Cause of Action)" (Nov. 11, 2006) at Statement of Material Facts, Part III.). |
| 163. | On October 28, 2005, SCO served its Interim Disclosures pursuant to the Court's July 2005 order. (Ex. 53.) Like its prior discovery responses concerning the allegedly misused materials, SCO's | **Disputed** |
| | | Undisputed that some of the interim disclosures in SCO's October Submission (IBM Ex. 53) did not contain version, file and line of code; however some of the interim |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | Interim Disclosures did not describe all of the allegedly misused materials by version, file and line of code. See *id*. | disclosures did contain such information where applicable.<br><br>SCO disputes IBM's implication that such information was required by the Court. Such detail was not required and was not available to SCO, and SCO did provide substantial additional detail, including the actual disclosure by IBM to Linux. (See Disputed Facts # 158-160; Ex. 144 at Items 150-64, 183-85, 205-31, 272.). |
| 164. | Upon review of SCO's Interim Disclosures, IBM notified SCO on December 5, 2005, that it failed "to identify the allegedly misused material by version, file and line of code", "to identify and match up the allegedly infringing and allegedly infringed material by version, file and line of code", "to identify the material alleged to have been contributed improperly by version, file and line of code", and to identify, "to the extent the allegedly contributed material is not UNIX System V code, but is in any sense alleged to have been based on or resulted from UNIX System V code, the version, file and line of UNIX System V code from which the allegedly contributed material is alleged to derive or result". (Ex. 151 at 1.) | **Undisputed**<br><br>Undisputed that IBM sent the letter at IBM's Exhibit 151. The letter was sent just over two weeks before SCO's final disclosures were due. (IBM Ex. 151) |
| 165. | IBM notified SCO that unless SCO complied with the specificity required by the Court's orders, "IBM intends to ask the Court to preclude SCO from pursuing any claims regarding allegedly misused material not properly disclosed on or before December 22, 2005". (Ex. 151 at 2.) | **Undisputed**<br><br>Undisputed that IBM sent the letter at IBM Ex. 151. |
| 166. | Thereafter, SCO expressly stipulated and agreed with IBM that its claims would not exceed the Final Disclosures. In a Stipulation Re Scheduling Order filed with the Court on December 7, 2005, the parties stipulated and agreed as follows:<br><br>1. Both parties are required to identify with | **Undisputed**<br><br>Undisputed that SCO and IBM entered the stipulation at IBM's Exhibit 481. |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

|  |  |  |
|---|---|---|
|  | specificity any and all material that each party contends the other has misused no later than December 22, 2005. | |
|  | ... | |
|  | 2.(c)    Neither party shall be permitted to use [period for discovery relating to the Final Disclosures] for the purpose of identifying additional misused material not disclosed by the December 22, 2005, deadline. (Ex. 481 at 2-3.) | |
| 167. | IBM propounded an interrogatory asking SCO to identify the ideas, procedures, systems, or methods of operations it claimed were infringed in Linux, specifically Interrogatory No. 16, which stated "for each line of code and other material identified... please state... whether it constitutes expression protectible under copyright law". (Ex. 43 at 16.) SCO failed to provide a meaningful response, and declined even to identify "in what specific respect" the alleged materials were covered by copyright, "the origin of the material, including its author(s) and the circumstances of its creating" and "whether it has been published or distributed without a copyright notice". (*Id.*) SCO's response merely stated that :<br><br>**REDACTED**<br><br>*See id.* at 17-18.) | **Disputed**<br><br>SCO disputes that it "failed to provide a meaningful response" to IBM's Interrogatory No. 16.<br><br>**REDACTED**<br><br>identification of such Disputed Fact # 236, |
| 168. | Also, on December 22, 2005, SCO served its Final Disclosures, again largely failing to describe all of the allegedly misused materials by version, file, and line of code and to update its interrogatory responses. (See Ex. 54.) SCO failed altogether to disclose its allegations and evidence of | **Disputed**<br><br>Undisputed that on December 22, 2006 SCO did file its Final Disclosures, and those disclosures did identify with specificity the material misused by IBM. (Ex. 144.).<br><br>Undisputed that some of the items in SCO's December Submission did not contain |

