# ADDENDUM C

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*



FILED
U.S DISTRICT COURT

2005 DEC -7 P 3: 49

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **STIPULATION RE SCHEDULING ORDER** <br><br> Civil No.: 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

The parties, by and through their counsel of record, hereby stipulate and agree as follows with respect to the Court's July 1, 2005, scheduling order (the "Order").

1. Both parties are required to identify with specificity any and all material that each party contends the other has misused no later than December 22, 2005;

2. During the period of fact discovery from January 28, 2006, to March 17, 2006, each party may only conduct fact discovery relating to its defenses to the other party's claims that the first party has misused material. Specifically:

(a). IBM's discovery during this time is limited to discovery relating to its defenses to SCO's claims that IBM has misused certain code or other information, which material SCO is required to identify with specificity no later than December 22, 2005. This includes IBM's Ninth and Tenth Counterclaims. IBM is not permitted to take discovery regarding material which SCO is alleged to have misused, including as it relates to IBM's Sixth and Eighth Counterclaims. SCO shall have the right to cross-examine any witnesses deposed by IBM.

(b). SCO's discovery during this time is limited to discovery relating to its defenses to IBM's claims that SCO has misused certain code or other information, which material IBM is required to identify with specificity no later than December 22, 2005. SCO is not permitted to take discovery regarding material which IBM is alleged to have misused, including as it relates to IBM's Ninth and Tenth Counterclaims. During this time, SCO shall have the right to conduct defensive discovery concerning the interpretation of the General Public License. IBM shall have the right to cross-examine any witnesses deposed by SCO.

(c). Neither party shall be permitted to use this discovery period for the purpose of identifying additional misused material not disclosed by the December 22, 2005, deadline.

3. If either party has a motion to compel pending on December 22, 2005, or January 27, 2006, the parties agree that the passage of the deadline, by itself, will not render moot the pending motion.

DATED this ___ day of December, 2005.

Snell & Wilmer L.L.P.

_____
Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

DATED this ___ day of December, 2005.

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

By_____
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1ᵗʰ day of December, 2005, a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following:

    Brent O. Hatch
    Mark F. James
    HATCH, JAMES & DODGE, P.C.
    10 West Broadway, Suite 400
    Salt Lake City, Utah 84101

    Robert Silver
    Edward Normand
    BOIES, SCHILLER & FLEXNER LLP
    333 Main Street
    Armonk, New York 10504

    Stephen N. Zack
    Mark J. Heise
    BOIES, SCHILLER & FLEXNER LLP
    100 Southeast Second Street, Suite 2800
    Miami, Florida 33131

                                                     *[signature]*