# ADDENDUM F



Snell & Wilmer
L.L.P.
LAW OFFICES

15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101
801.257.1900 P
801.257.1800 F
swlaw.com

Todd M. Shaughnessy
801-257-1937
tshaughnessy@swlaw.com

DENVER
IRVINE
LAS VEGAS
PHOENIX
SALT LAKE CITY
TUCSON

December 5, 2005

*VIA FACSIMILE AND U.S. MAIL*

Edward Normand
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504

Re:   *SCO v. IBM; IBM v. SCO*

Dear Ted:

   We have completed a preliminary analysis of SCO's interim disclosures and supplemental interrogatory responses pursuant to the Court's order of July 1, 2005. As stated in IBM's memorandum in opposition to SCO's objection to Magistrate Judge Wells' order dated October 12, 2005, SCO's disclosures and interrogatory responses fall far short of SCO's obligations. We ask that SCO remedy these shortcomings no later than December 22, 2005, when it submits its final disclosures and updates its interrogatory responses.

   As you know, IBM's discovery requests, and the Court's orders called for SCO to disclose the allegedly misused material with specificity. For example, SCO was required to identify the allegedly misused material by version, file and line of code. In addition, to the extent SCO contends IBM has infringed its copyrights, SCO was required to identify and match up the allegedly infringing and allegedly infringed material by version, file and line of code. To the extent SCO contends that IBM has breached its contractual obligations by contributing code to Linux, SCO was required to identify the material alleged to have been contributed improperly by version, file and line of code, and to the extent the allegedly contributed material is not Unix System V code, but is in any sense alleged to have been based on or resulted from Unix System V code, the version, file and line of Unix System V code from which the allegedly contributed material is alleged to derive or result.

   Despite IBM's requests and the Court's orders, SCO's interim disclosures and interrogatory responses fail to specifically disclose all of the allegedly misused material as required. For most of the allegedly misused material, SCO still fails to

375675.1

Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms.

Snell & Wilmer
——— L.L.P ———

Ted Normand
December 5, 2005
Page 2

disclose (1) files and lines of code in Linux; (2) files and lines of code in AIX or Dynix; and (3) files and lines of code in UNIX System V. Furthermore, in the few instances where SCO does identify specific lines of Linux, AIX, or Dynix code as allegedly contributed material, SCO generally fails adequately to provide any identification of the lines of Unix System V code from which the allegedly contributed material is alleged to derive or result. Any such linkage to Unix System V code should be done in an unambiguous manner—for example, through tables listing and matching up file names and line numbers between the allegedly misused non-Unix System V code, and Unix System V code.

Moreover, SCO's interim disclosures and supplemental interrogatory responses are unclear as to how they relate to SCO's prior interrogatory responses. It is not clear, for example, whether SCO's latest disclosures are cumulative or merely supplement its prior disclosures, especially since there are inconsistencies among SCO's various responses. SCO's interim disclosures are likewise unclear as to how the allegedly misused material relates to SCO's different causes of action for example, it is unclear whether certain of the allegedly misused material relates to SCO's contract claims, SCO's copyright claims, IBM's claim seeking a declaration of noninfringement, or a combination of these claims.

To avoid confusion, comply with the Court's orders and avoid unnecessary motion practice, SCO should (1) provide the requisite specificity in its final disclosures; (2) make its final disclosures and updated interrogatory responses cumulative; and (3) make clear to which of the claims the allegedly misused material relates. As IBM understands the Court's orders, SCO may not challenge any allegedly misused material not properly disclosed in SCO's final disclosures. IBM intends to ask the Court to preclude SCO from pursuing any claims regarding allegedly misused material not properly disclosed on or before December 22, 2005.

Finally, we reiterate our previous request that SCO provide its disclosures in a usable electronic format, just as it did with its privilege log. We do not believe there is any reason it cannot do so and would prefer not to have to raise this issue with the Court at the December 13 hearing.

375675.1

Snell & Wilmer
—L.L.P.—

Ted Normand
December 5, 2005
Page 3

                                                Sincerely,

                                          Todd M. Shaughnessy

TMS:dw
cc:    Brent Hatch
        David Marriott
        Peter Ligh
        Amy Sorenson

375675.1