# ADDENDUM H

RECEIVED CLERK

2005 APR 11 P 7:29

U.S. DISTRICT COURT
DISTRICT OF UTAH

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> -against- <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **REPLY MEMORANDUM IN FURTHER SUPPORT OF IBM'S PROPOSED SCHEDULING ORDER** <br><br> **(ORAL ARGUMENT REQUESTED)** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

345261.2

Argument

I.  THE COURT SHOULD ENTER A SCHEDULING ORDER IMPOSING A DEADLINE FOR THE PARTIES TO IDENTIFY THE ALLEGEDLY MISUSED MATERIAL.

> As is explained in IBM's opening memorandum, we believe the Court should impose firm deadlines, in advance of the close of all fact discovery, for both parties to disclose the Allegedly Misused Material. That is, we respectfully submit, the only way to give both parties an opportunity to undertake meaningful discovery in support of their respective cases and to bring this litigation to an expeditious resolution without unnecessary, additional disputes.

SCO offers a laundry list of arguments, not raised during the parties' meet-and-confer, why the Court should not enter a scheduling order that would require SCO to disclose the Allegedly Misused Material.[1] As is discussed below, SCO's opposition (1) distorts IBM's proposal, (2) seeks refuge in the irrelevant and (3) offers no good reason for the Court not to impose reciprocal disclosure deadlines of the kind IBM proposes. In fact, the arguments on which SCO relies are designed to keep IBM in the dark about SCO's case.

First, SCO's opposition distorts IBM's proposal. SCO contends that IBM's proposal is one-sided.[2] (See SCO's First and Third Points.) SCO is wrong. As we have made clear to SCO, IBM proposes that the Court impose on both parties deadlines for the identification

---

[1] In a footnote, SCO claims that IBM is wrong in asserting that SCO did not offer a reason for its objection to IBM's proposal. (Opp'n at 9 n.7.) While the parties disagree about that, not even SCO purports to have shared its laundry list of objections with IBM during the parties' meet-and-confer. It did not. They were plainly constructed after the fact to justify a strategy of hiding the ball.

[2] According to SCO, IBM's proposal gives IBM "the advantage of a special discovery period after [SCO's] discovery must be finished", allows IBM "an additional three months to conduct unilateral discovery on SCO's claims", and constructs a "special" discovery period for IBM "to conduct exclusive discovery on its defenses". (Opp'n at 10-11.)

3

345261.2

of the Allegedly Misused Material such that both parties are able to take discovery relating to the Allegedly Misused Material before the close of all fact discovery. We do not seek a scheduling order that requires only SCO to disclose the Allegedly Misused Material or that only permits discovery with respect to the Allegedly Misused Material disclosed by SCO. IBM seeks the entry of an order that would subject IBM and SCO to the same obligations.[3]

SCO also complains that under IBM's proposal "SCO's expert(s) would have to reach final conclusions regarding IBM's [alleged] misappropriation of SCO's material" (Opp'n at 12; SCO's Fifth Point). Here again, SCO misstates IBM's proposal. IBM proposes only that the Court impose deadlines for the parties to identify the Allegedly Misused Material. IBM's proposal requires neither that the parties rely on experts nor that any experts that might be used by parties finalize their expert reports before the close of all fact discovery. Under IBM's proposal, the parties' experts would need to reach final conclusions before the close of fact discovery only with respect to the identification of the source code and other material that is at issue in this case. That is no different from requiring final conclusions from an expert used by a party to respond to an interrogatory.[4] SCO cannot credibly contend that it should be allowed to identify the material at issue in this case for the first time via its expert reports and after the close

---

[3] In a footnote, SCO states that "IBM's claim that its schedule imposes a 'reciprocal' discovery obligation on itself . . . is misleading" because "IBM has identified evidence purportedly in support of its counterclaims". (Opp'n at 10 n.8.) It is true that IBM, unlike SCO, has already properly disclosed the Allegedly Misused Material. But that does not make IBM's proposal one-sided. It signifies only that IBM's claims can be (and have been) substantiated, whereas SCO's have not been and cannot be.

[4] SCO states that "SCO's compliance with IBM's interrogatory responses will necessarily involve expert analysis". (Opp'n at 12.) If that is true, then SCO's experts will have to reach final conclusions long before the close of all fact discovery. SCO cannot base sworn interrogatory responses on non-final expert analysis.

4

> of fact discovery. The Allegedly Misused Material must be disclosed well in advance of the close of all fact discovery so that the parties can take fact discovery as to their defenses and focus on the issues to be addressed during the expert phase of the case. Not requiring the parties to disclose the Allegedly Misused Material before the close of all fact discovery would merely allow sandbagging.

Second, SCO's opposition seeks refuge in the irrelevant. SCO argues that IBM's proposal should be rejected on the grounds that IBM opposed SCO's request for certain AIX and Dynix discovery and on the grounds that IBM's proposal would not afford SCO enough time to review that discovery.[5] (See SCO's First, Second, Third and Fifth Points.) While IBM believes the AIX and Dynix discovery SCO sought is irrelevant, the Court has ordered IBM to produce it, and we have produced, or will produce, it (subject to IBM's reconsideration motion). SCO made no mention during the parties meet-and-confer of needing more time to review IBM's production, and it is difficult to believe SCO really requires more time than IBM's proposal allows. In any case, that is unrelated to whether the Court should impose deadlines for the disclosure of the Allegedly Misused Material. If SCO believes it requires more time to review discovery than is provided under IBM's proposal, then the solution would be to extend the

---

[5] SCO states, for example, that IBM has refused "to produce voluminous, relevant discovery for over a year"; "IBM has long failed to produce" discovery "relevant to SCO's claims"; and "[IBM's] discovery intransigence leaves it in an even less credible position to complain about the discovery schedule". (Opp'n at 10-11.) SCO further states that "IBM seeks a revised discovery schedule in which SCO has only half the time it requests to review [the discovery it seeks]"; objects that IBM's proposal "would completely undermine SCO's time and capacity finally to review that now Court-ordered discovery"; and suggests that under IBM's proposal SCO's experts would not have enough time to complete their work. (Opp'n at 10-12.)

