# Addendum A – Part 2

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | | who states in his declaration that, "After Caldera International acquired the UNIX divisions in 2001 until Mr. Love left, the company did not act to waive or otherwise relinquish any rights or protections to the core UNIX intellectual property it acquired from Santa Cruz. No authority or approval was granted by the Board of Directors to do so at any time." Ex. 269 ¶ 18.<br><br>The term "Software" has a specific meaning, under the JDC.<br><br>## SECTION REDACTED<br><br>(IBM Ex. 474 at SCO1170521-22.).<br><br>The purpose of the JDC was to transfer intellectual property only in material developed under the JDC. The linux kernel that SUSE used as the kernel for UnitedLinux was not developed under the JDC; rather, it already existed at the time the parties entered into the JDC. This is confirmed by the Love Declaration, which states that, "To achieve the above purpose of UnitedLinux, each member assigned to UnitedLinux ownership of the intellectual property rights in the Software that was developed by UnitedLinux. In addition, Pre-Existing Technology was licensed to UnitedLinux. Any enhancements that were made to their Pre-Existing Technology (the 'Enhancements') remained the property of the contributing | |

105

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| | company." (IBM Ex. 221 ¶ 98.) | |
| | It was never the intent of SCO to contribute any System V code into UnitedLinux, and in fact, SCO never contributed any System V code to the UnitedLinux project. IBM's assertion is a legal conclusion unsupported by sufficient factual basis. The cited source only supports the assertion in relation rights in the "Software," which is a defined term referring to material created by UnitedLinux LLC. | |
| 115. Caldera intended to assign and did assign ownership of the intellectual property rights in all UnitedLinux products (other than Caldera's Pre-Existing Technology and Enhancements) to UnitedLinux. (Ex. 221 ¶ 100.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's legal conclusion that Caldera International assigned all intellectual property rights in all UnitedLinux products other than "Pre-Existing Technology and Enhancements" or that Caldera intended to do so. The infringed UNIX material was developed before the creation of UnitedLinux LLC, was not developed by UnitedLinux, and was not assigned to UnitedLinux. (See Disputed Fact # 114.).<br><br>IBM's cited source only supports the assertion in relation rights in the "Software," which is a defined term referring to material created by UnitedLinux LLC. (See Disputed Fact # 114.).<br><br>None of the disputed code was "developed pursuant to" the JDC. All of the disputed code was pre-existing at the time the JDC was signed in 2002. Under the JDC, no preexisting code was to be contributed to the venture, except as specifically set forth in JDC Exhibit C. | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, the material referred to by SCO does not support SCO's statement that only material created by UnitedLinux LLC was assigned to UnitedLinux LLC. |

106

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 116. | This assignment of ownership included all of the allegedly infringing Linux kernel files (Items 183-85, 209-10, 212, 214, 224, 225, 228, 231, 272). (Ex. 215 (Ex. H); Ex. 474.) | **Disputed/Unsupported**<br><br>SCO disputes the assertion that IBM assigned any rights in pre-existing UNIX material, including any allegedly infringing Linux material. The infringed UNIX material was developed before the creation of UnitedLinux LLC, was not developed by UnitedLinux, and was not assigned to UnitedLinux. (See Disputed Facts # 114-15.) | **Deemed Admitted**: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that all of the allegedly infringing Linux kernel files were in the UnitedLinux Software product. |
| 117. | UnitedLinux released its first Linux distribution, UnitedLinux Version 1.0, in November 2002. (Ex. 349.) UnitedLinux Version 1.0 was marketed and sold by each of the partners in UnitedLinux, including Caldera International, under its own brand name. (Id.) | **Undisputed/Unsupported**<br><br>IBM's cited source does not support any assertion regarding UnitedLinux members other than Caldera International. | Undisputed. |
| 118. | SCO's release of UnitedLinux 1.0 was called "SCO Linux 4.0". SCO Linux 4.0 was based on the Linux 2.4 kernel and was distributed under the GPL. (Ex. 349; Ex. 106 at 5; Ex. 475; Ex. 226 ¶ 10; see Ex. 278 ¶ 6.) Every line of the Linux Code is included in SCO Linux 4.0, powered by UnitedLinux. (Ex. 215 (Ex. H); Ex. 226 ¶ 10; Ex. 208 ¶ 65; see Ex. 166 ¶ 32; Ex. 278 ¶ 20.) Furthermore, SCO Linux 4.0 included all but one line of the SUS Material (Items 183-84, 205-31), all of the memory allocation code (Item 185), all of the ELF material from elf.h (Item 272), and much of the Streams Material (Items 150, 152-55, 157-59, 160-64). (Ex. 226 ¶ 10; Ex. 215 (Ex. H).) | **Disputed/Unsupported**<br><br>First, SCO disputes IBM's assertion that Caldera International, SCO, or any other entity licensed UnitedLinux 1.0, SCO Linux 4.0, the Linux 2.4 kernel, or any other infringing Linux material under the GPL. Neither SCO, Caldera International, nor any other entity properly licensed such material under the GPL. See Disputed Fact # 5.<br><br>Rather, SuSE engineers created the UnitedLinux 1.0 program for UnitedLinux LLC. Caldera International received UnitedLinux 1.0 on a gold master CD from UnitedLinux LLC. Caldera International distributed the UnitedLinux 1.0 program verbatim, without modifying or placing a GPL license notice on the program, as part of its | **Deemed Admitted**: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. For example, SCO's statement does not specifically controvert the undisputed facts that: (a) SCO's release of UnitedLinux 1.0 was called "SCO Linux 4.0"; (b) SCO's "SCO Linux 4.0" distribution contained the Linux 2.4 kernel; (c) the contents of SCO Linux 4.0 were accompanied by notices that the material was licensed under the GPL. See IBM's response to SCO's objections to undisputed fact ¶ 45 regarding the Mazilers Declaration. |

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| | SCO Linux 4.0 product. Caldera International's contributions to the SCO Linux 4.0 product were embodied on media that was separate from the UnitedLinux 1.0 program. See Ex. 233 ¶¶ 19-22; Disputed Fact # 5.<br><br>Second, SCO disputes IBM's assertion to the extent it states that all of the "Linux Code" and all of the elf.h material was contained in UnitedLinux 1.0/SCO Linux 4.0.<br><br>### SECTION REDACTED<br><br>Third, SCO disputes IBM's assertion that UnitedLinux 1.0/SCO Linux 4.0 contained all but one line of the "SUS Material." UnitedLinux 1.0 did not contain some material from at least two files that constitute the "SUS Material." See id.<br><br>In general, much of the infringing Linux material, including Linux kernel material, was not included in UnitedLinux 1.0 (the basis for SCO Linux 4.0). See id.<br><br>Furthermore, none of IBM's expert reports address any of the non-literal aspects of the infringing Linux material, including whether such material was included in UnitedLinux 1.0. See Ex. 22 at 13:10-21, 14:7-13, 22:22-33:11, 34:10-22, 277:12-278:13, 279:9-15, 291:8-15.<br><br>**IBM Ex. 166 (Beattie Declaration):** The cited source provides no support for the assertion that the declarant has knowledge regarding UnitedLinux products or activities, was employed | |

108

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| | by Caldera International, or was at all involved in UnitedLinux activities. The cited source does not state what material was in SCO Linux 4.0, does not specify what material was in UnitedLinux 1.0, and does not deal with all the facts necessary to support IBM's assertion regarding its defined term "Linux Code." | |
| | **IBM Ex. 208**                    The cited source does not support IBM's assertions. | |
| | SECTION REDACTED | |
| | **IBM Ex. 226 (Mazieres Declaration) ¶ 9-10:** IBM Ex. 226 constitutes a new expert report, from an expert that SCO has not had the opportunity to depose, and cannot form the basis of summary judgment. SCO has not had sufficient opportunity to verify the truthfulness of the cited source.

The cited source contradicts itself, by defining the term "Disputed Code" as "allegedly infringed lines of System V" and stating that SCO Linux Server 4.0 contains *all* the Disputed Code, yet also stating that it does *not* include some material from Items 183-84, 205-31 and strongly implying that it does *not* include much of the Streams material. | |
| | **IBM Ex. 278 (Whiteley Declaration) ¶ 20:** The cited source does not provide the necessary detail to support IBM's factual assertions regarding its defined terms, or the necessary factual assertions | |

109

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | | to support IBM's legal conclusions. | |
| 119. | Caldera International marketed and sold SCO Linux 4.0 to businesses around the world, representing among other things:<br><br>• "SCO Linux 4.0 is a high-quality Linux operating system designed for mission-critical business applications, with guaranteed stability, security and worldwide support from SCO." (Ex. 349.)<br><br>• "SCO Linux has it all...SCO is a perfect fit for most application server environments." (Ex. 475.)<br><br>• "Talk to us, and we will help you configure a solution including SCO Linux to meet your every requirement." (Id.)<br><br>• "SCO Linux 4.0, powered by UnitedLinux provides customers with the base UnitedLinux operating system as well as the additional software, support and services from SCO that customers need to successfully run Linux in business environments." (Ex. 349.)<br><br>• "SCO is uniquely qualified to make the UnitedLinux platform viable for business because of its proven track record in successfully building, deploying and supporting stable operating | Undisputed | Undisputed. |

110

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | platforms for more than 23 years." (Id.) | | |
| | • "SCO Linux 4.0 is built upon SCO's traditional combination of top OS platform technology, and support and service features that customers can rely on to support critical business environments." (Id.) | | |
| | • "With SCO's recent introduction of a Retail Hardened Linux for Point of Sale (POS), SCO is providing retail companies opportunities to reap the benefits of the power of Linux while being able to rejuvenate their legacy POS investments." (Ex. 476.) | | |
| | • "SCO's business class Linux product is powered by UnitedLinux, the culmination of the might and expertise of 4 leading Linux vendors, SCO, SuSE, Turbolinux and Conectiva." (Id.) | | |
| | • "SCO's efforts to spearhead the creation of a new level of enterprise class Linux product is changing the industry." (Id.) | | |
| | • "As a result customers can now choose SCO Linux, confident they have access to the widest array of certified applications and hardware backed up by SCO's world renowned expert services." (Id.) | | |

111

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 120. | To coincide with this release of UnitedLinux and SCO Linux 4.0, SCO enlisted strategic partners in November 2002, such as Hewlett-Packard, IBM, Computer Associates, Oracle, BEA, BakBone, Fujitsu, Fujitsu Siemens, NEC, Toshiba, Progress and AMD to help promote UnitedLinux. (Ex. 106 at 6.) SCO also allied with numerous solution providers who wrote and developed custom applications to run on SCO's Linux operating system. (Id. at 6-7.) | **Disputed**<br><br>SCO disputes that Caldera International "enlisted" the named partners for cooperation relating to SCO Linux 4.0. SCO did not "enlist" these third-parties for use with SCO Linux 4.0; they were already partners in SCO's UNIX operations. See IBM Ex. 106 at 5-7. | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed facts that: (a) to coincide with this release of UnitedLinux and SCO Linux 4.0 in November 2002, SCO and strategic partners such as Hewlett-Packard, IBM, Computer Associates, Oracle, BEA, BakBone, Fujitsu, Fujitsu Siemens, NEC, Toshiba, Progress and AMD helped promote UnitedLinux; and (b) SCO also allied with numerous solution providers who wrote and developed custom applications to run on SCO's Linux operating system. |
| 121. | Caldera International also continued to distribute earlier versions of its Linux products, including "OpenLinux Server 3.1.1" and "OpenLinux Workstation 3.1.1" products, which were released in January 2002. Both included the Linux 2.4 kernel. (Ex. 350; Ex. 351.) | **Undisputed/Unsupported**<br><br>SCO disputes that IBM's cited sources support the assertion that Caldera International or SCO distributed the OpenLinux Server 3.1.1 or OpenLinux Workstation 3.1.1 at any time after January of 2002. | Undisputed. The facts stated in IBM's referenced paragraph are fully supported by the cited material. |

112

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 122. | SCO's Linux products collectively included code from every allegedly infringing Linux kernel file. (Ex. 215 ¶¶ 109-13; Ex. 215 (Ex. H); Ex. 226 ¶ 12.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion to the extent it implies that all of the infringing Linux material was contained in products distributed by SCO.<br><br>SECTION REDACTED<br><br>Furthermore, neither Caldera International, SCO, nor Santa Cruz intended to or did contribute any of the infringed UNIX material into Linux products. (See Disputed Facts # 4-5.).<br><br>**IBM Ex. 226 (Maziorres Declaration):** The cited source is internally contradictory and improper. See Disputed Fact # 118. | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that collectively, the Linux products distributed by Caldera, Inc., Caldera Systems, Inc., Caldera International, and SCO included code from every allegedly infringing Linux kernel file. |

113

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 123. | SCO knew that the Linux Code was in Linux. (Ex. 193 ¶¶ 11-13; Ex. 176 ¶ 20; Ex. 166 ¶ 33; Ex. 232 ¶ 5; Ex. 278 ¶ 14.) The Linux Code has been in Linux since before SCO commenced this lawsuit, with some included as far back as 1991, and much included for over a decade. (Ex. 166 ¶ 18; Ex. 278 ¶ 12.) | **Disputed/Unsupported/Incomplete**<br><br>SCO disputes IBM's assertion to the extent it implies that SCO or Caldera International knew the "Linux Code" or any other infringed UNIX material was in Linux prior to, at the earliest, late 2002 or early 2003. SCO did not investigate the presence of UNIX material in Linux until, at the earliest, late 2002 or 2003, and informed IBM of its concerns at that time. See Disputed Fact # 108.<br><br>SCO disputes IBM's assertion to the extent it implies that Santa Cruz knew of the presence of the infringed UNIX material in Linux prior to, at the earliest, October 1999.<br><br> SECTION REDACTED <br>(See Disputed Facts # 41, 84-86;<br><br>Furthermore, none of IBM's cited sources support any assertion as to what specific entity had any purported knowledge, when that particular entity obtained such purported knowledge, or how/when/why any individual's knowledge can be attributed to any particular entity. | **Deemed Admitted.** Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed facts that: (a) SCO knew that the Linux Code was in Linux; and (b) that this Linux Code has been in Linux since before SCO commenced this lawsuit, with some included as far back as 1991, and much included for over a decade.<br><br>The facts stated in IBM's referenced paragraph are fully supported by the cited material. |
| 124. | Despite its success in promoting Linux and its Linux products, SCO was unable to run a profitable business. (Ex. 106 at 10.) | **Undisputed/Unsupported**<br><br>IBM's cited source does not support IBM's assertions regarding whether SCO was "able" to earn a profit. | Undisputed. The facts stated in IBM's referenced paragraph are fully supported by the cited material. The cited Caldera International 2002 10-K states (twice), "[w]e have not been profitable". (IBM Ex. 106 at 10.) |

114

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 125. | At no point prior to its acquisition of UNIX assets from Santa Cruz did SCO (Caldera International or Caldera, Inc.) have a profitable year. (Ex. 106 at 10.) | **Undisputed/Unsupported**<br><br>IBM's cited source does not support IBM's assertion.<br><br>Disputed Facts # 126-27, infra, present a more complete picture of Caldera's financial and business circumstances from its founding in 1994 through the acquisition of Santa Cruz's UNIX assets in 2001. | Undisputed. The facts stated in IBM's referenced paragraph are fully supported by the cited material, which states, "[w]e have not been profitable." |

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 126. | While it obtained a lot of cash in its IPO in 2001, the company spent most of the money on its acquisition of Santa Cruz's UNIX assets, which had been declining in value since Santa Cruz acquired them from Novell in 1995. (Ex. 221 ¶¶ 79-80; Ex. 227 ¶¶ 34-35.) | **Disputed/Unsupported**<br><br>SCO disputes that the UNIX assets acquired by Santa Cruz from Novell declined in value since 1995.<br><br>SECTION REDACTED<br><br>Disputed Fact # 127 infra discusses the revenue and value history of the UNIX assets in this time period in more detail. IBM's statements regarding Caldera in this time period are also disputed.<br><br>IBM's cited sources do not support any assertion regarding "declining value."<br><br>SCO also disputes IBM's assertion that Caldera International spent "most" of the cash raised in its IPO on acquisition of Santa Cruz's UNIX assets. Caldera did not spend "most" of the money raised in the 2001 IPO on its acquisition of Santa Cruz's UNIX assets. Rather, Caldera raised approximately $80.5 million in its IPO, and spent approximately 29% of those proceeds on the acquisition. Ex. 215 ¶ 3. | SCO's response does not create a genuine issue of fact in that the facts in the referenced paragraph are background and no point purportedly controverted is material to IBM's motion. |

116

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 127. | Within a year of the acquisition, SCO valued its UNIX assets at less than $2 million. (Ex. 539 at SCO163382.1.) Like its Linux business, SCO's UNIX business was losing money. (Ex. 186 ¶¶ 63-71.) | **Undisputed**<br><br>SCO disputes IBM's assertion to the extent it suggests any valuation of SCO's UNIX assets before IBM's improper actions.<br><br>SECTION REDACTED<br><br>See Undisputed Facts # 83, 126).<br><br>SECTION REDACTED<br><br>SCO disputes IBM's assertion to the extent it indicates that Caldera International's UNIX assets were less valuable than its Linux business. Caldera International earned 95% of its revenue from UNIX products and services. See Disputed Fact # 83. | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 128. | Under the direction of a new CEO, Darl McBride, SCO made the decision to pursue by litigation the profits it was unable to generate in the computer business. (See, e.g., Ex. 1; Ex. 141; Ex. 142; Ex. 423; Ex. 427.) Revisiting the results of the Swartz study, which both Santa Cruz and Caldera International had dismissed (Ex. 221 ¶¶ 82-83), Mr. McBride made the decision to wage legal warfare on the operating system on which SCO had once staked its future. (Ex. 221 ¶ 115; Ex. 113 at 9-10.) | **Disputed** | **Deemed Admitted.** Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56: the undisputed facts that: (a) under the direction of a new CEO, Darl McBride, SCO pursued profits by litigation, (b) prior to this litigation, SCO had been unable to generate profits in the computer business; and (c) SCO had once staked its future on Linux. |
| | | SCO disputes, and IBM's cited sources do not support, that SCO brought suit because it could not make profits otherwise. SCO brought suit in 2003 because it discovered that IBM's disclosures to Linux had included proprietary UNIX technology that SCO had a right to insist be held in confidence, and it needed to protect its intellectual property. Ex. 165 ¶¶ 3, 12, 31; Ex. 279 at 250-52. | The material referred to by SCO does not support SCO's statement that SCO was unaware prior to late 2002 of the Swartz study it had commissioned. SCO's statement does not refer with particularity to those portions of the record on which SCO relies for its statements regarding the Swartz study. |
| | | SCO disputes, and IBM's sources do not support, that SCO intended to "wage legal warfare" on Linux. Ex. 165 ¶¶ 3, 5, 18-25, 32. | |
| | | Rather, by offering intellectual property compliance licenses through its SCOsource program, and informing Linux users of its rights, SCO sought to provide its customers and others with legally legitimate methods to continue to using [sic] Linux. Ex. 165 ¶¶ 3-4, 17; Ex. 9 ¶¶ 3-4. | |
| | | SCO disputes IBM's assertion to the extent it implies that Caldera International or SCO was aware of the results of the Swartz study prior to late 2002 or early 2003 or had "dismissed" the results of the study. This is simply not true. See Disputed Facts # 108-09.) IBM's cited sources do not support its assertion that Caldera International or SCO "dismissed" the Swartz study. | |
| | | "Finally, the Swartz study was not considered the final word on whether Linux infringed SCO's copyrights for multiple reasons. (See Disputed Fact # 41.)" | |

118

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 129. | Because Novell, not SCO, owned the UNIX System V copyrights, SCO asked Novell several times over the course of several months to transfer the UNIX System V copyrights to SCO and participate with SCO in a legal campaign against Linux. (Ex. 239 ¶ 13; Ex. 240 ¶ 25; Ex. 330 at 2864-24.) | **Disputed/Unsupported** | Deemed Admitted: The declaration of Mr. Sontag (SCO Ex. 9 ¶¶ 8-10) actually supports IBM's statement. |
| | | SCO disputes, and IBM's cited sources do not support, that Novell owned any UNIX copyrights after 1995. Novell transferred all its UNIX copyrights to Santa Cruz in 1995. (See Disputed Facts # 35-37). | |
| | | SCO disputes IBM's assertion that "SCO asked Novell several times over the course of several months to transfer the UNIX System V copyrights to SCO." SCO did not make such requests. (See Disputed Fact # 38; Ex. 9 ¶ 10.) Rather, in discussions with SCO in late 2002 and early 2003, Novell agreed that those copyrights had been transferred to SCO under the APA. (Ex. 9 ¶¶ 6, 11; Ex. 165 ¶¶ 7-11, 13-16.) Indeed, it was not until Novell and IBM started discussions leading to their partnership in Linux that Novell first claimed ownership of the copyrights. (See SCO's Response to IBM's Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action), Statement of Facts at ¶¶ 59-83.). | |
| | | SCO disputes IBM's assertion that SCO asked Novell to "participate with SCO in a legal campaign against Linux." Ex. 165 ¶ 32. | |

