| | |
|---|---|
| Brent O. Hatch (5715) | Stephen N. Zack (admitted pro hac vice) |
| HATCH, JAMES & DODGE, PC | BOIES, SCHILLER & FLEXNER LLP |
| 10 West Broadway, Suite 400 | Bank of America Tower – Suite 2800 |
| Salt Lake City, Utah 84101 | 100 Southeast Second Street |
| Telephone: (801) 363-6363 | Miami, Florida 33131 |
| Facsimile: (801) 363-6666 | Telephone: (305) 539-8400 |
| | Facsimile: (305) 539-1307 |
| Robert Silver (admitted pro hac vice) | |
| Edward Normand (admitted pro hac vice) | Stuart Singer (admitted pro hac vice) |
| BOIES, SCHILLER & FLEXNER LLP | BOIES, SCHILLER & FLEXNER LLP |
| 333 Main Street | 401 East Las Olas Blvd. |
| Armonk, New York 10504 | Suite 1200 |
| Telephone: (914) 749-8200 | Fort Lauderdale, FL 33301 |
| Facsimile: (914) 749-8300 | Telephone: (954) 356-0011 |
| | Facsimile: (954) 356-0022 |

Devan V. Padmanabhan (admitted pro hac vice)
John J. Brogan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiff, The SCO Group, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | **SCO'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND ITS DECEMBER 2005 SUBMISSION**<br><br>Case No. 2:03CV0294DAK<br><br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

I.  IBM'S EFFORT TO AVOID THE MERITS OF SCO'S MOTION TO AMEND ON PROCEDURAL GROUNDS SHOULD BE REJECTED. .............. 1

II. SCO HAS DEMONSTRATED COMPELLING REASONS FOR THE PROPOSED AMENDMENT. ................................................................................. 3

    A.    SCO Acted Reasonably and Without Any Bad Faith Regarding the Expert Opinions at Issue. ......................................................................... 3

    B.    SCO's Amendment Would Not Prejudice IBM ........................................ 4

    C.    SCO Would Be Prejudiced if its Motion to Amend Is Not Granted. ........ 6

    D.    The Information at Issue Is Fully Disclosed in SCO's Expert Reports .... 7

    E.    IBM's Opposition and Claims of Prejudice Are Unreasonable Under the Circumstances ................................................................................... 7

CONCLUSION ............................................................................................................................... 9

CERTIFICATE OF SERVICE ................................................................................................. 10

i

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

Hertz v. Luzenac Am., Inc.,
   No. CIVA04CV1961LTBCBS, 2006 WL 994431 (D. Colo. April 13, 2006)........... 1, 5

Hussain v. Principi,
   344 F. Supp. 2d 86 (D.D.C. 2004) ............................................................................... 6

Karbon v. Turner,
   No. 91-C-337, 1991 WL 319976 (E.D. Wis. Dec. 16, 1991) (unpublished
   decision)................................................................................................................. 2, 5

Kern River Gas Transmission Co. v. 6.17 Acres of Land,
   156 Fed. Appx. 96 (10th Cir. 2005) ............................................................................ 6

Lynchval Systems Inc. v. Chicago Consulting Actuaries, Inc.,
   No. 95-1490, 1996 WL 735586 (N.D. Ill. Dec. 19, 1996) ........................................... 5

Pub. Serv. Co. of N.H. v. Westinghouse Elec. Corp.,
   685 F. Supp. 1281 (D.N.H. 1988) ........................................................................... 2, 5

Roadway Exp., Inc. v. Piper,
   447 U.S. 752 (1980) .................................................................................................... 7

Scott v. IBM Corp.,
   196 F.R.D. 233 (D.N.J. 2000)..................................................................................... 2

Starlight Int'l, Inc. v. Herlihy,
   186 F.R.D. 626 (D. Kan. 1999) .................................................................................. 7

United States v. Golyansky,
   291 F.3d 1245 (10th Cir. 2002)............................................................................... 1, 6

