# EXHIBIT 6

# Snell & Wilmer
#### L.L.P.
##### LAW OFFICES

15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
(801) 257-1900
Fax: (801) 257-1800
www.swlaw.com

Todd M. Shaughnessy (801) 257-1937
tshaughnessy@swlaw.com

February 12, 2004

SALT LAKE CITY, UTAH

PHOENIX, ARIZONA

TUCSON, ARIZONA

IRVINE, CALIFORNIA

DENVER, COLORADO

LAS VEGAS, NEVADA

***VIA FACSIMILE AND MAIL***
Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

***VIA FACSIMILE AND MAIL***
Mark J. Heise
BOIES, SCHILLER & FLEXNER, LLP
One International Place
100 SE Second Street, Suite 2800
Miami, Florida 33131

   *Re: SCO v. IBM*

Dear Brent and Mark:

   This responds to Kevin McBride's letter to me dated February 11, 2004.

   As I have advised Kevin, IBM is generally agreeable to an order limiting the parties' public statements regarding the litigation, as suggested by Judge Wells. Based upon SCO's statements in chambers on February 6, 2004, and Kevin's statements to me, however, it appears that SCO is not agreeable to the entry of such an order. If that is in fact SCO's position, then we would appreciate your just saying so without invoking misplaced concerns of conspiracy between IBM and third parties. Contrary to Kevin's suggestion, which is entirely unsupported, IBM is not causing any third party (including those listed in Kevin's letter), through "funding" or otherwise, to make statements on its behalf about the litigation.

   We understand that SCO is concerned about the public's criticism of its case. But there is nothing we can do about that, especially since, as you know, we believe SCO's allegations are meritless and public criticism deserved. Unless SCO is prepared to withdraw its claims, the best way, in our judgment, for SCO to avoid public criticism is to cease making public statements about its case. The criticism SCO seeks to avoid directly derives, after all, from its own public relations efforts. So long as the limitation is reciprocal, IBM is prepared to limit its own statements about the case. Like Judge Wells, we see no reason for this case to be tried in the press.

285330.1

Snell & Wilmer is a member of LEX MUNDI, a leading association of independent law firms.

Snell & Wilmer
L.L.P.

Brent O. Hatch
Mark J. Heise
February 12, 2004
Page 2

    As you know, the parties are not entitled to know the identity of one another's non-testifying consultants. Thus, insofar as Kevin's letter requests that IBM unilaterally disclose the identity of its non-testifying experts, it seeks improperly to invade the privilege. If, instead, SCO is proposing that the parties jointly waive the privilege and exchange the names of all of their non-testifying consultants, please let me know and we will consider the proposal. What we can tell you without waiving the privilege is that, as suggested above, IBM has neither retained nor authorized any non-testifying consultant to speak on its behalf about this litigation (again, including the persons listed in Kevin's letter).

    We believe the parties should report back to Judge Wells promptly on this issue, and we would appreciate hearing back from you by noon tomorrow.

Very truly yours,

Todd M. Shaughnessy

cc:    Kevin McBride (by facsimile)
       David Marriott
       Amy Sorenson

285330.1