# EXHIBIT 21

SNELL & WILMER, L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000



FILED

26 MAR 04 PM 1:54

DISTRICT OF UTAH

BY:_____

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **DEFENDANT/COUNTERCLAIM-PLAINTIFF IBM'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS**<br><br>Civil No. 2:03CV0294 DAK<br><br>Honorable Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

291693.1

123

Pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure, Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM"), through its undersigned counsel, submits this Motion for Leave to File Amended Counterclaims.

On the last day to amend pleadings, SCO submitted a motion to amend its complaint against IBM (for a second time) and to amend its answer to IBM's counterclaims. Without objection by IBM, the Court granted SCO's motion, and SCO submitted its Second Amended Complaint on February 27, 2004 and its Amended Answer on March 11, 2004.

In its Second Amended Complaint, SCO abandons any claim that IBM misappropriated SCO's trade secrets, but SCO adds four counts to its case. Most notably, SCO's new pleading changes the theory and scope of its case by adding claims that (1) IBM is infringing the copyrights SCO purports to own concerning certain Unix operating system software (Count 5); and (2) IBM improperly interfered with a contract between SCO and Novell, Inc. (Count 8).

In response, IBM seeks to: (1) add claims for declaration of noninfringement of copyright; (2) add additional allegations to its present claim for copyright infringement; (3) based on its continuing investigation, drop one of its claims of patent infringement; and (4) otherwise update its factual allegations.

Insofar as the claims IBM seeks to assert are responsive to SCO's new pleading, IBM would ordinarily be entitled to submit them as of right. See Fed. R. Civ. P. 15(a); 3 James W. Moore, et al., Moore's Fed. Prac. § 15.17[6] (3d ed. 1999) ("[W]hen a plaintiff's amended complaint changes the theory of the case, it would be inequitable to require leave of court before the defendant could respond with appropriate counterclaims."); Trailon Corp. v. Cedarapids,

Inc., 966 F. Supp. 812, 832 (N.D. Iowa 1997) (holding that defendant "was entitled to a 'fresh start' in answering Plaintiffs' Second Amended Complaint" because "it would be inequitable to entertain the Plaintiffs' Second Amended Complaint without permitting [defendant] to completely plead anew").

Since SCO's Second Amended Complaint and Amended Answer were not filed until after the deadline to amend pleadings, however, there is some uncertainty as to whether leave of the court is required for IBM to amend its counterclaims in response to SCO's new pleading. While we do not believe that leave of court should be required, IBM hereby respectfully requests leave to amend its counterclaims.

A request to amend the pleadings after the expiration of the scheduling order deadline should be granted (1) for good cause shown; and (2) where the requirements of Rule 15(a) are satisfied. See Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001). Good cause exists where the movant can show "good faith on its part and some reasonable basis for not meeting the deadline".[1] See Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995). Leave to amend is "freely given" under Rule 15(a) when justice so requires.[2] See Foman v. Davis, 371 U.S. 178, 182 (1962).

---

[1] Courts routinely find 'good cause' where, as here, recently discovered information gives rise to the proposed amendments. See Pumpco, 204 F.R.D. at 669 (good cause shown where "plaintiff has pointed to new information recently discovered or disclosed which forms the bases for the additional claims"); Deghand, 904 F. Supp. at 1222 (good cause shown where plaintiff recently discovered a letter supporting new claims).

[2] In Las Vegas Ice and Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990), the Tenth Circuit described the factors relevant in granting leave to amend. Courts in the Tenth Circuit consider whether: (1) the amendment will result in undue prejudice; (2) the request was unduly and inexplicably delayed; (3) the amendment was offered in good faith; (4) the party had sufficient opportunity to state a claim and failed; and (5) the party seeking amendment knows or should have known of the relevant facts at the time of the original complaint. Id.

There is good cause to permit IBM to amend its counterclaims, and leave to amend should be freely given, because: (1) the proposed amended counterclaims are responsive to claims filed by SCO after the deadline to amend pleadings; (2) IBM did not have all of the information on which the amended counterclaims are based until very recently; (3) the amended counterclaims are brought in good faith and without a dilatory purpose; (4) IBM did not previously have sufficient opportunity to include the proposed new allegations; and (5) the filing of the amended counterclaims will not result in undue prejudice to anyone and is in the interests of justice.

Undersigned counsel hash conferred with counsel for SCO regarding this motion, and counsel for SCO has stated that SCO does not oppose the filing of the proposed amended counterclaims, subject only to its right to respond to the amended counterclaims in the ordinary course (i.e., by answer or motion to dismiss).

For the foregoing reasons, IBM respectfully requests that this Court permit IBM to amend its counterclaims as set forth in the proposed pleading attached hereto.

DATED this 26th day of March, 2004.

SNELL & WILMER L.L.P.

/s/ *signature*

Alan L. Sullivan
Todd M. Shaughnessy

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

4

291693.1

Of counsel:

MORGAN & FINNEGAN LLP
Chrstopher A. Hughes
Richard Straussman
345 Park Avenue
New York, NY 10154
(212) 758-4800

INTERNATIONAL BUSINESS MACHINES CORPORATION
Donald J. Rosenberg
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff International
Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2004, a true and correct copy of the foregoing **DEFENDANT/COUNTERCLAIM-PLAINTIFF IBM'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS** was hand delivered to the following:

> Brent O. Hatch
> HATCH, JAMES & DODGE, P.C.
> 10 West Broadway, Suite 400
> Salt Lake City, Utah 84101

and sent by U.S. Mail, postage prepaid, to the following:

> Stephen N. Zack
> Mark J. Heise
> BOIES, SCHILLER & FLEXNER LLP
> 100 Southeast Second Street, Suite 2800
> Miami, Florida 33131

> Kevin P. McBride
> 1299 Ocean Avenue, Suite 900
> Santa Monica, California 90401

6

291693.1