# ADDENDUM A

**<u>Selected Copyright Principles</u>**

1.    A party cannot assert copyright infringement over materials it does not own.  <u>See</u> <u>Tuff 'N' Rumble Met, v. Profile Records. Inc.</u>, No. 95 Civ. 0246,1997 WL158364, at *3 (S.D.N.Y. April 2, 1997) (granting summary judgment dismissing copyright infringement claim where "Tuff has not met its burden of proving it is the owner of a valid copyright").

2.    Plaintiff bears the burden of showing it is the author of the copyrighted material. <u>Community for Creative Non-Violence v. Reid</u>, 490 U.S. 730, 737, 109 S. Ct. 2166, 2171, 104 L.Ed.2d 811(1989) (holding that to show ownership of a valid copyright, a party must show it is the party "who actually create[d] the work" by "translating] an idea into a fixed, tangible expression entitled to copyright protection").

3.    A defendant does not infringe if it has a valid license to exercise those rights that are claimed to be infringing.  <u>See</u> <u>Bourne v. Walt Disney Co.</u>, 68 F.3d 621, 632 (2d Cir. 1995) (affirming finding of no infringement where defendant "was licensed by [plaintiff] to exploit the copyrighted compositions in connection with its motion pictures").

4.    An idea is unprotectable.  <u>See</u> <u>Country Kids' N City Slicks. Inc. v. Sheen</u>, 77 F.3d 1280, 1286 (10th Cir. 1996) ("we conclude that the district court correctly characterized the wooden form of the traditional paper doll as an [unprotectable] idea rather than a protected expression").

5.    Material that is a procedure, process, system, or method of operation is unprotectable.  <u>See</u> <u>Mitel, Inc. v. Iqtel, Inc.</u>, 896 F. Supp. 1050, 1055 (D. Colo. 1995) ("command codes" held unprotectable in part where they "are simply a procedure, process, system, and method of operation").

6.    Material that is a concept, principle, or discovery is unprotectable.  <u>See</u> <u>Gates Rubber Co. v. Bando Chem. Indus., Ltd.</u>, 9 F.3d 823, 833 (10th Cir. 1993) (stating that "[i]n no case does copyright protection for an original work of authorship extend to any . . . concept, principle, or discovery" (quoting 17 U.S.C. 102(b))).

7.    Material that is unoriginal is unprotectable.  <u>See</u> <u>Mitel, Inc. v. Iqtel, Inc.</u>, 124 F.3d1366, 1373 (10th Cir. 1997) ("registers" and "descriptions" held unprotectable because "Mitel used such minimal effort and judgment to select the 'registers' and 'descriptions' that they are unoriginal under section 102(a))").

8.    Material that can be expressed in only a limited number of ways is unprotectable. <u>See</u> <u>Bavstate Tech., Inc. v. Bentlev Svs., Inc.</u>, 946 F. Supp. 1079, 1087-88 (D. Mass. 1996) (names given to computer file held unprotectable because "the name of a file is typically related to its function.  A file that controls or creates color has a name in which some form of the word 'color' appears.  In that case, the name of a file, 'color', merges with the idea or function of the file, 'to create a color'").

9.    Material that is dictated by the compatibility requirements of other programs with which it is designed to interact is unprotectable.  See Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 715 (2d Cir. 1992) (list of services required for job scheduling program was unprotectable because it was "dictated by the nature of the other programs with which it was to interact. . . .").

10.    Material that is dictated by programming standards is unprotectable.  See Computer Access Tech. Corp. v. Catalyst Ent. Inc., C-00-4852, 2001 WL 34118030, at *16 (N.D. Cal. June 13, 2001) (Protocol analyzer GUI's "use of horizontal bars to depict test data and results [held unprotectable because it] derives from USB standards and industry practice.").

11.    Material that is dictated by standard programming practices is unprotectable.  See Mitel, Inc. v. Iqtel, Inc., 124 F.3d 1366, 1375 (10th Cir. 1997) (certain values held unprotectable where "[s]tandard programming conventions such as '1' for 'on' and '0' for 'off' determined some of the descriptions and values.").

12.    Material that is dictated by computer hardware design standards is unprotectable. See NEC Corp. & NEC Electronics, Inc. v. Intel Corp., No. C-84-20799, 1989 WL67434, at *16 (N.D. Cal. Feb. 6,1989) (work held unprotectable because "the expression of NEC's microcode was constrained by the use of the macroinstruction set and hardware of the 8086/88").

