# ADDENDUM D

```
 1                IN THE UNITED STATES DISTRICT COURT
 2              FOR THE DISTRICT OF UTAH, CENTRAL DIVISION
 3         ------------------------------
 4
 5                                          )
 6   SCO GROUP, INC.,                       )
                                            )
 7        Plaintiff/Counterclaim-Defendant, )
                                            )
 8        -vs-                              )   2:03-CV-294 DAK
                                            )
 9   INTERNATIONAL BUSINESS MACHINES,       )
     CORPORATION,                           )
10                                          )
          Defendant/Counterclaim-Plaintiff. )
11                                          )
12
13
14
15            BEFORE THE HONORABLE BROOKE C. WELLS
16                    DATE:  APRIL 14, 2006
17            REPORTER'S TRANSCRIPT OF PROCEEDINGS
18                      ARGUMENT ON MOTION
19
20
21
22
23
24
25                     Reporter:  REBECCA JANKE, CSR, RMR
```

1

1  they weren't provided to us, Your Honor, we are now -- we
2  are now not capable of doing the kind of work that we would
3  provide -- that we would have done if the allegations had
4  been provided to us. So, they are sitting on their
5  allegations.
6          That they have. That they are willfully doing.
7  And they are completely free to say at summary judgment,
8  when we say, "Gee, we didn't contribute that to Linux,"
9  they'll say, "Oh, yeah, it's over here. It's in that file
10 there. We didn't point those lines out to you before, but
11 it's right there."
12         We show a certain method is in the public domain.
13 Oh, we're not talking about that part of the System V
14 internals. We are not talking about that portion of NUMA.
15 We are talking about something else.
16         They are the master of their allegations, Your
17 Honor. We asked them for what their allegations were.
18 They sat on the allegations because they contend the
19 information is in Linux, but they won't tell us precisely
20 where. They contend that it derives from System V, but
21 they won't show us exactly where. They are effectively
22 throwing back to IBM the burden to figure out what it is
23 exactly they contend.
24         That, Your Honor, is improper. There is ample
25 authority, again, for the Court to enter the order we have

1  requested, to indicate that the Court's orders required the
2  disclosure of this information and that it hasn't been
3  provided. No hearing is required. It is undisputed that
4  they haven't provided the information we say is required.
5      Thank you, Your Honor.
6      THE COURT: Mr. Singer, let me just ask you --
7  and then we are going to cut this off at 1:00 o'clock --
8  but how do you address Mr. Marriott's argument that without
9  this information that you maintain custody of, the
10 allegation, that they are forced to figure it out, in
11 contravention of the Court's orders?
12     MR. SINGER: I strongly disagree with it, Your
13 Honor. If we were to introduce a new technology not
14 embraced by the 293, 198 they challenge, they object. It's
15 out of the case. If we try do come up with specific source
16 code that we should have produced now to buttress a
17 connection that we didn't disclose that we should have,
18 they could object to it at that time saying we should have
19 put it in the December submission. If there is something
20 which is so general in the 293, and they say this one is
21 too general, that we should get a summary judgment on it
22 because it is so general, it really doesn't describe a
23 method and concept, it isn't anything that isn't widely
24 known in the industry or that our people have communicated,
25 that's a summary judgment merits argument.

```
 1   requested, to indicate that the Court's orders required the
 2   disclosure of this information and that it hasn't been
 3   provided.  No hearing is required.  It is undisputed that
 4   they haven't provided the information we say is required.
 5              Thank you, Your Honor.
 6              THE COURT:  Mr. Singer, let me just ask you --
 7   and then we are going to cut this off at 1:00 o'clock --
 8   but how do you address Mr. Marriott's argument that without
 9   this information that you maintain custody of, the
10   allegation, that they are forced to figure it out, in
11   contravention of the Court's orders?
12              MR. SINGER:  I strongly disagree with it, Your
13   Honor.  If we were to introduce a new technology not
14   embraced by the 293, 198 they challenge, they object.  It's
15   out of the case.  If we try do come up with specific source
16   code that we should have produced now to buttress a
17   connection that we didn't disclose that we should have,
18   they could object to it at that time saying we should have
19   put it in the December submission.  If there is something
20   which is so general in the 293, and they say this one is
21   too general, that we should get a summary judgment on it
22   because it is so general, it really doesn't describe a
23   method and concept, it isn't anything that isn't widely
24   known in the industry or that our people have communicated,
25   that's a summary judgment merits argument.
```