SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
  *International Business Machines Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **IBM'S MEMORANDUM IN OPPOSITION TO SCO'S MOTION TO DEEM A PROSPECTIVE THIRD-PARTY DEPOSITION IN RELATED LITIGATION TO BE A DEPOSITION TAKEN IN THIS CASE AS WELL** <br><br> Civil No. 2:03CV-0294 DAK <br><br> Honorable Dale A. Kimball <br><br> Magistrate Judge Brooke C. Wells |

Defendant/counterclaim-plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum in opposition to the motion of The SCO Group, Inc. ("SCO") to deem the prospective third-party deposition of Ms. Pamela Jones, which SCO purports to seek in its litigation with Novell, to be a deposition taken in this case.

### **Argument**

More than a year after the close of fact discovery, SCO seeks to take the deposition of a third-party, Pamela Jones, whose proposed testimony SCO has not shown (and cannot show) to be relevant to this case. SCO does so despite the fact (nowhere mentioned by SCO) that the Court already ruled that it would not entertain a motion to re-open deposition discovery. Even in the absence of that ruling, however, discovery could only be re-opened (by order of the Court) upon a showing of "extremely compelling circumstances". SCO cannot establish extremely compelling circumstances to re-open discovery or otherwise justify the relief it seeks. Thus, SCO's motion to take Ms. Jones' (or any other) deposition should be denied.[1]

In support of its motion, SCO insinuates that there is an untoward connection between Ms. Jones and IBM. (SCO Br. at 3-6.) This is false. SCO offers no support for its accusations, and there is none. IBM does not necessarily agree or disagree with Ms. Jones, whose views are her own. But we do not dwell here on these or other of SCO's assertions, because SCO's motion should be denied for at least four reasons, any one of which is dispositive.[2]

---

[1] Citations to SCO's Corrected Memorandum in Support of Its Motion to Deem a Prospective Third-Party Deposition in Related Litigation to Be a Deposition Taken in This Case as Well, dated April 5, 2007, are given as "SCO Br. at __".

[2] SCO appears not to have served Ms. Jones in its litigation with Novell, though discovery in that case closes on April 30, 2007.

First, the Court already allowed SCO more than five times the number of depositions presumptively allowed by the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 30(a)(2)(A) (allowing for a default of ten depositions per side).  But in so doing the Court made clear that depositions not taken by the long-passed fact discovery deadline would be "foregone" and that no motion to extend the deadline would be entertained.  (10/7/05 Hr'g Tr. at 66 (Addendum A hereto).)  Not only did SCO not take Ms. Jones' deposition by the discovery deadline, it did not notice her deposition or give the slightest indication of its wish to depose her before the deadline.  Thus, the Court's ruling of October 7, 2005 regarding additional depositions and the discovery cut-off, as to which SCO did not appeal, forecloses SCO's present motion.  See Fed. R. Civ. P. 72(a) (requiring that objections to a magistrate judge's orders be made within ten days and providing that "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made").  And the Court recently confirmed (in response to another of SCO's belated motions concerning discovery) that discovery is closed.  (1/18/07 Hr'g Tr. at 58 (stating that re-opening discovery is not "open to question") (Addendum B hereto).)

Second, even if the Court had not already ruled that the deadline for taking depositions would not be extended, it could only be extended upon a showing of "extremely compelling circumstances".  As set out in the Court's July 2005 Scheduling Order, the deadline for taking depositions cannot be modified except upon a showing of "extremely compelling circumstances".  (7/1/05 Order at 4 (Docket No. 466); 6/10/04 Order at 3 (Docket No. 177).)  SCO has not even attempted to show extremely compelling circumstances to re-open discovery — nor can it.  Putting aside the fact that the proposed deposition testimony is irrelevant to any issue in this case (discussed below), there is no reason SCO could not have sought Ms. Jones' deposition well before discovery closed.  Groklaw has covered this case (among other issues)

3

since the spring of 2003, and SCO has been falsely accusing IBM of being behind Groklaw from essentially Groklaw's beginning.[3] (See, e.g., SCO Letter dated February 11, 2004 (accusing IBM of providing funding to Groklaw) (Addendum C hereto).)[4]

    Third, SCO has not shown, and cannot show, that Ms. Jones' testimony would be relevant (and thus potentially admissible) or even discoverable. Rule 26(b) of the Federal Rules of Civil Procedure limits the scope of discovery to "any matter, not privileged, that is relevant to the claim or defense of any party".[5] SCO purports to seek Ms. Jones' deposition "to address . . . her participation in Novell's and IBM's conduct toward SCO and the content of her website relating to SCO". (SCO Br. at 1.) According to SCO, "Ms. Jones is not an objective commentator, but rather a vehicle through which opponents of SCO have conducted their case against SCO in the court of public opinion." (SCO Br. at 1.) Even if that were true (and, at least with regard to IBM, it is not), Ms. Jones' views and the views of other Groklaw commentators

---

[3] Notably, most of the documents on which SCO relies in support of its motion were publicly available or produced to SCO long ago, before the close of fact discovery. (See, e.g., SCO's Ex. 6 (dated 2/12/04); SCO's Ex. 7 (dated 1/10/06); SCO's Ex. 10 (produced to SCO on 5/5/06); SCO's Ex. 11 (produced to SCO on 5/5/06); SCO's Ex. 12 (produced to SCO on 5/18/06); SCO's Ex. 14 (dated 12/9/03); SCO's Ex. 17 (dated 8/16/04); SCO's Ex. 18 (dated 8/13/04); SCO's Ex. 19 (dated 8/13/04); SCO's Ex. 21 (dated 3/26/04); SCO's Ex. 22 (dated 3/26/04); SCO's Ex. 23 (dated 3/30/04).)

