# Addendum A

```
 1
 2
 3
 4            IN THE UNITED STATES DISTRICT COURT
 5         FOR THE DISTRICT OF UTAH, CENTRAL DIVISION
 6
 7                                         COPY
 8
 9  ─────────────────────────────
    THE SCO GROUP, INC.,         )
10                               )
                                 )
11                               )
              Plaintiff,         )
12                               )
         vs.                     )   Case 2:03-CV-294
13                               )
                                 )
14  INTERNATIONAL BUSINESS       )
    MACHINES CORPORATION,        )
15                               )
              Defendant.         )
16                               )
    ─────────────────────────────
17
18
           BEFORE THE HONORABLE DALE A. KIMBALL
19
                    OCTOBER 7, 2005
20
           REPORTER'S TRANSCRIPT OF PROCEEDINGS
21
                      MOTION HEARING
22
23
24
25     Reported by:  KELLY BROWN, HICKEN CSR, RPR, RMR
```

1

1  allowed additional days with existing SCO witnesses rather
2  than just additional deposition. That's not why we're trying
3  to have extra -- things in an uneven way, but rather because
4  as SCO says in its papers, there are a lot more IBM people to
5  depose than SCO people. There are fewer SCO people who have
6  more information which will take longer to develop. And for
7  that reason, we request the motion be denied. Thank you.
8        MR. SINGER: Very briefly, Your Honor. The 40
9  depositions per side figures were arrived at before any
10 counterclaims were asserted by IBM. They asserted at least
11 10. The withdrawal of three patent counterclaims does not
12 deal with the fact that they've asserted additional
13 counterclaims dealing with copyright and other things which
14 expanded beyond the original 40. We believe we've made a
15 specific showing, and the material will be provided as to why
16 we need additional depositions.
17       The fact that a lot of depositions haven't been
18 taken in the front end reflects the normal course of
19 litigation if you're wanting to review the documents before
20 you take the depositions. And most of those documents are
21 documents that have been produced within the last several
22 months. There is no reason why the Court should not extend
23 the number of depositions since we are not extending the time
24 in which the depositions should be complete.
25       THE COURT: I am going to increase the number of

65

```
 1   allowable depositions by 10 as to each side with this
 2   requirement, that they are to be completed within the alotted
 3   cut-off day.  To the extent that they cannot be, they must be
 4   foregone because we will not entertain any motion for an
 5   extension of time to complete depositions.
 6            Additionally, Mr. Marriott, I'm going to deny your
 7   request for additional time with them and hold both sides to
 8   the seven-hour requirement.
 9            All right.  Now, is there anything further of a
10   substantive nature that we need to address?
11            MR. MARRIOTT:  None here, Your Honor.
12            MR. SINGER:  None here, Your Honor.
13            THE COURT:  All right.  I think we need to talk
14   about the dates.
15            Mr. Marriott, with regard to the -- or
16   Mr. Shaugnessy, whoever's going to deal with this, with regard
17   to the 20 developers whose information you're going to
18   provide, how much time do you reasonably need to provide that?
19            MR. MARRIOTT:  I think if we had 60 days, Your
20   Honor, we could do that.  And if it is the people who are on
21   the list that we already have, it would be useful to know that
22   now because we could begin immediately on that.
23            MR. SINGER:  Well, we'll need to look at the list
24   and see which 20, since that's the number which is provided,
25   the ones that are most significant.
```