Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868
*Attorneys for Plaintiff, The SCO Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S STATEMENT IN COMPLIANCE WITH THE COURT'S NOTICE OF DECISION AND REQUEST FOR STATUS UPDATE DATED AUGUST 10, 2007**<br><br>Case No. 2:03CV0294DAK<br><br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), respectfully submits this Memorandum in compliance with the Court's Notice of Decision and Request for Status Update dated August 10, 2007. Rather that presenting any argument regarding the effect of the Court's Summary Judgment Order in Novell (the "Order"), SCO submits that the Order bears on SCO's claims and IBM's counterclaims, and on the parties' pending motions, in the following respects. If the Court is inclined to hear argument on any of these issues, SCO will present that argument at the Court's invitation and at an appropriate time.

## I.  THE PARTIES' CLAIMS

### A.  SCO's Claims.

SCO believes that the Order would constitute a basis upon which the Court could dismiss SCO's First, Second, Third, Fourth, Fifth or Eighth Causes of Action in its Second Amended Complaint. SCO is not voluntarily dismissing these claims, but acknowledges that the Court's rulings with respect to Novell's right to waive contract claims if applied to the IBM case would resolve these claims. Because these are separate cases, SCO submits it is appropriate that the resolution of these claims be reflected in a separate Order, and Judgment. This statement is without prejudice to SCO's right to pursue motions for reconsideration and appellate rights in both the IBM and Novell actions.

With respect to its remaining Cause of Action, SCO states as follows:

Sixth Cause of Action – Unfair Competition

SCO alleges that IBM has engaged in unfair competition in several respects. The Order does not bear on SCO's allegations (as described in SCO's Second Amended Complaint, interrogatory responses, and/or prior memoranda in the case) that IBM has engaged in unfair competition through its misconduct in connection with Project Monterey and by inducing

companies to breach their corporate licensing agreements with SCO. This claim remains ripe both with respect to SCO's ownership of post-1995 UnixWare copyrights and because SCO's ownership of any UNIX or UnixWare copyrights is not necessary for SCO to pursue the claim.

Seventh Cause of Action – Interference with Contract

SCO alleges that IBM has induced companies to breach their corporate licensing agreements with SCO. The Order does not bear on this claim.

Ninth Cause of Action – Interference with Business Relationships

SCO alleges that IBM interfered with SCO's actual and prospective business relationships with a variety of companies. The Order does not bear on this claim.

SCO's Claim for Copyright Infringement

In its Order dated February 9, 2005, the Court agreed with IBM's arguments on the question and found that SCO had asserted a general Linux copyright claim in this case. As the Court further noted in the same Order, "IBM's Tenth Counterclaim appears to be broader in scope that SCO's claims." The Order as pertaining to ownership of copyrights bears on this claim inasmuch as it would bar SCO from pursuing such claims as the purported owner of all UNIX and UnixWare copyrights. SCO submits that the Order does not preclude SCO from pursuing copyright infringement claims insofar as it occupies the position of an exclusive licensee from Novell, or as the owner of the post-1995 UnixWare copyrights.

B.    IBM's Counterclaims.

The Order, in SCO's view, does not resolve any of the Counterclaims. The Tenth Counterclaim, seeking a declaratory judgment of non-infringement of copyrights, is not affected insofar as SCO is able to pursue enforcement as an exclusive licensee or assignee or with respect to post-1995 copyrights that SCO owns.

## II.    EFFECT OF THE ORDER ON THE PARTIES' PENDING MOTIONS

1. SCO's Motion for Partial Summary Judgment on SCO's Third Cause of Action, <u>For Breach of Contract, dated September 25, 2006, Docket No. 775.</u>

    In light of the Novell Order, this motion is moot.

2. SCO's Motion for Summary Judgment on IBM's Second, Third, Fourth, and Fifth <u>Counterclaims, dated September 25, 2006. Docket No. 776.</u>

    This motion remains to be decided to the extent that IBM intends to pursue its

    Second, Third, Fourth, and/or Fifth Counterclaims.

