Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone:  (801) 363-6363
Facsimile:   (801) 363-6666

David Boies (admitted pro hac vice)
Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone:  (914) 749-8200
Facsimile:   (914) 749-8300

Devan V. Padmanabhan (admitted pro hac vice)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

Stephen N. Zack (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
Bank of America Tower – Suite 2800
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022

*Attorneys for Plaintiff, The SCO Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE SCO GROUP, INC.<br><br>       Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>       Defendant/Counterclaim-Plaintiff. | **SCO'S MOTION FOR MODIFICATION OF STIPULATED PROTECTIVE ORDER**<br><br>Case No. 2:03CV0294DAK<br><br>Honorable Dale A. Kimball<br>Magistrate Judge Brooke C. Wells |

Plaintiff/Counterclaim Defendant The SCO Group, Inc. ("SCO") respectfully submits this Motion for Modification of Stipulated Protective Order entered on September 16, 2003, and in support thereof states as follows:

## BACKGROUND

1. On September 16, 2003, the Court entered the Stipulated Protective Order governing the use of confidential information in this case.  On April 13, 2006, the Court entered an Addendum to Protective Order governing the treatment of "highly confidential" information produced by non-parties in this case.

2. Paragraph 16 of the Stipulated Protective Order provides:  "The parties to this Action reserve all rights to apply to the Court at any time, before or after termination of this Action, for an order . . . modifying this Protective order."  (Ex. 1 at 13.)

3. Paragraph 2 of the Stipulated Protective Order provides that confidential information produced in the course of the litigation "shall be governed by this Protective Order and used only for purposes of this Action and not for any other purpose or function, including without limitation any business, patent prosecution, competitive or governmental purpose or function." (Id. at 4 (emphasis added).)  Paragraph 4 of the Stipulated Protective Order provides that access to confidential information shall be limited to enumerated persons, including "counsel (in-house and outside) for the parties to this Action" and "[t]he Court and its support staff and other authorized Court personnel."  (Id. at 7.)

4. In the course of this litigation, IBM produced numerous documents that it designated confidential pursuant to the Stipulated Protective Order, and IBM also designated certain deposition transcripts confidential pursuant to the Order.

5. On August 1, 2006, the Court entered the Stipulated Protective Order in the SCO v. Novell litigation, Case No. 2:04CV00139 DAK. In that Order, SCO and Novell agreed that "Confidential information produced by Novell in this action may be used and disclosed in the SCO v. IBM case, provided that such information is used and disclosed in compliance with the terms and conditions of this Order." (Ex. 2 at 5.) Conversely, SCO and Novell also agreed that, when SCO produced information to Novell marked confidential in the SCO v. IBM case, "such information may be used for purposes of this action and disclosed to persons identified in Paragraph 4 of this Order, provided that such use and disclosure is in compliance with the terms and conditions of the Protective Order entered in the SCO v. IBM case." (Id.)

6. On September 14, 2007, SCO filed for Chapter 11 bankruptcy protection. On September 20, 2007, the Court administratively closed this case as a result of the automatic stay imposed by the Bankruptcy Code upon SCO's filing. (Order Regarding Temporary Administrative Closure of Case, Docket No. 1081.) SCO has remained subject to bankruptcy protection and the jurisdiction of the bankruptcy court since the date of its Chapter 11 petition.

7. In May 2009, IBM, Novell, and the United States Trustee moved the bankruptcy court to convert SCO's Chapter 11 case to Chapter 7 proceedings. SCO opposed the motions in part by underscoring the value of its pending claims against IBM and Novell. On June 15, 2009, the bankruptcy court deferred the evidentiary hearing on the motions until July 27, 2009, and directed the parties to submit a pre-hearing schedule, including any necessary discovery on the grounds for SCO's claims against IBM and Novell. SCO seeks modification of the Stipulated Protective Order to present to the bankruptcy court at the July 27 hearing documents that IBM designated confidential in this action and that support those claims.

**ARGUMENT**

SCO respectfully asks the Court to modify the Stipulated Protective Order for the limited purpose of allowing SCO to use and disclose in its bankruptcy proceedings documents that IBM designated confidential pursuant to the Order. As reflected in the attached proposed order granting this motion, the use and disclosure of those documents in the bankruptcy proceedings would be subject to the same terms and conditions contained in the Stipulated Protective Order.

"As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed." United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424 (10th Cir. 1990); see also Public Citizen, 858 F.2d at 781-82; In re "Agent Orange" Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987). "Modification of a protective order, like its original entry, is left to the discretion of the district court." Id.; see also Wyeth Labs. v. United States Dist. Court, 851 F.2d 321, 323 (10th Cir. 1988).

Under well established case law, SCO's motion to modify the Stipulated Protective Order should be granted in sound exercise of the Court's discretion. "[W]here an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification." United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424 (10th Cir. 1990) (quoting Wilk v. Am. Med. Ass'n, 635 F.2d 1295, 1299 (7th Cir. 1980)).[1] The Ninth Circuit has explained the rationale for this rule:

---

[1] Numerous other courts follow the same or a similar rule. See, e.g., See Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 860 (reversing denial of party's motion for modification to allow party's use of discovery against same counterparty in collateral proceeding); Grove Fresh Distribs., Inc. v. Everfresh Juice Co., 24 F.3d 893, 896 (7th Cir. 1994) (remanding for application of rule); Matter of Film Recovery Sys., Inc., 804 F.2d 386, 389 (7th Cir. 1986) (reversing district court's denial of motion for

> This court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery. Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted.

