# EXHIBIT 1

SNELL & WILMER LLP
Alan L. Sullivan (3152)
Todd M. Shaughnessy (6651)
15 West South Temple
Gateway Tower West
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
Thomas G. Rafferty (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

FILED
CLERK, U.S. DISTRICT COURT

16 SEP 03 AM 11: 52

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

RECEIVED CLERK

SEP 15 2003

U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

THE SCO GROUP,

    Plaintiff/Counterclaim-Defendant,

    -against-

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

    Defendant/Counterclaim-Plaintiff.

**STIPULATED PROTECTIVE
ORDER**

Civil No. 2:03CV-0294 DAK

Honorable Dale A. Kimball

Whereas, the parties in the above-captioned action (the "Action") believe that discovery may involve the disclosure of confidential, trade secret, proprietary, technical, scientific, business, or financial information of a party or of a non-party;

Whereas, the parties desire to establish a mechanism to protect the disclosure of such information in this Action; and

Whereas, the Court, mindful both of the parties' interest in maintaining the confidentiality of sensitive information and of the public's interest in public access to the courts, wishes to manage this Action efficiently.

Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED THAT**:

1.     **Definitions:** For purposes of this Protective Order, the following definitions shall apply:

A.     The term "DOCUMENT" shall include any writings, drawings, graphs, charts, photographs, phonorecords, records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, databases, version control systems, communications, letters, correspondence, e-mails and attachments thereto, source code and object code, answers to interrogatories, responses to requests for admissions, or motions, and/or any other document or thing which may be delivered from or on behalf of a Disclosing Party to another in connection with the Action including, without limitation, copies, or information stored on any storage device or computer.

B.     The term "DISCLOSING PARTY" is defined herein as any party or non-party who is requested to produce or produces DOCUMENTS or testimony through discovery in this Action.

2

     **C.** The term "CONFIDENTIAL INFORMATION" is defined herein as information or DOCUMENTS or other materials that the DISCLOSING PARTY in good faith believes is not publicly known that would be valuable to third parties, including but not limited to the DISCLOSING PARTY's actual and potential competitors, and that the DISCLOSING PARTY would not normally reveal, and has not revealed, to third parties without an agreement to maintain it in confidence.

     **D.** "CONFIDENTIALITY LEGEND" is defined herein as a label placed upon material that contains CONFIDENTIAL INFORMATION and clearly designates the information as "CONFIDENTIAL", pursuant to the provisions of this Order. Such CONFIDENTIALITY LEGEND and any other mark or version control number (e.g., Bates number) added to DOCUMENTS shall not obscure or deface any information contained within the DOCUMENT.

     **E.** "COURT" is defined herein as encompassing the trial court that issued this Order and any appellate court that hears this Action on appeal.

     **F.** "SUPPORT STAFF" is defined herein as employees and independent contractors of counsel for the parties including experts or consultants and their staff retained by such counsel to assist in this Action, paralegals, clerical personnel and secretarial personnel, and employees of the parties specifically assigned to support counsel in this Action so long as those employed sign a declaration and acknowledgment in the form attached hereto as Exhibit A. Upon written request, counsel will provide copies of the declaration and acknowledgments signed by employees of the parties specifically assigned to support counsel in this Action.

     **G.** "LITIGATION SUPPORT SERVICES" is defined herein as encompassing copy services, document production services, exhibit-making services, translation services, coding services, scanning services, animation services, jury consultants and mock jurors.

3

265772.2

**2.**     **Applicability of this Order:**  All CONFIDENTIAL INFORMATION, and all copies, excerpts and summaries thereof and material containing information derived therefrom, filed with the Court, submitted to the Court in connection with a hearing or trial, or produced or served either by a party or by a non-party, to or for any of the other parties, shall be governed by this Protective Order and used only for the purposes of this Action and not for any other purpose or function, including without limitation any business, patent prosecution, competitive or governmental purpose or function.  No person who prosecutes patents relating to the technology claimed in the patents in suit shall have access to CONFIDENTIAL INFORMATION.  The terms of this Protective Order shall apply to all manner and means of discovery, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, DOCUMENTS and tangible things.

