**Snell & Wilmer**
─── L.L.P. ───
LAW OFFICES

15 West South Temple
Suite 1200
Beneficial Tower
Salt Lake City, UT 84101
801.257.1900
801.257.1800 (Fax)
www.swlaw.com

Todd M. Shaughnessy
801-257-1937
tshaughnessy@swlaw.com

RECEIVED CLERK

AUG 2 1 2009

U.S. DISTRICT COURT

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
SALT LAKE CITY
TUCSON

July 22, 2009

**BY HAND DELIVERY**

Honorable Dale A. Kimball
United States District Court
District of Utah
350 South Main Street, Room 476
Salt Lake City, Utah 84101

    Re:    *The SCO Group v. International Business Machines Corporation*
            Civil No. 2:03cv0294 – Citation of Supplemental Authority

Your Honor:

    We are counsel for defendant and counterclaim plaintiff IBM in the above-referenced matter. On July 20, 2009, we filed IBM's Memorandum in Opposition to SCO's Motion for Modification of the Stipulated Protective Order. At page 3 of the memorandum, IBM argued that SCO's motion should be denied because "there is no basis for use of documents about SCO v. IBM (the purported reason for the requested modification) in SCO's bankruptcy proceedings." On July 21, 2009, the Honorable Kevin Gross, United States Bankruptcy Judge for the District of Delaware, entered an order in SCO's bankruptcy case stating that "[t]he Court will not hear testimony or admit into evidence reports or affidavits/declarations addressing the merits of Debtors' claims against IBM, Novell, Red Hat and/or AutoZone. Any testimony or evidence on the strengths or weaknesses of the cases would inappropriately require the Court to make findings on the merits of the litigations without a full record." (7/21/09 Order at 1).

    Enclosed with this letter is a copy of Judge Gross's order, which we provide pursuant to DUCiv R 7-1(b)(5) and which we believe renders moot SCO's pending motion. If we can be of assistance or respond to any questions, please feel free to contact counsel for the parties.

10351567

Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms.

Snell & Wilmer
L.L.P.

Honorable Dale A. Kimball
July 22, 2009
Page 2

Very truly yours,

SNELL & WILMER

*[signature]*

Todd M. Shaughnessy

TMS:dw
Enclosure
cc: Ted Normand (w/enc.)
Brent Hatch (w/enc.)
David Marriott (w/enc.)

10351567

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The SCO GROUP, INC., et al., | ) | Case No. 07-11337(KG) |
| | ) | |
| Debtors. | ) | |

### ORDER RE HEARING TO BE HELD ON JULY 27, 2009

International Business Machines Corporation by letter, dated July 21, 2009, from Richard Levin, Esquire (the "Letter"), has alerted the Court to issues concerning the Hearing on July 27, 2009. Given the few days remaining prior to the Hearing, the Court is issuing this Order in advance of the teleconference on July 22, 2009, at 9:00 a.m.

1. Discovery

    a. Debtors shall produce by the close of business on July 22, 2009, all of the documents responsive to the categories the Letter identifies.

    b. Debtors shall either make available for deposition on July 23, 2009 (afternoon) Ryan Tibbits and William Broderick, or will not be permitted to have them testify.

2. Hearing

    a. The Court will not hear testimony or admit into evidence reports or affidavits/declarations addressing the merits of Debtors' claims against IBM, Novell, Red Hat and/or AutoZone. Any testimony or evidence on the strengths or weaknesses of the cases would inappropriately require the Court to make findings on the merits of the litigations without a full record.

b.  The Court will allot 2.5 hours for each side (i.e. Debtors on one side, IBM and Novell on the other) and time for the Office of the United States Trustee, if needed, up to 30 minutes. Each side will have a total of 30 minutes to make an opening (if desired) and/or a closing argument and the Office of the United States Trustee will have 10 minutes. The Court urges the parties to consider and discuss the possibility of proffering direct testimony subject to cross examination of the witness.

c.  The parties shall exchange Hearing exhibits as follows:

All parties: by noon on July 23, 2009

Objections: exchanged by 4:00 p.m. on July 24, 2009

3.  The Court will conduct a teleconference on July 22, 2009, at 9:00 a.m.

SO ORDERED this 21st day of July, 2009

_____
KEVIN GROSS, U.S.B.J.

2