Brent O. Hatch (5715)
bhatch@hjdlaw.com
Mark F. James (5295)
mjames@hjdlaw.com
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

David Boies (admitted pro hac vice)
dboies@bsfllp.com
Robert Silver (admitted pro hac vice)
rsilver@bsfllp.com
Edward Normand (admitted pro hac vice)
enormand@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
ssinger@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Attorneys for Plaintiff, The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 11 Trustee in Bankruptcy, Edward N. Cahn,<br><br>        Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>        Defendant/Counterclaim-Plaintiff. | **MOTION FOR A STATUS CONFERENCE**<br><br>Civil No.: 2:03CV0294<br><br>Honorable Tena Campbell |

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO") respectfully submits this Motion for a Status Conference to apprise the Court of the Final Judgment Judge Ted Stewart recently entered in the SCO v. Novell case (Civil No. 2:04CV139) (the "Novell Litigation"), and to request a status conference for the Court to consider the appropriate time and manner to proceed with un-stayed claims in the instant action that are not affected by the Novell Litigation.

## I.  BACKGROUND

In March 2003, SCO brought this action, asserting various claims based on its ownership of the UNIX computer operating system and of the contracts pursuant to which IBM and other computer makers obtained licenses to use UNIX and develop their own derivative versions of the operating system.  Starting in May 2003, Novell published statements claiming ownership of the UNIX copyrights and unfettered authority to waive SCO's rights under those contracts.  In January 2004, SCO instituted the Novell Litigation, seeking to protect its copyrights and contractual rights in UNIX.  The instant action and the Novell Litigation then proceeded on parallel tracks before Judge Dale Kimball in this district court.

On August 10, 2007, while the previously filed motions for summary judgment by both parties were pending in this action, Judge Kimball granted Novell motions for summary judgment in the Novell Litigation, ruling that Novell (1) owns the copyrights to pre-1996 UNIX technology because Novell had not transferred the existing UNIX copyrights pursuant to the Asset Purchase Agreement (the "APA") under which Novell had otherwise sold the UNIX business and source code to SCO's predecessor-in-interest in 1995, and (2) has unfettered authority to waive SCO's rights in its UNIX license agreements with IBM and others.  Upon an order by Judge Kimball, on August 31, 2007, SCO and IBM filed status reports informing Judge Kimball of their respective views of the effect of the Novell summary judgment rulings upon the claims, counterclaims, and pending summary judgment motions in this case.  (Docket Nos. 1077, 1078, 1079.)

On September 14, 2007, in light of Judge Kimball's summary judgment rulings in the Novell Litigation, SCO filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware. On that same date, SCO also filed a Notice of Filing for Bankruptcy, informing Judge Kimball of SCO's bankruptcy petition and the automatic stay of any judicial proceedings against SCO pursuant to the Bankruptcy Statute. (Docket No. 1080.) On September 20, 2007, acknowledging "the automatic stay imposed by 11 U.S.C. § 362(a)(1)," Judge Kimball ordered the temporary administrative closure of this action. (Docket No. 1081.)

On August 24, 2009, the Tenth Circuit Court of Appeals reversed Judge Kimball's summary judgment rulings in the Novell Litigation in pertinent part and remanded the Novell Litigation for trial. Upon the remand, Judge Kimball recused himself from both the Novell Litigation and the instant action (Docket No. 1086), and the cases were then assigned to Judge Stewart and this Court, respectively.

On March 30, 2010, a jury in the Novell Litigation returned a verdict for Novell, finding that Novell owns the copyrights to pre-APA UNIX technology. On June 10, 2010, Judge Stewart issued Findings of Facts and Conclusions of Law also in favor of Novell, concluding that SCO is not entitled to specific performance requiring Novell to transfer the pre-APA copyrights now, and that Novell has the unfettered authority to waive SCO's rights in its UNIX contracts with IBM and others. On June 10, 2010, Judge Stewart also issued a Final Judgment embodying the jury verdict and his findings of fact and conclusions of law. On July 7, 2010, SCO filed an appeal of the Novell Final Judgment and the decisions embodied therein in the Tenth Circuit Court of Appeals.

