Brent O. Hatch (5715)
bhatch@hjdlaw.com
Mark F. James (5295)
mjames@hjdlaw.com
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

David Boies (admitted pro hac vice)
dboies@bsfllp.com
Robert Silver (admitted pro hac vice)
rsilver@bsfllp.com
Edward Normand (admitted pro hac vice)
enormand@bsfllp.com
Jason Cyrulnik (admitted pro hac vice)
jcyrulnik@bsfllp.com
Mauricio A. Gonzalez (admitted pro hac vice)
magonzalez@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
ssinger@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Counsel for The SCO Group, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 11 Trustee in Bankruptcy, Edward N. Cahn,<br><br>         Plaintiff/Counterclaim-Defendant,<br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>         Defendant/Counterclaim-Plaintiff. | **THE SCO GROUP, INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION TO REOPEN THE CASE**<br><br>Civil No.:  2:03-CV-00294-DN<br><br>Honorable David Nuffer |

**INTRODUCTION**

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), respectfully submits this Memorandum in support of its motion for reconsideration of the Court's order denying SCO's Motion to Reopen the Case (Docket No. 1109) (the "Order"). The Court denied the Motion on the grounds that it would be inefficient and potentially problematic to proceed without IBM's counterclaims, concluding: "Accordingly, the court declines to reopen the case at this time. When the bankruptcy stay is lifted, either party may file a motion to reopen the case. Until then, the case shall remain administratively closed." (Order at 2.)

SCO submits that reconsideration is appropriate because the Bankruptcy Court overseeing SCO's bankruptcy proceedings <u>lifted</u> the stay of IBM's counterclaims in February 2012 and IBM <u>agreed</u> to the reopening of the case should that stay be lifted. The Bankruptcy Court order lifting the stay was previously submitted to the Court with SCO's Request to Submit for Decision, on June 14, 2012. (Exs. A and B.) Accordingly, SCO respectfully asks the Court to reconsider its decision and grant the Motion to Reopen the Case forthwith.

**BACKGROUND**

1. On November 4, 2011, SCO filed its Motion to Reopen the Case (Docket No. 1095) (the "Motion to Reopen") in order to proceed with its remaining unfair competition and tortious interference claims. Those claims, which the Chapter 7 Trustee overseeing SCO's bankruptcy estate deems meritorious, are the only remaining assets of SCO's bankruptcy estate.

2. On November 21, 2011, Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") filed its opposition to the Motion to Reopen (Docket No. 1100).

(Ex. C.)  Even though the Bankruptcy Code had automatically stayed all of IBM's counterclaims against SCO without disturbing SCO's right to pursue its claims against IBM, IBM opposed the Motion to Reopen on the grounds that litigating SCO's claims without IBM's counterclaims "would be inefficient and fundamentally unfair." (Id. at 1.)

3.   Accordingly, IBM asserted that the Court "**should reopen the case when the stay has been lifted as to IBM's counterclaims**." (Id. at 6 (emphasis in original).)  In fact, IBM argued for an order "providing that this case shall be reopened within 5 days of the filing of a notice (by any party) that the stay of IBM's counterclaims has been lifted." (Id. at 14, ¶ 39.)

4.   On February 16, 2012, SCO and IBM stipulated in SCO's bankruptcy proceedings to modify the automatic stay of IBM's counterclaims so as to "permit IBM" to "defend the Utah action and prosecute its Counterclaims against SCO." (Ex. B at 4, ¶ 2.)  As part of that stipulation, IBM also agreed that "**IBM shall not oppose the reopening of the Utah Action.**" (Id. at 5, ¶ 4 (emphasis added).)

5.   On February 17, 2012, the Bankruptcy Court entered an order approving the stipulation and modifying the automatic stay "as set forth" in the stipulation. (Id. at 1.)

6.   On June 14, 2012, after the Motion to Reopen had been pending for over six months, SCO filed its Request to Submit for Decision (Docket No. 1100) (the "Request"), which included as an exhibit the bankruptcy order and stipulation lifting the stay of IBM's counterclaims (Docket No. 1107-1). (Exs. A and B.)  The Request asked the Court to rule on the pending Motion to Reopen, particularly in light of the bankruptcy order and stipulation, which had rendered the Motion unopposed. (Ex. A at 3.)

