# EXHIBIT A

Brent O. Hatch (5715)
bhatch@hjdlaw.com
Mark F. James (5295)
mjames@hjdlaw.com
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666

David Boies (admitted pro hac vice)
dboies@bsfllp.com
Robert Silver (admitted pro hac vice)
rsilver@bsfllp.com
Edward Normand (admitted pro hac vice)
enormand@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
ssinger@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Counsel for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 11 Trustee in Bankruptcy, Edward N. Cahn,<br><br>        Plaintiff/Counterclaim-Defendant,<br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>        Defendant/Counterclaim-Plaintiff. | **THE SCO GROUP, INC.'S REQUEST TO SUBMIT FOR DECISION**<br><br>Civil No.:  2:03-CV-00294-DN<br><br>Honorable David Nuffer |

Pursuant to Local Rule 7-3, Plaintiff/Counterclaim-Defendant, The SCO Group, Inc.

("SCO") respectfully submits this Request to Submit for Decision, requesting the Court to rule

on SCO's pending Motion to Reopen the Case (the "Motion") in light of the recent order lifting

the stay of IBM's counterclaims by the bankruptcy court presiding over SCO's Chapter 11

proceedings (the "Bankruptcy Court").  Where IBM agreed in its opposition to the Motion that

this Court "should reopen the case when the stay has been lifted as to IBM's counterclaims" and

stipulated in the Bankruptcy Court that "IBM shall not oppose the reopening of the Utah

Action," SCO respectfully submits that the Motion should be granted forthwith.

## BACKGROUND

1.       On November 4, 2011, SCO filed its Motion to Reopen the Case (Docket No.

1095) in order to proceed with its remaining unfair competition and tortious interference claims.

Those claims, which the Chapter 11 Trustee overseeing SCO's bankruptcy estate deems

meritorious, are the only remaining assets of the estate.

2.       On November 21, 2011, Defendant/Counterclaim-Plaintiff International Business

Machines Corporation ("IBM") filed its opposition to the Motion.  (Docket No. 1100.)  Even

though the Bankruptcy Code had automatically stayed all of IBM's counterclaims against SCO

without disturbing SCO's right to pursue its claims against IBM, IBM opposed the Motion on the

grounds that litigating SCO's claims without IBM's counterclaims "would be inefficient and

fundamentally unfair."  (Id. at 1.)

3.       Accordingly, IBM asserted that the Court "**should reopen the case when the**

**stay has been lifted as to IBM's counterclaims**."  (Id. at 6 (emphasis in original).)  In fact, IBM

argued for an order "providing that **this case shall be reopened within 5 days of the filing of a**

1

**notice (by any party) that the stay of IBM's counterclaims has been lifted**." (Id. at 14 (emphasis added).) SCO hereby provides such notice.

4.        On November 28, 2011, Judge Waddoups[1] scheduled a hearing on the Motion for April 18, 2012. (Docket No. 1101.) Judge Benson subsequently moved the hearing date to April 23, 2012. (Docket No. 1105.)

5.        On December 8, 2011, SCO filed its Reply Memorandum in Support of Its Motion to Reopen the Case. (Docket No. 1102.) The Motion was thenceforth ripe for adjudication.

6.        On February 16, 2012, while the April 23, 2012 hearing was still pending, SCO and IBM stipulated in SCO's bankruptcy proceedings to modify the automatic stay of IBM's counterclaims so as to permit IBM to "defend the Utah action and prosecute its Counterclaims against SCO." (Ex. A at 4.) As part of that stipulation, IBM also agreed that "**IBM shall not oppose the reopening of the Utah Action.**" (Ex. A at 5, ¶ 4 (emphasis added).) On February 17, 2012, the Bankruptcy Court entered an order approving the stipulation and modifying the automatic stay "as set forth" in the stipulation. (Id. at 1.)

7.        On April 2, 2012, following the transfer of the hearing from Judge Benson's calendar to this Court's calendar, the Court vacated the April 23, 2012 hearing.

---

[1]        On November 9, 2011, this case was reassigned to District Judge Clark Waddoups following District Judge Tena Campbell's recusal (Docket No. 1099); on December 9, 2011, the case was in turn reassigned to District Judge David Sam following Judge Waddoup's recusal (Docket No. 1103); on December 14, 2011, the case was again reassigned, this time to District Judge Dee Benson, following Judge Sam's recusal (Docket No. 1104); and on March 31, 2012, following the appointment of this Court to the District Court bench, the case was reassigned to this Court (Docket No. 1106).

2

## REQUEST

Because SCO's Motion to Reopen the Case has been pending since December 8, 2011, and was originally set for a hearing to be held on April 18, 2012, SCO respectfully requests that the Court submit the Motion for a decision, pursuant to Local Rule 7-3.

In addition, because IBM agreed that the Court should "reopen the case when the stay has been lifted as to IBM's counterclaims" and argued for an order "providing that this case shall be reopened within 5 days of the filing of a notice (by any party) that the stay of IBM's counterclaims has been lifted," SCO respectfully asks the Court to grant SCO's Motion forthwith and proceed with the adjudication of the unresolved summary judgment motions in this case, which have been pending since 2006. Indeed, because IBM secured the lifting of the automatic stay on its counterclaims in the Bankruptcy Court by agreeing "not [to] oppose the reopening of the Utah Action," the Motion should be deemed to be unopposed.

Should the Court grant the Motion, SCO respectfully submits that the Court would benefit from oral argument on the unresolved summary judgment motions and respectfully requests that the Court schedule such argument. In addition, insofar as the Court would benefit from supplemental briefing regarding any changes in the law relevant to the unresolved summary judgment motions, SCO remains prepared to provide such briefing at the Court's direction.

3

DATED this 14th day of June, 2012.

By: /s/ Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Robert Silver
Stuart H. Singer
Edward Normand

*Counsel for The SCO Group, Inc.*

4