SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant/Counterclaim-Plaintiff*
 *International Business Machines Corporation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **IBM'S MEMORANDUM RESPONDING TO SCO'S REQUEST FOR RECONSIDERATION** <br><br> Civil No. 2:03-CV-0294-DN <br><br> Honorable David Nuffer |

17225736.1

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this memorandum in response to the request of The SCO Group, Inc. ("SCO") (n/k/a TSG Group, Inc.) for reconsideration (Docket No. 1110) of the Court's order denying SCO's motion to reopen the case (Docket No. 1109).

## Argument

1. IBM does not oppose reopening this case, as a final judgment has been entered against SCO in the Novell Litigation (see SCO Group, Inc. v. Novell, Case No. 2:04-cv-139; The SCO Group, Inc. v. Novell, Inc., 439 Fed. Appx. 688 (10th Cir. 2011) ("the Novell Judgment")), the bankruptcy stay has been lifted (see Docket No. 1110 at Ex. B), and the Court may now proceed to adjudicate all of the claims in suit.

2. However, IBM takes a different view from SCO as to how the Court should proceed when the case is reopened. Rather than undertake immediately to decide the numerous outstanding motions, we respectfully submit that the Court should proceed as is described in IBM's Memorandum Responding to SCO's Request to Reopen, filed November 21, 2011 (Docket No. 1100), which is attached hereto as Exhibit A.

3. Specifically, when the case is reopened, IBM believes the Court should first dismiss the claims that SCO concedes are foreclosed as a result of the Novell Litigation. SCO admits that at least five (and perhaps six) of its claims against IBM, and part of another of its claims, are foreclosed by the Novell Judgment. (See Ex. A ¶¶ 28-29 for a fuller discussion.)

4. Because the parties disagree as to the effect of the Novell Litigation on other claims, IBM proposes to make a motion for summary judgment addressing the impact of the Novell Judgment on all remaining claims (including IBM's counterclaims). If we are correct

about the impact of the Novell Judgment, it will be unnecessary for the Court to decide a number of the pending summary judgment motions to resolve these claims.

5. Once the Court has determined the effect of the Novell Judgment, we propose the Court require the parties to submit a scheduling order to govern the balance of this action. If the Court were to deny the summary judgment motion that IBM proposes to make concerning the impact of the Novell Judgment, then it would be necessary for the Court to wade into the pending summary judgment motions concerning those claims. But before doing so, it will likely be advisable (depending in part on the nature of the Court's ruling as to the scope of the Novell Judgment) for the parties to supplement the existing briefing, and the Court may want to hear additional argument. Not only does the Novell Judgment affect these claims in important respects, but also the pending motions were made nearly five years ago and the body of relevant case law has grown.

6. Even if the Court were to grant IBM's proposed summary judgment motion (as to the impact of the Novell Judgment) in its entirety, we believe it will make sense for the parties to submit a proposed scheduling order based upon that decision. While the Novell Judgment had a significant impact on the claims and counterclaims in this case, it did not resolve all of IBM's counterclaims. For example, while the Novell Judgment strengthens IBM's counterclaims concerning SCO's campaign to create fear, uncertainty and doubt about IBM's products and services, it does not completely resolve all of those claims. Thus, the Court will need to address certain of the pending motions, which may also require supplemental briefing and argument.

2

17225736.1

7.      Depending on what remains in the case following the Court's ruling concerning the impact of the <u>Novell</u> Judgment, and the pending summary judgment motions, the Court may also need to decide certain other motions/objections (<u>see</u> Ex. A ¶ 12) in the event SCO elects to pursue them.

### Conclusion

For the foregoing reasons, IBM respectfully submits that the Court should re-open the case and proceed as outlined above.

DATED this 24th of May 2013.

                        SNELL & WILMER L.L.P.

                        /s/ Amy F. Sorenson
                        Alan L. Sullivan
                        Amy F. Sorenson

                        CRAVATH, SWAINE & MOORE LLP
                        Evan R. Chesler
                        David R. Marriott

                        *Attorneys for Defendant/Counterclaim-Plaintiff*
                        *International Business Machines Corporation*

Of Counsel:

INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1 North Castle Drive
Armonk, New York 10504
(914) 765-1900

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*