
Brent O. Hatch (5715)
bhatch@hjdlaw.com
Mark F. James (5295)
mjames@hjdlaw.com
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David Boies (admitted pro hac vice)
dboies@bsfllp.com
Robert Silver (admitted pro hac vice)
rsilver@bsfllp.com
Edward Normand (admitted pro hac vice)
enormand@bsfllp.com
Jason Cyrulnik (admitted pro hac vice)
jcyrulnik@bsfllp.com
Mauricio A. Gonzalez (admitted pro hac vice)
magonzalez@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
ssinger@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Counsel for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 11 Trustee in Bankruptcy, Edward N. Cahn,<br><br>       Plaintiff/Counterclaim-Defendant,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>       Defendant/Counterclaim-Plaintiff. | **THE SCO GROUP, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION TO REOPEN THE CASE**<br><br>Civil No.: 2:03-CV-00294-DN<br><br>Honorable David Nuffer |

## INTRODUCTION

Plaintiff-Counterclaim-Defendant, The SCO Group, Inc. ("SCO") respectfully submits this Reply Memorandum in support of its Motion for Reconsideration of the Court's Order Denying SCO's Motion to Reopen the Case (the "Motion for Reconsideration").

In its response to the Motion for Reconsideration, IBM concedes (at 1) that it "does not oppose reopening this case," without disputing that it previously agreed to and even called for the reopening of the case upon the lifting of the bankruptcy stay. Accordingly, upon the Court's reconsideration, the Motion to Reopen the Case should be granted without further delay.

IBM nevertheless devotes almost the entirety of its response to the unprecedented proposal that the Court order two additional rounds of summary judgment briefing predicate to the resolution of the summary judgment motions that have been pending in this case since 2006. This Reply Memorandum responds to that proposal.

## ARGUMENT

IBM first requests (at 1) an order permitting it "to make a motion for summary judgment addressing the impact of the Novell Judgment on all remaining claims (including IBM's counterclaims)." In addition, IBM requests (at 2) a possible second order requiring the parties to "supplement existing briefing" and provide "additional argument" on the pending summary judgment motions. As to the rationale for this request, IBM explains: "Not only does the Novell Judgment affect these claims in important respects, but also the pending motions were filed nearly five years ago and the body of relevant case law has grown." IBM's proposal is improper, and should be denied, for at least three reasons.

First, in their pending summary judgment motions, the parties already briefed and argued the effect of the Novell Litigation on this case.[1] The rounds of additional motions that IBM proposes thus amount to additional bites at the apple for which there is no authority or precedent. SCO submits that, following proper procedure, the Court should adjudicate the pending motions related to SCO's claims and IBM's counterclaims without further delay, relying on the Novell Judgment as the basis for the Court's decisions where relevant and appropriate. SCO has acknowledged that a number of its claims were resolved by the Novell Judgment and that those claims can be dismissed.[2] To the extent the Court deems it helpful to see a self-contained summary of the effect of the Novell Litigation, both IBM and SCO already provided that information in their briefs for the underlying Motion to Reopen the Case. There is no reason why any remaining dispute about the scope of the Novell Judgment cannot be addressed in the context of the pending summary judgment motions or the trial of surviving claims.

Second, the possibility that new authorities may exist does not remotely warrant re-litigation of the same issues. If IBM knows of such authorities, it could have filed a notice of

---

[1] E.g., IBM's Memorandum in Support of Its Motion for Summary Judgment on SCO's Contract Claims (Docket No. 802) at 4, 41-43, 53-57, 104-06 (arguing Novell's ownership of the waiver rights disputed in the Novell Litigation forecloses SCO's contract claims); IBM's Memorandum in Support of Its Motion for Summary Judgment on SCO's Copyright Claim (Docket No. 807) at 76-77 (arguing Novell's ownership of the copyrights disputed in the Novell Litigation forecloses SCO's copyright claim); IBM's Memorandum in Support of Its Motion for Summary Judgment on SCO's Interference Claims (Docket No. 803) at 27-29 (arguing Novell's ownership of the waiver rights disputed in the Novell Litigation forecloses SCO's interference claim alleging that IBM induced Novell to breach the APA); IBM's Memorandum in Support of Its Motion for Summary Judgment on SCO's Unfair Competition Claim (Docket No. 806) at 1 (incorporating foregoing briefs and others by reference in opposing SCO's unfair competition claims not based on Project Monterey); IBM's Memorandum in Support of Its Motion for Summary Judgment on Its Tenth Counterclaim (Docket No. 805) at 13, 71-72, 76-77 (arguing IBM is entitled to summary judgment on its Tenth Counterclaim based on Novell's ownership of the copyrights disputed in the Novell Litigation).

[2] SCO's Memorandum in Support of Its Motion to Reopen the Case (Docket No. 1108) at 1.

supplemental authorities—the accepted procedure for bringing additional pertinent authority to the court's attention.

Third, the further delay that IBM proposes would work extreme prejudice upon SCO and its constituents. SCO received Chapter 11 bankruptcy protection in September 2007, and as a result of the diminution of its business and assets, was converted to Chapter 7 in August 2012. Currently, SCO's claims against IBM in this case are the estate's only remaining assets. Because of the routine costs associated with bankruptcy, every month that SCO remains in bankruptcy further erodes its extremely limited cash reserves and thus its capacity to pursue its only remaining assets.

IBM's proposal would be especially prejudicial in light of the delay that has already occurred. This case has been pending since March 2003. On June 14, 2012, SCO notified the Court of the lifting of the bankruptcy stay. IBM agreed to the reopening of the case. In this context, IBM's proposal to further delay the case would work unfair prejudice upon SCO.

Finally, given the prejudice that the passage of time will continue to work upon the bankruptcy estate, SCO submits that it would also be appropriate for the Court to set the case for mediation on a parallel track, to determine whether the case can now be settled in light of the Novell rulings.

## **CONCLUSION**

IBM's proposal calls for further, unnecessary, and improper delay to the resolution of a case that has been pending for over a decade. In submitting hundreds of pages of summary judgment papers, IBM had ample opportunity to argue the effect that a favorable resolution of the Novell Litigation would have on this case. IBM took full advantage of that opportunity. The

Court, therefore, should proceed to adjudicate the pending summary judgment motions without the need for the improper rounds of additional briefing that IBM proposes.

     For the foregoing reasons, SCO respectfully asks the Court to grant the Motion for Reconsideration, reopen this case, and proceed with the adjudication of relevant pending motions.

DATED this 10th day of June, 2013.

                                                    By: /s/ Brent O. Hatch
                                                    HATCH, JAMES & DODGE, P.C.
                                                    Brent O. Hatch
                                                    Mark F. James

                                                    BOIES, SCHILLER & FLEXNER LLP
                                                    David Boies
                                                    Robert Silver
                                                    Stuart H. Singer
                                                    Edward Normand
                                                    Jason Cyrulnik
                                                    Mauricio A. Gonzalez

                                                    *Counsel for The SCO Group, Inc.*