Brent O. Hatch (5715)
bhatch@hjdlaw.com
Mark F. James (5295)
mjames@hjdlaw.com
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David Boies (admitted pro hac vice)
dboies@bsfllp.com
Robert Silver (admitted pro hac vice)
rsilver@bsfllp.com
Edward Normand (admitted pro hac vice)
enormand@bsfllp.com
Jason Cyrulnik (admitted pro hac vice)
jcyrulnik@bsfllp.com
Mauricio A. Gonzalez (admitted pro hac vice)
magonzalez@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
ssinger@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Counsel for The SCO Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 11 Trustee in Bankruptcy, Edward N. Cahn,<br><br>        Plaintiff/Counterclaim-Defendant,<br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>        Defendant/Counterclaim-Plaintiff. | **THE SCO GROUP, INC.'S STATEMENT IN COMPLIANCE WITH THE COURT'S ORDER REOPENING THE CASE**<br><br>Civil No.: 2:03-CV-00294-DN<br><br>Honorable David Nuffer |

## STATEMENT

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO") respectfully submits this Statement in compliance with the Court's order reopening this case (Docket No. 1115) (the "Order"), which directed SCO to "file a brief statement identifying its claims which it agrees are foreclosed by the *Novell* judgment and the form of a judgment dismissing those claims."

### A.  SCO Claims Foreclosed by the Novell Judgment

SCO's Second Amended Complaint, the operative complaint in this case, asserts nine enumerated causes of action against IBM.  In addition, as explained below, by an order dated February 9, 2005, Judge Dale Kimball agreed with IBM that SCO's Second Amended Complaint set forth a tenth cause of action.  (Id.)

With the exception of SCO's unfair competition claim concerning the Project Monterey joint venture (Count VI) and SCO's interference claims alleging that IBM interfered with SCO's contracts, market, and business relationships (Counts VII and IX), SCO agrees that its claims are foreclosed and may be dismissed on the basis of the rulings in the Novell judgment that Novell (1) owns the copyrights to pre-1996 UNIX source code and (2) has the right to waive SCO's contract claims against IBM for breach of the licensing agreements pursuant to which IBM licensed pre-1996 UNIX source code.

SCO's breach-of-contract claims (Counts I-IV) and copyright infringement claim (Count V) are foreclosed and may be dismissed on the basis of the Novell judgment that Novell waived SCO's contract claims against IBM for breach of the licensing agreements pursuant to which IBM licensed pre-1996 UNIX source code from SCO.

SCO's copyright infringement claim against IBM "arising out of its use, reproduction, or improvement of Linux" (see Docket No. 398 at 4-5) is foreclosed and may be dismissed on the basis of the Novell judgment that Novell owns the copyrights to pre-1996 UNIX source code. In an order dated February 9, 2005, Judge Kimball agreed with IBM that SCO's Second Amendment Complaint sets forth this second copyright infringement claim, and as a result of that ruling, that claim became part of this case. (See id.)

SCO's claim for Interference with Contract (Count VIII), which alleges that IBM interfered with the 1995 Asset Purchase Agreement between SCO and Novell that was at issue in the Novell litigation, is foreclosed and may be dismissed on the basis of the Novell judgment.

SCO's Unfair Competition cause of action (Count VI) is foreclosed and may be dismissed on the basis of the Novell judgment insofar as that cause of action is based on the allegations that Novell does not own the copyrights to pre-1996 UNIX source code and does not have the right to waive breaches of the licensing agreements pursuant to which IBM licensed pre-1996 UNIX source code.

### B.  SCO Claims Unaffected by the Novell Judgment

The Novell judgment has no bearing on the following claims, which therefore remain ripe for adjudication:  SCO's Unfair Competition claim (Count VI) concerning the Project Monterey joint venture; SCO's Interference with Contract claim (Count VII), which (among other things) alleges that IBM interfered with contracts pursuant to which SCO licensed post-1995 UNIX products to third parties; and SCO's claim for Interference with Business Relationships (Count IX), which alleges that IBM interfered with SCO's market position and business relationships.

C. **Judgment Form**

Also in compliance with the Court's Order, filed concurrently herewith as Exhibit A hereto is the form of a proposed judgment dismissing the claims identified herein as foreclosed by the Novell judgment.

DATED this 24th day of June, 2013.

By: /s/ Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Robert Silver
Stuart H. Singer
Edward Normand
Jason Cyrulnik
Mauricio A. Gonzalez

*Counsel for The SCO Group, Inc.*