Brent O. Hatch (5715)
bhatch@hjdlaw.com
Mark F. James (5295)
mjames@hjdlaw.com
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone:  (801) 363-6363
Facsimile:  (801) 363-6666

David Boies (admitted pro hac vice)
dboies@bsfllp.com
Robert Silver (admitted pro hac vice)
rsilver@bsfllp.com
Edward Normand (admitted pro hac vice)
enormand@bsfllp.com
Jason Cyrulnik (admitted pro hac vice)
jcyrulnik@bsfllp.com
Mauricio A. Gonzalez (admitted pro hac vice)
magonzalez@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone:  (914) 749-8200
Facsimile:  (914) 749-8300

Stuart Singer (admitted pro hac vice)
ssinger@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022

*Counsel for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 7 Trustee in Bankruptcy, Edward N. Cahn,<br><br>   Plaintiff/Counterclaim-Defendant,<br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>   Defendant/Counterclaim-Plaintiff. | THE SCO GROUP, INC.'S ("SCO'S") RESPONSE TO IBM'S OBJECTIONS TO SCO'S PROPOSED PARTIAL JUDGMENT<br><br>Civil No.:  2:03-CV-00294-DN<br><br>Honorable David Nuffer |

Plaintiff/Counterclaim-Defendant, The SCO Group, Inc. ("SCO"), respectfully submits this response to IBM's Objections to The SCO Group, Inc.'s Proposed Partial Judgment.

In its order of June 14, 2013 (the "Order"), the Court directed SCO to "file a brief statement identifying its claims which it agrees are foreclosed by the *Novell* judgment and the form of a judgment dismissing those claims." (Docket No. 1115 at 1.) The Order also provided that "[o]n or before June 28, 2013, IBM may file any objections to the form of that order." (Id.)

On June 24, 2013, SCO timely filed its papers required by the Order, including a proposed judgment form dismissing the SCO claims that it agrees are foreclosed by the Novell judgment (the "Proposed Partial Judgment"). (Docket No. 1119.) On June 28, 2013, IBM timely filed its Objections to SCO's Proposed Partial Judgment (the "Objections"). (Docket No. 1120.)

On July 1, 2013, the Court entered a minute order directing SCO to file this response to IBM's Objections by Monday, July 8, 2013. (Docket No. 1121.)

### SCO'S RESPONSE TO IBM'S OBJECTIONS

IBM first objects (at ¶3a) to "SCO's Proposed Partial Judgment insofar as it states that the claims to be dismissed are moot." Because the Novell judgment resolved the claims that SCO agrees can be dismissed, those claims no longer present a controversy and thus can be properly said to be mooted by the Novell judgment. Nevertheless, SCO does not object to deleting the three references to mootness in the Proposed Partial Judgment, as IBM proposes, provided that the title of the Proposed Partial Judgment is changed to "Partial Judgment Dismissing SCO Claims" so as to make clear that only certain of SCO's claims – those that SCO agrees are foreclosed by the Novell judgment—are being dismissed.

1

IBM also objects (at ¶3b) to SCO's statement that the Novell judgment "has no bearing" on the balance of SCO's claims. Based on this objection, IBM proposes deleting the entire paragraph containing that phrase, which paragraph identifies the claims that SCO believes are not foreclosed by the Novell judgment and that therefore, pursuant to the Court's Order, are not being dismissed in the Proposed Partial Judgment. Although SCO does not object to deleting the paragraph's introductory clause, which contains that phrase, SCO submits that the balance of the paragraph should remain, as revised in the Exhibits hereto, because it clarifies the scope of the Proposed Partial Judgment by expressly identifying the SCO claims that remain in the case.

IBM next objects (at ¶3c) to the Proposed Partial Judgment "insofar as it uses the phrase 'joint venture' to describe Project Monterey." Without waiving any rights, SCO does not object to deleting that phrase from the Proposed Partial Judgment.

IBM finally objects (at ¶3d) to the last sentence of the Proposed Partial Judgment. While SCO disagrees that IBM is a "prevailing party" under the controlling law, SCO does not object to IBM's proposal to "defer the issue of fees and costs until after the entry of final judgment on all claims and issues in this case." Accordingly, SCO does not object to deleting the last sentence of the Proposed Partial Judgment.

SCO also does not object to IBM's suggestion (at ¶5) that the Proposed Partial Judgment reflect SCO's name change to "TSG Group, Inc." Although IBM states (at ¶5) that "the caption need not be amended," IBM's version of the Proposed Partial Judgment, without explanation, deletes the reference to SCO's bankruptcy trustee in the caption. SCO objects to this change.

IBM finally asserts (at ¶4) that it "believes that the Novell judgment forecloses more claims than does SCO (and more claims than are covered by SCO's Proposed Partial

Judgment)," noting that "IBM will address the impact of the Novell judgment on all of SCO's remaining claims" in IBM's "forthcoming summary motion." In addition to disagreeing that the Novell judgment had any impact on "SCO's remaining claims," SCO notes that, in its argument and briefing on IBM's summary judgment motion directed at the Project Monterey claim, given IBM's own arguments, SCO requested leave to assert a copyright infringement claim based on IBM's conduct in connection with Project Monterey. By agreeing that certain of its claims (including its copyright infringement claims and portions of its unfair competition cause of action) may be dismissed on the basis of the Novell judgment, SCO in no way has abandoned that request, which remains pending together with the summary judgment motion.

    For the Court's convenience, submitted as Exhibits A and B hereto respectively are clean and black-lined versions of the revised Proposed Partial Judgment, reflecting SCO's responses herein.

DATED this 8th day of July, 2013.

By: /s/ Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Robert Silver
Stuart H. Singer
Edward Normand
Jason Cyrulnik
Mauricio A. Gonzalez

*Counsel for The SCO Group, Inc.*