SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: asullivan@swlaw.com
       asorenson@swlaw.com

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Email: echesler@cravath.com
       dmarriott@cravath.com

*Attorneys for Defendant/Counterclaim-Plaintiff
 International Business Machines Corporation*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 7 Trustee in Bankruptcy, Edward N. Cahn,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant/Counterclaim-Plaintiff. | **IBM'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BASIS OF THE <u>NOVELL</u> JUDGMENT**<br><br>Civil No. 2:03-cv-00294-DN<br><br>Honorable David Nuffer |

## Table of Contents

                                                                      **Page**

Table of Authorities .................................................................................................................... iii

Introduction……….......................................................................................................................1

Statement of Elements and Undisputed Material Facts .................................................................2

IBM's Response to SCO's Statement of Undisputed Facts............................................................2

Argument…… ...............................................................................................................................2

        I.        JUDGMENT SHOULD BE ENTERED IN FAVOR OF IBM ON
                    ITS COUNTERCLAIMS FOR A DECLARATION OF NON-
                    INFRINGEMENT..................................................................................................2

        II.       THE NOVELL JUDGMENT LIMITS SCO'S REMAINING
                    CLAIMS.. ................................................................................................................3

        III.     THE NOVELL JUDGMENT CONCLUSIVELY ESTABLISHES
                    ELEMENTS OF IBM'S SECOND, FOURTH AND FIFTH
                    COUNTERCLAIMS................................................................................................3

Conclusion…………... ...................................................................................................................5

## Table of Authorities

**Page(s)**

**Cases**

Frandsen v. Westinghouse Corp., 46 F.3d 975 (10th Cir. 1995) ......................................................4

**Statutes & Rules**

District of Utah Civil Rule 7-1..........................................................................................................2

Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("IBM") respectfully submits this reply brief in further support of its motion for partial summary judgment concerning the remaining claims asserted by Plaintiff/Counterclaim-Defendant The SCO Group, Inc. (n/k/a TSG Group, Inc.) ("SCO") and certain of IBM's counterclaims and SCO's defenses to those counterclaims.

## Introduction

SCO concedes, as it must, the primary relief sought by IBM's motion: "that SCO is precluded from litigating the issues decided against it in the Novell litigation". More specifically, SCO agrees that judgment should be entered in favor of IBM on its two counterclaims for a declaration of non-infringement (Counterclaims IX and X). (See Section I below.) SCO does not dispute that its only remaining claims are limited to post-APA source code (that is, code not covered by the Novell copyrights) allegedly misappropriated by IBM during Project Monterey. (See Section II below.) And while SCO spends much of its brief arguing that the Novell Judgment has no effect on IBM's Counterclaims II, IV and V, SCO acknowledges that it does not own the pre-1996 UNIX copyrights (the "Copyrights") and that Novell properly waived claims that IBM breached its UNIX licensing agreements with AT&T (the "Licensing Agreements"), and hence cannot seek to relitigate those issues with respect to these (or other) counterclaims.[1] (See Section III below.) Thus, partial summary judgment should be entered in favor of IBM on the terms described below, and in the proposed form of order respectfully submitted herewith.

---

[1] All defined terms in this brief have the same definitions provided in IBM's Motion and Memorandum for Partial Summary Judgment on the Basis of the Novell Judgment (Dkt. # 1126).

**Statement of Elements and Undisputed Material Facts**

Consistent with this Court's Local Civil Rule 7-1(b)(2)(A), IBM here replies to SCO's response to IBM's statement of elements and undisputed material facts pertinent to the Novell Judgment and the remaining claims and counterclaims in this case.

SCO does not dispute most of the statements of elements and material facts set out in IBM's opening brief. To the extent SCO purports to disagree with IBM's assertions, SCO's contentions are no impediment to the relief IBM seeks, as is further discussed below.

**IBM's Response to SCO's Statement of Undisputed Facts**

Also consistent with this Court's Local Civil Rule 7-1(b)(2)(A), IBM here responds to SCO's statement of additional elements and undisputed facts.

None of the purported elements or purported facts identified by SCO is an impediment to the relief sought by IBM, as is further discussed below.

**Argument**

I. **JUDGMENT SHOULD BE ENTERED IN FAVOR OF IBM ON ITS COUNTERCLAIMS FOR A DECLARATION OF NON-INFRINGEMENT.**

IBM's Ninth and Tenth Counterclaims seek a declaration that IBM did not infringe the Copyrights that SCO claims to have been infringed by IBM's AIX, Dynix and Linux activities. (IBM's Second Am. Counterclaims, Dkt. # 127 ¶¶ 167, 173.) SCO concedes that judgment should be entered in favor of IBM on these counterclaims. (SCO's Memorandum in Response to IBM's Motion for Partial Summary Judgment on the Basis of the Novell Judgment ("SCO Response Memorandum"), Dkt. # 1130 at 2 ("SCO agrees that the Novell Judgment resolves IBM's two counterclaims for a declaration of non-infringement of copyrights.").) For this reason alone, partial summary judgment should be entered in favor of IBM.

