Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
bhatch@hjdlaw.com
mjames@hjdlaw.com

David Boies (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Jason Cyrulnik (admitted pro hac vice)
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
dboies@bsfllp.com
enormand@bsfllp.com
jcyrulnik@bsfllp.com

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
ssinger@bsfllp.com

*Counsel for Plaintiff, The SCO Group, Inc.*

SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
asullivan@swlaw.com
asorenson@swlaw.com

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
echesler@cravath.com
dmarriott@cravath.com

*Attorneys for Defendant/Counterclaim-Plaintiff
International Business Machines Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 11 Trustee in Bankruptcy, Edward N. Cahn,<br><br>  Plaintiff/Counterclaim-Defendant,<br>v.<br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>  Defendant/Counterclaim-Plaintiff. | **JOINT STATUS REPORT**<br><br>Civil No.: 2:03-CV-00294-DN<br><br>Honorable David Nuffer |

Plaintiff, The SCO Group, Inc. ("SCO"), and Defendant, International Business Machines Corporation ("IBM"), respectfully submit this Joint Status Report pursuant to the Court's March 2, 2015, Order (Dkt # 1133).

## INTRODUCTION

The operative pleadings in this case are (1) SCO's Second Amended Complaint (Dkt # 108), (2) IBM's Answer to Second Amended Complaint (Dkt # 126) and Second Amended Counterclaim (Dkt # 127), and (3) SCO's Answer to Second Amended Counterclaim (Dkt # 141). Following the resolution of the separate SCO v. Novell action, the Court reopened this SCO v. IBM case and ruled on various motions and stipulations that addressed the impact of the Novell Judgment on the claims that were pending in this case. (Dkt # 1123.) The Court then granted IBM's request to file a new motion for summary judgment on the basis of the SCO v. Novell Judgment. On December 15, 2014, the Court granted in part and denied in part IBM's motion for partial summary judgment on SCO's remaining claims. (Dkt # 1132.) On March 2, 2015, the Court directed the parties to file a Joint Status Report outlining for the Court the status of the unresolved claims. (Dkt. # 1133.) The parties have conferred and outline below the status of the unresolved claims, along with a proposed schedule for resolution of those claims, which are listed and briefly described below.

### I. THE UNRESOLVED CLAIMS

On the basis of the Court's Orders, including its recent December 15, 2014, Order on IBM's Motion for Summary Judgment, three of SCO's claims (described by SCO below) remain pending and are ripe for adjudication:

    (1)    <u>Unfair Competition</u> (Count VI):  This claim concerns the Project Monterey joint venture between SCO's predecessor, The Santa Cruz Operation, Inc., and IBM. SCO alleges that IBM misappropriated into its "AIX for Power" operating system UnixWare source code that SCO provided to IBM subject to strict restrictions that IBM ignored, and that IBM engaged in a ruse to gain access to SCO's source code to effect the misappropriation.

    (2)    <u>Interference with Contract</u> (Count VII)[1]:  This claim concerns SCO's allegations that IBM interfered with contracts pursuant to which SCO had licensed its UNIX products to third parties in part as retaliation for SCO's efforts to protects its rights, and that IBM used the misappropriated Project Monterey technology and other intellectual property to interfere with SCO's customers and partners; and

    (3)    <u>Interference with Business Relationships</u> (Count IX):  This claim concerns SCO's allegations that IBM interfered with SCO's market position and business relationships, in part as retaliation for SCO's efforts to protects its rights, and that IBM used the misappropriated Project Monterey technology and other intellectual property to interfere with SCO's actual and potential customers and business relationships.

None of these claims concerns the copyrights to <u>pre-1995</u> UNIX source code.

---

[1] SCO's Interference Claims originally concerned both pre- and post-1995 source code. As noted, SCO stipulated to the dismissal of its claims concerning pre-1995 source code based on the <u>Novell</u> Judgment.

IBM asserted several counterclaims in its March 29, 2004, Second Amended Counterclaims against SCO (Docket No. 127), and the following sets of counterclaims (described by IBM below) remain pending and are ripe for adjudication:

(1) <u>Contract Claim</u>:  IBM has asserted a claim against SCO for breach of the same contracts that IBM was alleged by SCO to have breached, under which IBM has a perpetual and irrevocable license (Counterclaim I).

