Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666
bhatch@hjdlaw.com
mjames@hjdlaw.com

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile:  (954) 356-0022
ssinger@bsfllp.com

David Boies (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Jason Cyrulnik (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
dboies@bsfllp.com
enormand@bsfllp.com
jcyrulnik@bsfllp.com

*Counsel for Plaintiff, The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 11 Trustee in Bankruptcy, Edward N. Cahn,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S MEMORANDUM OF ADDITIONAL AUTHORITY IN SUPPORT OF ITS PENDING MOTION FOR SUMMARY JUDGMENT ON IBM'S SIXTH, SEVENTH, AND EIGHTH COUNTERCLAIMS**<br><br>Case No. 2:03-cv-00294 DN<br><br>District Judge David Nuffer |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

I. RECENT AUTHORITY SUPPORTS THAT SCO DID NOT BREACH THE GPL.........1

II. RECENT AUTHORITY CONFIRMS THAT SCO DID NOT REPUDIATE
THE GPL ...........................................................................................................................3

III. RECENT AUTHORITY SUPPORTS THAT IBM HAS NOT DEMONSTRATED
THAT SCO'S ALLEGED BREACHES CAUSED ANY COMPENSABLE
HARM TO IBM..................................................................................................................4

IV. IBM'S REQUEST FOR INJUNCTIVE RELIEF IS NOW MOOT ...................................5

# TABLE OF AUTHORITIES

**Cases**

<u>Brown Rudnick, LLP v. Surgical Orthomedics, Inc.</u>,
  No. 13-CV-4348 JMF, 2014 WL 3439620 (S.D.N.Y. July 15, 2014) ......................................... 4

<u>Diesel Props S.r.l. v. Greystone Bus. Credit II LLC</u>,
  631 F.3d 42 (2d Cir. 2011) ................................................................................................. 4

<u>In re Best Payphones, Inc.</u>,
  432 B.R. 46 (S.D.N.Y. 2010) ............................................................................................... 3

<u>Moretti v. Bank of N.U Mellon</u>,
  --- Fed. App'x ----, 2015 WL 1036450 (6th Cir. Mar. 11, 2015) ............................................. 3

<u>Parkway Hosp. v. Shah</u>,
  460 F. App'x 21 (2d Cir. 2012) ............................................................................................ 5

**Other Authorities**

17 U.S.C. § 103 ...................................................................................................................... 3

Spiros V. Bazinas, <u>Intellectual Property Financing Under the Supplement to the UNCITRAL
  Legislative Guide on Secured Transactions</u>, 43 UCC L. J. Issue 2 (Apr. 2011) ........................ 2

SCO respectfully submits this Memorandum of Additional Authority in Support of SCO's Motion for Summary Judgment on IBM's Sixth, Seventh, and Eighth Counterclaims, pursuant to the Court's April 15, 2015, Order.

SCO seeks summary judgment dismissing three IBM counterclaims (Counts VI, VII, and VIII) that are all based on IBM's allegations that SCO "repudiated and breached"[1] a license granting rights to distribute Linux, known as the GNU General Public License and Lesser Public License (the "GPL").  Each of those claims fails as a matter of law with respect to the question of whether SCO breached the GPL and where IBM failed to demonstrate a genuine issue of fact with respect to the required element of damages.  Case law decided since SCO's License Motion was fully briefed on January 12, 2007, further supports SCO's entitlement to summary judgment on IBM's sixth, seventh, and eighth counterclaims.

I.  **RECENT AUTHORITY SUPPORTS THAT SCO DID NOT BREACH THE GPL**

IBM's sixth, seventh, and eighth counterclaims all stem from IBM's assertion that SCO breached the GPL by taking steps to protect SCO's own intellectual property rights to UNIX code contained in Linux.  Specifically, IBM claims that SCO breached the GPL by offering third parties a license, separate and apart from the GPL, for the UNIX material contained in Linux.  SCO's UNIX license was designed to protect what SCO believed to be its proprietary rights to UNIX code.[2]  After SCO's summary judgment motion was fully briefed in 2007, a jury in the related <u>SCO v. Novell</u> case concluded that, contrary to SCO's view, the Asset Purchase Agreement by which Novell sold the UNIX business and source code to SCO "did not transfer

---

[1]   IBM Opp. to GPL Motion at 1, Docket No. 866, filed November 10, 2006.

