SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Email: asullivan@swlaw.com
         asorenson@swlaw.com

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Email: echesler@cravath.com
         dmarriott@cravath.com

*Attorneys for Defendant/Counterclaim-Plaintiff
  International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 7 Trustee in Bankruptcy, Edward N. Cahn,<br><br>             Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>             Defendant/Counterclaim-Plaintiff. | **IBM'S CASE LAW UPDATE WITH RESPECT TO ITS MOTION FOR SUMMARY JUDGMENT ON SCO'S UNFAIR COMPETITION CLAIM (SCO'S SIXTH CAUSE OF ACTION) AND ITS MOTION FOR SUMMARY JUDGMENT ON SCO'S INTERFERENCE CLAIMS (SCO'S SEVENTH AND NINTH CAUSES OF ACTION)**<br><br>Civil No. 2:03-cv-00294-DN<br><br>District Judge David Nuffer[1] |

---

[1] IBM's submission is in response to the Court's order entered on April 15, 2015 (Dkt. 1136). IBM notes that the order appears to have inadvertently misidentified the movants. IBM is the movant in Docket Nos. 782 and 783 and SCO is the movant in Docket Nos. 776 and 777. Docket No. 775 refers to SCO's motion for summary judgment on its third cause of action, which was dismissed with prejudice in the Court's July 10, 2013 order (Dkt. 1123).

## UNFAIR COMPETITION (SCO'S SIXTH CAUSE OF ACTION)

IBM advanced three primary arguments related to unfair competition, each providing independent grounds for summary judgment:  (1) SCO's unfair competition claim was untimely; (2) SCO failed to allege unfair competition adequately; and (3) SCO's unfair competition claim was preempted by federal copyright law.  Subsequent decisions confirm that the summary judgment is appropriate on each of these grounds.

1.     **SCO's Unfair Competition Claim Was and Is Untimely**

First, as IBM previously detailed, under both New York and Utah law, parties to a contract are afforded significant latitude to alter the otherwise applicable limitations period.[2]  Numerous recent decisions have upheld agreements to shorten an otherwise applicable limitations period.  For example, in the New York Appellate Division's 2014 decision in John v. State Farm Mutual Automobile Insurance Co., the court reversed the decision below and granted summary judgment on the basis of the one-year limitations period included in the parties' contract.[3]  Likewise, the New York Appellate Division has also recently reaffirmed that it is "well settled that parties may provide in their contract for a different date of accrual" for an action in a contract.[4]  The broad latitude of contracting parties to alter the applicable limitations period has been repeatedly recently affirmed by state and federal courts in New York[5] and Utah.[6]

---

[2] IBM's Memorandum in Support of its Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) at 12-15, Dkt. 806 ("Unfair Competition Br.").

[3] 983 N.Y.S.2d 883, 884 (App. Div. 2d Dept. 2014).

[4] Putrelo Const. Co. v. Town of Marcy, 964 N.Y.S.2d 812, 813 (App. Div. 4th Dept. 2013).

[5] E.g., Cardi's Dep't Store Inc. v. FedEx Trade Networks Transp. & Brokerage, Inc., No. 11-CV-5024 (DLI) (MDG), 2014 WL 3809811, at *3-4 (E.D.N.Y. July 31, 2014); Hunt v. Raymour & Flanigan, 963 N.Y.S.2d 722, 724 (N.Y. App. Div. 2d Dept. 2013).

1

SCO has attempted to evade this contractual bar by asserting that the "'continuing tort' doctrine applies to unfair competition claims".[7]  That doctrine does not apply, however.  For instance, the New York court in <u>Enzo Biochem, Inc. v. Amersham PLC</u> recently explicitly held that "unfair competition is not a continuing tort".[8]

The legal flaws fatal to SCO's attempt to justify equitable estoppel have been likewise reinforced by recent case law.  For example, in 2014 the Second Circuit rejected a plaintiff's attempt to avoid the statute of limitations on the basis of equitable estoppel, explaining that "[b]ecause the act of concealment underlying the estoppel claim is the same act which forms the basis of plaintiff's underlying substantive cause of action, equitable estoppel is not applicable in this case".[9]  That conclusion—equally applicable here—has been reached in a number of recent federal and state court decisions.[10]

<u>Second</u>, IBM previously detailed that courts have broadly interpreted language similar to Section 22.3, which governs "[a]ny legal or other action related to a breach of this agreement", as including noncontractual claims such as unfair competition.[11]  Again, recent case law reinforces that conclusion.  For example, in 2014

---

[6] <u>E.g.</u>, <u>Barajas v. Myriad Genetic Labs., Inc.</u>, No. 2:13-cv-997-DN, 2014 WL 5681691, at *2 (D. Utah Nov. 4, 2014) ("the Utah courts have repeatedly emphasized that parties are entitled to contract on their own terms"); <u>Deer Crest Assocs. I, LC v. Silver Creek Dev. Grp., LLC</u>, 222 P.3d 1184, 1187-88 (Utah Ct. App. 2009).

