SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, UT 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: asullivan@swlaw.com
       asorenson@swlaw.com

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Email: echesler@cravath.com
       dmarriott@cravath.com

*Attorneys for Defendant/Counterclaim-Plaintiff*
 *International Business Machines Corporation*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 7 Trustee in Bankruptcy, Edward N. Cahn,<br><br>    Plaintiff/Counterclaim-Defendant,<br>v.<br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br>    Defendant/Counterclaim-Plaintiff. | **IBM'S CASE LAW UPDATE WITH RESPECT TO ITS MOTION FOR SUMMARY JUDGMENT ON ITS CLAIM FOR COPYRIGHT INFRINGEMENT (IBM'S EIGHTH COUNTERCLAIM)**<br><br>Civil No. 2:03-cv-00294-DN<br><br>District Judge David Nuffer |

IBM advanced four primary arguments related to SCO's copyright infringement, each providing grounds for summary judgment: (1) IBM owns the copyrights to the IBM copyrighted works; (2) SCO lacked permission or a license to copy or distribute the IBM copyrighted works; (3) SCO illegally copied and distributed the IBM copyrighted works; and (4) SCO should be enjoined from further violating IBM's copyrights.[1]  Subsequent decisions confirm that summary judgment is appropriate on each of those grounds.

As IBM previously explained, to prevail on a copyright infringement claim, a copyright holder must demonstrate ownership of a valid copyright to the allegedly infringed work and that the defendant violated one or more of the holder's exclusive rights.[2]  Recent case law affirms that, having established both ownership and SCO's violation of its exclusive rights, IBM is entitled to summary judgment on its copyright infringement counterclaim and to injunctive relief proscribing SCO from further infringement.

1. **IBM Owns the Copyrights to the IBM Copyrighted Works**

As IBM previously detailed, the holder of a timely filed copyright registration statement is entitled to a presumption of ownership under 17 U.S.C. § 410(c).[3]  Recent decisions reinforce that conclusion.[4]  IBM's copyright registrations were filed with the United States Copyright Office within five years after the first publication of the relevant work.[5]  IBM's

---

[1] Pursuant to the Court's order dated May 28, 2015, this supplemental briefing is limited to authority not provided in IBM's supplemental briefing on Dkt. 777, also regarding IBM's eighth counterclaim, which will be filed June 5, 2015, and is incorporated by reference herein.

[2] Lumos, Inc. v. LifeStrength, LLC, No. 2:12-cv-1196-TC, 2014 WL 4355451, at *1 (D. Utah Sept. 3, 2014).

[3] IBM's Mem. Supp. Mot. Summ. J. Claim Copyright Infringement (IBM's Eighth Countercl.) at 17, Dkt. 801 ("IBM Mem.").

[4] See Lumos, Inc., 2014 WL 4355451, at *2.

[5] See IBM Mem. at 7-8, Dkt. 801.

1

registrations constitute prima facie evidence of copyright validity.[6] It is thus incumbent upon SCO to demonstrate some infirmity in the claimed copyright.[7] To defeat summary judgment, SCO's evidence must give rise to more than simply a "metaphysical doubt" as to the fact of IBM's ownership of these copyrights.[8] SCO's prior argument that Linux as a whole is an infringing derivative work is foreclosed by this Court's decision in SCO v. Novell, in which it was determined that SCO does not own the copyrights it claims to be infringed by Linux.[9] Moreover, SCO ignores—and offers no evidence disputing—IBM's claims of infringement for sixteen individual original works.[10] As a result, IBM's motion should be granted.

2. **SCO Acted Without Permission**

As IBM previously explained, SCO lacked permission or a license to copy or distribute the IBM copyrighted works because it repudiated and disclaimed the GPL as a source of legal rights, and SCO breached the GPL in its attempts to license Linux.[11] Recent case law confirms that SCO's assertions disclaiming and denying the enforceability of the GPL result in a repudiation of the contract.[12] For example, in Velocity Press, Inc. v. Key Bank, N.A., this Court clarified that under Utah law, "language that under a fair reading amounts to a statement of intention not to perform except on conditions which go beyond the contract constitutes a

---

[6] Lumos, Inc., 2014 WL 4355451, at *2.
[7] Id. (finding the plaintiff owned a valid copyright and the defendant had not met its burden).
[8] See, e.g., Denenberg v. LED Techs., LLC, No. 11-CV-03155-RBJ, 2012 WL 4478970, at *3 (D. Colo. 2012).
[9] See 721 F. Supp. 2d 1050, 1072 (D. Utah 2010); see also Mem. Decision & Order Granting Part & Den. Part IBM's Mot. Summ. J. Basis Novell J. at 1, Dkt. 1132 (granting summary judgment on IBM's counterclaims seeking a declaration of noninfringement of the copyrights to pre-1996 UNIX source code).
[10] IBM's Reply Mem. Further Supp. Mot. Summ. J. Claim Copyright Infringement at 3-5, Dkt. 945 ("IBM Reply").
[11] IBM Mem. at 17, Dkt. 801.
[12] See OLP, LLC v. Burningham, 185 P.3d 1138, 1149 (Utah Ct. App. 2008).

repudiation".[13] SCO's contention that the GPL "is unenforceable, void and/or voidable" therefore suffices as a repudiation of the GPL.[14] As a result, SCO cannot rely on the GPL or claim to be a beneficiary of a license to copy, modify and distribute the IBM copyrighted works.

Moreover, SCO breached the terms and overarching purpose of the GPL—specifically, to preclude a licensee such as SCO from imposing a license fee on others.[15] SCO's breach of the GPL automatically terminated any rights it previously had under the agreement and subjects SCO to a copyright infringement claim.[16] Furthermore, the use of copyrighted work absent, or outside the scope of, the license supports IBM's claim for copyright damages.[17]

3.  **SCO Copied the IBM Copyrighted Works**

IBM has not only shown that it holds a valid copyright, but also that SCO unlawfully appropriated protected portions of IBM's copyrighted work.

