SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, UT 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: asullivan@swlaw.com
        asorenson@swlaw.com

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Email: echesler@cravath.com
        dmarriott@cravath.com

*Attorneys for Defendant/Counterclaim-Plaintiff
 International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 7 Trustee in Bankruptcy, Edward N. Cahn,<br><br>　　　　Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　　　Defendant/Counterclaim-Plaintiff. | **IBM'S CASE LAW UPDATE WITH RESPECT TO SCO'S MOTION FOR SUMMARY JUDGMENT ON IBM'S SECOND, THIRD, FOURTH AND FIFTH COUNTERCLAIMS**<br><br>Civil No. 2:03-cv-00294-DN<br><br>District Judge David Nuffer |

IBM's Second, Third, Fourth and Fifth Counterclaims are for violation of the Lanham Act, common law unfair competition, intentional interference with prospective economic relations and unfair and deceptive trade practices under New York General Business Law Section 349, respectively.  SCO advanced three primary arguments in support of its motion for summary judgment: (1) SCO's misconduct was privileged; (2) SCO's misconduct was undertaken in good faith; and (3) IBM failed to offer evidence of damages for these counterclaims.  SCO's arguments fail for the following reasons: (1) SCO's misconduct is not privileged; (2) SCO's good faith arguments are unavailing; and (3) IBM has submitted sufficient evidence of damages.  Subsequent decisions confirm that the denial of SCO's motion for summary judgment is appropriate on each of those grounds.

1.      **SCO's Misconduct Is Not Privileged**

First, as IBM previously detailed, SCO's litigation privilege arguments depend on an improper and unduly narrow construction of IBM's counterclaims.[1]  Courts have continued to hold that extensive out-of-court statements made to the press, such as SCO's nonlitigation misrepresentations, do not further the absolute litigation privilege's stated purpose—"to encourage candor by parties involved in litigation and to further the litigation process".[2]  Although courts "generally have interpreted 'during or in the course of a judicial proceeding' broadly", in Pratt v. Nelson, the Utah Supreme Court found that the "broad" interpretation did not apply "to statements made directly to the press, especially . . . where a party called a press

---

[1] IBM's Mem. Opp'n SCO's Mot. Summ. J. IBM's Second, Third, Fourth & Fifth Countercls. at 21, Dkt. 865 ("IBM Opp'n").
[2] D'Annunzio v. Ayken, Inc., 876 F. Supp. 2d 211, 217, 219 (E.D.N.Y. 2012).

conference and distributed various statements to the media for widespread dissemination".[3] This is so because "the press generally lack[s] a connection to judicial proceedings sufficient to warrant an extension of the judicial privilege to statements made by parties to the press".[4] For this reason, SCO's reliance on Tamburo v. Dworkin is misplaced.[5] In Tamburo, the statements at issue were "limited in scope" and published only to those with the same narrow interest as the defendant (i.e., "the way in which the dog pedigree data was made available").[6] In contrast, SCO extensively published false statements through press releases, interviews, analyst calls and conferences—a scheme more widespread and indicative of malice than that in Tamburo. Thus, SCO's statements are not protected by an absolute privilege.[7]

In the absence of an absolute privilege, SCO has argued for a qualified privilege.[8] Recent cases confirm that statements are not protected by the qualified privilege where they are either "excessively published" or made with malice.[9] In SCO Group, Inc. v. Novell, Inc., this Court confirmed that whether the privilege was lost due to excessive publication and whether the

---

[3] 164 P.3d 366, 377, 380-81 (Utah 2007).

[4] Id. at 380; see also Sparto v. Hearts for Hospice, LLC, No. 2:12-CV-801 TS, 2014 WL 559536, at *3 (D. Utah Feb. 13, 2014).

[5] See SCO's Mem. Additional Authority Supp. Pending Mot. Summ. J. IBM's Second, Third, Fourth & Fifth Countercls. at 3, Dkt. 1137 ("SCO Update").

[6] 974 F. Supp. 2d 1199, 1214-16 (N.D. Ill. 2013).

