SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, UT 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: asullivan@swlaw.com
       asorenson@swlaw.com

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Email: echesler@cravath.com
       dmarriott@cravath.com

*Attorneys for Defendant/Counterclaim-Plaintiff*
 *International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 7 Trustee in Bankruptcy, Edward N. Cahn,<br><br>         Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>         Defendant/Counterclaim-Plaintiff. | **IBM'S CASE LAW UPDATE WITH RESPECT TO ITS MEMORANDUM IN OPPOSITION TO SCO'S MOTION FOR SUMMARY JUDGMENT ON IBM'S SIXTH, SEVENTH AND EIGHTH COUNTERCLAIMS**<br><br>Civil No. 2:03-cv-00294-DN<br><br>District Judge David Nuffer |

IBM advanced three primary arguments why SCO is not entitled to summary judgment on IBM's Sixth, Seventh and Eighth Counterclaims: (1) SCO breached the GPL; (2) SCO infringed IBM's copyrights; and (3) SCO's violations of the GPL harmed, and continue to harm, IBM.  Recent case law confirms that each argument provides independent grounds for denying SCO's motion for summary judgment.[1]

1.    **SCO Breached the GPL**

First, as IBM previously explained, the plain and unambiguous language of the GPL forecloses SCO's argument that SCO could charge license fees for, and impose restrictions on other licensees' use of, Linux.[2]  SCO's interpretation is based on an isolated reading of specific provisions of the GPL.[3]  Recent Utah and New York cases affirm that contracts must be interpreted as a whole, and each provision must be read in the context of all others to give effect to the contract's general purpose.[4]  The unequivocal language of the GPL leaves no doubt about its purpose—to ensure Linux is free for all users.[5]  Moreover, SCO's interpretation of the GPL is

---

[1] Pursuant to the Court's order dated May 28, 2015, the authority cited in this submission is limited to authority not already provided in IBM's Case Law Update with Respect to Its Memorandum in Support of Its Motion for Summary Judgment on Copyright Infringement (Eighth Counterclaim), Dkt. 1143, which is incorporated by reference herein.

[2] IBM's Mem. Opp'n SCO's Mot. Summ. J. IBM's Sixth, Seventh & Eighth Countercls. at 21-24, Dkt. 866 ("IBM Opp'n").

[3] SCO's Mem. Supp. Mot. Summ. J. IBM's Sixth, Seventh & Eighth Countercls. at 12, Dkt. 794 ("SCO Mem.").

[4] Encon Utah, LLC v. Fluor Ames Kraemer, LLC, 210 P.3d 263, 267 (Utah 2009); Beal Sav. Bank v. Sommer, 865 N.E.2d 1210, 1213-14 (N.Y. 2007).

[5] IBM Opp'n at 23, Dkt. 866 (quoting the GPL's Preamble); see Jacobsen v. Katzer, 535 F.3d 1373, 1379 n.2 (Fed. Cir. 2008) ("[T]he [GPL] . . . prohibits downstream users from charging for a license to the software.").

1

impermissible because it results in an unreasonable and inequitable sanction of SCO's charges for and restriction of Linux licenses.[6]

<u>Second</u>, SCO repeatedly repudiated and breached the GPL.  As IBM previously explained, a challenge to the viability of a license "constitutes a distinct and unequivocal refusal to perform under the license, thus causing a . . . repudiation, of the contract".[7]  Recent case law reinforces that conclusion.[8]  Consequently, SCO's repeated challenges to the GPL's validity, as well as its untenable interpretation and refusal to perform under the terms of the GPL,[9] constitute a clear repudiation of the license.  SCO relies on the jury's finding in <u>SCO Group, Inc. v. Novell, Inc.</u>—that SCO did not own the copyrights to UNIX—to argue that it did not breach the GPL.[10]  That argument is unavailing.  It is undisputed that, at a minimum, SCO restricted licensees' use of Linux.[11]  Therefore, SCO breached the GPL.[12]  Current interpretations of the GPL support this position.[13]

---

[6] <u>Flood v. ClearOne Commc'ns</u>, 634 F. Supp. 2d 1257, 1264 (D. Utah 2009) ("[A]n equitable and fair result will prevail over a harsh and unreasonable result . . . ."), <u>vacated as moot</u>, No. 2:08-CV-00631-CW, 2012 WL 192709 (D. Utah Jan. 23, 2012); <u>Riverside S. Planning Corp. v. CRP/Extell Riverside, L.P.</u>, 920 N.E.2d 359, 363 (N.Y. 2009); IBM Opp'n at 24, Dkt. 866.

