SNELL & WILMER L.L.P.
Alan L. Sullivan (3152)
Amy F. Sorenson (8947)
15 West South Temple, Suite 1200
Salt Lake City, UT 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: asullivan@swlaw.com
        asorenson@swlaw.com

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Email: echesler@cravath.com
        dmarriott@cravath.com

*Attorneys for Defendant/Counterclaim-Plaintiff*
 *International Business Machines Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 7 Trustee in Bankruptcy, Edward N. Cahn,<br><br>       Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>       Defendant/Counterclaim-Plaintiff. | **IBM'S CASE LAW UPDATE WITH RESPECT TO SCO'S OBJECTIONS TO MAGISTRATE JUDGE WELLS' ORDER DENYING SCO'S MOTION FOR RELIEF FOR IBM'S ALLEGED SPOLIATION OF EVIDENCE**<br><br>Civil No. 2:03-cv-00294-DN<br><br>District Judge David Nuffer |

On March 2, 2007, Magistrate Judge Wells entered an order denying SCO's spoliation motion (the "Order").  After careful scrutiny of the record, Magistrate Judge Wells ruled: (1) SCO could not "show that any evidence was lost or destroyed"; (2) "[t]he evidence . . . when seen in context, does not show that IBM acted in bad faith"; and (3) "nor does the evidence show that [SCO] has been prejudiced because the evidence . . . has been and is reasonably available".[1]  In opposition to SCO's objections to the Order, IBM offered three independent reasons why the Order should be affirmed: (1) SCO failed to show that IBM acted in bad faith; (2) SCO failed to show prejudice; and (3) SCO waived any argument concerning the sufficiency of IBM's document production.[2]  Subsequent decisions not only confirm IBM's contentions but also demonstrate that SCO's motion is moot.

1.     **SCO's Motion Is Moot**

By its spoliation motion, SCO seeks an adverse inference that the AIX and Dynix/ptx source code allegedly destroyed by IBM developers would be damaging to IBM's case.[3]  The purportedly deleted code relates to claims (SCO's contract claims and IBM's claim for a declaration of non-infringement) or aspects of a claim (the non-Monterey elements of SCO's unfair competition claim) that are no longer in the case.  This Court entered summary judgment against SCO and in favor of IBM on SCO's contract claims, IBM's claim for a

---

[1] 1/18/07 Hr'g Tr. at 56.

[2] IBM's Mem. Opp'n SCO's Objs. Magistrate Judge Wells' Order Den. SCO's Mot. Relief IBM's Alleged Spoliation Evidence at 2-3, Dkt. 1043 ("IBM Opp'n").

[3] SCO's Mem. Additional Authority Supp. Pending Spoliation Mot. at 1, Dkt. 1139 ("SCO Update").

declaration of non-infringement and the non-Monterey aspects of SCO's unfair competition claim.[4]  Thus, SCO's spoliation motion is moot.

2.     **SCO Failed to Show that IBM Acted in Bad Faith**

In deciding whether to sanction a party for the alleged spoliation of evidence, courts have considered a variety of factors, including "the degree of culpability of the party who lost or destroyed the evidence" and "the degree of actual prejudice to the [adverse] party".[5]

First, as IBM previously detailed, SCO failed to meet its burden to demonstrate that IBM acted in bad faith.[6]  Courts have continued to hold that a party must submit evidence of bad faith to warrant the "adverse inference instruction" SCO seeks with respect to spoliation.[7] SCO's reference to Philips Electronics North America Corp. v. BC Technical is inapposite.[8] There, the plaintiff demonstrated that the defendant had purposefully deleted and wiped files and failed to instruct employees of their duty to preserve evidence.[9]  No such evidence of IBM's purported "bad faith" is present here, and Magistrate Judge Wells' conclusion in that regard should be accorded deference under the "clearly erroneous" standard of review.[10]

---

[4] Mem. Decision & Order Granting Part & Den. Part IBM's Mot. Summ. J. Basis Novell J. at 1-2, Dkt. 1132.

