Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666
bhatch@hjdlaw.com
mjames@hjdlaw.com

Stuart Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile:  (954) 356-0022
ssinger@bsfllp.com

David Boies (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Jason Cyrulnik (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
dboies@bsfllp.com
enormand@bsfllp.com
jcyrulnik@bsfllp.com

*Counsel for Plaintiff, The SCO Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 11 Trustee in Bankruptcy, Edward N. Cahn,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant/Counterclaim-Plaintiff. | **SCO'S RESPONSE TO IBM'S CASE LAW UPDATE WITH RESPECT TO ITS MOTION FOR SUMMARY JUDGMENT ON ITS CLAIM FOR COPYRIGHT INFRINGEMENT (IBM'S EIGHTH COUNTERCLAIM)**<br><br>Case No. 2:03-cv-00294 DN<br><br>District Judge David Nuffer |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.     SCO'S USE WAS WITHIN THE SCOPE OF THE GPL .................................................. 1

II.    SCO DID NOT BREACH THE GPL ............................................................................... 1

III.   SCO DID NOT REPUDIATE THE GPL .......................................................................... 3

IV.    ALL OF SCO'S ACTIONS WERE NON-INFRINGING .................................................. 4

V.     IBM IS NOT ENTITLED TO A PERMANENT INJUNCTION ...................................... 5

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Davis v. Blige</u>,
    505 F.3d 90 (2d Cir. 2007) ................................................................................ 2, 4

<u>Edgenet, Inc. v. Home Depot U.S.A., Inc.</u>,
    No. 09-CV-747, 2010 WL 148389 (E.D. Wis. Jan. 12, 2010) ................................... 3

<u>ELM, Inc. v. M.T. Enters., Inc.</u>,
    968 P.2d 861 (Utah Ct. App. 1998) ...................................................................... 1

<u>Gen. Motors Corp. v. Urban Gorilla, LLC</u>,
    500 F.3d 1222 (10th Cir. 2007) ........................................................................... 5

<u>Graham v. James</u>,
    144 F.3d 229 (2d Cir. 1998) ............................................................................... 1

<u>Jacob Maxwell, Inc. v. Veeck</u>,
    110 F.3d 749 (11th Cir.1997) .............................................................................. 3

<u>Klein-Becker USA, LLC v. Englert</u>,
    No. 2:06-CV-378 TS, 2011 WL 147893 (D. Utah Jan. 18, 2011).......................... 5

<u>Latour v. Columbia Univ.</u>,
    12 F. Supp. 3d 658 (S.D.N.Y. 2014) ................................................................... 1

<u>Southwest Stainless, LP v. Sappington</u>,
    582 F.3d 1176 (10th Cir. 2009) ........................................................................... 5

<u>Stommel v. LNV Corp.</u>,
    No. 2:13CV821DAK, 2015 WL 417883 (D. Utah Jan. 30, 2015) ........................... 5

<u>Sycamore Family LLC v. Earthgrains Baking Cos., Inc.</u>,
    No. 2:13-CV-00639-DN, 2014 WL 7261769 (D. Utah Dec. 18, 2014) .................... 1

<u>Walker v. Shasta Minerals & Chem. Co.</u>,
    352 F.2d 634 (10th Cir. 1965) ............................................................................. 3

## I.   SCO'S USE WAS WITHIN THE SCOPE OF THE GPL

Recent case law makes clear:  "A license is a complete defense to a claim for copyright infringement.  'A copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement' and may sue only for breach of contract."[1]  As to the works that form the basis of IBM's copyright claim, "IBM granted SCO and others a non-exclusive license to these copyrighted contributions on the terms set out in the GPL."[2]  IBM's copyright claim should therefore be dismissed.

