# BOIES,   SCHILLER   &   FLEXNER   LLP

333 MAIN STREET* ARMONK, NY 10504* 914-749-8200* FAX 914-749-8300

July 20, 2015

**VIA ECF AND E-MAIL**

Judge David O. Nuffer
U.S. District Court
351 S. West Temple, Room 10.100
Salt Lake City, UT 84101
dj.nuffer@utd.uscourts.gov

   Re: **The SCO Group, Inc. v. IBM Corp.**, No. 2:03-cv-0294-DN

Dear Judge Nuffer:

  As you know, we represent Plaintiff/Counterclaim Defendant, The SCO Group, Inc. ("SCO"), in this action.  Pursuant to this Court's Orders of June 12, 2015, and July 14, 2015, SCO filed today a Statement attempting to reconcile "IBM's Statement of Undisputed Facts" and "SCO's Statement of Additional Material Facts" in connection with IBM's Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) [Docket No. 782].  Unfortunately, although the Court clearly directed the parties to file a Joint Statement, IBM informed SCO for the very first time <u>today</u> that IBM was not going to agree to a joint submission unless SCO adopted IBM's eleventh-hour proposal to radically reformat the document and provide the Court with only redlines to the parties' respective statements of facts instead of a document identifying, as the Court directed, "(1) a set of numbered, undisputed facts, with citations to evidence, as required by DUCivR 56-1(b)(2), (2) any remaining disputed facts from IBM's [782] motion, and (3) any remaining disputed additional facts from SCO's opposition brief."  SCO informed IBM that SCO disagreed with IBM's view that its last-minute proposal would be more useful to the Court than the document the Court directed the parties to submit and most importantly that IBM's changes did not comply with the Court's specific directive.  After considering its options, IBM informed us late this afternoon that it was going to proceed to file its own submission and abandoned the notion of a Joint Statement.

  For the Court's reference, below is a brief summary of the history of SCO's sustained efforts to reach a finalized Joint Submission.  Following the June status conference and the Court's related June 12, 2015, Order, SCO reached out to IBM to meet and confer on preparing a joint submission reconciling the facts.  The parties met and conferred on June 29.  Thereafter, SCO sent IBM a draft of the document with the following cover note:

> As per our discussion yesterday, we undertook to create a draft Joint Statement of Undisputed Facts pursuant to the Court's request that the


Judge David O. Nuffer
July 20, 2015
Page 2 of 3

>parties do so to facilitate the Court's consideration of IBM's motion for Summary Judgment on SCO's Unfair Competition claim. (The first attachment is the clean Joint Statement of Undisputed Facts; the second attachment blacklines the draft against IBM's original Statement of Facts for ease of reference.) In addition to revising IBM's Statement of Facts by narrowing it down to the facts we believe can jointly be submitted as undisputed facts, we also included in the document a word version of SCO's Statement of Additional Facts. We would propose that you review the draft and send along (i) any comments on the revisions to the IBM portion of the Joint Statement of Undisputed Facts and (ii) proposed revisions, if any, to SCO's Statement of Additional Undisputed Facts by identifying facts that you believe are disputed.

On July 8, more than one week later and just three days before the deadline for the Joint Statement, SCO again wrote to IBM: "Please let us know when we can expect your comments, as we would like to make sure we are in good shape to meet the Court's deadline." IBM finally sent SCO revisions to the draft later that day, accepting many of the undisputed facts, revising others, but _deleting_ all 78 paragraphs of SCO's Additional Facts. SCO indicated that it would agree to most of IBM's proposed insertions but that IBM's deletion of all of SCO's facts was obviously unacceptable.

On July 10, two days before the submission was due, IBM informed SCO that IBM would not agree to submit any Statement that included any of SCO's Additional Facts. When SCO's counsel reminded IBM that the Court had directed the parties to reconcile _both_ sets of facts, IBM contended that the Court did not direct the parties to reconcile SCO's Additional Facts as part of the Joint Statement, and IBM stated that it had never previously undertaken to respond to SCO's Additional Facts individually, that IBM was unwilling to do so now, and that IBM generally disputed all of SCO's Additional Facts. SCO offered to revise the Joint Submission to include both parties' facts along with an introduction summarizing IBM's position regarding SCO's facts. IBM still refused to agree to the Statement and asked SCO if it would agree to a one-week extension. SCO informed IBM that SCO would not oppose IBM's request if IBM genuinely committed to reconciling the facts.

In response to IBM's adjournment request, the Court made very clear precisely what it expected and informed IBM that failure to submit a Joint Submission was not acceptable. Nevertheless, IBM did not follow up with SCO to address the open issues at any point during the week. Concerned that it still had not heard from IBM and that the Court's deadline was just one business day away, SCO re-sent IBM the operative draft on July 17, which draft SCO updated to reflect the three specific categories the Court requested in its July 12 Order. On Friday evening, July 17, at 8 PM, IBM's counsel called us and informed us for the very first time that he had

Judge David O. Nuffer
July 20, 2015
Page 3 of 3

undertaken to create an entirely different type of submission.  Specifically, IBM's counsel proposed a submission that would simply provide the Court with "redline" mark-ups of the parties' existing statements of fact.  He said he would send his proposed draft along later that night.  SCO responded that we obviously did not expect IBM to propose an entirely new approach at the eleventh hour, and that we had already circulated the operative draft, which was consistent with the Court's Order and included the three sections that the Court had ordered.  Undeterred, on Saturday afternoon, IBM sent us its "redline" mark-ups of both parties' statements of fact, which purported to re-write many of SCO's statements of fact without articulating any basis for its proposed changes.

      This morning, we wrote to IBM and informed it that we were not prepared to abandon the Court's requested format of sections identifying Undisputed Facts, Disputed Facts from IBM's Motion, and Disputed Facts from SCO's Opposition.  IBM considered its options and informed us late this afternoon that it was not willing to identify for us which of SCO's remaining Additional Facts IBM disputed and that IBM was going to file its own statement as opposed to a Joint Statement.  Accordingly, SCO submits herewith a copy of the draft in the format the parties had exchanged prior to IBM's last-minute change and refusal to proceed with the Joint Statement.

Sincerely,

/s/ Jason Cyrulnik

Jason Cyrulnik

cc:    Amy F. Sorenson
       David R. Marriott
       Bent O. Hatch
       Stuart Singer
       Edward Normand