STAYED,MAG,APPEAL,JURY,LC4,LODGE_DOC,OBJMAG,SETTLE,WARNER

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CIVIL DOCKET FOR CASE #: 2:03–cv–00294–DN

SCO Grp, et al v. Intl Bus Mach Inc
Assigned to: Judge David Nuffer
Referred to: Magistrate Judge Paul M. Warner (Settlement)
Demand: $0
 Case in other court:  3rd Dist SL Cnty, 030905199
Cause: 28:1441 Notice of Removal– Contract Dispute

Date Filed: 03/25/2003
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Caldera Systems**
*A Delaware Corporation*
*TERMINATED: 07/22/2003*
*doing business as*
SCO Group

represented by **Brent O. Hatch**
HATCH JAMES &DODGE
10 W BROADWAY STE 400
SALT LAKE CITY, UT 84101
(801) 363–6363
Email: bhatch@hjdlaw.com
*TERMINATED: 07/22/2003*

**David Boies**
BOIES SCHILLER &FLEXNER
(ARMONK)
333 MAIN ST
ARMONK, NY 10504
(914)749–8201
Email: dboies@bsfllp.com
*TERMINATED: 07/22/2003*

**Debra Weiss Goodstone**
BOIES SCHILLER &FLEXNER (FL)
100 SE 2ND ST STE 2800
MIAMI, FL 33131
(305)539–8400
*TERMINATED: 07/22/2003*

**Fred O. Goldberg**
BERGER SINGERMAN
200 S BISCAYNE BLVD STE 1000
MIAMI, FL 33131
(305)755–9500
*TERMINATED: 07/22/2003*

**Leonard K. Samuels**
BERGER SINGERMAN
350 E LAS OLAS BLVD STE 1000
FT LAUDERDALE, FL 33301
*TERMINATED: 07/22/2003*

**Mark J. Heise**
BOIES SCHILLER &FLEXNER (FL)
100 SE 2ND ST STE 2800
MIAMI, FL 33131
(305)539–8400
*TERMINATED: 07/22/2003*

**Mark F James**
HATCH JAMES &DODGE
10 W BROADWAY STE 400
SALT LAKE CITY, UT 84101
(801) 363–6363
Email: mjames@hjdlaw.com
*TERMINATED: 07/22/2003*

**Stephen Neal Zack**
BOIES SCHILLER &FLEXNER (FL)
100 SE 2ND ST STE 2800
MIAMI, FL 33131
(305)539–8400

V.

**Defendant**

International Business Machines
Corporation

represented by **Alan L. Sullivan**
SNELL &WILMER (UT)
15 W SOUTH TEMPLE STE 1200
GATEWAY TOWER WEST
SALT LAKE CITY, UT 84101
(801)257–1900
Email: asullivan@swlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Marriott**
CRAVATH SWAINE &MOORE
WORLDWIDE PLAZA
825 EIGHTH AVE
NEW YORK, NY 10019
(212)474–1000
Email: dmarriott@cravath.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amber M. Mettler**
SNELL &WILMER (UT)
15 W SOUTH TEMPLE STE 1200
GATEWAY TOWER WEST
SALT LAKE CITY, UT 84101
(801)257–1900
Email: amettler@swlaw.com

*ATTORNEY TO BE NOTICED*

**Amy F. Sorenson**
SNELL &WILMER (UT)
15 W SOUTH TEMPLE STE 1200
GATEWAY TOWER WEST
SALT LAKE CITY, UT 84101
(801)257–1900
Email: asorenson@swlaw.com
*ATTORNEY TO BE NOTICED*

**David K. Markarian**
BOIES SCHILLER &FLEXNER (FL)
100 SE 2ND ST STE 2800
MIAMI, FL 33131
(305)539–8400
*TERMINATED: 11/18/2003*
*ATTORNEY TO BE NOTICED*

**Evan R. Chesler**
CRAVATH SWAINE &MOORE
825 EIGHTH AVE
NEW YORK, NY 10019
(212)474–1000

**Michael P. Burke**
CRAVATH, SWAINE &MOORE LLP
WORLDWIDE PLAZA
825 EIGHTH AVE
NEW YORK, NY 10019
(212)474–1000

**Nathan E. Wheatley**
SAGE LAW PARTNERS LLC
140 N UNION AVE STE 220
FARMINGTON, UT 84025
(801)438–7120
Email: nwheatley@sagelawpartners.com
*ATTORNEY TO BE NOTICED*

**Owen J.M. Roth**
CRAVATH SWAINE &MOORE LLP
825 EIGHTH AVE
WORLDWIDE PLAZA
NEW YORK, NY 10019
(212)474–1000
*PRO HAC VICE*

**Peter H. Donaldson**
DURHAM JONES &PINEGAR (SLC)
111 E BROADWAY STE 900
SALT LAKE CITY, UT 84111

(801)415–3000
Email: pdonaldson@djplaw.com

**Roger G. Brooks**
CRAVATH SWAINE &MOORE
WORLDWIDE PLAZA
825 EIGHTH AVE
NEW YORK, NY 10019
(212)474–1000
Email: rbrooks@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas G. Rafferty**
CRAVATH SWAINE &MOORE LLP
825 EIGHTH AVE
NEW YORK, NY 10019
(212)474–1000
Email: trafferty@cravath.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Todd M. Shaughnessy**
THIRD DISTRICT COURT
450 S STATE ST
PO BOX 1860
SALT LAKE CITY, UT 84114–1860
(801)238–7300
*TERMINATED: 07/27/2011*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Intel Corporation**
*TERMINATED: 04/04/2006*

represented by **Anthony L. Marks**
PERKINS COIE LLP
2901 N CENTRAL AVE STE 2000
PHOENIX, AZ 85012–2788
(602)351–8000
*LEAD ATTORNEY*

**Mark A. Wagner**
PRINCE YEATES &GELDZAHLER
15 W SOUTH TEMPLE STE 1700
SALT LAKE CITY, UT 84101
(801)524–1008
Email: mwagner@princeyeates.com
*LEAD ATTORNEY*

**Jessica L. Everett–Garcia**
PERKINS COIE LLP
2901 N CENTRAL AVE STE 2000
PHOENIX, AZ 85012–2788
(601)351–8000

V.

**Movant**

**Canopy Group, The**
*TERMINATED: 03/01/2016*

represented by **Stanley J. Preston**
PRESTON &SCOTT
111 E BROADWAY STE 1200
SALT LAKE CITY, UT 84111
(801)869–1623
Email: sjp@prestonandscott.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maralyn M. English**
SNOW CHRISTENSEN &MARTINEAU
10 EXCHANGE PLACE 11TH FL
PO BOX 45000
SALT LAKE CITY, UT 84145–5000
(801)521–9000
Email: mme@scmlaw.com
*ATTORNEY TO BE NOTICED*

**Movant**

**S2 Strategic Consulting**
*TERMINATED: 03/01/2016*

represented by **David W. Scofield**
PETERS SCOFIELD
7430 CREEK RD STE 303
SALT LAKE CITY, UT 84093–6160
(801)322–2002
Email: dws@psplawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**CNET Networks**
*TERMINATED: 03/01/2016*

represented by **Michael P. O'Brien**
JONES WALDO HOLBROOK
&MCDONOUGH (SLC)
170 S MAIN ST STE 1500
SALT LAKE CITY, UT 84101
(801)521–3200
Email: mobrien@joneswaldo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew H. Stone**
THIRD DISTRICT COURT
450 S STATE ST
PO BOX 1860
SALT LAKE CITY, UT 84111–1860

**Movant**

**Forbes**
*TERMINATED: 03/01/2016*

represented by **Michael P. O'Brien**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew H. Stone**
(See above for address)

**Plaintiff**

**SCO Group**
*a Delaware Corporation*
*formerly known as*
Caldera Systems

represented by **Brent O. Hatch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin P. McBride**
MCBRIDE LAW PC
609 DEEP VALLEY DR STE 200
ROLLING HILLS ESTATES, CA 90274
(310)265–4427
Email: km@mcbride–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark J. Heise**
(See above for address)
*TERMINATED: 07/22/2003*
*LEAD ATTORNEY*

**Aldo Noto**
ANDREWS KURTH (DC)
1350 I ST NW STE 1000
WASHINGTON, DC 20005–7205
(202)662–2700

**Daniel P. Filor**
BOIES SCHILLER &FLEXNER
(ALBANY)
10 N PEARL ST
ALBANY, NY 12210
(518)434–0600
*TERMINATED: 08/16/2006*
*ATTORNEY TO BE NOTICED*

**David Boies**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David K. Markarian**
(See above for address)

**Devan V. Padmanabhan**
DORSEY &WHITNEY (MN)

50 S SIXTH ST STE 1500
MINNEAPOLIS, MN 55402
(612)340–2600
Email: Padmanabhan.devan@dorsey.com

**Edward J. Normand**
BOIES SCHILLER &FLEXNER
(ARMONK)
333 MAIN ST
ARMONK, NY 10504
(914)749–8200
Email: tnormand@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Frederick S. Frei**
ANDREWS KURTH (DC)
1350 I ST NW STE 1000
WASHINGTON, DC 20005–7205
(202)662–2700

**J. Matthew Donohue**
BOIES SCHILLER &FLEXNER
(ALBANY)
10 N PEARL ST
ALBANY, NY 12210
(518)434–0600
*TERMINATED: 06/02/2006*
*ATTORNEY TO BE NOTICED*

**John J. Brogan**
STOEL RIVES
33 S SIXTH ST STE 4200
MINNEAPOLIS, MN 55402
(612)373–8845
Email: jjbrogan@stoel.com
*TERMINATED: 12/14/2009*
*ATTORNEY TO BE NOTICED*

**John K. Harrop**
ANDREWS KURTH (DC)
1350 I ST NW STE 1000
WASHINGTON, DC 20005–7205
(202)662–2700

**Mark R. Clements**
HATCH JAMES &DODGE
10 W BROADWAY STE 400
SALT LAKE CITY, UT 84101
(801)363–6363
*TERMINATED: 06/12/2006*
*ATTORNEY TO BE NOTICED*

**Mark F James**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Macmanus**
BOIES SCHILLER &FLEXNER (NJ)
150 JOHN F KENNEDY PKWY
SHORT HILLS, NJ 07078
(973)218–1111

**Robert A. Magnanini**
STONE &MAGNANINI LLP
150 JFK PKWY 4TH FL
SHORT HILLS, NJ 07078
(973)218–1111
Email: rmagnanini@stonemagnalaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Silver**
BOIES SCHILLER &FLEXNER (NY)
333 MAIN ST
ARMONK, NY 10504
(914)749–8200

**Sashi Bach Boruchow**
BOIES SCHILLER &FLEXNER (FT
LAUDER)
401 E LAS OLAS BLVD STE 1200
FORT LAUDERDALE, FL 33301
(954)356–0011
Email: sboruchow@bsfllp.com
*ATTORNEY TO BE NOTICED*

**Sean Eskovitz**
BOIES SCHILLER &FLEXNER (NY)
333 MAIN ST
ARMONK, NY 10504
(914)749–8200

**Stephen Neal Zack**
(See above for address)

**Stuart H. Singer**
BOIES SCHILLER &FLEXNER (FT
LAUDER)
401 E LAS OLAS BLVD STE 1200
FORT LAUDERDALE, FL 33301
(954)356–0011
Email: ssinger@bsfllp.com
*ATTORNEY TO BE NOTICED*

**David S. Stone**
STONE &MAGNANINI LLP
150 JFK PKWY 4TH FL
SHORT HILLS, NJ 07078
(973)218–1111
Email: dstone@stonemagnalaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott E. Gant**
BOIES SCHILLER &FLEXNER (DC)
5301 WISCONSIN AVE NW
WASHINGTON, DC 20015
(202)237–2727
*TERMINATED: 09/15/2006*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

| | | |
|---|---|---|
| **International Business Machines Corporation** | represented by | **Alan L. Sullivan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**David R. Marriott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amber M. Mettler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amy F. Sorenson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Evan R. Chesler**
(See above for address)

**Michael P. Burke**
(See above for address)

**Owen J.M. Roth**
(See above for address)
*PRO HAC VICE*

**Peter H. Donaldson**
(See above for address)

**Roger G. Brooks**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Thomas G. Rafferty**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Todd M. Shaughnessy**
(See above for address)
*TERMINATED: 07/27/2011*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**SCO Group**                          represented by   **Brent O. Hatch**
*formerly known as*                                     (See above for address)
Caldera Systems                                         *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Mark J. Heise**
                                                        (See above for address)
                                                        *TERMINATED: 07/22/2003*
                                                        *LEAD ATTORNEY*

                                                        **Aldo Noto**
                                                        (See above for address)

                                                        **Daniel P. Filor**
                                                        (See above for address)
                                                        *TERMINATED: 08/16/2006*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **David Boies**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **David K. Markarian**
                                                        (See above for address)

                                                        **Devan V. Padmanabhan**
                                                        (See above for address)

                                                        **Edward J. Normand**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Frederick S. Frei**
                                                        (See above for address)

                                                        **J. Matthew Donohue**

(See above for address)
*TERMINATED: 06/02/2006*
*ATTORNEY TO BE NOTICED*

**John J. Brogan**
(See above for address)
*TERMINATED: 12/14/2009*
*ATTORNEY TO BE NOTICED*

**John K. Harrop**
(See above for address)

**Mark F James**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Macmanus**
(See above for address)

**Robert A. Magnanini**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Silver**
(See above for address)

**Sashi Bach Boruchow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Neal Zack**
(See above for address)

**Stuart H. Singer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David S. Stone**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott E. Gant**
(See above for address)
*TERMINATED: 09/15/2006*
*ATTORNEY TO BE NOTICED*

**Movant**

**G2 Computer Intelligence**          represented by   **Michael P. O'Brien**
*TERMINATED: 03/01/2016*                                (See above for address)
                                                        *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Andrew H. Stone**
(See above for address)

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/25/2003 | 2 | | DISCLOSURE STATEMENT Under FRCP 7.1 filed by Caldera Sys (tsh) (Entered: 03/26/2003) |
| 03/25/2003 | 1 | | Notice of Removal assigned to Judge Kimball Receipt no.: 128211 (blk) (Entered: 03/01/2004) |
| 03/26/2003 | | | Clerk's mailing of certificate of acknowledgment of alternative dispute resolution option. Mailed or faxed to plaintiff Caldera Sys, defendant Intl Bus Mach Inc (tsh) (Entered: 03/26/2003) |
| 03/26/2003 | | | Memo of recusal signed by Judge PGC (tsh) (Entered: 03/27/2003) |
| 03/26/2003 | | | Case reassigned to Judge Dale A. Kimball (tsh) (Entered: 03/27/2003) |
| 03/27/2003 | 3 | | NTC of recusal of Judge Paul G. Cassell and reassignment to Judge Dale A. Kimball. cc: atty (alt) (Entered: 03/28/2003) |
| 03/27/2003 | 4 | | Motion and Order signed by Judge Paul G. Cassell , 03/27/03 Granting motion/PHV for Attorney Evan R. Chesler, Thomas G. Rafferty on behalf of defendant Intl Bus Mach Inc cc:attys (tsh) (Entered: 03/28/2003) |
| 03/27/2003 | 5 | | Certificate of election filed by plaintiff Caldera Sys Refer to: normal litigation track (tsh) (Entered: 03/31/2003) |
| 03/31/2003 | 6 | | Certificate of election filed by defendant Intl Bus Mach Inc Refer to: normal litigation track (tsh) (Entered: 04/01/2003) |
| 04/01/2003 | 7 | | Joint motion by Caldera Sys, Intl Bus Mach Inc to extend time to dft to respond to complaint until 4/20/03 (alp) (Entered: 04/03/2003) |
| 04/02/2003 | 8 | | Order granting [7−1] joint motion to extend time to dft to respond to complaint until 4/20/03, answer due set for 5:00 4/20/03 for Intl Bus Mach Inc signed by Judge Dale A. Kimball , 4/2/03 cc:atty (alp) (Entered: 04/03/2003) |
| 04/04/2003 | 9 | | Amended Joint motion by Caldera Sys, Intl Bus Mach Inc to extend time to dft to respond to complaint to 4/30/03 (alp) (Entered: 04/08/2003) |
| 04/07/2003 | 10 | | Order granting [9−1] joint motion to extend time to dft to respond to complaint to 4/30/03, answer due set for 5:00 4/30/03 for Intl Bus Mach Inc signed by Judge Dale A. Kimball , 4/4/03 cc:atty (alp) (Entered: 04/09/2003) |
| 04/14/2003 | 11 | | Motion and Order signed by Judge Dale A. Kimball , 04/14/03 Granting motion/PHV for Attorney Fred O. Goldberg, Leonard K. Samuels on behalf of plaintiff Caldera Sys cc:attys (tsh) (Entered: 04/16/2003) |
| 04/25/2003 | 12 | | Notice of filing by Intl Bus Mach Inc's counsel re: registration and name change (alp) (Entered: 04/28/2003) |

| 04/30/2003 | 13 | | Answer to Complaint by Intl Bus Mach Inc; jury demand (alp) (Entered: 05/01/2003) |
|---|---|---|---|
| 04/30/2003 | 14 | | Motion and Order signed by Judge Dale A. Kimball , 4/30/03 Granting motion/PHV for Attorney Mark J. Heise, Stephen Neal Zack, Debra Weiss Goodstone, David Boies on behalf of plaintiff Caldera Sys cc:attys (asp) (Entered: 05/02/2003) |
| 05/20/2003 | 15 | | Amended Answer to Complaint by Intl Bus Mach Inc : amends [13−1] answer; jury demand (ce) (Entered: 05/22/2003) |
| 06/13/2003 | 17 | | Certificate of service by Intl Bus Mach Inc re: 1st set of Interrogs and req for prod/docs (alp) (Entered: 06/17/2003) |
| 06/16/2003 | 16 | | Magistrate Notice of Hearing Initial Pretrial Conference set for 9:30 8/13/03 To be held before Judge Nuffer cc:atty ( Ntc generated by: Chambers) (alp) (Entered: 06/16/2003) |
| 06/16/2003 | 18 | | Motion by Caldera Sys to amend complaint (alp) (Entered: 06/17/2003) |
| 06/16/2003 | 19 | | Memorandum by Caldera Sys in support of [18−1] motion to amend complaint (alp) (Entered: 06/17/2003) |
| 06/24/2003 | 20 | | Certificate of service by Caldera Sys re: 1st Req for Prod/Docs and 1st set Interrogs (alp) (Entered: 06/25/2003) |
| 07/07/2003 | 21 | | Memo in Response by Intl Bus Mach Inc to [18−1] motion to amend complaint (ksp) (Entered: 07/08/2003) |
| 07/10/2003 | 22 | | Order granting [18−1] motion to amend complaint signed by Judge Dale A. Kimball , 7/10/03. cc:atty (ce) (Entered: 07/11/2003) |
| 07/10/2003 | 23 | | Scheduling order. Setting;Joining of parties, amending of pleadings on 10/1/03 ; Deadline for filing of all motions 11/10/04 ; Discovery cutoff 10/22/04 ; Attorney Conference by 3/11/05 ; Final Pretrial Conference for 2:30 3/28/05 ; 5 Week Jury Trial for 8:30 4/11/05. Rule 26(f)(1) cnf held. Expert witness disclosure dates set. Not referred to ADR. Discovery limits set. Signed by Judge David Nuffer 7/10/03 cc:atty. (ksp) (Entered: 07/11/2003) |
| 07/19/2003 | 24 | | REPORT of Attorney Planning Meeting (ksp) (Entered: 07/22/2003) |
| 07/22/2003 | 25 | | Amended complaint by Caldera Sys added party(ies): SCO Grp . jury demand (kpf) (Entered: 07/23/2003) |
| 08/04/2003 | 26 | | Certificate of service by SCO Grp in re: Pla's responses to dfts first set of interrogatories and first request for the production of documents (kpf) (Entered: 08/06/2003) |
| 08/06/2003 | 27 | | Answer by Intl Bus Mach Inc to amended complaint; jury demand (tsh) (Entered: 08/07/2003) |
| 08/06/2003 | 27 | | Counterclaim by Intl Bus Mach Inc against SCO Grp (tsh) (Entered: 08/07/2003) |
| 08/14/2003 | 28 | | Certificate of service by Intl Bus Mach Inc in e: IBMS Responses &Objections to SCO's First Request for the Production of Documents and |

| | | | |
|---|---|---|---|
| | | | First Set of Interrogatories (kpf) (Entered: 08/18/2003) |
| 08/25/2003 | 29 | | Stipulation by Intl Bus Mach Inc, SCO Grp stip to extend time for pla to respond to dft counterclaim –9/25/03 (ksp) (Entered: 08/26/2003) |
| 08/26/2003 | 30 | | Order granting [29–1] stipulated motion to extend time for pla to respond to dft counterclaim –to 9/25/03 signed by Judge Dale A. Kimball , 8/26/03 cc:atty (ksp) (Entered: 08/28/2003) |
| 08/28/2003 | 31 | | Return of service executed re: Subpoena served on Canopy Group c/o Ralph Yanno on 8/26/03 (ksp) (Entered: 08/29/2003) |
| 09/08/2003 | 32 | | Stipulation/Motion by Intl Bus Mach Inc, Caldera Sys stipulated to amend [23–1] Scheduling order (blk) (Entered: 09/09/2003) |
| 09/08/2003 | 33 | | Order granting [32–1] stipulation motion to amend [23–1] Scheduling order signed by Judge David Nuffer (see order for details) , 09/08/03 cc:atty (blk) (Entered: 09/09/2003) |
| 09/09/2003 | 34 | | Objections by Canopy Grp to dft IBM's subpoena dated 08/26/03 (kvs) (Entered: 09/10/2003) |
| 09/10/2003 | 35 | | Order of Reference signed by DAK 9/9/03, 636(b)(1)(A). Mag Judge to hear &determine any nondispositive pretrial matters. cc:atty (alt) (Entered: 09/10/2003) |
| 09/10/2003 | | | Case referred to magistrate under 28:636(b)(1)(A). (alt) (Entered: 09/10/2003) |
| 09/15/2003 | 36 | | Case referred to Judge Brooke C. Wells cc: atty (blk) (Entered: 09/16/2003) |
| 09/16/2003 | 37 | | Certificate of service re: Second Set of INterrogatories and Second Request for Production of Docs by Intl Bus Mach Inc (blk) (Entered: 09/17/2003) |
| 09/16/2003 | 38 | | Stipulated Protective Order (see order for details) Signed by Judge Dale A. Kimball 09/16/03 cc: atty (blk) (Entered: 09/18/2003) |
| 09/22/2003 | 39 | | Motion by SCO Grp to extend time to resp to dft IBM's ans to the amd cmp and counterclaim–pla IBM's cntrclms against SCO to 10/15/03 (Entered: 09/23/2003) |
| 09/23/2003 | 40 | | Order granting [39–1] motion to extend time to resp to dft IBM's ans to the amd cmp and counterclaim–pla IBM's cntrclms against SCO to 10/15/03 signed by Judge Dale A. Kimball, 9/23/03 cc:atty (alt) (Entered: 09/24/2003) |
| 09/25/2003 | 41 | | Amended counterclaim by Intl Bus Mach Inc against SCO Grp : amending [27–1] counter claim (blk) (Entered: 09/26/2003) |
| 09/26/2003 | 42 | | Motion by SCO Grp to extend time until 2/4/04 for pla to amd pleadings and add parties (ce) (Entered: 09/29/2003) |
| 09/29/2003 | 43 | | Order granting [42–1] motion to extend time until 2/4/04 for pla to amd pleadings and add parties signed by Judge Dale A. Kimball , 09/29/03 cc:atty (blk) (Entered: 09/30/2003) |
| 10/01/2003 | 44 | | Motion by Intl Bus Mach Inc to compel Discovery (blk) (Entered: 10/03/2003) |

| 10/01/2003 | 45 | | Memorandum by Intl Bus Mach Inc in support of [44−1] motion to compel Discovery (blk) (Entered: 10/03/2003) |
|---|---|---|---|
| 10/01/2003 | 46 | | Exhibits filed by defendant Intl Bus Mach Inc RE: [45−1] support memorandum (blk) (Entered: 10/03/2003) |
| 10/03/2003 | 47 | | Certificate of service re: pla's req for admissions by SCO Grp (alt) (Entered: 10/06/2003) |
| 10/10/2003 | 48 | | Certificate of service by Intl Bus Mach Inc re: first supplemental responses and objections to SCO's first set of interrogatories (kvs) (Entered: 10/14/2003) |
| 10/14/2003 | 49 | | Motion by SCO Grp to extend time to respond to IBM's Amended Counterclaims Against SCO (blk) (Entered: 10/15/2003) |
| 10/15/2003 | 50 | | Order granting [49−1] motion to extend time to respond to IBM's Amended Counterclaims Against SCO signed by Judge Dale A. Kimball , 10/15/03 cc:atty (blk) (Entered: 10/15/2003) |
| 10/16/2003 | 51 | | Motion by SCO Grp to extend time to respond to dft IBM's second set of interrogatories and second request for production of documents (blk) (Entered: 10/16/2003) |
| 10/17/2003 | 52 | | Motion by SCO Grp to extend time to 10/24/03 for pla to resp to mot/compel (alt) (Entered: 10/17/2003) |
| 10/17/2003 | 53 | | Memorandum by Intl Bus Mach Inc in opposition to [52−1] motion to extend time to 10/24/03 for pla to resp to mot/compel (alt) (Entered: 10/17/2003) |
| 10/20/2003 | 54 | | Substitute Motion by SCO Grp to extend time to respond to dft IBM's motion to compel discovery up to and including 10/24/03 (blk) (Entered: 10/21/2003) |
| 10/23/2003 | 55 | | Memorandum by SCO Grp in opposition to [44−1] motion to compel Discovery (blk) (Entered: 10/24/2003) |
| 10/23/2003 | 56 | | Certificate of service re: pla's supp responses to dft's first set of interrogs by SCO Grp (blk) (Entered: 10/24/2003) |
| 10/23/2003 | 57 | | Certificate of service re: pla's supp responses to dft's second set of interrogs and second set of requests for prod of docs by SCO Grp (blk) (Entered: 10/24/2003) |
| 10/24/2003 | 58 | | Answer by SCO Grp to amended counterclaim: [41−1] amended claim (blk) (Entered: 10/28/2003) |
| 10/28/2003 | 59 | | Order granting [54−1] motion to extend time to respond to dft IBM's motion to compel discovery up to and including 10/24/03 signed by Judge Brooke Wells , 10/28/03 cc:atty (blk) (Entered: 10/29/2003) |
| 10/30/2003 | 60 | | Certificate of service re: Dft IBM's third set of interrogatories and third request for prod of docs by Intl Bus Mach Inc (blk) (Entered: 10/30/2003) |
| 10/30/2003 | 61 | | Certificate of service by Intl Bus Mach Inc re: subp served on Baystar Capital, The Yankee Group, Renaissance Research Group, Deutsche Bank |

| | | | |
|---|---|---|---|
| | | | Securities (ce) (Entered: 10/31/2003) |
| 10/31/2003 | 62 | | Minute entry:,Counsel for both parties present. Discussion held re: status of discovery. Parties to reconvene for a status conference set for 11/21/03 at 10:00 a.m. before Judge Wells. If at that time it is determined that a hearing should be held re: Motion to Compel (docket entry #44), that hearing will be set for 12/5/03 at 10:00 a.m. Court adjourned. status conference set for 10:00 11/21/03 , Motion hearing set for 10:00 12/5/03 for [44–1] motion to compel Discovery ; Judge: BCW Court Reporter: Electronic Tape No.: 29 Log No.: 6030–6325 Court Deputy: alp (alp) (Entered: 10/31/2003) |
| 11/03/2003 | 63 | | Reply by Intl Bus Mach Inc to response to [44–1] motion to compel Discovery (blk) (Entered: 11/04/2003) |
| 11/03/2003 | 64 | | Addendum to [63–1] response reply filed by Intl Bus Mach Inc . (blk) (Entered: 11/04/2003) |
| 11/04/2003 | 65 | | Certificate of service re: Dft IBM's Responses and Objections to SCO's First Request for Admissions by Intl Bus Mach Inc (blk) (Entered: 11/04/2003) |
| 11/04/2003 | 66 | | Motion by SCO Grp to Compel Discovery (blk) (Entered: 11/05/2003) |
| 11/04/2003 | 67 | | Memorandum by SCO Grp in support of [66–1] motion to Compel Discovery (blk) (Entered: 11/05/2003) |
| 11/06/2003 | 68 | | Second Motion by Intl Bus Mach Inc to compel discovery (blk) (Entered: 11/07/2003) |
| 11/06/2003 | 68 | | Notice of filing re: Certificate of Compliance with rule 37(a)(2)(A) by Intl Bus Mach Inc (blk) (Entered: 11/07/2003) |
| 11/06/2003 | 69 | | Memorandum by Intl Bus Mach Inc in support of [68–1] motion to compel discovery (blk) (Entered: 11/07/2003) |
| 11/07/2003 | 70 | | Exhibits filed by plaintiff SCO Grp RE: [68–1] motion to compel discovery (blk) (Entered: 11/07/2003) |
| 11/10/2003 | 71 | | Magistrate Notice of Hearing status conference set for 10:00 11/21/03 To be held before Judge Wells cc:atty ( Ntc generated by: JD) (blk) (Entered: 11/12/2003) |
| 11/10/2003 | 72 | | Magistrate Notice of Hearing Motion hearing set for 10:00 12/5/03 for [68–1] motion to compel discovery, set for 10:00 12/5/03 for [66–1] motion to Compel Discovery, set for 10:00 12/5/03 for [44–1] motion to compel Discovery To be held before Judge Wells cc:atty ( Ntc generated by: JD) (blk) (Entered: 11/12/2003) |
| 11/10/2003 | 73 | | Motion by Intl Bus Mach Inc to strike the 5th, 15th, and 19th affirmative defenses asserted by the SCO Grp in its Answers to IBM' Amended Counterclaims (blk) (Entered: 11/12/2003) |
| 11/10/2003 | 74 | | Memorandum by Intl Bus Mach Inc in support of [73–1] motion to strike the 5th, 15th, and 19th affirmative defenses asserted by the SCO Grp in its Answers to IBM' Amended Counterclaims (blk) (Entered: 11/12/2003) |
| 11/10/2003 | 76 | | Certificate of service of Discovery by SCO Grp (blk) (Entered: 11/12/2003) |

| 11/11/2003 | 75 | | Certificate of service re: Subpoenas for discovery by SCO Grp (blk) (Entered: 11/12/2003) |
|---|---|---|---|
| 11/18/2003 | 77 | | Motion and Order signed by Judge Dale A. Kimball , 11/18/03 Granting motion/PHV for Attorney David K. Markarian on behalf of pla SCO Grp cc:attys (blk) Modified on 11/24/2003 (Entered: 11/18/2003) |
| 11/19/2003 | 79 | | Memorandum by Intl Bus Mach Inc in opposition to [66–1] motion to Compel Discovery (blk) (Entered: 11/20/2003) |
| 11/20/2003 | 78 | | AMENDED Magistrate Notice of Hearing Reset status conference for 9:00 11/21/03. Time change only. To be held before Judge Wells cc:atty ( Ntc generated by: JD) (blk) (Entered: 11/20/2003) |
| 11/21/2003 | 80 | | Minute entry:Counsel present. After discussion with counsel, the motion to compel hearing will remain set for 12/5/03 at 10:00. Court Adjourned. ; Judge: BCW Court Reporter: Electronic Tape No.: 38 Log No.: 4098–4716 Court Deputy: alp (alp) (Entered: 11/21/2003) |
| 11/24/2003 | 81 | | Memorandum by SCO Grp in opposition to [68–1] motion to compel discovery (blk) (Entered: 11/25/2003) |
| 11/25/2003 | 82 | | Memorandum by SCO Grp in opposition to [73–1] motion to strike the 5th, 15th, and 19th affirmative defenses asserted by the SCO Grp in its Answers to IBM' Amended Counterclaims (blk) (Entered: 11/26/2003) |
| 11/26/2003 | 83 | | Motion by SCO Grp to extend time for pla to respond to dft IBM's third set of interrogatories and third request for production of documents (blk) (Entered: 12/01/2003) |
| 12/01/2003 | 84 | | Reply by SCO Grp to response to [66–1] motion to Compel Discovery (blk) (Entered: 12/03/2003) |
| 12/02/2003 | 92 | | Certificate of service by SCO Grpn re: resp/obj to IBM's third set of interrogatories/request for production of docs (ekg) (Entered: 12/10/2003) |
| 12/03/2003 | 85 | | Certificate of service re: Subpoenas Duces Tecum upon Northrop Grumman Corp; Sun Microsystems, Inc.; Schwartz Communications, Inc. for the production of documents by 12/16/03 by Intl Bus Mach Inc (blk) (Entered: 12/04/2003) |
| 12/03/2003 | 86 | | Reply Memorandum in Support by Intl Bus Mach Inc to response to [68–1] motion to compel discovery (blk) (Entered: 12/04/2003) |
| 12/03/2003 | 87 | | Declaration of Todd M. Shaughnessy Re: [68–1] motion to compel discovery (blk) (Entered: 12/04/2003) |
| 12/04/2003 | 90 | | CORRECTED Certificate of service by SCO Grp re: second request for production/interrogatories (kvs) (Entered: 12/10/2003) |
| 12/05/2003 | 88 | | Minute entry: Counsel for both parties present. The Court hears arguments re: Motion to Compel (#68). Court GRANTS motion. Plaintiff is to provide responses/affidavits within 30 days of the entry of this order. All other discovery is to be postponed until the order has been complied with. An order reflecting this ruling is to be prepared by counsel for defendant. A motion hearing is scheduled for 1/23/04 at 10:00 a.m. Court is adjourned. granting [68–1] motion to compel discovery, Motion hearing set for 10:00 |

| | | | |
|---|---|---|---|
| | | | 1/23/04 for [66−1] motion to Compel Discovery, set for 10:00 1/23/04 for [73−1] motion strike the 5th, 15th, and 19th affirmative defenses asserted by the SCO Grp in its Answers to IBM' Amended Counterclaims, set for 10:00 1/23/04 for [83−1] motion to extend time for pla to respond to dft IBM's third set of interrogatories and third request for production of documents ; Judge: BCW Court Reporter: Dawn Brunner−Hahn Court Deputy: alp (alp) (Entered: 12/05/2003) |
| 12/05/2003 | 91 | | Notice of attorney appearance for SCO Grp by Kevin P McBride (kvs) (Entered: 12/10/2003) |
| 12/09/2003 | 89 | | Magistrate Notice of Hearing Motion hearing set for 10:00 1/23/04 for [83−1] motion to extend time for pla to respond to dft IBM's third set of interrogatories and third request for production of documents, set for 10:00 1/23/04 for [73−1] motion to strike the 5th, 15th, and 19th affirmative defenses asserted by the SCO Grp in its Answers to IBM' Amended Counterclaims, set for 10:00 1/23/04 for [66−1] motion to Compel Discovery, set for 10:00 1/23/04 for [52−1] motion to extend time to 10/24/03 for pla to resp to mot/compel, set for 10:00 1/23/04 for [51−1] motion to extend time to respond to dft IBM's second set of interrogatories and second request for production of documents, set for 10:00 1/23/04 for [44−1] motion to compel Discovery To be held before Judge Wells cc:atty ( Ntc generated by: JD) (blk) (Entered: 12/10/2003) |
| 12/10/2003 | 93 | | Reply by Intl Bus Mach Inc to response to [73−1] motion to strike the 5th, 15th, and 19th affirmative defenses asserted by the SCO Grp in its Answers to IBM' Amended Counterclaims (blk) (Entered: 12/11/2003) |
| 12/12/2003 | 94 | | Order granting [68−1] motion to compel discovery, granting [44−1] motion to compel Discovery. The SCO Group is hereby ORDERED: 1) To respond fully and in detail to Interrogatory Nos. 1−9 as stated in IBM's First Set of Interrogatories. 2) To respond fully and in detail to Interrogatory Nos 12 and 13 as stated in IBM's Second Set of Interrogatories. 3) IBM is to provide SCO a list of requested documents as stated in IBM's First and Second Requests for the Production of Documents and SCO is to produce all requested documents. 4) To identify and state with specificity the source code(s) that SCO is claiming form the basis of their action against IBM. This is to include identification of all Bates numbered documents previously provided. 5) To the extent IBM's requests call for the production of documents or are met by documents SCO has already provided, SCO is to identify with specificity the location of responsive answers including identification of the Bates numbered documents previously provided if applicable. 6) If SCO does not have sufficient information in its possession, custody, or control to specifically answer any of IBM's requests that are the subject of this order, SCO shall provide an affidavit setting forth the full nature of its efforts, by whom thy were taken, what further efforts it intends to utilize in order to comply, and the expected date of compliance. SCO is required to provide such answers and documents within thirty days from the date of this order. All other discovery, including SCO's Motion to Compel is hereby STAYED until this Court determines that SCO has fully complied with this Order. The Court will hold a hearing on the forgoing issues January 23, 2004 at 10:00 a.m. Signed by Judge Brooke C. Wells , 12/12/03 cc:atty (blk) (Entered: 12/12/2003) |

| 12/18/2003 | 95 | | Order, for transcript of proceedings for hearing held 12/05/03, before the magistrate judge in the above entitled case, to be prepared by a certified court reporter and paid for by the clerk's office, USDC, signed by Judge Brooke C. Wells , 12/16/03 cc:atty (blk) (Entered: 12/19/2003) |
|---|---|---|---|
| 01/13/2004 | 96 | | Notice of Compliance with Court Order of 12/12/03 by SCO Grp (blk) (Entered: 01/15/2004) |
| 01/13/2004 | 97 | | Declaration of Ryan E. Tibbitts Re: [96−1] file notice (blk) (Entered: 01/15/2004) |
| 01/20/2004 | 99 | | Certificate of service by SCO Grp re: pla's revised supplemental response to dft's first and second set of interrogatories. (blk) (Entered: 01/26/2004) |
| 01/21/2004 | 98 | | Magistrate Notice of Hearing Motion hearing set for 10:00 2/6/04 for all pending motions: [83−1] motion to extend time for pla to respond to dft IBM's third set of interrogatories and third request for production of documents, set for 10:00 2/6/04 for [73−1] motion to strike the 5th, 15th, and 19th affirmative defenses asserted by the SCO Grp in its Answers to IBM' Amended Counterclaims, set for 10:00 2/6/04 for [66−1] motion to Compel Discovery, set for 10:00 2/6/04 for [52−1] motion to extend time to 10/24/03 for pla to resp to mot/compel, set for 10:00 2/6/04 for [51−1] motion to extend time to respond to dft IBM's second set of interrogatories and second request for production of documents To be held before Judge Wells cc:atty ( Ntc generated by: JD) (blk) (Entered: 01/22/2004) |
| 01/26/2004 | | | Transcript of Proceedings for date(s) of 12/05/03. Court Reporter: Dawn E. Brunner−Hahn (blk) (Entered: 01/26/2004) |
| 02/04/2004 | 100 | | Motion by SCO Grp for leave to file Amended Pleadings (blk) (Entered: 02/05/2004) |
| 02/04/2004 | 101 | | Notice of filing Pla's exhibits for use at hearing on 2/6/04 by SCO Grp (blk) (Entered: 02/05/2004) |
| 02/04/2004 | 102 | | Memorandum by SCO Grp in support of [100−1] motion for leave to file Amended Pleadings (blk) (Entered: 02/05/2004) |
| 02/05/2004 | 103 | | Status Report on SCO's Compliance with the Court's December 12, 2003 Order filed by Intl Bus Mach Inc (blk) (Entered: 02/06/2004) |
| 02/06/2004 | 104 | | Minute entry: Counsel for both parties present. The Court hears statements re: compliance with previous order as to discovery and SCO's motion for discovery (d.e.#66). The Court takes the matter under advisement and an order will be forthcoming. ; Judge: BCW Court Reporter: Ed Young Court Deputy: alp (alp) (Entered: 02/09/2004) |
| 02/17/2004 | 105 | | Notice of filing of change of atty address by SCO Grp cc: DQA (alt) (Entered: 02/18/2004) |
| 02/19/2004 | 106 | | Response Memorandum by Intl Bus Mach Inc to SCO's [100−1] motion for leave to file Amended Pleadings (blk) (Entered: 02/20/2004) |
| 02/25/2004 | 107 | | Order granting [100−1] motion for leave to file Amended Pleadings signed by Judge Brooke C. Wells , 2/25/04 cc:atty (blk) (Entered: 02/26/2004) |
| 02/27/2004 | 108 | | |

| | | |
|---|---|---|
| | | Second Amended complaint by SCO Grp; no parties added. Amends [108–1] amended complaint; jury demand (blk) (Entered: 03/01/2004) |
| 03/03/2004 | 109 | Order regarding SCO's Motion to Compel Discovery and IBM's Motion to Compel Discovery; (Please see the order for all information, as this is an extensive order). Ordering both parties to file affidavits re compliance with this order; and additional memoranda addressing the impact of the second amended complaint and IBM's subsequent answer on IBM's Motion to Strike the 5th, 15th, and 19th Affirmative Defenses asserted by SCO in its Answers to IBM's Amended Counterclaims. IBM is to file its initial memoranda with the court withing 60 days of the entry of this order. SCO will then have 15 days to respond. IBM will have 7 days to reply to this response. Following the additional briefing, the Court will contact parties to schedule a hearing regarding IBM's motion to strike SCO's affirmative defenses. (Please see the order for all information, as this is an extensive order) Signed by Judge Brooke C. Wells , 3/3/04 cc:atty (blk) (Entered: 03/03/2004) |
| 03/05/2004 | 110 | ADDENDUM to Stipulated Protective Order Signed by Judge Dale A. Kimball 3/5/04 cc: atty (blk) Modified on 03/05/2004 (Entered: 03/05/2004) |
| 03/09/2004 | 114 | Minute entry: Teleconference held in chambers at the request of both parties; Judge: BCW (alp) (Entered: 03/12/2004) |
| 03/10/2004 | 111 | Motion and Order signed by Judge Dale A. Kimball, 3/10/04 Granting motion/PHV for Attorney Scott E. Gant on behalf of counter–defendant SCO Grp, plaintiff SCO Grp cc:attys (blk) (Entered: 03/10/2004) |
| 03/11/2004 | 112 | Amended answer by SCO Grp to amended counterclaim : amends [58–1] counter answer (blk) (Entered: 03/12/2004) |
| 03/11/2004 | 113 | Exhibits filed by plaintiff SCO Grp RE: [108–1] second amended complaint. (blk) (Entered: 03/12/2004) |
| 03/12/2004 | 115 | Stipulation by SCO Grp, Intl Bus Mach Inc to extend time for dft IBM to respond to Second Amended Complaint up to and including3/19/04 (blk) (Entered: 03/15/2004) |
| 03/15/2004 | 116 | Order granting [115–1] stipulation motion to extend time for dft IBM to respond to Second Amended Complaint up to and including 3/19/04 signed by Judge Dale A. Kimball , 3/15/04 cc:atty (blk) (Entered: 03/15/2004) |
| 03/19/2004 | 117 | Stipulation and joint motion by Intl Bus Mach Inc, SCO Grp to extend time to respond to second amended complaint up to and including 3/26/04 (blk) (Entered: 03/22/2004) |
| 03/22/2004 | 118 | Order granting [117–1] stipulation motion to extend time to respond to second amended complaint up to and including 3/26/04 signed by Judge Dale A. Kimball , 3/22/04 cc:atty (blk) (Entered: 03/24/2004) |
| 03/24/2004 | 120 | Motion by SCO Grp to bifurcate (blk) Modified on 03/26/2004 (Entered: 03/26/2004) |
| 03/24/2004 | 121 | Memorandum by SCO Grp in support of [120–1] motion to bifurcate (blk) (Entered: 03/26/2004) |

| 03/24/2004 | 122 | | Notice of service of Subpoenas Duces Tecum by Intl Bus Mach Inc (blk) (Entered: 03/26/2004) |
|---|---|---|---|
| 03/25/2004 | 119 | | Acceptance of service of Subpoena Duces Tecum as to Intl Bus Mach Inc 3/25/04 (blk) (Entered: 03/26/2004) |
| 03/26/2004 | 123 | | Motion by Intl Bus Mach Inc to amend [41−1] amended counterclaim (asp) (Entered: 03/29/2004) |
| 03/26/2004 | 124 | | Order granting [123−1] motion to amend [41−1] amended counterclaim signed by Judge Dale A. Kimball , 3/26/04 cc:atty (asp) (Entered: 03/29/2004) |
| 03/26/2004 | 125 | | Certificate of service re: 4th req for prod/docs &4th set of interrogs by SCO Grp (alt) (Entered: 03/30/2004) |
| 03/26/2004 | 126 | | Answer by Intl Bus Mach Inc to 2ND amended complaint (alt) (Entered: 03/30/2004) |
| 03/29/2004 | 127 | | 2ND Amended counterclaim by Intl Bus Mach Inc: amending [41−1] amended claim (alt) (Entered: 03/30/2004) |
| 03/30/2004 | 128 | | Certificate of service by Intl Bus Mach Inc re: fourth set of interrogatories and fourth request for production of documents (blk) (Entered: 03/30/2004) |
| 04/05/2004 | 129 | | Motion by SCO Grp to amend [23−1] Scheduling order (blk) (Entered: 04/06/2004) |
| 04/05/2004 | 130 | | Memorandum by SCO Grp in support of [129−1] motion to amend [23−1] Scheduling order (blk) (Entered: 04/06/2004) |
| 04/07/2004 | 131 | | Certificate of service re: Sco's Objections to EBM's Amended Notice of Deposition by SCO Grp (blk) Modified on 04/08/2004 (Entered: 04/08/2004) |
| 04/12/2004 | 132 | | Response by Intl Bus Mach Inc to [120−1] motion to bifurcate (blk) (Entered: 04/13/2004) |
| 04/15/2004 | 133 | | Certificate of service of pla's objections to IBM's notice of deposition by SCO Grp (blk) (Entered: 04/15/2004) |
| 04/15/2004 | 134 | | Stipulation by SCO Grp, Intl Bus Mach Inc to extend time for SCO to respond to IBM's Amended Counterclaims up to and including 4/23/04; and for IBM to respond to SCO's Motion to Amend the Scheduling Order up to and including 4/30/04. (blk) (Entered: 04/16/2004) |
| 04/15/2004 | 134 | | Order granting [134−1] stipulation motion to extend time for SCO to respond to IBM's Amended Counterclaims up to and including 4/23/04; and for IBM to respond to SCO's Motion to Amend the Scheduling Order up to and including 4/30/04. signed by Judge Dale A. Kimball, 4/15/04 cc:atty (blk) (Entered: 04/16/2004) |
| 04/19/2004 | 135 | | Certificate of service re: responses to third set of interrogatories by SCO Grp (blk) (Entered: 04/20/2004) |
| 04/19/2004 | 136 | | Objections by S2 Strategic Consult to Subpoena Duces Tecum directed to S2 Strategic Consulting, and Response (blk) (Entered: 04/20/2004) |

| 04/19/2004 | 137 | | Reply by SCO Grp to response to [120−1] motion to bifurcate (blk) (Entered: 04/20/2004) |
|---|---|---|---|
| 04/19/2004 | 138 | | Declaration of Chris Sontag Re: [109−1] order Ordering both parties to file affidavits re compliance with this order; and additional memoranda addressing the impact of the second amended complaint and IBM's subsequent answer on IBM's Motion to Strike the 5th, 15th, and 19th Affirmative Defenses asserted by SCO in its Answers to IBM's Amended Counterclaims. IBM is to file its initial memoranda with the court withing 60 days of the entry of this order. SCO will then have 15 days to respond. IBM will have 7 days to reply to this response. Following the additional briefing, the Court will contact parties to schedule a hearing regarding IBM's motion to strike SCO's affirmative defenses. (Please see the order for all information, as this is an extensive order) (blk) (Entered: 04/20/2004) |
| 04/20/2004 | 139 | | Declaration of Todd M. Shaughnessy Re: [109−1] order Ordering both parties to file affidavits re compliance with this order; and additional memoranda addressing the impact of the second amended complaint and IBM's subsequent answer on IBM's Motion to Strike the 5th, 15th, and 19th Affirmative Defenses asserted by SCO in its Answers to IBM's Amended Counterclaims. IBM is to file its initial memoranda with the court withing 60 days of the entry of this order. SCO will then have 15 days to respond. IBM will have 7 days to reply to this response. Following the additional briefing, the Court will contact parties to schedule a hearing regarding IBM's motion to strike SCO's affirmative defenses. (Please see the order for all information, as this is an extensive order), [109−2] relief (blk) (Entered: 04/21/2004) |
| 04/20/2004 | 140 | | Certificate of service re: second supp rsponses and obj to SCO's first set of interrrogs; responses and obj to SCO's second set of interrogs and second request for the prod of docs; and responses and obj to SCO's third set of interrogs and third request for the prod of docs by Intl Bus Mach Inc (blk) (Entered: 04/21/2004) |
| 04/23/2004 | 141 | | Answer by SCO Grp to [127−1] second amended counterclaim (blk) (Entered: 04/26/2004) |
| 04/23/2004 | 142 | | Motion by SCO Grp to dismiss counterclaim , or, in the alternative to separate , or to stay counts 9,10 and 14 of the counterclaim−pla IBM's second amended counterclaims against SCO (blk) (Entered: 04/26/2004) |
| 04/23/2004 | 143 | | Memorandum by SCO Grp in support of [142−1] motion to dismiss counterclaim, [142−2] motion or, in the alternative to separate, [142−3] motion or to stay counts 9,10 and 14 of the counterclaim−pla IBM's second amended counterclaims against SCO (blk) (Entered: 04/26/2004) |
| 04/26/2004 | 144 | | Corrected/Amended [142−1] motion to dismiss counterclaim, [142−2] motion or, in the alternative to separate, [142−3] motion or to stay counts 9,10 and 14 of the counterclaim−pla IBM's second amended counterclaims against SCO. Amended Motion is entitled: CORRECTED Motion to Dismiss , or to Stay Count Ten of Counterclaim−Pla Ibm's Second Amended Counterclaims Against SCO, by SCO Grp (blk) (Entered: 04/27/2004) |
| 05/03/2004 | 145 | | |

| | | | |
|---|---|---|---|
| | | | Certificate of service re: responses and objections to SCO's 4th set of requests for the production of docs and 4th set of interrogatories by Intl Bus Mach Inc (blk) (Entered: 05/04/2004) |
| 05/05/2004 | 146 | | Stipulation by SCO Grp, Intl Bus Mach Inc stip re: briefing for pending motions (kvs) (Entered: 05/06/2004) |
| 05/06/2004 | 147 | | Order granting [146−1] stipulated motion re: briefing for pending motions signed by Judge Dale A. Kimball, 5/6/04 cc:atty (alt) (Entered: 05/06/2004) |
| 05/14/2004 | 148 | | Memorandum by Intl Bus Mach Inc in opposition to [129−1] motion to amend [23−1] Scheduling order (blk) (Entered: 05/17/2004) |
| 05/14/2004 | 149 | | Certificate of service re: fifth request for the production of docs by Intl Bus Mach Inc (blk) (Entered: 05/17/2004) |
| 05/14/2004 | 150 | | Stipulation by Intl Bus Mach Inc to amend [147−1] order setting briefing on pending motions. Stipultated to the following: IBM's Memo in Opposition to SCO's Motion to Dismiss due 5/18/04; SCO's Reply Memo in Support of its Motion to Dismiss due 6/1/04. (blk) (Entered: 05/17/2004) |
| 05/18/2004 | 151 | | Order granting [150−1] stipulation motion to amend [147−1] order setting briefing on pending motions. Stipultated to the following: IBM's Memo in Opposition to SCO's Motion to Dismiss due 5/18/04; SCO's Reply Memo in Support of its Motion to Dismiss due 6/1/04. signed by Judge Dale A. Kimball , 5/17/04 cc:atty (blk) (Entered: 05/18/2004) |
| 05/18/2004 | 152 | | Cross−motion by Intl Bus Mach Inc for partial summary judgment on claim for declaratory judgment of non−infringement (blk) (Entered: 05/19/2004) |
| 05/18/2004 | 153 | | Memorandum by Intl Bus Mach Inc in support of [152−1] cross motion for partial summary judgment on claim for declaratory judgment of non−infringement (blk) (Entered: 05/19/2004) |
| 05/18/2004 | 154 | | Declaration of Daniel Frye Re: [152−1] cross motion for partial summary judgment on claim for declaratory judgment of non−infringement (blk) (Entered: 05/19/2004) |
| 05/18/2004 | 155 | | Memorandum by Intl Bus Mach Inc in opposition to [144−1] amended motion to Dismiss, [144−2] amended motion or to Stay Count Ten of Counterclaim−Pla Ibm's Second Amended Counterclaims Against SCO, (blk) (Entered: 05/19/2004) |
| 05/18/2004 | 156 | | Declaration of Amy F. Sorenson Re: [155−1] opposition memorandum (blk) (Entered: 05/19/2004) |
| 05/19/2004 | 157 | | Declaration of Todd M. Shaughnessy Re: [152−1] cross motion for partial summary judgment on claim for declaratory judgment of non−infringement. (Please Note: This is an oversized document and has been placed in an expandable folder next to the case file.) (blk) Modified on 05/19/2004 (Entered: 05/19/2004) |
| 05/26/2004 | 158 | | Notice of Hearing filed : Motion hearing set for 10:30 6/4/04 for [142−2] motion or, in the alternative to separate, set for 10:30 6/8/04 for [129−1] motion to amend [23−1] Scheduling order To be held before Judge Kimball cc:atty ( Ntc generated by: KJ) (blk) (Entered: 05/27/2004) |

| 05/26/2004 | 159 | | Notice of Hearing filed : Motion hearing set for 3:00 8/4/04 for [152–1] cross motion for partial summary judgment on claim for declaratory judgment of non–infringement, set for 3:00 8/4/04 for [144–1] amended motion to Dismiss, set for 3:00 8/4/04 for [142–1] motion to dismiss counterclaim To be held before Judge Kimball cc:atty (ntc generated: KJ) (blk) (Entered: 05/27/2004) |
| 05/26/2004 | 160 | | Stipulation by SCO Grp to amend [151–1] briefing order as follows: SCO's reply memo in support of motion to dismss due 6/14/04. (blk) (Entered: 05/27/2004) |
| 05/27/2004 | 161 | | Order granting [160–1] stipulation motion to amend [151–1] briefing order as follows: SCO's reply memo in support of motion to dismss due 6/14/04. signed by Judge Dale A. Kimball , 5/27/04 cc:atty (blk) (Entered: 05/27/2004) |
| 05/28/2004 | 162 | | Motion and Order signed by Judge Dale A. Kimball , 5/28/04 Granting motion/PHV for Attorney Robert Silver on behalf of plaintiff SCO Grp, counter–defendant SCO Grp cc:attys (blk) (Entered: 05/28/2004) |
| 05/28/2004 | 163 | | Memorandum RE: Discovery filed by SCO Grp (tsh) (Entered: 06/01/2004) |
| 05/28/2004 | 164 | | Ex parte motion by SCO Grp for leave to file overlength reply memo in support of pla's Motion to Amend the Scheduling Order (tsh) (Entered: 06/01/2004) |
| 05/28/2004 | | | Proposed document from SCO Grp entitled Pla's Reply Memo in Support of Motion to Amend the Scheduling Order (tsh) (Entered: 06/01/2004) |
| 05/28/2004 | 165 | | Certificate of service by SCO Grp re: Pla's Response to Dft's Fourth Set of Interrogatories (tsh) (Entered: 06/01/2004) |
| 06/02/2004 | 166 | | Order granting [164–1] ex parte motion for leave to file overlength reply memo in support of pla's Motion to Amend the Scheduling Order signed by Judge Dale A. Kimball , 6/2/04 cc:atty (blk) (Entered: 06/03/2004) |
| 06/02/2004 | 167 | | Reply by SCO Grp to response to [160–1] stipulation motion to amend [151–1] briefing order as follows: SCO's reply memo in support of motion to dismss due 6/14/04. (blk) (Entered: 06/03/2004) |
| 06/03/2004 | 168 | | Expedited Motion by SCO Grp for protective order (blk) (Entered: 06/04/2004) |
| 06/03/2004 | 168 | | Memorandum by SCO Grp in support of [168–1] expedited motion for protective order (blk) (Entered: 06/04/2004) |
| 06/03/2004 | 169 | | Motion and Order signed by Judge Dale A. Kimball , 6/3/04 Granting motion/PHV for Attorney David S. Stone on behalf of counter–defendant SCO Grp, plaintiff SCO Grp cc:attys (blk) (Entered: 06/04/2004) |
| 06/03/2004 | 170 | | Motion and Order signed by Judge Dale A. Kimball , 6/3/04 Granting motion/PHV for Attorney Robert A. Magnanini on behalf of counter–defendant SCO Grp, plaintiff SCO Grp cc:attys (blk) (Entered: 06/04/2004) |
| 06/03/2004 | 171 | | Motion and Order signed by Judge Dale A. Kimball , 6/3/04 Granting motion/PHV for Attorney Michael Macmanus on behalf of |

| | | | |
|---|---|---|---|
| | | | counter–defendant SCO Grp, plaintiff SCO Grp cc:attys (blk) (Entered: 06/04/2004) |
| 06/04/2004 | 172 | | Memorandum by Intl Bus Mach Inc in opposition to [168–1] motion for protective order (blk) (Entered: 06/04/2004) |
| 06/04/2004 | 174 | | Reply by SCO Grp to response to [168–1] motion for protective order (tsh) (Entered: 06/07/2004) |
| 06/07/2004 | 173 | | Motion and Order signed by Judge Dale A. Kimball , 6/7/04 Granting motion/PHV for Attorney Frederick S. Frei, John K. Harrop, Aldo Noto on behalf of counter–defendant SCO Grp, plaintiff SCO Grp cc:attys (tsh) (Entered: 06/07/2004) |
| 06/08/2004 | 175 | | Minute entry: Counsel for both parties contact the Court by telephone re: expedited motion for protective order (d.e. #168). Court hears arguments and DENIES the motion due to lateness of the objection and inconvenience to the parties already scheduled for deposition. Counsel for defendant is to prepare an order. denying [168–1] motion for protective order ; Judge: BCW Court Reporter: n/a Tape No.: n/a Log No.: n/a Court Deputy: alp (alp) (Entered: 06/08/2004) |
| 06/08/2004 | 176 | | Minute entry: Motion hearing held for [142–2] motion or, in the alternative to separate, held for [129–1] motion to amend [23–1] Scheduling order [142–2] motion or, in the alternative to separate taken under advisement [129–1] motion to amend [23–1] Scheduling order taken under advisement ; Judge: DAK Court Reporter: Kelly Hicken Court Deputy: Kim Jones (kj) (Entered: 06/08/2004) |
| 06/09/2004 | | | Transcript of Proceedings for date(s) of 10/31/03 Status Cnf. Court Reporter: Geri Jardine (blk) (Entered: 06/09/2004) |
| 06/09/2004 | | | Transcript of Proceedings for date(s) of 11/21/03 Status Cnf. Court Reporter: Geri Jardine (blk) (Entered: 06/09/2004) |
| 06/10/2004 | 177 | | Order granting in part, denying in part [129–1] motion to amend [23–1] Scheduling order. Denying [120–1] motion to bifurcate. Scheduling Order amended as follows: discovery due set for 4/22/05 , motion filing deadline set for 5/20/05 , Final Pretrial Conference set for 2:30 10/10/05 , 5–Week Jury trial set for 8:30 11/1/05 See file/image for further deadlines. Signed by Judge Dale A. Kimball , 6/10/04 cc:atty (tsh) (Entered: 06/10/2004) |
| 06/14/2004 | 178 | | Amended Notice of Hearing filed : Final Pretrial Conference reset for 2:30 10/11/05 To be held before Judge Kimball cc:atty ( Ntc generated by: KJ) (blk) (Entered: 06/14/2004) |
| 06/14/2004 | 179 | | Stipulation by SCO Grp re: briefing for pending motions (blk) (Entered: 06/14/2004) |
| 06/14/2004 | 180 | | Certificate of service by SCO Grp re: response to IBM's fifth request for production of docs. (blk) (Entered: 06/15/2004) |
| 06/14/2004 | 181 | | Order granting [179–1] stipulation motion re: briefing for pending motions signed by Judge Dale A. Kimball , 6/14/04 cc:atty (blk) (Entered: 06/15/2004) |

| 06/16/2004 | 182 | | Order denying [168–1] motion for protective order signed by Judge Brooke C. Wells , 6/15/04 cc:atty (blk) (Entered: 06/17/2004) |
|---|---|---|---|
| 06/21/2004 | 183 | | Stipulation by SCO Grp re: Briefing for pending motions. Pending motions are: IBM's Partial Motion for Summary Jgm; SCO's Motion to Dismiss, and SCO's Memorandum Regarding Discovery. Stipulated that briefing should proceed as follows: IBM's supplemental mem opp to motion to dismiss due 6/28/04; IBM's response to SCO's memo re discovery due 6/23/04; SCO's reply memo re discovery due 7/12/04; IBM's reply memo in support of motion for summary jgm due 7/26/04; SCO's reply memo in support of motion to dismiss due 7/26/04; and SCO's reply memo in support of motion to dismiss due 7/26/04j (blk) (Entered: 06/22/2004) |
| 06/22/2004 | 185 | | Order granting [183–1] stipulation motion re: Briefing for pending motions. Pending motions are: IBM's Partial Motion for Summary Jgm; SCO's Motion to Dismiss, and SCO's Memorandum Regarding Discovery. Stipulated that briefing should proceed as follows: IBM's supplemental mem opp to motion to dismiss due 6/28/04; IBM's response to SCO's memo re discovery due 6/23/04; SCO's reply memo re discovery due 7/12/04; IBM's reply memo in support of motion for summary jgm due 7/26/04; SCO's reply memo in support of motion to dismiss due 7/26/04; and SCO's reply memo in support of motion to dismiss due 7/26/04j signed by Judge Dale A. Kimball , 6/22/04 cc:atty (blk) (Entered: 06/23/2004) |
| 06/23/2004 | 184 | | Order affs and decls intended for use at depos must be produced to opposing pty at least 48 hrs prior to depo signed by Judge Brooke C. Wells, 6/22/04 cc:atty (alt) (Entered: 06/23/2004) |
| 06/23/2004 | 186 | | Response by Intl Bus Mach Inc to [163–1] memo re: discovery filed by SCO (blk) (Entered: 06/24/2004) |
| 06/25/2004 | 187 | | Certificate of service by SCO Grp re: Pla's Amended Responses to Dft's Fourth Set of Interrogatories (tsh) (Entered: 06/28/2004) |
| 06/28/2004 | 188 | | SUPPLEMENTAL Memorandum by Intl Bus Mach Inc in opposition to [144–1] amended motion to Dismiss, [144–2] amended motion or to Stay Count Ten of Counterclaim–Pla Ibm's Second Amended Counterclaims Against SCO, (tsh) (Entered: 06/29/2004) |
| 07/06/2004 | 189 | | Ex parte motion by SCO Grp for leave to file overlength memorandum re: renewed motion to compel (blk) (Entered: 07/07/2004) |
| 07/06/2004 | 190 | | Renewed Motion by SCO Grp to compel discovery (blk) (Entered: 07/07/2004) |
| 07/06/2004 | | | Proposed document from SCO Grp entitled: Memorandum in Support of Pla's Renewed Motion to Compel. (overlength doc. pending order allowing to file) (blk) (Entered: 07/07/2004) |
| 07/06/2004 | 191 | | SEALED DOCUMENT: Exhibits G,H,I and J to memorandum in support of pla's renewed motion to compel. (blk) (Entered: 07/07/2004) |
| 07/07/2004 | 192 | | Order granting [189–1] ex parte motion for leave to file overlength memorandum re: renewed motion to compel signed by Judge Dale A. Kimball , 7/7/04 cc:atty (blk) (Entered: 07/08/2004) |

| 07/07/2004 | 193 | | Memorandum by SCO Grp in support of [190–1] motion to compel discovery (blk) (Entered: 07/08/2004) |
|---|---|---|---|
| 07/07/2004 | 194 | | Certificate of service re: production of documents by SCO Grp (blk) (Entered: 07/08/2004) |
| 07/08/2004 | 195 | | Rule 56(f) Motion &Further Memorandum by SCO Grp in opposition to [152–1] cross motion for partial summary judgment on claim for declaratory judgment of non–infringement (blk) (Entered: 07/09/2004) |
| 07/08/2004 | 195 | | Rule 56(f) Motion by SCO Grp in further opposition to IBM's Motion for Partial Summary Jgm (blk) (Entered: 07/09/2004) |
| 07/08/2004 | 196 | | Ex parte motion by SCO Grp for leave to file overlength memorandum in opposition to IBMs' Motion for Summary Judgment on its tenth counterclaim for declaratory jgm of non–infringement (blk) (Entered: 07/09/2004) |
| 07/08/2004 | | | Proposed document from SCO Grp entitled : Memorandum in Opposition to Dft IBM's Motion for Summary Jgm on its Tenth Counterclaim for Declaratory Jgm on Non–Infringement (blk) (Entered: 07/09/2004) |
| 07/08/2004 | 197 | | SEALED DOCUMENT: Declaration in Support of SCO's Opposition to IBM's Cross–Motion for Partial Summary Jgm 195 . Declaration and Exhibits filed under seal. (blk) (Entered: 07/09/2004) |
| 07/08/2004 | 198 | | SEALED DOCUMENT: Declarations in Support of SCO's Motion for Continuance Pursuant to Rule 56(f) 195 . Declarations and exhibits filed under seal. (blk) (Entered: 07/09/2004) |
| 07/08/2004 | 199 | | Declaration of John Harrop Re: [195–1] motion in further opposition to IBM's Motion for Partial Summary Jgm, [195–1] opposition memorandum (blk) (Entered: 07/09/2004) |
| 07/09/2004 | 200 | | Certificate of service [199–1] declaration, [198–1] document(s), [197–1] document(s), [0–0] received proposed document, [196–1] ex parte motion for leave to file overlength memorandum in opposition to IBMs' Motion for Summary Judgment on its tenth counterclaim for declaratory jgm of non–infringement, [195–1] motion in further opposition to IBM's Motion for Partial Summary Jgm, [195–1] opposition memorandum by SCO Grp (blk) (Entered: 07/09/2004) |
| 07/09/2004 | 201 | | Order granting [196–1] ex parte motion for leave to file overlength memorandum in opposition to IBMs' Motion for Summary Judgment on its tenth counterclaim for declaratory jgm of non–infringement signed by Judge Dale A. Kimball , 7/9/04 cc:atty (kvs) (Entered: 07/12/2004) |
| 07/09/2004 | 206 | | Memorandum by SCO Grp in opposition to [152–1] cross motion for partial summary judgment on claim for declaratory judgment of non–infringement (blk) (Entered: 07/14/2004) |
| 07/09/2004 | 206 | | Exhibits filed by plaintiff SCO Grp RE: [206–1] opposition memorandum. Vols 1–5. All exhibits are oversized and placed on the shelf in an expandable folder next to the case file with the exception of vol 5. Vol 5 is SEALED and placed in the sealed file room. (blk) (Entered: 07/14/2004) |

| 07/12/2004 | 202 | | Ex parte motion by SCO Grp for leave to file overlength memorandum re: Discovery (blk) (Entered: 07/13/2004) |
| 07/12/2004 | | | Proposed document from SCO Grp entitled: Reply Memorandum RE: Discovery (blk) (Entered: 07/13/2004) |
| 07/12/2004 | 203 | | SEALED DOCUMENT filed by SCO entitled: Delaration of Chris Sontag in Support of Reply Memorandum Regarding Discovery (blk) Additional attachment(s) added on 8/4/2005 (blk, ). Modified on 8/4/2005 by unsealing document and adding document image (blk, ). (Entered: 07/13/2004) |
| 07/13/2004 | 204 | | Order granting [202−1] ex parte motion for leave to file overlength memorandum re: Discovery signed by Judge Dale A. Kimball , 7/13/04 cc:atty (blk) (Entered: 07/13/2004) |
| 07/13/2004 | 205 | | Reply by SCO Grp to response to [190−1] motion to compel discovery (blk) (Entered: 07/13/2004) |
| 07/22/2004 | 207 | | Stipulation by SCO Grp, Intl Bus Mach Inc Stip to amend the deadlines for briefing (jmr) (Entered: 07/26/2004) |
| 07/26/2004 | 208 | | Order granting [207−1] stipulated motion to amend the deadlines for briefing signed by Judge Dale A. Kimball, 7/26/04 cc:atty (alt) (Entered: 07/26/2004) |
| 07/27/2004 | 209 | | Notice of Hearing filed by defendant Intl Bus Mach Inc : Motion hearing set for 2:00 9/15/04 for [144−1] amended motion to Dismiss, set for 2:00 9/15/04 for [144−2] amended motion or to Stay Count Ten of Counterclaim−Pla Ibm's Second Amended Counterclaims Against SCO,, set for 2:00 9/15/04 for [152−1] cross motion for partial summary judgment on claim for declaratory judgment of non−infringement To be held before Judge Dale A. Kimball cc:atty ( Ntc generated by: Atty) (blk) (Entered: 07/28/2004) |
| 07/30/2004 | 210 | | Certificate of service by Intl Bus Mach Inc re: Dft's Fifth Set of Interrogatories (tsh) (Entered: 08/02/2004) |
| 08/04/2004 | 211 | | Magistrate Notice of Hearing Motion hearing set for 10:00 9/2/04 for [190−1] motion to compel discovery To be held before Judge Wells cc:atty ( Ntc generated by: JD) (blk) (Entered: 08/04/2004) |
| 08/04/2004 | 212 | | Motion by Intl Bus Mach Inc to strike the 7/12/04 Declaration of Christopher Sontag (blk) (Entered: 08/05/2004) |
| 08/04/2004 | 213 | | Memorandum by Intl Bus Mach Inc in support of [212−1] motion to strike the 7/12/04 Declaration of Christopher Sontag (blk) (Entered: 08/05/2004) |
| 08/04/2004 | 214 | | Declaration of Joan Thomas Re: [212−1] motion to strike the 7/12/04 Declaration of Christopher Sontag (blk) (Entered: 08/05/2004) |
| 08/04/2004 | 215 | | Motion by Intl Bus Mach Inc for leave to file overlength opposition memorandum to SCO's renewed Motion to Compel (blk) (Entered: 08/05/2004) |
| 08/04/2004 | 217 | | Memorandum by Intl Bus Mach Inc in opposition to [190−1] motion to compel discovery (blk) (Entered: 08/05/2004) |

| 08/04/2004 | 218 | | Certificate of service re: discovery by Intl Bus Mach Inc (blk) (Entered: 08/05/2004) |
|---|---|---|---|
| 08/04/2004 | 219 | | Declaration of Amy F. Sorenson Re: [217−1] opposition memorandum (blk) (Entered: 08/05/2004) |
| 08/04/2004 | 220 | | SEALED DOCUMENT by IBM entitled: Exhibits to Declaration of Amy F. Sorenson [219−1] (blk) Modified on 08/06/2004 (Entered: 08/05/2004) |
| 08/05/2004 | 216 | | Order granting [215−1] motion for leave to file overlength opposition memorandum to SCO's renewed Motion to Compel signed by Judge Dale A. Kimball , 8/5/04 cc:atty (blk) (Entered: 08/05/2004) |
| 08/09/2004 | 221 | | Errata to [213−1] support memorandum filed by Intl Bus Mach Inc . (blk) (Entered: 08/10/2004) |
| 08/12/2004 | 222 | | Stipulation by Intl Bus Mach Inc to amend briefing for pending motions (blk) (Entered: 08/13/2004) |
| 08/13/2004 | 223 | | Magistrate Notice of Hearing Motion hearing set for 10:00 9/14/04 for [212−1] motion to strike the 7/12/04 Declaration of Christopher Sontag, set for 10:00 9/14/04 for [190−1] motion to compel discovery To be held before Judge Wells cc:atty ( Ntc generated by: JD) (blk) (Entered: 08/13/2004) |
| 08/13/2004 | 224 | | Order granting [222−1] stipulation motion to amend briefing for pending motions signed by Judge Dale A. Kimball , 8/13/04 cc:atty (blk) (Entered: 08/13/2004) |
| 08/13/2004 | 225 | | Motion by Intl Bus Mach Inc for partial summary judgment on Breach of Contract Claims. (Oral Argument Requested) (blk) (Entered: 08/16/2004) |
| 08/13/2004 | 226 | | Motion by Intl Bus Mach Inc for leave to file overlength memorandum in support of motion for partial summary jgm on breach of contract claims (blk) (Entered: 08/16/2004) |
| 08/13/2004 | 227 | | Declaration of Todd M. Shaughnessy Re: [225−1] motion for partial summary judgment on Breach of Contract Claims. (Oral Argument Requested) (blk) (Entered: 08/16/2004) |
| 08/13/2004 | | | Proposed document from Intl Bus Mach Inc entitled: Memorandum in Support of Motion for Partial Summary Jgm re: Breach of Contract (blk) (Entered: 08/16/2004) |
| 08/13/2004 | 228 | | Exhibits filed by defendant Intl Bus Mach Inc RE: [227−1] declaration of Todd M. Shaughnessy. (3 volumes of exhibits, oversized, placed in expandable folders next to case file.) (blk) (Entered: 08/16/2004) |
| 08/13/2004 | 232 | | REDACTED Memorandum by Intl Bus Mach Inc in support of [225−1] motion for partial summary judgment on Breach of Contract Claims. (blk) (Entered: 08/18/2004) |
| 08/13/2004 | 234 | | SEALED DOCUMENT entitled: IBM's Sealed Exhibits to the Declaration of Todd M. Shaughnessy in Support of Motion for Partial Summary Jgm on Breach of Contract Claims (blk) (Entered: 08/18/2004) |
| 08/13/2004 | 235 | | |

| | | | |
|---|---|---|---|
| | | | Declarations of Kathleen Bennett, Thomas L. Cronan III, Randall Davis, Michael J. Defazio, David W. Frasure Re: [225−1] motion for partial summary judgment on Breach of Contract Claims. Volume 1 of 2. (blk) Modified on 08/18/2004 (Entered: 08/18/2004) |
| 08/13/2004 | 236 | | Declarations of Geoffrey D. Green, Ira Kristenberg, Richard A. McDonough III, Jeffrey W. Mobley, Scott Nelson, David P. Rodgers, Roger C. Swanson, Joan Thomas, Steve Vuksanovich, Otis L. Wilson Re: [225−1] motion for partial summary judgment on Breach of Contract Claims. Volume 2 of 2. (blk) (Entered: 08/18/2004) |
| 08/16/2004 | 229 | | Order granting [226−1] motion for leave to file overlength memorandum in support of motion for partial summary jgm on breach of contract claims signed by Judge Dale A. Kimball , 8/16/04 cc:atty (blk) (Entered: 08/17/2004) |
| 08/16/2004 | 230 | | SEALED DOCUMENT entitled: IBM's Memorandum in Support of Motion for Partial Summary Jgm on Breach of Contract Claims. (blk) (Entered: 08/17/2004) |
| 08/16/2004 | 231 | | REDACTED Memorandum by Intl Bus Mach Inc in support of [233−1] IBM's Motion for Partial Summary Jgm on its Counterclaim for Copyright Infringement (Eighth Counterclaim) (blk) Modified on 08/18/2004 (Entered: 08/18/2004) |
| 08/16/2004 | 233 | | Motion by Intl Bus Mach Inc for partial summary judgment on its counterclaim for copyright infringement (eighth counterclaim) (blk) (Entered: 08/18/2004) |
| 08/16/2004 | 237 | | Declaration of Amy F. Sorenson Re: [233−1] motion for partial summary judgment on its counterclaim for copyright infringement (eighth counterclaim) (blk) (Entered: 08/18/2004) |
| 08/16/2004 | 238 | | Exhibits filed by defendant Intl Bus Mach Inc RE: [237−1] declaration of Amy F. Sorenson (blk) (Entered: 08/18/2004) |
| 08/16/2004 | 239 | | SEALED DOCUMENT entitled: Sealed exhibits to declaration of Amy F. Sorenson [237−1] (blk) (Entered: 08/18/2004) |
| 08/16/2004 | 240 | | Declaration of Kathleen Bennett Re: [233−1] motion for partial summary judgment on its counterclaim for copyright infringement (eighth counterclaim) (blk) (Entered: 08/18/2004) |
| 08/16/2004 | 241 | | SEALED DOCUMENT entitled: Memorandum in Support of IBM's Motion for Partial Summary Judgment on its Counterclaim for Copyright Infringement (Eighth Counterclaim) [233−1] (blk) (Entered: 08/18/2004) |
| 08/16/2004 | 242 | | Certificate of service [232−1] support memorandum by Intl Bus Mach Inc (blk) (Entered: 08/18/2004) |
| 08/16/2004 | 243 | | SEALED DOCUMENTS: 9 boxes of SEALED Exhibits filed by IBM to Declaration of Amy F. Sorenson in Support of IBM's Motion for Partial Summary Jgm on its Counterclaims for Copyright Infringment (Contains exhibits 5.1−5.3, 6.1−9.3, 10.1, 10.3, 11.1−20.3) Clerk's Note: These boxes are housed in the 5th floor sealed room of the courthouse. (blk) (Entered: 08/18/2004) |

| 08/17/2004 | 244 | | Addendum to [231−1] redacted support memorandum filed by Intl Bus Mach Inc . (blk) (Entered: 08/18/2004) |
|---|---|---|---|
| 08/19/2004 | 245 | | SEALED Ex parte motion by SCO Grp for leave to file a supplemental memo re: discovery (tsh) (Entered: 08/22/2004) |
| 08/19/2004 | | | SEALED Proposed documents from SCO Grp entitled Supplemental Mmeorandum re: Discovery, Declaration of Jeremy O. Evans, and Declaration of Barbara L. Howe (tsh) Modified on 08/22/2004 (Entered: 08/22/2004) |
| 08/19/2004 | 287 | | SEALED DOCUMENT filed by SCO entitled: Supplemental Memorandum Regarding Discovery (blk) (Entered: 09/13/2004) |
| 08/19/2004 | 288 | | SEALED DOCUMENT filed by SCO entitled: Declaration of Jeremy O. Evans in Support of Pla/Cntlclmdft SCO's Supplemental Memorandum Regarding Discovery (blk) (Entered: 09/13/2004) |
| 08/19/2004 | 289 | | SEALED DOCUMENT filed by SCO entitled: Declaration of Barbara L. Howe in Support of Pla/cntclmdft SCO's Supplemental Memorandum Regarding discovery (blk) (Entered: 09/13/2004) |
| 08/23/2004 | 246 | | Motion by Intl Bus Mach Inc to strike materials submitted by SCO in opposition to IBM's cross−motion for partial summary jgm (blk) (Entered: 08/24/2004) |
| 08/23/2004 | 247 | | Memorandum by Intl Bus Mach Inc in support of [246−1] motion to strike materials submitted by SCO in opposition to IBM's cross−motion for partial summary jgm (blk) (Entered: 08/24/2004) |
| 08/23/2004 | 248 | | Ex parte motion by Intl Bus Mach Inc for leave to file overlength memorandum in support of motion to strike (blk) (Entered: 08/24/2004) |
| 08/23/2004 | 249 | | Declaration of Randall Davis Re: [246−1] motion to strike materials submitted by SCO in opposition to IBM's cross−motion for partial summary jgm (blk) (Entered: 08/24/2004) |
| 08/23/2004 | 250 | | Reply Declaration of Todd M. Shaugnessy Re: [152−1] cross motion for partial summary judgment on claim for declaratory judgment of non−infringement (blk) (Entered: 08/24/2004) |
| 08/23/2004 | 251 | | SEALED Exhibits filed by defendant Intl Bus Mach Inc RE: [250−1] reply declaration of Todd M. Shaughnessy (blk) (Entered: 08/24/2004) |
| 08/23/2004 | 252 | | SEALED DOCUMENT entitled: Declaration of Brian W. Kernighan. Filed under seal and placed in the sealed room. (blk) (Entered: 08/24/2004) |
| 08/23/2004 | 253 | | Ex parte motion by Intl Bus Mach Inc for leave to file overlength reply memo (blk) (Entered: 08/24/2004) |
| 08/23/2004 | 254 | | Reply by SCO Grp to response to [144−1] amended motion to Dismiss, [144−2] amended motion or to Stay Count Ten of Counterclaim−Pla Ibm's Second Amended Counterclaims Against SCO, (blk) (Entered: 08/24/2004) |
| 08/23/2004 | 255 | | Ex parte motion by SCO Grp for leave to file overlength memorandum (blk) (Entered: 08/24/2004) |

| 08/23/2004 | 256 | | REDACTED Reply by Intl Bus Mach Inc to response to [152–1] cross motion for partial summary judgment on claim for declaratory judgment of non–infringement (blk) (Entered: 08/24/2004) |
| 08/23/2004 | 257 | | SEALED Reply by Intl Bus Mach Inc to response to [152–1] cross motion for partial summary judgment on claim for declaratory judgment of non–infringement. (This document has been filed under seal and is placed in the sealed room) (blk) (Entered: 08/24/2004) |
| 08/24/2004 | 258 | | Order granting [248–1] ex parte motion for leave to file overlength memorandum in support of motion to strike signed by Judge Dale A. Kimball , 8/24/04 cc:atty (blk) (Entered: 08/25/2004) |
| 08/24/2004 | 259 | | Order granting [253–1] ex parte motion for leave to file overlength reply memo signed by Judge Dale A. Kimball , 8/24/04 cc:atty (blk) (Entered: 08/25/2004) |
| 08/24/2004 | 260 | | Order granting [255–1] ex parte motion for leave to file overlength memorandum signed by Judge Dale A. Kimball , 8/24/04 cc:atty (blk) (Entered: 08/25/2004) |
| 08/25/2004 | 261 | | Memorandum by Intl Bus Mach Inc in opposition to [245–1] ex parte motion for leave to file a supplemental memo re: discovery (blk) (Entered: 08/26/2004) |
| 08/26/2004 | 263 | | Ex parte motion by SCO Grp for leave to file overlength memorandum re: renewed motion to compel (blk) (Entered: 08/27/2004) |
| 08/26/2004 | 264 | | Reply by SCO Grp to response to [190–1] renewed motion to compel discovery (blk) (Entered: 08/27/2004) |
| 08/26/2004 | 265 | | Memorandum by SCO Grp in opposition to [212–1] motion to strike the 7/12/04 Declaration of Christopher Sontag (blk) (Entered: 08/27/2004) |
| 08/26/2004 | 266 | | Declaration of Christopher Sontag Re: [265–1] opposition memorandum (blk) (Entered: 08/27/2004) |
| 08/27/2004 | 262 | | Notice of Hearing filed : Motion hearing set for 2:30 12/9/04 for [233–1] motion for partial summary judgment on its counterclaim for copyright infringement (eighth counterclaim), set for 2:30 12/9/04 for [225–1] motion for partial summary judgment on Breach of Contract Claims. (Oral Argument Requested) To be held before Judge Kimball cc:atty ( Ntc generated by: KJ) (blk) (Entered: 08/27/2004) |
| 08/27/2004 | 267 | | Order granting [263–1] ex parte motion for leave to file overlength memorandum re: renewed motion to compel signed by Judge Dale A. Kimball , 8/27/04 cc:atty (blk) (Entered: 08/30/2004) |
| 09/01/2004 | 268 | | Notice of Hearing filed : Motion hearing set for 2:00 9/15/04 for [152–1] cross motion for partial summary judgment on claim for declaratory judgment of non–infringement, set for 2:00 9/15/04 for [144–1] amended motion to Dismiss To be held before Judge Kimball cc:atty ( Ntc generated by: KJ) (blk) (Entered: 09/01/2004) |
| 09/03/2004 | 269 | | SEALED Reply by SCO Grp to response to [245–1] ex parte motion for leave to file a supplemental memo re: discovery (ce) (Entered: 09/07/2004) |

| 09/03/2004 | 270 | | Sealed ex parte order granting [245−1] ex parte motion for leave to file a supplemental memo re: discovery signed by Judge Brooke C. Wells , 9/3/04 cc:atty (kvs) (Entered: 09/08/2004) |
|---|---|---|---|
| 09/07/2004 | 271 | | SEALED Memorandum by Intl Bus Mach Inc in support of [212−1] motion to strike the 7/12/04 Declaration of Christopher Sontag (blk) (Entered: 09/09/2004) |
| 09/07/2004 | 272 | | Ex parte motion by SCO Grp for leave to file over−length memorandum re: opposition to IBM's Motion to Strike Materials (blk) (Entered: 09/09/2004) |
| 09/07/2004 | | | Proposed document from SCO Grp entitled : Memo in Opposition to IBM's Motion to Strike Materials Submitted by SCO in Opposition to IBM's Cross−Motion for Partial Summary Jgm (blk) Modified on 09/09/2004 (Entered: 09/09/2004) |
| 09/07/2004 | 273 | | Supplemental Declaration of Christopher Sontag Re: In Support of SCO's Opposition to IBM's Motion to Strike (blk) (Entered: 09/09/2004) |
| 09/07/2004 | 274 | | Supplemental Declaration of Sandeep Gupta Re: SCO's Opposition to IBM's Motion to Strike (blk) (Entered: 09/09/2004) |
| 09/07/2004 | 275 | | Supplemental Declaration of John Harrop Re: In Support of SCO's Opposition to IBM's Motion to Strike (blk) (Entered: 09/09/2004) |
| 09/07/2004 | 276 | | REDACTED Reply by Intl Bus Mach Inc to response to [212−1] motion to strike the 7/12/04 Declaration of Christopher Sontag (blk) (Entered: 09/09/2004) |
| 09/07/2004 | 286 | | Memorandum by SCO Grp in opposition to [246−1] motion to strike materials submitted by SCO in opposition to IBM's cross−motion for partial summary jgm (blk) (Entered: 09/13/2004) |
| 09/08/2004 | 277 | | Motion by SCO Grp to extend time to file response to IBM's Motion for Partial Summary Jgm on Breach of Contract Claims and IBM's Motion for Partial Summary Jgm on its Conterclaim for Copyright Infringement (Eighth Counterclaim) (blk) (Entered: 09/09/2004) |
| 09/08/2004 | 278 | | Declaration of Martin Pfeffer (blk) (Entered: 09/09/2004) |
| 09/08/2004 | 279 | | Memorandum by SCO Grp in support of [277−1] motion to extend time to file response to IBM's Motion for Partial Summary Jgm on Breach of Contract Claims and IBM's Motion for Partial Summary Jgm on its Conterclaim for Copyright Infringement (Eighth Counterclaim) (blk) (Entered: 09/09/2004) |
| 09/08/2004 | 280 | | Certificate of service by SCO Grp re: responses to 5th set of interrogs (blk) (Entered: 09/09/2004) |
| 09/08/2004 | 281 | | Expedited Motion by SCO Grp to enforce the Court's Amended Scheduling Order Dated June 10, 2004 (blk) (Entered: 09/09/2004) |
| 09/08/2004 | 282 | | Ex parte motion by SCO Grp for leave to file over−length memorandum re: In support of Expedited Motion to Enforce (blk) (Entered: 09/09/2004) |
| 09/08/2004 | | | Proposed document from SCO Grp entitled : Sealed Memorandum in Support of Expedited Motion to Enforce (blk) (Entered: 09/09/2004) |

| 09/08/2004 | 283 | | Ex parte motion by Intl Bus Mach Inc for leave to file a response to SCO's Supplement Memorandum Re: Discovery and to Continue Hearing Date (blk) (Entered: 09/09/2004) |
|---|---|---|---|
| 09/08/2004 | 290 | | SEALED DOCUMENT filed by SCO entitled: Memorandum in Support of SCO's Expedited Motion to Enforce the Court's Amended Scheduling Order Dated June 10, 2004 (blk) Modified on 8/4/2005 by unsealing document and adding document image (blk, ). Additional attachment(s) added on 8/4/2005 (blk, ). (Entered: 09/13/2004) |
| 09/09/2004 | 291 | | REDACTED Memorandum by SCO Grp in support of [281−1] expedited motion to enforce the Court's Amended Scheduling Order Dated June 10, 2004 (blk) (Entered: 09/13/2004) |
| 09/09/2004 | 292 | | 3 volumes of Exhibits filed by plaintiff SCO Grp RE: [291−1] support memorandum, [290−1] sealed support memorandum re: expedited motion to enforce the court's amended scheduling order dated 6/10/04 (blk) (Entered: 09/13/2004) |
| 09/09/2004 | 293 | | SEALED DOCUMENT filed by SCO entitled: Exhibits to Memorandum in Support of SCO's Expedited Motion to Enforce the Court's Amended Scheduling Order Dated 6/10/04 (blk) (Entered: 09/13/2004) |
| 09/09/2004 | 294 | | Response by SCO Grp to [283−1] ex parte motion for leave to file a response to SCO's Supplement Memorandum Re: Discovery and to Continue Hearing Date (blk) (Entered: 09/13/2004) |
| 09/10/2004 | 284 | | Order granting [283−1] ex parte motion for leave to file a response to SCO's Supplement Memorandum Re: Discovery and to Continue Hearing Date, Hearing scheduled for 9/14/04 is rescheduled: Motion hearing reset for 10:00 10/19/04 for [190−1] motion to compel discovery, set for 10:00 10/19/04 for [212−1] motion to strike the 7/12/04 Declaration of Christopher Sontag signed by Judge Brooke C. Wells , 9/10/04 cc:atty (blk) (Entered: 09/10/2004) |
| 09/10/2004 | 285 | | Amended Magistrate Notice of Hearing Motion hearing reset for 10:00 10/19/04 for [212−1] motion to strike the 7/12/04 Declaration of Christopher Sontag, reset for 10:00 10/19/04 for [190−1] motion to compel discovery To be held before Judge Wells cc:atty ( Ntc generated by: JD) (blk) (Entered: 09/10/2004) |
| 09/10/2004 | | | Transcript of Proceedings for date(s) of 12/5/03, Motion to Compell hearing. Court Reporter: Dawn E. Brunner−Hahn (blk) (Entered: 09/13/2004) |
| 09/13/2004 | 295 | | Memorandum by Intl Bus Mach Inc in opposition to [277−1] motion to extend time to file response to IBM's Motion for Partial Summary Jgm on Breach of Contract Claims and IBM's Motion for Partial Summary Jgm on its Conterclaim for Copyright Infringement (Eighth Counterclaim) (blk) (Entered: 09/13/2004) |
| 09/13/2004 | 296 | | Order granting [277−1] motion to extend time to file response to IBM's Motion for Partial Summary Jgm on Breach of Contract Claims and IBM's Motion for Partial Summary Jgm on its Conterclaim for Copyright Infringement (Eighth Counterclaim). To be filed on or before 10/13/04, |

| | | |
|---|---|---|
| | | signed by Judge Dale A. Kimball , 9/13/04 cc:atty (blk) (Entered: 09/13/2004) |
| 09/13/2004 | 297 | Order granting [282–1] ex parte motion for leave to file over–length memorandum re: In support of Expedited Motion to Enforce signed by Judge Dale A. Kimball , 9/13/04 cc:atty (blk) (Entered: 09/13/2004) |
| 09/13/2004 | 298 | Order granting [272–1] ex parte motion for leave to file over–length memorandum re: opposition to IBM's Motion to Strike Materials signed by Judge Dale A. Kimball , 9/13/04 cc:atty (blk) (Entered: 09/13/2004) |
| 09/13/2004 | 299 | Ex parte emergency motion by SCO Grp for a scheduling conference (blk) (Entered: 09/14/2004) |
| 09/13/2004 | 300 | Memorandum by SCO Grp in support of [299–1] ex parte emergency motion for a scheduling conference (blk) (Entered: 09/14/2004) |
| 09/13/2004 | 301 | Reply by Intl Bus Mach Inc to response to [246–1] motion to strike materials submitted by SCO in opposition to IBM's cross–motion for partial summary jgm (blk) (Entered: 09/14/2004) |
| 09/15/2004 | 302 | Minute entry: Motion hearing held for [212–1] motion to strike the 7/12/04 Declaration of Christopher Sontag, held for [195–1] motion in further opposition to IBM's Motion for Partial Summary Jgm, held for [152–1] cross motion for partial summary judgment on claim for declaratory judgment of non–infringement, held for [144–1] amended motion to Dismiss, held for [144–2] amended motion or to Stay Count Ten of Counterclaim–Pla Ibm's Second Amended Counterclaims Against SCO, [144–1] amended motion to Dismiss taken under advisement, [144–2] amended motion or to Stay Count Ten of Counterclaim–Pla Ibm's Second Amended Counterclaims Against SCO, taken under advisement [195–1] motion in further opposition to IBM's Motion for Partial Summary Jgm taken under advisement [152–1] cross motion for partial summary judgment on claim for declaratory judgment of non–infringement taken under advisement [212–1] motion to strike the 7/12/04 Declaration of Christopher Sontag taken under advisement ; Judge: DAK Court Reporter: Becky Janke Court Deputy: Kim Jones (kj) (Entered: 09/16/2004) |
| 09/22/2004 | 303 | Memorandum by Intl Bus Mach Inc in opposition to [299–1] ex parte emergency motion for a scheduling conference, [281–1] expedited motion to enforce the Court's Amended Scheduling Order Dated June 10, 2004 (ce) (Entered: 09/24/2004) |
| 09/24/2004 | 304 | SEALED DOCUMENT filed by IBM entitled: IBM's Opposition to SCO's Supplemental Memorandum Re Discovery (blk) (Entered: 09/27/2004) |
| 09/24/2004 | 305 | SEALED DOCUMENT filed by IBM entitled: Declaration of Ron Saint Pierre (blk) (Entered: 09/27/2004) |
| 09/24/2004 | 306 | SEALED DOCUMENT filed by IBM entitled: Declaration of David Bullis (blk) (Entered: 09/27/2004) |
| 09/24/2004 | 307 | SEALED DOCUMENT filed by SCO entitled: Consolidated Reply Memorandum in Further Support of SCO's Expedited Motion to Enforce the Court's Amended Scheduling Order and Emergency Motion for a Scheduling Conference (blk) (Entered: 09/27/2004) |

| 09/24/2004 | 308 | | REDACTED VERSION OF DOC NO. 307 – Reply by SCO Grp to response to [281–1] motion to enforce the Court's Amended Scheduling Order Dated June 10, 2004 (blk) (Entered: 09/27/2004) |
|---|---|---|---|
| 09/24/2004 | 309 | | Ex parte motion by SCO Grp for leave to file over–length memorandum re: consolidated reply memo in further support (blk) (Entered: 09/27/2004) |
| 09/27/2004 | 310 | | Order granting [309–1] ex parte motion for leave to file over–length memorandum re: consolidated reply memo in further support signed by Judge Dale A. Kimball , 9/27/04 cc:atty (blk) (Entered: 09/27/2004) |
| 09/29/2004 | 311 | | Stipulation by SCO Grp, Intl Bus Mach Inc to extend time for pla to reply to opposition to supp memo re disc up to and including 10/4/04 (blk) (Entered: 09/30/2004) |
| 09/30/2004 | 312 | | Order granting [311–1] stipulation motion to extend time for pla to reply to opposition to supp memo re disc up to and including 10/4/04 signed by Judge Dale A. Kimball , 9/30/04 cc:atty (blk) (Entered: 09/30/2004) |
| 10/01/2004 | 313 | | Order denying [299–1] ex parte motion for a scheduling conference, denying [281–1] motion to enforce the Court's Amended Scheduling Order Dated June 10, 2004 signed by Judge Dale A. Kimball , 9/30/04 cc:atty (blk) (Entered: 10/01/2004) |
| 10/04/2004 | 314 | | Ex parte motion by Intl Bus Mach Inc for leave to file overlength memorandum: Reply brief in further support of supplemental memorandum re discovery (blk) (Entered: 10/05/2004) |
| 10/04/2004 | 316 | | SEALED Reply brief filed by SCO Grp RE: Sealed Supplemental Mem re: Discovery [287–1] document(s), [163–1] memo re: discovery (blk) (Entered: 10/06/2004) |
| 10/04/2004 | 317 | | SEALED Declaration of Jermey O. Evans Re: [316–1] brief reply (blk) Modified on 8/4/2005 by unsealing document and adding document image (blk, ). Additional attachment(s) added on 8/4/2005 (blk, ). (Entered: 10/06/2004) |
| 10/05/2004 | 315 | | Order granting [314–1] ex parte motion for leave to file overlength memorandum: Reply brief in further support of supplemental memorandum re discovery signed by Judge Dale A. Kimball , 10/5/04 cc:atty (blk) (Entered: 10/05/2004) |
| 10/06/2004 | 318 | | Motion and Order signed by Judge Dale A. Kimball, 10/6/04. Granting motion/PHV for Attorney Edward Normand, Sean Eskovitz on behalf of plaintiff SCO Grp cc:attys (alt) (Entered: 10/08/2004) |
| 10/12/2004 | 319 | | Joint Stipulation filed by SCO Grp to extend time for briefing re: IBM's motion for partial summary jgm on breach of contract claims and motion for partial summary jgm on counterclaims for copyright infringement 8th counterclaim (blk) (Entered: 10/13/2004) |
| 10/13/2004 | 320 | | Order granting [319–1] stipulation motion to extend time for briefing re: IBM's motion for partial summary jgm on breach of contract claims and motion for partial summary jgm on counterclaims for copyright infringement 8th counterclaim up to and including 11/23/04 signed by Judge Dale A. Kimball , 10/13/04 cc:atty (blk) (Entered: 10/14/2004) |

| 10/14/2004 | 321 | | Ex parte motion by SCO Grp for leave to file overlength memorandum (blk) (Entered: 10/15/2004) |
|---|---|---|---|
| 10/14/2004 | 322 | | Motion by SCO Grp to amend complaint (for leave to file 3rd amended complaint) (blk) (Entered: 10/15/2004) |
| 10/14/2004 | 323 | | SEALED Memorandum by SCO Grp in support of [322–1] motion to amend complaint (for leave to file 3rd amended complaint) (blk) (Entered: 10/15/2004) |
| 10/15/2004 | 324 | | Order granting [321–1] ex parte motion for leave to file overlength memorandum signed by Judge Dale A. Kimball , 10/15/04 cc:atty (blk) (Entered: 10/18/2004) |
| 10/18/2004 | 325 | | Certificate of service re: ntc deposition David Bullis by SCO Grp (blk) (Entered: 10/19/2004) |
| 10/18/2004 | 326 | | Certificate of service re: ntc deposition William Sandve by SCO Grp (blk) (Entered: 10/19/2004) |
| 10/19/2004 | 327 | | Minute entry: Counsel for both parties present. The Court hears arguments and rebuttal from each party as to pla's renewed motion to compel (d.e. #190). The Court orders that privilege logs be prepared and exchanged within 30 days; Dft to provide within 30 days, affidavits from management members Palmisano and Wladawsky–Berger and Board of Directors as to what exists if their files and takes the remainder of the motion under advisement. ; Judge: BCW Court Reporter: Kelly Hicken Court Deputy: alp (alp) (Entered: 10/19/2004) |
| 10/20/2004 | 328 | | Order, re: SCO's renewed Motion to Compel Discovery. Both parties are to prepare and exchange privilege logs within 30 days from the entry of this order. IBM is to provide affidavits from the Board of Directors re production of all non–privileged documents pertaining to IBM's Linux strategy. The affidavits are to be filed within 30 days from the entry of this order. The court takes the remainder of SCo's motion under advisement. The court sua sponte, hereby seals the transcript to the proceedings held on 10/19/04. Copies of the transcript are to be provided to the parties in the case and the court but the transcript shall remain sealed until further order of the court. signed by Judge Brooke C. Wells , 10/20/04 cc:atty (blk) (Entered: 10/21/2004) |
| 10/27/2004 | 329 | | Stipulation by Intl Bus Mach Inc to amend briefing re: motion for leave to file 3rd amended complaint (blk) (Entered: 10/28/2004) |
| 10/28/2004 | 330 | | Order granting [329–1] stipulation motion to amend briefing re: motion for leave to file 3rd amended complaint as follows – IBM's memo in opposition to SCO's motion due 11/23/04; and SCO's reply due 12/21/04 signed by Judge Dale A. Kimball , 10/27/04 cc:atty (blk) (Entered: 10/28/2004) |
| 11/19/2004 | 331 | | SEALED Declaration of Alec S. Berman (blk) (Entered: 11/22/2004) |
| 11/19/2004 | 332 | | SEALED Declaration of Irving Wladawsky–Berger Re: (blk) (Entered: 11/22/2004) |
| 11/19/2004 | 333 | | SEALED Declaration of Samuel J. Palmisano (blk) (Entered: 11/22/2004) |

| 11/19/2004 | 334 | | SEALED Declaration of Andrew Bonzani (blk) (Entered: 11/22/2004) |
|---|---|---|---|
| 11/23/2004 | 335 | | Stipulation by Intl Bus Mach Inc to amend briefing on pending motions (blk) (Entered: 11/24/2004) |
| 11/24/2004 | 336 | | Order granting [335−1] stipulation motion to amend briefing on pending motions signed by Judge Dale A. Kimball , 11/24/04 cc:atty (blk) (Entered: 11/24/2004) |
| 11/30/2004 | 337 | | SEALED DOCUMENT entitled: IBM's opposition to SCO's motion for leave to file a third amended complaint pursuant to FRCivP 15(a) and 16(b) (blk) (Entered: 12/01/2004) |
| 11/30/2004 | 338 | | Motion by Intl Bus Mach Inc for leave to file overlength memo in opposition re: SCO's motion for leave to file third amd cmp (blk) (Entered: 12/01/2004) |
| 11/30/2004 | 340 | | Motion to intervene and to unseal court's file by G2 Computer Intel (blk) Modified on 01/21/2005 (Entered: 12/01/2004) |
| 11/30/2004 | 341 | | Memorandum by G2 Computer Intel in support of [340−1] motion to intervene by G2 Computer Intel (blk) (Entered: 12/01/2004) |
| 11/30/2004 | 342 | | Memorandum by SCO Grp in opposition to [233−1] motion for partial summary judgment on its counterclaim for copyright infringement (eighth counterclaim) (blk) (Entered: 12/01/2004) |
| 11/30/2004 | 343 | | Motion by SCO Grp pursuant to Rule 56(f) in further opposition to IBM's Motion for Summary Jgm on SCO's Contract Claims (blk) (Entered: 12/01/2004) |
| 11/30/2004 | 344 | | Declaration of Edward Normand filed by SCO (blk) (Entered: 12/01/2004) |
| 11/30/2004 | 345 | | SEALED DOCUMENT entitled: DECLARATION of Todd M. Shaughnessy in support of IBM's opposition to SCO's Motion for Leave to File a Third Amended Complaint (blk) (Entered: 12/01/2004) |
| 11/30/2004 | 346 | | SEALED DOCUMENT entitled: Memorandum in Opposition to IBM's Motion for Summary Jgm on SCO's Breach of Contract Claims (blk) (Entered: 12/01/2004) |
| 12/01/2004 | 339 | | Motion by SCO Grp for leave to file overlength memo re: IBM's motion for summary jgm on breach of contract claims (blk) (Entered: 12/01/2004) |
| 12/01/2004 | 347 | | AUTHORITITES of Declaration of Jeremy O. Evans Re: [346−1] Sealed Memo in Opposition to IBM's Motion for Summary Jgm on Breach of Contract Claims (blk) Modified on 12/02/2004 (Entered: 12/02/2004) |
| 12/01/2004 | 348 | | Declaration of Jeremy O. Evans Re: [346−1] Memo in Opposition to IBM's Motion for Summary Jgm on Breach of Contract Claims (Portions filed under seal) (blk) (Entered: 12/02/2004) |
| 12/01/2004 | 349 | | Exhibits filed by plaintiff SCO Grp RE: [348−1] declaration (blk) (Entered: 12/02/2004) |
| 12/01/2004 | 350 | | SEALED Exhibits filed by plaintiff SCO Grp RE: [348−1] declaration (blk) (Entered: 12/02/2004) |

| 12/01/2004 | 351 | | Order granting [338–1] motion for leave to file overlength memo in opposition re: SCO's motion for leave to file third amd cmp signed by Judge Dale A. Kimball , 12/1/04 cc:atty (blk) (Entered: 12/02/2004) |
|---|---|---|---|
| 12/01/2004 | 352 | | Order granting [339–1] motion for leave to file overlength memo re: IBM's motion for summary jgm on breach of contract claims signed by Judge Dale A. Kimball , 12/1/04 cc:atty (blk) (Entered: 12/02/2004) |
| 12/09/2004 | 353 | | Correction/Errata to [342–1] opposition memorandum filed by SCO Grp . (blk) (Entered: 12/10/2004) |
| 12/13/2004 | 354 | | Certificate of service re: subpoena duces tecum upon PointServe by Intl Bus Mach Inc (blk) (Entered: 12/13/2004) |
| 12/16/2004 | 355 | | Stipulation by SCO Grp to extend time up to 12/29/04 to file reply to IBM's opposition to motion for leave to file 3rd amd complaint (blk) (Entered: 12/16/2004) |
| 12/16/2004 | 356 | | Motion and Order signed by Judge Dale A. Kimball , 12/14/04 Granting motion/PHV for Attorney Stuart H. Singer on behalf of plaintiff SCO Grp cc:attys (blk) (Entered: 12/16/2004) |
| 12/16/2004 | 357 | | Order granting [355–1] stipulation motion to extend time up to 12/29/04 to file reply to IBM's opposition to motion for leave to file 3rd amd complaint signed by Judge Dale A. Kimball , 12/16/04 cc:atty (blk) (Entered: 12/16/2004) |
| 12/20/2004 | 358 | | Stipulation by SCO Grp to extend time to respond to Motion to intervene and to unseal up to and including 1/7/05 (blk) Modified on 12/21/2004 (Entered: 12/21/2004) |
| 12/20/2004 | 359 | | Certificate of service re: discovery by SCO Grp (blk) (Entered: 12/21/2004) |
| 12/20/2004 | 360 | | Ex parte motion by Intl Bus Mach Inc to extend time to file response to motion to intervene and unseal by 1/20/05 (blk) (Entered: 12/21/2004) |
| 12/21/2004 | 361 | | Order granting [360–1] ex parte motion to extend time to file response to motion to intervene and unseal by 1/20/05 signed by Judge Dale A. Kimball , 12/21/04 cc:atty (blk) (Entered: 12/21/2004) |
| 12/21/2004 | 362 | | Response by G2 Computer Intel to [360–1] ex parte motion to extend time to file response to motion to intervene and unseal by 1/20/05 (blk) (Entered: 12/22/2004) |
| 12/22/2004 | 363 | | Order granting [358–1] stipulation motion to extend time to respond to Motion to intervene and to unseal up to and including 1/7/05 signed by Judge Dale A. Kimball , 12/21/04 cc:atty (blk) (Entered: 12/22/2004) |
| 12/23/2004 | 364 | | Substitution Exhibit 19 filed by plaintiff SCO Grp RE: [348–1] declaration of Jeremy O. Evans (blk) (Entered: 12/23/2004) |
| 12/23/2004 | 365 | | SEALED DOCUMENT filed by SCO entitled: Pla's Memorandum in Support of Renewed Motion to Compel Discovery (blk) Modified on 7/14/2005 by UNSEALING DOCUMENT per agreement of parties and attaching document image(blk, ). Additional attachment(s) added on 7/14/2005 (blk, ). (Entered: 12/28/2004) |

| 12/23/2004 | 366 | | Renewed Motion by SCO Grp to compel Discovery (blk) (Entered: 12/28/2004) |
|---|---|---|---|
| 12/28/2004 | 367 | | Return of service executed on 12/9/04 of subpoena upon PointeServe (blk) (Entered: 12/29/2004) |
| 12/29/2004 | 368 | | Ex parte motion by SCO Grp for leave to file overlength reply memo re: motion for leave to file third amd complaint (blk) (Entered: 12/30/2004) |
| 12/29/2004 | 369 | | ***SEALED***Reply by SCO Grp to response to [322–1] motion to amend complaint (for leave to file 3rd amended complaint) (blk) Additional attachment(s) added on 8/4/2005 (blk, ). Modified on 8/4/2005 by unsealing document and adding document image (blk, ). (Entered: 12/30/2004) |
| 12/30/2004 | 370 | | Ex parte order granting [368–1] ex parte motion for leave to file overlength reply memo re: motion for leave to file third amd complaint signed by Judge DAK 12/30/04 cc: atty (tsh) (Entered: 01/03/2005) |
| 01/03/2005 | 371 | | Certificate of service by SCO Grp re: discovery (blk) Modified on 01/06/2005 (Entered: 01/05/2005) |
| 01/07/2005 | 372 | | Stipulation by Intl Bus Mach Inc amend/to extend time for briefing as follows: IBM's mem opp to SCO' renewed motion to compel disc due 2/4/05; IBM's reply mem sup re: motion for partial sum jgm on breach of contract claims due 2/25/05; and, IBM's reply memo in support of motion for partial sum jgm on counterclaim for copyright infringement 8th counterclaim due on 2/25/05 (blk) (Entered: 01/07/2005) |
| 01/07/2005 | 373 | | Order granting [372–1] stipulation motion amend/to extend time for briefing as follows: IBM's mem opp to SCO' renewed motion to compel disc due 2/4/05; IBM's reply mem sup re: motion for partial sum jgm on breach of contract claims due 2/25/05; and, IBM's reply memo in support of motion for partial sum jgm on counterclaim for copyright infringement 8th counterclaim due on 2/25/05 signed by Judge Dale A. Kimball , 1/7/05 cc:atty (blk) (Entered: 01/10/2005) |
| 01/12/2005 | 374 | | Motion by SCO Grp to compel IBM to produce Samuel J. Palmisano for deposition (blk) Modified on 01/14/2005 (Entered: 01/13/2005) |
| 01/12/2005 | 375 | | SEALED – Memorandum by SCO Grp in support of [374–1] motion to compel IBM to produce Samuel J. Palmisano for deposition (blk) Modified on 01/14/2005 Additional attachment(s) added on 8/4/2005 (blk, ). Modified on 8/4/2005 by unsealing document and adding document image (blk, ). (Entered: 01/13/2005) |
| 01/12/2005 | 376 | | Certificate of service re: discovery by Intl Bus Mach Inc (blk) (Entered: 01/13/2005) |
| 01/18/2005 | 377 | | Order granting in part, denying in part [366–1] motion to compel Discovery, striking amended scheduling [177–1] order discovery due set for 4/22/05, [177–2] relief motion filing deadline set for 5/20/05, [177–3] relief Final Pretrial Conference set for 2:30 10/10/05, [177–4] relief 5–Week Jury trial set for 8:30 11/1/05, [177–5] relief , The discovery ordered by the court is due 3/18/05 , The Court ORDERS both parties to meet and confer re: a new schedule and to submit a proposed amended |

| | | | |
|---|---|---|---|
| | | | shcheduling order to the court by 3/25/05 signed by Judge Brooke C. Wells , 1/18/05 cc:atty (blk) (Entered: 01/19/2005) |
| 01/19/2005 | 380 | | Motion by CNET Networks, Forbes for Joinder RE: [340−1] motion to intervene and to unseal court's file by G2 Computer Intel , to intervene (joined with [340−1] motion by G2 Computer Intelligence) , and to unseal court files (joined with [340−1] motion by G2 Computer Intelligence) (tsh) (Entered: 01/21/2005) |
| 01/19/2005 | 381 | | Certificate of service by Intl Bus Mach Inc re: Subpoenas Duces Tecum issued to: Target Corporation; Autozone, Inc.; Sherwin−Williams Corp.; and Intel Corporation. (Note: Filing not considered a return of service executed as there was no proof of service/declaration of server included with these documents.) (tsh) (Entered: 01/21/2005) |
| 01/19/2005 | 382 | | Certificate of service by Intl Bus Mach Inc re: Subpoenas issued to Oracle Corp. and Computer Associates, Inc. (Note: Filing not considered a return of service executed as there was no proof of service/declaration of server included with these documents.) (tsh) (Entered: 01/21/2005) |
| 01/20/2005 | 378 | | Response by SCO Grp to [340−1] motion to intervene and to unseal court's file by G2 Computer Intel (blk) (Entered: 01/21/2005) |
| 01/20/2005 | 379 | | Memorandum by Intl Bus Mach Inc in opposition to [340−1] motion to intervene and to unseal court's file by G2 Computer Intel (blk) (Entered: 01/21/2005) |
| 01/24/2005 | 383 | | Objections to Notice of Deposition (The Click−Wrap Notice) by SCO Grp (blk) (Entered: 01/25/2005) |
| 01/24/2005 | 384 | | Objections to IBM's Notice of Deposition (The Compression Notice) by SCO Grp (blk) (Entered: 01/25/2005) |
| 01/24/2005 | 385 | | Objections to IBM's Notice of Deposition (The Configurable High Availability Notice) by SCO Grp (blk) (Entered: 01/25/2005) |
| 01/28/2005 | 386 | | Stipulation by Intl Bus Mach Inc to amend briefing as follows: IBM's Memo in Opposition to Motion to Compel IBM to produce Samuel Palmisano for Deposition due 2/11/05; SCO's reply memo in support of its renewed Motion to Compel by 2/25/05; SCO's reply memo re motion to compel IBM to produce Samuel Palmisano for Deposition due by 3/4/05 (blk) (Entered: 01/28/2005) |
| 01/28/2005 | 387 | | Order granting [386−1] stipulation motion to amend briefing as follows: IBM's Memo in Opposition to Motion to Compel IBM to produce Samuel Palmisano for Deposition due 2/11/05; SCO's reply memo in support of its renewed Motion to Compel by 2/25/05; SCO's reply memo re motion to compel IBM to produce Samuel Palmisano for Deposition due by 3/4/05 signed by Judge Dale A. Kimball , 1/28/05 cc:atty (blk) (Entered: 01/31/2005) |
| 01/28/2005 | 388 | | Ex parte motion by Intl Bus Mach Inc for leave to file sur−reply brief (blk) (Entered: 01/31/2005) |
| 01/31/2005 | 389 | | Reply by G2 Computer Intel, CNET Networks, Forbes to response to [380−2] motion to intervene (joined with [340−1] motion by G2 Computer |

| | | | |
|---|---|---|---|
| | | | Intelligence), [380–3] motion to unseal court files (joined with [340–1] motion by G2 Computer Intelligence), [340–1] motion to intervene and to unseal court's file by G2 Computer Intel (blk) (Entered: 02/01/2005) |
| 02/01/2005 | 390 | | Certificate of service re: Subpoena Duces Tecum upon Hewlett–Packard by Intl Bus Mach Inc (blk) (Entered: 02/01/2005) |
| 02/01/2005 | 391 | | Ex parte motion by Intl Bus Mach Inc to extend time to submit objections to discovery order (blk) (Entered: 02/01/2005) |
| 02/01/2005 | 392 | | Order granting [388–1] ex parte motion for leave to file sur–reply brief signed by Judge Brooke C. Wells , 2/1/05 cc:atty (blk) (Entered: 02/02/2005) |
| 02/02/2005 | 393 | | Order granting [391–1] ex parte motion to extend time to submit objections to discovery order signed by Judge Dale A. Kimball , 2/1/05 cc:atty (blk) (Entered: 02/02/2005) |
| 02/02/2005 | 394 | | Memorandum by SCO Grp in opposition to [391–1] ex parte motion to extend time to submit objections to discovery order (blk) (Entered: 02/02/2005) |
| 02/04/2005 | 395 | | Memorandum by Intl Bus Mach Inc in opposition to [190–1] renewed motion to compel discovery (blk) (Entered: 02/08/2005) |
| 02/04/2005 | 396 | | Certificate of service re: discovery by Intl Bus Mach Inc (blk) (Entered: 02/08/2005) |
| 02/08/2005 | 397 | | Certificate of service re: discovery by Intl Bus Mach Inc (blk) (Entered: 02/08/2005) |
| 02/09/2005 | 398 | | Memorandum Decision denying [144–1] amended motion to Dismiss, denying [144–2] amended motion or to Stay Count Ten of Counterclaim–Pla Ibm's Second Amended Counterclaims Against SCO,, denying without prejudice to renew or refile after discovery is completed [152–1] cross motion for partial summary judgment on claim for declaratory judgment of non–infringement, mooting [195–1] motion in further opposition to IBM's Motion for Partial Summary Jgm, denying [246–1] motion to strike materials submitted by SCO in opposition to IBM's cross–motion for partial summary jgm, denying without prejudice to renew or refile after discovery is complete [225–1] motion for partial summary judgment on Breach of Contract Claims, denying without prejudice to renew or refile after discovery is complete [233–1] motion for partial summary judgment on its counterclaim for copyright infringement (eighth counterclaim) vacating to the extent that it grants permission to file dispositive motions prior to the close of discovery [313–1] order; The court will not entertain any dispositive motions until after discovery is complete, unless both parties stipulate that resolution of the motion is possible prior to the close of discovery, signed by Judge Dale A. Kimball, on 2/8/05 cc:atty (blk) (Entered: 02/09/2005) |
| 02/11/2005 | 399 | | Stipulation by Intl Bus Mach Inc to extend time for filing privilege logs no later than 3/10/05; objections within 30 days thereafter, by 4/9/05 (blk) (Entered: 02/11/2005) |
| 02/11/2005 | 400 | | |

| | | | |
|---|---|---|---|
| | | | Stipulation by Intl Bus Mach Inc to extend time on motion briefing deadlines on SCO's Motion to Compel as follows: IBM's memo in opposition due by 2/18/05; SCO's reply due by 3/11/05 (blk) (Entered: 02/11/2005) |
| 02/11/2005 | 401 | | Order granting [400−1] stipulation motion to extend time on motion briefing deadlines on SCO's Motion to Compel as follows: IBM's memo in opposition due by 2/18/05; SCO's reply due by 3/11/05 signed by Judge Brooke C. Wells , 2/11/05 cc:atty (blk) (Entered: 02/11/2005) |
| 02/11/2005 | 402 | | Order granting [399−1] stipulation motion to extend time for filing privilege logs no later than 3/10/05; objections within 30 days thereafter, by 4/9/05 signed by Judge Brooke C. Wells , 2/11/05 cc:atty (blk) (Entered: 02/11/2005) |
| 02/11/2005 | 403 | | Motion by Intl Bus Mach Inc for reconsideration of [377−1] order striking amended scheduling [177−1] order discovery due set for 4/22/05, [177−2] relief motion filing deadline set for 5/20/05, [177−3] relief Final Pretrial Conference set for 2:30 10/10/05, [177−4] relief 5−Week Jury trial set for 8:30 11/1/05, [177−5] relief (blk) (Entered: 02/14/2005) |
| 02/18/2005 | 404 | | Ex parte motion by Intl Bus Mach Inc for leave to file overlength sur−reply memo re: motion to file 3rd amd cmp (blk) (Entered: 02/22/2005) |
| 02/18/2005 | 405 | | Motion by Intl Bus Mach Inc for entry of order limiting scope of IBM's ninth counterclaim (blk) (Entered: 02/22/2005) |
| 02/18/2005 | 406 | | SEALED DOCUMENT filed by IBM entitled: Memorandum in Opposition to SCO's motion to compel IBM to produce Samuel J. Palmisano for deposition (blk) (Entered: 02/22/2005) |
| 02/18/2005 | 407 | | SEALED DOCUMENT filed by IBM entitled: Sur−reply memo in further opposition to SCO's motion for leave to file a third amd complaint (blk) (Entered: 02/22/2005) |
| 02/22/2005 | 408 | | Order granting [404−1] ex parte motion for leave to file overlength sur−reply memo re: motion to file 3rd amd cmp signed by Judge Dale A. Kimball , 2/22/05 cc:atty (blk) (Entered: 02/23/2005) |
| 02/25/2005 | 409 | | SEALED DOCUMENT entitled: SCO's Reply Memo in Further Support of Renewed Motion to Compel Discovery (blk) (Entered: 02/28/2005) |
| 02/28/2005 | 410 | | Memorandum by SCO Grp in opposition to [403−1] motion for reconsideration of [377−1] order striking amended scheduling [177−1] order discovery due set for 4/22/05, [177−2] relief motion filing deadline set for 5/20/05, [177−3] relief Final Pretrial Conference set for 2:30 10/10/05, [177−4] relief 5−Week Jury trial set for 8:30 11/1/05, [177−5] relief (blk) (Entered: 03/01/2005) |
| 03/02/2005 | 411 | | Certificate of service re: discovery by SCO Grp (blk) (Entered: 03/03/2005) |
| 03/04/2005 | 412 | | Motion by SCO Grp to extend time to file response to motion for entry of order by 3/23/05 (blk) (Entered: 03/07/2005) |
| 03/08/2005 | 413 | | Order granting [412−1] motion to extend time to file response to motion for entry of order by 3/23/05 signed by Judge Dale A. Kimball , 3/7/05 cc:atty |

| | | | |
|---|---|---|---|
| | | | (blk) (Entered: 03/08/2005) |
| 03/09/2005 | 414 | | Motion by Intl Bus Mach Inc to extend time to comply with 1/18/05 order by 45 days or by 5/3/05 (blk) (Entered: 03/10/2005) |
| 03/10/2005 | 415 | | *SEALED* Notice of filing entitled: IBM's Privilege Log Group Email List filed by Intl Bus Mach Inc (blk) Modified on 03/11/2005 (Entered: 03/11/2005) |
| 03/10/2005 | 416 | | *SEALED* Notice of filing entitled: IBM's Privilege Log, filed by Intl Bus Mach Inc (Oversized Document) (blk) Modified on 03/11/2005 (Entered: 03/11/2005) |
| 03/10/2005 | 417 | | Certificate of service [416−1] file notice, [415−1] file notice by Intl Bus Mach Inc (blk) (Entered: 03/11/2005) |
| 03/10/2005 | 418 | | SEALED DOCUMENT entitled: SCO's Privilege Log, filed by SCO Group (blk) (Entered: 03/11/2005) |
| 03/11/2005 | 419 | | SEALED DOCUMENT entitled: Reply memorandum in support of SCO's Motion to compel IBM to produce Samuel J. Palmisano for deposition (blk) (Entered: 03/14/2005) |
| 03/14/2005 | 420 | | Reply by Intl Bus Mach Inc to response to [403−1] motion for reconsideration of [377−1] order striking amended scheduling [177−1] order discovery due set for 4/22/05, [177−2] relief motion filing deadline set for 5/20/05, [177−3] relief Final Pretrial Conference set for 2:30 10/10/05, [177−4] relief 5−Week Jury trial set for 8:30 11/1/05, [177−5] relief (blk) (Entered: 03/15/2005) |
| 03/15/2005 | 421 | | Memorandum by SCO Grp in opposition to [414−1] motion to extend time to comply with 1/18/05 order by 45 days or by 5/3/05 (blk) (Entered: 03/15/2005) |
| 03/17/2005 | 422 | | Notice of Hearing filed : Motion hearing set for 3:00 4/21/05 for [374−1] motion to compel IBM to produce Samuel J. Palmisano for deposition, set for 3:00 4/21/05 for [322−1] motion to amend complaint (for leave to file 3rd amended complaint) To be held before Judge Kimball cc:atty ( Ntc generated by: KJ) (blk) (Entered: 03/17/2005) |
| 03/17/2005 | 423 | | Notice of Hearing filed : Motion hearing set for 3:00 4/26/05 for [340−1] motion to intervene and to unseal court's file by G2 Computer Intel, set for 3:00 4/26/05 for [380−2] motion to intervene (joined with [340−1] motion by G2 Computer Intelligence), set for 3:00 4/26/05 for [380−3] motion to unseal court files (joined with [340−1] motion by G2 Computer Intelligence) To be held before Judge Kimball cc:atty ( Ntc generated by: KJ) (blk) (Entered: 03/17/2005) |
| 03/17/2005 | 424 | | Order granting [414−1] motion to extend time to comply with 1/18/05 order by 45 days or by 5/3/05 signed by Judge Dale A. Kimball , 3/16/05 cc:atty (blk) (Entered: 03/17/2005) |
| 03/23/2005 | 425 | | SEALED DOCUMENT entitled: Memorandum in Opposition to IBM's Motion for Entry of Order Limiting Scope of IBM's Ninth Counterclaim (blk) Modified on 8/4/2005 by unsealing this document(blk, ). Additional attachment(s) added on 8/4/2005 (blk, ). (Entered: 03/24/2005) |

| 03/25/2005 | 426 | | Memorandum by Intl Bus Mach Inc in support of proposed scheduling order (tsh) (Entered: 03/28/2005) |
|---|---|---|---|
| 04/01/2005 | 427 | | Memorandum by SCO Grp in support of SCO's proposed scheduling order (alt) (Entered: 04/01/2005) |
| 04/01/2005 | 427 | | Request for Oral Argument filed by SCO Grp on [427−1] support memorandum (alt) (Entered: 04/01/2005) |
| 04/01/2005 | 428 | | Reply by Intl Bus Mach Inc to response to [405−1] motion for entry of order limiting scope of IBM's ninth counterclaim (blk) (Entered: 04/04/2005) |
| 04/11/2005 | 429 | | Ex parte motion by SCO Grp to vacate/adjourn the April 21, 2005 Argument on SCO's Motion to Amend Complaint (blk) (Entered: 04/12/2005) |
| 04/11/2005 | 430 | | Memorandum by Intl Bus Mach Inc in further support of proposed scheduling order (blk) (Entered: 04/12/2005) |
| 04/11/2005 | 431 | | Objections by Intl Bus Mach Inc to SCO's privilege log (blk) (Entered: 04/12/2005) |
| 04/11/2005 | 432 | | SEALED DOCUMENT filed by SCO entitled: Objections to IBM's privilege log and memo in support of SCO's request to compel IBM to provide proper bases for its privilege claims (blk) Modified on 8/4/2005 by unsealing document and adding image (blk, ). Additional attachment(s) added on 8/4/2005 (blk, ). (Entered: 04/12/2005) |
| 04/12/2005 | 435 | | Memorandum by Intl Bus Mach Inc in opposition to [429−1] ex parte motion to vacate/adjourn the April 21, 2005 Argument on SCO's Motion to Amend Complaint (blk) (Entered: 04/15/2005) |
| 04/13/2005 | 433 | | Reply by SCO Grp to response to [429−1] ex parte motion to vacate/adjourn the April 21, 2005 Argument on SCO's Motion to Amend Complaint (blk) (Entered: 04/13/2005) |
| 04/13/2005 | 434 | | Order denying [429−1] ex parte motion to vacate/adjourn the April 21, 2005 Argument on SCO's Motion to Amend Complaint signed by Judge Dale A. Kimball , 4/13/05 cc:atty (blk) (Entered: 04/14/2005) |
| 04/20/2005 | 436 | | Order granting in part, denying in part [403−1] motion for reconsideration of [377−1] order striking amended scheduling [177−1] order discovery due set for 4/22/05, [177−2] relief motion filing deadline set for 5/20/05, [177−3] relief Final Pretrial Conference set for 2:30 10/10/05, [177−4] relief 5−Week Jury trial set for 8:30 11/1/05, [177−5] relief (see order for specifics) signed by Judge Brooke C. Wells , 4/19/05 cc:atty (blk) (Entered: 04/20/2005) |
| 04/21/2005 | 437 | | Minute entry: Motion hearing held for [380−2] motion to intervene (joined with [340−1] motion by G2 Computer Intelligence), held for [380−3] motion to unseal court files (joined with [340−1] motion by G2 Computer Intelligence), held for [374−1] motion to compel IBM to produce Samuel J. Palmisano for deposition, [343−1] motion pursuant to Rule 56(f) in further opposition to IBM's Motion for Summary Jgm on SCO's Contract Claims, held for [340−1] motion to intervene and to unseal court's file by G2 |

| | | |
|---|---|---|
| | | Computer Intel [405–1] motion for entry of order limiting scope of IBM's ninth counterclaim taken under advisement, [380–2] motion to intervene (joined with [340–1] motion by G2 Computer Intelligence) taken under advisement, [380–3] motion to unseal court files (joined with [340–1] motion by G2 Computer Intelligence) taken under advisement, [374–1] motion to compel IBM to produce Samuel J. Palmisano for deposition taken under advisement, [343–1] motion pursuant to Rule 56(f) in further opposition to IBM's Motion for Summary Jgm on SCO's Contract Claims taken under advisement, [340–1] motion to intervene and to unseal court's file by G2 Computer Intel taken under advisement, [322–1] motion to amend complaint (for leave to file 3rd amended complaint) taken under advisement ; Judge: DAK Court Reporter: Kelly Hicken Court Deputy: Anne Morgan (kj) (Entered: 04/25/2005) |
| 04/28/2005 | 438 | Order denying [380–2] motion to intervene (joined with [340–1] motion by G2 Computer Intelligence), denying [380–3] motion to unseal court files (joined with [340–1] motion by G2 Computer Intelligence) signed by Judge Dale A. Kimball , 4/28/05 cc:atty (blk) (Entered: 04/29/2005) |
| 05/02/2005 | 439 | MOTION for order approving stipulation regarding responses to privilege log objections filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 05/02/2005) |
| 05/02/2005 | 440 | ORDER granting/approving 439 Motion re: Responses to Privilege Log Objections. . Signed by Judge Dale A. Kimball on 5/2/05. (blk, ) (Entered: 05/03/2005) |
| 05/03/2005 | 441 | DECLARATION of Todd M. Shaughnessy filed by International Business Machines Corporation. (blk, ) (Entered: 05/04/2005) |
| 05/04/2005 | 442 | REDACTION to 406 Sealed Document entitled: Memorandum in Opposition to SCOs Motion to Compel IBM to Produce Samuel J. Palmisano for Deposition by Defendant International Business Machines Corporation. (blk, ) (Entered: 05/05/2005) |
| 05/04/2005 | 443 | REDACTION to 332 Declaration of Irving Wladawsky–Berger by Defendant International Business Machines Corporation. (blk, ) (Entered: 05/05/2005) |
| 05/04/2005 | 444 | REDACTION to 304 Sealed Document entitled: Opposition to SCOs Supplemental Memorandum Regarding Discovery by Defendant International Business Machines Corporation. (blk, ) (Entered: 05/05/2005) |
| 05/04/2005 | 445 | REDACTION to 334 Declaration of Andrew Bonzani by Defendant International Business Machines Corporation. (blk, ) (Entered: 05/05/2005) |
| 05/04/2005 | 446 | REDACTION to 331 Declaration of Alec S. Berman by Defendant International Business Machines Corporation. (blk, ) (Entered: 05/05/2005) |
| 05/04/2005 | 447 | REDACTION to 407 Sealed Document entitled: Sur–reply Memorandum in Further Opposition to SCOs Motion for Leave to File a Third Amended Complaint by Defendant International Business Machines Corporation. (Attachments: # 1 exhibits a–m# 2 # 3 # 4)(blk, ) (Entered: 05/05/2005) |
| 05/04/2005 | 448 | REDACTION to 333 Declaration of Samuel J. Palmisano by Defendant International Business Machines Corporation. (blk, ) (Entered: 05/05/2005) |

| 05/27/2005 | 449 | | NOTICE of regarding unsealing of documents pursuant to 4/28/05 order by International Business Machines Corporation re 438 Order, (blk, ) (Entered: 05/31/2005) |
|---|---|---|---|
| 05/27/2005 | 450 | | STATUS REPORT in compliance with the courts 4/28/05 Order regarding the unsealing of documents by SCO Group. (blk, ) (Entered: 05/31/2005) |
| 06/03/2005 | 451 | | SCOs UPDATED REPORT in compliance with the Courts 4/28/05 order regarding the unsealing of documents by SCO Group. (blk, ) (Entered: 06/07/2005) |
| 06/16/2005 | 452 | | NOTICE of Unsealing by SCO Group (blk, ) (Entered: 06/20/2005) |
| 06/20/2005 | 453 | | REDACTION to 271 Memorandum in Support of Motion by Defendant International Business Machines Corporation. (blk, ) (Entered: 06/27/2005) |
| 06/20/2005 | 454 | | REDACTION to 230 Sealed Document/Memo in Support by Defendant International Business Machines Corporation. (Attachments: # 1 # 2)(blk, ) (Entered: 06/27/2005) |
| 06/20/2005 | 455 | | REDACTION to 257 Reply Memorandum/Reply to Response to Motion by Defendant International Business Machines Corporation. (blk, ) (Entered: 06/27/2005) |
| 06/20/2005 | 456 | | REDACTION to 252 Sealed Document/Declaration of Brian W. Kernighan by Defendant International Business Machines Corporation. (blk, ) (Entered: 06/27/2005) |
| 06/20/2005 | 457 | | REDACTION to 227 Declaration of Todd M. Shaughnessy, 228 Exhibits by Defendant International Business Machines Corporation. (blk, ) (Entered: 06/27/2005) |
| 06/20/2005 | 458 | | REDACTION to 239 Sealed Document, 238 Exhibits, 237 Declaration of Amy F. Sorenson by Defendant International Business Machines Corporation. (blk, ) (Entered: 06/27/2005) |
| 06/20/2005 | 459 | | REDACTION to 250 Reply Declaration of Todd M. Shaughnessy, 251 Exhibits by Defendant International Business Machines Corporation. NOTE: Document is oversized, therefore it is not scanned into an electronic image and is stored in the clerks office for viewing. (blk, ) (Entered: 06/27/2005) |
| 06/20/2005 | 460 | | REDACTION to Exhibits re: 239 Sealed Document, 238 Exhibits, 237 Declaration of Amy F. Sorenson by Defendant International Business Machines Corporation. NOTE: Document is oversized, therefore it is not scanned into an electronic image and is stored in the clerks office for viewing. (blk, ) (Entered: 06/27/2005) |
| 06/20/2005 | 461 | | REDACTION to 241 Sealed Document/Memo in Support by Defendant International Business Machines Corporation. NOTE: Document is oversized, therefore it is not scanned into an electronic image and is stored in the clerks office for viewing. (blk, ) (Entered: 06/27/2005) |
| 06/20/2005 | 462 | | REDACTION to Exhibits vol 1 227 Declaration, 228 Exhibits by Defendant International Business Machines Corporation. NOTE: Document is oversized, therefore it is not scanned into an electronic image |

| | | | |
|---|---|---|---|
| | | | and is stored in the clerks office for viewing. (blk, ) (Entered: 06/27/2005) |
| 06/20/2005 | 463 | | REDACTION to Exhibits Vol 2 227 Declaration, 228 Exhibits by Defendant International Business Machines Corporation. NOTE: Document is oversized, therefore it is not scanned into an electronic image and is stored in the clerks office for viewing. (blk, ) (Entered: 06/27/2005) |
| 06/20/2005 | 464 | | REDACTION to Exhibit Vol 3 227 Declaration, 228 Exhibits by Defendant International Business Machines Corporation. NOTE: Document is oversized, therefore it is not scanned into an electronic image and is stored in the clerks office for viewing. (blk, ) (Entered: 06/27/2005) |
| 06/27/2005 | 465 | | REDACTION/Unsealed filing to 337 Sealed Document/Memo in Opposition by Defendant International Business Machines Corporation. (blk, ) (Entered: 06/29/2005) |
| 07/01/2005 | 466 | | MEMORANDUM DECISION denying 322 Motion to Amend/Correct/File Third Amended Complaint, granting 374 SCO Motion to Compel IBM to produce Samuel J. Palmisano for deposition, granting 405 motion for entry of order limiting scope of IBM ninth counterclaim. IBM is directed to file a proposed order that restates its ninth counterclaim. An amended scheduling order is set forth in this order as is a procedure to follow when unsealing documents that were previously filed under seal. Signed by Judge Dale A. Kimball on 7/1/05. (ce, ) (Entered: 07/01/2005) |
| 07/01/2005 | | | Set Deadlines/Hearings per order no 466: Discovery due by 3/17/2006. Motions due by 7/28/2006. Pretrial Order due by 1/19/2007. Five Week Jury Trial set for 2/26/2007 08:30 AM in Room 220 before Judge Dale A. Kimball. (ce, ) (Entered: 07/01/2005) |
| 07/05/2005 | 467 | | REDACTION to 197 Sealed Document: Declaration of Sandeep Gupta by Plaintiff SCO Group. (blk, ) (Entered: 07/14/2005) |
| 07/05/2005 | 468 | | REDACTION to 203 Sealed Document: Declaration of Chris Sontag by Plaintiff SCO Group. (blk, ) (Entered: 07/14/2005) |
| 07/05/2005 | 469 | | REDACTION to 350 Exhibit S−8 to Declaration of Jeremy O. Evans by Plaintiff SCO Group. (blk, ) (Entered: 07/14/2005) |
| 07/05/2005 | 470 | | REDACTION to 316 Reply Brief by Plaintiff SCO Group. (blk, ) (Entered: 07/14/2005) |
| 07/05/2005 | 472 | | REDACTION to 365 Sealed Document, by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 473 | | NOTICE of filing: Letter from SCO to the Court dated 4/25/05 by SCO Group (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 474 | | NOTICE of filing: Letter from SCO to the Court dated 4/19/05 by SCO Group (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 475 | | NOTICE of filing: Letter from IBM to the Court dated 4/28/05 by International Business Machines Corporation (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 476 | | REDACTION to 198 Declaration − Sealed Document by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |

| 07/05/2005 | 477 | | REDACTION to 317 Declaration by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 478 | | REDACTION to 206 Exhibit–S3, by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 479 | | REDACTION to 269 Reply Memorandum/Reply to Response to Motion by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 480 | | REDACTION to 419 Sealed Document Reply Memo re: SCO's Motion to Compel IBM to Produce Samuel J. Palmisano for Deposition by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 481 | | REDACTION to 409 Sealed Document/ reply memo re: Renewed Motion to Compel Discovery by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 482 | | REDACTION to 287 Sealed Document/Supplemental Memorandum re Discovery by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 484 | | REDACTION to 191 Sealed Document/Exhibits by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 485 | | REDACTION to 198 Sealed Document/Exhibits by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 486 | | REDACTION to 206 Exhibits, by Plaintiff SCO Group. (blk, ) Modified on 8/4/2005 by correcting filed date (blk, ). (Entered: 08/04/2005) |
| 07/05/2005 | 487 | | REDACTION to 206 Exhibits, (Part 2 of docket # 486 ) by Plaintiff SCO Group. (blk, ) Modified on 8/4/2005 by correcting filed date (blk, ). (Entered: 08/04/2005) |
| 07/05/2005 | 488 | | REDACTION to 206 Exhibits, (additional to exhibits in # 486 by Plaintiff SCO Group. (Attachments: # 1 # 2 # 3)(blk, ) (Entered: 08/04/2005) |
| 07/05/2005 | 497 | | REDACTION to 197 Sealed Document Exhibits by Plaintiff SCO Group. (Attachments: # 1 # 2 # 3 # 4 # 5)(blk, ) Additional attachment(s) added on 8/4/2005 (blk, ). (Entered: 08/04/2005) |
| 07/06/2005 | 483 | | REDACTION to 350 Exhibits by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/06/2005 | 489 | | REDACTION to 317 Declaration Exhibits by Plaintiff SCO Group. (Attachments: # 1)(blk, ) (Entered: 08/04/2005) |
| 07/06/2005 | 490 | | REDACTION to 425 Exhibits to Sealed Document, by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/06/2005 | 491 | | REDACTION to 432 Sealed Document Exibits, by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/06/2005 | 492 | | REDACTION to 293 Sealed Exhibits by Plaintiff SCO Group. (This document is oversized, therefore the image is only of the 1st page. The full document may be viewed in the Clerks office.) (blk, ) Modified on 8/4/2005 by correcting filed date (blk, ). (Entered: 08/04/2005) |
| 07/06/2005 | 493 | | |

| | | | |
|---|---|---|---|
| | | | REDACTION to 365 Sealed Document Exhibits, by Plaintiff SCO Group. (Attachments: # 1)(blk, ) Modified on 8/4/2005 by correcting filed date (blk, ). (Entered: 08/04/2005) |
| 07/06/2005 | 494 | | REDACTION to 419 Sealed Document Exhibits by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/06/2005 | 495 | | REDACTION to 323 Exhibits to Memorandum in Support of Motion by Plaintiff SCO Group. (Attachments: # 1 # 2)(blk, ) (Entered: 08/04/2005) |
| 07/06/2005 | 496 | | REDACTION to 409 Sealed Document Exhibits by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/28/2005 | 498 | | REDACTION to 323 Memorandum in Support of Motion by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 07/28/2005 | 499 | | REDACTION to 323 Exhibit 7 of Memorandum in Support of Motion by Plaintiff SCO Group. (blk, ) (Entered: 08/04/2005) |
| 08/01/2005 | 471 | | ORDER Limiting the Scope of IBM's Ninth Counterclaim. Signed by Judge Dale A. Kimball on 8/1/05. (ce, ) (Entered: 08/02/2005) |
| 08/19/2005 | 500 | | CERTIFICATE OF SERVICE re: discovery by International Business Machines Corporation (blk, ) (Entered: 08/23/2005) |
| 08/19/2005 | 501 | | CERTIFICATE OF SERVICE re: discovery by International Business Machines Corporation (blk, ) (Entered: 08/23/2005) |
| 09/06/2005 | 502 | | **RESTRICTED DOCUMENT** TRANSCRIPT of Proceedings held on SEPTEMBER 15, 2004(ARGUMENT ON MOTION) before Judge DALE A. KIMBALL. Court Reporter: REBECCA JANKE. (asp) (Entered: 09/06/2005) |
| 09/06/2005 | 503 | | RENEWED MOTION to Compel discovery filed by Plaintiff SCO Group. (kvs, ) (Entered: 09/07/2005) |
| 09/06/2005 | 504 | | REDACTED MEMORANDUM in Support re 503 RENEWED MOTION to Compel discovery filed by Plaintiff SCO Group. (kvs, ) Modified on 9/7/2005 (kvs, ). (Entered: 09/07/2005) |
| 09/12/2005 | 505 | | **NOTICE OF HEARING ON MOTION** re: 503 MOTION to Compel discovery: Motion Hearing set for 10/7/2005 at 10:00 AM in Room 436 before Magistrate Judge Brooke C. Wells. (jwd, ) (Entered: 09/12/2005) |
| 09/12/2005 | 506 | | MOTION/ORDER granting motion for Admission Pro Hac Vice for of J. Matthew Donohue for SCO Group. *Attorneys admitted pro hac vice may download a copy of the District of Utah's local rules from court's web site at http://www.utd.uscourts.gov.* Signed by Judge Dale A. Kimball on 9/12/05. (blk, ) (Entered: 09/13/2005) |
| 09/12/2005 | 507 | | MOTION/ORDER granting motion for Admission Pro Hac Vice for of Daniel P. Filor for SCO Group. *Attorneys admitted pro hac vice may download a copy of the District of Utah's local rules from court's web site at http://www.utd.uscourts.gov.* Signed by Judge Dale A. Kimball on 9/12/05. (blk, ) (Entered: 09/13/2005) |
| 09/20/2005 | 508 | | |

| | | | |
|---|---|---|---|
| | | | Expedited MOTION and Supporting Memorandum for Discovery/for leave to take additional depositions filed by Plaintiff SCO Group. (blk, ) (Entered: 09/21/2005) |
| 09/20/2005 | 509 | | CERTIFICATE OF SERVICE re: discovery by International Business Machines Corporation (blk, ) (Entered: 09/21/2005) |
| 09/21/2005 | 510 | | **AMENDED NOTICE OF HEARING ON MOTION** re: 365 Renewed Motion by SCO Group to Compel Discovery, 503 MOTION to Compel discovery, 508 MOTION for Discovery: Motion Hearing set for 10/7/2005 10:00 AM in Room 436 before Magistrate Judge Brooke C. Wells. (jwd, ) (Entered: 09/21/2005) |
| 09/21/2005 | 511 | | STIPULATION/MOTION for Extension of Time to Respond to Renewed Motion to Compel filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 09/23/2005) |
| 09/23/2005 | 512 | | ORDER granting 511 Motion for Extension of Time to respond to renewed motion to compel by 9/26/05. Signed by Judge Dale A. Kimball on 9/22/05. (blk, ) (Entered: 09/26/2005) |
| 09/26/2005 | 513 | | MEMORANDUM in Opposition re 503 SCO's Renewed MOTION to Compel discovery filed by Defendant International Business Machines Corporation. (ce, ) (Entered: 09/27/2005) |
| 09/26/2005 | 514 | | MOTION to Compel production of documents on SCO's privilege log filed by Defendant International Business Machines Corporation. Oral argument requested. (ce, ) (Entered: 09/27/2005) |
| 09/26/2005 | 515 | | REQUEST for Oral Argument re 514 MOTION to Compel production of documents on SCO's privilege log filed by Defendant International Business Machines Corporation. (ce, ) (Entered: 09/27/2005) |
| 09/26/2005 | 516 | | MEMORANDUM in Support re 514 MOTION to Compel production of documents on SCO's privilege log filed by Defendant International Business Machines Corporation. (ce, ) (Entered: 09/27/2005) |
| 09/26/2005 | 517 | | DECLARATION of Daniel Frye re 514 MOTION to Compel production of documents on SCO's privilege log filed by International Business Machines Corporation. (ce, ) (Entered: 09/27/2005) |
| 09/26/2005 | 518 | | DECLARATION of Todd M. Shaughnessy re 513 Memorandum in Opposition to Motion filed by International Business Machines Corporation. (blk, ) (Entered: 09/29/2005) |
| 09/26/2005 | 519 | | DECLARATION of Amy F. Sorenson re 514 MOTION to Compel production of documents on SCO's privilege log filed by International Business Machines Corporation. (Attachments: # 1 2nd half of document)(blk, ) (Entered: 09/29/2005) |
| 09/26/2005 | 520 | | **SEALED DOCUMENT** Attachment E to Exhibit 2 re 518 Declaration of Todd M. Shaughnessy in Support of IBM's Opposition to SCO's Renewed Motion to Compel filed by Defendant International Business Machines Corporation. (ce, ) (Entered: 09/29/2005) |
| 09/30/2005 | 521 | | **SECOND AMENDED NOTICE OF HEARING ON MOTION** re: 365 |

| | | | |
|---|---|---|---|
| | | | Renewed Motion by SCO Group to Compel Discovery, 503 MOTION to Compel discovery, 508 MOTION for Discovery: Motion Hearing remains set for 10/7/2005 at 10:00 AM before Magistrate Judge Brooke C. Wells, however, it will be heard in Courtroom 220. (jwd, ) (Entered: 09/30/2005) |
| 10/05/2005 | 522 | | REPLY to Response to Motion re 503 MOTION to Compel discovery filed by Plaintiff SCO Group. (blk, ) (Entered: 10/06/2005) |
| 10/06/2005 | 523 | | MEMORANDUM in Opposition re 508 MOTION for Discovery/to take additional depositions filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 10/06/2005) |
| 10/06/2005 | 525 | | STIPULATION of Dismissal re: Counterclaims by International Business Machines Corporation. (blk, ) (Entered: 10/12/2005) |
| 10/07/2005 | 524 | | Minute Entry for proceedings held before Judge Brooke C. Wells : Motion Hearing held on 10/7/2005 re 503 MOTION to Compel discovery filed by SCO Group,, 508 MOTION for Discovery filed by SCO Group. The Court hears arguments and rules from bench: denying 503 Motion to Compel, granting in part and denying in part 508 Motion for Discovery – see order for specifics. Counsel for IBM to prepare the order. Hearing set for 12/20/05 at 10:00 a.m. as to dft's remaining motion to compel and pla's renewed motion to be filed by 10/21/05. The Courtroom is to be determined, a notice of hearing will be sent. Court is adjoined.Attorney for Plaintiff: Stuart Singer, Attorney for Defendant David Marriott.(Court Reporter Kelly Hicken.) (alp, ) (Entered: 10/07/2005) |
| 10/11/2005 | 526 | | ORDER that IBMs 11th counterclaim, 12th counterclaim, and 13th counterclaim, from IBMs 2nd Amd Counterclaims be dismissed with prejudice, each party to bear own costs and fees. Re 525 Stipulation of Dismissal filed by International Business Machines Corporation, . Signed by Judge Dale A. Kimball on 10/10/05. (blk, ) (Entered: 10/12/2005) |
| 10/11/2005 | 527 | | UNSEALED DECLARATION of Todd M. Shaughnessy re 345 Sealed Document filed by International Business Machines Corporation. (TAKE NOTE: This document is oversized. Only the main declaration is scanned into an image. The exhibits are not scanned. The complete document is retained in the clerks office for viewing.) (blk, ) (Entered: 10/13/2005) |
| 10/11/2005 | 528 | | UNSEALED DECLARATION of Amy F. Sorenson re 220 Sealed Document, 219 Declaration filed by International Business Machines Corporation. (TAKE NOTE: This document is oversized and only the declaration is scanned into an image. The exhibits are not scanned. The entire document is retained in the clerks office for viewing.) (blk, ) (Entered: 10/13/2005) |
| 10/11/2005 | 529 | | NOTICE of unsealing documents by International Business Machines Corporation re 527 Declaration,, 528 Declaration, (blk, ) (Entered: 10/13/2005) |
| 10/13/2005 | 530 | | ORDER re 503 MOTION to Compel discovery filed by SCO Group, 508 MOTION for Discovery filed by SCO Group, 366 Motion to Compel filed by SCO Group . Signed by Judge Brooke C. Wells on 10/12/05. (ce, ) (Entered: 10/18/2005) |

| 10/17/2005 | 531 | | STIPULATED MOTION for Extension of Time Until 10/21/05 to File Response/Reply to 514 MOTION to Compel production of documents on SCO's privilege log filed by Defendant International Business Machines Corporation, Plaintiff SCO Group. (ce, ) (Entered: 10/19/2005) |
|---|---|---|---|
| 10/18/2005 | 533 | | ORDER re 531 sStipulated MOTION for Extension of Time to File Response/Reply as to 514 MOTION to Compel production of documents on SCO's privilege log filed by International Business Machines Corporation, SCO Group. SCO's memo in opposition to IBM's motion to compel production of documents on SCO's privilege log is due 10/21/05 . Signed by Judge Dale A. Kimball on 10/18/05. (ce, ) (Entered: 10/21/2005) |
| 10/20/2005 | 532 | | ORDER granting 531 Stipulated Motion for Extension of Time to File Response/Reply to 514 MOTION to Compel production of documents on SCO's privilege log. SCO is to file their opposition by 10/21/05. IBM is to file any reply by 11/4/2005. By Judge Brooke C. Wells on 10/20/05. (mjw, ) (Entered: 10/20/2005) |
| 10/21/2005 | 534 | | Plas New Renewed MOTION to Compel Discovery filed by Plaintiff SCO Group. (blk, ) (Entered: 10/24/2005) |
| 10/21/2005 | 535 | | MEMORANDUM in Opposition re 514 MOTION to Compel production of documents on SCO's privilege log filed by Plaintiff SCO Group. (blk, ) (Entered: 10/24/2005) |
| 10/27/2005 | 537 | | MOTION to Compel Discovery filed by Plaintiff SCO Group. (blk, ) (Entered: 10/31/2005) |
| 10/27/2005 | 538 | | MEMORANDUM in Support re 537 MOTION to Compel Discovery filed by Plaintiff SCO Group. (blk, ) (Entered: 10/31/2005) |
| 10/27/2005 | 539 | | OBJECTIONS to 530 Order of Magistrate dated 10/12/05 filed by Plaintiff SCO Group. (blk, ) (Entered: 10/31/2005) |
| 10/27/2005 | 540 | | Memorandum in Support re 539 Objections filed by Plaintiff SCO Group. (blk, ) (Entered: 10/31/2005) |
| 10/28/2005 | 536 | | **NOTICE OF HEARING ON MOTION** re: 514 MOTION to Compel production of documents on SCO's privilege log, 534 MOTION to Compel Discovery: Motion Hearing set for 12/20/2005 at 10:00 AM in Room 220 before Magistrate Judge Brooke C. Wells. (jwd, ) (Entered: 10/28/2005) |
| 10/28/2005 | 541 | | **SEALED DOCUMENT**entitled: SCO's Revised Supplemental Response to Dfts Six Sets of Interrogatories filed by Plaintiff SCO Group. (blk, ) (Entered: 11/01/2005) |
| 10/28/2005 | 542 | | NOTICE OF FILING of Interim Disclosure of Material Misused by IBM filed by Plaintiff SCO Group. (blk, ) (Entered: 11/01/2005) |
| 10/28/2005 | 543 | | CERTIFICATE OF SERVICE of Subpoena Duces Tecum upon KPMG by International Business Machines Corporation (blk, ) (Entered: 11/01/2005) |
| 10/28/2005 | 544 | | **SEALED DOCUMENT** Exhibit 1 re 542 Notice of Filing filed by Plaintiff SCO Group. (Clerks Note: Document is oversized and not scanned. It will be retained in the courts sealed room) (blk, ) (Entered: 11/01/2005) |

| 10/31/2005 | 545 | | **SEALED DOCUMENT**APPENDIX VOLUMES I THROUGH X to 544 Sealed Document – Exhibit 1 to SCOs Interim disclosure of Material Misused by IBM filed by Plaintiff SCO Group. (CLERKS NOTE: These Appendixes are oversized (not scanned) and housed in 5 bankers boxes. They will be retained in the courts sealed room. They were also filed on disk for the use of the Judges Chambers) (blk, ) (Entered: 11/01/2005) |
| 11/01/2005 | 546 | | <u>**NOTICE OF HEARING**</u>: (Notice generated by Kim Jones) Status Conference set for 11/3/2005 10:30 AM in Room 220 before Judge Dale A. Kimball. (kmj, ) (Entered: 11/01/2005) |
| 11/03/2005 | <u>547</u> | | **SEALED DOCUMENT** Corrections to 544 Sealed Document/Exhibit 1 to SCOs Interim Disclosure of Material Misused by IBM filed by Plaintiff SCO Group. (blk, ) (Entered: 11/04/2005) |
| 11/04/2005 | <u>548</u> | | MOTION for Extension of Time to File Response/Reply by 11/11/05 as to <u>514</u> MOTION to Compel production of documents on SCO's privilege log filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/07/2005) |
| 11/08/2005 | <u>549</u> | | ORDER granting <u>548</u> Motion for Extension of Time to File Response/Reply re <u>514</u> MOTION to Compel production of documents on SCO's privilege log Replies due by 11/11/2005.. Signed by Judge Dale A. Kimball on 11/7/05. (blk, ) (Entered: 11/08/2005) |
| 11/08/2005 | <u>550</u> | | NOTICE OF/CERTIFICATE OF SERVICE re: subpoena upon Arthur Anderson LLP c/o CT Corporation System by International Business Machines Corporation (blk, ) (Entered: 11/09/2005) |
| 11/08/2005 | <u>551</u> | | NOTICE OF/CERTIFICATE OF SERVICE of subpoena upon Ernst &Young LLP c/o David R. Jolley by International Business Machines Corporation (blk, ) (Entered: 11/09/2005) |
| 11/08/2005 | <u>552</u> | | MEMORANDUM in Opposition re <u>534</u> New Renewed MOTION to Compel Discovery filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/09/2005) |
| 11/09/2005 | <u>553</u> | | AFFIDAVIT OF SERVICE for subpoena served on KPMG/Craig Omer on 10/31/05, filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/10/2005) |
| 11/09/2005 | <u>554</u> | | CERTIFICATE OF SERVICE of Subpoena Duces Tecum upon Deloitte &Toche c/o Paul G. Child by International Business Machines Corporation (blk, ) (Entered: 11/10/2005) |
| 11/10/2005 | <u>555</u> | | STIPULATED MOTION for Extension of Time until 12/8/05 for dft to file its reply memorandum in support of its motion to compel production of documents from SCO privilege log filed by Defendant International Business Machines Corporation, Plaintiff SCO Group. (kvs, ) (Entered: 11/14/2005) |
| 11/14/2005 | <u>556</u> | | ORDER granting <u>555</u> Motion for Extension of Time to file reply memo by 12/8/05. Signed by Judge Dale A. Kimball on 11/14/05. (blk, ) (Entered: 11/14/2005) |
| 11/14/2005 | <u>557</u> | | |

| | | | |
|---|---|---|---|
| | | | STIPULATION/MOTION for Extension of Time for IBM to respond to SCOs Motion to Compel Discovery by 11/21/05, and for IBM to respond to SCO's Objection to Magistrates Order of 10/12/05 by 11/21/05 filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/15/2005) |
| 11/14/2005 | 558 | | **RESTRICTED DOCUMENT** RETURN OF SERVICE Executed for Subpoena served on Deloitte &Touche, c/o Thomas T. Rich on 11/9/05, filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/15/2005) |
| 11/14/2005 | 559 | | **RESTRICTED DOCUMENT** RETURN OF SERVICE Executed for Subpoena served on Ernst &Young, c/o David Jolley on 11/8/05, filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/15/2005) |
| 11/17/2005 | 560 | | **RESTRICTED DOCUMENT** RETURN OF SERVICE Executed for Subpoena served on Arthur Andersen c.o CT corporation System on 11/9/05, filed by Defendant International Business Machines Corporation. (kvs, ) (Entered: 11/18/2005) |
| 11/21/2005 | 561 | | MEMORANDUM in Opposition re 537 MOTION to Compel Discovery filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/22/2005) |
| 11/21/2005 | 562 | | Opposition Memorandum re 539 Objections to Magistrates Decision of 10/12/05 filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/22/2005) |
| 11/23/2005 | 563 | | ORDER granting 557 Motion for Extension of Time . Signed by Judge Dale A. Kimball on 11/23/05. (blk, ) (Entered: 11/23/2005) |
| 11/23/2005 | 564 | | REPLY to Response to Motion re 534 New Renewed MOTION to Compel Discovery filed by Plaintiff SCO Group. (blk, ) (Entered: 11/28/2005) |
| 12/02/2005 | 565 | | **NOTICE OF MISCELLANEOUS HEARING**: (Notice generated by Kim Jones) Miscellaneous Hearing re: objections to Magistrate Order set for 12/13/2005 10:30 AM in Room 220. (kmj, ) (Entered: 12/02/2005) |
| 12/06/2005 | 566 | | REPLY to Response to Motion re 537 MOTION to Compel Discovery filed by Plaintiff SCO Group. (blk, ) (Entered: 12/07/2005) |
| 12/06/2005 | 567 | | Reply Memorandum in support of 539 Objections filed by Plaintiff SCO Group. (blk, ) (Entered: 12/07/2005) |
| 12/07/2005 | 568 | | MOTION to Seal re 566 Reply Memorandum/Reply to Response to Motion filed by Plaintiff SCO Group. (blk, ) (Entered: 12/07/2005) |
| 12/07/2005 | 569 | | MOTION to Seal re 567 Memorandum (NOT to motion) filed by Plaintiff SCO Group. (blk, ) (Entered: 12/07/2005) |
| 12/07/2005 | 570 | | STIPULATION RE: Scheduling Order by International Business Machines Corporation. (blk, ) (Entered: 12/09/2005) |
| 12/08/2005 | 572 | | REDACTION to 571 Sealed Document: IBM's Reply Memorandum in Support of Motion to Compel Production of Documents on SCO' Privilege Log by Defendant International Business Machines Corporation. (blk, ) |

| | | | |
|---|---|---|---|
| | | | (Entered: 12/09/2005) |
| 12/08/2005 | 574 | | STIPULATION &MOTION for entry of order eliminating the numerical limit on requests for admission contained in the Scheduling Order entered by Magistrate Judge Nuffer on 6/20/03 filed by Defendant International Business Machines Corporation. (blk, ) Modified on 12/9/2005 (blk, ). (Entered: 12/09/2005) |
| 12/08/2005 | 579 | | **SEALED DOCUMENT** Exhibit 4 to 578 Declaration of Todd M. Shaughnessy, filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 12/12/2005) |
| 12/09/2005 | 575 | | ORDER granting 574 Motion to eliminate limitations on the number of requests for admissions. Signed by Judge Brooke C. Wells on 12/9/05. (blk, ) (Entered: 12/12/2005) |
| 12/09/2005 | 576 | | ORDER granting 568 Motion to Seal . Signed by Judge Dale A. Kimball on 12/8/05. (blk, ) (Entered: 12/12/2005) |
| 12/09/2005 | 577 | | ORDER granting 569 Motion to Seal . Signed by Judge Dale A. Kimball on 12/8/05. (blk, ) (Entered: 12/12/2005) |
| 12/09/2005 | 578 | | DECLARATION of Todd M. Shaughnessy re 573 IBM's Reply Memo in Support of Motion to Compel Production of Documents on SCOs Privilege Log, filed by International Business Machines Corporation. (Clerks Note: This document is the same as 571 Sealed Declaration, which was filed mistakenly under seal) (blk, ) (Entered: 12/12/2005) |
| 12/13/2005 | 580 | | Minute Entry for proceedings held before Judge Dale A. Kimball : Miscellaneous Hearing re: pla's objections to Magistrate Judge's order held on 12/13/2005. After hearing the arguments of counsel, the Court took the matter under advisement.Attorney for Plaintiff: Ted Normand &Brent Hatch, Attorney for Defendant David Marriott &Todd Shaunessy.(Court Reporter : Mindy Powers.) (kmj, ) (Entered: 12/13/2005) |
| 12/14/2005 | 581 | | CERTIFICATE OF SERVICE re: discovery by International Business Machines Corporation (kla, ) (Entered: 12/15/2005) |
| 12/14/2005 | 582 | | MOTION for Protective Order filed by Plaintiff SCO Group. (blk, ) (Entered: 12/16/2005) |
| 12/15/2005 | 584 | | ORDER RE: Requests for Admission. It is hereby ordered that the limit on the number of requests for admission contained in the Scheduling Order entered by Magistrate Judge Nuffer on 6/20/03 be and hereby is eliminated.. Signed by Judge Dale A. Kimball on 12/9/05. (blk, ) (Entered: 12/16/2005) |
| 12/16/2005 | 583 | | ORDER overruling SCO's Objection to Magistrate Judge's Order of October 12, 2005 and AFFIRMING Magistrate Judge's Order. Signed by Judge Dale A. Kimball on 12/16/05. (awm, ) (Entered: 12/16/2005) |
| 12/16/2005 | 585 | | CERTIFICATE OF SERVICE re: discovery by International Business Machines Corporation (kla, ) (Entered: 12/19/2005) |
| 12/20/2005 | 586 | | ORDER Regarding Third Party Subpoena Production. Signed by Judge Brooke C. Wells on 12/20/05. (blk, ) (Entered: 12/20/2005) |

| 12/20/2005 | 587 | | Minute Entry for proceedings held before Judge Brooke C. Wells :, Motion Hearing held on 12/20/2005. Counsel for both parties present. The Court hears oral argument and rules as follows: re 537 MOTION to Compel Discovery filed by SCO Group – GRANTED IN PART, DENIED IN PART – Affidavits to be provided by 1/6/06, re: 514 MOTION to Compel production of documents on SCO's privilege log filed by International Business Machines Corporation – GRANTED – log to be provided by 1/6/06; re: 534 MOTION to Compel Discovery filed by SCO Group – FINDING AS MOOT – based on Judge Kimball's ruling; 582 MOTION for Protective Order filed by SCO Group – FINDING AS MOOT – The parties have reached a resolution and an order is executed and filed in open court. Order to be prepared by defendant; See order for specifics. Court is adjourned.Attorney for Plaintiff: Edward Normand, Attorney for Defendant David Marriott, Todd Shaughnessy.(Court Reporter Kelly Hicken.) (alp, ) (Entered: 12/20/2005) |
| 12/21/2005 | 588 | | Modification of Docket: Error: The previous minute entry contains an error as to ruling on motions. Correction: Motion 534 is GRANTED IN PART AND DENIED IN PART with affidavits due on 1/6/06; Motion 537 is MOOT per Judge Kimball's ruling. (alp, ) (Entered: 12/21/2005) |
| 12/21/2005 | | | Minute Entry for proceedings held before Judge Brooke C. Wells : Telephone Conference held on 12/21/2005. Court hears discussion by both parties re: Requests for Admissions (RFAs). Due date of 1/20/06 is set for both parties, for both discovery periods. Parties will agree to any additional RFAs that may be provided after 1/20/06.Attorney for Plaintiff: Ted Normand, Attorney for Defendant Todd Shaughnessey. (alp, ) (Entered: 12/21/2005) |
| 12/22/2005 | | | Modification of Docket: Error: the minute entry for the previous teleconference states that the due date for RFAs for both parties and both discovery periods is 1/20/06. Correction: After further clarification, the order will be that the RFAs for the INITIAL discovery period will be 1/20/06. The rest of the order stands. (alp, ) (Entered: 12/22/2005) |
| 12/22/2005 | 589 | | NOTICE OF FILING of Disclosure of Material Misused by IBM filed by Plaintiff SCO Group. (blk, ) (Entered: 12/27/2005) |
| 12/22/2005 | 590 | | **SEALED DOCUMENT**Entitled: SCOs Second Revised Supplemental Response to Defendants Six Sets of Interrogatories filed by Plaintiff SCO Group. (blk, ) (Entered: 12/27/2005) |
| 12/22/2005 | 591 | | **SEALED DOCUMENT** Entitled: Appendix Volumes I–XX to 589 Disclosure of Material Misused by IBM filed by Plaintiff SCO Group. (CLERKS NOTE: Appendix volumes are oversized, therefore they are not scanned into electronic images for attachment to docket event. They are contained in 7 labled boxes. They will be retained in the 5th floor sealed room for viewing by the court, and by persons with authorization to view by court order only.) (blk, ) (Entered: 12/27/2005) |
| 12/29/2005 | 592 | | MOTION to Compel Discovery filed by Plaintiff SCO Group. (blk, ) (Entered: 01/03/2006) |
| 12/29/2005 | 593 | | MOTION for Leave to File Excess Pages filed by Plaintiff SCO Group. (blk, ) (Entered: 01/03/2006) |

| | | | |
|---|---|---|---|
| 12/29/2005 | 594 | | **SEALED DOCUMENT** Memorandum in Support re 592 MOTION to Compel Discovery filed by Plaintiff SCO Group. (blk, ) (Entered: 01/03/2006) |
| 01/03/2006 | 595 | | **SEALED DOCUMENT** DECLARATION of Mark F. James re 592 MOTION to Compel Discovery filed by SCO Group. (Clerks Note: Exhibits to this are oversized and have not been scanned and attached as an electronic image. Document will be retained in the clerks office sealed room.) (blk, ) Modified on 1/6/2006 – sealed document (rak, ). (Entered: 01/03/2006) |
| 01/06/2006 | 596 | | ORDER granting 593 Motion for Leave to File Excess Pages by Judge Brooke C. Wells on 1/6/06. (mjw, ) (Entered: 01/06/2006) |
| 01/06/2006 | 597 | | DECLARATION of Nicholas S. Bowen filed by International Business Machines Corporation. (kla, ) (Entered: 01/09/2006) |
| 01/06/2006 | 598 | | DECLARATION of Paul M. Horn filed by International Business Machines Corporation. (kla, ) (Entered: 01/09/2006) |
| 01/11/2006 | 599 | | **RESTRICTED DOCUMENT** RETURN OF SERVICE/Acceptance of Service Executed for Subpoena served on PricewaterhouseCoopers LLC, Ivan P. Stolze on 1/4/06, filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 01/12/2006) |
| 01/17/2006 | 600 | | MEMORANDUM in Opposition re 592 MOTION to Compel Discovery filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 01/19/2006) |
| 01/17/2006 | 601 | | DECLARATION of Todd M. Shaughnessy filed by International Business Machines Corporation. (blk, ) (Entered: 01/19/2006) |
| 01/19/2006 | 602 | | Minute Entry for proceedings held before Judge Brooke C. Wells : Telephone Conference held on 1/19/2006 re: Interpretation of order 184 as to production of affidavits or delcarations to be used at deposition. Parties to prepare order.Attorney for Plaintiff: Ted Normand, Attorney for Defendant David Marriott. (alp, ) (Entered: 01/19/2006) |
| 01/24/2006 | 603 | | **RESTRICTED DOCUMENT** TRANSCRIPT of Proceedings held on December 13, 2005(Miscellaneous Hearing) before Judge DALE A. KIMBALL. Court Reporter: Mindi Powers. (asp, ) (Entered: 01/24/2006) |
| 01/26/2006 | 604 | | Minute Entry for proceedings held before Judge Brooke C. Wells : Telephone Conference held on 1/26/2006. The Court hears arguments as to depositions as rules as follows: The depositions of Otis Wilson and Ted Kennedy ONLY may be extended by 30 days (by 2/26/06). Counsel are to agree on the date and time. As to Mr. Wilson – he is not to be subjected to any questions other than reasonable inferences re: new information ONLY. As to the depositions of the three corporations addressed by SCO, the Court will not address this except via motion, which SCO may file.Attorney for Plaintiff: Ted Normand, Attorney for Defendant Todd Shaughnessey. (alp, ) (Entered: 01/26/2006) |
| 01/27/2006 | 607 | | MOTION for Leave to Take Certain Prospective Depositions filed by Plaintiff SCO Group (alt) (Entered: 01/31/2006) |

| 01/31/2006 | 605 | | CERTIFICATE OF SERVICE by International Business Machines Corporation *to SCO's Ninth Request for the Production of Documents* (Shaughnessy, Todd) Modified on 1/31/2006 – the incorrect PDF was attached to this entry. This certificate of service will be re–efiled by counsel. (ce, ). (Entered: 01/31/2006) |
| 01/31/2006 | 606 | | CERTIFICATE OF SERVICE by International Business Machines Corporation *to SCO's Sixth Set of Interrogatories* (Shaughnessy, Todd) (Entered: 01/31/2006) |
| 01/31/2006 | 608 | | CERTIFICATE OF SERVICE by International Business Machines Corporation *of IBM's Responses and Objections to SCO's Ninth Request for the Production of Documents* (Shaughnessy, Todd) (Entered: 01/31/2006) |
| 01/31/2006 | 609 | | Modification of Docket: Error: incorrect PDF was attached to entry no. 605. Correction: the docket text of this entry was modified to reflect that counsel will re–efile by CERTIFICATE OF SERVICE by International Business Machines Corporation of IBM's Responses and Objections to SCO's Ninth Request for the Production of Documents. (ce, ) (Entered: 01/31/2006) |
| 01/31/2006 | 610 | | **\*\*SEALED DOCUMENT\*\*** Reply Memorandum in Support of 592 MOTION to Compel Discovery filed by Plaintiff SCO Group. (blk, ) (Entered: 02/03/2006) |
| 02/01/2006 | 611 | | REDACTION to 610 Sealed Document entitled: Reply Memorandum in Support of Motion to Compel Discovery by Plaintiff SCO Group. (blk, ) (Entered: 02/03/2006) |
| 02/07/2006 | 612 | | NOTICE of Appearance by Mark A. Wagner on behalf of Intel Corporation (kla, ) (Entered: 02/08/2006) |
| 02/07/2006 | 613 | | RESPONSE to Motion re 607 MOTION for Leave to Take Certain Prospective Depositions filed by Interested Party Intel Corporation. (kla, ) (Entered: 02/08/2006) |
| 02/08/2006 | 614 | | MOTION/ORDER granting motion for Admission Pro Hac Vice for of Jessica L. Everett–Garcia for Intel Corporation, Anthony L. Marks for Intel Corporation. *Attorneys admitted pro hac vice may download a copy of the District of Utah's local rules from court's web site at http://www.utd.uscourts.gov.* Signed by Judge Dale A. Kimball on 2/8/06. (blk, ) Additional attachment(s) added on 2/8/2006 (blk, ). (Entered: 02/08/2006) |
| 02/08/2006 | 615 | | Modification of Docket: Error: Document image did not attach to docket entry. Correction: Attached document image to docket entry and to this entry for viewing and downloading. re 614 Motion/Order Pro Hac Vice,. (blk, ) (Entered: 02/08/2006) |
| 02/10/2006 | 616 | | **NOTICE OF HEARING ON MOTION** re: 607 MOTION for Leave to Take Certain Prospective Depositions, 592 MOTION to Compel Discovery: Motion Hearing set for 2/24/2006 at 09:30 AM in Room 220 before Magistrate Judge Brooke C. Wells. (jwd, ) (Entered: 02/10/2006) |
| 02/10/2006 | 618 | | REDACTION to 592 MOTION to Compel Discovery entitled: Declaration of Mark F. James in Support of Plaintiff's Motion to Compel by Plaintiff |

| | | | |
|---|---|---|---|
| | | | SCO Group. (kla, ) (Entered: 02/13/2006) |
| 02/10/2006 | 621 | | REDACTION to 592 MOTION to Compel Discovery entitled: Memorandum in Support of Plaintiff's Motion to Compel by Plaintiff SCO Group. (Attachments: # 1 Exhibit 1 – Plaintiff's Fifth Request for Production of Documents# 2 Exhibit 2 – IBM's Responses and Objections to SCO's Fifth Request for the Production of Documents# 3 Exhibit 3 to 17 Filed Under Seal# 4 Exhibit 18 – Plaintiff's Seventh Request for Production of Documents# 5 Exhibit 19 – IBM's Responses and Objections to SCO's Seventh Request for the Production of Documents# 6 Exhibit 20 to 21 Filed Under Seal# 7 Exhibit 22 – SCO's Amended Notice of 30(b)(6) Deposition# 8 Exhibit 23 – Correspondence# 9 Exhibit 24 to 29 Filed Under Seal# 10 Exhibit 30 – SCO's Amended Notice of 30(b)(6) Deposition# 11 Exhibit 31 – Correspondence# 12 Exhibit 32 to 33 Filed Under Seal# 13 Exhibit 34 – Correspondence)(kla, ) (Entered: 02/13/2006) |
| 02/13/2006 | 617 | | MEMORANDUM in Opposition re 607 MOTION for Leave to Take Certain Prospective Depositions filed by Defendant International Business Machines Corporation. (Attachments: # 1 # 2 # 3 # 4)(Shaughnessy, Todd) (Entered: 02/13/2006) |
| 02/13/2006 | 619 | | Defendant's MOTION to Limit SCO's Claims Relating to Allegedly Misused Material filed by Defendant International Business Machines Corporation. (Shaughnessy, Todd) (Entered: 02/13/2006) |
| 02/13/2006 | 620 | | MEMORANDUM in Support re 619 Defendant's MOTION to Limit SCO's Claims Relating to Allegedly Misused Material filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit A,B)(Shaughnessy, Todd) (Entered: 02/13/2006) |
| 02/13/2006 | 622 | | **AMENDED NOTICE OF HEARING ON MOTION** re: 607 MOTION for Leave to Take Certain Prospective Depositions, 592 MOTION to Compel Discovery: Motion Hearing previously set for 2/24/2006 at 09:30 AM in Room 220 before Magistrate Judge Brooke C. Wells has been reset for 2/24/2006 at 2:30 PM in Room 220 before Magistrate Judge Brooke C. Wells. Please note the change in time from 9:30 AM to 2:30 PM. (jwd, ) (Entered: 02/13/2006) |
| 02/13/2006 | 623 | | **SEALED DOCUMENT** Exhibit 4 to 617 Memorandum in Opposition to Motion filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 02/14/2006) |
| 02/14/2006 | 626 | | **SEALED DOCUMENT** Reply Memorandum in Support of 607 MOTION for Leave to Take Certain Prospective Depositions filed by Plaintiff SCO Group. (blk, ) (Entered: 02/15/2006) |
| 02/15/2006 | 624 | | CERTIFICATE OF SERVICE by International Business Machines Corporation *of IBM's Seventh Set of Interrogatories* (Shaughnessy, Todd) (Entered: 02/15/2006) |
| 02/15/2006 | 625 | | CERTIFICATE OF SERVICE by International Business Machines Corporation *of IBM's Eleventh Set of Requests for Admission* (Shaughnessy, Todd) (Entered: 02/15/2006) |
| 02/15/2006 | 627 | | CERTIFICATE OF SERVICE by International Business Machines |

| | | | |
|---|---|---|---|
| | | | Corporation *of IBM's Eighth Request for the Production of Documents* (Shaughnessy, Todd) (Entered: 02/15/2006) |
| 02/17/2006 | 628 | | REDACTION to 626 Sealed Document: Reply Memorandum in Support of Motion for Leave to Take Certain Prospective Depositions by Plaintiff SCO Group. (blk, ) (Entered: 02/21/2006) |
| 02/17/2006 | 629 | | STIPULATION &JOINT MOTION regarding requests for admission filed by Defendant International Business Machines Corporation, Plaintiff SCO Group. (blk, ) (Entered: 02/21/2006) |
| 02/21/2006 | 630 | | NOTICE of Service of Subpoenas Duces Tecum by International Business Machines Corporation (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Sorenson, Amy) (Entered: 02/21/2006) |
| 02/22/2006 | 631 | | NOTICE of Service of Subpoena Duces Tecum by International Business Machines Corporation *re Houlihan Valuation Advisors* (Attachments: # 1 Exhibit Exhibit A Part 1# 2 Exhibit Exhibit A Part 2# 3 Exhibit Exhibit A Part 3# 4 Exhibit Exhibit A Part 4)(Donaldson, Peter) (Entered: 02/22/2006) |
| 02/24/2006 | 633 | | Minute Entry for proceedings held before Judge Brooke C. Wells : Motion Hearing held on 2/24/2006. Counsel for both parties present. Court hears arguments and rules as follows: 592 Motion to Compel filed by SCO Group – DENIED without prejudice. A much more detailed and concise motion to compel may be filed within 30 days. 607 MOTION for Leave to Take Certain Prospective Depositions filed by SCO Group – DENIED. Counsel for defendant to prepare order. Court is ADJOURNED. Attorney for Plaintiff: Brett Hatch, Mark James, Attorney for Defendant Todd Shaughnessey.(Court Reporter Kelly Hicken.) (alp, ) (Entered: 03/01/2006) |
| 02/28/2006 | 632 | | NOTICE of SERVICE OF SUBPOENAS DUCES TECUM by International Business Machines Corporation (Attachments: # 1 Exhibit A and B)(Donaldson, Peter) (Entered: 02/28/2006) |
| 03/01/2006 | 634 | | AFFIDAVIT OF SERVICE for Subpoena *in a Civil Case* served on Ricardo Miranda/Registered Agent/Houlihan Valuation Advisors on 2/23/2006, filed by Defendant International Business Machines Corporation. (Donaldson, Peter) (Entered: 03/01/2006) |
| 03/02/2006 | 635 | | AFFIDAVIT OF SERVICE for Subpoena in a Civil Case served on Michael Sean Wilson on 2–22–2006, filed by Defendant International Business Machines Corporation. (Donaldson, Peter) (Entered: 03/02/2006) |
| 03/02/2006 | 636 | | AFFIDAVIT OF SERVICE for Subpoena *In A Civil Case* served on Prentice–Hall/Registered Agent/McGraw–Hill on 3–1–2006, filed by Defendant International Business Machines Corporation. (Donaldson, Peter) (Entered: 03/02/2006) |
| 03/03/2006 | 637 | | ORDER granting 629 STIPULATION &JOINT MOTION regarding requests for admission signed by Judge Brooke C. Wells on 3/3/06. (mjw, ) (Entered: 03/03/2006) |
| 03/03/2006 | 638 | | Remark: Letters Rogatory issued by the clerk's office and given to counsel Todd M. Shaughnnessy. (jwt, ) (Entered: 03/03/2006) |

| 03/03/2006 | 646 | | Minute Entry for proceedings held before Judge Brooke C. Wells : Telephone Conference held on 3/3/2006 regarding Letters Rogatory and depositions. SCO has no objection to the deposition of the witness taking place after the discovery deadline. Parties updated the Court as to the status of the case. The Court directed that should further telephone status conferences be necessary, counsel are to contact the Court for scheduling. Attorney for Plaintiff: Edward Normand, Attorney for Defendant Todd Shaughnessy. (tsh, ) (Entered: 03/13/2006) |
| --- | --- | --- | --- |
| 03/07/2006 | 639 | | MOTION for Leave to File Excess Pages filed by Plaintiff SCO Group. (blk, ) (Entered: 03/08/2006) |
| 03/07/2006 | 643 | | **SEALED DOCUMENT** Memorandum in Opposition to 619 Defendant's MOTION to Limit SCO's Claims Relating to Allegedly Misused Material filed by Plaintiff SCO Group. (blk, ) (Entered: 03/10/2006) |
| 03/08/2006 | 640 | | ORDER granting 639 Motion for Leave to File Excess Pages . Signed by Judge Dale A. Kimball on 3/8/06. (blk, ) (Entered: 03/08/2006) |
| 03/08/2006 | 644 | | **SEALED DOCUMENT** EXHIBITS TO 643 Sealed Memorandum in Opposition to IBMs Motion to Limit SCOs Claims Relating to Misused Material filed by Plaintiff SCO Group. (Clerks Note: This document is oversized and therefore not scanned and attached as a pdf. It will be retained in the clerks office sealed room for viewing by authorized persons only.) (blk, ) (Entered: 03/10/2006) |
| 03/09/2006 | 641 | | Stipulated MOTION to Seal *Confidential Documents* re 631 Notice (Other), Notice (Other) filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order)(Shaughnessy, Todd) (Entered: 03/09/2006) |
| 03/09/2006 | 642 | | NOTICE of Issuance of Subpoenas by International Business Machines Corporation (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B# 3 Exhibit Exhibit C# 4 Exhibit Exhibit D# 5 Exhibit Exhibit E)(Wheatley, Nathan) (Entered: 03/09/2006) |
| 03/13/2006 | 645 | | AFFIDAVIT OF SERVICE for Subpoena *In A Civil Case* served on Robert Marsh on 2/27/2006, filed by Defendant International Business Machines Corporation. (Donaldson, Peter) (Entered: 03/13/2006) |
| 03/13/2006 | 647 | | ORDER Granting in Part and Denying in Part # 537 Renewed Motion to Compel – re 587 Order on Motion to Compel,,,,,,,,,,,, Order on Motion for Protective Order,,,, Motion Hearing,,,. Follows oral order of 12/20/05.. Signed by Judge Brooke C. Wells on 3/10/06. (blk, ) (Entered: 03/14/2006) |
| 03/13/2006 | 648 | | Stipulated MOTION filed by Defendant International Business Machines Corporation, Plaintiff SCO Group to Seal Document/Exhibits 1 and 2 of Attachment A to 631 Notice of Subpoena Duces Tecum re Houlihan Valuation Advisors filed by IBM on 2/22/06. (ce, ) (Entered: 03/15/2006) |
| 03/13/2006 | 649 | | ORDER granting 641 Motion to Seal, granting 648 Motion to Seal Document 631 Notice of Subpoena Duces Tecum re Houlihan Valuation Advisors filed 2/22/06 by dft IBM – Exhibits 1 and 2 of Attachment A to the Subpoena are sealed . Signed by Judge Brooke C. Wells on 3/10/06. |

| | | | |
|---|---|---|---|
| | | | (ce, ) (Entered: 03/15/2006) |
| 03/15/2006 | 650 | | AFFIDAVIT OF SERVICE for Subpoena *In A Civil Case* served on Scott Lemon on March 8, 2006, filed by Defendant International Business Machines Corporation. (Donaldson, Peter) (Entered: 03/15/2006) |
| 03/17/2006 | 651 | | Stipulated MOTION for Extension of Time Discovery filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order)(Wheatley, Nathan) (Entered: 03/17/2006) |
| 03/20/2006 | 652 | | ORDER granting 651 Motion for Extension of Time of Discovery Deadlines and Dispositive Motions Deadline. Signed by Judge Brooke C. Wells on 3/20/06. (blk, ) (Entered: 03/20/2006) |
| 03/20/2006 | | | **Set/Reset Deadlines:** Motions due by 8/4/2006. (blk, ) (Entered: 03/20/2006) |
| 03/21/2006 | 653 | | Stipulated MOTION to Amend/Correct *re Briefing* filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order)(Shaughnessy, Todd) (Entered: 03/21/2006) |
| 03/22/2006 | 654 | | ORDER granting 653 Motion to Amend/Correct briefing re: # 619 Motion to Limit SCOs Claims. IBMs Reply Memo due 4/4/06. Signed by Judge Brooke C. Wells on 2/22/06. (blk, ) (Entered: 03/22/2006) |
| 03/22/2006 | 655 | | **NOTICE OF HEARING ON MOTION** re: 619 Defendant's MOTION to Limit SCO's Claims Relating to Allegedly Misused Material: Motion Hearing set for 4/14/2006 at 03:00 PM in Room 220 before Magistrate Judge Brooke C. Wells. (jwd, ) (Entered: 03/22/2006) |
| 03/22/2006 | 656 | | DOCUMENTS LODGED consisting of Order Re Briefing (an order from Magistrate Wells is already on file, see # 654 ). (blk, ) (Entered: 03/23/2006) |
| 04/04/2006 | 657 | | REPLY to Response to Motion re 619 Defendant's MOTION to Limit SCO's Claims Relating to Allegedly Misused Material filed by Defendant International Business Machines Corporation. (Attachments: # 1 # 2 # 3)(Shaughnessy, Todd) (Entered: 04/04/2006) |
| 04/04/2006 | 658 | | DECLARATION of Randall Davis re 657 Reply Memorandum/Reply to Response to Motion filed by International Business Machines Corporation. (Attachments: # 1 # 2)(Shaughnessy, Todd) (Entered: 04/04/2006) |
| 04/04/2006 | 659 | | NOTICE of REMOVING COUNSEL FROM SERVICE LIST filed by Anthony L. Marks, Mark A. Wagner.Attorney Anthony L. Marks, Mark A. Wagner will no longer receive notice from the court in this case including final judgment. (blk, ) (Entered: 04/05/2006) |
| 04/04/2006 | 660 | | **SEALED DOCUMENT** Declaration of Todd M. Shaughnessy filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 04/05/2006) |
| 04/10/2006 | 661 | | MOTION for Leave to File Declaration of Marc Rochkind filed by Plaintiff SCO Group. (blk, ) (Entered: 04/12/2006) |
| 04/12/2006 | 662 | | **AMENDED NOTICE OF HEARING ON MOTION** re: 619 Defendant's MOTION to Limit SCO's Claims Relating to Allegedly Misused Material: |

| | | | |
|---|---|---|---|
| | | | Motion Hearing previously set for 4/14/06 at 3:00 PM has been reset for 4/14/2006 at 11:00 AM in Room 220 before Magistrate Judge Brooke C. Wells. [PLEASE NOTE TIME CHANGE].(jwd, ) (Entered: 04/12/2006) |
| 04/12/2006 | 663 | | Stipulated MOTION to Amend/Correct 38 Protective Order filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order Addendum to Protective Order)(Sorenson, Amy) (Entered: 04/12/2006) |
| 04/12/2006 | 664 | | MEMORANDUM in Opposition re 661 MOTION for Leave to File Declaration of Marc Rochkind filed by Defendant International Business Machines Corporation. (Sorenson, Amy) (Entered: 04/12/2006) |
| 04/13/2006 | 665 | | REPLY to Response to Motion re 661 MOTION for Leave to File Declaration of Marc Rochkind filed by Plaintiff SCO Group. (blk, ) (Entered: 04/14/2006) |
| 04/14/2006 | 666 | | ADDENDUM TO PROTECTIVE ORDER. Signed by Judge Brooke C. Wells on 4/13/06. (ce, ) (Entered: 04/17/2006) |
| 04/14/2006 | 667 | | Minute Entry for proceedings held before Judge Brooke C. Wells : Motion hearing held on 4/14/06. Counsel for both parties present. The Court GRANTS 661 MOTION for Leave to File Declaration of Marc Rochkind filed by SCO Group. IBM is given 10 business days from the date of the hearing to respond to the Declaration of Marc Rochkind. The Court hears arguments re: 619 motion to limit SCO Group's claims. The matter is taken under advisement. Court is adjourned. Attorney for Plaintiff: Stuart Singer, Attorney for Defendant David Marriott.(Court Reporter Rebecca Janke.) (alp, ) Modified on 4/20/2006 (tsh, ). (Entered: 04/19/2006) |
| 04/14/2006 | 668 | | **SEALED DOCUMENT** Declaration of Marc Rochkind filed by Plaintiff SCO Group. (blk, ) (Entered: 04/20/2006) |
| 04/14/2006 | 669 | | REDACTION to 668 Sealed Document Declaration of Marc Rochkind by Plaintiff SCO Group. (blk, ) (Entered: 04/20/2006) |
| 04/20/2006 | 670 | | Modification of Docket: re 667 Minute Entry/Order on Motion for Leave to File. Amended text of minute entry 667. (tsh, ) (Entered: 04/20/2006) |
| 04/26/2006 | 671 | | ORDER re 633 Order on Motion to Compel, Order on Motion for Miscellaneous Relief, Motion Hearing. Follows oral order of 2/24/06. Motion for Leave to Take Certain Prospective Depositions # 607 is DENIED. Motion to Compel # 592 is DENIED, WITHOUT PREJUDICE. SCO is granted leave to file a new motion to compel no later than 3/26/06. Signed by Judge Brooke C. Wells on 4/26/06. (blk, ) (Entered: 04/26/2006) |
| 04/28/2006 | 672 | | DECLARATION of Randall Davis re 668 Sealed Document, 619 Defendant's MOTION to Limit SCO's Claims Relating to Allegedly Misused Material filed by International Business Machines Corporation, International Business Machines Corporation. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit)(Shaughnessy, Todd) (Entered: 04/28/2006) |
| 04/28/2006 | 673 | | **SEALED DOCUMENT** Rebuttal Declaration of Randall Davis re 668 Sealed Document: Declaration of Marc Rochkind filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 05/01/2006) |

| 05/01/2006 | 674 | | Stipulated MOTION to Amend/Correct *Regarding Requests for Admission* filed by Defendant International Business Machines Corporation. (Attachments: # 1)(Shaughnessy, Todd) (Entered: 05/01/2006) |
| 05/02/2006 | 675 | | ORDER granting 674 Motion to Amend/Correct Requests for Admissions. As per the parties' stipulation, the parties shall have an extension of time, to and including June 2, 2006, within which to respond to all outstanding Requests for Admission. Signed by Judge Brooke C. Wells on 5/2/2006. (mjw, ) (Entered: 05/02/2006) |
| 05/04/2006 | 676 | | Plaintiff's MOTION to Strike 672 Declaration,, 673 Sealed Document *Declaration of Randall Davis* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Hatch, Brent) (Entered: 05/04/2006) |
| 05/04/2006 | 677 | | Plaintiff's MEMORANDUM in Support re 676 Plaintiff's MOTION to Strike 672 Declaration,, 673 Sealed Document *Declaration of Randall Davis* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Hatch, Brent) (Entered: 05/04/2006) |
| 05/05/2006 | 678 | | Plaintiff's MOTION For in camera review of allegedly privileged documents filed by Plaintiff SCO Group. (James, Mark) (Entered: 05/05/2006) |
| 05/05/2006 | 679 | | Plaintiff's MEMORANDUM in Support re 678 Plaintiff's MOTION For in camera review of allegedly privileged documents filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B# 3 Errata Exhibit C# 4 Exhibit Exhibit D# 5 Exhibit Exhibit E# 6 Exhibit Exhibit F# 7 Exhibit Exhibit G# 8 Exhibit Exhibit H# 9 Exhibit Exhibit I# 10 Exhibit Exhibit J# 11 Exhibit Exhibit K# 12 Exhibit Exhibit L# 13 Exhibit Exhibit M# 14 Exhibit Exhibit N# 15 Exhibit Exhibit 1# 16 Exhibit Exhibit 2# 17 Exhibit Exhibit 3)(James, Mark) (Entered: 05/05/2006) |
| 05/10/2006 | 680 | | ORDER denying 676 Motion to Strike 673 Sealed Document, 672 Declaration, . Signed by Judge Brooke C. Wells on 5/10/06. (blk, ) (Entered: 05/10/2006) |
| 05/12/2006 | 681 | | Stipulated MOTION for Extension of Time Regarding Certain Scheduling Deadlines filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order)(Hatch, Brent) (Entered: 05/12/2006) |
| 05/15/2006 | 682 | | ORDER granting 681 Motion for Extension of Time for Certain Scheduling Deadlines. Initial Expert Reports due: 5/19/06. Opposing Expert Reports due: 6/16/06. Rebuttal Exp Reports due: 7/14/06. Final Deadline for Expert Discovery due: 7/24/06. Dispositive Motions due: 8/4/06. Oppositions to Disp Motions due: 9/8/06. Replies on Disp Motions due: 10/6/06. Signed by Judge Brooke C. Wells on 5/15/06. (blk, ) (Entered: 05/15/2006) |
| 05/22/2006 | 683 | | CERTIFICATE OF SERVICE by International Business Machines Corporation *of Expert Reports* (Shaughnessy, Todd) (Entered: 05/22/2006) |
| 05/23/2006 | 684 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 678 Plaintiff's MOTION For in camera review of allegedly privileged documents filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit 1 Proposed Order)(Sorenson, Amy) |

| | | |
|---|---|---|
| | | (Entered: 05/23/2006) |
| 05/24/2006 | 685 | ORDER granting 684 Motion for Extension of Time to File Response/Reply re 678 Plaintiff's MOTION For in camera review of allegedly privileged documents. Replies due by 5/30/2006. Signed by Judge Brooke C. Wells on 5/24/06. (blk, ) (Entered: 05/24/2006) |
| 05/24/2006 | 686 | CERTIFICATE OF SERVICE by SCO Group (Hatch, Brent) (Entered: 05/24/2006) |
| 05/30/2006 | 687 | Stipulated MOTION for Extension of Time to file its Memorandum in Opposition to SCO?s Motion for In Camera Review of Allegedly Privileged Documents filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order)(Shaughnessy, Todd) (Entered: 05/30/2006) |
| 05/31/2006 | 688 | ORDER granting 687 Motion for Extension of Time . Signed by Judge Brooke C. Wells on 5/31/06. (blk, ) (Entered: 05/31/2006) |
| 05/31/2006 | 689 | MOTION to Withdraw as Attorney filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order)(Hatch, Brent) (Entered: 05/31/2006) |
| 05/31/2006 | 690 | Stipulated MOTION for Extension of Time to Complete Discovery filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order)(Shaughnessy, Todd) (Entered: 05/31/2006) |
| 06/02/2006 | 691 | ORDER granting 690 Motion for Extension of Time to Complete Discovery. It is hereby ordered that the parties shall have an extension of time, to and including 8/4/06, within which to respond to all outstanding Requests for Admission . Signed by Judge Brooke C. Wells on 6/2/06. (blk, ) (Entered: 06/02/2006) |
| 06/02/2006 | 692 | ORDER granting 689 Motion to Withdraw as Attorney. Attorney J. Matthew Donohue withdrawn from case for SCO. . Signed by Judge Brooke C. Wells on 6/2/06. (blk, ) (Entered: 06/05/2006) |
| 06/06/2006 | 693 | MEMORANDUM in Opposition re 678 Plaintiff's MOTION For in camera review of allegedly privileged documents filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Shaughnessy, Todd) (Entered: 06/06/2006) |
| 06/08/2006 | 694 | Stipulated MOTION to Amend/Correct 466 Memorandum Decision,,, Order on Motion to Amend/Correct,,, Order on Motion to Compel,,, Order on Motion for Miscellaneous Relief,, filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit A)(Sorenson, Amy) (Entered: 06/08/2006) |
| 06/08/2006 | 695 | MOTION to Strike *Allegations in Excess of the Final Disclosures* filed by Defendant International Business Machines Corporation. (Sorenson, Amy) (Entered: 06/08/2006) |
| 06/08/2006 | 696 | MEMORANDUM in Support re 695 MOTION to Strike *Allegations in Excess of the Final Disclosures* filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Sorenson, Amy) (Entered: 06/08/2006) |

| 06/08/2006 | 697 | | REQUEST for Expedited Briefing and Hearing re 695 MOTION to Strike *Allegations in Excess of the Final Disclosures,* 696 Memorandum in Support of Motion, filed by Defendant International Business Machines Corporation. (Sorenson, Amy) (Entered: 06/08/2006) |
| --- | --- | --- | --- |
| 06/09/2006 | 698 | | MOTION to Withdraw as Attorney filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order)(Hatch, Brent) (Entered: 06/09/2006) |
| 06/12/2006 | 699 | | RESPONSE to Motion 697 Request for Expedited Briefing &Hearing re 695 MOTION to Strike *Allegations in Excess of the Final Disclosures* filed by Plaintiff SCO Group. (Hatch, Brent) Modified on 6/14/2006 by linking to correct motion/request for briefing/hearing(blk, ). (Entered: 06/12/2006) |
| 06/12/2006 | 702 | | ORDER granting 698 Motion to Withdraw as Attorney. Attorney Mark R. Clements withdrawn from case for The SCO Group. . Signed by Judge Brooke C. Wells on 6/12/06. (blk, ) (Entered: 06/13/2006) |
| 06/13/2006 | 700 | | RESPONSE re 697 Request, *for Expedited Briefing and Hearing* filed by Defendant International Business Machines Corporation. (Sorenson, Amy) (Entered: 06/13/2006) |
| 06/13/2006 | 701 | | ORDER granting 697 Request for Expedited Briefing and Hearing regarding IBMs Motion to Strike the SCO Grps Allegations in Excess of the Final Disclosures filed by International Business Machines Corporation, . SCOs opposition to motion due: 6/19/06 by 5:00 p.m. IBMs reply due: 6/26/06 by 5:00 p.m. A hearing will be held after briefing is complete. Signed by Judge Brooke C. Wells on 6/13/06. (blk, ) (Entered: 06/13/2006) |
| 06/14/2006 | 703 | | Amended ORDER granting 697 Request for Expedited Briefing and Hearing on IBMs Motion to Strike SCOs Allegations in Excess of the Final Disclosures filed by International Business Machines Corporation, Amends previous 702 Order on Motion to Withdraw as Attorney. Briefing is set as follows: SCO to file any opposition to IBMs Motion to Strike by 6/19/06 at 5:00 p.m. IBM is to file any reply by 6/26/06 at 5:00 p.m. A hearing will be held on the motion after issue is fully briefed. Signed by Judge Brooke C. Wells on 6/14/06. (blk, ) (Entered: 06/14/2006) |
| 06/14/2006 | 704 | | ORDER of Amendment to Scheduling Order Discovery due by 9/22/2006 expert. Motions due by 9/25/2006. (For other dates see order). Signed by Judge Brooke C. Wells on 6/13/06. (blk, ) (Entered: 06/14/2006) |
| 06/19/2006 | 705 | | NOTICE OF CONVENTIONAL FILING of Memorandum in Opposition to Motion to Confine SCO?s Claims to, and Strike Allegations in Excess of, the Final Disclosures filed by Plaintiff SCO Group re 695 MOTION to Strike *Allegations in Excess of the Final Disclosures* (James, Mark) (Entered: 06/19/2006) |
| 06/19/2006 | 706 | | Plaintiff's MOTION for Leave to File Excess Pages filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order)(James, Mark) (Entered: 06/19/2006) |
| 06/19/2006 | 707 | | MEMORANDUM in Opposition re 695 MOTION to Confine Claims to and to Strike *Allegations in Excess of the Final Disclosures* filed by |

| | | | |
|---|---|---|---|
| | | | Plaintiff SCO Group. (blk, ) (Entered: 06/20/2006) |
| 06/19/2006 | 708 | | EXHIBITS 12, 13, 14, 18, &19 filed by SCO Group re 707 Memorandum in Opposition to Motion. (blk, ) Additional attachment(s) added on 6/20/2006 (blk, ). (Entered: 06/20/2006) |
| 06/19/2006 | 710 | | **SEALED DOCUMENT** Sealed Exhibits re 707 Memorandum in Opposition to Motion filed by Plaintiff SCO Group. (Oversized and not scanned. Documents to remain in the clerks office sealed room for access by authorized persons only.) (blk, ) (Entered: 06/20/2006) |
| 06/20/2006 | 709 | | Modification of Docket: Error: Did not attach all of the exhibits. Correction: Attached the exhibits left off. re 708 Exhibits to Memo in Opposition. (blk, ) (Entered: 06/20/2006) |
| 06/20/2006 | 711 | | ORDER granting 706 Motion for Leave to File Excess Pages . Signed by Judge Dale A. Kimball on 6/20/06. (kmj, ) (Entered: 06/20/2006) |
| 06/20/2006 | 712 | | REPLY to Response to Motion re 678 Plaintiff's MOTION For in camera review of allegedly privileged documents filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Hatch, Brent) (Entered: 06/20/2006) |
| 06/20/2006 | 713 | | ORDER granting in part and denying in part 678 Motion In Camera Review of Allegedly Privileged Documents . Signed by Judge Brooke C. Wells on 6/20/06. (blk, ) (Entered: 06/20/2006) |
| 06/20/2006 | 714 | | **SEALED DOCUMENT** Exhibit 11, re 707 Memorandum in Opposition to Motion filed by Plaintiff SCO Group. (Clerks Note: Document oversized and not scanned. It will be retained in the clerks office sealed room for access to authorized persons only). (blk, ) (Entered: 06/21/2006) |
| 06/20/2006 | 715 | | CERTIFICATE OF SERVICE by SCO Group re 714 Sealed Document, (blk, ) (Entered: 06/21/2006) |
| 06/22/2006 | 716 | | ORDER RE SCOs MOTION FOR IN CAMERA REVIEW re 678 Plaintiff's MOTION For in camera review of allegedly privileged documents filed by SCO Group., 712 Reply Memorandum/Reply to Response to Motion filed by SCO Group. It is Ordered: IBM is to provide SCO a copy of the declarations from Sharon Dobbs and Mark Walker by 6/30/06. These declarations are to be filed with the court under seal by 6/30/06. SCO may file a reply memo in support of its motion, if it chooses, by 7/7/06 . Signed by Judge Brooke C. Wells on 6/22/06. (blk, ) (Entered: 06/22/2006) |
| 06/26/2006 | 717 | | REPLY to Response to Motion re 695 MOTION to Strike *Allegations in Excess of the Final Disclosures* filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Shaughnessy, Todd) (Entered: 06/26/2006) |
| 06/28/2006 | 718 | | ORDER granting in part 619 Motion to Limit SCOs Claims . Signed by Judge Brooke C. Wells on 6/28/06. (blk, ) Additional attachment(s) added on 6/30/2006 (rak, ). Modified on 6/30/2006 – original contained a clerical error – replaced with corrected copy per chambers (rak, ). (Entered: 06/28/2006) |

| 06/30/2006 | 719 | | Modification of Docket: Error: Original order contained a clerical error. Correction: replaced with corrected copy. re 718 Order on Motion to Limit SCOs Claims. (rak, ) (Entered: 06/30/2006) |
|---|---|---|---|
| 07/07/2006 | 720 | | REPLY to Response to Motion re 678 Plaintiff's MOTION For in camera review of allegedly privileged documents *Supplemental* filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 07/07/2006) |
| 07/13/2006 | 721 | | NOTICE OF CONVENTIONAL FILING of SCO's Objections to Order Granting In Part IBM's Motion to Limit SCO's Claims filed by Plaintiff SCO Group (Hatch, Brent) (Entered: 07/13/2006) |
| 07/13/2006 | 722 | | NOTICE OF CONVENTIONAL FILING of Declaration of Mark F. James filed by Plaintiff SCO Group (Hatch, Brent) (Entered: 07/13/2006) |
| 07/13/2006 | 723 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *Objections to Order Granting In Part IBM's Motion to Limit SCO's Claims* filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order)(Hatch, Brent) (Entered: 07/13/2006) |
| 07/13/2006 | 726 | | **SEALED DOCUMENT** SCO's Objections to Order Granting in Part IBM's Motion to Limit SCO's Claims re 718 Order on Motion for Miscellaneous Relief, filed by Plaintiff SCO Group. (Attachments: # 1 Appendix A# 2 Appendix B# 3 Appendix C# 4 Exhibit A# 5 Exhibit B# 6 Exhibit C# 7 Exhibit D)(kla, ) (Entered: 07/18/2006) |
| 07/13/2006 | 727 | | **SEALED DOCUMENT** Declaration of Mark F. James filed by Plaintiff SCO Group. (This document is not scanned as it is too large. There are 3 envelopes containing the document located in the sealed room.) (kla, ) (Entered: 07/18/2006) |
| 07/17/2006 | 724 | | REDACTION *SCO'S OBJECTIONS TO ORDER GRANTING IN PART IBM'S MOTION TO LIMIT SCO'S CLAIMS* by Plaintiff SCO Group. (Attachments: # 1 Appendix A# 2 Appendix B# 3 Appendix C# 4 Exhibit A# 5 Exhibit B# 6 Exhibit C# 7 Exhibit D)(Hatch, Brent) Modified on 7/19/2006 by linking to 718 order re: motion to limit SCO's claims (ce, ). (Entered: 07/17/2006) |
| 07/17/2006 | 725 | | REDACTION *Declaration of Mark F. James* by Plaintiff SCO Group. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 18# 19 Exhibit 19# 20 Exhibit 20# 21 Exhibit 21# 22 Exhibit 22# 23 Exhibit 23# 24 Exhibit 24# 25 Exhibit 25# 26 Exhibit 26# 27 Exhibit 27# 28 Exhibit 28# 29 Exhibit 29# 30 Exhibit 30# 31 Exhibit 31# 32 Exhibit 32# 33 Exhibit 33# 34 Exhibit 34# 35 Exhibit 35# 36 Exhibit 36# 37 Exhibit 37# 38 Exhibit 38# 39 Exhibit 39# 40 Exhibit 40# 41 Exhibit 41# 42 Exhibit 42# 43 Exhibit 43# 44 Exhibit 44# 45 Exhibit 45# 46 Exhibit 46# 47 Exhibit 47# 48 Exhibit 48# 49 Exhibit 49# 50 Exhibit 50# 51 Exhibit 51# 52 Exhibit 52# 53 Exhibit 53# 54 Exhibit 54# 55 Exhibit 55# 56 Exhibit 56# 57 Exhibit 57# 58 Exhibit 58# 59 Exhibit 59# 60 Exhibit 60# 61 Exhibit 61# 62 Exhibit 62# 63 Exhibit 63# 64 Exhibit 64# 65 Exhibit 65# 66 Exhibit 66# 67 Exhibit 67# 68 Exhibit 68# 69 Exhibit 69# 70 Exhibit 70# 71 Exhibit 71# 72 Exhibit 72# 73 Exhibit 73# 74 Exhibit 74)(Hatch, Brent) |

| | | | |
|---|---|---|---|
| | | | Modified on 7/20/2006 by linking to the original sealed Declaration # 727 (blk, ). (Entered: 07/17/2006) |
| 07/17/2006 | 728 | | ORDER granting 723 Motion for Leave to File Excess Pages . Signed by Judge Dale A. Kimball on 7/14/06.(blk, ) (Entered: 07/18/2006) |
| 07/18/2006 | 729 | | CERTIFICATE OF SERVICE by International Business Machines Corporation *of Expert Reports* (Shaughnessy, Todd) (Entered: 07/18/2006) |
| 07/18/2006 | 730 | | CERTIFICATE OF SERVICE by SCO Group *(1) Report of Dr. Thomas A. Cargill In Response to the Report and Declaration of Dr. Brian W. Kernigham; (2) Response of Dr. Jeffrey Leitzinger to the Report and Declaration of Professor J.R. Kearl; (3) Response to Report and Declaration of Professor J.R. Kearl by Christine A. Botosan, CA, Ph.D; and (4) Rebuttal to the Report and Declaration of Professor J.R. Kearl by Gary Pisano, Ph.D* (Hatch, Brent) (Entered: 07/18/2006) |
| 07/31/2006 | 731 | | Stipulated MOTION for Extension of Time Re Various Deadlines filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order)(Hatch, Brent) (Entered: 07/31/2006) |
| 08/01/2006 | 732 | | ORDER granting 731 Motion for Extension of Time on Various Deadlines. Response to Requests for Admissions due: 8/18/06. IBMs Opposition Brief due: 8/14/06. SCOs Reply Brief due: 8/28/06 . Signed by Judge Brooke C. Wells on 7/31/06.(blk, ) (Entered: 08/02/2006) |
| 08/14/2006 | 733 | | Plaintiff's MOTION to Withdraw as Attorney *Dan Filor* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order)(Hatch, Brent) (Entered: 08/14/2006) |
| 08/14/2006 | 734 | | NOTICE OF CONVENTIONAL FILING of IBM's Memorandum in Opposition to SCO's Objections to Magistrate Judge Wells' Order of June 28, 2006 and the Declaration of Todd M. Shaughnessy filed by Defendant International Business Machines Corporation (Sorenson, Amy) (Entered: 08/14/2006) |
| 08/14/2006 | 735 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *in Opposition to SCO's Objections to Magistrate Judge Wells' Order of June 28, 2006* filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order Granting Motion for Leave to File Overlength Memorandum)(Sorenson, Amy) (Entered: 08/14/2006) |
| 08/14/2006 | 736 | | SEALED Memorandum re 724 Redacted Document – SCO's Objections to Magistrate Judge Wells Order of June 28, 2006 filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. NOTE: THIS DOCUMENT IS OVERLENGTH AND HAS NOT BEEN SCANNED. IT HAS BEEN PLACED ON THE SHELF IN THE SEALED ROOM. (ce, ) (Entered: 08/15/2006) |
| 08/14/2006 | 737 | | SEALED DECLARATION of Todd M. Shaughnessy, Esq. re 736 Memorandum in Opposition to SCO's Objections to Magistrate Judge Wells Order of June 28, 2006 filed by International Business Machines Corporation. NOTE: THIS IS AN OVERLENGTH DOCUMENT AND HAS NOT BEEN SCANNED. IT HAS BEEN PLACED ON THE SHELF |

| | | | |
|---|---|---|---|
| | | | IN THE SEALED ROOM. (ce, ) (Entered: 08/15/2006) |
| 08/14/2006 | 752 | | Minute Entry for proceedings held before Judge Brooke C. Wells: Telephone Conference held on 8/14/2006. Counsel appeared via telephone. Argument was heard re: deposition of Mr. Wilson. The Court requested both parties submit three legal cases supporting their respective arguments no later than 8/16/06. The matter is taken under advisement and an order will issue. Attorney for Plaintiff: Edward Normand, Attorney for Defendant Todd Shaughnessy. (tsh, ) (Entered: 08/22/2006) |
| 08/16/2006 | 738 | | ORDER granting 735 Motion for Leave to File Excess Pages . Signed by Judge Dale A. Kimball on 8/15/06.(blk, ) (Entered: 08/16/2006) |
| 08/16/2006 | 739 | | ORDER granting 733 Motion to Withdraw as Attorney. Attorney Daniel P. Filor withdrawn from case for SCO Group. . Signed by Judge Dale A. Kimball on 8/15/06.(blk, ) (Entered: 08/16/2006) |
| 08/16/2006 | 740 | | NOTICE of IBM's Legal Authority re Otis Wilson Deposition by International Business Machines Corporation (Shaughnessy, Todd) (Entered: 08/16/2006) |
| 08/18/2006 | 741 | | Stipulated MOTION for Extension of Time Regarding Requests for Admission filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit Proposed Order)(Shaughnessy, Todd) (Entered: 08/18/2006) |
| 08/18/2006 | 742 | | NOTICE OF CONVENTIONAL FILING of IBM's Redacted Memorandun in Opposition to SCO's Objections to 7/28/06 Order and Declaration of T. Shaughnessy With Unsealed Exhibits filed by Defendant International Business Machines Corporation re 726 Sealed Document,, 724 Redacted Document, (Sorenson, Amy) (Entered: 08/18/2006) |
| 08/18/2006 | 744 | | DECLARATION of Todd M. Shaughnessy with Unsealed Exhibits filed by International Business Machines Corporation, International Business Machines Corporation. (Attachments: # 1 Exhibits 19 to 25)(kla, ) (Entered: 08/21/2006) |
| 08/18/2006 | 745 | | NOTICE of Errata by International Business Machines Corporation, International Business Machines Corporation re 744 Declaration. (kla, ) (Entered: 08/21/2006) |
| 08/18/2006 | 746 | | DECLARATION of Todd M. Shaughnessy with Unsealed Exhibits filed by International Business Machines Corporation, International Business Machines Corporation. (Attachments: # 1 Exhibit 4 through 8# 2 Exhibit 9 through 13# 3 Exhibit 14 through 19# 4 Exhibit 20 through 25)(kla, ) (Entered: 08/21/2006) |
| 08/18/2006 | 748 | | REDACTION to 736 Memorandum in Opposition to Objection to Magistrate Wells Order of 6/28/06 by Defendant International Business Machines Corporation. (Attachments: # 1 Addendum# 2 Addendum# 3 Addendum# 4 Addendum# 5 Addendum)(blk, ) (Entered: 08/21/2006) |
| 08/21/2006 | 743 | | ORDER granting 741 Motion for Extension of Time, to and including 10/13/06, within which to respond to all outstanding Requests for Admissions. Signed by Judge Brooke C. Wells on 8/21/06.(kla, ) Modified on 8/21/2006 to correct the name of the signing judge from Judge Kimball |

| | | | |
|---|---|---|---|
| | | | to Judge Wells(kla, ). (Entered: 08/21/2006) |
| 08/21/2006 | 747 | | MEMORANDUM DECISION AND ORDER – the court orders that the deposition of Mr. Wilson should go forward in the time and manner as ordered by the North Carolina court. Signed by Judge Brooke C. Wells on 8/21/06. (kla, ) (Entered: 08/21/2006) |
| 08/21/2006 | 749 | | MOTION for Admission Pro Hac Vice of John J. Brogan Registration fee $ 15, receipt number 4681013119. filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit A – Pro Hac Application# 2 Exhibit B – ECF Registration# 3 Exhibit C – Proposed Order)(Hatch, Brent) (Entered: 08/21/2006) |
| 08/21/2006 | 750 | | MOTION for Admission Pro Hac Vice of Devan V. Padmanabhan Registration fee $ 15, receipt number 4681013120. filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit A – Pro Hac Application# 2 Exhibit B – ECF Registration# 3 Exhibit C – Proposed Order)(Hatch, Brent) (Entered: 08/21/2006) |
| 08/21/2006 | 751 | | Modification of Docket: Error: When the order was originally docketed it was incorrectly docketed as being signed by Judge Kimball. Correction: changed the signing judge to Judge Wells re 743 Order on Motion for Extension of Time. (kla, ) (Entered: 08/22/2006) |
| 08/22/2006 | 753 | | ORDER granting 749 Motion for Admission Pro Hac Vice of John J. Brogan for SCO Group. *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at http://www.utd.uscourts.gov* . Signed by Judge Dale A. Kimball on 8/22/06.(blk, ) (Entered: 08/23/2006) |
| 08/22/2006 | 754 | | ORDER granting 750 Motion for Admission Pro Hac Vice of Devan V. Padmanabhan for SCO Group. *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at http://www.utd.uscourts.gov* . Signed by Judge Dale A. Kimball on 8/22/06.(blk, ) (Entered: 08/23/2006) |
| 08/23/2006 | 755 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 736 Memorandum (NOT to motion), Memorandum (NOT to motion) *Stpulated Motion fo Extend Time fo File Reply* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order Proposed Order)(Hatch, Brent) (Entered: 08/23/2006) |
| 08/24/2006 | 756 | | ORDER granting 755 Motion for Extension of Time to File Response/Reply to Memo in Opposition to Objections re: Magistrates Order of 6/28/06. Replies due by 9/5/2006. Signed by Judge Brooke C. Wells on 8/24/06.(blk, ) (Entered: 08/24/2006) |
| 08/31/2006 | 757 | | CERTIFICATE OF SERVICE by International Business Machines Corporation *of Expert Reports* (Shaughnessy, Todd) (Entered: 08/31/2006) |
| 08/31/2006 | 758 | | CERTIFICATE OF SERVICE by SCO Group (Hatch, Brent) (Entered: 08/31/2006) |
| 09/01/2006 | 759 | | ORDER &MEMORANDUM DECISION RE: Alleged Privileged Documents. Signed by Judge Brooke C. Wells on 9/1/06 (alt) (Entered: 09/01/2006) |

| 09/05/2006 | 760 | | ORDER &MEMORANDUM DECISION RE: Alleged Privileged Documents. Signed by Judge Brooke C. Wells on 9/1/06. (Clerks Note: Supersedes document # 759 Order &Memorandum Decision).(blk, ) (Entered: 09/05/2006) |
|---|---|---|---|
| 09/05/2006 | 761 | | Mail Returned as Undeliverable. Mail sent to Frederick S. Frei (djs, ) (Entered: 09/05/2006) |
| 09/05/2006 | 762 | | NOTICE OF CONVENTIONAL FILING of Reply Memorandum filed by Plaintiff SCO Group, Counter Defendant SCO Group re 721 Notice of Conventional Filing (Hatch, Brent) (Entered: 09/06/2006) |
| 09/06/2006 | 763 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *Reply Memorandum* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1)(Hatch, Brent) (Entered: 09/06/2006) |
| 09/06/2006 | 764 | | NOTICE OF CONVENTIONAL FILING of Reply Memorandum and Declaration of BOH with Exhibits filed by Plaintiff SCO Group, Counter Defendant SCO Group *Corrected Caption of Docket 762* (Hatch, Brent) (Entered: 09/06/2006) |
| 09/06/2006 | 765 | | **SEALED DOCUMENT** Reply Memorandum in Support of 726 724 Objections to Order granting in part IBMs motion to limit SCOs claims, filed by Plaintiff SCO Group. (blk, ) Additional attachment(s) added on 9/7/2006 (blk, ). Modified on 3/22/2007 –sealed the additional documents(rak). (Entered: 09/07/2006) |
| 09/06/2006 | 766 | | **SEALED DOCUMENT**DECLARATION of Brent O. Hatch re 765 Reply Memorandum in Support of Objections to Order filed by Plaintiff SCO Group. (blk, ) (Entered: 09/07/2006) |
| 09/07/2006 | 767 | | Mail Returned as Undeliverable. Mail sent to Frederick S. Frei (djs, ) (Entered: 09/07/2006) |
| 09/07/2006 | 768 | | ORDER granting 763 Motion for Leave to File Excess Pages . Signed by Judge Dale A. Kimball on 9/7/06.(blk, ) (Entered: 09/08/2006) |
| 09/14/2006 | 769 | | MOTION to Withdraw as Attorney *Scott Gant* filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order)(Hatch, Brent) (Entered: 09/14/2006) |
| 09/15/2006 | 770 | | ORDER granting 769 Motion to Withdraw as Attorney. Attorney Scott Gant withdrawn from case for SCO. . Signed by Judge Dale A. Kimball on 9/15/06.(blk, ) (Entered: 09/15/2006) |
| 09/18/2006 | 771 | | **NOTICE OF MISCELLANEOUS HEARING**: (Notice generated by Kim Jones) Miscellaneous Hearing re: SCO's objections to Magistrate Judge order set for 10/24/2006 10:00 AM in Room 220. (kmj, ) (Entered: 09/18/2006) |
| 09/25/2006 | 772 | | NOTICE OF CONVENTIONAL FILING of Exhibits to SCO's Memorandum in Support of SCO's Motion for Partial Summary Judgment on SCO's Third Cause of Action for Breach of Contract filed by Plaintiff SCO Group (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 773 | | MOTION for Leave to File Additional Declarations *in Support of Motions* |

| | | | |
|---|---|---|---|
| | | | *for Summary Judgment* filed by Defendant International Business Machines Corporation. (Attachments: #_1 Text of Proposed Order)(Shaughnessy, Todd) (Entered: 09/25/2006) |
| 09/25/2006 | 774 | | DECLARATION of Todd M. Shaughnessy *Supplemental* filed by International Business Machines Corporation. (Attachments: #_1 Exhibit 598#_2 Exhibit 599)(Shaughnessy, Todd) (Entered: 09/25/2006) |
| 09/25/2006 | 775 | | MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract* filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 776 | | MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims* filed by Counter Defendant SCO Group. (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 777 | | MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims* filed by Counter Defendant SCO Group. (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 778 | | MOTION for Relief for IBM's Spoliation of Evidence filed by Plaintiff SCO Group. (Attachments: #_1 Text of Proposed Order SCO's Motion for Spoliation)(Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 779 | | NOTICE OF CONVENTIONAL FILING of Memoranda in Support of Summary Judgment and Declaration filed by Defendant International Business Machines Corporation (Sorenson, Amy) (Entered: 09/25/2006) |
| 09/25/2006 | 780 | | MOTION for Summary Judgment *on SCO's Contract Claims* filed by Defendant International Business Machines Corporation. (Attachments: #_1 Text of Proposed Order)(Sorenson, Amy) (Entered: 09/25/2006) |
| 09/25/2006 | 781 | | MOTION for Summary Judgment *on SCO's Copyright Claim* filed by Defendant International Business Machines Corporation. (Attachments: #_1 Text of Proposed Order)(Sorenson, Amy) (Entered: 09/25/2006) |
| 09/25/2006 | 782 | | MOTION for Partial Summary Judgment *on SCO's Unfair Competition Claim* filed by Defendant International Business Machines Corporation. (Attachments: #_1 Text of Proposed Order)(Sorenson, Amy) Modified on 2/5/2016: updated motion relief (alt) (Entered: 09/25/2006) |
| 09/25/2006 | 783 | | MOTION for Summary Judgment *on SCO's Interference Claims* filed by Defendant International Business Machines Corporation. (Attachments: #_1 Text of Proposed Order)(Sorenson, Amy) (Entered: 09/25/2006) |
| 09/25/2006 | 784 | | MOTION for Summary Judgment *on IBM's Eighth Counterclaim* filed by Defendant International Business Machines Corporation. (Attachments: #_1 Text of Proposed Order)(Sorenson, Amy) (Entered: 09/25/2006) |
| 09/25/2006 | 785 | | MOTION for Summary Judgment *on IBM's Tenth Counterclaim* filed by Defendant International Business Machines Corporation. (Attachments: #_1 Text of Proposed Order)(Sorenson, Amy) (Entered: 09/25/2006) |
| 09/25/2006 | 786 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *on IBM's Memorandum in Support of Summary Judgment on SCO's Contract Claims* filed by Defendant International Business Machines Corporation. |

| | | | |
|---|---|---|---|
| | | | (Attachments: #_1 Text of Proposed Order)(Sorenson, Amy) (Entered: 09/25/2006) |
| 09/25/2006 | 787 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *on IBM's Memorandum in Support of Summary Judgment on SCO's Unfair Competition Claim* filed by Defendant International Business Machines Corporation. (Attachments: #_1 Text of Proposed Order)(Sorenson, Amy) (Entered: 09/25/2006) |
| 09/25/2006 | 788 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *on IBM's Memorandum in Support of Summary Judgment on SCO's Interference Claims* filed by Defendant International Business Machines Corporation. (Attachments: #_1 Text of Proposed Order)(Sorenson, Amy) (Entered: 09/25/2006) |
| 09/25/2006 | 789 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *on IBM's Memorandum in Support of Summary Judgment on IBM's Tenth Counterclaim* filed by Defendant International Business Machines Corporation. (Attachments: #_1 Text of Proposed Order)(Sorenson, Amy) (Entered: 09/25/2006) |
| 09/25/2006 | 790 | | NOTICE OF CONVENTIONAL FILING of MEMORANDUM IN SUPPORT OF SCO?S MOTION FOR RELIEF FOR IBM?S SPOLIATION OF EVIDENCE AND EXHIBITS THERETO filed by Plaintiff SCO Group (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 791 | | NOTICE OF CONVENTIONAL FILING of NOTICE OF CONVENTIONAL FILING OF EXHIBITS TO SCO?S MEMORANDUM IN SUPPORT OF SCO?S MOTION FOR PARTIAL SUMMARY JUDGMENT ON IBM?S SIXTH, SEVENTH, AND EIGHTH COUNTERCLAIMS filed by Plaintiff SCO Group (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 792 | | NOTICE OF CONVENTIONAL FILING of MEMORANDUM IN SUPPORT OF SCO?S MOTION FOR PARTIAL SUMMARY ON IBM?S SECOND, THIRD, FOURTH AND FIFTH COUNTERCLAIMS AND EXHIBITS THERETO filed by Plaintiff SCO Group (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 793 | | NOTICE OF CONVENTIONAL FILING of MEMORANDUM IN SUPPORT OF SCO?S MOTION FOR PARTIAL SUMMARY ON SCO?S THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT filed by Plaintiff SCO Group (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 794 | | MEMORANDUM in Support re_777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims* filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 795 | | EXHIBITS filed by SCO Group re_794 Memorandum in Support of Motion. (Attachments: #_1 Exhibit Unpublished Decisions in Support of Memorandum#_2 Exhibit Exhibit A in Support of MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON IBM?S SIXTH, SEVENTH AND EIGHTH COUNTERCLAIMS#_3 Exhibit Exhibit B MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON IBM?S SIXTH, SEVENTH AND EIGHTH |

| | | | |
|---|---|---|---|
| | | | COUNTERCLAIMS# 4 Exhibit Exhibit E MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON IBM?S SIXTH, SEVENTH AND EIGHTH COUNTERCLAIMS)(Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 796 | | DECLARATION of Brent O. Hatch re 790 Notice of Conventional Filing *regarding exhibits to SCO's Memorandum for Relief for IBM's Soliation of Evidence* filed by SCO Group. (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 797 | | DECLARATION of Brent O. Hatch re 792 Notice of Conventional Filing *regarding Exhibits of SCO's Memorandum in Support of Motion for Summary Judgment on IBM's Second, Third, Fourth, and Fifth Counterclaims* filed by SCO Group. (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 798 | | DECLARATION of Brent O. Hatch re 793 Notice of Conventional Filing *regarding Exhibits to SCO's Memorandum in Support of Motion for Summary Judgment on SCO's Third Cause of Action for Breach of Contracts* filed by SCO Group. (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 799 | | DECLARATION of Brent O. Hatch re 791 Notice of Conventional Filing *regarding Exhibits to SCO's Memorandum in Support of Motion for Summary Judgment on IBM's Sixth, Seventh and Eighth Counterclaims* filed by SCO Group. (Hatch, Brent) (Entered: 09/25/2006) |
| 09/25/2006 | 801 | | **SEALED DOCUMENT**MEMORANDUM IN SUPPORT re 784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim* filed by Counter Claimant International Business Machines Corporation. (blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 802 | | **SEALED DOCUMENT** MEMORANDUM IN SUPPORT re 780 MOTION for Summary Judgment *on SCO's Contract Claims* filed by Defendant International Business Machines Corporation. (Attachments: # 1 2nd Half of Document)(blk, ) NOTE: Exhibits are oversized and were submitted on CD. The CD will be retained with this document in the sealed room. (Entered: 09/25/2006) |
| 09/25/2006 | 803 | | **SEALED DOCUMENT** MEMORANDUM IN SUPPORT re 783 MOTION for Summary Judgment *on SCO's Interference Claims* filed by Defendant International Business Machines Corporation. NOTE: Exhibits are oversized and were submitted on CD. The CD will be retained with the document in the sealed room. (blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 804 | | **SEALED DOCUMENT** DECLARATION of Todd Shaughnessy re 785 MOTION for Summary Judgment *on IBM's Tenth Counterclaim*, 784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim*, 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim*, 783 MOTION for Summary Judgment *on SCO's Interference Claims*, 780 MOTION for Summary Judgment *on SCO's Contract Claims*, 781 MOTION for Summary Judgment *on SCO's Copyright Claim* filed by Defendant International Business Machines Corporation. (blk, ) NOTE: Addendum is oversized and was submitted on CD. The CD will be retained with the document in the sealed room. (Entered: 09/27/2006) |
| 09/25/2006 | 805 | | **SEALED DOCUMENT** MEMORANDUM IN SUPPORT re 785 MOTION for Summary Judgment *on IBM's Tenth Counterclaim* filed by |

| | | | |
|---|---|---|---|
| | | | Counter Claimant International Business Machines Corporation. NOTE: Exhibits are oversized and were submitted on CD. The CD will be retained with the document in the sealed room. (blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 806 | | **SEALED DOCUMENT** MEMORANDUM IN SUPPORT re 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim* filed by Defendant International Business Machines Corporation. NOTE: Exhibits are oversized and were submitted on CD. The CD will be retained with the document in the sealed room. (blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 807 | | **SEALED DOCUMENT**MEMORANDUM IN SUPPORT re 781 MOTION for Summary Judgment *on SCO's Copyright Claim* filed by Defendant International Business Machines Corporation. NOTE: Exhibits are oversized and were submitted as a CD. The CD will be retained with the document in the sealed room. (blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 808 | | **SEALED DOCUMENT** MEMORANDUM IN SUPPORT re 778 MOTION for Relief for IBM's Spoliation of Evidence filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit 1–B# 2 Exhibit C–J)(blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 809 | | **SEALED DOCUMENT** Exhibit A re 794 Memorandum in Support of Motion, 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims* filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 810 | | **SEALED DOCUMENT** MEMORANDUM IN SUPPORT re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims* filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit 1–4# 2 Exhibit 5–7)(blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 811 | | **SEALED DOCUMENT** MEMORANDUM IN SUPPORT re 775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract* filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 812 | | **SEALED DOCUMENT**Exhibits to 810 Sealed Memo in support re 775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract*, 810 Sealed Document filed by Defendant International Business Machines Corporation. NOTE: Exhibits are oversized and not scanned into an image. They will be retained in the sealed room. (blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 813 | | **SEALED DOCUMENT** Exhibits (pt. 1 of 5) to 810 Sealed Memo in Support re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims*, 810 Sealed Document, filed by Counter Claimant International Business Machines Corporation. (blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 814 | | **SEALED DOCUMENT** Exhibits (pt 2 of 5) to 810 Memo in Support re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims*, 810 Sealed Document, filed by Counter Claimant International Business Machines Corporation. (blk, ) NOTE: Oversized – no image. Retained in sealed room. (Entered: 09/27/2006) |

| 09/25/2006 | 815 | | **SEALED DOCUMENT** Exhibits (pt 3 of 5) to 810 Memo in Support re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims*, 810 Sealed Document, filed by Counter Claimant International Business Machines Corporation. NOTE: Oversized – no image. Retained in sealed room. (blk, ) (Entered: 09/27/2006) |
| 09/25/2006 | 816 | | **SEALED DOCUMENT** Exhibits (pt. 4 of 5) to 810 Sealed Memo in Support re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims*, 810 Sealed Document, filed by Counter Claimant International Business Machines Corporation. (blk, ) NOTE: Oversized – no image. Retained in sealed room. (Entered: 09/27/2006) |
| 09/25/2006 | 817 | | **SEALED DOCUMENT** Exhibits (pt. 5 of 5) to 810 Sealed Memo in Support re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims*, 810 Sealed Document, filed by Counter Claimant International Business Machines Corporation. NOTE: Oversized – no image. Retained in sealed room. (blk, ) (Entered: 09/27/2006) |
| 09/26/2006 | 800 | | **DOCKET TEXT ORDER** Granting 773 Motion for Leave to File Additional Declarations, <br><br> Granting 786 Motion for Leave to File Excess Pages, <br><br> Granting 787 Motion for Leave to File Excess Pages, <br><br> Granting 788 Motion for Leave to File Excess Pages, and <br><br> Granting 789 Motion for Leave to File Excess Pages. <br><br> So ordered by Judge Brooke C. Wells on 9/26/06. Please note no attached document. (mjw, ) (Entered: 09/26/2006) |
| 09/27/2006 | 818 | | NOTICE OF CONVENTIONAL FILING of IBM's Memorandum in Support of Summary Judgment on SCO's Unfair Competition Claim filed by Defendant International Business Machines Corporation re 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim* (Sorenson, Amy) (Entered: 09/27/2006) |
| 09/27/2006 | 819 | | MEMORANDUM in Support re 778 MOTION for Relief for IBM's Spoliation of Evidence *(Redacted version of Memorandum filed under seal)* filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit A# 5 Exhibit B# 6 Exhibit C# 7 Exhibit D# 8 Exhibit E# 9 Exhibit F# 10 Exhibit G# 11 Exhibit H# 12 Exhibit I# 13 Exhibit J)(Hatch, Brent) (Entered: 09/27/2006) |
| 09/27/2006 | 820 | | MEMORANDUM in Support re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims (Redacted version of Memorandum previously filed under seal)* filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit O# 16 Exhibit P# 17 Exhibit Q# 18 Exhibit R)(Hatch, Brent) (Entered: 09/27/2006) |

| 09/27/2006 | 821 | | MEMORANDUM in Support re 775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract (Redacted version of Memorandum previously filed under seal)* filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit A# 6 Exhibit B# 7 Exhibit C# 8 Exhibit D# 9 Exhibit E# 10 Exhibit F# 11 Exhibit G# 12 Exhibit H# 13 Exhibit I# 14 Exhibit J# 15 Errata K# 16 Exhibit L# 17 Exhibit M# 18 Exhibit N# 19 Exhibit O# 20 Exhibit P# 21 Exhibit Q# 22 Exhibit R# 23 Exhibit S# 24 Exhibit T# 25 Exhibit U# 26 Exhibit V)(Hatch, Brent) (Entered: 09/27/2006) |
| 09/27/2006 | 822 | | REPLY to Response to Motion re 723 Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *Objections to Order Granting In Part IBM's Motion to Limit SCO's Claims (Redacted version of Reply Memorandum previously filed under seal re:* 726 *Objections to Order Granting in Part IBM's Motion to Limit SCO's Claims)* filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M)(Hatch, Brent) (Entered: 09/27/2006) |
| 09/27/2006 | 823 | | MOTION for Admission Pro Hac Vice of Roger G. Brooks Registration fee $ 15, receipt number 4681013770. Fee Status: paid. filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (blk, ) (Entered: 09/28/2006) |
| 09/27/2006 | 824 | | **SEALED DOCUMENT** MEMORANDUM IN SUPPORT re 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim* filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit A–E# 2 Exhibit F–J)(blk, ) (Entered: 09/28/2006) |
| 09/29/2006 | 825 | | ORDER granting 823 Motion for Admission Pro Hac Vice of Roger G. Brooks for International Business Machines Corporation. *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at http://www.utd.uscourts.gov* . Signed by Judge Dale A. Kimball on 9/29/06.(blk, ) (Entered: 09/29/2006) |
| 09/29/2006 | 826 | | MEMORANDUM in Support re 784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim for Copyright Infringement* filed by Defendant International Business Machines Corporation. (Shaughnessy, Todd) (Entered: 09/29/2006) |
| 09/29/2006 | 827 | | DECLARATION of Todd M. Shaughnessy *(Second Supplemental)* filed by International Business Machines Corporation. (Attachments: # 1 Exhibit Exhibit 600)(Shaughnessy, Todd) (Entered: 09/29/2006) |
| 09/29/2006 | 828 | | MEMORANDUM in Support re 783 MOTION for Summary Judgment *on SCO's Interference Claims (Redacted Version)* filed by Defendant International Business Machines Corporation. (Shaughnessy, Todd) (Entered: 09/29/2006) |
| 09/29/2006 | 829 | | MEMORANDUM in Support re 781 MOTION for Summary Judgment *on SCO's Copyright Claim (Redacted Version)* filed by Defendant International Business Machines Corporation. (Shaughnessy, Todd) (Entered: 09/29/2006) |

| 09/29/2006 | 830 | | MEMORANDUM in Support re 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim (Redacted Version)* filed by Defendant International Business Machines Corporation. (Shaughnessy, Todd) (Entered: 09/29/2006) |
|---|---|---|---|
| 09/29/2006 | 831 | | NOTICE OF CONVENTIONAL FILING of IBM's Redacted Memorandum in Support of its Motion for Summary Judgment on SCO's Contract Claims (SCO's First, Second, Third and Fourth Causes of Action) and IBM's Redacted Memorandum in Support of its Motion for Summary Judgment on its Claim for Declaratory Judgment of Non–Infringement (IBM's Tenth Counterclaim) filed by Defendant International Business Machines Corporation (Shaughnessy, Todd) (Entered: 09/29/2006) |
| 09/29/2006 | 832 | | REDACTION to 802 Sealed Memorandum in Support of 780 Motion for Summary Jgm on SCOs Contract Claims, by Defendant International Business Machines Corporation. (blk, ) Additional attachment(s) added on 10/2/2006 (blk, ). (Entered: 10/02/2006) |
| 10/02/2006 | 833 | | Modification of Docket: Error: Did not attach 2nd half of the document pdf. Correction: Added second half of document. re 832 Redacted Document. (blk, ) (Entered: 10/02/2006) |
| 10/04/2006 | 834 | | NOTICE OF CONVENTIONAL FILING of Declaration of Todd M. Shaughnessy With Unsealed or Redacted Exhibits filed by Defendant International Business Machines Corporation (Sorenson, Amy) (Entered: 10/04/2006) |
| 10/04/2006 | 835 | | REDACTION to 804 Sealed Declaration of Todd M. Shaughnessy by Defendant International Business Machines Corporation. (CLERKS NOTE: The exhibits are too extensive to attach and were submitted on DVD. They will be retained in the clerks office for public access.) (blk, ) (Entered: 10/04/2006) |
| 10/05/2006 | 836 | | Amended MEMORANDUM in Support re 783 MOTION for Summary Judgment *on SCO's Interference Claims (Redacted Version)* filed by Defendant International Business Machines Corporation. (Shaughnessy, Todd) (Entered: 10/05/2006) |
| 10/11/2006 | 837 | | Stipulated MOTION for Extension of Time re Various Deadlines filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order)(Shaughnessy, Todd) (Entered: 10/11/2006) |
| 10/12/2006 | 838 | | REDACTION to 805 Sealed Memo in Support of Summary Jgm re: 10th counterclaim, by Defendant International Business Machines Corporation. (blk, ) Additional attachment(s) added on 10/13/2006 (blk, ). (Entered: 10/13/2006) |
| 10/18/2006 | 839 | | Stipulated MOTION for Extension of Time re Deadlines filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order)(Shaughnessy, Todd) (Entered: 10/18/2006) |
| 10/19/2006 | 840 | | ORDER granting 839 Motion for Extension of Time regarding deadlines . Signed by Judge Dale A. Kimball on 10/19/06.(blk, ) (Entered: 10/19/2006) |
| 10/20/2006 | 841 | | NOTICE OF CONVENTIONAL FILING of SCO?S MOTION FOR A PROTECTIVE ORDER REGARDING DR. JEFFREY LEITZINGER?S |

| | | | |
|---|---|---|---|
| | | | PERSONAL FINANCIAL INFORMATION AND CERTIFICATE OF COMPLIANCE WITH RULE 37(c), EXHIBITS THERETO, and PROPOSED ORDER filed by Plaintiff SCO Group, Counter Defendant SCO Group (Hatch, Brent) (Entered: 10/20/2006) |
| 10/24/2006 | 843 | | **NOTICE OF HEARING ON MOTION** re: 695 MOTION to Strike *Allegations in Excess of the Final Disclosures*: Motion Hearing set for 11/15/2006 10:30 AM in Room 220 before Magistrate Judge Brooke C. Wells. (jwd, ) (Entered: 10/24/2006) |
| 10/24/2006 | 844 | | Minute Entry for proceedings held before Judge Dale A. Kimball : Miscellaneous Hearing re: pla's objections to Magistrate Judge Wells' order held on 10/24/2006. After hearing the arguments of counsel, the Court took the matter under advisement. After discussion with the attorneys, the Court vacated the trial date of 2/26/07 to allow time for the pending motions to be briefed, heard, and decided prior to trial.Attorneys for Plaintiff: Stuart Singer, Mark James, Sashi Boruchow; Attorneys for Defendant: David Marriott, Todd Shaughnessey, Michael Burke, Wing Chiu. Court Reporter: Becky Janke. (kmj, ) (Entered: 10/24/2006) |
| 10/24/2006 | | | Deadlines/Hearings terminated: Jury trial set for 2/26/07 is stricken from the calendar. (kmj, ) (Entered: 10/24/2006) |
| 10/26/2006 | 845 | | MOTION for Protective Order *Regarding Dr. Jeffrey Leitzinger's Personal Financial Information and Certificate of Compliance with Rule 37(c) FILED IN REDACTED FORM (Originally Filed Under Seal)* filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 10/26/2006) |
| 11/01/2006 | 846 | | Joint MOTION for Extension of Time to File Opposition to Summary Judgment Motions filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order # 2 Text of Proposed Order)(Hatch, Brent) (Entered: 11/01/2006) |
| 11/01/2006 | 847 | | RESPONSE to Motion re 846 Joint MOTION for Extension of Time to File Opposition to Summary Judgment Motions *and Cross−Motion for Extension of Time* filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Exhibit A# 2 Text of Proposed Order)(Shaughnessy, Todd) (Entered: 11/01/2006) |
| 11/07/2006 | 848 | | NOTICE OF CONVENTIONAL FILING of IBM's Memorandum in Opposition to SCO's Motion for a Protective Order filed by Defendant International Business Machines Corporation re 845 MOTION for Protective Order *Regarding Dr. Jeffrey Leitzinger's Personal Financial Information and Certificate of Compliance with Rule 37(c) FILED IN REDACTED FORM (Originally Filed Under Seal)* (Shaughnessy, Todd) (Entered: 11/07/2006) |
| 11/07/2006 | 849 | | Stipulated MOTION for Extension of Time re Deadlines filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order)(Shaughnessy, Todd) (Entered: 11/07/2006) |
| 11/07/2006 | 851 | | **\*\*SEALED DOCUMENT\*\*** MEMORANDUM IN OPPOSITION to 842 Sealed Motion &to 845 MOTION for Protective Order *Regarding Dr. Jeffrey Leitzinger's Personal Financial Information and Certificate of* |

| | | | |
|---|---|---|---|
| | | | *Compliance with Rule 37(c) FILED IN REDACTED FORM (Originally Filed Under Seal)* filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/08/2006) |
| 11/08/2006 | 850 | | Mail Returned as Undeliverable. Mail sent to Frederick S. Frei (djs, ) (Entered: 11/08/2006) |
| 11/08/2006 | 852 | | MEMORANDUM in Opposition re 845 MOTION for Protective Order *Regarding Dr. Jeffrey Leitzinger's Personal Financial Information and Certificate of Compliance with Rule 37(c) FILED IN REDACTED FORM (Originally Filed Under Seal) (REDACTED MEMORANDUM)* filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)(Shaughnessy, Todd) (Entered: 11/08/2006) |
| 11/08/2006 | 853 | | ORDER granting 849 Motion for Extension of Time regarding deadlines. Signed by Judge Dale A. Kimball on 11/8/06.(blk, ) (Entered: 11/08/2006) |
| 11/09/2006 | 854 | | **NOTICE OF HEARING ON MOTION** re: 695 MOTION to Strike *Allegations in Excess of the Final Disclosures*: Motion Hearing previously set for 11/15/06 at 10:30 a.m. has been reset for 11/30/2006 at 03:30 PM in Room 102 before Magistrate Judge Brooke C. Wells. [This hearing has been reset pursuant to the parties request and agreement] (jwd, ) (Entered: 11/09/2006) |
| 11/10/2006 | 855 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *re Memorandum in Support of IBM's Opposition to SCO's Motion Regarding Spoilation* filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order)(Shaughnessy, Todd) (Entered: 11/10/2006) |
| 11/10/2006 | 856 | | NOTICE OF CONVENTIONAL FILING of (1) Declaration of Todd M. Shaughnessy; (2) IBM's Memorandum in Opposition to SCO's Motion Regarding Spoliation; (3) IBM's Memorandum in Opposition to SCO's Motion for Partial Summary Judgment on SCO's Third Cause of Action, for Breach of Contract; (4) IBM's Memorandum in Opposition to SCO's Motion for Summary Judgment on IBM's Sixth, Seventh and Eighth Counterclaims; and (5) IBM's Memorandum in Opposition to SCO's Motion for Partial Summary Judgment on IBM's Second, Third, Fourth and Fifth Counterclaims filed by Defendant International Business Machines Corporation re 775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract*, 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims*, 778 MOTION for Relief for IBM's Spoliation of Evidence, 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims* (Shaughnessy, Todd) (Entered: 11/10/2006) |
| 11/10/2006 | 863 | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION re 775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract* filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/15/2006) |
| 11/10/2006 | 864 | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION re 778 MOTION for Relief for IBM's Spoliation of Evidence filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/15/2006) |

| 11/10/2006 | 865 | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims* filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/15/2006) |
|---|---|---|---|
| 11/10/2006 | 866 | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION re 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims* filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/15/2006) |
| 11/10/2006 | 867 | | **SEALED DOCUMENT** DECLARATION of Todd M. Shaughnessy filed by Defendant International Business Machines Corporation. (blk, ) (Entered: 11/15/2006) |
| 11/11/2006 | 857 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order)(Hatch, Brent) (Entered: 11/11/2006) |
| 11/11/2006 | 858 | | NOTICE OF CONVENTIONAL FILING of Opposition Memoranda and Declaration of Brent O. Hatch filed by Plaintiff SCO Group, Counter Defendant SCO Group (Hatch, Brent) (Entered: 11/11/2006) |
| 11/11/2006 | 861 | | **SEALED DOCUMENT**MEMORANDUM IN OPPOSITION re 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim* filed by Plaintiff SCO Group. (blk, ) (Entered: 11/15/2006) |
| 11/11/2006 | 862 | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION re 233 Motion for Partial Summary Judgment RE: IBMs 8th Counterclaim – Copyright Infringement, filed by Plaintiff SCO Group. (blk, ) (Entered: 11/15/2006) |
| 11/11/2006 | 868 | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION re 783 MOTION for Summary Judgment *on SCO's Interference Claims* filed by Plaintiff SCO Group. (Attachments: # 1 2nd half of document)(blk, ) Modified on 11/15/2006 to correct file date (blk, ). (Entered: 11/15/2006) |
| 11/11/2006 | 869 | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION re 781 MOTION for Summary Judgment *on SCO's Copyright Claim* filed by Plaintiff SCO Group. (Attachments: # 1 2nd half of document)(blk, ) (Entered: 11/15/2006) |
| 11/11/2006 | 870 | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION part 1 re 785 MOTION for Summary Judgment *on IBM's Tenth Counterclaim* filed by Plaintiff SCO Group. (blk, ) (Entered: 11/15/2006) |
| 11/11/2006 | 871 | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION part 2 re 785 MOTION for Summary Judgment *on IBM's Tenth Counterclaim* filed by Plaintiff SCO Group. CLERKS NOTE: Oversized document not attached as a pdf image. It will be retained in the sealed room.(blk, ) (Entered: 11/15/2006) |
| 11/11/2006 | 872 | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION part 1 of 4 re 780 MOTION for Summary Judgment *on SCO's Contract Claims* filed by Plaintiff SCO Group. (blk, ) (Entered: 11/15/2006) |
| 11/11/2006 | 873 | | |

| | | |
|---|---|---|
| | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION part 3 of 4 re 780 MOTION for Summary Judgment *on SCO's Contract Claims* filed by Plaintiff SCO Group. (Attachments: # 1 2nd half of document)(blk, ) Modified on 11/15/2006 (blk, ). (Entered: 11/15/2006) |
| 11/11/2006 | 874 | **SEALED DOCUMENT** Memorandum in Opposition part 2 of 4 re 780 MOTION for Summary Judgment *on SCO's Contract Claims* filed by Plaintiff SCO Group. (blk, ) (Entered: 11/15/2006) |
| 11/11/2006 | 875 | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION part 4 of 4 re 780 MOTION for Summary Judgment *on SCO's Contract Claims* filed by Plaintiff SCO Group. (blk, ) (Entered: 11/15/2006) |
| 11/11/2006 | 876 | **SEALED DOCUMENT** DECLARATION of Brent O. Hatch filed by Plaintiff SCO Group. (blk, ) (Entered: 11/15/2006) |
| 11/13/2006 | 859 | ORDER granting 855 Motion for Leave to File Excess Pages. Signed by Judge Dale A. Kimball on 11/13/06 (alt) (Entered: 11/13/2006) |
| 11/13/2006 | 860 | ORDER granting 857 Motion for Leave to File Excess Pages. Signed by Judge Dale A. Kimball on 11/13/06 (alt) (Entered: 11/14/2006) |
| 11/17/2006 | 877 | NOTICE OF CONVENTIONAL FILING of Reply in Support of Motion for a Protective Order Regarding Dr. Jeffrey Leitzinger's Personal Financial Information filed by Plaintiff SCO Group (James, Mark) (Entered: 11/17/2006) |
| 11/17/2006 | 878 | **SEALED DOCUMENT** REPLY IN SUPPORT re 842 SEALED MOTION for Protective Order re Dr. Jeffrey Leitzingers Personal Financial Information filed by Plaintiff SCO Group. (blk, ) (Entered: 11/20/2006) |
| 11/21/2006 | 879 | MEMORANDUM in Opposition re 778 MOTION for Relief for IBM's Spoliation of Evidence *(REDACTED VERSION)* filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit O# 16 Exhibit P)(Shaughnessy, Todd) (Entered: 11/21/2006) |
| 11/22/2006 | 880 | DECLARATION of Todd M. Shaughnessy *(REDACTED VERSION)* filed by International Business Machines Corporation. (Attachments: # 1 Exhibit 601# 2 Exhibit 602# 3 Exhibit 603# 4 Exhibit 604# 5 Exhibit 605# 6 Exhibit 606# 7 Exhibit 607# 8 Exhibit 608# 9 Exhibit 609# 10 Exhibit 610# 11 Exhibit 611# 12 Exhibit 612# 13 Exhibit 613# 14 Exhibit 614# 15 Exhibit 615# 16 Exhibit 616# 17 Exhibit 617# 18 Exhibit 618)(Shaughnessy, Todd) (Entered: 11/22/2006) |
| 11/22/2006 | 881 | MEMORANDUM in Opposition re 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims (REDACTED VERSION)* filed by Defendant International Business Machines Corporation. (Shaughnessy, Todd) (Entered: 11/22/2006) |
| 11/22/2006 | 882 | MEMORANDUM in Opposition re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims (REDACTED VERSION)* filed by Defendant International Business Machines Corporation. (Shaughnessy, Todd) (Entered: 11/22/2006) |

| 11/22/2006 | 883 | | MEMORANDUM in Opposition re 775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract (REDACTED VERSION)* filed by Defendant International Business Machines Corporation. (Shaughnessy, Todd) (Entered: 11/22/2006) |
| --- | --- | --- | --- |
| 11/29/2006 | 884 | | ORDER re 539 Objections to Magistrates Order Granting in Part IBMs Motion to Limit SCOs Claims filed by SCO Group. Objections are OVERRULED – Magistrate Judges Order is AFFIRMED and ADOPTED in its entirety. Trial set for 2/26/07 is VACATED. Oral Argument is set for pending motions for summary jgm as follows: 3/1/07 from 3:00p.m. to 5:00p.m., 3/5/07 from 2:30p.m. to 5:00p.m., and 3/7/07 from 2:30p.m. to 5:00p.m.. . Signed by Judge Dale A. Kimball on 11/29/06. (blk, ) (Entered: 11/29/2006) |
| 11/29/2006 | 885 | | **NOTICE OF HEARING ON MOTION** re: 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims*, 775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract*, 784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim*, 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim*, 783 MOTION for Summary Judgment *on SCO's Interference Claims*, 780 MOTION for Summary Judgment *on SCO's Contract Claims*, 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims*, 785 MOTION for Summary Judgment *on IBM's Tenth Counterclaim*, 781 MOTION for Summary Judgment *on SCO's Copyright Claim*: Motion Hearing set for 3/1/2007 03:00 PM in Room 220 before Judge Dale A. Kimball. (blk, ) (Entered: 11/29/2006) |
| 11/29/2006 | 886 | | **NOTICE OF HEARING ON MOTION** re: 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims*, 775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract*, 784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim*, 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim*, 783 MOTION for Summary Judgment *on SCO's Interference Claims*, 780 MOTION for Summary Judgment *on SCO's Contract Claims*, 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims*, 785 MOTION for Summary Judgment *on IBM's Tenth Counterclaim*, 781 MOTION for Summary Judgment *on SCO's Copyright Claim*: Motion Hearing set for 3/5/2007 02:30 PM in Room 220 before Judge Dale A. Kimball. (blk, ) (Entered: 11/29/2006) |
| 11/29/2006 | 887 | | **NOTICE OF HEARING ON MOTION** re: 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims*, 775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract*, 784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim*, 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim*, 783 MOTION for Summary Judgment *on SCO's Interference Claims*, 780 MOTION for Summary Judgment *on SCO's Contract Claims*, 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims*, 785 MOTION for Summary Judgment *on IBM's Tenth Counterclaim*, 781 MOTION for Summary Judgment *on SCO's Copyright Claim*: Motion Hearing set for |

| | | |
|---|---|---|
| | | 3/7/2007 02:30 PM in Room 220 before Judge Dale A. Kimball. (blk, ) (Entered: 11/29/2006) |
| 11/30/2006 | 888 | Minute Entry for proceedings held before Judge Brooke C. Wells : Court heard oral arguments. Courtgranted 695 MOTION to Strike *Allegations in Excess of the Final Disclosures* filed by International Business Machines Corporation. Written Order to be prepared by Mr. Marriott.Attorney for Plaintiff: Brad Hatch, Attorney for Defendant David Marriott. Court Reporter: Becky Janke. (mlp, ) (Entered: 11/30/2006) |
| 12/01/2006 | 889 | NOTICE OF CONVENTIONAL FILING of Reply Memorandum in Further Support of SCO's Motion for Relief For IBM's Spoliation of Evidence filed by Plaintiff SCO Group (Hatch, Brent) (Entered: 12/01/2006) |
| 12/01/2006 | 890 | Ex Parte (Not Sealed) MOTION for Leave to File Over–length Reply Memorandum filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order)(Hatch, Brent) (Entered: 12/01/2006) |
| 12/01/2006 | 891 | **SEALED DOCUMENT** REPLY MEMORANDUM in Further Support re 778 MOTION for Relief for IBM's Spoliation of Evidence filed by Plaintiff SCO Group. (blk, ) (Entered: 12/04/2006) |
| 12/06/2006 | 892 | ORDER granting 890 Motion for Leave to File overlength reply memorandum. Signed by Judge Dale A. Kimball on 12/6/06.(blk, ) (Entered: 12/06/2006) |
| 12/13/2006 | 893 | NOTICE OF CONVENTIONAL FILING of MOTION FOR RECONSIDERATION OF NOVEMBER 29TH ORDER and MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF NOVEMBER 29TH ORDER filed by Plaintiff SCO Group (Hatch, Brent) (Entered: 12/13/2006) |
| 12/13/2006 | 894 | SEALED MOTION for Reconsideration of November 29th Order # 884 filed by Plaintiff SCO Group. (blk, ) (Entered: 12/14/2006) |
| 12/13/2006 | 895 | **SEALED DOCUMENT** MEMORANDUM IN SUPPORT re 894 SEALED MOTION to Reconsider Order # 884 dated 11/29/06, filed by Plaintiff SCO Group. (blk, ) (Entered: 12/14/2006) |
| 12/14/2006 | 896 | **NOTICE OF HEARING ON MOTION** re: 845 MOTION for Protective Order *Regarding Dr. Jeffrey Leitzinger's Personal Financial Information and Certificate of Compliance with Rule 37(c) FILED IN REDACTED FORM (Originally Filed Under Seal)*, 842 SEALED MOTION, 778 MOTION for Relief for IBM's Spoliation of Evidence: Motion Hearing set for 1/18/2007 09:30 AM in Room 102 before Magistrate Judge Brooke C. Wells. (jwd, ) (Entered: 12/14/2006) |
| 12/14/2006 | 897 | REQUEST for Reconsideration of November 29th Order filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 12/14/2006) |
| 12/14/2006 | 898 | SUPPORTING MEMORANDUM BRIEF re 897 Request *for Reconsideration of November 29th Order* filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 12/14/2006) |
| 12/14/2006 | 899 | |

| | | | |
|---|---|---|---|
| | | | OBJECTION TO MAGISTRATE JUDGE DECISION to District Court by SCO Group (Hatch, Brent) (Entered: 12/14/2006) |
| 12/18/2006 | 900 | | NOTICE OF DEFICIENCY re 897 Request. The document was filed as a request and would be better filed as a motion. The court asks the filer of the original document to file the pleading again. The new pleading will receive a new document number on the docket. (jmr ) (Entered: 12/18/2006) |
| 12/18/2006 | 901 | | Stipulated MOTION for Extension of Time to file reply memoranda in further support of pending motions for summary judgment filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order)(Shaughnessy, Todd) (Entered: 12/18/2006) |
| 12/19/2006 | 902 | | REDACTION to 894 SEALED MOTION *for Reconsideration of November 29th Order* by Plaintiff SCO Group. (James, Mark) (Entered: 12/19/2006) |
| 12/20/2006 | 903 | | REDACTION to 869 Sealed Document *SCO's Memorandum in Opposition to IBM's "Motion for Summary Judgment on SCO's Copyright Claim (SCO's Fifth Cause of Action)"* by Plaintiff SCO Group. (Attachments: # 1 Part 2: pages 30–64# 2 Appendix A)(Hatch, Brent) (Entered: 12/20/2006) |
| 12/20/2006 | 904 | | ORDER granting 901 Motion for Extension of Time to file reply memoranda in further support of pending motions for summary judgment. Reply Memoranda Due: 1/12/07. Signed by Judge Dale A. Kimball on 12/19/06.(blk, ) (Entered: 12/21/2006) |
| 12/21/2006 | 905 | | MOTION for Admission Pro Hac Vice of Sashi Bach Boruchow Registration fee $ 15, receipt number 436957. filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Application for Admission# 2 Electronic Case Filing Registration Form# 3 Text of Proposed Order)(James, Mark) (Entered: 12/21/2006) |
| 12/26/2006 | 906 | | WRITTEN ORDER FOLLOWING 888 Minute Entry granting Motion to Strike (oral order of 11/30/06). Signed by Judge Brooke C. Wells on 12/21/06 (alt) (Entered: 12/26/2006) |
| 12/27/2006 | 907 | | REDACTION to 861 Sealed Document *Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Unfair Competition Claim* by Plaintiff SCO Group, Counter Defendant SCO Group. (Hatch, Brent) Modified on 12/28/2006 by sealing document for re–filed redaction see document # 909 (blk, ). (Entered: 12/27/2006) |
| 12/27/2006 | 908 | | REDACTION to 868 Sealed Document, *Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Interference Claims* by Plaintiff SCO Group, Counter Defendant SCO Group. (Hatch, Brent) Modified on 12/28/2006 by sealing document, please refer to refiled redaction # 910 (blk, ). (Entered: 12/27/2006) |
| 12/28/2006 | 909 | | REDACTION to 861 Sealed Document *REFILE of Document #907: Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Unfair Competition Claim* by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Appendix A)(Hatch, Brent) (Entered: 12/28/2006) |
| 12/28/2006 | 910 | | |

| | | | |
|---|---|---|---|
| | | | REDACTION to 868 Sealed Document, *REFILE of Document #908:Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Interference Claims* by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Appendix A)(Hatch, Brent) (Entered: 12/28/2006) |
| 01/02/2007 | 911 | | MOTION for Extension of Time to File Response/Reply as to 894 SEALED MOTION *for Reconsideration* filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Wheatley, Nathan) (Entered: 01/02/2007) |
| 01/03/2007 | 912 | | ORDER granting 911 Motion for Extension of Time to File Response/Reply re 894 SEALED MOTION. Replies due by 1/19/2007. Signed by Judge Dale A. Kimball on 1/3/07. (kla) (Entered: 01/04/2007) |
| 01/09/2007 | 913 | | MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Hatch, Brent) (Entered: 01/09/2007) |
| 01/09/2007 | 914 | | MEMORANDUM in Support re 913 MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Exhibit 1−3 FILED UNDER SEAL# 2 Exhibit 4# 3 Exhibit 5# 4 Exhibit 6# 5 Exhibit 7)(Hatch, Brent) (Entered: 01/09/2007) |
| 01/09/2007 | 915 | | NOTICE OF CONVENTIONAL FILING of EXHIBITS 1, 2 AND 3 TO MEMORANDUM IN SUPPORT OF SCO'S MOTION TO AMEND DECEMBER SUBMISSION filed by Plaintiff SCO Group, Counter Defendant SCO Group (Hatch, Brent) (Entered: 01/09/2007) |
| 01/09/2007 | 916 | | NOTICE OF CONVENTIONAL FILING of SCO'S MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON IBM'S MOTION TO CONFINE filed by Plaintiff SCO Group, Counter Defendant SCO Group (Hatch, Brent) (Entered: 01/09/2007) |
| 01/09/2007 | 917 | | Plaintiff's MOTION for Leave to File OVER LENGTH MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON IBM'S MOTION TO CONFINE filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Hatch, Brent) (Entered: 01/09/2007) |
| 01/09/2007 | 920 | | ORDER granting 905 Motion for Admission Pro Hac Vice of Sashi Bach Boruchow for SCO Group. *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at http://www.utd.uscourts.gov* . Signed by Judge Dale A. Kimball on 1/8/07. (blk) (Entered: 01/10/2007) |
| 01/09/2007 | 921 | | **SEALED DOCUMENT** MEMORANDUM IN SUPPORT re 899 Objection to Magistrate Judge Decision to District Court filed by Plaintiff SCO Group. (Clerks Note: Exhibits are oversized and not attached to this entry. They will be retained in the Clerks Office 5th floor sealed room for |

| | | | |
|---|---|---|---|
| | | | viewing by authorized persons only.) (blk) (Entered: 01/10/2007) |
| 01/09/2007 | 922 | | **SEALED DOCUMENT** EXHIBITS 1, 2 &3 to 914 Memorandum in Support of 913 MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION*, filed by Plaintiff SCO Group. (Clerks Note: Oversized – not attaches. Retained in sealed room.) (blk) (Entered: 01/10/2007) |
| 01/10/2007 | 918 | | Stipulated MOTION for Extension of Time of Deadlines filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Shaughnessy, Todd) (Entered: 01/10/2007) |
| 01/10/2007 | 919 | | ORDER granting 917 Motion for Leave to File overlength memo. Signed by Judge Dale A. Kimball on 1/10/07. (blk) (Entered: 01/10/2007) |
| 01/12/2007 | 923 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Shaughnessy, Todd) (Entered: 01/12/2007) |
| 01/12/2007 | 924 | | NOTICE OF CONVENTIONAL FILING of (1) IBM's Reply Memorandum in Further Support of its Motion for Summary Judgment on SCO's Contract Claims (SCO's First, Second, Third and Fourth Causes of Action); (2) IBM's Reply Memorandum in Further Support of Its Motion for Summary Judgment on SCO's Copyright Claim (SCO's Fifth Cause of Action); (3) IBM's Reply Memorandum in Further Support of Its Motion for Summary Judgment on SCO's Sixth Unfair Competition Claim (SCO's Sixth Cause of Action); (4) IBM's Reply Memorandum in Further Support of Its Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action); (5) IBM's Reply Memorandum in Further Support of Its Motion for Summary Judgment Regarding Its Claim for Declaratory Judgment of Non–Infringement (IBM's Tenth Counterclaim); (6) IBM's Reply Memorandum in Further Support of Its Motion for Summary Judgment on Its Claim for Copyright Infringement Claim (IBM's Eighth Counterclaim); (7) Declaration of Todd M. Shaughnessy; (8) Supplemental Declaration of Todd M. Shaughnessy filed by Defendant International Business Machines Corporation (Shaughnessy, Todd) (Entered: 01/12/2007) |
| 01/12/2007 | 925 | | NOTICE OF CONVENTIONAL FILING of SCO'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON SCO'S THIRD CAUSE OF ACTION, FOR BREACH OF CONTRACT filed by Plaintiff SCO Group, Counter Defendant SCO Group (Hatch, Brent) (Entered: 01/12/2007) |
| 01/12/2007 | 926 | | NOTICE OF CONVENTIONAL FILING of PLAINTIFF/COUNTERCLAIM–DEFENDANT SCO'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON IBM'S SECOND, THIRD, FOURTH AND FIFTH COUNTERCLAIMS filed by Plaintiff SCO Group, Counter Defendant SCO Group (Hatch, Brent) (Entered: 01/12/2007) |
| 01/12/2007 | 927 | | MOTION for Leave to File SCO's Over length Reply Memorandum in Further Support of its Motion for Partial Summary Judgment on SCO's Third Cause of Action, For Breach of Contract filed by Plaintiff SCO |

| | | | |
|---|---|---|---|
| | | | Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Hatch, Brent) (Entered: 01/12/2007) |
| 01/12/2007 | 928 | | Ex Parte (Not Sealed) MOTION for Leave to File Over Length Reply Memorandum in Support of its Motion for Summary Judgment on IBM's Sixth, Seventh and Eighth Counterclaims filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Hatch, Brent) (Entered: 01/12/2007) |
| 01/12/2007 | 929 | | Ex Parte (Not Sealed) MOTION for Leave to File Over Length Reply Memorandum in Support of Motion for Summary Jugment on IBM's Second, Third, Fourth and Fifth Counterclaims filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Hatch, Brent) (Entered: 01/12/2007) |
| 01/12/2007 | 930 | | REPLY to Response to Motion re 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Hatch, Brent) (Entered: 01/12/2007) |
| 01/12/2007 | 938 | | **SEALED DOCUMENT** REPLY MEMORANDUM in support of 780 MOTION for Summary Judgment *on SCO's Contract Claims* filed by Defendant International Business Machines Corporation. Part 1 of 2.(Oversized – no document attached.) (blk) (Entered: 01/18/2007) |
| 01/12/2007 | 939 | | **SEALED DOCUMENT**REPLY MEMORANDUM in support of 780 MOTION for Summary Judgment *on SCO's Contract Claims* filed by Defendant International Business Machines Corporation. Part 2 of 2. (Oversized – no document attached.) (blk) (Entered: 01/18/2007) |
| 01/12/2007 | 940 | | **SEALED DOCUMENT** REPLY MEMORANDUM in support of 785 MOTION for Summary Judgment *on IBM's Tenth Counterclaim* filed by Defendant International Business Machines Corporation. (Oversized – no document attached.) (blk) (Entered: 01/18/2007) |
| 01/12/2007 | 941 | | **SEALED DOCUMENT** DECLARATION of Todd M. Shaughnessy filed by Defendant International Business Machines Corporation. (blk) (Entered: 01/18/2007) |
| 01/12/2007 | 942 | | **SEALED DOCUMENT** REPLY MEMORANDUM in support of 781 MOTION for Summary Judgment *on SCO's Copyright Claim* filed by Defendant International Business Machines Corporation. (blk) (Oversized – no document attached.) (Entered: 01/18/2007) |
| 01/12/2007 | 943 | | **SEALED DOCUMENT** REPLY MEMORANDUM in Support of 775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract* filed by Plaintiff SCO Group. (Oversized – no document attached.) (blk) (Entered: 01/18/2007) |
| 01/12/2007 | 944 | | **SEALED DOCUMENT** REPLY MEMORANDUM in support re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims* filed by Plaintiff SCO Group. (blk) (Oversized – no document attached.) (Entered: 01/18/2007) |

| 01/12/2007 | 945 | **SEALED DOCUMENT** REPLY MEMORANDUM in support of 784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim* filed by Defendant IBM. (blk) Modified on 1/18/2007 by correcting filer information(blk). (Entered: 01/18/2007) |
| 01/12/2007 | 946 | **SEALED DOCUMENT** REPLY MEMORANDUM in support of 783 MOTION for Summary Judgment *on SCO's Interference Claims* filed by Defendant International Business Machines Corporation. (Oversized – no document attached.) (blk) (Entered: 01/18/2007) |
| 01/12/2007 | 947 | **SEALED DOCUMENT** REPLY MEMORANDUM in support of 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim* filed by Defendant International Business Machines Corporation. (blk) (Entered: 01/18/2007) |
| 01/12/2007 | 948 | **SEALED DOCUMENT** SUPPLEMENTAL DECLARATION of Todd M. Shaughnessy filed by Defendant International Business Machines Corporation. (blk) (Entered: 01/18/2007) |
| 01/16/2007 | 931 | ORDER granting 918 Stipulated Motion for Extension of Time regarding deadlines. Signed by Judge Dale A. Kimball on 1/16/07. (blk) (Entered: 01/16/2007) |
| 01/16/2007 | 932 | ORDER granting 923 Motion for Leave to File Excess Pages. Signed by Judge Dale A. Kimball on 1/16/07. (blk) (Entered: 01/16/2007) |
| 01/16/2007 | 933 | ORDER granting 927 Motion for Leave to File overlength reply memo. Signed by Judge Dale A. Kimball on 1/16/07. (blk) (Entered: 01/16/2007) |
| 01/16/2007 | 934 | ORDER granting 929 Motion for Leave to File overlength reply memo. Signed by Judge Dale A. Kimball on 1/16/07. (blk) (Entered: 01/16/2007) |
| 01/16/2007 | 935 | ORDER granting 928 Motion for Leave to File overlength reply memo. Signed by Judge Dale A. Kimball on 1/16/07. (blk) (Entered: 01/16/2007) |
| 01/16/2007 | 936 | MOTION for Admission Pro Hac Vice of Michael P. Burke, Registration fee $ 15, receipt number 4681015650, Fee Status: paid. filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (blk) (Entered: 01/16/2007) |
| 01/16/2007 | 937 | ORDER granting 936 Motion for Admission Pro Hac Vice of Michael P. Burke for International Business Machines Corporation. *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at http://www.utd.uscourts.gov* . Signed by Judge Dale A. Kimball on 1/16/07. (blk) (Entered: 01/16/2007) |
| 01/19/2007 | 950 | MEMORANDUM in Opposition re 894 SEALED MOTION *FOR RECONSIDERATION OF THE COURT'S ORDER OF NOVEMBER 29, 2006* filed by Defendant International Business Machines Corporation. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K)(Shaughnessy, Todd) (Entered: 01/19/2007) |
| 01/24/2007 | 951 | Stipulated MOTION for Extension of Time for IBM to file its opposition to (i) SCO's Objections to the Magistrate Judge's Order on IBM's Motion to Confine, and (ii) SCO's Motion to Amend/Correct December 2005 |

| | | | |
|---|---|---|---|
| | | | Submission filed by Defendant International Business Machines Corporation. (Attachments: #_1_ Text of Proposed Order) Motions referred to Brooke C. Wells.(Shaughnessy, Todd) (Entered: 01/24/2007) |
| 01/29/2007 | 952 | | ORDER granting_951_ Motion for Extension of Time. Signed by Judge Dale A. Kimball on 1/26/07. (blk) (Entered: 01/29/2007) |
| 02/02/2007 | 953 | | Ex Parte (Not Sealed) MOTION for Leave to File SCO's Over Length Reply Memorandum in Support of Its Motion for Reconsideration of the Court's Order of November 29, 2009 filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: #_1_ Text of Proposed Order) Motions referred to Brooke C. Wells.(James, Mark) (Entered: 02/02/2007) |
| 02/02/2007 | 954 | | REDACTION to_862_ Sealed Document *SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on Its Claim for Copyright Infringement (IBM's Eighth Counterclaim)* by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: #_1_ Appendix A)(Normand, Edward) (Entered: 02/02/2007) |
| 02/02/2007 | 955 | | REPLY to Response to Motion re_894_ SEALED MOTION *FOR RECONSIDERATION* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: #_1_ Exhibit A)(James, Mark) (Entered: 02/02/2007) |
| 02/06/2007 | 956 | | REDACTION to_870_ Sealed Document *SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on Its Claim for Declaratory Judgment of Non−Infringement (IBM's 10th Counterclaim)* by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: #_1_ Redacted Brief Part 2#_2_ Appendix Part 1#_3_ Appendix Part 2#_4_ Appendix Part 3#_5_ Appendix Part 4)(Normand, Edward) (Entered: 02/06/2007) |
| 02/08/2007 | 957 | | MOTION for Extension of Time to File Response/Reply as to_913_ MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION*,_899_ Objection to Magistrate Judge Decision to District Court filed by Defendant International Business Machines Corporation. (Attachments: #_1_ Text of Proposed Order) Motions referred to Brooke C. Wells.(Shaughnessy, Todd) (Entered: 02/08/2007) |
| 02/12/2007 | 958 | | ORDER Granting SCOs Motion for a Protective Order Regarding Dr. Jeffrey Leitzingers Personal Financial Information re_842_ SEALED MOTION filed by SCO Group,_845_ Redacted MOTION for Protective Order *Regarding Dr. Jeffrey Leitzinger's Personal Financial Information and Certificate of Compliance with Rule 37(c) FILED IN REDACTED FORM (Originally Filed Under Seal)* MOTION for Protective Order *Regarding Dr. Jeffrey Leitzinger's Personal Financial Information and Certificate of Compliance with Rule 37(c) FILED IN REDACTED FORM (Originally Filed Under Seal)* filed by SCO Group. Signed by Judge Brooke C. Wells on 2/12/07. (blk) (Entered: 02/13/2007) |
| 02/13/2007 | 959 | | ORDER granting_957_ Motion for Extension of Time to File Response/Reply re: Objections and Motion to Amend Decision. Replies due by 2/16/2007. Signed by Judge Dale A. Kimball on 2/13/07. (blk) (Entered: 02/13/2007) |
| 02/16/2007 | 960 | | |

| | | | |
|---|---|---|---|
| | | | REDACTION to 872 Sealed Document *SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Contract Claims* by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Opposition Part 2# 2 Opposition Part 3# 3 Opposition Part 4# 4 Appendix Part 1# 5 Appendix Part 2# 6 Appendix Part 3)(Normand, Edward) (Entered: 02/16/2007) |
| 02/16/2007 | 961 | | MEMORANDUM in Opposition re 913 MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION and re 899 Objection to Magistrate Judge Decision* filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Exhibit Addendum A# 2 Exhibit Addendum B# 3 Exhibit Addendum C# 4 Exhibit Addendum D# 5 Exhibit Addendum E# 6 Exhibit Addendum F# 7 Exhibit Addendum G# 8 Exhibit Addendum H# 9 Exhibit Addendum I (under seal)# 10 Exhibit Addendum J (under seal)# 11 Exhibit Addendum K (Unpublished Opinions))(Sorenson, Amy) (Entered: 02/16/2007) |
| 02/16/2007 | 962 | | Ex Parte (Not Sealed) MOTION for Leave to File Excess Pages *for Docket No. 961 (Memorandum in Opposition)* filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Sorenson, Amy) (Entered: 02/16/2007) |
| 02/16/2007 | 963 | | ADDENDUM K to 961 Memorandum in Opposition to Motion, filed by Defendant International Business Machines Corporation. (Clerks Note: Full document not scanned and attached due to size. Complete document will be retained in the clerks office for viewing.) (blk) (Entered: 02/20/2007) |
| 02/16/2007 | 964 | | **SEALED DOCUMENT** ADDENDUM J – re 961 Memorandum in Opposition to Motion, filed by Defendant International Business Machines Corporation. (blk) (Entered: 02/20/2007) |
| 02/16/2007 | 965 | | **SEALED DOCUMENT** ADDENDUM I – re 961 Memorandum in Opposition to Motion, filed by Defendant International Business Machines Corporation. (blk) (Entered: 02/20/2007) |
| 02/20/2007 | 966 | | ORDER granting 962 Motion for Leave to File Excess Pages. Signed by Judge Dale A. Kimball on 2/20/07. (blk) (Entered: 02/20/2007) |
| 02/21/2007 | 967 | | Stipulated MOTION for Extension of Time to File Response/Reply *to IBM's Memorandum in Opposition to SCO's Objections to the Magistrate Judge's Order on IBM's Motion to Confine and SCO's Motion to Amend its December 2005 Submission* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Normand, Edward) (Entered: 02/21/2007) |
| 02/21/2007 | 968 | | MEMORANDUM in Opposition re 913 MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION and re 899 Objection to Magistrate Judge Decision (CORRECTED)* filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Exhibit Addendum A# 2 Exhibit Addendum B# 3 Exhibit Addendum C# 4 Exhibit Addendum D# 5 Exhibit Addendum E# 6 Exhibit Addendum F# 7 Exhibit Addendum G# 8 Exhibit |

| | | | |
|---|---|---|---|
| | | | Addendum H#_9 Exhibit Addendum I (under seal)#_10 Exhibit Addendum J (under seal)#_11 Errata Addendum K (Unpublished Opinions))(Sorenson, Amy) (Entered: 02/21/2007) |
| 02/22/2007 | 969 | | ORDER granting_967 Motion for Extension of Time to File Response/Reply re: Objections to Magistrate Judges Order.Replies due by 3/12/2007.. Signed by Judge Dale A. Kimball on 2/22/07. (blk) (Entered: 02/22/2007) |
| 02/28/2007 | 970 | | **AMENDED NOTICE OF HEARING ON MOTION** re:_782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim*,_776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims*,_780 MOTION for Summary Judgment *on SCO's Contract Claims*,_777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims*,_775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract*,_781 MOTION for Summary Judgment *on SCO's Copyright Claim*,_784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim*,_953 Ex Parte (Not Sealed) MOTION for Leave to File SCO's Over Length Reply Memorandum in Support of Its Motion for Reconsideration of the Court's Order of November 29, 2009Ex Parte (Not Sealed) MOTION for Leave to File SCO's Over Length Reply Memorandum in Support of Its Motion for Reconsideration of the Court's Order of November 29, 2009,_894 SEALED MOTION,_783 MOTION for Summary Judgment *on SCO's Interference Claims*,_785 MOTION for Summary Judgment *on IBM's Tenth Counterclaim*,_913 MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION* : Motion Hearing reset for 3/1/2007 02:30 PM in Room 220 before Judge Dale A. Kimball. Please note time change from 3:00 PM to 2:30 PM.(kmj) (Entered: 02/28/2007) |
| 02/28/2007 | 971 | | DECLARATION of Brent O. Hatch filed by SCO Group, SCO Group. (Attachments: #_1 Exhibit)(Hatch, Brent) (Entered: 02/28/2007) |
| 03/01/2007 | 972 | | Minute Entry for proceedings held before Judge Dale A. Kimball : Motion Hearing held on 3/1/2007 re_775 MOTION for Summary Judgment *on SCO's Third Cause of Action, For Breach of Contract* filed by SCO Group,_781 MOTION for Summary Judgment *on SCO's Copyright Claim* filed by International Business Machines Corporation,_780 MOTION for Summary Judgment *on SCO's Contract Claims* filed by International Business Machines Corporation. After hearing the arguments of counsel, the Court took the motions under advisement.Attorneys for Plaintiff: Stuart Singer, Edward Normand, Brent Hatch. Attorneys for Defendant: David Marriott, Amy Sorensen, Michael Burke, Todd Shaughnessy. Court Reporter: Ed Young. (kmj) (Entered: 03/02/2007) |
| 03/02/2007 | 973 | | ORDER denying_778 MOTION for Relief for IBM's Spoliation of Evidence filed by SCO Group. Follows oral order on motion in hearing on 1/18/07. Signed by Judge Brooke C. Wells on 3/2/07. (blk) (Entered: 03/02/2007) |
| 03/05/2007 | 974 | | Minute Entry for proceedings held before Judge Dale A. Kimball : Motion Hearing held on 3/5/2007 re_782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim* filed by International Business Machines Corporation,_783 MOTION for Summary Judgment *on SCO's Interference* |

| | | | |
|---|---|---|---|
| | | | *Claims* filed by International Business Machines Corporation. After hearing the arguments of counsel, the Court took the motions under advisement.Attorneys for Plaintiff: Brent Hatch, Edward Normand, Stuart Singer, Mark James; Attorneys for Defendant: David Marriott, Todd Shaunessey, Amy Sorensen, Michael Burke, Gregory Limbrich. Court Reporter: Ed Young &Kelly Hicken. (kmj) (Entered: 03/07/2007) |
| 03/07/2007 | 975 | | Minute Entry for proceedings held before Judge Dale A. Kimball : Motion Hearing held on 3/7/2007 re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims* filed by SCO Group, 784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim* filed by International Business Machines Corporation, 785 MOTION for Summary Judgment *on IBM's Tenth Counterclaim* filed by International Business Machines Corporation, 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims* filed by SCO Group. After hearing the arguments of counsel, the Court took the motions under advisement.Attorneys for Plaintiff: Brent Hatch, Stuart Singer, Edward Normand; Attorneys for Defendant: David Marriott, Amy Sorensen, Peter Donaldson, Todd Shaughnessy, Joseph Kroetsch, Jefferson Bell. Court Reporter: Kelly Hicken. (kmj) (Entered: 03/09/2007) |
| 03/12/2007 | 976 | | Stipulated MOTION for Extension of Time to File Response/Reply *reply memorandum to (i) IBMs Memorandum in Opposition to SCOs Objections to the Magistrate Judges Order on IBMs Motion to Confine and (ii) IBMs Memorandum in Opposition to SCOs Motion to Amend its December 2005 Submission* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Normand, Edward) (Entered: 03/12/2007) |
| 03/12/2007 | 977 | | REDACTION to 942 Sealed Document *IBM's Reply Memorandum in Further Support of Its Motion for Summary Judgment on SCO's Copyright Claim (SCO's Fifth Cause of Action)* by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Exhibit Addendum A# 2 Exhibit Addendum B# 3 Exhibit Addendum C# 4 Exhibit Addendum D# 5 Exhibit Addendum E# 6 Exhibit Addendum F# 7 Exhibit Addendum G# 8 Exhibit Addendum H# 9 Supplement Addendum I# 10 Exhibit Addendum J# 11 Exhibit Addendum K# 12 Exhibit Addendum L# 13 Supplement Addendum M# 14 Exhibit Addendum N# 15 Exhibit Addendum O)(Sorenson, Amy) (Entered: 03/12/2007) |
| 03/12/2007 | 978 | | REDACTION to 947 Sealed Document *IBM's Reply Memorandum in Further Support of its Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action)* by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Exhibit Addendum A# 2 Exhibit Addendum B# 3 Exhibit Addendum C# 4 Exhibit Addendum D# 5 Exhibit Addendum E)(Sorenson, Amy) (Entered: 03/12/2007) |
| 03/13/2007 | 979 | | REDACTION to 946 Sealed Document *IBM's Reply Memorandum in Further Support of its Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth, and Ninth Causes of Action)* |

| | | | |
|---|---|---|---|
| | | | by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: #_1_ Exhibit Addendum A#_2_ Exhibit Addendum B#_3_ Exhibit Addendum C#_4_ Exhibit Addendum D#_5_ Exhibit Addendum E)(Sorenson, Amy) (Entered: 03/13/2007) |
| 03/13/2007 | 980 | | REDACTION to_945_ Sealed Document *IBM's Reply Memorandum in Further Support of its Motion for Summary Judgment on its Claim for Copyright Infringement (IBM's Eighth Counterclaim)* by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: #_1_ Exhibit Addendum A#_2_ Exhibit Addendum B)(Sorenson, Amy) (Entered: 03/13/2007) |
| 03/13/2007 | 981 | | REDACTION to 938 Sealed Document *IBM's Reply Memorandum in Further Support of its Motion for Summary Judgment on SCO's Contract Claims (SCO's First, Second, Third and Fourth Causes of Action)* by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: #_1_ Exhibit Addendum A – Part 1#_2_ Exhibit Addendum A – Part 2#_3_ Exhibit Addendum B#_4_ Exhibit Addendum C#_5_ Exhibit Addendum D#_6_ Exhibit Addendum E#_7_ Exhibit Addendum F#_8_ Exhibit Addendum G#_9_ Exhibit Addendum H#_10_ Exhibit Addenda I through GG (Unpublished Opinions))(Sorenson, Amy) (Entered: 03/13/2007) |
| 03/14/2007 | 982 | | ORDER granting 976 Motion for Extension of Time to File Response/Reply re_913_ MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION* Replies due by 3/19/2007. Signed by Judge Dale A. Kimball on 3/14/07. (blk) (Entered: 03/14/2007) |
| 03/16/2007 | 983 | | REDACTION to 940 Sealed Document *IBM's Reply Memorandum in Further Support of its Motion for Summary Judgment on its Claim for Declaratory Judgment of Non–Infringement (IBM's Tenth Counterclaim)* by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: #_1_ Exhibit Addendum A – Part 1#_2_ Exhibit Addendum A – Part 2#_3_ Exhibit Addendum B#_4_ Exhibit Addendum C#_5_ Exhibit Addendum D#_6_ Exhibit Addenda E through BB (Unpublished Opinions))(Sorenson, Amy) (Entered: 03/16/2007) |
| 03/16/2007 | 984 | | NOTICE OF CONVENTIONAL FILING of 1.SCOs Memorandum in Support of its Motion for Reconsideration by the Magistrate Court of the Order Denying SCOs Motion for Relief for IBMs Spoliation of Evidence and Exhibits thereto; 3.SCOs Memorandum in Support of its Objections to the Magistrate Courts Order Denying SCOs Motion for Relief for IBMs Spoliation of Evidence and Exhibits thereto; 5.Declaration of Mark F. James Regarding SCOs Objections to the Magistrate Courts Order Denying SCOs Motion for Relief for IBMs Spoliation of Evidence; 6.Declaration of Mark F. James Regarding SCOs Memorandum in Support of its Objections to the Magistrate Courts Order Denying SCOs Motion for Relief for IBMs Spoliation of Evidence; 7.Declaration of Dr. Evan Ivie in Support of SCOs Motion for Reconsideration by the Magistrate Court of the Order Denying SCOs Motion for Relief for IBMs Spoliation of Evidence; 8.Declaration of |

| | | | |
|---|---|---|---|
| | | | Mark Rockhind in Support of SCOs Motion for Reconsideration by the Magistrate Court of the Order Denying SCOs Motion for Relief for IBMs Spoliation of Evidence filed by Plaintiff SCO Group, Counter Defendant SCO Group (James, Mark) (Entered: 03/16/2007) |
| 03/16/2007 | 985 | | MOTION for Leave to File Excess Pages *FOR SCOS MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(James, Mark) (Entered: 03/16/2007) |
| 03/16/2007 | 986 | | MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(James, Mark) Modified on 3/20/2007 by linking to order(blk). Modified on 6/16/2015: corrected carry–forward text (alt) (Entered: 03/16/2007) |
| 03/16/2007 | 987 | | MOTION for Leave to File Excess Pages *FOR MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE COURTS ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(James, Mark) (Entered: 03/16/2007) |
| 03/16/2007 | 990 | | **\*\*SEALED DOCUMENT\*\*** MEMORANDUM IN SUPPORT re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit A–C)(blk) (Entered: 03/19/2007) |
| 03/16/2007 | 995 | | **\*\*SEALED DOCUMENT\*\*** MEMORANDUM IN SUPPORT OF OBJECTIONS TO ORDER re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit A–C)(blk) (Entered: 03/20/2007) |
| 03/16/2007 | 996 | | **\*\*SEALED DOCUMENT\*\*** DECLARATION OF MARK F. JAMES re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by Plaintiff SCO Group. (blk) (Entered: 03/20/2007) |
| 03/16/2007 | 998 | | \*\*SEALED DOCUMENT\*\* REPLY MEMORANDUM in Support of Cross Motion for Partial Summary Judgment on Novell's Fourth Counterclaim filed by Plaintiff SCO Group. (blk) **ENTERED ON WRONG CASE DOCKET – PLEASE DISREGARD. Clerk has entered it on the correct case #2:04cv139 DAK. Modified on 3/21/2007 (blk). (Entered: 03/20/2007)** |
| 03/16/2007 | 999 | | |

| | | | |
|---|---|---|---|
| | | | **SEALED DOCUMENT** DECLARATION of Mark F. James filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit 1–8# 2 Exhibit 9# 3 Exhibit 10# 4 Exhibit 11)(blk) (Entered: 03/20/2007) |
| 03/16/2007 | 1000 | | **SEALED DOCUMENT** DECLARATION of Dr. Evan Ivie re 973 Order filed by Plaintiff SCO Group. (blk) (Entered: 03/20/2007) |
| 03/16/2007 | 1001 | | **SEALED DOCUMENT** DECLARATION of Marc Rochkind re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by Plaintiff SCO Group. (blk) (Entered: 03/20/2007) |
| 03/19/2007 | 988 | | ORDER granting 987 Motion for Leave to File Excess Pages. Signed by Judge Dale A. Kimball on 3/19/07. (blk) (Entered: 03/19/2007) |
| 03/19/2007 | 989 | | ORDER granting 985 Motion for Leave to File Excess Pages. Signed by Judge Dale A. Kimball on 3/19/07. (blk) (Entered: 03/19/2007) |
| 03/19/2007 | 991 | | REPLY to Response to Motion re 913 MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (James, Mark) (Entered: 03/19/2007) |
| 03/19/2007 | 992 | | REPLY to Response to Motion re 917 Plaintiff's MOTION for Leave to File OVER LENGTH MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON IBM'S MOTION TO CONFINE *Re: Docket No. 916 (Original Objection Not Available on Docket to Link to While Filing)* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Exhibit 1# 2 Exhibit A: unpublished case)(James, Mark) (Entered: 03/19/2007) |
| 03/19/2007 | 993 | | NOTICE of CORRECTED FILING by SCO Group, SCO Group re 991 Reply Memorandum/Reply to Response to Motion *to Amend/Correct DECEMBER 2005 SUBMISSION* (Normand, Edward) (Entered: 03/19/2007) |
| 03/19/2007 | 994 | | REPLY to Response to Motion re 913 MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION CORRECTED* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Exhibit A – C: Unpublished Cases)(Normand, Edward) (Entered: 03/19/2007) |
| 03/20/2007 | 997 | | **SEALED DOCUMENT** DECLARATION of Mark F. James RE OBJECTIONS TO ORDER re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit 1# 2 Exhibit 2–8)(blk) (Entered: 03/20/2007) |
| 03/20/2007 | 1002 | | REDACTION to 995 Sealed Document, *SCO's Memorandum in Support of Its Objections to the Magistrate Court's Order Denying SCO's Motion for Relief for IBM's Spoliation of Evidence* by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Appendix)(James, Mark) (Entered: 03/20/2007) |
| 03/20/2007 | 1003 | | DECLARATION of Dr. Evan Ivie re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE |

| | | | |
|---|---|---|---|
| | | | ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE *CORRECTED* filed by SCO Group, SCO Group. (Normand, Edward) (Entered: 03/20/2007) |
| 03/20/2007 | 1004 | | NOTICE of CORRECTED FILING by SCO Group, SCO Group re 1000 Sealed Document *DECLARATION of Dr. Evan Ivie, correctly filed under docket entry 1003* (Normand, Edward) (Entered: 03/20/2007) |
| 03/20/2007 | 1005 | | REDACTION to 999 Sealed Document *Declaration of Mark F. James Regarding SCO's Objections to the Magistrate Court's Order Denying SCO's Motion for Relief for IBM's Spoliation of Evidence* by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Exhibit)(James, Mark) (Entered: 03/20/2007) |
| 03/20/2007 | 1006 | | DECLARATION of Marc Rochkind re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE *CORRECTED* filed by SCO Group. (Attachments: # 1 Exhibit A)(Normand, Edward) (Entered: 03/20/2007) |
| 03/20/2007 | 1007 | | NOTICE of CORRECTED FILING by SCO Group re 1001 Sealed Document *DECLARATION of Marc Rochkind, correctly filed under docket entry 1006* (Normand, Edward) (Entered: 03/20/2007) |
| 03/21/2007 | 1008 | | Modification of Docket: Docket entry #998, SCO's Sealed Reply Memorandum was entered by the clerk in the wrong case. Correction: Clerk has modified the docket text and entered this filing in SCO v. Novell, 2:04cv139, as docket #251, re 998 Sealed Document. (blk) (Entered: 03/21/2007) |
| 03/21/2007 | 1009 | | REDACTION to 990 Sealed Document, *SCO's Memorandum in Support of Its Motion for Reconsideration of the Order Denying SCO's Motion for Relief for IBM's Spoliation of Evidence* by Plaintiff SCO Group. (Boruchow, Sashi) (Entered: 03/21/2007) |
| 03/21/2007 | 1010 | | REDACTION to 996 Sealed Document *Declaration of Mark James Regarding SCO's Motion for Reconsideration of the Order Denying SCO's Motion for Relief for IBM's Spoliation of Evidence* by Plaintiff SCO Group. (Attachments: # 1 Exhibit 1–9)(Boruchow, Sashi) (Entered: 03/21/2007) |
| 03/23/2007 | 1011 | | NOTICE: It has come to the attention of the Clerk's Office that certain attachments to a SEALED DOCUMENT filed in this case were inadvertently left unprotected during the Court's docketing process. Therefore, these sealed, confidential attachments were accessible for a short period of time to anyone who attempted to electronically access the contents of this docket entry, which clearly stated that it contained a SEALED DOCUMENT. This notice serves as a reminder that, regardless of whether SEALED DOCUMENTS are actually electronically protected from being accessed, all documents marked CONFIDENTIAL are subject to the Protective Order entered by the Court on September 16, 2003. (kmj) (Entered: 03/23/2007) |
| 03/23/2007 | 1012 | | ***NOTICE FROM THE CLERK'S OFFICE: From this day forward, sealed submission in this case will not be scanned for internal court use but will be maintained in the court's sealed room not to be accessed*** |

| | | | |
|---|---|---|---|
| | | | *except by court personnel.* (ce) (Entered: 03/23/2007) |
| 03/28/2007 | 1013 | | MOTION for Extension of Time to Respond to SCO's Motion for Reconsideration of the Order Denying SCO's Motion Regarding Spoliation and to SCO's Objections Thereto filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Sorenson, Amy) (Entered: 03/28/2007) |
| 03/29/2007 | 1014 | | ORDER granting 1013 Motion for Extension of Time. Oppositions due: 4/18/07. Signed by Judge Dale A. Kimball on 3/29/07. (blk) (Entered: 03/29/2007) |
| 03/29/2007 | 1015 | | Stipulated MOTION for Extension of Time for Extension of Deadlines filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Sorenson, Amy) (Entered: 03/29/2007) |
| 04/02/2007 | 1016 | | MOTION TO DEEM A PROSPECTIVE THIRD–PARTY DEPOSITION IN RELATED LITIGATION TO BE A DEPOSITION TAKEN IN THIS CASE AS WELL filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(James, Mark) (Entered: 04/02/2007) |
| 04/02/2007 | 1017 | | NOTICE OF CONVENTIONAL FILING of SCOS MEMORANDUM IN SUPPORT OF ITS MOTION TO DEEM A PROSPECTIVE THIRD–PARTY DEPOSITION IN RELATED LITIGATION TO BE A DEPOSITION TAKEN IN THIS CASE AS WELL filed by Plaintiff SCO Group, Counter Defendant SCO Group re 1016 MOTION TO DEEM A PROSPECTIVE THIRD–PARTY DEPOSITION IN RELATED LITIGATION TO BE A DEPOSITION TAKEN IN THIS CASE AS WELL (James, Mark) (Entered: 04/02/2007) |
| 04/02/2007 | 1018 | | REDACTION to 1017 Notice of Conventional Filing, *SCO's Memorandum in Support of its Motion to Deem a Prospective Third–Party Deposition in Related Litigation to be a Deposition Taken in This Case as Well* by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 18 Part 1# 19 Exhibit 18 Part 2# 20 Exhibit 18 Part 3# 21 Exhibit 19 Part 1# 22 Exhibit 19 Part 2# 23 Exhibit 20# 24 Exhibit 21# 25 Exhibit 22# 26 Exhibit 23# 27 Exhibit A – C: Unpublished Cases)(Normand, Edward) (Entered: 04/02/2007) |
| 04/02/2007 | 1019 | | **SEALED DOCUMENT** MEMORANDUM IN SUPPORT re 1016 MOTION TO DEEM A PROSPECTIVE THIRD–PARTY DEPOSITION IN RELATED LITIGATION TO BE A DEPOSITION TAKEN IN THIS CASE AS WELL filed by Plaintiff SCO Group. *Note: No document attached. This document will be retained in the Clerk's Office sealed room for viewing by authorized persons only.* (blk) (Entered: 04/03/2007) |
| 04/02/2007 | 1020 | | **SEALED DOCUMENT** EXHIBITS 18–23 re 1019 Sealed Document, filed by Plaintiff SCO Group. *Note: No document attached.* |

| | | | |
|---|---|---|---|
| | | | *This document will be retained in the Clerk's Office sealed room for viewing by authorized persons only.* (blk) (Entered: 04/03/2007) |
| 04/05/2007 | 1021 | | NOTICE OF CONVENTIONAL FILING of SCO's Corrected Memorandum in Support of its Motion to Deem a Prospective Third–Party Deposition in Related Litigation to be a Deposition Taken in this Case as Well filed by Plaintiff SCO Group, Counter Defendant SCO Group (James, Mark) (Entered: 04/05/2007) |
| 04/06/2007 | 1022 | | REDACTION to 1023 *SCO's Corrected Memorandum in Support of its Motion to Deem a Prospective Third–Party Deposition in Related Litigation to be a Deposition Taken in This Case as Well* by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 18 Part 1# 19 Exhibit 18 Part 2# 20 Exhibit 18 Part 3# 21 Exhibit 19 Part 1# 22 Exhibit 19 Part 2# 23 Exhibit 20# 24 Exhibit 21# 25 Exhibit 22# 26 Exhibit 23# 27 Exhibit A–C: Unpublished Cases)(Normand, Edward) Modified on 4/9/2007 by linking to correct document (blk). (Entered: 04/06/2007) |
| 04/09/2007 | 1023 | | **SEALED DOCUMENT** CORRECTED MEMORANDUM IN SUPPORT re 1016 MOTION TO DEEM A PROSPECTIVE THIRD–PARTY DEPOSITION IN RELATED LITIGATION TO BE A DEPOSITION TAKEN IN THIS CASE AS WELL filed by Plaintiff SCO Group. *Note: No document attached. This document will be retained in the Clerk's Office sealed room for viewing by authorized persons only.* (blk) (Entered: 04/09/2007) |
| 04/10/2007 | 1024 | | MOTION for Admission Pro Hac Vice of David Boies, Registration fee $ 15, receipt number 490581, filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Exhibit A: Application for Admission# 2 Exhibit B: ECF Registration# 3 Text of Proposed Order)(James, Mark) (Entered: 04/10/2007) |
| 04/11/2007 | 1025 | | ORDER granting 1024 Motion for Admission Pro Hac Vice of David Boies for SCO Group. *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at http://www.utd.uscourts.gov.* Signed by Judge Dale A. Kimball on 4/11/07. (blk) (Entered: 04/11/2007) |
| 04/13/2007 | 1026 | | Stipulated MOTION for Extension of Time to Repond to Requests for Admission filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Shaughnessy, Todd) (Entered: 04/13/2007) |
| 04/16/2007 | 1027 | | ORDER granting 1026 Motion for Extension of Time to respond to outstanding requests for admission. Responses due: 5/25/07. Signed by Judge Brooke C. Wells on 4/16/07. (blk) (Entered: 04/16/2007) |
| 04/17/2007 | 1028 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 1016 MOTION TO DEEM A PROSPECTIVE THIRD–PARTY DEPOSITION IN RELATED LITIGATION TO BE A DEPOSITION |

| | | | |
|---|---|---|---|
| | | | TAKEN IN THIS CASE AS WELL. 995 Sealed Document, 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Sorenson, Amy) (Entered: 04/17/2007) |
| 04/18/2007 | 1029 | | ORDER granting 1028 Motion for Extension of Time to File Response/Reply re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE. Replies due by 4/27/2007. Signed by Judge Brooke C. Wells on 4/18/07. (blk) (Entered: 04/18/2007) |
| 04/20/2007 | 1030 | | ORDER granting 1015 Motion for Extension of Time regarding scheduling order deadlines. *See order for deadlines set.* Signed by Judge Brooke C. Wells on 4/19/07. (blk) (Entered: 04/20/2007) |
| 04/20/2007 | 1031 | | MOTION for Leave to File Sur–reply filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Sorenson, Amy) (Entered: 04/20/2007) |
| 04/20/2007 | 1032 | | MEMORANDUM in Opposition re 1031 MOTION for Leave to File Sur–reply filed by Plaintiff SCO Group. (Normand, Edward) (Entered: 04/20/2007) |
| 04/20/2007 | 1033 | | DOCKET TEXT ORDER granting 1031 IBM's Motion for Leave to File Sur–Reply. In addition, SCO may file a response to IBM's sur–reply memorandum within 14 days. Signed by Judge Dale A. Kimball on 4/20/2007. No attached document. (awm) (Entered: 04/20/2007) |
| 04/20/2007 | 1034 | | REPLY to Response to Motion re 913 MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION and re 899 SCO's Objection to the Magistrate Judge's Decision on IBM's Motion to Confine (Sur–reply Memorandum)* filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Exhibit Addendum A# 2 Exhibit Addendum B (filed under seal)# 3 Exhibit Addendum C (filed under seal)# 4 Exhibit Addendum D# 5 Exhibit Addendum E# 6 Exhibit Addendum F (unpublished opinions)# 7 Exhibit Addendum G (filed under seal))(Sorenson, Amy) (Entered: 04/20/2007) |
| 04/20/2007 | 1035 | | **SEALED DOCUMENT** ADDENDUM B re 1034 SUR–REPLY Reply Memorandum/Reply to Response to Motion, filed by Defendant International Business Machines Corporation. (blk) (Entered: 04/23/2007) |
| 04/20/2007 | 1036 | | **SEALED DOCUMENT** ADDENDUM C re 1034 SUR–REPLY Reply Memorandum/Reply to Response to Motion,, filed by Defendant International Business Machines Corporation. (blk) (Entered: 04/23/2007) |
| 04/20/2007 | 1037 | | **SEALED DOCUMENT** ADDENDUM G re 1034 SUR–REPLY Reply Memorandum/Reply to Response to Motion, filed by Defendant International Business Machines Corporation. (blk) (Entered: 04/23/2007) |

| 04/27/2007 | 1038 | | MEMORANDUM in Opposition re 1016 MOTION TO DEEM A PROSPECTIVE THIRD–PARTY DEPOSITION IN RELATED LITIGATION TO BE A DEPOSITION TAKEN IN THIS CASE AS WELL filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Exhibit Addendum A# 2 Exhibit Addendum B# 3 Exhibit Addendum C# 4 Exhibit Addendum D (Unpublished Opinions))(Sorenson, Amy) (Entered: 04/27/2007) |
| --- | --- | --- | --- |
| 04/27/2007 | 1039 | | MOTION for Leave to File Excess Pages *for Memorandum in Opposition to SCO's Motion for Reconsideration of the Order Denying SCO's Motion for Relief for IBM's Alleged Spoliation of Evidence* filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Sorenson, Amy) (Entered: 04/27/2007) |
| 04/27/2007 | 1040 | | MOTION for Leave to File Excess Pages *on Memorandum in Opposition to SCO's Objections to the Magistrate Judge's Order Denying SCO's Motion for Relief for IBM's Alleged Spoliation of Evidence* filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Sorenson, Amy) (Entered: 04/27/2007) |
| 04/27/2007 | 1043 | | **SEALED DOCUMENT** MEMORANDUM IN OPPOSITION re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by Defendant International Business Machines Corporation. *Note: No document attached. This document will be retained in the Clerk's Office sealed room for viewing by authorized persons only.* (blk) (Entered: 04/30/2007) |
| 04/27/2007 | 1044 | | **SEALED DOCUMENT** **MEMORANDUM IN OPPOSITION** re 899 Objection to Magistrate Judge Decision to District Court filed by Defendant International Business Machines Corporation. *Note: No document attached. This document will be retained in the Clerk's Office sealed room for viewing by authorized persons only.* (blk) (Entered: 04/30/2007) |
| 04/30/2007 | 1041 | | ORDER granting 1039 Motion for Leave to File Excess Pages. Signed by Judge Dale A. Kimball on 4/30/07. (blk) (Entered: 04/30/2007) |
| 04/30/2007 | 1042 | | ORDER granting 1040 Motion for Leave to File Excess Pages. Signed by Judge Dale A. Kimball on 4/30/07. (blk) (Entered: 04/30/2007) |
| 05/02/2007 | 1045 | | Stipulated MOTION for Extension of Time to File Response/Reply *to IBM's Sur–Reply Memorandum in Further Opposition to SCO's Objections to the Magistrate Judge's Order on IBM's Motion to Confine and SCO's Motion to Amend its December 2005 Submission* filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Normand, Edward) (Entered: 05/02/2007) |
| 05/04/2007 | 1046 | | ORDER granting 1045 Motion for Extension of Time to File Response/Reply. Replies due by 5/11/2007. Signed by Judge Dale A. |

| | | | |
|---|---|---|---|
| | | | Kimball on 5/3/07. (blk) (Entered: 05/04/2007) |
| 05/08/2007 | 1047 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE *Jointly* filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Boruchow, Sashi) (Entered: 05/08/2007) |
| 05/10/2007 | 1048 | | Stipulated MOTION for Extension of Time for Extension of Deadlines filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Normand, Edward) (Entered: 05/10/2007) |
| 05/11/2007 | 1049 | | DISREGARD – SEE ENTRY 1052 for correct order on motion. ORDER granting 1048 Motion for Extension of Time. Signed by Judge Dale A. Kimball on 5/9/07. (blk) Modified on 5/11/2007 SEE ENTRY 1052 for correct order on motion (blk). (Entered: 05/11/2007) |
| 05/11/2007 | 1050 | | Stipulated MOTION for Extension of Time to File Response/Reply filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Normand, Edward) (Entered: 05/11/2007) |
| 05/11/2007 | 1051 | | DISREGARD– WRONG ORDER ENTERED FOR THIS MOTION THIS MOTION IS NOT RULED ON YET. ORDER granting 1050 Motion for Extension of Time to File Response/Reply Replies due by 5/18/2007.. Signed by Judge Dale A. Kimball on 5/11/07. (blk) Modified on 5/11/2007 (BLK). (Entered: 05/11/2007) |
| 05/11/2007 | 1052 | | ORDER granting 1048 Motion for Extension of Time. Rule 26(a)(3) Disclosures due 6/13/07. Exchange of Jury Instructions due 6/27/07. Motions in Limine due 7/9/07. Signed by Judge Dale A. Kimball on 5/11/07. (blk) (Entered: 05/11/2007) |
| 05/11/2007 | 1053 | | ORDER granting 1047 Motion for Extension of Time to File Response/Reply re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE. Replies due by 5/18/2007. Signed by Judge Dale A. Kimball on 5/11/07. (blk) (Entered: 05/11/2007) |
| 05/11/2007 | 1054 | | Modification of Docket: Error: Clerk initially docketed orders on wrong motions. Correction: Clerk has corrected this and re–entered the orders with the correct motions. They have been sent out to all counsel as usual. re 1051 Order on Motion for Extension of Time to File Response/Reply, 1053 Order on Motion for Extension of Time to File Response/Reply, 1049 Order on Motion for Extension of Time, 1048 Stipulated MOTION for Extension of Time for Extension of Deadlines, 1052 Order on Motion for Extension of Time, 1047 Stipulated MOTION for Extension of Time to File Response/Reply as to 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE *Jointly*Stipulated MOTION for Extension of Time to File Response/Reply as to 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE |

| | | | |
|---|---|---|---|
| | | | COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE *Jointly*. (blk) (Entered: 05/11/2007) |
| 05/11/2007 | 1055 | | REPLY to Response to Motion re 913 MOTION to Amend/Correct *DECEMBER 2005 SUBMISSION (SCO's Sur–Surreply Memorandum)* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Exhibit A–B)(Normand, Edward) (Entered: 05/11/2007) |
| 05/11/2007 | 1056 | | REPLY to Response to Motion re 917 Plaintiff's MOTION for Leave to File OVER LENGTH MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON IBM'S MOTION TO CONFINE *No correct entry to link to:SCO's Sur–surreply re: Docket Entry 921 – MEMORANDUM IN SUPPORT re 899 Objection to Magistrate Judge Decision to District Court filed by Plaintiff SCO Group.* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Normand, Edward) (Entered: 05/11/2007) |
| 05/15/2007 | 1057 | | ORDER granting 1050 Motion for Extension of Time to File Response/Reply re: Objections to Magistrate Decision; 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE; 1016 MOTION TO DEEM A PROSPECTIVE THIRD–PARTY DEPOSITION IN RELATED LITIGATION TO BE A DEPOSITION TAKEN IN THIS CASE AS WELL. Replies due by 5/25/2007. Signed by Judge Dale A. Kimball on 5/14/07. (blk) (Entered: 05/15/2007) |
| 05/25/2007 | 1058 | | Stipulated MOTION for Extension of Time of Deadlines filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Sorenson, Amy) (Entered: 05/25/2007) |
| 05/25/2007 | 1059 | | NOTICE OF CONVENTIONAL FILING filed by Plaintiff SCO Group, Counter Defendant SCO Group (James, Mark) (Entered: 05/25/2007) |
| 05/25/2007 | 1060 | | Plaintiff's MOTION for Leave to File Excess Pages filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1) Motions referred to Brooke C. Wells.(James, Mark) (Entered: 05/25/2007) |
| 05/25/2007 | 1061 | | Plaintiff's MOTION for Leave to File Excess Pages filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1) Motions referred to Brooke C. Wells.(James, Mark) (Entered: 05/25/2007) |
| 05/25/2007 | 1062 | | **SEALED DOCUMENT** SEALED REPLY MEMORANDUM IN FURTHER SUPPORT OF 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by Plaintiff SCO Group *Note: No document attached. This document will be retained in the Clerk's Office sealed room for viewing by authorized persons only* (alt) (Entered: 05/29/2007) |
| 05/25/2007 | 1066 | | **SEALED DOCUMENT** SEALED REPLY MEMORANDUM In Further Support of Objections to the Mag Judges Order Denying Motion |

| | | |
|---|---|---|
| | | for Relief for IBMs Spoilation of Evidence, filed by Plaintiff SCO Group *Note: No document attached. This document will be retained in the Clerk's Office sealed room for viewing by authorized persons only* (alt) Modified on 5/30/2007: added info re: document retention (alt) (Entered: 05/30/2007) |
| 05/29/2007 | 1063 | ORDER granting 1060 Motion for Leave to File Excess Pages. Signed by Judge Dale A. Kimball on 5/29/07 (alt) (Entered: 05/29/2007) |
| 05/29/2007 | 1064 | ORDER granting 1061 Motion for Leave to File Excess Pages. Signed by Judge Dale A. Kimball on 5/29/07 (alt) (Entered: 05/29/2007) |
| 05/29/2007 | 1065 | ORDER granting 1058 Motion for Extension of Time. Signed by Judge Dale A. Kimball on 5/29/07 (alt) (Entered: 05/29/2007) |
| 06/13/2007 | 1067 | NOTICE OF FILING of Certificate of Service *of SCO's Objections and Responses to IBM's Requests for Admissions Sets 2−12* filed by Plaintiff SCO Group. (Boruchow, Sashi) (Entered: 06/13/2007) |
| 06/13/2007 | 1068 | CERTIFICATE OF SERVICE by International Business Machines Corporation *of Responses to Requests for Admission* (Sorenson, Amy) (Entered: 06/13/2007) |
| 06/15/2007 | 1069 | REPLY to Response to Motion re 1016 MOTION TO DEEM A PROSPECTIVE THIRD−PARTY DEPOSITION IN RELATED LITIGATION TO BE A DEPOSITION TAKEN IN THIS CASE AS WELL filed by Plaintiff SCO Group. (Normand, Edward) (Entered: 06/15/2007) |
| 06/18/2007 | 1070 | Disregard this entry. Wrong case number was placed on document. This will be filed in case number 2:04cv139. **SEALED DOCUMENT** EXHIBITS to SCO's Memorandum in Opposition to Novell's Evidentiary Objections to SCO's Exhibits Submitted in Support of its Summary Judgment Oppsitions Filed May 18, 2007 Incorporating by Reference Novell's Evidentiary Objections to SCO's Summary Judgment Exhibits filed by Plaintiff SCO Group. *No attachment − document retained in the sealed room.* (blk) Additional attachment(s) added on 6/19/2007 − cover sheet of document (blk). (Entered: 06/19/2007) |
| 06/19/2007 | 1071 | Modification of Docket: Document 1070 was entered on this case because it is the case number put on the pleading by counsel. The clerk has been informed that the case number is incorrect. Counsel are advised to review pleadings before filing them to ensure that the case information is correct, as the clerk will docket it on the case number given on the document. re 1070 Sealed Document. The Clerk will docket this document on case number 2:04cv139. (blk) (Entered: 06/19/2007) |
| 07/13/2007 | 1072 | MOTION for Extension of Time of Deadlines in May 29, 2007 Order filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Shaughnessy, Todd) (Entered: 07/13/2007) |
| 07/16/2007 | 1073 | MEMORANDUM in Opposition re 1072 MOTION for Extension of Time of Deadlines in May 29, 2007 Order filed by Plaintiff SCO Group. |

| | | | |
|---|---|---|---|
| | | | (Normand, Edward) (Entered: 07/16/2007) |
| 07/16/2007 | 1074 | | ORDER granting 1072 Motion for Extension of Time of deadlines set in the Court's 5/29/07 Order. Signed by Judge Dale A. Kimball on 7/16/07. (blk) (Entered: 07/16/2007) |
| 07/26/2007 | 1075 | | Stipulated MOTION for Scheduling Order *(Pretrial Schedule)* filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order) Motions referred to Brooke C. Wells.(Normand, Edward) (Entered: 07/26/2007) |
| 07/30/2007 | 1076 | | ORDER granting 1075 Motion for Extension of Deadlines. *See order for new dates/deadlines.*. Signed by Judge Dale A. Kimball on 7/27/07. (blk) (Entered: 07/30/2007) |
| 08/10/2007 | 1077 | | NOTICE OF DECISION AND REQUEST FOR STATUS UPDATE. Signed by Judge Dale A. Kimball on 8–10–07. (sih) (Entered: 08/10/2007) |
| 08/31/2007 | 1078 | | RESPONSE re 1077 Order, filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Sorenson, Amy) (Entered: 08/31/2007) |
| 08/31/2007 | 1079 | | STATUS REPORT *IN COMPLIANCE WITH THE COURTS NOTICE OF DECISION AND REQUEST FOR STATUS UPDATE DATED AUGUST 10, 2007* by SCO Group. (Normand, Edward) (Entered: 08/31/2007) |
| 09/14/2007 | 1080 | | NOTICE of Filing for Bankruptcy by SCO Group, SCO Group (Attachments: # 1 Exhibit Exhibit A to Notice of Bankruptcy)(James, Mark) (Entered: 09/14/2007) |
| 09/20/2007 | 1081 | | ORDER Administratively Closing this Case. Case may be reopened upon motion of pla(s) or dft(s). Judge Brooke C. Wells no longer assigned to case. Signed by Judge Dale A. Kimball on 9/20/07. (jwt) (Entered: 09/21/2007) |
| 06/30/2009 | 1082 | | MOTION to Amend/Correct 38 Protective Order filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2)(Normand, Edward) (Entered: 06/30/2009) |
| 07/21/2009 | 1083 | | **SEALED DOCUMENT** IBM'S MEMORANDUM IN OPPOSITION** re 1082 MOTION to Amend/Correct 38 Protective Order filed by Defendant International Business Machines Corporation. (las) (Entered: 07/21/2009) |
| 08/21/2009 | 1084 | | DOCUMENTS LODGED consisting of a Letter from Defense Counsel re: SCO's Motion for Modification of the Stipulated Protective Order. (las) (Entered: 08/21/2009) |
| 08/21/2009 | 1085 | | ORDER denying 1082 Motion to Amend/Correct the Stipulated Protective Order. Signed by Judge Dale A. Kimball on 8/21/09. (jwt) (Entered: 08/24/2009) |
| 08/24/2009 | 1086 | | ORDER OF RECUSAL Judge Dale A. Kimball recused. Case reassigned to Judge Tena Campbell for all further proceedings. Signed by Judge Dale A. Kimball on 8/24/09. (jwt) (Entered: 08/24/2009) |
| 12/10/2009 | 1087 | | Ex Parte (Not Sealed) MOTION to Withdraw as Attorney filed by Plaintiff SCO Group. (Attachments: # 1 Text of Proposed Order)(Hatch, Brent) |

| | | | |
|---|---|---|---|
| | | | (Entered: 12/10/2009) |
| 12/14/2009 | 1088 | | ORDER granting 1087 Motion to Withdraw as Attorney. Attorney John J. Brogan withdrawn from case for SCO Group. Signed by Judge Tena Campbell on 12/12/09 (alt) (Entered: 12/14/2009) |
| 07/30/2010 | 1089 | | MOTION for Hearing re Status Conference filed by Plaintiff SCO Group. (Normand, Edward) (Entered: 07/30/2010) |
| 08/05/2010 | 1090 | | **NOTICE OF HEARING**: (Notice generated by Mary Jane McNamee) Status Conference set for 8/11/2010 at 3:00 PM in Room 230 before Judge Tena Campbell. (mjm) (Entered: 08/05/2010) |
| 08/10/2010 | 1091 | | MEMORANDUM in Opposition re 1089 MOTION for Hearing re Status Conference filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Shaughnessy, Todd) (Entered: 08/10/2010) |
| 08/12/2010 | 1092 | | Minute Entry for proceedings held before Judge Tena Campbell: Status Conference held on 8/12/2010. Mr. Normand states there are 12 pending motions, but requests defendant's motion for summary judgment (docket #782) be decided first. The court hears from Mr. Marriott who believes motions should be decided as a whole. The court takes this matter under advisement. Attorney for Plaintiff: Brent Hatch, Esq; Ted Normand, Esq., Attorney for Defendant: Todd Shaughnessy, Esq; David R. Marriott, Esq. Court Reporter: Ray Fenlon. (tab) (Entered: 08/12/2010) |
| 09/10/2010 | 1093 | | ORDER: court declines to re−open the case and resolve any motions − when the 10CCA has issued its decision in the Novell litigation (No. 10−4122), either party may move the court to re−open the case. Signed by Judge Tena Campbell on 9/10/10 (alt) (Entered: 09/10/2010) |
| 07/27/2011 | 1094 | | NOTICE OF WITHDRAWAL OF COUNSEL of Todd M. Shaughnessy on behalf of International Business Machines Corporation (Shaughnessy, Todd) (Entered: 07/27/2011) |
| 11/04/2011 | 1095 | | MOTION to Reopen Case filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 11/04/2011) |
| 11/04/2011 | 1096 | | NOTICE OF CONVENTIONAL FILING of The SCO Group, Inc.'s Memorandum in Support of Its Motion to Reopen the Case filed by Plaintiff SCO Group re 1095 MOTION to Reopen Case (Hatch, Brent) (Entered: 11/04/2011) |
| 11/04/2011 | 1097 | | MEMORANDUM in Support re 1095 MOTION to Reopen Case *REDACTED* filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit A − Filed Under Seal)(Hatch, Brent) (Entered: 11/04/2011) |
| 11/04/2011 | 1098 | | **SEALED DOCUMENT** SEALED MEMORANDUM IN SUPPORT OF 1095 MOTION to Reopen Case filed by Plaintiff SCO Group (Attachments: # 1 Exhibit A) (alt) (Entered: 11/07/2011) |
| 11/09/2011 | | | Judge Clark Waddoups added. Judge Tena Campbell no longer assigned to case. (alt) (Entered: 11/10/2011) |
| 11/09/2011 | 1099 | | ORDER OF RECUSAL: Judge Tena Campbell recused. Case reassigned to |

| | | | |
|---|---|---|---|
| | | | Judge Clark Waddoups for all further proceedings. Case number is now 2:03cv00294 CW. Signed by Judge Tena Campbell on 11/8/11 (alt) (Entered: 11/10/2011) |
| 11/21/2011 | 1100 | | Defendant's MEMORANDUM in Opposition re 1095 MOTION to Reopen Case filed by Defendant International Business Machines Corporation. (Sorenson, Amy) (Entered: 11/21/2011) |
| 11/28/2011 | 1101 | | **NOTICE OF HEARING ON MOTION** re: 1095 MOTION to Reopen Case : (Notice generated by jwt) Motion Hearing set for 4/18/2012 03:30 PM in Room 102 before Judge Clark Waddoups. (jwt) (Entered: 11/28/2011) |
| 12/08/2011 | 1102 | | REPLY to Response to Motion re 1095 MOTION to Reopen Case filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 12/08/2011) |
| 12/09/2011 | 1103 | | ORDER OF RECUSAL–Judge Clark Waddoups recused. Case reassigned to Judge David Sam for all further proceedings. Signed by Judge Clark Waddoups on 12/9/11. (jmr) (Entered: 12/09/2011) |
| 12/14/2011 | 1104 | | ORDER OF RECUSAL Judge David Sam recused. Case reassigned to Judge Dee Benson for all further proceedings. Signed by Judge David Sam on 12/13/11. (jmr) (Entered: 12/14/2011) |
| 02/07/2012 | 1105 | | **\*\*\*AMENDED\*\*\* NEW DATE AND TIME NOTICE OF HEARING ON MOTION** re: 1095 MOTION to Reopen Case : Motion Hearing set for 4/23/2012 02:30 PM in Room 246 before Judge Dee Benson. (reb) (Entered: 02/07/2012) |
| 03/31/2012 | 1106 | | REASSIGNMENT to Newly Appointed District Judge. Case Reassigned to District Judge David Nuffer (DJ). Judge Dee Benson no longer assigned to the case. Case number will now read 2:03–cv–00294–DN. Please make changes to document captions accordingly. (asp) (Entered: 03/31/2012) |
| 04/02/2012 | | | **NOTICE VACATING MOTION REOPEN CASE HEARING** set for 4/23/12 at 2:30 p.m. before Judge David Nuffer (moved from Judge Benson's calendar after reassignment) (asb) (Entered: 04/02/2012) |
| 04/02/2012 | | | Deadlines/Hearings terminated. (asb) (Entered: 04/02/2012) |
| 06/14/2012 | 1107 | | REQUEST to Submit for Decision re 1095 MOTION to Reopen Case filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit A – TSG Order Granting IBM Stay Modification)(Hatch, Brent) (Entered: 06/14/2012) |
| 03/25/2013 | 1108 | | MOTION for Hearing re 1095 MOTION to Reopen Case filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 03/25/2013) |
| 04/24/2013 | 1109 | | MEMORANDUM DECISION AND ORDER denying 1095 Motion to Reopen Case; denying 1108 Motion for Hearing. Signed by Judge David Nuffer on 4/22/13 (alt) (Entered: 04/24/2013) |
| 05/07/2013 | 1110 | | MOTION for Reconsideration of the Court's Order Denying Motion to Reopen the Case re 1109 Order on Motion to Reopen Case, Order on Motion for Hearing, Memorandum Decision and Memorandum in Support filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Hatch, Brent) |

| | | | |
|---|---|---|---|
| | | | (Entered: 05/07/2013) |
| 05/24/2013 | 1111 | | RESPONSE to Motion re 1110 MOTION for Reconsideration of the Court's Order Denying Motion to Reopen the Case re 1109 Order on Motion to Reopen Case, Order on Motion for Hearing, Memorandum Decision filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Exhibit A – IBM's Memorandum Responding to SCO's Request to Reopen)(Sorenson, Amy) (Entered: 05/24/2013) |
| 06/10/2013 | 1112 | | RE–FILED AS 1114 REPLY – ~~REPLY to Response to Motion re 1110 MOTION for Reconsideration of the Court's Order Denying Motion to Reopen the Case re 1109 Order on Motion to Reopen Case, Order on Motion for Hearing, Memorandum Decision filed by Plaintiff SCO Group. (Hatch, Brent)~~ Modified on 6/10/2013 by adding error text per call from counsel. They will re–file the correct reply (jlw). Modified on 6/12/2013 (alt) (Entered: 06/10/2013) |
| 06/10/2013 | 1113 | | Modification of Docket: Please disregard document 1112 . The correct document will be filed. (jlw) (Entered: 06/10/2013) |
| 06/10/2013 | 1114 | | REPLY to Response to Motion re 1110 MOTION for Reconsideration of the Court's Order Denying Motion to Reopen the Case re 1109 Order on Motion to Reopen Case, Order on Motion for Hearing, Memorandum Decision filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 06/10/2013) |
| 06/14/2013 | 1115 | | ORDER granting 1110 Motion to Reconsider 1109 the court's order denying the 1095 motion to reopen this case. The motion to reconsider is granted, the motion to reopen is granted and the parties are directed to make submissions as stated in the order. (DN) (Entered: 06/14/2013) |
| 06/17/2013 | 1116 | | NOTICE of Appearance by Amber M. Mettler on behalf of International Business Machines Corporation (Mettler, Amber) (Entered: 06/17/2013) |
| 06/21/2013 | 1117 | | MOTION for Admission Pro Hac Vice of Owen J.M. Roth , Registration fee $ 15, receipt number 1088–1856314, filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Exhibit A – Application for Admission Pro Hac Vice, # 2 Exhibit B – Electronic Case Filing Form, # 3 Text of Proposed Order)(Mettler, Amber) (Entered: 06/21/2013) |
| 06/24/2013 | 1118 | | DOCKET TEXT ORDER granting 1117 Motion for Admission Pro Hac Vice of Owen J.M. Roth for International Business Machines Corporation. Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at http://www.utd.uscourts.gov So ordered by Judge David Nuffer on 6/24/13 (docket text only – no attached document) (alt) (Entered: 06/24/2013) |
| 06/24/2013 | 1119 | | NOTICE OF FILING of The SCO Group, Inc.'s Statement in Compliance with the Court's Order Reopening the Case re 1115 Order on Motion for Miscellaneous Relief, filed by Plaintiff SCO Group. (Attachments: # 1 Exhibit A – Proposed Judgment Dismissing SCO's Claims Mooted by the Final Judgment in SCO v. Novell)(Hatch, Brent) (Entered: 06/24/2013) |

| 06/28/2013 | 1120 | | RESPONSE re 1119 Notice of Filing,, filed by International Business Machines Corporation. (Attachments: # 1 Exhibit A – Proposed Judgment (Clean), # 2 Exhibit B – Proposed Judgment (Blackline), # 3 Exhibit C – Delaware Dkt. No. 1291, # 4 Exhibit D – Delaware Dkt. No. 1439)(Sorenson, Amy) (Entered: 06/28/2013) |
| 07/01/2013 | 1121 | | DOCKET TEXT ORDER re 1120 Response (NOT to motion), filed by International Business Machines Corporation No attached document. SCO is directed to file a response to IBM's Objections to SCO's Proposed Partial Judgment by Monday July 8, 2013 at 5:00 p.m. Signed by Judge David Nuffer on 7/1/13. (mh) (Entered: 07/01/2013) |
| 07/08/2013 | 1122 | | RESPONSE re 1120 Response (NOT to motion),,re IBM's Objections to SCO's Proposed Partial Judgment filed by SCO Group. (Attachments: # 1 Exhibit A – Updated Judgment Form, # 2 Exhibit B – Updated Judgment Form (Blackline Version))(Hatch, Brent) (Entered: 07/08/2013) |
| 07/10/2013 | 1123 | 121 | PARTIAL JUDGMENT dismissing certain claims with prejudice. Signed by Judge David Nuffer on 7/10/13 (alt) (Entered: 07/10/2013) |
| 07/11/2013 | 1124 | | Stipulated MOTION for Extension of Time For Defendant/Counterclaim–Plaintiff IBM to File a Motion for Summary Judgment filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order)(Sorenson, Amy) (Entered: 07/11/2013) |
| 07/12/2013 | 1125 | | ORDER granting 1124 Motion for Extension of Time: IBM shall have until 7/22/13 to file a motion for summary judgment. Signed by Judge David Nuffer on 7/12/13 (alt) (Entered: 07/12/2013) |
| 07/22/2013 | 1126 | | MOTION for Partial Summary Judgment and Memorandum in Support filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Sorenson, Amy) (Entered: 07/22/2013) |
| 07/22/2013 | 1127 | | AFFIDAVIT/DECLARATION of Amy F. Sorenson in Support re 1126 MOTION for Partial Summary Judgment and Memorandum in Support filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Sorenson, Amy) (Entered: 07/22/2013) |
| 08/20/2013 | 1128 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 1126 MOTION for Partial Summary Judgment filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Attachments: # 1 Text of Proposed Order)(Hatch, Brent) (Entered: 08/20/2013) |
| 08/21/2013 | 1129 | | ORDER granting 1128 Motion for Extension of Time to File Response/Reply re 1126 MOTION for Partial Summary Judgment: Response due by 8/29/2013. Signed by Judge David Nuffer on 8/21/13 (alt) (Entered: 08/21/2013) |
| 08/29/2013 | 1130 | | MEMORANDUM in Opposition re 1126 MOTION for Partial Summary Judgment filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 08/29/2013) |

| 09/16/2013 | 1131 | | REPLY to Response to Motion re 1126 MOTION for Partial Summary Judgment filed by Defendant International Business Machines Corporation. (Attachments: # 1 Text of Proposed Order Granting IBMs Motion for Partial Summary Judgment on the Basis of the Novell Judgment)(Sorenson, Amy) (Entered: 09/16/2013) |
| --- | --- | --- | --- |
| 12/15/2014 | 1132 | | MEMORANDUM DECISION AND ORDER granting in part and denying in part 1126 Motion for Partial Summary Judgment. Signed by Judge David Nuffer on 12/15/14 (alt) (Entered: 12/15/2014) |
| 03/02/2015 | 1133 | | DOCKET TEXT ORDER No attached document. Court orders the parties file a joint status report by Noon, Friday, March 13, 2015. Signed by Judge David Nuffer on 3/2/2015. (asb) (Entered: 03/02/2015) |
| 03/13/2015 | 1134 | | STATUS REPORT *(Joint)* by SCO Group, SCO Group. (Hatch, Brent) (Entered: 03/13/2015) |
| 04/13/2015 | 1135 | | **NOTICE OF HEARING**: Status Conference set for Thursday, 6/11/2015 at 02:30 PM in Rm 3.100 before Judge David Nuffer. (asb) (Entered: 04/13/2015) |
| 04/15/2015 | 1136 | | DOCKET TEXT ORDER No attached document In their 1134 joint status report, the parties requested the opportunity to apprise the court of relevant case law decided since the pending motions were filed. The movant may file no more than five pages of additional authority on each of its pending motions on or before May 22, 2015, and the non−movant may respond (in no more than five pages as to each motion) on or before June 5, 2015. According to 1134 , SCO is the movant in 782 , 783 , and 986 , and IBM is the movant in 775 and 776 . Signed by Judge David Nuffer on 4/15/2015. (mec) (Entered: 04/15/2015) |
| 05/22/2015 | 1137 | | MEMORANDUM in Support re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Hatch, Brent) (Entered: 05/22/2015) |
| 05/22/2015 | 1138 | | MEMORANDUM in Support re 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Hatch, Brent) (Entered: 05/22/2015) |
| 05/22/2015 | 1139 | | MEMORANDUM in Support re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Hatch, Brent) (Entered: 05/22/2015) |
| 05/22/2015 | 1140 | | MEMORANDUM in Support re 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim*, 783 MOTION for Summary Judgment *on SCO's Interference Claims* filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Sorenson, Amy) (Entered: 05/22/2015) |

| 05/27/2015 | 1141 | | ERRATA to 1137 Memorandum in Support of Motion filed by Plaintiff SCO Group, Counter Defendant SCO Group *Corrected*. (Hatch, Brent) (Entered: 05/27/2015) |
|---|---|---|---|
| 05/28/2015 | 1142 | | DOCKET TEXT ORDER No attached document<br>1136 Docket Text Order incorrectly listed pending motions as follows: SCO was listed as the movant in 782 , 783 , and 986 , while IBM was listed as the movant in 775 and 776 .<br>The corrected listing of pending motions is as follows: SCO is the movant in 776 , 777 , and 986 ; IBM is the movant in 782 , 783 , and 784 .<br>1136 Docket Text Order granted the parties' request to apprise the court of relevant case law decided since the pending motions were filed. With the corrected addition of 784 to the list of pending motions, IBM may file no more than five pages of additional authority in support of 784 on or before Wednesday, June 3, 2015, and SCO may respond (in no more than five pages) on or before Monday, June 8, 2015. However, this supplemental briefing on 784 is limited to authority not already provided in the supplemental briefing on 777 , also regarding IBM's eighth counterclaim. Signed by Judge David Nuffer on 4/15/2015. (mec) (Entered: 05/28/2015) |
| 06/03/2015 | 1143 | | MEMORANDUM in Support re 784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim* filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Sorenson, Amy) (Entered: 06/03/2015) |
| 06/05/2015 | 1144 | | RESPONSE to Motion re 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim*, 783 MOTION for Summary Judgment *on SCO's Interference Claims* filed by Plaintiff SCO Group. (Hatch, Brent) (Entered: 06/05/2015) |
| 06/05/2015 | 1145 | | RESPONSE to Motion re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims* filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Sorenson, Amy) (Entered: 06/05/2015) |
| 06/05/2015 | 1146 | | RESPONSE to Motion re 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims* filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Sorenson, Amy) (Entered: 06/05/2015) |
| 06/05/2015 | 1147 | | RESPONSE to Motion re 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by Defendant International Business Machines Corporation, Counter Claimant International Business Machines Corporation. (Sorenson, Amy) (Entered: 06/05/2015) |
| 06/08/2015 | 1148 | | RESPONSE to Motion re 784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim* filed by Plaintiff SCO Group, Counter Defendant SCO Group. (Hatch, Brent) (Entered: 06/08/2015) |
| 06/11/2015 | 1149 | | DOCKET TEXT ORDER No attached document<br>The parties shall exchange offers to settle the case by 4: 00 p.m. on 6/22/2015. The parties shall file notice by 4:00 p.m on 6/22/2015 (a) of |

| | | | |
|---|---|---|---|
| | | | their agreement on the magistrate judge to whom mediation should be referred or (b) that no agreement has been reached. If no agreement is reached, a magistrate judge will be appointed.<br>By 6/22/2015 the parties shall submit to dj.nuffer@ utd.uscourts.gov electronic versions of their slide decks used in (a) the status conference held on 6/11/2015 and (b) the 2007 oral argument related to motion 782 .<br>Signed by Judge David Nuffer on 6/11/2015. (mec) (Entered: 06/11/2015) |
| 06/11/2015 | 1150 | | Minute Order. Proceedings held before Judge David Nuffer:<br>Counsel present for parties. Mr. Marriott provided a chart of what is currently before the court and the relationships of those items. Court found the motion to reconsider 986 moot based on the discussion with counsel that SCO relies on its objection 995 . Court instructed counsel that its review of the magistrates ruling underlying the objections 995 will be on the existing record and not on any new record.<br>Mr. Singer gave a narrative on the SCO v. Novell case. Mr. Marriott responded. Counsel gave brief educational and factual background summaries on the unresolved claims and motions in this case. Sequence of motions 776 , 777 , 782 , 783 , and 784 discussed. 782 and 783 will be resolved first. Court suggested that counsel might attempt to reconcile the facts on motions 782 and 783 . Counsel agreed to do so. Counsel were ordered to reconcile facts on the 782 motion within 30 days. Thereafter, the process will be evaluated before proceeding with 783 .<br>Mediation possibilities discussed and with whom it should be held. SCO prefers a magistrate judge to conduct the mediation. IBM prefers parties manage settlement on their own, then if ineffective, then involve a mediator as they select. Discussion heard. Court took the matter under advisement. Court adjourned.<br>Status Conference held on 6/11/2015, Motion Hearing held on 6/11/2015 re 776 MOTION for Summary Judgment *on IBM's Second, Third, Fourth, and Fifth Counterclaims* filed by SCO Group, 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim* filed by International Business Machines Corporation, 986 MOTION FOR RECONSIDERATION BY THE MAGISTRATE COURT OF THE ORDER DENYING SCOS MOTION FOR RELIEF FROM IBMS SPOLIATION OF EVIDENCE filed by SCO Group, 784 MOTION for Summary Judgment *on IBM's Eighth Counterclaim* filed by International Business Machines Corporation, 777 MOTION for Summary Judgment *on IBM's Sixth, Seventh, and Eighth Counterclaims* filed by SCO Group, 783 MOTION for Summary Judgment *on SCO's Interference Claims* filed by International Business Machines Corporation. Attorney for Plaintiff: Brent Hatch, Stuart Singer, Edward Normand, Jason Cyrulnik, Attorney for Defendant David Marriott, Amy Sorenson, Amber Mettler. (asb) (Entered: 06/12/2015) |
| 06/16/2015 | 1151 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference held on June 11, 2015, before Judge David Nuffer. Court Reporter/Transcriber Kelly Brown Hicken CSR, RPR, RMR.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact personal data** |

| | | | |
|---|---|---|---|
| | | | **identifiers** from the electronic transcript of the court proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below. |
| | | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/7/2015. Redacted Transcript Deadline set for 7/17/2015. Release of Transcript Restriction set for 9/14/2015 (alt) Modified on 9/15/2015 by removing restricted text (las). (Entered: 06/16/2015) |
| 06/22/2015 | 1153 | | NOTICE of Parties' Agreement on Appointment of Magistrate for Mediation by International Business Machines Corporation re 1149 Order,, (Sorenson, Amy) (Entered: 06/22/2015) |
| 06/23/2015 | 1154 | | DOCKET TEXT ORDER REFERRING CASE to Magistrate Judge Paul M. Warner under 28:636 (b)(1) for Settlement. So ordered by Judge David Nuffer on 6/23/15 (docket text only – no attached document) (alt) (Entered: 06/23/2015) |
| 07/07/2015 | 1155 | | ORDER re Settlement Conference Referral. Signed by Magistrate Judge Paul M. Warner on 7/7/15 (alt) (Entered: 07/07/2015) |
| 07/14/2015 | 1156 | | DOCUMENTS LODGED consisting of a letter from IBM's counsel requesting additional time to reconcile facts for 782 Motion. (mec) (Entered: 07/14/2015) |
| 07/14/2015 | 1157 | | DOCKET TEXT ORDER taking under advisement 782 Motion for Summary Judgment. On 7/13/2015, counsel for IBM submitted 1156 letter regarding the Court's 1150 order to reconcile the facts on 782 IBM's Motion for Summary Judgment. Counsel have failed to reach an agreement on the facts by the original deadline and request an additional week to reconcile the facts or file notice of their failure to do so. On or before Monday, 7/20/2015, counsel shall electronically file its reconciled and disputed facts, as described below, and email a word processing copy to dj.nuffer@utd.uscourts.gov. A notice of failure is insufficient. Counsel's submissi on shall contain the following: (1) a set of numbered, undisputed facts, with citations to evidence, as required by DUCivR 56–1(b)(2), (2) any remaining disputed facts from IBM's 782 motion, and (3) any remaining disputed additional facts from SCO's opposition brief. Under each fact still in dispute, counsel shall include the opponent's response and the proponent's reply, if any, including citations to evidence, as required by DUCivR 56–1(c)(2). Signed by Judge David Nuffer on 7/14/2015. No attached document. (mec) (Entered: 07/14/2015) |
| 07/20/2015 | 1158 | | NOTICE OF FILING of Statement of Reconciled and Disputed Facts re 782 MOTION for Summary Judgment *on SCO's Unfair Competition Claim* |

| | | | |
|---|---|---|---|
| | | | filed by Plaintiff SCO Group. (Attachments: #_1 Supplement Letter from J. Cyrulnik to Hon. D. Nuffer)(Hatch, Brent) Modified on 7/23/2015: removed excess text and link (alt) (Entered: 07/20/2015) |
| 07/23/2015 | | | Modification of Docket re_1158 Notice of Filing. Error: Excess text, capitalization, and an unnecessary link were used in entry. Correction: Entry text has been edited down to reflect content of actual document. (alt) (Entered: 07/23/2015) |
| 02/05/2016 | 1159 | 124 | ORDER granting 782 Motion for Partial Summary Judgment in IBM's favor on SCO's unfair competition claim (SCO's Sixth Cause of Action). Signed by Judge David Nuffer on 2/5/16 (alt) (Entered: 02/05/2016) |
| 02/08/2016 | 1160 | 171 | ORDER granting 783 Motion for Summary Judgment on SCO's Tortious Interference Claims (SCOs Seventh and Ninth Causes of Action). Signed by Judge David Nuffer on 2/8/16 (alt) (Entered: 02/08/2016) |
| 02/09/2016 | 1161 | | ORDER for Briefing on Rule 54(b) Certification. Signed by Judge David Nuffer on 2/8/16 (alt) (Entered: 02/09/2016) |
| 02/26/2016 | 1162 | | Joint MOTION for Judgment under Rule 54(b) and Memorandum in Support filed by Plaintiff SCO Group. (Attachments: #_1 Text of Proposed Order Proposed Judgment Pursuant to Fed. R. Civ. P. 54(b))(Hatch, Brent) (Entered: 02/26/2016) |
| 03/01/2016 | 1163 | | ORDER granting 1162 Motion for Certification under Rule 54(b). Signed by Judge David Nuffer on 2/29/16 (alt) (Entered: 03/01/2016) |
| 03/01/2016 | 1164 | 120 | CLERK'S JUDGMENT that pursuant to the orders of the court entered on 7/10/13, 2/5/16, and 2/8/16, judgment is entered in favor of the defendant and plaintiff's causes of action are dismissed with prejudice. Signed by ALT, Deputy Clerk (alt) (Entered: 03/01/2016) |
| 03/01/2016 | | | Case stayed per 1163 Order(alt) (Entered: 03/01/2016) |
| 03/29/2016 | 1165 | 117 | NOTICE OF APPEAL as to 1164 Clerk's Judgment, filed by SCO Group, SCO Group. Appeals to the USCA for the 10th Circuit. Filing fee $ 505, receipt number 1088–2466784. (Normand, Edward) (Entered: 03/29/2016) |

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
bhatch@hjdlaw.com
mjames@hjdlaw.com

David Boies (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Jason Cyrulnik (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
dboies@bsfllp.com
enormad@bsfllp.com
jcyrulnik@bsfllp.com

Stuart H. Singer (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
ssinger@bsfllp.com

*Counsel for Plaintiff, The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 11 Trustee in Bankruptcy, Edward N. Cahn, | **NOTICE OF APPEAL** |
| Plaintiff/Counterclaim-Defendant, | Civil No. 2:03-cv-00294 DN |
| v. | Honorable David Nuffer |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | |
| Defendant/Counterclaim-Plaintiff. | |

Notice is hereby given that plaintiff, The SCO Group, Inc., hereby appeals to the

United States Court of Appeals for the Tenth Circuit from the Judgment entered in this action on

March 1, 2016.

DATED this 29th day of March, 2016.

By: */s/ Edward Normand*
BOIES, SCHILLER & FLEXNER LLP
David Boies
Stuart H. Singer
Edward Normand
Jason Cyrulnik

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

*Counsel for The SCO Group, Inc.*

Prelim Record  118

**CERTIFICATE OF SERVICE**

I, Edward Normand, hereby certify that on this 29th day of March, 2016, a true and correct copy of the foregoing **NOTICE OF APPEAL** was filed with the court and served via electronic mail to the following recipients:

> David Marriott, Esq.
> Cravath, Swaine & Moore LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York 10019
>
> Amy F. Sorenson, Esq.
> Snell & Wilmer LLP
> 1200 Gateway Tower West
> 15 West South Temple
> Salt Lake City, Utah 84101-1004
>
> *Counsel for Defendant and Counterclaim-Plaintiff International Business Machines Corporation.*

By: */s/ Edward Normand*
Edward Normand

3

AO 450 (Rev.5/85) Judgment in a Civil Case

**FILED**
CLERK, U.S. DISTRICT COURT
March 1, 2016 (10:25am)
DISTRICT OF UTAH

# United States District Court

Central Division for the District of Utah

SCO Group

v.

International Business Machines
Corporation

**JUDGMENT IN A CIVIL CASE**

Case Number: 2:03cv00294 DN

This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

that pursuant to the orders of the court entered on July 10, 2013, February 5, 2016, and February 8, 2016, judgment is entered in favor of the defendant and plaintiff's causes of action are dismissed with prejudice.

March 1, 2016
_____
*Date*

D. Mark Jones
_____
*Clerk of Court*

_____
*(By) Deputy Clerk*

Brent O. Hatch (5715)
bhatch@hjdlaw.com
Mark F. James (5295)
mjames@hjdlaw.com
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David Boies (admitted pro hac vice)
dboies@bsfllp.com
Robert Silver (admitted pro hac vice)
rsilver@bsfllp.com
Edward Normand (admitted pro hac vice)
enormand@bsfllp.com
Jason Cyrulnik (admitted pro hac vice)
jcyrulnik@bsfllp.com
Mauricio A. Gonzalez (admitted pro hac vice)
magonzalez@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Stuart Singer (admitted pro hac vice)
ssinger@bsfllp.com
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Counsel for The SCO Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 7 Trustee in Bankruptcy, Edward N. Cahn, <br><br> Plaintiff/Counterclaim-Defendant, <br> vs. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **PARTIAL JUDGMENT DISMISSING SCO CLAIMS** <br><br> Civil No.: 2:03-CV-00294-DN <br><br> David Nuffer |

Whereas plaintiff/counterclaim-defendant, The SCO Group, Inc. (n/k/a TSG Group, Inc.) ("SCO") brought a related action in this District Court, entitled *SCO Group, Inc. v. Novell, Inc.*, Case No. 2:04-CV-129; and whereas, after the trial of that matter, Chief Judge Ted Stewart entered a final judgment ruling that Novell (1) owns the copyrights to pre-1996 UNIX source code, and (2) has the right to waive SCO's contract claims for breach of the licensing agreements pursuant to which IBM and others licensed pre-1996 UNIX source code (the "*Novell* judgment"); and whereas SCO agrees that the *Novell* judgment forecloses certain of its claims in this case as identified below, **THEREFORE** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the following claims set forth in SCO's Second Amended Complaint are dismissed with prejudice:

Breach of IBM Software Agreement (Count I)

Breach of IBM Sublicensing Agreement (Count II)

Breach of Sequent Software Agreement (Count III)

Breach of Sequent Sublicensing Agreement (Count IV)

Copyright Infringement (Count V)

Copyright Infringement (see Docket No. 398 at 4-5)

Interference with the 1995 Asset Purchase Agreement at Issue in *Novell* (Count VIII)

In addition, it is hereby **ORDERED, ADJUDGED, AND DECREED** that SCO's Unfair Competition claim (Count VI) is dismissed with prejudice insofar as that claim is based on the allegations that Novell does not own the copyrights to pre-1996 UNIX source code and does not have the right to waive breaches of the licensing agreements pursuant to which IBM and others licensed pre-1996 UNIX source code.

1

The following SCO claims remain ripe for adjudication by the Court: SCO's Unfair Competition claim (Count VI) concerning Project Monterey, SCO's Interference with Contract claim (Count VII), and SCO's claim for Interference with Business Relationships (Count IX).

DATED this 10th day of July, 2013.

BY THE COURT

_____
David Nuffer
United States District Court Judge

2

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., A DELAWARE CORPORATION;<br><br>              Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>              Defendant. | **ORDER GRANTING IBM'S [782] MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>2:03-CV-00294-DN<br><br>District Judge David Nuffer |

This case arises out of the relationship between The SCO Group, Inc. ("SCO") and International Business Machines Corporation ("IBM") regarding IBM's production of its LINUX operating system. SCO held a majority of the UNIX-on-Intel market with its UNIX operating system in 1998 when IBM and SCO agreed to collaborate to produce a new operating system, Project Monterey. SCO claimed that IBM used this project to gain access SCO's UNIX source code and then copied thousands or millions of lines of that code into LINUX. Because LINUX was offered at no cost in the open-source community, it rapidly displaced UNIX, and SCO's UNIX sales rapidly diminished. SCO publicized the alleged copyright infringement and the alleged wrongs committed by IBM, and IBM argued that SCO's tactics were improper and in bad faith, and that it had the right to use any lines of code it added to LINUX. Previously in this litigation, many claims have been resolved. This order addresses SCO's unfair competition claim, granting summary judgment on that claim in favor of IBM.

1

# TABLE OF CONTENTS

Table of Contents ........................................................................................................ 2
Case and Motion Background ...................................................................................... 2
Statement of Undisputed Facts ................................................................................... 6
    A.    SCO's Unfair Competition Claim .............................................................. 7
    B.    SCO's Disclosures. ................................................................................... 8
    C.    Background on SCO ................................................................................ 12
    D.    Background on IBM and the UNIX-on-Intel Market .............................. 14
    E.    Project Monterey. .................................................................................... 15
    F.    The Release of the Project Monterey Operating System ......................... 25
    G.    IBM's Use of SCO's SVR4 Code in IBM Products ............................... 26
    H.    The Acquisition of the UNIX Business by Caldera ............................... 28
    I.    Status of Project Monterey in 2002 ........................................................ 29
Summary JUdgment Standard .................................................................................... 30
Analysis ..................................................................................................................... 31
    A.    The Independent Tort Doctrine Bars Tort Claims  Where There Is An Express
        Contract Provision .................................................................................. 32
    B.    SCO's Unfair Competition Claim Is Subsumed by Express Contractual
        Provisions Specifically Governing the SVr4 Code ................................. 35
    C.    SCO Cannot Rely on the Utah Unfair Competition Act as a Basis for  an Unfair
        Competition Claim .................................................................................. 38
    D.    SCO and IBM Entered Into an Arms-Length Contract and Did Not Create a Joint
        Venture, Partnership, or Any Other Form of Fiduciary Relationship .................. 41
Conclusion ................................................................................................................ 47
Order  ....................................................................................................................... 47

# CASE AND MOTION BACKGROUND

This case has been assigned to multiple judges in the District of Utah since it was filed in

2003. The case was administratively closed by Judge Kimball on September 20, 2007 due to

SCO's filing for bankruptcy,[1] and on September 10, 2010, Judge Campbell denied SCO's

request to re-open the case to resolve two of the several pending motions.[2] SCO filed a motion to

reopen the case to resolve some pending motions,[3] and after the case was reassigned again, that

---

[1] Order Regarding Temporary Administrative Closure of Case, docket no. 1081, filed Sept. 20. 2007.

[2] Order, docket no. 1093, filed Sept. 10, 2010.

[3] The SCO Group, Inc.'s Motion to Reopen the Case, docket no. 1095, filed Nov. 4, 2011.

motion was denied with the intent of keeping the case closed during the bankruptcy.[4] On May 7, 2013, SCO filed a motion for reconsideration of that order.[5] Because IBM did not oppose this motion or the reopening of the case, SCO's motion was granted, the previous order denying the motion to reopen[6] was vacated, and the case was reopened on June 14, 2013.[7]

   Following the resolution of separate litigation between Novell, Inc. ("Novell") and SCO,[8] SCO proposed that six of SCO's claims be dismissed with prejudice: breach of IBM Software Agreement (Count I), breach of IBM Sublicensing Agreement (Count II), breach of Sequent Software Agreement (Count III), breach of Sequent Sublicensing Agreement (Count IV), copyright infringement (Count V), and interference with the 1995 Asset Purchase Agreement at issue in the *Novell* case (Count VIII).[9] On July 22, 2013, IBM filed a motion for partial summary judgment regarding remaining claims based on the *Novell* judgment.[10] On December 15, 2014, partial summary judgment was granted in IBM's favor on IBM's counterclaims seeking a declaration of non-infringement of the copyrights to the pre-1996 UNIX source code (IBM's Counterclaims IX and X), and on SCO's unfair competition claim (Count VI) and tortious interference claims (Counts VII and IX) "insofar as they alleged that SCO, and not Novell, owns the copyrights to the pre-1996 UNIX source code and/or that Novell does not have the right to

---

[4] Memorandum Decision and Order Denying Motion to Reopen the Case, docket no. 1109, filed Apr. 24, 2013.

[5] The SCO Group, Inc.'s Motion for Reconsideration of the Court's Order Denying Motion to Reopen the Case, docket no. 1110, filed May 7, 2013.

[6] Memorandum Decision and Order Denying Motion to Reopen the Case, docket no. 1109, filed Apr. 24, 2013.

[7] Order Reopening Case and Vacating Prior Order, docket no. 1115, filed June 14, 2013.

[8] *SCO Group, Inv. v. Novell, Inc.*, Case No. 2:04-cv-00129-TS.

[9] Partial Judgment Dismissing SCO Claims, docket no. 1123, filed July 10, 2013.

[10] IBM's Motion and Memorandum for Partial Summary Judgment on the Basis of the Novell Judgment, docket no. 1126, filed July 22, 2013.

waive IBM's alleged breaches of the licensing agreements pursuant to which IBM licensed pre-1996 UNIX source code."[11]

On March 13, 2015, SCO and IBM filed a Joint Status Report[12] outlining the claims and motions that remain pending. SCO's only remaining claims are unfair competition (Count VI), tortious interference with a contract (Count VII), and tortious interference with prospective a business relationship (Count IX), all of which are challenged by summary judgment motions. IBM has eight pending counterclaims, seven of which are challenged by summary judgment motions.[13] This order addresses only SCO's unfair competition claim.

On September 25, 2006, IBM filed a motion for summary judgment on SCO's unfair competition claim,[14] followed shortly thereafter by a memorandum in support.[15] On November 11, 2006, SCO filed its opposition brief,[16] to which IBM replied on January 12, 2007.[17] The parties argued the motion before Judge Kimball on March 5, 2007.[18] Pursuant to a request in the

---

[11] Memorandum Decision and Order Granting in Part and Denying in Part IBM's Motion for Partial Summary Judgment on the Basis of the *Novell* Judgment, docket no. 1132, filed Dec. 15, 2014.

[12] Docket no. 1134, filed Mar. 13, 2015.

[13] IBM's pending counterclaims are breach of contract (Counterclaim I), a violation of the Lanham Act (Counterclaim II), unfair competition (Counterclaim III), intentional interference with prospective economic relations (Counterclaim IV), a violation of the New York State Unfair and Deceptive Trade Practices Act (Counterclaim V), breach of the General Public License (Counterclaim VI), promissory estoppel (Counterclaim VII), and copyright infringement (Counterclaim VIII). SCO has not challenged IBM's breach of contract counterclaim by dispositive motions.

[14] IBM's Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) ("IBM's Unfair Competition Motion"), docket no. 782, filed Sept. 25, 2006.

[15] IBM's Memorandum in Support of Its Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) Filed Under Seal Pursuant to 9/16/03 Protective Order, Docket #38 ("IBM's Unfair Competition Memorandum"), docket no. 806, filed Sept. 29, 2006.

[16] Plaintiff/Counterclaim-Defendant SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) ("SCO's Unfair Competition Opposition"), docket no. 861, filed Nov. 11, 2006.

[17] IBM's Reply Memorandum in Further Support of Its Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) Filed Under Seal Pursuant to 9/16/03 Protective Order, Docket #38 ("IBM's Unfair Competition Reply"), docket no. 947, filed Jan. 12, 2007.

[18] *See* Minute Entry, docket no. 974, filed Mar. 5, 2007.

March 2015 Joint Status Report[19] to supplement the older briefing, the parties were given the opportunity to provide five additional pages of authority.[20] On May 21, 2015, IBM filed its supplemental brief,[21] and SCO filed its supplement on June 5, 2015.[22]

A status conference was held on June 11, 2015 in which the parties gave brief educational and background summaries on the remaining claims and motions.[23] As part of this background presentation, both parties relied heavily on both Utah and New York case law, agreeing that there wasn't an important distinction in the bodies of law regarding this case and stipulating to the use of both. In that hearing, the parties also agreed to engage in settlement negotiations conducted by a magistrate judge, but were not amendable to a settlement conference when the magistrate judge attempted to arrange one.[24]

Having reviewed the parties' original and supplementary briefing as well as their oral argument before Judge Kimball, it is unnecessary to hold additional oral argument to decide this motion. Therefore, for the reasons stated more fully below, summary judgment is GRANTED in IBM's favor on SCO's unfair competition claim.

---

[19] Docket no. 1134, filed Mar. 13, 2015.

[20] *See* Docket Text Order, docket no. 1142, filed May 28, 205.

[21] IBM's Case Law Update with Respect to Its Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) and Its Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh and Ninth Causes of Action) ("IBM's Unfair Competition Supplement"), docket no. 1140, filed May 21, 2015.

[22] SCO's Response to IBM's Case Law Update with Respect to Its Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) and Its Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh and Ninth Causes of Action) ("SCO's Unfair Competition Supplement"), docket no. 1144, filed June 5, 2015.

[23] *See* Minute Order, docket no. 1150, filed June 11, 2015.

[24] *See* Order Regarding Settlement Conference Referral, docket no. 1155, filed July 7, 2015.

## STATEMENT OF UNDISPUTED FACTS

The below collection of undisputed material facts is distilled from the above listed filings. IBM's Unfair Competition Memorandum provided a statement of facts[25] and separate supporting exhibits.[26] SCO's Unfair Competition Opposition responded to IBM's statement of facts[27] and provided a statement of additional facts[28] and its own set of exhibits. IBM's Unfair Competition Reply replied to SCO's responses to IBM's statement of facts[29] included a one-page addendum in which it objected to SCO's additional facts as lacking foundation and being otherwise irrelevant,[30] although no contradictory evidence was offered to rebut those facts as required under the Federal Rules of Civil Procedure. In the June 11, 2015 hearing, the parties agreed to reconcile the facts on IBM's Unfair Competition Motion and IBM's summary judgment motion[31] regarding SCO's interference claims.[32] The parties were ordered to reconcile the facts on IBM's Unfair Competition motion first, to be completed within 30 days; however, after seeking an extension, the parties failed to reconcile the facts as ordered. Determination of the undisputed facts has been made by the court.

---

[25] IBM's Unfair Competition Memorandum at 2–10.

[26] *See* Declaration of Todd M. Shaughnessy Filed Under Seal Pursuant to 9/16/03 Protective Order, Docket #38 ("IBM's First Exhibits"), docket no. 804, filed under seal on Sept. 25, 2006.

[27] SCO's Unfair Competition Opposition at 53–64, Appendix A: Response to IBM's "Statement of Undisputed Facts."

[28] *Id.* at 3–29.

[29] IBM's Unfair Competition Reply at Addendum A: IBM's Undisputed Facts: IBM Unfair Competition Brief.

[30] *Id.* at Addendum B: IBM's Objections to SCO's Alleged Evidence.

[31] IBM's Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action), docket no. 783, filed Sept. 25, 2006.

[32] *See* Minute Order, docket no. 1150, filed June 11, 2015.

The headings in this statement of facts are descriptive, not declaratory or substantive.

## A. SCO's Unfair Competition Claim.

1.      SCO filed its original Complaint, which included a claim for unfair competition, on March 6, 2003.[33] SCO's unfair competition claim repeated many of the allegations of its other causes of action, including a claim for misappropriation of trade secrets, but labeled those same allegations as "unfair competition."[34]

2.      On July 22, 2003, SCO filed an Amended Complaint.[35] In the Amended Complaint, SCO again asserted a claim for unfair competition, and again based that claim on much of the same alleged conduct that supported each of its other causes of action.[36]

3.      SCO thereafter sought, and was granted, permission to file a Second Amended Complaint.[37]

4.      SCO's Second Amended Complaint, filed on February 27, 2004, again included an unfair competition claim (the sixth cause of action), which remained an amalgamation of many of its other claims relabeled as "unfair competition."[38] In its Second Amended Complaint, SCO abandoned its claim for misappropriation of trade secrets altogether.[39] In fact, at a hearing on December 5, 2003, SCO acknowledged that there are no trade secrets in UNIX System V. Counsel for SCO stated: "There is no trade secret in UNIX system [V]. That is on the record. No problem with that."[40]

---

[33] Complaint, attached as Exhibit 1 to IBM's First Exhibits.

[34] *Id.* ¶ 118–19.

[35] Amended Complaint, attached as Exhibit 2 to IBM's First Exhibits.

[36] *Id.* ¶¶ 147–53.

[37] Second Amended Complaint, attached as Exhibit 3 to IBM's First Exhibits.

[38] *Id.* ¶¶ 181–88.

[39] *See generally id.*

[40] Transcript of Motion to Compel, dated Dec. 5, 2003, at 46:2–3, attached as Exhibit 414 to IBM's First Exhibits.

5.     SCO then sought and was granted leave to file a Third Amended Complaint to add a tenth cause of action.[41] SCO's tenth cause of action asserted that "IBM misappropriated, and used in its own 'AIX for Power' operating system, substantial copyrighted source code relating to UnixWare System V Release 4 ['SVr4']."[42] SCO further alleged that "IBM obtained access to the copyrighted UnixWare SVr4 code through 'Project Monterey'".[43]

6.     In a decision dated July 1, 2005, this Court denied SCO's motion to add a cause of action based upon IBM's alleged copying of code obtained through Project Monterey into AIX, stating that "the court finds that SCO has unduly delayed seeking leave to assert the proposed cause of action. It appears that SCO–or its predecessor–either knew or should have known about the conduct at issue before it filed its original Complaint."[44]

### B.  SCO's Disclosures.

7.     IBM served interrogatories asking SCO to describe in detail its allegations and alleged evidence of misconduct by IBM.[45]

8.     With respect to SCO's unfair competition claim, IBM asked SCO to "describe, in detail, each instance in which plaintiff alleges that IBM engaged in unfair competition, including but not limited to: (a) the dates on which IBM allegedly engaged in unfair competition; (b) all persons involved in the alleged unfair competition; and (c) the specific manner in which IBM is alleged to have engaged in unfair competition."[46]

---

[41] Third Amended Complaint ¶¶ 217–41, attached as Exhibit 10 to IBM's First Exhibits.

[42] *Id.* ¶ 217.

[43] *Id.*

[44] Order at 4, filed July 1, 2005, attached as Exhibit 58 to IBM's First Exhibits.

[45] Defendant IBM's First Set of Interrogatories and First Request for the Production of Documents, attached as Exhibit 11 to IBM's First Exhibits.

[46] *Id.* at 4 Interrogatory No.7.

9.      Following IBM's motions to compel further discovery regarding SCO's allegedly incomplete disclosures regarding its allegations and evidence of IBM's alleged misconduct, the Court entered three different orders requiring SCO to provide detailed responses to IBM's Interrogatories.[47] In the final of those three orders, the Court set December 22, 2005, as the "final deadline for [SCO] to identify with specificity all allegedly misused material" and update its interrogatory responses accordingly.[48]

10.     Initially, SCO defined its unfair competition claim as a combination of each of its other causes of action, including its breach of contract claims, its tortious interference claims and its copyright claims.[49]

11.     SCO eventually focused its unfair competition claim upon allegations related to Project Monterey. Specifically, SCO alleges that:

    a.      IBM made and continued to make investments in the development of LINUX, and secretly advanced and promoted development of LINUX without disclosing such activities to SCO, during and at a time when IBM was under a duty to deal fairly with and disclose such competing activities to SCO pursuant to its contractual obligations to SCO under Project Monterey and otherwise.[50]

---

[47] *See* Order Granting International Business Machine's Motions to Compel Discovery and Requests for Production of Documents, filed Dec. 12, 2003, attached as Exhibit 55 to IBM's First Exhibits; Order Regarding SCO's Motion to Compel Discovery and IBM's Motion to Compel Discovery, filed Mar. 3, 2004, attached as Exhibit 56 to IBM's First Exhibits; and Order, filed July 1, 2005, attached as Exhibit 58 to IBM's First Exhibits.

[48] Order, filed July 1, 2005, at 4, attached as Exhibit 58 to IBM's First Exhibits.

[49] *See* Plaintiff's Responses to Defendant's First Set of Interrogatories and First Request for the Production of Documents at 11 Interrogatory Response No.7, attached as Exhibit 31 to IBM's First Exhibits; Plaintiff's Supplemental Response to Defendant's First Set of Interrogatories at 29-31 Supplemental Interrogatory Response No.7, attached as Exhibit 32 to IBM's First Exhibits; Plaintiff's Revised Supplemental Response to Defendant's First and Second Set of Interrogatories at 44-56 Supplemental Interrogatory Responses No.7 and 8, attached as Exhibit 33 to IBM's First Exhibits; SCO's Supplemental Response to Interrogatory No. 8 at 2-13 Supplemental Interrogatory Response No.8, attached as Exhibit 46 to IBM's First Exhibits.

[50] Plaintiff's Supplemental Response to Defendant's First Set of Interrogatories at 29-31 Supplemental Interrogatory Response No.7, attached as Exhibit 32 to IBM's First Exhibits.

b.     IBM's unfair competition arose from the relationship it established with SCO as a result of the joint effort between SCO and IBM known as "Project Monterey."[51]

c.     As a result of the formal agreement between SCO and IBM and the numerous representations made by IBM that were calculated to be relied upon by SCO, IBM had a fiduciary obligation to SCO that required IBM to be forthright and truthful in all affairs related to the partnership agreement.[52]

d.     IBM unfairly took advantage of its partnership relations with SCO, unfairly gained access to SCO's business relationships, and unfairly and knowingly diverted SCO's resources away from competition with IBM and toward the purposes of the relationship.[53]

e.     During a substantial part of 1999, IBM was secretly developing plans to cease its planned strategic relationship with SCO and to begin supporting LINUX.[54]

12.     SCO alleges that "[b]ecause IBM has been developing its plan to replace UnixWare support with Linux support, and because it knew SCO had dedicated its entire enterprise resources to the IBM/UnixWare joint relationship, IBM had a fiduciary obligation to inform SCO of its Linux-related plans long before its Linux public announcement in December

---

[51] Plaintiff's Revised Supplemental Response to Defendant's First and Second Set of Interrogatories at 44-50 Supplemental Interrogatory Response No.7, attached as Exhibit 33 to IBM's First Exhibits.

[52] Id.

[53] Id.

[54] Id.

1999."[55] IBM made a public announcement of its intention to support LINUX at LinuxWorld in March 1999.[56]

13.      SCO also alleges that IBM engaged in unfair competition by copying into IBM's AIX operating system code from the UNIX System V Release Four ("SVr4") operating system that had been included in the Santa Cruz Operation's ("SCO" or "Santa Cruz")[57] UnixWare 7 product.[58] According to SCO, IBM obtained that code during the course of Project Monterey and its use of that code exceeded the scope permitted by the Project Monterey joint development agreement (the "JDA").[59]

14.      When Santa Cruz became aware of the allegedly improper inclusion of Santa Cruz code in AIX for Power remains in dispute[60]

15.      In interrogatory responses, SCO has alleged that IBM began copying Santa Cruz code obtained through Project Monterey into AIX in October 2000.[61] Similarly, in an expert report submitted on behalf of SCO, Christine Botosan writes "I have been asked to assume that

---

[55] Id.

[56] IBM Linux Update, dated Sept. 23, 1999, at 4, attached as Exhibit 21 to IBM's First Exhibits; Expert Report of Jeffery Leitzinger, dated May 19, 2006 ("Leitzinger Report"), at 38, attached as Exhibit 259 to IBM's First Exhibits.

[57] The Santa Cruz Operation was historically referred to as "SCO" and many documents in this action use the term "SCO" in reference to that entity. In May 2001, Santa Cruz transferred its UNIX assets to plaintiff, which was then called Caldera International, Inc. ("Caldera"). Immediately after the sale, Santa Cruz changed its name to Tarantella. Caldera International, Inc. remained Caldera after the transaction but later, in 2002, changed its name to The SCO Group, Inc., the plaintiff in this action, in order to leverage the UNIX assets and business it had acquired. The term "SCO" is used herein, as it is in many documents, to refer to the entity in possession of the UNIX assets, although that entity changed from Santa Cruz to The SCO Group, previously Caldera, in May 2001.

[58] Plaintiff's Revised Supplemental Response to Defendant's First and Second Set of Interrogatories at 44-50 Interrogatory Response No.7, attached as Exhibit 33 to IBM's First Exhibits.

[59] Id.

[60] Declaration of David McCrabb ¶ 16, attached as Exhibit 227 to IBM's First Exhibits; Declaration of Jay F. Petersen ("Petersen Declaration") ¶¶ 16–18, attached as Exhibit 354 to Declaration of Brent O. Hatch ("SCO's Opposition Exhibits"), docket no. 876, filed under seal on Nov. 11, 2006; Declaration of John T. Maciazek ("Maciazek Declaration") ¶ 15, attached as Exhibit 362 to SCO's Opposition Exhibits; Declaration of Doug Michels ("Michels Declaration") ¶ 16, attached as Exhibit 351 to SCO's Opposition Exhibits; Declaration of Alok Mohan ("Mohan Declaration") ¶ 10, attached as Exhibit 17 to SCO's Opposition Exhibits.

[61] See SCO's Supplemental Response to Interrogatory No. 8 at 10, attached as Exhibit 46 to IBM's First Exhibits.

IBM engaged in unfair competition by misusing code provided in Project Monterey to strengthen IBM's proprietary AIX product. I have been told that the disgorgement of IBM's subsequent AIX profits is an appropriate remedy for such unfair competition and that the date from which disgorgement should begin is October 1, 2000."[62]

## C. Background on SCO

16.     Plaintiff's predecessor, Santa Cruz, was founded in 1979, and in 1983 it delivered the first packaged UNIX System for Intel processor-based PCs.[63] SCO's UNIX operating systems, UnixWare and OpenServer, run on the 32-bit Intel IA-32 microprocessor or "chip."[64]

17.     As one industry analyst described it, "SCO established the market for advanced operating systems on industry-standard Intel platforms in the 1980s, pioneering such features as a full 32-bit implementation, security, and multiprocessing."[65] At least as far back as 1989, SCO was described as "the largest vendor of Unix-like operating systems on Intel-based computers."[66]

18.     SCO sold its UNIX-on-Intel operating systems to major corporate customers located throughout the world including NASDAQ, McDonalds, Sherwin Williams, Papa Johns, Daimler Chrysler, BMW, and Lucent Technologies. SCO's UnixWare product was certified for and sold on a wide variety of OEM IA-32 systems including those from Compaq, Hewlett-

---

[62] Expert Report of Christine A. Botosan, dated May 19, 2006, at 3–4, attached as Exhibit 171 to IBM's First Exhibits.

[63] The History of the SCO Group at 1, www.sco.com/company/history.html, attached as Exhibit 250 to SCO's Opposition Exhibits.

[64] IBM Servers, *Project Monterey: A Strategic Approach to Business Computing*, dated July 1999 ("Project Monterey: A Strategic Approach to Business Computing"), at 181047252, attached as Exhibit 214 to SCO's Opposition Exhibits ("SCO is the clear leader in providing UNIX operating systems on the IA-32 architecture.").

[65] Christopher Thompson, *SCOring a Hit against Microsoft Windows NT* at 6, GARTNER (Apr. 21, 1997), attached as Exhibit 244 to SCO's Opposition Exhibits.

[66] Evan Grossman, *UNIX Users Look Forward to Advantages of Intel* '486 at 1, PC WEEK (Apr. 17, 1989), attached as Exhibit 246 to SCO's Opposition Exhibits.

Packard Company ("Hewlett-Packard"), Unisys, NCR, Data General, Siemens Nixdorf, FujitsuICL, Olivetti, and IBM.[67]

19.     In 1998, SCO was the worldwide UNIX market leader in terms of unit shipments, with roughly 40 percent of total market unit sales.[68] In terms of revenue, SCO dominated what is referred to as the "UNIX-on-Intel market" to an even greater extent, with an 80% market share.[69]

20.     At that time, the processing capacity of the Intel processor chip was increasing rapidly. By 1995, Intel began to target its chips to be used in high-performance desktops and servers, and new UNIX servers based on 32-bit Intel chips began to compete against UNIX systems based on the far more expensive RISC chip, which until then had been the preferred chip for enterprise-critical systems. From 1995 to 1999, shipments of servers based on Intel architecture approximately tripled and, by 2000, servers based on Intel architecture began to dominate the UNIX market.[70]

21.     By 1998, Intel was developing the first commercial 64-bit chip, called Itanium, with the code name Merced.[71] Capitalizing on its expertise with the Intel IA-32, SCO began work on porting its operating systems to the Itanium, IA-64 chip.[72]

---

[67] Petersen Declaration ¶ 7; Maciazek Declaration ¶ 7.

[68] Project Monterey: A Strategic Approach to Business Computing at 181047252, n. 2.

[69] Memorandum to L. Gerstner regarding IBM's UNIX Strategy, dated July 30, 1998, at 1710117641, attached as Exhibit 204 to SCO's Opposition Exhibits.

[70] Expert Report of Gary Pisano, Ph.D., dated May 19, 2006, at 18–20, attached as Exhibit 284 to SCO's Opposition Exhibits.

[71] Project Monterey: A Strategic Approach to Business Computing at 181047251–52; Kim Nash, *Behind the Merced Mystique* at 1, CNN.com (July 15, 1998), attached as Exhibit 249 to SCO's Opposition Exhibits.

[72] Petersen Declaration ¶ 8; Maciazek Declaration ¶ 8.

### D. Background on IBM and the UNIX-on-Intel Market

21.     In contrast to SCO, IBM in 1998 had almost no presence in the market for UNIX-based operating systems on Intel chips. Instead, IBM had focused its efforts on its operating system called AIX for Power, which ran on servers using IBM's RISC-type Power processor.[73]

22.     A May 6, 1998 internal IBM document proposed: "Tight partnership with SCO to exploit their code, channels, attract ISVs with a single AIX O/S marketed by both companies to be explored."[74]

23.     A July 30, 1998 summary of IBM's UNIX Strategy, addressed to IBM's CEO Lou Gerstner, stated: "While HP and Sun have been successful at driving commitments to 64-bit Intel, today's clear leader in the UNIX on Intel market is Santa Cruz Operation (SCO) with over 80% of the $3B Unix-Intel market." [75]

24.     SCO's UnixWare operating system was based on UNIX SVr4 technology, the most recent version of UNIX.[76] In contrast, IBM's AIX operating system was based on the earlier UNIX System V Release 3.2 ("SVr3.2") technology.[77] SCO alleged to own all of the UNIX source code.[78] IBM had opted not to buy from SCO an upgrade of SCO's UNIX license to the SVr4 code base.[79]

---

[73] Project Monterey: A Strategic Approach to Business Computing at 181047252; Deposition Transcript of William Sandve, dated Nov. 19, 2004 ("Sandve Nov. 19, 2004 Depo."), at 8:11–9:17, attached as Exhibit 166 to SCO's Opposition Exhibits.

[74] Port AIX to Merced Investment Fact Sheet, RS/6000 Spring Strategy, Invest/(Reduce) Bridge, dated June 16, 1998, at 1710117588, attached as Exhibit 189 to SCO's Opposition Exhibits.

[75] Memorandum to L. Gerstner regarding IBM's UNIX Strategy, dated July 30, 1998, at 1710117641, attached as Exhibit 204 to SCO's Opposition Exhibits.

[76] Petersen Declaration ¶ 9; Maciazek Declaration ¶ 9.

[77] Email from W. Sandve to J. Graham, dated Jan. 23, 2002, at 181017195, attached as Exhibit 205 to SCO's Opposition Exhibits.

[78] Email from W. Sandve to S. Gordon, H. Armitage, S. Keene, and J. Kruemcke at 181472999, attached as Exhibit 227 to SCO's Opposition Exhibits.

[79] Id.

25.     Like SCO's UnixWare, Sun Microsystems's ("Sun") UNIX operating system, Solaris, was based on SVr4 code.[80]

26.     "IBM was highly concerned about competition with Sun[,]" and believed that incorporation of SVr4 code into AIX would help it compete against Sun.[81]

### E.  Project Monterey.

27.     In 1994, Intel and Hewlett-Packard announced their collaboration to create a new 64-bit processor architecture design,[82] and "the intent of the technology agreement [was] to have a single architecture that will replace all others from either company."[83]

28.     In or around 1998, IBM began negotiating with Santa Cruz to undertake a joint development project for, among other things, a UNIX-like operating system that would run on the IA-64 platform. This project subsequently came to be known as "Project Monterey."[84] At that time, Santa Cruz sold two UNIX products that ran exclusively on Intel's existing 32-bit hardware platform: UnixWare and OpenServer.[85]

29.     Both IBM and Santa Cruz were interested in attempting to leverage and strengthen their existing UNIX-like operating system products as part of Project Monterey. The

---

[80] Email dated Jan. 23, 2002 from W. Sandve to J. Graham at 181017194, attached as Exhibit 205.

[81] Rebuttal to the Report and Declaration of Professor J.R. Kearl by Gary Pisano, dated July 17, 2006, at 76, attached as Exhibit 285 to SCO's Opposition Exhibits.

[82] Paul Barker, *New HP-Intel Pact Could Hit PC Clones Hard*, Computing Canada, July 6, 1994, attached as Exhibit 27 to IBM's First Exhibits.

[83] *Id.*

[84] Options for Distribution and Royalty Flow-Draft 1 ("Options for Distribution and Royalty Flow"), attached as Exhibit 24 to IBM's First Exhibits; Genus: An IBM/SCO UNIX Project Marketing Development Plan ("IBM/SCO UNIX Plan"), attached as Exhibit 25 to IBM's First Exhibits; Asset Purchase Agreement between Novell, Inc. and The Santa Cruz Operation, Inc., dated Sept. 19, 1995, attached as Exhibit 123 to IBM's First Exhibits; U.S. Copyright Registration Statement No. TX 5-856-472, registering IBM's copyright to its work titled "Linux Kernel Support for Series Hypervisor Terminal," dated Feb. 2, 2004, ¶ 54, attached as Exhibit 86 to IBM's First Exhibits; Leitzinger Report at 30–31.

[85] Complaint ¶¶ 26, 47, attached as Exhibit 1 to IBM's First Exhibits; Form 10-K filed by The Santa Cruz Operation, Inc., for fiscal year ended September 30, 1999, at 5–8, attached as Exhibit 115 to IBM's First Exhibits.

goal was to develop and market a "family" of UNIX-like operating system products, including a "Monterey/64" version for the IA-64 Intel processor, a version to run on IBM's proprietary "Power" processor architecture and a version to run on the IA-32 architecture.[86]

30.     In October 1998, a deal between IBM, SCO, Sequent, and Intel was announced, and this deal came to be known as Project Monterey.[87] Project Monterey was described by IBM as a "major UNIX operating system initiative"[88] that would deliver a "single UNIX operating system product line that runs on IA-32, IA-64 and IBM microprocessors, in computers that range from entry-level to large enterprise servers."[89]

31.     In the press release announcing Project Monterey, IBM stated: "We're extending into broader markets with our award-winning AIX software that delivers the reliability and security required of an enterprise-class operating system . . . . Working with these companies, we're capitalizing on the base of proven leadership technologies to deliver the world's best UNIX on Power microprocessor and high-volume Intel microprocessor systems."[90]

32.     On October 26, 1998, IBM and Santa Cruz entered into the JDA, whereby Santa Cruz and IBM agreed to, among other things, provide resources and technology to pursue these goals.[91]

---

[86] IBM-SCO Family Unix Technical Proposal, dated Sept. 2, 1998, attached as Exhibit 23 to IBM's First Exhibits; *see also* Options for Distribution and Royalty Flow; IBM/SCO UNIX Plan; Joint Development Agreement (Agreement Number 4998CR0349) between SCO and IBM, dated Oct. 26, 1998 ("JDA"), attached as Exhibit 245 to IBM's First Exhibits.

[87] Press Release, *IBM Launches Major UNIX Initiative, Significant Support from SCO, Sequent, Intel, and OEMs*, dated Oct. 26, 1998, attached as Exhibit 240 to SCO's Opposition Exhibits; Petersen Declaration ¶ 9; Maciazek Declaration ¶ 9; Mohan Declaration ¶ 9

[88] Project Monterey: A Strategic Approach to Business Computing at 181047251.

[89] Press Release, *IBM Launches Major UNIX Initiative, Significant Support from SCO, Sequent, Intel, and OEMs*, dated Oct. 26, 1998, at 1, attached as Exhibit 240 to SCO's Opposition Exhibits.

[90] Press Release, *IBM Launches Major UNIX Initiative, Significant Support from SCO, Sequent, Intel, and OEMs*, dated Oct. 26, 1998, at 1–2, attached as Exhibit 240 to SCO's Opposition Exhibits.

[91] JDA.

33.     In the JDA, the parties agreed to jointly develop an operating system that would run on Intel's forthcoming 64-bit chip. This operating system was defined as the "IA-64 Product" (sometimes referred to herein as the "Project Monterey Operating System"). The IA-64 Product was to be the cornerstone of a "family of products" that would be sold by both IBM and SCO.[92]

34.     The agreement contemplated that SCO would continue to sell its 32-bit operating systems and would also be able to upgrade or migrate its customers to the jointly developed Project Monterey Operating System on the 64-bit chip.[93]

35.     Thus, the ultimate goal was that both SCO customers (those using Santa Cruz's UnixWare operating system software on computers with Intel's 32-bit processors) and IBM customers (those using IBM's AIX for Power operating system software on computers with IBM's Power processor) would upgrade to the jointly developed Project Monterey Operating System software (the IA-64 Product), which was to be compatible with computers using either the 32-bit or the 64-bit Intel chip or the IBM Power chip.[94]

36.     In furtherance of IBM and Santa Cruz's intention to create a compatible family of products, both companies granted licenses to the other.[95] For its part, IBM granted Santa Cruz a royalty-free license to certain AIX source code for Santa Cruz's use in its UnixWare product for

---

[92] *Id*. at Preamble and § 1.10; Sandve Nov. 19, 2004 Depo. at 21:6–9; Project Monterey: A Strategic Approach to Business Computing at 181047252; Email from W. Sandve to M. Day, dated Oct. 15, 1998, at 1710013164, attached as Exhibit 191 to SCO's Opposition Exhibits.

[93] JDA at Preamble and §§ 1.9, 9.0–9.4; Project Monterey: A Strategic Approach to Business Computing at 181047252–53; SC98, High Performance Networking and Computing: Executive Overview, draft version, dated Nov. 2, 1998, at 181441556, attached as Exhibit 176 to SCO's Opposition Exhibits.

[94] *See generally* Project Monterey: A Strategic Approach to Business Computing at 181047252–53; SC98, High Performance Networking and Computing: Executive Overview, draft version, dated Nov. 2, 1998, at 181441556, attached as Exhibit 176 to SCO's Opposition Exhibits ("IBM and SCO offer a smooth migration path from AIX to IA-64 and from UnixWare to IA-64").

[95] JDA.

the existing 32-bit Intel processor.[96] In turn, Santa Cruz granted IBM a royalty-free license to certain UnixWare source code for IBM's use in its AIX operating system tailored to run on IBM's Power architecture processor.[97] Each party also granted the other a license to use any code supplied during Project Monterey for the development of the operating system that would be marketed for use on the forthcoming IA-64 product.[98]

37.    Specifically, the JDA expressly granted to IBM:

a worldwide, non-exclusive, royalty free . . ., perpetual and irrevocable . . . right and license under SCO's and applicable third parties' copyrights . . . and any trade secrets or confidential information in the Licensed SCO Materials and SCO Project Work which are included in Deliverables to (i) prepare or have prepared Derivative Works, (ii) use, execute, reproduce, display and perform the Licensed SCO Materials and SCO Project Work and Derivative Works thereof, (iii) sublicense and distribute the Licensed SCO Materials and SCO Project Work and Derivative Works thereof either directly or through Distributors, in the form of Source Code, Object Code, Documentation, and/or in any other form whatsoever, and (iv) grant licenses, sublicenses, and authorizations to others (including without limitation IBM Subsidiaries, Distributors and any other third parties), on a non-exclusive basis that is equal to the scope of the licenses granted hereunder.[99]

38.    That "worldwide, non-exclusive, royalty free . . . perpetual and irrevocable

. . . right and license" was limited as follows:

When IBM sublicenses the IA-64 Product containing Licensed SCO Materials and/or SCO Project Work in Source Code form or when SCO sublicenses the IA-64 Product containing Licensed IBM Materials and/or IBM Project Work in Source Code form, the parties shall not grant the third party the right to further grant source sublicenses to the other party's Licensed Materials or Project Work. Further, when licensing such Source Code, both e parties shall only grant the right to create Derivative Works required for the following purposes:
1.  Maintenance and support;
2.  Translation [sic] and localization;
3.  Porting, optimization and extensions;

---

[96] *Id.* § 2.0(c)(2).

[97] *Id.* §2.0(d)(2); Declaration of David McCrabb ¶ 16, attached as Exhibit 227 to IBM's First Exhibits.

[98] JDA. §§ 2.0(c)(2), 2.0(d)(2).

[99] *Id.* § 2.2(d)(2).

4.  Any other Derivative Works agreed to by SCO and IBM.[100]

39.    In the JDA, IBM also stated its intention to engage in certain marketing activities

including to "market, promote and sell the Unixware and IA-32 Product on IBM systems in

1999[.]"[101]

40.    IBM also agreed to make a certain minimum of middleware available for the

UnixWare 7 and IA-32, based on IBM's determination of commercial considerations. IBM's

plan included Tivoli, WebSphere, and DB2.[102]

41.    Section 15.2 of the JDA, which is entitled "Change of Control," provides:

Notwithstanding Section 15.1, IBM shall have the right to terminate this
Agreement immediately upon the occurrence of a Change of Control of SCO
which IBM in its sole discretion determines will substantially and adversely
impact the overall purpose of the cooperation set forth by this Agreement and
applicable Project Supplements or will create a significant risk or material and
adverse exposure of IBM's confidential and/or technical proprietary information
(which is subject to, and to the extent of, confidentiality restrictions)
("Information"). For the purposes of this Agreement, control shall be deemed to
be constituted by rights, contract or any other means which, either separately or
jointly and having regard to the consideration of fact or law involved, confer the
possibility of exercising decisive influence (other than by an entity currently
exercising such influence or any entity controlled by or controlling such entity) on
SCO by: (1) owning more than half the equity, capital or business assets, or (2)
having the power to appoint more than half of the members of the supervisory
board, board of directors or bodies legally representing SCO, or (3) having the
right to directly manage SCO's business activities.[103]

42.    Section 22.12 of the JDA, which is entitled "Assignment," provides, in relevant

part: "Neither party may assign, or otherwise transfer, its rights or delegate any of its duties or

obligations under this Agreement without the prior written consent of the other party."[104]

---

[100] *Id*. § 2.2(e).

[101] *Id*. at Attachment A, § I.

[102] *Id*. at Attachment A, § II.

[103] *Id*. §15.2.

[104] *Id*. § 22.12.

43.     Section 22.3 of the JDA, which is entitled "Choice of Law/Venue," provides:

This Agreement shall be governed by, and the legal relations between the parties
hereto shall be determined in accordance with, the substantive laws of the State of
New York, without regard to the conflict of law principles of such State, as if this
Agreement was executed and fully performed within the State of New York. Each
party hereby waives any right to a trial by jury in any dispute arising under or in
connection with this Agreement, and agrees that any dispute hereunder shall be
tried by a judge without a jury. Any legal or other action related to a breach of this
Agreement must be commenced no later than two (2) years from the date of the
breach in a court sited in the State of New York.[105]

44.     Consistent with the JDA arrangement, IBM repeatedly referred to SCO as a

"partner" during the course of Project Monterey:

a.  On May 6, 1998, IBM proposed a "tight partnership with SCO."[106]

b.  In 2000, one IBM employee stated in an email that "we need to recognize that we
    must treat [SCO] as we would another business partner and follow the appropriate
    rules and laws regarding … competitive issues."[107]

c.  Even as late as 2002, Mr. Sandve stated in an internal email that "due to our
    partnership with SCO, we have been able to make AIX closer to SVR4 as best we
    can."[108]

45.     Although development of the Project Monterey IA-64 operating system

proceeded throughout 1999 and 2000, the project encountered substantial difficulties due to

delays in Intel's IA-64 processor development schedule. Intel's release of the initial Intel IA-64

processor, code-named "Merced" and officially named Itanium, was substantially delayed. In

---

[105] Id. § 22.3.

[106] Port AIX to Merced Investment Fact Sheet, RS/6000 Spring Strategy, Invest/(Reduce) Bridge, dated June 16,
1998, at 1710117588, attached as Exhibit 189 to SCO's Opposition Exhibits.

[107] Email from R. Roth to W. Sandve, dated Feb. 23, 2000, at 181427972, attached as Exhibit 218 to SCO's
Opposition Exhibits.

[108] Email from W. Sandve to J. Graham, dated Jan. 23, 2002, at 181017195, attached as Exhibit 205 to SCO's
Opposition Exhibits.

1995 and 1996, executives of Itanium co-developer HP hinted that the processor was well underway, and might ship as early as 1997. That date came and went, and eventually 1999 was stated as the target. But that date also came and went. Itanium did not end up shipping until mid-2001.[109]

46.     Once Itanium did arrive, it performed poorly relative to alternatives in the marketplace. As a result, Intel and Hewlett-Packard re-positioned it as primarily an evaluation and development platform, a precursor to the second-generation Itanium 2 "McKinley" release that would enable true production deployments. Neither IBM nor Santa Cruz had any involvement in or control over the development of the Itanium processor.[110]

47.     In addition to creating development difficulties, these delays caused a substantial decrease in market interest and confidence in the forthcoming IA-64 product and thereby the IA-64 operating system then under development by IBM and Santa Cruz.[111]

48.     In early 1999, IBM executives cautioned that the "SCO/Monterey plans should not be stopped until we have a better plan to move to."[112] An IBM team prepared an undated memorandum detailing five options, one of which was the "elimination of SCO" and the "replacing of UnixWare with Linux" as IBM's vehicle for entry into the "low end" segment of

---

[109] Stephen Shankland, *Itanium: A Cautionary Tale*, CNET News.com (Dec. 8, 2005), attached as Exhibit 22 to IBM's First Exhibits; Expert Report of Jonathan Eunice, dated July 17, 2006 ("Eunice Report"), ¶ 57, attached as Exhibit 186 to IBM's First Exhibits; John G. Spooner, *Intel Set To Rattle Server Market With Itanium*, CNET News.com (Jan. 2, 2002), attached as Exhibit 394 to IBM's First Exhibits.

[110] Brian Pereira, *Mckinley Is One to Watch*, NETWORK MAGAZINE INDIA (Mar. 2002), attached as Exhibit 26 to IBM's First Exhibts; Michael Kanellos, *Is Merced Doomed?*, CNET News.com (Jan. 2, 2002), attached as Exhibit 28 to IBM's First Exhibits; Eunice Report ¶ 58.

[111] Brian Pereira, *Mckinley Is One to Watch*, NETWORK MAGAZINE INDIA (Mar. 2002), attached as Exhibit 26 to IBM's First Exhibits; Michael Kanellos, *Is Merced Doomed?*, CNET News.com (Jan. 2, 2002), attached as Exhibit 28 to IBM's First Exhibits; Eunice Report ¶ 59.

[112] Email from R. LeBlanc to S. Mills, dated Jan. 19, 199, at 181349130, attached as Exhibit 234 to SCO's Opposition Exhibits.

the UNIX-on-Intel market.[113] However, the team cautioned that, under this option, IBM would not attain the right to use the SVr4 code, and therefore SCO and its UnixWare "should be retained in order to have access to SCO's SVr4/5 and other technologies."[114]

49.    IBM then began cutting the Project Monterey budget, causing employees to question the viability of the project:

a.    A January/February 1999 IBM department staffing memo observed: "Current budget outlook which factors in a substantial challenge from SG Development and additional unfunded Monterey family line item content, would result in an uncompetitive AIX/Monterey product line by 2000."[115]

b.    At the same time, an IBM employee stated in an internal email that IBM was not "investing in the tools to make Monterey successful."[116]

c.    Another IBM employee stated that "working on both Linux and Monterey [was] defocusing."[117]

d.    Yet another IBM employee related "the high degree of concern I am hearing from my technical team and others concerning Linux strategy and the collision with Monterey."[118]

e.    In March of 1999, IBM publicly announced its support of LINUX at the LinuxWorld event.[119]

---

[113] Document Objective at 181526163, attached as Exhibit 371 to SCO's Opposition Exhibits.

[114] *Id.* at 181526164.

[115] Dept HHTS Status, dated Jan./Feb. 1999, at 181442681, attached as Exhibit 368 to SCO's Opposition Exhibits.

[116] Email from W. Sandve to T. Moore, dated Feb. 24, 1999, at 181016130, attached as Exhibit 242 to SCO's Opposition Exhibits.

[117] Email from P. Horn to R. LeBlanc, dated Aug. 17, 1999, at 181349188, attached as Exhibit 236 to SCO's Opposition Exhibits.

[118] Email from M. Kiehl to W. Yates, dated Feb. 23, 1999, at 181016068, attached as Exhibit 187 to SCO's Opposition Exhibits.

f.      In an August 10, 1999 article about IBM's support of both LINUX and

Project Monterey, IBM assuaged concerns:

> IBM's John Prial said Big Blue is comfortable with many operating
> systems under its roof, and that AIX today and Monterey tomorrow will
> sell in a different area than Linux. "We're very comfortable having many
> operating systems," he said. "Monterey will be popular in high business-
> value transactional systems and heavy-duty business intelligence," Prial
> said. Linux, on the other hand, currently is popular in Web servers, file
> and print servers, and other smaller-scale computers, though that could
> change two or three years down the line.[120]

IBM made similar representations privately to SCO.[121]

50.     SCO believed IBM's representations.[122] In an August 19, 1999 article about

IBM's support of Trillian (the IA-64 project for LINUX), SCO CEO Doug Michels was quoted

as follows:

> "IBM is not looking at Trillian as an alternative to Monterey. The real interest in
> Linux is coming from all the software companies that sell databases and
> transaction based tools because they are frustrated that Microsoft moreorless [sic]
> gives these things away as part of the Back Office bundle. So they say 'if you
> give us a free OS, we'll make money from it'."
>
> But Trillian is not intended to make Linux an enterprise class OS and there are no
> real efforts elsewhere to do so either, he claimed.[123]

51.     Behind the scenes, IBM executives recognized the inherent conflict in supporting

both LINUX and Project Monterey: in November 1999, IBM executive Sheila Harnett stated:

> The distinction used to position Monterey versus Linux is that Monterey is
> targeted for high-end servers, whereas Linux comes in at the lower to mid range

---

[119] IBM Linux Update, dated Sept. 23, 1999, at 4, attached as Exhibit 21 to IBM's First Exhibits.

[120] Stephen Shankland, *IBM Joins Advanced Linux Effort* at 2, CNET News.com (Jan. 2, 2002), attached as Exhibit 252 to SCO's Opposition Exhibits.

[121] IBM Meeting, dated Jan. 28, 2000, at SCO1235090–91, attached as Exhibit 186 to SCO's Opposition Exhibits; Michels Declaration ¶¶ 17, 22.

[122] Michels Declaration ¶¶ 17–18; Mohan Declaration ¶ 10.

[123] Cath Everett, *SCO Forum: Trillian Project No Threat to Monterey, Claims SCP President* at 1–2, http://www.pcw.co.uk/articles/print/2107749 (Aug. 19, 1999), attached as Exhibit 253 of SCO's Opposition Exhibits; Michels Declaration ¶ 18.

of servers. However, this distinction is a fragile one, since IBM is working as fast as it can to bolster Linux's ability to compete in the mid to high end range of servers.[124]

52.    In late 1999 and 2000, IBM executives began to recommend internally that IBM take more definitive steps to drop Project Monterey and transition even more support to LINUX:

    a.    In October 1999, IBM executive Irving Wladawsky-Berger recommended internally that IBM "embrace Linux in a very major way," "drop Monterey," and "move at lightning speed."[125]

    b.    In May 2000, IBM executive Steve Mills recommended to Samuel Palmisano: "As soon as possible we should announce the following . . . A transition of our AIX and Monterey efforts to Linux"; he explained: "Monterey will not gain enough industry following to be viable," and, "Our resources and messages are fragmented. We need a bold move that is without qualification. We need a single marketing and sales message."[126]

    c.    An IBM internal memorandum expressly recognized that, if IBM opted for this strategy, it "may squeeze target opportunities for [SCO's] UnixWare from low end" and result in "loss of revenue for SCO."[127]

53.    Notwithstanding these recommendations and predictions, IBM did not drop Project Monterey.[128] Rather, without telling SCO, IBM continued Project Monterey while it tried

---

[124] Email from E. Lynch to K. Norsworthy, dated Nov. 30, 1999, at 181436864, attached as Exhibit 175 to SCO's Opposition Exhibits (emphasis added).

[125] Email from I. Wladawsky-Berger to S. Mills, et al., dated Oct. 22, 1999, at 181668451, attached as Exhibit 183 to SCO's Opposition Exhibits.

[126] Email from S. Mills to S. Palmisano, et al., dated Apr. 24, 1998, at 181669431–32, attached as Exhibit 184 to SCO's Opposition Exhibits.

[127] Document Objective at 181526162, attached as Exhibit 371 to SCO's Opposition Exhibits.

[128] Mohan Declaration at ¶ 10; Petersen Declaration ¶ 15; Maciazek Declaration ¶ 14.

to "to make Linux scale up as quickly as possible."[129] By June 2000, the IBM Academy of Technology OS Consultancy recommended a "significant reduction in emphasis" in Project Monterey and that IBM "should further develop for Monterey only what is in common with Power."[130]

54.      In direct contrast to IBM's internal de-emphasis on Project Monterey, at a December 21, 2000 OEM Council Meeting, IBM's Charlie Reese stated: "We have a strong commitment to remain focused on Itanium."[131]

### F.  The Release of the Project Monterey Operating System

55.      On January 27, 2001, an internal IBM email proposed: "Release AIX 5.1 for IA-64 as an I-Listed PRPQ on the planned April schedule" and "Compilers are not included in the PRPQ. . . ."[132] Internally at IBM, an I-Listed PRPQ (Programming Request for Price Quote) requires IBM lab approval.[133]

56.      IBM employee Rose Ann Roth stated: "I think the compiler MUST be available in some form or the whole thing just doesn't make any sense (i.e. SCO won't buy it)."[134]

57.      Nevertheless, on April 17, 2001, IBM announced the availability of AIX 5L for Itanium as an I-Listed PRPQ, and made it "available" on May 4, 2001.[135] Unlike the PRPQ of

---

[129] Email from I. Wladsky-Berger to R. LeBlanc, et al., dated Mar. 1, 2000, at 181668964, attached as Exhibit 235 to SCO's Opposition Exhibits.

[130] Report of the IBM Academy of Technology Consultancy on Operating Systems Evolution, dated July 13, 2000, at 181291944, attached as Exhibit 239 to SCO's Opposition Exhibits.

[131] OEM Council Meeting, dated December 21, 2000, at 181005905, attached as Exhibit 172 to SCO's Opposition Exhibits.

[132] Email from R. Acosta to M. Payne, dated Jan. 29, 2001, at 181014956, attached as Exhibit 97 to SCO's Opposition Exhibits.

[133] Sandve Nov. 19, 2004 Depo. at 135:2–4.

[134] Email from R. Acosta to M. Payne, dated Jan. 29, 2001, at 181014956, attached as Exhibit 97 to SCO's Opposition Exhibits.

[135] AIX 5L for Itanium Strategy at 181015076, attached as Exhibit 89 to SCO's Opposition Exhibits; Email from R. Acosta to M. Payne, dated Jan. 29, 2001, at 181014956, attached as Exhibit 97 to SCO's Opposition Exhibits.

AIX 5L for Power in October 2000, the PRPQ of AIX 5L for Itanium did not have a compiler to make it work and there was "no confirmed compiler plan."[136] Moreover, the PRPQ was offered free of charge, without support.[137]

58.     Code not containing a compiler cannot be executed.[138]

59.     Indeed, IBM distributed only 32 copies of the PRPQ in 2001.[139] The PRPQ was not on IBM's price lists, and was not marketed.[140]

55.     Despite the delays in the launch of the IA-64 processor, in late April 2001, IBM and Santa Cruz announced the first release of AIX SL for the IA-64 processor on May 4, 2001.[141] That release occurred as scheduled,[142] although it is disputed whether that release was legitimate or pretextual.[143]

## G.  IBM's Use of SCO's SVR4 Code in IBM Products

56.     On October 24, 2000, IBM placed SCO's SVr4 source code into a PRPQ (IBM's internal name for a beta test version), "early adopters" of AIX for Power (named AIX 5L for Power 5.0), which was intended for certified software developers and "not intended for general production use."[144]

---

[136] Unix Vision – proposed, attached as Exhibit 300 to SCO's Opposition Exhibits.

[137] *Id.*

[138] Sandve Nov. 19, 2004 Depo. at 81:7–9.

[139] Letter from J. Fair to K. Madsen, dated Apr. 29, 2002, at 1710118968–69, attached as Exhibit 159 to SCO's Opposition Exhibits.

[140] *Id.*

[141] IBM Press Release, *IBM Breaks Barriers Between Linux and UNIX with AIX 51*, dated Apr. 23, 2001, attached as Exhibit 593 to IBM's First Exhibits; Caldera Systems, Inc. Press Release, *SCO and Caldera Release Technology Preview of AIX 5L-64 Bit UNIX OS for Intel Itanium Processors*, dated Apr. 23, 2001, attached as Exhibit 594 to IBM's First Exhibits; The Santa Cruz Operation, Inc. and Caldera Systems, Inc. Press Release, *SCO and Caldera Release Technology Preview of AIX 5L-64 Bit UNIX OS for Intel Itanium Processors*, dated Apr. 23, 2001, attached as Exhibit 595 to IBM's First Exhibits.

[142] Third Amended Complaint ¶ 236, attached as Exhibit 10 to IBM's First Exhibits; Leitzinger Report at 44.

[143] Third Amended Complaint ¶ 236, attached as Exhibit 10 to IBM's First Exhibits.

[144] AIX 5L For Power Version 5.0, attached as Exhibit 289 to SCO's Opposition Exhibits.

57.     Then, on May 4, 2001, IBM included SCO's code, from Project Monterey, in the first "generally available" version (AIX 5L for Power 5.1).[145]

58.     IBM's "AIX 5L for Itanium strategy" was to "continue to ship AIX 5L as a PRPQ" in "stealth mode only."[146] In addition, even as it was announcing the PRPQ, IBM stated internally: "At the appropriate time announce plan not to GA AIX 5L and withdraw the PRPQ."[147]

59.     On April 4, 2001, IBM executive William Saulnier sent IBM counsel Helene Armitage an email containing a draft proposal for the "AIX 5L Announce Positioning Re Itanium."[148] He stated: "I believe this proposal does the best possible job to announcing what we intend to do . . . ."[149] Ms. Armitage largely rejected his proposal, indicating that she took a "heavy hack" at his thoughts.[150] She stated: "I'm concerned that your words define a delayed GA to 2H01 for the AIX product, and do not call the PRPQ GA." In other words, Ms. Armitage was concerned that Saulnier did not describe the premature PRPQ as "GA" or "generally available." Ms. Armitage then explained: "As you know, we need to GA this PRPQ to gain rights to SCO code we want for our base AIX product delivery – and every [one] is rather tired of me remaining and harping on this point." She then went on to articulate the external position she wanted to see on the product, but acknowledged, "I know the fine lines we are walking here."[151]

---

[145] Deposition Transcript of Bill Sandve, dated Jan. 26, 2006, at 30:12–15, 30:22–31:10, 33:8–23, 107:21–32, attached as Exhibit 229 to IBM's First Exhibits.

[146] AIX 5L for Itanium Strategy at 181015076, attached as Exhibit 89 to SCO's Opposition Exhibits.

[147] *Id.*

[148] Email from S. Dobbs to H. Armitage, dated Apr. 4, 2001, at 181028285, attached as Exhibit 88 to SCO's Opposition Exhibits.

[149] *Id.*

[150] *Id.* at 181028284.

[151] *Id.*

60.     IBM's Ron Saint Pierre stated on November 1, 2001 that "Monterey has not gone GA and never will."[152]

## H.  The Acquisition of the UNIX Business by Caldera

61.     On May 7, 2001, three days after the PRPQ of the Project Monterey Operating System, Santa Cruz finalized the sale of its Server Software and Professional Services divisions and its UNIX-related assets to Caldera, ending Santa Cruz's investment in and support of the Project Monterey development effort.[153]

62.     Santa Cruz did not obtain IBM's prior written consent to an assignment of the JDA. Instead, Santa Cruz informed IBM of the sale of its Server Software and Professional Services divisions and its UNIX-related assets to Caldera in a letter dated June 6, 2001.[154]

63.     Several weeks before the public announcement, Santa Cruz complied with Section 16.1 of the JDA and provided IBM with a detailed notice of the proposed transaction and an opportunity to tender a counteroffer within 15 days, pursuant to Section 16.2 of the JDA.[155]

64.     Although IBM thus had notice of the pending transaction for almost a year, IBM never told Santa Cruz or Caldera that it would not consent to the assignment of the JDA from Santa Cruz to Caldera.[156]

---

[152] Email from P. Malone to R. Saint Pierre, dated Nov. 2, 2001, at 1710066677, attached as Exhibit 86 to SCO's Opposition Exhibits.

[153] Form 10-K, filed by Caldera International, Inc. for the fiscal year ended October 31, 2001, at 52, attached as Exhibit 111 to IBM's First Exhibits; Letter from Kimberlee A. Madsen to R. Lauderdale, dated June 6, 2001 ("June 6, 2001 Madsen-Lauderdale Letter"), attached as Exhibit 244 to IBM's First Exhibits.

[154] See June 6, 2001 Madsen-Lauderdale Letter.

[155] Letter from S. Sabbath and G. Seabrook to R. Lauderdale, dated June 21, 2000, attached as Exhibit 206 to SCO's Opposition Exhibits.

[156] Petersen Declaration ¶¶ 12–13; Maciazek Declaration ¶¶ 10–11; Declaration of Jeff Hunsaker ("Hunsaker Declaration") ¶ 6, attached as Exhibit 356 to SCO's Opposition Exhibits.

65.     Moreover, long after the announcement of the transaction, IBM reiterated its

"strong commitment" to Project Monterey, and at various meetings with executives of both

Caldera and Santa Cruz, IBM reiterated its support.[157]

66.     On May 4, 2001, IBM released the PRPQ of the Project Monterey Operating

System[158] and the first "generally available" version of the SVr4-enhanced AIX 5L for Power.[159]

67.     IBM declined to consent to the assignment of Santa Cruz's rights and obligations

under the JDA. Pursuant to Section 22.12 of the JDA, IBM's consent was necessary for such

assignment to take effect. On the contrary, IBM invoked its right to cancel the JDA under

Section 15.2 in a letter dated June 19, 2001.[160]

68.     Caldera did not acquire Santa Cruz, which continued in business, albeit changing

its corporate name to "Tarantella."[161]

69.     After the start of this litigation, Caldera changed its name to "The SCO Group,

Inc."[162]

## I.   Status of Project Monterey in 2002

70.     In an October 2002 email, Bill Bulko (assistant to IBM executive Anthony Befi)

stated:

> Tony and I were in a conference call with SCO Group (formerly called Caldera)
> on Friday. . . . During our discussion, they asked about Project Monterey and
> what its current status and positioning are. We told them that it's a PRPQ, and

---

[157] OEM Council Meeting, dated Dec. 21, 2000, at 181005905, attached as Exhibit 172 to SCO's Opposition Exhibits; Mohan Declaration ¶ 10; Michels Declaration ¶ 17; Hunsaker Declaration ¶ 6; Declaration of Robert Bench ¶ 15, attached as Exhibit 6 to SCO's Opposition Exhibits.

[158] AIX 5L for Itanium Strategy, attached as Exhibit 89 to SCO's Opposition Exhibits.

[159] U.S. Copyright Registration Statement No. TC 5-856-468, dated Feb. 2, 2004, attached as Exhibit 82 to SCO's Opposition Exhibits.

[160] Letter from R. Lauderdale to K. Madsen, dated June 19, 2001, attached as Exhibit 220 to IBM's First Exhibits.

[161] *See* June 6, 2001 Madsen-Lauderdale Letter.

[162] Form 10-K, filed by SCO for the fiscal year ended October 31, 2003, at 4, attached as Exhibit 113 to IBM's First Exhibits.

explained what that meant – but neither Tony nor I were confident that we were
up-to-date on what the current 'official response' should be.[163]

71.     On November 6, 2002, Mr. Bulko then sent a "Project Monterey update" to Mr.

Befi, indicating, "Tony: you asked me to collect some data on the current status of Project

Monterey in order to update you before you meet with SCO (Caldera) again. Here is a capsule

summary of our position with Project Monterey."[164] He gave a background summary of the

Project Monterey relationship, and then explained: "Even though SCO code is now embedded

within AIX, we would only have to pay royalties to SCO when we distributed Monterey."[165] He

further instructed: "Our initial license to SCO code was contingent on our making an attempt to

distribute an IA-64 product. Consequently, we need to be clear that we have been trying to

distribute Monterey, but no one wants it."[166] Mr. Bulko further disclosed that IBM had "no plans

to make AIX available on the Itanium platform" and was "planning to EOL [end of life]

Monterey by the end of this year."[167]

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."[168] "An issue of

material fact is 'genuine' if a reasonable jury could return a verdict for the nonmoving party."[169]

In moving for summary judgment, IBM "bears the burden of showing the absence of a genuine

---

[163] Email from C. Yount to B. Bulko, dated Oct. 22, 2002, at 1710015451, attached as Exhibit 57 to SCO's
Opposition Exhibits.

[164] Email from B. Bulko to A. Befi, dated Nov. 6, 2002, at 1710015441, attached as Exhibit 84 to SCO's Opposition
Exhibits.

[165] *Id.*

[166] *Id.*

[167] *Id.*

[168] FED. R. CIV. P. 56(a).

[169] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (quoting *Anderson v.
Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (internal quotation marks omitted).

issue of material fact . . . ."[170] However, as it relates to SCO's claims, IBM "need not negate [SCO's] claim[s], but need only point out to the district court 'that there is an absence of evidence to support [SCO's] case.'"[171] Upon such a showing, SCO "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [SCO] carries the burden of proof."[172] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to defeat a properly supported motion for summary judgment."[173]

## ANALYSIS

IBM's Unfair Competition Motion states three grounds for summary judgment regarding SCO's unfair competition claim: "(1) it is untimely; (2) SCO cannot show that IBM engaged in unfair competition regarding Monterey; and (3) the claim is preempted by federal copyright law."[174] IBM's Unfair Competition Memorandum further develops those arguments. Most important for this ruling is the second argument: that SCO cannot show that IBM engaged in unfair competition because, among other reasons, IBM's alleged conduct would constitute a breach of contract, and "[s]uch claims may not be transmuted into a tort claim such as unfair competition." Because this argument is correct, it is unnecessary to discuss IBM's other bases for summary judgment. As discussed more fully below, (A) tort claims are subsumed in contract claims when the issue is addressed by an express contract provision and not addressed by a separate legal duty; (B) SCO's unfair competition claim is subsumed by express contractual provisions of the JDA that specifically govern the licensing and use of SCO's code; and (C) SCO

---

[170] *Universal*, 22 F.3d at 1529.

[171] *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

[172] *Id.* (citing *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990)).

[173] *Id.* (quoting *Anderson*, 477 U.S. at 252).

[174] IBM's Unfair Competition Motion at 2.

and IBM were not joint venturers or partners, and no fiduciary relationship existed, meaning that IBM owed no heightened legal duties to SCO. For these reasons, summary judgment is granted on SCO's unfair competition claim in IBM's favor.

### A. The Independent Tort Doctrine Bars Tort Claims Where There Is An Express Contract Provision

In the original briefing on IBM's Unfair Competition Motion in 2006, although the parties argued over the application, they generally agreed on the law regarding the independent tort doctrine: under New York precedent, "[i]t is a well-established principle that a simple breach of contract is not to be considered a tort unless a duty independent of the contract itself has been violated," and the tort claim "must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract."[175] The tort "must be sufficiently distinct from the breach of contract claim in order to be legally sufficient," and "[i]n order to be independently viable, [it] must arise from a separate legal duty, or be collateral and extraneous to the terms and conditions of the contract that were allegedly breached or cause special damages that are not recoverable under the contract."[176] The law is the same in Utah: where there exists an "express contract provision dealing with the issue, there is no independent duty created here which would create a tort apart from the contractual obligations between the parties."[177]

SCO argued that "[a]lthough some New York cases suggest that a plaintiff may not 'transmogrify' a contract claim into one for tort, this is limited to instances where 'the only

---

[175] *Productivity Software Intern, Inc. v. Healthcare Technologies, Inc.*, 1995 WL 437526 (S.D.N.Y.) (quoting *Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.*, 70 N.Y.2d 382, 389 (N.Y. 1987)).

[176] *Medinol Ltd. v. Boston Scientific Corp.*, 346 F.Supp.2d 575, 607 (S.D.N.Y 2004) (citing *Great Earth International Franchising Corp. v. Milks Development*, 311 F.Supp.2d 419, 425 (S.D.N.Y. 2004)).

[177] *Deer Crest Associates I, L.C. v. Deer Crest Resort Group, L.L.C.*, No. 2:04-CV-00220-TS, 2006 WL 722216, *3 (D.Utah Mar. 15, 2006).

interest at stake is that of holding the defendant to a promise.'"[178] However, SCO's citation of

the Second Circuit's discussion of the policy underlying the independent tort doctrine does not

weaken the doctrine to be less than stated in the more recent cases cited above and acknowledged

by SCO. Regardless of the "interest[s] at stake,"[179] "a contract claim may not be pleaded as a tort

claim unless a *legal duty independent of the contract* itself has been violated."[180]

SCO also suggests a wrinkle in the independent tort doctrine articulated by the Tenth

Circuit in *Equilease Corp. v. State Fed. Sav. And Loan. Assn.*: "where a contract is the mere

inducement creating the state of things that furnishes the occasion for the tort, the tort, not the

contract, is the basis of the action. . . . [I]f a duty to take care arises from the relation of the

parties irrespective of a contract, the action is one of tort."[181] However, the Tenth Circuit's

statement relies on a 1926 Oklahoma Supreme Court case. The parties have presented no Utah or

New York case law that would suggest that contractual duties could be disregarded by finding

that the contract was an inducement to facilitate a tort. However, as the Tenth Circuit stated, it is

important to consider "if a duty to take care arises from the relation of the parties irrespective of

the contract." [182]

SCO cites a New York appellate decision for the proposition that "[t]he same conduct

which constitutes a breach of a contractual obligation may also constitute the breach of a duty

arising out of the contract relationship which is independent of the contract itself."[183] The line of

---

[178] SCO's Unfair Competition Opposition at 39–40 (citing *Hargrave v. Oki Nursery, Inc.*, 636 F.2d 897, 899 (2nd Cir. 1980) and *Hammer v. Amazon.com*, 392 F.Supp.2d 423 (E.D.N.Y. 2005).

[179] *Id.* (citing *Hargrave*, 636 F.2d at 899).

[180] *Hammer*, 392 F.Supp.2d at 432–33 (internal citations omitted) (emphasis added).

[181] 647 F.2d 1069, 1074 (10th Cir. 1981) (applying Oklahoma law).

[182] *Equilease Corp.*, 647 F.2d at 1074.

[183] SCO's Unfair Competition Opposition at 41 (quoting *Dime Sav. Bank of N.Y. v. Skrelja*, 642 N.Y.S.2d 84 (N.Y. App. Div. 1996)).

cases supporting that proposition deals with claims for breach of a fiduciary duty, which is necessarily a legal duty independent of the contract. Similarly, the Utah Supreme Court has also "recognize[d] that in some cases the acts constituting a breach of contract may also result in breaches of duty that are independent of the contract and may give rise to causes of action in tort."[184] The line of cases used by the Utah Supreme Court references intentional torts and statutorily imposed duties, which again are necessarily legal duties independent of contracts. The consideration of these independent relations is consistent with *Equilease Corp.*

 The supplemental briefing by the parties reflects an unchanged independent tort doctrine.[185] SCO again argues that IBM misstates the independent tort doctrine as too narrow. IBM argued that where parties' interests are aligned and plaintiffs reasonably rely on representations of contractual performance, "a 'legal duty . . . would arise out of the independent characteristics of the relationship between' the parties, supporting an independent tort claim, even where that duty was 'assessed largely on the standard of care and the other obligations set forth in the contract.'"[186] However, the case upon which SCO bases this argument dealt with financial investors suing their financial advisor, meaning the "independent characteristics of the relationship" were effectively a fiduciary relationship. Most contracting parties have aligned interests and rely on one another to perform. However, a common contract relationship cannot reasonably create the "independent characteristics" that would give rise to fiduciary-like duties

---

[184] *Culp Const. Co. v. Buildmart Mall*, 795 P.2d 650 (Utah 1990).

[185] *See, e.g., Dorset Industries, Inc. v. Unified Grocers, Inc.*, 893 F.Supp.2d 395, 414 (E.D.N.Y. 2012); *Taizhou Zhongneng Import and Export Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 57 (2nd Cir. 2013) (the tort claim "cannot arise out of the same facts that serve as the basis for a plaintiff's causes of action for breach of contract (internal citations and quotations omitted)); *Board of Managers of Soho North 267 West 124th Street Condominium v. NW 124 LLC*, 984 N.Y.S.2d 17, 18–19 (N.Y. App. Div. 2014).

[186] SCO's Unfair Competition Supplement at 4–5 (citing *Bayerische Landesbank, N.Y Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 58–59 (2nd Cir. 2012)).

without other, far more defining circumstances, like the financial advisor context referenced by SCO.

It appears that the theme in these New York and Utah cases is that where a heightened duty is imposed as in the fiduciary context or by statute, essentially "aris[ing] from the relation of the parties irrespective of the contract," [187] those duties are not subsumed in contractual duties. However, where the parties have agreed to certain heightened contractual standards which do not create the independent tort duty, common torts are subsumed in those express contractual duties. For example, in *Sidney Frank Importing Co.*, a whisky importer sued a distillery for breach of contract and unfair competition.[188] The Southern District of New York identified the type of unfair competition claim that could be contract-related but not expressly subsumed in the breach of contract claim: "Cooley's alleged duty under the Agreement to provide whiskey to Plaintiff in quantities specified by purchase orders . . . is distinct from Cooley and Beam's duty not to misappropriate Plaintiff's property for their own use."[189] Simply stated, the independent tort doctrine remains unchanged: an express contractual duty subsumes tort claims that are not based on an independent legal duty.[190]

### B. SCO's Unfair Competition Claim Is Subsumed by Express Contractual Provisions Specifically Governing the SVr4 Code

In *Sidney Frank Importing Co.*, which SCO offered, the Southern District of New York describes the claim of unfair competition:

> New York courts have recognized two theories of unfair competition claims: "palming off" and misappropriation. Palming off is the sale of goods of one manufacturer as those of another. Misappropriation, the theory which Plaintiff

---

[187] *Equilease Corp.*, 647 F.2d at 1074.

[188] *Sidney Frank Importing Co., Inc. v. Beam Inc.*, 998 F.Supp.2d 193, 210 (S.D.N.Y. 2014).

[189] *Id.*

[190] *Deer Crest Associates I, L.C.*, 2006 WL 722216 at *3; *Medinol Ltd.*, 346 F.Supp.2d at 607 (citing *Milks Development*, 311 F.Supp.2d at 425).

asserts here, concerns the taking and use of the plaintiff's property to compete
against the plaintiff's own use of the same property. Misappropriation is also
described as taking the skills, expenditures, and labor of a competitor, and
misappropriating for the commercial advantage of one person . . . a benefit or
property right belonging to another.

To state a claim for the misappropriation theory of unfair competition, a plaintiff
must allege that the defendant: (1) misappropriated the plaintiff's labors, skills,
expenditures, or good will; and (2) displayed some element of bad faith in doing
so.[191]

Here, SCO specifically places its claim, at least in part, within the misappropriation prong

of unfair competition,[192] alleging that IBM engaged in "[m]isappropriation of source

code, methods, and confidential information" and "[c]ontribution of protected source

code and methods for incorporation into one or more Linux software releases, intended

for transfer of ownership to the general public."[193] Therefore, the question is whether an

express contract provision treats the appropriation of SCO's source code.

In this case, the JDA expressly granted to IBM:

a worldwide, non-exclusive, royalty free . . ., perpetual and irrevocable . . . right
and license under SCO's and applicable third parties' copyrights . . . and any trade
secrets or confidential information in the Licensed SCO Materials and SCO
Project Work which are included in Deliverables to (i) prepare or have prepared
Derivative Works, (ii) use, execute, reproduce, display and perform the Licensed
SCO Materials and SCO Project Work and Derivative Works thereof, (iii)
sublicense and distribute the Licensed SCO Materials and SCO Project Work and
Derivative Works thereof either directly or through Distributors, in the form of
Source Code, Object Code, Documentation, and/or in any other form whatsoever,
and (iv) grant licenses, sublicenses, and authorizations to others (including
without limitation IBM Subsidiaries, Distributors and any other third parties), on
a non-exclusive basis that is equal to the scope of the licenses granted
hereunder.[194]

---

[191] *Sidney Frank Importing Co.*, 998 F.Supp.2d at 210.

[192] SCO's Unfair Competition Supplement at 4.

[193] Second Amended Complaint ¶ 184(a) and (e), docket no. 108, filed Feb. 27, 2014.

[194] JDA § 2.2(d)(2).

That "worldwide, non-exclusive, royalty free . . ., perpetual and irrevocable . . . right and

license" was limited as follows:

> When IBM sublicenses the IA-64 Product containing Licensed SCO Materials
> and/or SCO Project Work in Source Code form or when SCO sublicenses the IA-
> 64 Product containing Licensed IBM Materials and/or IBM Project Work in
> Source Code form, the parties shall not grant the third party the right to further
> grant source sublicenses to the other party's Licensed Materials or Project Work.
> Further, when licensing such Source Code, both e parties shall only grant the right
> to create Derivative Works required for the following purposes:
> 1.  Maintenance and support;
> 2.  Translation and localization;
> 3.  Porting, optimization and extensions;
> 4.  Any other Derivative Works agreed to by SCO and IBM.[195]

The use or appropriation of SCO's source code is expressly addressed in the JDA. It is

clear that use of the code is not "collateral and extraneous to the terms and conditions of the

contract that were allegedly breached,"[196] but rather, there exists an "express contract provision

dealing with the issue, [and therefore,] there is no independent duty created here which would

create a tort apart from the contractual obligations between the parties."[197] In fact, determining

that IBM misappropriated the code in question would require a legal conclusion that IBM had

breached the contract. This is unlike the *Sidney Frank Importing Co.* case, discussed above,

where the Southern District of New York was able to distinguish the alleged breach of contract

and the alleged tort because they embraced separate duties. Here, the alleged misappropriation is

inseparable from an alleged breach of the JDA and its licensing provisions because IBM's legal

right to use the source code is at the heart of each claim.

---

[195] *Id*. § 2.2(e).

[196] *Medinol Ltd.*, 346 F.Supp.2d at 607 (citing *Milks Development*, 311 F.Supp.2d at 425).

[197] *Deer Crest Associates I, L.C.*, 2006 WL 722216, at *3.

Even more telling, although the alleged tort claim "must be sufficiently distinct from the breach of contract claim in order to be legally sufficient,"[198] SCO actually based its claim on the allegations that IBM engaged in "[b]reach of contract," "[v]iolation of confidentiality provisions running to the benefit of plaintiff," and "[i]nducing and encouraging others to violate confidentiality provisions."[199] Furthermore, SCO's briefing is replete with characterizations of the IA-64 product being a "sham," but the quality of the IA-64 product is only relevant to the use of SCO's code in the context of the JDA, and SCO essentially sought to drive home the point that IBM's did not sufficiently perform its contractual obligations to reap the benefits of the contract. Although SCO may argue that its unfair competition claim is not subsumed in the parties' contractual duties, not only does the JDA clearly addresses IBM's use of the code, but SCO's own Second Amended Complaint specifically alleges breach of contract as many of the bases for its unfair competition claim. SCO's unfair competition claim cannot survive summary judgment.

### C. SCO Cannot Rely on the Utah Unfair Competition Act as a Basis for an Unfair Competition Claim

In the 2006 briefing, SCO had originally argued that unfair competition is not simply limited to "palming off" and misappropriation, extending to "broadly encompass[] all forms of 'commercial immorality.'"[200] However, cases SCO cited in 2015 from the same court upon which SCO relied in 2006 for its "commercial immorality" theory clearly stated that "New York courts have recognized two theories of unfair competition claims: 'palming off' and

---

[198] *Medinol Ltd.*, 346 F.Supp.2d at 607 (citing *Milks Development*, 311 F.Supp.2d at 425).

[199] Second Amended Complaint ¶ 184(b)–(d), docket no. 108, filed Feb. 27, 2014.

[200] SCO's Unfair Competition Opposition at 43 (citing *Too, Inc. v. Kohl's Dep't Stores*, 210 F.Supp.2d 402, 405 (S.D.N.Y 2002) ("[u]nfair competition may be based on a wide variety of illegal practices, including misappropriation and other forms of commercial immorality.)).

misappropriation."[201] In SCO's 2006 discussion of the broad unfairness standard, SCO argued in

a footnote that a portion of the Utah Code (enacted in 2004 *after* IBM's allegedly tortious acts)

created a statutory right to damages for the unlawful, unfair, or fraudulent infringement of a

copyright or the violation of a software license.[202] Given the importance of statutorily imposed

legal duties under the independent tort doctrine, it is necessary to discuss this statutory argument.

The relevant portion of the Definitions section of the Unfair Competition Act stated in

2004 that:

> "unfair competition" means an intentional business act or practice that:
> (i)      (A) is unlawful, unfair, or fraudulent; and
>          (B) leads to a material diminution in value of intellectual property; and
> (ii) is one of the following:
>          (A) cyber-terrorism;
>          (B) infringement of a patent, trademark or trade name;
>          (C) a software license violation; or
>          (D) predatory hiring practices.[203]

SCO argued that "[e]ven if applied only prospectively, IBM is liable under the statute for SCO's

post-2004 damages, because unfair competition is a continuing tort and each sale of AIX for

Power is an independent cause of action. . . . Moreover, the statute may be applied retroactively,

because, as an addition to the previously existing Unfair Practices Act, it clarified existing

law.[204]

SCO was ordered multiple times to disclose the basis of each of its claims but never

disclosed any intent to rely upon this statute, and therefore, may not do so now.[205] Although

---

[201] *Sidney Frank Importing Co.*, 998 F.Supp.2d at 210.

[202] SCO's Unfair Competition Opposition at 44 n.11 (citing UTAH CODE ANN. § 13-5a-102(4)(a)).

[203] UTAH CODE ANN. § 13-5a-102(4)(a)

[204] SCO's Unfair Competition Opposition at 44 n.11 (citing *Dep't of Soc. Serv. V. Higgs*, 656 P.2d 998, 1001 (Utah 1982)).

[205] *See* Order Affirming Magistrate Judge's Order of June 28, 2006, docket no. 884, filed Nov. 29, 2006.

SCO's failure to disclose this statute as a basis for its unfair competition claim is alone sufficient, there are other reasons SCO cannot rely on this statute.

First, the statute cannot be applied retroactively because the 2004 enactment of this language was not a clarification, but rather a legislative change. Contrary to SCO's argument, the "clarification" exception, permitting the retroactive application of statutory amendments that only clarify existing law, cannot apply here. The enumeration of a breach of a software license as a form of unfair competition is not a new statutory provision that does not alter a party's substantive rights.[206]

Rather, "the legislature fundamentally altered the substantive rights accorded under Utah law, which previously restricted common law unfair competition claims to palming-off and misappropriation."[207] Describing the enactment of novel statutory language as nothing more than a clarification would result in the unreasonable conclusion that much of newly enacted legislation is generally mere clarification, and therefore, retroactive. Additionally, IBM correctly points out that no Utah statute is retroactive unless expressly stated.[208]

Second, SCO's prospective application argument is flawed because IBM's alleged breach of the JDA occurred nearly four years prior to the effective date of Section 13-5-a-102(4)(a), and therefore, IBM's breach would not have constituted unfair competition. SCO has offered no authority to support an argument that the continuing tort doctrine functions to create, *after* the enactment of a statute, a continuing tort from an alleged breach that did not constitute a tort when

---

[206] *See, e.g., Okland Constr. Co. v. Industrial Comm'n*, 520 P.2d 208, 210-11 (Utah 1974) (applying clarification exception where the phrase "312 weeks" for earlier language of "six years ... weekly compensation" in statute).

[207] IBM's Unfair Competition Reply at 10–11 n.7 (citing *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1280 (10th Cir. 2000).

[208] IBM's Unfair Competition Reply at 10 (citing UTAH CODE ANN. § 68-3-3).

it occurred. For these reasons, SCO cannot rely on Utah's subsequently enacted Unfair

Competition Act to salvage its unfair competition claim.

### D. SCO and IBM Entered Into an Arms-Length Contract and Did Not Create a Joint Venture, Partnership, or Any Other Form of Fiduciary Relationship

SCO's Unfair Competition Opposition understandably does not focus on the contractual

provisions at issue; rather, SCO argued that a fiduciary duty exists between the parties, thereby

rendering IBM's actions actionable as unfair competition.

SCO argued that it "is not seeking to hold IBM to a promise. . . . Nothing in the JDA

expressly required IBM to inform SCO of its intent to string the project along. SCO['s]

complain[t]s are not about a contractual breach, but of IBM's pattern of deceptive and unfair

conduct."[209] More specifically, SCO complains that IBM deceived Santa Cruz and SCO about its

Project Monterey and LINUX intentions, made a "sham" IA-64 product, and pretended to

support Project Monterey long after it decided to terminate the project, in addition to

misappropriating code.[210]

Preliminarily, the IA-64 product was the central purpose of Project Monterey and the

JDA, and therefore a failure to perform under that contract by offering a "sham" IA-64 product

would necessarily constitute a breach of contract or a breach of the implied covenant of good

faith and fair dealing. Therefore, SCO's remaining allegations include deception regarding

intentions and pretended support. Although SCO's Second Amended Complaint grandly alleges

"conduct that is intentionally and foreseeably calculated to undermine and/or destroy the

economic value of UNIX anywhere and everywhere in the world,"[211] the pleading lacks

---

[209] SCO's Unfair Competition Opposition at 40.

[210] *Id.*

[211] SCO's Second Amended Complaint ¶ 183.

specificity and substance, otherwise identifying these allegations as "[u]se of deceptive means and practices in dealing with plaintiff with respect to its software development efforts."[212]

SCO argued that "despite the fact that SCO's unfair competition claim is, in certain respects, *related* to the contract . . . the claim is actionable because, in view of the joint venture relationship, IBM has independent fiduciary and common law confidentiality duties that are distinct and wholly separate from the contract."[213] Bizarrely, SCO argued that IBM should be precluded from even responding to SCO's allegations of a fiduciary and confidential relationship because they were not disputed in IBM's Unfair Competition Memorandum.[214] However, the local rules limit a reply memorandum to rebuttal of matters raised in the memorandum opposing the motion,[215] necessarily allowing IBM to respond to SCO's discussion of a fiduciary relationship.

SCO's arguments regarding a fiduciary relationship fail for three reasons. First, although SCO offers the alleged fiduciary relationship as a counter to the independent tort doctrine issue, SCO has offered no authority to support its implied argument that an independent fiduciary duty somehow constitutes a claim of unfair competition. To the extent SCO would argue that any alleged fiduciary duties are independent from the JDA and therefore not subsumed in breach of contract, that argument would only support a claim for breach of a fiduciary duty, not unfair competition. Alleging that an independent legal duty exists does not allow SCO to avoid the independent tort doctrine in order to pursue a tort claim that is not based on a breach of that duty.

---

[212] *Id.* ¶ 184(f).

[213] SCO's Unfair Competition Opposition at 42.

[214] *Id.* at 42 n.10.

[215] DUCivR 7-1(b)(3).

Second, the parties did not have a fiduciary relationship. "A fiduciary relationship exists under New York law when one person is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation."[216] In Utah, a fiduciary relationship "imparts a position of peculiar confidence placed by one individual in another" and "implies a condition of superiority of one of the parties over the other," while a fiduciary "is a person with a duty to act primarily for the benefit of another" and "is in a position to have and exercise and does have and exercise influence over another."[217] Although "[t]here is no invariable rule which determines the existence of a fiduciary relationship . . . there must exist a certain inequality, dependence, weakness of age, of mental strength, business intelligence, knowledge of the facts involved, or other conditions, giving to one advantage over the other."[218] Clearly, SCO and IBM were two sophisticated business entities, and the facts SCO included in its briefing laud SCO's expertise and capabilities,[219] and are not indicative of inequality, weakness, and dependency in the SCO-IBM relationship.

Moreover, "[b]y their nature, arms-length commercial transactions ordinarily do not involve relationships defined by the New York court as fiduciary."[220] "Under special circumstances a fiduciary duty may be found notwithstanding the existence of a contract—specifically, when there is a 'relationship of higher trust than would arise from the . . . agreement alone.'"[221]

---

[216] *Muller-Paisner v. TIAA*, 289 F. App'x 461, 465 (2nd Cir. 2008) (citations omitted).

[217] *First Sec. Bank of Utah N.A. v. Banberry Dev.Corp.*, 786 P.2d 1326, 1333 (Utah 1990) (citations omitted).

[218] *Id.*

[219] *See* Statement of Undisputed Facts, *supra*, ¶¶ 16–19.

[220] *Muller-Paisner*, 289 F. App'x at 466.

[221] *Zorbas v. U.S. Trust Co. N.A.*, 48 F.Supp.3d 464, 479 (E.D.N.Y. 2014) (citing *EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 20).

SCO argued that "the 'tight partner' relationship though [sic] SCO placed its 'trust and confidence' in IBM gives rise to a fiduciary relationship."[222] However, the case SCO cites does not apply to the SCO-IBM relationship. In *Muller-Paisner*, the Second Circuit determined that an annuity broker owed a fiduciary relationship to a 70-year-old woman where the defendants had targeted specific advertisements regarding their expertise to her class of people, retired educators, focusing on the defendants' roles as advisors, knowing their advice would be relied upon.[223]

Subsequently, the Southern District of New York specified that *Muller-Paisner* and other similar cases "are inapposite to this case involving two sophisticated business entities" because "those cases . . . involve *unsophisticated* parties, the *elderly*, or the *infirm*."[224] The Southern District of New York further distinguished *Muller-Paisner* from cases like this case: "*Muller-Paisner* dealt with an insurer who allegedly made representations to an *infirm* purchaser of an annuity insurance contract" and "is inapplicable to the arm's-length commercial transaction" where the plaintiff "is not like the *infirm* decedent in *Muller-Paisner* who was *preyed upon* by the defendant in this case."[225] SCO did not attempt to argue that it should be considered as one of those "unsophisticated parties, the elderly, or the infirm," or how IBM should be considered more like the insurance broker who "*preyed upon*" those types of disadvantaged people.[226] Nevertheless, SCO's attempt at creating such a relationship of trust and confidence fails.

---

[222] SCO's Unfair Competition Supplement at 5 (citing *Muller-Paisner v. TIAA*, 289 F. App'x 461, 466 (2nd Cir. 2008) ("[A] fiduciary duty may arise in the context of a commercial transaction upon a requisite showing of trust and confidence.")).

[223] *Muller-Paisner*, 289 F. App'x at 466.

[224] *Banco Industrial de Venezuela, C.A. v. CDW Direct, L.L.C.*, 888 F.Supp.2d 508, 513 (S.D.N.Y. 2012) (emphasis added).

[225] *Id.* (emphasis added).

[226] *Id.* (emphasis added).

Third, SCO's allegations fall well short of what is required to show the existence of a joint venture or partnership. In New York, "[t]o demonstrate the existence of a partnership, a plaintiff must prove four elements: (1) the parties' sharing of profits and losses; (2) the parties' joint control and management of the business; (3) the contribution by each party of property, financial resources, effort, skill, or knowledge to the business; and (4) the parties' intention to be partners."[227] Similarly, to demonstrate the existence of a joint venture, a plaintiff must prove that:

> (1) two or more parties entered an agreement to create an enterprise for profit, (2) the agreement evidences the parties' mutual intent to be joint venturers, (3) each party contributed property, financing, skill, knowledge, or effort to the venture, (4) each party had some degree of joint management control over the venture, and (5) there was a provision for the sharing of both losses and profits.[228]

"The absence of any one element is fatal to the establishment of a joint venture. . . . Further, a joint venture represents more than a simple contractual relationship. Thus, it is insufficient for a plaintiff to allege mere joint ownership, a community of interest, or a joint interest in profitability."[229] Importantly, "[i]n formulating an agreement to be joint venturers, 'the parties must be clear that they intend to form a joint venture, which is a fiduciary relationship, and not a simple contract.'"[230] An essential element is the requirement that the parties provided for the sharing in profits and losses.[231]

The process of establishing a joint venture is similar if not identical in Utah. The requirements for the relationship are not exactly defined, but certain elements are essential:

---

[227] *Kids Cloz, Inc. v. Officially For Kids, Inc.*, 320 F.Supp.2d 164, 171 (S.D.N.Y. 2004).

[228] *Id.* (internal quotations and citations omitted).

[229] *Id.* (internal quotations and citations omitted).

[230] *Id.* (citing *Precision Testing Laboratories v. Kenyon Corp.*, 644 F.Supp. 1327, 1349 (S.D.N.Y. 1986)).

[231] *See id.*

The parties must combine their property, money, effects, skill, labor and
knowledge. As a general rule, there must be a community of interest in the
performance of the common purpose, a joint proprietary interest in the subject
matter, a mutual right to control, a right to share in the profits, and unless there is
an agreement to the contrary, a duty to share in any losses which may be
sustained.

While the agreement to share losses need not necessarily be stated in specific
terms, the agreement must be such as to permit the court to infer that the parties
intended to share losses as well as profits.[232]

In this case, several elements are lacking. Most directly, the parties unambiguously stated

in the JDA that they were not forming a joint venture or partnership:

Each party is acting solely as an independent company. This Agreement shall not
be construed to establish any form of partnership, agency, franchise or joint
venture of any kind between SCO and IBM, nor to constitute either party as an
agent, employee, legal representative, or any other form of representative of the
other. This Agreement shall not be construed to provide for any sharing of profits
or losses between the parties.[233]

This provision undercuts SCO's argument.

Although SCO is correct that "courts look to economic realities and disregard labels

when the agreement as a whole and surrounding facts show an intent to create" a joint venture or

partnership,[234] the economic realities of this case support rather than contradict the parties'

express rejection of any sort of partnership. For example, SCO states that the JDA required

sharing of profits and losses,[235] but the sections SCO cites, §§Sections 11.3 and 12.0–12.5, relate

respectively to the ownership of joint inventions and provisions regarding royalties. Provisions

governing joint inventions and royalties fall substantially short of a partnership bearing all profits

and losses.

---

[232] *Bassett v. Baker*, 530 P.2d 1, 2 (Utah 1974) (citing 48 C.J.S. Joint Adventures s 2a).

[233] JDA § 22.5.

[234] SCO's Unfair Competition Opposition at 36–37 n.6.

[235] *Id*.

The existence of fiduciary duties would not result in salvaging SCO's unfair competition claim. SCO and IBM did not have an unequal and unbalanced relationship that would give IBM fiduciary duties toward SCO. SCO and IBM did not create a joint venture or partnership, meaning that IBM owed SCO no fiduciary duties.

## CONCLUSION

Summary judgment is granted to IBM on SCO's unfair competition claim because the alleged misappropriation at the heart of the claim is subsumed in SCO's breach of contract claim, and the independent tort doctrine prevents SCO's re-framing of its contract claim as a tort claim. SCO's alternative arguments also fail. SCO cannot use a later-enacted portion of the Utah Code that was not offered as a basis for this claim or create a joint venture or fiduciary relationship from an otherwise arm's-length contract between two sophisticated business entities.

## ORDER

For the reasons stated above, IT IS HEREBY ORDERED that IBM's Unfair Competition Motion[236] is GRANTED, and summary judgment is granted in IBM's favor on SCO's unfair competition claim (SCO's Sixth Cause of Action).

Dated February 5, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[236] IBM's Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action), docket no. 782, filed Sept. 25, 2006.

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., A DELAWARE CORPORATION;<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | **ORDER GRANTING IBM'S [783] MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>2:03-CV-00294-DN<br><br>District Judge David Nuffer |

This case arises out of the relationship between The SCO Group, Inc. ("SCO") and International Business Machines Corporation ("IBM") regarding IBM's production of its LINUX operating system. SCO held a majority of the UNIX-on-Intel market with its UNIX operating system in 1998 when IBM and SCO agreed to collaborate to produce a new operating system, Project Monterey. SCO claimed that IBM used this project to gain access SCO's UNIX source code and then copied thousands or millions of lines of that code into LINUX. Because LINUX was offered at no cost in the open-source community, it rapidly displaced UNIX, and SCO's UNIX sales rapidly diminished. SCO publicized the alleged copyright infringement and the alleged wrongs committed by IBM, and IBM argued that SCO's tactics were improper and in bad faith, and that it had the right to use any lines of code it added to LINUX. Previously in this litigation, many claims have been resolved. This order addresses SCO's tortious interference claims, granting summary judgment on those claims in favor of IBM.

1

# TABLE OF CONTENTS

Table of Contents ........................................................................................................... 2
Case and Motion Background ........................................................................................ 2
Statement of Undisputed Facts on [783] ....................................................................... 6
    A.    SCO's Complaints and Disclosures. ................................................................ 6
    B.    Background on SCO in the UNIX-On-Intel Market ...................................... 22
    C.    IBM's Position Relative to SCO's ................................................................ 24
    D.    IBM's Alleged Tortious Interference with SCO's Business Relations in the
           UNIX-On-Intel Market ................................................................................. 25
    E.    IBM's Efforts to Prevent SCO from Asserting Intellectual Property Rights ........ 27
    F.    SCO's Failure of Proof. ................................................................................ 32
          I.        BayStar ................................................................................................ 32
          II.      Computer Associates, Oracle, and Intel ................................................ 37
          III.     Hewlett-Packard ................................................................................. 44
          IV.    OpenSource Conference in Scottsdale, Arizona. ................................. 47
    G.    IBM's Purpose in Supporting LINUX. ......................................................... 48
    H.    SCO's Lack of Injury. ................................................................................... 51
    I.    No Disputed Facts Regarding Baystar and Lawrence Goldfarb ................... 54
Summary Judgment Standard ...................................................................................... 55
Analysis ....................................................................................................................... 56
    A.    No Evidence Supports Direct Interference with the Companies SCO Specifically
           Identified and Claims Regarding Market Competition are Not Actionable. ........ 57
    B.    IBM's Alleged Interference with Hewlett-Packard May Constitute Interference 61
    C.    There Is No Causal Link Between IBM's Alleged Acts and SCO's Injury. ........ 62
          I.        Causation and Injury Generally ............................................................ 62
          II.      Causation and Injury Regarding Hewlett-Packard ................................ 63
    D.    SCO Has Waived Any Claim Regarding the OpenSource Conference ................ 64
Conclusion .................................................................................................................. 65
Order ........................................................................................................................... 65

# CASE AND MOTION BACKGROUND

This case has been assigned to multiple judges in the District of Utah since it was filed in

2003. The case was administratively closed by Judge Kimball on September 20, 2007 due to

SCO's filing for bankruptcy,[1] and on September 10, 2010, Judge Campbell denied SCO's

request to re-open the case to resolve two of the several pending motions.[2] SCO filed a motion to

---

[1] Order Regarding Temporary Administrative Closure of Case, docket no. 1081, filed Sept. 20. 2007.

[2] Order, docket no. 1093, filed Sept. 10, 2010.

reopen the case to resolve some pending motions,[3] and after the case was reassigned again, that motion was denied with the intent of keeping the case closed during the bankruptcy.[4] On May 7, 2013, SCO filed a motion for reconsideration of that order.[5] Because IBM did not oppose this motion or the reopening of the case, SCO's motion was granted, the previous order denying the motion to reopen[6] was vacated, and the case was reopened on June 14, 2013.[7]

Following the resolution of separate litigation between Novell, Inc. ("Novell") and SCO,[8] SCO proposed that six of SCO's claims be dismissed with prejudice: breach of IBM Software Agreement (Count I), breach of IBM Sublicensing Agreement (Count II), breach of Sequent Software Agreement (Count III), breach of Sequent Sublicensing Agreement (Count IV), copyright infringement (Count V), and interference with the 1995 Asset Purchase Agreement at issue in the *Novell* case (Count VIII).[9] On July 22, 2013, IBM filed a motion for partial summary judgment regarding remaining claims based on the *Novell* judgment.[10] On December 15, 2014, partial summary judgment was granted in IBM's favor on IBM's counterclaims seeking a declaration of non-infringement of the copyrights to the pre-1996 UNIX source code (IBM's Counterclaims IX and X), and on SCO's unfair competition claim (Count VI) and tortious interference claims (Counts VII and IX) "insofar as they alleged that SCO, and not Novell, owns the copyrights to the pre-1996 UNIX source code and/or that Novell does not have the right to

---

[3] The SCO Group, Inc.'s Motion to Reopen the Case, docket no. 1095, filed Nov. 4, 2011.

[4] Memorandum Decision and Order Denying Motion to Reopen the Case, docket no. 1109, filed Apr. 24, 2013.

[5] The SCO Group, Inc.'s Motion for Reconsideration of the Court's Order Denying Motion to Reopen the Case, docket no. 1110, filed May 7, 2013.

[6] Memorandum Decision and Order Denying Motion to Reopen the Case, docket no. 1109, filed Apr. 24, 2013.

[7] Order Reopening Case and Vacating Prior Order, docket no. 1115, filed June 14, 2013.

[8] *SCO Group, Inv. v. Novell, Inc.*, Case No. 2:04-cv-00129-TS.

[9] Partial Judgment Dismissing SCO Claims, docket no. 1123, filed July 10, 2013.

[10] IBM's Motion and Memorandum for Partial Summary Judgment on the Basis of the Novell Judgment, docket no. 1126, filed July 22, 2013.

waive IBM's alleged breaches of the licensing agreements pursuant to which IBM licensed pre-1996 UNIX source code."[11]

On March 13, 2015, SCO and IBM filed a Joint Status Report[12] outlining the claims and motions that remain pending. SCO's only remaining claims are unfair competition (Count VI), tortious interference with a contract (Count VII), and tortious interference with prospective a business relationship (Count IX), all of which are challenged by summary judgment motions. IBM has eight pending counterclaims, seven of which are challenged by summary judgment motions.[13] An order entering summary judgment against SCO on its unfair competition claim (Count VI) was entered February 5, 2016.[14] This order addresses only SCO's remaining claims, for tortious interference (Counts VII and IX).

On September 25, 2006, IBM filed a motion for summary judgment on SCO's tortious interference claims,[15] followed shortly thereafter by a memorandum in support.[16] On November 11, 2006, SCO filed its opposition brief,[17] to which IBM replied on January 12, 2007.[18] The

---

[11] Memorandum Decision and Order Granting in Part and Denying in Part IBM's Motion for Partial Summary Judgment on the Basis of the *Novell* Judgment, docket no. 1132, filed Dec. 15, 2014.

[12] Docket no. 1134, filed Mar. 13, 2015.

[13] IBM's pending counterclaims are breach of contract (Counterclaim I), a violation of the Lanham Act (Counterclaim II), unfair competition (Counterclaim III), intentional interference with prospective economic relations (Counterclaim IV), a violation of the New York State Unfair and Deceptive Trade Practices Act (Counterclaim V), breach of the General Public License (Counterclaim VI), promissory estoppel (Counterclaim VII), and copyright infringement (Counterclaim VIII). SCO has not challenged IBM's breach of contract counterclaim by dispositive motions.

[14] Order Granting IBM's Motion for Partial Summary Judgment, docket no. 1159, filed Feb. 5, 2016.

[15] IBM's Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action) ("IBM's Interference Motion"), docket no. 783, filed Sept. 25, 2006.

[16] IBM's Memorandum in Support of Its Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action) Filed Under Seal Pursuant to 9/16/03 Protective Order, Docket #38 ("IBM's Interference Memorandum"), docket no. 803, filed Sept. 29, 2006.

[17] SCO's Memorandum in Opposition to IBM's Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action) Filed Under Seal ("SCO's Interference Opposition"), docket no. 868, filed Nov. 11, 2006.

parties argued the motion before Judge Kimball on March 5, 2007.[19] Pursuant to a request in the
March 2015 Joint Status Report[20] to supplement the older briefing, the parties were given the
opportunity to provide five additional pages of authority.[21] On May 21, 2015, IBM filed its
supplemental brief,[22] and SCO filed its supplement on June 5, 2015.[23]

A status conference was held on June 11, 2015 in which the parties gave brief educational
and background summaries on the remaining claims and motions.[24] As part of this background
presentation, both parties relied heavily on both Utah and New York case law, agreeing that
there was not an important distinction in the bodies of law regarding this case and stipulating to
the use of both. In that hearing, the parties also agreed to engage in settlement negotiations
conducted by a magistrate judge, but were not amendable to a settlement conference when the
magistrate judge attempted to arrange one.[25]

Having reviewed the parties' original and supplementary briefing as well as their oral
argument before Judge Kimball, it is unnecessary to hold additional oral argument to decide this
motion. Therefore, for the reasons stated more fully below, summary judgment is GRANTED in
IBM's favor on SCO's tortious interference claims.

---

[18] IBM's Reply Memorandum in Further Support of Its Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action) Filed Under Seal Pursuant to 9/16/03 Protective Order, Docket #38 ("IBM's Interference Reply"), docket no. 946, filed Jan. 12, 2007.

[19] *See* Minute Entry, docket no. 974, filed Mar. 5, 2007.

[20] Docket no. 1134, filed Mar. 13, 2015.

[21] *See* Docket Text Order, docket no. 1142, filed May 28, 205.

[22] IBM's Case Law Update with Respect to Its Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) and Its Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh and Ninth Causes of Action) ("IBM's Interference Supplement"), docket no. 1140, filed May 21, 2015.

[23] SCO's Response to IBM's Case Law Update with Respect to Its Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action) and Its Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh and Ninth Causes of Action) ("SCO's Interference Supplement"), docket no. 1144, filed June 5, 2015.

[24] *See* Minute Order, docket no. 1150, filed June 11, 2015.

[25] *See* Order Regarding Settlement Conference Referral, docket no. 1155, filed July 7, 2015.

## STATEMENT OF UNDISPUTED FACTS ON [783]

The below collection of undisputed facts is distilled from the above listed filings. IBM's Interference Memorandum provided a statement of facts[26] and separate supporting exhibits.[27] SCO's Interference Opposition responded to IBM's statement of facts[28] and provided a statement of additional facts[29] and its own set of exhibits. IBM's Interference Reply replied to SCO's responses to IBM's statement of facts[30] and included an addendum in which it objected to SCO's additional facts.[31] In the June 11, 2015 hearing, the parties agreed to reconcile the facts on IBM's Interference Motion and IBM's summary judgment motion[32] regarding SCO's unfair competition claim.[33] The parties were ordered to reconcile the facts on IBM's unfair competition motion first, to be completed within 30 days; however, after seeking an extension, the parties failed to reconcile the facts as ordered. Determination of the undisputed facts has been made by the court.

The headings in this statement of facts are descriptive, not declaratory or substantive.

### A. SCO's Complaints and Disclosures.

1.      SCO's first complaint in this case, filed on March 6, 2003, included a claim for interference with contract. In it, SCO identified seven companies as purported examples of companies with whose contracts IBM is alleged to have interfered: The Sherwin-Williams

---

[26] IBM's Interference Memorandum at 3–35.

[27] *See* Declaration of Todd M. Shaughnessy Filed Under Seal Pursuant to 9/16/03 Protective Order, Docket #38 ("IBM's First Exhibits"), docket no. 804, filed under seal on Sept. 25, 2006.

[28] SCO's Interference Opposition at 56–94, Appendix A: Response to IBM's "Statement of Undisputed Facts."

[29] *Id.* at 4–27.

[30] IBM's Unfair Competition Reply at Addendum A: IBM's Undisputed Facts: IBM Interference Brief.

[31] *Id.* at Addendum B: IBM's Objections to SCO's Alleged Evidence.

[32] IBM's Motion for Summary Judgment on SCO's Unfair Competition Claim (SCO's Sixth Cause of Action), docket no. 782, filed Sept. 25, 2006.

[33] *See* Minute Order, docket no. 1150, filed June 11, 2015.

Company ("Sherwin-Williams"), Papa John's Pizza, AutoZone, Inc. ("AutoZone"), Hewlett-

Packard Company ("Hewlett-Packard"), Fujitsu Ltd., NEC, and Toshiba Group.[34]

     2.     SCO's Amended Complaint, filed on July 22, 2003, also contained a claim for

interference with contract, but this time listed only three companies as purported examples of

companies with which IBM is alleged to have interfered: Sherwin-Williams, Papa John's Pizza

and AutoZone.[35]

     3.     IBM propounded its first set of interrogatories on June 13, 2003, asking, in

Interrogatory No. 8, that SCO, among other things, "identify all agreements with which plaintiff

alleges IBM interfered and describe, in detail, each instance in which plaintiff alleges or

contends that IBM interfered with those agreements, including but not limited to . . . all persons

involved in the alleged interference . . . and . . . the specific trade secret or confidential or

proprietary information, if any, involved in the alleged interference."[36]

     4.     On August 4, 2003, SCO responded to IBM's Interrogatory No. 8 only with stock

objections, stating that "discovery has just begun and [SCO] has not received responsive

discovery from IBM that would allow it to fully answer this question because part of this

information is peculiarly within the knowledge of IBM."[37]

     5.     On October 1, 2003, IBM filed a motion to compel SCO to provide complete

responses to its interrogatories, including Interrogatory No. 8.[38]

---

[34] Complaint ¶ 125, attached as Exhibit 1 to IBM's First Exhibits.

[35] Amended Complaint ¶ 157, attached as Exhibit 2 to IBM's First Exhibits.

[36] Defendant IBM's First Set of Interrogatories and First Request for the Production of Documents at 4-5 Interrogatory No. 8, attached as Exhibit 11 to IBM's First Exhibits.

[37] Plaintiff's Responses to Defendant's First Set of Interrogatories and First Request for the Production of Dcouments at 12 Interrogatory Response No. 8, attached as Exhibit 31 to IBM's First Exhibits.

[38] Defendant/Counterclaim Plaintiff International Business Machines Corporation's Memorandum in Support of Motion to Compel Discovery, attached as Exhibit 62 to IBM's First Exhibits.

6.      On October 23, 2003, the same day it filed an opposition to IBM's motion to compel, SCO served IBM with a supplemental response to IBM's first set of interrogatories.[39] In it, SCO claimed that IBM had interfered with SCO's contracts or prospective relationships with 12 entities- Sherwin-Williams, AutoZone, Target Corporation ("Target"), The Kroger Company ("Kroger"), Advanced Auto, Shaw's Supermarkets, State of Maine (Department of Labor), Eckerd Corporation/CVS Pharmacy ("Eckerd/CVS"), Safeway, Inc. ("Safeway"), Hewlett-Packard, Intel Corporation ("Intel") and Computer Associates International, Inc. ("Computer Associates") – nine of whom had never before been identified by SCO.[40]

7.      On December 12, 2003, Magistrate Judge Wells granted IBM's motions to compel, and ordered SCO "[t]o respond fully and in detail to Interrogatory Nos. 1–9 as stated in IBM's First Set of Interrogatories" on or before January 12, 2004.[41]

8.      After the January 12, 2004 deadline, SCO submitted its "Revised Supplemental Response to Defendant's First and Second Set of Interrogatories" on January 15, 2004. In it, SCO claimed that IBM had interfered with SCO's contracts or prospective relationships with seven – not 12 – entities: Sherwin-Williams, AutoZone, Target, Hewlett-Packard, Intel, Computer Associates, and Oracle Corporation ("Oracle").[42]

9.      The next month, SCO filed a Second Amended Complaint, dated February 27, 2004, and the list of companies shrank further. There, SCO's Seventh Cause of Action again

---

[39] Plaintiff's Supplemental Response to Defendant's First Set of Interrogatories, attached as Exhibit 32 to IBM's First Exhibits.

[40] *Id.* at 32 Supplemental Interrogatory Response No. 8.

[41] Order Granting International Business Machine's Motions to Compel Discovery and Requests for Production of Documents, filed Dec. 12, 2003, at 2, 3, attached as Exhibit 55 to IBM's First Exhibits.

[42] Plaintiff's Revised Supplemental Response to Defendant's First and Second Set of Interrogatories at 50-56 Supplemental Interrogatory Response No. 8, attached as Exhibit 33 to IBM's First Exhibits (SCO dropped Kroger, Advanced Auto, Shaw's Supermarkets, State of Maine (Department of Labor), Eckerd's/CVS, and Safeway, and added Oracle for the first time).

8

alleged interference with contract, this time specifically identifying only two companies
(Sherwin-Williams and AutoZone, purportedly as examples) with which IBM is alleged to have
interfered. SCO reiterated that its claim also extended to "existing or potential economic
relationships with a variety of companies in the computer industry, including but not limited to
Hewlett-Packard."[43] SCO's Ninth Cause of Action claiming interference with business relations
identified only one company (Hewlett-Packard) with whose business relationship IBM is alleged
to have interfered.[44] Thus, as of February 27, 2004, the three companies involved in SCO's
interference claims that were specifically identified were Sherman-Williams, AutoZone, and
Hewlett-Packard.

     10.    By Order dated March 3, 2004, the Court reiterated its December 2003 Order,
compelling SCO again to provide meaningful responses to IBM's interrogatories, this time on or
before April 19, 2004.[45] Specifically, the Court required SCO to "fully comply within 45 days of
the entry of this order with the Court's previous order dated December 12, 2003."[46] The
Magistrate Judge further observed that SCO had made "good faith efforts to comply with the
Court's prior order."[47]

     11.    On January 22, 2005, IBM propounded its sixth set of interrogatories, including
Interrogatory No. 24, which states:

> For each of the claims asserted by plaintiff in this lawsuit, please describe in
> detail all of the alleged damages to plaintiff that were proximately caused by
> IBM, including, but not limited to; (a) the amount of the alleged damages; (b) the
> basis for the alleged damages; (c) the precise methodology by which the damages

---

[43] Second Amended Complaint ¶ 209, attached as Exhibit 3 to IBM's First Exhibits.

[44] Id. ¶¶ 208-14.

[45] Order Regarding SCO's Motion to Compel Discovery and IBM's Motion to Compel Discovery, filed Mar. 3,
2004, at 2, attached as Exhibit 56 to IBM's First Exhibits.

[46] Id.

[47] Id. at 3.

were calculated; documents or other materials relied upon or considered in determining the alleged damages; and (d) all efforts undertaken by plaintiff to mitigate the alleged damages.[48]

12.     On April 21, 2005, at a hearing before the Court, counsel for SCO stated:

IBM has served interrogatories on SCO, and SCO is under an obligation to respond to those interrogatories. We will do so as soon as we can. If it arises that IBM is of the view that it has not received our responses to their interrogatories in enough time to complete discovery, that is an issue to raise with the Court at that point. The Court is full of arsenal [sic] of measures it can take to allow more time or to preclude us from using evidence if we haven't produced responses to those interrogatories in time.[49]

13.     On July 1, 2005, the Court entered a Revised Scheduling Order, setting October 28, 2005, as the "Interim Deadline for Parties to Disclose with Specificity All Allegedly Misused Material" and December 22, 2005, as the "Final Deadline for Parties to Identify with Specificity All Allegedly Misused Material."[50] The Court required SCO to update interrogatory responses accordingly, including its response to Interrogatory No. 8.[51]

14.     Having received no further update to its response to Interrogatory No.8 despite the three Court orders, on September 2, 2005, IBM served SCO with a Rule 30(b)(6) deposition notice, asking that SCO designate a corporate representative to testify about SCO's relationships, and IBM's alleged interference, with the 13 entities identified in all of SCO's interrogatory responses to that point (Sherwin-Williams, AutoZone, Target, Kroger, Advanced Auto, Shaw's Supermarkets, State of Maine (Department of Labor), Eckerds/CVS, Safeway, Hewlett-Packard, Intel, Computer Associates, and Oracle), as well as with Novell.[52]

---

[48] Defendant/Counterclaim-Plaintiff IBM's Sixth Set of Interrogatories and Sixth Request for Production of Documents at 3 Interrogatory No. 24, attached as Exhibit 17 to IBM's First Exhibits.

[49] Transcript of Motion Hearing, dated Apr. 21, 2005, at 95:20-96:4, attached as Exhibit 417 to IBM's First Exhibits.

[50] Order, filed July 1, 2005, at 4, attached as Exhibit 58 to IBM's First Exhibits.

[51] *Id.*

[52] Defendant/Counterclaim-Plaintiff IBM's Notice of 30(b)(6) Deposition ("IBM's 30(b)(6) Deposition Notice") at 5-6, attached as Exhibit 20 to IBM's First Exhibits.

15. SCO designated Jeff Hunsaker, Senior Vice-President and General Manager of SCO's UNIX division and former Vice-President of Worldwide Sales, to testify about SCO's business relationships with the 14 entities listed in IBM's notice.[53] SCO also designated Ryan Tibbits, SCO's general counsel, to testify about the remaining subtopics, including "the date, nature and particulars of any conduct by IBM interfering with the relationship" and "the impact on SCO of IBM's conduct."[54]

16. On October 7, 2005, at a hearing before the Court, counsel for SCO committed to supplementing SCO's responses to IBM's interrogatories, including its response to Interrogatory No. 8, by December 22, 2005, as required by the Court in its July 1, 2005, Order:

> Counsel for SCO: Now, with respect to material that has been produced, Judge Kimball ordered us by October 24th to provide our interim disclosures of the technology and supplement that with the final disclosure in December. We are working on that and. We intend to fully comply with the order, which is the current order we understand we are operating under with respect to those mentioned by identification.[55]

17. At his deposition on November 10, 2005, Mr. Hunsaker (SCO's 30(b)(6) designee) could name no companies other than the 14 listed in IBM's 30(b)(6) notice as having relationships with SCO with which IBM allegedly interfered:

> Q: Could you please answer if, aside from the companies mentioned in Topic 10, there is any other company or entity with whose relationship with SCO IBM has allegedly interfered with?
>
> A: As relates to specific names of companies, no. As it relates to the impact of IBM on SCO's business to all of our customers, it's broad.[56]

---

[53] Letter from E. Normand to A. Sorenson, dated Sept. 26, 2005, attached as Exhibit 47 to IBM's First Exhibits.

[54] IBM's 30(b)(6) Deposition Notice at 6.

[55] Transcript of Motion Hearing, dated Oct. 7, 2005, at 56:1-7, attached as Exhibit 418 to IBM's First Exhibits.

[56] Deposition Transcript of Jeff Hunsaker, dated Nov. 10, 2005 ("Hunsaker Nov. 10, 2005 Depo."), at 19:10-17, attached as Exhibit 312 to IBM's First Exhibits.

18.     In response to questions concerning SCO's historical revenues from each of the
14 companies and the SCO products purchased by these companies, Mr. Hunsaker could not
provide any specific information, but instead referred to certain "financial records" that he stated
had already been provided to IBM.[57] Counsel for IBM requested that "the records that Mr.
Hunsaker has referred to that he reviewed regarding revenue products and other information for
the [14] Subject Companies be produced to [IBM], and if it already has been produced, that it be
specifically identified to [IBM]."[58]

19.     On November 30, 2005, counsel for IBM wrote to counsel for SCO, requesting
that SCO produce the "financial and other information dating from 1996 and pertaining to SCO
customers, revenues and product sales" that Mr. Hunsaker testified he had reviewed.[59] Counsel
for IBM stated, "It became readily apparent that IBM was seeking reasonably detailed and
specific information with respect to the Subject Companies. Mr. Hunsaker was not prepared to
provide this type of information."[60]

20.     On December 1, 2005, SCO produced two documents to IBM. One document
purported to contain "Revenue Information" from 1999 to 2005 for 12 of the 14 companies listed
in IBM's notice (omitting Advanced Auto and Oracle). The other document purported to contain
"Invoicing" information from 1996 to 1998 for 13 of the 14 companies listed in IBM's notice
(omitting Advanced Auto).[61]

---

[57] Id. at 63:15–20, 138:2–25, 140:21–141:16,146:22–147:8.

[58] Id. at 159:18–23.

[59] Letter from C. Drake to E. Normand, dated Nov. 30, 2005, at 3, attached as Exhibit 209 to IBM's First Exhibits.

[60] Id. at 3-4.

[61] Revenue Information for Select Customers for the Period of FY1999 to FY2005, attached as Exhibit 49 to IBM's
First Exhibits; Invoicing Only -- Not Revenue for the Period of Fiscay 1996 to 1998, attached as Exhibit 50 to
IBM's First Exhibits.

21.     The next day, IBM deposed Darl McBride, SCO's President and CEO. When Mr.

McBride was asked to confirm that the 13 companies identified in the documents were the only

companies with which IBM was alleged to have interfered, he declined to do so and instead went

on to identify ten new "sets" of relationships, constituting at least 43 entities, with which he

claimed IBM interfered.[62] The ten "sets" identified by Mr. McBride were: (i) the "Members of

United Linux"; (ii) SCO's "Customers" in its typical distribution channel; (iii) "Third-Party

Software and Hardware Vendors"; (iv) "Industry Event Companies"; (v) the "Chicago 7"

companies; (vi) "Industry Analysts"; (vii) the "Project Monterey Group"; (viii) "Standards

Bodies or Companies Related to Standards Bodies; (ix) "SCO Investors"; and (x) the "Media".[63]

At his deposition, Mr. McBride could not identify all of the members of these groups.[64]

22.     Mr. McBride also testified that he "[knew] there are other names," that "the list of

those companies would be much longer than what I could just recall off the top of my head," and

that he could not "tell . . . specifics of everyone that should be on that list."[65]

23.     On December 5, 2005, counsel for IBM sent SCO's counsel a letter, objecting to

Mr. McBride's testimony and the expansion of SCO's interference claims.[66] Counsel for IBM

stated:

>       It is difficult to view Mr. McBride's testimony as anything other than a misguided
>       attempt by SCO to gain an unfair tactical advantage by expanding the scope of its
>       interference and unfair competition claims and trying to force an extension of the
>       discovery schedule. If SCO were allowed to expand its claims by Mr. McBride's
>       assertions, which (like most of his testimony) lacked any basis in personal

---

[62] Deposition Transcript of Darl McBride, dated Dec. 2, 2005 ("McBride Dec. 2, 2005 Depo."), at 63:12-83:24, attached as Exhibit 317 to IBM's First Exhibits.

[63] Persons or Entities Whose Relationship with SCO IBM is Alleged to have Interfered with, such that SCO was Damaged, that are the Subject of SCO's Claims Against IBM – Identified by Mr. McBride at Deposition, attached as Exhibit 51 to IBM's First Exhibits.

[64] McBride Dec. 2, 2005 Depo. at 67:19-68:9.

[65] Id. at 64:4–5, 64:9–10, 83:21-22.

[66] Letter from T. Shaughnessy to E. Normand, dated Dec. 5, 2005, attached as Exhibit 52 to IBM's First Exhibits.

knowledge, then IBM would be required to undertake substantial additional third-party discovery at great expense, burden and prejudice to IBM.[67]

Counsel for IBM also requested that SCO confirm that SCO's interference claims were limited to IBM's alleged interference with only the persons or entities listed in its interrogatory responses, at its Rule 30(b)(6) depositions and in the two documents produced the day before Mr. McBride's deposition.[68]

24.     In response, counsel for SCO stated that IBM's objections to Mr. McBride's testimony were "mistaken," that Mr. Tibbitts would testify on behalf of the company on the remainder of IBM's Rule 30(b)(6) subtopics regarding SCO's interference claims, including the identity of all companies with whom IBM is alleged to have interfered, and that "SCO's supplemental interrogatory responses . . . will be consistent with SCO's 30(b)(6) testimony on the same topics as the interrogatory responses."[69] More completely, SCO's counsel explained:

> Mr. Hunsaker was not designated to testify as a 30(b)(6) witness on the topic of IBM's interference with SCO's business relationships underlying SCO's claims for tortious interference with contract and/or unfair competition. As per SCO's objection at the time that IBM questioned Mr. Hunsaker (which objection you do not acknowledge in your December 5 letter), any question about the scope of SCO's interference or unfair competition claims "exceeds the scope of the topic, the designation, for the witness."[70]

25.     IBM took the Rule 30(b)(6) deposition of Mr. Tibbitts as to SCO's interference claims the following week, on December 16, 2005. During Mr. Tibbitts's deposition, SCO produced a spreadsheet describing "the interferences that [SCO is] alleging and currently

---

[67] *Id.* at 2.

[68] *Id.*

[69] Letter from E. Normand to T. Shaughnessy, dated Dec. 8, 2005, at 5, attached as Exhibit 60 to IBM's First Exhibits.

[70] *Id.* (citing Hunsaker Nov. 10, 2005 Depo. at 18:22-24).

investigating."[71] This spreadsheet, marked as Exhibit 90 to Mr. Tibbitts's deposition, identifies

some 250 entities in at least seven countries.[72] Exhibit 90 provides little meaningful information,

if any, concerning the nature of SCO's claim, IBM's alleged misconduct, SCO's relationships

with the companies identified, SCO's historical or prospective business with the companies or

SCO's alleged damages.[73]

26.     Although counsel for SCO stated to counsel for IBM that Exhibit 90 would "assist

[Mr. Tibbitts] in answering these questions,"[74] when asked to provide information beyond what

was represented on the chart, Mr. Tibbitts testified that "Well, as a general proviso, I don't know

much about these entities other than what's on the spreadsheet here."[75] Mr. Tibbitts testified that,

other than certain additions he had, it was SCO's "intent that this document basically be our

answer to this category."[76]

27.     When asked whether he could provide any additional information about any of the

entities listed in Exhibit 90, Mr. Tibbitts testified, "So first page, no; second page, no; third page,

no; fourth page, no; fifth page, no; sixth page, no; seventh page, no; eighth, no."[77] Mr. Tibbitts

further testified:

> Q: [W]ith the exception of those that you've identified, which we'll talk about in
> just a minute, you are not prepared today to provide information beyond that
> which appears in Exhibit 90?
>
> A: Correct, and as I've already testified to.

---

[71] Deposition Transcript of Ryan E. Tibbitts, dated Dec. 16, 2005 ("Tibbitts Dec. 16, 2005 Depo."), at 43:9-14, 44:3-5, attached as Exhibit 319 to IBM's First Exhibits.

[72] Alleged IBM Interference Subject of and to Discovery 12/15/2005, attached as Exhibit 61 to IBM's First Exhibits.

[73] *Id.*

[74] Tibbitts Dec. 16, 2005 Depo. at 43:16-17.

[75] *Id.* at 53:5–7.

[76] *Id.* at 53:8-12.

[77] *Id.* at 85:7–9.

Q: Right. And that would include information regarding the specifics of IBM's conduct?

A: Correct.[78]

28.     At times, where Mr. Tibbitts purported to provide additional information beyond what appeared on the face of Exhibit 90, his testimony was frequently based on mere speculation. For example, when asked to elaborate on the meaning of an entry on Exhibit 90 that stated "Dell shifted over to IBM's plan," Mr. Tibbitts responded, "No. I mean I can guess that it means shifted over to IBM's Linux plan, but that's a guess on my part."[79]

29.     Although many of the entries on Exhibit 90 contain the identical allegations that "IBM's sales representatives persuad[ed] SCO's customers that SCO has no viability"[80] and that there was "direct pressure from IBM to stop dealing with SCO,"[81] Mr. Tibbitts was unable to substantiate or clarify these allegations in any way.

> Q: Are you able to testify concerning the specifics of any statements by IBM to any customers or prospective customers identified in Exhibit 90 concerning SCO's viability?
> A: No.
> Q: And are you able to provide any information about IBM's alleged direct pressure to these customers and prospective customers to stop dealing with SCO?
> A: No.[82]

30.     Mr. Tibbitts, SCO's Rule 30(b)(6) witness on SCO's relationship with BayStar Capital Management, LLC ("Baystar"), also testified that all he knew about IBM's alleged interference with BayStar was as briefly stated in SCO's Exhibit 90: "No, I think this is all I know about IBM's alleged involvement with -- behind the scenes with BayStar": that BayStar's

---

[78] *Id.* at 87:2–9.

[79] *Id*. at 110:7–14.

[80] Alleged IBM Interference Subject of and to Discovery 12/15/2005, attached as Exhibit 61 to IBM's First Exhibits.

[81] *Id.*

[82] Tibbitts Dec. 16, 2005 Depo. at 89:14-22.

principal, Lawrence Goldfarb, "told [SCO's CEO] Darl [McBride] sort of after the dust settled

that IBM was on him, on him, on him, or something like that."[83]

31.    The next week, on December 20, 2005, counsel for IBM spoke with counsel for

SCO regarding Mr. McBride's and Mr. Tibbitts's testimony and SCO's expansion of its

interference claims.[84] Counsel for SCO stated that SCO had now determined to limit the number

of specific companies for which SCO was claiming interference to ten, and possibly to five, and

that SCO would provide an updated interrogatory response reflecting this as soon as possible.[85]

In response, counsel for IBM stated that if such a response was not promptly provided, IBM was

prepared to bring the matter to the attention of the Court.[86]

32.    On December 22, 2005, SCO served its final disclosures, but failed to update its

interrogatory responses, including its response to Interrogatory No. 8.[87]

33.    On December 28, 2005, counsel for SCO informed counsel for IBM that the

number of specific companies at issue would in fact be only six; that they would be BayStar,

Hewlett-Packard, Oracle, AutoZone, Intel, and Novell; and that SCO would promptly

supplement its interrogatory answers accordingly.[88]

---

[83] *Id.* at 86:15–19.

[84] Declaration of Todd M. Shaughnessy ("Shaughnessy Declaration") ¶ 2, attached as Exhibit 70 to IBM's First Exhibits.

[85] *Id.* ¶ 3.

[86] *Id.*

[87] SCO's Disclosure of Material Misues by IBM, attached as Exhibit 54 to IBM's First Exhibits.

[88] Shaughnessy Declaration ¶ 4.

34.     On January 13, 2006, after the December 22, 2005, deadline for finally submitting its final disclosures and updated interrogatory responses, SCO served a revised Supplemental Response to Interrogatory No. 8.[89]

35.     Despite SCO's commitment to limit its interference claims to approximately six companies, the Supplemental Response identifies over 150 entities whose relationship with SCO IBM allegedly interfered with.[90] The Supplemental Response also identifies six companies or entities with which SCO claims IBM interfered through various direct contacts with the companies: BayStar, Hewlett-Packard, Computer Associates, Oracle, and Intel, as well as an "OpenSource Conference" in Scottsdale, Arizona.[91]

36.     As to these, SCO makes the following allegations:

a.      BayStar: SCO alleges that, following BayStar's investment in SCO in October 2003, "IBM on one or more occasions communicated with BayStar in order to induce BayStar to threaten litigation against SCO and to terminate its business relationship with and/or withdraw or reduce its investment in SCO" and that "[a]s a proximate result of IBM's communications with BayStar, BayStar terminated its business relationship with SCO in May 2004."[92]

b.      Computer Associates, Oracle, and Intel: SCO alleges "[o]n information and belief" that IBM contacted Computer Associates, Oracle, and Intel during or shortly

---

[89] SCO's Supplemental Response to Interrogatory No. 8 ( "Supplemental Response"), attached as Exhibit 46 to IBM's First Exhibits.

[90] Id.

[91] Id. at 2–7.

[92] Id. at 2–3.

after the LinuxWorld 2003 convention and informed them that IBM was "cutting off all business ties with SCO" and that IBM wanted each of them to do the same.[93]

     c.   <u>Hewlett-Packard</u>: SCO alleges that "[Karen] Smith [of IBM] contacted Rick Becker of Hewlett-Packard during or shortly after the LinuxWorld 2003 convention and stated that IBM was cutting off all business ties with SCO and wanted Hewlett-Packard to do the same."[94] SCO relies entirely on the deposition testimony of Mr. Becker, that at the LinuxWorld 2003 convention, Ms. Smith "indicated to me that IBM was going to withdraw all their business activities from SCO, and that in the interest of the best outcome for our joint Linux initiatives that she was going to suggest that HP, and I was representing HP, and following me, Intel should do the same."[95] SCO also alleges that, although Hewlett-Packard and SCO "still have a good business relationship, Hewlett-Packard has provided SCO with significantly less support than it did in 2002."[96]

     d.   <u>OpenSource Conference in Scottsdale, Arizona</u>: SCO alleges that Darl McBride "entered into an oral business relationship with John Terpstra, who was hosting an OpenSource Conference in Scottsdale, Arizona, in the spring of 2004, to speak at the conference."[97] SCO further claims that IBM thereafter "contacted Mr. Terpstra and informed him that IBM did not want Mr. McBride to speak at the conference, and

---

[93] *Id.* at 4.

[94] *Id.*

[95] Deposition Transcript of Rick Becker, dated Oct. 15, 2003 ("Becker Oct. 15, 2003 Depo."), at 54:3-20, 55:6-11, attached as Exhibit 118 to IBM's First Exhibits.

[96] Supplemental Response at 4.

[97] *Id.* at 7.

intimated that IBM would withdraw its participation in the conference if Mr. McBride did speak."[98]

37.     The Supplemental Response also alleges that IBM "encourag[ed] and improperly enabl[ed] numerous companies to migrate to or to use an enterprise-hardened Linux platform operating on Intel-based hardware rather than use SCO's UnixWare or OpenServer products[,]" thereby interfering with SCO's prospective business relationships with 19 "former SCO customers who migrated to an enterprise-hardened Linux platform" (Actual Systems, Advantage Business Computers, AmCom Software, Auto Zone, Avaya, Avnet, Bebe, Frazee Paints, Kmart, Prime Clinical, Radical System, Safeway, Save Mart, Shaw's Supermarkets, Sherwin-Williams, Shopper's Drug Mart, Snyder Drug Stores, Target Pharmacies, and West Communications) and 156 "other Linux users who chose an enterprise-hardened Linux platform[.]"[99]

38.     On June 28, 2006, Magistrate Judge Wells issued an Order Granting in Part IBM's Motion to Limit SCO's Claims. In the Order, Judge Wells states:

> In an order signed by Judge Kimball on July 1, 2005, both SCO and IBM were given two important dates, October 28, 2005 and December 22, 2005 respectively. These dates were court ordered deadlines for the parties "to disclose with specificity all allegedly misused material'. With the October date being the interim deadline and the December date being the final deadline. Pursuant to this same order, the parties were also ordered to "update interrogatory responses."[100]

39.     Because Mr. Tibbitts was unable to provide meaningful information about SCO's claims at his December 16, 2005 deposition, and because SCO's claims continued to evolve,

---

[98] *Id.*

[99] *Id.* at 7–13.

[100] Order Granting In Part IBM's Motion to Limit SCO's Claims, filed June 28, 2006, at 14-15, attached as Exhibit 59 to IBM's First Exhibits.

IBM deposed Mr. Tibbitts a second time in his capacity as SCO's Rule 30(b)(6) witness on the interference claims on June 30, 2006.[101]

40.　　At this deposition, SCO confirmed that the Supplemental Response sets forth "the complete and accurate" response to IBM's Interrogatory No. 8 as it understood it to date, that it "supersede[s]" and "replace[s]" SCO's prior responses to Interrogatory No.8, and that – at least as to pages one through ten of the Supplemental Response – SCO has "no plan to update anything" therein.[102]

41.　　Mr. Tibbitts further acknowledged that SCO was "abandoning" its tortious interference claims with respect to five of the 19 "former SCO customers" identified in the Supplemental Response – Avnet, Frazee Paints, Save Mart, Snyder Drug Stores, and Target because these companies had not switched to a LINUX platform at all.[103]

42.　　As set out in the Supplemental Response and Mr. Tibbitts's testimony, SCO now asserts its Seventh and Ninth Causes of Action with respect to:

　　a.　　Six identified contractual or existing business relationships with which IBM allegedly interfered by specific conduct or communication to the companies or persons with whom SCO had the relationships: BayStar, Hewlett-Packard, Computer Associates, Oracle, Intel, and the OpenSource Conference.

　　b.　　Possible business relationships that allegedly might have been established with companies in a second group, consisting of the 14 "former SCO customers" and 156 "other Linux users." SCO "is not alleging that IBM contacted any one of these companies individually and somehow wrongfully induced them to switch to Linux on that basis";

---

[101] Deposition Transcript of Ryan Tibbitts, dated June 30, 2006 ("Tibbitts June 30, 2006 Depo."), attached as Exhibit 345 to IBM's First Exhibits.

[102] *Id.* at 9:10–10:1, 22:24–23:21.

[103] *Id.* at 24:23–26:22.

instead, the alleged acts consists of IBM's alleged activities relating to LINUX affecting the marketplace in general.[104] SCO has characterized this claim as one for "indirect" interference or interference with "the UNIX on Intel market as a whole."[105] SCO asserts that, but for IBM's alleged interference, these companies and entities "foreseeably would have chosen a SCO platform" rather than a LINUX platform.[106] SCO also does not claim that the more than 150 "other Linux users" were SCO customers or that SCO necessarily had any direct contact or communication with them. In fact, during Mr. Tibbitts's June 30, 2006 Rule 30(b)(6) deposition, counsel for SCO admitted that SCO generated the list of the 156 companies by lifting companies named in an IBM document which purports to identify certain companies as "Linux wins[.]"[107] In its Supplemental Response, SCO expressly states that the claims as to these 156 companies are made only "on information and belief."[108]

## B. Background on SCO in the UNIX-On-Intel Market

43. The Santa Cruz Operation ("SCO" or "Santa Cruz")[109] was founded 1979 as a UNIX system porting and consulting company.[110] In 1983, SCO delivered the first packaged

---

[104] *Id*. at 29:16–30:10.

[105] McBride Dec. 2, 2005 Depo. at 67:22–25; Tibbitts June 30, 2006 Depo. at 26:19–22, 35:4–11.

[106] Supplemental Response at 7–13.

[107] Tibbitts June 30, 2006 Depo. at 42:6–11.

[108] Supplemental Response at 11-13.

[109] The Santa Cruz Operation was historically referred to as "SCO" and many documents in this action use the term "SCO" in reference to that entity. In May 2001, Santa Cruz transferred its UNIX assets to plaintiff, which was then called Caldera International, Inc. ("Caldera"). Immediately after the sale, Santa Cruz changed its name to Tarantella. Caldera International Inc. remained Caldera after the transaction but later, in 2002, changed its name to The SCO Group, Inc., the plaintiff in this action, in order to leverage the UNIX assets and business it had acquired. The term "SCO" is used herein, as it is in many documents, to refer to the entity in possession of the UNIX assets, although that entity changed from Santa Cruz to The SCO Group, previously Caldera, in May 2001.

[110] The History of The SCO Group at 1, http://www.sco.com/company/history.html, attached as Exhibit 250 to Declaration of Brent O. Hatch ("SCO's Opposition Exhibits"), docket no. 876, filed under seal on Nov. 11, 2006.

UNIX System for Intel processor-based PCs, and continued to focus on UNIX systems on Intel

processors (referred to as Intel architecture or simply, IA).[111]

44.     As one industry analyst described it, "SCO established the market for advanced

operating systems on industry-standard Intel platforms in the 1980s, pioneering such features as

a full 32-bit implementation, security, and multiprocessing."[112]

45.     At least as far back as 1989, SCO was described as "the largest vendor of Unix-

like operating systems on Intel-based computers."[113]

46.     In 1997, SCO was the worldwide UNIX market leader in terms of unit shipments,

with roughly 40 percent of total market unit sales.[114]

47.     SCO dominated the UNIX-on-Intel market to an even greater extent – with an

80% market share.[115]

48.     The strength of SCO's market position at this time was described in detail in the

expert reports of Dr. Gary Pisano and Dr. Jeffrey Leitzinger, and those findings are incorporated

herein by reference.[116]

---

[111] *Id.*

[112] Christopher Thompson, *SCOring a Hit against Microsoft Windows NT* at 6, GARTNER (Apr. 21, 1997), attached as Exhibit 244 to SCO's Opposition Exhibits.

[113] Evan O Grossman, *UNIX Users Look Forward to Advantages of Intel '486* at 1, PC WEEK (Apr. 17, 1989), attached as Exhibit 246 to SCO's Opposition Exhibits.

[114] Project Monterey, The Volume Enterprise UNIX Platform, A Value Proposition to ISVs, dated Feb. 2000, at 1912022968, attached as Exhibit 190 to SCO's Opposition Exhibits; UNIX Server License Share by Vendor (Units), dated Dec. 1997, at 1710009530, attached as Exhibit 185 to SCO's Opposition Exhibits; Strategic Issue Discussion, dated Aug. 5, 1998, at 1710136591, attached as Exhibit 197 to SCO's Opposition Exhibits.

[115] Project Monterey Update CTC Executive Committee Presentation, dated Mar. 26, 1999, at 1710090997, 1710090986, attached as Exhibit 171 to SCO's Opposition Exhibits.

[116] Expert Report of Gary Pisano, Ph.D., dated May 19, 2006 ("Pisano Report), at 40-46, attached as Exhibit 284 to SCO's Opposition Exhibits; Expert Report of Dr. Jeffrey Leitzinger, dated May 19, 2006 (Leitzinger Report), at 9-20, attached as Exhibit 281 to SCO's Opposition Exhibits.

## C. IBM's Position Relative to SCO's

49.     In a July 30, 1998 summary of IBM's UNIX Strategy addressed to IBM's CEO

Lou Gerstner, IBM recognized SCO's strong competitive position, and, indeed, dominance of the

UNIX-on-Intel market.[117] Mr. Gerstner was informed: "While HP and Sun have been successful

at driving commitments to 64-bit Intel, today's clear leader in the UNIX on Intel market is Santa

Cruz Operation (SCO) with over 80% of the $3B UNIX-Intel market."[118]

50.     On August 5, 1998, IBM executives again presented Mr. Gerstner with a

summary of SCO's strong market position, which provided: "Based on 1997 estimates, SCO

captured 15% of the revenue and 40% of the volume in the UNIX industry . . . . In the segment

of UNIX operating systems running on Intel processors, SCO was believed to have 80% of the

revenue."[119] IBM further explained that "SCO's operating system is an important component for

solutions in the Intel high-volume server market" and that "[s]olutions built on SCO provide the

robustness and extendability of UNIX with the cost advantages of an Intel platform."[120]

51.     In addition, IBM identified for Mr. Gerstner SCO's key market segments,

customers, and applications.[121] For instance, IBM recognized that independent software vendors

(ISVs) work with SCO because SCO has "[o]ne of the industry's strongest support infrastructure,

with over 10,000 authorized resellers, 100 distributors, 250 vertical solution providers and

system integrators, and 140 education centers" and because SCO "[d]ominated market share in

---

[117] Memorandum to L. Gerstner regarding IBM's UNIX Strategy, dated July 30, 1998, at 1710117641, attached as
Exhibit 284 to SCO's Opposition Exhibits.

[118] *Id*.

[119] Strategic Issue Discussion, dated Aug. 5, 1998, at 1710136584, attached as Exhibit 197 to SCO's Opposition
Exhibits.

[120] *Id*. at 1710136589.

[121] *Id.* at 1710136590-91.

Telecom and In-store Systems in Retail Industries (e.g. installed in 14 out of top 16 biggest

pharmacies, all major auto-part stores and grocery stores)."[122]

52.    IBM further acknowledged in an April 1999 "IBM Linux Initiative" that SCO's

UnixWare was not then competitively impacted by LINUX.[123]

### D. IBM's Alleged Tortious Interference with SCO's Business Relations in the UNIX-On-Intel Market

53.    In early 2000, IBM began disclosing proprietary UNIX technologies to LINUX

for the purpose of commercially hardening LINUX for use in core enterprise functions.[124]

54.    The impact of IBM's disclosures on SCO's business was direct, immediate and

profound.[125] SCO's revenues declined "precipitously in 2000 through 2002, dropping 74%,

immediately after the first alleged contributions of IBM in February of 2000."[126] SCO's revenues

dropped as customers migrated to the LINUX operating system, as noted by both industry

analysts and SCO distributors.[127]

55.    The reason for this swift impact on SCO's business was that IBM's disclosures to

the LINUX community enabled LINUX to be used within corporations for the same functions as

SCO's UNIX operating systems.[128] In reaching this conclusion, SCO's experts relied in part on

evidence that IBM had focused its efforts on LINUX's shortcomings as compared to UNIX.[129]

---

[122] Id.

[123] IBM Linux Initiatives ("Easter2" Update), dated Apr. 1999, at 181437823, attached as Exhibit 192 to SCO's Opposition Exhibits.

[124] Pisano Report at 31-34, 50; Leitzinger Report at 45-48.

[125] Response to the Reports and Declarations of IBM Experts by Gary Pisano, Ph.D., dated Aug. 28, 2006 (Pisano Response Report), at 20, attached as Exhibit 286 to SCO's Opposition Exhibits; Leitzinger Report at 56-58; 62-69; Expert Report of Avner Kalay, Ph.D., *Valuation of Lost Asset*, dated May 19, 2006, at 12, 27, attached as Exhibit 279 to SCO's Opposition Exhibits.

[126] Pisano Response Report at 21.

[127] Id. at 25-26.

[128] Pisano Report at 52; Pisano Response Report at 31, 39; Leitzinger Report at 54–56.

[129] Pisano Response Report at 43-44.

56.     In 1999, prior to IBM's disclosures, LINUX had not been used for these functions and did not compete with SCO's UNIX operating systems.[130]

57.     In early 2000, an IBM representative announced at LinuxWorld that IBM had contributed certain AIX technology to LINUX as part of its commitment to improving LINUX for commercial workloads.[131]

58.     In 2000, even before the disclosures were implemented in LINUX but after they were made, the expectation of such implementation impacted customers' buying patterns and drove buyers away from SCO's UNIX products to LINUX.[132]

59.     SCO's experts conclude that, but for IBM's disclosures to LINUX, LINUX would not have been in a position to compete for the same functions with the same customers as SCO's UNIX operating systems.[133]

60.     SCO did not encourage its partners or its customers to use or support LINUX instead of UNIX. SCO consistently positioned LINUX as a complimentary solution to UNIX, and something that could be used in addition to (not in place of) UNIX.[134]

61.     Specifically, SCO positioned its UNIX product, Open Unix 8, for use in "business critical applications" and "for hardened reliability and scalability."[135] In contrast, SCO

---

[130] Pisano Report at 43; Pisano Response Report at 19, 26; Leitzinger Report at 22-24.

[131] Deposition Transcript of Robert LeBlanc, dated Nov. 8, 2005, at 222:12-25, attached as Exhibit 15 to SCO's Opposition Exhibits.

[132] Pisano Report at 47-49; Pisano Response Report at 48.

[133] Pisano Response Report at 39; Leitzinger Report at 52-54.

[134] Declaration of Erik W. Hughes ("Hughes Declaration") ¶ 3, attached as Exhibit 1 to SCO's Opposition Exibits; Declaration of Janet Sullivan ("Sullivan Declaration") ¶ 3, attached as Exhibit 369 to SCO's Oppositon Exhibits.

[135] Caldera, Powerful Choices, Operating System Roadmap, dated Dec. 2001, at SCO1521021, attahced as Exhibit 380 to SCO's Opposition Exhibits.

positioned OpenLinux "for use as a back office server and Internet access point" or "for applications at the department level."[136]

62.     Consistent with this message, SCO did not encourage Oracle, Computer Associates, or Intel to support LINUX instead of UNIX. To the extent SCO was involved in LINUX activities with these customers, it was only after these companies had decided to support LINUX. This was an effort to preserve some revenue in connection with these companies after they made a decision adverse to SCO's UNIX business, *i.e.*, an effort to mitigate its losses.[137]

63.     IBM itself recognized that SCO's strategy was not to replace UNIX with LINUX in its existing customers. In August 2002, Dr. Sen-Ming (SM) Chang, LINUX Manager of IBM's Greater China Group, frankly assessed IBM's strategy and risks with respect to SCO customer base.[138] First, he acknowledged that, with "Caldera's revenue stream . . . 85% based on SCO and related products" it would be "highly unlikely you will get their help short-term to conduct a SCO 'rip and replace'" of SCO UNIX with LINUX. However, he worried: "If we go after the SCO install base without Caldera in the loop, obviously Caldera will seek to partner with our competition including HP-Compaq."[139]

### E.  IBM's Efforts to Prevent SCO from Asserting Intellectual Property Rights

64.     In late 2002 and early 2003, SCO began researching the intellectual property surrounding LINUX. At this time, SCO discovered that customers were using its proprietary UNIX libraries with LINUX – which was not permissible.[140]

---

[136] *Id.*; Hughes Declaration ¶ 6.

[137] *Id.* ¶ 11; Sullivan Declaration ¶¶ 7, 19.

[138] Email from C. Carson to P. Byers, R. Michos, dated Aug. 12, 2002, attached as Exhibit 23 to SCO's Opposition Exhibits.

[139] *Id.* at 181500977.

[140] Declaration of Darl McBride ("McBride Declaration") ¶ 3, attached as Exhibit 165 to SCO's Opposition Exhibits.

65.     In response to such discoveries and customer requests, SCO attempted to
implement a strategy in late 2002 and early 2003 (after the disclosures were already made and in
an effort to mitigate its damages) by which customers could license from SCO the right to use
SCO's proprietary UNIX libraries with LINUX.[141] SCO later devised a license by which
customers could legitimately use LINUX more broadly, without violating SCO's intellectual
property rights.[142]

66.     SCO presented its library licensing plan to multiple partners, including Oracle,
Intel, and Computer Associates, and was met with favorable response.[143] Until IBM, no
company objected to the plan or expressed disapproval.[144]

67.     IBM, however, reacted with antagonism to SCO's plan to license the UNIX
libraries and source code included in LINUX.

a.      IBM affirmatively discouraged SCO from putting out a press release
regarding its library licensing program.[145]

b.      IBM executive Karen Smith recalls a conversation with IBM executive
Steve Solazzo and Mr.Darl McBride around December 2002 in which Mr. Solazzo
endeavored to discourage SCO from proceeding with the plan.[146]

c.      SCO's plans to issue a press release regarding its library licensing
program, and IBM's exception to SCO doing so, was the impetus for an additional call in

---

[141] *Id.*

[142] *Id.*

[143] Declaration of Christopher S. Sontag ("Sontag Declaration") ¶ 4, attached as Exhibit 9 to SCO's Opposition Exhibits.

[144] *Id.*

[145] Deposition Transcript of Karen L. Smith, dated Jan. 24, 2006 ("Smith Jan. 24, 2006 Morning Depo."), at 83:22-25, attached as Exhibit 310 to SCO's Opposition Exhibits.

[146] Deposition Transcript of Karen L. Smith, dated Jan. 24, 2006 ("Smith Jan. 24, 2006 Afternoon Depo."), at 17:25-19:20, attached as Exhibit 164 to IBM's First Exhibits.

December with IBM including SCO executives Darl McBride and Chris Sontag, SCO attorneys, and IBM executives and attorneys.[147] In that call, IBM again tried to persuade SCO not to issue the press release and begin its program.[148]

d.      IBM ultimately persuaded SCO to delay its press release until January 2003, allegedly because IBM was concerned that the release would impact its ability to reach its December LINUX-revenue numbers.[149] Based upon the representations made by IBM, SCO agreed to push the release and the initiation of the program back to January 2003.[150]

e.      IBM again expressed negativity about SCO's efforts in a call in mid-January 2003. This call included Darl McBride and IBM executives Karen Smith and Bob Butler.[151] While IBM again sought to dissuade SCO from issuing a press release about its plan, Mr. McBride, in that meeting or later, never gave any assurances to IBM that the press release would not go out.[152]

f.      On January 22, 2003, SCO issued its press release announcing the formation of its new business division, SCOsource, to manage the licensing of its intellectual property.[153] The press release further explained that SCO had retained the law

---

[147] *Id*. at 26:14-17.

[148] McBride Dec. 2, 2005 Depo. at 178:18-179:15; Sontag Declaration ¶ 5.

[149] McBride Declaration ¶ 5.

[150] *Id.*

[151] Smith Jan. 24, 2006 Afternoon Depo. at 49:6 – 50:2.

[152] McBride Declaration ¶ 6.

[153] SCO Establishes SCOsource to License Unix Intellectual Property, http://ir.sco.com/releasedetail.cfm?ReleaseID=99965, attached as Exhibit 201 to SCO's Opposition Exhibits.

firm of Boies, Schiller and Flexner "to help research and advise SCO on the company's intellectual property."[154]

g.     The next day, on January 23, 2003, Karen Smith and Darl McBride met for a breakfast meeting at LinuxWorld 2003, at Ms. Smith's request.[155] At this meeting, Ms. Smith informed Mr. McBride that IBM was displeased with SCO's announcement, and that it would "kill" LINUX. She further indicated that, as a result of SCO's licensing announcement, IBM was going to cut off all of its business ties with SCO, and would instruct other IBM business partners do the same.[156]

h.     That afternoon, Ms. Smith met with Hewlett-Packard Executive Richard Becker. This meeting was shortly after Ms. Smith's breakfast meeting with Mr. McBride.[157]

i.     Ms. Smith claims to not recall specifically what she said at that meeting with Mr. Becker,[158] but acknowledges that the topic of SCO's recent press release and its licensing plan came up in her conversation with Mr. Becker because she was "bothered and concerned" about SCO's actions.[159]

j.     Mr. Becker stated that "[Ms. Smith] indicated to me that IBM was going to withdraw all their business activities from SCO, and that in the interest of the best

---

[154] *Id.* at 1.

[155] McBride Dec. 2, 2005 Depo. at 164:20-22.

[156] *Id.* at 163:13-166:12.

[157] Smith Jan. 24, 2006 Morning Depo. at 147:15-19.

[158] *Id.* at 149:12-17

[159] *Id.* at 150:11-23.

outcome for our joint Linux initiatives that she was going to suggest that HP, and I was representing HP, and following me, Intel should do the same."[160]

68.     Just a day later, Ms. Smith began to execute on her threat that IBM would discontinue its business relationships with SCO: A January 24, 2003 internal IBM email stated: "We have received direction from Karen Smith who is responsible for IBM's Linux Strategy & Market Development. Because of recent public announcements from SCO (a Linux distributor) around intellectual property, we in RSS [Retail Stores Solution] have been asked to discontinue any plans to work with SCO and avoid any association with SCO in our development, sales & marketing efforts."[161]

69.     IBM engaged with SCO partners at a meeting or meetings referred to in the press as the "Chicago Seven Meetings":

k.     In July of 2003, representatives from seven different companies engaged or involved in the LINUX business community met in Chicago.[162] The participants represented IBM, Novell, Computer Associates, Oracle, Dell, Intel and Hewlett-Packard.[163]

l.     The meeting was motivated by, at least in part, concerns shared by LINUX distributors arising from SCO's claims against IBM.[164] Novell's CEO Jack Messman acknowledged that the group discussed SCO's claims that LINUX contained UNIX

---

[160] Becker Oct. 15, 2003 Depo. at 54:5-11.

[161] Email from P. Kooler to T. Garneau, dated Jan. 27, 2003, at 181008215-16, attached as Exhibit 202 to SCO's Opposition Exhibits.

[162] Smith Jan. 24, 2006 Afternoon Depo. at 78:12-13.

[163] *Id.* at 83:9-84:18.

[164] *Source Strategy, Sound Products and Strong Support Give CIOs Alternative IT Choices*, LINUX EXECUTIVE REPORT (Aug. 2004), www.ibm.com/linux, attached as Exhibit 256 to SCO's Opposition Exhibits.

code.[165] According to Mr. Messman, there existed a perceived problem in the market arising from SCO's challenge that LINUX contained UNIX, and Novell proposed to solve the issue by acquiring Suse LINUX; it's reasoning was that, because Novell contended that it still held the copyrights to UNIX, if there in fact were any UNIX in LINUX, Novell had the right to use it, and to indemnify its customers if they used it.[166]

      m.    The ostensible purpose of the "Chicago Seven" meeting was to discuss a distribution of LINUX to which all of the partners would contribute (and, of course, benefit).[167] According to IBM's vice president, the group discussed the respective investments each was making in the Open Source Development Labs ("OSDL"), including certification and testing of LINUX. OSDL, notably, was not invited to participate in this discussion with the "Chicago Seven."[168]

### F. SCO's Failure of Proof.

70.    SCO has not identified any evidence of improper conduct by IBM that interfered with any of its contracts or business relationships, as shown below.

### I. BayStar

71.    Baystar invested $50 million in SCO in October 2003. The investment had been made through a preferred stock transaction.[169]

---

[165] Ex. Deposition Transcript of Jack L. Messman, dated Apr. 14, 2006, at 239:9-12, attached as Exhibit 145 to SCO's Opposition Exhibits.

[166] *Id.* at 240:11-15.

[167] *Source Strategy, Sound Products and Strong Support Give CIOs Alternative IT Choices*, LINUX EXECUTIVE REPORT (Aug. 2004), www.ibm.com/linux, attached as Exhibit 256 to SCO's Opposition Exhibits.

[168] *Id.*

[169] McBride Declaration ¶ 27.

72.     SCO sought the investment from Baystar to fund its ongoing operations, which included continuing development and marketing of its UNIX and other products, protection of its intellectual property, and its lawsuits against IBM and other companies.[170]

73.     When Baystar initially spoke to SCO about the investment, its representatives – namely, Lawrence Goldfarb – expressed that Baystar "believed that SCO had a great opportunity with the lawsuit" and that Baystar was interested in the value of SCO's intellectual property assets.[171]

74.     However, after the investment was finalized, Mr. Goldfarb began making wildly inconsistent demands upon SCO.[172] At one moment he would criticize SCO for focusing too much on the lawsuits, and in the next he would dramatically reverse his position and attack SCO for its focus on its ongoing businesses.[173] Mr. McBride explained:

> I recall that after the Baystar transaction was complete and we started moving forward, within some relatively short period of time we started getting extreme pressure coming from Baystar, and the content of the pressure was ever changing. One minute it was we were not doing our business – doing enough core business, the next minute it was we're not doing enough legal lawsuits, and it seemed to go back and forth. And there wasn't a good theme as to what their issues were, other than we kept getting threats of them to sue us over one thing or another, if we didn't respond to what their immediate demand was.[174]

Even in the midst of this erratic behavior, Mr. Goldfarb's enthusiasm for SCO's litigation strategy did not wane.[175]

---

[170] Id.

[171] Deposition Transcript of Ralph J. Yarro, III, dated Mar. 14, 2006, at 93:9-20, attached as Exhibit 21 to SCO's Opposition Exhibits.

[172] Id. at 94:9-22, 95:15-22.

[173] Id. at 95:7-14.

[174] Deposition Transcript of Darl McBride, dated Mar. 15, 2006 ("McBride Mar. 15, 2006 Depo."), at 248:17-249:5, attached as Exhibit 330 to IBM's First Exhibits.

[175] Tibbitts Dec. 16, 2005 Depo. at 30:17-23.

75.     Nevertheless, on April 15, 2004, Baystar sought redemption of its SCO shares. In its redemption notice, Baystar claimed that SCO was in breach of its agreements with Baystar, and that Baystar was going to redeem its shares.[176]

76.     However, Baystar never could substantiate, or even fully explain, the nature of its claims of breach against SCO. Mr. Tibbitts testified that "Nolan [Taylor] started corresponding with them, I believe, trying to find out what the problem was and could never . . . get . . . enough information to do much about it."[177]

77.     SCO originally believed that Mr. Goldfarb's erratic behavior was attributable to an interest he expressed to Mr. McBride early in his investment. Mr. Goldfarb stated: "Look, Darl I'm a trader, and I don't really care whether your stock goes up or down, I just need it volatile because I can make money if it goes up and I can make money if it goes down."[178] Based on this comment, SCO suspected that Mr. Goldfarb's difficult and troubling behavior was simply an attempt on his part to manipulate the stock of his company to his own advantage.[179]

78.     In the partial redemption of Baystar's investment, SCO lost a significant source of funding for its ongoing operations and protection of its intellectual property. In April 2004, SCO settled Baystar's request for the return of its investment with a $13 million cash payment, and the issuance of approximately 2.1 million shares of common stock. In return, Baystar relinquished its preferred stock. The value of the cash and stock issued to Baystar pursuant to this resolution amounted to $20 million from SCO.[180]

---

[176] *Id*. at 32:3-10.

[177] *Id*. at 32:1-10.

[178] *Id*. at 31:1-32:1; McBride Declaration ¶ 28.

[179] McBride Declaration ¶ 28.

[180] *Id*. ¶ 30.

79.     No one from IBM ever communicated with any representative of BayStar

concerning SCO or BayStar's investment in SCO.

        a.      In a sworn declaration, Lawrence Goldfarb, managing member of BayStar,

states: "No one from IBM ever had any communications with me or, to my knowledge,

anyone at BayStar relating to SCO."[181]

        b.      Mr. Goldfarb also states: "No one from IBM ever contacted me or anyone

else at BayStar about SCO, BayStar's investment in SCO, or anything else."[182]

80.     BayStar's threats of litigation against SCO and its decision to terminate or reduce

its business relationship with SCO were not induced or caused by any action or communication

by IBM.

        a.      BayStar's Mr. Goldfarb states: "BayStar terminated its relationship with

SCO for multiple reasons. BayStar's decision to terminate its relationship with SCO had

nothing whatsoever to do with any communications with or conduct of IBM."[183]

        b.      Mr. Goldfarb further states: "BayStar's decision to redeem its shares in

SCO and retire its investment in SCO had nothing whatsoever to do with IBM or any

representative of IBM."[184]

81.     BayStar's decision to redeem its investment in SCO was caused by reasons

having nothing to do with IBM.

        a.      Shortly after BayStar made the investment in SCO, SCO's stock price,

financial performance and the viability of its UNIX products all appeared to be in

---

[181] Declaration of Lawrence R. Goldfarb ("Goldfarb Declaration") ¶ 4, attached as Exhibit 165 to IBM's First
Exhibits.

[182] *Id.* ¶ 16.

[183] *Id.* ¶ 4.

[184] *Id.* ¶ 16.

decline. Mr. Goldfarb states: "SCO's stock price declined ... I was also very concerned about SCO's high cash burn rate and whether its UNIX products were viable in the marketplace."[185]

      b.    Microsoft's conduct suggested that it might not guarantee BayStar's investment in SCO as it had promised to Mr. Goldfarb. Mr. Goldfarb states: "Mr. Emerson [Microsoft's senior vice president of corporate development and strategy] and I discussed a variety of investment structures wherein Microsoft would 'backstop,' or guarantee in some way, BayStar's investment."[186] Mr. Goldfarb states that, after BayStar made the investment, "Microsoft stopped returning my phone calls and emails, and to the best of my knowledge, Mr. Emerson was fired from Microsoft."[187]

      c.    When BayStar's concerns about SCO's business were not adequately addressed by SCO, BayStar decided to retire its investment in SCO. Mr. Goldfarb states:

> In [an April 7, 2004 letter to Darcy Mott] I noted that "BayStar's initial investment [in SCO] was due, in significant part, to management's representations regarding the prospects for [SCO's] core UNIX business," but that "it had become clear that [SCO's] only business strategy [was] the monetization of its intellectual property rights through litigation." I pointed out my belief that SCO's management "deceived BayStar about [SCO's] true business strategy" and that "current management is absolutely incapable of executing that strategy." Finally, I noted my belief that SCO did not have any prospect of generating significant revenue or profitability from its existing UNIX product and service business lines.[188]

Mr. Goldfarb further states: "Having received no satisfactory response from SCO, I determined BayStar's obligations to its investors required the Fund to get out of the

---

[185] *Id.* ¶¶ 10, 11.

[186] *Id.* ¶ 7.

[187] *Id.* ¶ 10.

[188] *Id.* ¶ 13 (internal citation omitted).

investment. I negotiated the terms of the deal to retire the investment on behalf of BayStar."[189]

## II. Computer Associates, Oracle, and Intel.

82.     SCO's relationship with Computer Associates began in the mid to early 1990's.[190] Computer Associates licensed UNIX source code from AT&T, and also executed a SCO source license in 2003.[191] Computer Associates was also a tier one partner to SCO in that they had "various solutions that work on [SCO] operating systems, such as ARC Serve and Unicenter, Ingress . . . ."[192] Computer Associates and SCO would disclose roadmaps for their technology to each other in order to facilitate work on certificates of their products and services on SCO operating systems.[193] Computer Associates certification of their products and services on SCO operating systems would create revenue for SCO from other joint Computer Associates and SCO customers.[194]

83.     Computer Associates' certification to SCO's products has declined since 2003.[195]

84.     Oracle and SCO's business relationship began in approximately 1996.[196]

85.     Oracle is an ISV, meaning that they provided software, such as database and other solutions, to their customers. For many years, Oracle would certify its software to run on SCO

---

[189] *Id.* ¶ 14.

[190] Hunsaker Nov. 10, 2005 Depo. at 25:5-8.

[191] Deposition Transcript of William Broderick at 52:24-53:10, attached as Exhibit 336 to IBM's First Exhibits.

[192] Hunsaker Nov. 10, 2005 Depo. at 33:17-34:1.

[193] *Id.* at 34:2-8.

[194] Sullivan Declaration ¶ 12.

[195] *Id.*

[196] Hunsaker Nov. 10, 2005 Depo. at 61:21-62:1.

platforms such that customers using SCO's operating systems could use Oracle's software on those operating systems.[197]

86.     Oracle certifications on SCO operating systems benefited SCO. While SCO made little revenue from Oracle directly, the Oracle certifications were important to both existing and prospective customers.[198] SCO's customers demanded the ability to port their operating system with Oracle, and SCO recognized that without this capability, customers would replace their UNIX operating systems with LINUX platforms capable of porting with Oracle.[199]

87.     After LINUX became commercially hardened by IBM's improper disclosures of SCO's proprietary technology, Oracle decided to support only LINUX on the Intel platform, and to forego its support for SCO's UNIX-on-Intel operating systems.[200] This would not have been an economically or technically feasible decision if IBM had not hardened LINUX, because the then current state of LINUX would not have been capable of handling the demands of all of Oracle's UNIX customers.[201]

88.     When SCO first proposed its SCOSource library licensing program to Oracle, the proposal was received without opposition.[202]

89.     In the 2000 to 2001 time frame, after IBM had begun hardening LINUX, Oracle began to focus its efforts on LINUX.[203]

---

[197] *Id*. at 34:20–35:16; Sullivan Declaration ¶ 14a.

[198] Sullivan Declaration ¶ 14.

[199] Email from R. Broughton to J. Mace, A. Nagle, dated Nov. 7, 2002, attached as Exhibit 193 to SCO's Opposition Exhibits; Email from J. Hunsaker to S. Wilson, dated May 19, 2003, attached at Exhibit 194 to SCO's Opposition Exhibits; Email from J. Hunsaker to E. Hughes, C. Bushman, dated July 8, 2003, attached as Exhibit 195 to SCO's Opposition Exhibits; Email from R. Broughton to S. Cutler, dated Nov. 18, 2003, attached as Exhibit 196 to SCO's Opposition Exhibits.

[200] Sullivan Declaration ¶ 17.

[201] Tibbitts Dec. 16, 2005 Depo. at 124:24–125:7; Pisano Response Report at 51.

[202] Sontag Declaration ¶ 4; McBride Mar. 15, 2006 Depo. at 105:17-106:8.

90. SCO's business relationship with Oracle dwindled in the following years, as Oracle refused to certify on SCO's UNIX operating systems.[204] The business relationship with Oracle came to a complete end in 2003.[205] Although it initially did not object to SCO's licensing plan to protect its confidential material, Oracle has since made complaints about SCO's efforts.[206] Oracle only began taking this position after it had largely moved its business to enterprise LINUX, which would not have been possible if IBM had not advanced LINUX to the point where it was a viable alternative for Oracle and others, as set forth above.

91. In 2003, Oracle withdrew Open Unix 8 certification.[207] Although the parties once had a close working relationship, Oracle no longer even returns SCO's calls, and has made it very clear to SCO that they do not intend to certify any new products on SCO's operating systems.[208]

92. The lack of Oracle certifications has impacted SCO revenues.[209] As Mr. McBride explained: "We see a very direct relationship to our revenue going down and not having Oracle's support, so it's very important, and it's been very difficult for us not having their support."[210]

93. Intel was a Tier Zero partner as SCO's UNIX operating systems run on Intel architecture and Intel is the "foundation" of these operating systems.[211]

---

[203] Deposition Transcript of Jeffrey Hunsaker, dated Feb. 28, 2006 ("Hunsaker Feb. 28, 2006 Depo."), at 321:7–21, attached as Exhibit 322 to IBM's First Exhibits; Sullivan Declaration ¶ 17.

[204] Sullivan Declaration ¶ 20.

[205] Hunsaker Nov. 10, 2005 Depo. at 22:5-7,61:21–63:1.

[206] Email from S. Wilson to SCO Exec. Group, dated May 20, 2003, attached as Exhibit 213 to SCO's Opposition Exhibits.

[207] Sullivan Declaration ¶ 20.

[208] Hunsaker Nov. 10, 2005 Depo. at 61:21-63:1.

[209] Hunsaker Feb. 28, 2006 Depo. at 323:10-17.

[210] McBride Mar. 15, 2006 Depo. at 100:17-22.

[211] Hunsaker Nov. 10, 2005 Depo. at 32:1-6.

94.     SCO's relationship with Intel began in 1979 as SCO "offered one of the first UNIX-like systems on Intel platforms for multi users and multitasking[.]"[212]

95.     In the business relationship, Intel and SCO "work[ed] together strategically to ensure that our solutions meet downstream and [to] provide solutions to our customers and our channel partners[.]"[213] Intel and SCO would share their roadmaps with each other, participate in conferences, and Intel would provide certification of their Intel chip sets, device drivers, and white box servers for SCO's operating systems.[214]

96.     SCO had a very close alliance with Intel, and Intel contributed substantial marketing dollars to SCO.[215] The relationship between the two companies was "very strong for many, many years . . . ."[216]

97.     However, from 2001-2003, Intel only supported a limited number of servers on UnixWare. Only some servers were supported and only for UnixWare, not OpenServer. In 2003, Intel stopped sharing its processor roadmaps with SCO.[217]

98.     Neither Karen Smith (IBM's then Vice President of LINUX Strategy and Market Development, and one of IBM's LinuxWorld 2003 attendees) nor any other IBM representative ever stated to Computer Associates, Oracle, or Intel that IBM was cutting off its business ties with SCO or that IBM wanted them to cut off their business ties with SCO:

---

[212] *Id*. at 64:9-12.

[213] *Id*. at 32:21-23.

[214] *Id*. at 32:24-33:6.

[215] Deposition Transcript of Gregory S. Anderson, dated Oct. 21, 2004 ("Anderson Oct. 21, 2004 Depo."), at 138:15-17, attached as Exhibit 305 to IBM's First Exhibits.

[216] Hunsaker Nov. 10, 2005 Depo. at 64:12-15.

[217] Hughes Declaration ¶ 12c.

a. In a sworn declaration, Samuel Greenblatt, Senior Vice President and

Strategic Technical Advocate for Computer Associates' LINUX Technology Group,

states:

> I attended the LinuxWorld 2003 convention. At no time did Karen Smith
> or any other IBM representative communicate to me that IBM was
> terminating its business relationship with The SCO Group, Inc. ("SCO")
> or that IBM wanted CA to stop doing business with SCO.
>
> To the best of my knowledge, neither Ms. Smith nor any other IBM
> representative ever, directly or indirectly, informed CA that IBM had
> decided to terminate its relationship with SCO or asked CA to stop doing
> business with SCO.
>
> To the best of my knowledge, CA has not in any way altered its
> relationship with SCO because of any statements or actions by IBM or any
> representatives of IBM.[218]

b. In a sworn declaration, Monica Kumar, Principal Manager of Oracle's

LINUX Program Office, states:

> I attended the Linux World 2003 convention. At no time did Karen Smith
> or any other IBM representative communicate to me that IBM was
> terminating its business relationship with The SCO Group, Inc. ("SCO")
> or that IBM wanted Oracle to stop doing business with SCO.
>
> To the best of my knowledge, neither Ms. Smith nor any other IBM
> representative ever, directly or indirectly, informed Oracle that IBM had
> decided to terminate its relationship with SCO or asked Oracle to stop
> doing business with SCO.
>
> To the best of my knowledge, Oracle has not in any way altered its
> relationship with SCO because of any statements or actions by IBM or any
> representatives of IBM.[219]

c. In a sworn declaration, Luann Gulesarian, Intel's Strategic Relationship

Manager in its Sales and Marketing Group, states:

> I attended the Linux World 2003 convention in New York, New York in
> January 2003. At no time did anyone named Karen Smith or any other

---

[218] Declaration of Samuel Greenblatt ¶¶ 2–4, attached as Exhibit 177 to IBM's First Exhibits.

[219] Declaration of Monica Kumas ¶¶ 2–4, attached as Exhibit 241 to IBM's First Exhibits.

IBM representative communicate to me that IBM was terminating its business relationship with SCO or that IBM wanted Intel to stop doing business with SCO.

To the best of my knowledge, neither Ms. Smith nor any other IBM representative ever, directly or indirectly, informed Intel that IBM had decided to terminate its relationship with SCO or asked Intel to stop doing business with SCO.

To the best of my knowledge, Intel has not in any way altered its relationship with SCO because of any statements or actions by IBM or any representatives of IBM.[220]

  d. Ms. Smith likewise confirms that she had no such conversations with Computer Associates, Oracle, or Intel. In a sworn declaration, Ms. Smith states: "I did not have any contacts with Intel, Computer Associates, or Oracle, during or after the LinuxWorld 2003 conference, in which I advised them that IBM was cutting off its business relationship with SCO, or suggested that these companies not do business with SCO."[221] In addition, regardless of whether such statements were made, she did not do anything that caused these companies not to do business with SCO.[222]

  99. For a time, SCO supported the use of LINUX with Computer Associates, Oracle, and Intel products, partnering with each of these companies to provide LINUX solutions to their end users.

  a. SCO's Gregory Anderson, a former SCO employee responsible for SCO's relationships with its technology partners, agreed that "any change in the relationship between SCO/Caldera and Computer Associates ... had to do with SCO's [alleged] decision not to continue to distribute Linux products."[223]

---

[220] Declaration of Luann Guleserian ¶¶ 2–4, attached as Exhibit 204 to IBM's First Exhibits.

[221] Declaration of Karen Smith ("Smith Declaration") ¶ 5, attached as Exhibit 205 to IBM's First Exhibits.

[222] Id. ¶ 4.

[223] Anderson Oct. 21, 2004 Depo. at 149:6–19.

b.  In 2000 and 2002, "Oracle/SCO met to discuss Oracle's roadmap which phased out Unixware support[.]"[224] After being convinced by SCO to "move off of Unix to Linux," Oracle "made huge investments in supporting Linux."[225] "They [Oracle] have put all their efforts behind Linux and they are not backing off this strategy- remember we helped with this."[226] "[W]e, SCO and Oracle, determined that our best opportunity was migrating our customers to Linux, hence, we got them into [UnitedLinux] and signed support contracts to support their effort . . . we helped to convince them that the future was Linux."[227] When SCO stopped supporting LINUX in 2003 and asked Oracle to support UnixWare again, Oracle was "quite upset about [SCO's] Linux suspension strategy" because "[f]irst [SCO] told them to support UNIX, then Linux, now UNIX again."[228]

c.  Similarly, "SCO worked with Intel to get them into United Linux."[229] To the extent that there was a change in the relationship between SCO and Intel, it is attributable to SCO allegedly "ceasing to distribute a Linux operating system and Linux products more so."[230]

---

[224] Email from S. Wilson to R. Broughton, dated May 27, 2003, attached as Exhibit 71 to IBM's First Exhibits.

[225] Email, dated May 20, 2003, from S. Wilson to SCO Exec. Group, attached as Exhibit 72 to IBM's First Exhibits.

[226] Email from S. Wilson to R. Broughton, dated May 27, 2003, attached as Exhibit 71 to IBM's First Exhibits.

[227] Email from S. Wilson to D. Richter, T. McNamara, dated June 19, 2003, at SC01493226, attached as Exhibit 116 to IBM's First Exhibits.

[228] Email from S. Wilson to G. Smith, dated Aug. 13, 2003, at SC01493402, attached as Exhibit 117 to IBM's First Exhibits.

[229] *Id.* at SC01493405.

[230] Anderson Oct. 21, 2004 Depo. at 142:11–23.

## III.   Hewlett-Packard.

100.   SCO's relationship with Hewlett-Packard began in the early 1980's.[231] Hewlett-Packard works with SCO as a Tier 2 vendor, an IHV, and an independent hardware vendor.[232] Hewlett-Packard does not consume SCO's products directly; rather, they certify their hardware on SCO operating systems and various peripheral drivers.[233] Contracts between SCO and Hewlett-Packard include support contracts, certification renewals, licensing of products, and services contracts.[234]

101.   While SCO and Hewlett-Packard continue to have a relationship and continue to work together in some respects, Hewlett-Packard's support has declined in response to IBM's wrongful conduct.[235]

102.   For instance, Hewlett-Packard had previously provided SCO with $1 million annually in "market development funds." Hewlett-Packard reduced this amount to $100,000, or one tenth of its prior support.[236]

103.   When SCO first proposed its SCOSource library licensing program to Hewlett-Packard, the proposal was received without opposition.[237]

104.   Karen Smith of IBM recalls a brief conversation with Rick Becker of Hewlett-Packard at the LinuxWorld 2003 convention, but does not recall stating and does not believe she

---

[231] Hunsaker Nov. 10, 2005 Depo. at 35:19-21

[232] Hughes Declaration ¶ 13.

[233] Hunsaker Nov. 10, 2005 Depo. at 35:21–36:2.

[234] *Id*. at 87:22-88:3.

[235] Hughes Declaration ¶ 13.

[236] Hunsaker Nov. 10, 2005 Depo. at 72:12-73:11; Hughes Declaration ¶ 13.

[237] Sontag Declaration ¶ 4.

stated to Mr. Becker that IBM was going to cut off all business ties with SCO and that IBM wanted Hewlett-Packard to do the same.[238]

105.    Mr. Becker stated that "[Ms. Smith] indicated to me that IBM was going to withdraw all their business activities from SCO, and that in the interest of the best outcome for our joint Linux initiatives that she was going to suggest that HP, and I was representing HP, and following me, Intel should do the same."[239]

106.    In any case, according to Mr. Becker, the statements allegedly made by Ms. Smith to Mr. Becker had no impact on the relationship between Hewlett-Packard and SCO. At his deposition, Mr. Becker testified:

> Q: Did you take any actions as a result of your conversations with Ms. Smith?
>
> A: I did ... I consulted with a colleague about the appropriate actions ... And since IBM is both a competitor and a partner, as we look at the landscape, decided the best course of action was just to not have any more engagement with [Ms. Smith]."
>
> Q: ... HP has continued to do business with SCO despite Karen Smith's comments ... is that correct?
>
> A: Yes.[240]

107.    Hewlett-Packard has confirmed that to the extent its business relationship with SCO has changed, it is for reasons having nothing to do with IBM. Joseph Beyers, Hewlett-Packard's Vice President of Intellectual Property, states in a sworn declaration:

> HP has done business with The SCO Group, Inc. ("SCO"), or its predecessor, The Santa Cruz Operation, Inc., since the mid-1980s. HP continues to do business with SCO, and has a variety of business relationships with SCO, ranging from licensing SCO's intellectual property, including UNIX, to joint marketing and promotions activities.

---

[238] Smith Declaration ¶¶ 4, 6.

[239] Becker Oct. 15, 2003 Depo. at 54:5-11.

[240] *Id*. at 149:11–24.

To the extent HP may have reduced or altered its business relationship with SCO,
HP has not in any way reduced or altered its relationship with SCO because of
any statements or actions of IBM or any representatives of IBM.[241]

108.    Moreover, by SCO's own admission, the relationship between SCO and Hewlett-
Packard did not decline immediately after the LinuxWorld 2003 convention and continues to be
strong today:

 a. According to SCO's Mr. Anderson, who had responsibility for SCO's
relationships with its technology partners, including Hewlett-Packard, the business
relationship between SCO and Hewlett-Packard was "very good" from January 2003,
during the LinuxWorld event, until at least May 2003, when he left SCO.[242]

 b. According to Mr. Hunsaker, Senior Vice-President and General Manager
of SCO's UNIX division and former Vice-President of Worldwide Sales, the relationship
continues to be "good" today.[243] Mr. Hunsaker testified:

> Just recently [Computer Associates] participated, as has H-P, in various
> conferences, our annual SCO Forum, our launch events in New York City
> with our new release, OpenServer 6, which we've gathered some of our
> top customers and partners from around the world to demonstrate our new
> solutions. Both of these customers participated in those events and have
> certified their pro line, hardware line, H-P, their databases and
> management tools with Computer Associates on our platform.[244]

 c. SCO and Hewlett-Packard have had a mutual "longstanding presence" at
SCO Forum and HP World and their "close relationship" has resulted in "billions of

---

[241] Declaration of Joseph Beyers ("Beyers Declaration") ¶¶ 2, 3, attached as Exhbit 597 to IBM's First Exhibits.

[242] Anderson Oct. 21, 2004 Depo. at 145:12–23.

[243] Hunsaker Nov. 10, 2005 Depo. at 70:21–23.

[244] *Id.* at 73:12–25.

dollars" of Hewlett-Packard products running SCO software.[245] Concerning the current

business relationship between Hewlett-Packard and SCO, SCO's website states:

> **The SCO-HP Relationship: How HP and The SCO Group Can Help You**
>
> SCO and HP have been partners in leading edge technology since the mid-1980s, when most PCs were single-task, single-user systems and the term 'server' was unknown. The HP/SCO partnership harnessed the latent power of microcomputers with SCO UNIX to bring mainframe and minicomputer capabilities like multi-user and multi-tasking to the desktop. SCO was the first to bring these features to market, leveraging the superior reliability and stability of HP systems.
>
> The SCO/HP partnership is reflected in a longstanding presence at SCO Forum and HP World. This close relationship has resulted in billions of dollars of HP hardware running SCO software worldwide. HP and SCO have a considerable presence in such vertical markets as Financial, Health Care, Manufacturing, and Transaction Processing. HP continues to support SCO operating systems across its server lines and has recently extended support to HP advanced storage technologies such as the MSAlOOO and MSA1500.[246]

    d.    SCO's website also names Hewlett-Packard as the only "Platinum

Sponsor" of its 2006 SCOForum event, the highest level of sponsorship among the

eighteen sponsors listed, while displaying Hewlett-Packard's logo in connection with the

event.[247]

## IV. OpenSource Conference in Scottsdale, Arizona.

    109.    John Terpstra's decision to rescind the invitation to Darl McBride to speak at the

OpenSource Conference in Scottsdale, Arizona, was the result of complaints from other

participants of the OpenSource Conference, not IBM.

---

[245] The SCO – HP Relationship, http://www.sco.com/hp/relationship.html, attached as Exhibit 170 to IBM's First Exhibits.

[246] *Id.*

[247] SCO Forum 2006, http://www.sco.com/2006forum/sponsors.html, attached at Exhibit 192 to IBM's First Exhibits.

a.    Mr. Terpstra states:

Although I asked representatives from IBM to participate in the Open
Source Open Standards Conference multiple times, no one from IBM was
willing to commit to speak at the conference or to participate in it in any
way, at any time.

At no time did anyone from IBM tell me that it did not want Mr. McBride
to speak at or participate in the conference. At no time did anyone from
IBM tell me that it would not participate in the conference unless Mr.
McBride did not speak. At no time did anyone from IBM tell me that it
would withdraw its participation in the conference if Mr. McBride did
speak- as set forth above, IBM never committed to participate in the
conference at all. At no time did anyone from IBM pressure me in any
way to ask Mr. McBride or SCO not to speak at or participate in the
conference.[248]

b.    Mr. Terpstra further states:

Other potential participants in the conference did inform me, however, that
they would not participate in the conference if Mr. McBride were to be a
speaker or if SCO were present in any manner. I was able to secure their
attendance only after offering assurance that Mr. McBride and SCO would
not be present and that a list of attendees would not be made public.

As a result, I called Mr. McBride sometime before the conference was to
occur, and explained to him that overall feedback from potential
participants in the Open Source Open Standards Conference was
prejudicial to sustaining the invitation for Mr. McBride to speak and for
SCO to be present at this event.[249]

### G.  IBM's Purpose in Supporting LINUX.

110.    IBM's LINUX strategy was motivated entirely by competitive reasons. Dan Frye,

co-founder of and Vice President responsible for managing IBM's LINUX Technology Center,

states:

IBM undertook its Linux business strategy, and made contributions to Linux, in
the good faith belief that these activities were permissible. IBM did not undertake
its Linux activities with an intent to harm SCO and those activities were not

---

[248] Declaration of John H. Terpstra ¶¶ 4, 5, attached as Exhibit 267 to IBM's First Exhibits.

[249] *Id.* ¶¶ 6, 7.

motivated by any spite or ill will toward SCO. On the contrary, IBM undertook its Linux strategy for competitive reasons.[250]

111.    SCO's own experts believe that competitive forces created market pressures that led IBM to support LINUX:

    a.    "[T]echnological and competitive changes in the industry in the middle and late 1990s created a need for IBM to modify its competitive strategy."[251]

    b.    "In addition to the fact that this industry was moving to open architecture, there were other big changes as well. In the 1990s, the processing capacity of the Intel processor chip was increasing rapidly. . . . This continuing evolution of the Intel architecture was threatening IBM's existing server business."[252]

    c.    "The simultaneous convergence of the dominance of Sun, the growth in Intel Architecture-based servers, and inroads by Microsoft created a difficult situation for IBM."[253]

    d.    "[C]ompetitive reasons . . . motivated IBM to formulate and execute a Linux strategy."[254]

    e.    "In mid-1998, a group of senior IBM executives met to discuss the competitive challenges facing the Server Group and the 'need to move with urgency to address the problems facing the RS/6000 business.'"[255]

    f.    "In late 1998, IBM commissioned a Linux Task Force to study the market segments and applications where Linux was being used. The task force '[c]ited rapid

---

[250] Declaration of Daniel Frye ¶ 5, attached as Exhibit 586 to IBM's First Exhibits.

[251] Pisano Report at 15.

[252] *Id.* at 18–19.

[253] *Id.* at 20.

[254] *Id.* at 21.

[255] Leitzinger Report at 30.

growth and opportunity' in the Linux market and '[d]etermined IBM must engage in Linux phenomena."[256]

112.    SCO's experts acknowledge that IBM made the decision to support LINUX because of competition from Sun and Microsoft, among other factors, and that the decision had nothing to do with SCO:

      a.    "In 1999, IBM began to make statements about the use of Linux as a 'game-changer' to compete against Sun and Microsoft."[257]

      b.    "IBM internal documents from this time period refer to Linux as a 'disruptive force to change the rules of the game' and 'a distinct opportunity to unseat Sun and Microsoft as the inevitable choices and curtail their growth."[258]

      c.    "IBM had seen its mainframe revenues decline by more than half during the 1990s. When IBM started selling Linux on zSeries servers in 2000, it turned around what had been a decade long slide in mainframe revenues. . . . Through its Linux initiatives, IBM was also able to turn around its competitive position relative to Sun in the RISC-based server business. In coming to its Linux strategy, IBM noted that, 'the real near term business opportunity is to take Unix leadership away from Sun with our integrated Linux/AIX strategy."[259]

113.    SCO's own experts believe that IBM's support of LINUX constituted competition:

---

[256] *Id.* at 37.

[257] Pisano Report at 26.

[258] Leitzinger Report at 39.

[259] *Id.* at 59–60.

a.  "Linux – with its open source nature and its focus on relatively inexpensive IA hardware – provided 'an expansive homogenous platform, dramatically broader and <u>more vendor independent</u> than Solaris [with] <u>better volume dynamics</u> than Solaris/SPARC.' Linux also provided 'a low-cost, reliable and <u>more open alternative to Windows NT/2000</u>.' Linux provided a way for IBM to attack Microsoft's domination of the 'operating system control point.' In effect, 'Linux commoditizes the OS market allowing a level playing field for middleware & servers across multiple chip architectures.' This played to IBM's strengths."[260]

## H. SCO's Lack of Injury.

114.  SCO cannot specifically identify any damages resulting from any acts of alleged interference by IBM, as explained below.

a.  When asked if he was able to provide any information about any damages that SCO may have suffered with respect to a particular company with which SCO alleges IBM interfered, Mr. Tibbitts testified, "I don't have a damage number. That's what our outside consultants are working on."[261] Similarly, when asked about a second company:

> If you're talking about a dollar amount, no, I'm not. If you're talking about in general, you know, how SCO would be damaged by people moving away from UNIX- SCO's UNIX platforms to competitors, you know, it would be lost revenue, lost profits, lost business opportunity.[262]

b.  Mr. Tibbitts also could provide no information on what SCO's revenues or profits with respect to any of entities with which IBM is alleged to have interfered may have been:

---

[260] *Id.* at 39–40 (emphasis in original).

[261] Tibbitts Dec. 16, 2005 Depo. at 81:1–2.

[262] *Id.* at 82:9–19.

Q: And are you able to provide any information concerning -well, this may be obvious, but I take it, then, that you are not able to provide any information concerning what SCO' s annual revenues or profits may have been with respect to any of those products or companies.

A: And that's correct.[263]

c.      With regard to SCO's claim for interference with the "Unix on Intel market," Mr. Tibbitts testified that SCO's "theory is not company/company specific"[264] and "IBM's taking Linux to the enterprise could conceivably have interfered with everybody, you know."[265] Thus, SCO is "not allocating a specific dollar amount to each of [those entities] anyway" because SCO's "tortious interference claim ... is more of a tortious interference perspective, business relationships for the Unix on Intel market as a whole."[266]

d.      Similarly, as to the six existing relationships with which SCO alleges IBM interfered, SCO does not claim any discrete damages resulting from IBM's alleged interference. For example, as to BayStar, Mr. Tibbitts testified:

> [W]e don't have a discreet (sic) claim about BayStar with a damage number associated with that. The BayStar story is part of our overall story about how IBM dealt with us . . . I think it's just part of the story and we're not going to say the damages related to BayStar are X dollars, but . . . it's part of the story that leads to the damages that have been submitted in our damage reports.[267]

e.      Not one of SCO's experts attempted to quantify or even address the alleged damages allegedly caused by IBM's alleged tortious interference with SCO's contractual or business relationships.

---

[263] *Id.* at 90:2–8.

[264] Tibbitts June 30, 2006 Depo. at 34:25-35:11.

[265] Tibbitts Dec. 16, 2005 Depo. at 84:23–24.

[266] Tibbitts June 30, 2006 Depo. at 26:17–22.

[267] *Id*. at 14:17–15:9.

115.    There were problems adversely affecting SCO's business from at least 1999 onward that were independent of any actions of IBM.

    a.    Former SCO regional director of intellectual property licensing Gregory Pettit stated that SCO was not "successful in getting new customers" at a time when "[LINUX] hadn't established itself, didn't have the credentials" and "was relatively new and unproven."[268]

    b.    Former SCO vice president Lawrence Gasparro stated that SCO customers complained that SCO's UNIX products lacked the new functions and capabilities they needed.[269] The complaints about the lack of features and capabilities for SCO's UnixWare and OpenServer products began in 2000.[270] Customer feedback about "the lack of new [SCO] products that suited their requirements" began as early as 1996.[271]

    c.    Former SCO employee Gregory Anderson stated that from January 2000 to the acquisition by Caldera of Santa Cruz's UNIX business in May 2001, SCO's marketing funds for its UNIX products were declining.[272]

    d.    Former SCO sales representative Philip Langer stated that after the acquisition by Caldera of SCO's UNIX business in 2001, he was "focused on maintaining the existing customers as opposed to approaching new customers" of UnixWare and OpenServer.[273]

---

[268] Deposition Transcript of Gregory A. Pettit, dated Oct. 7, 2004, at 67:16–68:4, 68:23–70:12, attached as Exhibit 304 to IBM's first Exhibits.

[269] Deposition Transcript of Lawrence Gasparro, dated Oct. 6, 2004 ("Gasparro Oct. 6, 2004 Depo."), at 208:2–14, attached as Exhibit 303 to IBM's First Exhibits.

[270] Id. at 209:24–210:6.

[271] Id. at 209:15–23.

[272] Anderson Oct. 21, 2004 Depo. at 108:25–109:22.

[273] Deposition Transcript of Philip E. Langer, dated Nov. 5, 2004, at 47:22–48:18, attached as Exhibit 308 to IBM's First Exhibits.

e.      Langer stated that SCO's LINUX products were more expensive than the LINUX products of its competitors, so SCO was "having trouble getting the business a lot of times on the price point."[274] SCO's LINUX products were kept at "a comparative price with [SCO's] UNIX [products] because we would devalue our UNIX business[.]"[275]

f.      According to Mr. Gasparro, SCO attempted to sell a LINUX solution to Sherwin-Williams (one of the 14 "former SCO customers" identified in SCO's Supplemental Response). However, Sherwin-Williams needed to go with another LINUX distributor instead of using Caldera/LINUX, and Mr. Gasparro stated his belief that it was because "Sherwin-Williams needed a more complete solution than what [SCO] had offered."[276]

## I.  No Disputed Facts Regarding Baystar and Lawrence Goldfarb

SCO had proposed a fact that stated that Lawrence Goldfarb, managing member of Baystar, was pressured by IBM to discontinue its support of and investment in SCO.[277] Specifically, SCO alleged that Mr. Godlfarb expressly stated to Darl McBride of SCO that IBM had been "on him, on him, on him' to retract his support from SCO."[278] IBM had presented a fact, supported by a sworn declaration from Larry Goldfarb, stating that "No one from IBM ever had any communications with me or, to my knowledge, anyone at BayStar relating to SCO."[279]

---

[274] *Id.* at 26:12–24.

[275] *Id.* at 26:17–19.

[276] Gasparro Oct. 6, 2004 Depo. at 183:7–184:9.

[277] SCO's Interference Opposition at 19 ¶¶ 57 and 75, response to ¶ 46.

[278] SCO's Interference Opposition at 19 ¶ 57.

[279] Statement of Undisputed Facts, *supra*, ¶ 79(a) (citing Goldfarb Declaration ¶ 4).

These proposed facts did not result in a genuine disputed of material fact to be resolved at trial because SCO's proposed fact was only supported by hearsay. SCO offered as support for its fact a declaration of Darl McBride, offering a recitation of what Mr. Goldfarb had allegedly said,[280] an out of court statement by a non-party offered for the truth of the matter asserted. Similarly, SCO also offered the deposition testimony of Ryan Tibbitts, there reciting what Mr. McBride had told him about what Mr. Goldfarb had allegedly said to Mr. McBride,[281] there offering multiple layers of hearsay.

The Federal Rules of Civil Procedure state that "[i]f a party fails to properly support an assertion of fact or fails to address another party's assertion of fact as required by Rule 56(c) [*i.e.* with admissible evidence], the court may consider the fact undisputed for the purposes of the motion."[282] Accordingly, IBM's fact, supported by Mr. Goldfarb's declaration, is considered an undisputed fact for the purposes of IBM's Interference Motion when faced with SCO's proposed fact and responses that were supported only by hearsay.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[283] "An issue of material fact is 'genuine' if a reasonable jury could return a verdict for the nonmoving party."[284] In moving for summary judgment, IBM "bears the burden of showing the absence of a genuine issue of material fact . . . ."[285] However, as it relates to SCO's claims, IBM "need not negate

---

[280] McBride Declaration ¶ 29.

[281] Tibbitts Dec. 16, 2005 Depo. at 86:16–19.

[282] FED. R. CIV. P. 56(e), (e)(2).

[283] FED. R. CIV. P. 56(a).

[284] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (internal quotation marks omitted).

[285] *Universal*, 22 F.3d at 1529.

[SCO's] claim[s], but need only point out to the district court 'that there is an absence of evidence to support [SCO's] case.'"[286] Upon such a showing, SCO "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [SCO] carries the burden of proof."[287] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to defeat a properly supported motion for summary judgment."[288]

## ANALYSIS

A plaintiff must prove three elements under Utah law to succeed on claims of intentional interference with economic relations: "(1) that the defendant intentionally interfered with plaintiff's existing or potential economic relations, (2) for an improper purpose or by improper means, (3) causing injury to the plaintiff."[289] Subsequent case law has further restricted the scope of an interference claim: an improper purpose is no longer sufficient, and improper means is a necessary element.[290]

IBM's Interference Motion offers three arguments for summary judgment on SCO's interference claims: (A) SCO's allegations of interference with respect to the identified companies "are denied by the companies or entities at issue and otherwise entirely without evidentiary support;"[291] (B) "there is no causal link between any act of IBM and any specific injury to SCO;"[292] and (C) "IBM's allegedly tortious acts were not undertaken with an improper

---

[286] Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

[287] Id. (citing Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990)).

[288] Id. (quoting Anderson, 477 U.S. at 252).

[289] Leigh Furniture & Carpet Co. v. Isom, 657 P.2d 293, 304 (Utah 1982).

[290] See IBM's Interference Supplement at 6 (citing Eldridge v. Johndrow, 345 P.3d 553, 561 (Utah 2015); and SCO's Interference Supplement at 6 (citing IBM's Interference Supplement at 6).

[291] IBM's Interference Motion at 2.

[292] Id. at 3.

purpose or by improper means."[293] Because SCO's claim fails on the lack of evidence supporting

its allegations of interference and a lack of causation, it is unnecessary to further consider

whether IBM used improper means.

### A. No Evidence Supports Direct Interference with the Companies SCO Specifically Identified and Claims Regarding Market Competition are Not Actionable.

IBM argued that "SCO cannot show any unlawful interference by IBM at all."[294] Indeed,

as shown by the undisputed facts,[295] SCO's allegations regarding Baystar,[296] Computer

Associates,[297] Oracle,[298] and Intel[299] allege no direct interference from IBM. Rather, regarding

these companies, and regarding what SCO describes as a broader claim of interference with the

UNIX-on-Intel market generally, SCO alleges nothing more than that IBM "hardened" LINUX

by misappropriation of source code to which SCO claimed some ownership (an ownership that

has since been pared following the *Novell* case[300] and subsequent partial summary judgment[301] in

this case), and subsequently, SCO's business with those companies diminished.

First, SCO has alleged no set of facts of direct interference with any company except

possibly Hewlett-Packard, which will be discussed below.[302] Second, alleged misappropriation

of source code, while potentially a breach of contract or a copyright violation, is not in and of

itself tortious interference. Third, IBM correctly argues that "Utah (like other jurisdictions)

---

[293] *Id.*

[294] IBM's Interference Memorandum at 36.

[295] *See* Statement of Undisputed Facts, *supra*, Section F.

[296] *Id.* ¶¶ 71–81,

[297] *Id.* ¶¶ 82–83, 98(a), 98(d), 99(a).

[298] *Id.* ¶¶ 84–92, 98(b), 98 (d), 99(b).

[299] *Id.* ¶¶ 93–97, 98(c), 98(d), 99(c).

[300] *SCO Group, Inv. v. Novell, Inc.*, Case No. 2:04-cv-00129-TS.

[301] Memorandum Decision and Order Granting in Part and Denying in Part IBM's Motion for Partial Summary Judgment on the Basis of the *Novell* Judgment, docket no. 1132, filed Dec. 15, 2014.

[302] *See* Analysis, *infra*, Part B.

simply does not recognize activities with respect to an entire market as a basis for recovery for 'intentional' interference with contract or business relations,"[303] and the authority SCO offered does not support SCO's general market interference theory but actually holds that no such tort is recognized.[304]

In opposition, SCO argues that in order to meet the first element of the tort, SCO "need only show that defendant's intentional conduct interfered with existing or prospective business relationships," but SCO "is not required to identify specific contractual relationships with which defendant interfered."[305] Instead of offering any specific identification or facts, SCO argues that "Utah law recognizes that actionable business relationships include plaintiff's actual or potential customers, suppliers, and business associates," and as support, cites the Utah Supreme Court: "Driving away an individual's existing or potential customers is the archetypical injury this cause of action was devised to remedy."[306] Indeed, SCO argues that "[t]he fact that the number of potential customers with whom SCO would have completed a transaction, but for IBM's interference, exceeds the number that SCO can possibly identify, makes IBM's improper conduct no less actionable."[307]

In *Leigh Furniture*, the Utah Supreme Court was confronted with a set of facts significantly distinct from the facts of this case. In *Leigh Furniture*, the former owner of the business made "frequent visits to [the current owner]'s store during business hours to confront

---

[303] IBM's Interference Memorandum at 2 (citing *Leigh Furniture*, 657 P.2d at 307; *Bower v. Stein Eriksen Lodge Owners Ass'n., Inv.*, 201 F. Supp. 2d 1134 (D. Utah 2002)).

[304] *See Leigh Furniture*, 657 P.2d at 307 (recognizing the value of competitive activity which takes place in the "rough and tumble of the marketplace" and recognizing that interfering with *potential* customers may be actionable under this tort but not otherwise discussing a tort for indirect interference or non-interference) and *Mumford v. ITT Commercial Fin. Corp.*, 858 P.2d 1041 (Utah Ct. App. 1993) (stating that the conduct, not necessarily the resulting interference, must be intentional to satisfy the intent requirement of intentional interference).

[305] SCO's Interference Opposition at 28.

[306] *Id.* (citing *Leigh Furniture*, 657 P.2d at 306).

[307] SCO's Interference Opposition at 34.

him, question him, and make demands and inquiries regarding the manner in which he was
conducting his business[,] repeatedly interrupted sales activities, caused his customers to
comment and complain, and more than once caused a customer to leave the store."[308] This is not
what SCO alleges IBM to have done in this case.

The IBM analog in *Leigh Furniture* would have seen the previous owner running a
competing business with directly competitive products, followed by the furniture store's business
dwindling. However, those were not the facts in *Leigh Furniture*, and likewise, IBM was not
directly interrupting SCO's sales activities and thereby directly impeding and frustrating SCO's
business. SCO is correct that interference with potential customers is actionable, but its
contention that interference with unidentifiable potential customers without number is actionable
is far more tenuous. However, these points are generally irrelevant because it is the context of the
alleged interference, not the identity of potential customers, that is most strikingly fatal to SCO's
claims. This is so because while *Leigh Furniture* did recognize that interfering with *potential*
customers may be actionable under this tort, it did not recognize a tort for indirect interference or
non-interference,[309] otherwise identified as market competition.[310]

SCO argued that circumstantial evidence is sufficient to meet its burden to defeat IBM's
Interference Motion,[311] but a line must be drawn between circumstantial evidence and mere

---

[308] *Leigh Furniture*, 657 P.2d at 306.

[309] *See* IBM's Interference Memorandum at 47–51 (discussing indirect interference regarding the "UNIX-on-Intel market").

[310] *See Gull Labs, Inc. v. Diagnostic Tech., Inc.*, 695 F.Supp. 1151, 1155 (D. Utah 1988) ("Competition is a major privilege justifying interference with economic advantage, and competitors are not liable for interference with contract if the interference advances the competitors' own interest and is not otherwise unlawful."); *Leigh Furniture*, 657 P.2d at 305 n.8 ("The exercise of a legal right constitutes justification and is a complete defense to an action of tortious intervention of contractual rights") (internal quotations and citations omitted).

[311] SCO's Interference Opposition at 30.

speculation. The undisputed facts[312] contain no evidence of any interference by IBM regarding these companies. Allowing SCO's claims to survive on the bases of SCO's business dwindling after IBM "hardened" LINUX would require speculation to fill the void where no evidence, not even circumstantial, is offered. SCO's best attempt at offering circumstantial evidence comes in its response to IBM's facts regarding the lack of evidence of interference with Computer Associates, Oracle, and Intel.[313]

SCO's attempted dispute with the facts offered regarding these companies was that a conversation may have taken place between IBM's Karen Smith and Hewlett-Packard executive Rick Becker at the LinuxWorld 2003 convention in which Ms. Smith allegedly said that IBM was going to pull all of its support from SCO and suggested that Mr. Becker should do the same.[314] "Not long thereafter, companies including Computer Associates, Oracle, and Intel, further reduced their support for SCO."[315] The speculative jump SCO insinuates is not implausible: that IBM executives might have said similar things to executives of other companies[316] (ignoring the fact that those companies have sworn that no such discussions occurred, and SCO was unable to dispute those facts with admissible evidence), but without *any* evidence of such an occurrence, that possibility remains entirely speculative, and cannot salvage SCO's interference claims. SCO has alleged nothing more than noninterference, competition, and speculation, based on allegations of some kind of tortious conversion, misappropriation, or breach of contract regarding the source code added to LINUX, which is not *per se* interference without more factual context. Therefore, IBM has "point[ed] out to the district court 'that there is

---

[312] *See* Statement of Undisputed Facts, *supra*, Section F.

[313] SCO's Interference Opposition at 79.

[314] *Id.*

[315] *Id.*

[316] *Id.* at 47–48.

an absence of evidence to support [SCO's] case,'"[317] and SCO has not "set forth specific facts showing that there is a genuine issue for trial"[318] regarding whether IBM "intentionally interfered with [SCO]'s existing or potential economic relations."[319]

## B. IBM's Alleged Interference with Hewlett-Packard May Constitute Interference

Having determined that IBM's alleged interference with the UNIX-on-Intel market in general is not actionable as indirect market competition and that there are no facts to salvage claims regarding Baystar, Computer Associates, Oracle, and Intel, it remains to be determined whether SCO has alleged actionable interference regarding Hewlett-Packard. As discussed above, the relevant facts regarding the alleged interference with Hewlett-Packard are as follows:

> Karen Smith of IBM recalls a brief conversation with Rick Becker of Hewlett-Packard at the LinuxWorld 2003 convention, but does not recall stating and does not believe she stated to Mr. Becker that IBM was going to cut off all business ties with SCO and that IBM wanted Hewlett-Packard to do the same.[320]

> Mr. Becker stated that "[Ms. Smith] indicated to me that IBM was going to withdraw all their business activities from SCO, and that in the interest of the best outcome for our joint Linux initiatives that she was going to suggest that HP, and I was representing HP, and following me, Intel should do the same."[321]

SCO has not offered case precedent to show that a defendant actionably interferes by stating that it "was going to cut off all business with" the plaintiff and that it "was going to suggest" that third parties "do the same." However, resolving whether this constitutes actionable interference is deferred because SCO's interference claims fail entirely, but also specifically regarding Hewlett-Packard, on the issue of causation in SCO's injury,[322] discussed more fully below.

---

[317] *Universal*, 22 F.3d at 1529 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

[318] *Id.* (citing *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990)).

[319] *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 304 (Utah 1982).

[320] Statement of Undisputed Facts, *supra*, ¶ 104 (citing Smith Declaration ¶¶ 4, 6).

[321] *Id.* ¶ 105 (citing Becker Oct. 15, 2003 Depo. at 54:5-11).

[322] *See* IBM's Interference Memorandum at 44 (arguing that SCO's claim fails on causation, even assuming that Ms. Smith's conversation with Mr. Becker occurred as SCO alleged).

### C.  There Is No Causal Link Between IBM's Alleged Acts and SCO's Injury.

### I.  Causation and Injury Generally

SCO's interference claims fail generally for a lack of identified and articulated damages; because these claims are subsumed in other claims; and because intervening forces rather than IBM's offering of a competitive product caused SCO's decline.

IBM argues that "SCO has produced no evidence of damages specific to its interference claims with respect to" the specifically identified companies,[323] and that "none of SCO's experts calculate or even address damages resulting from IBM's alleged interference."[324] SCO responds that "SCO's damages for IBM's acts of interference are subsumed within and coterminous with SCO's damages for its breach of contract claims."[325] Although SCO's surface argument is that it has articulated a damages calculation elsewhere in this litigation, its response acknowledges that what SCO labels as tortious interference is in reality a recasting of SCO's other claims, such as breach of contract. SCO's litigation is focused on one harm: IBM's use of source code in LINUX, restyled over multiple contract and tort theories. As already discussed above,[326] any improper use of source code, although it may have breached a contract, was not in and of itself tortious interference. These interference claims incorrectly focus on the effects of IBM's use of source code, improperly reframing the effects of that use as new and distinct claims.

Even if SCO had articulated a specific damages amount tied to specifically identifiable third parties who reduced or ceased doing business with SCO, SCO's interference claims also

---

[323] IBM's Interference Memorandum at 59.

[324] *Id.*

[325] SCO's Interference Opposition at 90.

[326] *See* Analysis, *supra* Part A ("[A]lleged misappropriation of source code, while potentially a breach of contract or a copyright violation, is not in and of itself tortious interference. . . . SCO has alleged nothing more than noninterference, competition, and speculation, based on allegations of some kind of tortious conversion, misappropriation, or breach of contract regarding the source code added to LINUX, which is not *per se* interference without more factual context.").

fail for a lack of causation. "SCO does not identify any specific feature of Linux – 'a specific

trade secret or confidential or proprietary information' belonging to SCO and allegedly

incorporated into Linux by IBM – that caused any of these companies to decide to use or support

Linux."[327] SCO repeatedly makes arguments like the "improvements to Linux directly and

foreseeably caused Linux to displace SCO's UNIX operating systems in the Intel market,"[328]

without acknowledging that IBM's creation of a product would not by itself displace SCO's

product. Rather, SCO's customers would have to independently choose to forego continuing

business with SCO for SCO's business to decline. The independent choices of SCO's customers

undermine any alleged causal connection between IBM's product offering and SCO's decline.

Additionally, there were many other issues in SCO's business and relationships, at least

some of which predated or were entirely independent of IBM, which could have contributed to

SCO's decline,[329] further interrupting any causal chain between IBM and SCO's alleged injury.

Simply stated, SCO's theory of causation and damages is based upon a common logical fallacy:

*post hoc ergo propter hoc*: because one event happens after another, the first event was a cause

of the second event. To the extent that SCO's decline came as a result of its customers switching

to LINUX, the customer's choice, and not the offering of a viable competitive option, was the

natural cause of that decline.

## II.    Causation and Injury Regarding Hewlett-Packard

As stated above,[330] although IBM's alleged conversation with Hewlett-Packard's Rick

Becker may constitute intentional interference (a determination that has been deferred), SCO's

claims regarding Hewlett-Packard also fail because the alleged interference did not damage the

---

[327] IBM's Interference Memorandum at 59.

[328] SCO's Interference Opposition at 31.

[329] Statement of Undisputed Fact, *supra*, ¶ 115.

[330] *See* Analysis, *supra*, Part (B).

SCO- Hewlett-Packard relationship.[331] For example, according to Mr. Becker, the statements allegedly made by Ms. Smith to Mr. Becker had no impact on the relationship between Hewlett-Packard and SCO.[332] Furthermore, Hewlett-Packard has confirmed that to the extent its business relationship with SCO has changed, it is for reasons having nothing to do with IBM.[333] Finally, the relationship between SCO and Hewlett-Packard did not decline immediately after the LinuxWorld 2003 convention and continues to be strong today.[334]

In additional to the general causation and damages arguments discussed immediately above, SCO's claims cannot succeed regarding IBM's alleged interference with Hewlett-Packard where Hewlett-Packard itself acknowledged that the alleged interference caused no course alteration within the SCO-Hewlett-Packard relationship, and where the SCO-Hewlett-Packard relationship was not only not interfered with, but continued to be strong.

### D. SCO Has Waived Any Claim Regarding the OpenSource Conference.

A portion of SCO's interference claims focused on IBM's alleged efforts to prevent SCO executive Darl MCBride from speaking at the OpenSource Conference in Scottsdale, Arizona in the spring of 2004, through contact with the conference's host John Terpstra. However, SCO has abandoned this portion of its claim, stating that "in light of Mr. Terpstra's declaration submitted in support of IBM [sic] motion for summary judgment, SCO is not pursuing this aspect of its claim."[335] Therefore, summary judgment is granted in IBM's favor regarding alleged

---

[331] *See* IBM's Interference Memorandum at 44 (arguing that SCO's claim fails on causation, even assuming that Ms. Smith's conversation with Mr. Becker occurred as SCO alleged).

[332] Statement of Undisputed Facts, *supra*, ¶ 106 (citing Becker Oct. 15, 2003 Depo. at 149:11–24).

[333] *Id.* ¶ 107 (citing Beyers Declaration ¶¶ 2, 3).

[334] *Id.* ¶ 108.

[335] SCO's Interference Opposition at 72, at response to ¶ 37(d).

interference with Mr. McBride's speaking at the OpenSource Conference in 2004, which is included in SCO's Seventh Cause of Action for direct interference.

## CONCLUSION

Summary judgment is granted to IBM on SCO's interference claims because the alleged intentional interference is either wholly unsupported by the evidence or is not actionable because it is indirect interference or privileged market competition. Furthermore, any presumed causal relationship between IBM's alleged interference and SCO's alleged injury is broken by intervening forces which truly caused SCO's decline. Rather, SCO's interference claims appear to be a repackaging of the damages portion of SCO's contract claims, and SCO even admits that the damages for these claims are subsumed in its contract claims. For the reasons stated more fully above, summary judgment is granted in IBM's favor regarding SCO's interference claims.

## ORDER

For the reasons stated above, IT IS HEREBY ORDERED that IBM's Interference Motion[336] is GRANTED, and summary judgment is granted in IBM's favor on SCO's remaining tortious interference claims (SCO's Seventh and Ninth Causes of Action).

Dated February 8, 2016.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[336] IBM's Motion for Summary Judgment on SCO's Interference Claims (SCO's Seventh, Eighth and Ninth Causes of Action), docket no. 783, filed Sept. 25, 2006.

65