Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, PC
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
bhatch@hjdlaw.com
mjames@hjdlaw.com

David Boies (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
Jason Cyrulnik (admitted pro hac vice)
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
dboies@bsfllp.com
enormand@bsfllp.com
jcyrulnik@bsfllp.com

Stuart Singer (admitted pro hac vice)
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com

*Counsel for Plaintiff, The SCO Group, Inc.*

Alan L. Sullivan (3152)
Amy F. Sorenson (8947)
Bret R. Evans (15131)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
asullivan@swlaw.com
asorenson@swlaw.com
brevans@swlaw.com

Evan R. Chesler (admitted pro hac vice)
David R. Marriott (7572)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
echesler@cravath.com
dmarriott@cravath.com

*Attorneys for Defendant/Counterclaim-Plaintiff International Business Machines Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SCO GROUP, INC., by and through the Chapter 11 Trustee in Bankruptcy, Edward N. Cahn,<br><br>　　Plaintiff/Counterclaim-Defendant,<br><br>　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　Defendant/Counterclaim-Plaintiff. | **JOINT STATUS REPORT**<br><br>No. 2:03-cv-00294 DN<br><br>Honorable David Nuffer |

Plaintiff, The SCO Group, Inc. ("SCO"), and Defendant, International Business Machines Corporation ("IBM"), respectfully submit this Joint Status Report pursuant to the Court's February 1, 2018 Order (Dkt. 1177).

**INTRODUCTION**

The operative pleadings in this case are

1. SCO's Second Amended Complaint (Dkt. 108),
2. IBM's Answer to Second Amended Complaint (Dkt. 126) and Second Amended Counterclaims (Dkt. 127),
3. SCO's Answer to Second Amended Counterclaims (Dkt. 141).

On January 24, 2018, the Tenth Circuit Court of Appeals issued a mandate advising this Court of its January 2, 2018, decision reversing the award of summary judgment to IBM on SCO's unfair competition claim and remanding this action for further proceedings. (*See* Dkt. 1176.) On February 1, 2018, the Court directed the parties to file a Joint Status Report. (Dkt. 1177.) The parties have conferred and outline below the parties' remaining claims, the pending motions as to which the parties seek a ruling, and a proposed schedule to move the case toward final disposition.

**I.  THE PARTIES' REMAINING CLAIMS**

**SCO's remaining claim (described by SCO)**:

(1) *Unfair Competition*: This claim concerns the Project Monterey relationship between SCO's predecessor, The Santa Cruz Operation, Inc., and IBM. SCO alleges that IBM misappropriated into its "AIX for Power" operating system UnixWare source code that SCO provided to IBM subject to strict restrictions that

IBM ignored, and that IBM engaged in a ruse to gain access to SCO's source code to effect the misappropriation constituting a bad faith breach of duties to SCO (Count VI). The Tenth Circuit has held that this claim presents a fact question requiring a trial.

**IBM's remaining counterclaims (described by IBM)**:

(1) *Contract Claim (Count I)*: IBM has asserted a claim against SCO for breach of the same contracts that IBM was alleged by SCO to have breached, under which IBM has a perpetual and irrevocable license.

(2) *Claims Relating to SCO's Copying of IBM Code in Linux (Counts VI-VIII)*: IBM has asserted three claims against SCO relating to SCO's copying of IBM code in Linux: (1) copyright infringement (Count VIII); (2) breach of the General Public License ("GPL") (Count VI); and (3) promissory estoppel (Count VII). IBM claims that SCO copied and distributed hundreds of thousands of lines of IBM code, which IBM contributed to Linux under the GPL, after SCO lost permission to do so by repudiating and breaching the GPL.

(3) *Claims Concerning SCO's Campaign to Create Fear, Uncertainty and Doubt About IBM's Products and Services (Counts II-V)*: IBM has asserted four claims against SCO concerning SCO's campaign to create fear, uncertainty and doubt about IBM's products and services: (1) violation of the Lanham Act (Count II); (2) unfair competition (Count III); (3) intentional interference with prospective economic relations (Count IV); and (4) violation of the New York State Unfair and Deceptive Trade Practices Act (Count V).

3

**II. PENDING MOTIONS**

(1) The parties seek a ruling on the following pending motions:

    (a) SCO's Motion for Summary Judgment on IBM's Second, Third, Fourth, and Fifth Counterclaims (Dkt. 776).

    (b) SCO's Motion for Summary Judgment on IBM's Sixth, Seventh, and Eighth Counterclaims (Dkt. 777).

    (c) IBM's Motion for Summary Judgment on IBM's Eighth Counterclaim (Dkt. 784).

(2) SCO seeks a ruling on SCO's Objections to the Magistrate Court's Order Denying SCO's Motion for Relief for IBM's Spoliation of Evidence (Dkt. 995). IBM contends that SCO abandoned, waived or otherwise forewent this motion (in order to obtain Rule 54(b) Certification) and no ruling is required. SCO disagrees.

**III. SCHEDULING**

(1) The parties request oral argument on the foregoing summary judgment motions, provided such argument would be helpful to the Court. Judge Kimball previously held oral argument on the foregoing summary judgment motions approximately eleven years ago, on March 7, 2007 (Dkt. 975). SCO seeks argument on SCO's Objection to the Magistrate Judge's ruling on the motion regarding spoliation, which SCO contends remains pending, and on which the Court has not yet held any argument. IBM contends no argument is necessary on SCO's Objection because the motion has been abandoned, waived or foregone.

4

(2) The parties are exploring to what extent it may be necessary and appropriate to update expert disclosures. For example, SCO has determined that it needs to replace its damage expert, Christine Botosan, because Professor Botosan now works for the Financial Accounting Standards Board and cannot serve as an expert witness. IBM is reaching out to its experts to determine whether any need to be replaced.

(3) The dispositive motions relating to SCO's claims have been resolved by the Tenth Circuit, and there are no such remaining motions pending. SCO therefore believes it would be most efficient for the replacement of experts and supplementation of reports to move forward now, and proposes that the Court issue a pretrial schedule that allows for that to occur. By contrast, IBM believes that it would be most efficient to defer setting a pretrial schedule (for submissions such as exhibit lists, witness lists and motions in limine) and any supplementation of expert reports until the Court resolves the pending motions, as the Court's rulings may affect the nature and scope of trial and the need for certain expert and other witnesses.

(4) Following resolution of the outstanding motions, the parties propose that the Court direct the parties to engage in mediation before either a party-selected neutral mediator or a federal magistrate judge. There has never been a mediation in this case.

(5) The parties agree that the case should be ready for trial within six to eight months of the time the Court rules on the pending motions.

DATED this 16th day of February, 2018.

By: */s/ Edward Norman (signed with permission)*
HATCH, JAMES & DODGE, P.C.
Brent O. Hatch
Mark F. James

BOIES, SCHILLER & FLEXNER LLP
David Boies
Stuart H. Singer
Edward Normand
Jason Cyrulnik

*Counsel for Plaintiff, The SCO Group, Inc.*

*/s/ Bret R. Evans*

SNELL & WILMER L.L.P.
Alan L. Sullivan
Amy F. Sorenson
Bret R. Evans

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott

*Attorneys for Defendant, International Business Machines Corporation*