FILED UNDER SEAL

89

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | infringement by IBM. See Ex. 54, Ex. 55; Ex. 56; Ex. 57; Ex. 58; Ex. 59.) | version, file and line of code<br><br>SCO disputes that it "largely fail[ed] to describe all of the allegedly misused materials and IBM's implication that such detail was required by the Court. Such detail was not required and was not available to SCO, and SCO did provide substantial additional detail, including the actual disclosure by IBM to Linux. See Disputed Fact # 163. |
| 169. | SCO failed to disclose in any meaningful way - let alone in detail, as specified by the Court - its allegations and evidence of unauthorized copying by IBM of SCO's copyrighted works. (See Ex. 53, Ex. 55; Ex. 56; Ex. 57; Ex. 58; Ex. 59.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that SCO has not disclosed, in detail, its allegations of infringement against IBM. SCO has disclosed ample evidence showing that Linux infringed SCO's copyrights in the infringed UNIX material. See Disputed Fact # 192.<br><br>Indeed, IBM itself does not dispute that it engages in, contributes to, and induces third parties to engage in the reproduction, distribution, and preparation of derivative works based on the Linux and the infringing Linux material. See Disputed Fact # 187. |
| 170. | Based on SCO's failure to follow the Court's orders requiring it to identify all of the allegedly misused materials by version, file and line of code, IBM moved on February 13, 2006, to limit SCO's proof regarding certain of the allegedly infringing items in the Final Disclosures. (Ex. 66.) | **Disputed**<br><br>SCO disputes that it failed to follow the Court's orders, or that the Court ordered SCO to identify material by version, file and line of code. The Court did not order SCO to identify material by version, file and line of code. See Disputed Fact # 160. SCO did not fail to follow the Court's orders. See Disputed Fact # 159; IBM Ex. 68, Ex. 255; IBM's Motion to Limit Claims (Ex. 303).<br><br>SCO disputes that IBM sought to limit SCO's proof in its February 13, 2006 motion. Rather, IBM sought to limit SCO's claims, not SCO's proof. (IBM Ex. 66). |
| 171. | Pending the disposition of IBM's motion, SCO served several expert reports, including one relating to its allegations of infringement (from one Thomas Cargill) (Ex. 175), seeking to challenge additional allegedly misused materials that were not identified in its Final Disclosures. (See, e.g., Ex. 175; Ex. 285; Ex. 286.) | **Disputed**<br><br>SCO did not fail to include any allegedly misused material in its Final Disclosures that should have been included therein. See SCO's Memorandum in Opposition to IBM's Motion to Confine SCO's Claims to and Strike Allegations in Excess of, the Final Disclosures (Ex. 302). See Disputed Fact # 170. |

FILED UNDER SEAL

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| 172. | IBM then made another motion, which has been fully briefed (but not decided), to confine and limit the scope of SCO's claims to those materials specifically identified in its Final Disclosures. (Ex. 67.) | **Undisputed**<br><br>IBM's motion speaks for itself. |
| 173. | In an order dated June 28, 2006, Magistrate Judge Wells granted, in part, IBM's February 13, 2006, motion to preclude certain of SCO's claims (Ex. 66), limiting SCO's proof regarding SCO's Items: 3-22, 24-42, 44-89, 91-93, 95-112, 143-49, 165-82, 193, 232-71, 27993. (Ex. 59 at 36-38.) | **Disputed.**<br><br>Undisputed that on June 28, 2006, Magistrate Judge Wells granted, in part, IBM's February 13, 2006 Memorandum in Support of its Motion to Limit SCO's Claims Relating to Allegedly Misused Materials (IBM Ex. 66).<br><br>SCO disputes IBM's assertion that the Magistrate Court's Order limited SCO's proof as opposed to striking SCO's claims.  The effect of the Magistrate Court's order was to strike or limit certain of SCO's claims.  (Ex. 255; Ex. 303; Ex. 361.). |
| 174. | In granting IBM's motion in part, the Court held that "SCO should have supplied not only line but version and file information for whatever claims form the basis of SCO's case against IBM". (Ex. 59 at 28.) | **Undisputed.**<br><br>However, it should be clarified that this was a conclusion reached by the Magistrate Court, not this Court, and that holding is currently before this Court on in SCO's Objections to Order Granting In Part IBM's Motion to Limit Claims  (Ex. 255). |
| 175. | The Court further held:<br><br>SCO has had ample opportunity to articulate, identify and substantiate its claims against SCO. [SCO's] failure was intentional and therefore wilful based on[its] disregard of the court's orders and failure to seek clarification.  In the view of the court it is almost like SCO sought to hide its case until the ninth inning in hopes of gaining an unfair advantage despite being repeatedly told to put "all evidence…on the table." (Ex. 59 at 32.) | **Undisputed.**<br><br>However, it should be clarified that this was a conclusion reached by the Magistrate Court, not this Court, and that holding is currently before this Court on in SCO's Objections to Order Granting In Part IBM's Motion to Limit Claims (Ex.255). |