5

345261.2

deadlines in IBM's proposal, not to leave SCO free to sandbag IBM by untimely identifying the material it contends IBM misused.

> Third, SCO offers no good reason why IBM should be kept in the dark about SCO's claims. SCO contends that IBM's proposal is unnecessary because IBM can learn all it needs to know about SCO's claims in the ordinary course without any special provisions being included in the scheduling order.[6] (See SCO's Third and Fourth Points.) That is not true. IBM has twice moved to compel, obtained two orders compelling discovery and submitted three motions for summary judgment. Still, as of today, SCO has failed to identify the material that is at issue in the case. If that were not reason enough to impose deadlines for disclosure of the Allegedly Misused Material, then SCO's opposition brief is. SCO's brief holds open the possibility of SCO's updating its interrogatory responses, and using its expert reports and other pretrial disclosures, to identify the Allegedly Misused Material for the first time at or after the close of fact discovery. Based on SCO's conduct to date, we can only conclude that it does not intend to disclose the Allegedly Misused Material until it is too late for IBM to take fact discovery concerning its defenses.

SCO suggests, without any meaningful explanation, that IBM's proposal is inconsistent with the Court's discovery and summary judgment rulings and with the Federal Rules of Civil Procedure. (See SCO's First, Second, Third and Fourth Points.) Contrary to SCO's suggestion, however, nothing in any of the Court's prior orders disfavors the entry of an

---

[6] Specifically, SCO states that it "will supplement its discovery responses as information becomes available" and that "IBM will have a full opportunity to conduct discovery on its defenses during the mutual discovery period, and to further analyze its defenses during the expert-discovery and other pretrial period". (Opp'n at 11-12.)

6

345261.2

order imposing deadlines for the disclosure of the Allegedly Misused Material. In fact, the Court's orders make clear that it believes there should be deadlines for the parties to disclose the Allegedly Misused Material. (See 12/12/03 Order ¶ 4 (requiring SCO to disclose the material allegedly misused by IBM); 3/3/04 Order ¶ 2 (again requiring SCO to disclose the material allegedly misused by IBM)). Nor is there anything in the Federal Rules of Civil Procedure to undermine IBM's proposal. On the contrary, the Federal Rules of Civil Procedure make clear that the Court can and should enter orders of the kind IBM seeks here. See Fed. R. Civ. P. 16 (providing that the Court may enter a scheduling order including "modifications of the times for disclosures under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted" and "any other matters appropriate in the circumstances of the case").

As the Court is aware, there are millions of lines of code in Linux and Unix System V. SCO has long had access to this code. SCO has demanded the production of hundreds of millions of lines of AIX and Dynix code, and IBM has produced it. Yet, under SCO's proposal, it would not be required to identify the lines of code allegedly misappropriated by IBM until after the close of fact discovery. Thus, if SCO were to have its way, the only way IBM would be able to prepare a defense with respect to SCO's claims would be to assume that those claims address all of the code in Linux, Unix, AIX and Dynix and to prepare a defense as to hypothetical claims relating to every line of code under any and all theories of liability. Not only would be it unfair to require IBM to prepare its defense under such circumstances, but it would also be practically impossible.

In sum, unless the Court imposes a deadline by which the parties must identify the Allegedly Misused Material, then they may not learn the identity of the material they are alleged

7

345261.2

> to have misused until after the close of fact discovery -- and potentially even expert discovery -- when it would be too late to prepare a defense to claims relating to the material. Imposing a final deadline, before the close of all fact discovery, for the parties to disclose all of the Allegedly Misused Material, ensures that the parties learn what each other's case is about at a time when they can take discovery necessary to prepare a defense.

## II. THE PROVISIONS SCO SEEKS TO INSERT INTO THE SCHEDULE ARE UNNECESSARY OR INAPPROPRIATE.

As is explained in IBM's opening brief, SCO's proposal includes three provisions not included in IBM's proposal. Nothing in SCO's opposition papers justifies these provisions.

First, SCO seeks to require IBM to complete by May 3, 2005 the production ordered by the Court on January 18, 2005. In its opposition papers, SCO concedes that there is already an order in place requiring IBM to complete its production by May 3, 2005. (Opp'n at 3.) That is reason enough to reject SCO's proposal: it is redundant. On top of that, however, SCO effectively concedes that its proposal would require IBM to produce by May 3, 2005, the discovery the Court recently ruled -- over SCO's objection -- that IBM need not provide before the Court decides IBM's motion for reconsideration, which may not be decided before May 3.[7] Although SCO states (without explanation) that it does not "aim[] to 'foreclose IBM's motion for reconsideration'", it betrays the opposite objective in acknowledging that SCO "constructed its

---

[7] If the Court were to deny IBM's motion for reconsideration -- which is premised in part on the fact that it would take many months for IBM to produce the discovery at issue in the reconsideration motion -- it would obviously not be possible for IBM to produce the material at issue on or before May 3, 2005. Many months of additional work would be required before IBM could make that production.

8

345261.2