119

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 130. | Novell repeatedly rejected SCO's requests to transfer the copyrights or participate in a legal campaign against Linux. (Ex. 239 ¶¶ 13-14, Ex. 477.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that Novell owned UNIX copyrights after 1995, that SCO requested a transfer of such copyrights, or that SCO requested Novell's participate [sic] in legal action. Novell did not own any UNIX System V copyrights after 1995, and SCO did not request transfer of any such copyrights, and did not ask Novell to participate in any legal action against those who use Linux without necessary licenses to UNIX material. (See Disputed Facts # 35-38, 129.)<br><br>SCO disputes IBM's assertion that SCO has engaged in a legal campaign "against Linux." SCO has simply tried to protect its intellectual property by offering licenses to such property and has brought suit against those who decline to obtain the necessary licenses. See Disputed Fact # 128. | **Deemed Admitted:** The declaration of Mr. Sontag (SCO Ex 9 ¶¶ 8-10) actually supports IBM's statement. |
| 131. | On March 6, 2003, SCO sued IBM for allegedly "dumping" into Linux certain unspecified code from the UNIX software SCO acquired from Santa Cruz. (Ex. 1.) Despite the fact that SCO's initial complaints against IBM did not include a claim for copyright infringement, and despite the fact that SCO does not own the copyrights to the System V Works, SCO repeatedly accused IBM and others publicly of infringing the UNIX System V copyrights and threatened imminent litigation concerning IBM's Linux | **Disputed**<br><br>It is undisputed that SCO sued IBM on March 6, 2003, but its claims are more accurately set forth in the Complaint filed at that time. (IBM Ex. 1)<br><br>SCO disputes IBM's assertion that SCO does not own copyrights to the infringed UNIX material. SCO owns all copyrights to the infringed UNIX material. (See Disputed Facts # 35-38.)<br><br>Further, just as IBM amended its counterclaims, SCO revised its claims, and SCO's operative claims are set forth in its Second Amended Complaint. (IBM Ex. 3) SCO identified | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

120

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| activities:<br>(a)     In May 2003, SCO sent letters to 1,500 of the world's largest corporations, including IBM, threatening litigation. (See, e.g., Ex. 141.) In its letters, SCO stated: "We believe that Linux infringes on our UNIX intellectual property and other rights." (Ex. 141 at 2.) SCO further stated: "We intend to aggressively protect and enforce these rights" against not only the companies involved with "the Linux development process" but also "the end user" companies using any Linux technology. (Id at 2.)<br>(b)     In a press conference on July 21, 2003, SCO stated that taking out a license with SCO was the "alternative to legal enforcement against Linux end-users". (Ex. 423 at 2.)<br>(c)     On November 18, 2003, during a teleconference sponsored by SCO, Mr. McBride, stated that SCO "will be looking…to identify a defendant" In "the near term" and such defendant will be "a significant user that has not paid license fees and is in fact using the proprietary and copyrighted material". (Ex. 427 at 5.)<br>(d)     In connection with a December 22, 2003, press release, SCO released a template of a letter, dated December 19, 2003, that it sent to "Linux Users". (Ex. 142.) In that letter, SCO wrote that "the use of the | technology that it contended IBM disclosed in its Second Amended Complaint (IBM Ex. 3 ¶¶ 99-108). SCO provided further details and identified additional misused technology in its responses and supplemental responses to IBM's interrogatories, and then in its October and December Submissions. (IBM Exs. 31, 32, 37, 38, 43) Finally,<br><br><br>SECTION REDACTED<br><br><br>(a) Disputed. The letters SCO sent to approximately 1,500 corporations in May 2003 did not "threaten" litigation against any individual or company. (IBM Ex. 141) Rather, the letter explained that "SCO holds the rights to the UNIX operating system software originally licensed by AT&T to approximately 6,000 companies and institutions worldwide," that "many Linux contributors were originally UNIX developers who had access to UNIX source code distributed by AT&T and were subject to confidentiality agreements, including confidentiality of the methods and concepts involved in software design." (Id.) The letter further stated that Linux infringes SCO's UNIX intellectual property and other right, and that SCO intended – as any property owner would have a right to do – to protect and enforce its rights. (Id.)<br><br>(b) Disputed. The quote IBM attributes to SCO in the conference call (at IBM Ex. 423 at 2) is taken out of context. In that conference, SCO explained | |

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | Linux operating system in a commercial setting violates our rights under the United States Copyright Act". (Id. at 1.) | more fully:<br><br>In the past week, many Linux users have asked us how they can immediately resolve issues with Linux without litigation. This is clearly the path SCO prefers to take in resolving its issues with end-users of Linux. Therefore, as a viable alternative to legal enforcement against Linux end-users, SCO is prepared to offer a license for SCO's UnixWare 713 product for use in conjunction with any Linux offering.<br><br>(IBM Ex. 423 at 2) On this call, SCO also explained that "SCO is trying to find ways to help customers solve this problem, balanced against our own legal rights to stop infringing uses of Linux," and that SCO intends to use its legal rights "carefully and judiciously." (Id.)<br><br>(c) **Undisputed.**<br><br>(d) **Undisputed** | |
| 132. | In response to SCO's threats of copyright infringement, IBM asserted a counterclaim against SCO on March 29, 2004, seeking a declaration of non-infringement with respect to IBM's Linux activities. (See Ex. 4, ¶¶ 168-73.) | **Undisputed**<br><br>Undisputed that IBM brought a claim for declaratory judgment that IBM "does not infringe, induce the infringement of, or contribute to the infringement of any SCO copyright through its Linux activities . . . ." (IBM Ex. 4, ¶¶ 168-73) | Undisputed. |
| 133. | IBM seeks a declaration that its activities relating to the Linux kernel, which is the core of the operating system, do not infringe copyrights owned by SCO. (See Ex. 4 ¶¶ 168-73.) | **Undisputed**<br><br>Undisputed that IBM brought the claim for declaratory judgment described above at Disputed Fact # 132. | Undisputed. |

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 134. | From the beginning of this litigation, SCO touted its claims and the strength of its alleged evidence. (See, e.g., Ex. 367; Ex. 368; Ex. 369.) | **Undisputed/Unsupported**<br><br>It is undisputed that SCO has made certain statements about the evidence that Linux infringed it [sic] intellectual property and other rights after instigation of the current litigation.<br><br>IBM's cited exhibits do not support the assertion that SCO made any such public statements after August 2003. | Undisputed. The facts stated in IBM's referenced paragraph are fully supported by the cited material. |
| 135. | According to SCO, the issues presented here are the most important issues faced by the software industry in ten years and the future of the industry — indeed, the future of the global economy — hangs in the balance: (a) In an article for Salon.com, Sam Williams quotes Mr. McBride as saying, in reference to this case: "There really is no middle ground....The future of the global economy hangs in the balance." (Ex. 370 at 1.) (b) In an article from KSL.com, Jed Boal quotes Mr. McBride as saying, in reference to this case: "It has become the biggest issue in the computer industry in decades....The stakes are extremely high. The balance of the software industry is hanging on this." (Ex. 371 at 1.) | **Undisputed/Incomplete**<br><br>Undisputed, with the following context:<br><br>(a) Mr. McBride was referring to the protection of intellectual property rights, particularly in software, their significance to this case, and the importance of the protection of intellectual property rights to the global economy.<br><br>(b) Mr. McBride was referring more broadly to the question of whether Linux could be distributed freely and without greater methods for protection of intellectual property.<br><br>SECTION REDACTED<br><br>Furthermore, at the time of these articles, this case was receiving a high level of national and international media attention, consistent with it being considered a case of national or even global importance, and consistent with its potential to have great consequence in the software industry. | Undisputed. |

123

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 136. | SCO's public statements concerning its alleged evidence were no less grandiose.<br><br>(a)   In an interview with CNet News.com in August 2003, Mr. McBride claimed that SCO had found a "mountain of code" improperly contributed to Linux. (Ex. 367 at 1.)<br><br>(b)   In a teleconference with analysts and reporters on May 30, 2003, Mr. McBride stated: "Everybody's been clamoring for the code — show us two lines of code. We're not going to show two lines of code, we're going to show hundreds of lines of code. And that's just the tip of the iceberg of what's in this." (Ex. 368 at 1.)<br><br>(c)   In an interview in LinuxWorld.com, Mr. McBride claimed that a "truckload of code" was improperly contributed to Linux. (Ex. 372 at 1.)<br><br>(d)   In May or June 2003, in an interview with Computerworld reporter Patrick Thibodeau, SCO, through its Senior Vice President Chris Sontag, stated that the number of lines of code in the Linux kernel that were a direct copyright violation is "very extensive". (Ex. 478.)<br><br>(e)   In June 2003, in an interview with CNET News, SCO, through Mr. McBride, stated: "We're not talking about just lines of code, we're talking about entire programs. We're | **Disputed**<br><br>SCO disputes that its statements regarding its evidence were "grandiose." As set forth below, each of the statements accurately attributed to SCO was truthful and accurate.<br><br>(a) Undisputed, with the following additional context: This and other statements about the volume of code that had been improperly contributed to Linux are truthful. Mr. McBride was referring to the large number of lines of code from derivative works (such as AIX and Dynix) that were identified by SCO consultants.<br><br><br><br>**SECTION REDACTED**<br><br><br>(b) Undisputed, with the context set forth in 136(a) above.<br><br>(c) Undisputed, with the context set forth in 136(a) above.<br><br>(d) Undisputed, with the context set forth in 136(a) above.<br><br>(e) Undisputed, with the context set fort in 136(a) above<br><br>(f) Undisputed, with the context set fort in 136(a) | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

124

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | talking about hundreds of thousands of lines of code." (Ex. 479 at 3.)<br><br>(f) In July 2003, in an interview with Business Week, SCO, through Mr. McBride, stated that the amount of Linux code infringing on SCO's intellectual property rights is "gargantuan"." (Ex. 480.)<br><br>(g) On August 18, 2003, at its SCO Forum in Las Vegas, SCO, Mr. Sontag, stated that it had uncovered "more than a million lines" of improperly copied UNIX code in Linux. (Ex. 383 at 1.) | above<br><br>(g) Undisputed, with the context set fort in 136(a) above. | |
| 137. | At the same time, SCO refused to disclose the particulars of its claims and alleged evidence. (See, e.g. Ex. 32; Ex. 33; Ex. 34; Ex. 55; Ex. 56; Ex. 57; Ex. 58; Ex. 132.) It was the company's strategy to obfuscate its alleged evidence. (See Ex. 374; Ex. 375.) SCO's unsubstantiated claims that its copyrights extend to Linux created fear, uncertainty and doubt about Linux, making it impossible for Linux users fairly to evaluate SCO's copyright claims. (Ex. 283 ¶ 125.) | **Disputed**<br><br>"See Ex. 139; Ex. 143; Exs. 287-88." | Deemed Admitted: SCO does not offer a statement to controvert the facts IBM states in the referenced paragraph. SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 138. | For example, SCO's counsel indicated in an interview with Maureen O'Gara of LinuxGram in March 2003, at the beginning of the case, that SCO "doesn't want IBM to know what [SCO's substantive claims] are". (Ex. 374.) | Disputed<br><br>Depending on the meaning of the term "indicated," disputed in that counsel for SCO made no such statement. (Ex. 251 ¶¶ 3-8.) Disputed in that the cited material does not support the proposition that counsel for SCO made the quoted statement.<br><br>Disputed to the extent the statement suggests that SCO did not proceed in discovery in good faith (See SCO Mem. in Opp. to IBM's Mot. for Summary Judgment on SCO's Contract Claims ¶¶ 234-58) and to the extent the statement suggests that SCO chose not to disclose its evidence for any reason other than to protect what SCO regarded as confidential material (Ex. 165 ¶ 38).<br><br>Disputed in that the fact that SCO would not discuss the substance of SCO's claims with a reporter no more evinces a design to obfuscate than does IBM's spokesperson's refusal "to spell out what steps it was taking to monitor the technology; it contributes to opensource projects like Linux and to ensure that its Linux development does not violate the intellectual property rights or licenses of others," even though in the article, "IBM contends that these matters will be evidence if the SCO suit goes to trial." (Ex. 170 at 2.) | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that in an interview with Maureen O'Gara of LinuxGram in March 2003, SCO's counsel was reported to have said that SCO "doesn't want IBM to know what [SCO's substantive claims] are". |

126

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 139. | Further, SCO Vice President Gregory Blepp stated in a published interview in April 2004 that "you don't put everything on the table at the start, but instead you bring out arguments and evidence piece by piece". (Ex. 375.) | **Disputed** <br><br> SCO disputes IBM's implication that the statement attributed to Mr. Blepp represented or represents the views or strategy of SCO. It was never SCO's strategy, intent or desire to obfuscate its evidence in any way. Blepp's alleged statement did and does not represent SCO's views or strategy. Mr. Blepp is German and not very familiar with the American legal system. See Ex. 9 at 13-16. | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 140. | More than two months after filing suit against IBM, SCO purported to suspend its distribution of Linux on May 14, 2003. It did so on the ground that Linux was an "unauthorized derivative of UNIX". (Ex. 284 (Ex. B).) | **Undisputed** <br><br> SCO disputes IBM's assertion to the extent the statement suggests that SCO did not suspend the sale and marketing of all its Linux products on May 14, 2003, in that SCO did so. IBM Ex. 284 ¶3; IBM Ex. 324 at 179: 23-25, 186: 17-19; IBM Ex. 300 at 208-10. <br><br> SCO disputes IBM's assertion to the extent the statement suggests that SCO suspended its distribution of Linux only on the grounds that Linux is an unauthorized derivative of UNIX. SCO suspended its distribution of Linux because of the intellectual property issues surrounding Linux, one of which is the inclusion of UNIX intellectual property in Linux. IBM Ex. 324 at 179: 23-25, 186: 17-19; IBM Ex. 300210: 1-6; IBM Ex. 284 (Ex. B); IBM Ex. 48 at 2. | Undisputed. |
| 141. | Despite its purported termination of its Linux distributions (Ex. 353; Ex. 284 (Ex. B)), however, SCO continued to sell Linux products to SCO customers | **Undisputed** <br><br> SCO disputes IBM's statement to the extent it suggests that SCO did not suspend the sale and marketing of all its Linux products on May 14, | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| after May 14, 2003. SCO has admitted that it "made Linux source code available for download by its customers on its website... [through] the end of 2004". (Ex. 45 at 3.) | 2003. SCO suspended the sale and marketing of all its Linux products on May 14, 2003. IBM Ex. 284 ¶ 3., Ex. B; IBM Ex. 324 at 179: 23-25, 186: 17-19; IBM Ex. 300 at 210: 1-6; IBM Ex. 296 at 37: 21-39, 48: 2-5:13. | |
| | SCO disputes IBM's statement to the extent it suggests that SCO entered into any new agreements or accepted any new orders for the sale of any of its Linux products after May 14, 2003. SCO did not do so. IBM Ex. 284 ¶ 3; IBM Ex. 296 at 53: 2-3. After May 14, 2003, SCO made a very limited number of sales to existing customers pursuant to pending contractual obligations. IBM Ex. 284 ¶¶ 3-5; IBM Ex. 324 at 188: 2-190:10; IBM Ex. 296 at 73: 10-14; Ex. 49 ¶¶ 12-14; IBM Ex. 300 at 220: 4-223:25. The last sale of Linux Server 4.0 was on May 31, 2004. IBM Ex. 284 ¶ 4; IBM Ex. 311 at 60; See SCO Mem. in Opp. to IBM Mot. for Sum. Judgment on Eighth Counterclaim ¶¶ 35-39. | |
| | SCO disputes IBM's statement to the extent it suggests that SCO distributed its Linux products on its website after May 14, 2003. SCO made available only certain files in compliance with its contractual obligations with customers and UnitedLinux. IBM Ex. 324 at 189: 24-191:3, 194:7-16, Ex. 49 ¶ 17-19. | |
| | SCO disputes IBM's statement to the extent it suggests that SCO distributed any Linux material to the general public after May 14, 2003. Any such files were available only to customers who had bought SCO Linux products before the suspension, on a secure website accessible only | |

128

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | | with assigned passwords. IBM Ex. 324 at 195: 21-24; IBM Ex. 311 at 37: 19-38:11; Ex. 49 ¶¶ 17-19. | |
| 142. | SCO distributed OpenLinux 3.1.1 until at least January of 2004 (Ex. 486; see Ex. 284 ¶ 5), including every line of SUS Material and material from every Streams file and every ELF file (Items 150-64, 183-84, 205-31, 272) (Ex. 215 (Ex. H); Ex. 226 ¶ 11). Aside from one file (Item 185), all of the Linux Code appears in Caldera OpenLinux 3.1.1. (Ex. 226 ¶ 11.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's implication that Caldera OpenLinux contained all the infringing Streams material and ELF material.<br><br>**SECTION REDACTED**<br><br>SCO disputes that Caldera OpenLinux included all of the "Linux Code" except for one file (Item 185). Caldera OpenLinux did not include some "Linux Code" from Item 272. *Id.*<br><br>Third, SCO disputes IBM's implication that the "Linux Code" is the only material at issue. The "Linux Code" does not include all the infringing Linux material, whether literal code or non-literal elements. See Disputed Fact # 27.<br><br>Furthermore, IBM's cited sources do not support the assertion that OpenLinux contained any non-literal aspects of the infringing Linux material. See Disputed Fact # 118.<br><br>Fourth, SCO disputes IBM's assertions regarding the distribution of Linux material after May 14, 2003, as Disputed Fact # 141.<br><br>**IBM Ex. 226, David Mazieres declaration:** This source is internally contradictory and otherwise improper. See Disputed Fact # 45. | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed facts that: (a) SCO distributed OpenLinux 3.1.1; (b) OpenLinux 3.1.1 included every line of SUS Material; (c) OpenLinux 3.1.1 contained material from every Streams file, and from every ELF file. The material referred to by SCO does not support SCO's statements that OpenLinux does not contain all of the Linux Code except for one file, and that SCO distributed OpenLinux 3.1.1 until at least January of 2004. |

129

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 143. | SCO distributed "SCO Linux Server 4.0 powered by UnitedLinux 1.0" until at least May 31, 2004 (Ex. 486; see Ex. 284 ¶ 4, 7; Ex. 296 at 92:1-22), including every line of the Linux Code (Ex. 215 (Ex. H.); Ex. 226 ¶ 10). This product also included all but one line of the SUS Material, most of the Streams Material and ELF Material, and the less than 25 lines of memory allocation code claimed by SCO (Items 150-64, 183-185, 205-31, 272). (Ex. 215 (Ex. H); Ex. 226 ¶ 10.) | **Disputed** <br><br> First, SCO disputes IBM's assertion to the extent it states that all of the "Linux Code" and all of the elf material was contained in UnitedLinux 1.0/SCO Linux 4.0. Some <br><br> **SECTION REDACTED** <br><br> Second, SCO disputes IBM's assertion that UnitedLinux 1.0/SCO Linux 4.0 contained all but one line of the "SUS Material." <br><br> **SECTION REDACTED** <br><br> In general, much of the infringing Linux material, including Linux kernel material, was not included in UnitedLinux 1.0 (the basis for SCO Linux 4.0). See id. <br><br> Furthermore, none of IBM's expert reports address any of the non-literal aspects of the infringing Linux material, including whether such material was included in UnitedLinux 1.0. See Ex. 22 at 13:10-21, 14:7-13, 22:22-33:11, 34:10-22, 277:12-278:13, 279:9-15, 291:8-15. <br><br> Third, SCO disputes IBM's assertion to the extent it suggests that SCO entered into any new agreements or accepted any new orders for the sale of any of its Linux products after May 14, 2003, in that SCO did not do so. IBM Ex. 284 ¶ 3; IBM Ex. 296 at 53: 2-3. After May 14, 2003, SCO made a very limited number of sales to existing | **Deemed Admitted**: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed facts that: (a) all but two lines (and in fact all) of the Linux code was included in SCO Linux 4.0; and (b) all but one line of the SUS Material, most of the Streams Material and ELF Material, and less than 25 lines of memory allocation code claimed by SCO was included in SCO Linux 4.0. SCO's statement also fails to identify material facts of record because it refers to and relies upon material not specifically identified in its Final Disclosures. |