Wolfson v. Lewis,
   168 F.R.D. 530 (E.D. Pa. 1996)............................................................................. 2, 5

**Statutes and Rules**

DUCivR 7-1(b)(1) ........................................................................................................... 1

**PRELIMINARY STATEMENT**

SCO has filed both this Motion to Amend Its December 2005 Submission and Objections to the Order Granting IBM's Motion to Confine. Although IBM seeks to downplay the differences between the two Motions, and has even responded to both in the same opposition brief, they involve different standards. The propriety of the Magistrate Judge's Order on IBM's Motion to Confine is not at issue on this Motion. Rather, SCO filed this Motion because the trial date has been vacated in this matter, and therefore, permitting the amendment at issue would serve the well-established public interest in having cases resolved on their merits, while avoiding any prejudice to IBM in responding on the merits. Accordingly, SCO respectfully requests that the Motion to Amend be granted.

**ARGUMENT**

**I.   IBM'S EFFORT TO AVOID THE MERITS OF SCO'S MOTION TO AMEND ON PROCEDURAL GROUNDS SHOULD BE REJECTED.**

In opposition to SCO's Motion to Amend, IBM argues (at 12) that "SCO does not identify any legal basis for its motion to amend, which is by itself fatal to SCO's application." SCO does identify the legal basis for the instant Motion, as well as the standard to be applied, in accordance with Local Rule DUCivR 7-1(b)(1). SCO cites case law throughout its Opening Memorandum supporting the relief sought in the Motion. See, e.g., United States v. Golyansky, 291 F.3d 1245, 1250 (10th Cir. 2002) (holding that the "concept of prejudice" to a defendant opposing such a motion "does not encompass the expense of additional trial preparation" and that prejudice should be found only where there is some evidence that a delayed disclosure impacted a party's ability to prepare its case); Hertz v. Luzenac Am., Inc., No. CIVA04CV1961LTBCBS, 2006 WL 994431, at *21 (D. Colo. April 13, 2006) ("The

absence of a fixed trial date affords a greater ability to cure any prejudice to the parties and minimizes the possibility of future disruption of the District Court's docket."); Scott v. IBM Corp., 196 F.R.D. 233, 247 n.9 (D.N.J. 2000) (holding that, "simply because [evidence] was untimely discovered and turned over does not warrant its exclusion," and permitting such evidence where the plaintiff had shown no bad faith in the revelation of the additional evidence); cf. Wolfson v. Lewis, 168 F.R.D. 530, 533 (E.D. Pa. 1996) (granting motion to amend where defendant would suffer no prejudice due to continuance of trial date); Karbon v. Turner, No. 91-C-337, 1991 WL 319976, at *2 (E.D. Wis. Dec. 16, 1991) (unpublished decision) (holding that "relaxation of the scheduling order" would not unduly prejudice defendants or interfere with the administration of justice because the trial date was six months away and the parties had adequate time to complete discovery); Pub. Serv. Co. of N.H. v. Westinghouse Elec. Corp., 685 F. Supp. 1281 (D.N.H. 1988).  Under these decisions, a party should be permitted to rely on additional evidence at trial where the delayed disclosure was not in bad faith, where it did not prejudice the opposing party, and where the moving party would be prejudiced by its exclusion – particularly where there is no set trial date or the trial schedule had already been extended.[1]

      Aside from a passing reference (at 31) to the decision in Scott v. IBM (which IBM does not even mention by name), IBM makes no effort either to distinguish these decisions or otherwise explain why they should not apply to SCO's Motion to Amend.  Instead, IBM argues

---

[1] The fact that SCO has not cited a specific rule of procedure governing amendment of the December Submission should neither be surprising to IBM nor the bar to relief that IBM wants it to be.  SCO's December Submission was prepared in compliance with a unique procedural stage of the case set by the Court in response to a request by IBM.  No rule specifically provided for the technical submissions, and thus, no rule governs their amendment.  The authorities set forth above, ignored by IBM, provide for allowance of amendment under circumstances such as those present here.