13.    Material that is dictated by the practices and/or demands of the industry being serviced is unprotectable.  See Mitel, Inc. v. Iqtel, Inc., 124 F.3d 1366, 1375 (10th Cir. 1997) (certain "values" held unprotectable where "many of the values were selected by Mitel's product management department in response to customer demand or to ensure compatibility with equipment already installed in the central offices of Mitel's customers").

14.    Material found in the public domain is unprotectable.  See Harbor Software, Inc. v. Applied Systems, Inc., 925 F. Supp. 1042, 1051 (S.D.N.Y. 1996) (work held unprotectable because these "steps are contained in computer programming books and therefore constitute standard techniques found in every database program").

15.    Material is not infringing if it is not substantially similar to the copyrighted work. See Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 714 (2d Cir. 1992) (affirming district court finding of no infringement where "'there remained virtually no lines of code that were identical'").

16.    To claim non-statutory damages for copyright infringement, a plaintiff must show that it was injured by the alleged infringement.  See Getaped.Com, Inc. v. Cangemi, 188 F. Supp. 2d 398, 404 (S.D.N.Y. 2002) (affirming magistrate's recommendations rejecting claim for actual damages where plaintiff "failed to offer sufficient evidence to show a causal connection between its losses and defendants' infringement.").

17.     Where the material infringed is minimal in relation to the infringing work as a
        whole, damages may be scaled down accordingly.  <u>See</u> <u>Cream Records, Inc. v.
        Jos. Schlitz Brewing Co.</u>, 754 F.2d 826, 828 (9th Cir. 1985) (affirming district
        court award of "[o]ne-tenth of 1 percent" of defendant's profits where the
        infringed material was "miniscule").

18.     The availability of suitable alternatives and substitutes may be used to reduce the
        amount of damages.  <u>See</u> <u>Lawton v. Melville Corp.</u>, 116 F.3d 1472, 1997
        WL346129, at *1 (Table) (2d Cir. 1997) (affirming district court decision using
        "the availability of alternative suitable photographs" as a factor in determining
        reasonable royalty damages).

19.     Actual damages are not available where plaintiff has suffered no harm.  <u>See</u>
        <u>Lawton v. Melville Corp.</u>, 116 F.3d 1472, 1997 WL 346129, at *1 (Table) (2d
        Cir.1997) (holding that "[w]here, as here, there is no evidence that market value
        of the copyright owner's work was diminished as a result of the infringement, a
        trial court may properly refuse to award actual damages").

20.     Some remedies are unavailable to the plaintiff where defendants derived no
        profits from the infringement. <u>See</u> <u>Brown v. McCormick</u>, 87 F. Supp. 2d 467
        (D.Md. 2000) (holding that because defendants "lost money on the Movie [which
        incorporated the infringed material], [] there are no profits to share").

## <u>Selected Questions re SCO's Copyright Claims</u>

1.      Who owns the material;

2.      Who wrote the material and when;

3.      To whom has the material been licensed, when and on what terms;

4.      Whether the material is an idea;

5.      Whether the material is a procedure, process, system or method of operation;

6.      Whether the material is a concept, principle, or discovery;

7.      Whether the material is unoriginal;

8.      Whether the material can be expressed in only a limited number of ways;

9.      Whether the material is dictated by the compatibility requirements of other programs with which a program is designed to operate in conjunction;

10.     Whether the material is dictated by programming standards;

11.     Whether the material is dictated by programming practices;

12.     Whether the material is dictated by computer hardware design standards;

13.     Whether the material is dictated by the practices and/or demands of the industry being serviced;

14.     Whether the material is in the public domain;

15.     Whether there is substantial similarity;

16.     Whether IBM has copied and distributed the material;

17.     Whether the material was offered to Linux and if so as of when;

18.     Whether the material was ever accepted into Linux;

19.     How important the material is to Linux;

20.     Whether the material has substitutes or replacements;

21.     Whether the material's presence has had any impact on SCO;

22.     Whether the material's presence in Linux has resulted in any benefit to IBM.

## <u>Selected Questions re SCO's Contract Claims</u>

1.      Who owns the material;

2.      Who wrote the material and when;

3.      To whom has the material been licensed and when;

4.      On what terms the material has been licensed;

5.      To whom the material has been disclosed and when;

6.      On what terms the material has been disclosed;

7.      Whether IBM has ever had anything to do with the material and what;

8.      Whether the material was offered to Linux and if so as of when;

9.      Whether the material was ever accepted into Linux;

10.      How important the material is to Linux;

11.      Whether the material has substitutes;

12.      Whether the material could be replaced;

13.      Whether the material's presence has had any impact on SCO;

14.      Whether the material's presence in Linux has resulted in any benefit to IBM.