[4] Courts have refused to allow modifications to scheduling orders under the lesser "good cause" standard based on circumstances far more deserving of a modification of the scheduling order than those at issue here. See, e.g., Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC, 219 F.R.D. 516, 520-21 (D. Colo. 2003) (refusing to re-open expert discovery four months after scheduling order deadline had passed, despite facts that plaintiff obtained new counsel in the interim and that the proposed discovery related to a "critical issue" in the case).

[5] While the federal rules allow for broad and liberal discovery, they do not allow discovery upon topics that have no bearing on the claims at issue and could never lead to admissible evidence. "[T]he requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires'." Herbert v. Lando, 441 U.S. 153, 177 (1979).

4

are their own.  And SCO has failed to show that they are relevant here – despite its burden.[6]  Moreover, SCO makes no effort to show that Ms. Jones, a reporter, has personal knowledge of any issue in dispute, which she plainly does not.[7]

<u>Finally</u>, it is difficult to see SCO's motion as anything more than an effort to intimidate an individual with whose opinions SCO disagrees and to support SCO's continued efforts to re-open discovery (<u>e.g.</u>, SCO's Motion for Reconsideration of the Court's November 29, 2006 Order seeks additional depositions, and SCO's Objection to the Magistrate Judge's Order on IBM's Motion to Confine, if sustained, would require an extraordinary amount of additional discovery).  Allowing SCO to re-open discovery at this juncture, when dispositive motions have been fully briefed and argued and the parties are preparing to make their final pretrial disclosures, would also be needlessly disruptive and unduly prejudicial to IBM, which has respected and organized its defense according to the scheduling order.  For these additional reasons, SCO's motion should be denied.

---

[6] SCO suggests that Ms. Jones may have relevant testimony because:  (1) the OSDL (of which IBM is a member) contributed money to Groklaw; (2) IBM has contributed to ibiblio, which hosts Groklaw; and (3) IBM provided Ms. Jones with a copy of some of its filings.  (SCO Br. at 3-6.)  SCO is mistaken.  During this lawsuit, the OSDL has been comprised of more than 75 members, including SCO.  (<u>See</u> SCO's Ex. 12 at 2.)  Ibiblio is a research project, which has hosted many websites.  And, it is not uncommon for a litigant to provide a reporter with a courtesy copy of a non-confidential document, as SCO has likely done in this very dispute.

[7] Where, as here, "relevancy is not apparent, . . . it is the burden of the party seeking discovery to show the relevancy of the discovery request".  <u>Mike v. Dymon, Inc.</u>, No. 95-2405, 1996 WL 674007, at *4 (D. Kan. Nov. 14, 1996) (Addendum D hereto).  Where deposition testimony sought is "merely tangential" to a claim, discovery is often denied on grounds of irrelevance.  See <u>Glaxosmithkline Consumer Healthcare, L.P. v. Merix Pharm. Corp.</u>, No. 05-436, 2007 WL 1051759, at *4 (D. Utah April 2, 2007) (Addendum D hereto); <u>see also</u> <u>Thomas v. Int'l Bus. Machs.</u>, 48 F.3d 478, 483 (10th Cir. 1995) (upholding protective order barring deposition where proposed witness "lacked personal knowledge" of the relevant facts).

**Conclusion**

For the foregoing reasons, SCO's motion to deem the prospective third-party deposition of Ms. Pamela Jones to be a deposition taken in this case as well should be denied.

DATED this 27th day of April, 2007.

SNELL & WILMER L.L.P.

 /s/ Amy F. Sorenson
Alan L. Sullivan
Todd M. Shaughnessy
Amy F. Sorenson


CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff International Business Machines Corporation*

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1133 Westchester Avenue
White Plains, New York 10604
(914) 642-3000

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2007, a true and correct copy of the foregoing, together with the addenda thereto, were electronically filed with the Clerk of the Court and delivered by CM/ECF system to the following:

>Brent O. Hatch
>Mark F. James
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101
>
>Robert Silver
>Edward Normand
>BOIES, SCHILLER & FLEXNER LLP
>333 Main Street
>Armonk, New York  10504
>
>Stephen N. Zack
>Mark J. Heise
>BOIES, SCHILLER & FLEXNER LLP
>100 Southeast Second Street, Suite 2800
>Miami, Florida 33131

/s/ Amy F. Sorenson

## INDEX TO ADDENDA

Addendum A:   October 7, 2005 Hearing Transcript

Addendum B:   January 18, 2007 Hearing Transcript

Addendum C:   February 11, 2004 Letter from Kevin McBride to Todd Shaughnessy

Addendum D:   Unpublished Opinions