3. SCO's Motion for Summary Judgment on IBM's Sixth, Seventh and Eighth <u>Counterclaims, dated September 25, 2006,  Docket No. 777.</u>

    This motion remains to be decided.

4. IBM's Motion for Summary Judgment on SCO's Contract Claims (SCO's First, Second, Third and Fourth Causes of Action), dated September 25, 2006, Docket <u>No. 780.</u>

    The Court is able to dismiss these claims on the basis of its determination in the

    Novell Order that Novell had the right to waive SCO's contract claims, thus rendering a

    decision on the other grounds asserted in this motion unnecessary.

5. IBM's Motion for Summary Judgment on SCO's Copyright Claim (SCO's Fifth <u>Cause of Action), dated September 25, 2006, Docket No. 781.</u>

    The Court is able to dismiss these claims on the basis of its determination in the

    Novell Order that Novell had the right to waive SCO's contract claims, thus rendering a

    decision on the other grounds asserted in this motion

6. IBM's Motion for Summary Judgment on SCO's Unfair Competition Claim <u>(SCO's Sixth Cause of Action), dated September 25, 2006, Docket No. 782.</u>

    This motion remains to be decided as the Order does not bear on SCO's Sixth

    Cause of Action

7.        IBM's Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action), dated September 25, 2006, Docket No. 783.

This motion remains to be decided with respect to SCO's Seventh, Eighth and Ninth Causes of Action for tortious interference.

8.        IBM's Motion for Summary Judgment on Its Claim for Copyright Infringement (IBM's Eighth Counterclaim), dated September 25, 2006, Docket No. 784.

This motion remains to be decided as the Order does not bear on it.

9.        IBM's Motion for Summary Judgment on Its Claim for Declaratory Judgment of Non-Infringement (IBM's Tenth Counterclaim), dated September 25, 2006, Docket No. 785.

This motion remains to be decided to the extent the SCO is entitled to pursue claims for copyright infringement as an exclusive licensee or assignee or as owner of post-1995 copyrights.

10.      SCO's Motion for Reconsideration of the Order Overruling Objections to the Magistrate Court's Granting of IBM's Motion in Part to Limit Claims, dated December 13, 2006, Docket No. 894.

This motion remains ripe, as the Order does not render it moot.

11.      SCO's Objections to the Magistrate Court's Order Denying SCO's Motion for Relief for IBM's Spoliation of Evidence, dated March 16, 2007, Docket No. 995.

This motion remains ripe, as the Order does not render it moot.

12.      SCO's Objections to the Magistrate Court's Order on IBM's Motion to Confine, dated January 9, 2007, Docket No. 916.

This motion remains ripe, as the Order does not render it moot.

DATED this 31st day of August, 2007.

                              HATCH, JAMES & DODGE, P.C.
                              Brent O. Hatch
                              Mark F. James

                              BOIES, SCHILLER & FLEXNER LLP
                              David Boies
                              Robert Silver
                              Stuart H. Singer
                              Stephen N. Zack
                              Edward Normand

                              DORSEY & WHITNEY LLP
                              Devan V. Padmanabhan


                              *Counsel for The SCO Group, Inc.*

                              By: __/s/ Edward J. Normand_____
                                     Edward J. Normand

**CERTIFICATE OF SERVICE**

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing was served on Defendant/Counterclaim-Plaintiff, International Business Machines Corporation, on this 31th day of August, 2007, via CM/ECF to the following:

> David Marriott, Esq. (dmarrriott@cravath.com)
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York 10019
>
> Todd Shaughnessy, Esq. (tshaugnessy@swlaw.com)
> Snell & Wilmer LLP
> 1200 Gateway Tower West
> 15 West South Temple
> Salt Lake City, Utah 84101-1004

/s/ Edward Normand