Foltz v. State Farm Mutual Auto., Ins. Co., 331 F.3d 1122, 1131-32 (9th Cir. 2003) (citations and quotations omitted). The rule "is consistent with FED. R. CIV. P. 1 which provides that the Rules are to 'be construed to secure the just, speedy, and inexpensive determination of every action.'" Baker v. Liggett Group, Inc., 132 F.R.D. 123, 126 (D. Mass. 1990); Cipollone v. Liggett Group, Inc., 113 F.R.D. 86, 90-91 (D.N.J. 1986).

Here, the documents at issue are plainly relevant to the bankruptcy proceedings, since they will be presented there for the reasons used here – as evidence of SCO's claims against IBM. Declining the proposed modification, and thereby requiring SCO to request and discover the same documents in the bankruptcy court, would impose precisely the "wasteful duplication of discovery" that the courts avoid.

---

modification); In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig., 664 F.2d 114, 115 and 118 (6th Cir. 1981) (affirming district court's modification of protective order to allow "use of discovery materials . . . by others not parties to the . . . litigation"); Wilk v. Am. Med. Ass'n, 635 F.2d 1295, 1299 (7th Cir. 1980) (establishing rule); Olympic Ref. Co. v. Carter, 332 F.2d 260, 266 (9th Cir. 1964) (reversing and remanding "for entry of an order modifying protective orders"); Baker v. Liggett Group, Inc., 132 F.R.D. 123, 126 (D. Mass. 1990) (authorizing "the disclosure of confidential materials to litigants in other tobacco tort cases under appropriate restraints"); Cipollone v. Liggett Group, Inc., 113 F.R.D. 86, 90-91 (D.N.J. 1986) ("a number of courts have rejected requests to limit the use of discovery to the litigation in which it is initially obtained"); Kamp Implement Co., Inc. v. J.I. Case Co., 630 F. Supp. 218, 220-21 (D. Mont. 1986) ("information obtained by plaintiff through the discovery process may be shared with counsel in similar cases"); Forest Oil Corp. v. Tenneco, Inc., 109 F.R.D. 321, 322-23 (S.D. Miss. 1985) (applying rule).

In addition, IBM cannot remotely demonstrate that the proposed modification would "tangibly prejudice" its substantial rights.  <u>First</u>, the rule the Tenth Circuit adopted in <u>Cranford</u> applies with even more force here, where SCO does not seek the fruits of "another's discovery," but documents that SCO itself discovered from IBM.  Thus, the proposed modification would not disclose those documents to any intervening third party, let alone one litigating against IBM in collateral proceedings.  <u>Second</u>, consistent with the case law, the proposed modification ensures that "reasonable restrictions on collateral disclosure will continue to protect [IBM's] legitimate interests in privacy."  In fact, the proposed modification expressly requires continued compliance with "the terms and conditions of the Stipulated Protective Order" itself.  <u>Third</u>, in view of these restrictions, the documents at issue will be disclosed only to the bankruptcy court and the parties aligned with IBM in its efforts to convert SCO's case in the bankruptcy court.  The proposed modification thus achieves even less than the rule permits, because it does not authorize use and disclosure to any party adverse to IBM in the collateral proceeding.

## **CONCLUSION**

For the foregoing reasons, SCO respectfully requests that the Court enter the attached Proposed Order Granting SCO's Motion for Modification of Stipulated Protective Order or otherwise modify the Stipulated Protective Order so that SCO may use and disclose in its bankruptcy proceedings the documents that IBM has designated confidential in this action pursuant to the Stipulated Protective Order.

DATED this 30th day of June, 2009.

                                    HATCH, JAMES & DODGE, P.C.
                                    Brent O. Hatch
                                    Mark F. James

                                    BOIES, SCHILLER & FLEXNER LLP
                                    David Boies
                                    Robert Silver
                                    Stuart H. Singer
                                    Stephen N. Zack
                                    Edward Normand

                                    DORSEY & WHITNEY LLP
                                    Devan V. Padmanabhan

                                    *Counsel for The SCO Group, Inc.*

                                    By:  /s/ Edward Normand

**CERTIFICATE OF SERVICE**

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc., hereby certifies that a true and correct copy of the foregoing **SCO'S MOTION FOR MODIFICATION OF THE STIPULATED PROTECTIVE ORDER** was served on Defendant/Counterclaim-Plaintiff, International Business Machines Corporation, on this 30th day of June, 2009, via CM/ECF to the following:

> David Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York 10019
>
> Todd Shaughnessy, Esq.
> Snell & Wilmer LLP
> 1200 Gateway Tower West
> 15 West South Temple
> Salt Lake City, Utah 84101-1004

/s/ Edward Normand