**3.**     **Designating Information:**  If, in the course of this Action, a DISCLOSING PARTY discloses information that the DISCLOSING PARTY in good faith contends is CONFIDENTIAL INFORMATION, that DISCLOSING PARTY may designate such information as such by applying to the material that contains the information the CONFIDENTIALITY LEGEND, which shall read "CONFIDENTIAL".

**A.**     If any CONFIDENTIAL INFORMATION cannot be labeled with the CONFIDENTIALITY LEGEND, it shall be placed in a sealed envelope or other container that is in turn marked "CONFIDENTIAL" in a manner agreed upon by the disclosing and requesting parties.

**B.**     **Initial Inspections of Materials:**  In the event materials are to be subject to an initial inspection, e.g., in order for the requesting party to decide whether to copy all or only parts of a production, the materials shall be treated as containing CONFIDENTIAL

4

265772.2

INFORMATION for purposes of the initial inspection, thereby limiting those who may conduct such an initial inspection to those permitted by Section 4 to view CONFIDENTIAL INFORMATION. After the initial inspection, the DISCLOSING PARTY may, if appropriate, prior to or contemporaneously with the copying of the materials, designate the inspected materials as CONFIDENTIAL INFORMATION.

C. **Inspections of Property, etc.:** If a DISCLOSING PARTY believes in good faith that the inspection, measuring, testing, sampling, or photographing of its processes, products, equipment, premises, or other property, pursuant to Federal Rule of Civil Procedure 34, will reveal or disclose CONFIDENTIAL INFORMATION, then the DISCLOSING PARTY shall advise the requesting party that the inspection, measuring, testing, sampling, or photographing will be permitted only on a CONFIDENTIAL INFORMATION basis. In such an event, the inspection, measuring, testing, sampling, or photographing may only be performed by those permitted to have access to CONFIDENTIAL INFORMATION, under this Order, and information derived from such activities shall be treated as CONFIDENTIAL INFORMATION.

D. **Depositions:** Counsel for the deponent or for a party may designate any part or all of a deposition as confidential by notifying all counsel of record prior to or during the deposition of the confidentiality designation. If a deposition concerns CONFIDENTIAL INFORMATION, counsel for the deponent or for a party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized to have access to CONFIDENTIAL INFORMATION under this Protective Order. A party designating a portion of the testimony as CONFIDENTIAL INFORMATION may also request that the affected portions be bound separately from the rest of the transcript. In accordance with Section 14 of this Protective Order the non-designating party may request that the designating party review a

5

265772.2

particular designation, in which event the designating party shall review the designation in question and shall have the option of changing it and shall give notice to the other party in writing if a change is made.

      **E.**   **Deposition Exhibits:** An exhibit to a deposition shall be treated in accordance with the confidentiality designation already given to it or, if the exhibit has not been previously produced, given to it on the record at the time of the deposition. The designation of a deposition as CONFIDENTIAL INFORMATION or the de-designation of a deposition from CONFIDENTIAL INFORMATION shall not affect the confidentiality status of exhibits presented at the deposition.

      **F.**   **Inadvertent Failure to Designate:** If a party to this Order inadvertently fails to designate information as CONFIDENTIAL INFORMATION such failure shall not constitute a waiver of the DISCLOSING PARTY's right to so designate such information. In the event that such an inadvertent failure occurs, the DISCLOSING PARTY shall upon discovery of the inadvertent failure promptly notify in writing all parties known to have received the information in question, and provide them with appropriately marked substitute copies of the affected information. Until a receiving party receives such notification, any disclosure made by that party of the information to those not permitted by this Order to have access to the information shall not constitute a violation of this Order. However, upon receiving such notification, the receiving party shall request all parties to whom the information was disclosed by the receiving party but who are not permitted to have access to such information under the terms of this Order to return the information to the DISCLOSING PARTY. The receiving party shall also destroy all copies of the incorrectly labeled information and replace them with the substitute copies provided by the DISCLOSING PARTY.