## II.   REQUEST

While Judge Kimball issued an order administratively closing the entire case during the pendency of the statutory stay, the stay applies only to proceedings against SCO, and not to SCO's

2

claims against IBM and others. SCO thus submits that it would be proper and efficient for the Court now to resolve the pending motions that could allow SCO to pursue claims that are not dependent on the outcome of the Novell Litigation. The summary judgment motions and other applications pending in this case include the following:

1. SCO's Motion for Partial Summary Judgment on SCO's Third Cause of Action, For Breach of Contract, dated September 25, 2006, Docket No. 775.

2. SCO's Motion for Summary Judgment on IBM's Second, Third, Fourth, and Fifth Counterclaims, dated September 25, 2006, Docket No. 776.

3. SCO's Motion for Summary Judgment on IBM's Sixth, Seventh, and Eighth Counterclaims, dated September 25, 2006, Docket No. 777.

4. IBM's Motion for Summary Judgment on SCO's Contract Claims (SCO's First, Second, Third and Fourth Causes of Action), dated September 25, 2006, Docket No. 780.

5. IBM's Motion for Summary Judgment on SCO's Copyright Claims (SCO's Fifth Cause of Action), dated September 25, 2006, Docket No. 781.

6. IBM's Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action), dated September 25, 2006, Docket No. 782.

7. IBM's Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth, and Ninth Causes of Action), dated September 25, 2006, Docket No. 783.

8. IBM's Motion for Summary Judgment on Its Claim for Copyright Infringement (IBM's Eighth Counterclaim), dated September 25, 2006, Docket No. 784.

9. IBM's Motion for Summary Judgment on Its Claim for Declaratory Judgment of Non-Infringement (IBM's Tenth Counterclaim), dated September 25, 2006, Docket No. 785.

10. SCO's Motion for Reconsideration of the Order Overruling Objections to the Magistrate Court's Granting of IBM's Motion in Part to Limit Claims, dated December 13, 2006, Docket No. 897.

11. SCO's Objections to Magistrate Court's Order Denying SCO's Motion for Relief for IBM's Spoliation of Evidence, dated March 16, 2007, Docket No. 995.

12. SCO's Objections to the Magistrate Court's Order on IBM's Motion to Confine, dated January 9, 2007, Docket No. 916.

SCO believes that the IBM summary judgment motions designated Docket Nos. 782 and 783 do not depend on the outcome of the Novell Litigation and are not stayed because they are directed at SCO's claims for Unfair Competition and Tortious Interference (the Sixth, Seventh, Eighth, and Ninth Causes of Action in SCO's Second Amended Complaint).  SCO thus respectfully requests the Court to rule on those and possibly other motions so that SCO may pursue those claims.

Based on the position IBM took in its status report after the Novell summary judgment rulings that were subsequently reversed, SCO expects that IBM will argue that the Novell Final Judgment, if affirmed, resolves all claims against SCO, including its Unfair Competition and Tortious Interference Claims.  (See IBM's Memorandum in Response to the Court's Order of August 10, 2007, at 3-4 (Docket No. 1078) (arguing that the Novell summary judgment decision "foreclosed" these claims).)  Given the likely dispute over the effect of the Novell Litigation, the complexity of the claims and pending motions in this action, and the possible dispute over the scope of the bankruptcy stay, SCO respectfully submits that the Court and the parties will be best served by holding a status conference for the Court to consider a schedule for hearings on motions and for a trial in this matter.

DATED this 30th day of July, 2010.

By: /s/ Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Robert Silver
Stuart H. Singer
Edward Normand

*Counsel for The SCO Group, Inc.*

4

**CERTIFICATE OF SERVICE**

I, Brent O. Hatch, hereby certify that on this 30th day of July, 2010, a true and correct copy of the foregoing **Motion for a Status Conference** was filed with the Court and served via electronic mail to the following recipients:

>David Marriott, Esq.
>Cravath, Swaine & Moore LLP
>Worldwide Plaza
>825 Eighth Avenue
>New York, New York 10019
>
>Todd Shaughnessy, Esq.
>Snell & Wilmer LLP
>1200 Gateway Tower West
>15 West South Temple
>Salt Lake City, Utah 84101-1004
>
>*Counsel for Defendant and Counterclaim-Plaintiff International Business Machines Corporation.*

>By: /s/ Brent O. Hatch
>Brent O. Hatch
>HATCH, JAMES & DODGE, P.C.
>10 West Broadway, Suite 400
>Salt Lake City, Utah 84101
>Telephone: (801) 363-6363
>Facsimile: (801) 363-6666