7. The Request also informed the Court of the Bankruptcy Court's order lifting the stay of IBM's counterclaims "as set forth" in the stipulation, including IBM's agreement "not [to] oppose the reopening of the Utah Action." (Ex. A at 2, ¶ 6.) SCO thus provided the "notice" that, according to IBM, warranted an order "providing that this case shall be reopened within 5 days of the filing of a notice (by any party) that the stay of IBM's counterclaims has been lifted."

8. On April 24, 2013, the Court entered its Memorandum Decision and Order Denying Motion to Reopen Case (Docket No. 1109) (the "Order"). While the Order recognized that IBM's response to the Motion to Reopen "opposes reopening the case until the bankruptcy stay of its counterclaims is lifted so that SCO's claims and IBM's counterclaims may be litigated together" (Order at 2), the Order did not mention that the stay had in fact been lifted. (Id. at 1-2)

9. Instead, the Order denied the Motion to Reopen the Case, concluding: "Accordingly, the court declines to reopen the case at this time. When the bankruptcy stay is lifted, either party may file a motion to reopen the case. Until then, the case shall remain administratively closed." (Id. at 2.)

## ARGUMENT

"A district court has discretionary power to revise interlocutory orders at any time before the entry of final judgment." Hemminger v. Beam, 2013 WL 1707700, at *1 (W.D. Okla. April 19, 2013); see Warren v. American Bankers Ins., 507 F.3d 1239, 1243 (10th Cir. 2007); Sump v. Fingerhut, Inc., 208 F.R.D. 324, 327 (D. Kan. 2002). Upon a motion for reconsideration, relief is appropriate "where the court has misapprehended the facts, a party's position, or the

controlling law." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Carter v. Bigelow, 869 F. Supp. 2d 1322, 1330 (D. Utah 2012).

Here, the Court denied the Motion to Reopen the Case based on a misapprehension of the status of the Bankruptcy stay, which the Court understood to remain in effect. In fact, as SCO informed the Court in June 2012 in the Request to Submit for Decision, the Bankruptcy Court lifted the stay on February 17, 2012, pursuant to a stipulation by the parties. (Exs. A and B.) Accordingly, reconsideration is appropriate and the Court should grant the Motion to Reopen.

In addition, IBM already agreed to the reopening of the case in the event that the Bankruptcy Court lifted the stay. Even in its response to the Motion to Reopen, IBM agreed that the Court should "reopen the case when the stay has been lifted" and argued for an order "providing that this case shall be reopened within 5 days of the filing of a notice (by any party) that the stay of IBM's counterclaims has been lifted." (Ex. C at 6, 14.) Subsequently, IBM secured the lifting of the stay in the Bankruptcy Court by stipulating "not [to] oppose the reopening of the Utah Action." (Ex. B at 5, ¶ 4.)

Should the Court now grant the Motion to Reopen, SCO respectfully submits that the Court would benefit from oral argument on the unresolved summary judgment motions, which have been pending since 2006, and respectfully requests that the Court schedule such argument.

## CONCLUSION

For the foregoing reasons, the Court should reconsider its decision and grant SCO's Motion to Reopen the Case.

DATED this 7th day of May, 2013.

        By:  /s/ Brent O. Hatch
        HATCH, JAMES & DODGE, P.C.
        Brent O. Hatch
        Mark F. James

        BOIES, SCHILLER & FLEXNER LLP
        David Boies
        Robert Silver
        Stuart H. Singer
        Edward Normand
        Jason Cyrulnik
        Mauricio A. Gonzalez

        *Counsel for The SCO Group, Inc.*

**CERTIFICATE OF SERVICE**

I, Brent O. Hatch, hereby certify that on this 7th day of May, 2013, a true and correct copy of the foregoing **THE SCO GROUP, INC.'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING MOTION TO REOPEN THE CASE** was filed with the Court and served electronically by CM/ECF and/or email to the following recipients:

> David Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York 10019
>
> Amy F. Sorenson
> Snell & Wilmer LLP
> 1200 Gateway Tower West
> 15 West South Temple
> Salt Lake City, Utah 84101-1004
>
> *Counsel for Defendant and Counterclaim-Plaintiff International Business Machines Corporation.*

By:  /s/ Brent O. Hatch
Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone:  (801) 363-6363
Facsimile:  (801) 363-6666