2

## II.  THE NOVELL JUDGMENT LIMITS SCO'S REMAINING CLAIMS.

As stated in IBM's opening brief, SCO's prior descriptions of its remaining claims cannot be reconciled with its assertion that the Novell Judgment "has no bearing" on those claims. (SCO's Statement in Compliance with the Court's Order Reopening the Case, Dkt. # 1119 at 3.) Thus, IBM has sought summary judgment on SCO's remaining claims insofar as they depend on the alleged infringement of the Copyrights owned by Novell and alleged breaches of the Licensing Agreements waived by Novell, on the ground that they are barred by the Novell Judgment.

SCO's opposition brief acknowledges that its remaining claims are limited solely to post-APA source code (that is, code not covered by the Copyrights) allegedly misappropriated by IBM during Project Monterey (SCO Response Memorandum, Dkt. # 1130 at 4-6, 14-15), and that SCO is barred from litigating any issues decided against it in the Novell litigation (id. at 1). Thus, the present motion as to SCO's remaining claims can be resolved with a ruling that SCO is precluded from relitigating the issues decided against it in the Novell litigation.[2]

## III.  THE NOVELL JUDGMENT CONCLUSIVELY ESTABLISHES ELEMENTS OF IBM'S SECOND, FOURTH AND FIFTH COUNTERCLAIMS.

SCO opposes IBM's request for summary judgment concerning IBM's "tort counterclaims" on the grounds that "the Novell Judgment did not address . . . the falsity of SCO's public statements" (SCO Response Memorandum, Dkt. # 1130 at 2); that IBM's request

---

[2] IBM believes that SCO's remaining claims (even as narrowed by the Novell Judgment) are all barred for reasons set forth in IBM's separate, already-pending motions for summary judgment. To the extent SCO seeks now to reinvent its claims and/or to pursue contentions never before asserted and/or not disclosed in the detail required by the Court's prior orders (as portions of SCO's opposition can be read to suggest), IBM will oppose that effort at the appropriate time.

"exceeds the parameters of the Court's express limitation" (id. at 16); and in effect that SCO did not act improperly (see id.). But in so doing, SCO misconstrues IBM's motion. Properly considered, the relief IBM seeks as to these counterclaims is also now undisputed.[3]

Contrary to SCO's contention, IBM does not (by the present motion) seek a determination on its counterclaims concerning whether SCO made false statements (though IBM does not believe there is any question that SCO made such statements). Nor does IBM seek (by this motion) a determination that SCO may not have a defense to IBM's counterclaims (though IBM does not believe SCO has any meritorious defenses). Rather, in view of SCO's prior statements about the effect of the Novell Judgment, IBM seeks simply to ensure that SCO may not relitigate issues decided against it in this litigation. Despite its broad descriptions of its claims and its "opposition" to the present motion, SCO agrees that it is precluded from relitigating the ownership of the Copyrights and IBM's liability for alleged breaches of the Licensing Agreements. (SCO Response Memorandum, Dkt. # 1130 at 1.) SCO concedes this point. Thus, the only relief IBM seeks by this motion is undisputed and appropriate.[4]

---

[3] As stated in IBM's opening brief, SCO is also precluded from asserting certain of its defenses. For example, SCO pleaded as a defense that IBM's contractual rights to license AIX and Dynix were properly revoked on the grounds that IBM breached its Licensing Agreements. (See SCO's Answer to IBM's Second Am. Counterclaims, Dkt. # 141 at 19.) Insofar as the Novell Judgment establishes that Novell waived SCO's claims that IBM breached the Licensing Agreements, it further establishes that SCO's attempt to terminate the Licensing Agreements was improper. SCO is precluded from arguing otherwise. See, e.g., Frandsen v. Westinghouse Corp., 46 F.3d 975, 978 (10th Cir. 1995) (listing elements of collateral estoppel). Notably, SCO's opposition brief is silent on this point.

[4] The now-undisputed fact that SCO does not own the Copyrights and that IBM is not liable for breaches of the Licensing Agreements establishes the falsity of SCO's statements. But the Court need not now decide that specific issue in ruling on the present motion.

4

## Conclusion

For the foregoing reasons, IBM respectfully requests that the Court enter an order in the form attached below.

DATED this 16th day of September, 2013.

                                SNELL & WILMER L.L.P.

                                /s/ Amy F. Sorenson
                                Alan L. Sullivan
                                Amy F. Sorenson

                                CRAVATH, SWAINE & MOORE LLP
                                Evan R. Chesler
                                David R. Marriott

                                *Attorneys for Defendant/Counterclaim-Plaintiff*
                                *International Business Machines Corporation*

Of Counsel:
INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1 North Castle Drive
Armonk, New York 10504
(914) 765-1900

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*