(2) <u>Claims Relating to SCO's Copying of IBM Code in Linux</u>:  IBM has asserted three claims against SCO relating to SCO's copying of IBM code in Linux:  (1) copyright infringement (Counterclaim VIII); (2) breach of the General Public License (the "GPL") (Counterclaim VI); and (3) promissory estoppel (Counterclaim VII).  IBM claims that SCO literally copied and distributed hundreds of thousands of lines of IBM code, which IBM contributed to Linux under the GPL, after SCO lost permission to do so by repudiating and breaching the GPL.

(3) <u>Claims Concerning SCO's Campaign To Create Fear, Uncertainty and Doubt About IBM's Products and Services</u>:  IBM has asserted four claims against SCO concerning SCO's campaign to create fear, uncertainty and doubt about IBM's products and services:  (1) violation of the Lanham Act (Counterclaim II); (2) unfair competition (Counterclaim III); (3) intentional interference with prospective economic relations (Counterclaim IV); and (4) violation of the New York State Unfair and Deceptive Trade Practices Act (Counterclaim V).

## II.     PENDING MOTIONS

With respect to the foregoing claims and counterclaims, the parties filed respective motions for summary judgment in 2006.  The summary judgment motions that remain pending with respect to the unresolved claims are:

(1)     SCO's Motion for Summary Judgment on IBM's Second, Third, Fourth, and Fifth Counterclaims (Dkt #s 775 (SCO Motion for Summary Judgment); 863 (IBM Opposition); 943 (SCO Reply));

(2)     SCO's Motion for Summary Judgment on IBM's Sixth, Seventh, and Eighth Counterclaims (Dkt #s 776 (SCO Motion for Summary Judgment); 865 (IBM's Opposition); 944 (SCO Reply));

(3)     IBM's Motion for Summary Judgment on SCO's Sixth Cause of Action (Unfair Competition Claims) (Dkt. #s 782 (IBM Motion for Summary Judgment); 861 (SCO Opposition); 947 (IBM Reply); and

(4)     IBM's Motion for Summary Judgment on SCO's Seventh and Ninth Causes of Action (Interference Claims) (Dkt #s 783 (IBM Motion for Summary Judgment); 868 (SCO Opposition); 946 (IBM Reply)).

In addition, SCO filed a motion alleging that, shortly after SCO filed this lawsuit against IBM, IBM executives and in-house lawyers directed multiple IBM Linux programmers to destroy source code on their computers that would have been highly relevant to SCO's claims.  (Dkt # 778.)  IBM opposed the motion which it believes to be unfounded.  The Magistrate Court denied SCO's motion, and SCO filed objections to the Magistrate Court's Order (Dkt. # 995 (S)) and a

Motion for Reconsideration of the Magistrate Court's Order (Dkt. # 986).  Both of those motions remain unresolved.

### III.    SCHEDULING

With respect to scheduling, the parties propose the following:

(1)     The parties request the opportunity orally to argue the foregoing summary judgment motions before the Court, given that the motions were argued before a prior judge more than nine years ago, and that the motions were directed (in part) to claims that are no longer in play.  The parties further request an opportunity to apprise the Court by letter of relevant case law decided in the nine years since the pending motions were filed.

(2)     The parties propose that the Court set the case for mediation on a parallel track, to determine whether the remaining claims can be settled.

(3)     SCO proposes that the Court set a trial date for the remaining claims now. IBM proposes that the Court set a trial date, if necessary, after it has resolved the pending motions for summary judgment.

DATED this 13th day of March, 2015.

| | |
|---|---|
| By: /s/ Brent O. Hatch | /s/ Amy F. Sorenson |
| HATCH, JAMES & DODGE, P.C. | SNELL & WILMER L.L.P. |
| Brent O. Hatch | Alan L. Sullivan |
| Mark F. James | Amy F. Sorenson |
| | |
| BOIES, SCHILLER & FLEXNER LLP | CRAVATH, SWAINE & MOORE LLP |
| David Boies | Evan R. Chesler |
| Stuart H. Singer | David R. Marriott |
| Edward Normand | |
| Jason Cyrulnik | *Attorneys for Defendant, International Business Machines Corporation* |
| *Counsel for Plaintiff, The SCO Group, Inc.* | |