[2]   License Motion Brief at 5, Docket No. 794, filed September 25, 2006 ("SCO offered its UNIX License, beginning in August 2003, because SCO believes IBM had misappropriated SCO's proprietary material and contributed that material into Linux.").

the UNIX and UnixWare copyrights from Novell to SCO" and thus "SCO was not the owner of the UNIX and UnixWare copyrights."[3] That verdict does not change the fact that SCO did not breach the GPL and is entitled to summary judgment on IBM's counterclaims.

As SCO explained in its License Motion briefs,[4] IBM mischaracterizes the GPL as governing a single, monolithic product called "Linux." In reality, Linux is a conglomerate "open source" software made up of many different programs from many different contributors. Section 0 of the GPL makes clear that the GPL applies only to "any program or other work which contains a notice placed by the copyright holder saying it may be distributed under the terms of this General Public License."[5] This makes perfect sense: The GPL could not and does not purport to grant a license to use content that has not been authorized by the copyright holder.[6] The 2010 SCO v. Novell trial established that Novell owned the copyright to UNIX code, including any UNIX code appearing in Linux. But whether SCO or Novell owned the copyrights to UNIX is beside the point: Neither SCO nor Novell placed the requisite notice stating that the UNIX code in Linux "may be distributed under the terms of this General Public License" – a notice that the copyright holder <u>must</u> place in order for the code to be covered by the GPL, as set forth in Section 0. Thus, IBM's claims continue to fail as a matter of law because it did not (and could not) proffer any evidence that the copyright holder (Novell) placed the requisite notice

---

[3] Findings of Fact & Conclusions of Law at 2, SCO Grp., Inc. v. Novell, Inc., No. 2:04-CV-129 (D. Utah), Docket No. 876, filed June 10, 2010.

[4] License Motion Brief ¶ 5, Docket No. 794, filed September 25, 2006; License Motion Reply at 8-10, Docket No. 930, filed January 12, 2007.

[5] Ex. 128 to T. Shaughnessy Decl. (Sept. 25, 2006).

[6] Cf. Spiros V. Bazinas, Intellectual Property Financing Under the Supplement to the UNCITRAL Legislative Guide on Secured Transactions, 43 UCC L. J. Issue 2 (Apr. 2011) ("As is the case with any other type of asset, the grantor of a security interest in a future intellectual property right must have rights in the intellectual property right and cannot encumber more rights than the grantor actually has (*nemo dat quod non habet* or *nemo plus juris transferre potest quam ipse habet*).").

stating that the UNIX code in Linux "may be distributed under the terms of this General Public License" as required under Section 0.

Nor can IBM survive summary judgment in light of the SCO v. Novell ruling by contending that it somehow made UNIX code subject to the GPL by placing UNIX code in Linux as part of an IBM derivative work and placing a copyright notice on that derivative work: "The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work."[7] SCO's licensing efforts were focused exclusively on UNIX code – as to which Novell had posted no copyright notice and that was therefore not subject to the GPL.

## II. RECENT AUTHORITY CONFIRMS THAT SCO DID NOT REPUDIATE THE GPL

IBM says that SCO's disagreement with IBM as to the applicability of the GPL to UNIX code in Linux somehow constitutes "repudiation" of the GPL. IBM is wrong, and the recent authority bears out the operative legal principle that "repudiation of a contract requires more than confusion or misunderstanding. To repudiate a contract, a party must unequivocally declare the intent not to perform."[8] As detailed in SCO's License Motion briefing, far from repudiating the GPL, SCO has made its "best efforts to abide by all of the obligations of the GPL agreement."[9]

---

[7] 17 U.S.C. § 103.