[7] SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) at 30, Dkt. 909 ("Unfair Competition Opp.").

[8] 981 F. Supp. 2d 217, 227 (S.D.N.Y. 2013) (citing <u>Sporn v. MCA Records, Inc.</u>, 451 N.Y.S.2d 750, 751 (App. Div. 1st Dept. 1982)).

[9] <u>Corporate Trade, Inc. v. Golf Channel</u>, 563 F. App'x 841, 842 (2d Cir. 2014) (internal quotation marks and citations omitted).

[10] <u>E.g.</u>, <u>Wells Fargo Bank, N.A. v. JPMorgan Chase Bank, N.A.</u>, No. 12-Civ.-6168 (MGC), 2014 WL 1259630, at *5 (S.D.N.Y. Mar. 27, 2014); <u>3636 Greystone Owners, Inc. v. Greystone Bldg. Co.</u>, 857 N.Y.S.2d 121, 122 (App. Div. 1st Dept. 2008).

[11] Unfair Competition Br. at 14, Dkt. 806.

2

the New York Appellate Division concluded that the argument that a contractual clause governing "any and all actions arising out of or related to the Agreement" did not govern a related tort action was "without merit".[12]  Likewise, the Utah Supreme Court held in 2014 that a clause covering "any dispute, controversy or claim arising out of or related to" the contract reached noncontractual claims, observing that "the use of the term 'any,' does not support a distinction between contract claims and tort claims" and the claims "clearly 'relate to' the contract".[13]

2.    **SCO Failed to Allege Unfair Competition Adequately**

_First_, as IBM previously detailed,[14] courts have continued to hold that plaintiffs cannot establish a tort claim relying on contractual duties.  For example, in 2012 a district court rejected a plaintiff's attempt to plead unfair competition under New York law explaining that it is "well-settled" that parties to a contract must prove a noncontractual duty existed to sustain a tort claim—a concept "equally applicable where, as here, the unfair competition claim is also premised on the same factual allegations underlying" the contract claim.[15]  A similar result has been recently reached on multiple occasions by federal and state courts.[16]  Indeed, though SCO contends that IBM owed SCO independent fiduciary duties, such arguments have also been rejected in numerous recent decisions.  For instance, in 2014 a New York court rejected a plaintiff's attempt to

---

[12] Couvertier v. Concourse Rehab. and Nursing, Inc., 985 N.Y.S.2d 683, 683-84 (App. Div. 2d Dept. 2014) (internal brackets omitted).

[13] Energy Claims Ltd. v. Catalyst Inv. Grp. Ltd., 325 P.3d 70, 82 (Utah 2014); see also Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc., 567 F.3d 1191, 1199 & n.9 (10th Cir. 2009) ("relating to" carries a "broad" meaning).

[14] Unfair Competition Br. at 18-19, Dkt. 806.

[15] Dorset Indus. Inc. v. Unified Grocers, Inc., 893 F. Supp. 2d 395, 414 (E.D.N.Y. 2012).

[16] E.g., Taizhou Zhongneng Imp. and Exp. Co., Ltd. v. Koutsobinas, 509 F. App'x 54, 57 (2d Cir. 2013); Bd. of Managers of Soho N. 267 W. 124th St. Condominium v. NW 124 LLC, 984 N.Y.S.2d 17, 18-19 (App. Div. 1st Dept. 2014).

3

read fiduciary duties into a contractual relationship, observing that "normally where there is a contract between the parties, no fiduciary duty beyond the terms of the contract will be found".[17]  Indeed, here the parties were explicit that there was no joint venture.[18]

        Second, SCO has asserted that unfair competition is a sweeping tort designed to "broadly encompass[] all forms of 'commercial immorality'", focused on whether "conduct is 'fair or unfair'".[19]  The New York courts, however, have reaffirmed that "[a] claim of unfair competition requires more than a showing of 'commercial unfairness'".[20]  Indeed, unfair competition is a narrow tort.  The New York Court of Appeals has explained that New York only recognizes two theories of unfair competition, palming off and misappropriation,[21] neither of which applies here.  New York courts have also recently recognized that while previously "Second Circuit dicta broadly construed the cause of action for unfair competition, it is now clear that the tort is not all-encompassing."[22]  Further, both theories require a showing of bad faith,[23] absent here.