First, as IBM previously explained, there is no material dispute that SCO repeatedly copied and distributed the IBM copyrighted works.[18] Recent case law affirms that SCO's misconduct—its unauthorized copying, modifying and sublicensing of the IBM copyrighted material—amounts to copyright infringement.[19] For example, in granting the

---

[13] No. 2:09-CV-520 TS, 2010 WL 5300903, at *6 (D. Utah Dec. 21, 2010) (internal quotation marks omitted) (finding a reasonable jury could conclude the defendant breached the agreement at issue by repudiation).
[14] IBM Mem. at 18, Dkt. 801.
[15] IBM Mem. at 19-20, Dkt. 801; IBM Reply at 6, Dkt. 945.
[16] See Adobe Sys. Inc. v. Bea's Hive LLC, No. 14-81102-CIV, 2014 WL 4672453, at *9 (S.D. Fla. 2014).
[17] See Bean v. Pearson Educ., Inc., 949 F. Supp. 2d 941, 945 (D. Ariz. 2013) ("A licensee can infringe a copyright by exceeding the scope of a license.").
[18] IBM Mem. at 20, Dkt. 801.
[19] See, e.g., Lumos, Inc., 2014 WL 4355451, at *1; Bean, 949 F. Supp. 2d at 953 (granting summary judgment on the plaintiff's copyright infringement claim when the defendant's repeated copying exceeded the scope of a license); see also XimpleWare Corp. v. Versata

3

plaintiff's motion for summary judgment on its copyright infringement claim, the court in Engenium Solutions, Inc. v. Symphonic Technologies, Inc. held that "[a] party infringes on the owner's exclusive right to reproduce the copyrighted work when the party copies computer code without the owner's authorization".[20]

Second, SCO's claim that it "had to" make infringing copies of the IBM copyrighted works in order to fulfill its own contractual obligations to its customers is unsupportable.[21] Recent case law affirms that SCO is liable for copyright infringement regardless of its purpose or intent: "[c]opyright infringement is a strict liability wrong".[22]

Thus, the undisputed facts establish that IBM holds valid copyrights in its copyrighted works, and SCO has infringed IBM's copyrights through its widespread distribution of its commercial Linux products and its use of the copyrighted material in its own internal development and support work.[23]

4. **IBM Is Entitled to Summary Judgment Granting a Permanent Injunction**

IBM previously demonstrated that it is entitled to injunctive relief to ensure that SCO does not further violate its copyrights.[24] Although SCO is currently in Chapter 7 proceedings, IBM's claim for a permanent injunction remains viable. A case is not moot simply

---

Software, Inc., No. C13-05160 SI, 2014 WL 490940, at *2 (N.D. Cal. Feb. 4, 2014) (denying a motion to dismiss the plaintiff's copyright infringement claim when the alleged infringer "without authorization, copied, reproduced, distributed, and re-implemented" copyrighted work in violation of the relevant GPL).

[20] 924 F. Supp. 2d 757, 789 (S.D. Tex. 2013) (internal quotation marks omitted).
[21] IBM Reply at 10-11, Dkt. 945.
[22] Faulkner v. Nat'l Geographic Soc'y, 576 F. Supp. 2d 609, 613 (S.D.N.Y. 2008).
[23] IBM Reply at 11, Dkt. 945.
[24] IBM Mem. at 21, Dkt. 801.

because "the means for repeating the wrong no longer exist[]".[25] Rather, "the court's power to grant injunctive relief survives [even] discontinuation of the illegal conduct".[26] SCO has not proven that the challenged conduct will not resume, and the need for IBM to protect itself against further infringement through an injunction remains.

Here, IBM has satisfied the requisite elements for a permanent injunction.[27] The preceding analysis demonstrates IBM's ability to prove actual success on the merits of its copyright infringement claim. A finding of irreparable harm is appropriate because the damage caused by infringement is not entirely compensable in monetary terms.[28] The threatened injury to IBM outweighs any harm that the injunction may cause SCO.[29] Finally, the injunction, if issued, will advance, not harm, the public interest.[30]

---

[25] ClearOne Commc'ns, Inc. v. Chiang, 608 F. Supp. 2d 1270, 1278 (D. Utah 2009) (internal quotation marks omitted); see also Fresh Del Monte Produce Inc. v. Del Monte Foods Co., 933 F. Supp. 2d 655, 661 (S.D.N.Y. 2013).

[26] ClearOne Commc'ns, Inc., 608 F. Supp. 2d at 1278 (internal quotation marks omitted).

[27] Klein-Becker USA, LLC v. Englert, 711 F.3d 1153, 1164 (10th Cir. 2013) (listing the factors for issuing a permanent injunction).

[28] Klein-Becker USA, LLC v. Englert, No. 2:06-CV-378 TS, 2011 WL 147893, at *17 (D. Utah Jan. 18, 2011).

[29] See Gen. Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1229 (10th Cir. 2007).

[30] Harris Research, Inc. v. Lydon, 505 F. Supp. 2d 1161, 1169 & n.24 (D. Utah 2007).

DATED this 3rd day of June 2015.

        SNELL & WILMER L.L.P.

        /s/ Amy F. Sorenson
        Alan L. Sullivan
        Amy F. Sorenson

        CRAVATH, SWAINE & MOORE LLP
        Evan R. Chesler
        David R. Marriott

        *Attorneys for Defendant/Counterclaim-Plaintiff*
        *International Business Machines Corporation*

Of Counsel:
INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1 North Castle Drive
Armonk, New York 10504
(914) 765-1900

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*