[7] Amarosa v. Dr. John's Inc., No. 2:11-CV-676 DN, 2014 WL 3015312, at *2 (D. Utah July 2, 2014) (SCO Update at 2 n.4, Dkt. 1137), is distinguishable because all of the statements in that matter were made in the course of an administrative proceeding—not to the press. Id. at *1 (Nuffer, J.).

[8] SCO's Mem. Supp. Mot. Summ. J. IBM's Second, Third, Fourth & Fifth Countercls. at 7, Dkt. 810.

[9] See Sparto, 2014 WL 559536, at *3; Fordham v. Islip Union Free Sch. Dist., 662 F. Supp. 2d 261, 276 (E.D.N.Y. 2009).

privilege was lost due to malice were questions of fact for the jury.[10] Both circumstances are present here.

A communication is "excessively published" where, as here, it is "published to those who did not have a legitimate role in resolving the dispute or to persons who did not have an adequate legal interest in the outcome of the proposed litigation".[11] As previously detailed, SCO repeatedly made statements to the general public through the press—not to those with an appropriate role or interest in this litigation.[12] That, at a minimum, warrants denying SCO's motion for summary judgment.

Similarly, courts have made clear that the issue of malice calls into question the state of mind of the publisher and is not appropriate for resolution on summary judgment.[13] Ample evidence indicates that SCO knew its public statements about IBM were false and its conduct unjustified.[14] Thus, IBM's proffered evidence regarding SCO's conduct is sufficient to create a material dispute on the issue of malice.

Second, IBM previously detailed that courts have placed the burden of proving the affirmative defense of privilege on the party seeking summary judgment.[15] Again, recent

---

[10] No. 2:04-CV-139 TS, 2010 WL 691710, at *1 (D. Utah Feb. 22, 2010).

[11] Sparto, 2014 WL 559536, at *3 (internal quotation marks omitted); see also Davis v. Garrity, No. 2:13-CV-349 DS, 2013 WL 5745554, at *2 (D. Utah Oct. 23, 2013); Pratt, 164 P.3d at 377.

[12] IBM Opp'n at 24, Dkt. 865. SCO's argument that the press "had a legitimate interest in the intellectual property issues concerning Linux . . . because anyone who works with computers has such an interest" (see SCO Update at 2 n.4, Dkt. 1137) overstates the interest at issue here in an attempt to link the press to the outcome of the litigation.

[13] McDonald v. Wise, 769 F.3d 1202, 1220 (10th Cir. 2014); SCO Grp., Inc., 2010 WL 691710, at *2.

[14] IBM Opp'n at 26, Dkt. 865.

[15] IBM Opp'n at 22-23, Dkt. 865.

case law reinforces that conclusion.[16] SCO's eight allegedly undisputed facts are insufficient to satisfy SCO's burden to prove its privilege defense.[17]

2. **SCO's Good Faith Arguments Also Fail**

IBM previously explained that SCO's purported good faith is not a defense to or element of its counterclaims with the exception of common law unfair competition.[18] Courts have reaffirmed that proof of intent to deceive or bad faith is not required to establish a violation of the Lanham Act for false advertising.[19] Similarly, in accordance with its broad deterrent purposes, Section 349 of the New York General Business Law "does not require that a defendant intended to defraud or mislead".[20] Instead, Section 349 contemplates actionable conduct that does not necessarily "reach the level of common-law fraud".[21] Finally, to prevail on a claim for tortious interference with prospective business relations, a plaintiff may show that the defendant either acted "with malice or used wrongful means", evincing that good faith alone is not dispositive of the claim.[22]

---

[16] See, e.g., Wilcox v. Newark Valley Cent. Sch. Dist., 904 N.Y.S.2d 523, 527 (App. Div. 3d Dep't 2010).

[17] IBM Opp'n at 17-20, Dkt. 865.

[18] IBM Opp'n at 28-29, Dkt. 865.