[7] IBM Opp'n at 25, Dkt. 866 (internal quotation marks omitted).

[8] <u>See, e.g.</u>, <u>Paramount Pictures Corp. v. Puzo</u>, No. 12 Civ. 1268 (AJN), 2012 WL 4465574, at *4 (S.D.N.Y. Sept. 26, 2012) ("[R]epudiation occurs when a party advances an untenable contract interpretation to avoid its contractual obligations or when it refuses to perform its contractual obligations . . . .").

[9] IBM Opp'n at 21-25, Dkt. 866.

[10] SCO's Mem. Additional Auth. Supp. Mot. Summ. J. on IBM's Sixth, Seventh & Eighth Countercls. at 1-3, Dkt. 1138 ("SCO Mem. Additional Supp.").

[11] IBM Opp'n at 8, 13, 16, 26, Dkt. 866.

[12] <u>See</u> IBM Opp'n at 25-27, Dkt. 866.

[13] R. Michael Azzi, Note, CPR: How <i>Jacobsen v. Katzer</i> Resuscitated the Open Source Movement, 2010 U. Ill. L. Rev. 1271, 1280-81 ("To ensure that GPL-licensed software remains 'free,' the license requires that any GPL software mixed with non-GPL software be subject to the

2. **SCO Infringed IBM's Copyrights**

First, as IBM previously detailed, SCO's attempt to license Linux outside the express terms of the GPL automatically terminated SCO's rights to IBM's copyrighted works.[14] Again, recent case law affirms IBM's contention that as "an experienced participant in the software industry", SCO knew or should have known that its license terminated and that it was infringing IBM's copyrights.[15] For example, the court in Marshall v. Marshall considered "whether the infringer had experience with previous copyright ownership . . . or work[ed] in an industry where copyright is prevalent", in determining whether an infringer knew or should have known of the infringement.[16] Additional case law confirms that SCO must—but cannot—prove it had a license to use IBM's copyrighted works outside of the GPL.[17]

Second, SCO seeks to justify its continued copying and distribution of IBM's copyrighted materials following the termination of its license by claiming it had continuing obligations to its customers.[18] As IBM previously explained—and recent decisions confirm—an infringer's intent is not relevant to the question of copyright infringement.[19] The only relevant

---

terms of the GPL. . . . [W]orks sold . . . must include full, unfettered access to the source code of the program.").

[14] IBM Opp'n at 27-28, Dkt. 866; see Yamini Menon, Jacobsen Revisited: Conditions, Covenants and the Future of Open-Source Software Licenses, 6 WASH. J.L. TECH. & ARTS 311, 337 (2011) ("This 'automatic termination' provision is particularly important because it makes it unequivocally clear that failing to abide by the [GPL's] conditions results in a termination of the license. . . . [T]ermination of the license would expose a user to potential copyright liability if he uses any code licensed under [the] GPL . . . .").

[15] IBM Opp'n at 29, Dkt. 866.

[16] No. 08 CV 1420 (LB), 2012 WL 1079550, at *25 (E.D.N.Y. Mar. 30, 2012), aff'd, 504 F. App'x 20 (2d Cir. 2012).

[17] E.g., Baisden v. I'm Ready Prods., Inc., 693 F.3d 491, 499 (5th Cir. 2012).

[18] SCO Mem. at 5-6, Dkt. 794.

[19] Storagecraft Tech. Corp. v. Kirby, No. 2:08-CV-921, 2011 WL 2837440, at *6 (D. Utah July 14, 2011) ("[D]efendant is liable even for 'innocent' or 'accidental' infringements. Even

questions are whether IBM owns a valid copyright and whether SCO copied protected elements of IBM's copyrighted works.[20] SCO does not dispute either that IBM owns a valid copyright or that SCO copied and distributed IBM's copyrighted works.[21] Furthermore, SCO's claim that IBM's interpretation of the GPL interferes with SCO's intellectual property rights is baseless in light of the ruling in SCO v. Novell that Novell, not SCO, owned the copyright to the UNIX code.[22]

3. **SCO's GPL Violations Harmed, and Continue to Harm, IBM**

First, IBM previously detailed that it has suffered compensable harm and is entitled to nominal damages.[23] Utah and New York courts have continued to find that a party is entitled to nominal damages for breach of contract.[24] Additionally, IBM asserted that it has incurred significant litigation costs and is entitled to compensation for those costs as mitigation damages, a proposition supported by recent authority.[25] IBM also explained—and recent case

---

where the defendant believes in good faith that he is not infringing a copyright, he may be found liable." (internal quotation marks omitted)).