[5] See Brigham Young Univ. v. Pfizer, Inc., 282 F.R.D. 566, 570 (D. Utah 2012); Petersen v. DaimlerChrysler Corp., No. 1:06-cv-108-TC-PMW, 2011 WL 971113, at *1 (D. Utah Mar. 17, 2011) (internal quotation marks omitted).

[6] IBM Opp'n at 26, Dkt. 1043.

[7] Moreno v. Taos Cty. Bd. of Comm'rs, 587 F. App'x 442, 444 (10th Cir. 2014); Dalcour v. City of Lakewood, 492 F. App'x 924, 937 (10th Cir. 2012); Turner v. Pub. Serv. Co. of Colo., 563 F.3d 1136, 1149 (10th Cir. 2009); Savage v. Serco, Inc., No. 1:12-CV-176 TS, 2014 U.S. Dist. LEXIS 71028, at *10 (D. Utah May 22, 2014); Brigham Young Univ., 282 F.R.D. at 571-72.

[8] See SCO Update at 1-2, Dkt. 1139.

[9] 773 F. Supp. 2d 1149, 1211 (D. Utah 2011).

[10] IBM Opp'n at 26, Dkt. 1043; see also Aircraft Fueling Sys., Inc. v. Southwest Airlines Co., No. 08-CV-414-GFK-FHM, 2011 WL 4954250, at *1 (N.D. Okla. Oct. 18, 2011).

Second, courts have declined to find bad faith on evidence more compelling than that presented by SCO.  For example, in <u>Wandner v. American Airlines</u>, the court held that "[w]hen a party's actions lead to the destruction of evidence, but were not done in bad faith . . . sanctions are inappropriate".[11]  In fact, IBM's proffered evidence demonstrates that IBM acted in good faith by producing the equivalent of more than 40 million pages of paper.[12]  In <u>Turner v. Public Service Co. of Colorado</u>, the Tenth Circuit focused on the defendant's production of "numerous documents" in concluding that bad faith was not manifested.[13]  Thus, IBM's vast document production refutes SCO's assertions of bad faith, therefore precluding an adverse inference from being imposed.

3.    **SCO Failed to Show Prejudice**

As IBM previously explained, SCO's objections to the Order fail for the independent reason that SCO cannot show prejudice as a result of the alleged destruction of evidence.[14]  Recent case law confirms that to prevail on a spoliation motion, "[t]he burden is on the aggrieved party to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination that access to the lost material would have produced evidence favorable to his cause".[15]  SCO's mere speculation as to the actual amount of probative evidence allegedly destroyed by IBM is fatal to its spoliation claim.[16]

---

[11] --- F. Supp. 3d ---, 2015 WL 145019, at *13 (S.D. Fla. Jan. 12, 2015).
[12] IBM Opp'n at 27-28, Dkt. 1043.
[13] <u>Turner</u>, 563 F.3d at 1150.
[14] IBM Opp'n at 29, Dkt. 1043.
[15] <u>McCargo v. Tex. Roadhouse, Inc.</u>, No. 09-cv-02889-WYD-KMT, 2011 WL 1638992, at *5 (D. Colo. May 2, 2011) (internal quotation marks omitted).
[16] IBM Opp'n at 30, Dkt. 1043.

Moreover, prejudice caused by spoliation "depends on whether other evidence addressing the same question is available to the parties".[17]  As IBM previously noted, SCO was provided every version of AIX and Dynix that exists, and had access to every version of UNIX System V and Linux that exists as well.[18]  Thus, "there is no evidence that [SCO] was actually, rather than merely theoretically prejudiced" by any lack of evidence.[19]  As noted, the allegedly destroyed evidence concerns claims no longer in the case, further demonstrating the absence of prejudice.