## II.   SCO DID NOT BREACH THE GPL

Recent case law confirms this long-standing rule:  "Utilizing ordinary rules of contract construction, if a contract's terms are clear and unambiguous, the court must construe the writing according to its plain and ordinary meaning."[3]  The first sentence of the GPL's "Terms and Conditions for Copying, Distribution and Modification" is clear and unambiguous:  "This License applies to any program or other work which contains a notice placed by the copyright holder saying it may be distributed under the terms of this General Public License."[4]  IBM has conceded this point in its pleading:  "The GPL applies to any program whose authors commit to using it."[5]  Critically, IBM does not dispute that "Novell had posted no copyright notice"[6] in Linux.  IBM's claims that SCO breached the GPL by licensing or otherwise restricting UNIX code that had been inserted into Linux therefore must fail because the GPL by its terms did not apply to the UNIX code at issue.

---

[1]   Latour v. Columbia Univ., 12 F. Supp. 3d 658, 661-62 (S.D.N.Y. 2014) (quoting Graham v. James, 144 F.3d 229, 236 (2d Cir. 1998)).

[2]   IBM's Second Am. Countercls. ¶ 110, Docket No. 127, filed Mar. 29, 2004.

[3]   Sycamore Family LLC v. Earthgrains Baking Cos., Inc., No. 2:13-CV-00639-DN, 2014 WL 7261769, at *4 n.41 (D. Utah Dec. 18, 2014) (quoting ELM, Inc. v. M.T. Enters., Inc., 968 P.2d 861, 863 (Utah Ct. App. 1998)).

[4]   GPL Section 0 (Ex. 128 to T. Shaughnessy Decl. (Sept. 25, 2006)).

[5]   IBM Second Am. Countercls. ¶ 26, Docket No. 127, filed Mar. 29, 2004 (emphasis added).

[6]   SCO Mem. of Add'l Authority re Summ. J. on IBM Sixth, Seventh, & Eighth Countercls., at 3, Docket No. 1138, filed May 22, 2015.

The law student note IBM relies on elsewhere in its briefing does not remotely say otherwise.  IBM quotes the irrelevant, uncontroversial statement that code subject to the GPL does lose that protection simply because it is combined with code not subject to the GPL:  "To ensure that GPL-licensed software remains 'free,' the license requires that any GPL software mixed with non-GPL software be subject to the terms of the GPL."[7]  The question at issue in this case is the converse:  whether the license requires that <u>non</u>-GPL software mixed with GPL software somehow becomes subject to the terms of the GPL.  Under the clear and unambiguous terms of the GPL, such non-GPL software is <u>not</u> covered by the GPL, nor could it be, since that would mean that a copyright holder of proprietary code could have its rights effectively stripped by any interloper who wrongfully dumped the proprietary code into an open-source software program.[8]

In asserting that "SCO breached the GPL in its attempts to license Linux,"[9] IBM contradicts itself.  That is, in order to argue that SCO did anything other than license certain UNIX code that was not subject to the GPL, IBM pretends that in licensing the UNIX code only, SCO was licensing other parts of Linux.  But IBM has repeatedly conceded that Linux is an amalgam, not a monolith – indeed, IBM emphasizes that its claims are for "infringement for <u>sixteen individual works</u>"[10] that were contributed to Linux.  IBM made the same point in its original briefing:  "IBM <u>does not allege infringement of Linux as a whole</u>; IBM alleged and has established infringement of sixteen

---

7    IBM Case Law Update re: Opp'n to SCO's Mot. Summ. J. on IBM's Sixth, Seventh, & Eighth Countercls. at 2-3 n.13, Docket No. 1146, filed June 5, 2015 (quoting R. Michael Azzi, Note, <u>CPR:  How Jacobsen v. Katzer Resuscitated the Open Source Movement</u>, 2010 U. ILL. L. REV. 1271, 1280-81).

8    <u>Davis v. Blige</u>, 505 F.3d 90, 106 (2d Cir. 2007) ("[O]ne who grants a license without holding any interest in the copyright at the time the license is granted . . . purports to exercise a right he does not – and cannot –possess.").