FILED UNDER SEAL

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| 176. | Finally, the Court held that SCO's conduct prejudiced IBM in that "[r]equiring IBM to engage in an analysis of millions of lines of code to figure out which code is at issue in hopes of answering such questions is patently unfair given the fact that it was SCO's duty to provide more detailed code in the first place". (Ex. 59 at 35.) | **Undisputed.**<br><br>However, it should be clarified that this was a conclusion reached by the Magistrate Court, not this Court, and that holding is currently before this Court on in SCO's Objections to Order Granting in Part IBM's Motion to Limit Claims (Ex. 255). |
| 177. | From the beginning of this case, IBM asked SCO to disclose its allegations and evidence of alleged infringement by IBM, and from the beginning of this case, SCO declined to do so. | **Disputed**<br><br>SCO disputes that SCO has failed to put forth its allegations and evidence of infringement, as required by the Court. (See Disputed Facts # 146, 149, 150, 153-54, 167, 178.). |
| 178. | SCO did not specifically identify the Linux Code, despite two orders of the Court requiring it to do so, before SCO submitted its Final Disclosures, years after SCO commenced suit. (Ex. 55 ¶4; Ex. 56 ¶¶ I.1-1.4.; Ex. 54.) | **Disputed/Unsupported**<br><br>SCO disputes that the Court required SCO identify any material that SCO did not, in fact, identify on the schedule proposed by the Court. (See Disputed Facts # 167-68.). Furthermore, IBM's cited sources do not mention "Linux Code" or code confined to the Linux kernel. SCO's allegations of copyright infringement are not confined to code residing within the Linux kernel. (See Disputed Facts # 27, 45, 187.). |
| 179. | Of the 294 Items of allegedly misused material identified in the Final Disclosures, 79 items allege copyright infringement: Items 38, 112, 149-75, 177, 180, 183-85, 194-231 and 272-78. (Ex. 43 at 14.) | **Disputed**<br><br>The Items relevant to SCO's copyright infringement claims regarding IBM's Linux activities are Items 150-64, 183-85, 205-31, and 272. See Ex. 144. |
| 180. | Only 68 of the 294 Items concern allegations of infringement regarding Linux: Items 38, 112, 149-75, 177, 180, 183-85, 205-31, and 272-78. (Ex. 213 ¶13.) And only 52 of those 68 items survived the Court's June 28, 2006, order limiting SCO's proof: Items 150-64, 183-85, 205-31, and 272-78. (See Ex. 59 at 36-38.) | **Disputed**<br><br>The Items relevant to SCO's copyright infringement claims regarding IBM's Linux activities are Items 150-64, 183-85, 205-31, and 272. See Ex. 144. |
| 181. | With respect to the 52 items at issue that concern | **Disputed/Unsupported** |