130

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | | customers pursuant pending contractual obligations. IBM Ex. 284 ¶¶ 3-5; IBM Ex. 324 at 188: 2-190:10; IBM Ex. 296 at 7273: 10-14; Ex. 49 ¶¶ 12-14; IBM Ex. 300 at 221-23. See SCO Mem. in Opp. to IBM Mot. for Sum. Judgment on Eighth Counterclaim ¶¶ 35-39.<br><br>**IBM Ex. 226, David Mazieres declaration:** This source is internally contradictory and otherwise improper. See Disputed Fact # 45. | |
| 144. | SCO made available and continued to make available (as recently as August 11, 2006) the Linux 2.4.12 kernel and the 0.7.0 version of libelf for download from its website, including code from all but three of the files containing Linux Code, plus other SUS Material, Streams Material and ELF Material (Items 150-53, 156-59, 160-64, 183-84, 208-10, 212, 218, 220-21, 223, 225, 228, 230-31, 272), such that anyone with an internet connection could have accessed it. (Ex. 215 ¶ 110; Ex. 226 ¶¶ 13-15.) | **Disputed/Unsupported**<br><br>Furthermore, because IBM provides no source showing what material was purportedly distributed by SCO at any given time SCO cannot comment on the truthfulness of whether the material purportedly distributed by SCO contained any "Linux Code," "SUS Material," "Streams Material," or ELF Material."<br><br>SECTION REDACTED | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56.<br><br>The facts stated in IBM's referenced paragraph are fully supported by the cited material. |

131

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| | SECTION REDACTED | |

132

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 145. | In all, SCO distributed the Linux Code to thousands of customers worldwide over the course of many years. (See Ex. 111 at 11; Ex. 397; Ex. 505.) | **Disputed** Disputed in that the cited materials do not support the statement. Depending on what is meant by the word "many," disputed. | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. The facts stated in IBM's referenced paragraph are fully supported by the cited material. |
| 146. | Following SCO's refusal to disclose the nature of its claims or its alleged evidence, IBM served interrogatories on SCO asking it to disclose its allegations and evidence of infringement relating to Linux. (See Ex. 11; Ex. 12.) | **Disputed.** Undisputed that IBM served the interrogatories at IBM Ex. 11 and 12. However, SCO disputes that this was done "following SCO's refusal to disclose the nature of its claims or its alleged evidence." (See Disputed Facts # 149, 153-54, 167, 178, 286.). IBM served its First and Second Set of Interrogatories (IBM Exs. 11, 12) on June 13, 2003 and September 16, 2003, respectively – shortly after SCO's Complaint and Amended Complaint were filed. SCO then made, as held by the Magistrate Court, "good faith efforts" to answer these interrogatories (IBM Exs. 31, 32, 33, 34, Ex. 56 at 3). SCO provided further detail in supplemental responses to the interrogatories (IBM Ex. 43); in its October and December submissions (IBM Exs. 53, Ex. 144); SECTION REDACTED | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 147. | For example, IBM's Interrogatory No. 12 states: "Please identify, with specificity (by file and line of code), (a) all source code and other material in Linux (including but not limited to the Linux kernel, any Linux operating system and any Linux distribution) to which plaintiff has rights; and (b) the nature of plaintiff's rights, including but not limited to whether and how the code or other material derives from UNIX." (Ex. 12 at 2.) | Undisputed. | Undisputed. |
| 148. | Likewise, IBM's Interrogatory No. 13 states: "For each line of code and other material identified in response to Interrogatory No. 12, please state whether (a) IBM has infringed plaintiff's rights, and for any rights IBM is alleged to have infringed, describe in detail how IBM is alleged to have infringed plaintiff's rights." (Ex. 12 at 2.) | Undisputed | Undisputed. |

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 149. | SCO did not, in response to IBM's interrogatories, identify with any degree of specificity the material in Linux in which it supposedly has rights or the nature of those rights, or describe in detail SCO's claims of copyright infringement. (See Ex. 33.) | **Disputed**<br><br>SCO disputes that it did not respond to IBM's interrogatories "with any degree of specificity" or describe in detail SCO's claims of infringement.<br><br>SCO answered Interrogatories 12 and 13, provided supplemental answers to interrogatories, specifically identified misused material in its October and December Submissions, and provided further analysis and theory about its Linux copyright claims in its expert reports – all on the schedule contemplated by the Court's 2005 Scheduling Order. (See Interrogatory Responses; October Disclosure Items; Ex. 144 December Disclosure Items 150-164, 183-85, 205-31, 272; Ex. 274; Ex. 275; Ex. 276; See also Disputed Facts # 146, 153-54, 167, 178, 286.).<br><br>IBM's cited source shows that SCO responded to IBM's interrogatories by naming specific files, the material in those files that violate SCO's rights (ABIs), and the manner in which such material violates SCO's rights. See IBM Ex. 33 at 58-63. | Deemed Admitted: The material referred to by SCO does not support SCO's statement. The Court has held that SCO failed adequately to respond to IBM's interrogatories in multiple rulings, including the Court's order of 11/29/06. (IBM Ex. 630 at 4.) |

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 150. | IBM filed two motions to compel, seeking meaningful responses to its interrogatories. (See Ex. 62; Ex. 63.) Specifically, IBM asked the Court to require SCO to specify (1) all the material In Linux to which SCO claims rights (i.e., by kernel version X, file Y, and lines 1-2-3); (2) the nature of SCO's alleged rights, including whether and, if so, how the material derives from the UNIX software (i.e., if SCO asserts contract, copyright or some other right to the identified code, and how the Linux code identified derives from UNIX version A, file B, lines 4-5-6); and (3) whether IBM has infringed material to which SCO claims rights, and if so, the details of the alleged infringement (i.e., by copying Linux kernel version X, file Y, lines 1-2-3, which are copied or derived from UNIX version A, file B, lines 4-5-6; or by distributing Linux kernel version X, file Y, lines 1-2-3, the structure and sequence of which was copied from UNIX version A, file B, lines 7-8-9; or by inducing others to copy (or distribute) Linux kernel version X, file Y, lines 1-2-3, which are copied or derived from UNIX version A, file B, lines 4-5-6). (See Ex. 12; Ex. 63.) | Disputed. It is undisputed that IBM filed two motions to compel, but SCO disputes IBM's representation of what was requested in those motions. (IBM. Ex. 62, 63.)<br><br>SCO disputes that IBM's motions to compel requested the nine coordinates of source code line, file, and version claimed by IBM.<br><br>IBM's First Motion to Compel did not request the nine coordinates of source code line, file, and version suggested by IBM, and pertained only to IBM's First Set of Interrogatories, not Interrogatory Nos. 12 and 13. IBM Ex. 62.<br><br>IBM's Second Motion to Compel also did not say anything about nine coordinates of source code line, file, and version, though it did pertain to Interrogatory Nos. 12 and 13. IBM Ex. 63 at 5-9.<br><br>Rather, IBM's motions simply sought for SCO to answer the interrogatories -- which SCO did. (IBM Ex. 33, 43; See Disputed Facts # 146, 149, 153-54, 167, 178, 286.) | Deemed Admitted. The material referred to by SCO does not support SCO's statement. The Court has held that SCO failed adequately to respond to IBM's interrogatories in multiple rulings, including the Court's order of 11/29/06. (IBM Ex. 630 at 4.) |

136

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 151. | In an order dated December 12, 2003, the Court ordered SCO to disclose its allegations and evidence of infringement on or before January 12, 2004. (See Ex. 55.) | **Undisputed**<br><br>Undisputed that Magistrate Judge Wells issued an Order on December 12, 2003, the terms of which speak for itself. (IBM Ex. 55) | Undisputed. |
| 152. | For example, the Court ordered SCO to "respond fully and in detail to Interrogatory Nos. 12 and 13 as stated in IBM's Second Set of Interrogatories", which required SCO to specify: (1) all the material in Linux to which SCO claims rights; (2) the nature of SCO's alleged rights, including whether and, if so, how the material derives from UNIX; and (3) whether IBM has infringed material to which SCO claims rights and, if so, the details of the alleged infringement. (Ex. 55 ¶ 2; see Ex. 12.) | **Disputed**<br><br>Undisputed that on December 12, 2003, Magistrate Judge Wells directed SCO to respond Interrogatory Nos. 12 and 13. (IBM Ex. 55)<br><br>SCO disputes that Magistrate Judge Wells used the language that IBM attributes to her. See id.<br><br>IBM's Ex. 12 is IBM's Third Set of Interrogatories, and does not support IBM's assertions. | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, IBM Ex. 12 is IBM's Second Set of Interrogatories, and does support IBM's assertions. |
| 153. | Despite the Court's order, SCO did not provide meaningful responses to IBM's interrogatories. (See Ex. 33.) SCO did not, in response to the Court's order, describe (let alone detail) how IBM's Linux activities infringe copyrights owned by SCO related to the UNIX software. (See id.) | **Disputed**<br><br>SCO provided supplemental answers to IBM's interrogatories, including Interrogatories 12 and 13, specifically identified misused material in its October and December Submissions, and provided further analysis and theory about its Linux copyright claims in its expert reports – all on the schedule contemplated in the Court's July 2005 Scheduling Order. (See IBM Ex. 53; Ex. 144; Disputed Facts # 146, 149, 167, 178.). | **Deemed Admitted:** SCO's statement does not refer with particularity to those portions of the record on which SCO relies. The Court has held that SCO failed adequately to respond to IBM's interrogatories in multiple rulings, including the Court's order of 11/29/06. (IBM Ex. 630 at 4.) |

137

| # | IBM's Statement | SCO's Response | | IBM's Reply |
|---|---|---|---|---|
| 154. | After again trying unsuccessfully to persuade SCO to provide the information requested, IBM advised the Court that SCO had failed to comply with IBM's requests and the Court's order. (See Ex. 411; Ex. 415.) | **Undisputed**<br><br>SCO disputes that it did not provide the information requested. After the hearing cited by IBM (IBM Ex. 415), both parties were directed to provide additional discovery, and the Magistrate Court determined that SCO had made "good faith" efforts to comply with the prior discovery order. (IBM Ex. 56 ¶3). | | **Deemed Admitted:** Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that IBM advised the Court that SCO had failed to comply with IBM's requests and the Court's order. |
| 155. | The Court again ordered SCO to provide meaningful responses to IBM's interrogatories, this time on or before April 19, 2004. (See Ex. 56.) Specifically, the Court required SCO to "fully comply within 45 days of the entry of this order with the Court's previous order dated December 12, 2003". (Id. ¶ 1.) | **Undisputed**<br><br>SCO disputes IBM's assertion to the extent it suggests that SCO's responses were not meaningful or did not comply with any Order of this Court. (See Disputed Facts # 146, 148, 153-54, 167, 178.). It is undisputed that Magistrate Judge Wells issued an Order on March 3, 2004, the terms of which speak for itself. (IBM Ex. 56) | | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 156. | Hence, the Court again ordered SCO, among other things, to "respond fully and in detail to Interrogatory Nos. 12 and 13 as stated in IBM's Second Set of Interrogatories", requiring SCO to specify (1) the material in Linux to which SCO claims rights; (2) the nature of SCO's alleged rights including whether and, if so, how the material derives from UNIX; and (3) whether IBM has infringed material to which SCO claims rights and, if so, the details of the alleged infringement. (Ex. 55 ¶ 2; see Ex. 56 ¶¶ 1-5.) | **Disputed**<br><br>SCO disputes IBM's assertion to the extent it suggests that SCO's responses were not meaningful or did not comply with any Order of this Court. (See Disputed Facts # 146, 148, 153-54, 167, 178.). The orders entered by the Magistrate Court on December 12, 2003 and March 3, 2004 speak for themselves, rather than as summarized by IBM. (IBM Ex. 55, 56) | | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

138

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 157. | Notwithstanding the fact that the Court entered two separate orders requiring SCO to disclose its allegations and evidence with specificity (Ex. 55; Ex. 56), SCO still did not detail the nature of its alleged rights or describe in detail how IBM was alleged to have infringed SCO's rights. (See Ex. 36.) | **Disputed/Unsupported**<br><br>SCO disputes that SCO did not provide detail about its rights or IBM's infringement. SCO did provide sufficient detail regarding its rights and IBM's infringement. (See Disputed Facts # 146, 149, 153-54, 167, 178.).<br><br>Furthermore, IBM's cited sources do not support IBM's representation; IBM cites the Magistrate Court's two orders it discussed above, and SCO's response to IBM's Third Set of Interrogatories (which were not a subject of those orders). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56.<br><br>The statement is fully supported by record evidence. (See IBM Ex. 34.) |
| 158. | Based on SCO's continued failure to comply with the Court's orders, IBM moved on May 18, 2004, for partial summary judgment on its Tenth Counterclaim, which seeks a declaration of non-infringement with respect to IBM's Linux activities. (Ex. 65 at 27.) | **Disputed**<br><br>SCO disputes that it failed to comply with Court orders. SCO did not fail to comply with Court orders. (See Disputed Facts # 146, 149-50, 153-54, 157, 159, 255; Ex. 303; Ex. 302. | Deemed Admitted. SCO's statement does not refer with particularity to those portions of the record on which SCO relies. Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that IBM moved on May 18, 2004, for partial summary judgment on its Tenth Counterclaim, which seeks a declaration of non-infringement with respect to IBM's Linux activities. |

139

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 159. | In an order dated February 8, 2005, the Court deferred summary judgment, but stated that "[v]iewed against the backdrop of SCO's plethora of public statements concerning IBM's and others' infringement of SCO's purported copyrights to the UNIX software, it is astonishing that SCO has not offered any competent evidence to create a disputed fact regarding whether IBM has infringed copyrights owned by SCO through IBM's Linux activities". (Ex. 57 at 10.) | **Undisputed** <br><br> Undisputed, but as to the SCO disputes IBM's implication that SCO did not comply with any Court orders, or that the Court so held. In the Court's February 8, 2005 Order, the Court concluded: "Even assuming that SCO has violated a discovery order, <u>which is far from evident</u>, there is no evidence of willfulness or bad faith to justify the draconian sanction requested by IBM." (IBM Ex. 57 at 14) (emphasis added). | Undisputed. |
| 160. | On July 1, 2005, the Court issued an order adopting IBM's proposal to set deadlines for the disclosure of all allegedly misused material. (Ex. 58.) | **Disputed** <br><br> SCO disputes IBM's assertion that the Court's July 1, 2005 Order "adopt[ed] IBM's proposal." In its July 1, 2005 Order, the Court did not adopt the portion of IBM's proposal in which IBM would have required that misused material "be identified by version, file, and line of code." (Ex. 163, IBM's Proposed Amended Scheduling Order (Mar. 25, 2005), at 2, n.2.) | **Deemed Admitted:** The Court has determined that the July 1, 2005 Order required that misused material be identified by version, file, and line of code. (IBM Ex. 630.) |
| 161. | The Court set October 28, 2005, as the "Interim Deadline for Parties to Disclose with Specificity All Allegedly Misused Material" and December 22, 2005, as the "Final Deadline for Parties to Identify with Specificity All Allegedly Misused Material". (Ex. 58 at 4.) The Court required the parties to update their Interrogatory responses accordingly". (Ex. 58 at 4; Ex. 418 at 58:11-25, 59:1.) | **Undisputed** | Undisputed. |

140

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 162. | Prior to the filing of this suit, IBM was completely unaware of SCO's allegations of infringement. IBM knew nothing of SCO's allegations about the Linux Code until after SCO launched its attack on Linux. (Ex. 586 ¶¶ 4-8.) IBM had no reason to believe that SCO considered the Linux Code to infringe copyrights owned by SCO. (Id. ¶¶ 4-7.) | **Disputed**<br><br>SCO informed IBM about its concerns regarding SCO's intellectual property in Linux and about IBM's disclosures to Linux, as set forth in the Statement of Material Facts, Part III of SCO's Memorandum in Opposition to IBM's "Motion For Summary Judgment On SCO's Copyright Infringement Claims (SCO's Fifth Cause of Action" (Nov. 11, 2006). (See also Ex. 165 ¶¶ 18-19, 23; Ex. 9 ¶¶ 3-5.).<br><br>SCO disputes IBM's assertion that it was unaware of infringing UNIX material in Linux prior to the filing of this suit. IBM was notified of Santa Cruz's concerns regarding UNIX material in Linux in 1999, and was notified of SCO's similar concerns at least as early as December of 2002, and was notified regarding its breach of contract in January of 2003. (Ex. 165 at 4-6; Ex. 9 ¶¶ 3-5; SCO'S Memorandum In Opposition to IBM's "Motion For Summary Judgment On SCO's Copyright Infringement Claim (SCO'S Fifth Cause of Action)" (Nov. 11, 2006) at Statement of Material Facts, Part III.). | **Deemed Admitted**: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, the material referred to by SCO does not support SCO's statement. |

141

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 163. | On October 28, 2005, SCO served its Interim Disclosures pursuant to the Court's July 2005 order. (Ex. 53.) Like its prior discovery responses concerning the allegedly misused materials, SCO's Interim Disclosures did not describe all of the allegedly misused materials by version, file and line of code. (See id.) | **Disputed**<br><br>Undisputed that some of the interim disclosures in SCO's October Submission (IBM Ex. 53) did not contain version, file and line of code; however some of the interim disclosures did contain such information where applicable.<br><br>SCO disputes IBM's implication that such information was required by the Court. Such detail was not required and was not available to SCO, and SCO did provide substantial additional detail, including the actual disclosure by IBM to Linux. (See Disputed Facts # 158-160; Ex. 144 at Items 150-64, 183-85, 205-31, 272.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

142

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 164. | Upon review of SCO's Interim Disclosures, IBM notified SCO on December 5, 2005, that it failed "to identify the allegedly misused material by version, file and line of code", "to identify and match up the allegedly infringing and allegedly infringed material by version, file and line of code", "to identify the material alleged to have been contributed improperly by version, file and line of code", and to identify, "to the extent the allegedly contributed material is not UNIX System V code, but is in any sense alleged to have been based on or resulted from UNIX System V code, the version, file and line of UNIX System V code from which the allegedly contributed material is alleged to derive or result". (Ex. 151 at 1.) | **Undisputed**<br><br>Undisputed that IBM sent the letter at IBM's Exhibit 151. The letter was sent just over two weeks before SCO's final disclosures were due. (IBM Ex. 151) | Undisputed. |
| 165. | IBM notified SCO that unless SCO complied with the specificity required by the Court's orders, "IBM intends to ask the Court to preclude SCO from pursuing any claims regarding allegedly misused material not properly disclosed on or before December 22, 2005". (Ex. 151 at 2.) | **Undisputed**<br><br>Undisputed that IBM sent the letter at IBM Ex. 151. | Undisputed. |

143

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 166. | Thereafter, SCO expressly stipulated and agreed with IBM that its claims would not exceed the Final Disclosures. In a Stipulation Re Scheduling Order filed with the Court on December 7, 2005, the parties stipulated and agreed as follows:<br><br>1. Both parties are required to identify with specificity any and all material that each party contends the other has misused no later than December 22, 2005;<br><br>...<br><br>2. (c) Neither party shall be permitted to use [the period for discovery relating to the Final Disclosures] for the purpose of identifying additional misused material not disclosed by the December 22, 2005, deadline. (Ex. 481 at 2-3.) | **Undisputed**<br><br>Undisputed that SCO and IBM entered the stipulation at IBM's Exhibit 481. | Undisputed. |

144

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 167. | IBM propounded an interrogatory asking SCO to identify the ideas, procedures, systems, or methods of operations it claimed were infringed in Linux, specifically Interrogatory No. 16, which stated "for each line of code and other material identified...please state...whether it constitutes expression protecable under copyright law". (Ex. 43 at 16.) SCO failed to provide a meaningful response, and declined even to identify "in what specific respect" the alleged materials were covered by copyright, "the origin of the material, including its author(s) and the circumstances of its creating" and "whether it has been published or distributed without a copyright notice". (Id.)<br><br>SECTION REDACTED<br><br>(See Id. at 17-18.) | **Disputed**<br><br>SCO disputes that it "failed to provide a meaningful response" to IBM's Interrogatory No. 16.<br><br>SECTION REDACTED<br><br>identification of such<br><br>See Disputed Fact # 236; | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed facts that: (a) IBM propounded an interrogatory asking SCO to identify the ideas, procedures, systems, or methods of operation it claimed were infringed in Linux, specifically Interrogatory No. 16; (b) Interrogatory No. 16 stated "for each line of code and other material identified...please state...whether it constitutes expression protecable under copyright law"; (c) SCO declined to identify "in what specific respect" the alleged materials were covered by copyright, "the origin of the material, including its author(s) and the circumstances of its creating" and "whether it has been published or distributed without a copyright notice"; and (d) SCO's response merely stated that all code sequences identified in its previous response were originally authored by SCO or its predecessors and thus protected to the extent of their copyrights. |