(at 31) that SCO must present "extremely compelling reasons" because the Court's scheduling order provides that the schedule will not be modified except in such circumstances. This argument overlooks the fact that the scheduling order has <u>already been modified</u>; that SCO's Motion to Amend is a <u>response to that modification</u>; and that SCO's Motion to Amend would <u>not require any further extension of the trial date</u> other than what has already occurred. Accordingly, SCO's motion to amend is not a "modification" of the scheduling order, and thus, would not require a showing of "extremely compelling circumstances."[2] In addition, as set forth below, even if the motion were subject to this standard, <u>SCO has demonstrated extremely compelling reasons for the motion to be granted</u>.

## II. SCO HAS DEMONSTRATED COMPELLING REASONS FOR THE PROPOSED AMENDMENT.

### A. SCO Acted Reasonably and Without Any Bad Faith Regarding the Expert Opinions at Issue.

In its Opening Memorandum, SCO set forth the reasons for its interpretation of the scheduling order and why SCO did not include the expert opinions at issue in its December Submission. SCO further explained why that interpretation was reasonable and not made in bad faith. In response, IBM simply argues that its own interpretation of the scheduling order is correct and that the expert opinions at issue should have been disclosed in the December Submission. SCO has rebutted those arguments (in SCO's Reply in Support of Its Objections). Moreover, IBM has made no showing that SCO's interpretation was unreasonable or that SCO acted in bad faith. To the contrary, SCO has explained why it interpreted the scheduling order

---

[2] IBM also analogizes (at 12) SCO's motion to a motion to amend its <u>complaint</u>, which is not a fair or accurate analogy. This motion simply relates to additional evidence and analysis supporting SCO's claims, and does not in any way change SCO's existing claims against IBM.

3

as it did, and there is no basis for IBM to say that SCO's interpretation of the scheduling order was in any way motivated by bad faith.

### B. SCO's Amendment Would Not Prejudice IBM.

SCO's Motion to Amend is based on the fact that, in light of the previous trial date being vacated and the Court's expressed intent to try the SCO v. Novell matter first, the parties would have sufficient time to complete any needed (and limited) discovery. IBM addresses this argument in a single paragraph (at 25), asserting without support that preparing a defense to the material at issue "would take no less than an additional year with the benefit of fact and expert discovery." An additional year of fact discovery, however, would give IBM substantially more time than it would have had if the challenged information had been included in SCO's December Submission, when IBM contends it should have been disclosed.

Under the initial trial schedule, the December Submissions were filed on December 22, 2005; initial expert reports were due on April 14, 2006; and opposing expert reports were due on May 19, 2006. Thus, under the original schedule, IBM would have had only five months between receiving the December Submission and submitting its rebuttal expert reports addressing the material at issue.[3] The Court has decided that trial in this matter will proceed after trial in the SCO v. Novell matter, which is set for September 2007. If the trial in this matter were to proceed at the earliest possible juncture, trial is at least eight months away. This gives IBM far more time than the time it would have had between receiving the December

---

[3] These deadlines were later adjusted, such that initial expert reports were ultimately due on May 19, 2006, and opposing expert reports were due on July 16, 2007; even under the adjusted deadlines, IBM would have had under seven months from the time it received the December Submission to file its rebuttal expert reports analyzing and opposing the material at issue.