6

265772.2

**4.**     **Persons Permitted to Access Confidential Information:**  Access to information that has been designated as CONFIDENTIAL INFORMATION shall be limited to the following persons:

**A.**     The Court, and its support staff and other authorized Court personnel, and jurors and alternate jurors, if any;

**B.**     Counsel (in-house and outside) for the parties to this Action and their SUPPORT STAFF;

**C.**     Stenographers and videographers who take, record or transcribe testimony in this Action, either at deposition or at a hearing or trial, to the extent necessary to carry out their services;

**D.**     LITIGATION SUPPORT SERVICES, as defined in Section 1, to the extent necessary to carry out their services

**E.**     Any individual who previously had rightful access to the CONFIDENTIAL INFORMATION in question, as authorized by the DISCLOSING PARTY, in the form that the CONFIDENTIAL INFORMATION was produced by the DISCLOSING PARTY, in the ordinary course of business or employment, so long as the provision of CONFIDENTIAL INFORMATION under this paragraph is subject to the same limits set forth in paragraph 4.F;

**F.**     A witness in the above-captioned case not otherwise authorized to view the CONFIDENTIAL INFORMATION in question, during that witness' testimony at a deposition, hearing, or trial in the above-captioned case, provided that: (1) the disclosure is made solely for the purpose of directly advancing the questioning party's claims or defenses, and for no other purposes whatsoever; (2) counsel for the questioning party endeavors in good faith to redact or handle the CONFIDENTIAL INFORMATION in such a manner as to disclose no more

7

confidential information as is reasonably necessary in order to examine the witness; (3) the witness is not permitted to retain the CONFIDENTIAL INFORMATION after the witness is examined regarding the CONFIDENTIAL INFORMATION; and (4) the witness is explicitly informed that this Protective Order forbids him or her to disclose the CONFIDENTIAL INFORMATION except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order, and the witness signs the Declaration and Acknowledgement form that is attached hereto as Exhibit A. A deposition witness may review the entire deposition transcript and exhibits thereto in order to review and sign pursuant to Fed. R. Civ. P. 30(e); however, the DISCLOSING PARTY may object to the deponent further reviewing a CONFIDENTIAL deposition exhibit. If such an objection is raised, any party may seek relief from the Court, and the disclosure may not be made until the Court rules or the DISCLOSING PARTY withdraws its objection;

        **G.** A witness whose testimony at deposition, hearing, or trial has been formally noticed (but who is not otherwise authorized to view CONFIDENTIAL INFORMATION), provided that (1) the disclosure is made solely for the purpose of preparing the witness to testify; (2) the party that intends to make the disclosure provides written notice to the DISCLOSING PARTY, at least five business days in advance of the disclosure, specifying the documents to be disclosed and the person to whom the disclosure is to be made; and (3) the DISCLOSING PARTY has not objected, in writing, within five business days of receiving the notice of intended disclosure. If the DISCLOSING PARTY does object, any party may seek relief from the Court, and the disclosure may not be made until the Court rules or the DISCLOSING PARTY withdraws its objection;

8

**H.**      Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the DISCLOSING PARTY OR PARTIES; and

**I.**      Other persons to whom the DISCLOSING PARTY specifically and in writing allows disclosure.

**5.      Storage and Custody:** Counsel for each party to this Protective Order shall use the same care and discretion to avoid disclosure of CONFIDENTIAL INFORMATION as the receiving party uses with its own similar information that it does not wish to disclose to prevent the unauthorized or inadvertent disclosure of any information designated as CONFIDENTIAL INFORMATION under this Protective Order.

**6.      Filing Under Seal:** Any information designated as CONFIDENTIAL INFORMATION that is included with, or its contents are in any way disclosed in, any pleading, motion, deposition transcript, or other papers filed with the Clerk of the Court shall be filed in sealed envelopes, or other appropriately sealed containers, prominently marked with the following notations:

      **A.**      The style of the Action and case number (Civil No. 2:03CV-0294 DAK);

      **B.**      The name of the filing party;

      **C.**      An indication of the filing's contents, such as the title of the filing; and

      **D.**      A statement substantially similar to the following:

CONFIDENTIAL INFORMATION – SUBJECT TO COURT ORDER THIS ENVELOPE SHALL NOT TO BE OPENED AND THE CONTENTS SHALL NOT BE DISPLAYED, COPIED OR REVEALED EXCEPT BY COURT ORDER OR BY THE WRITTEN AGREEMENT OF THE PARTIES.