[8] Moretti v. Bank of N.U Mellon, --- Fed. App'x ----, 2015 WL 1036450, at *4 (6th Cir. Mar. 11, 2015) (internal quotation marks and alterations omitted); see also In re Best Payphones, Inc., 432 B.R. 46, 56 (S.D.N.Y. 2010) ("Courts apply a stringent standard in determining whether the test for repudiation is met, and have generally required repeated insistence on extra-contractual terms; repeated, definite and absolute expressions of an unwillingness to perform; use of language such as 'termination,' which conveys finality; or conduct by the allegedly repudiating party that has rendered performance impractical or impossible."), aff'd, 450 F. App'x 8 (2d Cir. 2011).

[9] License Motion Reply Brief at 11, Docket No. 930, filed January 12, 2007 (quoting deposition transcript of SCO Vice President Christopher Sontag (IBM Ex. 300) at 213).

3

### III. RECENT AUTHORITY SUPPORTS THAT IBM HAS NOT DEMONSTRATED THAT SCO'S ALLEGED BREACHES CAUSED ANY COMPENSABLE HARM TO IBM

SCO also sought summary judgment on IBM's breach of contract and promissory estoppel claims on the independent ground that "IBM has not incurred any compensable harm as a result of SCO's alleged conduct."[10] Recent authority supports the premise of this aspect of SCO's motion as well: "Causation is an essential element of damages in a breach of contract action; and, as in tort, a plaintiff must prove that a defendant's breach *directly and proximately caused* his or her damages."[11] IBM did not even proffer a theory, much less any evidence, as to how SCO's distribution of Linux or SCO's negotiations with certain third parties for UNIX licenses (allegedly in violation of the GPL) directly or proximately caused any harm to IBM. Instead, IBM contended that "the principal damage to IBM is the cost of defending against SCO's baseless claims to rights over Linux, in the market as well as in court," and attributed these damages broadly to "SCO's wrongful conduct."[12] Recent authority rejects IBM's reliance on attorneys' fees as a damages theory:

> Allowing [a party] to collect attorney's fees as damages simply by characterizing them as damages based on a breach of contract would create an exception that would swallow the 'American Rule,' as it is well-established that a party cannot recover attorney's fees from a contract-breaching opponent, even where the breach makes litigation eminently foreseeable.[13]

---

[10] License Motion Brief at 7 n.1, Docket No. 794, filed September 25, 2006.

[11] Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52-53 (2d Cir. 2011) (internal quotation marks omitted).

[12] License Motion Opp. Brief at 33, Docket No. 866, filed November 10, 2006.

[13] Brown Rudnick, LLP v. Surgical Orthomedics, Inc., No. 13-CV-4348 JMF, 2014 WL 3439620, at *14 (S.D.N.Y. July 15, 2014) (citations and internal quotation marks omitted).

4

SCO is thus entitled to summary judgment on the element of breach, and the claims should be dismissed in their entirety. Even if IBM's claims did not fail as a matter of law for that threshold reason, moreover, the recent authority applied to IBM's failure to articulate any compensable harm limits IBM's claim to nominal damages at the most.

## IV.   IBM'S REQUEST FOR INJUNCTIVE RELIEF IS NOW MOOT

IBM claimed entitlement to injunctive relief based on "SCO's continued copying of IBM Copyrighted Works – as recently as August of [2006]."[14] Even assuming for purposes of the motion that IBM's assertion was accurate at the time, August of 2006 is no longer "recent," and in light of the determination in SCO v. Novell that SCO does not own the copyright to UNIX code contained in Linux, SCO has not sought any license for UNIX in many years, and there is no threat of irreparable injury to IBM. In addition, SCO is in Chapter 7 bankruptcy. Although "chapter 7 proceedings do not axiomatically render [requested injunctive relief] moot," when considered together with the outcome of SCO v. Novell, it is clear that under the circumstances here, IBM "can no longer obtain any legally cognizable benefit from the declaratory and injunctive relief it seeks."[15]

DATED this 22nd day of May, 2015.   By:  /s/ Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Stuart H. Singer
Edward Normand
Jason Cyrulnik
*Counsel for Plaintiff, The SCO Group, Inc.*

---

[14]   License Motion Opp. Brief at 34, Docket No. 866, filed November 10, 2006.

[15]   Parkway Hosp. v. Shah, 460 F. App'x 21, 23 (2d Cir. 2012).

5