        Similarly, the Utah Supreme Court held that unfair competition includes at least passing off, palming off, imitating and conduct causing or likely to cause confusion

---

[17] Zorbas v. US Trust Co., N.A., 48 F. Supp. 3d 464, 479 (E.D.N.Y. 2014).

[18] IBM's Reply Memorandum in Further Support of its Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) at 14, Dkt. 947 ("Unfair Competition Reply Br.").

[19] Unfair Competition Opp. at 43-44, Dkt. 909.

[20] Miller v. Walters, 997 N.Y.S.2d 237, 246 (Sup. Ct. 2014) (citing Ruder & Finn v. Seaboard Sur. Co., 422 N.E.2d 518, 522 (N.Y. 1981) (holding that "'unfair competition' is not to be equated with the far more amorphous term 'commercial unfairness'")).

[21] ITC Ltd. v. Punchgini, Inc., 850 N.E.2d 366, 372 (N.Y. 2007); see also Roche Diagnostics GmbH v. Enzo Biochem, Inc., 992 F. Supp. 2d 213, 222-23 (S.D.N.Y. 2013).

[22] Roche, 992 F. Supp. 2d at 223 n.7 (internal quotation marks, brackets and citations omitted).

[23] E.g., Akiro LLC v. House of Cheatham, Inc., 946 F. Supp. 2d 324, 342 (S.D.N.Y. 2013).

4

or deception.[24]  This Court has interpreted that precedent as holding that unfair competition requires a seller mislead a purchaser into believing that the seller's goods were actually made by a rival.[25]  In short, the tort does not cover SCO's allegations.

3.    **SCO's Unfair Competition Claim Is Preempted by Federal Copyright Law**

New York and Utah courts have also reaffirmed that, as detailed in IBM's prior briefs,[26] SCO's claim is preempted by the Copyright Act.  SCO has previously explained its claim as being based on IBM's purported use of SCO's code in a method different from what SCO intended.  In Gordon v. Albums, Inc., the New York court rejected as preempted an analogous tort claim by a photographer contending that the defendant used his work for an unapproved purpose, noting that "the Court of Appeals has similarly dismissed claims for unfair competition" as "essentially actions to enforce rights equivalent to those under the copyright laws".[27]  Similarly, this Court concluded that an analogous claim for unfair competition arising from unauthorized distribution of a plaintiff's product was also preempted, adding "Courts regularly find this type of unfair competition claim to be preempted by the Copyright Act".[28]  While this Court suggested in dicta that an unfair competition claim for "passing off" might not be preempted,[29] recent Tenth Circuit precedent makes clear that passing off is not applicable here.[30]

---

[24] Overstock.com, Inc. v. Smartbargains, Inc., 192 P.3d 858, 863 (Utah 2008).
[25] Framed Wall Art, LLC v. PME Holdings, LLC, No. 2:08CV781DAK, 2008 WL 5205822, at *3 n.5 (D. Utah Dec. 12, 2008).
[26] Unfair Competition Br. at 23-26, Dkt. 806.
[27] 851 N.Y.S.2d 857, 859-61 (Sup. Ct. 2008).
[28] Wilcox v. Career Step, LLC, No. 2:08-CV-998-CW, 2010 WL 624863, at *1-3, *7 (D. Utah Feb. 19, 2010).
[29] Id. at *8.
[30] R.W. Beck, Inc. v. E3 Consulting, LLC, 577 F.3d 1133, 1148 (10th Cir. 2009) ("passing off" is pled when Party A asserts that Party B is selling Party B's goods and telling purchasers that they are Party A's goods).