[19] See, e.g., CGS Indus., Inc. v. Charter Oak Fire Ins. Co., 720 F.3d 71, 83 (2d Cir. 2013); Gerffert Co. v. Dean, No. 09-CV-266 (PKC), 2014 WL 2616893, at *4 n.9 (E.D.N.Y. June 12, 2014).

[20] UPS Store, Inc. v. Hagan, --- F. Supp. 3d ---, 2015 WL 1456654, at *9 (S.D.N.Y. Mar. 24, 2015); In re Scotts EZ Seed Litig., 304 F.R.D. 397, 409 (S.D.N.Y. 2015); Valentine v. Quincy Mut. Fire Ins. Co., 1 N.Y.S.3d 161, 164-65 (App. Div. 2d Dep't 2014).

[21] Ward v. TheLadders.com, Inc., 3 F. Supp. 3d 151, 168 (S.D.N.Y. 2014); Karastathis v. FXDirectDealer, LLC (FXDD), No. 112956/11, 2014 WL 957021, at *1 (N.Y. Sup. Ct. Mar. 3, 2014); see also People v. H&R Block, Inc., No. 401110/2006, 2007 WL 2330924, at *6 (N.Y. Sup. Ct. July 9, 2007).

[22] Cardiocall, Inc. v. Serling, 492 F. Supp. 2d 139, 152 (E.D.N.Y. 2007).

In any event, the available evidence introduced by IBM establishes material questions of fact regarding SCO's conduct sufficient for a reasonable jury to find bad faith. Courts have found improper activity similar to that conducted by SCO to be particularly indicative of bad faith.[23] Thus, SCO has not carried its burden of establishing good faith necessary to grant its motion for summary judgment.

3.   **IBM Has Presented Sufficient Evidence of Damages**

At a minimum, IBM has raised an issue of material fact regarding its damages sufficient to defeat summary judgment. Courts have reaffirmed that a party need only raise a question of fact that it was injured as a result of the opponent's misconduct; it need not provide an exact dollar figure for damages.[24] IBM's evidence regarding its lost profits and accrued mitigation costs demonstrates the significant damage caused by SCO's conduct, thereby satisfying IBM's burden at this stage of the proceedings.[25] Furthermore, courts continue to find attorneys' fees recoverable as mitigation damages.[26] Recent case law also confirms that attorneys' fees are available particularly where, as here, bad faith is manifested.[27]

---

[23] See, e.g., Lyons P'ship, L.P. v. D&L Amusement & Entm't, Inc., 702 F. Supp. 2d 104, 115-16 (E.D.N.Y. 2010).

[24] See, e.g., Lewin v. Lipper Convertibles, 756 F. Supp. 2d 432, 439-40 (S.D.N.Y. 2010).

[25] E.g., Memdata, LLC v. Intermountain Health Care, Inc., No. 2:08-CV-190 TS, 2010 WL 1529275, at *5 (D. Utah Apr. 15, 2010) (discussing lost profit damages and concluding sufficient evidence on damages was introduced to defeat summary judgment).

[26] See, e.g., Jung Sun Laundry Grp. Corp. v. Laundry, Dry Cleaning, & Allied Workers Joint Bd., No. 10-Civ-468 (RMB) (JLC), 2010 WL 4457135, at *6 (S.D.N.Y. Nov. 1, 2010).

[27] Maas v. Spencer Leasing Corp., No. 12-CV-02951 (ADS) (AKT), 2013 WL 5308859, at *17 (E.D.N.Y. Sept. 18, 2013) (awarding attorneys' fees under § 349(h)); Klein-Becker USA, LLC v. Englert, No. 2:06-CV-378 TS, 2011 WL 147893, at *16 (D. Utah Jan. 18, 2011) (awarding attorneys' fees under the Lanham Act).

DATED this 5th day of June 2015.

        SNELL & WILMER L.L.P.

        /s/  Amy F. Sorenson
        Alan L. Sullivan
        Amy F. Sorenson

        CRAVATH, SWAINE & MOORE LLP
        Evan R. Chesler
        David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of Counsel:
INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1 North Castle Drive
Armonk, New York 10504
(914) 765-1900

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*