[20] Paycom Payroll, LLC v. Richison, 758 F.3d 1198, 1204 (10th Cir. 2014).

[21] IBM Opp'n at 27, 30, Dkt. 866.

[22] SCO Grp., Inc. v. Novell, Inc., 721 F. Supp. 2d 1050, 1072 (D. Utah 2010), aff'd, 439 F. App'x 688 (10th Cir. 2011); SCO Mem. at 13, Dkt. 794; SCO Mem. Additional Supp. at 2, Dkt. 1138.

[23] IBM Opp'n at 31-32, Dkt. 866.

[24] Water Servs. v. Zoeller Co., No. 2:212-CV-723 TS, 2013 WL 5964457, at *3 (D. Utah Nov. 7, 2013); Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co., No. 09 CV 01796 (GBD), 2012 WL 3890128, at *11 (S.D.N.Y. Sept. 7, 2012) ("[E]ven if the breach of contract caused no loss or if the amount of loss cannot be proved with sufficient certainty, the injured party is entitled to recover [] nominal damages . . . .").

[25] See, e.g., Meador v. Albanese Law Office, No. 5:08-CV-562, 2010 WL 3807163, at *5 (N.D.N.Y. Sept. 23, 2010) ("A plaintiff's damages may include litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by [the defendant]."); IBM Opp'n at 33, Dkt. 866.

law again confirms—that when construed in the light most favorable to IBM, the evidence and IBM's expert's reliable opinion "create a genuine issue of material fact as to IBM's damages".[26]

   <u>Second</u>, IBM remains entitled to injunctive relief. SCO concedes that Chapter 7 proceedings, like those in which SCO is involved, "do not axiomatically render [requested injunctive relief] moot".[27] IBM's previous delineation of the elements required for injunctive relief is consistent with recent case law.[28] IBM has already demonstrated actual success on the merits.[29] Further, this Court and other federal courts have maintained that irreparable harm is established where, like here, the harm and ensuing damages are difficult to measure.[30] Recent authority also supports IBM's argument that SCO would not suffer any harm from an injunction, that any harm SCO might suffer is irrelevant because of SCO's infringement and that the public interest favors an injunction.[31] Because IBM meets all of the requirements for injunctive relief, its claim is not moot.

---

[26] IBM Opp'n at 33, Dkt. 866; see <u>Apple Inc. v. Motorola, Inc.</u>, 757 F.3d 1286, 1322-23, 1325 (Fed. Cir. 2014) (reversing summary judgment where the expert's testimony used "reliable principles and methods" and was relevant to proving damages).

[27] SCO Mem. Additional Supp. at 5, Dkt. 1138 (quoting <u>Parkway Hosp. v. Shah</u>, 460 F. App'x 21, 23 (2d Cir. 2012)) (internal quotation marks omitted).

[28] <u>ICON Health & Fitness, Inc., v. Med. Prods.</u>, No. 1:10-CV-00207-DN, 2012 WL 3962737, at *4 (D. Utah Sept. 11, 2012) (listing the factors for injunctive relief); IBM Opp'n at 33, Dkt. 866.

[29] IBM Opp'n at 34, Dkt. 866.

[30] <u>Cmty. Television of Utah, LLC v. Aereo, Inc.</u>, 997 F. Supp. 2d 1191, 1203 (D. Utah 2014); see also <u>Gluco Perfect, LLC v. Perfect Gluco Prods., Inc.</u>, No. 14-CV-1678 (KAM) (RER), 2014 WL 4966102, at *17 (E.D.N.Y. Oct. 3, 2014).

[31] <u>Cmty. Television</u>, 997 F. Supp. 2d at 1203-04 (finding that "a defendant cannot avoid a preliminary injunction by claiming harm to a business built upon [] infringement" and that the public interest "weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections" (internal quotation marks omitted)); IBM Opp'n at 35, Dkt. 866.

DATED this 5th day of June 2015.

                    SNELL & WILMER L.L.P.

                    /s/ Amy F. Sorenson
                    Alan L. Sullivan
                    Amy F. Sorenson


                    CRAVATH, SWAINE & MOORE LLP
                    Evan R. Chesler
                    David R. Marriott

                    *Attorneys for Defendant/Counterclaim-Plaintiff*
                    *International Business Machines Corporation*

Of Counsel:
INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1 North Castle Drive
Armonk, New York 10504
(914) 765-1900

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*