SCO's reliance on FatPipe Networks India Ltd. v. XRoads Networks, Inc. is misplaced.[20]  Unlike in FatPipe, SCO was not "effectively deprived of the opportunity to examine and verify" the information critical to this matter; rather, the scope of IBM's document production was such that SCO was privy to the equivalent of more than 40 million pages of source code and the names and contact information for more than 2,700 contributors to AIX and Dynix.[21]  SCO's claim of prejudice is also untenable because SCO failed to take steps to avoid the alleged prejudice.  In particular, SCO failed to identify the specific material it contended IBM destroyed and failed to depose most of the relevant developers.[22]

---

[17] Luna v. Am. Airlines, 676 F. Supp. 2d 192, 202 (S.D.N.Y. 2009).

[18] IBM Opp'n at 34 n.19, Dkt. 1043.

[19] Turner, 563 F.3d at 1150; see also Burlington N. & Santa Fe Ry. Co. v. Grant, 505 F.3d 1013, 1032-33 (10th Cir. 2007) ("[A]bsent meaningful evidence that [the party] has been actually, rather than merely theoretically, prejudiced, we affirm the district court's denial of [the party's] motion for spoliation sanctions."); Lakes Gas Co. v. Clark Oil Trading Co., 875 F. Supp. 2d 1289, 1311 (D. Kan. 2012).

[20] SCO Update at 3, Dkt. 1139.

[21] No. 2:09-CV-186 TC DN, 2012 WL 192792, at *6 (D. Utah Jan. 23, 2012); see also IBM Opp'n at 27-28, Dkt. 1043.

[22] See Lakes Gas Co., 875 F. Supp. 2d at 1311 (denying spoliation sanctions because the defendant failed to "pursue all avenues of discovery that might have helped mitigate any loss of relevant evidence"); see also IBM Opp'n at 33, Dkt. 1043.

4.      **SCO Waived Any Argument Concerning the Sufficiency of IBM's Document Production**

    Moreover, the Order should be affirmed because SCO stipulated that it did not have any dispute concerning the sufficiency of IBM's document production.  Recent case law confirms that a "[w]aiver is the intentional relinquishment or abandonment of a known right".[23] The concept of waiver is applicable to agreements and stipulations made by a party through counsel during the course of pending litigation.[24]  Before the close of fact discovery, IBM and SCO executed a stipulation that expressly provides that "there are no discovery disputes between them".[25]

    SCO attempted to evade this outcome by arguing that the stipulation did not amount to a waiver because this motion does not involve a "discovery dispute".  However, courts have reaffirmed that a motion alleging that documents were intentionally destroyed and not produced in discovery raises a "discovery dispute".[26]

    Thus, by failing to raise this spoliation issue at the time of the stipulation, SCO waived any and all of its current arguments.  As such, its motion should be denied.

---

[23] Wood v. Milyard, 132 S. Ct. 1826, 1835 (2012); see also Watkins v. Ford, 304 P.3d 841, 849 n.5 (Utah 2013).

[24] See, e.g., Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1077 (10th Cir. 2009) (finding a waiver of the right to a jury trial through a stipulation).

[25] IBM Opp'n at 36, Dkt. 1043.

[26] See In re Actos (Pioglitazone) Prods. Liab. Litig., No. 6:11-md-2299, 2014 WL 2872299, at *12 (W.D. La. June 23, 2014) ("[S]poliation of evidence . . . is an evidentiary question grounded within a discovery dispute."); Gutman v. Klein, No. 03-Civ-1570 (BMC) (RML), 2010 WL 4916722, at *1 (E.D.N.Y. Nov. 24, 2010) (employing the phrase "spoliation discovery dispute").

DATED this 5th day of June 2015.

SNELL & WILMER L.L.P.

/s/  Amy F. Sorenson
Alan L. Sullivan
Amy F. Sorenson

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*

Of Counsel:
INTERNATIONAL BUSINESS MACHINES CORPORATION
Alec S. Berman
1 North Castle Drive
Armonk, New York 10504
(914) 765-1900

*Attorneys for Defendant/Counterclaim-Plaintiff*
*International Business Machines Corporation*