9    IBM Case Law Update at 2, Docket No. 1143, filed June 3, 2015.

10    <u>Id.</u> (emphasis added).

indisputably original works on which IBM holds the copyright."[11]  The fallacy of IBM's position is apparent from the clear and unambiguous language of the GPL, which is fatal to IBM's claim.[12]

## III.     SCO DID NOT REPUDIATE THE GPL

IBM's theory that SCO "repudiated" the GPL follows a simple two-step strategy:

- STEP 1:  IBM unreasonably interpreted the GPL to preclude SCO from taking good-faith measures to protect its rights to certain code in Linux – even though that code was <u>not</u> made subject to the GPL by any copyright holder.[13]

- STEP 2:  When SCO disputed IBM's unreasonable interpretation, IBM wrongly claimed that SCO has "repudiated" the GPL.

The claim is meritless for three independent reasons.  <u>First</u>, IBM's attempts to show "repudiation" in reality show nothing more than SCO's meritorious disagreement with IBM as to the scope and application of the GPL, and the evidence shows that SCO has continued to honor the terms of the GPL as a valid license.[14]  <u>Second</u>, even if SCO's interpretation of the GPL were erroneous, SCO's statements would not constitute "repudiation" of the GPL.[15]  <u>Third</u>, IBM's repudiation theory relies on SCO's statements made "[i]n this litigation,"[16] and recent case law confirms that IBM cannot claim <u>retroactive</u> breach, termination, and infringement.[17]

---

[11]    IBM Reply Brief at 4, Docket No. 945, filed Jan. 12, 2007 (emphasis added).

[12]    <u>See also</u> SCO Opp'n Brief at 23-24, Docket No. 862, filed Nov. 11, 2006 (discussing additional reasons why IBM's breach theory fails).

[13]    <u>See, e.g.</u>, IBM Second Am. Countercls. ¶ 29, Docket No. 127, filed Mar. 29, 2004 ("<u>By distributing Linux</u> products under the GPL, SCO agreed, among other things, not to assert – indeed, it is <u>prohibited from asserting</u> – certain <u>proprietary rights over any programs distributed by SCO</u> under the terms of the GPL.") (emphasis added).

[14]    <u>See</u> SCO Opp'n Brief at 21-23, Docket No. 862, filed Nov. 11, 2006.

[15]    <u>Walker v. Shasta Minerals & Chem. Co.</u>, 352 F.2d 634, 638 (10th Cir. 1965) ("[A]n offer to perform made in accordance with the promisor's interpretation of the contract, if made in good faith although it may be erroneous, is not such a clear refusal to perform as to constitute an anticipatory breach.").

[16]    IBM Brief at 12 ¶ 42, Docket No. 801, filed Sept. 25, 2006.

[17]    <u>See, e.g.</u>, <u>Edgenet, Inc. v. Home Depot U.S.A., Inc.</u>, No. 09-CV-747, 2010 WL 148389, at *10 (E.D. Wis. Jan. 12, 2010) (breach of license "would do no more than entitle [plaintiff] to rescind the agreement and revoke its permission") (quoting <u>Jacob Maxwell, Inc. v. Veeck</u>, 110 F.3d 749, 753 (11th Cir.1997)), <u>aff'd</u>, 658 F.3d 662 (7th Cir. 2011); <u>see also</u> SCO Opp'n Brief at 25-26, Docket No. 862, filed Nov. 11, 2006.

**IV.   ALL OF SCO'S ACTIONS WERE NON-INFRINGING**

Because SCO's copying and distribution of IBM's works was pursuant to and consistent with a valid non-exclusive license under the GPL, all of SCO's actions were non-infringing.  "A valid license . . . immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor."[18]  IBM's cited case in which a court found infringement where the defendant copied code "without the owner's authorization,"[19] has no bearing here, since the GPL authorized SCO's copying and distribution of IBM's works in Linux.