FILED UNDER SEAL

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | alleged infringement relating to Linux and that survived the June 28 order, SCO identified only four copyrighted operating system works: System V Release 3.2, System V Release 4.0, System V Release 4.2 and System V Release 4.2-ES-MP (Ex. 54 at Items 150-64, 183-85, 205-31 and 272-78.) System V Release 4.0, System V Release 4.2 and System V Release 4.2-ES-MP are collectively referred to herein as "SV4". | SCO disputes IBM's implication that the only copyrights, or the only works, at issue are System V Release ("SVr") 3.2, SVr4.0, SVr4.2, and SVr4.2 ES-MP.  Disclosure Items 150-64, 183-85, 205-31, and 272 identify operating systems that contain the infringed SVr4 material, REDACTED |
| 182. | The 52 items at issue concern material of three types:  (1) header file code that is either dictated by the Single UNIX Specification (the SUS Material) (Items 183-84, 205-31) or relates to a technology known as Streams (the Streams Material) (Items 150-64); (2) code relating to the ELF Specification (the ELF Material) (Items 272-78); and (3) memory allocation code apparently contributed to Linux by Silicon Graphics but removed from the kernel before IBM submitted its Tenth Counterclaim (Item 185).  (Ex. 214 ¶ 93; See Ex. 215 (Ex. H).) | **Disputed**<br><br>Material created by an author is covered by the copyright in a later work by the same author that incorporates such material.  See SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on its Claim for Declaratory Judgment of Non-Infringement (IBM's 10th Counterclaim) at 49 n.4.<br><br>**Disputed**<br><br>SCO disputes IBM's assertion that any of the infringed UNIX material was dictated by external constraints at the time of its creation. None of the infringed UNIX material was dictated by external constraints or standards at the time it was created.  See Disputed Fact # 236.<br><br>REDACTED |
| 183. | Most of the Items (45 of 52) concern header files (Items 150-64, 183-84, 205-31, 272 (partially)) See Ex. 215 (Ex. H)); all but one of the Items relating to the Linux kernel concern header files (Items 183-84, 209-10, 212, 214, 224, 225, 228, 231, 272) (See id.) | **Undisputed** |
| 184. | A "header file" is a computer-readable text file that | **Disputed** |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | REDACTED |
|---|---|---|
| | describes how information is to be shared among components of a program. (Ex. 213 ¶18.) Header files are created for the purpose of communicating standard information to allow interoperability. (Id. ¶26.) | |
| 185. | The header files in Items 183-84 and 205-31 are standard header files required by the SUS. (Ex. 213 ¶24.) The header files in Items 150-64 concern a networking technology called "Streams". (Id. ¶25.) | **Disputed**<br><br>SCO disputes that Items 183-84 or 205-31 are "required' by the SUS. See Disputed Fact # 182.<br><br>SCO disputes IBM's assertion to the extent it suggests any of the infringed material was "standard" at the time it was created by AT&T. See Disputed Fact # 236.<br><br>Undisputed that Items 150-64 concern a networking technology called "Streams." |
| 186. | Approximately a third of the SUS Material is in the Linux kernel (Items 183-84, 209-10, 212, 214, 224-25, 228, 231). (See Ex. 215 (Ex. H).) All of the SUS Material has been in Linux since 2000, and some of it has even been in Linux since its inception in 1991. (Ex. 221 ¶ 111; Ex. 273 ¶ 11; Ex. 232 ¶ 5; Ex. 193 ¶¶ 13-14; Ex. 242 ¶¶ 14-15; Ex. 166 ¶ 18; Ex. 278 ¶ 12) | **Disputed**<br><br>Because IBM has failed to analyze or address any non-literal material, (Disputed Fact # 118), its quantitative assertions regarding the infringed UNIX material are inaccurate and unsupported.<br><br>The support for IBM's conclusory statements regarding what source code was included in a particular version of Linux at a particular time would be properly detailed in its expert reports, yet IBM does not cite any of its expert reports on this matter. |
| 187. | None of the Streams Material is in the Linux kernel (Ex. 215 ¶ 82; Ex. 221 ¶111), and the Streams Material has been publicly available for use with Linux for nearly a decade (Ex. 221 ¶111; Ex. 278 ¶ 12; Ex. 169 ¶ 15). | **Disputed/Unsupported**<br><br>SCO disputes IBM's implication that SCO's claims are limited to material in the Linux kernel. The infringing Linux material is not limited to Linux kernel code. See Disputed Fact # 27,45.<br><br>IBM has engaged in, induced, and contributed to the reproduction, distribution, and preparation of derivative works based on the infringing Linux material, residing both in and outside the Linux kernel. IBM has developed many Linux-related products, |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | | |
|---|---|---|---|
| | | mainframes and servers that run Linux; memory solutions for Linux environments; a broad range of software offerings; providing Linux-related services that include deployment of Linux based e-business environments, migration of database applications and data to Linux systems, support for Linux-based cluster computing, server consolidation and a 24-hour technical engineering support line, and otherwise encouraging third-parties to use the infringing Linux material.  See Ex. 257; IBM Ex. 586 ¶ 4. | |