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 168. | Also, on December 22, 2005, SCO served its Final Disclosures, again largely failing to describe all of the allegedly misused materials by version, file, and line of code and to update its interrogatory responses. (See Ex. 54.) SCO failed altogether to disclose its allegations and evidence of infringement by IBM. (See Ex. 54; Ex. 55; Ex. 56; Ex. 57; Ex. 58; Ex. 59.) | **Disputed**<br><br>Undisputed that on December 22, 2006 SCO did file its Final Disclosures, and those disclosures did identify with specificity the material misused by IBM. (Ex. 144.).<br><br>Undisputed that some of the items in SCO's December Submission did not contain version, file and line of code.<br><br>SCO disputes that it "largely fail[ed] to describe all of the allegedly misused materials and IBM's implication that such detail was required by the Court. Such detail was not required and was not available to SCO, and SCO did provide substantial additional detail, including the actual disclosure by IBM to Linux. See Disputed Fact # 163. | Undisputed that on December 22, 2005, SCO served its Final Disclosures, some of which did not contain version, file and line of code.<br><br>Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 169. | SCO failed to disclose in any meaningful way — let alone in detail, as specified by the Court — its allegations and evidence of unauthorized copying by IBM of SCO's copyrighted works. (See Ex. 53; Ex. 55; Ex. 56; Ex. 57; Ex. 58; Ex. 59.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that SCO has not disclosed, in detail, its allegations of infringement against IBM. SCO has disclosed ample evidence showing that Linux infringed SCO's copyrights in the infringed UNIX material. See Disputed Fact # 192.<br><br>Indeed, IBM itself does not dispute that it engages in, contributes to, and induces third parties to engage in the reproduction, distribution, and preparation of derivative works based on the Linux and the infringing Linux material. See Disputed Fact # 187. | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. The Court has held that SCO failed adequately to respond to IBM's interrogatories in multiple rulings, including the Court's order of 11/29/06. (IBM Ex. 630 at 4.) |

146

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 170. | Based on SCO's failure to follow the Court's orders requiring it to identify all of the allegedly misused materials by version, file and line of code, IBM moved on February 13, 2006, to limit SCO's proof regarding certain of the allegedly infringing items in the Final Disclosures. (Ex. 66.) | **Disputed**<br><br>SCO disputes that it failed to follow the Court's orders, or that the Court ordered SCO to identify material by version, file and line of code. The Court did not order SCO to identify material by version, file and line of code. See Disputed Fact # 160. SCO did not fail to follow the Court's orders. See Disputed Fact # 159; IBM Ex. 68, Ex. 255; IBM's Motion to Limit Claims (Ex. 303).<br><br>SCO disputes that IBM sought to limit SCO's proof in its February 13, 2006 motion. Rather, IBM sought to limit SCO's claims, not SCO's proof. (IBM Ex. 66). | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that IBM moved on February 13, 2006, to limit SCO's proof regarding certain of the allegedly infringing items in the Final Disclosures. |
| 171. | Pending the disposition of IBM's motion, SCO served several expert reports, including one relating to its allegations of infringement (from one Thomas Cargill), (Ex. 175), seeking to challenge additional allegedly misused materials that were not identified in its Final Disclosures. (See, e.g., Ex. 175; Ex. 285; Ex. 286.) | **Disputed**<br><br>SCO did not fail to include any allegedly misused material in its Final Disclosures that should have been included therein. See SCO's Memorandum in Opposition to IBM's Motion to Confine SCO's Claims to and Strike Allegations in Excess of, the Final Disclosures (Ex. 302). See Disputed Fact # 170. | Deemed Admitted: SCO's argument has been specifically rejected by Magistrate Judge Wells. (IBM Ex. 621.) |
| 172. | IBM then made another motion, which has been fully briefed (but not decided), to confine and limit the scope of SCO's claims to those materials specifically identified in its Final Disclosures. (Ex. 67.) | **Undisputed**<br><br>IBM's motion speaks for itself. | Undisputed. |

147

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 173. | In an order dated June 28, 2006, Magistrate Judge Wells granted, in part, IBM's February 13, 2006, motion to preclude certain of SCO's claims (Ex. 66), limiting SCO's proof regarding SCO's Items: 3-22, 24-42, 44-89, 91-93, 95-112, 143-49, 165-82, 193, 232-71, 279-93. (Ex. 59 at 36-38.) | **Disputed.**<br><br>Undisputed that on June 28, 2006, Magistrate Judge Wells granted, in part, IBM's February 13, 2006 Memorandum in Support of its Motion to Limit SCO's Claims Relating to Allegedly Misused Materials (IBM Ex. 66).<br><br>SCO disputes IBM's assertion that the Magistrate Court's Order limited SCO's proof as opposed to striking SCO's claims. The effect of the Magistrate Court's order was to strike or limit certain of SCO's claims. (Ex. 255; Ex. 303; Ex. 361.). | **Deemed Admitted.** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 174. | In granting IBM's motion in part, the Court held that "SCO should have supplied not only line but version and file information for whatever claims form the basis of SCO's case against IBM". (Ex. 59 at 28.) | **Undisputed.**<br><br>However, it should be clarified that this was a conclusion reached by the Magistrate Court, not this Court, and that holding is currently before this Court on in SCO's Objections to Order Granting In Part IBM's Motion to Limit Claims (Ex. 255). | Undisputed. |

148

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 175. | The Court further held: SCO has had ample opportunity to articulate, identify and substantiate its claims against SCO. [SCO's] failure was intentional and therefore willful based on [its] disregard of the court's orders and failure to seek clarification. In the view of the court it is almost like SCO sought to hide its case until the ninth inning in hopes of gaining an unfair advantage despite being repeatedly told to put "all evidence...on the table." (Ex. 59 at 32.) | **Undisputed.** However, it should be clarified that this was a conclusion reached by the Magistrate Court, not this Court, and that holding is currently before this Court on in SCO's Objections to Order Granting In Part IBM's Motion to Limit Claims (Ex. 255). | Undisputed. |
| 176. | Finally, the Court held that SCO's conduct prejudiced IBM in that "[r]equiring IBM to engage in an analysis of millions of lines of code to figure out which code is at issue in hopes of answering such questions is patently unfair given the fact that it was SCO's duty to provide more detailed code in the first place". (Ex. 59 at 35.) | **Undisputed.** However, it should be clarified that this was a conclusion reached by the Magistrate Court, not this Court, and that holding is currently before this Court on in SCO's Objections to Order Granting In Part IBM's Motion to Limit Claims (Ex.255). | Undisputed. |
| 177. | From the beginning of this case, IBM asked SCO to disclose its allegations and evidence of alleged infringement by IBM, and from the beginning of this case, SCO declined to do so. | **Disputed** SCO disputes that SCO has failed to put forth its allegations and evidence of infringement, as required by the Court. (See Disputed Facts # 146, 149, 150, 153-54, 167, 178.). | Deemed Admitted: The material referred to by SCO does not support SCO's statements. |

149

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 178. | SCO did not specifically identify the Linux Code, despite two orders of the Court requiring it to do so, before SCO submitted its Final Disclosures, years after SCO commenced suit. (Ex. 55 ¶ 4; Ex. 56 ¶¶ 1.1-1.4; Ex. 54.) | **Disputed/Unsupported**<br><br>SCO disputes that the Court required SCO identify any material that SCO did not, in fact, identify on the schedule proposed by the Court. (See Disputed Facts # 167-68.).<br><br>Furthermore, IBM's cited sources do not mention "Linux Code" or code confined to the Linux kernel. SCO's allegations of copyright infringement are not confined to code residing within the Linux kernel. (See Disputed Facts # 27, 45, 187.). | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 179. | Of the 294 Items of allegedly misused material identified in the Final Disclosures, 79 items allege copyright infringement: Items 38, 112, 149-75, 177, 180, 183-85, 194-231 and 272-78. (Ex. 43 at 14.) | **Disputed**<br><br>The Items relevant to SCO's copyright infringement claims regarding IBM's Linux activities are Items 150-64, 183-85, 205-31, and 272. See Ex. 144. | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 180. | Only 68 of the 294 Items concern allegations of infringement regarding Linux: Items 38, 112, 149-75, 177, 180, 183-85, 205-31, and 272-78. (Ex. 213 ¶ 13.)  And only 52 of those 68 items survived the Court's June 28, 2006, order limiting SCO's proof: Items 150-64, 183-85, 205-31, and 272-78. (See Ex. 59 at 36-38.) | **Disputed**<br><br>The Items relevant to SCO's copyright infringement claims regarding IBM's Linux activities are Items 150-64, 183-85, 205-31, and 272. See Ex. 144. | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | | Disputed/Unsupported | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that SCO has only identified the four copyrighted operating systems works referenced in IBM's paragraph. |
| 181. | With respect to the 52 items at issue that concern alleged infringement relating to Linux and that survived the June 28 order, SCO identified only four copyrighted operating system works: System V Release 3.2, System V Release 4.0, System V Release 4.2 and System V Release 4.2-ES-MP (Ex. 54 at Items 150-64, 183-85, 205-31 and 272-78.) System V Release 4.0, System V Release 4.2 and System V Release 4.2-ES-MP are collectively referred to herein as "SVr4". | SCO disputes IBM's implication that the only copyrights, or the only works, at issue are System V Release ("SVr") 3.2, SVr4.0, SVr4.2, and SVr4.2.ES-MP. Disclosure Items 150-64, 183-85, 205-31, and 272 identify operating systems that contain the infringed SVr4 material, | |
| | | SECTION REDACTED | |
| | | Material created by an author is covered by the copyright in a later work by the same author that incorporates such material. See SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on its Claim for Declaratory Judgment of Non-Infringement (IBM's 10th Counterclaim) at 49 n.4. | |

151

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 182. | The 52 items at issue concern material of three types: (1) header file code that is either dictated by the Single UNIX Specification (the SUS Material) (Items 183-84, 205-31) or relates to a technology known as Streams (the Streams Material) (Items 150-64); (2) code relating to the ELF Specification (the ELF Material) (Items 272-78); and (3) memory allocation code apparently contributed to Linux by Silicon Graphics but removed from the kernel before IBM submitted its Tenth Counterclaim (Item 185). (Ex. 214 ¶ 99; see Ex. 215 (Ex. H).) | **Disputed**<br><br>SCO disputes IBM's assertion that any of the infringed UNIX material was dictated by external constraints at the time of its creation. None of the infringed UNIX material was dictated by external constraints or standards at the time it was created. See Disputed Fact # 236.<br><br>SECTION REDACTED | Deemed Admitted:  Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 183. | Most of the items (45 of 52) concern header files (Items 150-64, 183-84, 205-31, 272 (partially)) (see Ex. 215 (Ex. H)); all but one of the items relating to the Linux kernel concern header files (Items 183-84, 209-10, 212, 214, 224, 225, 228, 231, 272) (see id.). | **Undisputed** | Undisputed. |

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 184. | A "header file" is a computer-readable text file that describes how information is to be shared among components of a program. (Ex. 213 ¶ 18.) Header files are created for the purpose of communicating standard information to allow interoperability. (Id. ¶ 26.) | Disputed<br><br>SECTION REDACTED | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 185. | The header files in Items 183-84 and 205-31 are standard header files required by the SUS. (Ex. 213 ¶ 24.) The header files in Items 150-64 concern a networking technology called "Streams". (Id. ¶ 25.) | Disputed<br><br>SCO disputes that Items 183-84 or 205-31 are "required" by the SUS. See Disputed Fact # 182.<br><br>SCO disputes IBM's assertion to the extent it suggests any of the infringed material was "standard" at the time it was created by AT&T. See Disputed Fact # 236.<br><br>Undisputed that Items 150-64 concern a networking technology called "Streams." | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

153

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 186. | Approximately a third of the SUS Material is in the Linux kernel (Items 183-84, 209-10, 212, 214, 224-25, 228, 231). (See Ex. 215 (Ex. H).) All of the SUS Material has been in Linux since 2000, and some of it has even been in Linux since its inception in 1991. (Ex. 221 ¶ 111; Ex. 273 ¶ 11; Ex. 232 ¶ 5; Ex. 193 ¶¶ 13-14; Ex. 242 ¶¶ 14-15; Ex. 166 ¶ 18; Ex. 278 ¶ 12.) | **Disputed** <br><br> Because IBM has failed to analyze or address any non-literal material, (Disputed Fact # 118), its quantitative assertions regarding the infringed UNIX material are inaccurate and unsupported. <br><br> The support for IBM's conclusory statements regarding what source code was included in a particular version of Linux at a particular time would be properly detailed in its expert reports, yet IBM does not cite any of its expert reports on this matter. | Deemed Admitted. Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, SCO's statement fails to identify material facts of record because it refers to and relies upon material not disclosed in its Final Disclosures. <br><br> The facts stated in IBM's referenced paragraph are fully supported by the cited material. "SUS Material" is a defined term in IBM's Memorandum explicitly referring only to Linux source code, which is the only material identified by SCO as allegedly infringing. (D.J. Br. at 2.) |

154

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 187. | None of the Streams Material is in the Linux kernel (Ex. 215 ¶ 82; Ex. 221 ¶ 111), and the Streams Material has been publicly available for use with Linux for nearly a decade (Ex. 221 ¶ 111; Ex. 278 ¶ 12; Ex. 169 ¶ 15). | **Disputed/Unsupported**<br><br>SCO disputes IBM's implication that SCO's claims are limited to material in the Linux kernel. The infringing Linux material is not limited to Linux kernel code. See Disputed Fact # 27,45.<br><br>IBM has engaged in, induced, and contributed to the reproduction, distribution, and preparation of derivative works based on the infringing Linux material, residing both in and outside the Linux kernel. IBM has developed many Linux-related products, mainframes and servers that run Linux; memory solutions for Linux environments; a broad range of software offerings; providing Linux-related services that include deployment of Linux based e-business environments, migration of database applications and data to Linux systems, support for Linux-based cluster computing, server consolidation and a 24-hour technical engineering support line, and otherwise encouraging third-parties to use the infringing Linux material. See Ex. 257; IBM Ex. 586 ¶ 4.<br><br>**SECTION REDACTED**<br><br>IBM's cited sources do not support the assertion that the Streams material is or has been "publicly available" to the extent that term indicates a proper conveyance of rights to copy or distribute such material. (See Disputed Facts 4-5). | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 188. | Seven of the 52 items at issue (272-78) concern the ELF Specification. (Ex. 213 ¶ 19; see Ex. 215 (Ex. H).) The ELF Material has been in Linux for more than a decade, since version 1.0. (Ex. 221 ¶ 111; Ex. 273 ¶ 11; Ex. 169 ¶ 15; Ex. 166 ¶ 18; Ex. 278 ¶ 12.) | **Disputed**<br><br>SCO disputes IBM's assertion to the extent it implies that the material in Item 272 originated in, was copied into Linux from, or was all published in the TIS Specification.<br><br><br><br>SECTION REDACTED<br><br><br><br>SCO disputes IBM's implication that the presence of UNIX material in Linux versions prior to 2.4 or 2.6 is relevant to this litigation. SCO only alleges infringement of its ELF material based on use of such material in Linux 2.4 and 2.6. | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 189. | Only one of the Specification items relates to the Linux kernel (Item 272). (See Ex. 215 (Ex. H).) Of the 19 files claimed in this one item, only one file (elf.h) is in the Linux kernel. (Ex. 214 (Ex. 4); Ex. 215 (Ex. H).) | **Undisputed** | Undisputed. |

156

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 190. | One Item (185) concerns a small number of lines of memory allocation code. (Ex. 214 ¶ 91.) | Disputed<br><br>SCO disputes that Item 185 concerns only a "small" amount of source code, or that only the literal source code contained in Item 185 is at issue. Approximately 100 lines of source code in Item 185 were copied identically or nearly-identically into Linux. Ex. 274 at 81 Ex. H(f); Item 185. Whether the number of lines of code in Item 185 is "small" is a disputed opinion, not a fact, and legally immaterial.<br><br>SCO's experts have vigorously disputed and criticized IBM's quantitative, qualitative, and value characterizations.<br><br><br>SECTION REDACTED | Deemed Admitted: The material referred to by SCO does not support SCO's statement. SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to is inadmissible because it applies an incorrect legal standard, as further discussed in the brief to which this addendum is attached. |

157

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 191. | In total, only 12 items concern Linux code contained in the Linux kernel (the Linux Code). (See Ex. 215 (Ex. H).) The remaining items, including the majority of the header files and the specifications, relate to materials that are not part of the Linux operating system kernel. (See id.) | **Disputed**<br><br>SCO disputes IBM's statement that the "Linux Code" is only in the UNIX Kervil [sic] and that it is the only material at issue in this litigation. The infringing Linux material is not limited to the Linux kernel or the "Linux Code." (See Disputed Facts # 27, 45, 187.).<br><br>IBM's infringing Linux activities are not limited to Linux kernel material. See, e.g., Disputed Fact # 187. | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 192. | Despite SCO's public assertions that IBM's Linux activities infringe SCO's alleged UNIX copyrights (see Ex. 141; Ex. 142; Ex. 3 ¶¶ 173-79), the Final Disclosures do not substantiate its claims (see Ex. 32; Ex. 33; Ex. 132; Ex. 34; Ex. 54). | **Disputed** <br><br> SCO disputes IBM's assertions that the Final Disclosures do not substantiate SCO's copyright infringement claim. <br><br><br> SECTION REDACTED <br><br><br> Furthermore, IBM's assertion is quite clearly a disputed legal conclusion, not an "undisputed fact," and IBM's cited sources do not support IBM's legal conclusion. | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, SCO's statement does not refer with particularity to those portions of the record on which SCO relies. <br><br> The material referred to by SCO does not support SCO's statement. SCO does not (and cannot) cite any admissible evidence that the Final Disclosures items alleging copyright infringement identify IBM as the infringing party. |

159

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 193. | The Final Disclosures contain no specific allegations or evidence of copyright infringement by IBM relating to Linux. (See Ex. 54.) | **Disputed**<br><br>SCO disputes IBM's assertion. The Final Disclosures contain ample evidence of Lunux's [sic] copyright infringement. See Disputed Fact # 192.<br><br>IBM does not dispute that it copies and distributes Linux and induces others to do the same. Disputed Fact # 187.<br><br>Furthermore, IBM's assertion is a disputed legal conclusion, not an "undisputed fact." | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the fact IBM states in the referenced paragraph. The literal content of SCO's Final Disclosures is not a legal conclusion. |
| 194. | The Final Disclosures do not specifically allege or include any evidence of unauthorized copying of System V code in Linux by IBM, unauthorized distribution of Linux by IBM or unauthorized preparation of derivative works by IBM relating to Linux. (See Ex. 54.) | **Disputed**<br><br>SCO disputes the assertion that the Final Disclosures do not show evidence of IBM's copyright infringement through its Linux activities. The Final Disclosures contain ample evidence that Linux infringes SCO's SVr4 copyrights. See Disputed Fact # 192. IBM does not dispute that it copies and distributes Linux and induces others to do the same. Disputed Fact # 187.<br><br>SCO disputes IBM's implication that SCO was obligated to detail when and how IBM copied or distributed the infringing material. The Court did not order SCO to disclose how material was misused by IBM, but what material was misused by IBM. See July 1, 2005 Order (Setting deadline to disclose "All Allegedly Misused Material") Ex. 68. | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

160

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 195. | The Final Disclosures also do not contain adequate evidence that SCO owns the allegedly infringed copyrights. (See Ex. 54.) | **Disputed**<br><br>SCO disputes IBM's implication that it was obligated to put forth evidence of copyright ownership in its Final Disclosures. SCO was never asked to provide evidence of copyright ownership in the Final Disclosures. See Disputed Fact # 194.<br><br>Furthermore, IBM's purported reliance on the actions of Santa Cruz, Caldera International, and SCO appears to concede copyright ownership. See, e.g. Disputed Fact # 97. | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 196. | Nowhere, in fact, has SCO ever described in detail its allegations and evidence that IBM's Linux activities infringe SCO's alleged copyright — not in its Final Disclosures, not in its interrogatory answers, nowhere. | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that SCO has not described in detail its allegations of infringement.<br><br>SECTION REDACTED | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, SCO's statement does not refer to any portion of the record on which SCO relies. |
| 197. | The Final Disclosures appear to accuse IBM of copyright infringement with respect to IBM's inclusion into AIX for Power of code from a project known as Project Monterey, but the Court declined to allow SCO to add a claim for copyright infringement relating to that conduct and it has nothing to do with Linux. (Ex. 58 at 2-4; Ex. 54 at Items 194-204.) | **Disputed**<br><br>SCO's claims that Linux 2.4 and 2.6 infringe its copyrights are not based on Items 194-204 of the Final Disclosures, though such material may form the basis of other claims. | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, SCO's statement does not refer to any portion of the record on which SCO relies. |
| 198. | IBM has a license to use and distribute all of the Disputed Code and, as to much of it, multiple licenses. (See generally Ex. 466; Ex. 467; Ex. 128; | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion. IBM has no license to reproduce, distribute, or prepare | Deemed Admitted: The material referred to by SCO does not support SCO's statement. |

161

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | Ex. 437; Ex. 438; Ex. 439.) | derivative works based on the infringed SVr4 material as part of Linux 2.4 or 2.6, or to induce others to do the same. (See Disputed Facts # 4-8, 11-14, 17-18, 22, 92-95, 118.)<br><br>Furthermore, this is a disputed legal conclusion, not an "undisputed fact," and IBM's cited sources do not support IBM's legal conclusion.<br><br>On June 16, 1999, IBM entered into a Strategic Business Agreement ("SBA") with Caldera Systems, Inc. IBM Ex. 466 at 171002483-490.<br><br>SECTION REDACTED | |