4

Submission and submitting expert reports on the material at issue, and substantially more than the five months of delay between December 2005, when IBM contends it should have received the material at issue, and May 2006, when the expert opinions at issue were incontrovertibly made known to IBM. Moreover, in addition to the time between the granting of SCO's Motion and the ultimate trial in this matter, IBM has now had nearly a year since May 2006 – during which time IBM simply chose to try to exclude SCO's evidence rather than to take discovery, respond on the merits, or seek leave for the additional time it now contends it needed to respond on the merits.[4] These facts put some perspective on the standard IBM has in mind in claiming undue "prejudice."[5]

The remainder of IBM's arguments as to prejudice ignore the substantially altered circumstances of the changed trial schedule since the original briefing on IBM's Motion to Confine. Courts are more willing to permit the inclusion of additional evidence in a party's case when that evidence would not delay the trial schedule. See Hertz, 2006 WL 994431, at *21; cf. Karbon, 1991 WL 319976, at *2; Wolfson, 168 F.R.D. at 533; Pub. Serv. Co. of N.H., 685 F. Supp. 1281. The case cited by IBM on this point, Lynchval Systems Inc. v. Chicago

---

[4] As discussed in SCO's Reply in Support of Its Objections, a party in IBM's position cannot try to so preserve a claim of prejudice by simply declining to seek discovery (such as by not asking questions at deposition) regarding matters that the party asserts to be new material.

[5] IBM wrongly argues that granting SCO's motion would require "redoing summary judgment briefing." IBM raised virtually every imaginable argument in connection with the Tenth Counterclaim motion, and those arguments regarding ownership of copyrights, licenses, estoppels and the like are independent of the expert opinions at issue. IBM elected not to make any arguments about non-literal infringement – but it did so even regarding non-literal infringement theories based on the items in the December Submission. With respect to the contract motion, IBM's arguments (except for new arguments raised in its reply papers) are independent of the scope of SCO's expert opinions. In addition, IBM could seek leave to file a supplemental summary judgment brief to the extent it believes the expert reports impact the summary judgment motions, but certainly the summary judgment briefing would not need to be "redone."

Consulting Actuaries, Inc., No. 95-1490, 1996 WL 735586, at *9 (N.D. Ill. Dec. 19, 1996), is inapposite because the court in that case held that reopening discovery would "compound the delay until trial." Here there has been no such showing.[6]

Moreover, the Tenth Circuit has made clear that "prejudice should only be found where a delayed disclosure impacted a party's <u>ability</u> to prepare its case. Golyansky, 291 F.3d at 1250. Here, there is no evidence that IBM's <u>ability</u> to prepare a respond to this evidence has been impacted by the delay.

### C.    SCO Would Be Prejudiced if its Motion to Amend Is Not Granted.

SCO has shown that if the Magistrate Judge's Order on IBM's Motion to Confine is upheld and SCO's instant Motion is denied, SCO would be prejudiced because it would not at trial be able to present the theories of non-literal copying and other expert opinions excluded by that Order. IBM has not refuted SCO's showing of prejudice. Rather, IBM cites two sanctions cases, apparently in an attempt to show that such prejudice should nevertheless be imposed.[7] However, these sanctions cases all turn on very different circumstances, including the requirements that the party's failure to comply with an order was in bad faith, and that the opposing party was prejudiced – factors which, as shown above, are simply not present here.

---

[6] The other case cited by IBM, Kern River Gas Transmission Co. v. 6.17 Acres of Land, 156 Fed. Appx. 96, 100, 103 (10th Cir. 2005), is equally irrelevant. In that case, the court excluded the expert testimony because the party's expert witness had not appeared for his noticed deposition; the party had not provided any Rule 26 expert report; the discovery period had ended; and trial was just two months away. Clearly, these circumstances are different.

[7] In addition to the sanctions cases, IBM also cites Hussain v. Principi, 344 F. Supp. 2d 86 (D.D.C. 2004), which is inapposite. In that case, plaintiff's prior counsel had conducted no discovery. The defendant moved for summary judgment after the close of fact discovery and the plaintiff moved to reopen fact discovery because he had obtained new counsel. The court denied the request. This decision has no bearing on the admissibility at trial of discrete expert opinions already identified to IBM.

Roadway Exp., Inc. v. Piper, 447 U.S. 752 (1980) (remanding in part because "the trial court did not make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers."); Starlight Int'l, Inc. v. Herlihy, 186 F.R.D. 626 (D. Kan. 1999).