9

7.     **No Summaries:**   CONFIDENTIAL INFORMATION shall not be disclosed or summarized, either in writing or orally, to anyone other than persons permitted to have access to such information under this Order.  Notwithstanding the foregoing, nothing in this Order prohibits counsel for either party from advising their respective clients of the presence or absence of evidence supporting or refuting the claims or defenses in this Action.

8.     **Challenging a Designation:**   At any time, a party to this Order may challenge the designation of information as CONFIDENTIAL INFORMATION by notifying the DISCLOSING PARTY in writing of the information that the challenging party in good faith believes should not have been given a designation of CONFIDENTIAL INFORMATION.  The parties shall then confer within five (5) business days to try to resolve the matter, and if unable to resolve the matter, may thereafter seek the Court's assistance.  The burden of proof shall be on the DISCLOSING PARTY to show that the designation is appropriate under this Order.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order.  By failing to object to the designation of information upon its production, a party does not waive its right to object at a future time to that designation.

9.     **Designation by Non-Parties:**   A non-party to this Action that produces information to any party to this Action in connection with this Action, whether or not pursuant to a subpoena, may avail itself of the protections afforded by this Order, by placing a CONFIDENTIALITY LEGEND on such information.

10.     **Confidentiality Interests of Third Parties:**   A party may refuse to produce otherwise discoverable information pursuant to a subpoena, deposition question, or discovery request, if the party is under an obligation to a third party not to disclose such information.  In such an event, the objecting party shall:

10

        **A.**      Promptly provide to the person or entity whose confidentiality interests are implicated (i) notice of its intention to disclose the information in question and (ii) a copy of this Order; and

        **B.**      Within thirty (30) business days of the notice sent pursuant to (A), produce the requested information in question in compliance with this Order, unless the request is otherwise objectionable, or the person or entity whose confidentiality interests are implicated moves for or obtains a protective order precluding such disclosure from this Court within that time.

        **11.**    **No Waiver of Rights:**  This Order shall not be deemed (a) a waiver of any party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any party's right to object to the admission of evidence on any ground; (d) a waiver of any party's or producing entity's right to use its own DOCUMENTS, testimony, transcripts, and/or other materials or things within its own discretion; (e) any waiver of the attorney-client privilege or protection of the work product doctrine; or (f) a waiver of any party's right to seek additional protection for certain materials or information. In the event that either party seeks such additional protection, that party shall first confer with the opposing party to reach agreement with respect to such additional protection. If the parties are unable to reach agreement, the party seeking such additional protection shall, within 10 business days after the parties have conferred and failed to reach agreement, file a motion or application with this Court for an additional Protective Order.

        **12.**    **Disclosure Beyond the Terms of this Order:**  Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as

265772.2

CONFIDENTIAL INFORMATION consents to such disclosure in writing or on the record, or if the Court, after notice to all affected parties, orders such disclosure.

13.     **Inadvertent Disclosure:** Should any designated information be disclosed, through inadvertence or otherwise, to any person or party in violation of this Order, then the party responsible for the inadvertent disclosure shall use reasonable efforts to bind such person to the terms of this Order, and shall (a) promptly inform such person of all the provisions of this Order, (b) request such person to sign the Declaration and Acknowledgement (attached hereto as Exhibit A), (and, if such person does not agree to sign the Declaration and Acknowledgement, use reasonable efforts to retrieve the designated information promptly); and (c) identify such person immediately to the DISCLOSING PARTY that designated the document as CONFIDENTIAL INFORMATION. The executed agreement shall promptly be served upon the DISCLOSING PARTY.