5

## INTERFERENCE (SCO'S SEVENTH AND NINTH CAUSES OF ACTION)

With respect to alleged interference, IBM again advanced three primary arguments, each of which provided independent grounds for summary judgment: (1) SCO failed to show interference in any of the identified relationships; (2) SCO failed to show that IBM acted with the requisite improper purpose or improper means and instead pointed to a motive that was privileged under existing law; and (3) SCO failed to show that IBM caused SCO any injury adequately.  Again, subsequent decisions confirm that summary judgment is appropriate on each of these independent grounds.  Indeed, any remaining ambiguity was further resolved by the Utah Supreme Court's 2015 decision in Eldridge v. Johndrow, further restricting the scope of an interference claim by holding that a showing of improper purpose no longer suffices and that a showing of improper means is a necessary element of the claim.[31]  The Court made clear that interference is not a catchall tort that punishes "bad" acts.  To the contrary, it explained that "[a]nger and even malice are commonplace human emotions, and it would be neither possible nor desirable to treat every angry or malicious action as a tort."[32]

1.   **SCO Failed to Show that IBM Interfered in Any of the Identified Relationships**

IBM previously explained that Utah does not recognize a claim for "indirect" interference because an entity that "indirectly" interferes lacks the requisite intent.[33]  SCO attempted to evade this requirement by arguing that the intent requirement

---

[31] 345 P.3d 553, 561 (Utah 2015).
[32] Id.
[33] IBM's Memorandum in Support of its Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action) at 47-50, Dkt. 803 ("Interference Br.").

6

"relates merely to whether IBM knew that its conduct, whether taken for an improper purpose or through use of an improper means, would cause SCO harm".[34]

SCO's proposed version of the intent requirement is directly contradicted by Eldridge, however.  In Eldridge, the Utah Supreme Court concluded that "in the tort context, 'intent' means a desire to bring about certain consequences".[35]  That is, intent is not shown because IBM took action knowing that it "would cause" harm, but rather intent is only shown if IBM took action with "a desire to bring about certain consequences".  The inapplicability of SCO's "indirect" theory was also clear in this Court's 2010 explanation that the "elements of [interference] focus on A doing something to directly interfere with B and C's business deal".[36]

## 2.    SCO Failed to Show that IBM's Conduct Was "Improper"

IBM previously explained that SCO could not show the requisite improper purpose or improper means.[37]  Under Eldridge, an improper purpose—even assuming, arguendo, that SCO could demonstrate one—would no longer meet SCO's burden.[38]

SCO previously argued that it has shown improper means through its other causes of action—which, for the reasons already discussed, are not viable—and an inference that IBM committed "an intentional attack on SCO's UNIX business strategy".[39]  Recent decisions highlight fatal flaws in that reasoning, however.

---

[34] SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action) at 35, Dkt. 910 ("Interference Opp.").

[35] 345 P.3d at 565.

[36] See Ecosure Pest Control, Inc. v. Eclipse Mktg., Inc., No. 2:09-CV-1108, 2010 WL 3363071, at *2 (D. Utah Aug. 23, 2010) (emphasis added); see also World Enters. v. Aquila, Inc., No. 2:12-cv-00021-DN, 2013 WL 4592204, at *8 (D. Utah Aug. 28, 2013).

[37] Interference Br. at 51-58, Dkt. 803.

[38] 345 P.3d at 561.

[39] Interference Opp. at 39-40, Dkt. 910.

7

     (a)    <u>Breach of Contract Must Be Committed for the Immediate Purpose of Injuring the Other Contracting Party to Constitute Improper Means</u>

IBM previously explained that the Utah courts have concluded that a breach of contract provides the requisite improper means when it was "committed for the immediate purpose of injuring" the other contracting party, and SCO has offered no evidence of such an immediate purpose.[40]  Recent decisions confirm the limited set of breaches of contract that can satisfy this requirement.  For example, in <u>Mona Vie, LLC v. FVA Ventures, Inc.</u>, this Court observed that while a breach of contract for the immediate purpose of injury could satisfy this element of the cause of action, the Court dismissed a claim that was supported only by conclusory allegations that defendants intended to interfere with plaintiff's business.[41]

     (b)    <u>Actions Taken for Legitimate Competitive Purposes Are Privileged</u>

An "intentional attack on SCO's UNIX business strategy" for competitive purposes also remains privileged under recent case law.  Specifically, the Utah Supreme Court clarified in 2014 that competitive behavior retains robust protection against interference claims, even when the improper means prong remains effective.  In <u>Keith v. Mountain Resorts Development, L.L.C.</u>, the Court reaffirmed that even if defendants "harbored ill will towards" the plaintiff, where its statements were made "in pursuit of its own economic interest" the plaintiff "failed as a matter of law to establish improper purpose or improper means" and summary judgment was properly granted.[42]

---

[40] IBM's Reply Memorandum in Further Support of its Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action) at 29-30, Dkt. 946 ("Interference Reply Br.") (quoting <u>Leigh Furniture & Carpet Co. v. Isom</u>, 657 P.2d 293, 309 (Utah 1982)).