IBM wrongly states that SCO has raised a defense that "it 'had to' make infringing copies" of IBM's works "to fulfill its own contractual obligations to its customers."[20]  This is a classic straw man.  SCO never advanced that argument, and IBM cites only its own earlier briefing to evidence the argument.  SCO has defended against IBM's infringement claim by demonstrating that none of SCO's actions was in breach of the GPL, and none of SCO's actions was infringing.  When SCO realized that its UNIX source code had been placed in Linux, SCO "suspended its distribution of Linux products for business reasons" because SCO wanted to "avoid the incongruity of perpetuating the unauthorized distribution of its proprietary technology that, unbeknown to SCO, IBM and others had contributed to Linux."[21]  SCO's suspension of its distribution was not based on any breach or repudiation of the GPL.  And SCO's business decision to honor existing "obligations to users who had already purchased SCO's Linux products,"[22] by making limited distributions and providing limited access to some customers, also was not infringing.  SCO continued to act pursuant to and consistent with the GPL.

---

[18]   Davis v. Blige, 505 F.3d at 100 .
[19]   IBM Case Law Update at 2-3, Docket No. 1143, filed June 3, 2015 (quoting Engenium Solutions, Inc. v. Symphonic Techs., Inc., 924 F. Supp. 2d 757, 789 (S.D. Tex. 2013)).
[20]   IBM Case Law Update at 4, Docket No. 1143, filed June 3, 2015 (citing IBM Reply at 10-11, Dkt. 945).
[21]   SCO Opp'n Brief at 13, ¶ 47, Docket No. 862, filed Nov. 11, 2006.
[22]   Id. at ¶ 37.

IBM continues to state incorrectly that SCO modified IBM's copyrighted material.  As SCO made clear in its original briefing, SCO "made no modifications or additions to the Linux kernel, including the [IBM] works."[23]

## V.   IBM IS NOT ENTITLED TO A PERMANENT INJUNCTION

IBM states in conclusory fashion that its claim for injunctive relief is not moot.  Recent case law confirms the well-established rule that the party seeking a permanent injunction bears the burden of proving all required factors, including "irreparable harm unless the injunction is issued."[24]  Recognizing that it cannot meet that burden, IBM improperly seeks to shift the burden to SCO, arguing that "SCO has not proven that the challenged conduct will not resume."[25]  IBM's proposition not only turns well-established law on its head, but also fails to address the fact – raised in SCO's earlier supplemental briefing – that "in light of the determination in SCO v. Novell that SCO does not own the copyright to UNIX code contained in Linux, SCO has not sought any license for UNIX in many years, and there is no threat of irreparable injury to IBM."[26]

Moreover, IBM does not provide any basis for its purported "need for IBM to protect itself against further infringement through an injunction," particularly where the works at issue are, by IBM's own account, "offer[ed] to all (the 'General Public') [through a] royalty free license to use, copy, modify, and distribute."[27]

---

[23]    Id. at 4, ¶ 7.
[24]    See, e.g., Stommel v. LNV Corp., No. 2:13CV821DAK, 2015 WL 417883, at *8 (D. Utah Jan. 30, 2015) ("A party requesting a permanent injunction bears the burden . . . .") (emphasis added) (quoting Gen. Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007)); Klein-Becker USA, LLC v. Englert, No. 2:06-CV-378 TS, 2011 WL 147893, at *17 (D. Utah Jan. 18, 2011) ("[F]or a party to obtain a permanent injunction, it must prove . . . irreparable harm unless the injunction is issued . . . .") (emphasis added) (quoting Southwest Stainless, LP v. Sappington, 582 F.3d 1176, 1191 (10th Cir. 2009)).
[25]    IBM Case Law Update at 5, Docket No. 1143, filed June 3, 2015.
[26]    SCO Mem. of Add'l Authority re Summ. J. on IBM Sixth, Seventh, & Eighth Countercls., at 5, Docket No. 1138, filed May 22, 2015.
[27]    IBM Brief at 3, ¶ 8, Docket No. 801, filed Sept. 25, 2006.

DATED this 8th day of June, 2015.

By:  /s/ Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Stuart H. Singer
Edward Normand
Jason Cyrulnik

*Counsel for Plaintiff, The SCO Group, Inc.*

6