| | | REDACTED | |
| | | IBM's cited sources do not support the assertion that the Streams material is or has been "publicly available" to the extent that term indicates a proper conveyance of rights to copy or distribute such material.  (See Disputed Facts 4-5.). | |
| 188. | Seven of the 52 items at issue (272-78) concern the ELF Specification.  (Ex. 213 ¶ 19; See Ex. 215 (Ex. H).) The ELF Material has been in Linux for more than a decade, since version 1.0. (Ex. 221 ¶ 111; Ex. 273 ¶ 11; Ex. 169 ¶ 15; Ex. 166 ¶ 18; Ex. 278 ¶ 12.) | **Disputed** SCO disputes IBM's assertion to the extent it implies that the material in Item 272 originated in, was copied into Linux from, or was all published in the TIS Specification. | |
| | | REDACTED | |
| | | | See Disputed Facts # |
| | | SCO disputes IBM's implication that the presence of UNIX material in Linux versions prior to 2.4 or 2.6 is relevant to this litigation.  SCO only alleges infringement of its ELF material based on use of such material in Linux 2.4 and 2.6. | |
| 189. | Only one of the Specification items relates to the Linux kernel (Item **272**).  See Ex. 215 (Ex. H). Of the 19 files claimed in this one item, only one file (elf. h) is in the Linux kernel.  (Ex. 214 (Ex. 4); Ex. 215 (Ex. H)). | **Undisputed** | |
| 190. | One Item (185) concerns a small number of lines of | **Disputed** | |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | memory allocation code. (Ex. 214 ¶ 91.) | SCO disputes that Item 185 concerns only a "small" amount of source code, or that only the literal source code contained in Item 185 is at issue. |
| | | **REDACTED** |
| | | Whether the number of lines of code in Item 185 is "small" is a disputed opinion, not a fact, and legally immaterial. |
| | | SCO's experts have vigorously disputed and criticized IBM's quantitative, qualitative, and value characterizations. *See, e.g.,* **REDACTED** |
| | | **REDACTED** |
| 191. | In total, only 12 items concern Linux code contained in the Linux kernel (the Linux Code). *See* Ex. 215 (Ex. H).) The remaining items, including the majority of the header files and the specifications, relate to materials that are not part of the Linux operating system kernel. (*See id.*) | **Disputed**<br><br>SCO disputes IBM's statement that the "Linux Code" is only in the UNIX Kervil and that it is the only material at issue in this litigation. The infringing Linux material is not limited to the Linux kernel or the "Linux Code." (*See* Disputed Facts # 27, 45, 187.). IBM's infringing Linux activities are not limited to Linux kernel material. *See, e.g.,* Disputed Fact # 187. |
| 192. | Despite SCO's public assertions that IBM's Linux activities infringe SCO's alleged UNIX copyrights (*See* Ex. 141; Ex. 142; Ex. 3 ¶¶ 173-79), the Final Disclosures do not substantiate its claims (*See* Ex. 32; Ex. 33; Ex. 132; Ex. 34; Ex. 54). | **Disputed**<br><br>SCO disputes IBM's assertions that the Final Disclosures do not substantiate SCO's copyright infringement claim.<br><br>**REDACTED** |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | REDACTED | Disputed Facts # 236, |
|---|---|---|
| 193. | The Final Disclosures contain no specific allegations or evidence of copyright infringement by IBM relating to Linux. (See Ex. 54.) | Furthermore, IBM's assertion is quite clearly a disputed legal conclusion, not an "undisputed fact," and IBM's cited sources do not support IBM's legal conclusion.<br><br>**Disputed**<br><br>SCO disputes IBM's assertion. The Final Disclosures contain ample evidence of Linux's copyright infringement. See Disputed Fact # 192.<br><br>IBM does not dispute that it copies and distributes Linux and induces others to do the same. Disputed Fact # 187.<br><br>Furthermore, IBM's assertion is a disputed legal conclusion, not an "undisputed fact." |
| 194. | The Final Disclosures do not specifically allege or include any evidence of unauthorized copying of System V code in Linux by IBM, unauthorized distribution of Linux by IBM or unauthorized preparation of derivative works by IBM relating to Linux. (See Ex. 54.) | **Disputed**<br><br>SCO disputes the assertion that the Final Disclosures do not show evidence of IBM's copyright infringement through its Linux activities. The Final Disclosures contain ample evidence that Linux infringes SCO's SVr4 copyrights. See Disputed Fact # 192. IBM does not dispute that it copies and distributes Linux and induces others to do the same. Disputed Fact # 187.<br><br>SCO disputes IBM's implication that SCO was obligated to detail when and how IBM copied or distributed the infringing material. The Court did not order SCO to disclose *how* material was misused by IBM, but *what* material was misused by IBM. See July 1, 2005 Order (Setting deadline to disclose "All Allegedly Misused Material") Ex. 68. |
| 195. | The Final Disclosures also do not contain adequate evidence that SCO owns the allegedly infringed copyrights. (See Ex. 54.) | **Disputed**<br><br>SCO disputes IBM's implication that it was obligated to put forth evidence of copyright |