162

| | IBM's Statement | SCO's Response | | IBM's Reply |
|---|---|---|---|---|
| | | SECTION REDACTED | | |
| 199. | To encourage IBM to embrace Linux, Caldera granted IBM an express license in 1999 to use the materials included in SCO's Linux products. (Ex. 221 ¶ 68; Ex. 466.) | **Disputed**<br><br>SCO disputes IBM's implication that the actions of Caldera, Inc. or Caldera Systems prior to May 2001 are attributable to SCO, or that Caldera, Inc. or Caldera Systems had the power to grant or release rights in the infringed SVr4 material.<br><br>The actions of Caldera, Inc. and Caldera Systems prior to May 2001 are not attributable to SCO and could not grant IBM any rights to use the infringed SVr4 material, because neither Caldera, Inc. nor Caldera Systems owned copyrights in any UNIX material. (See Disputed Facts # 4, 22.).<br><br>SCO disputes that IBM ever received a valid license to use the infringed UNIX material in Linux. IBM has no license to reproduce, distribute, or prepare derivative works based on the infringed UNIX material as part of Linux 2.4 or 2.6, or induce others to do the same. (See Disputed Facts # 92-95, 198.). | | Deemed Admitted: Nothing in SCO's statement regarding UNIX material specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that to encourage IBM to embrace Linux, Caldera undertook to grant IBM an express license in 1999 to use the materials included in SCO's Linux products. |

163

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 200. | SECTION REDACTED | Disputed<br><br>SECTION REDACTED | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

164

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 201. | SECTION REDACTED | Disputed<br><br>SECTION REDACTED | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed facts that: (a) the agreement defines "Preexisting Materials" as stated by IBM in the reference paragraph; and (b) the definition of "Preexisting Materials" included SCO's Linux products. |

165

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| 202. | Disputed/Unsupported | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| SECTION REDACTED | SECTION REDACTED | |

166

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 203. | SECTION REDACTED | Disputed/Unsupported<br><br>SECTION REDACTED | Deemed Admitted. Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

167

| ¶ | IBM's Statement | SCO's Response Disputed/Unsupported | IBM's Reply |
|---|---|---|---|
| 204. | SECTION REDACTED<br><br>Caldera's OpenLinux products included the Linux 2.4 kernel. (Ex. 350; Ex. 351; Ex. 352.) OpenLinux was later renamed SCO Linux 4.0. (Ex. 221 ¶ 71; see Ex. 352.) | SECTION REDACTED<br><br>The cited documents do not support the conclusion that SCO Linux 4.0 contains all the same material as any particular version of OpenLinux, or that SCO Linux 4.0 was covered by the SOW. | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56.<br><br>The facts stated in IBM's referenced paragraph are fully supported by the cited material. (IBM Ex. 221 (Love Decl.) ¶ 71 ("OpenLinux was renamed 'SCO Linux 4.0', and this version was also licensed to IBM under the Strategic Business Agreement.").) |

168

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 205. | Caldera warranted in the Strategic Business Agreement that:<br><br>SECTION REDACTED | Disputed<br><br>SECTION REDACTED | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 206. | Over the course of multiple SCO Linux product releases, SCO distributed all of the Linux Code (Ex. 215 (Ex. H)), to its customers, including IBM. Thus, IBM has a license to all of the Linux Code, foreclosing SCO's infringement claim. (Ex. 221 ¶¶ 68, 77, 111-14; Ex. 226 ¶ 12.) | **Disputed/Unsupported**<br><br>First, SCO disputes that IBM ever received a valid license to use the infringed UNIX material in Linux. IBM has no license to reproduce, distribute, or prepare derivative works based on the infringed UNIX material as part of Linux 2.4 or 2.6, or induce others to do the same. (*See* Disputed Facts # 198.).<br><br>Second,<br><br>SECTION REDACTED | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed facts that: (a) all but two lines (and in fact, all) of the Linux Code was distributed over the course of multiple SCO Linux product releases; and (b) SCO distributed this code to its customers, including IBM.<br><br>The facts stated in IBM's referenced paragraph are fully supported by the cited material. |

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| | **SECTION REDACTED**<br><br>Third, SCO disputes IBM's implication that the "Linux Code" is the only material infringed by IBM's Linux Activities. (See Disputed Facts # 27, 45, 187.).<br><br>Fourth,<br><br>**SECTION REDACTED**<br><br>**IBM Ex. 215**<br>**Ex. H; IBM Ex. 221 (Love Declaration) ¶¶ 68, 77, 111-14:** The cited sources do not support the assertion that SCO distributed all the "Linux Code," to IBM or others. First, the cited source does not distinguish who or what entity distributed any material.<br><br>**SECTION REDACTED**<br><br>**IBM Ex. 226 (Mazieres Decl.) ¶ 12** The cited source is internally contradictory and otherwise improper. (See Disputed Facts # 27, 45, 118.). | |

170

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 207. | SCO also granted IBM a license to the Linux Code pursuant to the GPL. (Ex. 221 ¶¶ 68, 77, 113-15.) | Disputed<br><br>SCO disputes IBM's assertion that it granted a license to use the Linux Code, or any other infringing Linux material, under the GPL. SCO has not granted IBM a license to use the infringing Linux material under the GPL. (See Disputed Fact # 4-5, 8, 198.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, the material referred to by SCO does not support SCO's statement. |
| 208. | SCO distributed its Linux products, which include the Linux Code, under the GPL. (Ex. 221 ¶¶ 77, 113-15; Ex. 176 ¶ 13.) | Disputed<br><br>SCO disputes IBM's assertion to the extent it implies that SCO granted a license to use the Linux Code, or any other infringing Linux material, under the GPL. SCO has not granted IBM a license to use the infringing Linux material under the GPL. (See Disputed Fact # 4-5, 8, 198.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 209. | The GPL provides that persons receiving code under the GPL "may copy and distribute verbatim copies of the Program's source code" and "modify [their] copy or copies of the Program or any portion of it". (Ex. 128 §§ 1, 2.) | Disputed<br><br>SCO disputes that it, or any other entity, properly licensed the infringed UNIX material under the GPL. Neither SCO nor any other entity has granted IBM a license to use the infringing Linux material under the GPL. (See Disputed Fact # 4-5, 8, 198.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 210. | Thus, independent of the license SCO granted IBM in 1999 under the Strategic Business Agreement, IBM received a license from SCO under the GPL that precludes SCO's claims of infringement. (Ex. 221 ¶ 78.) | Disputed<br><br>SCO disputes that it, or any other entity, granted a license to IBM to use the infringing Linux material under the SBA or the related SOW. Neither SCO nor any other entity has granted IBM a license to use the infringing Linux material under the GPL, SBA, or SOW. (See Disputed Facts # 4-5, 8, 92-95, 198.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |

171

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 211. | In the early 1990s, Novell participated in an industry consortium with other UNIX vendors, including IBM, to draft a single unified specification of UNIX system services. This effort led to a draft specification known as "Spec 1170". (Ex. 238 § 8; Ex. 437.) | **Disputed**<br><br>(<u>See</u> Disputed Facts # 11-14.). | Deemed Admitted:  SCO does not offer a statement supported by admissible evidence meeting the requirements of Rule 56 to controvert the facts IBM states in the referenced paragraph. The "disputed paragraphs" referenced by SCO do not properly controvert IBM's statement. |
| 212. | Novell "grant[ed] to X/Open a non-exclusive, perpetual, world-wide, royalty-free, paid-up, irrevocable licence [sic] to prepare derivative works and to use, execute, reproduce, display and perform" Spec 1170. (Ex. 238 ¶ 11; Ex. 437 ¶ 1.) X/Open, in turn, granted all of the participants in X/Open (including IBM) "a non-exclusive, perpetual, world-wide, royalty-free, paid-up, irrevocable license to prepare derivative works and to use, execute, reproduce, display, and perform [Spec 1170] and such derivative works". (Ex. 238 ¶ 11; Ex. 437 ¶ 4.) | **Disputed/Unsupported**<br><br>SCO disputes that IBM ever received a valid license to use the infringed UNIX material in Linux. Neither Novell nor X/Open granted IBM a license to reproduce, distribute, or prepare derivative works based on the infringed UNIX material as part of Linux 2.4 or 2.6, or to induce others to do the same. (<u>See</u> Disputed Facts # 11-14, 19.). | Deemed Admitted:  Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |

172

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 213. | SUS Material and some of the Streams Material and ELF Material are included in — indeed required by — Spec 1170 and its successors, such as the SUS (Items 152, 157, 183-184, 205-231). IBM therefore has a license to those materials. (Ex. 214 (Ex. 3).) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion regarding inclusion of infringing Linux material in Spec 1170, which IBM has failed to support at all. (See Disputed Facts # 11-14.).<br><br>The cited sources do not support the assertion that SUS Material, and some of the Streams Material and ELF Material, is included in or required by Spec 1170. None of IBM's cited sources even mention Spec 1170.<br><br>SECTION REDACTED      (See<br><br>also Disputed Facts # 11-14.).<br><br>SCO also disputes that IBM ever received a valid license to use the infringed UNIX material in Linux. IBM does not have a license to reproduce, distribute, or prepare derivative works based on the infringed UNIX material as part of Linux 2.4 or 2.6, or to induce others to do the same. (See Disputed Facts # 11-14, 198.). | Deemed Admitted:  Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that SUS Material and some of the Streams Material and ELF Material are included in — indeed required by — Spec 1170 and/or its successors, such as the SUS (Items 152, 157, 183 184, 205-231). |
| 214. | IBM also has a license to the SUS Material in Spec 1170 pursuant to the Common API Materials Cross-License Agreement between HP, IBM, Sun and USL. (Ex. 482.) That agreement grants IBM (among the other parties), the following rights with respect to Spec 1170:<br><br>SECTION REDACTED | **Disputed**<br><br>SCO disputes IBM's assertion that all material in the SUS or the "SUS Material" was contained in Spec 1170, and IBM has not supported such an assertion. (See Disputed Facts # 11-14.).<br><br>SCO also disputes IBM's assertion that the Common API Materials Cross-License Agreement ("Common API Agreement") granted IBM a license to use any of the infringed UNIX | Deemed Admitted:  Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that the Common API Materials Cross-License Agreement between HP, IBM, Sun and USL grants IBM (among the other parties), the following rights with respect to Spec 1170: worldwide, unrestricted, irrevocable, perpetual non-exclusive, fully paid-up and royalty-free right and license to prepare and/or have prepared |

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| SECTION REDACTED | material in Linux. The Common API Agreement did not grant IBM the right to use any UNIX material in Linux for the reasons laid out below.<br><br>SECTION REDACTED | Derivative Works…and to use, execute, copy, reproduce, display, perform, modify and have modified, and distribute internally and/or externally, sublicense, sell, lease or otherwise transfer such work…in the form of Source Code, Object Code, Documentation, Externals, and/or in any other form.<br><br>The material referred to by SCO does not support SCO's statement. |

174

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | | SECTION REDACTED | |
| 215. | Thus, USL granted IBM a license for all its intellectual property that was contained in Spec 1170, including the SUS Material and some of the Streams and ELF Material. (Ex. 214 (Ex. 3).) | **Disputed/Unsupported**<br><br>SCO disputes that IBM ever received a valid license to use the infringed UNIX material in Linux. IBM has no license to reproduce, distribute, or prepare derivative works based on the infringed UNIX material as part of Linux 2.4 or 2.6, or induce others to do the same. (See Disputed Facts # 11-14, 198, 213-14.).<br><br>IBM's cited source mentions no licenses at all.<br><br>SCO also disputes IBM's assertion regarding whether the infringed UNIX material was present in Spec 1170, which IBM has not supported. (See Disputed Facts # 11-14.) | SCO's response does not create a genuine issue of fact in that the facts in the referenced paragraph are a summary statement. |
| 216. | In the mid-1990s, IBM, Novell and Santa Cruz participated in a standards-setting consortium known as the Tool Interface Standards (TIS) Committee. IBM has a license to the ELF Material pursuant to a grant of rights from Novell and Santa Cruz. (Ex. 238 ¶ 6; Ex. 438 at i; Ex. 439 at iii; Ex. 215 ¶ 101.) | **Disputed/Unsupported**<br><br>SCO disputes that IBM ever received a valid license to use the infringed UNIX material in Linux. IBM has no license to reproduce, distribute, or prepare derivative works based on the infringed UNIX material as part of Linux 2.4 or 2.6, or induce others to do the same. (See Disputed Facts # 15-18, 198.). | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that in the mid-1990s, IBM, Novell and Santa Cruz participated in a standards-setting consortium known as the Tool Interface Standards (TIS) Committee. Further, SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |

175

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 217. | The TIS Committee published two standards related to object file formats: the Portable Formats Specification, version 1.1 (Ex. 438), and the ELF Specification, version 1.2 (Ex. 439). Novell in 1993 granted the TIS Committee (which Novell joined prior to the version 1.2 publication) a license to implement all materials required by the ELF Specification. (Ex. 569; see Ex. 439.) The first sentence following the cover page of these specifications states: "The TIS Committee grants you a non-exclusive, worldwide, royalty-free license to use the information disclosed in the Specifications to make your software TIS-compliant; no other license, express or implied, is granted or intended hereby." (Ex. 438; Ex. 439.) | **Disputed**<br><br>Neither Novell, Santa Cruz, nor the TIS Committee granted IBM a license to use the ELF material in Linux. (See Disputed Facts # 15-18, 188.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |
| 218. | All of the ELF Material is either literally included in the ELF Specification, or is otherwise designed to make Linux TIS-compliant. (Ex. 214 ¶¶ 43-44, 47; Ex. 215 ¶¶ 99-100.) | **Disputed**<br><br>SCO disputes IBM's assertion.<br><br>Some of the infringing ELF material in Linux, including material in Item 272, was not included in the TIS Specification. (See Disputed Facts # 17-18, 188.).<br><br>Infringing ELF material was introduced into Linux before inclusion in any TIS Specification, and was not introduced in an effort to make Linux "TIS-compliant." (See # 17-18, 188.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |

176

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 219. | Accordingly, IBM has a license to the ELF Material from the TIS Committee. The TIS Committee granted IBM and others a license to use the information in these standards or specifications, which require all of the ELF Material. (Ex. 238 ¶¶ 6-7.) | **Disputed**<br><br>Neither Novell, Santa Cruz, nor the TIS Committee granted IBM a license to use the ELF material in Linux. (See Disputed Facts # 15-18, 188.). | **Deemed Admitted:** The "disputed paragraphs" referenced by SCO do not properly controvert IBM's statement. |
| 220. | The Final Disclosures do not show, and SCO cannot otherwise establish, that the Linux kernel is substantially similar to protectable elements of the System V Works. | **Disputed**<br><br>SCO disputes IBM's legal conclusion that the Final Disclosures do not show substantial similarity between the protectable elements of the infringed UNIX material and the infringing Linux material. As explained in the expert reports of Dr. Cargill, the material in the Final Disclosures shows that the infringing Linux material was copied from the infringed UNIX material, that the infringed UNIX material is protectable under copyright, and that the infringed UNIX material constitutes a substantial portion of SVr4. (See Disputed Facts # 192, 222-223, 236.).<br><br>Furthermore, IBM's assertion is a disputed legal conclusion, not an "undisputed fact." | **Deemed Admitted:** The material referred to by SCO does not support SCO's statement. Further, SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law as discussed in the reply memorandum to which this addendum is attached. |

177

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 221. | SCO cannot show substantial similarity between the Linux kernel and protectable elements of the System V Works because none of the System V Code is protectable by copyright. (Ex. 215 ¶ 31.) | **Disputed**<br><br>SCO disputes IBM's assertion that there is no substantial similarity between the infringing Linux material and the infringed UNIX material. (See Disputed Facts # 192, 220, 222.).<br><br>SCO disputes IBM's legal conclusion that none of the System V Code is protectable by copyright. (See Disputed Facts # 192, 220, 236.).<br><br>SCO disputes IBM's implication that the only infringing material at issue is "Code," while excluding the non-literal aspects embodied in such code. (See Disputed Fact # 27.)<br><br>IBM's cited source does not address any of the non-literal infringing Linux material. (See Disputed Fact # 118.). | **Deemed Admitted:** SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law as discussed in the reply memorandum to which this addendum is attached. |

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 222. | Even if all of the System V Code were protectable by copyright, the Linux kernel is not substantially similar to Linux. (Ex. 215 ¶ 45.) | **Disputed**<br><br>SCO disputes IBM's legal conclusion that the infringed UNIX material is not protectable by copyright. (See Disputed Facts # 192, 236. ).<br><br>SCO disputes IBM's assertion that the infringed UNIX material is not substantially similar to the infringing Linux material.<br><br>SECTION REDACTED<br><br>Disputed Fact<br>#192, 233.).<br><br>SECTION REDACTED<br><br>Furthermore, IBM's cited source does not address any of the non-literal infringing Linux material, which Dr. Cargill has addressed in great detail in his expert reports and was an area examined during his deposition. (See Disputed Facts # 27, 118, 223; Ex. 78 at, e.g., 103:24-104:20.). | Deemed Admitted. SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law as discussed in the reply memorandum to which this addendum is attached. |

179

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 223. | Quantitatively, only a tiny amount of code is claimed to have been copied. (Ex. 215 ¶¶ 31-46.) | **Disputed/Unsupported/Immaterial**<br><br>SCO disputes IBM's implication that the infringed UNIX material constitutes a "tiny" amount of SVr4.<br><br>SECTION REDACTED<br><br>Furthermore, the quantitative amount of copied material is "irrelevant as a matter of law." *Dun & Bradstreet Software Servs. Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 208 (3d Cir. 2002). Saying the copied material is "tiny" is like saying the heart is a "tiny" portion of the body, but is irrelevant to whether it is "substantial" or valuable. (See Disputed Fact # 190.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. SCO's statement fails to identify material facts of record because it refers to and relies upon material not specifically identified in its Final Disclosures. |

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 224. | The 12 items relating to the Linux kernel identify 320 lines of UNIX System V code that is alleged to have been infringed. These lines of code constitute less than five one-thousandths of a percent (.005%) of UNIX SV4.2-ES-MP. (Ex. 213 ¶ 96.) The Linux Code does not constitute a significant portion of UNIX System V code considered in its entirety. (See Ex. 215 ¶¶ 31-46; Ex. 213 ¶ 96.) | **Disputed/Unsupported/Immaterial**<br><br>SCO disputes IBM's assertion that the "Linux Code" is an insignificant portion of SV4. The infringing Linux material, including the "Linux Code," constitutes a substantial, significant, and valuable portion of SV4. (See Disputed Fact # 222.).<br><br>SCO disputes IBM's suggestion that the material copied from UNIX into the Linux kernel constitutes only .005% of UNIX SV4.2 ES-MP. IBM's cited sources do not address any non-literal aspects of the infringing Linux material, and are therefore inaccurate. (See Disputed Fact # 27, 118, 223.). SECTION REDACTED<br><br>**IBM Ex. 213** . Does not support IBM's assertion that only 12 items relate to Linux kernel code. Furthermore, IBM's quantitative assertions are legally immaterial. (See Disputed Fact # 223.). | **Deemed Admitted:** Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed facts that: (a) only 12 items relate to the Linux kernel; (b) these 12 items identify only 320 lines of UNIX System V code that is alleged have been infringed; and (c) these 320 lines of code constitute less than five one-thousandths of a percent (.005%) of UNIX SV4.2-ES-MP.<br><br>The facts stated in IBM's referenced paragraph are fully supported by the cited material. Dr. Kernighan's report (IBM Ex. 213) states that 18 items relate to the Linux kernel, and 6 of these items have since been precluded by the Court. (IBM Ex. 630; IBM Ex. 59; see IBM Ex. 214 (Ex. 2).) SCO's statement fails to identify material facts of record because it refers to and relies upon material not disclosed in its Final Disclosures. |
| 225. | The allegedly infringed code from UNIX System V constitutes less than one one-hundredth of a percent (.01%) of the Linux kernel. (Ex. 213 ¶ 96.) When material outside the kernel is taken into account, the allegedly infringing material represents only 4,779 lines of code in 53 files. (Id. ¶ 97; Ex. 214 (Ex. 4).) These lines are less than seven one-hundredths of a percent (.07%) of SV4.2-ES-MP. (Ex. 213 ¶ 97.) | **Disputed/Unsupported/Immaterial**<br><br>SCO disputes IBM's quantitative analysis. IBM's cited sources do not address any nonliteral material, resulting in an inaccurate quantitative analysis. (See Disputed Facts # 27, 118, 223.).<br><br>Furthermore, the quantitative amount of copied material is "irrelevant as a matter of law." (See Disputed Fact # 223.). | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56.<br><br>The material referred to by SCO does not support SCO's statement. SCO's statement fails to identify material facts of record because it refers to and relies upon material not disclosed in its Final Disclosures. |