### D. The Information at Issue Is Fully Disclosed in SCO's Expert Reports

The Expert Opinions and analysis SCO seeks leave to add by amendment has been known to IBM since May 2006, as they were fully set forth in SCO's expert reports. If SCO's motion is granted, nothing more need be added by SCO. In response to this, IBM only takes issue with the material in Marc Rochkind's report. IBM argues (at 33): "That is also not true, as illustrated by 73 of the additional files added by Mr. Rochkind." This argument overlooks the fact that these files are not additional misused material. Rather, as SCO has made clear in its past briefing on this issue (which IBM continues to ignore), Mr. Rochkind referenced these additional materials simply to show that a contributor of challenged testing technology, which was identified in the December Submission, worked in that testing area for IBM and made substantial contributions to Linux.

### E. IBM's Opposition and Claims of Prejudice Are Unreasonable Under the Circumstances

SCO submits that, considered in perspective, IBM's opposition to SCO's Motion is unreasonable. By even the most aggressive estimate, given the timing of the SCO v. Novell trial and the Court's busy schedule with many other cases, the IBM trial would not be held until the end of 2007. At bottom, then, IBM insists that it will suffer "incurable prejudice"

sufficient to deny SCO's Motion to Amend notwithstanding that the following will be true by the time of trial:

- IBM will have been of the view that SCO alleges in this case that Linux is a derivative work of UNIX System V under the copyright laws for over <u>four years</u>.

- IBM will have known of the relevance of the UNIX System V system calls and Streams to the comparison of Linux and UNIX System V for <u>two years</u>.

- IBM will have known SCO's expert's final analysis of how Linux is a derivative work of UNIX System V under the copyright laws for <u>over eighteen months</u>.

- IBM will have had an opportunity to depose SCO's expert on his analysis of how Linux is a derivative work of UNIX System V <u>over three months</u> after IBM received that analysis.

- IBM will have had an opportunity to have its experts respond to SCO's expert on his analysis of how Linux infringes UNIX System V copyrights <u>over three months</u> after IBM received that analysis.

- IBM will have had an opportunity to depose, or seek further to depose, SCO's expert on his analysis of how Linux is a derivative work of UNIX System V <u>over a year</u> before the trial begins.

- IBM similarly will have had an opportunity to depose SCO's other experts on their analysis of allegedly "new material" <u>over three months</u> after IBM received those analyses and <u>over a year</u> before the trial begins.

SCO submits that under such circumstances IBM's claim of undue prejudice is incorrect, is no basis for denying SCO's Motion to Amend, and finds no support in any remotely analogous cases, whether cited by IBM or not.

## CONCLUSION

SCO respectfully requests, for the reasons set forth above and in SCO's Opening Memorandum, that the Court grant SCO's Motion to Amend Its December 2005 Submission.

DATED this 19th day of March, 2007.

                                HATCH, JAMES & DODGE, P.C.
                                Brent O. Hatch
                                Mark F. James

                                BOIES, SCHILLER & FLEXNER LLP
                                Robert Silver
                                Stuart H. Singer
                                Stephen N. Zack
                                Edward Normand

                                DORSEY & WHITNEY LLP
                                Devan V. Padmanabhan
                                John J. Brogan


                                *Counsel for The SCO Group, Inc.*

                                By:  _____/s/ Edward Normand_____

**CERTIFICATE OF SERVICE**

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing was served on Defendant/Counterclaim-Plaintiff, International Business Machines Corporation, on this 19th day of March 2007, via CM/ECF to the following:

> David Marriott, Esq. (dmarrriott@cravath.com)
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York 10019
>
> Todd Shaughnessy, Esq. (tshaugnessy@swlaw.com)
> Snell & Wilmer LLP
> 1200 Gateway Tower West
> 15 West South Temple
> Salt Lake City, Utah 84101-1004

/s/ Edward Normand