14.     **Disclosure of a Party's Own Information:** The terms of this Order shall in no way restrict a DISCLOSING PARTY's right to reveal or disclose to anyone any DOCUMENTS or information designated by that party as CONFIDENTIAL INFORMATION.

15.     **Final Disposition:** Unless counsel agree otherwise in writing, within sixty (60) calendar days of the final disposition of this Action, the attorneys for the parties and experts and consultants shall return promptly, to the DISCLOSING PARTY or witness from whom they were obtained, all DOCUMENTS, other than attorney work-product, that have been designated CONFIDENTIAL INFORMATION or certify in writing that they have destroyed or deleted the same, including all DOCUMENTS or copies provided by a receiving party to any other person and all copies made thereof. Notwithstanding the foregoing, outside counsel for the parties shall be permitted to retain one copy of (1) materials created during the course of the Action, including

12

attorney annotations and other work product; (2) work product of non-testifying consultants/experts; (3) materials made part of the Court record, or which have been filed under seal with the Clerk of the Court; (4) all depositions and Court transcripts, including exhibits; and (5) summaries of depositions. Such file copies must be maintained subject to the terms of this Order. **Use of CONFIDENTIAL INFORMATION at Trial:** If a trial is scheduled, the parties shall confer in good faith to determine a method for introducing at trial material which has been designated as "Confidential." The parties shall submit their proposed method to the Court for approval. At trial, no party, witness or attorney shall refer in the presence of the jury to this Protective Order or to any confidentiality designation made pursuant to this Order unless the Court first provides the jury with a brief explanation of the nature and purpose of the Order. In no event shall any party, witness or attorney argue or suggest in the presence of the jury that a DISCLOSING PARTY acted wrongfully in designating material as CONFIDENTIAL.

16. **Modification, Relief and Retention of Jurisdiction:** This Order will remain in full force and effect unless modified by an order of the Court or by the written stipulation of the parties hereto filed with the Court. The parties to this Action reserve all rights to apply to the Court at any time, before or after termination of this Action, for an order: (i) modifying this Protective Order, (ii) seeking further protection against discovery or use of designated information, or (iii) seeking further production, discovery, disclosure, or use of claimed designated information or other DOCUMENTS or information in this Action. Without limiting the foregoing, this Order survives and remains in full force and effect, and this Court shall retain jurisdiction to enforce all provisions of this Order, after termination of this Action.

17. **No Liability for Innocent Disclosures:** It is understood that no person or party shall incur liability with respect to any disclosure by the receiving party of CONFIDENTIAL

13

265772.2

INFORMATION that was inadvertently disclosed without proper designation by the DISCLOSING PARTY, provided the disclosure by the receiving party occurred prior to the receipt by the receiving party of a notice of the inadvertent disclosure without proper designation.

18.     **No Effect on Other Litigation:** The existence or nonexistence of a designation under this Protective Order shall have no effect or bearing on any other litigation.

19.     **No Admissions:** Unless the parties stipulate otherwise, the designation or acceptance of any information designated pursuant to this Protective Order shall not constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret

20.     **No Effect on Existing Confidentiality Restrictions:** A designation of CONFIDENTIAL INFORMATION under this Protective Order shall have no effect on existing confidentiality restrictions governing information previously exchanged between the Parties. Existing confidentiality restrictions, if any, that govern use and/or disclosure of information previously exchanged between the parties shall take precedence over this Protective Order when the terms of the former are less restrictive than those of the latter.

14

## STIPULATION

Dated: **September 15**, 2003

HATCH, JAMES & DODGE, P.C.

By _____

A member of the Firm

Attorneys for The SCO Group
10 West Broadway, Suite 400
Salt Lake City, UT 84101

SNELL & WILMER L.L.P.

By _____

A member of the Firm

Attorneys for International
Business Machines Corporation
15 West South Temple
Gateway Tower West
Salt Lake City, UT 84101-1004

## ORDER

DATED September 16, 2003

Hon. Dale A. Kimball
United States District Court Judge

15

265772.2

Exhibits/
Attachments
to this document
have **not** been
scanned.

Please see the
case file.