[41] No. 2:12-CV-151 TS, 2012 WL 1952496, at *4 (D. Utah May 30, 2012).

[42] 337 P.3d 213, 227 (Utah 2014).

8

3.      **SCO Failed to Show that IBM Caused It Any Injury**

IBM has previously detailed that SCO failed to allege a causal relationship between IBM and any injury SCO suffered.[43]  Utah continues to require plaintiffs to prove that the defendant's actions caused their injuries in interference actions.[44]  Indeed, the Utah Supreme Court has held that summary judgment is proper when a plaintiff relies only on an affidavit that lacks foundation to allege causation.[45]

Here, SCO failed to identify losses caused by IBM.  Indeed, IBM previously detailed SCO's inability to avoid summary judgment on this point, among others, based on its submission of a counterstatement of facts that failed to adduce specific evidence that is admissible under Federal Rule of Civil Procedure 56, and therefore explained that SCO did not satisfy Local Rule DUCivR 56-1.[46]  DUCivR 56-1 continues to require that a party opposing summary judgment cite to "material facts of record meeting the requirements of Fed. R. Civ. P. 56".[47]  In fact, as recently as September 2014 this Court has deemed a defendant's statement of material facts to be admitted by a plaintiff because of the plaintiff's defective failure to comply with DUCivR 56-1 in purporting to respond to those facts.[48]  Similarly, IBM previously explained,[49]

---

[43] Interference Br. at 58-63, Dkt. 803.
[44] E.g. Keith, 337 P.3d at 226.
[45] Mountain W. Surgical Ctr., L.L.C. v. Hospital Corp. of Utah, 173 P.3d 1276, 1278 (Utah 2007).
[46] Interference Reply Br. at 2-3, Dkt. 946.
[47] DUCivR 56-1(c).
[48] Stevenson v. Salt Lake Cnty., No. 2:12-cv-44-PMW, 2014 WL 4851873, at *1-2 (D. Utah Sept. 29, 2014) ("Given Plaintiff's failure to abide by civil rule 56-1, the court concludes, pursuant to that rule, that Defendants' statement of material facts is deemed admitted.").
[49] Interference Reply Br. at 7-8, Dkt. 946.

9

and this Court reaffirmed in <u>Moradian v. Deer Valley Resort Co.</u>, that "speculation, conjecture, and surmise" are insufficient to defeat summary judgment.[50]

In fact, SCO has not merely failed to identify losses caused by IBM, but has failed to respond to multiple discovery requests regarding those theories. Specifically, IBM has detailed SCO's refusal to comply with three orders of this Court to respond fully and in detail to IBM's discovery requests regarding SCO's damages theory and IBM's resulting entitlement to summary judgment.[51]  Recent case law further strengthens that conclusion.  For example, in 2011 in <u>Lee v. Max International, LLC</u>, the Tenth Circuit considered a district court's dismissal of a case as a sanction for plaintiffs' decision to ignore two orders compelling production of requested materials.  The Court held that "no one, we hold, should count on more than three chances to make good a discovery obligation".[52]  Even more recently, in 2013, the Tenth Circuit upheld a district court's discretion to prohibit a plaintiff from using certain documents in his case-in-chief and to permit the defendants to use them in rebuttal because of the plaintiff's failure to produce the documents in a timely fashion in response to requests and orders.[53]

\*     \*     \*

For these reasons and those previously detailed, IBM respectfully requests that the Court grant summary judgment on SCO's interference and unfair competition claims.

---

[50] No. 2:10-cv-00615-DN, 2012 WL 3544820, at \*4 (D. Utah Aug. 16, 2012).
[51] Interference Br. at 59, Dkt. 803; Interference Reply Br. at 33-36, Dkt. 946.
[52] <u>Lee v. Max Intern., LLC</u>, 638 F.3d 1318, 1320 (10th Cir. 2011).
[53] <u>Dale K. Barker Co., P.C. v. Valley Plaza</u>, 541 F. App'x. 810, 816 (10th Cir. 2013).

10

DATED this 22nd day of May, 2015.

                                    SNELL & WILMER L.L.P.

                                    /s/  Amy F. Sorenson
                                    Alan L. Sullivan
                                    Amy F. Sorenson


                                    CRAVATH, SWAINE & MOORE LLP
                                    Evan R. Chesler
                                    David R. Marriott

                                    *Attorneys for Defendant/Counterclaim-Plaintiff*
                                    *International Business Machines Corporation*

Of Counsel:
INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1 North Castle Drive
Armonk, New York 10504
(914) 765-1900

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

11