FILED UNDER SEAL
97

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | ownership in its Final Disclosures. SCO was never asked to provide evidence of copyright ownership in the Final Disclosures. See Disputed Fact # 194.<br><br>Furthermore, IBM's purported reliance on the actions of Santa Cruz, Caldera International, and SCO appears to concede copyright ownership. See, e.g. Disputed Fact # 97. | |
| 196. | Nowhere, in fact, has SCO ever described in detail its allegations and evidence that IBM's Linux activities infringe SCO's alleged copyright - not in its Final Disclosures, not in its interrogatory answers, nowhere. | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that SCO has not described in detail its allegations of infringement.             **REDACTED** |
| 197. | The Final Disclosures appear to accuse IBM of copyright infringement with respect to IBM's inclusion into AIX for Power of code from a project known as Project Monterey, but the Court declined to allow SCO to add a claim for copyright infringement relating to that conduct and it has nothing to do with Linux. (Ex. 58 at 2-4; Ex. 54 at Items 194-204.) | **Disputed**<br><br>SCO's claims that Linux 2.4 and 2.6 infringe its copyrights are not based on Items 194-204 of the Final Disclosures, though such material may form the basis of other claims. |
| 198. | IBM has a license to use and distribute all of the Disputed Code and, as to much of it, multiple licenses. (See generally Ex. 466; Ex. 467; Ex. 128; Ex. 437; Ex. 438; Ex. 439.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion. IBM has no license to reproduce, distribute, or prepare derivative works based on the infringed SVr4 material as part of Linux 2.4 or 2.6, or to induce others to do the same. (See Disputed Facts # 4-8, 11-14, 17-18, 22, 92-95, 118.).<br><br>Furthermore, this is a disputed legal conclusion, not an "undisputed fact," and IBM's cited sources do not support IBM's legal conclusion.<br><br>On June 16, 1999, IBM entered into a Strategic Business Agreement ("SBA") with Caldera Systems, Inc.  IBM Ex. 466 at 1710023483-490.             **REDACTED** |

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | | REDACTED |
| 199. | To encourage IBM to embrace Linux, Caldera granted IBM an express license in 1999 to use the materials included in SCO's Linux products. (Ex. 221 ¶ 68; Ex. 466.) | **Disputed**<br><br>SCO disputes IBM's implication that the actions of Caldera, Inc. or Caldera Systems prior to May 2001 are attributable to SCO, or that Caldera, Inc. or Caldera Systems had the power to grant or release rights in the infringed SVr4 material.<br><br>The actions of Caldera, Inc. and Caldera Systems prior to May 2001 are not attributable to SCO and could not grant IBM any rights to use the infringed SV4 material, because neither Caldera, Inc. nor Caldera Systems owned copyrights in any UNIX material. (See Disputed Facts # 4, 22.).<br><br>SCO disputes that IBM ever received a valid license to use the infringed UNIX material in Linux. IBM has no license to reproduce, distribute, or prepare derivative works based on the infringed UNIX material as part of Linux 2.4 or 2.6, or induce others to do the same. (See Disputed Facts # 92-95, 198.). |
| 200. | REDACTED | **Disputed** |