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 226. | The 12 items relating to the Linux kernel identify 326 lines of Linux code in 12 files. (Ex. 213 ¶ 98.) These lines of code constitute much less than one one-hundredths of a percent (.01%) of the Linux kernel. (Id.) Likewise, the Linux Code constitutes less than five one-thousandths of a percent (.005%) of the allegedly infringed UNIX SVr4.2-ES-MP. (Id.) | **Disputed/Unsupported/Immaterial**<br><br>SCO disputes IBM's quantitative analysis. IBM's cited sources do not address any nonliteral material, resulting in an inaccurate quantitative analysis. (See Disputed Facts # 27, 118, 223.)<br><br>Furthermore, the quantitative amount of the copied material is "irrelevant as a matter of law," as is any quantitative analysis of material in Linux. (See Disputed Fact # 223; Jacobsen v Deseret Book Co., 287 F.3d 936, 945 (10th Cir. 2002)). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, the material referred to by SCO does not support SCO's statement. |
| 227. | When material outside the kernel is taken into account, the allegedly infringing material represents only 5,145 lines of code in 64 files. (Ex. 213 ¶ 99; Ex. 214 (Ex. 4).) This is well under one-tenth of one percent (.1%) of the lines in Linux version 2.6.14. (Ex. 213 ¶ 99.) | **Disputed/Unsupported/Immaterial**<br><br>SCO disputes IBM's quantitative analysis. IBM's cited sources do not address any non-literal material, resulting in an inaccurate quantitative analysis. (See Disputed Facts # 27, 118, 223.).<br><br>Furthermore, the quantitative amount of copied material is "irrelevant as a matter of law." (See Disputed Facts # 223, 226.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 228. | Qualitatively, there is no substantial similarity between the Linux kernel and protectable elements of the System V Works. (See Ex. 215 ¶¶ 31-46.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's suggestion that the infringed UNIX material is not qualitatively substantial. The infringed UNIX material constitutes material of substance and value to, and a qualitatively substantial portion of, SVr4. (See Disputed Facts # 222.)<br><br>SCO also disputes IBM's assertion to the extent it suggests there is not similarity indicative of copying between the infringed UNIX material and | Deemed Admitted: SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law as discussed in the reply memorandum to which this addendum is attached.<br><br>The facts stated in IBM's referenced paragraph are fully supported by the cited material. Dr. Kernighan's statement was made following a line of confusing questions concerning whether Dr. |

182

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | | the infringing Linux material. The infringing Linux material was copied from the infringed UNIX material. (See Disputed Facts # 192, 220.).<br><br>SECTION REDACTED<br><br>IBM's expert, Mr. Kernighan, claims not to have engaged in a qualitative analysis of the code because he "was not asked to assess the qualitative significance." Ex. 22 at 280:2-3.<br><br>SCO's expert, however, performed an extensive qualitative analysis of the infringing material.<br><br>SECTION REDACTED | Kernighan considered material beyond that specifically identified in the Final Disclosures when performing his substantial similarity analysis. (SCO Ex. 22 at 278:22-280:15.) Dr. Kernighan asked for the question to be rephrased, but SCO's counsel declined to do so. (SCO Ex. 22 at 279:16-24.) As is readily apparent from Dr. Kernighan's expert reports and his other deposition testimony, Dr. Kernighan did assess the qualitative significance of the Linux Code as part of his substantial similarity analysis. (See e.g. IBM Ex. 215 ¶¶ 31-45; SCO Ex. 22 at 289:16-290:20.) |

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| | **SECTION REDACTED**<br><br>Furthermore, IBM's cited sources do not support any assertion regarding non-literal material. (See Disputed Fact # 27, 118.). | |

184

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 229. | SCO has not accused Linux of copying header files in general, memory management in general, or even the totality of the UNIX header files. (Ex. 215 ¶ 36.) Indeed, it alleges copying of only about 1,600 lines in 53 System V Release 4.0 files (only 326 of those lines are in the kernel). (See id. ¶ 36.) There are over 235,000 lines in 1,800 header files in the usr/uts directory of SVr4.2-ES-MP (excluding X11 files), so the accused code is well under one percent of the SVr4 interface. (Id.) It cannot be qualitatively significant simply on the grounds of being part of the interface, as it is such a small part of the interface. (See id. ¶¶ 31-46.) | **Disputed/Unsupported/Immaterial**<br><br>SCO dispute IBM's assertion that SCO alleges infringement of "only about 1,600 lines in 53 System V Release 4.0 files." SCO alleges infringement of more than "only about 1,600 lines in 53 System V Release 4.0 files."<br><br>**SECTION REDACTED**<br><br>Disputed Fact # 231).<br><br>SCO disputes IBM's assertion that the cited material "cannot be qualitatively significant simply on the grounds of being part of the interface, as it is such a small part of the interface." The infringed UNIX material constitutes a substantial, valuable, and significant portion of SVr4. (See Disputed Fact # 222.).<br><br>Furthermore, whether the material is a "small" part of anything is legally irrelevant to whether it is qualitatively significant. (See Disputed Facts # 223, 226;<br><br>**SECTION REDACTED** | Deemed Admitted. SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to refers to and relies upon material not specifically identified in its Final Disclosures and also applies incorrect law, as further discussed in the brief to which this addendum is attached. |

185

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 230. | The particular lines SCO has identified as allegedly copied are a scattered and fragmentary collection of define statements, data structures and function prototypes, not qualitatively different in form or character or content or their individual importance from the many thousands of other lines of interface code. (Ex. 215 ¶ 37.) Nor is there any apparent pattern, regularity, consistency, or cohesiveness to the accused code; it is scattered throughout the files, sometimes only a line or two in a file. (Id.) | **Disputed** <br><br> SCO disputes IBM's assertion that the lines of literal code identified in SCO's Final Disclosures are "scattered and fragmentary." Rather, the identified material exhibits a discernible pattern. <br><br> **SECTION REDACTED** <br><br> SCO disputes IBM's assertion that the lines of literal code identified in SCO's Final Disclosures are "not qualitatively different in form or character or content or their individual importance from the many thousands of other lines of interface code." <br><br> **SECTION REDACTED** <br><br> Ex. 22 at 100:9-101:25; <br><br> *See also* Disputed Fact # 222.). <br><br> Neither IBM's assertion, argument, or expert reports address the non-literal material copied from SV4 into Linux. (*See* Disputed Fact # 27, 118, 222.). | Deemed Admitted: SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to refers to and relies upon material not disclosed in its Final Disclosures. |

186

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 231. | Only two items (Items 185 and 272) involve implementation code, i.e. code that actually does something. (Ex. 215 ¶ 41.) Both items involving implementation deal with minor pieces of behavior, set amongst the vast body of complex code that goes into an implementation. (Id.) | **Disputed**<br><br>SCO disputes IBM's suggestion that only implementation code "does something." Interface code "does something" as well: it expresses information to programmers, much the same way musical notation embodying the "chorus" of a song "does something" by expressing to singers what to sing when they see the "refrain" or "chorus" prompt.<br><br>SECTION REDACTED<br><br>Disputed Facts # 239-240.).<br><br>SECTION REDACTED | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that only two items (Items 185 and 272) involve implementation code. SCO's statement fails to identify material facts of record because it refers to and relies upon material not disclosed in its Final Disclosures. |

187

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 232. | Item 185 is a small addition to a piece of memory allocation code much of which is in the public domain, while the part of Item 272 code that is implementation is a collection of two dozen elementary functions for accessing ELF data structures. (Ex. 215 ¶ 41.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that the material identified in Item 185 is "small." Approximately 100 lines of code shown in Item 185 were copied identically or nearly-identically from System V into Linux. (See Disputed Fact # 190.).<br><br>SCO disputes IBM's legal conclusion that the material in Item 185 is in the public domain. Dr. Kernighan, an author of the source cited by IBM, has withdrawn his legal conclusion that the material in Item 185 is in the public domain and IBM's cited source does not put forth facts to support such a conclusion. (See Ex. 22 at 201:4-8;<br><br>SECTION REDACTED | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, the material referred to by SCO does not support SCO's statement. The portion of Dr. Kernighan's deposition cited by SCO states that Dr. Kernighan did not offer any legal opinion on the public domain doctrine itself—not that he did not apply the doctrine, as explained to him, to the facts within his expertise.<br><br>SCO's statement fails to identify material facts of record because it refers to and relies upon material not disclosed in its Final Disclosures. |

188

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 233. | The cited code is quantitatively a minuscule percentage of the SVr4 (or Linux) code, and is qualitatively inconsequential. (See Ex. 215 ¶ 45.) Thus, the cited code is not substantially similar. (Id.) | **Disputed/Unsupported/Immaterial**<br><br>SCO disputes IBM's assertion that the code embodying the infringed UNIX material is "qualitatively inconsequential." Even small segments of the copied code are extremely substantial, significant, and valuable to SVr4. (See Disputed Fact # 222.).<br><br>SCO disputes IBM's suggestion that the infringed UNIX material is a "miniscule percentage" of SVr4. The infringed UNIX material constitutes the overall structure of SVr4, which is not "miniscule." (See Disputed Fact # 223.). IBM's cited sources do not address any non-literal material, resulting in an inaccurate quantitative analysis. (See Disputed Facts # 27, 118, 223.).<br><br>SCO disputes IBM's statement that the infringing Linux material is not substantially similar to the infringed UNIX material. The infringing Linux material is substantially similar to the infringed UNIX material. (See Disputed Facts # 192, 220, 222, 228, 236;<br><br>SECTION REDACTED | Deemed Admitted: SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law. |

189

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 234. | When considered both quantitatively and qualitatively, the System V Code is insubstantial. An ordinary reasonable person could not possibly conclude that Linux is substantially similar to the System V Works. (Ex. 212 ¶¶ 5, 19, 26-27, 30; Ex. 213 ¶¶ 91-102; Ex. 214 ¶ 12; 215 ¶¶ 31-46.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that the "System V Code" is insubstantial. It is false and based on legally immaterial facts. (See Disputed Facts # 220, 222-23, 226,).<br><br>SCO disputes IBM's assertion that no "ordinary reasonable person" could find "substantial similarity" between the works. It is an erroneous legal conclusion based on a mistaken interpretation of the law and an insufficient factual basis. (Id.).<br><br>SECTION REDACTED<br><br>SCO disputes IBM's implication that the copied material should be considered quantitatively. The quantitative amount of the copied code is legally irrelevant. (See Disputed Facts # 223, 226,). | Deemed Admitted: SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law. |
| 235. | None of the System V Code is protectable by copyright law. (Ex. 215 ¶ 122; Ex. 213 ¶¶ 103-04.). | **Disputed**<br><br>SCO disputes IBM's legal conclusion that none of the infringed UNIX code is protectable by copyright law. To the extent that it raises underlying factual disputes, those issues are addressed below. | SCO's response does not create a genuine issue of fact in that the facts in the referenced paragraph offered by way of summary and no point purportedly controverted is material to IBM's motion. |
| 236. | The System V Code: (1) is dictated by externalities, such as standards, compatibility requirements and programming practices; (2) contains mere ideas, procedures, processes, systems, methods of operation or can be expressed in only a few | **Disputed**<br><br>SCO disputes IBM's legal conclusions that the infringed UNIX material "(1) is dictated by externalities, such as standards, compatibility requirements and programming practices; (2) contains mere ideas, procedures, processes, | Deemed Admitted. The material referred to by SCO does not support SCO's statement. |

190

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| meaningfully different ways; and/or (3) lacks originality. (Ex. 213 ¶ 103). | systems, methods of operation or can be expressed in only a few meaningfully different ways; and/or (3) lacks originality."

The infringed UNIX material was not dictated by external constraints, or otherwise stock, standard, or common, at the time it was created by its authors.

SECTION REDACTED

Ex. 22 at 86:4-18, 99:11-14, 129:18-24, 164:7-14, 166:14-19, 167:15-20, 168:4-169:12, 170:13-25, 171:15-22, 176:14-20, 183:15-184:7, 190:24-191:2, 191:12-25, 192:7-11, 193:12-21, 197:2-17, 198:13-20).

SECTION REDACTED | |

191

| IBM's Statement: | SCO's Response | IBM's Reply |
| --- | --- | --- |
| | SECTION REDACTED | |

192

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 237. | With one exception (Item 185), the System V Code is composed of header files. (See Ex. 215 (Ex. H).) While a portion of Item 272 is not composed of header files, all the Linux kernel material in Item 272 consists of header file code. (Ex. 214 (Ex. 4); Ex. 215 (Ex. H).) | **Undisputed** <br><br> This is undisputed to the extent IBM refers only to literal source code. | Undisputed. |
| 238. | A computer can be described in three layers typically: (i) the hardware (e.g., an IBM ThinkPad), (ii) onto which is loaded an operating system (UNIX, Windows, etc.), and (iii) the set of application programs (e.g., a word processor, web browser, etc.). (Ex. 215 ¶¶ 7-8 & Fig. 1.) The entire purpose of an operating system's header files is to specify the interface to the operating system, i.e., the (metaphorical) set of dials, levers, and switches that an application can use to get the operating system to perform a service. (Id. ¶¶ 39, 47.) | **Disputed/Incomplete** <br><br> SCO disputes IBM's assertion to the extent it implies that the "main purpose" of header files is "to specify the interface to the operating system" in the sense the term "main purpose" is used to define a level of abstraction specified in *Gates Rubber Co. v. Bando Chemical Indus., Inc.*, 9 F.3d 823, 835 (10th Cir. 1993). <br><br> The literal interface code in header files is not unprotectable simply because it could conceivably be incorporated into an idea or "main purpose" at some higher level of abstraction. (See *Mitel, Inc. v. Iqtel, Inc.*, 124 F.3d 1366, 1372 (10th Cir. 1997)). <br><br> SECTION REDACTED <br><br> Furthermore, header files embody and convey the overall structure of a program or operating system. (See Disputed Facts # 230-31.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

193

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 239. | Slightly more technically, those dials and levers are interface code of three sorts: definition statements that give values to names (e.g., #define EPERM 1, which indicates simply that the name EPERM will have the value 1), structure declarations that indicate how to group together several pieces of data into a bundle, and function prototype statements that indicate how to ask the operating system to perform a service, indicating the information to be supplied to the operating system (the inputs) and the information it will return (the output). (Ex. 215 ¶¶ 58-64.) | **Disputed/Incomplete**<br><br>SCO disputes IBM's suggestion that # define names "simply" define names for values.<br><br>SECTION REDACTED<br><br>IBM's assertion does not comprehensively describe the infringed UNIX material. (See Disputed Facts # 27, 118, 223, 237.). | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 240. | None of these statements actually tell the computer to do anything; they are not executable code. (Ex. 215 ¶¶ 39, 47.) They are simply specifying information that enables application programs to communicate with the operating system. (Id. ¶¶ 39, 42.) They specify only the communication channel, not what is to happen when communication is received. (Id. ¶¶ 39, 47.) | **Disputed/Incomplete**<br><br>SCO disputes IBM's assertion to the extent it implies that the material at issue does not convey information to programmers. The statements mentioned by IBM, as well as infringed SVr4 material that IBM ignores, convey information to programmers. Moreover, this is expression created by programmers. SECTION REDACTED Ex. 22 at 55:11-56:18, 57:7-13, 60-62, 66:9-15, 78:19-79:15.). | **Deemed Admitted:** Nothing in SCO's statement regarding programmers specifically controverts with admissible evidence meeting the requirements of Rule 56 the facts IBM states in the referenced paragraph, all of which relate to computers themselves. |

194

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 241. | Nearly all of the System V Code consists of lines of code from header files (Items 183-84, 150-64, 205-31, and 272 (partially)). (See Ex. 215 (Ex. H)). All of this material, as well as the non-header file material, is dictated by externalities such as compatibility requirements, standards, programming practices and industry demands. (Ex. 213 ¶¶ 44, 103; Ex. 215 ¶ 15; see Ex. 214 ¶ 96 (quoting Ex. 175 at 82).) | **Disputed** <br><br> Undisputed that nearly all the infringed literal source code is from header files. <br><br> SCO disputes IBM's statement that such material, or any other infringed UNIX material, was dictated by externalities at the time it was created. (See Disputed Fact # 236.). | Undisputed that nearly all the System V Code consists of lines of code from header files. <br><br> Deemed Admitted:  SCO's statement fails to identify material facts of record meeting the requirements of Rule 56.  The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law.  SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |
| 242. | The System V Code was dictated by compatibility requirements. (Ex. 213 ¶¶ 44-45, 103.) | **Disputed** <br><br> The infringed SV4 material was not dictated by externalities, including "compatibility requirements," at the time it was created. (See Disputed Fact # 236.). | Deemed Admitted:  SCO's statement fails to identify material facts of record meeting the requirements of Rule 56.  The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law.  SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |
| 243. | The header files for a new version of UNIX cannot be varied in ways that are incompatible with what the installed base of UNIX applications expects from the common interface. (Ex. 215 ¶¶ 51-52.)  The header files must supply all the details of the interface expected by application programs, or the application programs simply will not work and there will be almost no use for the new system. (See Ex. 213 ¶¶ 26-30, 45, 48; Ex. 215 ¶ 14.) | **Disputed/Immaterial** <br><br> IBM's assertions are irrelevant to whether any externalities constrained the infringed SV4 material when such material was created. <br><br> SCO disputes IBM's legal implication that an author's own expression can create an "external constraint" on the same author's later derivative works or sequels, such that any material carried forward into such derivative works can be copied with impunity. | Deemed Admitted:  Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

195

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | | **Undisputed/Immaterial** | Undisputed. |
| 244. | At the time SV4 was created, there were approximately 1.2 million UNIX systems in use, with thousands of application programs running on them. (Ex. 483 at 3.) | IBM's assertions are irrelevant to whether any externalities constrained the infringed SV4 material when such material was created. | |
| 245. | The header files for SV4 had to be consistent with this installed base of application programs in order to allow those application programs to continue to be run. The structure and content of the header files was thus dictated by the nature of the programs with which they were designed to interact. (Ex. 215 ¶ 53.) The previous versions of UNIX had header files containing the same three sorts of interface code described below (definition statements, structure declarations and function prototype statements). (Id. ¶ 32.) | **Disputed**<br><br>SCO disputes IBM's assertion that "the structure and content of [the infringed UNIX material] was thus dictated by the nature of the programs with which they were designed to interact." The infringed UNIX material was not dictated by external constraints or compatibility constraints when it was created. (See # 236.).<br><br>IBM's cited sources do not mention any application programs that supposedly constrained the expression in the infringed UNIX material. However, IBM's acknowledgement that such programs were written to run on UNIX indicates that such programs were constrained by the pre-existing UNIX interface code, not vice versa. | Deemed Admitted: SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law. Further, SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |

196

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 246. | Software compatibility also presents the very reason for the existence of the allegedly infringed ELF Material. The purpose of the ELF Specification, including the ELF Material, has always been to create an industry standard to promote software portability and interoperability and increase the efficiency of software production. Cross-platform compatibility cannot be achieved without using precisely the interface structures and values set out in these specifications. (Ex. 214 ¶ 58.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion to the extent it implies that the ELF material was dictated by external constraints. The expression of the ELF material was not dictated by the need to achieve compatibility with any existing material at the time it was created and IBM's cited source does not support such an assertion. (See Disputed Fact # 236; Ex. 22 at 139:18-25.)<br><br>IBM's cited source does not support the assertion that the ELF material was dictated by external constraints. (Ex. 22 at 139:18-25.) | **Deemed Admitted:** SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law. SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |
| 247. | The large installed base of previous versions of UNIX was a second source of compatibility requirements. (Ex. 215 ¶¶ 24, 29, 53.) To keep existing applications running on a new UNIX version like SVr4, the System V Code had to be the same as material used in previous versions of UNIX. "Once a standard [like UNIX] becomes widely accepted, the economic impact of incompatible change becomes so large that change is almost unthinkable." (Ex. 214 ¶ 31 (quoting Ex. 484 at 6).) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that prior UNIX versions were, or could possibly be, a constraint on the infringed UNIX material.<br><br>SECTION REDACTED | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. The declaration of Dr. Cargill (SCO Ex. 11) referenced is untimely. |

197

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 248. | The System V Code was dictated by the need for compatibility with older versions of UNIX that were already installed in customer offices. (Ex. 214 ¶ 32; *see* Ex. 215 ¶¶ 20-24.) | **Disputed**<br><br>SCO disputes IBM's assertion that the infringed UNIX material was dictated by the need for compatibility with older versions of UNIX.<br><br>SECTION REDACTED<br><br>(*See* Disputed Fact # 236;<br><br>SECTION REDACTED | Deemed Admitted: SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law. SCO's statement does not refer with particularity to those portions of the record on which SCO relies. The declaration of Dr. Cargill (SCO Ex. 11) referenced is untimely. |
| 249. | Linux was intended from the beginning to run UNIX-compatible software, and to adhere to the same industry standards and practices that UNIX does. (Ex. 265 at 4.) | **Undisputed** | Undisputed. |
| 250. | Hence the implementers of any UNIX-compatible operating system are not free to make choices about a long list of details concerning the interface; those decisions were made years (and sometimes decades) ago, and the legacy interface and behavior must be maintained. (Ex. 215 ¶ 21.) | **Disputed**<br><br>SCO disputes that programmers are not free to make choices about whether to copy UNIX interface material.<br><br>SECTION REDACTED<br><br>SCO also disputes IBM's implication that external constraints on those who copy UNIX material is relevant to whether such material is protectable. (*Mitel, Inc. v. Iqtel, Inc.*, 124 F.3d 1366, 1375 (10th Cir. 1997)). | Deemed Admitted: SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law. SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |

198

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 251. | Another external force dictating the content of the System V Code was industry standards. (See Ex. 213 ¶ 103.) | **Disputed**<br><br>The infringed SV4 material was not dictated by industry standards.<br><br>(See SECTION REDACTED<br>Disputed Fact # 236; See also Ex. 22 at 182:20-25, 184:18-186:13, 189:2-190:11, 191:12-25, 198:13-20; | Deemed Admitted: To the limited extent it purports to controvert the fact IBM states in the referenced paragraph, the material referred to by SCO does not support SCO's statement. The declaration of Dr. Cargill (SCO Ex. 11) referenced is untimely. |
| 252. | At the time SV4 was created, there was already in place a substantial body of formal industry standards and numerous textbooks specifying a wide variety of details for any UNIX implementation. (Ex. 215 ¶¶ 19-24, 55-57, 86-87.) The standards included, among others, (a) the /usr/group standards effort that began in 1984, (b) the System V Interface Definition (SVID), (c) the X/Open Portability Guide, and (d) the POSIX Standard (1988). (Ex. 213 ¶ 50; Ex. 215 ¶ 55.) Rochkind's Advanced UNIX Programming (1985) and Tanenbaum's Operating Systems Design and Implementation (1987) are two examples of textbooks with substantial detail, including many of the details of the UNIX interface found in header files. (Ex. 215 ¶ 55.) | **Disputed**<br><br>SCO disputes IBM's assertion that the infringed UNIX material was dictated by any industry standards at the time of its creation. The infringed SV4 material was not dictated by industry standards.<br><br>SECTION REDACTED<br><br>.(See Disputed Fact # 236, 251;<br><br>The SVID was a document authored and distributed by SCO's predecessor, AT&T and was derived from UNIX System V—hence, System V Interface Definition.<br><br>SECTION REDACTED<br><br>Furthermore, IBM fails to identify which standards purportedly "dictate" what aspects of the infringed UNIX material. Short of providing this information, there is a question of material fact as to whether the standards alleged by IBM actually contain the information in question. | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. The declaration of Dr. Cargill (SCO Ex. 11) referenced is untimely. |

199

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 253. | Industry standards also came from the U.S. Government, which required in Federal Information Processing Standard 151-I (April 1989) that UNIX-like systems developed or acquired for government use be POSIX compatible. (See Ex. 213 ¶ 52.) | Disputed/Immaterial<br><br>SCO does not dispute the issuance of the cited standard.<br><br>However, SCO disputes that the cited standard constrained any of the expression in the infringed UNIX material.<br><br>**SECTION REDACTED**<br><br>Disputed Fact # 236.).<br><br>Furthermore, material does not lose copyright protection simply because governmental regulations require its use. (See, e.g., *CCC Information Servs., Inc. v. MacLean Hunter Market Reports, Inc.*, 44 F.3d 61 (2d. Cir. 1994)). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 254. | AT&T (which owned UNIX at the time of SVr4's creation) was an active participant in the standards setting and standard promulgation process. (Ex. 215 ¶¶ 24-26.) For example, the System V Interface Definition (1985) indicates "AT&T considers its participation in the /usr/group effort to be an important activity and many of the ideas exchanged in that forum are reflected in this document". (Id. ¶ 55.) | Undisputed<br><br>AT&T's participation in the creation of such "standards" shows that they were not external constraints on AT&T's creativity, but based on AT&T's pre-existing expression. (See Disputed Facts # 251-52.). | Undisputed. |

200

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 255. | De facto standards have arisen from published documents dating to the earliest days of UNIX. (Ex. 215 ¶ 57.) For example, errno.h and signal.h (two of the items in question) date from the early to mid 1970s and had been published in many different sources (e.g., UNIX Programmer Manuals, published first by Bell Labs and subsequently by various commercial publishers) in addition to the universally available header files. (Id. ¶ 57.) | **Disputed/Unsupported/Incomplete**<br><br>SCO disputes IBM's assertion to the extent it implies that such "de facto standards" constrained the expression in the infringed UNIX material. Rather, the material in a "de facto standard" only becomes such a standard after its creation. The infringed SV4 material was not dictated by external constraints at the time it was created. (See Disputed Fact # 236.).<br><br>IBM fails to identify what code contained in errno.h and signal.h have been published in what sources, which raises a genuine issue of material fact.<br><br>SCO disputes, and IBM has not supported, IBM's legal implication that mere publication, subject to copyright restrictions in the publishing text, constitutes a license to use the protected material.<br><br>Furthermore, IBM's claim of a "de facto" standard highlights the fact that this information has not been standardized in any formal sense. Even if IBM was correct that a "de facto" standard negated the protectability of particular expression under copyright law, there is a question of fact as to what expression is subject to this "de facto" standardization. | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

201

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 256. | The System V Code was further dictated by programming practice. (Ex. 213 ¶ 103.) | **Disputed** <br><br> The infringed SVr4 material was not dictated by external constraints at the time it was created. (See Disputed Fact # 236.) UNIX programming practice was based on AT&T-created code. AT&T was not constrained by such practices. | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. Further, the material referred to by SCO does not support SCO's statement. |
| 257. | Standard programming practice indicates, for example, that names used in code ought to be brief and mnemonic (to make the code easy to read); that values used in a sequence of defined statements should be sequential small numbers, or sequential powers of 2 (1, 2, 4, 8, etc.); that function signatures specify the function name, number and types of inputs and the type of the output; and that data structure should group meaningful collections of data. All of these programming practices are evident in the System V Code. (See Ex. 213 ¶¶ 44-49.) | **Undisputed/Immaterial** <br><br> IBM's vague assertions do not indicate that any particular expressions of the infringed UNIX material were dictated by any programming practice or other external constraint. They were not. (See Disputed Fact # 236.) | Undisputed. |
| 258. | The memory allocation code claimed by SCO is dictated by the programming practice of implementing a well-known "first-fit" memory allocation algorithm. (Ex. 175 at 82; Ex. 214 ¶ 94.) | **Disputed** <br><br> SCO's claimed memory allocation code was not dictated by any particular programming practice. <br><br> SECTION REDACTED <br><br> Disputed Fact # 236; <br><br> (See | Deemed Admitted: The material referred to by SCO does not support SCO's statement because it does not address the programming practice externality. |

202

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 259. | The System V Code was dictated by industry demand. (Ex. 215 ¶¶ 50-53, 86-87, 99-122.) | **Disputed** <br><br> The expression of the infringed UNIX material was not dictated by any external constraint, including "industry demand." (See Disputed Fact # 236.). <br><br> SCO also disputes IBM's assertion to the extent IBM implies that the demand for a product like UNIX somehow excuses copying the infringed UNIX material. (See, e.g., Positive Software Solutions, Inc. v. New Century Mortgage Corp., 259 F.Supp.2d 531, 536 n. 9 (N.D. Tex. 2003)). | **Deemed Admitted:** The material referred to by SCO does not support SCO's statement because it does not address the industry demand externality. |
| 260. | The UNIX customer base consists of both those who simply use UNIX and the application programs that run on it, and those whose business is to develop new application programs. (Ex. 106 at 2-3.) | Undisputed | Undisputed. |
| 261. | Those who use applications require that their existing applications continue to work. The same group also demands consistency across header files in different versions of UNIX in order to avoid significant complications. (Ex. 215 ¶¶ 13-14, 52-56 & n.5.) | **Disputed/Unsupported** <br><br> SCO disputes that any "industry demand" arising from purported consumer desire to run applications written for UNIX on other operating system did, or could have, constrained the expression in the infringed UNIX material at the time it was created. (See Disputed Fact # 236). <br><br> IBM's cited source does not support such an assertion. <br><br> Furthermore, such demand is legally irrelevant. (See Disputed Fact # 259.). | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

203

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 262. | Those developing new applications produced their own industry demand. (Ex. 215 ¶¶ 13-14, 21, 42, 50, 52.) In order to create application programs that run on UNIX, developers must have access to the header file material they need in a familiar form that is easy to use. (Id. ¶ 74.) | **Disputed**<br><br>IBM's purported "industry demand" could and did not affect the content of the infringed header file material *when it was created*. (See Disputed Fact # 236.) Nor does such demand require that competing *operating system* programmers be able to use any header file material.<br><br><br>SECTION REDACTED<br><br><br>Furthermore, such demand is legally irrelevant. (See Disputed Fact # 259.). | **Deemed Admitted:** SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law. |
| 263. | This demand from industry has a direct consequence for the header files of any new version of UNIX (like SV4 in 1989); those header files must be consistent with the header files that have been used in previous versions of UNIX. (Ex. 215 ¶¶ 52-56.) In other words, header files with the form and content found in SV4 must be made available in order to enable third parties to write applications that can run on it. (Id. ¶ 74.) | **Disputed**<br><br>IBM's purported "industry demand" does not affect the content of the header file material *when it is created*. (See Disputed Fact # 236, 261-62.).<br><br>Furthermore, such demand is legally irrelevant. (See Disputed Fact # 259.). | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 264. | The developers of SVr4 did not decide on their own either the form or content of the header files; they had to supply what was needed by developers, and they had to supply it in a form that developers would find familiar and convenient to use. (Ex. 215 ¶¶ 20-23, 51-53.) That form and content had long been established through decades of prior UNIX development and it was manifest in the header files of earlier UNIX versions. (Id. ¶ 21.) | Disputed<br><br>SCO disputes IBM's assertion to the extent it implies that the expression of the infringed UNIX material was dictated by external constraints at the time it was created. (See Disputed Fact # 236.) The infringed UNIX material was created by AT&T developers without external constraint. (See Disputed Fact # 236<br><br>SECTION REDACTED | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. The declaration of Dr. Cargill (SCO Ex. 11) referenced is untimely. |
| 265. | SECTION REDACTED | Undisputed/Immaterial<br><br>SECTION REDACTED | Undisputed. |
| 266. | SECTION REDACTED | Undisputed/Immaterial | Undisputed. |

205

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 267. | SECTION REDACTED | **Disputed**<br><br>SECTION REDACTED | It is undisputed that System V Code is comprised of ideas, procedures, processes, systems, or methods of operations.<br><br>Deemed Admitted: SCO's statement regarding its failure to specifically identify such material does not refer to any portion of the record on which SCO relies. |
| 268. | The nature of the System V Code is such that it can only be expressed in at most a few ways. (Ex. 215 ¶ 60.) | **Disputed**<br><br>SCO disputes IBM's assertion. There are many ways to express the ideas embodied in the infringed UNIX material. (See Disputed Fact # 236; SECTION REDACTED | Deemed Admitted: SCO's statement does not refer with particularity to those portions of the record on which SCO relies. SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The declaration of Dr. Cargill (SCO Ex. 11) referenced is untimely. |
| 269. | The System V Code is inextricably linked to the ideas that underlie it. (Ex. 215 ¶¶ 21-25, 33.) | **Disputed**<br><br>There are many ways to express the ideas embodied in the infringed UNIX material. (See Disputed Fact # 236; SECTION REDACTED | Deemed Admitted: The material referred to by SCO does not support SCO's statement. SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The declaration of Dr. Cargill (SCO Ex. 11) referenced is untimely. |

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 270. | The ideas expressed by header files are, given the limits of the C programming language and the need for compatibility, expressible in at most only a few ways. (Ex. 213 ¶ 60.) It is as if SCO did not claim the actual idea of the mathematical function 'division', but did claim the name of the function as well as the parameters (A ÷ B = C). Just as there are only a few practical ways to express and name "division", there are at most a few ways to express and name the claimed materials in the header files at issue. (Ex. 213 ¶ 60; Ex. 214 ¶ 90.) All of the header file names at issue are merged with the files' functions, such as "errno.h", which assigns error numbers; "strings.h", which manipulates "strings" of characters (the universal computer term for sequences of text); and "ipc.h", which facilitates inter-process communications. (Ex. 226 ¶ 8.) | **Disputed**

There are many ways to express the ideas embodied in the infringed UNIX material. (See Disputed Fact # 236;

**SECTION REDACTED**

Whereas the term "division" has long been accepted in the English language as the only term to define the mathematical process of dividing number by other numbers, the # define names in the infringed SV4 material were original creations by AT&T programmers, who just as easily could have used numerous other very different names.

Also, there are many different parameters that could be used to perform the same functions performed by the system call signatures in the infringed SV4 material. (See Disputed Fact # 236; SECTION REDACTED

Even IBM's expert concedes that there are many choices in naming a system call. See Ex. 22 at 76:18-20.

**IBM Ex. 226, David Mazieres declaration:** This source is contradictory and otherwise improper. (See Disputed Fact # 45.). | Deemed Admitted: The material referred to by SCO does not support SCO's statement. SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The declaration of Dr. Cargill (SCO Ex. 11) referenced is untimely. |

207

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 271. | Leaving aside specific choices of names and numbers, there is really only one way of defining names to stand for numbers. Practically speaking, names have to be short, meaningful and easy to remember, while the values usually have to be small consecutive integers or powers of two (i.e., 1, 2, 4, 8, . . .) for efficiency of processing and memory use. (Ex. 214 ¶ 90.) | **Undisputed**<br><br>IBM's caveat ("[l]eaving aside specific choices of names and numbers") removes protectable expression from consideration.<br><br>SECTION REDACTED<br><br>There are numerous ways to express the ideas embodied in the infringed SV4 material. (See Disputed Fact # 236.). | Undisputed. |
| 272. | The memory allocation code claimed by SCO is an implementation of a well-known algorithm for allocating and freeing blocks of memory. (Ex. 214 ¶ 95; Ex. 215 ¶ 116.)<br><br>SECTION REDACTED | **Disputed**<br><br>The particular implementation of a first-fit algorithm employed in the infringed SV4 material is protectable expression. (See Disputed Facts # 236, 258.). | Deemed Admitted. Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

208

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 273. | SCO claims copyright protection for a function that simply copies characters from a source to a destination. | **Disputed/Unsupported**<br><br>IBM's puzzling assertion is completely unsupported, and too vague for SCO to submit a meaningful response.<br><br>However, to the extent IBM uses the term "function" to mean a "purpose" or "task," SCO does not claim copyright protection for any such abstract element. (See Disputed Fact # 236;<br><br>**SECTION REDACTED** | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 274. | Item 185 in SCO's Final Disclosures concerns code that had been distributed in versions of UNIX (e.g., 32V) that are in the public domain. (Ex. 214 ¶¶ 94-96; Ex. 215 ¶¶ 116-17.) | **Disputed**<br><br>SCO disputes IBM's legal conclusion that the material in Item 185 is in the public domain. IBM's expert has withdrawn his prior legal conclusion that such material was in the public domain. (See Disputed Fact # 232;<br><br>**SECTION REDACTED** | **Deemed Admitted:** The material referred to by SCO does not support SCO's statement. The portion of Dr. Kernighan's deposition cited by SCO in its response to IBM fact ¶ 232 states that Dr. Kernighan did not offer any legal opinion on the public domain doctrine itself—not that he did not apply the doctrine, as explained to him, to the facts within his expertise. |
| 275. | The System V Code lacks even de minimis originality. The System V Code is without creativity. (See Ex. 214 ¶¶ 55, 88; Ex. 213 ¶¶ 39-43, 68-69.) | **Disputed/Unsupported**<br><br>IBM's assertion is false. The infringed UNIX material shows at least a minimal degree of creativity, and is the product of thought, judgment, and intellectual production. (See Disputed Fact # 236, 220:19-24.)<br><br>Furthermore, IBM's experts base their conclusions on "originality" on an arbitrary and undisclosed standard that does not evaluate whether work is the product of thought, judgment, intellectual production, or a minimum degree of creativity. (See Ex. 22 at 203:23-208:10, 216:4-217:4.). | **Deemed Admitted:** The material referred to by SCO does not support SCO's statement. SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The testimony of Dr. Cargill referred to consists of inadmissible expert opinion that applies incorrect law.<br><br>The facts stated in IBM's referenced paragraph are fully supported by the cited material. |

209

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 276. | With one exception, the System V Code is composed of header files (See Ex. 215 (Ex. H.)), which consist of three mechanisms: #define statements, function prototypes and structure declarations. (Ex. 213 ¶¶ 27-28.) | Undisputed | Undisputed. |
| 277. | The function prototypes do not provide any information about how the function is implemented, and implementations are likely to differ on different systems. (Ex. 213 ¶¶ 33, 43.) SCO claims function prototypes whose names and parameters are determined by the procedures or processes that they invoke. (See id. ¶¶ 40, 43.) | **Disputed** <br><br> The expression in function prototypes that constitute part of the infringed UNIX material is not dictated by any external constraint and is not necessary to perform a particular procedure, process, or task. (See Disputed Fact # 236; <br><br> SECTION REDACTED | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. IBM's statement in the referenced paragraph does not concern external constraints. |

210

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 278. | The header files at issue contain `#define` statements that routinely pair a set of mnemonic names with sequentially incremental values. (See Ex. 213 ¶¶ 39-40.) The `#define` statements specify significant values, conventions, shorthands, abbreviations and the like, which will be utilized in other processes. (See id. ¶¶ 28, 40.) The names cited in the SUS Material are shorthands or abbreviations for values or conditions that an operating system or a program might have to process. (Id. ¶ 39.) The name has only mnemonic significance for programmers. (Id.) Each occurrence of the name anywhere in a source program is replaced by the numeric value during compilation. Virtually all of the numeric values in the header files cited by SCO are sequences of consecutive integers, often beginning at 0 or 1, or they are sequential bit patterns (i.e., consecutive powers of two) that permit combinations of information to be compactly encoded. (Id. ¶ 40.) | **Disputed**<br><br>SCO disputes IBM's assertion to the extent it implies that the creation of names, assignment of names to values, and ordering of names and values in # define statements do not represent creativity and originality. (See Disputed Fact # 236.)<br><br>SCO disputes IBM's assertion to the extent it implies that the names, assignment of names to values, and ordering of names and values in # define statements do not express information to programmers. See Disputed Fact # 239. | Deemed Admitted. Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

211

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 279. | Few of the structure declaration files contain more than a dozen members and the majority of them have fewer than six. (Ex. 213 ¶ 42.) The names of the structures and their members are shorthand and the comments elaborate them. Particular expressions are common in the kinds of structures at issue. (Id.) It is very common for such structures to include elements like message types, message lengths and message contents. (Id.) | **Disputed**<br><br>SCO disputes IBM's statement that "[p]articular expressions are common in the kinds of structures at issue" to the extent it implies that the expression in the infringed structure declarations was not original or was stock, standard, or common at the time AT&T created such expression. None of the "particular expressions" in the infringed UNIX material were stock, standard, or common at the time AT&T created such expressions. (See Disputed Fact # 236.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 280. | The header files that are not in the Linux kernel are no more expressive than those in the kernel. (Ex. 213 ¶¶ 39-43, 76-77; Ex. 214 ¶ 59.) The ELF files (including those not in the Linux kernel) represent one of only a handful of possible implementations of a few rudimentary functions (Item 272). (Ex. 213 ¶ 77.) | **Disputed**<br><br>SCO disputes IBM's assertion to the extent it implies the there are only a handful of ways to express the ideas embodied in the ELF material, or any other infringed UNIX material. There are many ways to express the ideas embodied in the infringed UNIX material. (See Disputed Fact # 236.). | Deemed Admitted:  SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |

212

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 281. | SECTION REDACTED | **Disputed**<br><br>SECTION REDACTED | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |
| 282. | The Linux Code is found in 12 files. (See Ex. 214 (Ex. 4).) | **Undisputed**<br><br>This is undisputed to the extent the "Linux Code" refers only to literal source code residing within the Linux kernel. | Undisputed. |
| 283. | Those files were created independently of the System V Code. (Ex. 215 ¶¶ 69-79, 90-92, 106, 122 (Ex. A).) | **Disputed**<br><br>SCO disputes IBM's assertion that the infringing Linux material, including the "Linux Code," was created independently.<br><br>SECTION REDACTED<br><br>Disputed<br><br>Facts # 30-33, 98.).<br><br>SECTION REDACTED | Deemed Admitted: SCO's statement fails to identify material facts of record because it refers to and relies upon material not disclosed in Its Final Disclosures. Furthermore, the material referred to by SCO does not support SCO's statement. Dr. Kernighan s statement expressed only his inability to derive probabilities requested by SCO's counsel. |

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| | SECTION REDACTED | |
| | IBM's own experts did not consider the relevant indicia of copying in forming their opinions. In fact, when asked about the likelihood that the | |