FILED UNDER SEAL

99



Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

FILED UNDER SEAL
100

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | Disputed/Unsupported | |
|---|---|---|---|
| 203. | REDACTED | Disputed/Unsupported | REDACTED |
| 204. | Caldera's OpenLinux products included the Linux 2.4 kernel. REDACTED | Disputed/Unsupported | REDACTED |

FILED UNDER SEAL
101

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | (Ex. 350; Ex. 351; Ex. 352.) OpenLinux was later renamed SCO Linux 4.0 (Ex. 221 ¶ 71; See Ex. 352.)  REDACTED | REDACTED  . The cited documents do not support the conclusion that SCO Linux 4.0 contains all the same material as any particular version of OpenLinux, or that SCO Linux 4.0 was covered by the SOW. |
| 205. | Caldera warranted in the Strategic Business Agreement that:  REDACTED | Disputed |
| 206. | Over the course of multiple SCO Linux product releases, SCO distributed all of the Linux Code | Disputed/Unsupported |

FILED UNDER SEAL

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | |
|---|---|
| (Ex. 215 (Ex. H)), to its customers, including IBM. Thus, IBM has a license to all of the Linux Code, foreclosing SCO's infringement claim. (Ex. 221 ¶¶ 68, 77, 111-14; Ex. 226 ¶ 12) | First, SCO disputes that IBM ever received a valid license to use the infringed UNIX material in Linux. IBM has no license to reproduce, distribute, or prepare derivative works based on the infringed UNIX material as part of Linux 2.4 or 2.6, or induce others to do the same. (See Disputed Facts # 198.) |
| | Second, **REDACTED** |
| | Third, SCO disputes IBM's implication that the "Linux Code" is the only material infringed by IBM's Linux Activities. (See Disputed Facts # 27, 45, 187.) |
| | Fourth, **REDACTED** |
| | **IBM Ex. 215** **REDACTED** **Ex. H; IBM Ex. 221 (Love Declaration) ¶¶ 68, 77, 111-14:** |
| | The cited sources do not support the assertion that SCO distributed all the "Linux Code," to IBM or others. First, the cited source does not distinguish who or what entity distributed any material. **REDACTED** |
| | **IBM Ex. 226 (Mazieres Decl.) ¶ 12** The cited source is internally contradictory and otherwise improper. (See Disputed Facts # 27, 45, 118.) |
| 207. | SCO also granted IBM a license to the Linux Code pursuant to the GPL. (Ex. 221 ¶ 68, 77, 113-15.) | **Disputed** |
| | SCO disputes IBM's assertion that it granted a license to use the Linux Code, or any |