214

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | | nearly identical code was independently created rather than copied, Brian Kernighan replied that he didn't know, that he had "no way to assess that." (See Ex. 22 at 3-7, 268:12-269:16.).<br><br>SECTION REDACTED | |
| 284. | SCO has not offered any evidence that the individuals who developed the Linux Code copied code from UNIX System V in writing the disputed files. Nor has it offered any evidence that they had access to System V code when the files in question were authored. | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that SCO has not shown evidence that the infringing Linux material was copied from the infringed UNIX material. SCO has offered ample evidence showing that the infringing Linux material was copied from the infringed SVr4 material, and IBM has not even attempted to support its assertion to the contrary. (See Disputed Facts # 30-33, 283.).<br><br>SCO disputes IBM's assertion that Linux programmers did not have access to the infringed UNIX material.<br><br>SECTION REDACTED<br><br>Disputed Fact # 283.). | Deemed Admitted. The material referred to by SCO does not support SCO's statement. SCO cites no evidence relating to the individuals who developed the Linux code. |

215

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 285. | The evidence indicates that Linux Code was written or created independently of SCO and its alleged copyrights, and therefore independently of the System V Works. (Ex. 215 ¶¶ 70-73, 90-93.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion. The evidence shows that Linux programmers copied the infringing Linux material from the infringed UNIX material. (See Disputed Facts # 283-84.). | Deemed Admitted: SCO's statement does not refer with particularity to those portions of the record on which SCO relies. Additionally, SCO cites no evidence relating to the individuals who developed the Linux code. |
| 286. | IBM propounded an interrogatory asking SCO to disclose the identity of the authors of the allegedly infringed files and the facts relating to their creation. SCO did not offer any meaningful response; it stated only that they were created by SCO or its predecessors in interest. (See Ex. 43 at 16-18.) | **Disputed**<br><br>SCO disputes that its response to the cited interrogatory was not "meaningful." (See Disputed Fact # 167.). | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed facts that: (a) IBM propounded an interrogatory asking SCO to disclose the identity of the authors of the allegedly infringed files and the facts relating to their creation; and (b) SCO stated only that they were created by SCO or its predecessors in interest. |

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 287. | Some of the System V Code plainly was not created by SCO or its predecessors or derived from their UNIX code. (Ex. 215 ¶¶ 79, 92.) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that the infringed UNIX material was not created by SCO or its predecessors. The infringed UNIX material is original to AT&T, a predecessor of SCO. (See Disputed Fact # 236.).<br><br>IBM's cited source improperly focuses on differences between the infringing Linux material and the infringed UNIX material and does not support the conclusion that the similarities between the two are not the result of copying. (*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 945 (10th Cir. 2002)).<br><br>Furthermore, even if IBM could show that individual elements were not created by SCO or its predecessors, the original selection, coordination, and arrangement of these pieces into SVr4 was original expression of AT&T. | Deemed Admitted: The material referred to by SCO does not support SCO's statement. |

217

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 288. | In 1994, USL, SCO's alleged predecessor in interest, and Berkeley Software Design Inc. ("BSD"), settled a lawsuit in which USL had alleged that BSD's version of UNIX violated USL's copyrights. (Ex. 485 at 2.) Under the express terms of the Settlement Agreement, certain UNIX files alleged by SCO to be infringed, specifically header files strings.h, syslog.h and utmpx.h, were declared to be copyrighted by BSD, not USL. (Id. at 8-9 (Ex. C at 5, 14, 16).) Among the files declared to be owned by BSD are files that SCO claims it owns and that it claims IBM somehow infringes (Items 217-18, 223, 229-30). (Ex. 43 at 17-18; Ex. H).) SECTION REDACTED | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that the Settlement Agreement between USL and BSD (the "BSD Agreement") declared that any material was "copyrighted by BSD, not USL." The BSD Agreement provides that USL did not "waiv[e] any of its proprietary rights." (See IBM Ex. 485 at 8.).<br><br>SCO also disputes IBM's implication that the BSD Agreement somehow allows the use of infringed UNIX material in Linux. USL agreed that Berkeley and others could copy certain files, on the condition that a specifically prescribed USL copyright notice accompanied such files. (IBM Ex. 485 at 8-9, Ex. F.) The BSD Agreement expressly included a press release containing the following: "Although it has denied the University's claims, USL has also agreed to affix the University's copyright notice to certain files distributed with future releases of the UNIX system and to give credit to the University for material derived from BSD releases which have been included in the UNIX System." Linux does not include the required copyright notices. IBM Ex. 485 at 8-9, Ex. D at 4, Ex. F.). | Deemed Admitted: Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. SCO's statement regarding what material was "copyrighted by BSD, not USL" does not refer to any portion of the record on which SCO relies, and the remainder of SCO's statement consists of irrelevant references to restrictions placed on USL-derived material (not BSD-derived). |

218

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 289. | Additionally, lines of code claimed by SCO on 26 of the 29 SUS Material items and 13 of the 15 Streams Material items appeared in BSD's product "4.4BSD-Lite" (Items 150-54, 156-57, 159-64, 183-84, 205-12, 214-24, 226, 228-31). (Ex. 215 (Ex. H).) 4.4BSD-Lite was published shortly after the settlement of its litigation with USL resulting in "a new, unencumbered version" of the previously-contested BSD UNIX product. (Ex. 485 at 11 (Ex. D at 1).) | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that 4.4 BSD-Lite was "unencumbered" in the sense that material contained therein could be used in contravention of the terms of the BSD Agreement. The 4.4 BSD-Lite system was not "unencumbered" in the sense that material contained therein could be used in contravention of the terms of the BSD Agreement. (See Disputed Fact # 288.) Use of material in Linux does not comply with the requirements of the BSD Agreement. (See id.).<br><br>Furthermore, IBM provides no documentation to support its assertion that "the 29 Material items and 13 of the 16 Streams Material items appeared in BSD's product '4.4 BSD-Lite,'" which, at a minimum, creates a material issue of fact as to whether this is true.<br><br>To the extent that USL settled claims regarding the 4.4BSD product, that settlement related specifically to BSD and did not grant any rights to use material in Linux. | Deemed Admitted. Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. The facts stated in IBM's referenced paragraph are fully supported by the cited material. IBM cites Ex. H to an expert report by Drs. Kernighan and Davis which shows that lines of code in 26 of the 29 SUS Material items and in 13 of the 15 Streams Material items appeared in "4.4BSD-Lite". (IBM Ex. 215 (Ex. H).) |

219

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 290. | Products derived from BSD's 4.4BSD-Lite product have continued to evolve (see, e.g., Ex. 393), and are outside the control of SCO and its alleged predecessors. | **Disputed/Unsupported**<br><br>SCO disputes IBM's assertion that any material included in 4.4 BSD-Lite is "outside the control of SCO." The BSD Agreement allows use of UNIX material only under certain conditions. (See Disputed Fact # 288.). The use of UNIX material within Linux does not comply with such conditions. (Id.).<br><br>IBM's cited source does not support IBM's legal conclusion that all material contained in 4.4BSD-Lite is "outside the control of SCO and its alleged predecessors." | **Deemed Admitted:** Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed facts that: (a) products derived from BSD's 4.4BSD-Lite product have continued to evolve; and (b) SCO and its alleged predecessors have never publicly exerted control over these products. |
| 291. | A recent BSD product, FreeBSD 6.0 (released in 2005) (Ex. 393), included lines of code from all but one item concerning the SUS Material, and all but one of the Streams Material items (Items 150-54, 156-64, 183-84, 205-24, 226-31). (Ex. 215 (Ex. H).) | **Disputed**<br><br>SCO disputes IBM's assertion to the extent it implies that the presence of UNIX material in FreeBSD 6.0 somehow grants IBM a license to use UNIX material in Linux. The fact that a contemporary release of BSD contains code that infringes SCO's copyrights is not relevant. IBM produces no evidence to suggest that the lines of code included in FreeBSD 6.0 are subject to the USL-BSD settlement agreement or otherwise relevant. | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. SCO's statement does not refer to any portion of the record on which SCO relies. |

220

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 292. | SCO even alleges infringement of code that appeared in BSD products that pre-date the creation of System V Release 4.2 and 4.2-ES-MP, the copyrights alleged to be infringed by the SUS Material. (Ex. 377.) Code from more than half (16 out of 29) of the items concerning the SUS Material and all but two of the Streams Material items appeared in BSD net/2 (Items 150-53, 156-64, 208-12, 214, 218, 220-21, 223, 226, 228, 230-31). (Ex. 215 (Ex. H).) None of these files was removed from BSD products following the settlement of BSD's litigation with USL. (Ex. 215 (Ex. H).) | **Disputed/Immaterial**<br><br>SCO disputes IBM's assertion to the extent it implies that the presence of UNIX material in Net/2 somehow grants IBM a license to use UNIX material in Linux. Whether material appeared in Net/2, a product created by an AT&T licensee, is irrelevant to whether use of such material in Linux infringed SCO's copyrights. Such material was created by AT&T, not the Net/2 developers. (See Ex. 22 at 198:13-20.)<br><br>SECTION REDACTED<br><br>As stated above, use of material in Linux does not comply with the conditions of the BSD Agreement. (See Disputed Fact # 288.). | **Deemed Admitted:** Nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. The declaration of Dr. Cargill (SCO Ex. 11) referenced is untimely. |
| 293. | SCO's allegations of misuse with regard to specification documents (Items 273-78) lay claim to material that is not owned by SCO. (See Ex. 213 ¶ 64.) | **Disputed**<br><br>SCO does not claim copyright in the material in Items 273-78.<br><br>SECTION REDACTED | IBM acknowledges that SCO abandons all copyright in the material in Items 273-78. |
| 294. | The allegedly infringed specification document material includes 239 segments of material relating to the X Windows System, which SCO neither owns nor controls. (Ex. 213 ¶ 64; Ex. 214 (Ex. 5).) | **Disputed**<br><br>SCO does not claim copyright in the material in Items 273-78. (See Disputed Fact # 293.). | IBM acknowledges that SCO abandons all copyright in the material in Items 273-78. |

221

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 295. | The X Windows System is currently owned by and has its origins in work done at M.I.T. in the early 1980s. The 1985 license for X Windows (Version 10) states: Permission to use, copy, modify and distribute this documentation for any purpose and without fee is hereby granted, provided that the above copyright notice appears in all copies and that both that copyright notice and this permission notice appear in supporting documentation, and that the name of M.I.T. not be used in advertising or publicity pertaining to distribution of the software without specific, written prior permission. M.I.T. makes no representations about the suitability of the software described herein for any purpose. It is provided "as is" without express or implied warranty. This software is not subject to any license of the American Telephone and Telegraph Company or of the Regents of the University of California. (Ex. 213 ¶ 64 & n.9.) | **Undisputed** SCO does not claim copyright in the material in Items 273-78. (See Disputed Fact # 293.). | IBM acknowledges that SCO abandons all copyright in the material in Items 273-78. |

222

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 296. | In the APA between Santa Cruz and Novell, Novell sold some but not all of its UNIX assets to Santa Cruz. (Ex. 239 ¶ 10.) For example, Novell sold and Santa Cruz acquired certain source code and binaries to Novell's UNIX and UnixWare products and all technical, design, development, installation, operation, and maintenance information concerning UNIX and UnixWare. (Ex. 123 (Schedule 1.1 (a) at 1).) | **Disputed** SCO disputes IBM's assertion that Novell did not sell all its UNIX assets to Santa Cruz under the APA. (See Disputed Fact # 35.). | **Deemed Admitted:** The material referred to by SCO does not support SCO's statement. SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |
| 297. | However, under Schedule 1.1(b) of the APA, Novell retained "[a]ll copyrights and trademarks, except for the trademarks UNIX and UnixWare", "[a]ll [p]atents", and "[a]ll right, title and interest to the SVRx Royalties, less the 5% fee for administering the collection thereof". (Ex. 239 ¶ 10; Ex. 123 (Schedule 1.1(b) at 2).) | **Disputed** Novell did not retain any copyrights to UNIX under the APA or Amendment No. 2 thereto. (See Disputed Facts # 35-38.). As discussed above and in Disputed Fact # 298, Schedule 1.1(b) of the APA was amended by Amendment No. 2 to assure (to the extent that such transfer was not already clear) that copyrights related to UNIX and UnixWare were included in the transfer from Novell to Santa Cruz. (See IBM Ex. 444.). | **Deemed Admitted:** The material referred to by SCO does not support SCO's statement. Schedule 1.1(b) of the APA lists as "Excluded Assets" the material quoted in IBM's paragraph. SCO's statement does not refer with particularity to any portions of the record on which SCO could rely to dispute this fact. |

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 298. | On October 16, 1996, Novell and Santa Cruz executed Amendment No. 2 to the APA. (Ex. 239 ¶ 6.) Amendment No. 2 modifies Section V.A of Schedule 1.1(b) to provide that Excluded Assets include: "All copyrights and trademarks, except for the copyrights and trademarks owned by Novell as of the date of the Agreement required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies." (Ex. 444.) Amendment No. 2 did not transfer the copyrights. (Ex. 199 at 5-8; Ex. 163 ¶ 17.) | **Disputed**<br><br>SCO disputes IBM's legal conclusion that that "Amendment No. 2 did not transfer the copyrights." (Disputed Facts # 35-38.).<br><br>The Amadia declaration referenced by IBM is facially flawed as it claims that "Amendment No. 2 was not intended to alter the APA's copyright exclusion" when Amendment No. 2 clearly does alter the copyright exclusion regarding copyrights "required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies." (IBM Ex. 163 ¶ 17.). | Deemed Admitted: The material referred to by SCO does not support SCO's statement. |
| 299. | Neither Amendment No. 2 nor the APA identifies "the copyrights and trademarks owned by Novell as of the date of the Agreement required for SCO to exercise its rights with respect to the acquisition of UNIX and UnixWare technologies". (See Ex. 123; Ex. 444; Ex. 163 ¶ 18.) | **Disputed**<br><br>The transferred UNIX copyrights were identified in the APA and/or Amendment No. 2 thereto. (See Disputed Fact # 35, 37). | Deemed Admitted: The material referred to by SCO does not support SCO's statement. SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |
| 300. | Neither Amendment No. 2 nor the modified APA contains any language concerning a grant, transfer, or assignment of copyrights. (See Ex. 123; Ex. 444; Ex. 163 ¶ 18.) | **Disputed**<br><br>IBM's statement is simply false. (See Disputed Fact # 301.).<br><br>IBM's purported fact is a legal conclusion, not appropriately included as a material fact, that is addressed in Disputed Facts # 34-38, 298, 301. | Deemed Admitted: SCO's statement does not refer with particularity to those portions of the record on which SCO relies. |
| 301. | Section 1.1(a) of the APA provides that certain assets "will" be transferred. (Ex. 123.) Neither Amendment No. 2 nor the modified APA provides a date | **Disputed**<br><br>SCO disputes IBM's implication that Novell's UNIX assets were never transferred to Santa | Deemed Admitted: Nothing in SCO's statement specifically controverts with admissible evidence meeting the requirements of Rule 56 the undisputed fact that neither the APA nor |

224

| IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|
| for any purported transfer of copyrights. (See Ex. 123, Ex. 444.) | Cruz, as explained below.<br><br>In full, § 1.1(a) of the APA provides that:<br><br>SECTION REDACTED<br><br>(IBM Ex. 123 § 1.1(a)).<br><br>Section 1.7 of the APA includes subsection (c), which provides that:<br><br>SECTION REDACTED<br><br>(IBM Ex. at 123 § 1.7).<br><br>To the extent that the original transfer of copyrights to the UNIX software was unclear, Amendment No. 2 contemplates the further action required by § 1.7 of the APA, and in fact, takes such action. Accordingly, Novell's UNIX copyrights were transferred to SCO—if not as part of the original APA—as of the closing date | Amendment 2 provides a date for actual transfer of copyrights. The portion of § 1.1(a) quoted by SCO specifically excludes from assignment the assets set forth in Schedule 1.1(b), which includes the disputed copyrights. |

225

| ¶ | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | | set forth in the APA, ab initio, or, in the alternative, as of the execution of Amendment No. 2. (See IBM Ex. 444, Disputed Facts # 34-38.). | |
| 302. | In May 2002, Caldera International joined with other Linux vendors, Conectiva, Inc., SuSE Linux AG and Turbolinux, to form UnitedLinux. (Ex. 221 ¶ 94; Ex. 106 at 4; Ex. 348.) | Undisputed | Undisputed. |
| 303. | SECTION REDACTED | **Disputed**<br><br>SECTION REDACTED | Deemed Admitted: SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The cited evidence referred to is not based on personal knowledge and is hearsay relating to others' understanding. Nothing in SCO's statement regarding whether UNIX code was intended to be assigned specifically controverts the fact that rights to the UnitedLinux product were assigned. The material referred to by SCO does not support SCO's statement. |
| 304. | SECTION REDACTED | **Undisputed**<br><br>SECTION REDACTED | Undisputed. |

226

| | IBM's Statement | SCO's Response | | IBM's Reply |
|---|---|---|---|---|
| 305. | SECTION REDACTED | Disputed/Unsupported<br><br>SECTION REDACTED | | Deemed Admitted: SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The cited evidence referred to is not based on personal knowledge and is hearsay relating to others' understanding. Nothing in SCO's statement regarding whether UNIX code was intended to be assigned specifically controverts the fact that rights to the UnitedLinux product were assigned. The material referred to by SCO does not support SCO's statement.<br><br>The facts stated in IBM's referenced paragraph are fully supported by the cited material. SCO does not (and cannot) cite any part of the Love Declaration (IBM Ex. 221) or the UnitedLinux JDC (IBM Ex. 474) that supports SCO's exclusion of the UnitedLinux kernel from the assignment. |

227

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 306. | Any "Pre-Existing Technology and Enhancements" retained by Caldera pursuant to the above assignment do not include any of SCO's intellectual property rights in the System V Code or the Linux Code. (Ex. 221 ¶¶ 94-102; Ex. 474 (Ex. C) at SCO1170566-74.) | **Disputed** <br><br> SCO does not dispute that the "Pre-Existing Technology and Enhancements" referred to in Exhibit C to the JDC does not include any of the disputed material at issue. <br><br> SCO disputes IBM's assertion that any technology not referred to in Exhibit C to the JDC was assigned to UnitedLinux. (See Disputed Facts # 114-16, 118, 305.). | **Deemed Admitted:** SCO's statement fails to identify material facts of record meeting the requirements of Rule 56. The cited evidence referred to is not based on personal knowledge and is hearsay relating to others' understanding. Nothing in SCO's statement regarding whether UNIX code was intended to be assigned specifically controverts the fact that rights to the UnitedLinux Linux product were assigned. The material referred to by SCO does not support SCO's statement. |
| 307. | • <br><br> **SECTION REDACTED** <br><br> • • <br><br> • • • | Undisputed | Undisputed. |

| # | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| | Volution CDs) <br> • brand command and associated policy manager daemon [for_pmd and API libraries[] <br> • Caldera OpenLinux DocView infrastructure for delivery of on line documentation. <br> • Software Licensing subsystem from Caldera Open UNIX and OpenServer operating systems[.] (Ex. 474 (Ex. C) at SCO1170569-70.) <br> (Ex. 221 ¶ 101.) | | |
| 308. | Therefore, under the terms of the JDC that created UnitedLinux, SCO did not retain ownership over any of the materials created by UnitedLinux, including the UnitedLinux 1.0 release that was based on the Linux 2.4 kernel and that contained the Linux Code. (Ex. 221 ¶ 102.) | **Disputed/Unsupported** <br><br> SCO disputes IBM's conclusion that SCO did not retain ownership over UNIX material that became part of UnitedLinux 1.0. <br><br> The language of the UnitedLinux Joint Development Contract, referred to in the Love Declaration, provides: <br><br><br> SECTION REDACTED <br><br><br> The Love Declaration merely parrots the language of the JDC, albeit inaccurately, and is therefore more properly a legal question and not a factual question. Therefore, other than the above Pre-Existing Technology, all of Caldera's intellectual property rights in the Software developed by | Deemed Admitted: SCO's statement largely does not refer to any portion of the record on which SCO relies. Further, nothing in SCO's statement specifically controverts IBM's facts with admissible evidence meeting the requirements of Rule 56. |

229

| | IBM's Statement | SCO's Response | IBM's Reply |
|---|---|---|---|
| 1 | | UnitedLinux, were assigned to UnitedLinux and are owned by UnitedLinux." (IBM Ex. 221 (Love Declaration, ¶102)). IBM has not shown that the infringed UNIX material was "developed by UnitedLinux."<br><br>There is a question of fact as to what Software was developed by Caldera pursuant to the JDC, that is, what material was developed by UnitedLinux over and above what already existed in the Linux kernel at the time UnitedLinux began building upon it.<br><br>Alternatively, the JDC merely provides that "Software, developed pursuant to the JDC" "shall be assigned." It does not purport to assign the intellectual property in the software, nor does it specify a date on which such transfer would or should occur. (IBM Ex. 474 § 8.2.). | |