FILED UNDER SEAL

103

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | | |
|---|---|---|---|
| | | | other infringing Linux material, under the GPL. SCO has not granted IBM a license to use the infringing Linux material under the GPL. (See Disputed Fact # 4-5, 8, 198.). |
| 208. | SCO distributed its Linux products, which include the Linux Code, under the GPL. (Ex. 221 ¶¶ 77, 113-15; Ex. 176 ¶ 13.) | **Disputed** | SCO disputes IBM's assertion to the extent it implies that SCO granted a license to use the Linux Code, or any other infringing Linux material, under the GPL. SCO has not granted IBM a license to use the infringing Linux material under the GPL. (See Disputed Fact # 4-5, 8, 198.). |
| 209. | The GPL provides that persons receiving code under the GPL "may copy and distribute verbatim copies of the Program's source code" and "modify [their] copy or copies of the Program or any portion of it". (Ex. 128 §§ 1, 2.) | **Disputed** | SCO disputes that it, or any other entity, properly licensed the infringed UNIX material under the GPL. Neither SCO nor any other entity has granted IBM a license to use the infringing UNIX material under the GPL. (See Disputed Fact # 4-5, 8, 198.) |
| 210. | Thus, independent of the license SCO granted IBM in 1999 under the Strategic Business Agreement, IBM received a license from SCO under the GPL that precludes SCO's claims of infringement. (Ex. 221 ¶ 78.) | **Disputed** | SCO disputes that it, or any other entity, granted a license to IBM to use the infringing Linux material under the SBA or the related SOW. Neither SCO nor any other entity has granted IBM a license to use the infringing Linux material under the GPL, SBA, or SOW. (See Disputed Facts # 4-5, 8, 92-95, 198.). |
| 211. | In the early 1990s, Novell participated in an industry consortium with other UNIX vendors, including IBM, to draft a single unified specification of UNIX system services. This effort led to a draft specification known as "Spec 1170". (Ex. 238 ¶ 8; Ex. 437.) | **Disputed** | (See Disputed Facts # 11-14.). |
| 212. | Novell "grant[ed] to X/Open a non-exclusive, perpetual, world-wide, royalty-free, paid-up, irrevocable licence [sic] to prepare derivative works and to use, execute, reproduce, display and perform" Spec 1170. (Ex. 238 ¶ 11; Ex. 437 ¶ 1.) X/Open, in turn, granted all of the participants in | **Disputed/Unsupported** | SCO disputes that IBM ever received a valid license to use the infringed UNIX material in Linux. Neither Novell nor X/Open granted IBM a license to reproduce, distribute, or prepare derivative works based on the infringed UNIX material as part of Linux 2.4 or 2.6, or to induce others to do the same. (See Disputed Facts # 11-14, 19.) |

FILED UNDER SEAL

Appendix A To SCO's Memorandum In Opposition To IBM's Motion For Summary Judgment
On Its Claim For Declaratory Judgment Of Non-Infringement

| | | |
|---|---|---|
| | X/Open (including IBM) "a non-exclusive, perpetual, world-wide, royalty-free, paid-up, irrevocable license to prepare derivative works and to use, execute, reproduce, display, and perform [Spec 1170] and such derivative works". (Ex. 238 ¶ 11; Ex. 437 ¶ 4.) | |
| 213. | SUS Material and some of the Streams Material and ELF Material are included in - indeed required by- Spec 1170 and its successors, such as the SUS (Items 152, 157, 183-184, 205-231). IBM therefore has a license to those materials. (Ex. 214 (Ex. 3).) | **Disputed/Unsupported** <br><br> SCO disputes IBM's assertion regarding inclusion of infringing Linux material in Spec 1170, which IBM has failed to support at all. (See Disputed Facts # 11-14.). <br><br> The cited sources do not support the assertion that SUS Material, and some of the Streams Material and ELF Material, is included in or required by Spec 1170. None of IBM's cited sources even mention Spec 1170. <br><br> REDACTED <br><br> . (See also Disputed Facts # 11-14.). <br><br> SCO also disputes that IBM ever received a valid license to use the infringed UNIX material in Linux. IBM does not have a license to reproduce, distribute, or prepare derivative works based on the infringed UNIX material as part of Linux 2.4 or 2.6, or to induce others to do the same. (See Disputed Facts # 11-14, 198). |
| 214. | IBM also has a license to the SUS Material in Spec 1170 pursuant to the Common API Materials Cross-License Agreement between HP, IBM, Sun and USL. (Ex. 482.) That agreement grants IBM (among the other parties), the following rights with respect to Spec 1170: <br><br> REDACTED | **Disputed** <br><br> SCO disputes IBM's assertion that all material in the SUS or the "SUS Material" was contained in Spec 1170, and IBM has not supported such an assertion. (See Disputed Facts # 11-14.). <br><br> SCO also disputes IBM's assertion that the Common API Materials Cross-License Agreement ("Common API Agreement") granted IBM a license to use any of the infringed UNIX material in Linux. The Common API Agreement did not grant IBM the right to use any UNIX material in Linux for the reasons laid out below. <br><br> REDACTED |

FILED UNDER SEAL